# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (___) |
|  | ) Joint Administration Requested |
| Debtors. | ) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED CREDITOR MATRIX, (II) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF THE DEBTORS' 30 LARGEST UNSECURED CREDITORS, AND (III) ESTABLISHING PATIENT NOTICE PROCEDURES**

Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their proposed undersigned counsel, file this motion (this "**Motion**"), pursuant to sections 107, 342, and 521(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1007(a)(1), 1007(d), 2002(a) and (f) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rul*es***"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") (i) authorizing the Debtors to file a consolidated list of creditors (the "**Creditor Matrix**"), (ii) authorizing the Debtors to file a consolidated list of the Debtors' 30 largest unsecured creditors, and (iii) establishing patient notice procedures. In support of the Motion, the Debtors

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

rely on and incorporate by reference the *Declaration of Allen Wilen in Support of First Day Relief* (the "**First Day Declaration**"), and respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On June 30, 2019 and the date hereof (together, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

3. A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the First Day Declaration filed contemporaneously herewith.

## RELIEF REQUESTED

4. By this motion, the Debtors request the entry of the Proposed Order (i) authorizing the Debtors to file a single consolidated Creditor Matrix in lieu of submitting a separate creditor list for each Debtor, (ii) authorizing the Debtors to file a consolidated list of the Debtors' 30 largest unsecured creditors, and (iii) establishing patient notice procedures.

## CONSOLIDATED LIST OF CREDITORS

5. Pursuant to section 521(a)(1)(A) of the Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1007-2, each chapter 11 debtor must file with its voluntary petition a creditor matrix setting forth the names, addresses and claim amounts of the debtor's creditors. The creditor matrix is used primarily by the United States Trustee (the "**U.S. Trustee**") to evaluate the types and amounts of unsecured claims against a debtor and thereby identify potential candidates to serve on any official committee of unsecured creditors appointed in the debtor's chapter 11 case. *See* 9 Collier on Bankruptcy ¶ 1007.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (stating that "the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed").

6. Given the affiliated nature of the Debtors, the Debtors submit that permitting them to maintain a single consolidated Creditor Matrix, in lieu of filing a separate creditor matrix for each Debtor, is warranted. Particularly in light of the size and scope of these Chapter 11 Cases and the number of the Debtors' creditors, segregating the Debtors' records to a specific creditor matrix format would be an unnecessarily burdensome task. Many creditors are creditors of more than one Debtor, and thus failure to maintain a single consolidated Creditor Matrix would result in duplicate mailings. In addition, filing a single consolidated Creditor Matrix

would facilitate the U.S. Trustee's review of creditors' claims and its appointment of a single creditors' committee in these cases. Under these circumstances, the exercise of satisfying the literal requirements of Bankruptcy Rule 1007(d) would only serve to frustrate its intended purpose.

7.  Moreover, courts in this jurisdiction have granted relief similar to the relief requested by the Motion. *See, e.g.*, *In re Promise Healthcare Group, LLC*, Case No. 18-12491 (CSS) (Bankr. D. Del. Nov. 6, 2018) [D.I. 41]; *In re ATD Corporation*, Case No. 18-12221 (KJC) (Bankr. D. Del. Oct. 5, 2018) [D.I. 105] (authorizing filing a consolidated list of creditors in lieu of separate mailing matrices); *In re VER Technologies Holdco LLC*, Case No. 18-10834 (KG) (Bankr. D. Del. Apr. 6, 2018) [D.I. 68] (same).[2]

8.  For the foregoing reasons, in the absence of any corresponding benefit, the Debtors request authority to file a consolidated Creditor Matrix in lieu of filing separate lists for each Debtor. The Debtors believe that such relief is appropriate under the circumstances for the efficient and orderly administration of these cases.

## CONSOLIDATED LIST OF TOP 30 CREDITORS

9.  Bankruptcy Rule 1007(d) states that a debtor "shall file with the petition a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders . . . ." In the present case, the Debtors respectfully request authority to file a single consolidated list of their 30 largest general unsecured creditors (the "**Top 30 List**"). As explained above, a large number of creditors are shared amongst the Debtors. Therefore, the Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.

---

[2] The referenced orders are voluminous in nature and, therefore, are not attached to this Motion; however, in accordance with Local Rule 7007-2, as made applicable to main cases by the Court's General Chambers Procedures, the Debtors' proposed counsel has copies of each order and will make them available to the Court or to any party that requests them. Additionally, the Orders are available on the Court's CM/ECF PACER site at the cited docket index numbers and on the dates specified above.

10. Courts in this district have approved similar relief to the relief requested herein. *See, e.g.*, *In re Promise Healthcare Group, LLC*, Case No. 18-12491 (CSS) (Bankr. D. Del. Nov. 6, 2018) (authorizing a consolidated top 30 list of general unsecured creditors); *In re CST Industries Holding Inc.*, No. 17-11292 (BLS) (Bankr. D. Del. June 13, 2017) (authorizing a consolidated top 20 general unsecured creditors list); *In re Hercules Offshore, Inc.*, No. 16-11385 (KJC) (Bankr. D. Del. June 7, 2016) (approving a consolidated top 35 general unsecured creditors list); *In re Phoenix Brands, LLC*, No. 16-11242 (BLS) (Bankr. D. Del. May 23, 2016) (permitting a consolidated list of creditors).

### **PATIENT NOTICE PROCEDURES**

11. Pursuant to sections 102 and 105(a) of the Bankruptcy Code and the applicable Bankruptcy Rules, the Debtors request that the Court adopt specific notice procedures related to the notification of current and former patients of the Debtors. In particular, the Debtors request authority to serve a Notice of Commencement of Case, substantially in the form of Official Form 309F, via regular mail, on all current and former patients of the Debtors since January 11, 2018 (the date on which the Debtors' businesses were purchased from Tenet Business Services Corporation) as soon as practicable following the entry of an order granting this Motion.

12. No other filings shall be served on current and former patients, except that patients that (i) are listed in the Schedules of the Debtors, (ii) file a proof of claim, or (iii) file a notice of appearance shall be served in accordance with the Bankruptcy Code and Bankruptcy Rules or as otherwise ordered by this Court.

13. Although it is possible for the Debtors to identify which creditors have actual claims against the Debtors, it is impracticable for them to identify former patients that may have unknown claims that have not yet manifested. Providing individual notice to every current and former patient of the Debtors from the past two years would be impractical and unnecessarily

expensive given that the Debtors have seen tens of thousands of patients since January 2018. The Debtors therefore believe that it is in the best interests of the Debtors' estates and all creditors and other interested parties to adopt the foregoing patient notice procedures.

## NOTICE

14. The Debtors have provided notice of the filing of the Motion to: (i) the Office of the United States Trustee; (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Human Services; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, notice of this Motion and any order entered in connection with the Motion will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

*[remainder of page left intentionally blank]*

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: July 1, 2019                    **SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Aaron S. Applebaum (DE Bar No. 5587)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7700
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
aaron.applebaum@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*