## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (___) |
| | Joint Administration Requested |
| Debtors. | |

### APPLICATION OF DEBTORS FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF OMNI MANAGEMENT GROUP AS CLAIMS AND NOTICING AGENT TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE, PURSUANT TO 28 U.S.C. § 156(c) AND LOCAL RULE 2002-1(f)

By this application (this "**Application**" or this "**Section 156(c) Application**"), pursuant to 28 U.S.C. § 156(c) and Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), Center City Healthcare, LLC d/b/a Hahnemann University Hospital, and its affiliated debtors and debtors-in-possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing Debtors to retain and appoint Omni Management Group ("**Omni**") as claims and noticing agent (the "**Claims and Noticing Agent**") in the Debtors' chapter 11 cases, *nunc pro tunc* to the Petition Date (as defined herein), with full responsibility for the distribution of notices and the maintenance, processing, and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

docketing of proofs of claim filed in the Debtors' chapter 11 cases.  In support of this Application, the Debtors submit the *Declaration of Paul H. Deutch in Support of the Applications of Debtors for Orders Authorizing Retention and Employment of Omni Management Group* attached hereto as **Exhibit B** (the "**Deutch Declaration**") and respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought herein are 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and Local Rule 2002-1(f).

## BACKGROUND

4.      On June 30, 2019 and the date hereof (together, the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has

35272957.2 07/01/2019

requested the appointment of a trustee or examiner in the Chapter 11 Cases, and no statutory committees have been appointed or designated.

5.      A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and these Chapter 11 Cases, are set forth in greater detail in the *Declaration of Allen Wilen in Support of First Day Relief* (the "**First Day Declaration**"), incorporated by reference herein.

## OMNI'S RETENTION

6.      The terms of retention and employment for Omni are set forth in that certain agreement dated as of June 27, 2019, between the Debtors and Omni (the "**Services Agreement**"), attached hereto as **Exhibit C**.  Pursuant to this Application, the Debtors are seeking to retain and employ Omni as the Claims and Noticing Agent solely on the terms and provisions set forth in this Section 156(c) Application and the Proposed Order.  The Debtors also intend to file a separate application to retain Omni as their administrative agent under 11 U.S.C. § 327(a) (the "**Section 327(a) Application**").

## OMNI'S QUALIFICATIONS

7.      Omni is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Omni's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity.  Omni's professionals have acted as debtors' administrative advisor and/or official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide, including: *In re Southeastern Metal Products, LLC*, Case No. 19-10989 (BLS) (Bankr. D. Del. May 8, 2019); *In re NSC Wholesale Holdings, LLC*, Case No. 18-12394

(CSS) (Bankr. D. Del. Nov. 13, 2018); *In re PES Holdings, LLC*, Case No. 18-10122 (KG) (Bankr. D. Del. 2018); *In re Dextera Surgical Inc.*, Case No. 17-12913 (KJC) (Bankr. D. Del. 2017); *In re Charming Charlie*, Case No. 17-12906 (CSS) (Bankr. D. Del. 2017); *In re Memorial Production Partners LP*, Case No. 17-30262 (MI) (Bankr. S.D. Tex. Jan. 16, 2017); *In re ITT Educational Services, Inc.*, Case No. 16-07207 (JMC) (Bankr. S.D. Ind. Sept. 16, 2016); *In re Joyce Leslie, Inc.*, Case No. 16-22035 (RDD) (Bankr. S.D.N.Y. Jan. 9, 2016).

8.      By appointing Omni as the Claims and Noticing Agent in these Chapter 11 Cases, the distribution of notices and the processing of claims will be expedited, and the Office of the Clerk of the Bankruptcy Court (the "**Clerk**") will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

### SCOPE OF SERVICES

9.      Pursuant to the Services Agreement, the Debtors propose that Omni perform certain Claims and Noticing Services (as defined herein).

10.     This Section 156(c) Application pertains only to the work to be performed by Omni under the Clerk's delegation of duties as permitted by section 156(c) of title 28 of the United States Code and Local Rule 2002-1(f).  Any work to be performed by Omni outside of this scope is not covered by this Section 156(c) Application or by any order of the Court granting approval hereof.

11.     Subject to Court approval, at the request of the Debtors, and to the extent necessary, Omni has agreed to perform the following tasks in its role as the Claims and Noticing Agent in these Chapter 11 Cases (collectively, the "**Claims and Noticing Services**"), as well as all quality control relating thereto:

-4-

a.   Prepare and serve required notices and documents in these cases in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure in the form and manner directed by the Debtors and/or the Court, including without limitation (a) notice of the commencement of the cases and the initial meeting of creditors under Bankruptcy Code § 341(a), (b) notice of any claims bar date, (c) notices of transfers of claims, (d) notices of objections to claims and objections to transfers of claims, (e) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (f) notice of the effective date of any plan, and (g) all other notices, orders, pleadings, publications, and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of the case;

b.   Maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, "**Schedules**"), listing the Debtors' known creditors and the amounts owed thereto;

c.   Maintain (a) a list of all potential creditors, equity holders, and other parties in interest and (b) a "core" mailing list consisting of all parties described in sections 2002(i), (j), and (k), and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party in interest or the Clerk;

d.   Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

e.   Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all such mail received;

f.   For all notices, motions, orders, or other pleadings or documents served, prepare and file, or cause to be filed, with the Clerk an affidavit or certificate of service within seven (7) business days of service, which includes (a) either a copy of the notice served or the docket numbers(s) and title(s) of the pleading(s) served, (b) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (c) the manner of service, and (d) the date served, unless otherwise authorized and/or directed by the Court;

g.   Process all proofs of claim received, including those received by the Clerk's office, and check said processing for accuracy, and maintain the original proofs of claim in a secure area;

h.  Maintain the official claims register for the Debtors (the "**Claims Registers**") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed (a) the claim number assigned, (b) the date received, (c) the name and address of the claimant and agent, if applicable, who filed the claim, (d) the amount asserted, (e) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), (f) the applicable Debtor, and (g) any disposition of the claim;

i.  Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

j.  Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

k.  Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to their offices, not less than weekly;

l.  Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

m.  Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Registers;

n.  Assist in the dissemination of information to the public and respond to requests for administrative information regarding the cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

o.  If the case is converted to chapter 7, contact the Clerk's Office within three (3) days of the notice to Omni of entry of the order converting the case;

p.  Thirty (30) days prior to the close of this case, to the extent practicable, request that the Debtors submit to the Court a proposed Order dismissing Omni and terminating its services upon completion of its duties and responsibilities and upon the closing of the Chapter 11 Cases;

q.  Within seven (7) days of notice to Omni of the entry of an order closing the Chapter 11 Cases, Omni shall provide to the Court the final version of the Claims Registers as of the date immediately before the closing of the cases;

-6-

r.  In addition to the foregoing, Omni will assist the Debtors with, among other things, (a) tracking and administration of claims; (b) performing tasks related to the services provided herein; and (c) performing other tasks pertaining to the administration of these Chapter 11 Cases as may be requested by the Debtors, the Court, or the Clerk's Office in accordance with the terms of the Services Agreement; and

s.  At the close of this case, box and transport all original documents, in proper format, as provided by the Clerk's office, to (a) the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, MO 64064 or (b) any other location requested by the Clerk's office.

12.  The Claims Registers shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Omni at https://omnimgt.com/centercityhealthcare.

13.  Omni shall not employ any past or present employee of the Debtors for work that involves the Debtors' bankruptcy cases.

## OMNI'S COMPENSATION

14.  The Debtors respectfully request that the undisputed fees and expenses incurred by Omni in the performance of the Claims and Noticing Services be treated as administrative expenses of the Debtors' estates pursuant to 28 U.S.C. § 156(c) and Bankruptcy Code section 503(b)(1)(A) and that Omni be paid in the ordinary course of business without further application to or order of the Court.

15.  Omni agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred.  Omni further agrees to serve monthly invoices on the Debtors, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly

invoices.  If any dispute arises relating to the Services Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute.  If resolution is not achieved, the parties may seek resolution of the matter from the Court.

16.    Prior to the Petition Date, the Debtors provided Omni a retainer in the amount of $20,000.00.  Omni will hold the retainer under the Services Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred pursuant to the Services Agreement.  Following termination of the Services Agreement, Omni will return to the Debtors any amount of the retainer that remains.

## OMNI DISINTERESTEDNESS

17.    The Debtors have been advised that, to the best of Omni's knowledge, and except as set forth in the Deutch Declaration, based on Omni's results of its search performed to date, Omni and its personnel:

   a.  Are not creditors, equity security holders, or insiders of the Debtors;

   b.  Are not and were not, within two (2) years before the date of the filing of these Chapter 11 Cases, directors, officers, or employees of the Debtors; and

   c.  Do not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

18.    To the best of the Debtors' knowledge, Omni is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.  Omni has represented to the Debtors that Omni will not represent any entities or individuals other than the Debtors in the Chapter 11 Cases or in connection with any matters that would be adverse to the interests of the Debtors.

-8-

19.     Omni has further represented, among other things, that:

a.   Omni will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases;

b.   By accepting employment in this case, Omni waives any right to receive compensation from the United States government in connection with the Debtors' Chapter 11 Cases;

c.   In its capacity as the Claims and Noticing Agent in this case, Omni will not be an agent of the United States and will not act on behalf of the United States; and

d.   It is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged.

20.     Omni has advised the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new facts or circumstances are discovered, Omni will supplement its disclosure to the Court.

21.     The Debtors' selection of Omni to act as the Claims and Noticing Agent satisfies the Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c) (the "**Claims Agent Protocol**") in that the Debtors have obtained and reviewed engagement proposals from at least two other court-approved claims and noticing agents to ensure selection through a competitive process.   Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that Omni's rates are competitive and reasonable given Omni's quality of services and expertise.

22.     Based on the foregoing, this Section 156(c) Application complies with the Claims Agent Protocol and conforms to the standard application in use by this Court.

## RELIEF REQUESTED

23.     Pursuant to 28 U.S.C. §156(c) and Local Rule 2002-1(f), the Debtors request the entry of an order, substantially in the form of the Proposed Order, authorizing the Debtors to retain and appoint Omni as Claims and Noticing Agent in the these Chapter 11 Cases, *nunc pro tunc* to the Petition Date, with full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in these Chapter 11 Cases.

## BASIS FOR RELIEF REQUESTED

24.     Section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of the bankruptcy court, authorizes the Court to use facilities other than those of the Clerk for the administration of chapter 11 cases, and provides as follows:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States.

28 U.S.C. § 156(c).

25.     Moreover, Local Rule 2002-1(f) requires, in all cases with more than 200 creditors, that the Debtors file a motion to retain a noticing agent on the first day of the case or within seven days thereafter.  The Debtors have over 200 creditors in the Chapter 11 Cases. Accordingly, a claims and noticing agent is required.

26.     Pursuant to the Debtors' request, Omni has served in the capacity as claims and noticing agent in these cases since the Petition Date with assurances that the Debtors would seek approval of Omni's employment and retention, *nunc pro tunc* to the Petition Date so that Omni may be compensated for services performed before the entry of an order approving its retention. No party-in-interest will be prejudiced by the granting of the *nunc pro tunc* employment, as

-10-

provided herein, because Omni has provided and continues to provide valuable services to the Debtors' estates in the interim period.

27.     Courts in this jurisdiction have routinely approved *nunc pro tunc* employment similar to that requested herein in matters comparable to this matter.  *See, e.g.*, *In re Hospital Acquisition LLC*, Case No. 19-10998 (BLS) (Bankr. D. Del. May 8, 2019); *In re NSC Wholesale Holdings, LLC*, Case No. 18-12394 (CSS) (Bankr. D. Del. Oct. 26, 2018); *In re CMTSU Liquidation, Inc.*, No. 17-10772 (BLS) (Bankr. D. Del. Apr. 11, 2017) (approving *nunc pro tunc* employment of a claims and noticing agent to perform claims and noticing services); *In re Eastern Outfitters, LLC*, No. 17-10243 (LSS) (Bankr. D. Del. Feb. 8, 2017) (same); *In re Trump Entm't Resorts, Inc.*, No. 14-12103 (KG) (Bankr. D. Del. Sept. 10, 2014) (same).

28.     Based on the foregoing, the Debtors have satisfied the requirements of 28 U.S.C. § 156(c), the Local Rules, and the Claims Agent Protocol.  Accordingly, the Debtors respectfully request entry of an order pursuant to 28 U.S.C. § 156(c), Local Rule 2002-1(f), and the Claims Agent Protocol, authorizing the Debtors to retain and employ Omni as the Claims and Noticing Agent, *nunc pro tunc* to the Petition Date.

## NOTICE

29.     The Debtors have provided notice of the filing of the Motion to: (i) the Office of the United States Trustee; (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Human

-11-

Services; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## **NO PREVIOUS REQUEST**

30.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[remainder of page left intentionally blank]*

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 1, 2019

Philadelphia Academic Health System, LLC (for itself and on behalf of its affiliates Debtors as debtors and debtors in possession)

By: */s/ Allen Wilen*_____
Name: Allen Wilen
Title: Chief Restructuring Officer