# Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (___) |
|  | ) Joint Administration Requested |
| Debtors. | ) **Re: Docket No. ___** |

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF OMNI MANAGEMENT GROUP AS CLAIMS AND NOTICING AGENT TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE PURSUANT TO 28 U.S.C. § 156(c) AND LOCAL RULE 2002-1(f)**

Upon the application (the "**Section 156(c) Application**")[2] of Center City Health, LLC d/b/a Hahnemann University Hospital, and its affiliated debtors and debtors-in-possession (the "**Debtors**") for entry of an order authorizing the Debtors to retain and appoint Omni as Claims and Noticing Agent in the Debtors' Chapter 11 Cases, *nunc pro tunc* to the Petition Date, pursuant to 28 U.S.C. § 156(c) and Local Rule 2002-1(f), all as more fully set forth in the Section 156(c) Application; and upon consideration of the Deutch Declaration; and the Debtors having estimated that there are in excess of 200 creditors in these cases; and it appearing that the receiving, docketing, and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. § 156(c) to utilize, at

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Section 156(c) Application.

the Debtors' expense, outside agents, and facilities to provide notices to parties in Chapter 11 Cases and to receive, docket, maintain, photocopy, and transmit proofs of claim; and the Court being satisfied that Omni has the capability and experience to provide such services and that Omni does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Section 156(c) Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Section 156(c) Application and the requested relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Section 156(c) Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed the Section 156(c) Application; and the Court having held a hearing on the Section 156(c) Application; and the Court having determined that the legal and factual bases set forth in the Section 156(c) Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Section 156(c) Application is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Section 156(c) Application is GRANTED as set forth herein.

2. Notwithstanding any terms of the Services Agreement attached to the Section 156(c) Application, the Section 156(c) Application is approved solely as set forth in this Order.

3.     The Debtors shall be, and hereby are, authorized to retain Omni, and Omni is appointed as the Claims and Noticing Agent, *nunc pro tunc* to the Petition Date, under the terms and conditions of the Services Agreement.

4.     Omni, as the Claims and Noticing Agent, is directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in this case, and all related tasks, all as described in the Section 156(c) Application (the "**Claims and Noticing Services**").

5.     Omni shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

6.     Omni is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

7.     Omni is authorized to take such other action to comply with all duties set forth in the Section 156(c) Application.

8.     The Debtors are authorized to compensate Omni for Claims and Noticing Services in accordance with the terms of the Services Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Omni and the rates charged for each, and to reimburse Omni for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Omni to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9.     Omni shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S.

Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors and any party in interest who specifically requests service of the monthly invoices.

10. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Services Agreement or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved.

11. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Omni under this Order shall be an administrative expense of the Debtors' estates without the need to file any administrative expense claim.

12. Omni may apply its retainer to all prepetition invoices and Omni may hold its retainer under the Services Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Services Agreement.

13. The Debtors shall indemnify Omni under the terms of the Services Agreement; provided, however, that Omni shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the Claims and Noticing Services, as provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefor is approved by the Court.

14. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify Omni, or provide contribution or reimbursement to Omni, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Omni's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Omni's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or

(iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Omni should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order.

15. Before the earlier of (i) the entry of an order confirming a plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, should Omni believe that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Services Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, Omni must file an application in this Court, and the Debtors may not pay any such amounts to Omni before the entry of an order by this Court approving such application and the payment requested therein. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Omni for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Omni. All parties in interest shall retain the right to object to any demand by Omni for indemnification, contribution, or reimbursement.

16. In the event Omni is unable to provide the Claims and Noticing Services, Omni will immediately notify the Clerk and Debtors' counsel and cause all original proofs of claim and computer information to be turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' counsel.

17. The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Omni but is not specifically authorized by this Order.

18. The Debtors and Omni are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Section 156(c) Application.

19. Notwithstanding any term in the Services Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

20. Omni shall not cease providing claims processing services during the case(s) for any reason, including nonpayment, without an order of the Court.

21. In the event of any inconsistency between the Services Agreement, the Section 156(c) Application and this Order, the Order shall govern.

22. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2019
      Wilmington, Delaware

                                                United States Bankruptcy Judge