# Exhibit B

**Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (\_\_\_) |
| | ) Joint Administration Requested |
| Debtors. | ) |

**DECLARATION OF PAUL H. DEUTCH IN SUPPORT OF THE DEBTOR'S APPLICATIONS FOR AUTHORITY TO RETAIN AND APPOINT OMNI MANAGEMENT GROUP AS CLAIMS AND NOTICING AGENT TO THE DEBTORS**

I, Paul H. Deutch, under penalty of perjury, declare as follows:

1.  I am a Senior Vice President of Omni Management Group ("**Omni**"), a chapter 11 administrative services firm whose headquarters are located at 1120 Avenue of the Americas, 4th Floor, New York, New York 10036. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.  This declaration (this "**Declaration**") is made in support of the *Application of Debtors for Order Authorizing Retention and Employment of Omni Management Group as Claims and Noticing Agent to the Debtors Nunc Pro Tunc to the Petition Date Pursuant to 28 U.S.C. §156(c) and Local Rule 2002-1(f)*, filed by the above-captioned debtors and debtors-in-

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

possession (collectively, the "Debtors"), which was filed contemporaneously herewith (the "**Section 156(c) Application**").[2]

3. Omni is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Omni's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Omni's professionals have acted as debtors' administrative advisor and/or official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide, including: *In re Southeastern Metal Products, LLC*, Case No. 19-10989 (BLS) (Bankr. D. Del. May 8, 2019); *In re NSC Wholesale Holdings, LLC*, Case No. 18-12394 (CSS) (Bankr. D. Del. Nov. 13, 2018); *In re PES Holdings, LLC*, Case No. 18-10122 (KG) (Bankr. D. Del. 2018); *In re Dextera Surgical Inc.*, Case No. 17-12913 (KJC) (Bankr. D. Del. 2017); *In re Charming Charlie*, Case No. 17-12906 (CSS) (Bankr. D. Del. 2017); *In re Memorial Production Partners LP*, Case No. 17-30262 (MI) (Bankr. S.D. Tex. Jan. 16, 2017); *In re ITT Educational Services, Inc.*, Case No. 16-07207 (JMC) (Bankr. S.D. Ind. Sept. 16, 2016); *In re Joyce Leslie, Inc.*, Case No. 16-22035 (RDD) (Bankr. S.D.N.Y. Jan. 9, 2016).

4. As agent and custodian of Court records pursuant to 28 U.S.C. § 156(c), Omni will perform, at the request of the Office of the Clerk of the Bankruptcy Court (the "**Clerk**"), the services specified in the Section 156(c) Application and the Services Agreement, and, at the Debtors' request, any related administrative, technical, and support services as specified in the Section 156(c) Application and the Services Agreement. In performing such services, Omni will

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Section 156(c) Application.

charge the Debtors the rates set forth in the Services Agreement, which is attached as <u>Exhibit C</u> to the Section 156(c) Application.

5. Before the Petition Date, the Debtors provided Omni a retainer in the amount of $20,000.00. Omni seeks to hold the retainer under the Services Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Services Agreement.

6. Omni represents, among other things, the following:

   a. Omni is not a creditor of the Debtors;

   b. Omni will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases;

   c. By accepting employment in these Chapter 11 Cases, Omni waives any rights to receive compensation from the United States government in connection with these Chapter 11 Cases;

   d. In its capacity as the Claims and Noticing Agent in these Chapter 11 Cases, Omni will not be an agent of the United States and will not act on behalf of the United States;

   e. Omni will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these Chapter 11 Cases;

   f. Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

   g. In its capacity as Claims and Noticing Agent in these Chapter 11 Cases, Omni will not intentionally misrepresent any fact to any person;

   h. Omni shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

   i. Omni will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

      j.   None of the services provided by Omni as Claims and Noticing Agent in these Chapter 11 Cases shall be at the expense of the Clerk's office.

7.    To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Omni, nor any employee thereof, has any materially adverse connection to the Debtors, their creditors or other relevant parties. Omni may have relationships with certain of the Debtors' creditors as a vendor or in connection with cases in which Omni serves or has served in a neutral capacity as noticing, claims and balloting agent for another chapter 11 debtor.

8.    Omni personnel may have relationships with some of the Debtors' creditors or other parties-in-interest. However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal nature and completely unrelated to these Chapter 11 Cases. Omni has and will continue to represent clients in matters unrelated to the Chapter 11 Cases. In addition, Omni has had and will continue to have relationships in the ordinary course of its business with certain vendors, professionals, and other parties-in-interest that may be involved in the Debtors' cases in matters unrelated to these cases. Omni may also provide professional services to entities or persons that may be creditors or parties-in-interest in the Chapter 11 Cases, which services do not directly relate to, or have any direct connection with, the Chapter 11 Cases or the Debtors. To the best of my knowledge, neither Omni, nor any employees thereof, represents any interest materially adverse to the Debtors' estates with respect to any matter upon which Omni is to be engaged.

9.    Although the Debtors do not propose to retain Omni under section 327 of the Bankruptcy Code pursuant to the Section 156(c) Application (such retention will be sought by separate application), Omni has nonetheless reviewed its electronic database to determine whether it has any relationships with the entities provided by the Debtors. At this time, we are

not aware of any relationship that would present a disqualifying conflict of interest. Should Omni discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Omni will use reasonable efforts to file promptly a supplemental declaration. Omni will also comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

10. Based on the foregoing, I believe that Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated: June 29, 2019              */s/ Paul H. Deutch*
                                  Paul H. Deutch
                                  Senior Vice President
                                  Omni Management Group