**Exhibit B**

**Proposed Final Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (\_\_\_\_) |
| | ) Joint Administration Requested |
| Debtors. | ) **Re: Docket Nos. \_\_\_\_ and \_\_\_\_** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY CERTAIN PREPETITION WAGES, BENEFITS AND OTHER COMPENSATION, AND (B) CONTINUE EMPLOYEE COMPENSATION AND EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] for entry of an final order (this "**Final Order**") (i) authorizing the Debtors to (a) pay certain prepetition wages, benefits and other compensation, and (b) continue employee compensation and employee benefits programs, and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the First Day Declaration in support thereof; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered statements in support of the Motion on a final basis at the hearing held before this Court, if any (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on a final basis.

2. The Debtors are authorized to pay the Employee Obligations and/or honor their wage and benefit obligations in accordance with their stated policies and in the ordinary course of their businesses, including amounts owing as of the Petition Date on account of: (a) ADP; (b) Employee Compensation and Reimbursable Expenses; (c) Deductions and Payroll Taxes; (d) workers' compensation coverage; (e) the Employee Benefits; and (f) Lockton Investment Advisors, LLC, to the extent such payments do not violate the priority cap in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, as set forth in the Motion and as provided herein.

3. Except as otherwise provided herein, the Debtors are authorized to make payments on account of Employee Obligations in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion.

4. The Debtors are authorized to pay the Deductions and Payroll Taxes to the applicable third parties, in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion.

5. The Debtors are authorized to continue to honor their Employee Benefits, make necessary contributions to the applicable benefit programs, and pay any unpaid premium, claim, or amount owed in connection therewith as of the Petition Date in accordance with the Debtors' ordinary course of business and stated policies as set forth in the Motion.

6. The banks and financial institutions (including ADP) on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, including all checks issued prepetition and presented for payment postpetition, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order. The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Interim Order and is not cleared by the applicable bank or other financial institution.

7. Nothing in the Motion or this Interim Order, including the Debtors' payment of any claims pursuant to this Final Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, or a waiver of the Debtors' right to dispute any claim, or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

8. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Final Order, in accordance with the Motion.

9. The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion or otherwise deemed waived.

4

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: _____, 2019
      Wilmington, Delaware

 

                                             United States Bankruptcy Judge