# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) ) | Case No. 19-11466 (KG) |
| | ) | Joint Administration Requested |
| Debtors. | ) ) ) | |

**THE COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF HEALTH'S OBJECTION TO THE MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO SECTIONS 105(a), 363, AND 1108 OF THE BANKRUPTCY CODE (A) AUTHORIZING THE DEBTORS TO IMPLEMENT A PLAN OF CLOSURE FOR HAHNEMANN UNIVERSITY HOSPITAL AND (B) SCHEDULING A FINAL HEARING [DOC. NO. 15]**

The Commonwealth of Pennsylvania Department of Health (the "PA DOH"), by and through undersigned counsel, by way of *The Commonwealth of Pennsylvania Department of Health's Objection to the Motion of the Debtors for Entry of Interim and Final Orders Pursuant to Sections 105(a), 363, and 1108 of the Bankruptcy Code (A) Authorizing the Debtors to Implement a Plan of Closure for Hahnemann University Hospital and (B) Scheduling a Final Hearing*, hereby states:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102

**BACKGROUND**

1. On June 30, 2019 (the "Petition Date"), Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("CCH") and its affiliated debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions in the United States Bankruptcy Court for the District of Delaware seeking relief under the provisions of Chapter 11 of the United States Bankruptcy Code.

2. On June 30, 2019, the Debtors filed the *Motion of the Debtors for Entry of Interim and Final Orders Pursuant to Sections 105(a), 363, and 1108 of the Bankruptcy Code (A) Authorizing the Debtors to Implement a Plan of Closure for Hahnemann University Hospital and (B) Scheduling a Final Hearing* [Doc. No. 15] (the "Motion").

3. Pursuant to 28 Pa. Code §101.196, a hospital facility is required to provide written notice to the PA DOH 90 days prior to closing. As part of that notification, the hospital must submit a proposed closure plan, which is subject to approval of the PA DOH.

4. On June 27, 2019, in order to ensure the safety of those persons who are reliant upon the care provided by Hahnemann University Hospital ("HUH"), the PA DOH issued an order requiring the Debtors to cease and desist from any attempt or action toward closing HUH and/or eliminating services until the PA DOH received and approved the Debtors' closure plan (the "Cease and Desist Order"). A copy of the Cease and Desist Order is attached as Exhibit A.

5. The Cease and Desist Order also required that HUH, including the emergency department, be adequately staffed to handle all eventualities, unless and until the closure plan is approved by the PA DOH.

6. Pursuant to its authority under 35 P.S. §448.814, the PA DOH has determined that it is necessary to appoint a temporary manager to protect the health and safety of

HUH's patients until HUH is closed pursuant to a closure plan approved by the PA DOH. The temporary manager will monitor HUH's operations and compliance with the closure plan approved by the PA DOH.

7. Neither the Debtors' obligation to obtain PA DOH approval of its closure plan, nor the PA DOH's authority to appoint a temporary manager, is limited by the filing of the Debtors' bankruptcy cases. *See* 28 U.S.C. § 959(b) (a debtor in possession shall manage and operate the property in his possession "according to the requirements of the valid laws of the State in which such property is situated"). Further, pursuant to Section 362(b)(4) of the Bankruptcy Code, the PA DOH may exercise its authority over the Debtors' closure and appoint a temporary manager without seeking leave of this Court or violating the automatic stay because such action is an exercise of the Commonwealth's regulatory or police powers. *See In re Allegheny, Health, Educ. & Research Found.*, 252 B.R. 309 (W.D. Pa. 1999) (permitting Pennsylvania attorney general, acting under Pennsylvania statute, to seek appointment of trustee to oversee hospital's charitable assets because such action was an exercise of the Commonwealth's *parens patriae* powers and intended to protect public health, welfare or safety). In holding that the attorney general could proceed, the court in *Allegheny* noted that within the Third Circuit, "the police powers exception has been broadly interpreted and liberally applied" to protect the public health and welfare. *Id.* at 326. The PA DOH's statutory authority to oversee HUH's closure and appoint a temporary manager to ensure the safety of those persons who have entrusted their medical care to HUH falls well within the Commonwealth's regulatory and police powers.

**OBJECTION**

8. PA DOH hereby objects to the Motion because it is premature. Under Pennsylvania law and the Cease and Desist Order, the Debtors may not take any action towards the closing of the facility unless and until a closure plan is approved by the PA DOH. Although the PA DOH is working diligently with the Debtors toward promptly finalizing a closure plan that meets PA DOH requirements, there is not yet an approved closure plan. As a result, no order, interim or otherwise, may yet be entered authorizing the implementation of any closure plan.

9. The Debtors cite *In re Saint Vincents Catholic Med. Ctr. of N.Y.* in support of the relief sought by the Motion. However, in that case the debtor hospital had already obtained approval of its closure plan from the New York Department of Health when the bankruptcy court's closure order was entered. *See In re Saint Vincents Catholic Med. Ctr. of N.Y.*, 429 B.R. 139, 151-52 (Bankr. S.D.N.Y. 2010) (debtor hospital worked "very closely" with the New York Department of Health from the "very beginning" and was in "complete compliance with state law"); *see also St. Vincents Catholic Med. Ctr. of N.Y.*, Case No. 05-14945 (Bankr. S.D.N.Y. Sept. 20, 2005) [Doc. No. 394] (order granting motion and authorizing debtors to close hospital in accordance with directives of a New York State Department of Health approved closure plan).

10. Further, the interim order sought by the Debtors may not be entered because the Debtors' proposed closure plan referenced in the Motion does not include PA DOH's appointment of a temporary manager. PA DOH has determined that the appointment of a temporary manager to monitor the Debtors' operations is necessary to ensure patient health and safety during the closure process.

11. PA DOH reserves the right to supplement this Objection both prior to the hearing on the Debtors' request for an interim order and before the final hearing on the Debtors' Motion.

WHEREFORE, the PA DOH respectfully requests that the Court deny the Motion.

Dated: July 1, 2019

By: /s/ Daniel M. Pereira
Richard A. Barkasy (#4683)
Daniel M. Pereira (#6450)
SCHNADER HARRISON SEGAL & LEWIS LLP
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 888-4554
Facsimile: (302) 888-1696
rbarkasy@schnader.com
dpereira@schnader.com

-and-

David Smith (*pro hac vice* pending)
Nicholas J. LePore, III (*pro hac vice* pending)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Telephone: (215) 751-2000
Facsimile: (215) 751-2205
dsmith@schnader.com
nlepore@schnader.com

*Counsel for the Commonwealth of Pennsylvania Department of Health*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2019, I caused a copy of the foregoing to be sent via ECF Noticing to all parties receiving ECF Notices in this Chapter 11 case.

/s/ Daniel M. Pereira
Daniel M. Pereira, Esq. (#6450)