**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------------○

|   |   |   |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| CENTER CITY HEALTHCARE, LLC d/b/a | : | Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | : | (Jointly Administered) |
| *al.*,[1] | : |  |
|  | : |  |
| Debtors. | : |  |

--------------------------------------------------------------○

**CONCURRED IN APPLICATION REGARDING**
**ORDER PURSUANT TO 11 U.S.C. § 333 AND FED. R. BANKR. P. 2007.2**
**DIRECTING THE APPOINTMENT OF A PATIENT CARE OMBUDSMAN**

The undersigned counsel for the Acting United States Trustee for the District of

Delaware (the "U.S. Trustee") certifies as follows:

1.      On June 30-July 1, 2019, the above-captioned debtors (the "Debtors")

filed chapter 11 petitions in this Court.  The chapter 11 petitions indicate that the Debtors are a

healthcare business as defined in 11 U.S.C. § 101(27A).

2.      The U.S. Trustee has discussed the appointment of a patient care

ombudsman in the Debtors' cases pursuant to 11 U.S.C. § 333 with Debtors' counsel.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

3.      The U.S. Trustee has circulated this concurred in application and the form of order attached hereto as <u>Exhibit A</u> to counsel for the Debtors.  The Debtors and the U.S. Trustee consent to entry of the order.

4.      The U.S. Trustee submits that, pursuant to Fed. R. Bankr. P. 2007.2, a motion is required only if the Court is asked not to appoint a patient care ombudsman in a case. Because the Parties are consenting to the appointment of a patient care ombudsman, no motion is needed under Fed. R. Bankr. P. 2007.2.  If the Court determines that a motion is needed, then the U.S. Trustee intends to file a motion to be heard on or before July 30, 2019.

WHEREFORE, the U.S. Trustee respectfully requests that the Court consider the proposed form of order attached hereto as <u>Exhibit A</u> at its earliest convenience.


**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE,**
**REGION 3**

July 2, 2019                              BY: _/s/ Benjamin Hackman_
                                         Benjamin Hackman
                                         Trial Attorney
                                         Office of the United States Trustee
                                         J. Caleb Boggs Federal Building
                                         844 King Street, Room 2207, Lockbox 35
                                         Wilmington, DE  19801
                                         (302) 573-6491
                                         (302) 573-6497 (fax)

**<u>EXHIBIT A</u>**

**PROPOSED FORM OF ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------○
                                          :
In re:                                    : Chapter 11
                                          :
CENTER CITY HEALTHCARE, LLC d/b/a         : Case No. 19-11466 (KG)
HAHNEMANN UNIVERSITY HOSPITAL, *et*       : (Jointly Administered)
*al.*,[1]                                 :
                                          : Re: D.I. _____
              Debtors.                    :
-------------------------------------------------------------○

**ORDER PURSUANT TO 11 U.S.C. § 333 AND FED. R. BANKR. P. 2007.2**
**DIRECTING THE APPOINTMENT OF A PATIENT CARE OMBUDSMAN**

Upon the consent of the above-captioned debtors (the "Debtors") for entry of an

order directing the appointment of a patient care ombudsman in the Debtors' cases, pursuant to

Section 333 of title 11 of the United States Code (the "Bankruptcy Code"), and upon the Court's

consideration of the matter, it is hereby

ORDERED that the Acting United States Trustee for the District of Delaware (the

"U.S. Trustee") is directed to appoint a patient care ombudsman (the "Ombudsman") in the

Debtors' cases pursuant to Section 333 of the Bankruptcy Code. The Ombudsman shall perform

the duties required of a patient care ombudsman, pursuant to Sections 333(b) and (c) of the

Bankruptcy Code, for the shorter of (i) the duration of the Debtors' chapter 11 cases, (ii) the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

effective date of a confirmed plan in the Debtors' chapter 11 cases, or (iii) as to any particular hospital facility of the Debtors, until it is closed or it is no longer property of the bankruptcy estates because of the occurrence of the closing date of a sale of such facility or otherwise. The Ombudsman shall perform such duties solely with respect to hospital facilities operated by the Debtors. The Ombudsman shall not perform, or seek to perform, such duties with respect to any facilities or business operations of any non-Debtor affiliates of the Debtors.

IT IS FURTHER ORDERED that not later than 60 days after the date of the appointment, and not less frequently than 60-day intervals thereafter, the Ombudsman shall report to the Court, after notice to parties in interest, at a hearing or in writing, regarding the quality of patient care provided to the Debtors' patients; provided, however, that for each hospital facility the Ombudsman shall prepare a separate report that includes information relevant only to such facility. In this regard, notice of the foregoing shall be deemed sufficient if the Ombudsman (1) provides such notice to the Debtors, the Debtors' counsel, the U.S. Trustee, Department of Justice (HHS/CMS), counsel to any official committee, and to those parties in interest requesting notice in the Debtors' chapter 11 cases; and (2) posts notice as set forth below:

a. For the shorter of (i) the duration of the Debtors' chapter 11 cases, (ii) the effective date of a confirmed plan in the Debtors' chapter 11 cases, or (iii) as to any particular hospital facility of the Debtors, until it is closed or it is no longer property of the bankruptcy estates because of the occurrence of the closing date of a sale of such facility or otherwise, the Ombudsman shall post notice of the forthcoming report(s) at each hospital facility, and to the extent possible, in at least two locations as determined by the Ombudsman

b. The Ombudsman may post a copy of the applicable written report at each hospital facility in the same location(s) as the notice of forthcoming written report and may keep such report posted until the next report is filed, at which time the prior report may be removed and replaced with the most recent report.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Date:   July _____, 2019
        Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE