**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CENTER CITY HEALTHCARE, LLC | : | Case 19-11466 (KG) |
| d/b/a HAHNEMANN UNIVERSITY | : | |
| HOSPITAL, *et al.*, | : | Joint Administration Requested |
| | : | |
| Debtors. | : | Related Docket No. 15 |

**LIMITED OBJECTION OF DREXEL UNIVERSITY TO MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO SECTIONS 105(a), 363, AND 1108 OF THE BANKRUPTCY CODE (A) AUTHORIZING THE DEBTORS TO IMPLEMENT A PLAN OF CLOSURE FOR HAHNEMANN UNIVERSITY HOSPITAL AND (B) SCHEDULING A FINAL HEARING**

Drexel University ("Drexel"), by and through its undersigned counsel, hereby objects on the limited basis set forth below to the *Motion of the Debtors for Entry of Interim and Final Orders Pursuant to Sections 105(a), 363, and 1108 of the Bankruptcy Code (A) Authorizing the Debtors to Implement a Plan of Closure for Hahnemann University Hospital and (B) Scheduling a Final Hearing* [Docket No. 15] (the "Closure Plan Motion") and, in support hereof, respectfully states as follows:

**BACKGROUND**

1. On July 1, 2019 (the "Petition Date"), Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("Hahnemann") and certain of its affiliates (collectively, the "Debtors"), including Philadelphia Academic Health System, LLC ("PAHS"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On the Petition Date, the Debtors also filed a number of first day motions with the Court, including the Closure Plan Motion.

3. Drexel, the Debtors and certain non-debtor affiliates, are parties to an Academic Affiliate Agreement (the "AAA"). Pursuant to the AAA, Drexel has a substantial interest is the administration of the Residency Programs at Hahnemann.

4. Section 2.4 of the AAA explicitly states that the parties

> recognize that [Drexel] sponsors the Residency Programs at Hahnemann University, . . . is actively engaged in the operation of the Residency Programs, and that material modifications in the size, scope and location of those Residency Programs will require a measured and cooperative approach of the parties.

(AAA, § 2.4.)

5. Prior to the Petition Date, on June 21, 2019, Drexel filed a Complaint and a Petition for *Ex Parte* Preliminary Injunction and Preliminary Injunction in the Court of Common Pleas of Philadelphia County (Commerce Court) (the "Philadelphia CCP") against PAHS, Philadelphia Academic Health Holdings, LLC, AAHC and Joel Freedman ("Freedman"), AAHC's founder, principal shareholder, chairman and Chief Executive Officer (collectively, the "CCP Defendants").

6. By these filings, Drexel sought to prevent the harmful effects that an abrupt and disorderly closure of Hahnemann would have on the patients, faculty, residents, students, and staff at the hospital, as well as the public.

7. On June 25, 2019, the Philadelphia CCP held a hearing on Drexel's June 21 Petition for Preliminary Injunction. At that hearing, counsel for the CCP Defendants represented that, among other things, the CCP Defendants had a "draft" plan and would welcome input from Drexel as to the aspects of that plan that affect Drexel's operations, rights and obligations under the AAA.

8.      Subsequent to the hearing, however, on Wednesday, June 26, 2019, Drexel learned that the CCP Defendants were unilaterally communicating with other institutions for the transfer of the approximately 570 participants in Drexel's Residency Programs (the "Residents") upon the closure of Hahnemann.  In addition, the CCP Defendants not only failed to cooperate with Drexel regarding the transfers and/or displacement of the Residents, but they are actively working against Drexel on these issues.

## OBJECTION

9.      The Debtors' actions are in direct violation of Section 2.4 of the AAA, as well as the applicable rules of the Accreditation Council for Graduate Medical Education (the "ACGME").

10.     In Paragraph 26 of the Closure Plan Motion, the Debtors state:

> In order to preserve the educational continuity of the residents and fellows currently in training at HUH, **HUH's Chief Academic Officer and Designated Institutional Official is working closely with, and has notified, the Accreditation Council for Graduate Medical Education, Graduate Medical Education Committee, Chairperson of the Board of Governors, President of the Medical Executive Committee *and the Dean and Senior Vice Dean for Educational Affairs at DUCOM*,** as well as other interested parties, regarding the immediate implementation of, and compliance with those policies and procedures related to resident and fellow orphaning and displacement necessary to protect the interests and preserve the educational continuity of residents and fellows currently in training at HUH.

Closure Plan Motion, ¶ 26 (emphasis added).

11.     As stated above, however, the Debtors have not been complying with the provisions of the AAA and have excluded Drexel from all conversations related to the Residents.

3

12. Drexel, therefore, submits this limited objection to the Closure Plan Motion. The Closure Plan Motion must be denied unless provision is made to serve the interests of Residents in an appropriate manner.

13. Drexel respectfully submits that approval of the Closure Plan Motion should be conditioned on the terms proposed on <u>Exhibit A</u> attached hereto.

WHEREFORE, Drexel respectfully requests that this Court deny the Closure Plan Motion or, alternatively, incorporate the proposed provisions set forth on Exhibit A into any order which otherwise grants the relief sought by the Debtors through the Closure Plan Motion; and grant such other and further relief this court deems proper.

Dated: July 2, 2019
      Wilmington, Delaware

Respectfully submitted,

*/s/ Tobey M. Daluz*
Tobey M. Daluz (No. 3939)
Chantelle D. McClamb (No. 5978)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801
Tel: (302) 252-4465
Fax: (302) 252-4466
daluzt@ballardspahr.com
mcclambc@ballardspahr.com

and

Vincent J. Marriott III, Esq.
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999
marriott@ballardspahr.com

and

Stephen A. Cozen
F. Warren Jacoby
Kevin T. Kerns
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103
215-665-2000
215-665-2013 (fax)
scozen@cozen.com
fjacoby@cozen.com
kkerns@cozen.com

Counsel for Drexel University