IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
In re                                                  :
                                                       :    Chapter 11
CENTER CITY HEALTHCARE LLC d/b/a                       :
HAHNEMANN UNIVERSITY                                   :
HOSPTIAL et al                                         :    Bankruptcy No. 19-11466
                              Debtor.                  :
-------------------------------------------------------x    Joint Administration Requested
```

**LIMITED RESPONSE AND RESERVATION OF RIGHTS TO MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS REGARDING DIP FINANCING AND GRANTING LIENS AND <u>SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS</u>**

AND NOW, comes the City of Philadelphia ("the City"), by and through its counsel, Megan N. Harper and Pamela Elchert Thurmond, Deputy City Solicitors, to respond to the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lender, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief ("the Motion") filed by the Debtors, Center City Healthcare LLC d/b/a Hahnemann University Hospital *et al.*

The City avers the following in its response thereto:

1. On June 30, 2019 and July 1, 2019, the Debtors commenced their bankruptcy proceedings in Chapter 11.

2. On July 1, 2019, the Debtors filed the Motion seeking court approval of the Debtors' proposed Debtor-in-Possession post-petition secured financing. [Docket Entry No. 53].

3. The Debtors ask the Court to grant superpriority liens to the proposed "DIP Lender," MidCap Financial Trust including superpriority liens in real property owned by the non-debtor "Guarantors"[1]. See Motion at p.11 (Summary of Material Terms: Security)(stating "the Obligations will be secured by . . . (b) valid, perfected and priming security interests, liens in and pledges of all assets of the Guarantors (other than Holdings) . . . ."); Proposed Order at p. 9 (Guarantor Liens)("The liens and security interests granted to the Agent . . . by the non-Debtor Guarantors party to or otherwise obligated under the Prepetition Financing Documents to secure the Prepetition Obligations are (i) valid, binding, perfected, enforceable, first priority (subjected to permitted exceptions under the Prepetition Financing Documents) liens on and security interests in such non-Debtor Guarantors' personal and real property constituting Collateral . . . .")

4. The City has secured liens for *ad valorem* real estate taxes and water/sewer usage debt against the real property owned by Guarantors.

5. The City holds first priority liens against the Guarantors' real property situated in Philadelphia County, Pennsylvania. The City's liens are secured by first priority liens pursuant to Pennsylvania's Municipal Claims and Tax Liens Act (MCTLA), 53 P.S. § 7101, *et seq.*

6. Under the MCTLA, a tax lien is a first lien against property dating back to the date the taxes are assessed. 53 P.S. § 7102, *see also, Moore v. Smith*, 494 A.2d 1107, 1108 (Pa. Super. Ct. 1985) (real estate taxes imposed by the City are a first lien against property dating back to assessment); *City of Philadelphia v. Philadelphia Transload & Logistics LLC,* 2012 WL 8681526, at *2 (Pa. Comwlth., March 15, 2012)(a lien is created when a tax is levied in conformity with Section 7102 of the MCTLA); *N. Coventry Twp. v. Tripoldi*, 64 A.3d 1128, 1132 (Pa. Comwlth. 2013) (a tax lien arises by operation of law whenever a municipal tax is lawfully imposed).

---

[1] The defined capitalized terms shall have the same meaning as in the Motion.

7.      Regarding the water/sewer liens, the MCTLA provides that municipal claims for services have priority over all other encumbrances, except taxes, tax liens or tax claims. 53 P.S. § 7106(a)(1); *see Shapiro v. Center Twp., Bulter Cnty.,* 159 Pa. Cmwlth. 82, 632 A.3d 994, 997 (1993)("The assessment and imposition of the lien occur without any form of hearing.").

8.      The Debtors have not explained, in the Motion, how Section 364(d)(1) of the Bankruptcy Code, which concerns only superpriority liens "on property of the estate" grants the Court the power to grant superpriority liens to the DIP Lender on the assets owned by the non-debtor Guarantors.

9.      The City specifically objects to the Motion to the extent that it purports to prime the City's superior lien positions with respect to the real property of the Guarantors.

10.     The City expressly reserves to right to further challenge the Motion prior to the final hearing on this matter.

WHEREFORE, the City respectfully requests that the Motion be denied on an interim basis unless the modifications requested by the City are included in the Proposed Order.

Dated: July 2, 2019          By:     /s/ *Megan N. Harper*
                                     Megan N. Harper
                                     Deputy City Solicitor
                                     PA Attorney I.D. 81669
                                     Delaware Attorney ID 4103
                                     Attorney for the City of Philadelphia
                                     City of Philadelphia Law Department
                                     Municipal Services Building
                                     1401 JFK Boulevard, 5th Floor
                                     Philadelphia, PA  19102-1595
                                     215-686-0503 (phone)
                                     Email: Megan.Harper@phila.gov

                                     /s/ *Pamela Elchert Thurmond*
                                     PAMELA ELCHERT THURMOND
                                     Deputy City Solicitor
                                     Pro Hac Vice Admission Sought

PA Attorney I.D. 202054
Attorney for the City of Philadelphia
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA  19102-1595
215-686-0508 (phone)
Email: Pamela.Thurmond@phila.gov