# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) Joint Administration Requested |
| Debtors. | ) **Re: Docket No. 12** |

## INTERIM ORDER (I) AUTHORIZING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE

Upon consideration of the motion (the "**Motion**")[2] for entry of an interim order (this "**Interim Order**") (i) authorizing Debtors' proposed form of adequate assurance of payment to utility companies, (ii) establishing procedures for resolving objections by utility companies, and (iii) prohibiting utility companies from altering, refusing, or discontinuing service, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the First Day Declaration in support thereof; and the Court having found that consideration of the Motion and the relief requested therein is a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered statements in support of the Motion on an interim basis at the hearing held before this Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on an interim basis.

2. The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Companies to the Debtors on and after the Petition Date.

3. The Debtors shall provide an Adequate Assurance Deposit for all Utility Companies identified on **Exhibit C** to the Motion by depositing **$356,119.10**, an amount equal to approximately two weeks of Utility Services (each, an "**Adequate Assurance Deposit**"), into a segregated bank account designated for the Adequate Assurance Deposits (the "**Adequate Assurance Deposit Account**") within 20 days of the Petition Date.

4. The Adequate Assurance Deposits, in conjunction with the Debtors' ability to pay for future Utility Services in the ordinary course of business (collectively, the "**Proposed Adequate Assurance**"), constitute sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code.

35097641.6 07/01/2019

5. The Utility Companies are prohibited from (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on the basis of the commencement of the Chapter 11 Cases or on account of any unpaid prepetition charges; or (b) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance as a condition of the Debtors receiving such Utility Services.

6. The following Adequate Assurance Procedures are approved:

   a. Any Utility Company desiring assurance of future payment for Utility Services beyond the Proposed Adequate Assurance must serve a request (an "**Additional Assurance Request**") at the following addresses: (i) Center City Healthcare, LLC *et al.*, c/o Allen Wilen, CRO, 230 North Broad Street, Philadelphia, Pennsylvania 19102, and (ii) Saul Ewing Arnstein & Lehr LLP, 1201 North Market Street, Suite 2300, Wilmington, Delaware 19801 (Attn: Mark Minuti, Esq. and Monique B. DiSabatino, Esq.) and 1500 Market Street, 38th Floor, Philadelphia, PA 19102 (Attn: Aaron S. Applebaum, Esq.) and by email at mark.minuti@saul.com; monique.disabatino@saul.com; aaron.applebaum@saul.com.

   b. Any Additional Assurance Request must: (i) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (ii) be made in writing; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits or other security currently held by the requesting Utility Company; (v) explain whether the Debtors prepay for the Utility Company's services; (vi) describe any payment delinquency or irregularity by the Debtors for the postpetition period, if any; and (vii) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

   c. Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have the greater of (i) 20 days from the receipt of such Additional Assurance Request or (ii) 40 days from the Petition Date (collectively, the "**Resolution Period**") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtors and the applicable Utility Company without application to or approval of the Court.

   d. The Debtors, in their discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such

3

resolution, in their discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, other forms of security, or any combination of the above, if the Debtors believe such additional assurance is reasonable. If the Debtors and requesting Utility Company resolve the Additional Assurance Request, the Debtors may, by mutual agreement with the requesting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Company's estimated two-week utility expense.

e. If the Debtors determine that an Additional Assurance Request is not reasonable, and the parties are not able to resolve such request during the Resolution Period, then during or immediately after the Resolution Period, the Debtors will schedule the matter for a hearing before the Court at the next available omnibus hearing date to determine the adequacy of assurances of payment made to the requesting Utility Company (the "**Determination Hearing**"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

f. Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

g. Any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment beyond the Proposed Adequate Assurance.

7. The Debtors may supplement the Utility Companies List without further order of the Court if any Utility Company has been inadvertently omitted from the Utility Companies List (the "**Additional Utility Company**"), and the Debtors will, as soon as reasonably practicable, file with the Court an amendment to **Exhibit C** to the Motion adding the name of any Additional Utility Company (the "**Supplement**"). The Debtors will then serve by email or by facsimile transmission (or, where the Debtors do not have the email address or fax number of a Utility

Company, by First Class Mail) a copy of the Motion and this Interim Order on any Additional Utility Company. Debtors will increase the Adequate Assurance Deposit Account by an amount equal to 50% of the Debtor's average monthly utility consumption over the course of the 12 months for any added Utility Company.

8. Any Additional Utility Company is subject to the terms of this Interim Order, including the Adequate Assurance Procedures.

9. No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures, (b) by mutual agreement of the Debtors and the applicable Utility Company, or (c) by further order of the Court. If the Debtors fail to pay for any legitimate postpetition Utility Services when due, a Utility Company may access only that portion of the Adequate Assurance Deposit owing to it in the Adequate Assurance Deposit Account.

10. The Debtors may amend the Utility Companies List to delete a Utility Company, or may seek to terminate a Utility Company, only if it has provided two weeks advance notice to such Utility Company, and has not received any objection from such Utility Company. If an objection is received, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Company may agree. The Debtors shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Company that the Debtors seek to terminate or delete unless and until the two week notice period has passed and the Debtors have not received any objection to termination or deletion from such Utility Company, or until any such objection has been resolved consensually or by order of the Court.

35097641.6 07/01/2019

11. The Debtors shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Interim Order.

12. Notwithstanding anything to the contrary in any other order of this Court, including any DIP financing order, no creditor, including the DIP lender, shall have any interest in or lien on the Adequate Assurance Deposit.

13. Nothing in the Motion or this Interim Order, including the Debtors' payment of any claims pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, or a waiver of the Debtors' right to dispute any claim, or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

14. Nothing contained herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Companies List.

15. Within three (3) business days of the date of this Interim Order, the Debtors shall serve a copy of this Interim Order and the Motion on each Utility Company identified on the Utility Companies List, and within three (3) business days of filing the Supplement, the Debtors shall serve a copy of this Interim Order and the Motion on any Additional Utility Company.

16. All funds held in the Adequate Assurance Deposit Accounts shall be returned to Debtors at the conclusion these Chapter 11 Cases.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

18. The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion or otherwise deemed waived.

35097641.6 07/01/2019

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

20. The final hearing on the Motion shall be held on **July 26**, 2019 at **10AM** (Prevailing Eastern Time), and any objections or responses to the Motion shall be in writing, filed with the court, and served so as to be actually received on or before **July 19**, 2019 at 4:00 p.m. (Prevailing Eastern Time).

21. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: **July 2**, 2019
Wilmington, Delaware

_____
Honorable Kevin Gross
United States Bankruptcy Judge

35097641.6 07/01/2019