## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Joint Administration Requested |
| | ) |
| Debtors. | ) **Re: Docket No. 53** |
| | ) |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) SCHEDULING A FURTHER HEARING, AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] filed by the above captioned debtors

and debtors in possession (the "**Debtors**") seeking entry of interim and final orders: (I)

authorizing the Debtors to obtain postpetition financing; (II) authorizing the Debtors to use cash

collateral; (III) Granting Adequate Protection; and (IV) scheduling a final hearing pursuant to

Bankruptcy Rule 4001(B) and (C); and the Debtors' request for entry of this interim order

granting the Debtors the authority to use cash collateral for a limited time (this "**Interim Cash

Collateral Order**"); and the Court having found that it has jurisdiction to consider the Motion

and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended

Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012; and upon consideration of the First Day Declaration in support thereof;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and the Court having found that consideration of the Motion and the relief requested therein and in this Interim Cash Collateral Order is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered statements by counsel and evidence adduced in support of entry of this Interim Cash Collateral Order at the hearing held before this Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      Pending expiration of this Interim Cash Collateral Order, the Debtors are permitted to use "Cash Collateral" (as such term is defined in section 363(a) of title 11 of the United States Code (the "**Bankruptcy Code**") as follows:

(a)      the Debtors are hereby authorized to use the approximately $18.44 million of cash or cash equivalents advanced to the Debtors by Midcap Funding IV Trust, in its capacity as administrative agent ("**MidCap**"), prior to the filing of the Debtors' bankruptcy petitions and currently in possession of the Debtors; *provided* that these funds may be used by the Debtors solely for supplies, food, interim staffing, vendors, the payment of payroll and employee benefits, security and IT support as necessary for the operation of the Debtors' hospitals; and

(b)      the Debtors are hereby authorized to use additional Cash Collateral in an amount not to exceed $5.2 million on or prior to July ___, 2019; *provided* that this

the Debtors are hereby authorized to use additional Cash Collateral in the lesser of (a) $5.2 million or (b) 75% of the amounts received by the Debtors on or after June 30, 2019 and on or before July 6, 2019.

additional Cash Collateral may be used by the Debtors solely for supplies, food, interim staffing, vendors, the payment of payroll and employee benefits, security and IT support as necessary for the operation of the Debtors' hospitals.

2.    The Debtors' right to use Cash Collateral under this Interim Order shall commence immediately upon entry of this Interim Order and expire on the earlier of: (a) the entry of a further interim order with respect to the Motion, (b) the entry of a Final Order with respect to the Motion, or (c) as otherwise ordered by the Court. July 10, 2019

3.    As adequate protection to protect MidCap's interest in Cash Collateral pursuant to sections 361 and 507(b) 363(e) of the Bankruptcy Code for any diminution in value from the use of Cash Collateral, the Court hereby grants MidCap replacement security interests in and Replacement Liens on all of the Debtors' property to the same extent, validity and priority as existed on the Petition Date, solely to the extent of any diminution in value of MidCap's interest in Cash Collateral.

4.    Such Replacement Liens shall be equal to the aggregate diminution in value, if any, of Cash Collateral after the Petition Date. The Replacement Liens shall be of the same validity and priority as the liens of MidCap on its existing Cash Collateral.

5.    Subject to the foregoing paragraph, the Replacement Liens shall constitute valid and duly perfected security interests and liens as of the Petition Date. MidCap shall not be required to file or serve financing statements, notices of lien or similar interests which otherwise may be required under federal or state law in any jurisdiction, take any action, including taking possession, to validate and perfect such Replacement Liens.

6.    The requirements of Bankruptcy Rule 6003(b) have been satisfied.

7.     Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

8.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Cash Collateral Order shall be immediately effective and enforceable upon its entry.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

10.     A further hearing on the Motion shall be held on ___July 9___, 2019 at _10:00 am_ (Prevailing Eastern Time), and any objections or responses to the Motion shall be in writing, filed with the Court, with a copy to chambers., and served so as to be actually received on or before ___July 8___, 2019 at ~~4:00 p.m.~~ _10:00a_ (Prevailing Eastern Time).

11.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

July 2, 2019

Kevin Gross
U.S.B.J.