**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) ) | Case No. 19-11466 (KG) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) ) | **Ref. Docket No. 53** **Hearing: July 9, 2019 at 10:00 a.m.** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF TENET BUSINESS SERVICES CORPORATION AND CONIFER REVENUE CYCLE SOLUTIONS, LLC TO MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION SECURED FINANCING PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE, (II) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL, (III) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION TO THE PREPETITION LENDER, (V) MODIFYING THE AUTOMATIC STAY, (VI) SCHEDULING A FINAL HEARING, AND (VII) GRANTING RELATED RELIEF**

Tenet Business Services Corporation ("Tenet") and Conifer Revenue Cycle Solutions, LLC ("Conifer")—the two largest unsecured creditors in these chapter 11 cases—respectfully represent as follows in support of this limited objection and reservation of rights (this "Objection") to the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lender, (V)*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

*Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 53] (the "DIP Motion"):

**Limited Objection**

As described in the *Statement of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC Regarding First Day Pleadings* [Docket No. 52] (the "Statement"),[2] since January 2018, Tenet and Conifer have provided uninterrupted services to the Debtors pursuant to the TSA and the MSA, notwithstanding the fact that the Debtors owe *at least* $55 million to Tenet and Conifer in the aggregate.

As a result, in May 2019, Tenet and Conifer had no choice other than to send notice of their intent to terminate the TSA and MSA.[3] Tenet and Conifer subsequently extended that termination date on multiple occasions. As a result, as of the petition date, as the Debtors acknowledge, the parties were "operating under a short-term interim agreement. . . through July 5, 2019."[4] Postpetition, to facilitate further dialogue, Tenet and Confier again extended the termination date, through July 12, 2019, in exchange for a one-time cash payment of $200,000.00.

Tenet and Conifer remain willing to engage with the Debtors regarding a global resolution that maximizes value for all stakeholders. Unfortunately, there is no resolution regarding the MSA and TSA at this time. Furthermore, a further extension is not assured because the proposed DIP budget only provides $200,000 per week for Tenet and Conifer to continue to perform under the TSA and MSA. This amount is a fraction of the respective contract rates owed to Conifer (which

---

[2] Capitalized terms used herein shall have the meanings ascribed to such terms in the Statement. The Statement is hereby incorporated by reference as if set forth in full herein.

[3] Although the formal notice of termination of the MSA and TSA was not sent until May 2, 2019, the right to terminate the MSA and TSA arose well before that date.

[4] [Docket No. 2] ¶ 28.

is responsible for collecting substantially all of the Debtors' cash receipts) and Tenet (which manages critical information technology and other patient medical record systems on behalf of the Debtors). At the same time, the Debtors are seeking approval of a full roll-up of their prepetition revolving credit facility, an express violation of this Court's prohibition on such relief at an interim hearing, as well as approval to permit a paydown of Hahnemann University Hospital's non-Debtor term loan facility. *See* Del. Bankr. L.R. 4001-2(b) (prohibiting a debtor from rolling up an entire prepetition secured obligation at an interim hearing absent "extraordinary circumstances").

Accordingly, Tenet and Conifer reserve their right to withhold any further extension of the MSA and TSA past July 12, 2019. Furthermore, Tenet and Conifer respectfully submit that the Court should not approve the DIP Motion on an interim basis unless certain provisions are modified to ensure that the official committee of unsecured creditors (the "Committee") may acquit its fiduciary duties on behalf of unsecured creditors.

- A full roll-up on an interim basis is inappropriate and the Court should modify paragraph 5(d) of the Interim Order to limit interim approval of the roll-up to the extent of any new money advanced by the DIP lender to the Debtors (and not any non-Debtor entity) on a postpetition basis to fund the go-forward administration of the estates.

- Paragraph 5(b) of the Interim Order should be modified to provide that the Committee may seek to recharacterize adequate protection payments (such as payment of interest, fees, and expenses arising under the prepetition credit agreement) as payments of principal pursuant to section 506(b) of the Bankruptcy Code.

- Paragraph 12 of the proposed Interim Order should expressly provide that the Committee and any third party may challenge the proposed roll-up.

- Paragraph 13 of the proposed Interim Order should be modified to provide that, notwithstanding the restrictions on the use of cash collateral in such paragraph, the Committee may investigate the matters set forth in paragraph 12 and take all actions in furtherance of such investigation (including taking discovery), and cash collateral may be used to pay the Committee's fees for such investigation.

**Reservation of Rights**

Nothing herein shall be considered a waiver of any rights, claims, or defenses of Tenet and/or Conifer with respect to any matter in the above-captioned chapter 11 cases, including with respect to the DIP Motion or the right to seek the appointment of a trustee or examiner.

*[Reminder of this page intentionally left blank.]*

Dated: July 8, 2019

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:    (302) 652-4400
Email:         ljones@pszjlaw.com
                  tcairns@pszjlaw.com

- and -

KIRKLAND & ELLIS LLP
Stephen C. Hackney, P.C.
Gregory F. Pesce (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:         stephen.hackney@kirkland.com
                  gregory.pesce@kirkland.com

-and-

KIRKLAND & ELLIS LLP
Nicole L. Greenblatt, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:         nicole.greenblatt@kirkland.com

*Counsel to Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC*