IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) Jointly Administered |
| Debtors. | ) |

**DEBTORS' MOTION FOR ORDER SHORTENING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER BIDDING PROCEDURES IN DEBTORS' MOTION FOR ENTRY OF ORDERS (I)(A) ESTABLISHING BIDDING PROCEDURES RELATING TO THE SALE OF THE DEBTORS' RESIDENTS PROGRAM ASSETS, INCLUDING APPROVING A BREAK-UP FEE, (B) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS, (C) APPROVING FORM AND MANNER OF NOTICE RELATING THERETO, AND (D) SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE; (II)(A) APPROVING THE SALE OF THE DEBTORS' RESIDENTS PROGRAMS ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS; AND (III) GRANTING RELATED RELIEF**

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), having contemporaneously filed herewith the *Debtors' Motion for Entry of Orders (I)(A) Establishing Bidding Procedures Relating to the Sale of the Debtors' Residents Program Assets, Including Approving a Break-Up Fee, (B) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts, Including Notice of Proposed Cure Amounts, and (C) Approving the Form and*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

*Manner of Notice Relating Thereto, and (D) Scheduling a Hearing to Consider the Proposed Sale; and (II)(A) Approving the Sale of the Debtors' Residents Program Assets Free and Clear of Liens, Claims, Encumbrances and Interests, and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts; and (III) Granting Related Relief* (the "**Sale and Bidding Procedures Motion**"),[2] hereby move (this "**Motion to Shorten**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 6004-1(c) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), shortening the time for notice of the hearing to consider approval of the Bidding Procedures Order (the "**Bidding Procedures Hearing**") so that the same may be considered on or before July 16, 2019. In support of this Motion to Shorten, the Debtors rely on the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2] (the "**First Day Declaration**"), and respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this judicial district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006, and Local Rules 6004-1(c) and 9006-1(e).

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Sale and Bidding Procedures Motion.

## BACKGROUND

3. On June 30, 2019 and July 1, 2019 (the "**Petition Date**"), each of the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "**Court**") a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of unsecured creditors has been appointed in these cases.

4. As detailed in the Sale and Bidding Procedures Motion and the First Day Declaration, the Debtors, faced with ongoing, unsustainable losses, determined it was necessary to implement an orderly closure of Hahnemann while ensuring patient safety and quality patient care.

5. Among the many issues arising from the closure process is the impact on Residents. Accordingly, the Debtors, in connection with their proposed investment banker, SSG Advisors, LLC, commenced a prompt postpetition marketing process to maximize value for the Debtors' estates, benefit the Debtors' academic accreditation partner, Drexel University, and provide a mechanism to protect Residents.

6. After careful and extensive consideration of the limited available alternatives, having given due consideration to the interests of all stakeholders, the Debtors, upon input and advice from their professional advisors, determined that the best path forward was to proceed with a sale transaction (the "**Sale**") with Tower Health ("**Tower Health**" or "**Stalking Horse Bidder**"). Through the Sale, the Debtors only seek to sell the Debtors' Resident Program Assets in connection with the operations of Hahnemann, including Hahnemann's: (a) National Provider Identifiers (general and psych) and Medicare provider number and agreement; (b) the

Pennsylvania Department of Health license to operate an acute care hospital; and (c) Hahnemann's programs for training Residents.

7. For clarity, this is not a sale of substantially all of the Debtors' assets, but a sale of just those assets related to Hahnemann which are necessary to facilitate an orderly transition of Hahnemann's residency and fellowship training programs. The Sale accomplishes two important objectives: (1) enabling the Debtors to monetize the Residents Program Assets for the benefit of their estates and creditors; and (2) protecting the interests of Residents who, through the Sale, will have a guaranteed placement in the Stalking Horse Bidder's residency programs, while keeping the option to go elsewhere if they choose.

8. Pursuant to the Sale and Bidding Procedures Motion, the Debtors, *inter alia*, seek the entry of an order (the "**Bidding Procedures Order**"): (a) approving the Bidding Procedures in connection with the proposed sale; (b) approving and authorizing the Break-Up Fee; (c) scheduling the Auction and Sale Hearing; (d) approving procedures related to the assumption and assignment of certain of the executory contracts; and (e) approving the form and manner of notice thereof.

## RELIEF REQUESTED

9. By this Motion to Shorten, the Debtors seek entry of an order shortening the notice period with respect to the Bidding Procedures Hearing so that consideration of the Bidding Procedures can take place on or before July 16, 2019, with any objections to the Bidding Procedures to be filed no later than July 15, 2019 at 12:00 p.m. (EST) (the "**Objection Deadline**").

**BASIS FOR RELIEF REQUESTED**

10. As set forth more fully in the Sale and Bidding Procedures Motion, the Debtors believe that the prompt sale of the Residents Program Assets, which includes a hearing on the Bidding Procedures Order on shortened notice, will maximize value to the greatest extent possible while protecting and promoting the interests of Residents. The Debtors accordingly submit that compelling circumstances and good cause exist in this case to shorten the notice period for the Bidding Procedures Hearing.

11. In particular, due to the nature of the academic calendar under which all medical residencies operate, the timing of the filing of the Chapter 11 Cases necessitates expedited relief for the Sale. At medical facilities around the country, July 1, 2019 marked the beginning of the residency year, meaning each residency is generally at capacity with little to no ability to take on the nearly 600 residents training at Hahnemann. Moreover, any delay in transitioning the Residents to alternative residency programs makes such transitions more difficult, as potential transfer opportunities become more remote and Hahnemann's residents miss key components in such new programs.

12. Indeed, for these reasons, the Stalking Horse Bidder required, as a condition of the Sale, that closing take place on or before August 1, 2019. The Debtors thus seek expedited consideration of the Bidding Procedures Hearing so they can officially commence the sale process so as to ensure that the Sale can be approved on such a short timeline.

13. Bankruptcy Rule 2002(a) requires twenty-one (21) days' notice prior to a hearing with respect to a proposed sale of assets outside the ordinary course of business. *See* Fed. R. Bankr. P. 2002(a). Pursuant to Local Rule 9006-1(e), such period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. *See* Del.

Bankr. L.R. 9006-1(e). Local Rule 6004-1(c) further provides, in pertinent part, that the "[t]he Court will only schedule a hearing to consider approval of bidding and sale procedures in accordance with the notice procedures set forth in Del. Bankr. L.R. 9006-1, *unless* the requesting party files a motion to shorten notice which may be heard at the first hearing in the case and present evidence at the hearing of compelling circumstances." *See* Del. Bankr. L.R. 6004-1(c) (emphasis added). Compelling circumstances exist in the present case to warrant shortened notice of the Bidding Procedures Hearing.

14. First, the Debtors note that this is not a sale of substantially all the Debtors' assets, but only those assets associated with and material to Hahnemann's residency programs. Given the more limited breadth of the Sale, limiting notice is appropriate in these circumstances.

15. Second, an expedited process is essential to protecting the interests of the Residents – physicians who are still completing their professional training and whose career paths will be severely disrupted if they are not able to quickly and seamlessly transition into an alternative residency program. Absent the expedited process mandated by the Stalking Horse Bidder herein, the Residents may be left with no options but individual arrangements on a case-by-case basis. While that may work for some (and still can for those Residents who choose not to continue with the Stalking Horse Bidder), the nature of residency programs is such that, absent a global deal like that proposed here, many of Hahnemann's Residents may be left without any options at all.

16. The Debtors believe that the proposed sale process for the Residents Program Assets, while accelerated, is still reasonable and in the best interest of all parties in interest, including both creditors and the Residents. Speed is critical to minimize delay which only makes it harder for the Residents to transition into another program.

17. To mitigate any potential prejudice resulting from these shortened notice and objection periods, the Debtors intend to serve the Sale and Bidding Procedures Motion on the Notice Parties (as defined below) within one (1) business day of the filing of the Sale and Bidding Procedures Motion by electronic mail and/or facsimile, or, if neither is available, by overnight mail. As a result, parties in interest will be provided with as much notice as possible of the expedited timeframe requested as part of the Bidding Procedures in the Sale and Bidding Procedures Motion.

18. The Debtors submit that the proposed Objection Deadline and the expedited service of the Sale and Bidding Procedures Motion, which set forth the Debtors' proposed dates for the Bidding Procedures Hearing and the Objection Deadline, are sufficient to ensure that all interested parties will have adequate notice of the relief requested in the Bidding Procedures Order and an adequate opportunity to respond thereto. Furthermore, the Debtors will serve the order approving this Motion to Shorten within two days of its entry on the Notice Parties.

19. In light of the foregoing, the Debtors submit that consideration of the Bidding Procedures Order on shortened notice is justified under the circumstances and is in the best interests of the Debtors, their estates, creditors, and other parties in interest.

## **NOTICE**

20. Notice of this Motion will be given by email and/or facsimile, or, if neither is available, by first class mail, to the following parties (the "**Notice Parties**"), or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the

United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Human Services; (xi) the City of Philadelphia; (xii) the CMS; (xiii) the ACGME; and (xiv) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereupon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as is just and proper.

Dated: July 9, 2019　　　　　　　　　　**SAUL EWING ARNSTEIN & LEHR LLP**

　　　　　　　　　　By:*/s/ Aaron S. Applebaum*
　　　　　　　　　　　　Mark Minuti (DE Bar No. 2659)
　　　　　　　　　　　　Monique B. DiSabatino (DE Bar No. 6027)
　　　　　　　　　　　　1201 N. Market Street, Suite 2300
　　　　　　　　　　　　P.O. Box 1266
　　　　　　　　　　　　Wilmington, DE 19899
　　　　　　　　　　　　Telephone: (302) 421-6800
　　　　　　　　　　　　Fax: (302) 421-5873
　　　　　　　　　　　　mark.minuti@saul.com
　　　　　　　　　　　　monique.disabatino@saul.com

　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　Jeffrey C. Hampton
　　　　　　　　　　　　Adam H. Isenberg
　　　　　　　　　　　　Aaron S. Applebaum (DE Bar No. 5587)
　　　　　　　　　　　　Centre Square West
　　　　　　　　　　　　1500 Market Street, 38th Floor
　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　Telephone: (215) 972-7700
　　　　　　　　　　　　Fax: (215) 972-7725
　　　　　　　　　　　　jeffrey.hampton@saul.com
　　　　　　　　　　　　adam.isenberg@saul.com
　　　　　　　　　　　　aaron.applebaum@saul.com

　　　　　　　　　　　　*Proposed Counsel for Debtors and*
　　　　　　　　　　　　*Debtors in Possession*