**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>Jointly Administered<br><br>**Hearing Date: 7/26/2019 at 10:00 a.m.**<br>**Objections due: 7/19/2019 at 4:00 p.m.** |

**MOTION OF 224 E. 13TH STREET REALTY CORP. FOR ENTRY OF AN ORDER COMPELLING THE (I) REJECTION OF A CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASE PURSUANT TO 11 U.S.C. § 365, (II) PAYMENT OF ALL UNPAID POST-PETITION RENT AND OTHER CHARGES PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b)(1), AND (III) ABANDONMENT OF ALL REMAINING PERSONAL PROPERTY IN THE PREMISES**

224 E. 13th Street Realty Corp. ("Landlord") hereby moves this Court for entry of an order (a) compelling the (i) rejection of a certain non-residential real property lease pursuant to 11 U.S.C. § 365; (ii) payment to Landlord of all accrued and accruing unpaid post-petition rent and other charges pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1); (iii) abandonment of all remaining personal property of the Debtors in the subject premises; and (b) granting Landlord the related relief requested herein. In support of this Motion, Landlord respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).[2] Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief requested herein are sections 365, 503, 507, and 554 of the Bankruptcy Code, Rules 6006, 6007, and 9014 of the Federal Rules of Bankruptcy Procedure, and Local Rules 2002-1, 9006-1, and 9013-1.

**BACKGROUND**

3.      On June 30, 2019 and July 1, 2019 (together, the "Petition Date"), each of the above-captioned Debtors filed a voluntary chapter 11 petition with this Court thereby commencing these chapter 11 cases. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no committee, trustee, or examiner has appointed or designated in these chapter 11 cases.

4.      Prior to the Petition Date, Landlord, as landlord, and Debtor TPS III of PA, LLC (the "Tenant"), as tenant, entered into a certain lease (the "Lease")[3] dated as of March 9, 2016[4] for certain non-residential real property located at Unit 102, Winston Lofts, 1010 Arch Street,

---

[2] Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Landlord consents to the entry of a final order by the Court in connection with this matter to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

[3] A true and correct copy of the Lease is annexed as Exhibit A to this Motion.

[4] The Lease was executed by Tenant on October 24, 2016 and was executed by Landlord on November 1, 2016.

2

Philadelphia, Pennsylvania (the "Premises"). The Lease has a five-year term commencing on November 1, 2016.

5. Upon information and belief, neither Tenant nor any other Debtor has used the Premises for several weeks prior to the filing of these chapter 11 cases.

6. Just prior to the Petition Date, Landlord and Tenant completed the negotiation and drafting of a Lease Cancellation and Termination Agreement (the "Termination Agreement") pursuant to which the parties mutually agreed to the termination of the Lease effective as of June 30, 2019, at 11:59 p.m. on the terms set forth therein. While both Tenant and Landlord intended to agree to the termination of the Lease prepetition, because of the Debtors' intervening bankruptcy filing, the Termination Agreement was not executed prior to the Petition Date.

7. Under the Lease, Tenant is obligated to pay $4,667.96 in monthly rent and related charges, which amounts are due on the first calendar day of each month and are late if not paid by the fifth calendar day of each month. . *See* Lease § 5. As of the filing of this Motion, Tenant has failed to pay the July 2019 rent and related charges (collectively, the "Unpaid Post-Petition Rent") and Tenant is now in default under the Lease. In addition to its other rights and remedies under the Lease, Landlord is entitled to recover its attorneys' fees in any proceeding to enforce the provisions of the Lease. *See* Lease § 39.

8. Although the Tenant has not used the premises for several weeks, certain items of personal property believed to belong to the Tenant remain at the Premises (the "Remnant Assets"). Tenant and Landlord mutually agreed prepetition that the Remnant Assets had an aggregate value of $3,500. To date, Tenant has not removed the Remnant Assets from the Premises or sought to abandon them.

3
121229499

9.      Prior to the Petition Date, Landlord identified a new tenant that was ready and willing to take possession of the Premises effective as of July 1, 2019.  Accordingly, Landlord seeks entry of an order compelling the Debtors to reject the Lease so, *inter alia*, the new tenant can take possession of the Premises.[5]

## RELIEF REQUESTED AND BASIS THEREFOR

10.     By this Motion, Landlord seeks entry of an order, substantially in the form annexed hereto as Exhibit B (the "Proposed Order"), (a) compelling the (i) rejection of the Lease; (ii) payment to Landlord of all amounts to which Landlord is entitled under the terms of the Lease, including accrued and accruing Unpaid Post-Petition Rent from the Petition Date through the date Landlord regains possession of the Premises at a per diem rate of $155.60, pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1); (iii) abandonment of the Remnant Assets; and (b) waiving any stay period and providing for the terms of the order granting this Motion to take effect immediately upon entry.

11.     Ordinarily, a chapter 11 debtor-in-possession has until confirmation of a plan to decide whether to assume or reject an unexpired lease of non-residential real property.  11 U.S.C. § 365(d)(2).  But on request of the non-debtor party to the lease, the court may order the debtor to assume or reject the lease within a specified "reasonable time".  *See, e.g., In re Hawker Beechcraft, Inc.*, 483 B.R. 424, 429 (Bankr. S.D.N.Y. 2012) (granting a motion to compel the debtor to assume or reject a contract within a specified time period where the circumstances warranted a determination "at the earliest possible date").  The U.S. Court of Appeals for the Third Circuit has observed that section 365(d)(2) is intended to "prevent parties in contractual or lease relationships

---

[5] On July 9, 2019, the Debtors filed a motion seeking authority and approval to sell certain "Residents Program Assets" (*see* Docket No. 142).  Such motion does not appear to implicate in any way the Lease or the relief requested herein.

with the debtor from being left in doubt concerning their status vis-à-vis the estate." *Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1078-79 (3d Cir. 1992) (internal citation and quotations omitted).

12. What constitutes a "reasonable time" is left to the bankruptcy court's discretion in light of the circumstances of the particular case. *See, e.g., Hawker Beechcraft*, 483 B.R. at 429. In exercising that discretion, courts consider a variety of factors including, among others, (i) the nature of the interests at stake; (ii) the balance of the harm to the litigants; (iii) the good to be achieved; (iv) the safeguards afforded the litigants; (v) the debtor's failure or ability to satisfy post-petition obligations; and (vi) the damage that the non-debtor will suffer beyond the compensation available under the Bankruptcy Code. *See id.* (quoting *In re Adelphia Commc'ns Corp.*, 291 B.R. 283, 293 (Bankr. S.D.N.Y. 2003)).

13. The circumstances here warrant compelling the Debtors immediately to reject the Lease. The Debtors have not used the Premises for weeks prior to the Petition Date. The Debtors have evidenced no intent to resume using the Premises. On the contrary, the Debtors negotiated prepetition with the Landlord to terminate the Lease effective as of June 30. But for the filing of these chapter 11 cases, Landlord believes the Lease would have been terminated by mutual agreement of the parties. Moreover, there is a new tenant ready and willing to take possession of the Premises, thereby potentially reducing the estates' liability for accruing Unpaid Post-Petition Rent and other damages the Landlord may assert.

14. Neither the Debtors nor any other party in interest will be prejudiced by the Court ordering the rejection of the Lease. The Debtors are no longer using the Premises. Only *de minimis* assets remain in the Premises. Rejection of the Lease now will benefit the Debtors' estates by reducing the ongoing administrative expense burn of Unpaid Post-Petition Rent. By contrast, any

delay in the rejection of the Lease will harm Landlord and the new tenant, while increasing the administrative expense obligations of the Debtors' estates.

15. Bankruptcy Code section 365(d)(3) requires the Debtors, as debtors-in-possession, to "timely perform all the obligations of the debtor" arising from and after the Petition Date under the terms of the Lease. 11 U.S.C. § 365(d)(3). Such obligations include, without limitation, the payment of accrued and accruing rent and other charges through the date of termination of the Lease. Consistent with the provisions of Bankruptcy Code sections 365(d)(3), 503(b)(1)(A) and 507(a)(2), any order providing for the rejection of the Lease also should require the Debtors to pay Landlord, on an administrative expense basis, all accrued and accruing Unpaid Post-Petition Rent through the date of entry of the order rejecting the Lease. *See, e.g., In re Goody's Family Clothing Inc.*, 610 F.3d 812, 818 (3d Cir. 2010) (recognizing that "[w]hen a debtor occupies post-petition non-residential space it leases," the landlord is entitled to seek payment for the debtor's post-petition occupancy under both sections 365(d)(3) and 503(b)(1)).

16. Bankruptcy Code section 554(b) provides that, on request of a party in interest, the Court may order a trustee or debtor-in-possession "to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b); *cf. In re Burke*, 863 F.3d 521, 525 (6th Cir. 2017) (a trustee or debtor-in-possession "must generally abandon property that does not possess substantial equity.").

17. Here, Tenant and the Landlord agreed prepetition that the value of the Remnant Assets, which Tenant left behind at the Premises when it ceased using the Premises, had a value of $3,500. Given the magnitude of the Debtors' assets and the other issues in these chapter 11 cases, Landlord submits such Remnant Assets are burdensome and/or of inconsequential value to the Debtors' estates and therefore should be deemed abandoned upon entry of the order granting

this Motion. Removal of the Remnant Assets likely would cost as much as such assets are worth, so abandonment is the preferred path.

## RESERVATION OF RIGHTS

18. Landlord reserves all rights, remedies, claims, counterclaims, and defenses under the Lease, at law, and in equity, including, without limitation, Landlord's right to file an administrative expense claim and/or a rejection damages claim.

## NOTICE

19. A copy of the Motion has been provided to (i) counsel to the Debtors; (ii) counsel to the Office of the United States Trustee for Region 3; and (iii) counsel to MidCap Funding IV Trust and MidCap Financial Trust. Notice of the Motion has been provided to (y) the Debtors' 30 largest unsecured creditors on a consolidated basis; and (z) all parties that has requested pursuant to Bankruptcy Rule 2002 to receive notices in these chapter 11 cases. Landlord submits that, under the circumstances, such notice constitutes good and sufficient notice of this Motion and no other or further notice need be given.

20. No prior request for the relief sought in this Motion has been made to this Court or to any other court.

## CONCLUSION

WHEREFORE, Landlord respectfully requests that the Court enter the annexed Proposed Order (i) rejecting the Lease effective as of the date of entry of such order, (ii) directing payment to Landlord of all amounts to which Landlord is entitled under the terms of the Lease, including accrued and accruing Unpaid Post-Petition Rent from the Petition Date through the date Landlord regains possession of the Premises at a per diem rate of $155.60, (iii) deeming the Remnant Assets to be abandoned as of the date of entry of the order, (iv) waiving any stay period and providing for

the terms of the order to take immediate effect upon entry, and (v) granting Landlord such other and further relief as the Court deems just and warranted.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>July 12, 2019 | **BLANK ROME LLP**<br><br>*/s/ Bryan J. Hall*<br>Bryan J. Hall (DE No. 6285)<br>1201 N. Market Street, Suite 800<br>Wilmington, Delaware 19801<br>Telephone:   (302) 425-6400<br>Facsimile:    (302) 425-6464<br>Email:           bhall@blankrome.com<br><br>Joel Charles Shapiro<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, Pennsylvania 19103<br>Telephone:   (215) 569-5500<br>Facsimile:    (215) 569-5555<br>Email:           shapiro-jc@blankrome.com<br><br>*Attorneys for 224 E. 13th Street Realty Corp.* |