# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>Joint Administration Requested<br><br>Re: Docket No. 142<br>Hearing Date: July 19, 2019 |

**STATEMENT AND RESERVATION OF RIGHTS OF MIDCAP FUNDING IV TRUST AND MIDCAP FINANCIAL TRUST IN RESPONSE TO DEBTORS' MOTION FOR ENTRY OF ORDERS (I)(A) ESTABLISHING BIDDING PROCEDURES RELATING TO THE SALE OF THE DEBTORS' RESIDENT PROGRAM ASSETS, INCLUDING APPROVING A BREAK-UP FEE, (B) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS, (C) APPROVING FORM AND MANNER OF NOTICE RELATING THERETO, AND (D) SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE; (II)(A) APPROVING THE SALE OF THE DEBTORS' RESIDENT PROGRAM ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, AND (III) GRANTING RELATED RELIEF.**

      MidCap Funding IV Trust, acting in its capacity as administrative agent for MidCap

Funding IV Trust and MidCap Funding H Trust, the Debtors' prepetition lenders (collectively,

the "**Prepetition Agent**"), and MidCap Financial Trust, acting in its capacity as administrative

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

agent for MidCap Financial Trust and the Debtors' post-petition DIP lenders (collectively, the "**DIP Agent**", and together with the Prepetition Agent, "**MidCap**"), by and through their undersigned counsel, file this statement in response to Debtors' motion to sell, among other things, their resident program assets to a stalking horse bidder (Doc. No. 142, the "**Motion**").

## JURISDICTION

1. These matters constitute core proceedings pursuant to 28 U.S.C. § 157(b) and Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATEMENT

2. On June 30, 2019 and July 1, 2019 (the "**Petition Date**"), each of the captioned debtors (together, the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et.*, *seq*. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

    A. **The MidCap Loans.**

3. Each of the Debtors, as well as certain non-debtor entities,[2] is a "Credit Party" under a Credit and Security Agreement dated January 11, 2018 with the Prepetition Agent, which

---

[2] The borrowers under the Prepetition Credit Agreement (as amended) are St. Christopher's Healthcare, LLC, CCH, PAHS, Physicians Clinical Network, LLC, Philadelphia Academic Medical Associates, LLC, HPS of PA, LLC, SCHC Pediatric Associates, LLC, St. Christopher's Pediatric Urgent Care Center, LLC, StChris Care at Northeast Pediatrics, LLC, SCHC Pediatric Anesthesia Associates, LLC, TPS of PA, LLC, TPS II of PA, LLC, TPS III of PA, LLC, TPS IV of PA, LLC, TPS V of PA, LLC and Physician Performance Network of Philadelphia, LLC.

subsequently was amended on September 20, 2018 (as amended, the "**Prepetition Credit Agreement**"), with the Prepetition Agent and the lenders from time to time party thereto.

4. The Prepetition Credit Agreement provides for credit facilities consisting of: (i) a revolving loan facility of up to $100 million (the "**Prepetition Revolving Loan**"); and (ii) a term loan facility of $20 million (the "**Prepetition Term Loan**", and together with the Prepetition Revolving Loan, the "**Prepetition Credit Facility**").  As of the Petition Date, the principal amounts outstanding under the Prepetition Revolving Loan and the Prepetition Term Loan were approximately $38.6 million and $20 million, respectively.

5. The Borrowers' obligations under the Prepetition Credit Facility are secured by a security interest in substantially all of the Borrowers' assets, including account receivables, general intangibles (including payment intangibles) and all of the Debtors' contracts and license agreements, to the extent permitted by law.

6. Pursuant to an Interim Order entered by this Court on July 12, 2019 [Doc. No. 172], the Debtors were authorized to enter into that certain First Priority Secured Priming Super-Priority Debtor In Possession Credit And Security Agreement (the "**DIP Credit Agreement**") with the DIP Agent and the lenders from time to time party thereto.  The obligations of the Debtors under the DIP Credit Agreement are secured by a security interest in substantially all of the Debtors' assets, including account receivables, general intangibles (including payment intangibles) and all of the Debtors' contracts and license agreements, to the extent provided by law.

    **B.    MidCap has a Security Interest in the Residents Program Assets and the Proceeds of any Sale of those Assets.**

7. By the Motion, the Debtors seek to sell "**Residents Program Assets**", which include Center City Healthcare, LLC's ("**Hahnemann**") National Provider Identifiers and

3

Medicare provider number and agreement (collectively, the "**Medicare Provider Agreement**")[3], the Pennsylvania Department of Health license to operate an acute care hospital issued to Hahnemann (such licenses, together with the Medicare Provider Agreement, the "**Resident Program Permits**"), and Hahnemann's programs for training residents.

8. The Medicare Provider Agreement is one of the Debtors' most significant and valuable contracts because it provides Debtors with the right and ability to receive payments from the federal government for medical services.

9. MidCap does not object to the sale of the Residents Program Assets, but asserts its fully perfected first priority lien against and security interest in the assets being sold and requests that any order approving the bidding procedures reflect that all of MidCap's liens and security interests will attach to the proceeds of the sale to the same extent, validity and priority as such liens and security interests currently exist as against the assets being sold.

**B.   Account Receivables Collected by any Purchaser Must Continue to Flow Into MidCap's Lock Box and MidCap Must Have Access to Purchaser's Records, as Necessary, to Collect Account Receivables.**

10. In the Motion, the Debtors expressly state that the assets they are seeking to sell exclude cash and account receivables. (See Motion at ¶ 27). MidCap holds a validly perfected first priority lien against and security interest in these excluded assets.

11. Under ordinary circumstances, transfer of the Medicare Provider Agreement would allow the purchaser to collect account receivables associated with that provider number. In order to preserve and protect MidCap's right to collect the account receivables existing as of the sale closing, and accounts created after the sale closing for goods sold or services rendered

---

[3] The Third Circuit has recognized that provider agreements are executory contracts. See In re Univ. Med. Ctr., 973 F.2d 1065, 1077 (3d Cir. 1992).

prior to the effective date of sale, MidCap requests that any solicitation materials related to the sale, including the notice thereof, be amended to reflect that as a condition to acquiring the Residents Program Assets, (a) such accounts remain subject to MidCap's liens and security interest, and (b) that all of the proceeds arising from the billing and collection of said accounts continue to be directed to the appropriate lock box account as required by the Prepetition Credit Agreement and the DIP Credit Agreement, and applied as set forth therein.

12. Further, MidCap must have reasonable access to the books and records of any purchaser of the Residents Program Assets so that it can confirm that it is receiving the account receivables to which it is entitled.

13. Any purchaser of the Residents Program Assets must also agree, as a condition to acquiring such assets, to grant MidCap and any of MidCap's agents and/or servicers (collectively, a "**MidCap Party**"), to the extent permitted by applicable law, a nonexclusive and irrevocable license (without payment of royalty or other compensation to such purchaser or any other person) to use the Medicare Provider Agreement, Resident Program Permits, and any other applicable licenses to (a) collect any collateral and (b) exercise any MidCap Party's rights and remedies under the applicable "Financing Documents" (defined in the Prepetition Credit Agreement and the DIP Credit Agreement) with respect to its collateral.

C. **MidCap has a Security Interest in the Proceeds of the $500,000 Payment to Tower Health on June 28, 2019.**

14. In the Motion, Debtors state that on June 28, 2019 – two days prior to the Petition Date –$500,000 was paid by the stalking horse bidder identified in the Motion as consideration for a Medicare GME Affiliation Agreement. (See Motion at ¶ 25). MidCap hereby requests details regarding this transaction to determine whether this payment is subject to MidCap's liens and security interests, and further requests that such payment be held in escrow pending

determination as to whether such amounts should be paid to MidCap pursuant to the Prepetition Credit Agreement and the DIP Credit Agreement.

**D.      Reservation of Rights.**

15.     MidCap expressly reserves its rights to raise additional objections to the Motion and to object to the sale of the Resident Program Assets and the manner in which proceeds from the sale of such assets are distributed.

STRADLEY RONON STEVENS & YOUNG, LLP

*/s/ Joelle E. Polesky*
Joelle E. Polesky (I.D. No. 3694)
1000 N. West Street, Suite 1279
Wilmington, DE 19801
Telephone: (302) 295-4856
Facsimile: 302-295-4801
Email: jpolesky@stradley.com

OF COUNSEL

Gretchen M. Santamour (*pro hac vice*)
Deborah Reperowitz (*pro hac vice*)
Mark J. Dorval (*pro hac vice*)
Joseph W. Catuzzi (*pro hac vice*)
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Telephone: (302) 295-4856
Facsimile: 302-295-4801

*Attorneys for creditors MidCap Funding IV Trust, MidCap Funding H Trust, and MidCap Financial Trust*

**CERTIFICATE OF SERVICE**

I, Joelle E. Polesky, Esquire certify that on July 15, 2019, I caused to be filed a true and correct copy of the Reservation of Rights and Statement of MidCap Funding IV Trust and MidCap Financial Trust in Response to Debtors' Motion for Entry of Orders (I)(A) Establishing Bidding Procedures Relating the Sale of the Debtors' Resident Program Asset, Including Approving a Break-Up Fee, (B) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts, Including Notice of Proposed Cure Amounts, (C) Approving Form and Manner of Notice Relating Thereto, and (D) Scheduling a Hearing to Consider the Proposed Sale; (II)(A) Approving the Sale of the Debtors' Resident Program Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts, and (III) Granting Related Relief (the "Reservation of Rights") with the United States Bankruptcy Court for the District of Delaware via the CM/ECF system, and caused a copy of the Reservation of Rights to be served via electronic means on all parties that have requested service of process in this case.

On July 16, 2019, I also caused a true and correct copy of the Reservation of Rights to be served via first class, United States mail, postage pre-paid on the following:

Matthew R. Brooks
Troutman Sanders LLP
600 Peachtree Street NE
Suite 5200
Atlanta, GA 30308

Douglas Carlson
Douglas Carlson LLC
330 N. Wabash
#3300
Chicago, IL 60611

Richard A. Chesley
DLA Piper LLP (US)
444 West Lake Street
Suite 900
Chicago, IL 60606

Louis Curcio
Troutman Sanders LLP
875 Third Avenue
New York, NY 10022

Jeffrey Cutler
PO Box 2806
York, PA 17405

Nicole L. Greenblatt
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022-4611

Stephen C. Hackney
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Phillip Khezri
Arent Fox LLP
1301 Avenue of the Americas
New York, NY 10019

Suzanne Koenig
SAK Management Services, LLC
300 Saunders Road, Suite 300
Riverwoods, IL 60015

Robert Lapowsky
Stevens & Lee
620 Freedom Business Center
Suite 200
King of Prussia, PA 19046

Mitchell Malzberg
Law Offices of Mitchell J. Malzberg, LLC
6 E. Main Street, Suite 7
PO Box 5122
Clinton, NJ 08809

Rachel Jaffe Mauceri
Morgan Lewis Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

Lawrence G. McMichael
Dilworth Paxson LLP
1500 Market Street
Suite 3500E
Philadelphia, PA 19102

Jessica Mikhailevich
Troutman Sanders LLP
875 Third Avenue
New York, NY 10022

Omni Management Group, Inc.
5955 DeSoto Avenue
Suite 100
Woodland Hills, CA 91367

Gregory Francis Pesce
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Nancy A. Peterman
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601

Lisa M. Rhode
Office of Attorney General
1600 Arch Street
Suite 300
Philadelphia, PA 19103

STRADLEY RONON STEVENS & YOUNG, LLP

*/s/ Joelle E. Polesky*
Joelle E. Polesky (I.D. No. 3694)
1000 N. West Street, Suite 1279
Wilmington, DE 19801
Telephone: (302) 295-4856
Facsimile: 302-295-4801
Email: jpolesky@stradley.com

Dated: July 15, 2019

*Attorneys for creditors MidCap Funding IV Trust, MidCap Funding H Trust, and MidCap Financial Trust*

# 4175036