**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) Jointly Administered |
| Debtors. | ) |

**DEBTORS' MOTION FOR ORDER SHORTENING TIME FOR NOTICE
OF THE HEARING TO CONSIDER THE BIDDING PROCEDURES IN THE
DEBTORS' MOTION FOR ENTRY OF (A) AN ORDER (I) SCHEDULING
A HEARING TO CONSIDER APPROVAL OF THE SALE OR SALES
OF SUBSTANTIALLY ALL ASSETS OF ST. CHRISTOPHER'S HEALTHCARE,
LLC AND CERTAIN RELATED DEBTORS AND THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (II) APPROVING CERTAIN BIDDING PROCEDURES, ASSUMPTION
AND ASSIGNMENT PROCEDURES, AND THE FORM AND MANNER OF NOTICE
THEREOF, (III) ESTABLISHING PROCEDURES IN CONNECTION WITH THE
SELECTION OF AND PROTECTIONS AFFORDED TO ANY STALKING HORSE
PURCHASERS, AND (IV) GRANTING RELATED RELIEF; AND (B) ONE OR MORE
ORDERS (I) APPROVING THE SALES OR OTHER ACQUISITION TRANSACTIONS
FOR THE ASSETS, (II) AUTHORIZING THE SALES FREE AND CLEAR OF ALL
ENCUMBRANCES, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND
(IV) GRANTING RELATED RELIEF**

St. Christopher's Healthcare, LLC d/b/a St. Christopher's Hospital for Children ("**SCH**") and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), having contemporaneously filed herewith the *Debtors' Motion for Entry of (A) an Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially All Assets of*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

*St. Christopher's Healthcare, LLC and Certain Related Debtors and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and Protections Afforded to Any Stalking Horse Purchasers, and (IV) Granting Related Relief; and (B) One or More Orders (I) Approving the Sales or Other Acquisition Transactions for the Assets, (II) Authorizing the Sales Free and Clear of all Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (the "**Sale and Bidding Procedures Motion**"),[2] hereby move (the "**Motion to Shorten**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 6004-1(c) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), shortening the time for notice of the hearing to consider approval of the Bidding Procedures Order (the "**Bidding Procedures Hearing**") so that the same may be considered at the omnibus hearing scheduled for July 26, 2019 at 10:00 a.m. (EST), with any objections to the proposed Bidding Procedures to be filed by July 19, 2019 at 4:00 p.m. (EST) (the "**Proposed Objection Deadline**"). In support of this Motion to Shorten, the Debtors rely on the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2] (the "**First Day Declaration**"), and respectfully represent as follows:

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Sale and Bidding Procedures Motion.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this judicial district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006, and Local Rules 6004-1(c) and 9006-1(e).

## BACKGROUND

3. On June 30, 2019 and July 1, 2019 (the "**Petition Date**"), each of the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "**Court**") a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases. On July 15, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al*.

4. As detailed in the Sale and Bidding Procedures Motion and the First Day Declaration, the Debtors have encountered a host of challenges and disputes and have suffered unsustainable losses since the acquisition of their healthcare businesses from Tenet Business Services Corporation in January 2018. In April 2019, the Debtors engaged EisnerAmper LLP to provide assistance in, *inter alia*, exploring various transaction alternatives, including restructuring and refinancing alternatives. Thereafter, in early June 2019, the Debtors retained SSG Advisors, LLC ("**SSG**") to assist in pursuing a financing, sale or restructuring transaction. Immediately upon its retention, SSG focused its efforts on marketing Hahnemann University

Hospital ("**HUH**") to potential strategic purchasers, developing marketing materials, including a "teaser" and a confidential information memorandum. SSG also established an electronic data room containing key information for parties to conduct in depth due diligence on HUH.

5. Although no parties expressed an interest in acquiring HUH as a going concern (and the Debtors have ultimately determined that HUH must close), SSG is cautiously optimistic based on preliminary discussions with 3 strategic buyers that a transaction that permits the ongoing operation of SCH, SCHC Pediatric Associates, L.L.C, St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C, StChris Care at Northeast Pediatrics, L.L.C. and TPS V of PA, L.L.C. (together, the "**STC Entities**") and maximizes the value of the STC Entities for the benefit of creditors and parties in interest can be obtained *if the parties act quickly*. Indeed, the Debtors and their professionals believe that time is of the essence when it comes to the sale of the STC Entities in order to ensure that the operations of the STC Entities continue without interruption and are otherwise unconstrained by the pending bankruptcy proceedings.

6. Pursuant to the Sale and Bidding Procedures Motion, the Debtors, *inter alia*, seek the entry of an order (the "**Bidding Procedures Order**"): (a) approving the Bidding Procedures in connection with the proposed sale of the STC Entities' assets, as well as procedures related to the assumption and assignment of certain of the executory contracts and unexpired leases; (b) establishing procedures in connection with the selection of, and protections afforded to, a Stalking Horse Purchaser; (c) scheduling the Auction and Sale Hearing and certain other related dates and deadlines; and (d) approving the form and manner of notice thereof.

**RELIEF REQUESTED**

7.      By this Motion to Shorten, the Debtors seek the entry of an order shortening the notice period with respect to the Bidding Procedures Hearing so that consideration of the Bidding Procedures can take place at the omnibus hearing scheduled for June 26, 2019 at 10:00 a.m. (EST), with any objections to the Bidding Procedures to be filed no later than the Proposed Objection Deadline.

**BASIS FOR RELIEF REQUESTED**

8.      Bankruptcy Rule 2002(a) requires twenty-one (21) days' notice prior to a hearing on the Bidding Procedure Order. See Fed. R. Bankr. P. 2002(a). Pursuant to Local Rule 9006-1(e), such period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. See Del. Bankr. L.R. 9006-1(e). Local Rule 6004-1(c) further provides, in pertinent part, that the "[t]he Court will only schedule a hearing to consider approval of bidding and sale procedures in accordance with the notice procedures set forth in Del. Bankr. L.R. 9006-1, *unless* the requesting party files a motion to shorten notice which may be heard at the first hearing in the case and present evidence at that hearing of compelling circumstances." See Del. Bankr. L.R. 6004-1(c) (emphasis added). Compelling circumstances exist in the present case to warrant shortened notice of the Bidding Procedures Hearing.

9.      As set forth more fully in the Sale and Bidding Procedures Motion, the Debtors believe that the prompt sale of the STC Entities' Assets, which includes a hearing on the Bidding Procedures Order on shortened notice, will maximize value to the greatest extent possible and generate the highest possible recoveries in the most efficient and expedient manner possible, for the benefit of all stakeholders. While the operations of the STC Entities remain stable at this time, the Debtors recognize that certain uncertainties and costs inherent in the bankruptcy

process, as well as financial constrictions imposed by, *inter alia*, restrictive vendor terms and debtor-in-possession financing budgets, could, over time, create challenges and/or disruptions in the STC Entities' operations. Such disruptions, no matter how slight, are troublesome given the Debtors' heightened focus on quality and continuity of care both at STC and at its related practice group facilities. Moreover, any such disruptions risk impairing the value of the STC Entities' businesses, to the detriment of creditors and parties in interest in these cases.

10. To avoid any such risks of disruption to the STC Entities' operations, it is necessary for the Debtors to act as quickly as possible to establish a process by which the STC Entities are sold to a highest and best bidder. The Debtors accordingly submit that compelling circumstances and good cause exist in this case to shorten the notice period for the Bidding Procedures Hearing.

11. Moreover, to mitigate any potential prejudice resulting from these shortened notice and objection periods, the Debtors intend to serve the Sale and Bidding Procedures Motion on the Notice Parties (as defined below) within one (1) day of the filing of the motion by electronic mail or fax, to the extent available, to ensure that parties in interest will be provided with as much notice as possible of the Bidding Procedures Hearing and the Proposed Objection Deadline.

12. The Debtors submit that the Proposed Objection Deadline and the expedited service of the Sale and Bidding Procedures Motion – which will provide just *two (2) less* business days of notice than would otherwise be required under the Local Rules – are sufficient to ensure that all interested parties will have adequate notice of the relief requested in the Bidding Procedures Order and an adequate opportunity to respond thereto. Furthermore, the

Debtors will serve any order approving this Motion to Shorten within one day of its entry on the Notice Parties.

13. In light of the foregoing, the Debtors submit that consideration of the Bidding Procedures Order on shortened notice is justified under the circumstances and is in the best interests of the Debtors, their estates, creditors, and other parties in interest.

## NOTICE

14. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Human Services; (xi) the City of Philadelphia; and (xii) all applicable federal, state and local taxing and regulatory authorities having jurisdiction over the Assets; (xiii) all parties known by the Debtors to assert a lien on any of the Assets; and (ix) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[remainder of page left intentionally blank]

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as is just and proper.

Dated: July 16, 2019                     **SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Aaron S. Applebaum (DE Bar No. 5587)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7700
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
aaron.applebaum@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*