**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

<u>In re Center City Healthcare, LLC, d/b/a Hahnemann University Hospital</u>, *et al.*     Case No. <u>19-11466 (KG)</u>
      Debtor

**INITIAL MONTHLY OPERATING REPORT**
File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief.

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation.
Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession."
Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit
agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| **12-Month Cash Flow Projection (Form IR-1)** | Yes | 15 Week DIP Budget Attached |
| **Certificates of Insurance:** | | |
|    Workers Compensation | Yes | |
|    Property | Yes | |
|    General Liability | Yes | |
|    Vehicle | Yes | |
|    Other: | Yes | |
|    Identify areas of self-insurance w/liability caps | n/a | |
| **Evidence of Debtor in Possession Bank Accounts** | | |
|    Tax Escrow Account | Yes | Cash Management Order attached. |
|    General Operating Account | | |
|    Money Market Account pursuant to Local Rule 4001-3. Refer to http://www.deb.uscourts.gov/ | | |
|    Other:_____ | | |
| **Retainers Paid (Form IR-2)** | Yes | |
| | | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached
are true and correct to the best of my knowledge and belief.

_____      _____
Signature of Debtor                                              Date

_____      _____
Signature of Joint Debtor                                       Date

*/s/ Allen Wilen*_____      7/15/2019
Signature of Authorized Individual*                        Date

Allen Wilen_____      Chief Restructuring Officer_____
Printed Name of Authorized Individual                  Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor
is a partnership; a manager or member if debtor is a limited liability company.

                                                                                                        FORM IR
                                                                                                         (4/07)

PAHS - Consolidated (including most subsidiari - -DIP
Financing Report - Consolidated
($ in 000s)

| Act./Fcst. | Fcst. 1 | Fcst. 2 | Fcst. 3 | Fcst. 4 | Fcst. 5 | Fcst. 6 | Fcst. 7 | Fcst. 8 | Fcst. 9 | Fcst. 10 | Fcst. 11 | Fcst. 12 | Fcst. 13 | Forecast |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 13-Weeks |
| Week Ending | 12-Jul | 19-Jul | 26-Jul | 2-Aug | 9-Aug | 16-Aug | 23-Aug | 30-Aug | 6-Sep | 13-Sep | 20-Sep | 27-Sep | 4-Oct | Total |
| **Cash Flow** | | | | | | | | | | | | | | |
| **Cash Receipts** | | | | | | | | | | | | | | |
| Patient Cash | $9,069 | $9,069 | $9,069 | $9,069 | $9,069 | $9,069 | $9,069 | $7,069 | $6,008 | $7,031 | $7,031 | $7,031 | $7,031 | $104,685 |
| **Supplemental Cash** | | | | | | | | | | | | | | |
| HUH | - | - | - | - | 2,746 | - | - | 537 | - | - | - | - | - | 3,283 |
| STC | - | - | - | - | 1,866 | - | - | 424 | - | - | - | 902 | - | 3,192 |
| Supplemental Cash | - | - | - | - | 4,612 | - | - | 961 | - | - | - | 902 | - | 6,475 |
| Other (HPP) | - | 5,134 | - | - | - | 2,000 | - | - | - | - | - | - | - | 7,134 |
| **Total Cash Receipts** | **$9,069** | **$14,203** | **$9,069** | **$9,069** | **$13,681** | **$11,069** | **$9,069** | **$8,030** | **$6,008** | **$7,031** | **$7,031** | **$7,933** | **$7,031** | **$118,294** |
| **Operating Disbursements** | | | | | | | | | | | | | | |
| **Employees Costs** | | | | | | | | | | | | | | |
| Salaries and Wages | - | 13,700 | - | 12,000 | - | 10,000 | - | 9,000 | - | 6,300 | - | 6,300 | - | 57,300 |
| HUH Employee Separation Costs | - | 250 | - | 250 | - | 250 | - | 250 | - | 250 | - | 250 | - | 1,500 |
| Independence Blue Cross | 304 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 3,904 |
| 401(k) Funding | - | 685 | - | 500 | - | 429 | - | 280 | - | 280 | - | 280 | - | 2,455 |
| Caremark (CVS) | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 90 | 75 | 75 | 75 | 75 | 1,590 |
| Benefit/Pension Funding | - | - | - | - | 980 | - | - | - | - | 980 | - | - | - | 1,960 |
| Delta Dental/Voluntary | 65 | 65 | 65 | 65 | 65 | 50 | 46 | 46 | 46 | 46 | 46 | 32 | 32 | 671 |
| **Total Salaries/Benefits** | **$519** | **$15,150** | **$515** | **$13,266** | **$1,495** | **$11,179** | **$496** | **$10,026** | **$1,416** | **$7,251** | **$421** | **$7,237** | **$407** | **$69,381** |
| **Vendor Payments** | | | | | | | | | | | | | | |
| Amerisource Prepay | 604 | 604 | 504 | 504 | 427 | 376 | 376 | 285 | 285 | 285 | 285 | 285 | 285 | 5,107 |
| Crothall Patient Transport | 401 | 401 | 401 | 401 | 401 | 401 | 401 | 85 | 85 | 85 | 85 | 85 | 85 | 3,319 |
| Sodexo | - | - | 1,185 | - | - | - | 250 | - | - | - | - | - | 250 | 1,685 |
| Insurance (Other) | 682 | - | 500 | - | - | 360 | - | - | 360 | - | 360 | - | - | 2,264 |
| Utilities | - | 1,047 | - | - | 800 | - | - | - | 800 | - | - | - | - | 2,647 |
| Rent | - | - | 650 | - | 650 | - | - | - | 650 | - | - | - | - | 1,950 |
| ADP Stop Loss | - | 500 | - | - | - | 500 | - | - | - | - | 500 | - | - | 1,501 |
| Lockton (Workers Comp) | 246 | - | - | - | - | 246 | - | - | 246 | - | - | - | - | 738 |
| Allied Universal - Security | 160 | 160 | 160 | 160 | 160 | 160 | 160 | 160 | 160 | 160 | 160 | 160 | 160 | 2,080 |
| Tenet/Conifer | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 2,600 |
| Vendors Pool Payments | 566 | 566 | 566 | 566 | 566 | 566 | 566 | 566 | 566 | 466 | 466 | 366 | 566 | 6,958 |
| **Information Technology** | | | | | | | | | | | | | | |
| IT - NTT | 165 | 165 | 165 | 165 | 165 | 165 | 165 | 165 | 165 | 165 | 165 | 165 | 165 | 2,148 |
| **Total Operating Disbursements** | **$3,545** | **$18,794** | **$4,847** | **$15,262** | **$4,865** | **$14,155** | **$2,615** | **$11,487** | **$4,934** | **$8,612** | **$2,643** | **$8,498** | **$2,118** | **$102,376** |
| **Non-Operating Disbursements** | | | | | | | | | | | | | | |
| MidCap Interest | 1,650 | - | - | - | 366 | - | - | - | 337 | - | - | - | 680 | 3,033 |
| MidCap Term Paydown | 5,000 | - | - | - | - | - | - | - | - | - | - | - | - | 5,000 |
| Taxes | - | 120 | - | - | - | 125 | 300 | - | - | - | 300 | - | - | 1,195 |
| Consultants | - | - | 300 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 1,300 |
| Debtor Professionals (Legal, CPA, etc.) | - | - | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 288 | 88 | 2,175 |
| Investment Banking Fees | - | 50 | - | - | - | 50 | - | - | - | 50 | - | - | - | 150 |
| Committee Professionals | - | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 50 | 325 |
| Public Relations Firm | 37 | - | - | 15 | - | - | - | 15 | 15 | - | - | 15 | 15 | 112 |
| Court Fees (Trustee, Claims Agent, etc.) | - | 50 | 50 | 75 | - | - | - | - | - | - | - | - | 500 | 675 |
| Lender Profesional Fees | - | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 300 |
| Patient Care Ombudsman | - | - | 58 | - | - | 58 | - | - | - | 58 | - | - | - | 175 |
| Publication/Notice | - | - | 75 | - | - | - | - | - | - | - | - | - | - | 75 |
| Hospital Shutdown Plan (non-labor) | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 1,300 |
| Other | 54 | 75 | 75 | 75 | 75 | 49 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 928 |
| **Total Non-Operating Disbursements** | **$6,841** | **$445** | **$1,208** | **$615** | **$891** | **$732** | **$825** | **$540** | **$877** | **$683** | **$825** | **$628** | **$1,633** | **$16,742** |
| **Total Disbursements** | **10,385** | **19,239** | **6,055** | **15,877** | **5,756** | **14,887** | **3,440** | **12,027** | **5,810** | **9,296** | **3,468** | **9,126** | **3,751** | **119,119** |
| **Total Collections** | 9,069 | 14,203 | 9,069 | 9,069 | 13,681 | 11,069 | 9,069 | 8,030 | 6,008 | 7,031 | 7,031 | 7,933 | 7,031 | 118,294 |
| **Total Disbursements** | 10,385 | 19,239 | 6,055 | 15,877 | 5,756 | 14,887 | 3,440 | 12,027 | 5,810 | 9,296 | 3,468 | 9,126 | 3,751 | 119,119 |
| **Net Cash Flow before Assessments** | **($1,316)** | **($5,036)** | **3,014** | **($6,808)** | **7,925** | **($3,818)** | **5,629** | **($3,997)** | **198** | **($2,264)** | **3,563** | **($1,193)** | **3,280** | **($825)** |
| **Assessments** | | | | | | | | | | | | | | |
| PA Quality Care Assessment | - | - | 1,575 | - | - | - | - | - | - | - | - | - | - | 1,575 |
| Philadelphia Hospital Assessment | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Net Cash Flow after Assessments** | **($1,316)** | **($5,036)** | **1,439** | **($6,808)** | **7,925** | **($3,818)** | **5,629** | **($3,997)** | **198** | **($2,264)** | **3,563** | **($1,193)** | **3,280** | **($2,400)** |
| **Financing** | | | | | | | | | | | | | | |
| **Operating Cash** | | | | | | | | | | | | | | |
| Beginning Book Balance | 5,465 | - | - | - | - | - | - | - | - | - | - | - | - | 5,465 |
| Net Cash Flow | (1,316) | (5,036) | 1,439 | (6,808) | 7,925 | (3,818) | 5,629 | (3,997) | 198 | (2,264) | 3,563 | (1,193) | 3,280 | (2,400) |
| Repayments | (9,069) | (14,203) | (9,069) | (9,069) | (13,681) | (11,069) | (9,069) | (8,030) | (6,008) | (7,031) | (7,031) | (7,933) | (7,031) | (118,294) |
| Borrowings | 4,920 | 19,239 | 7,630 | 15,877 | 5,756 | 14,887 | 3,440 | 12,027 | 5,810 | 9,296 | 3,468 | 9,126 | 3,751 | 115,229 |
| Ending Book Balance | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Ending Outstanding Checks | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Ending Bank Balance | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Post-Petition DIP Revolver** | | | | | | | | | | | | | | |
| Beginning DIP Revolver Balance | - | 26,923 | 31,960 | 30,521 | 37,329 | 29,405 | 33,222 | 27,593 | 31,590 | 31,393 | 33,657 | 30,094 | 31,287 | 31,287 |
| DIP Revolver Repayments | (9,069) | (14,203) | (9,069) | (9,069) | (13,681) | (11,069) | (9,069) | (8,030) | (6,008) | (7,031) | (7,031) | (7,933) | (7,031) | (7,031) |
| DIP Revolver Borrowings | 4,920 | 19,239 | 7,630 | 15,877 | 5,756 | 14,887 | 3,440 | 12,027 | 5,810 | 9,296 | 3,468 | 9,126 | 3,751 | 3,751 |
| DIP Revolver Balance Transfer | 31,072 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Ending DIP Revolver Balance | 26,923 | 31,960 | 30,521 | 37,329 | 29,405 | 33,222 | 27,593 | 31,590 | 31,393 | 33,657 | 30,094 | 31,287 | 28,006 | 28,006 |
| Net Borrowing Base - DIP Revolver | 42,900 | 41,335 | 39,769 | 41,954 | 40,389 | 38,824 | 37,258 | 37,393 | 36,864 | 34,532 | 33,101 | 31,671 | 30,240 | 30,240 |
| Availability - DIP Revolver | 15,977 | 9,375 | 9,248 | 4,625 | 10,984 | 5,601 | 9,665 | 5,803 | 5,472 | 875 | 3,008 | 384 | 2,234 | 2,234 |
| **Post-Petition DIP Term Loan** | | | | | | | | | | | | | | |
| Beginning DIP Term Loan | - | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 |
| DIP Term Loan Repayments | (5,000) | - | - | - | - | - | - | - | - | - | - | - | - | - |
| DIP Term Loan Borrowings | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| DIP Term Loan Balance Transfer | 20,000 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Ending DIP Term Loan | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 |



# CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY): 7/15/2019

1/11/2020

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

**PRODUCER:** Lockton Insurance Brokers, LLC
777 S. Figueroa Street, 52nd Fl.
CA License #0F15767
Los Angeles CA 90017
(213) 689-0065

**CONTACT NAME:**
**PHONE (A/C, No, Ext):**
**FAX (A/C, No):**
**E-MAIL ADDRESS:**

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: Philadelphia Academic Risk Retention Group, LLC | 16297 |
| INSURER B: ACE American Insurance Company | 22667 |
| INSURER C: | |
| INSURER D: | |
| INSURER E: | |
| INSURER F: | |

**INSURED** 1439521
Philadelphia Academic Health System
1500 Market Street
West Tower, 24th Floor
Philadelphia PA 19102

**COVERAGES** PHIAC01  **CERTIFICATE NUMBER:** 16196281  **REVISION NUMBER:** XXXXXXX

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **COMMERCIAL GENERAL LIABILITY** [X]<br>CLAIMS-MADE [ ]  OCCUR [X]<br>[X] No Deductible/SIR<br>GEN'L AGGREGATE LIMIT APPLIES PER:<br>[X] POLICY  [ ] PROJECT  [ ] LOC<br>OTHER: | N | N | PARRG - 2019 | 1/11/2019 | 1/11/2020 | EACH OCCURRENCE<br>DAMAGE TO RENTED PREMISES (Ea occurrence)<br>MED EXP (Any one person)<br>PERSONAL & ADV INJURY<br>GENERAL AGGREGATE<br>PRODUCTS - COMP/OP AGG | $1,000,000<br>$300,000<br>$XXXXXXX<br>$1,000,000<br>$3,000,000<br>$ Included<br>$ |
| B | **AUTOMOBILE LIABILITY**<br>[X] ANY AUTO<br>[ ] OWNED AUTOS ONLY  [ ] SCHEDULED AUTOS<br>[X] HIRED AUTOS ONLY  [X] NON-OWNED AUTOS ONLY | N | N | CAL H25273059 | 1/11/2019 | 1/11/2020 | COMBINED SINGLE LIMIT (Ea accident)<br>BODILY INJURY (Per person)<br>BODILY INJURY (Per accident)<br>PROPERTY DAMAGE (Per accident) | $1,000,000<br>$XXXXXXX<br>$XXXXXXX<br>$XXXXXXX<br>$XXXXXXX |
| | [ ] UMBRELLA LIAB  [ ] OCCUR<br>[ ] EXCESS LIAB  [ ] CLAIMS-MADE<br>DED [ ] RETENTION $ | | | NOT APPLICABLE | | | EACH OCCURRENCE<br>AGGREGATE | $XXXXXXX<br>$XXXXXXX<br>$XXXXXXX |
| B | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y/N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? [N] (Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | N | WLR C65890227 | 1/11/2019 | 1/11/2020 | [X] PER STATUTE  [ ] OTH-ER<br>E.L. EACH ACCIDENT<br>E.L. DISEASE - EA EMPLOYEE<br>E.L. DISEASE - POLICY LIMIT | <br>$1,000,000<br>$1,000,000<br>$1,000,000 |
| A | Prof Liability/Claims Made<br>Retro Date: 1/11/18 | N | N | PARRG - 2019 | 1/11/2019 | 1/11/2020 | Limits: $500,000 Each Occurrence<br>$2,500,000 Aggregate | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES** (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
MCARE Limits: $500,000 each occurrence/$1,500,000 aggregate applies excess of primary PL insurance limits. If the company cancels or non-renews an insured's policy for any reason other than non-payment of premium, the company shall provide written notice to the first named insured not less than 90 days prior to the effective date of such cancellation or nonrenewal. If the company cancels an insured's policy for nonpayment of premium, the company shall provide written notice to the first named insured not less than 10 days prior to the effective date of such cancellation or nonrenewal.

**CERTIFICATE HOLDER**
16196281
US Department of Justice
Office of United States Trustee,
District of Delaware
844 King Street, Suite 2207
Wilmington DE 19801

**CANCELLATION**   See Attachments

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

**AUTHORIZED REPRESENTATIVE**
*[signature]*

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)   The ACORD name and logo are registered marks of ACORD

Attachment Code: D542431 Master ID: 1439521, Certificate ID: 16196281

**Excess Professional Liability**
Self-Insured Buffer Layer - $10,000,000 over Primary/MCare
National Fire and Marine Insurance Company (EN029901) - $10mil lead over buffer
Admiral Insurance Company (CES-PA-10274-0118-02) - $10mil xs lead $10mil
Ironshore Specialty Insurance Co. (003951600) - $10mil xs $20mil
Illinois Union Insurance Company (XHL G46852539 002) - $10mil xs $30mil
TCD Specialty Insurance Company (XHL G46852539 002) - $10mil xs $40mil

**Umbrella Liability (Over General Liability/Auto/Employer's Liability)**
National Fire and Marine Insurance Company (EN029901) - $20mil over General Liability; $10M over Auto and Employer's Liability
Admiral Insurance Company (CES-PA-10274-0118-02) - $10mil xs lead $10mil
Ironshore Specialty Insurance Co. (003951600) - $10mil xs $20mil
Illinois Union Insurance Company (XHL G46852539 002) - $10mil xs $30mil
TCD Specialty Insurance Company (XHL G46852539 002) - $10mil xs $40mil

Attachment Code: D566615 Certificate ID: 16196281

**Named Insured Listing for the
US Department of Justice, Office of United States Trustee, District of Delaware**

1. Center City Healthcare, LLC
2. Philadelphia Academic Health System, LLC
3. St. Christopher's Healthcare, LLC
4. Philadelphia Academic Medical Associates, LLC
5. HPS of PA, L.L.C.
6. SCHC Pediatric Associates, L.L.C.
7. St. Christopher's Pediatric Urgent Care Center, L.L.C.
8. SCHC Pediatric Anesthesia Associates, L.L.C.
9. St Chris Care at Northeast Pediatrics, L.L.C.
10. TPS of PA, L.L.C.
11. TPS II of PA, L.L.C.
12. TPS III of PA, L.L.C.
13. TPS IV of PA, L.L.C.
14. TPS V of PA, L.L.C.



# EVIDENCE OF COMMERCIAL PROPERTY INSURANCE

DATE (MM/DD/YYYY): 7/15/2019

THIS EVIDENCE OF COMMERCIAL PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

**PRODUCER NAME, CONTACT PERSON AND ADDRESS**
PHONE (A/C, No, Ext): (213) 689-0065
Lockton Insurance Brokers, LLC
777 S. Figueroa Street, 52nd Fl.
CA License #0F15767
Los Angeles CA 90017

FAX (A/C, No): (213) 689-0550
E-MAIL ADDRESS:

CODE:    SUB CODE:
AGENCY CUSTOMER ID #:

**NAMED INSURED AND ADDRESS**
1119443
Philadelphia Academic Health System
1500 Market Street
West Tower, 24th Floor
Philadelphia PA 19102

ADDITIONAL NAMED INSURED(S)

**COMPANY NAME AND ADDRESS**    NAIC NO: 10014
Affiliated FM Insurance Company

IF MULTIPLE COMPANIES, COMPLETE SEPARATE FORM FOR EACH

POLICY TYPE: Property

LOAN NUMBER:    POLICY NUMBER: SS570

EFFECTIVE DATE: 1/11/2019
EXPIRATION DATE: 1/11/2020
CONTINUED UNTIL TERMINATED IF CHECKED: [ ]

THIS REPLACES PRIOR EVIDENCE DATED:

**PROPERTY INFORMATION** (ACORD 101 may be attached if more space is required)    ☒ BUILDING OR ☒ BUSINESS PERSONAL PROPERTY

LOCATION / DESCRIPTION

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

**COVERAGE INFORMATION**    PERILS INSURED: BASIC [ ]    BROAD [ ]    SPECIAL [X]

COMMERCIAL PROPERTY COVERAGE AMOUNT OF INSURANCE: $1,000,000,000    DED: 50,000

| | YES | NO | N/A | | |
|---|---|---|---|---|---|
| ☒ BUSINESS INCOME ☐ RENTAL VALUE | X | | | If YES, LIMIT: 411,709,000 | Actual Loss Sustained; # of months: |
| BLANKET COVERAGE | X | | | If YES, Indicate value(s) reported on property identified above: $ | |
| TERRORISM COVERAGE | X | | | Attach Disclosure Notice / DEC | |
| IS THERE A TERRORISM-SPECIFIC EXCLUSION? | | X | | | |
| IS DOMESTIC TERRORISM EXCLUDED? | | X | | | |
| LIMITED FUNGUS COVERAGE | X | | | If YES, LIMIT: Included | DED: 50,000 |
| FUNGUS EXCLUSION (If "YES", specify organization's form used) | | X | | | |
| REPLACEMENT COST | X | | | | |
| AGREED VALUE | X | | | | |
| COINSURANCE | | | X | If YES, % | |
| EQUIPMENT BREAKDOWN (If Applicable) | X | | | If YES, LIMIT: Included | DED: 50,000 |
| ORDINANCE OR LAW - Coverage for loss to undamaged portion of bldg | X | | | If YES, LIMIT: Included | DED: 50,000 |
| - Demolition Costs | X | | | If YES, LIMIT: Included | DED: 50,000 |
| - Incr. Cost of Construction | X | | | If YES, LIMIT: Included | DED: 50,000 |
| EARTH MOVEMENT (If Applicable) | X | | | If YES, LIMIT: 100,000,000 | DED: 50,000 |
| FLOOD (If Applicable) | X | | | If YES, LIMIT: 100,000,000 | DED: 50,000 |
| WIND / HAIL INCL ☒ YES ☐ NO Subject to Different Provisions: | | | X | If YES, LIMIT: Included | DED: 50,000 |
| NAMED STORM INCL ☒ YES ☐ NO Subject to Different Provisions: | | | X | If YES, LIMIT: Included | DED: 50,000 |
| PERMISSION TO WAIVE SUBROGATION IN FAVOR OF MORTGAGE HOLDER PRIOR TO LOSS | X | | | | |

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

**ADDITIONAL INTEREST**    [D566617]

CONTRACT OF SALE    LENDER'S LOSS PAYABLE    LOSS PAYEE
MORTGAGEE

LENDER SERVICING AGENT NAME AND ADDRESS

NAME AND ADDRESS
652755
US Department of Justice
Office of United States Trustee,
District of Delaware
844 King Street, Suite 2207
Wilmington DE 19801

AUTHORIZED REPRESENTATIVE
*[signature]*

© 2003-2015 ACORD CORPORATION. All rights reserved.

ACORD 28 (2016/03)    The ACORD name and logo are registered marks of ACORD

**EVIDENCE OF COMMERCIAL PROPERTY INSURANCE-Including Special Conditions (Use only if more space is required)**

This Company may cancel this Policy and/or the interest of the Lender or Mortgagee under this Policy, by giving the Lender or Mortgagee written notice 60 days prior to the effective date of cancellation, if cancellation is for any reason other than non-payment. If the debtor, mortgagor or owner has failed to pay any premium due under this Policy, this Company may cancel this Policy for such non-payment, but will give the Lender or Mortgagee written notice 10 days prior to the effective date of cancellation. If the Lender or Mortgagee fails to pay the premium due by the specified cancellation date, all coverage under this Policy will cease.

ACORD 28 (2016/03)                                                                                                                          Certificate Holder ID: 652755

Attachment Code: D566617 Certificate ID: 652755

**Named Insured Listing for the**
**US Department of Justice, Office of United States Trustee, District of Delaware**

1. Center City Healthcare, LLC
2. Philadelphia Academic Health System, LLC
3. St. Christopher's Healthcare, LLC
4. Philadelphia Academic Medical Associates, LLC
5. HPS of PA, L.L.C.
6. SCHC Pediatric Associates, L.L.C.
7. St. Christopher's Pediatric Urgent Care Center, L.L.C.
8. SCHC Pediatric Anesthesia Associates, L.L.C.
9. St Chris Care at Northeast Pediatrics, L.L.C.
10. TPS of PA, L.L.C.
11. TPS II of PA, L.L.C.
12. TPS III of PA, L.L.C.
13. TPS IV of PA, L.L.C.
14. TPS V of PA, L.L.C.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) |
|  | ) Joint Administration Requested |
| Debtors. | ) |
|  | ) **Re: Docket No. 9** |

## INTERIM ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM AND BANK ACCOUNTS; (II) AUTHORIZING CONTINUED PERFORMANCE OF INTERCOMPANY TRANSACTIONS; (III) GRANTING ADMINISTRATIVE EXPENSE PRIORITY TO POSTPETITION INTERCOMPANY CLAIMS; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] for entry of an interim order (this "**Interim Order**"): (i) authorizing the Debtors to continue to use their Cash Management System and Bank Accounts; (ii) authorizing the Debtors to continue their existing deposit practices under the Cash Management System (subject to certain reasonable changes to the Cash Management System that the Debtors may implement); and (iii) authorizing the Debtors to continue to perform Intercompany Transactions consistent with historical practice and granting administrative expense priority to Intercompany Claims, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Case 19-11466-KG    Doc 44    Filed 07/02/19    Page 2 of 7

from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the First Day Declaration in support thereof; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered statements by counsel and evidence adduced in support of the Motion on an interim basis at the hearing held before this Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not required, to: (a) use in the ordinary course, subject to the terms of this Interim Order, the Cash Management System described in the Motion, including the Bank Accounts, and (b) open new bank accounts or close existing bank accounts; provided, that such opening or closing of an account shall be timely indicated on the Debtors' monthly operating report and notice of such opening shall be provided within five (5) business days to the U.S. Trustee, counsel to any statutory committee appointed in these chapter 11 cases, and MidCap; provided furthermore, that the Debtors shall open any such new Bank Account at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at such bank that is willing to immediately execute such agreement. Any bank accounts that are

35177094.8 07/01/2019

opened pursuant to this Interim Order shall be deemed to be Bank Accounts for purposes of this Interim Order.

3. The Debtors are authorized to continue to use the Bank Accounts under existing account numbers without interruption; *provided, however,* that all Banks maintaining any of the Bank Accounts that are provided with notice of this Interim Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with the documents governing such Bank Accounts.

4. The Debtors are authorized to pay the prepetition Bank Fees, which have accrued and remain unpaid in the ordinary course of business.

5. For all Banks at which the Debtors maintain Bank Accounts, within fifteen (15) days of the date of entry of this Interim Order, the Debtors shall (i) contact each such Bank, (ii) provide each such Bank with each of the Debtor's employee identification numbers, and (iii) identify each of their Bank Accounts held at such Banks as being held by a debtor in possession in a chapter 11 case.

6. Nothing contained in the Motion or this Interim Order shall be construed to (i) create or perfect, in favor of any person or entity, any interest in cash of Debtors that did not exist as of the Petition Date or (ii) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

7. All existing deposit agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect. The Debtors and the Banks are authorized,

without further order of this Court, to implement such changes to the Cash Management System and procedures in the ordinary course of business in accordance with the terms of the existing deposit and disbursement agreements. In the course of providing cash management services to the Debtors, the Banks are authorized without further order of this Court to (i) deduct from the appropriate Bank Accounts their customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors that arise postpetition (the "**Bank Fees**"), and (ii) charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including, without limitation, returned items that result from ACH Transfers, wire transfers, or other electronic transfers of any kind (collectively, the "**Returned Items**") regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the Returned Items relate to prepetition or postpetition items or transfers.

8.   The Banks are authorized to continue to service and administer the Bank Accounts as accounts of each respective Debtor as a debtor in possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or ACH Transfers drawn on the Bank Accounts after the Petition Date by the holders or makers thereof (to the extent of available funds), as the case may be, including with respect to checks or other items issued prior to the Petition Date to the extent authorized by this Interim Order or a further order of this Court.

9.   Except for those checks, drafts, wires, or ACH Transfers that may be honored and paid in accordance with any order(s) of this Court authorizing payment of certain prepetition claims, and except as otherwise set forth in this Interim Order, no checks, drafts, wires, or ACH

35177094.8 07/01/2019

Transfers issued on the existing Bank Accounts prior to the Petition Date but presented for payment after the Petition Date shall be honored or paid.

10. The Banks are authorized to continue to honor any standing instructions of the Debtors with respect to daily or periodic wires, ACH Transfers or other debits made to the Bank Accounts in accordance with the Debtors' prepetition instructions. The Banks are further authorized to debit the Bank Accounts in the ordinary course of business and without further order of this Court on account of all checks drawn on the Debtors' accounts that were cashed at the counter of Banks or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

11. The requirement to establish separate accounts for tax payments is hereby waived.

12. The Debtors are authorized to continue to use their existing Business Forms without alteration, which Business Forms shall not be required to include the legend "Debtor in Possession" or the corresponding bankruptcy case number; provided that if the Debtors order new check stock, such check stock shall be required to include the legend "Debtor in Possession" and the Debtors' lead case number; and provided further that with respect to self-printed and electronic checks, the Debtors shall begin printing the "Debtor in Possession" legend and the bankruptcy case number on such items within ten (10) days of the date of entry of this Order.

13. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each and every Debtor, regardless of which entity pays the disbursements.

14. The Debtors are authorized and empowered to continue performing under and honoring Intercompany Transfers in the ordinary course of business. The Debtors shall maintain accurate and detailed records of all Intercompany Transfers so that all transactions may be

readily ascertained, traced, recorded properly and distinguished between prepetition and post-petition transactions. All Intercompany Claims arising after the Petition Date shall be accorded administrative expense priority in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code.

15.     Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of any of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between any Debtor and any third party under section 365 of the Bankruptcy Code.

16.     Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

17.     To the extent that any Bank or any other party that has control over any Bank Account uses the Debtors' cash to satisfy any asserted prepetition or postpetition obligations of the Debtors (other than Bank Fees and amounts that the Debtors are authorized to pay pursuant to another order of the Court), the rights of the Debtors and any other party to challenge the validity of such payment are expressly reserved, including, without limitation, that such payment was in violation of the automatic stay.

18.     The Banks may rely on the representations of the Debtors with respect to whether any check or other order drawn or issued by the Debtors prior to the Petition Date should be

35177094.8 07/01/2019

honored pursuant to this or any other order of this Court, any such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

19. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

20. Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

23. The final hearing on the Motion shall be held on  July 26 , 2019 at 10:00 (Prevailing Eastern Time), and any objections or responses to the Motion shall be in writing, filed with the Court, with a copy to chambers., and served so as to be actually received on or before July 19, 2019 at 4:00 p.m. (Prevailing Eastern Time).

24. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: July 2, 2019
Wilmington, Delaware

_____
Honorable Kevin Gross
United States Bankruptcy Judge

35177094.8 07/01/2019

**In re Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al* .**  
Debtors

**Case No. 19-11466 (KG)**  
**Reporting Period: Initial Operating Report**

### SCHEDULE OF RETAINERS PAID TO PROFESSIONALS

(This schedule is to include each Professional paid a retainer [1])

| Payee | Wire Transfer Date | Wire Transfer Number | Name of Payor | Amount | Amount Applied to Date | Balance |
|---|---|---|---|---|---|---|
| PAHS | 06/27/2019 | FED#0627I1B7031R015682 | Saul Ewing LLP | 600,000.00 | 06/27/2019 | |
| PAHS | 06/24/2019 | FED#0624I1B7033R017012 | Obermayer Rebmann Maxwell & Hippel | 35,000.00 | 06/24/2019 | |
| PAHS | 06/28/2019 | FED#0628I1B7032R029544 | Obermayer Rebmann Maxwell & Hippel | 25,000.00 | 06/28/2019 | |
| PAHS | 06/27/2019 | FED#0627I1B7032R015636 | EisnerAmper LLP | 92,250.00 | 06/27/2019 | |
| PAHS | 06/28/2019 | FED#0628I1B7032R027875 | SSG Advisors, LLC | 50,000.00 | 06/28/2019 | |
| PAHS | 06/26/2019 | FED#0626I1B7032R005081 | Omni Management Group, Inc. | 20,000.00 | 06/26/2019 | |
| PAHS | 06/27/2019 | FED#0627I1B7031R015671 | Health Science Law Group | 5,000.00 | 06/27/2019 | |
| PAHS | 06/27/2019 | TRN#190627151242 | Reed Smith LLP | 41,681.99 | 06/27/2019 | 31,681.99 |

[1] Identify all Evergreen Retainers

Form IR-2  
(4/07)