IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>Jointly Administered<br><br>Hearing Date: August 16, 2019 at 10:00 a.m. (EST)<br>Objection Deadline: July 31, 2019 at 4:00 p.m. (EST) |

**APPLICATION OF DEBTORS FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF OMNI MANAGEMENT GROUP AS ADMINISTRATIVE AGENT *<u>NUNC PRO TUNC</u>* TO THE PETITION DATE**

Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**") and its affiliated debtors and debtors in possession (the "**Debtors**"), by and through their undersigned proposed counsel, hereby file this Application (this "**Application**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "**Proposed Order**"), authorizing Debtors to retain and appoint Omni Management Group ("**Omni**") as administrative agent (the "**Administrative Agent**") in the Debtors' chapter 11 cases (the "**Chapter 11 Cases**"), *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors submit the *Declaration of Paul H.*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

*Deutch in Support of the Applications of Debtors for Orders Authorizing Retention and Employment of Omni Management Group* attached hereto as **Exhibit B** (the "**Deutch Declaration**") and respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

2. On June 30, 2019 and July 1, 2019 (together, the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in the Chapter 11 Cases. On July 15, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors of Center City Healthcare d/b/a Hahnemann University Hospital, *et al*. (the "**Committee**").

3. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and these Chapter 11 Cases, are set forth in greater detail

in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2] (the "**First Day Declaration**"), incorporated by reference herein.

## OMNI'S RETENTION

4. On the Petition Date, the Debtors filed an application (the "**Section 156(c) Application**") for an order appointing Omni as claims and noticing agent pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code and Local Rule 2002-1(f).

5. The Debtors believe that the administration of the Chapter 11 Cases will require Omni to perform duties outside the scope requested in the Section 156(c) Application. Therefore, to enable Omni to provide services outside the scope of the order approving the Section 156(c) Application, the Debtors submit this Application, pursuant to section 327 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, for an order authorizing the Debtors to employ and retain Omni as Administrative Agent for the Debtors in accordance with the Engagement Agreement attached hereto as **Exhibit C** (the "**Engagement Agreement**").

## OMNI'S QUALIFICATIONS

6. Omni is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Omni's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Omni's professionals have acted as debtors' administrative advisor and/or official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide, including: *In re Southeastern Metal Products, LLC*, Case No. 19-10989 (BLS) (Bankr. D. Del. May 8, 2019); *In re NSC Wholesale Holdings, LLC,* Case No. 18-12394 (CSS) (Bankr. D. Del. Nov. 13, 2018); *In re PES Holdings, LLC*, Case No. 18-10122 (KG)

(Bankr. D. Del. 2018); *In re Dextera Surgical Inc.*, Case No. 17-12913 (KJC) (Bankr. D. Del. 2017); *In re Charming Charlie*, Case No. 17-12906 (CSS) (Bankr. D. Del. 2017); *In re Memorial Production Partners LP*, Case No. 17-30262 (MI) (Bankr. S.D. Tex. Jan. 16, 2017); *In re ITT Educational Services, Inc.*, Case No. 16-07207 (JMC) (Bankr. S.D. Ind. Sept. 16, 2016); *In re Joyce Leslie, Inc.*, Case No. 16-22035 (RDD) (Bankr. S.D.N.Y. Jan. 9, 2016); *In re Phoenix Brands, LLC*, Case No. 16-11242 (BLS) (Bankr. D. Del. May 24, 2016); *In re Mission Grp. Kansas*, Case No. 16-20656 (RDB) (Bankr. D. Kan. Apr. 15, 2016).

7.  Accordingly, the Debtors believe that Omni is well qualified to serve as Administrative Agent in the Chapter 11 Cases.

## SCOPE OF SERVICES

8.  Pursuant to the Engagement Agreement, the Debtors seek to retain Omni to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

   a. Assist with, among other things, solicitation, balloting, and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices, and institutional holders;

   b. Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

   c. Assist with preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

   d. Provide a confidential data room, if requested;

   e. Manage and coordinate any distributions pursuant to a chapter 11 plan; and

   f. Provide such other processing, solicitation, balloting, and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court, or the Office of the Clerk of the Bankruptcy Court.

9. The services that Omni may provide to the Debtors are necessary to enable the Debtors to maximize the value of their estates. The Debtors believe that the services would not duplicate the services that other professionals will be providing to the Debtors in connection with the Chapter 11 Cases. Specifically, Omni would carry out unique functions and use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid the unnecessary duplication of services.

## OMNI'S COMPENSATION

10. The fees that Omni will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement. The Debtors respectfully submit that Omni's rates are competitive and comparable to the rates that its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of the rates of other firms before selecting Omni as Administrative Agent. The Debtors believe Omni's rates are reasonable given the quality of Omni's services and its professionals' bankruptcy expertise. Additionally, Omni will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

11. Omni intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Agent pursuant to the Engagement Agreement. Omni will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in the Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

12. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Omni and its members, officers, employees,

representatives, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Omni's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or the order granting this Application. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of an Administrative Agent in the Chapter 11 Cases.

## DISINTERESTEDNESS

13. The Debtors have been advised that, to the best of Omni's knowledge, and except as set forth in the Deutch Declaration, based on Omni's results of its search performed to date, Omni and its personnel:

   a. Are not creditors, equity security holders, or insiders of the Debtors;

   b. Are not and were not, within two (2) years before the date of the filing of these Chapter 11 Cases, directors, officers, or employees of the Debtors; and

   c. Do not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

14. To the best of the Debtors' knowledge, Omni is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

15. Omni believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. Omni will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## **RELIEF REQUESTED**

16. The Debtors submit that the employment and retention of Omni as Administrative Agent is appropriate under section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a). Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

17. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee for the District of Delaware ("**U.S. Trustee**"), or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014(a).

18. In light of the size and complexity of the Chapter 11 Cases, the Debtors respectfully submit that retaining and employing Omni pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest to the Chapter 11 Cases. The Debtors also believe that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated volume of creditors and other parties-in-interest that will be involved in these cases.

19. Accordingly, to help manage administrative tasks with respect to the creditors and other parties in interest that are expected to be involved in the Debtors' Chapter 11 Cases, and the complexity of such cases, the Debtors respectfully request the Court enter an order

authorizing the employment and retention of Omni as the Administrative Agent in the Chapter 11 Cases pursuant to sections 327(a), 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

## **NOTICE**

20.     The Debtors have provided notice of the filing of the Motion to: (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **NO PREVIOUS REQUEST**

21.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

-9-

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 17, 2019

Philadelphia Academic Health System, LLC
(for itself and on behalf of its affiliates
Debtors as debtors and debtors in
possession)

By: */s/ Allen Wilen*_____
Name: Allen Wilen
Title: Chief Restructuring Officer