## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (KG) |
| | Jointly Administered |
| Debtors. | **Hearing Date: August 16, 2019 at 10:00 a.m. (EST)**<br>**Objection Deadline: July 31, 2019 at 4:00 p.m. (EST)** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS, *NUNC PRO TUNC* TO THE PETITION DATE

By this motion (the "**Motion**"), Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**")**,** authorizing the Debtors to (i) employ professionals used in the ordinary course of business (each, an "**Ordinary Course Professional**" and collectively, the "**Ordinary Course Professionals**") without submitting employment applications and obtaining retention orders for each Ordinary Course Professional, *nunc pro tunc* to the Petition Date, and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications, subject to the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

limitations described below.  In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.   This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The procedural bases for the relief requested herein are sections 105(a), 327, 328(a), and 330 of title 11 of the United States Code (the "**Bankruptcy Code**").

## BACKGROUND

4.      On June 30, 2019 and July 1, 2019 (together, the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   No party has requested the appointment of a trustee or examiner in these chapter 11 cases.  On July 15, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors of Center City Healthcare d/b/a Hahnemann University Hospital, *et al*. (the "**Committee**").

- 2 -

5.      A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion and the above-captioned chapter 11 cases, are set forth in greater detail in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2] (the "**First Day Declaration**"), incorporated by reference herein.

## RELIEF REQUESTED

6.      By this Motion, the Debtors respectfully request the entry of an order, substantially in the form of the Proposed Order, pursuant to Bankruptcy Code sections 105(a), 327, 328(a), and 330, authorizing the Debtors to (i) employ Ordinary Course Professionals *nunc pro tunc* to the Petition Date without submitting employment applications and obtaining retention orders for each Ordinary Course Professional, and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications, subject to the limitations described herein.

7.      Notably, by this Motion, the Debtors are not requesting authority to pay any prepetition amounts owed to Ordinary Course Professionals.

## BASIS FOR RELIEF REQUESTED

I.      **FACTS SPECIFIC TO RELIEF REQUESTED**

      A.      **Ordinary Course Professionals**

8.      The Debtors' management and staff, in carrying out their assigned duties and responsibilities, regularly call upon a variety of Ordinary Course Professionals to provide professional services to the Debtors. These Ordinary Course Professionals provide services relating to issues that directly impact the Debtors' day-to-day operations, including specialized legal services and consulting services. To avoid disruption to the Debtors' business operations and ongoing restructuring efforts, it is essential that the Debtors be authorized to continue to employ and compensate these Ordinary Course Professionals, who are familiar with the Debtors'

- 3 -

businesses and financial affairs and the matters and responsibilities for which they were retained

prepetition.  Attached to the Order as **Exhibit 1** is a nonexclusive list of the Ordinary Course

Professionals identified by the Debtors as of the Petition Date (the "**OCP List**").

      B.      **Proposed Retention and Compensation Procedures**

      9.      The Debtors propose the following procedures for retaining and compensating

Ordinary Course Professionals:

a )      The Debtors are authorized to pay each Ordinary Course Professional without prior application to the Court, one hundred percent (100%) of the fees and reimburse one hundred percent (100%) of the expenses incurred by such Ordinary Course Professional, upon the submission to, and approval by, the Debtors of a reasonably detailed invoice (i) setting forth the nature of the services rendered and expenses actually incurred and (ii) calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices), *provided, however*, that no single Ordinary Course Professional may be paid in excess of $35,000 in one month while these chapter 11 cases are pending, except upon further order of the Court (the "**Monthly Fee Limit**").

b )      If any Ordinary Course Professional seeks compensation and reimbursement of expenses in excess of the Monthly Fee Limit by more than $5,000 for a particular month, then such Ordinary Course Professional must file a fee application for the full amount of its fees and expenses for that single month in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any applicable orders of this Court.  If any Ordinary Course Professional exceeds the Monthly Fee Limit by more than $5,000 during three months in any 6-month period, such Ordinary Course Professional must be retained by the Debtors pursuant to a separate retention application and will subsequently file fee applications in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any applicable orders of this Court.

c )      Within 30 days after the later of either the entry of this Order or the date on which the Ordinary Course Professional commences services for the Debtors, (i) each attorney or law firm that is an Ordinary Course Professional shall provide the Debtors' attorneys with a declaration made pursuant to 28 U.S.C. § 1746 (an "**Attorney Declaration**"), substantially in the form attached to the Proposed Order as **Exhibit 2**, certifying that the law firm or legal professional does not represent or hold any interest

adverse to the Debtors or their estates with respect to the matter on which the law firm or legal professional is to be employed, and, including the other information set forth in the form Attorney Declaration, (ii) each non-attorney or non-law firm entity that is an Ordinary Course Professional shall provide the Debtors' attorneys a declaration made pursuant to 28 U.S.C. § 1746 (an "**Non-Attorney Declaration**," and together with an Attorney Declaration, a "**Retention Declaration**"), substantially in the form attached to the Proposed Order as **Exhibit 3**, certifying that the firm or the professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed, and including the other information set forth in the form Non-Attorney Declaration.

d) Upon receipt of a Retention Declaration, the Debtors' attorneys shall promptly file the Retention Declaration with the Court and serve it upon the following parties: (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attention: Benjamin A. Hackman, Esq.); (ii) counsel to the Committee; and (iii) those parties in interest filing requests for service under Bankruptcy Rule 2002 (collectively, the "**Interested Parties**"). The Interested Parties shall have 14 days following the service of a Retention Declaration to file with the Court any objection to the retention (the "**Retention Objection Deadline**"). If no objection is filed with the Court on or before the Retention Objection Deadline, then the retention of such Ordinary Course Professional shall be deemed approved without the need of a further hearing or further order of the Court.

e) No Ordinary Course Professional shall be paid any fees or expenses until its Retention Declaration has been filed with the Court and the Retention Objection Deadline has passed with no objections having been filed or, if an objection is filed on or before the Retention Objection Deadline, the objection is resolved consensually or by order of the Court.

f) The Debtors are authorized to employ Ordinary Course Professionals not listed on the OCP List from time to time, as the need arises, by filing a Supplemental List with the Court and serving that list, along with completed Retention Declarations, on the Interested Parties. This Supplemental List may include any Ordinary Course Professionals on **Exhibit 1** that failed to return their Retention Declarations within the time period prescribed in paragraph 3(c) above. Upon the filing of a Supplemental List, the Interested Parties shall have 14 days to file with the Court an objection to the retention of the Ordinary Course Professionals listed therein (the "**Supplemental Retention Objection Deadline**"). In the event no objection is filed with the Court on or before the Supplemental Retention Objection Deadline, the retention of such Ordinary Course Professionals shall be deemed approved under this Order without the need for a further hearing or further order of the Court. The

retention of such Ordinary Course Professionals shall be effective as of a date that is no earlier than 35 days prior to the filing of the Supplemental List and accompanying Retention Declaration unless the Retention Declaration contains an express request for *nunc pro tunc* relief earlier than such date.  If an objection is filed with the Court on or before the Supplemental Retention Objection Deadline, and cannot be consensually resolved within 14 days, the matter shall be set for a hearing before the Court.  Any Ordinary Course Professional retained pursuant to a Supplemental List shall be subject to the terms of this Order.

g )     The Debtors shall file a fee and expense statement (the "**Quarterly Statement**") with the Court every 3 months and serve such statement on the Interested Parties.  The Quarterly Statement shall summarize the fees and expenses paid to all of the Ordinary Course Professionals during the past quarter of the calendar year.  The first Quarterly Statement covering the period from the Petition Date through September 30, 2019 shall be filed by **October 31, 2019**.  The Debtors shall thereafter file a Quarterly Statement on the 30th day following the last day of each 90-day period thereafter while these chapter 11 cases are pending.  The Quarterly Statement shall include the following information with respect to each Ordinary Course Professional: (i) the name of such Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during each month of the previous quarter; (iii) the aggregate amount paid as compensation for services rendered and reimbursements of expenses incurred by such Ordinary Course Professional during the pendency of these cases; and (iv) a general description of the services rendered by each Ordinary Course Professional during the relevant quarter.

h )     The Interested Parties shall be permitted to file objections with the Court to the payments to the Ordinary Course Professionals identified in the Quarterly Statement within 14 days following service of the Quarterly Statement (the "**Quarterly Statement Objection Deadline**").  If an objection to the fees and expenses of an Ordinary Course Professional is filed with the Court on or before the Quarterly Statement Objection Deadline, such fees and expenses will be subject to review and approval by the Court pursuant to section 330 of the Bankruptcy Code to the extent that such objection is not consensually resolved.

## II.    LEGAL BASIS FOR RELIEF REQUESTED

10.    Under Bankruptcy Code section 327(a), a debtor in possession is authorized to

employ professionals "that do not hold or represent an interest adverse to the estate, and that are

disinterested persons, to represent or assist the [debtor] in carrying out [its] duties under the [Bankruptcy Code]." 11 U.S.C. § 327(a).

11.     Bankruptcy Code section 327(e) provides that upon Court approval, a debtor may employ an attorney "for a specified purpose" – even where the attorney has previously represented the debtor – if the employment is "in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). Bankruptcy Code section 1107(b) further provides, "[n]otwithstanding section 327(a) of [the Bankruptcy Code], a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

12.     Furthermore, Bankruptcy Code section 328(a) provides, in pertinent part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment . . ." 11 U.S.C. § 328(a). Bankruptcy Code section 330 further provides, in pertinent part, that:

> [a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103 —
>
> (A)     reasonable compensation for actual, necessary services rendered by . . . the professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

13.     The employment of the Ordinary Course Professionals and the payment of monthly compensation on the bases set forth above are in the best interests of the Debtors, their

estates, creditors, and other parties in interest.  The relief requested in this Motion will save the Debtors the substantial expense associated with applying separately for the employment of each Ordinary Course Professional.  Further, the relief requested herein will avoid the incurrence of additional fees relating to the preparation and prosecution of fee applications for each Ordinary Course Professional.  Likewise, the proposed compensation procedures outlined above will relieve the Court and the Office of the United States Trustee of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

14.     In addition, some Ordinary Course Professionals may be unwilling to continue their services if they cannot be paid their monthly invoices without completing a time-consuming formal application process.  Given the Ordinary Course Professionals' expertise and familiarity with the particular matters for which they were responsible before the Petition Date, the Debtors' estates would incur additional and unnecessary expense if they were required to retain new professionals to replace any of their Ordinary Course Professionals.  Accordingly, the Debtors request that the Court dispense with the requirement of individual retention and fee applications for the Ordinary Course Professionals.

15.     Although certain Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services, the Debtors do not believe that any of the Ordinary Course Professionals hold an interest materially adverse to Debtors, their creditors, or any parties in interest that should preclude such Ordinary Course Professionals from representing the Debtors.  Further, Bankruptcy Code section 328(c) excludes attorneys retained pursuant to section 327(e) from the requirement that such professional person be disinterested.  *See* 11 U.S.C. § 328(c).  Thus, under the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals.  Procedures for employment and

- 8 -

compensation of ordinary course professionals similar to those proposed in this Motion have been approved in many cases within this District.[2]

16.     Lastly, the Debtors are seeking approval of the employment and compensation of the Ordinary Course Professionals, *nunc pro tunc* to the Petition Date.   This would allow Ordinary Course Professionals to be compensated for services provided to Debtors from the Petition Date through the date of an order granting this Motion.   The Debtors believe that *nunc pro tunc* employment of Ordinary Course Professionals will not prejudice any party in interest, as the Ordinary Course Professionals have provided and continue to provide valuable services to Debtors' estates in the interim period.

17.     Based on the foregoing, the Debtors submit that the relief requested in this Motion is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted.

## NOTICE

18.     The Debtors have provided notice of the filing of the Motion to: (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) the Debtors' depository banks; and (xiii) any party that has requested notice pursuant to

---

[2]     *See, e.g.*, *In re Hospital Acquisition LLC*, Case No. 19-10998 (BLS) (Bankr. D. Del. May 29, 2019) [D.I. 170]; *In re Promise Healthcare Group, LLC*, Case No. 18-12491 (CSS) (Bankr. D. Del. Dec. 3, 2018) [D.I. 199]; *In re Real Industry, Inc.*, Case No. 17-12464 (KJC) (Bankr. D. Del. Dec. 19, 2017) [D.I. 170]; *In re ATD Corp.*, Case No. 18-12221 (KJC) (Bankr. D. Del. Nov. 1, 2018) [D.I. 269]; *In re Enduro Resource Partners LLC*, Case No. 18-11174 (KG) (Bankr. D. Del. June 8, 2018) [D.I. 139].

- 9 -

Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

19.     The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

*[remainder of page left intentionally blank]*

35523193.2 07/17/2019

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the

form of the Order, granting the relief requested herein and any other relief as is just and proper.

Dated: July 17, 2019                     **SAUL EWING ARNSTEIN & LEHR LLP**

                                 By:     */s/ Monique B. DiSabatino*
                                         Mark Minuti (DE Bar No. 2659)
                                         Monique B. DiSabatino (DE Bar No. 6027)
                                         1201 N. Market Street, Suite 2300
                                         P.O. Box 1266
                                         Wilmington, DE  19899
                                         Telephone: (302) 421-6840
                                         Fax: (302) 421-5873
                                         mark.minuti@saul.com
                                         monique.disabatino@saul.com

                                                 -and-

                                         Jeffrey C. Hampton
                                         Adam H. Isenberg
                                         Aaron S. Applebaum (DE Bar No. 5587)
                                         Centre Square West
                                         1500 Market Street, 38th Floor
                                         Philadelphia, PA 19102
                                         Telephone: (215) 972-7700
                                         Fax: (215) 972-7725
                                         jeffrey.hampton@saul.com
                                         adam.isenberg@saul.com
                                         aaron.applebaum@saul.com

                                         *Proposed Counsel for Debtors and*
                                         *Debtors in Possession*