**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) Jointly Administered |
| Debtors. | ) **Hearing Date: August 16, 2019 at 10:00 a.m. (EST)** |
| | ) **Objection Deadline: July 31, 2019 at 4:00 p.m. (EST)** |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR PROFESSIONALS AND OFFICIAL COMMITTEE MEMBERS**

Center City Healthcare, LLC d/b/a Hahnemann University Hospital, and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (these "**Chapter 11 Cases**"), hereby submit this application (this "**Application**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), establishing procedures for interim compensation and reimbursement of expenses for professionals retained in these Chapter 11 Cases. In support of this Motion, the Debtors rely on the *Declaration of Allen Wilen in Support of First Day Motions for Relief* (the "**Wilen Declaration**"), and respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

35517150.2 07/17/2019

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

**Background**

3. On June 30, 2019 and July 1, 2019 (together, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On July 15, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors of Center City Healthcare d/b/a Hahnemann University Hospital, *et al*. (the "**Committee**").

4. A description of the Debtors' businesses, capital structure, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the Wilen Declaration.

**The Proposed Compensation Procedures**

5. The Debtors have filed applications to retain professionals in connection with the administration of these Chapter 11 Cases. As a result, by this Motion, the Debtors request the

entry of an order authorizing and establishing procedures for the compensation and reimbursement of expenses of court-approved professionals (each a "**Professional**" and, collectively, the "**Professionals**") on an interim basis on the terms that satisfy the requirements of Local Rule 2016-2.  Such an order will streamline the professional compensation process and enable the Court and all other parties to more effectively monitor the Professional fees incurred in these Chapter 11 Cases.  To that end, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular Professional, the Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "**Compensation Procedures**"):

    a. Not earlier than the 15th day of each calendar month, each Professional may file an application (a "**Monthly Fee Application**") with the Court for interim approval, allowance and payment of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months and serve a copy of such Monthly Fee Application by first class mail and electronic mail, where applicable, on each of the following parties (collectively, the "**Notice Parties**"):

        i. The Debtors, Center City Healthcare, LLC, 230 North Broad Street, Philadelphia, Pennsylvania 19102 (Attn: Allen Wilen, CRO [allen.wilen@americanacademic.com]);

        ii. Proposed counsel to the Debtors, Saul Ewing Arnstein & Lehr LLP, 1201 North Market Street, Suite 2300, Wilmington, Delaware 19801 (Attn: Mark Minuti, Esq. [mark.minuti@saul.com] and Monique B. DiSabatino, Esq. [monique.disabatino@saul.com]) and 1500 Market Street, 38th Floor, Philadelphia, Pennsylvania 19102 (Attn: Jeffrey Hampton, Esq. [jeffrey.hampton@saul.com] and Adam H. Isenberg, Esq. [adam.isenberg@saul.com]);

        iii. Counsel to the Committee, Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102 (Attn: Andrew H. Sherman, Esq. [asherman@sillcummis.com] and Boris I. Mankovetskiy, Esq. [bmankovetskiy@sillcummis.com] and Fox Rothschild LLP, 919 N. Market Street, Suite 300, Wilmington, DE 19899-2323 (Attn: Thomas M. Horan, Esq. [thoran@foxrothschild.com]);

  iv. The Office of the United States Trustee, District of Delaware, 844 N. King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Benjamin A. Hackman, Esq. [benjamin.a.hackman@usdoj.gov]); and

  v. Counsel for the DIP Agent, Stradley, Ronon, Stevens & Young, LLP, 2005 Market Street, Suite 2600, Philadelphia, PA 19103 (Attn: Gretchen M. Santamour, Esq. [gsantamour@stradley.com] and 1000 N. West Street, Suite 1279, Wilmington, DE 19801 (Attn: Joelle E. Polesky, Esq. [jpolesky@stradley.com]).

Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and the Local Rules.

b. All parties will have until 4:00 p.m. (prevailing Eastern time) on the 20th day (or, if such a day is not a business day, the next business day) following service of the Monthly Fee Application (the "**Objection Deadline**") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Twenty-four hours following the expiration of the Objection Deadline, a Professional may file a certificate of no objection (a "**CNO**") with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount (the "**Actual Monthly Payment**") equal to the lesser of (i) eighty (80%) percent of the fees and one-hundred (100%) percent of the expenses requested in the applicable Monthly Fee Application (the "**Maximum Monthly Payment**"), and (ii) eighty (80%) percent of the fees and one-hundred (100%) percent of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection pursuant to subparagraph (c) below.

c. If any party wishes to object to a Professional's Monthly Fee Application, it must (i) file a written objection (an "**Objection**") with the Court setting forth specific objections and the total amount in fees and/or expenses objected to on or before the Objection Deadline and (ii) serve the Objection on the affected Professional and each of the Notice Parties so that it is received by each of those parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "**Incremental Amount**"), or (ii) forego payment of the Incremental Amount

      until the next omnibus or fee application hearing at which time the Court will consider and dispose of the Objection if requested by the parties.

d.     The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through July 31, 2019. Thereafter, the Professional may file Monthly Fee Applications in the manner described above.

e.     At three-month intervals (the "**Interim Fee Period**"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "**Interim Fee Application Request**") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to this Motion and section 331 of the Bankruptcy Code.

f.     Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

g.     The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every three (3) months or at such other intervals as the Debtors or the Court deems appropriate. If no Objections are pending or timely filed, the Court may grant an Interim Fee Application Request without a hearing.

h.     The first Interim Fee Period will cover the period from the Petition Date through September 30, 2019 (the "**Initial Three Month Period**"). Each Professional must file and serve its first Interim Fee Application Request on or before **November 15, 2019**, in order to have such application heard at the first hearing on the Interim Fee Application Requests. Each Professional shall thereafter file an Interim Fee Application Request within forty-five days of the last day of the third month occurring in each successive Interim Fee Period that follows the Initial Three Month Period.

i.     The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application Request when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application Request is submitted by the Professional. There will

        be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

    j.    Neither the (i) payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) filing of or failure to file an Objection will bind any party in interest with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.  All professionals shall file final fee applications in order to obtain final allowance of compensation for fees and reimbursement of expenses in these Chapter 11 Cases.

6.    The Debtors also request that each member of any official committee appointed in these Chapter 11 Cases be permitted to submit statements of expenses (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective official committee's counsel, which counsel will collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures.  Approval of the Compensation Procedures, however, will not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules or the practices of the Court.

7.    The Debtors further request that the Court limit service of the monthly, interim and final fee applications (collectively, the "**Applications**") to the Notice Parties.  Subject to the Court's approval, other parties that have filed a notice of appearance with the clerk of the Court and requested notice of pleadings in these Chapter 11 Cases will receive only notice of hearings on the Applications (collectively, the "**Hearing Notices**"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in these Chapter 11 Cases to review and object to the Professionals' fees and will save unnecessary duplication and mailing expenses.

-7-

8.   The proposed procedures will enable the Debtors to monitor closely the costs of administration, maintain a level of cash flow availability, and implement efficient management procedures.  Moreover, these procedures will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

### Relief Requested

9.   By this Motion, the Debtors seek the entry of an order establishing an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses for professionals who are retained pursuant to sections 327, 328 or 1103 of the Bankruptcy Code and who are required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, on terms that satisfy the requirements of Bankruptcy Rule 2016 and Local Rule 2016-2.

10.  In addition, the Debtors request the entry of an order establishing procedures for reimbursement of reasonable out-of-pocket expenses incurred by members of any official committee formed in these Chapter 11 Cases.

### Basis for Relief

11.  Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if permitted by the court.  *See* 11 U.S.C. § 331.  In addition, section 105(a) of the Bankruptcy Code authorizes the court to issue any order "necessary or appropriate to carry out the provisions of" the Bankruptcy Code, thereby codifying the bankruptcy court's inherent equitable powers.  11 U.S.C. § 105(a).

12. In many large cases, courts have recognized that the permissive language of section 331 of the Bankruptcy Code, coupled with the court's inherent power under section 105(a) of the Bankruptcy Code, provides authority for the entry of orders establishing procedures for monthly compensation and reimbursement of expenses of professionals.

13. Crucial factors to consider in establishing interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of [the attorneys for the debtors] in providing services necessary to achieve a successful reorganization of the debtors." See *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation).

14. Given the size and complexity of the Chapter 11 Cases, approval of the Compensation Procedures in the present case will permit the Court and all other parties to effectively monitor the fees and expenses incurred by the Professionals retained in these cases. The Debtors submit that the efficient administration of these Chapter 11 Cases will be significantly aided by establishing the proposed Compensation Procedures. Accordingly, the relief sought is in the best interests of the Debtors, their estates, and their creditors.

## Notice

15. The Debtors have provided notice of the filing of the Motion to: (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**No Prior Request**

16. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto: (i) granting the relief requested herein; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: July 17, 2019                **SAUL EWING ARNSTEIN & LEHR LLP**

By:*/s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Aaron S. Applebaum (DE Bar No. 5587)
Jeremiah J. Vandermark
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7700
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
aaron.applebaum@saul.com
jeremiah.vandermark@saul.com

*Proposed Counsel for Debtors and
Debtors in Possession*