# EXHIBIT A

**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) Jointly Administered |
| Debtors. | ) **Re: Docket No. ____** |

**ORDER APPROVING (I) AGREEMENT WITH RANDSTAD**
**PROFESSIONALS US, LLC D/B/A TATUM TO PROVIDE AN**
**INTERIM CHIEF FINANCIAL OFFICER, AND (II) THE DESIGNATION OF**
**PHIL PORTER AS INTERIM CHIEF FINANCIAL OFFICER TO THE DEBTORS**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**") (i) approving the agreement with Randstad Professionals US, LLC d/b/a Tatum to provide an Interim CFO, and (ii) approving the designation of Phil Porter as Interim CFO in the Chapter 11 Cases pursuant to the terms and conditions of the Services Agreement attached to the Motion as **Exhibit B**; and upon consideration of the Porter Declaration attached to the Motion as **Exhibit C** and the First Day Declaration; and it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 57 and 1334; and it appearing that venue of the Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Motion.

that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Services Agreement between the Debtors and Tatum to provide an Interim CFO is hereby approved pursuant to sections 105(a) and 363(b) of the Bankruptcy Code upon the terms set forth in the Motion and the Services Agreement, subject to the following terms, which apply notwithstanding anything in the Motion or the Services Agreement to the contrary:

   a. Neither Tatum nor Mr. Porter shall not act in any other capacity (e.g. financial advisor, claims agent/administrator, investor/acquirer, etc.) in connection with these Chapter 11 Cases.

   b. In the event the Debtors seek to have Tatum personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement, including by (a) modifying the functions of personnel, (b) adding new personnel, or (c) altering or expanding the scope of the engagement, an appropriate motion shall be filed with respect thereto.

   c. No principal, employee, or independent contractor of Tatum or its affiliates shall serve as director of the Debtors during the pendency of these Chapter 11 Cases.

   d. The Debtors are permitted to indemnify Mr. Porter on the terms set forth in the Services Agreement and/or the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.  There

-3-

        shall be no indemnification of Tatum or its affiliates during these Chapter 11 Cases.

    e.    During the course of these Chapter 11 Cases, all provisions in the Services Agreement, the Motion, or elsewhere that attempt to limit Tatum's liability to the amount of its fees (or a multiple thereof) shall be of no force or effect.

    f.    For a period of three years after the conclusion of the engagement, neither Tatum, Mr. Porter, or any of Tatum's affiliates shall make any investments in the Debtors or reorganized Debtors.

    g.    Notwithstanding any provision of the Services Agreement to the contrary, Tatum and Mr. Porter shall disclose any and all facts that may have a bearing on whether Tatum, Mr. Porter or Tatum's affiliates have any interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, or other parties in interest by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

3.    The Debtors are authorized to enter into the Services Agreement with Tatum and appoint Mr. Porter as Interim CFO.

4.    To the extent there is any inconsistency between the terms of this Order and the terms of the Motion or the Services Agreement, the terms of this Order shall control.

5.    The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

6.    Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

-4-

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.