**EXHIBIT 2**

Redline

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (KG) |
| | Jointly Administered |
| Debtors. | Re: Docket ~~No~~Nos. 167 & ___ |

**ORDER GRANTING THE MOTION OF 224 E. 13TH STREET REALTY CORP.
FOR ENTRY OF AN ORDER COMPELLING THE (I) REJECTION OF A
CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASE PURSUANT
TO 11 U.S.C. § 365, AND (II) ~~PAYMENT OF ALL UNPAID POST-PETITION RENT
AND OTHER CHARGES PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b)(1), AND
(III)~~ ABANDONMENT OF ALL REMAINING
PERSONAL PROPERTY IN THE PREMISES**

Upon the motion (the "Motion")[2] of 224 E. 13th Street Realty Corp. ("Landlord") seeking entry of an order (a) compelling the (i) rejection of a certain non-residential real property lease pursuant to 11 U.S.C. § 365; (ii) payment to Landlord of all accrued and accruing unpaid post-petition rent and other charges from the Petition Date through the date of rejection pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1); (iii) abandonment of all remaining personal property of the Debtors in the subject premises; and (b) granting Landlord the related relief requested therein; and due and proper notice of the Motion having been given; and it appearing

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not defined in this Order have the meanings ascribed to such terms in the Motion.

that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and any objections or responses to the Motion have been resolved ~~or overruled~~; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to 11 U.S.C. § 365(d)(2), the Lease is deemed rejected ~~as of the date of entry of this Order~~<u>effective as of July 22, 2019</u>.

3. ~~Pursuant to~~<u>Notwithstanding</u> 11 U.S.C. §§ 503(b)(1) and 365(d)(3), ~~within~~ **~~thirty (30) days~~** ~~of the date of entry of this Order, the Debtors shall pay to Landlord, as an administrative expense of the estate, all amounts to which Landlord is entitled under the terms of the Lease, including without limitation all accrued and accruing Unpaid Post-Petition Rent from~~<u>Landlord hereby waives its claim for payment of any obligations arising from and after</u> the Petition Date through ~~the date Landlord regains possession of the Premises at a per diem rate of $155.60.~~<u>and including the date of rejection of the Lease, provided that Landlord reserves the right to file a claim for any unpaid prepetition amounts and/or any rejection damage claim.</u>

4. Any Remnant Assets remaining at the Premises on the date of entry of this Order hereby are deemed abandoned<u> to the Landlord, free and clear of all liens, claims and encumbrances</u>, and the Landlord shall be free to dispose of the Remnant Assets in its discretion without further order of the Court.

5.    This Order shall be effective immediately upon entry and any stay or 14-day notice or waiting period is hereby waived.

6.    This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and enforcement of this Order.