IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE UNREDACTED VERSION OF NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their proposed undersigned counsel, file this motion (this "**Seal Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1(b) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Debtors to (a) file an affidavit of service attaching a redacted version of the *Notice of Proposed Assumption and Assignment of Executory Contracts* (the "**Cure Notice**"), served pursuant to the *Order (I)(A) Establishing Bidding Procedures Relating to the Sale of the Debtors' Resident Program Assets, Including Approving a Break-Up Fee, (B) Establishing*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

*Procedures Relating to the Assumption and Assignment of Certain Executory Contracts, Including Notice of Proposed Cure Amounts, (C) Approving Form and Manner of Notice Relating Thereto, and (D) Scheduling a Hearing to Consider the Proposed Sale* (the "**Bidding Procedures Order**") [D.I. 249], and (b) not include the names and email addresses (or other contact information) for the Residents on the affidavit of service. In support of this Seal Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Seal Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested in this Seal Motion are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).

## BACKGROUND

**A.    General Background Regarding the Debtors**

3. On June 30, 2019 and July 1, 2019 (the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

4. A description of the Debtors' businesses and the reasons for commencing the Chapter 11 Cases are set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2] (the "**First Day Declaration**"), which is incorporated herein by reference.

5. On July 9, 2019, the Debtors filed the *Debtors' Motion for Entry of Orders (I)(A) Establishing Bidding Procedures Relating to the Sale of the Debtors' Resident Program Assets, Including Approving a Break-Up Fee, (B) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts, Including Notice of Proposed Cure Amounts, (C) Approving Form and Manner of Notice Relating Thereto, and (D) Scheduling a Hearing to Consider the Proposed Sale; (II)(A) Approving the Sale of the Debtors' Resident Program Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts; and (III) Granting Related Relief* (the "**Resident Program Assets Sale Motion**") [D.I. 142].

6. On July 19, 2019, the Court entered the Bidding Procedures Order with respect to the Resident Program Assets Sale Motion, which included, among other things, approval and authorization for the Debtors to serve various notices in connection with the proposed sale.

7. Specifically, the Bidding Procedures Order approved the form of the Cure Notice, to be sent to all counterparties to executory contracts whose contracts were designated for possible assumption by the Debtors and assignment to the Stalking Horse Bidder or Successful Bidder (each as defined in the Resident Program Assets Sale Motion).

8. On July 23, 2019, the Debtors served the Cure Notice on the applicable counterparties. The complete list attached to the unredacted Cure Notice includes all of the

residents and fellows at Hahnemann University Hospital (collectively, the "**Residents**"), indicating a $0 cure amount, as the employment agreements of the Residents who choose to continue their training with the Stalking Horse Bidder or the Successful Bidder may be assumed and assigned to the Stalking Horse Bidder or Successful Bidder, as applicable. Residents will also receive a copy of the Auction and Sale Notice and the Residents' Notice, each as defined in the Bidding Procedures Order (collectively herein the Cure Notice, the Auction and Sale Notice, and the Residents' Notice are referred to as the "**Notices**").

9. In order to protect the privacy of the individual Residents, and to mitigate, to the greatest extent possible, any further negative impact on the Residents resulting from these bankruptcy cases and the closure of Hahnemann University Hospital, the Debtors believe it is appropriate to file a redacted version of the Cure Notice with the affidavit of service related thereto, and for the affidavit of service with respect to service of the Notices to not list the names and email addresses of each of the Residents.

## RELIEF REQUESTED

10. By this Seal Motion, the Debtors request that the Court enter the Proposed Order, authorizing the Debtors to (a) file a redacted version of the Cure Notice as an attachment to the affidavit of service related thereto, and (b) not include the names and email addresses (or other contact information) for the Residents on the affidavit of service.

## BASIS FOR RELIEF

11. Section 107(b) of the Bankruptcy Code enables the court to issue orders that protect parties from the potential harm that could result from disclosing confidential information. Specifically, section 107(b) provides, in part, that:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . .

4

protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

12. Bankruptcy Rule 9018 further sets forth the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code, and provides that:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

13. If the court finds that an interested party is requesting information covered by section 107(b) of the Bankruptcy Code "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.,* 21 F.3d 24, 27 (2d. Cir. 1994). Delaware courts have defined "commercial information" as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp,* 353 B.R. 66, 75 (Bankr. D. Del. 2006) (*quoting In re Orion Pictures Corp.*, 21 F.3d at 27-28).

14. Here, sufficient cause exists for the Court to grant this Seal Motion. The Cure Notice includes the names of all the Residents and, absent the relief sought herein, the affidavit of service would include their personal contact information. The Residents are all practicing physicians serving an inner-city hospital, and have a vested interest in preserving their privacy. The Residents' personal contact information has no bearing on the case, and the Debtors' claims agent will keep a record of all parties who were sent a copy of the Cure Notice in case any disputes later arise with respect to whether notice was provided to a particular Resident.

15. For the above reasons, the Debtors request that the Court permit the Debtors to file a redacted version of the Cure Notice as an attachment to the affidavit of service related thereto, and not include the names and email addresses (or other contact information) for the Residents on the affidavit of service.

16. The Debtors will provide an unredacted version of the Cure Notice to the Court, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), counsel to the Stalking Horse Bidder, counsel for any other Qualified Bidder, counsel for the Committee, and other parties as otherwise ordered or required by the Court or determined by the Debtors on a confidential basis, subject to Local Rule 9018-1(d).

## NOTICE

17. The Debtors have provided notice of the filing of the Seal Motion to: (i) the Office of the United States Trustee; (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of page intentionally left blank*]

35665022.1 07/23/2019

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: July 23, 2019                              **SAUL EWING ARNSTEIN & LEHR LLP**

                              By:    */s/ Aaron S. Applebaum*
                                     Mark Minuti (DE Bar No. 2659)
                                     Monique B. DiSabatino (DE Bar No. 6027)
                                     1201 N. Market Street, Suite 2300
                                     P.O. Box 1266
                                     Wilmington, DE  19899
                                     Telephone: (302) 421-6800
                                     Fax: (302) 421-5873
                                     mark.minuti@saul.com
                                     monique.disabatino@saul.com

                                             -and-

                                     Jeffrey C. Hampton
                                     Adam H. Isenberg
                                     Aaron S. Applebaum (DE Bar No. 5587)
                                     Centre Square West
                                     1500 Market Street, 38th Floor
                                     Philadelphia, PA 19102
                                     Telephone: (215) 972-7700
                                     Fax: (215) 972-7725
                                     jeffrey.hampton@saul.com
                                     adam.isenberg@saul.com
                                     aaron.applebaum@saul.com

                                     *Proposed Counsel for Debtors and*
                                     *Debtors in Possession*