# EXHIBIT B

**Blackline Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) <br> ) <br> ) ~~Joint Administration Requested~~ <br> ) |
| Debtors. | ) Jointly Administered <br> ) <br> ) Re: Docket Nos. ——13 and ——79 |

**FINAL ORDER AUTHORIZING THE DEBTORS TO (I) CONTINUE INSURANCE COVERAGE ENTERED INTO PREPETITION AND SATISFY PREPETITION OBLIGATIONS RELATED THERETO; (II) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE INSURANCE POLICIES; (III) HONOR THE TERMS OF PREMIUM FINANCING AGREEMENT AND PAY PREMIUMS THEREUNDER; AND (IV) ENTER INTO NEW PREMIUM FINANCING AGREEMENTS IN THE ORDINARY COURSE OF BUSINESS**

Upon consideration of the motion (the "**Motion**")[2] for entry of a final order (this "**Final Order**") granting Debtors authority to (i) continue insurance coverage entered into prepetition and satisfy prepetition obligations related thereto, (ii) renew, amend, supplement, extend or purchase Insurance Policies, (iii) honor the terms of the Premium Financing Agreement and pay premiums thereunder, and (iv) enter into new Premium Financing Agreements in the ordinary course of business, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the First Day Declaration in support thereof; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered statements in support of the Motion on an interim basis at the hearing held before this Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to continue the Insurance Policies,[3] and, in their sole discretion, pay and honor any prepetition amounts outstanding under, or postpetition obligations related to, the Insurance Policies in the ordinary course of business and to pay any prepetition amounts due in connection therewith.

3. The Debtors are authorized, but not directed, to pay prepetition amounts due in connection with Mcare and to continue to make payments on account of postpetition Mcare obligations in the ordinary course of business.

---

[3] For the avoidance of doubt, the term Insurance Policies shall include all insurance policies (including those providing workers' compensation coverage) issued or providing coverage at any time to the Debtors, whether expired, current or prospective, and any agreements related thereto, whether or not listed on Exhibit C to the Motion.

2

4. The Debtors are authorized, but not directed, to renew, amend, supplement, extend, or purchase insurance policies, and to enter into premium financing agreements as necessary, to the extent that the Debtors determine, in their sole discretion, that such action is in the best interest of their estates.

5. The Debtors are authorized, but not directed, to pay any Insurance Deductibles in the ordinary course of business without further Court order.

6. The Debtors are, in their sole discretion, authorized to honor their obligations related to the Premium Financing Agreement without interruption and in accordance with the same practices and procedures as were in effect prior to the commencement of the Debtors' Chapter 11 Cases.

7. The Debtors are authorized, but not directed, to pay any Brokerage Fees in the ordinary course of business without further Court order.

8. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any ~~prepetition~~ claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any ~~prepetition~~ claim on any grounds; (c) a promise or requirement to pay any ~~prepetition~~ claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

9. <u>Nothing herein (a) alters or amends the terms and conditions of any of the Insurance Policies or relieves the Debtors or applicable insurance carriers of any of their obligations under the Insurance Policies; or (b) creates a direct right of action against any</u>

3

insurers or third party administrators where such right of action does not already exist under non-bankruptcy law.

10.    ~~9.~~ The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this ~~Interim~~ Final Order.

11.    ~~10.~~ The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Insurance Policies.

12.    ~~11.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

13.    ~~12.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this ~~Interim~~ Final Order are immediately effective and enforceable upon its entry.

14.    ~~13.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15.    ~~14.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this ~~Interim~~ Final Order.

4