**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a ) | Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* ) | |
| *al.*,[1] ) | Jointly Administered |
| ) | |
| Debtors. ) | **Hearing Date: August 16, 2019 at 10:00 a.m.** |
| ) | **Objection Deadline: August 8, 2019 at 10:00 a.m.** |

**DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
KLEHR HARRISON HARVEY BRANZBURG LLP AS SPECIAL
COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Center City Healthcare, LLC d/b/a Hahnemann University Hospital, and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (these "**Chapter 11 Cases**"), by and through their proposed undersigned counsel, hereby submit this application (this "**Application**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the retention and employment of Klehr Harrison Harvey Branzburg LLP ("**Klehr Harrison**") as special counsel to the Debtors in connection with matters adverse to Drexel University College of Medicine ("**Drexel**"), *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors rely on the declaration of Domenic E. Pacitti, Esquire (the "**Pacitti Declaration**"), a copy of which is attached hereto as **Exhibit B**, and the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

declaration of Allen Wilen (the "**Wilen Declaration**"), a copy of which is attached hereto as **Exhibit C**, and respectfully represent as follows:

### Jurisdiction And Venue

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 2014-1.

### Background

4. On June 30, 2019 and July 1, 2019 (the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

5. A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2] (the "**First Day Declaration**"), which is incorporated by reference herein.

## Relief Requested

6. By this Application, the Debtors respectfully request the entry of an Order, substantially in the form of the Proposed Order, authorizing the Debtors to employ and retain Klehr Harrison as special bankruptcy counsel to the Debtors, *nunc pro tunc* to the Petition Date

## Basis for Relief Requested

### I.    Klehr Harrison's Qualifications

7. The Debtors selected Klehr Harrison to serve as special counsel in these Chapter 11 Cases based upon, among other things, (i) Klehr Harrison's familiarity with the Debtors' operations due to, *inter alia*, its prior representation of the Debtors and certain of their affiliates in connection with certain real estate matters, (ii) the depth of Klehr Harrison's knowledge of the healthcare industry and its extensive experience and excellent reputation in providing healthcare transactional services, and (iii) Klehr Harrison's recognized expertise and extensive experience and knowledge in the field of business reorganizations under chapter 11 of the Bankruptcy Code. Based on these factors, the Debtors believe that Klehr Harrison is well-qualified to represent them in these Chapter 11 Cases.

## Services to Be Provided

8. The Debtors respectfully submit that it will be necessary to employ and retain Klehr Harrison to serve as special counsel pursuant to section 327(e) of the Bankruptcy Code to render solely the following services as directed by the Debtors (the "**Services**"):

-3-

    a. advise and assist the Debtors in all respects regarding their rights, powers and duties in connection to matters adverse to Drexel University ("**Drexel**") including, without limitation, the review, analysis, negotiation and litigation of any claims or actions involving Drexel in which the Debtors hold an adverse interest,;

    b. advise and assist the Debtors regarding real estate matters that may arise in the Chapter 11 Cases; and

    c. advise and assist the Debtors in all respects regarding other matters on behalf of the Debtors in which SEAL (defined below) has a potential conflict of interest.

9. By separate application or motion, the Debtors have requested Court approval of the retentions of: (i) EisnerAmper LLP to provide a chief restructuring officer, an interim system chief executive officer and related services; (ii) SSG Advisors LLP as investment banker; (iii) Omni Management Group as claims and noticing agent and administrative advisor; and (iv) Saul Ewing Arnstein & Lehr LLP ("**SEAL**") as special counsel to the Debtors. In addition, the Debtors also may file motions or applications to employ additional professionals.

10. These professionals work, and will continue to work, under the direction of the Debtors' management. The Debtors' management is committed to minimizing duplication of services to reduce professional costs. Given SEAL's representation of Drexel in other matters, and in order to avoid any potential conflict of interest, SEAL will not be partaking in any legal matters or issues in which the Debtors are adverse to Drexel. Klehr Harrison is therefore being retained by the Debtors, subject to Court approval, solely to provide advice and other assistance in matters adverse to Drexel and with respect to the other Services set forth above. SEAL shall represent the Debtors in all other matters not set forth in the Services to be performed by Klehr Harrison.

**Terms of Retention**

11. Subject to approval by the Court, the Debtors propose to employ and retain Klehr Harrison to serve as special counsel in connection with the Services set forth above on the terms and conditions set forth herein and in the Proposed Order.

12. The terms of Klehr Harrison's employment provide generally that certain attorneys and other personnel within the Firm will undertake this representation at their standard hourly rates, and that Klehr Harrison will be reimbursed for reasonable and necessary expenses, subject to the approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and other applicable orders of this Court.

13. The present hourly rates for attorneys and paralegals of the Firm are set forth in the Pacitti Declaration attached hereto. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and to reflect increased expertise and experience in one's area of law. In addition, pursuant to the Engagement Agreement, Klehr Harrison has agreed to a discount on its invoices equal to 10% of the fees included in each invoice.

14. Klehr Harrison will also seek reimbursement for reasonable and necessary expenses incurred, which may include, among other things, travel expenses, work-related meals, telephone and facsimile (outgoing only), tolls and other charges, mail and express or overnight mail charges, special or hand delivery charges, document processing, photocopying (not to exceed $0.10 per page), scanning and printing charges, vendor charges, computerized research, transcription costs, filing fees, non-ordinary overhead expenses (which shall *not* include secretarial or other overtime) and other out-of-pocket expenses incurred in providing professional services to the Debtors. Klehr Harrison will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

15. Klehr Harrison will file fee applications with the Court, and be paid in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court.  Klehr Harrison also intends to make a reasonable effort to comply with the UST's requests for information and additional disclosures, as set forth in the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under United States Code by Attorneys in Larger Chapter 11 Cases* (the "**UST Guidelines**").

16. Klehr was retained by the Debtors pursuant to an engagement letter as of May 1, 2019 (the "**Engagement Agreement**").  In accordance with the Initial Engagement Agreement, on April 30, 2019, Klehr Harrison received a retainer in the amount of $40,000 (the "**Retainer**").  On June 30, 2019, Klehr Harrison drew down on the Retainer balance in the amount of $22,272.90.  The remainder of the Retainer, in the amount of $17,727.10, will constitute an advance security retainer to be applied against Klehr Harrison's allowed fees and expenses, except as permitted by the Court.

17. As set forth in the Pacitti Declaration, Klehr Harrison has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

## Klehr Harrison's Disinterestedness

18. Bankruptcy Code section 327(e) empowers the debtor, with the Court's approval, to employ, for a special purpose, attorneys that have represented the debtors, if employment in the best interest of the estate, and if the attorney "does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).

-6-

19. As described in detail in the attached Pacitti Declaration, Klehr Harrison has conducted a search of its conflict database with respect to the Debtors and a list of parties in interest and potential parties in interest in these chapter 11 cases. The scope of that conflicts search is set out on **Exhibit 1** to the Pacitti Declaration and the results of the conflicts search are set forth on **Exhibit 2** to the Pacitti Declaration. Based on the results of the conflicts search, Klehr Harrison has informed the Debtors that, except as may be set forth in the Pacitti Declaration, Klehr Harrison (a) does not hold or represent any interest adverse to the Debtors' estates, and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

20. Klehr Harrison has also informed the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Klehr Harrison will supplement its disclosure to the Court.

21. For the reasons set forth above, the Debtors submit that Klehr Harrison's employment is necessary and in the best interests of the Debtors and their estates.

### *Nunc Pro Tunc* Approval

22. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986). The complexity and speed that have characterized these chapter 11 cases have necessitated that the Debtors, Klehr Harrison and the Debtors' other professionals focus their immediate attention on time-sensitive matters and promptly devote substantial resources to these chapter 11 cases, pending submission and approval of this Application. Upon information

and belief, no party-in-interest would be prejudiced by the granting of the relief requested herein on a *nunc pro tunc* basis.

### Notice

23. The Debtors have provided notice of the filing of the Motion to: (i) the Office of the United States Trustee; (ii) counsel to the official committee of unsecured creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Human Services; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtors respectfully request entry of an order, in a form substantially similar to the Proposed Order, and pursuant to section 327(e) of the Bankruptcy Code, authorizing and approving the employment of Klehr Harrison as special counsel to the Debtors in these Chapter 11 Cases, effective as of the Petition Date, and granting such other and further relief as may be just and proper.

Dated: July 25, 2019

Philadelphia Academic Health System, LLC
(for itself and on behalf of its affiliates
Debtors as debtors and debtors in
possession)

By: */s/ Allen Wilen*_____
Name: Allen Wilen
Title: Chief Restructuring Officer