# **EXHIBIT A**

# **PROPOSED ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) ) ) ) | Case No. 19-11466 (KG) Jointly Administered |
| Debtors. | ) ) ) | Re: Docket No. ___ |

**ORDER PURSUANT TO 11 U.S.C. § 327 AUTHORIZING AND EMPLOYMENT OF KLEHR HARRISON HARVEY BRANZBURG LLP AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the application (the "**Application**")[2] of the Debtors for entry of an order authorizing and approving the employment of Klehr Harrison Harvey Branzburg LLP ("**Klehr Harrison**") as special counsel to the Debtors, *nunc pro tunc* to the Petition Date; and upon the Pacitti Declaration and the Wilen Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper notice of the Application has been given and that no further notice or hearing is required; and, based upon the Pacitti Declaration, this Court being satisfied that (i) Klehr Harrison represents no interest adverse to the Debtors' estates, creditors,

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

or equity holders, (ii) Klehr Harrison, to the extent required, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and (iii) the employment of Klehr Harrison is necessary and would be in the best interest of the Debtors and their estates; and after due deliberation, and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 327(e) of the Bankruptcy Code, the Debtors are authorized to employ and retain Klehr Harrison as special counsel to the Debtors, *nunc pro tunc* to the Petition Date.

3. Klehr Harrison shall apply for compensation and professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court.

4. Klehr Harrison also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the UST Guidelines, both in connection with this Application and the interim and final fee applications to be filed by the Firm in these Chapter 11 Cases.

5. Klehr Harrison shall exhaust the Retainer in satisfaction of allowed compensation and reimbursement awarded before seeking additional payments from the Debtors on account of such allowed awards.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

-2-

PHIL1 8109146v.3
35272929.7 07/25/2019

7.   This Court has and shall retain exclusive jurisdiction to hear and determine all matters arising from the interpretation or implementation of this Order.