IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a ) | Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, ) | |
| et al.,[1] ) | Jointly Administered |
| ) | |
| Debtors. ) | |
| ) | Re: Docket No. 302 |

**MOTION OF TENET BUSINESS SERVICES CORPORATION
AND CONIFER REVENUE CYCLE SOLUTIONS, LLC FOR ENTRY OF
AN ORDER AUTHORIZING TENET BUSINESS SERVICES CORPORATION AND
CONIFER REVENUE CYCLE SOLUTIONS, LLC TO FILE EXHIBITS UNDER SEAL**

Tenet Business Services Corporation ("Tenet") and Conifer Revenue Cycle Solutions, LLC ("Conifer") respectfully state the following in support of this motion:

**Relief Requested**

1. Tenet and Conifer seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) authorizing Tenet and Conifer to file under seal the exhibits (the "Exhibits")[2] appended to the *Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for Entry of an Order (I) Compelling Payment of All Unpaid Postpetition Amounts Pursuant to 11 U.S.C. § 503(b)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA and MSA*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] The Exhibits include (a) the termination notice Tenet and Conifer sent the Debtors on May 2, 2019, (b) the TSA, (c) the MSA, and (d) a dispute notice PAHS sent Tenet on November 20, 2018.

LEGAL:41136-27:63260814.2:

(the "Motion")[3] and (b) directing that the Exhibits shall remain under seal and confidential and not be made available to anyone without the express consent of Tenet and Conifer, except to (i) the Court, (ii) the United States Trustee for the District of Delaware (the "U.S. Trustee"), (iii) the advisors to the Official Committee of Unsecured Creditors (the "Committee") on a confidential, "professionals' eyes only" basis, and (iv) MidCap Financial Trust ("MidCap"), as DIP lender.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Tenet and Conifer confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 9018, and Local Rule 9018-1.

---

[3] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

## Basis for Relief

5.  Pursuant to section 107(b) of the Bankruptcy Code, a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

*Id.* Section 105(a) of the Bankruptcy Code, in turn, codifies the inherent equitable powers of bankruptcy courts and empowers them to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

6.  Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Further, Local Rule 9018-1(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

7.  If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *accord In re Global Crossing, Ltd.*, 295 B.R. 720, 723 n.7 (Bankr. S.D.N.Y. 2003). Put otherwise, section 107(b) of the

Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

8. "Commercial information"—"information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor'"—is one category of information within the scope of section 107(b) of the Bankruptcy Code. *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27–28); *see Global Crossing*, 295 B.R. at 725 (holding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature).

9. Here, the Exhibits contain sensitive commercial information, thus satisfying one of the categories enumerated in section 107(b) of the Bankruptcy Code. The Exhibits include confidential agreements between Tenet, Conifer, and the Debtors, as well as correspondence

related thereto, which describes aspects of the confidential agreements. A broad publication of this information would be inappropriate and materially harmful to Tenet and Conifer's business. It is of critical importance to Tenet and Conifer that the details of the Exhibits be kept confidential so that their competitors may not use the information contained therein to gain a strategic advantage over Tenet and Conifer in the marketplace. This information is not public, and disclosure of this commercial information could cause significant injuries to Tenet and Conifer.

10. Because the Exhibits contain highly confidential and sensitive commercial information, Tenet and Conifer submit that they should be authorized to file the Exhibits under seal. Tenet and Conifer submit that other parties in interest will not be materially prejudiced because the Exhibits will be reviewed by the Court, the U.S. Trustee, the Committee, and MidCap. Further, any party in interest can request that Tenet and Conifer permit them to review the Exhibits or file a motion to unseal the Exhibits.

### Notice

11. Tenet and Conifer have provided notice of this motion to: (a) counsel to the Debtors; (b) the Office of the United States Trustee; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to MidCap Funding IV Trust; (e) Drexel University d/b/a Drexel University College of Medicine; (f) the Debtors' unions; (g) the Internal Revenue Service; (h) the United States Attorney for the District of Delaware; (i) the United States Department of Justice; (j) the Pennsylvania Attorney General's Office; (k) the Pennsylvania Department of Human Services; (l) the City of Philadelphia; and (m) all applicable federal, state and local taxing and regulatory authorities having jurisdiction over the Assets; and (n) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy

Rule 2002. Tenet and Conifer submit that, under the circumstances, such notice constitutes good and sufficient notice of this motion and no other or further notice need be given.

### No Prior Request

12. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, Tenet and Conifer respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: July 26, 2019          PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
        tcairns@pszjlaw.com

- and -


KIRKLAND & ELLIS LLP
Stephen C. Hackney, P.C.
Gregory F. Pesce (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  stephen.hackney@kirkland.com
        gregory.pesce@kirkland.com

-and-


KIRKLAND & ELLIS LLP
Nicole L. Greenblatt, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  nicole.greenblatt@kirkland.com

*Counsel to Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC*