**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC, d/b/a<br>HAHNEMANN UNIVERSITY HOSPITAL,<br>*et al.*,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br>(Jointly Administered)<br><br>**Objection Deadline: 8/13/2019 at 4:00 p.m.**<br>**Hearing Date: 9/24/2019 at 10:00 a.m.** |

**APPLICATION OF PATIENT CARE OMBUDSMAN**
**FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION**
**AND EMPLOYMENT OF SAK MANAGEMENT SERVICES, LLC, AS**
**MEDICAL OPERATIONS ADVISOR, *NUNC PRO TUNC* AS OF JULY 3, 2019**

Suzanne Koenig, the patient care ombudsman (the "**Ombudsman**") appointed in the Chapter 11 cases of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, Case No. 19-11466 (KG) (the "**Cases**"), submits this application (the "**Application**") for entry of an Order, pursuant to sections 105, 330 and 333 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of SAK Management Services, LLC ("**SAK**"), as medical operations advisor for the Ombudsman, *nunc pro tunc* as of July 3, 2019. The facts and circumstances supporting this Application are as set forth herein and in the Affidavit of Suzanne Koenig (the "**Koenig Affidavit**"), attached

---

[1] The "**Debtors**" in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

hereto as **Exhibit A** and incorporated herein by reference.  In further support of this Application, the Ombudsman respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief sought herein are sections 105, 330 and 333 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## BACKGROUND

3.      On June 30, 2019 and July 1, 2019 (together, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

4.      On July 2, 2019, this Court entered an order directing the appointment of a patient care ombudsman.  [Docket No. 83] On July 3, 2019, the Office of the United States Trustee appointed Suzanne A. Koenig as the Ombudsman in these Cases.  [Docket No. 95]

5.      The Ombudsman is President of SAK, which specializes in the management of distressed health care businesses.  Although the Ombudsman has vast experience in distressed health care businesses and has acted as an ombudsman in other cases, the Ombudsman nonetheless requires the assistance of SAK's employees in reviewing the operations of the Debtors to appropriately and adequately discharge her duties as Ombudsman in these Cases.

## RELIEF REQUESTED

6.      By this Application, the Ombudsman respectfully requests that this Court enter an Order authorizing the Ombudsman to employ and retain SAK as her medical operations advisor

2

in these Cases, pursuant to sections 105, 330 and 333 of the Bankruptcy Code, *nunc pro tunc* as of July 3, 2019.

7.    The Ombudsman has determined that SAK has the resources and experience necessary to assist her in the fulfillment of her duties as Ombudsman.  SAK has substantial experience in the health care industry and is nationally recognized for its healthcare consulting services.

8.    Under the leadership of the Ombudsman, as founder and President, SAK has represented debtors, trustees, examiners, financial institutions and creditor committees.  SAK has assisted the Ombudsman in numerous other bankruptcy cases, including *In re Illinois Skin, Inc.,* Chapter 7 Case No. 06-16098 (MB) (Bankr. N.D. Ill.); *In re Dari Ann Ungaretti,* Chapter 7 Case No. 06-16094 (MB) (Bankr. N.D. Ill.); *In re Bayonne Medical Center*, Chapter 11 Case No. 07-15195 (Bankr. D. N.J.); *In re New York Westchester Square Medical Center*, Chapter 11 Case No. 06-13050 (Bankr. S.D.N.Y.); *In re Upland Surgical Institute*, Chapter 11 Case No. 06-11298 (Bankr. S.D. Cal.); *In re Brotman Medical Center Inc.*, Case No. 07-19705 (Bankr. C.D. Cal.); *In re Meridian Behavioral Health, LLC*, Case No. 11-10860 (Bankr. S.D.N.Y.); *In re Christ Hospital*, Case No. 12-12906 (Bankr. D. N.J.); *In re ICL Holding Company, Inc., et al.*, Case No. 12-13319 (Bankr. D. Del.); *In re Horizon Health Center, Inc.*, Case No. 13-26348 (Bankr. D. N.J.); *In re Fairmont General Hospital, Inc., et al.*, Case No. 13-01054 (Bankr. N.D. W. Va.) and *In re Curae Health, Inc.*, Case No. 18-05665 (Bankr. M.D. Tenn.). Given the nature of these Cases and the specific duties of the Ombudsman required under section 333 of the Bankruptcy Code, the Ombudsman believes that retention of SAK is appropriate and necessary and will allow her to discharge her duties in the most effective, efficient and timely manner.

*ACTIVE 44724712v2*

## SCOPE OF EMPLOYMENT

9.    The professional services that the Ombudsman expects SAK to render include, but shall not be limited to, the following:

    (a)    Conducting interviews of patients, family members, guardians and facility staff as required;

    (b)    Reviewing license and governmental permits;

    (c)    Reviewing adequacy of staffing, supplies and equipment;

    (d)    Reviewing safety standards;

    (e)    Reviewing facility maintenance issues or reports;

    (f)    Reviewing patient, family, staff or employee complaints;

    (g)    Reviewing risk management reports;

    (h)    Reviewing litigation relating to the Debtors;

    (i)    Reviewing patient records;

    (j)    Reviewing any possible sale, closure or restructuring of the Debtors and how it impacts patients;

    (k)    Reviewing other information, as applicable to the Debtors and these Cases, including, without limitation, patient satisfaction survey results, regulatory reports, utilization review reports, discharged and transferred patient reports, staff recruitment plans and nurse/patient/acuity staffing plans;

    (l)    Reviewing various financial information, including, without limitation, current financial statements, cash projections, accounts receivable reports and accounts payable reports to the extent such information may impact patient care; and

    (m)    Assisting the Ombudsman with such other services as may be required under the circumstances of these Cases, including any diligence or investigation required for the reports to be submitted by the Ombudsman.

4

10.     Subject to the Court's approval of this Application, SAK has indicated that it is willing to serve as the Ombudsman's medical operations advisor in these Cases to perform the services described above.

### SAK DOES NOT HOLD OR REPRESENT ANY ADVERSE INTEREST

11.     As set forth in greater detail in the Koenig Affidavit, SAK has completed a conflicts check of the names set forth on **Exhibit 1** to the Koenig Affidavit (collectively, the "**Potentially Interested Parties**").  This inquiry revealed that SAK has relationships with certain of the Potentially Interested Parties in matters unrelated to the Debtors or these Cases, which relationships are disclosed on **Exhibit 2** to the Koenig Affidavit.

12.     To the best of the Ombudsman's knowledge, based upon the Koenig Affidavit, SAK (a) does not hold or represent any interest adverse to the Debtors or their respective chapter 11 estates, creditors or any other party in interest and (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

13.     To the best of the Ombudsman's knowledge, the SAK professionals who will work on this matter are not relatives of the Honorable Kevin Gross, the Bankruptcy Judge presiding over these Cases or the United States Trustee.

### COMPENSATION AND REIMBURSEMENT OF EXPENSES

14.      Subject to Court approval, and in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court and the rules and other procedures that may be fixed by the Court, the Ombudsman requests that SAK be compensated on an hourly basis, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered, plus reimbursement of the actual and necessary expenses SAK incurs, including, but not limited to, mail and express mail charges, special or hand delivery

5

charges, photocopying charges, courier services, overnight delivery services, docket and court filing fees, telecommunications, travel expenses, expenses for working meals, computerized research and any other incidental costs advanced by SAK specifically for these matters, at the rates commonly charged for such costs to other SAK clients. In addition, SAK has advised the Ombudsman that it intends to seek compensation for all time and expenses associated with its retention as a professional, including the preparation of this Application, the Koenig Affidavit, and related documents, as well as any monthly, interim or final fee applications.

15.     SAK has advised the Ombudsman that the current hourly rates applicable to the principal professionals proposed to be employed by the Ombudsman are:

| Professional | Rate Per Hour |
| --- | --- |
| Suzanne Koenig | $400 |
| Joyce Ciyou | $375 |
| Anzhelika Shatrov | $375 |
| Danielle Prosperini | $100 |

16.     Other professionals will render services to the Ombudsman as needed. Generally, SAK's hourly rates range between $175 and $450. The Ombudsman understands that SAK's hourly rates are subject to periodic adjustments to reflect economic and other conditions. The hourly rates will likely be adjusted upward as of January 1, 2020 and annually thereafter.

## BASIS FOR RELIEF

17.     Courts have approved the engagement of professionals by the court-appointed Ombudsman pursuant to sections 330 and 333 of the Bankruptcy Code. *See In re Illinois Skin, Inc.,* Chapter 7 Case No. 06-16098 (MB) (Bankr. N.D. Ill.); *In re Dari Ann Ungaretti,* Chapter 7 Case No. 06-16094 (MB) (Bankr. N.D. Ill.); *In re Bayonne Medical Center*, Chapter 11 Case No. 07-15195 (Bankr. D. N.J.); *In re New York Westchester Square Medical Center*, Chapter 11 Case No. 06-13050 (Bankr. S.D.N.Y.); *In re Atlantic Health Services, Inc.,* Chapter 11 Case No. 06-

6

10356 (PM) (Bankr. D. Md.); *In re Upland Surgical Institute*, Chapter 11 Case No. 06-11298 (Bankr. S.D. Cal.); *In re Brotman Medical Center Inc.*, Case No. 07-19705 (Bankr. C.D. Cal.); *In re Meridian Behavioral Health, LLC*, Case No. 11-10860 (Bankr. S.D.N.Y.); *In re Christ Hospital*, Case No. 12-12906 (Bankr. D. N.J.); *In re ICL Holding Company, Inc., et al.*, Case No. 12-13319 (Bankr. D. Del.); *In re Horizon Health Center, Inc.*, Case No. 13-26348 (Bankr. D. N.J.); *In re Fairmont General Hospital, Inc., et al.*, Case No. 13-01054 (Bankr. N.D. W. Va.) and *In re Curae Health, Inc.*, Case No. 18-05665 (Bankr. M.D. Tenn.).  Furthermore, section 330 specifically provides that the Court may award an ombudsman appointed under section 333 "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person."  Section 333 specifically grants bankruptcy courts authority to compensate the professionals of the Ombudsman.

18.     Other authority exists to grant this Application and approve the appointment of professionals for the Ombudsman.  The appointment of the Ombudsman is analogous to the appointment of an examiner, and, in many cases, courts have authorized examiners to employ professionals notwithstanding the absence of express authorization in the Bankruptcy Code for such employment, pursuant to section 105 of the Bankruptcy Code.  *See, e.g., In re Enron*, Case No. 01-16034 (Bankr. S.D.N.Y. 2001, A. Gonzalez) (allowing examiner to retain professionals); *In re Southmark Corp.*, 113 B.R. 280, 283 (Bankr. N.D. Tex. 1990) (allowing examiner to retain professionals where appropriate to carry out subjective provisions if the Code); *In re Tighe Mercantile, Inc.*, 62 B.R. 995, 1000 (Bankr. S.D. Cal. 1986) (holding that ". . . in appropriate circumstances, a bankruptcy court may rely on §105(a) to authorize examiners to employ professional persons."); 7 *Collier on Bankruptcy*, ¶ 1104.03[5], at 49-50 (15th ed. rev. 2006)

7

(recognizing that, although the Bankruptcy Code does not expressly authorize examiners to retain professionals to assist in investigations, "it may be preferable to authorize an examiner to retain professionals when necessary for a complete investigation.").

19.     Thus, the Application should be granted by this Court to allow the Ombudsman to employ SAK to assist her in the fulfillment of her duties in these Cases. *See generally* 3 *Collier on Bankruptcy,* ¶333.05[1], at 1 (15th ed. rev. 2006) ("If the healthcare business is large or complicated, the ombudsman could be expected to retain professionals to assist in the discharge of the ombudsman's duties.").

### *NUNC PRO TUNC* RETENTION AS OF JULY 3, 2019

20.     The Ombudsman requests that the retention and employment of SAK be approved *nunc pro tunc* as of July 3, 2019, the date of the Ombudsman's appointment by the Court in order to allow SAK to be compensated for the work it has performed for the Ombudsman since her appointment, but prior to the Court's consideration of this Application.

### NOTICE

21.     Notice of this Application has been provided to (i) the Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to MidCap Funding IV Trust; (iv) counsel to the Committee; and (v) any party  that has requested notice pursuant to Bankruptcy Rule 2002.

22.     No previous motion for the relief sought herein has been made to this or any other court.

*ACTIVE 44724712v2*

**WHEREFORE**, based upon the foregoing, the Ombudsman respectfully requests that the Court enter an order (a) granting this Application, (b) authorizing the Ombudsman to retain and employ SAK Management Services, LLC, *nunc pro tunc* as of July 3, 2019, and (c) granting such other and further relief as this Court may deem just and proper.

Dated: July 29, 2019

**SUZANNE KOENIG, AS COURT APPOINTED**
**PATIENT CARE OMBUDSMAN**


By:  /s/ *Suzanne A. Koenig*
        Suzanne A. Koenig, solely in her capacity as
        Patient Care Ombudsman

*ACTIVE 44724712v2*