# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>(Jointly Administered)<br><br>**Objection Deadline: 8/13/2019 at 4:00 p.m.**<br>**Hearing Date: 9/24/2019 at 10:00 a.m.** |

## APPLICATION OF PATIENT CARE OMBUDSMAN FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GREENBERG TRAURIG, LLP AS COUNSEL, *NUNC PRO TUNC* AS OF JULY 3, 2019

Suzanne Koenig, the patient care ombudsman (the "**Ombudsman**") appointed in the Chapter 11 cases of Center City Healthcare, LLC, *et al.*, Case No. 19-11466 (KG) (the "**Cases**"), submits this application (the "**Application**") for entry of an Order, pursuant to sections 105, 330 and 333 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of the law firm of Greenberg Traurig, LLP ("**Greenberg Traurig**"), as counsel for the Ombudsman, *nunc pro tunc* as of July 3, 2019. The facts and circumstances supporting this Application are as set forth herein and in the Affidavit of Nancy A. Peterman in Support of the Application (the "**Peterman Affidavit**") annexed hereto as **Exhibit A** and incorporated herein by reference. In further support of this Application, the Ombudsman respectfully represents as follows:

---

[1] The "**Debtors**" in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 105, 330 and 333 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## BACKGROUND

3. On June 30, 2019 and July 1, 2019 (together, the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court for relief under chapter 11 of the Bankruptcy Code.

4. On July 2, 2019, this Court entered an order directing the appointment of a patient care ombudsman. [Docket No. 83] On July 3, 2019, the Office of the United States Trustee appointed Suzanne A. Koenig as the Ombudsman in these Cases. [Docket No. 95]

## RELIEF REQUESTED

5. By this Application, the Ombudsman respectfully requests that this Court enter an Order authorizing the Ombudsman to employ and retain Greenberg Traurig as her counsel, pursuant to sections 105, 330 and 333 of the Bankruptcy Code, *nunc pro tunc* as of July 3, 2019.

6. The Ombudsman has determined that Greenberg Traurig has the resources and experience necessary to represent her in these Cases. Greenberg Traurig has represented the Ombudsman in other cases, including *In re New York Westchester Square Medical Center*, Chapter 11 Case No. 06-13050 (Bankr. S.D.N.Y.); *In re Brotman Medical Center Inc.*, Case No. 07-19705 (Bankr. C.D. Cal.); *In re Meridian Behavioral Health, LLC*, Case No. 11-10860 (Bankr. S.D.N.Y.), *In re Christ Hospital*, Case No. 12-12906 (Bankr. D. N.J.); *In re ICL Holding Company, Inc., et al.*, Case No. 12-13319 (Bankr. D. Del.); *In re Horizon Health Center, Inc.*,

Case No. 13-26348 (Bankr. D. N.J.); *In re Fairmont General Hospital, Inc., et al.*, Case No. 13-01054 (Bankr. N.D. W. Va.) and *In re Curae Health, Inc.*, Case No. 18-05665 (Bankr. M.D. Tenn.). Given the nature of these Cases and the specific duties of the Ombudsman required under section 333 of the Bankruptcy Code, the Ombudsman believes that retention of Greenberg Traurig is appropriate and will result in efficiencies given these past representations.

## SCOPE OF EMPLOYMENT

7.  The professional services that the Ombudsman expects Greenberg Traurig to render include, but shall not be limited to, the following:

   (a)  Representing the Ombudsman in any proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the patients may be litigated or affected as a result of these Cases;

   (b)  Advising the Ombudsman concerning the requirements of the Bankruptcy Code and Bankruptcy Rules relating to the discharge of her duties under section 333 of the Bankruptcy Code;

   (c)  Advising and representing the Ombudsman in evaluating any patient or healthcare related issues, including, in connection with any sale, reorganization, closure or liquidation; and

   (d)  Performing such other legal services as may be required under the circumstances of these Cases in accordance with the Ombudsman's powers and duties as set forth in the Bankruptcy Code, including assisting the Ombudsman with reports to the Court, fee applications or other matters.

8.  Subject to the Court's approval of this Application, Greenberg Traurig has indicated that it is willing to serve as the Ombudsman's counsel in these Cases to perform the services described above.

## GREENBERG TRAURIG DOES NOT HOLD OR REPRESENT ANY ADVERSE INTEREST

9.  As set forth in greater detail in the Peterman Affidavit, Greenberg Traurig has completed a conflict check on names set forth on **Exhibit 1** to the Peterman Affidavit

(collectively, the "**Potentially Interested Parties**"). As counsel to the Ombudsman, Greenberg Traurig does not believe it would be adverse to any of the parties. Out of an abundance of caution, Greenberg Traurig has attached as **Exhibit 2** to the Peterman Affidavit a list of its connections with the Potentially Interested Parties (as defined in the Peterman Affidavit) in matters unrelated to the Debtors or these Cases.

10. To the best of the Ombudsman's knowledge, based upon the Peterman Affidavit and except as set forth herein, Greenberg Traurig (a) does not hold or represent any interest adverse to the Debtors or their chapter 11 estates, their creditors or any other party in interest, and (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Because Greenberg Traurig is a large firm with an international practice, the Ombudsman is aware that Greenberg Traurig may represent, or may have represented, certain creditors of the Debtors' estates or other parties in interest in matters unrelated to the Debtors or these Cases.

11. To the best of the Ombudsman's knowledge, (a) Greenberg Traurig's connections with those parties listed as Potentially Interested Parties (as defined in the Peterman Affidavit) are disclosed in the Peterman Affidavit and (b) the Greenberg Traurig professionals who will work on this matter are not relatives of the Honorable Kevin Gross, the Bankruptcy Judge presiding over these Cases, or the United States Trustee.

**COMPENSATION AND REIMBURSEMENT OF EXPENSES**

12. Subject to the Court's approval, and in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, orders of the Court and the rules and other procedures that may be fixed by the Court, the Ombudsman requests that Greenberg Traurig be compensated on an hourly basis, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered, plus reimbursement of the actual and necessary expenses

Greenberg Traurig incurs, including, but not limited to, photocopies, courier service, computer assisted research, docket and court filing fees, telecommunications, travel, court reporting charges, and any other incidental costs advanced by the firm specifically for these matters, at the rates commonly charged for such costs to other Greenberg Traurig clients.  In addition, Greenberg Traurig has advised the Ombudsman that it intends to seek compensation for all time and expenses associated with its retention and SAK's retention as a professional, including the preparation of this Application, the Peterman Affidavit, and related documents, as well as any monthly, interim or final fee applications for Greenberg Traurig and SAK.

13. Greenberg Traurig has advised the Ombudsman that its hourly rates are in the following ranges:

| Professional | Rate Per Hour |
|---|---|
| Shareholders/Of Counsel | $420 to $1,500 |
| Associates | $250 to $775 |
| Legal Assistants/Paralegals | $140 to $430 |

14. Greenberg Traurig has advised the Ombudsman that the current hourly rates applicable to the principal attorneys and paralegals proposed to represent the Ombudsman are:

| Professional | Rate Per Hour |
|---|---|
| Dennis Meloro (Shareholder) | $1,025 |
| Nancy Peterman (Shareholder) | $950 |
| Wendy Cathers (Paralegal) | $300 |

15. The Ombudsman understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  The hourly rates may be adjusted upward as of January 1, 2020 and annually thereafter.

16. Greenberg Traurig represents the following with regard to its charges for actual and necessary costs and expenses incurred:

    (a) Copy charges incurred are $.10 per page, which charge is reasonable, represents the cost of copy material, acquisition,

maintenance, storage and operation of copy machines, together with a margin for recovery of cost expenditures. There is no charge for ordinary printing. In the event Greenberg Traurig utilizes outside copier/printing services for high volume projects, such copy/print charges will also be charged at the rate charged by such outside service provider.

(b) There will be no charge for long distance telephone calls.

(c) Greenberg Traurig utilizes Westlaw and Lexis for online legal research. Online legal research is not a profit center for Greenberg Traurig, and charges for such research are billed to the client as a percentage usage of Greenberg Traurig's monthly contract rate.

(d) Greenberg Traurig utilizes Soundpath Conferencing Services to host conference calls. The costs charged by Soundpath are passed through directly to Greenberg Traurig's clients without any markup. Thus, conference calls are not a profit center for Greenberg Traurig.

## BASIS FOR RELIEF

17. Courts have approved the engagement of professionals by the court-appointed Ombudsman pursuant to sections 330 and 333 of the Bankruptcy Code. *See In re Illinois Skin, Inc.,* Chapter 7 Case No. 06-16098 (MB) (Bankr. N.D. Ill.); *In re Dari Ann Ungaretti,* Chapter 7 Case No. 06-16094 (MB) (Bankr. N.D. Ill.); *In re Bayonne Medical Center*, Chapter 11 Case No. 07-15195 (Bankr. D. N.J.); *In re New York Westchester Square Medical Center*, Chapter 11 Case No. 06-13050 (Bankr. S.D.N.Y.); *In re Atlantic Health Services, Inc.,* Chapter 11 Case No. 06-10356 (PM) (Bankr. D. Md.); *In re Upland Surgical Institute*, Chapter 11 Case No. 06-11298 (Bankr. S.D. Cal.); *In re Brotman Medical Center Inc.*, Case No. 07-19705 (Bankr. C.D. Cal.); *In re Meridian Behavioral Health, LLC*, Case No. 11-10860 (Bankr. S.D.N.Y.); *In re Christ Hospital*, Case No. 12-12906 (Bankr. D. NJ); *In re ICL Holding Company, Inc., et al.*, Case No. 12-13319 (Bankr. D. Del.); *In re Horizon Health Center, Inc.*, Case No. 13-26348 (Bankr. D. N.J.); *In re Fairmont General Hospital, Inc., et al.*, Case No. 13-01054 (Bankr. N.D. W. Va.) and *In re Curae Health, Inc.*, Case No. 18-05665 (Bankr. M.D. Tenn.).

18. Furthermore, section 330 specifically provides that the Court may award an ombudsman appointed under section 333 "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person." Section 333 specifically grants bankruptcy courts authority to compensate the professionals of the Ombudsman.

19. Other authority exists to grant this Application and approve counsel for the Ombudsman. The appointment of a patient care ombudsman is analogous to the appointment of an examiner, and, in many cases, courts have routinely authorized examiners to employ professionals notwithstanding the absence of express authorization in the Bankruptcy Code for such employment, pursuant to section 105. *See, e.g.*, *In re Tribune Co.*, Case No. 08-1311 (KJC) *Order Authorizing the Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4498] (Bankr. D. Del., May 19, 2010); *In re Southmark Corp.,* 113 B.R. 280, 283 (Bankr. N.D. Tex. 1990) (authorizing examiner to retain professionals where appropriate to carry out the provisions of the Bankruptcy Code); *In re Tighe Mercantile, Inc., 62* B.R. 995, 1000 (Bankr. S.D. Cal. 1986) ("This Court holds that in appropriate circumstances, a bankruptcy court may rely on § 105(a) to authorize examiners to employ professional persons."); *7 Collier on Bankruptcy,* ¶ 1104.03[5], at 1104-49-50 (15th ed. rev. 2006) (Recognizing that, although the Bankruptcy Code does not expressly authorize examiners to retain professionals to assist in investigations, "it may be preferable to authorize an examiner to retain professionals when necessary for a complete investigation.")

20. Thus, the Application should be granted by this Court to allow the Ombudsman to employ Greenberg Traurig to assist her in the fulfillment of her duties in these Cases. *See generally* 3 *Collier on Bankruptcy,* ¶ 333.05[1], at 1 (15th ed. rev. 2006) ("If the healthcare

business is large or complicated, the ombudsman could be expected to retain professionals to assist in the discharge of the ombudsman's duties.").

### *NUNC PRO TUNC* RETENTION AS OF JULY 3, 2019

21. The Ombudsman requests that Greenberg Traurig's retention be made *nunc pro tunc* as of July 3, 2019 in order to allow Greenberg Traurig to be compensated for the work it has performed for the Ombudsman since her appointment, but prior to the Court's consideration of this Application.

### NOTICE

22. Notice of this Application has been provided to (i) the Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to MidCap Funding IV Trust; (iv) counsel to the Committee; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.

23. No previous motion for the relief sought herein has been made to this or any other court.

**WHEREFORE**, based upon the foregoing, the Ombudsman respectfully requests that the Court enter an order (a) granting this Application, (b) authorizing the Ombudsman to retain and employ Greenberg Traurig, *nunc pro tunc* as of July 3, 2019, and (c) granting such other and further relief as this Court may deem just and proper.

Dated: July 29, 2019

                                   **SUZANNE KOENIG, AS COURT APPOINTED PATIENT CARE OMBUDSMAN**

                                   By: /s/ *Suzanne A. Koenig*
                                         Suzanne A. Koenig, solely in her capacity as
                                         Patient Care Ombudsman