# EXHIBIT B

**Blackline Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) ) Jointly Administered |
| Debtors. | ) Re: Docket ~~No~~**Nos**. ~~–~~**228 and** |

**ORDER AUTHORIZING (I) RETENTION AND EMPLOYMENT OF EISNERAMPER LLP TO PROVIDE INTERIM MANAGEMENT SERVICES, A CHIEF RESTRUCTURING OFFICER, AN INTERIM SYSTEM CEO AND ADDITIONAL PERSONNEL, AND (II) THE DESIGNATIONS OF ALLEN WILEN AS CHIEF RESTRUCTURING OFFICER AND RONALD DRESKIN AS INTERIM SYSTEM CHIEF EXECUTIVE OFFICER TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**") (i) authorizing the employment and retention of EisnerAmper to provide interim management services, a CRO, an Interim CEO and additional personnel, and (ii) approving the designations of Allen Wilen as CRO and Ronald Dreskin as Interim CEO in the Chapter 11 Cases, *nunc pro tunc* to the Petition Date, pursuant to the terms and conditions of the Engagement Letters attached to the Motion as **Exhibit B**; and upon consideration of the Wilen Declaration attached to the Motion as **Exhibit C** and the First Day Declaration; and it appearing that this Court has jurisdiction over the Motion

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Motion.

pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to employ and retain EisnerAmper, *nunc pro tunc* to the Petition Date, to provide interim management services, the CRO, the Interim CEO and the additional personnel, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and the terms set forth in the Motion and the Engagement ~~Agreement~~Letters, subject to the following terms, which apply notwithstanding anything in the Motion or the Engagement ~~Agreement~~ Letters to the contrary:

   a. EisnerAmper and its affiliates shall not act in any other capacity (e.g. financial advisor, claims agent/administrator, investor/acquirer, etc.) in connection with these Chapter 11 Cases.

   b. In the event the Debtors seek to have EisnerAmper personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement, including by (a) modifying the functions of personnel, (b) adding new personnel, or (c) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

c. EisnerAmper shall file with the Court with copies to the Notice Parties a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned and a summary chart that describes the services provided, identifies the compensation earned by each executive officer and staff employee, and itemizes the expenses incurred for the relevant period. Time records shall (i) be appended to the staffing reports, (ii) contain detailed time entries describing the tasks performed on a daily basis and the corresponding charges (time multiplied by hourly rate), and (iii) be organized by project category. Where personnel are providing services at a "flat" rate, the time entries shall be kept in .5 hour increments. Where personnel are providing services at an hourly rate, the time entries shall be kept in .1 hour increments. The Notice Parties shall have 10 days after the date each staffing report is served on the Notice Parties to object to such staffing report. In the event an objection is raised and not consensually resolved between the Debtors and the objecting party, all staffing and compensation shall be subject to review by the Court. Upon receipt of any objection, the Debtors shall deduct an amount equal to the amount objected to from the next weekly payments to EisnerAmper until such objection is resolved, either consensually or by Court order  All staffing shall be subject to review by the Court in the event an objection is filed.

d. Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

e. No principal, employee, or independent contractor of EisnerAmper or its affiliates shall serve as director of the Debtors during the pendency of these Chapter 11 Cases.

f. The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy. There shall be no indemnification of EisnerAmper or its affiliates during these Chapter 11 Cases.

g. During the course of these Chapter 11 Cases, all provisions in the Engagement Letter, the Motion, or elsewhere that attempt to limit EisnerAmper's liability to the amount of its fees (or a multiple thereof) shall be of no force or effect.

h. For a period of three years after the conclusion of the engagement, neither EisnerAmper nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

-4-

  i. Notwithstanding any provision of the Engagement ~~Agreement~~ Letters to the contrary, EisnerAmper shall disclose any and all facts that may have a bearing on whether EisnerAmper, its affiliates, and/or any individuals working on the engagement have any interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, or other parties in interest by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.  The obligation to disclose identified in this subparagraph is a continuing obligation.

3. The Debtors are authorized, *nunc pro tunc* to the Petition Date, to appoint Mr. Wilen as CRO.

4. The Debtors are authorized, *nunc pro tunc* to the Petition Date, to appoint Mr. Dreskin as Interim System CEO.

<u>5. Notwithstanding any provision to the contrary in the Engagement Letters, effective as of Petition Date, any guarantee by Philadelphia Academic Health Holdings, LLC of the Debtors' obligations to EisnerAmper under the Engagement Letters is hereby waived.</u>

<u>6.</u> ~~5.~~ To the extent there is any inconsistency between the terms of this Order and the terms of the Motion or the Engagement Letter, the terms of this Order shall control.

<u>7.</u> ~~6.~~ The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

<u>8.</u> ~~7.~~ Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

-5-

9. 8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.