# EXHIBIT B

**Blackline Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) ) ) ) | Case No. 19-11466 (KG) Jointly Administered |
| Debtors. | ) ) ) | **Related to Docket ~~No~~Nos. 229 and ___** |

## ORDER AUTHORIZING (I) THE EMPLOYMENT AND RETENTION OF SSG ADVISORS, LLC AS INVESTMENT BANKER TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE AND (II) A WAIVER OF COMPLIANCE WITH CERTAIN REQUIREMENTS OF LOCAL RULE 2016-2

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") (i) authorizing the Debtors to employ and retain SSG Advisors, LLC ("**SSG**") as investment banker to the Debtors *nunc pro tunc* to the Petition Date, and (ii) waiving compliance with certain requirements of Local Rule 2016-2; and upon consideration of the Victor Declaration and the First Day Declaration; and it appearing that this Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 57 and 1334; and it appearing that venue of the Chapter 11 Cases and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court being satisfied based on the representations made in the Application and in the Victor Declaration that the terms and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Application.

~~35513537.4~~ 35513537.5 07/30/2019

conditions of SSG's employment as set forth in the SSG Engagement Letter and summarized in the Application and in the Victor Declaration, are reasonable as required by section 328(a) of the Bankruptcy Code; and SSG not holding or representing interests adverse to the Debtors' estates; and SSG being a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and upon the record of the hearing, if any, and all of the proceedings had before the Court; and upon finding that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED to the extent provided herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, to employ and retain SSG as their investment banker in connection with the Chapter 11 Cases in accordance with the terms and conditions set forth in the Application and in the SSG Engagement Letter, *nunc pro tunc* to the Petition Date.

3. The Debtors are authorized to compensate and reimburse SSG pursuant to the terms of the SSG Engagement Letter.

4. The Fee and Expense Structure as set forth in the SSG Engagement Letter, is approved pursuant to section 328(a) of the Bankruptcy Code, and SSG shall be compensated and reimbursed for its fees and expenses in the Chapter 11 Cases pursuant to section 328(a) of the

Bankruptcy Code in accordance with the terms of the SSG Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Guidelines and any applicable orders of this Court.

5. The Sale Fee shall be paid to SSG as a direct carve-out from the proceeds of a sale transaction or a liquidation, prior in right to the rights of any other party; provided, however, that the amount of such fee shall be segregated at closing and held in escrow by the Debtors, pending Court approval of SSG's right to payment.

6. SSG's compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code; provided, however, that the U.S. Trustee shall have the right to object to SSG's request for compensation and expense reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, and not section 328(a) of the Bankruptcy Code.

7. SSG shall comply with all requirements of Bankruptcy Rule 2016(a) and Local Rule 2016-2, except that SSG is hereby granted a limited waiver of the information-keeping requirements of Local Rule 2016-2 to permit the firm to keep professional time records in half-hour increments, and SSG shall not be required to conform to any schedule of hourly rates for its professionals. For the avoidance of doubt, SSG shall be entitled to payment of its Monthly Fees without the need for monthly or interim applications for compensation.

8. The Indemnification Provisions set forth in the SSG Engagement Letter are approved, subject during the pendency of the Debtors' Chapter 11 Cases to the following:

    a. Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, SSG for any claims arising from, related to, or in connection with the services to be provided by SSG as specified in the Application, but not for any claim arising from, related to, or

   in connection with SSG post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefor are approved by this Court;

  b. Notwithstanding any provisions of the SSG Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify SSG or provide contribution or reimbursement to SSG (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from SSG's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of SSG's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), infra, to be a claim or expense for which SSG should not receive indemnity, contribution or reimbursement under the terms of the SSG Engagement Letter, as modified by this Order; and

  c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, SSG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, SSG must file an application in this Court, and the Debtors may not pay any such amounts to SSG before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by SSG for indemnification, and not as a provision limiting the duration of the Debtors' obligation to SSG. <u>All parties-in-interest shall retain the right to object to any demand by SSG for indemnification, contribution or reimbursement.</u>

  9.  Notwithstanding any provision in the SSG Engagement Letter to the contrary, the contribution obligations of the Indemnified Parties (as such term is defined in the Application) shall not be limited to the aggregate amount in excess of the amount of fees actually received by SSG from the Debtors pursuant to the SSG Engagement Letter, this Order or subsequent orders of this Court.

-4-

-5-

10. Notwithstanding anything to the contrary in the SSG Engagement Letter, effective upon the filing of the Chapter 11 Cases, SSG's engagement by Philadelphia Academic Risk Retention Group, LLC was terminated.

11. To the extent the Application or the SSG Engagement Letter is inconsistent with the terms of this Order, the terms of this Order shall govern.

12. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction to hear and to determine all matters arising from or related to the implementation of this Order.