# EXHIBIT B

**Blackline Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) **Re: Docket ~~No~~Nos. ~~234 and~~** |
| | ) |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order establishing procedures for interim compensation and reimbursement of expenses for Professionals and for members of any official committee appointed in these Chapter 11 Cases, all as more fully set forth in the Motion; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.SC. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

deliberation and sufficient cause appearing therefor, and after consideration of the *Declaration of Allen Wilen in Support of First Day Relief*,

**IT IS HEREBY ORDERED:**

1.      The Motion is GRANTED as set forth herein.

2.      Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals in these Chapter 11 Cases may seek monthly compensation in accordance with the following procedures:

   a.   Not earlier than the 15th day of each calendar month, each Professional may file an application (a "**Monthly Fee Application**") with the Court for interim approval, allowance and payment of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months and serve a copy of such Monthly Fee Application by first class mail and electronic mail, where applicable, on each of the following parties (collectively, the "**Notice Parties**"):

      i.   The Debtors, Center City Healthcare, LLC, 230 North Broad Street, Philadelphia, Pennsylvania 19102 (Attn: Allen Wilen, CRO [allen.wilen@americanacademic.com]);

      ii.  Proposed counsel to the Debtors, Saul Ewing Arnstein & Lehr LLP, 1201 North Market Street, Suite 2300, Wilmington, Delaware 19801 (Attn: Mark Minuti, Esq. [mark.minuti@saul.com] and Monique B. DiSabatino, Esq. [monique.disabatino@saul.com]) and 1500 Market Street, 38th Floor, Philadelphia, Pennsylvania 19102 (Attn: Jeffrey Hampton, Esq. [jeffrey.hampton@saul.com] and Adam H. Isenberg, Esq. [adam.isenberg@saul.com]);

      iii. Counsel to the Committee, Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102 (Attn: Andrew H. Sherman, Esq. [asherman@sillcummis.com] and Boris I. Mankovetskiy, Esq. [bmankovetskiy@sillcummis.com] and Fox Rothschild LLP, 919 N. Market Street, Suite 300, Wilmington, DE 19899-2323 (Attn: Thomas M. Horan, Esq. [thoran@foxrothschild.com]);

      iv.  The Office of the United States Trustee, District of Delaware, 844 N. King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Benjamin A. Hackman, Esq. [benjamin.a.hackman@usdoj.gov]); and

v.   Counsel for the DIP Agent, Stradley, Ronon, Stevens & Young, LLP, 2005 Market Street, Suite 2600, Philadelphia, PA 19103 (Attn: Gretchen M. Santamour, Esq. [gsantamour@stradley.com] and 1000 N. West Street, Suite 1279, Wilmington, DE 19801 (Attn: Joelle E. Polesky, Esq. [jpolesky@stradley.com]).

Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months.  All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and the Local Rules.

b.   All parties will have until 4:00 p.m. (prevailing Eastern time) on the 20th day (or, if such a day is not a business day, the next business day) following service of the Monthly Fee Application (the "**Objection Deadline**") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Twenty-four hours following the expiration of the Objection Deadline, a Professional may file a certificate of no objection (a "**CNO**") with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount (the "**Actual Monthly Payment**") equal to the lesser of (i) eighty (80%) percent of the fees and one-hundred (100%) percent of the expenses requested in the applicable Monthly Fee Application (the "**Maximum Monthly Payment**"), and (ii) eighty (80%) percent of the fees and one-hundred (100%) percent of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection pursuant to subparagraph (c) below.

c.   If any party wishes to object to a Professional's Monthly Fee Application, it must (i) file a written objection (an "**Objection**") with the Court setting forth specific objections and the total amount in fees and/or expenses objected to on or before the Objection Deadline and (ii) serve the Objection on the affected Professional and each of the Notice Parties so that it is received by each of those parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "**Incremental Amount**"), or (ii) forego payment of the Incremental Amount until the next omnibus or fee application hearing at which time the Court will consider and dispose of the Objection if requested by the parties.

d.   The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through July 31, 2019.  Thereafter, the

Professional may file Monthly Fee Applications in the manner described above.

e.    At three-month intervals (the "**Interim Fee Period**"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "**Interim Fee Application Request**") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to this Motion and section 331 of the Bankruptcy Code.

f.    Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

g.    The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every three (3) months or at such other intervals as the Debtors or the Court deems appropriate. If no Objections are pending or timely filed, the Court may grant an Interim Fee Application Request without a hearing.

h.    The first Interim Fee Period will cover the period from the Petition Date through September 30, 2019 (the "**Initial Three Month Period**"). Each Professional must file and serve its first Interim Fee Application Request on or before **November 15, 2019**, in order to have such application heard at the first hearing on the Interim Fee Application Requests. Each Professional shall thereafter file an Interim Fee Application Request within forty-five days of the last day of the third month occurring in each successive Interim Fee Period that follows the Initial Three Month Period.

i.    The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application Request when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application Request is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

j.    Neither the (i) payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) filing of or failure to file an Objection will

-4-

bind any party in interest with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court. All professionals shall file final fee applications in order to obtain final allowance of compensation for fees and reimbursement of expenses in these Chapter 11 Cases.

3.    In each Interim Fee Application Request and final fee application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code (i) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court, and (ii) intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.*

4.    3.Each member of any official committee appointed in these Chapter 11 Cases is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures.

5.    4.The Professionals shall only be required to serve the Monthly Fee Application, the Interim Fee Application Requests and their final fee application on the Notice Parties. All other parties that have filed a notice of appearance with the clerk of the Court and requested

-5-

notice of pleadings in these Chapter 11 Cases shall be entitled to receive only notice of hearings of each such fee application.

6.     5.All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

7.     6.All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.     7.Notwithstanding anything to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.     8.The Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.     9.The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

35517150.3 35517150.4 07/30/2019