**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) Jointly Administered **Re:** |
| Debtors. | ) **Docket Nos. 232 and 333** |

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF OMNI MANAGEMENT GROUP AS ADMINISTRATIVE AGENT TO THE DEBTORS**
*NUNC PRO TUNC* **TO THE PETITION DATE**

Upon the application (the "**Application**")[2] of Center City Health, LLC d/b/a Hahnemann University Hospital, and its affiliated debtors and debtors-in-possession (the "**Debtors**") for entry of an order authorizing the Debtors to retain and appoint Omni as Administrative Agent in the Debtors' Chapter 11 Cases, *nunc pro tunc* to the Petition Date, pursuant to sections 327(a), 328, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, all as more fully described in the Application; and upon consideration of the Deutch Declaration in support of Application; and the Court being satisfied that Omni has the capability and experience to provide the services described in the Application and that Omni does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Application and the requested relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application; and the Court having held a hearing on the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain Omni as Administrative Agent effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and Omni is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement, as modified by this Order.

3. Omni is authorized to take such other action to comply with all duties set forth in the Application.

4. Omni shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

5. The Debtors shall indemnify Omni under the terms of the Engagement Agreement, as modified pursuant to this Order.

6. Omni shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

7. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Omni, or provide contribution or reimbursement to Omni, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Omni's gross negligence, willful misconduct or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Omni's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Omni should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

8. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing the Chapter 11 Cases, Omni believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Omni must file an application therefor in this Court,

and the Debtors may not pay any such amounts to Omni before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Omni for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Omni. All parties in interest shall retain the right to object to any demand by Omni for indemnification, contribution or reimbursement.

9. The limitation of liability provision of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

10. The Debtors and Omni are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. In the event that these cases convert to cases under chapter 7 of the bankruptcy code, the chapter 7 trustee shall have no obligation to continue to retain Omni for any services, and Omni shall not be paid for any services rendered after conversion unless and until the chapter 7 trustee files an application to retain Omni, and such application is approved by order of the Court.

12. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order or the engagement of Omni during the course of these bankruptcy cases.

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

14. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: August 2nd, 2019**
**Wilmington, Delaware**

*/s/ Kevin Gross*
**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**

35525473.3 08/01/2019