IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) Jointly Administered |
| Debtors. | ) Re: Docket Nos. 233 and 334 |

**ORDER AUTHORIZING THE EMPLOYMENT AND
COMPENSATION OF CERTAIN PROFESSIONALS
UTILIZED IN THE ORDINARY COURSE OF BUSINESS,
*NUNC PRO TUNC* TO THE PETITION DATE**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") authorizing the employment and compensation of professionals utilized in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), as more fully described in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not defined in this Order shall have the meanings used in the Motion.

35523193.3 08/01/2019

the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been scheduled and, to the extent necessary, held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing (if any was held) and all of the proceedings before the Court; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code sections 105(a), 327, 328(a), and 330, the Debtors are authorized to employ, in the ordinary course of their businesses, those Ordinary Course Professionals listed on **Exhibit 1** hereto, *nunc pro tunc* to the Petition Date, under the terms and conditions set forth in this Order, and as to any Ordinary Course Professional not listed on **Exhibit 1**, as provided for in paragraph 3(f) below.

3. The following procedures for retaining and compensating Ordinary Course Professionals are approved:

   a) The Debtors are authorized to pay each Ordinary Course Professional without prior application to the Court, one hundred percent (100%) of the fees and reimburse one hundred percent (100%) of the expenses incurred by such Ordinary Course Professional, upon the submission to, and approval by, the Debtors of a reasonably detailed invoice (i) setting forth the nature of the services rendered and expenses actually incurred and (ii) calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices), *provided, however*, that no single Ordinary Course Professional may be paid in excess of $35,000 in one month while these chapter 11 cases are pending, except upon further order of the Court (the "**Monthly Fee Limit**").

b)  If any Ordinary Course Professional seeks compensation and reimbursement of expenses in excess of the Monthly Fee Limit by more than $5,000 for a particular month, then such Ordinary Course Professional must file a fee application for the full amount of its fees and expenses for that single month in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any applicable orders of this Court. If any Ordinary Course Professional exceeds the Monthly Fee Limit by more than $5,000 during three months in any 6-month period, such Ordinary Course Professional must be retained by the Debtors pursuant to a separate retention application and will subsequently file fee applications in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any applicable orders of this Court.

c)  Within 30 days after the later of either the entry of this Order or the date on which the Ordinary Course Professional commences services for the Debtors, (i) each attorney or law firm that is an Ordinary Course Professional shall provide the Debtors' attorneys with a declaration made pursuant to 28 U.S.C. § 1746 (an "**Attorney Declaration**"), substantially in the form attached hereto as **Exhibit 2**, certifying that the law firm or legal professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the law firm or legal professional is to be employed, and, including the other information set forth in the form Attorney Declaration, (ii) each non-attorney or non-law firm entity that is an Ordinary Course Professional shall provide the Debtors' attorneys a declaration made pursuant to 28 U.S.C. § 1746 (an "**Non-Attorney Declaration**," and together with an Attorney Declaration, a "**Retention Declaration**"), substantially in the form attached hereto as **Exhibit 3**, certifying that the firm or the professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed, and including the other information set forth in the form Non-Attorney Declaration.

d)  Upon receipt of a Retention Declaration, the Debtors' attorneys shall promptly file the Retention Declaration with the Court and serve it upon the following parties: (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attention: Benjamin A. Hackman, Esq.); (ii) counsel to the Committee; and (iii) those parties in interest filing requests for service under Bankruptcy Rule 2002 (collectively, the "**Interested Parties**"). The Interested Parties shall have 14 days following the service of a Retention Declaration to file with the Court any objection to the retention (the "**Retention Objection Deadline**"). If no objection is filed with the Court on or before the Retention Objection Deadline, then the retention of such

        Ordinary Course Professional shall be deemed approved without the need of a further hearing or further order of the Court.

e) No Ordinary Course Professional shall be paid any fees or expenses until its Retention Declaration has been filed with the Court and the Retention Objection Deadline has passed with no objections having been filed or, if an objection is filed on or before the Retention Objection Deadline, the objection is resolved consensually or by order of the Court.

f) The Debtors are authorized to employ Ordinary Course Professionals not listed on the OCP List from time to time, as the need arises, by filing a Supplemental List with the Court and serving that list, along with completed Retention Declarations, on the Interested Parties. This Supplemental List may include any Ordinary Course Professionals on **Exhibit 1** that failed to return their Retention Declarations within the time period prescribed in paragraph 3(c) above. Upon the filing of a Supplemental List, the Interested Parties shall have 14 days to file with the Court an objection to the retention of the Ordinary Course Professionals listed therein (the "**Supplemental Retention Objection Deadline**"). In the event no objection is filed with the Court on or before the Supplemental Retention Objection Deadline, the retention of such Ordinary Course Professionals shall be deemed approved under this Order without the need for a further hearing or further order of the Court. The retention of such Ordinary Course Professionals shall be effective as of a date that is no earlier than 35 days prior to the filing of the Supplemental List and accompanying Retention Declaration unless the Retention Declaration contains an express request for *nunc pro tunc* relief earlier than such date. If an objection is filed with the Court on or before the Supplemental Retention Objection Deadline, and cannot be consensually resolved within 14 days, the matter shall be set for a hearing before the Court. Any Ordinary Course Professional retained pursuant to a Supplemental List shall be subject to the terms of this Order.

g) The Debtors shall file a fee and expense statement (the "**Quarterly Statement**") with the Court every 3 months and serve such statement on the Interested Parties. The Quarterly Statement shall summarize the fees and expenses paid to all of the Ordinary Course Professionals during the past quarter of the calendar year. The first Quarterly Statement covering the period from the Petition Date through September 30, 2019 shall be filed by **October 31, 2019**. The Debtors shall thereafter file a Quarterly Statement on the 30th day following the last day of each 90-day period thereafter while these chapter 11 cases are pending. The Quarterly Statement shall include the following information with respect to each Ordinary Course Professional: (i) the name of such Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during each month of the previous quarter; (iii) the aggregate

4

        amount paid as compensation for services rendered and reimbursements of expenses incurred by such Ordinary Course Professional during the pendency of these cases; and (iv) a general description of the services rendered by each Ordinary Course Professional during the relevant quarter.

    h)    The Interested Parties shall be permitted to file objections with the Court to the payments to the Ordinary Course Professionals identified in the Quarterly Statement within 14 days following service of the Quarterly Statement (the "**Quarterly Statement Objection Deadline**"). If an objection to the fees and expenses of an Ordinary Course Professional is filed with the Court on or before the Quarterly Statement Objection Deadline, such fees and expenses will be subject to review and approval by the Court pursuant to section 330 of the Bankruptcy Code to the extent that such objection is not consensually resolved.

4.    All payments to any one Ordinary Course Professional shall be subject to sections 328(c) and 330 of the Bankruptcy Code, which provides generally that the Court may deny allowance of compensation for services and reimbursement of expenses if such professional is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed or for reasons set forth in section 330 of the Bankruptcy Code.

5.    In addition to the limits set forth in this Order, all payments to an Ordinary Course Professional are further subject to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

6.    All non-Ordinary Course Professionals employed by the Debtors to assist in the prosecution of their chapter 11 cases will be retained by the Debtors pursuant to separate retention applications and will not be subject to the procedures set forth in the Motion or this Order.

35523193.3 08/01/2019

7. Notwithstanding anything contained in the Motion or this Order, any payment authorized to be made by the Debtors herein shall be subject to the terms and conditions contained in any interim or final order authorizing the Debtors to obtain postpetition financing and to use cash collateral, including any budgets in connection therewith.

8. Except for law firms that represented the Debtors prior to the Petition Date and that have been employed pursuant to this Order, all Ordinary Course Professionals shall, once their employment is effective pursuant to this Order, be deemed to have waived any and all pre-petition claims they may have against the Debtors and their estates. Such Ordinary Course Professionals shall include a statement of disinterestedness in their Retention Declaration.

9. Notwithstanding anything to the contrary contained herein, the Debtors are not authorized to make any payments to Ordinary Course Professionals on account of services provided to non-Debtor affiliates.

10. This Order does not apply to any professional retained by the Debtors pursuant to a separate order of this Court.

11. The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Order.

12. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

**Dated: August 2nd, 2019**
**Wilmington, Delaware**

35523193.3 08/01/2019

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**