**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) <br> ) Jointly Administered |
| Debtors. | ) **Hearing Date: August 16, 2019 at 10:00 a.m.** <br> ) **Objection Deadline: August 9, 2019 at 4:00 p.m.** |

**THIRD OMNIBUS MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF CERTAIN EMPLOYMENT AGREEMENTS IN CONNECTION WITH THE CLOSURE OF HAHNEMANN UNIVERSITY HOSPITAL**

> **EMPLOYEES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND AGREEMENTS IN THE LIST OF EMPLOYMENT AGREEMENTS TO BE REJECTED, ATTACHED TO THE PROPOSED ORDER AS EXHIBIT 1.**
>
> **Affected employees are hereby provided notice that (a) the Debtors intend to reject the Agreements, stop performing thereunder, and terminate all services received as of the date specified on Exhibit 1 to the Proposed Order, and (b) the Counterparties should cease providing services as of the date specified on Exhibit 1 to the Proposed Order.**

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their proposed undersigned counsel, file this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"), authorizing the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

Debtors to reject certain employment agreements listed on **Exhibit 1** to the Proposed Order (collectively the "**Agreements**"), effective as of the applicable date set forth on Exhibit 1 to the Proposed Order for each Agreement.  In support of this Motion, the Debtors respectfully state as follows:

### Preliminary Statement

1. The Debtors commenced these cases due to, among other things, ongoing, unsustainable losses at Hahnemann University Hospital ("**Hahnemann**"), and the resulting need to implement and facilitate an orderly closure of Hahnemann while ensuring patient safety and quality patient care.

2. Among other things, Hahnemann's closure will directly affect sixty-nine (69) Debtor-employed physicians who work at Hahnemann pursuant to employment agreements (the "**HUH Physicians**").

3. Prior to the Petition Date, and in anticipation of Hahnemann's closure, the Debtors provided WARN Act notices to all or substantially all of Hahnemann employees, including sixty-five of the HUH Physicians.  Consistent with those notices, the Debtors intend to continue employing these sixty-five HUH Physicians and paying their wages through August 25, 2019.  The Debtors also issued WARN Act notices to the other four HUH Physicians (the "**NICU Physicians**")[2] and, consistent therewith, intend to continue employing the NICU Physicians and paying their wages through September 20, 2019. None of the relief sought by this Motion is intended to be inconsistent with any of these WARN Act notices.[3]

---

[2] The NICU Physicians are employed by Debtor practice group entities not directly related to Hahnemann and were served WARN Act notices after the Petition Date.  Each of the NICU Physicians has provided services at Hahnemann's newborn intensive care unit (often referred as the "NICU").

[3] The Debtors intend to pay the HUH Physicians through the expiration of the applicable WARN Act notice period.  This does not apply to physicians who were terminated for cause, found and commenced other employment, quit or are otherwise unable to work, and is subject to the availability of funds pursuant to any

-2-

4.  Through this Motion, and in connection with the pending closure of Hahnemann, the Debtors seek to reject the HUH Physicians' employment agreements, effective no sooner than the conclusion of the applicable WARN Act period (i.e., either August 25, 2019 or September 20, 2019), as specified herein.

5.  For the avoidance of doubt, the Debtors emphasize that they fully intend, subject to the caveat stated in footnote 3 above, to continue to honor their obligations under the WARN Act with respect to all affected employees. Nothing in this Motion or in the proposed rejection of any agreement will limit or otherwise affect those obligations.

### Jurisdiction and Venue

6.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.  The statutory basis for the relief requested herein is section 365(a) of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

---

applicable debtor-in-possession (DIP) credit agreement; any default thereunder, the terms and/or limitations of any applicable DIP budget, DIP order, and/or cash collateral order; and unforeseen circumstances with respect to collections and/or expenses.

**Background**

8.     On June 30, 2019 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

9.     A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Allen Wilen in Support of First Day Relief* (the "**First Day Declaration**")[4] [D.I. 2].

10.    As detailed in the First Day Declaration, the Debtors' cases include, among other entities, two major hospitals in Philadelphia, PA – Hahnemann University Hospital ("**Hahnemann**") and St. Christopher's Hospital for Children ("**STC**"). The Debtors believe that STC and its related physician practices are viable and valuable entities that can be preserved and reorganized through a sale pursuant to section 363 of the Bankruptcy Code. That is not the case for Hahnemann and its related physician practices, which the Debtors have concluded are not viable or saleable as a going concern.

11.    In connection with both the anticipated final closing of Hahnemann on September 6, 2019 and the reduction in operations already under way, the Debtors have identified sixty-nine (69) physicians employed by the Debtors who work at Hahnemann and who have employment agreements with the Debtors that must be rejected.

---

[4]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

-4-

12. As noted above, all of the HUH Physicians received WARN Act notices, and the Debtors intend to continue employing and paying wages to such physicians through the expiration of the applicable notice period. For sixty-five of the HUH Physicians, the WARN Act notice period expires on August 25, 2019. For the NICU Physicians, the WARN Act notice period expires on September 20, 2019.

13. The Debtors do not seek to reject any physician's employment agreement prior to the expiration of the applicable WARN Act notice period. The requested effective date of rejection for each employment agreement is set forth on Exhibit 1 to the Proposed Order.

## Relief Requested

14. By this Motion, the Debtor seeks the entry of an order, pursuant to section 365(a) of the Bankruptcy Code, authorizing the Debtor to reject the Agreements, effective as of the date specified on Exhibit 1 to the Proposed Order for each applicable Agreement.

## Basis for Relief Requested

**A.    Rejection of the Agreements Reflects the Debtors' Sound Business Judgment.**

15. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a).

16. A debtor's decision to reject an executory contract under section 365 is governed by the business judgment standard. *See*, *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (*citing Group of Instit. Investors v. Chi., Milwaukee, St. Paul. & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943)); *Computer Sales Int'l Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003). "Under the business judgment standard, the sole issue is whether the rejection benefits the estate." *In re HQ Global Holdings, Inc.*, 290 B.R.

at 511; *NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 29 (3d Cir. 1982) (stating that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate"); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992) (explaining that section 365 is "designed to 'allow[] the trustee or debtor in possession a reasonable time within which to determine whether adoption or rejection of the executory contract would be beneficial to an effective reorganization'").

17. Furthermore, a "debtor's determination to reject an executory contract can only be overturned if the decision was the product of bad faith, whim or caprice." *In re HQ Global Holdings, Inc.*, 290 B.R. at 511 (*citing In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001)).

18. In the present case, the relief requested herein clearly satisfies the business judgment standard. All of the Agreements to be rejected relate to the operations of Hahnemann, which is anticipated to be closed for all purposes on September 6, 2019, although specific operations may become more limited or terminated earlier. In light of these circumstances, the Agreements will no longer provide a benefit to the Debtors' estates. Accordingly, based on the foregoing, the Debtors have determined, in the sound exercise of their reasonable business judgment, that rejection of the Agreements is in the best interests of the Debtors' estates and creditors.

### **Bankruptcy Rule 6006(f)**

19. Bankruptcy Rule 6006(f) requires that a motion to reject multiple executory contracts or unexpired leases:

> a) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
>
> b) list parties alphabetically and identify the corresponding contract or lease;

    c) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    d) be limited to no more than 100 executory contracts or unexpired leases.

20. The Debtors believe that the Motion complies with these requirements.

## Notice

21. Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Official Committee of Unsecured Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Human Services; (xi) the City of Philadelphia; (xii) the counterparties to the Agreements listed on Exhibit 1 to the Proposed Order and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and warranted.

| | |
|---|---|
| Dated: August 2, 2019 | **SAUL EWING ARNSTEIN & LEHR LLP** |
| | By:*/s/ Aaron S. Applebaum* |
| | Mark Minuti (DE Bar No. 2659) |
| | Monique B. DiSabatino (DE Bar No. 6027) |
| | 1201 N. Market Street, Suite 2300 |
| | P.O. Box 1266 |
| | Wilmington, DE  19899 |
| | Telephone: (302) 421-6800 |
| | Fax: (302) 421-5873 |
| | mark.minuti@saul.com |
| | monique.disabatino@saul.com |
| | |
| | -and- |
| | |
| | Jeffrey C. Hampton |
| | Adam H. Isenberg |
| | Aaron S. Applebaum (DE Bar No. 5587) |
| | Centre Square West |
| | 1500 Market Street, 38th Floor |
| | Philadelphia, PA 19102 |
| | Telephone: (215) 972-7700 |
| | Fax: (215) 972-7725 |
| | jeffrey.hampton@saul.com |
| | adam.isenberg@saul.com |
| | aaron.applebaum@saul.com |
| | |
| | *Proposed Counsel for Debtors and Debtors in Possession* |