**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 19-11466 (KG) <br><br> (Jointly Administered) |

**TEMPLE UNIVERSITY HEALTH SYSTEM, INC.'S
LIMITED OBJECTION TO DEBTOR'S NOTICE OF PROPOSED
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Temple University Health System, Inc. ("Temple"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to the *Notice of Proposed Assumption and Assignment of Executory Contracts* (Exhibit F to D.I. 336, *Affidavit of Service*) (the "Assumption Notice"). In support of this Limited Objection, Temple states as follows:

**BACKGROUND**

1. On June 30 and July 1, 2019 (collectively, the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of 11 U.S.C. §§ 101-1532, *et seq.* (the "Bankruptcy Code").

2. On July 9, 2019, the Debtors filed the *Debtors' Motion for Entry of Orders (I)(A) Establishing Bidding Procedures Relating to the Sale of the Debtors' Resident*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

*Program Assets, Including Approving a Break-Up Fee, (B) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts, Including Notice of Proposed Cure Amounts, (C) Approving Form and Manner of Notice Relating Thereto, and (D) Scheduling a Hearing to Consider the Proposed Sale; (II)(A) Approving the Sale of the Debtors' Resident Program Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts; and (III) Granting Related Relief* (D.I. 142) (the "Sale Motion").

3. In connection with the Sale Motion, and as approved by the Court in its *Order (I)(A) Establishing Bidding Procedures Relating to the Sale of the Debtors' Resident Program Assets, Including Approving a Break-Up Fee, (B) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts, Including Notice of Proposed Cure Amounts, (C) Approving Form and Manner of Notice Relating Thereto, and (D) Scheduling a Hearing to Consider the Proposed Sale* (D.I. 249), the Debtors served the Assumption Notice on counterparties to executory contracts and unexpired leases that were initially designated to be assumed and assigned to Tower Health as the stalking horse bidder (the "Stalking Horse") for the resident program assets.

4. The Assumption Notice designates two contracts between the Debtors and Temple University Hospital for assumption and assignment: (1) Medicare GME Affiliation Agreement for July 1, 2019 through June 30, 2020 (the "GME Agreement");[2] and (2) Academic Affiliation Agreement with Tenet HealthSystem St. Christopher's Hospital for Children LLC, dated October 19, 2007 (the "Academic Affiliation Agreement"). The Assumption Notice lists a

---

[2] St. Christopher's Hospital for Children is a co-debtor under the GME Affiliation Agreement.

#54609529 v3

proposed cure amount of $0.00 for each the GME Agreement and the Academic Affiliation Agreement.

## LIMITED OBJECTION

5.  Temple objects to the proposed cure amount of $0.00 for the Academic Affiliation Agreement[3] because the Debtors' should be required to pay to Temple the Current Cure Amount (as defined below) in accordance with section 365(b) of the Bankruptcy Code together with any other cure amounts accruing under the Academic Affiliation Agreement between the date of this filing and the date that the Academic Affiliation Agreement is assumed by the Debtors.

6.  According to Temple's records, the correct cure amount for the Academic Affiliation Agreement (the "Current Cure Amount") as of the date of filing of this Limited Objection is not less than $853,253.92, comprising (a) $829,716.58 for resident reimbursements; and (b) $23,537.34 for administrative, supervisory and teaching ("AS&T") activities for residents' faculty and administrators. Invoices reflecting these amounts are attached hereto as **Exhibit 1**.[4]

7.  Bankruptcy Code section 365(b)(1) provides that:

> [i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

---

[3] Temple agrees that the current cure amount under the GME Agreement is $0.00. However, should any amounts come due and be in default as of the date of assumption of the GME Agreement, Temple reserves its right to supplement this Limited Objection and require any such defaulted amounts be paid at the time of assumption and assignment.

[4] Only the first page of the invoice for resident reimbursements is attached hereto. Temple did not file the remaining pages as they disclose the residents' names. Temple, however, believes that the Debtors have a complete copy of the invoice, and Temple can provide an additional complete copy to the Debtors upon request.

>   (A) cures, or provides adequate assurance that the trustee will promptly cure, such default … ;
>
>   (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any pecuniary loss to such party resulting from such default; and
>
>   (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

8. Under the express terms of section 365 of the Bankruptcy Code, in connection with an assumption, all defaults must be cured and all other obligations arising under such lease must be assumed in their entirety and must be performed as and when provided under the contract and applicable non-bankruptcy law. The Debtors' obligations therefore include cure of all defaults existing *as of the time of assumption* and the satisfaction of all other obligations as they arise under the Academic Affiliation Agreement. *See In re Liljeberg Eners., Inc.*, 304 F.3d 410, 438 (5th Cir. 2002); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762, 765 (9th Cir. BAP 1999).

9. Temple has continued to perform under the Academic Affiliation Agreement with the Debtors. Accordingly, additional amounts have and will continue to accrue under the Academic Affiliation Agreement and will be payable to Temple. Thus, to the extent, if any, the Debtors fail to pay such post-petition amounts in the ordinary course of business (some of which may come due after the filing of this Limited Objection) arising prior to the assumption of the Academic Affiliation Agreement, such amounts must be paid as additional cure amounts in connection with assumption in addition to the Current Cure Amount.

10. Furthermore, the Academic Affiliation Agreement must be assumed subject to all post-petition claims, amounts, and other obligations that have accrued under the

Academic Affiliation Agreement but that are not in default as of the date of assumption (and therefore are technically not "cure" obligations), and these obligations must survive assumption and be satisfied in the ordinary course of business post-assumption as and when such claims come due under the Academic Affiliation Agreement.

11. Temple objects to the Assumption Notice to the extent it: (a) purports to limit Temple's present cure amount (as it existed as of the date of this filing) to an amount that is less than the Current Cure Amount: (b) purports to fix the final cure amount as it existed on the date of the cure objection deadline rather than the date the Academic Affiliation Agreement is actually assumed (in other words Temple is entitled to the Current Cure Amount plus cures arising from the date of this filing through the date of assumption); or (c) seeks to limit Temple's right to obtain payment in full of any amounts that have accrued, but are not in default, as of the date the Academic Affiliation Agreement is assumed—and the foregoing rights of Temple must be expressly acknowledged pursuant to any order approving the assumption and assignment of the Academic Affiliation Agreement.

## **RESERVATION OF RIGHTS**

12. Temple further reserves the right to amend and/or supplement this Limited Objection and the Current Cure Amount, including the right to assert an additional objection regarding the ability of an assignee (other than the Stalking Horse) to provide adequate assurance of future performance.

## **CONCLUSION**

WHEREFORE, Temple respectfully requests that the Court: (i) sustain Temple's Limited Objection to the Debtors' Assumption Notice; (ii) require, in connection with the assumption and/or assignment of the Academic Affiliation Agreement, the Debtors' prompt

payment of the Current Cure Amount under the Academic Affiliation Agreement with Temple in the aggregate amount of not less than $853,253.92, together with any and all other cure amounts due under the Academic Affiliation Agreement arising as of the actual date that the Academic Affiliation Agreement is assumed; and (iii) grant any other and further relief that the Court may deem just and appropriate.

Dated: August 5, 2019
       Wilmington, Delaware

**PEPPER HAMILTON LLP**

*/s/ Marcy J. McLaughlin*
Marcy J. McLaughlin (DE 6184)
Hercules Plaza, Suite 5100
1313 N. Market Street, P.O. Box 1709
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
E-mail: mclaughlinm@pepperlaw.com

-and-

**PEPPER HAMILTON LLP**
Francis J. Lawall (admitted *pro hac vice*)
Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750
E-mail: lawallf@pepperlaw.com

*Counsel for Temple University Health System, Inc.*