# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (KG) |
|  | Jointly Administered |
| Debtors. | **Related to Docket No. 53** |

## TENET BUSINESS SERVICES CORPORATION AND CONIFER REVENUE CYCLE SOLUTIONS, LLC'S MOTION TO ADJOURN THE FINAL DIP HEARING

Tenet Business Services Corporation ("Tenet") and Conifer Revenue Cycle Solutions, LLC ("Conifer") respectfully represent as follows in support of this motion to adjourn the hearing regarding final approval of the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lender, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 53] (the "DIP Motion").[2] ***Tenet and Conifer are***

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used herein but not otherwise defined shall have the meaning set forth in the DIP Motion or the Administrative Claim Motion, as applicable.

*available for a telephonic hearing on this motion this Wednesday, August 7 or Thursday, August 8, 2019*.[3]

### The Court Should Adjourn the Final DIP Hearing

1. Tenet and Conifer respectfully submit that the Court should adjourn the hearing on final approval of the DIP Motion because: (a) the Debtors *refuse to schedule depositions of their two witnesses* at any time prior to the hearing, depriving Tenet and Conifer of information necessary to prosecute their objection to the DIP Motion and (b) the final hearing should not occur until the Court resolves the *Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for Entry of an Order (I) Compelling Payment of All Unpaid Postpetition Amounts Pursuant to 11 U.S.C. § 503(B)(1) Or, In the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA and MSA* [Docket No. 303] (the "Administrative Claim Motion") filed by Tenet and Conifer, which is scheduled for hearing on Friday, August 16, 2019, because *the requested relief, if granted, would give rise to multiple events of default under the proposed Final Order*.

2. *First*, the Debtors have failed to provide discovery necessary for resolution of the DIP Motion. In particular, on Monday, August 5, 2019, the Debtors identified two witnesses they intended to call for the August 9, 2019 final DIP hearing: (a) Allen Wilen, the Debtors' Chief Restructuring Officer who submitted a declaration in support of the DIP Motion; and (b) J. Scott Victor, a senior managing director at SSG Capital Advisers LLC, the Debtors' proposed investment banker.  (Ex. A, Aug. 5, 2019 email from M. Minuti to N. Wasdin.)

---

[3] *Furthermore, the relief sought herein is without prejudice to Tenet and Conifer's rights to file any motion in limine with respect to the Debtors' proposed witnesses for the DIP Hearing*.

3. In connection therewith, Tenet and Conifer requested deposition dates prior to the August 9 hearing for each witness. (Ex. B. Aug, 5 email from N. Wasdin to M. Minuti.) The Debtors did not respond. Thus, on Tuesday, August 6, Tenet and Conifer noticed each witness' deposition for Thursday, August 8. (Exs. C and D, Aug. 6 emails from N. Wasdin to M. Minuti.) The deposition notice for Mr. Wilen in particular also contained a document request for Mr. Wilen's communications with the DIP Lender and other potentially interested parties regarding (a) the amount of postpetition financing available to Debtors and (b) the amount of compensation allocated to pay Tenet and Conifer under the DIP Budget. (Ex. C at Notice p. 4.) The Debtors responded by stating that neither witness is available for deposition on *either* Wednesday or Thursday. (Ex. E, at Aug. 6 email from M. Minuti to N. Wasdin; Ex. F, at Aug. 6 email from G. Pesce to M. Minuti.) Tenet and Conifer requested alternative dates for the depositions, but the Debtors have not yet provided any. (Ex. E, at Aug. 6 email from N. Wasdin to M. Minuti.) The Debtors' inability to comply with simple discovery and deposition requests regarding the DIP Motion necessitate adjourning the hearing until such time as the Debtors respond to Tenet and Conifer's discovery requests.

4. *Second*, as described in greater detail in Tenet and Conifer's objection to the DIP Motion [Docket No. 348], prepetition, the Debtors repeatedly breached their payment and other obligations to Tenet under the TSA and Conifer under the MSA. As a result, on May 2, 2019, Tenet and Conifer provided notice of termination of the TSA and MSA, respectively, as of May 17, 2019. Thereafter, Tenet and Conifer voluntarily agreed to continue to provide services at the levels contemplated by the TSA and MSA. Unfortunately, the Debtors continued to breach their payment obligations postpetition, which left Tenet and Conifer with no choice other than to file the Administrative Claim Motion, which requests allowance and immediate payment of Tenet

and Conifer's administrative expense claims. If the Court grants the Administrative Claim Motion, events of default would occur under the DIP Facility.[4] Such relief would likely cause additional defaults.[5] The Administrative Claim Motion is scheduled for hearing on August 16, 2019, a week after the final hearing on the DIP Motion. Tenet and Conifer respectfully submit that the Court adjourn the final hearing on the DIP Motion until the later of August 16, 2019, and the date of the Court's resolution of the Administrative Claim Motion.

### Reservation of Rights

5.  Tenet and Conifer reserve all rights, remedies, claims, counterclaims, and defenses under the TSA and the MSA, at law, and in equity, including, without limitation, Tenet and Conifer's right to object to the DIP Motion and to file an administrative expense claim and/or a rejection damages claim.

### Notice

6.  A copy of this motion has been provided to (a) counsel to the Debtors; (b) the Office of the United States Trustee; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to MidCap Funding IV Trust; (e) Drexel University d/b/a Drexel University College of Medicine; (f) the Debtors' unions; (g) the Internal Revenue Service; (h) the United States Attorney for the District of Delaware; (i) the United States Department of Justice; (j) the Pennsylvania Attorney General's Office; (k) the Pennsylvania Department of Human Services; (l) the City of Philadelphia; and (m) all applicable federal, state and local taxing and regulatory authorities having jurisdiction over the Assets; and (n) all parties who have filed a notice of

---

[4] *See* DIP Credit Agreement, §§ 7.2 (g)-(h).

[5] For example, full payment on account of the postpetition services would trigger the default that occurs "if a Variance occurs with respect to aggregate expenditures in any week under the [] Budget in an amount exceeding ten percent (10%) without the prior written consent of the Agent[.]" *See* DIP Credit Agreement, § 10.1(ii).

appearance and request for service of papers pursuant to Bankruptcy Rule 2002. Tenet and Conifer submit that, under the circumstances, such notice constitutes good and sufficient notice of this motion and no other or further notice need be given.

[*Reminder of this page intentionally left blank.*]

WHEREFORE, Tenet and Conifer respectfully request that the Court adjourn the hearing on final approval of the DIP Motion until the later of August 16, 2019, and the date of the Court's resolution of the Administrative Claim Motion and grant such other relief as is just and proper under the circumstances.

Dated:  August 6, 2019                    PACHULSKI STANG ZIEHL & JONES LLP

                                    */s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:    ljones@pszjlaw.com
                tcairns@pszjlaw.com

- and -

KIRKLAND & ELLIS LLP
Stephen C. Hackney, P.C.
Gregory F. Pesce (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    stephen.hackney@kirkland.com
                gregory.pesce@kirkland.com

-and-

KIRKLAND & ELLIS LLP
Nicole L. Greenblatt, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    nicole.greenblatt@kirkland.com

*Counsel to Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC*