# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1] | ) Case No. 19-11466 (KG) |
|  | ) Jointly Administered |
| Debtors. | ) Re: Docket Nos. 227 and 394 |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF SAUL EWING ARNSTEIN & LEHR LLP AS COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the Application (the "**Application**")[2] of the Debtors for entry of an Order, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the employment and retention of Saul Ewing Arnstein & Lehr LLP as counsel to the Debtors, effective as of the Petition Date, as more fully described in the Application; and upon consideration of the DiSabatino Declaration and the Wilen Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided under the particular circumstances; and it appearing that no other or further notice

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

need be provided; and, based upon the DiSabatino Declaration, this Court finding that SEAL is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code because (i) SEAL has no connection with the Debtors or their estates, any creditors, or other parties in interest, their respective attorneys and accountants, or the U.S. Trustee or any of its employees, except as set forth in the DiSabatino Declaration, (ii) SEAL is not a creditor, equity security holder, or insider of the Debtors, (iii) none of SEAL's members or employees are or were, within two (2) years of the Petition Date, a director, officer, or employee of the Debtors, and (iv) SEAL does not hold and has neither represented nor represents an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason; and this Court having found that good and sufficient cause exists for the relief granted by this Order,

**IT IS HEREBY ORDERED THAT:**

1.   The Application is GRANTED as set forth herein.

2.   Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ SEAL as counsel to the Debtors, *nunc pro tunc* to the Petition Date.

3.   SEAL shall apply for compensation and professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court.

4. SEAL also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the UST Guidelines, both in connection with this Application and the interim and final fee applications to be filed by the Firm in these chapter 11 cases.

5. SEAL shall exhaust the Retainer in satisfaction of allowed compensation and reimbursement awarded before seeking additional payments from the Debtors on account of such allowed awards.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. This Court shall retain jurisdiction over any and all matters arising, from or related to the interpretation or implementation of this Order.

**Dated: August 8th, 2019**
**Wilmington, Delaware**
35382818.3 08/07/2019

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE