IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) | Jointly Administered |
| *et al.*,[1] | ) | |
| Debtors. | ) | |

## OBJECTION OF SBJ GROUP INC. TO THE PROPOSED SALE OF RESIDENTS PROGRAM ASSETS AND THE CONDUCT OF THE AUCTION AND ADOPTION OF OTHER OBJECTIONS

SBJ Group Inc. ("**SBJ**") objects to the Debtors' proposed sale of the Residents Program

Assets and the conduct of the Auction,[2] and states:

Hahnemann University Hospital ("**HUH**") is a significant acute care facility that has long

served the population of the City of Philadelphia. It is a large employer, a teaching hospital, and,

perhaps most importantly, a healthcare institution that has played substantial role in Philadelphia's

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the (a) Debtors' Motion For Entry Of Orders (I)(A) Establishing Bidding Procedures Relating to the Sale of the Debtors' Residents Program Assets Including Approving A Break-Up Fee, (B) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts, Including Notice of Proposed Cure Amounts, and (C) Approving the Form and Manner of Notice Relating thereto, and (D) Scheduling A Hearing To Consider the Proposed Sale; and (ii)(A) Approving the Sale of the Residents Program Assets Free and Clear of Liens, Claims, Encumbrances and Interests, and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts; and (iii) Granting Related Relief (the "**Sale Motion**") [Docket No. 142]; (b) the July 19, 2019 Order (I)(A) Establishing Bidding Procedures Relating to the Sale of the Debtors Residents Program Assets, Including Approving a Break-Up Fee, (B) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts, Including Notice of Proposed Cure Amounts, and (C) Approving the Form and Manner of Notice Relating Thereto, and (D) Scheduling A Hearing To Consider the Proposed Sale (the "**Bidding Procedures Order**") [Docket No. 249]; and (c) the approved process and procedures (the "**Bidding Procedures**") approved pursuant to the Bidding Procedures Order, as applicable.

healthcare complex—especially for the City's underserved and most vulnerable residents. Indeed, on August 5, 2019, the Philadelphia Inquirer reported that the closure of HUH will result in the most significant displacement of physicians in the history of the United States, leaving patients in "dire need of help and care."

Unfortunately though, the Debtors have proposed a rushed sale transaction that is both legally infirm and contrary to the public interest. A sale of the Residents Program Assets on a standalone basis will, undoubtedly, lead to the loss of HUH, because both (a) the National Provider Identifiers (general and psych) and Medicare provider number and agreement, and (b) the Pennsylvania Department of Health license to operate an acute care hospital are essential assets required to operate HUH as a going concern and are among the "Residents Program Assets" proposed to be sold. The Court should take every step available to protect HUH (and the population it serves) as a going concern.

## 1.    Background.

SBJ is a party in interest in this bankruptcy case by virtue of the fact that it has submitted a bid to purchase substantially all of the assets of HUH.

***SBJ is highly interested in acquiring substantially all of the operating assets of HUH as a going concern*** (including, in part, the Residents Program Assets), as previously made known to the Debtors pursuant to (a) the Letter of Intent (the "**SBJ LOI**") that was delivered by SBJ, on August 2, 2019, to counsel for both the Debtors and the Committee, and (b) in accordance with a bid for substantially all of the assets of HUH submitted by SBJ on August 7, 2019 pursuant to the Court-approved bidding procedures (the "**SBJ Bid**").

SBJ will not, however, pursue a purchase of the Residents Program Assets absent its ability to also and simultaneously acquire substantially all of the other and remaining operating assets of HUH (subject to regulatory approval).

In response to the SBJ LOI, the Debtors' counsel informed SBJ's counsel, via email, that: the bid deadline for the Residents Program Assets had been moved to August 7, 2019; the Debtors were not at liberty to extend the bid deadline further and expected to move forward with this sale; if SBJ was interested in bidding, it should do so by the deadline and submit a bid consistent with the bidding requirements; and if SBJ submitted a non-conforming bid, the Debtors would read it and consult with their professionals, "*but to be clear, the Debtors fully reserve the right to determine that the bid is not a Qualifying Bid.*"

In response to the SBJ Bid, the Debtors' counsel informed SBJ's counsel, in a telephone conference conducted during the evening of August 7, 2019, that the SBJ Bid had been determined by the Debtors, in consultation with the Committee, *not* to be a Qualified Bid.  The Debtors' counsel further informed SBJ's counsel that unless SBJ was willing and able to modify the SBJ Bid to limit its scope to the Residents Program Assets, and to otherwise make the SBJ Bid conform to the requirements of the existing Bidding Procedures, that SBJ would not be permitted to attend or to participate in the Auction.  The Debtors' counsel did offer to have representatives of the Debtors meet with SBJ on August 8, 2019, prior to the commencement of the Auction, to discuss whether SBJ was interested in modifying the SBJ Bid to conform to the existing Bidding Procedures.

At the time of the filing of this objection, SBJ has not modified the SBJ Bid and the Debtors have not altered their position that the SBJ Bid is *not* a Qualified Bid.

2.     **The Association of American Medical Colleges, the Educational Commission for Foreign Medical Graduates, the Accreditation Council for Graduate Medical Education, the United States, and the Commonwealth of Pennsylvania Each Oppose the Sale of Residents Program Assets As Proposed by the Stalking Horse.**

Several key constituencies have filed objections to the proposed sale of the Residents Program Assets, being:

   i.    the limited objection of the Association of American Medical Colleges ("**AAMC**") and the Educational Commission for Foreign Medical Graduates ("**ECFMG**") [Docket No. 360];

   ii.   the joinder of Accreditation Council for Graduate Medical Education ("**ACGME**") in the limited objection of AAMC and ECFMG [Docket No. 361];

   iii.  the objection of the United States of America (the "**United States**"), on behalf of the Department of Health and Human Services, acting through its designated component, the Centers for Medicare & Medicaid Services [Docket No. 363]; and

   iv.   the continuing limited objection of the Commonwealth of Pennsylvania Department of Health (the "**PA DOH**") [Docket No. 364].

The foregoing respective objections are incorporated herein by reference and are hereinafter referred to, collectively, as the "**Objections**."

SBJ concurs and in and adopts the arguments made by AACM, ECFMG, ACGME, the United States, and the PA DOH in their respective Objections.

3.     **HUH Can Be Saved.**

Generally, SBJ does not object to the sale of the Residents Program Assets.  However, SBJ submits that:

   i.    the Objections can be substantially resolved pursuant to a sale of substantially all of the HUH operating assets as a going concern, as contemplated by the SBJ Bid; and

   ii.   a sale of substantially all of the HUH operating assets as a going concern is likely to result in substantial benefit for the Debtors' Estates, creditors and parties in interest and benefit—and may well bring forth ***higher and better*** offers than any resulting from accepting, and obtaining Court approval of, the results of the Auction.

Continuing the Auction for a reasonable but relatively brief period of time, and amending the existing Bid Procedures to provide the opportunity for potential bidders to both perform due diligence with respect to the assets of HUH and submit Qualified Bids that include assets in addition to the Residents Program Assets will enhance the prospects to both resolve the Objections and potentially realize far greater value for the Debtors' Estates and far greater benefit to the community that has been served by HUH.

By way of example, if SBJ or another potential bidder was permitted to bid for, and ultimately acquire, substantially all of the HUH operating assets as a going concern: the limited objections of AAMC, ECFMG and ACGME would be rendered moot, as there would be a continuing repository for the residents' records and there would be no need for tail insurance coverage; the objection of the United States would be resolved because SBJ would be acquiring the Provider Agreement associated with HUH in order to continue to provide services in place at the existing facility and not merely to collect reimbursements earned by the Debtors before the transfer of the Provider Agreement.

Simply put, as contemplated the SBJ Bid, HUH *would not shut down*—but instead continue in operation for the benefit of Philadelphia and its residents.  Therefore, the transaction contemplated by the SBJ Bid would be consistent with the letter and spirit of the Medicare Program, and otherwise applicable law, in providing for the assumption and assignment of the Provider Agreement; and the limited objection of PA DOH would be rendered moot because, once again, there would be a continuation of the operations of HUH in place and, therefore, no attempt to transfer the license without the license being associated with a specific facility.

4.      **Equity Favors a Going Concern Sale.**

In addition, continuing the Auction and amending the existing Bid Procedures will serve

significant equitable considerations that are important to the proper administration of the Debtors'

Estates, including, but not necessarily limited to, the following:

i.      preserving an important, affordable and convenient long-standing acute care medical facility in an otherwise underserved urban community and especially with respect to low income and senior patients who are dependent on Medicare and Medicaid programs;

ii.     preserving an existing acute care medical facility within greater Philadelphia and thereby potentially reducing costs to otherwise displaced patients—many of them low income and/or elderly—who would be forced to seek care under less competitive and more costly resulting circumstances;

iii.    preserving jobs for medical and non-medical staff members of Hahnemann University Hospital;

iv.     enhancing the sale value to the Debtors' Estates, and the potential size of the recovery for the benefit of creditors, of medical equipment and supplies in place, based on their going concern value, as opposed to reducing them to a liquidation or "fire sale" value; and

v.      preserving an existing medical educational facility and teaching hospital at which medical residents may continue to participate in a residency program of significant size and stature.

In considering whether a debtor has exercised proper business judgment in connection with

a proposed sale, a bankruptcy court may consider societal needs, such as the attendance to critical

public health needs. *See In re After Six Inc.*, 154 B.R. 876, 882 (E.D.Pa.1993) (acknowledging that

a lower bid may be better when other factors are involved, including "societal needs"); *In re HHH*

*Choices Health Plan, LLC*, 554 B.R. 697, 703–04 (Bankr. S.D.N.Y. 2016); *In re United*

*Healthcare Sys., Inc.*, No. CIV. A. 97-1159(NHP), 1997 WL 176574, at *5 (D.N.J. Mar. 26, 1997)

("[T]he Court must not only weigh the financial aspects of the transaction but also look to the

countervailing consideration of a public health emergency.").

These factors—***societal and public health needs***—are completely ignored by the Debtors' proposed sale of the Residents Program Assets on a standalone, highly expedited basis. The community of Philadelphia needs HUH, and the court may take judicial notice of the loud and reverberating pleas of that community, and its political leaders, for someone to preserve and protect HUH's inherent value as a going concern.

<u>**CONCLUSION**</u>

WHEREFORE, for the foregoing reasons, SBJ respectfully requests that this Court:

A.       Deny approval of any proposed Sale resulting from the Auction and existing Bid Procedures;

B.       Enter an Order continuing the Auction and amending the existing Bid Procedures and deadlines, consistent with the above objection of SBJ and the other Objections, in order to permit the submission of competing bids for the proposed sale of substantially all of the operating assets of Hahnemann University Hospital as a going concern; and

C.       Otherwise grant such other and further relief as may be just and appropriate in the circumstances.

Dated: August 8, 2019
      Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ R. Stephen McNeill*
Jeremy W. Ryan (DE Bar No. 4057)
R. Stephen McNeill (DE Bar No. 5210)
1313 North Market Street, Sixth Floor
Wilmington, DE  19801
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192

-and-

**HONIGMAN LLP**
E. Todd Sable, Esquire, Esquire
Lawrence A. Lichtman, Esquire
2290 First National Building
660 Woodward Avenue
Detroit, MI  48226-3583
Telephone:  (313) 465-7000
Email:  tsable@honigman.com
       llichtman@honigman.com

*Attorneys for SBJ Group Inc.*