# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) |
| | ) Joint Administration Requested |
| Debtors. | ) |
| | ) Re: Docket No. 303 |
| | ) Hearing Date: August 16, 2019 |

**STATEMENT AND RESERVATION OF RIGHTS IN RESPONSE
TO TENET BUSINESS SERVICES CORPORATION AND CONIFER REVENUE
CYCLE SOLUTIONS, LLC'S MOTION FOR ENTRY OF AN ORDER
(I) COMPELLING PAYMENT OF ALL UNPAID POST PETITION AMOUNTS
PURSUANT TO 11 U.S.C. § 503(B)(1) OR, IN THE ALTERNATIVE, (II) GRANTING
RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT NECESSARY TO
TERMINATE THE TSA AND MSA**

MidCap Funding IV Trust, acting in its capacity as administrative agent for MidCap

Funding IV Trust and MidCap Financial Trust (successor-by-assignment to MidCap Funding H

Trust), the Debtors' prepetition lenders (collectively, the "**Prepetition Agent**"), and MidCap

Funding IV Trust (successor-by-assignment to MidCap Financial Trust), acting in its capacity as

administrative agent for MidCap Funding IV Trust (successor-by-assignment to MidCap

Financial Trust), the Debtors' post-petition DIP lender (collectively, the "**DIP Agent**", and

together with the Prepetition Agent, "**MidCap**"), by and through its undersigned counsel, file

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

this statement in response to the Motion of Tenet Business Services Corporation ("**Tenet**") and

Conifer Revenue Cycle Solutions, LLC ("**Conifer**") for Entry of An Order (I) Compelling

Payment of All Unpaid Post Petition Amounts Pursuant To 11 U.S.C. § 503(B)(1) or, in the

Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate

the TSA And MSA (Dkt. No. 303, the "**Motion**").

## JURISDICTION

1.　　These matters constitute core proceedings under 28 U.S.C. § 157(b) and Rule

9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware.  Venue is proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409.

## STATEMENT

2.　　Tenet and Conifer provide essential operational and financial services to

Hahnemann University Hospital and St. Christopher's Hospital for Children (collectively, the

"**Hospitals**") pursuant to a Transition Services Agreement ("**TSA**") and Master Services

Agreement ("**MSA**").

3.　　Pursuant to an Interim Order entered by this Court on July 12, 2019 (Dkt. No.

172) (the "**Interim Order**"), the Debtors were authorized to enter into that certain First Priority

Secured Priming Super-Priority Debtor In Possession Credit And Security Agreement (the "**DIP**

**Credit Agreement**") with the DIP Agent and the lenders from time to time party thereto (the

"**DIP Lenders**").  The financing extended by DIP Agent to the Debtors permits the Debtors to

continue to operate while their assets are marketed for sale.

4.      In addition to other terms and conditions in the DIP Credit Agreement, the following conditions set forth in Section 7.2 of the DIP Credit Agreement must be satisfied for the DIP Lenders to make loan advances to the Debtors:

> (g)      Conifer or such other revenue cycle management provider reasonably acceptable to Agent (Conifer or such replacement revenue cycle management provider, a "Revenue Cycle Provider") shall be performing in all material respects under the Conifer Agreement (or such replacement agreement covering substantially the same scope services) and Debtors shall be current on all amounts owing to such Revenue Cycle Provider under the DIP Budget; and

> (h)      Tenet shall be performing in all material respects under the Transition Services Agreement and Debtors shall be current on all amounts owing to Tenet under the DIP Budget.

5.      Section 19 of the Interim Order provides as follows:

> Provider Agreements. As long as any portion of the Obligations remains unpaid, or any DIP Document remains in effect, absent DIP Agent's prior written consent, which shall not be unreasonably withheld, the Debtors shall not assume or reject, and no order shall be entered authorizing the Debtors to assume or reject, any material provider agreements between the Debtors and any revenue service provider, including, any governmental authority, Conifer Revenue Cycle Solutions, LLC and Tenet Business Services Corp.

6.      Termination or rejection of the MSA without a replacement revenue cycle management provider reasonably acceptable to DIP Agent or termination or rejection of the TSA will cause MidCap to cease making advances under the DIP Credit Agreement.

7.      Termination of the critical services provided under the TSA and MSA would yield devastating consequences for the Debtors' estates, all creditors (including Tenet and Conifer), and, most importantly, patients.

8.      By way of background, Tenet "owned and operated both Hahnemann and St. Christopher's" from "1998 through January 2018" until the Hospitals were sold to the Debtors. (See Motion at ¶ 11; Declaration of Allen Wilen, Dkt. No. 2 at ¶ 18.)

9.      As an owner and operator of the Hospitals for two decades, Tenet was aware of the operational and financial challenges facing them.

10.      Unfortunately, disputes arose between Debtors, Tenet, and Conifer following the sale.[2]

11.      The disputes between the parties have now risen to the point of Tenet and Conifer seeking relief to terminate their services.

12.      Putting aside the parties' disagreements, the services provided by Tenet and Conifer are critical to protecting patient safety and allowing the Hospitals to continue to operate until the assets can be sold or the hospitals safely closed.

13.      The services of Tenet and Conifer are also essential to maximize the recovery for all creditors of the Estates.  Tenet and Conifer provide services necessary in the collection of the Hospitals' accounts receivable.  Preserving the value of the accounts receivable is crucial as the eligibility of the accounts affects the borrowing base upon which the Debtors' are able to borrow money under the DIP Credit Agreement to finance their operations and other expenses.  Furthermore, Tenet and Conifer provide services that are necessary during the pendency of this case for the Debtors to realize value from the sale of the Hospitals' assets and to effectuate the goals of this bankruptcy.

14.      For example, Tenet's services enable the Hospitals to perform vital operational tasks such as "store medical records" of the Hospital's patients, "keep track of supplies,"

---

[2]      For example, according to the Debtors, shortly after the sale of the Hospitals disputes arose between Debtors and Tenet regarding "overstated amounts of accounts receivable totaling approximately $21 million" and "the financial condition" of the Hospitals.  (Declaration of Allen Wilen at ¶23.)  According to the Debtors, "they were led to believe" that the Hospitals were "essentially breaking even through November 2017", but the Hospitals "lost more than $6 million during its first full operational month in February 2018."  (Id.)

"calculate healthcare costs," "detail patient expenses and accounts and provide patient billing information."  (Motion at ¶ 12.)

15.     Likewise, Conifer provides crucial operational and financial services such as "patient check in and registration, patient check out and payment, patient scheduling for future appointments, and other non-medical patient-facing administrative services." (Id. at ¶ 13.) Conifer also provides "revenue cycle management, wherein Conifer employees track and collect patient receivables using Conifer's proprietary software counseling related to the costs patients will face for their treatment and patient eligibility for government insurance programs." (Id. at ¶ 14.)

16.     The proprietary systems and services provided by Tenet and Conifer are deeply embedded in the Hospitals' operation.

17.     Replacing the services provided by Tenet and Conifer is simply not an option at this time given that patient care and collection activities depend on using the proprietary software and systems installed by Tenet and Confer.

18.     Obviously, the termination of these critical services would lead to a cessation of patient services at the Hospitals and would also bring collection activities to a grinding halt.

19.     This would necessarily impair the ability of all creditors, including administrative creditors like Tenet and Conifer, from being paid.

20.     While Tenet and Conifer believe that it is "uncertain at this time" whether the planned sales will lead to administrative creditors being paid (Motion at ¶ 6), MidCap encourages Tenet and Conifer to refrain from pursuing a strategy that makes that option impossible.

21.     Further, while Tenet and Conifer argue that the $200,000 weekly payments contained in the DIP budget are not sufficient, neither party has provided any evidence regarding its weekly billed charges or expenses.  This deficiency is significant because the operations at Hahnemann University Hospital have decreased substantially and such decreases should, presumably, result in a decrease in the utilization of Tenet's and Conifer's services.

22.     Likewise, Tenet and Conifer have failed to explain how (if at all) they have attempted to mitigate damages.

23.     MidCap thus encourages Debtors, Conifer, and Tenet to confer and pursue a resolution that may be acceptable to all parties.  Such discussions should include examining whether Debtors operations can be restructured in a manner that results in a reduction of Tenet and Conifer's expenses.

## **RESERVATION OF RIGHTS.**

24.    MidCap reserves its rights to raise additional objections to the Motion at any time before the hearing.

STRADLEY RONON STEVENS & YOUNG, LLP

*/s/ Joelle E. Polesky*
Joelle E. Polesky (I.D. No. 3694)
1000 N. West Street, Suite 1279
Wilmington, DE 19801
Telephone: (302) 295-4856
Facsimile: (302) 295-4801
Email: jpolesky@stradley.com

OF COUNSEL

Gretchen M. Santamour (*pro hac vice*)
Deborah Reperowitz (*pro hac vice*)
Mark J. Dorval (*pro hac vice*)
Joseph W. Catuzzi (*pro hac vice*)
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Telephone: (302) 295-4856
Facsimile: (302) 295-4801

VEDDER PRICE
Kathryn L. Stevens (*pro hac vice*)
David L. Kane (*pro hac vice*)
222 North LaSalle Street
Chicago, IL 60601
Telephone: (312) 609 7803

*Attorneys for creditors MidCap Funding IV Trust*

## <u>CERTIFICATE OF SERVICE</u>

I, Joelle E. Polesky, Esquire certify that on August 9, 2019, I caused to be filed a true and correct copy of the *Statement and Reservation of Rights in Response to Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC's Motion for Entry of An Order (I) Compelling Payment of All Unpaid Post Petition Amounts Pursuant To 11 U.S.C. § 503(B)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA And MSA* with the United States Bankruptcy Court for the District of Delaware via the CM/ECF system, and caused a copy to be served via electronic means on all parties that have requested service of process in this case.

On August 9, 2019, I also caused a true and correct copy of the *Statement and Reservation of Rights in Response to Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC's Motion for Entry of An Order (I) Compelling Payment of All Unpaid Post Petition Amounts Pursuant To 11 U.S.C. § 503(B)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA And MSA* to be served via first class, United States mail, postage pre-paid on the following:

Matthew R. Brooks
Troutman Sanders LLP
600 Peachtree Street NE
Suite 5200
Atlanta, GA 30308

Douglas Carlson
Douglas Carlson LLC
330 N. Wabash
#3300
Chicago, IL 60611

Richard A. Chesley
DLA Piper LLP (US)
444 West Lake Street
Suite 900
Chicago, IL 60606

Louis Curcio
Troutman Sanders LLP
875 Third Avenue
New York, NY 10022

Jeffrey Cutler
PO Box 2806
York, PA 17405

Nicole L. Greenblatt
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022-4611

Stephen C. Hackney
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Phillip Khezri
Arent Fox LLP
1301 Avenue of the Americas
New York, NY 10019

Suzanne Koenig
SAK Management Services, LLC
300 Saunders Road, Suite 300
Riverwoods, IL 60015

Robert Lapowsky
Stevens & Lee
620 Freedom Business Center
Suite 200
King of Prussia, PA 19046

Mitchell Malzberg
Law Offices of Mitchell J. Malzberg, LLC
6 E. Main Street, Suite 7
PO Box 5122
Clinton, NJ 08809

Rachel Jaffe Mauceri
Morgan Lewis Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

Lawrence G. McMichael
Dilworth Paxson LLP
1500 Market Street
Suite 3500E
Philadelphia, PA 19102

Jessica Mikhailevich
Troutman Sanders LLP
875 Third Avenue
New York, NY 10022

Omni Management Group, Inc.
5955 DeSoto Avenue
Suite 100
Woodland Hills, CA 91367

Gregory Francis Pesce
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Nancy A. Peterman
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601

Lisa M. Rhode
Office of Attorney General
1600 Arch Street
Suite 300
Philadelphia, PA 19103

Phillip D. Berger
919 Conestoga Road
Building 3, Suite 114
Rosemont, PA 19010

Kelly Ann Cody
Self Inc. Womens Shelter
1305 W. Susquehanna Ave.
Philadelphia, PA 19122

Med One Capital Funding, LLC
c/o Ray Quinney & Nebeker, P.C.
36 South State Street
14th Floor
Salt Lake City, UT 84111
Attn.: David H. Leigh

Tracy M. Ohm
Stinson LLP
1150 18th Street N.W.
Suite 800
Washington, DC 20036

Oscar N. Pinkas
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089

Ira Neil Richards
David Smith
Schnader Harrison Segal & Lewis LLP
1600 Market Street
Suite 3600
Philadelphia, PA 19103-7286

Shades of Green, Inc.
1777 South Pennsylvania Avenue
Morrisville, PA 19067

William J. Wickward Jr.
2179 East Lyon Station Road
Creedmoor, NC 27522

STRADLEY RONON STEVENS & YOUNG, LLP

/s/ Joelle E. Polesky
Joelle E. Polesky (I.D. No. 3694)
1000 N. West Street, Suite 1279
Wilmington, DE 19801
Telephone: (302) 295-4856
Facsimile: 302-295-4801
Email: jpolesky@stradley.com

Dated: August 9, 2019                    *Attorneys for creditors MidCap Funding IV Trust*

# 4199901