## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (KG) |
|  | Jointly Administered |
| Debtors. | **Hearing Date: August 19, 2019 at 1:00 p.m. (EST)** |
|  | **Objection Deadline: At the hearing** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO
SECTION 107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE
9018 AND LOCAL RULE 9018-1(b), AUTHORIZING THE DEBTORS TO
FILE UNDER SEAL PORTIONS OF (A) THE DEBTORS' OBJECTION TO
MOTION OF TENET BUSINESS SERVICES CORPORATION AND
CONIFER REVENUE CYCLE SOLUTIONS, LLC FOR ENTRY
OF AN ORDER (I) COMPELLING PAYMENT OF ALL UNPAID
POSTPETITION AMOUNTS PURSUANT TO 11 U.S.C. § 503(b)(1) OR, IN
THE ALTERNATIVE, (II) GRANTING RELIEF FROM THE AUTOMATIC STAY
TO THE EXTENT NECESSARY TO TERMINATE THE TSA AND MSA, AND
(B) THE DECLARATION OF ALLEN WILEN IN SUPPORT THEREOF**

By this Motion (the "Seal Motion"), Center City Healthcare, LLC d/b/a Hahnemann

University Hospital and its affiliated debtors and debtors in possession (collectively, the

"Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek entry of an

order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), pursuant to

sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-

1(b) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

District of Delaware (the "Local Rules"), authorizing the Debtors to file under seal certain portions of (i) the *Debtors' Objection to Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for Entry of an Order (I) Compelling Payment of All Unpaid Postpetition Amounts Pursuant to 11 U.S.C. § 503(b)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA and MSA* (the "Objection"),[2] and (ii) the declaration of Allen Wilen (the "Wilen Declaration") in support thereof, both of which have been filed contemporaneously herewith.  In support of this Seal Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b) and (d).

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

## BACKGROUND

4.        On June 30, 2019 and July 1, 2019 (collectively, the "<u>Petition Date</u>"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

5.        A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Allen Wilen in Support of First Day Relief* (the "<u>First Day Declaration</u>") [D.I. 2].

6.        On July 26, 2019, Tenet Business Services Corporation ("<u>Tenet</u>") and Conifer Revenue Cycle Solutions, LLC ("<u>Conifer</u>") filed the *Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for Entry of an Order (I) Compelling Payment of All Unpaid Postpetition Amounts Pursuant to 11 U.S.C. § 503(b)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA and MSA* [D.I. 303] (the "<u>Motion to Compel</u>"), pursuant to which Tenet and Conifer request the entry of an order (a) compelling payment of postpetition amounts or, alternatively, (b) lifting the automatic stay to allow for the termination of the TSA and MSA (as defined in the Motion to Compel).

7.        In response to the Motion to Compel, contemporaneously herewith, the Debtors have filed the Objection, attached to which as **Exhibit A** is the Wilen Declaration.  Portions of the Objection and the Wilen Declaration contain sensitive information relating to provisions of the ASA, which, pursuant to section 13.9 of the ASA, are or may be confidential (collectively, the "<u>Confidential Information</u>").   Given the sensitivity of this information, and out of an

abundance of caution, the Debtors have redacted the portions of the Objection and the Wilen

Declaration that describe the Confidential Information in order to avoid the public disclosure of

such information.

8.      In light of the foregoing, by this Seal Motion, the Debtors respectfully seek the

entry of the Proposed Order, substantially in the form attached hereto as **Exhibit 1**, permitting

the Debtors to file the unredacted Objection and Wilen Declaration under seal.

## **RELIEF REQUESTED**

9.      By this Motion, the Debtors seek the entry of the Proposed Order, substantially in

the form attached hereto as **Exhibit 1**, authorizing the Debtors to file the unredacted Objection

and Wilen Declaration under seal.

## **BASIS FOR RELIEF REQUESTED**

10.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the

authority to issue orders that will protect entities from potential harm that may result from the

disclosure of certain confidential information.  Specifically, section 107(b) provides in part that:

> On the request of a party in interest, the bankruptcy court shall, and on the
> bankruptcy court's own motion, the bankruptcy court may . . . protect an
> entity with respect to a trade secret or confidential research, development,
> or commercial information . . . .

11 U.S.C. § 107(b).  In addition, under section 105(a) of the Bankruptcy Code, the Court may

"issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

11.      Bankruptcy Rule 9018 sets forth the procedures by which a party may move for

relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion or on its own

initiative, with or without notice, the court may make any order which justice requires . . . to

protect the estate or any entity in respect of a trade secret or other confidential research,

development, or commercial information . . . ." Fed. R. Bankr. P. 9018.  Local Rule 9018-1(b)

additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal

must file a motion to that effect."  Del. Bankr. L.R. 9018-1(b).

12.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure,

section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to

demonstrate "good cause."  *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In

re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named

Under Seal* (*In re Phar-Mor, Inc.*), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Rather, if the

material sought to be protected satisfies one of the categories identified in section 107(b), "the

court is required to protect a requesting party and has no discretion to deny the application."

*Orion Pictures*, 21 F.3d at 27.

13.     Here, sufficient cause exists for the Court to grant the relief sought by this Seal

Motion in order to protect the Debtors' Confidential Information.  Although the Confidential

Information is necessary to demonstrate why the relief requested in the Motion to Compel is

improper, the Confidential Information could, if disclosed, cause the Debtors to breach the ASA,

to the detriment of their estates and creditors.  Moreover, the relief requested herein will not

cause undue prejudice to any parties in interest.  To ensure that the key constituencies in these

cases receive adequate disclosure, the Debtors have provided, or will provide, unredacted copies

of the Objection and the Wilen Declaration to the Court, the United States Trustee, counsel to the

Committee and counsel to the Tenet Parties on a confidential basis and subject to Bankruptcy

Code section 107 and Local Rule 9018-1.  The Debtors submit that the foregoing provides

sufficient safeguards to ensure that the relief requested in this Seal Motion will not adversely

affect the interests of parties to these Chapter 11 Cases while protecting the Debtors' legitimate interest in keeping sensitive commercial information from the public's view.

14.     For the reasons set forth above, the Debtors submit that good cause exists for the Court to grant the relief requested herein and that approval of this Seal Motion is necessary and appropriate.

## NOTICE

15.     The Debtors have provided notice of the filing of the Motion to: (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) counsel to the Tenet Parties; and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

16.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, in substantially the form attached hereto as **Exhibit 1**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: August 9, 2019 **SAUL EWING ARNSTEIN & LEHR LLP**

By:    */s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Aaron S. Applebaum (DE Bar No. 5587)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7700
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
aaron.applebaum@saul.com

*Counsel for Debtors and Debtors in Possession*