**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (KG) |
|  | Jointly Administered |
| Debtors. | **Hearing Date: September 4, 2019 at 2:00 p.m. EDT**<br>**Objection Deadline: August 28, 2019 at 4:00 p.m. EDT** |

**APPLICATION TO RETAIN AND EMPLOY SILLS CUMMIS & GROSS P.C. AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CENTER CITY HEALTHCARE, LLC D/B/A HAHNEMANN UNIVERSITY HOSPITAL, *ET AL. NUNC PRO TUNC* TO JULY 15, 2019**

The Official Committee of Unsecured Creditors (the "Committee") of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al.* (the "Debtors") submits this Application (the "Application") to retain and employ Sills Cummis & Gross P.C. ("Sills") as its co-counsel, *nunc pro tunc* to July 15, 2019, pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of its Application, the Committee respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

## BACKGROUND

1.      On June 30, 2019 and July 1, 2019 (the "Petition Date"), each of the Debtors filed voluntary relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").

2.      The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

3.      July 15, 2019, the Office of the United States Trustee appointed the Committee pursuant to sections 1102(a) and 1102(b)(1) of the Bankruptcy Code.

4.      The Committee consists of the following seven parties: Conifer Revenue Cycle Solutions, LLC (chair); Crothall Healthcare, Inc.; Global Neurosciences Institute, LLC; Medline Industries, Inc.; Medtronic USA, Inc.; Pennsylvania Association of Staff Nurses and Allied Professionals; and Veolia Energy Philadelphia, Inc.

5.      The first meeting of the Committee was held on July 15, 2019, and at that meeting, the Committee selected Sills and Fox Rothschild LLP ("Fox") as its proposed attorneys in these cases.

## JURISDICTION

6.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final judgment or order with respect to the Application, even if it is determined that the Court, absent

consent of the parties, cannot enter final orders or judgments consistent with Article III of the

United States Constitution.

## RELIEF REQUESTED AND BASIS FOR RELIEF

8.      The Committee respectfully requests the entry of an order substantially in the

form submitted herewith authorizing the Committee to employ and retain Sills as its co-counsel

effective *nunc pro tunc* to July 15, 2019.

9.      Section 1103(a) of the Bankruptcy Code provides that:

> At a scheduled meeting of a committee appointed under section
> 1102 of this title, at which a majority of the members of such
> committee are present, and with the court's approval, such
> committee may select and authorize the employment by such
> committee of one or more attorneys, accountants, or other agents,
> to represent or perform services for such committee.

11 U.S.C. § 1103(a).

10.     The Committee submits that, pursuant to section 1103(a), Bankruptcy Rule

2014(a), and Local Bankruptcy Rule 2014-1, Sills should be employed as the Committee's

attorneys in these bankruptcy cases.

## I.      Selection

11.     The Committee selected Sills as its co-counsel based upon Sills's significant

experience representing creditors in complex bankruptcy cases, including as committee counsel

in health care-related cases throughout the country.  Among other representations, Sills has

represented or currently represents creditors' committees in the bankruptcy cases of *In re

Bayonne Medical Center* (Case No. 07-15195 (MBK), Bankr. D.N.J.); *In re Hudson Healthcare,

Inc.* (Case No. 11-33014 (VFP), Bankr. D.N.J.); *In re Christ Hospital* (Case No. 12-12906 (MS),

Bankr. D.N.J.); *In re Fairmont General Hospital, Inc., et al.* (Case No. 13-01054 (PMF), Bankr.

N.D.W. Va.); *In re Union Hospital District* (Case No. 14-03299 (DD), Bankr. D.S.C.); *In re

3

*Ultura (LA) Inc., et al.* (Case No. 14-12382 (KG), Bankr. D. Del.)); *In re SMMC Liquidation Corp. f/k/a Saint Michael's Medical Center, Inc., et al.* (Case No. 15-24999 (VFP), Bankr. D.N.J.); *In re Progressive Acute Care, LLC, et al.* (Case No. 16-50740, Bankr. W.D. La.); *In re Gardens Regional Hospital and Medical Center, Inc.* (Case No. 16-17463 (ER), Bankr. C.D. Cal.); *In re CH Liquidation Association f/k/a Coshocton County Memorial Hospital Association* (Case No. 16-51552 (AMK), Bankr. N.D. Ohio); *In re Gainesville Hospital District d/b/a North Texas Medical Center* (Case No. 16-40101 (BTR), Bankr. E.D. Tex.); *In re Morehead Memorial Hospital* (Case No. 17-10775 (BK), Bankr. M.D.N.C.); *In re Curae Health, et al.* (Case No. 18-05665 (CMW) Bankr. M.D. Tenn.); *In re Promise Healthcare Group, LLC, et al.* (Case No. 18-12491 (CSS), Bankr. D. Del.); *In re Novum Pharma, LLC* (Case No. 19-10209 (KJC), Bankr. D. Del.); and *In re Astria Health, et al.* (Case No. 19-01189-11 (FLK), Bankr. E.D. Wash.).  Sills has also represented or currently represents debtors in *In re Pascack Valley Hospital Association, Inc.* (Case No. 07-23686 (RG), Bankr. D.N.J.) and *In re Mammoet-Starneth LLC* (Case No. 17-12925 (LSS), Bankr. D. Del.); a secured creditor/plan sponsor in *In re Motor Coach Industries International, Inc., et al.* (08-12136 (BLS), Bankr. D. Del.); and has served as special counsel to the committee in *In re 710 Long Ridge Road Operating Company II, LLC, et al.* (Case No. 13-13653 (DHS), Bankr. D.N.J.) and special counsel to the debtors and committee in *In re Specialty Hospital of Washington, LLC, et al.* (Case No. 14-00279 (SMT), Bankr. D.C.).

## II.     Scope of Employment

12.     The professional services Sills will render include the following:

   a.     Provide legal advice regarding the Committee's rights, powers, and duties in these cases.

   b.     Prepare all necessary applications, answers, responses, objections, orders, reports, and other legal papers.

c.    Represent the Committee in any and all matters arising in these cases, including any dispute or issue with the Debtors or other third parties.

d.    Assist the Committee in its investigation and analysis of the Debtors, their capital structures, and issues arising in or related to these cases, including but not limited to the review and analysis of all pleadings, claims, and bankruptcy plans that might be filed in these cases, and any negotiations or litigation that may arise out of or in connection with such matters, the Debtors' operations, the Debtors' financial affairs, and any proposed disposition of the Debtors' assets.

e.    Represent the Committee in all aspects of any sale and bankruptcy plan confirmation proceedings.

f.    Perform any and all other legal services for the Committee that may be necessary or desirable in these cases.

13.    Sills will work closely with Fox to prevent unnecessary or inefficient duplication of services, and will utilize their respective skills and experience and take all necessary and appropriate steps to avoid any such duplication.

14.    Subject to the Court's approval of this Application, Sills has indicated that it is willing to serve as the Committee's co-counsel in these cases and perform the services described above.

## III.    Terms of Retention

15.    Sills intends to apply for compensation for professional services rendered in connection with these cases, subject to approval of the Court, and in compliance with sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules and the Local Rules, and any orders of the Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the firm.

16.    As set forth in the Sherman Declaration, Sills has advised the Committee that, for each month in these cases, Sills's fees (not including expenses) will be limited to the lesser of (i) the amount of Sills's fees at its professionals' standard rates (which currently range from $425-

$1,050 for Members, $425-$625 for Of Counsels, $295-$495 for Associates, and $95-$295 for

Paralegals) and (ii) the amount of Sills's fees at a blended hourly rate of $625.

17.     The following professionals are expected to have primary responsibility for

providing services to the Committee in these cases:

| Professional | Standard Hourly Rate, Before Application of Blended $625 rate |
|---|---|
| Andrew H. Sherman | $795 |
| Boris I. Mankovetskiy | $725 |
| George Hirsch | $710 |
| Lucas F. Hammonds | $575 |
| Rachel E. Brennan | $545 |
| Gregory Kopacz | $525 |

18.     The foregoing rates are set at a level designed to fairly compensate Sills for its

work and to cover fixed and routine overhead expenses.  Sills's hourly rates vary with the

experience and seniority of the individuals assigned, and are subject to periodic adjustments to

reflect economic and other conditions (which adjustments will be reflected in the first Sills fee

application following such adjustments).

19.     It is Sills's policy to charge its clients in all areas of practice for all other expenses

incurred in connection with the client's case.  These expenses include, among other things,

telephone and telecopier toll and other charges, mail and express mail charges, special or hand

delivery charges, document processing, photocopying charges, travel expenses, expenses for

working meals, computerized research, and transcription costs, as well as non-ordinary overhead

expenses such as overtime for secretarial personnel and other staff.  Sills will charge the Debtor's

estate for these expenses in a manner and at rates consistent with charges made generally to the

firm's clients and in compliance with any guidelines promulgated by the Office of the U.S. Trustee and the Local Rules, subject to approval by the Court.

20. Other than as set forth herein, there is no proposed arrangement to compensate Sills. Sills has not shared, nor agreed to share (i) any compensation it has received or may receive with any other party or person, other than with the Members, Of Counsels, and Associates of the firm, or (ii) any compensation another person or party has received or may receive.

**IV.    Sills Does Not Hold or Represent Any Adverse Interest**

21. As set forth in greater detail in the declaration of Andrew H. Sherman (the "Sherman Declaration") in support of this Application, filed contemporaneously herewith, Sills has completed conflicts checks for the following people and entities, among others: (i) the Debtors; (ii) non-debtor affiliates of the Debtors; (iii) equity holders of the Debtors; (iv) the Debtors' professionals; (v) purported secured creditors of the Debtors; (vi) the Committee members; and (vii) certain other potentially interested parties (including the parties identified on the conflicts check list attached to the retention application for the Debtors' attorneys) (collectively, the "Conflicts Check Parties"). A schedule of the Conflicts Check Parties is attached as Exhibit 1 to the Sherman Declaration.

22. Sills compared the names of the Conflicts Check Parties to a list of the firm's current and former engagements, clients, adverse parties, and additional parties related to the firm's current and former engagements. To the best of the Committee's knowledge, based upon the Sherman Declaration, and except as set forth therein, Sills (i) does not hold or represent any other entity having an adverse interest in connection with these cases as required by section

7

1103(b), and further, (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

23.     The Committee is aware that, because Sills is a large law firm with diverse clients, Sills may represent, may have represented, or may have connections to certain creditors of the Debtors' estates or other parties-in-interest in matters unrelated to the Debtors or these cases.  Any such representations and connections are disclosed in the Sherman Declaration in an abundance of caution.

24.     To the best of the Committee's knowledge, based upon the Sherman Declaration, Sills has no connection with the United States Trustee or any other person employed in the Office of the United States Trustee.

## V.     Employment *Nunc Pro Tunc* to July 15, 2019

25.     The Committee requests approval of the retention and employment of Sills *nunc pro tunc* to July 15, 2019, the date Sills was selected to represent the Committee.  Due to the complex and time-sensitive nature of these cases, there was an immediate need for Sills to perform services for the Committee, and the Committee has sought authorization to retain and employ Sills as soon as reasonably practicable.  The Committee submits that these circumstances warrant approval *nunc pro tunc* to July 15, 2019.  *See, e.g., F/S Airlease II, Inc. v. Simon*, 844 F.2d 99 (3d Cir. 1988).

### NOTICE, PRIOR APPLICATION, AND WAIVER OF BRIEF

26.     Notice of this Application is being given to (i) the Debtor, (ii) counsel for the Debtor's purported secured lenders, (iii) the Office of the United States Trustee, and (iv) all parties that have requested service pursuant to Bankruptcy Rule 2002 in these cases.  The Committee submits that, given the nature of the relief requested, no further or other notice is necessary.

8

27.     No prior application for the relief requested has been made to this or any other Court.

**WHEREFORE**, for the foregoing reasons, the Committee requests (i) entry of an order substantially in the form of submitted herewith authorizing, among other things, (a) the Committee to retain and employ Sills as its co-counsel, *nunc pro tunc* to July 15, 2019, and (b) Sills to be paid such compensation as may be allowed by the Court on the terms set forth herein and in the Sherman Declaration; and (ii) such other and further relief that the Court deems just and proper.

Respectfully submitted,

Dated: August ___, 2019

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CENTER CITY HEALTHCARE, LLC D/B/A HAHNEMANN UNIVERSITY HOSPITAL, *ET AL.*

By: _____

Conifer Revenue Cycle Solutions, LLC, Chair
By: Tom W. Arnst, Esq.