# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>Jointly Administered |

**DECLARATION OF TOM W. ARNST IN SUPPORT OF
APPLICATION TO RETAIN AND EMPLOY SILLS CUMMIS & GROSS P.C. AS
ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF CENTER CITY HEALTHCARE, LLC D/B/A HAHNEMANN UNIVERSITY
HOSPITAL, *ET AL. NUNC PRO TUNC* TO JULY 15, 2019**

Tom W. Arnst, Esq. makes this declaration (the "Declaration") pursuant to 28 U.S.C. § 1746 in support of the *Application to Retain and Employ Sills Cummis & Gross P.C. as Attorneys for the Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, et al. Nunc Pro Tunc to July 15, 2019* (the "Application"), and states and declares as follows:

1. I am an attorney at law and Senior Vice President, General Counsel & Corporate Secretary of Conifer Revenue Cycle Solutions, LLC ("Conifer"), the duly-appointed chair of the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases.

2. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

3. I submit this Declaration pursuant to section (D)(2) of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines"), which requests a verified statement addressing the following issues in connection with an application for employment filed under section 1103 of the Bankruptcy Code:

    a. The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

    b. The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

    c. The number of firms the client interviewed.

    d. If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

    e. The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

    f. The client verification should be appropriately detailed and should not be a routine form prepared by the client's bankruptcy counsel.

4. As the designated representative of Conifer, I was directly involved in the Committee's decision to retain Sills Cummis & Gross P.C. ("Sills") as its co-counsel in these cases and participated in the negotiation of the terms of Sills's employment.

5. Upon its formation, the Committee interviewed 6 firms seeking to provide their services as attorneys for the Committee before selecting Sills as its co-counsel along with Fox Rothschild LLP ("Fox").

6. The Committee selected Sills as its co-counsel in these bankruptcy cases after careful deliberation based on, among other things, Sills's significant experience representing creditors in complex bankruptcy cases, including as committee counsel in numerous health care-related cases throughout the country; Sills's preparation for these cases; and Sills's proposed rate structure.

7. The Committee has been advised by Sills that the billing rates and materials terms of Sills's engagement are comparable to their billing rates and terms for other non-bankruptcy engagements. Specifically, the Committee has been advised by Sills that the billing rates of Sills's professionals in these cases are within the range of, and comparable to the rates of its professionals in non-bankruptcy engagements based on such factors as title, experience, and expertise, and are not determined based on whether an engagement is bankruptcy-related or not. Moreover, Sills has offered the Committee a discount from its standard rates in these cases as set forth in the declaration of Andrew H. Sherman submitted in support of the Application.

8. The Committee has also been advised by Sills that, while taking into account the unique circumstances presented by the representation of official committees in large chapter 11 cases, the material terms of Sills's engagement are comparable to the terms of their non-bankruptcy engagements.

9. The Committee has further been advised by Sills that the billing rates and material terms of Sills's engagement are comparable to those of comparably skilled professionals. This appears to be consistent with the information provided by the other candidates for Committee

counsel and the information set forth in the retention applications for the Debtors' proposed attorneys.

10. The Committee will supervise the fees and expenses incurred by Sills in these cases to manage the Committee's costs by, among other things, reviewing Sills's invoices and applications for payment of fees and reimbursement of expenses. If the Committee objects to any fees or expenses requested by Sills, the Committee will attempt to resolve the objection with Sills consensually. Sills has advised that, if the Committee and Sills are unable to resolve any such issues with respect to any application for payment of fees and reimbursement of expenses, Sills will file a notice of objection to the application while reserving all rights to contest the objection. The Committee reserves the right to retain conflicts counsel to prosecute any such objection to any application for payment of fees and reimbursement of expenses if the objection cannot be resolved by the Committee and Sills consensually.

11. In addition, the Committee has been advised Sills will work closely with Fox to prevent unnecessary or inefficient duplication of services, and will utilize their respective skills and experience and take all necessary and appropriate steps to avoid any such duplication.

12. Nothing in this declaration is intended to impair (i) Sills's right to request allowance and payment of fees and expenses under the applicable provisions of title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, or the Local Rules of the United States Bankruptcy Court for the District of Delaware or (ii) its right to defend any objection raised with respect to such allowance and payment.

13. For the foregoing reasons, I believe that Sills is eligible for retention and employment as co-counsel for the Committee in these cases, and that such employment is in the best interest of the estates.

Dated: August ___, 2019

_____
Tom W. Arnst, Esq

6523706 v1