**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a<br>HAHNEMANN UNIVERSITY HOSPITAL,<br>*et al.*,[1]<br><br>Debtors. | ) <br> ) Chapter 11<br> )<br> ) Case No. 19-11466 (KG)<br> ) Jointly Administered<br> )<br> ) **Re: D.I. _____**<br> ) |

**ORDER AUTHORIZING OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO EMPLOY BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR,
*NUNC PRO TUNC* TO JULY 22, 2019**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al.*, as debtors and debtors-in-possession in these proceedings (collectively, the "Debtors"), to employ Berkeley Research Group, LLC ("BRG"), as its financial advisor, *nunc pro tunc* to July 22, 2019, pursuant to sections 327 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the Bankruptcy Court for the District of Delaware (the "Local Rules"); and it appearing that (i) the Court has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; (ii)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Any capitalized term not defined herein shall have the meaning ascribed to it in the Application.

venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. §§ 157(b); (iv) due notice of the Application having been provided to the Office of the United States Trustee, counsel for the Debtors, counsel to the Debtors' lenders, and any other party having filed with the Court a request for notice; and it appearing that no other or further notice need be provided; (v) the Court having reviewed the Application, the Declaration of Christopher Kearns (the "Kearns Declaration"), a Managing Director of BRG in support of the Application and attached thereto as Exhibit A, and the other motions, pleadings, and papers filed in these cases, together with the representations and deliberations on the record; the Court finds that, (i) the proposed employment of BRG as financial advisor for the Committee is in the best interest of the Committee and the Debtors' bankruptcy estates, and (ii) BRG does not represent or hold any interest adverse to the Committee or the Debtors' estates and is disinterested under section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code; and upon all of the proceedings had before the Court, it is hereby

ORDERED that the Application is approved, as set forth herein; and it is further

ORDERED that pursuant to sections 327 and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Committee is authorized to employ BRG for the purposes and on the terms set forth in the the Application and the Kearns Declaration, *nunc pro tunc* to July 22, 2019; and it is further

ORDERED that BRG shall file applications for compensation and reimbursement of expenses and shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, and such Bankruptcy Rules, and Local Rules as may then be applicable, from time to time, and such other applicable procedures as may be fixed by order of this Court; and it is further

ORDERED that notwithstanding anything to the contrary in the Application or the Kearns Declaration, BRG shall not seek reimbursement of any fees or costs arising from the defense of any of BRG's fee applications in the Cases; and it is further

ORDERED that to the extent there is an inconsistency between the terms and conditions set forth in the Application, the Kearns Declaration, and this Order, the provisions of this Order shall govern; and it is further

ORDERED that the terms and conditions of this Order shall be effective and enforceable immediately upon its entry' and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated: _____, 2019
      Wilmington, DE

                                  The Honorable Kevin Gross,
                                  United States Bankruptcy Judge