## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |  |
| *al.*,[1] | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS,
## METHODOLOGY, AND DISCLAIMER REGARDING
## <u>DEBTORS' SCHEDULES AND STATEMENTS</u>

The Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") filed by Center City Healthcare, LLC d/b/a Hahnemann University Hospital and its affiliated debtors and debtors in possession (together, the "**Debtors**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") were prepared pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. 101 – 1532 (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure 1007 by the Debtors' management, under the supervision of the Debtors' chief restructuring officer (the "**CRO**"), and are unaudited.   While the members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation and after reasonable inquiries, inadvertent errors may exist and/or the subsequent receipt of information may result in material changes to financial and other data contained in the Schedules and Statements that may warrant amendment of the same.[2]   Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete or accurate.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2]   Since the acquisition of the hospitals in January 2018, there has been significant turnover in the accounting and finance function.

Regarding Debtors' Schedules and Statements (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of, the Debtors' Schedules and Statements.  In the event of any inconsistency between the Global Notes and the Schedules and Statements, the Global Notes shall control and govern.

The Schedules and Statements have been signed by an authorized representative of the Debtors.  In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements and representations of the Debtors' other personnel and professionals. The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

1.    **Case**. On June 30, 2019 or July 1, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Unless otherwise indicated, the information provided is as of the close of business on June 30, 2019.

2.    **Amendments**. The Debtors reserve the right to amend the Schedules and Statements in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed."

3.    **Estimates and Assumptions**. The preparation of the Schedules and Statements requires the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the reporting period.  Actual results could differ from those estimates.

4.    **Unknown Amounts**. Some of the scheduled liabilities are unknown and unliquidated at this time.  In such cases, the amounts are listed as "Unknown."  Because certain scheduled liabilities are unknown and unliquidated, the Schedules and the Statements do not accurately reflect the aggregate amount of the Debtors' liabilities.

5.    **Pre-Petition vs. Post-Petition**. The Debtors have sought to allocate liabilities between the pre-petition and post-petition periods based on the information derived from research and investigation conducted during the preparation of these Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change.  The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

6.    **GAAP**. Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under generally accepted accounting

2

principles in the United States ("**GAAP**"), the aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

7.      **Asset Values**. It would be prohibitively expensive, unduly burdensome, inefficient, and time-consuming to obtain additional market valuations of the Debtors' property interests.  Accordingly, to the extent any asset value is listed herein, and unless otherwise noted therein, net book values rather than current market values of the Debtors' property interests are reflected in the applicable Schedule.  As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.  Unless otherwise indicated, all asset amounts and claim amounts are listed as of June 30, 2019.  The Debtors reserve the right to amend or adjust the value of each asset or liability as set forth herein.

8.      **Setoff or Recoupment Rights**. The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors, or inchoate statutory lien rights. Such counterparties, if any, have been listed on Schedule F.

9.      **Co-Obligors**. No claim set forth on the Schedules and Statements of the Debtors is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by another party.

10.     **Causes of Action**.  The Debtors reserve all of their causes of action.  Neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such cause of action.  Likewise, the failure to list a cause of action in question 74 of Schedule B or SOFA question 7 shall not be deemed a waiver of any such cause of action.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these Chapter 11 Cases, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

11.     **Insiders**. In those circumstances where the Schedules and Statements require information regarding insiders and/or officers and directors, included therein are the Debtors' (a) directors and (b) employees that are, or were during the relevant period, officers.  The listing of a party as an insider is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

12.     **Intellectual Property**. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred.  Conversely, inclusion of

35683554.2 08/13/2019

certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred.  The Debtors reserve all rights with respect to the legal status of any and all such intellectual property rights.

13.     **Fiscal Year**.  The Debtors' fiscal year ends on December 31.

14.     **Currency**.  All amounts are reflected in U.S. dollars.

15.     **Summary of Significant Reporting Policies and Practices**.  The following conventions were adopted by the Debtors in preparation of the Schedules and Statements:

(a)     Fair Market Value; Book Value.  Unless otherwise noted therein, the Schedules and Statements reflect the carrying value of the liabilities as listed in the Debtors' books and records.  Where the current market value of assets is unknown, the Debtors have based their valuation on book values net of depreciation. The Debtors reserve the right to amend or adjust the value of each asset or liability set forth herein.

(b)     Inventories.  Inventories are valued in the Schedules and Statements at the values indicated on the Debtors' books and records.

(c)     Leased Real and Personal Property.  In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property, including, without limitation, certain equipment, from certain third-party lessors.  The Debtors believe that all such leases are set forth in the Schedules and Statements.  The property subject to the leases is not reflected  in the Schedules and Statements as either owned property or assets of the Debtors or property or assets of third-parties within the control of the Debtors.  Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to all such issues.

(d)     Disputed, Contingent and/or Unliquidated Claims.  Schedules D, E, and F permit the Debtors to designate a claim as disputed, contingent, and/or unliquidated.  A failure to designate a claim on any of these Schedules and Statements as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection.  The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules and Statements as to amount, liability, or status.

(e)     Payments Made within 90 Days prior to the Petition Date and Payments to Insiders within One Year of Petition Date.     Payments made in the

ordinary course of the Debtors' business to employees for salaries, wages, bonuses, commissions, and employee benefits, payroll taxes and sales taxes were omitted from the SOFA question 3. Payments to insiders within one year of the Petition Date, including transfers within 90 days of the Petition Date, are listed in response to SOFA question 4 and, with certain exceptions, are not separately set forth in response to SOFA question 3. In preparing their responses to SOFA question 4, and in the interest of full disclosure, the Debtors used an expansive interpretation of the term "insider". Inclusion or omission of a creditor as an "insider" on the Debtors' response to SOFA question 4 is not determinative as to whether creditor is actually an "insider," as such term is defined in the Bankruptcy Code and the Debtors reserve all of their rights with respect to such characterization. Moreover, payments are listed in response to SOFA questions 3 and 4 without regard as to whether such payments were made on account of antecedent debt, and the Debtors reserve all of their rights with respect to such issue.

(f)     <u>Statement of Financial Affairs – Payments to Insiders</u>. Both questions 4 and 30 in the SOFAs request information regarding payments to insiders, and all such information is provided in response to question 4. The Debtors reserve all rights with respect to the characterization of payments listed in response to questions 4 and 30.

(g)     <u>Statement of Financial Affairs – Suits and Administration Proceedings</u>. Although the Debtors have attempted to list in question 7 all known claimants with pending suits or administrative proceedings, certain actions may have been inadvertently omitted. The Debtors reserve all of their rights with respect to any such claims or causes of action they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

16.     **Schedule D**. Although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the recharacterization of the structure of any such transaction or any document or instrument related to such creditor's claim except as otherwise agreed to pursuant to a stipulation or an agreed order or any other order entered by the Bankruptcy Court. No claim set forth on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. The Debtors reserve all rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of a claimant or a waiver of the Debtors' rights to recharacterize or reclassify a claim or contract.

17.    **Schedule E/F**. The Debtors' analysis of potential priority claims is ongoing, and any amounts listed as priority claims on Schedule E/F remain subject to such analysis. Amendments will be made to Schedule E/F as necessary.  Although reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive, and therefore, the Debtors do not list a date for each claim on Schedule E/F.

Schedule E/F may contain potential claims on account of pending litigation involving the Debtors. Each potential claim associated with any such pending litigation is marked as contingent, unliquidated and disputed in the Schedules and Statements.  Some of the potential litigation listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.  In addition, workers' compensation claims that are covered in full under the Debtors' insurance policies are not included on Schedule E/F.  Any information contained in Schedule E/F with respect to pending or potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Schedule E/F reflects prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts and unexpired leases. Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected in the future.

Pursuant to the *Final Order (I) Authorizing the Debtors to (A) Pay Certain Prepetition Wages, Benefits and Other Compensation, and (B) Continue Employee Compensation and Employee Benefits Programs, and (II) Granting Related Relief* [Docket No. 291] (the "**Wage Order**"), the Debtors were authorized to pay, and did pay, certain pre-petition claims for employee wages and other related obligations.  As such, while the Debtors have listed such pre-petition wage and related employee claims in Schedule E/F, the Debtors have marked such claims as "contingent" and "unliquidated" because they have already been paid in accordance with the Wage Order.

19.    **Schedule G**. Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors may have occurred.  Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using reasonable efforts.  The Debtors have only scheduled claims and executory contracts for which the Debtors may be contractually and/or directly liable.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement was an executory contract or unexpired lease as of the Petition Date, or that it is valid or enforceable. The Debtors hereby reserve all rights to dispute or challenge the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G, including contracts, agreements or leases that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents that may not be listed on Schedule G, and to amend or supplement Schedule G as necessary.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first

refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.  The Debtors reserve all rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including but not limited to, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same vendor or provider may appear multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract, or multiple, severable or separate contracts.  Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of its business, such as subordination agreements, supplemental agreements, settlement agreements, amendments/letter agreements, and confidentiality agreements.  Such documents may not be set forth on Schedule G.  The Debtors also reserve all rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim.  Further, the Debtors reserve all rights to later amend the Schedules and Statements to the extent that additional information regarding the Debtor obligor to an executory contract becomes available.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.  Any and all of the Debtors' rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are reserved and preserved.  Schedule G may be amended at any time to add any omitted contract, agreement or lease.

20.  **Schedule H**.  The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.  The Debtors reserve all rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Neither the Debtors, their agents, nor their attorneys guarantee or warrant the accuracy, the completeness, or correctness of the data that is provided herein or in the Schedules and Statements, and neither are they liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information herein.  While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized.  In no event shall the Debtors or their agents, attorneys and advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not, and

35683554.2 08/13/2019

however caused, even if the Debtors or their agents, attorneys and advisors are advised of the possibility of such damages.

| | |
|---|---|
| Debtor Name | **TPS II of PA, L.L.C.** |
| **United States Bankruptcy Court for the District of Delaware** | |
| Case number (if known): | **19-11476** |

☐ Check if this is an
amended filing

Official Form 206Sum
# Summary of Assets and Liabilities for Non-Individuals

12/15

---

**Part 1:**   Summary of Assets

*1. Schedule A/B: Assets - Real and Personal Property*      (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from *Schedule A/B*..................................................................................

$0.00

1b. **Total personal property:**
Copy line 91A from *Schedule A/B*..............................................................................

$693,352.65

1c. **Total of all property:**
Copyline 92 from *Schedule A/B*..................................................................................

$693,352.65

---

**Part 2:**   Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property*      (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of Schedule D............................

$57,456,342.37

3. *Schedule E/F: Creditors Who Have Unsecured Claims*    (Official Form 206E/F)

3a. **Total of amounts of priority unsecured claims:**
Copy the total claims from Part 1 from the line 5a of *Schedule E/F*...............................................................

$0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total amount of claims from Part 2 from line 5b of *Schedule E/F*................................................. **+**

$364,337.93

4. **Total liabilities** ..........................................................................................................................................
Lines 2 + 3a + 3b

$57,820,680.30

| Debtor Name | **TPS II of PA, L.L.C.** |
|---|---|
| **United States Bankruptcy Court for the  District of Delaware** | |
| Case number (if known): | **19-11476** |

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized.  In Schedule A/B, list any executory contracts or unexpired leases.  Also list them on  *Schedule G: Executory Contracts and Unexpired Leases*    (Official Form 206G).

Be complete and accurate as possible.  If more space is needed, attach a separate spreadsheet to this form.  At the top of any pages added, write the debtor's name and case number (if known).  Also identify the form and line number to which the additional information applies.  If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the approriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category.  List each asset only once.  In valuing the debtor's interest, do not deduct the value of secured claims.  See the instructions to understand the terms used in this form.

---

**Part 1:**  Cash and cash equivalents

---

1.  **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

**All cash of cash equivalents owned or controlled by the debtor**

**Current value of debtor's interest**

2.  **Cash on hand**

$186,652.00
Unrestricted cash

3.  **Checking, savings, money market, or financial brokerage accounts**

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1 | Bank of America | | 9765 | $0.00 |
| 3.2 | PNC | | 8634 | $0.00 |
| 3.3 | Wells Fargo Bank, N.A. | Government Deposit Account | 9351 | $0.00 |
| 3.4 | Wells Fargo Bank, N.A. | Non-Government Account | 9369 | $0.00 |

4.  **Other cash equivalents**

5.  **Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

**$186,652.00**

---

**Part 2:**  Deposits and prepayments

---

6.  **Does the debtor have any deposits or prepayments?**

Debtor  TPS II of PA, L.L.C.                                        Case Number (if known) 19-11476

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**Current value of
debtor's interest**

7.  **Deposits, including security deposits and utility deposits**
    Description, including name of holder of deposit

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
    Description, including name of holder of prepayment

9.  **Total of Part 2**
    Add lines 7 through 8.  Copy the total to line 81.

---

| Part 3: | Accounts Receivable |
|---------|---------------------|

10.  **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

**Current value of
debtor's interest**

11.  **Accounts receivable**

| | | | | | |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | $254,024.35 | - | $0.00 | = | $254,024.35 |
| | face amount | | doubtful or uncollectible accounts | | |
| 11b. Over 90 days old: | $252,676.30 | - | $0.00 | = | $252,676.30 |
| | face amount | | doubtful or uncollectible accounts | | |

12.  **Total of Part 3**
     Current value on lines 11a + 11b = line 12.  Copy the total to line 82.                **$506,700.65**

---

| Part 4: | Investments |
|---------|-------------|

13.  **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

**Valuation method
used for current value**    **Current value of
debtor's interest**

Debtor  TPS II of PA, L.L.C.                                        Case Number (if known) 19-11476

14. **Mutual funds of publicly traded stocks not included in Part 1**
    Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
    Name of entity:                                % of ownership:

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
    Describe:

17. **Total of Part 4**
    Add lines 14 through 16. Copy the total to line 83.

                                                                  [                    ]

| Part 5: | Inventory, excluding agricultural assets |

18. **Does the debtor own any inventory (excluding agricultual assets)?**

    ☑ No. Go to Part 6.
    ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw Materials** | | | | |
| 20. **Work in progress** | | | | |
| 21. **Finished goods, including goods held for resale** | | | | |
| 22. **Other inventory or supplies** | | | | |

23. **Total of Part 5**
    Add lines 19 through 22. Copy the total to line 84.

                                                                  [                    ]

Debtor  TPS II of PA, L.L.C.                                    Case Number (if known) 19-11476

24. **Is any of the property listed in Part 5 perishable?**

☐ No.
☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No.
☐ Yes.    Book Value $ _____    Valuation Method _____    Current Value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valution method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops - either planted of harvested** | | | |
| 29. **Farm animals** Examples: Livestock, poultry, farm-raised fish | | | |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |

33. **Total of Part 6**
    Add lines 28 through 32. Copy the total to line 85.

☐

Debtor  TPS II of PA, L.L.C.                                      Case Number (if known) 19-11476

34.  **Is the debtor a member of an agricultural cooperative?**

☐ No.

☐ Yes.

**Is any of the debtor's property stored at the cooperative?**

☐ No.

☐ Yes.

35.  **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No.

☐ Yes.        Book Value $ _____        Valuation Method _____        Current Value $ _____

36.  **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.

☐ Yes.

37.  **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 7:**        Office furniture, fixtures, and equipment; and collectibles

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

39.  **Office furniture**

Debtor  TPS II of PA, L.L.C.                                    Case Number (if known) 19-11476

40.  **Office fixtures**

41.  **Office equipment, including all computer equipment and communication systems equipment and software**

42.  **Collectibles**
     Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43.  **Total of Part 7.**
     Add lines 39 through 42.  Copy the total to line 86.

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

     ☐ No.
     ☐ Yes.

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

     ☐ No.
     ☐ Yes.

**Part 8:**      **Machinery, equipment, and vehicles**

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

     ☒ No. Go to Part 9.
     ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47.  **Automobiles, vans, trucks, motorcycles, trailers, or titled farm vehicles**

48.  **Watercraft, trailers, motors, and related accessories**
     Examples: Boats, trailers, motors, floating homes, personal watercraft, fishing vessels

49.  **Aircraft and accessories**

Debtor  TPS II of PA, L.L.C.                                                 Case Number (if known) 19-11476

50.   **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51.   **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87.

52.   **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.

☐ Yes.

53.   **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 9:      Real property**

54.   **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55.   **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

56.   **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.

57.   **Is a depreciation schedule available for any of the property listed in Part 9?**

Debtor  TPS II of PA, L.L.C.                                     Case Number (if known) 19-11476

☑ No.

☐ Yes.

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No.

☐ Yes.

**Part 10:**    Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, or trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| 62. **Licenses, franchises, and royalties** | | | |
| 62.1    See attached Schedule A/B Exhibit 62 | | | Unknown |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

66. **Total of Part 10.**
Add lines 60 through 65.  Copy the total to line 89.

Debtor  TPS II of PA, L.L.C.                                                    Case Number (if known) 19-11476

67.  **Do your lists or records include personally identifiable information of customers?**

☑ No.

☐ Yes.

68.  **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No.

☐ Yes.

69.  **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.

☐ Yes.

**Part 11:**    **All other assets**

70.  **Does the debtor own any other assets that have not yet been reported on this form?**

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

**Current value of debtor's interest**

71.  **Notes receivable**
Description (include name of obligor)

_____  -  _____  =
Total face amount            Doubtful or uncollectible amount

72.  **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73.  **Interests in insurance policies or annuities**

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

**Nature of claim**

**Amount Requested**

Debtor  TPS II of PA, L.L.C.                                    Case Number (if known) 19-11476

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

                                                                                    Unknown

    **Nature of claim**              Various potential claims being investigated.

    **Amount Requested**

76.  **Trusts, equitable or future interests in property**

77.  **Other property of any kind not already listed**
    Examples: Season tickets, country club membership

78.  **Total of Part 11.**
    Add lines 71 through 77.  Copy the total to line 90.

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ☑ No.
    ☐ Yes.

Debtor  TPS II of PA, L.L.C.                                                    Case Number (if known) 19-11476

**Part 12:**        **Summary**

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.**   *Copy line 5, Part 1.* | $186,652.00 | |
| 81. | **Deposits and prepayments.**   *Copy line 9, Part 2.* | | |
| 82. | **Accounts receivable.**   *Copy line 12, Part 3.* | $506,700.65 | |
| 83. | **Investments.**   *Copy line 17, Part 4.* | | |
| 84. | **Inventory.**   *Copy line 23, Part 5.* | | |
| 85. | **Farming and fishing-related assets.**   *Copy line 33, Part 6.* | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.**   *Copy line 43, Part 7.* | | |
| 87. | **Machinery, equipment, and vehicles.**   *Copy line 51, Part 8.* | | |
| 88. | **Real Property.**   *Copy line 56, Part 9.* | | |
| 89. | **Intangibles and intellectual property.**   *Copy line 66, Part 10.* | | |
| 90. | **All other assets.**   *Copy line 78, Part 11.* | | |
| 91. | **Total.**  Add lines 80 through 90 for each column.   91a. | $693,352.65 | **+** 91b.   $0.00 |
| 92. | **Total of all property on Schedule A/B.**   Lines 91a + 91b = 92 ............................................................................................... | | $693,352.65 |

# SCHEDULES OF ASSETS AND LIABILITIES

## EXHIBIT FOR SCHEDULE AB

## PART 10, QUESTION 62

## LICENSES, FRANCHISE, AND ROYALTIES

**Debtor :  TPS II of PA, L.L.C.**

**Case :  19-11476**

**Schedule AB 62 :  Licenses, franchises, and royalties**

| General description | License/Permit Number | Issuing Agency | Net book value | Valuation method | Current value |
|---|---|---|---|---|---|
| Federal Employer Identification Number (FEIN) | 75-2835534 | U.S. Department of Treasury, Internal Revenue Service | Unknown | Unknown | Unknown |
| Provider Transaction Access Number (PTAN) | 083921 | U.S. Department of Health and Human Services, Centers for Medicare & Medicaid Services, Medicare Administrative Contractor | Unknown | Unknown | Unknown |
| Pennsylvania Medicaid Enrollment | 1012189070001 | Pennsylvania Department of Human Services, Medical Assistance | Unknown | Unknown | Unknown |
| Pennsylvania Medicaid Enrollment | 1012189070002 | Pennsylvania Department of Human Services, Medical Assistance | Unknown | Unknown | Unknown |
| National Provider Identifier (NPI) | 1114975869 | U.S. Department of Health and Human Services, Centers for Medicare & Medicaid Services | Unknown | Unknown | Unknown |

| Debtor Name | **TPS II of PA, L.L.C.** |
|---|---|

**United States Bankruptcy Court for the  District of Delaware**

Case number (if known):     **19-11476**

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D - Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules.  Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

### Part 1:    List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one
secured claim, list the creditor separately for each claim.

Amount of Claim
Do not deduct the
value of collateral

Value of collateral
that supports this
claim

**2.1**

Creditor's name
MIDCAP FUNDING IV TRUST

Creditor's mailing address
**7255 WOODMONT AVE, STE 200
BETHESDA, MD 20814**

Creditor's email address, if known

Date debt was incurred  1/11/2018

Last four digits of
account number

Do multiple creditors have an interest in the same
property?

☒ No

☐ Yes. Specify each creditor, including this
creditor, and its relative priority.

Describe debtor's property that is subject to a lien
SUBSTANTIALLY ALL DEBTOR'S ASSETS

**$57,456,342.37**

Unknown

Describe the lien
Revolving and term loans

Is the creditor an insider or related party?

☒ No

☐ Yes

Is anyone else liable on this claim?

☐ No

☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:

☐ Contingent
☒ Unliquidated
☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional
Page, if any.**

$57,456,342.37

| Debtor Name | **TPS II of PA, L.L.C.** |
|---|---|

**United States Bankruptcy Court for the District of Delaware**

Case number (if known):    **19-11476**

☐ Check if this is an amended filing

<u>Official Form 206E/F</u>

**Schedule E/F - Creditors Who Have Claims Unsecured Claims**                12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on** *Schedule A/B: Assets - Real and Personal Property* **(Official Form 206A/B) and on** *Schedule G: Executory Contracts and Unexpired Leases* **(Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

## Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?**

☒ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|

**2.1**    **Priority creditor's name and mailing address**

As of the petition filing date, the claim is:    $_____      $_____

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**

☐ No

☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (     )

| Debtor Name | TPS II of PA, L.L.C. | | Case number (if known): **19-11476** |
|---|---|---|---|

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

| | | | Amount of claim |
|---|---|---|---|

**3.1**    **Nonpriority creditor's name and mailing address**
ABB ANESTHESIA INC
302 BLACKBURN DR
BERWYN, PA 19312

**As of the petition filing date, the claim is:**     $6,400.00
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:**
TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.2**    **Nonpriority creditor's name and mailing address**
ANESTHESIA BUSINESS CONSULTANTS
DEPT 77181
P.O. BOX 77000
DETROIT, MI 48277-0181

**As of the petition filing date, the claim is:**     $39,790.81
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:**
TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.3**    **Nonpriority creditor's name and mailing address**
CDW GOVERNMENT
75 REMITTANCE DR, STE 1515
CHICAGO, IL 60675-1515

**As of the petition filing date, the claim is:**     $663.63
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:**
TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.4**    **Nonpriority creditor's name and mailing address**
CONIFER PATIENT COMMUNICATIONS
ATTN: PETRA WILLEY
140 FOUNTAIN PKWY, STE 500
ST PETERSBURG, FL 33716

**As of the petition filing date, the claim is:**     $314,584.17
☐ Contingent
☐ Unliquidated
☒ Disputed
**Basis for the claim:**
TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☑ Yes

---

Debtor Name    **TPS II of PA, L.L.C.**                    Case number (if known): **19-11476**

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

Amount of claim

**3.5** | **Nonpriority creditor's name and mailing address**
DEX IMAGING INC
P.O. BOX 17299
CLEARWATER, FL 33762-0299

**As of the petition filing date, the claim is:**                    $186.57

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

**3.6** | **Nonpriority creditor's name and mailing address**
DREXEL UNIVERSITY
ATTN: ANTHONY ESPOSITO
3201 ARCH ST, STE 420
PHILADELPHIA, PA 19104

**As of the petition filing date, the claim is:**                    $1,600.00

☐ Contingent
☐ Unliquidated
☒ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☑ Yes

**3.7** | **Nonpriority creditor's name and mailing address**
IRON MOUNTAIN
P.O. BOX 27128
NEW YORK, NY 10087-7128

**As of the petition filing date, the claim is:**                    $10.92

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

**3.8** | **Nonpriority creditor's name and mailing address**
NESTLE WATERS NORTH AMER
P.O. BOX 856192
LOUISVILLE, KY 40285-6192

**As of the petition filing date, the claim is:**                    $92.14

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

Debtor Name    **TPS II of PA, L.L.C.**

Case number (if known): **19-11476**

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

Amount of claim

**3.9** **Nonpriority creditor's name and mailing address**

SHAH, BUNTY MD
500 UNIVERSITY DR
HUMMELSTOWN, PA 17036

**As of the petition filing date, the claim is:**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**

☑ No
☐ Yes

$464.30

---

**3.10** **Nonpriority creditor's name and mailing address**

STAPLES
P.O. BOX 70242
PHILADELPHIA, PA 19176-0245

**As of the petition filing date, the claim is:**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

TRADE PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**

☑ No
☐ Yes

$545.39

---

Debtor Name    **TPS II of PA, L.L.C.**

Case number (if known): **19-11476**

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

**5a. Total claims from Part 1**                                                     $0.00

**5b. Total claims from Part 2**                                                     $364,337.93

**5c. Total claims of Parts 1 and 2**
Lines 5a + 5b = 5c                                                                   $364,337.93

| Debtor Name | TPS II of PA, L.L.C. |
|---|---|
| **United States Bankruptcy Court for the District of Delaware** | |
| Case number (if known): | **19-11476** |

☐ Check if this is an amended filing

Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)

**2. List all contracts and unexpired leases**

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| | | | |
|---|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | SERVICES AGREEMENTS | ABB ANESTHESIA, INC<br>302 BLACKBURN DR<br>BERWYN, PA 19312 |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | PHYSICIAN AGREEMENT | CHRISTOPHER HOFFMAN<br>803 JAMESTOWN RD<br>TURNERSVILLE, NJ 08012 |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | AGREEMENT FOR GRADUATION DINNER | COURTYARD PHILADELPHIA DOWNTOWN<br>ATTN: NICOLE TROTTER, SR CATERING EXECUTIVE<br>21 NORTH JUNIPER ST<br>PHILADELPHIA, PA 19107 |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | SERVICES AGREEMENT | DREXEL UNIVERSITY<br>ATTN: ANTHONY ESPOSITO<br>245 N 15TH ST, 19TH FL<br>PHILADELPHIA, PA 19102 |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | PHYSICIAN AGREEMENT | EKATERINA VEKLSER<br>115 EAST MONTGOMERY AVE, UNIT 103<br>ARDMORE, PA 19003 |
| | State the term remaining<br>List the contract number of any government contract | | |

| Debtor Name | TPS II of PA, L.L.C. | Case number (if known): **19-11476** |

**Additional Page(s) if Debtor has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| **2.6** | State what the contract or lease is for and the nature of the debtor's interest | PROVIDER SERVICES AGREEMENT |
| | | EMPLOYERS HEALTH NETWORK, LLC<br>ATTN: MANAGED CARE DEPT<br>1304 E WOODHURST, STE B<br>SPRINGFIELD, MO 65804 |
| | State the term remaining | |
| | List the contract number of any government contract | |
| **2.7** | State what the contract or lease is for and the nature of the debtor's interest | PHYSICIAN AGREEMENT |
| | | ERIN TREACY<br>1111 LOCUST ST, UNIT 9I<br>PHILADELPHIA, PA 19107 |
| | State the term remaining | |
| | List the contract number of any government contract | |
| **2.8** | State what the contract or lease is for and the nature of the debtor's interest | PHYSICIAN AGREEMENT |
| | | FARSHAD RASHIDIAN<br>900 NORTH LAKE SHORE DR<br>CHICAGO, IL 60611 |
| | State the term remaining | |
| | List the contract number of any government contract | |
| **2.9** | State what the contract or lease is for and the nature of the debtor's interest | PHYSICIAN AGREEMENT |
| | | GARY OKUM<br>241 S 6TH ST, APT 1112<br>PHILADELPHIA, PA 19106 |
| | State the term remaining | |
| | List the contract number of any government contract | |
| **2.10** | State what the contract or lease is for and the nature of the debtor's interest | PHYSICIAN AGREEMENT |
| | | HENRY LIU<br>1132 RIVERVIEW LANE<br>CONSHOHOCKEN, PA 19428 |
| | State the term remaining | |
| | List the contract number of any government contract | |
| **2.11** | State what the contract or lease is for and the nature of the debtor's interest | PHYSICIAN AGREEMENT |
| | | JAIME SANDERS-TARASOV<br>38 COHASSET LANE<br>CHERRY HILL, NJ 08003 |
| | State the term remaining | |
| | List the contract number of any government contract | |

| Debtor Name | TPS II of PA, L.L.C. | Case number (if known): **19-11476** |

████ **Additional Page(s) if Debtor has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| **2.12** | State what the contract or lease is for and the nature of the debtor's interest | **PHYSICIAN AGREEMENT** | **JAY HORROW**<br>**925 HONEYSUCKLE LANE**<br>**WYNNEWOOD, PA 19096** |
| | State the term remaining<br>List the contract number of any government contract | | |
| **2.13** | State what the contract or lease is for and the nature of the debtor's interest | **PHYSICIAN AGREEMENT** | **MARCUS ZEBROWER**<br>**3 SADDLEHORN DR**<br>**CHERRY HILL, NJ 08003** |
| | State the term remaining<br>List the contract number of any government contract | | |
| **2.14** | State what the contract or lease is for and the nature of the debtor's interest | **PHYSICIAN AGREEMENT** | **MARIO DEANGELIS**<br>**1418 PEMBERTON ST**<br>**PHILADELPHIA, PA 19146** |
| | State the term remaining<br>List the contract number of any government contract | | |
| **2.15** | State what the contract or lease is for and the nature of the debtor's interest | **PHYSICIAN AGREEMENT** | **MARIO GONZALEZ**<br>**607 BANK AVE**<br>**RIVERTON, NJ 08077** |
| | State the term remaining<br>List the contract number of any government contract | | |
| **2.16** | State what the contract or lease is for and the nature of the debtor's interest | **DIRECTORSHIP AGREEMENT** | **MARIO GONZALEZ, M.D.**<br>**607 BANK AVE**<br>**RIVERTON, NJ 08077** |
| | State the term remaining<br>List the contract number of any government contract | | |
| **2.17** | State what the contract or lease is for and the nature of the debtor's interest | **PHYSICIAN AGREEMENT** | **MARY IM**<br>**230 INDIAN CREEK RD**<br>**WYNNEWOOD, PA 19096** |
| | State the term remaining<br>List the contract number of any government contract | | |

Debtor Name    **TPS II of PA, L.L.C.**

Case number (if known): **19-11476**

▉ **Additional Page(s) if Debtor has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.18** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | **PHYSICIAN AGREEMENT** | **MIAN AHMAD**<br>**218 WAYNE AVE**<br>**LANSDOWNE, PA 19050** |
| **2.19** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | **DIRECTORSHIP AGREEMENT** | **MIAN AHMAD, M.D.**<br>**218 WAYNE AVE**<br>**LANSDOWNE, PA 19050** |
| **2.20** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | **PHYSICIAN AGREEMENT** | **MICHAEL GREEN**<br>**707 COMMONWEALTH DR**<br>**MOORESTOWN, NJ 08057** |
| **2.21** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | **DIRECTORSHIP AGREEMENT** | **MICHAEL GREEN, M.D.**<br>**707 COMMONWEALTH DR**<br>**MOORESTOWN, NJ 08057** |
| **2.22** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | **DATA REGISTRY PARTICIPATION AGREEMENT** | **MIRAMED GLOBAL SERVICES, INC.**<br>**ATTN: PRESIDENT**<br>**255 WEST MICHIGAN AVE**<br>**JACKSON, MI 49204** |
| **2.23** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | **PHYSICIAN AGREEMENT** | **NAGARAJ LINGARJU**<br>**38 ALPINE COURT**<br>**VOORHEES, NJ 08043** |

Debtor Name    **TPS II of PA, L.L.C.**                                        Case number (if known): **19-11476**

███  **Additional Page(s) if Debtor has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

List all contracts and unexpired leases

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| | | | |
|---|---|---|---|
| 2.24 | State what the contract or lease is for and the nature of the debtor's interest | PROFESSIONAL SERVICES AGREEMENT | NEUROSURGICAL ANESTHESIA CONSULTING ATTN: BRETT KOLLMEIER, MD 5245 UPPER MOUNTAIN RD, STE A NEW HOPE, PA 18938 |
| | State the term remaining List the contract number of any government contract | | |
| 2.25 | State what the contract or lease is for and the nature of the debtor's interest | PHYSICIAN AGREEMENT | PARMIS GREEN 707 COMMONWEALTH DR MOORESTOWN, NJ 08057 |
| | State the term remaining List the contract number of any government contract | | |
| 2.26 | State what the contract or lease is for and the nature of the debtor's interest | DIRECTORSHIP AGREEMENT | PARMIS GREEN, D.O. 707 COMMONWEALTH DR MOORESTOWN, NJ 08057 |
| | State the term remaining List the contract number of any government contract | | |
| 2.27 | State what the contract or lease is for and the nature of the debtor's interest | PHYSICIAN AGREEMENT | PAUL LANGEVIN 1 SIGNAL HILL RD CHERRY HILL, NJ 08003 |
| | State the term remaining List the contract number of any government contract | | |
| 2.28 | State what the contract or lease is for and the nature of the debtor's interest | PHYSICIAN AGREEMENT | PRAMOOD KALIKIRI 23 FAIRHAVEN DR CHERRY HILL, NJ 08003 |
| | State the term remaining List the contract number of any government contract | | |
| 2.29 | State what the contract or lease is for and the nature of the debtor's interest | PHYSICIAN AGREEMENT | SANINUJ MALAYAMAN 108 ARCH ST, APT 403 PHILADELPHIA, PA 19106 |
| | State the term remaining List the contract number of any government contract | | |

| Debtor Name | **TPS II of PA, L.L.C.** | | Case number (if known): **19-11476** |

**Additional Page(s) if Debtor has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.30 | State what the contract or lease is for and the nature of the debtor's interest | PHYSICIAN AGREEMENT | SHELLEY GEORGE 2343 PENNSYLVANIA AVE PHILADELPHIA, PA 19130 |
| | State the term remaining List the contract number of any government contract | | |
| 2.31 | State what the contract or lease is for and the nature of the debtor's interest | PARTICIPATION AGREEMENT | THE ANESTHESIA QUALITY INSTITUTE 1601 AMERICAN LANE SCHAUMBERG, IL 60173 |
| | State the term remaining List the contract number of any government contract | | |
| 2.32 | State what the contract or lease is for and the nature of the debtor's interest | DIRECTORSHIP AGREEMENT | TPS II OF PA, LLC D/B/A HAHNEMANN MULTI-SPECIALTY SERVICES ATTN: MARCUS ZEBROWER, M.D. 3 SADDLEHORN DR CHERRY HILL, NJ 08003 |
| | State the term remaining List the contract number of any government contract | | |
| 2.33 | State what the contract or lease is for and the nature of the debtor's interest | DIRECTORSHIP AGREEMENT | TPS II OF PA, LLC D/B/A HAHNEMANN PROFESSIONAL SERVICES ATTN: SHELLY GEORGE, M.D. 2343 PENNSYLVANIA AVE PHILADELPHIA, PA 19130 |
| | State the term remaining List the contract number of any government contract | | |
| 2.34 | State what the contract or lease is for and the nature of the debtor's interest | PHYSICIAN AGREEMENT | VINCENT ODENIGBO 303 MELANIES WAY WALLINGFORD, PA 19086 |
| | State the term remaining List the contract number of any government contract | | |

Debtor Name      **TPS II of PA, L.L.C.**

**United States Bankruptcy Court for the  District of Delaware**

Case number (if known):      **19-11476**

☐ Check if this is an
amended filing

Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes.

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**  Include all guarantors and co-obligors.  In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed.  If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply** |
| 2.1 **BROAD STREET HEALTHCARE PROPERTIES II, LLC** | **222 N SEPULVEDA BLVD, STE 900 EL SEGUNDO, CA 90245** | MidCap Funding IV Trust | ☒ D<br>☐ E/F<br>☐ G |
| 2.2 **BROAD STREET HEALTHCARE PROPERTIES III, LLC** | **222 N SEPULVEDA BLVD, STE 900 EL SEGUNDO, CA 90245** | MidCap Funding IV Trust | ☒ D<br>☐ E/F<br>☐ G |
| 2.3 **BROAD STREET HEALTHCARE PROPERTIES, LLC** | **222 N SEPULVEDA BLVD, STE 900 EL SEGUNDO, CA 90245** | MidCap Funding IV Trust | ☒ D<br>☐ E/F<br>☐ G |
| 2.4 **CENTER CITY HEALTHCARE, LLC** | **230 NORTH BROAD ST PHILADELPHIA, PA 19102** | Drexel University | ☐ D<br>☐ E/F<br>☒ G |
| 2.5 **CENTER CITY HEALTHCARE, LLC** | **230 NORTH BROAD ST PHILADELPHIA, PA 19102** | MidCap Funding IV Trust | ☒ D<br>☐ E/F<br>☐ G |

| Debtor Name | **TPS II of PA, L.L.C.** | Case number (if known): **19-11476** |

**Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| Name | Mailing Address | Name | *Check all schedules that apply* |
| 2.6 HPS OF PA, L.L.C. | 230 NORTH BROAD ST<br>PHILADELPHIA, PA 19102 | MidCap Funding IV Trust | ☑ D<br>☐ E/F<br>☐ G |
| 2.7 PHILADELPHIA ACADEMIC HEALTH HOLDINGS, LLC | 222 N SEPULVEDA BLVD, STE 900<br>EL SEGUNDO, CA 90245 | MidCap Funding IV Trust | ☑ D<br>☐ E/F<br>☐ G |
| 2.8 PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC | 1500 MARKET ST, STE 2400, WEST TOWER<br>PHILADELPHIA, PA 19102 | MidCap Funding IV Trust | ☑ D<br>☐ E/F<br>☐ G |
| 2.9 PHILADELPHIA ACADEMIC MEDICAL ASSOCIATES, LLC | 1500 MARKET ST, STE 2400, WEST TOWER<br>PHILADELPHIA, PA 19102 | MidCap Funding IV Trust | ☑ D<br>☐ E/F<br>☐ G |
| 2.10 PHYSICIAN PERFORMANCE NETWORK OF PHILADELPHIA | C/O CT CORPORATION SYSTEM<br>1445 ROSS AVE, STE 1400<br>DALLAS, TX 75202 | MidCap Funding IV Trust | ☑ D<br>☐ E/F<br>☐ G |
| 2.11 PHYSICIANS CLINICAL NETWORK, LLC | C/O COGENCY GLOBAL INC.<br>850 NEW BURTON RD, STE 201<br>DOVER, DE 19904 | MidCap Funding IV Trust | ☑ D<br>☐ E/F<br>☐ G |
| 2.12 SCHC PEDIATRIC ANESTHESIA ASSOCIATES, L.L.C. | 160 EAST ERIE AVE<br>PHILADELPHIA, PA 19134 | MidCap Funding IV Trust | ☑ D<br>☐ E/F<br>☐ G |
| 2.13 SCHC PEDIATRIC ASSOCIATES, L.L.C. | 160 EAST ERIE AVE<br>PHILADELPHIA, PA 19134 | Drexel University | ☐ D<br>☐ E/F<br>☑ G |

Debtor Name      **TPS II of PA, L.L.C.**                              Case number (if known): **19-11476**

▌ **Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

**Column 1: Codebtor**                                                **Column 2: Creditor**

Name          Mailing Address                                        Name                                  *Check all schedules that apply*

| 2.14 | **SCHC PEDIATRIC ASSOCIATES, L.L.C.** | **160 EAST ERIE AVE PHILADELPHIA, PA 19134** | MidCap Funding IV Trust | ☑ D<br>☐ E/F<br>☐ G |
| 2.15 | **ST CHRISTOPHER'S PEDIATRIC URGENT CARE CENTER** | **160 EAST ERIE AVE PHILADELPHIA, PA 19134** | MidCap Funding IV Trust | ☑ D<br>☐ E/F<br>☐ G |
| 2.16 | **ST. CHRISTOPHER'S HEALTHCARE, LLC** | **160 EAST ERIE AVE PHILADELPHIA, PA 19134** | Drexel University | ☐ D<br>☐ E/F<br>☑ G |
| 2.17 | **ST. CHRISTOPHER'S HEALTHCARE, LLC** | **160 EAST ERIE AVE PHILADELPHIA, PA 19134** | MidCap Funding IV Trust | ☑ D<br>☐ E/F<br>☐ G |
| 2.18 | **STCHRIS CARE AT NORTHEAST PEDIATRICS, L.L.C.** | **160 EAST ERIE AVE PHILADELPHIA, PA 19134** | MidCap Funding IV Trust | ☑ D<br>☐ E/F<br>☐ G |
| 2.19 | **TPS III OF PA, L.L.C.** | **230 NORTH BROAD ST PHILADELPHIA, PA 19102** | Employers Health Network, Llc | ☐ D<br>☐ E/F<br>☑ G |
| 2.20 | **TPS III OF PA, L.L.C.** | **230 NORTH BROAD ST PHILADELPHIA, PA 19102** | MidCap Funding IV Trust | ☑ D<br>☐ E/F<br>☐ G |
| 2.21 | **TPS IV OF PA, L.L.C.** | **230 NORTH BROAD ST PHILADELPHIA, PA 19102** | Employers Health Network, Llc | ☐ D<br>☐ E/F<br>☑ G |

Debtor Name    **TPS II of PA, L.L.C.**                                     Case number (if known): **19-11476**

**Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

**Column 1: Codebtor**                                                **Column 2: Creditor**

| Name | Mailing Address | Name | Check all schedules that apply |
|------|-----------------|------|-------------------------------|
| 2.22  **TPS IV OF PA, L.L.C.** | **230 NORTH BROAD ST PHILADELPHIA, PA 19102** | MidCap Funding IV Trust | ☑ D  ☐ E/F  ☐ G |
| 2.23  **TPS OF PA, L.L.C.** | **230 NORTH BROAD ST PHILADELPHIA, PA 19102** | MidCap Funding IV Trust | ☑ D  ☐ E/F  ☐ G |
| 2.24  **TPS V OF PA, L.L.C.** | **160 EAST ERIE AVE PHILADELPHIA, PA 19134** | MidCap Funding IV Trust | ☑ D  ☐ E/F  ☐ G |

Official Form 206H                          **Schedule H: Codebtors**                          Page 4 of  4

| Debtor Name | TPS II of PA, L.L.C. |
| --- | --- |

**United States Bankruptcy Court for the  District of Delaware**

**Case Number:** 19-11476

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents.  This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING - Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C.  152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets- Real and Personal Property*    (Official Form 206 A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property*    (Official Form 206 D)

☑ *Schedule E/F: Creditors Who Have Claims Unsecured Claims*    (Official Form 206 E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases*    (Official Form 206 G)

☑ *Schedule H: Codebtors*    (Official Form 206 H)

☑ *Summary of Assets and Liabilities for Non-Individuals*    (Official Form 206Sum)

☐ *Amended Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*    (Official Form 204)

☐ *Other document that requires a declaration*

I, the Chief Restructuring Officer of the TPS II of PA, L.L.C., declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 39 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Executed on:  8/13/2019
 MM / DD / YYYY

Signature  *au Wie*

 Allen Wilen
Printed Name

 Chief Restructuring Officer
Title