IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) |
| et al.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) Re: Docket Nos. 306 |

## ORDER AUTHORIZING TENET BUSINESS SERVICES CORPORATION AND CONIFER REVENUE CYCLE SOLUTIONS, LLC TO FILE EXHIBITS UNDER SEAL

Upon the motion (the "Sealing Motion")[2] of Tenet Business Services Corporation ("Tenet") and Conifer Revenue Cycle Solutions, LLC ("Conifer") for entry of an order (this "Order"), (a) authorizing Tenet and Conifer to file under seal the exhibits (the "Exhibits")[3] appended to the *Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for Entry of an Order (I) Compelling Payment of All Unpaid Postpetition Amounts Pursuant to 11 U.S.C. § 503(b)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA and MSA* (the "Motion") and (b) directing that the Exhibits shall remain under seal and confidential and not be made available to anyone without the express consent of Tenet and Conifer, except to (i) the Court,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[3] The Exhibits include (a) the termination notice Tenet and Conifer sent the Debtors on May 2, 2019, (b) the TSA, (c) the MSA, and (d) a dispute notice PAHS sent Tenet on November 20, 2018.

(ii) the United States Trustee for the District of Delaware (the "U.S. Trustee"), (iii) the advisors to the Official Committee of Unsecured Creditors (the "Committee") on a confidential, "professionals' eyes only" basis, and (iv) MidCap Financial Trust, as DIP Lender; all as more fully set forth in the Sealing Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Sealing Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that Tenet and Conifer's notice of the Sealing Motion and opportunity for a hearing on the Sealing Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Sealing Motion; and this Court having determined that the legal and factual bases set forth in the Sealing Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Sealing Motion is granted as set forth herein.

2. Tenet and Conifer are authorized to file the Exhibits under seal, subject to further order of the Court, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. Except upon further order of the Court after notice to Tenet and Conifer, the Exhibits shall remain under seal, and shall not be made available to anyone without the express consent of Tenet and Conifer, except that copies of the Exhibits shall be provided to (i) the Court, (ii) the U.S. Trustee on a confidential basis, (iii) the advisors to the Committee, on

a confidential, "professionals' eyes only" basis, and (iv) MidCap Financial Trust, as DIP lender. Such parties shall be bound by this Order and shall at all times keep the provisions of the Exhibits strictly confidential and shall not disclose the Exhibits or the contents thereof to any party whatsoever.

4. Tenet and Conifer and any party authorized to receive copies of the Exhibits pursuant to this Order shall, subject to Local Rule 9018-1(c): (a) redact specific references to the Exhibits set forth therein from any and all pleadings filed on the public docket maintained in these chapter 11 cases; and (b) not use or refer to any of the Exhibits in any hearing unless such court has been properly sealed and restricted to the parties who have received the Exhibits pursuant to this Order. The transcript of any hearing in which the Exhibits are used shall be filed under seal.

5. This Order is without prejudice to the rights of any party in interest to seek to unseal and make public any portion of the material filed under seal.

6. Tenet and Conifer are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Sealing Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

8. It is to be understood at a hearing in which the Exhibits are introduced that the courtroom will not be sealed and the parties will have to use the Exhibits under such circumstances.

August 14, 2019

Kevin Gross
U.S.B.J.

- 3 -