# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |

## NOTICE OF DEPOSITION OF DAVID DAWSON

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, as incorporated by and through Rules 7026, 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") will take the deposition upon oral examination of David Dawson, Chief Client Officer of Conifer Health Solutions, LLC, an affiliate of Conifer Revenue Cycle Solutions, LLC ("**Conifer**"), on August 15, 2019 at 1:00 p.m. Eastern Time. The deposition will take place at the offices of Saul Ewing Arnstein & Lehr LLP, Centre Square West, 38th Floor, Philadelphia, PA 19102, before a court reporter and will be recorded by stenographic means, and may also be audio recorded or videotaped. The deposition is being used for discovery, for use at any evidentiary hearing, for use at trial, or for any purposes that are permitted by law or under the rules of this Court.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

35749854.3 8/12/19

**PLEASE TAKE FURTHER NOTICE**, that the matters on which such persons will testify consist of all facts and issues raised in or related to the following pleadings in the above-captioned bankruptcy cases:

- *Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for Entry of an Order (I) Compelling Payment of All Unpaid Postpetition Amounts Pursuant to 11 U.S.C. §§ 503(B)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA and MSA* [D.I. 303];

- *Declaration of David Dawson in Support of the Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for Entry of an Order (I) Compelling Payment of All Unpaid Postpetition Amounts Pursuant to 11 U.S.C. §§ 503(B)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA and MSA* [D.I. 305]

- *Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC's Objection to Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lender, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [D.I. 348];

- *Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC's Motion to Adjourn the Final DIP Hearing* [D.I. 378]

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby request, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as incorporated by and through Rules 7026, 9034 and 9014 of the Federal Rules of Bankruptcy Procedure, that Conifer produce the documents requested in Exhibit A hereto on or before Tuesday, August 13, 2019 by electronic mail to Debtors' counsel:   Jeffrey C. Hampton (Jeffrey.Hampton@saul.com), Mark Minuti (Mark.Minuti@saul.com); Adam H. Isenberg (Adam.Isenberg@saul.com); and John D. Demmy (John.Demmy@saul.com).

Dated: August 12, 2019                                   **SAUL EWING ARNSTEIN & LEHR LLP**

By:   */s/ Mark Minuti*
      Mark Minuti (DE Bar No. 2659)
      Monique B. DiSabatino (DE Bar No. 6027)
      1201 N. Market Street, Suite 2300
      P.O. Box 1266
      Wilmington, DE  19899
      Telephone: (302) 421-6800
      Fax: (302) 421-5873
      mark.minuti@saul.com
      monique.disabatino@saul.com

              -and-

      Jeffrey C. Hampton
      Adam H. Isenberg
      Aaron S. Applebaum (DE Bar No. 5587)
      Centre Square West
      1500 Market Street, 38th Floor
      Philadelphia, PA 19102
      Telephone: (215) 972-7700
      Fax: (215) 972-7725
      jeffrey.hampton@saul.com
      adam.isenberg@saul.com
      aaron.applebaum@saul.com

      *Counsel for Debtors and Debtors in Possession*

# EXHIBIT A

## REQUEST FOR PRODUCTION OF DOCUMENTS

### INSTRUCTIONS

1.      If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date and subject matter.  In addition, the date of disposal, the manner of disposal, the reason for disposal, the person authorizing disposal and the person disposing of the document shall also be identified.

2.      These document requests shall be deemed continuing so as to require further and supplemental production should the party to whom these document requests are directed obtain additional documents falling within its scope between the time of initial production and the time of deposition, hearing or trial.

3.      All documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the paragraph of this request to which they are primarily responsive.

4.      All documents produced in response to these document requests shall be produced *in toto*, notwithstanding the fact that portions thereof may contain information not requested, shall include drafts and interim editions, as well as final editions, of a document, and shall include all editions or copies of a document which are not identical (whether due to handwritten notations, revisions or otherwise) to the original or other produced copy of a document.

5.      With respect to each document requests herein, the party to whom these document requests are directed shall identify and produce all documents (as defined above without limitation) which are known or which can be located or discovered by reasonably diligent effort, regardless of location, including, without limitation, all such documents requested to be

produced which are in the files (whether personal, business or any other files), possession, custody or control of the attorneys, accountants, agents, representatives or employees of the party to whom these document requests are directed.

6. Should you withhold any document requested based on privilege, work product, or any other reason, you are to specify the general subject matter of the information contained within the document and the basis for the contention that such information is privileged or otherwise withheld. If any form of privilege is claimed as grounds for not providing the document requested you shall identify the type, general subject matter, and date of the document, as well as such other information as is sufficient to identify the document, including the author, addressee, custodian, any other recipients, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

7. If any document identified was, but no longer is, in your custody, possession, or control, you are to state what disposition was made of it, identify its present custodian, and state who ordered or authorized such disposition.

8. If any document requests herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

9. If any document requests herein is denied, you shall explain the basis for such denial.

## REQUESTS FOR PRODUCTION

**Document Request No. 1**: All documents relating to the monthly number of Conifer employees, contractors or other personnel providing services to one or more of the Debtors under the MSA[2] since January 2018.

**Document Request No. 2**: All documents relating to the financial terms by which Conifer provided revenue management services to Tenet with respect to Hahnemann University Hospital and/or St. Christopher's Hospital for Children prior to January 11, 2018.

**Document Request No. 3**: All documents relating to the financial terms by which Conifer provides revenue management services to third parties similar to those services Conifer provides to the Debtors pursuant to the MSA.

**Document Request No. 4**: All documents relating to all out-of-pocket costs incurred by Conifer in providing services under the MSA.

**Document Request No. 5**: All documents relating to the monthly utilization by one or more of the Debtors of services provided by Conifer under the MSA since January 2018.

**Document Request No. 6**: All documents which may be relied upon by Conifer in connection with the presentation and/or prosecution of the Tenet/Conifer Motion.

**Document Request No. 7**: All documents which may be relied upon by Conifer in opposing the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lender, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief*.

**Document Request No. 8**: All invoices, with supporting detail and attachments, sent to any of the Debtors for post-petition services under the MSA.

**Document Request No. 9**: All documents relating to any and all analyses or other reports regarding collections of accounts receivable prepared or received by Conifer in connection with revenue management services provided to Hahnemann University Hospital and/or St. Christopher's Hospital for Children, either to Tenet or under the MSA.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for Entry of an Order (I) Compelling Payment of All Unpaid Postpetition Amounts Pursuant to 11 U.S.C. §§ 503(B)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA and MSA* [D.I. 303] (the "**Tenet/Conifer Motion**")