# EXHIBIT A

**(Ordinary Course Professional Declaration)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) Jointly Administered |
| Debtors. | ) **Related to Docket Nos. 233 and 340** |

**NON-ATTORNEY PROFESSIONAL'S DECLARATION
IN SUPPORT OF ORDINARY COURSE RETENTION**

The undersigned hereby declares under the pains and penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am <u>Kevin A. Feeley</u> and a member, partner, or similar representative of <u>Bellevue Communications Group</u> (the "**Firm**"), which maintains offices at the address and phone number listed below:

<u>Firm Name</u>:  Bellevue Communications Group

200 South Broad Street, Suite 850

Philadelphia, PA 19102

215-893-4285

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

2. This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of Delaware, authorizing the above-captioned debtors (collectively, the "**Debtors**") to retain certain professionals in the ordinary course of their business during the pendency of the Debtors' bankruptcy cases. Since March 6, 2019, the Debtors have requested, and the Firm has agreed, to provide communications and government relations services (or to continue to provide such services) to the Debtors, and the Firm has agreed to provide such services.

3. The Firm [has] provided services to the Debtors prior to the Petition Date.[2]

4. The Firm, through me and other members, partners, associates, or employees of the Firm, has provided or plans to provide the following type of services to the Debtors from and after Petition Date: Communications and government relations services.

5. The Firm's current customary [monthly] rates, subject to change from time to time are $15,000/mo. In the normal course of business, the Firm revises its regular [hourly] rates on ____ of each year and requests that effective ____ of each year, the aforementioned rates be revised to the regular [hourly] rates which will be in effect at that time.

6. To the best of my knowledge, information, and belief, formed after due inquiry, (a) except for the proposed retention of the Firm in these bankruptcy cases, the Firm does not currently provide services to any party in any matter related to these chapter 11 cases, and (b) the Firm does not represent or hold an interest adverse to the Debtors.

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the *Debtors' Motion for Entry of an Order Authorizing the Employment and Compensation of Certain Professionals Utilized in the Ordinary Course of Business*, Nunc Pro Tunc *to the Petition Date* (the "**Motion**").

7. Now or in the future, the Firm may provide services to certain creditors of the Debtors or other interested parties in matters unrelated to the Debtors, but in this regard, the Firm's work for these clients will not include the provision of services on any matters relating to the Debtors or their bankruptcy cases.

8. The Firm is either not owed any amounts or the Firm has agreed to waive any amounts owed on account of services rendered and expenses incurred prior to the Petition Date in connection with the Firm's employment by the Debtors.

9. The Firm further states that it has not shared, has not agreed to share, and will not agree to share any compensation received in connection with these chapter 11 cases with any party or person except to the extent permitted by title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure, although such compensation may be shared with any member or partner of, or any person employed by, the Firm.

10. If the Firm represents the Debtors on a contingency fee basis with respect to any services provided to the Debtors, the terms of such contingency fee arrangement are attached to this Declaration.

11. If, at any time during its employment by the Debtors, the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Dated: August 15, 2019

By: _/s/ Kevin A. Feeley_
Kevin A. Feeley