## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) **Hearing Date: September 24, 2019 at 10:00 a.m.** |
| Debtors. | ) **Objection Deadline: August 29, 2019 at 4:00 p.m.** |
| | ) |

### MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE UNREDACTED VERSION OF THE DEBTORS' MOTION FOR APPROVAL OF KEY EMPLOYEE INCENTIVE PLAN

Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their proposed undersigned counsel, file this motion (this "**Seal Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1(b) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (a) authorizing the Debtors to file under seal the unredacted version of the *Debtors' Motion for Entry of an Order Approving Key Employee Incentive Plan* (the "**Incentive Plan Motion**"),[2]

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2]     Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Incentive Plan Motion.

filed contemporaneously herewith, and (b) directing parties to redact confidential information. In support of this Seal Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Seal Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested in this Seal Motion are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).

## BACKGROUND

**A.      General Background Regarding the Debtors**

3.      On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

4.      On July 15, 2019, the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**").

5.      A description of the Debtors' businesses and the reasons for commencing the Chapter 11 Cases are set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2] (the "**First Day Declaration**"), which is incorporated herein by reference.

## RELIEF REQUESTED

6.      By this Seal Motion, the Debtors request that the Court enter the Proposed Order, (a) authorizing the Debtors to file the unredacted version of the Incentive Plan Motion under seal, and (b) directing parties to redact confidential information.

## BASIS FOR RELIEF

7.      Section 107(b) of the Bankruptcy Code enables the court to issue orders that protect parties from the potential harm that could result from disclosing confidential information. Specifically, section 107(b) provides, in part, that:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

8.      Bankruptcy Rule 9018 further sets forth the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code, and provides that:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

9.      If the court finds that an interested party is requesting information covered by section 107(b) of the Bankruptcy Code "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.,* 21 F.3d 24, 27 (2d. Cir. 1994). Delaware courts have defined "commercial information" as "information which would result in an 'unfair advantage to competitors by providing them with information as to the

commercial operations of the debtor.'" *In re Alterra Healthcare Corp,* 353 B.R. 66, 75 (Bankr. D. Del. 2006) (*quoting In re Orion Pictures Corp.*, 21 F.3d at 27-28).

10.     Here, sufficient cause exists for the Court to grant this Seal Motion.   The Incentive Plan includes the names, titles, and salaries of all the Participants (the "**Confidential Information**").   Protecting the Confidential Information is crucial to the Debtors and their estates since its disclosure could be very damaging to the Debtors' businesses and their efforts to successfully prosecute these chapter 11 cases.   More specifically, if the Confidential Information were to be disclosed, the Debtors' competitors would gain an unfair advantage because they would be able to use such information to lure away Participants by offering enhanced compensation and benefits.   The loss of the Participants to the Debtors' competitors at this critical stage in these Chapter 11 Cases would impair the Debtors' business operations and would negatively affect the Debtors' restructuring efforts, including, in particular, their efforts to sell St. Christopher's Hospital for Children and complete the orderly closure of Hahnemann University Hospital.   In addition, public disclosure of the Confidential Information may cause harm or distress to the Participants, thus lowering employee morale and further disrupting the Debtors' ordinary course business operations and their restructuring efforts.

11.     For the above reasons, the Debtors request that the Court permit the Debtors to file the redacted version of the Incentive Plan Motion on the docket, and to file the unredacted version of the Incentive Plan Motion under seal, thereby protecting the Confidential Information. To the extent that parties file responsive pleadings to this Seal Motion or the Incentive Plan Motion, the Debtors further request that the Court order such parties to redact any Confidential Information in their pleadings, without the need for further orders from the Court.

12.     The Debtors will provide unredacted versions of the Incentive Plan Motion to the Court, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), counsel to the Committee, and other parties as otherwise ordered or required by the Court or determined by the Debtors on a confidential basis, subject to Local Rule 9018-1(d).

## **NOTICE**

13.     The Debtors have provided notice of the filing of the Seal Motion to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: August 15, 2019

**SAUL EWING ARNSTEIN & LEHR LLP**

By:    */s/ Aaron S. Applebaum*
        Mark Minuti (DE Bar No. 2659)
        Monique B. DiSabatino (DE Bar No. 6027)
        1201 N. Market Street, Suite 2300
        P.O. Box 1266
        Wilmington, DE  19899
        Telephone: (302) 421-6800
        Fax: (302) 421-5873
        mark.minuti@saul.com
        monique.disabatino@saul.com

                -and-

        Jeffrey C. Hampton
        Adam H. Isenberg
        Aaron S. Applebaum (DE Bar No. 5587)
        Centre Square West
        1500 Market Street, 38th Floor
        Philadelphia, PA 19102
        Telephone: (215) 972-7700
        Fax: (215) 972-7725
        jeffrey.hampton@saul.com
        adam.isenberg@saul.com
        aaron.applebaum@saul.com

        *Counsel for Debtors and Debtors in Possession*

35528291.3 08/15/2019