**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | |
| | : | |
| CENTER CITY HEALTHCARE, LLC | : | Case No. 1:19-11466-KG |
| d/b/a HAHNEMANN UNIVERSITY | : | |
| HOSPITAL, *et al.1* | : | Chapter 11 |
| | : | |
| Debtor, | : | |
| | : | |

## MOTION FOR PAYMENT OF ADMINISTRATIVE EXPENSES

Creditors in the above-captioned case, the Trustees of the Benefit Fund for Hospital and Health Care Employees Philadelphia and Vicinity ("Health Benefit Fund") and the Trustees of the Pension Fund for Hospital and Health Care Employees Philadelphia and Vicinity ("Pension Fund"), by and through undersigned counsel, pursuant to Sections 105 and 503 of the Bankruptcy Code, Bankruptcy Rules 9013 and 9014, Local Rules for the United States Bankruptcy Court for the District of Delaware 9006-1 and 9013-1, and the Court's Order Authorizing The Debtors To Use Cash Collateral ([Docket No. 172](#)) hereby move the Court for an Order directing the Debtor to pay to the 1199C Benefit Funds the fringe benefit contributions and other amounts owed and accrued since the filing of the Petition as administrative expenses.

### I.  FACTS

In support of this Motion, the following facts are not disputed:

---

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

1. Center City Healthcare, LLC. d/b/a Hahnemann University Hospital filed a voluntary petition in this Court pursuant to Chapter 11 of Title 11 of the Bankruptcy Code on June 30, 2019.

2. At all times since the filing of the petition, the Debtor has remained in control of its assets and the management of its affairs as Debtor-in-Possession.

3. At all relevant times the Debtor has remained bound to collective bargaining agreements with District 1199C. The relevant sections from Debtor's Collective Bargaining Agreements are included in the Appendix. (Appendix 001 - 028).

4. The Health Benefit Fund and Pension Fund (collectively referred to as "1199C Benefit Funds") are financed by payments, called "contributions," made by employers under the terms of collective bargaining agreements. Under the Collective Bargaining Agreements between the Debtor and District 1199C and the 1199C Benefit Funds Delinquency Policies, the percentage of gross payroll paid to employees working under the Collective Bargaining Agreement is supplied to the 1199C Benefit Funds by employers on a self-reporting basis in monthly reports called "Contribution Reports." The 1199C Benefit Funds rely on employers to provide this information to calculate the amounts owed to the Pension and Health Benefit Funds. *See, e.g, Sheet Metal Workers, Local 19 v. 2300 Grp., Inc.,* 949 F.2d 1274, 1282 (3d Cir. 1991) (benefit fund plaintiffs are entitled to place "trust and confidence in [employers] to submit accurate reports" containing employee information that contributing employers must report).

5. Pursuant to the terms of its collective bargaining agreements, the Debtor must prepare and submit Contribution Reports identifying the contributions owed to the 1199C Benefit Funds for each work month performed by its employees. The Debtor failed to submit its

Contribution Report due on July 1, 2019, and failed to submit its Contribution Report and Payment due on August 1, 2019.

6. Contributions must be reported and paid by the last day of the month following the month the employees worked. Failure to pay contributions timely subjects the Debtor to additional amounts to be paid, such as interest, liquidated damages and attorney's fees. (Appendix 029 – 038 (Pension Fund Delinquency Policy, ¶s 3, 6; Health Benefit Fund Delinquency Policy, ¶s 3, 6).)

7. These amounts and the delinquent contributions are also payable as a matter of law pursuant to Sections 502(g) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g) and 1145.

8. The Debtor has failed to pay all amounts due to the Benefits Funds since the filing of the petition as administrative expenses as required by Section 503 of the Bankruptcy Code.

9. Pursuant to the terms of the Health Benefit Fund's Delinquency Policy, participants in the Health Benefit Plan will lose benefit eligibility if their Employer has not satisfied the delinquent amount by the end of the first month immediately following the month the contributions are due. The participants in the Health Benefit Fund who work at Hahnemann University Hospital stand to lose benefit eligibility if the Debtor does not satisfy its delinquency.

## II. REQUEST FOR RELIEF AND LEGAL AUTHORITY

The 1199C Benefit Funds request the following relief and such further relief as the Court deems appropriate under the circumstances and in the best interests of the bankrupt estate:

1.  Section 503(b) of the Bankruptcy Code establishes that after notice and a hearing, administrative expenses shall be allowed. These amounts include the actual, necessary costs and expenses of preserving the estate as provided in Section 503(b)(1)(A)(i) of the Bankruptcy Code.

2.  Payment of fringe benefit contributions is properly ordered as an administrative expense. In re San Rafael Baking Co., 218 B.R. 860 (9th Cir. 1998); In re World Sales, Inc., 183 B.R. 872 (9th Cir. 1995).

3.  The Debtor has acknowledged to this Court its obligation to pay contributions to the 1199C Benefit Funds as an administrative expense, but it has failed to submit reports and make payments to the Benefit Funds.

4.  After notice and hearing the Benefit Funds respectfully request an Order be issued directing the Debtor to submit contribution reports and pay all contributions and other amounts owed to the Benefit Funds under the terms of the collective bargaining agreements since the filing of the bankruptcy petition.

### III.  CONCLUSION

For the forgoing reasons, the Benefit Fund Creditors respectfully request that the Court schedule a hearing and thereafter order the Debtor to report and pay fringe benefit contributions as proper administrative expenses pursuant to Section 503 of the Bankruptcy Code, and enter an Order providing for such other relief as is just and proper under the circumstances. A draft proposed Order has been submitted in further support of this Motion.

Dated: August 16, 2019                             /s/ Lance Geren
                                                       Lance Geren (DE 5431)
                                                       Andrew Kelser (*Pro Hac Vice*)
                                                       O'DONOGHUE & O'DONOGHUE LLP
                                                       Constitution Place, Suite 600
                                                       325 Chestnut Street
                                                       Philadelphia, PA  19106
                                                       Telephone (215) 629-4970
                                                       Facsimile (215) 629-4996
                                                       lgeren@odonoghuelaw.com