IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (KG) |
|  | Jointly Administered |
| Debtors. | **Related Docket Nos. 53, 303 348, and 420** |

## MOTION *IN LIMINE* OF TENET BUSINESS SERVICES CORPORATION AND CONIFER REVENUE CYCLE SOLUTIONS, LLC TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING ALLEGED PRE-PETITION PERFORMANCE DEFICIENCIES UNDER THE CONIFER MASTER SERVICES AGREEMENT

Tenet Business Services Corporation ("Tenet") and Conifer Revenue Cycle Solutions, LLC ("Conifer") respectfully request entry of an order excluding from the August 19, 2019 hearing argument or evidence relating to alleged deficiencies in Conifer's pre-petition performance under a certain Master Services Agreement ("MSA") entered into between Conifer and Debtor Philadelphia Academic Health System.

In further support of this motion, Tenet and Conifer respectfully state as follows:

### Preliminary Statement

1.      On July 1, 2019, Debtors sought entry of a final order approving the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition*

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

*Secured Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lender, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 53] (the "DIP Motion").  Among other things, the DIP Motion seeks approval to pay Tenet and Conifer a total of $200,000 per week for services provided pursuant to the TSA and MSA, respectively.

2.      As described in greater detail in Tenet's and Conifer's *Objection to Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lender, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 348] (the "DIP Objection"), the Debtors' Budget and DIP Facility do not provide for sufficient compensation of Tenet and Conifer on account of the array of critical services they are providing postpetition to the Debtors.[2]  Under the Budget, Tenet and Conifer are being paid a total of $200,000 per week, but the TSA and MSA contemplate compensation of approximately $810,000 per week.  As a result, Tenet and Conifer are owed approximately $6.3 million on account of postpetition services that the Debtors cannot pay pursuant to the terms of the proposed DIP Facility.

3.      On July 26, 2019, Tenet and Conifer filed the *Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for Entry of an Order (I) Compelling Payment Of All Unpaid Postpetition Amounts Pursuant to 11 U.S.C. § 503(B)(1) or, In the*

---

[2]      Capitalized terms used herein but not otherwise defined shall have the meaning set forth in the DIP Motion, DIP Objection, or Administrative Claims Motion, as applicable.

2

*Alternative, (II) Granting Relief From The Automatic Stay To The Extent Necessary To Terminate The TSA and MSA* [Docket No. 303] (the "Administrative Claim Motion"). Among other things, the Administrative Claim Motion requests that the Court compel the Debtors pursuant to section 503(b) of the Bankruptcy Code to pay Tenet and Conifer for services provided to the Debtors postpetition at the rates contemplated by a Transition Services Agreement ("TSA") between Tenet and Debtor Philadelphia Academic Health Services, LLC (PAHS), and the MSA between Conifer and PAHS. The DIP Motion and the Administrative Claims Motion are set for hearing on August 19, 2019 (the "August 19 Hearing"). As described in more detail in the Administrative Claims Motion, both TSA services -- which broadly involve technology services to the Debtors' hospitals -- and MSA services, which, among other things, involve Revenue Cycle Management, are crucial administrative expenses.

4.      The Debtors have suggested that underpaying Conifer and Tenet for ***postpetition*** services is appropriate in part because of alleged deficiencies in Conifer's ***prepetition*** performance, most of which, the Debtors' allege, date back to spring or fall 2018. *See, e.g., Debtors' Objection to Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC For Entry Of An Order (I) Compelling Payment Of All Unpaid Postpetition Amounts Pursuant to 11 U.S.C. § 503(B)(1) Or, In the Alternative, (II) Granting Relief From The Automatic Stay To the Extent Necessary To Terminate The TSA And MSA* [Docket No. 420] ("Debtors' Objection") at 9. For example, the Debtors argue that Conifer failed in its cash collections in February 2018, *id.* at 8, that Conifer engaged in "poor intake performance" in October 2018, *id.*, and that Conifer failed to follow up on so-called "zero pay accounts" in October 2018, *id.* at 9.

5.      None of these alleged deficiencies has anything to do with the matter at hand: the amount owed to Conifer and Tenet for services rendered ***postpetition***. As a result, Debtors'

3

evidence and arguments regarding alleged prepetition deficiencies in Conifer's services must be excluded under Federal Rules of Evidence 401 and 402.

6.     Further, introduction of evidence regarding Conifer's pre-petition performance would cause substantial delay, wasted time, and confusion, and would cause Conifer to introduce additional (and also irrelevant) evidence rebutting the Debtors' allegations. Such a result threatens to derail the August 19 Hearing by turning it into a mini-trial on alleged deficiencies in Conifer's prepetition performance. The evidence should also therefore be excluded pursuant to Federal Rule of Evidence 403.

### Relief Requested

7.     Tenet and Conifer seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), excluding from the August, 19, 2019 hearing evidence or argument regarding Conifer's prepetition performance under the MSA.

### Jurisdiction and Venue

8.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).[3]

9.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10.     The bases for the relief requested herein are Rules 401, 402, and 403 of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Bankruptcy Rules, and Section 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[3] Pursuant to rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Tenet and Conifer hereby expressly confirm their consent to the entry of a final order by the Court in connection with this motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

DOCS_DE:225007.1 83187/001

## Legal Standard

11.     Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  "[E]vidence which is not relevant is not admissible."  Fed. R. Evid. 402.  Even if a particular piece of evidence may be deemed in some way to be relevant, it may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## Argument

**I.     Evidence Regarding Conifer' Pre-Petition Performance Under The MSA Should Be Excluded Pursuant To Rules 401 And 402.**

12.     Tenet and Conifer object to the DIP Motion in part because it does not provide sufficient liquidity for the Debtors' postpetition operations.  (DIP Objection at 5-7)  As noted above, the Budget and DIP Facility do not provide for sufficient compensation of Tenet and Conifer on account of the array of critical services they are providing postpetition to the Debtors. Under the Budget, Tenet and Conifer are being paid a total of $200,000 per week, but the TSA and MSA contemplate compensation of approximately $810,000 per week.  As a result, Tenet and Conifer are owed approximately $6.3 million on account of postpetition services that the Debtors cannot pay pursuant to the terms of the proposed DIP Facility.  Contrary to the Debtors' assertions, evidence regarding alleged deficiencies regarding Conifer's *prepetition* performance is not relevant to whether the DIP Motion should be approved in spite of that shortfall, or whether the Court should compel the Debtors to pay Tenet and Conifer for services provided to the Debtors *postpetition* at the rates contemplated by the TSA and MSA.

DOCS_DE:225007.1 83187/001

13.    11 U.S.C. § 503(b) provides that "After notice and a hearing, there shall be allowed administrative expenses…including -- (1)(A) the actual, necessary costs and expenses of preserving the estate…" These claims enjoy the highest priority under the Code. 11 U.S.C. § 507(a)(1). Where administrative claims are accrued pursuant to a contract, "there is a presumption that the contract terms and rate represent the reasonable value of the services or good provided under the contract." *In re ID Liquidation One, LLC*, 503 B.R. 392, 399 (Bankr. D. Del. 2013). *See also In re Carematrix Corp.*, 2002 WL 1459012, at *1 (D. Del. June 18, 2002) (affirming a bankruptcy court's grant of administrative expenses for provision of healthcare and related services at a monthly invoiced rate following failure by Debtor, which accepted services post-petition but then failed to pay). The presumption of the reasonable value of the contract rate may only be overcome with "convincing evidence to the contrary." *ID Liquidation One*, 503 B.R. at 400. A court, then, analyzes two factors when determining the value of an administrative expense: 1) whether the services actually rendered post-petition are administrative services, and 2) the reasonable value for those services.

14.    But Debtors seek to introduce evidence that has nothing to do with either factor. With respect to whether the services actually rendered post-petition are administrative services, Debtors admit that they are. *See* Objection Motion at 2 (admitting the services provided under the TSA and MSA are "central to the Debtors' ability to operate"). Debtors do not contend that, postpetition, services have not been provided by either Tenet or Conifer.

15.    In the *Declaration Of Allen Wilen in Support Of Debtors' Objection to Motion Of Tenet Business Services Corporation And Conifer Revenue Cycle Solutions, LLC For Entry Of An Order (I) Compelling Payment Of All Unpaid Postpetition Amounts Pursuant To 11 U.S.C. § 503(B)(1) Or, In The Alternative, (II) Granting Relief From The Automatic Stay To The Extent*

6

*Necessary To Terminate The TSA And MSA* (the "Wilen Declaration"), Debtors purport to proffer evidence that the contract rate for the services exceeds the value of the services. Among other things, the Wilen Declaration conclusorily states that Conifer engaged in alleged performance deficiencies in February, March and October 2018, such as allegedly missing cash collection goals, not providing requested reports, and not adequately following up on certain accounts. *See id.* at 3-5. But—putting aside that the Debtors' assertions lack merit—none of the alleged performance deficiencies has to do with the actual services Conifer has provided ***postpetition***, or the reasonable value of such ***postpetition*** services. Evidence and argument regarding these alleged deficiencies are therefore irrelevant and should be excluded pursuant to Rules 401 and 402.

## II.    Evidence Regarding Conifer's Pre-Petition Performance Will Cause Substantial Delay, Wasted Time, and Confusion, And Should Be Excluded Pursuant To Rule 403.

16.    The Debtors' purported "evidence" regarding Conifer's prepetition performance should also be excluded pursuant to Rule 403 because its presentation will cause substantial delay, wasted time and confusion at the August 19 Hearing, and will unduly prejudice Conifer by forcing it to present (also irrelevant) evidence rebutting the Debtors' unrelated allegations. Debtors have hurled a host of accusations regarding Conifer's alleged deficiencies under the MSA, including alleged deficiencies which occurred as early as Spring 2018. These accusations are without merit, and Conifer would have no choice but to rebut them, which could derail the hearing by turning it into a mini trial regarding, inter alia, Conifer's rate of collection in February 2018, Conifer's actions with respect to "technical denials" in October 2018, and Conifer's actions with respect to claims appeals throughout the entirety of the prepetition contract period. These "mini trials" would serve little more than to confuse the only issue in dispute -- the reasonable value of Conifer's ***postpetition*** services -- and would lead to substantial delay and wasted time. Rule 403 therefore requires that they be excluded. *See, e.g., ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d

486, 493–94 (D. Del. 2010) (excluding evidence of "prior copying … of unrelated products" because "the Court agrees with [defendant] that introduction of such contentions would cause substantial delay, wasted time, and confusion because it would require mini-trials to determine whether [defendant] actually copied the unrelated [plaintiff] devices nearly twenty years ago."); *Santrayll v. Burrell*, 1998 WL 24375, at *3 (S.D.N.Y. Jan. 22, 1998) (similar).

### Notice

17.     A copy of the Motion has been provided to (a) counsel to the Debtors; (b) the Office of the United States Trustee; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to MidCap Funding IV Trust; (e) Drexel University d/b/a Drexel University College of Medicine; (f) the Debtors' unions; (g) the Internal Revenue Service; (h) the United States Attorney for the District of Delaware; (i) the United States Department of Justice; (j) the Pennsylvania Attorney General's Office; (k) the Pennsylvania Department of Human Services; (l) the City of Philadelphia; and (m) all applicable federal, state and local taxing and regulatory authorities having jurisdiction over the Assets; and (n) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  Tenet and Conifer submit that, under the circumstances, such notice constitutes good and sufficient notice of this Motion and no other or further notice need be given.

**No Prior Request**

18.    No prior request for the relief sought in this Motion has been made to this Court or to any other court.

WHEREFORE, Tenet and Conifer respectfully request that the Court enter the Order attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

DOCS_DE:225007.1 83187/001

Dated:  August 16, 2019

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:      (302) 652-4100
Facsimile:      (302) 652-4400
Email:          ljones@pszjlaw.com
                tcairns@pszjlaw.com

- and -

KIRKLAND & ELLIS LLP
Stephen C. Hackney, P.C. (*admitted pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
Nicholas F. Wasdin (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          stephen.hackney@kirkland.com
                gregory.pesce@kirkland.com
                nick.wasdin@kirkland.com

-and-

KIRKLAND & ELLIS LLP
Nicole L. Greenblatt, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          nicole.greenblatt@kirkland.com

*Counsel to Tenet Business Services Corporation and
Conifer Revenue Cycle Solutions, LLC*