# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*, | ) ) ) ) | Case No. 19-11466 (KG)  Jointly Administered |
| Debtors. | ) ) ) | |

## ORDER APPROVING STIPULATED PROTECTVE ORDER

Upon consideration of *Confidentiality Agreement and Stipulated Protective Order* (the "Protective Order"), attached hereto as Exhibit 1, and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1.    The Protective Order is hereby approved.

2.    The Protective Order shall become effective immediately upon entry of this order.

# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) |  |
| *et al.*,[1] | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into

by and among:  (a) Center City Healthcare, LLC, and its debtor affiliates, as debtors and debtors

in possession (collectively, the "Debtors"); (b) Tenet Business Services Corporation ("Tenet")

and Conifer Revenue Cycle Solutions, LLC ("Conifer") (either directly or through counsel), and

(c) any other persons or entities who become bound by this Order by signifying their assent

through execution of **Exhibit A** hereto (a "Declaration"), including, to the extent it signs a

Declaration and becomes a party, the Official Committee of Unsecured Creditors

(the "Committee").  Each of the persons or entities identified in the foregoing clauses (a) through

(c) shall be referred to herein individually as a "Party," and, collectively, as the "Parties."

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

## Recitals

WHEREAS, there are, or may be, judicial or other proceedings, including but not limited to investigations, contested matters, adversary proceedings and other disputes (each a "Dispute" and, collectively, the "Disputes") arising out of or relating to the Debtors' filing of voluntary petitions under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code") in this Court (the cases commenced by such petitions, the "Chapter 11 Cases"); and

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal requests, Rule 2004 notices or motions, or service of document requests, interrogatories, depositions, and other discovery requests (collectively "Discovery Requests") as provided by the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto[2] that may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Chapter 11 Cases;

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over

---

[2]    Reference herein to "non-Parties" or a "non-Party," or a "non-Party" becoming a "Party," is for purposes of reference in this Order only. All such references herein are not intended to reflect any agreement as to whether any "Party" is or will become a "party," or any "non-Party" will not be a "party," in any case or other proceeding, or otherwise to reflect any agreement as to the "party" or "non-party" status of any litigant.

confidentiality, and to protect Discovery Material that a Party seeks to maintain as confidential, the Parties stipulate and agree as follows:

1.     The Parties shall submit this Confidentiality Agreement and Stipulated Protective Order to the Court for approval. The Parties shall abide by the terms of this Order.

2.     Unless otherwise agreed by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure.

### Scope of Order

3.     This Order applies to all information, documents and things exchanged in, or subject to, discovery that is produced on or after August 1, 2019, either by a Party or a non-Party (each a "Producing Person"), to any other Party or non-Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with any Discovery Requests, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced (including documents, information and things produced to a Receiving Party for inspection and documents, whether in the form of originals or copies) (collectively referred to as "Discovery Material").

4.     Any non-Party that executes and delivers a Declaration to the Parties shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto and shall be permitted to review Confidential Material and Highly Confidential Material as set forth in Paragraphs 11 and 12.

5.     This Order applies to all non-Parties that are served with subpoenas in connection with a Dispute or who otherwise produce documents or are noticed for depositions with respect to a Dispute, and all such non-Parties are entitled to the protections afforded hereby and subject to

3

the obligations contained herein upon signing a Declaration and agreeing to be bound by the terms of this Order.

6.    Any Party or its counsel serving a subpoena upon a non-Party, which subpoena requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that he, she or it may designate documents or testimony in a Dispute produced pursuant to such subpoena according to the provisions herein.

### Designating Discovery Material

7.    Any Producing Person may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

(a)    Confidential Material:    A Producing Person may designate Discovery Material as "Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under Rule 26(c) of the Federal Rules of Civil Procedure and Rules 7026 or 9018 of the Federal Rules of Bankruptcy Procedure; or is subject by law or by contract to a legally protected right of privacy; or the Producing Person is under a preexisting obligation to a third-party to treat it as confidential; or the Producing Person has in good faith been requested by another Party or non-Party to so designate on the grounds that such other Party or non-Party considers such material to contain information that is confidential, proprietary or personal information of such Party or non-Party.

(b)    Highly Confidential Material:    A Producing Person may designate Discovery Material as "Highly Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes Highly Confidential Material that is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 12 of this Order, such as trade secrets, sensitive financial or business information, or material prepared by its industry professionals, advisors, financial advisors, accounting advisors, experts and

4

consultants (and their respective staff) that are retained by such Producing Person in connection with the Disputes or these Chapter 11 Cases, and only to the extent that the Producing Person believes in good faith that such material is of such a nature that "Highly Confidential" treatment is warranted; or the Producing Person has in good faith been requested by another Party or non-Party to so designate on the grounds that the Discovery Material contains the other Party or non-Party's information, which such other Party or non-Party considers Highly Confidential Material (as defined herein).

(c)    <u>Undesignated Material:</u> Subject to the rights and obligations of the Parties under Paragraphs 9, 10, and 24 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material (such Discovery Material, "<u>Undesignated Material</u>").

8.    <u>Manner Of Designation:</u>  Where reasonably practicable, any Designated Material shall be designated by the Producing Person as such by marking every such page "Highly Confidential" or "Confidential" as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Highly Confidential" or "Confidential" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of such material that such material is "Highly Confidential" or "Confidential."

9.    <u>Late Designation Of Discovery Material:</u>  The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Person's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("<u>Misdesignated Material</u>"). At such time, arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Person of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation,

5

the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Person, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

### **Use and Disclosure of Confidential or Highly Confidential Material**

10.      <u>General Limitations On Use And Disclosure Of All Discovery Material:</u> All Discovery Material, whether Designated or Undesignated Material, shall be used by the Receiving Parties solely for the purposes of a Dispute or the Chapter 11 Cases (including the Parties' consideration of any Dispute leading up to the commencement of any case or proceeding), and solely to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including any business, competitive, governmental, commercial, or administrative purpose or function.

11.      <u>Confidential Material:</u>   Confidential Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

(a)      Debtors including their respective members, managers, partners, directors, officers, employees, and agents—in each case, only as necessary to assist with or make decisions with respect to any Dispute, and only after the Debtors have signed this Order, which signature shall be binding on such members, managers, partners, directors, officers, employees, and agents;

6

(b)     the Committee;

(c)     Debtors' creditors and other constituents as specified in the signature pages to this Order, including their respective members, managers, partners, directors, officers, employees, and agents —in each case, only as necessary to assist with or make decisions with respect to any Dispute, and only after such creditor or other constituent has signed a Declaration in the form provided as **Exhibit A** hereto to the extent not a signatory hereto;

(d)     The U.S. Trustee; and

(e)     any other persons specified in Paragraph 12 below.

12.    <u>Highly Confidential Material:</u>   Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

(a)     counsel, and staff working under the express direction of such counsel, for:

(i)      Debtors;

(ii)     the Committee;

(iii)    Tenet and Conifer;

(iv)     Debtors' creditors and other constituents as specified in the signature pages to this Order that are or become a Party; and

(v)      The U.S. Trustee.

(b)     The Debtors' Chief Restructuring Officer, Interim System CEO and additional personnel provided by EisnerAmper LLP;

(c)     Professionals retained under Sections 327, 328 and/or 1103 of the Bankruptcy Code, industry advisors, financial advisors, accounting advisors, investment bankers, experts and consultants (and their respective staff) in each case that are retained by a Party in connection with the Disputes or these Chapter 11 Cases and have signed a Declaration, in the form provided as **Exhibit A** hereto;

(d)     any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(e)     for purposes of witness preparation, any deponent or witness who was noticed for a deposition, a 2004 examination, or is on a witness list for

hearing or trial, in preparation for his or her testimony where such Highly Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, and that doing so would not cause competitive harm, provided, however, that such Highly Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Material beyond the time necessary to fulfil their obligations;

(f)    subject to the provisions of Paragraph 15, any witness during the course of a deposition, examination, evidentiary hearing or trial, where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm;

(g)    outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or these Chapter 11 Cases;

(h)    court reporters, stenographers, or videographers who record testimony in connection with a Dispute or these Chapter 11 Cases;

(i)    the Court, its officers and clerical staff in any judicial proceeding that may result from a Dispute or these Chapter 11 Cases;

(j)    any other person or entity with respect to whom the Producing Person may consent in writing.

13.    <u>Prerequisite To Disclosure Of Designated Material</u>:  Before any person or their representative identified in Paragraph 12(c), 12(e), or 12(j) is given access to Designated Material, if permitted by the above rules, such person or their representative shall be provided with a copy of this Order and shall execute a Declaration, in the form provided as Exhibit A hereto. Each such Declaration shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access. Such executed Declarations shall not be subject to disclosure under the Federal Rules or the Bankruptcy Rules unless a showing of good cause is made and the Court so orders.

14.    <u>Sealing of Designated Material Filed With Or Submitted To Court</u>:  Unless otherwise agreed by the Producing Person, all Designated Material filed with the Court, and all

8

portions of pleadings, motions or other papers filed with the Court that disclose Highly Confidential Material or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules. Parties filing pleadings containing Confidential Material or Highly Confidential Material or attaching Designated Material under seal may reference this Order in the pleading in lieu of filing a motion under Local Rule 9037-1.

15.    Use of Discovery Material In Open Court: The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any hearing or trial, and at least 24 hours prior to the use of any Designated Material at trial or any hearing to be held in open court, or if less than 24 hours upon agreement by the Parties, counsel for any Party who desires to offer or use, or expects he or she may wish to offer or use, such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Person together with all other Parties who have expressed interest (after receiving notice) in participating in such meet and confer to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any Party, in accordance with the provisions of the Bankruptcy Code, Bankruptcy Rules and Local Rules. The inclusion of any Designated Material on a witness and exhibit list filed pursuant to Local Rule 9013-2 shall satisfy the disclosure obligation of the Party who desires to use or refer to Designated Material, provided the witness and exhibit list is provided at least 24 hours before the material is used in open court. If the Parties and Producing Person are unable to resolve a dispute related to such Designated Material, then the Producing Person bears the burden of requesting relief from the Court and, in the absence of such relief, there

9

shall be no limitations on the ability of the Parties to offer or otherwise use such Designated

Material at trial or any hearing held in open court.

## Depositions and Rule 2004 Examinations

16.    <u>Deposition and Rule 2004 Examination Testimony - Manner Of Designation:</u>  In

the case of depositions and examinations, if counsel for a Party or non-Party believes that a portion

of the testimony should be Designated Material of such Party or non-Party, such testimony may

be designated as appropriate by:

(a)    Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or

(b)    Providing written notice within seven (7) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or video of a deposition or examination thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 21 below. Until expiration of the aforesaid seven (7) day period following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Highly Confidential unless otherwise agreed on the record at the deposition.

17.    <u>Designated Material Used as Exhibits During Depositions:</u>  Nothing in Paragraph

16 shall apply to or affect the confidentiality designations on Discovery Material entered as

exhibits at depositions.

18.    <u>Witness Review of Deposition Testimony:</u>  Nothing in Paragraph 16 shall preclude

the witness from reviewing his or her deposition transcript.

19.    <u>Presence of Certain Persons During Designated Deposition Testimony:</u>  When

Designated Material is elicited or presented during a deposition, persons not entitled to receive

10

such information under the terms of this Order shall be excluded from the portion of the deposition in which Designated Material is elicited or presented.

20. <u>Responsibilities And Obligations Of Court Reporters:</u> In the event that testimony is designated as Confidential Material or Highly Confidential Material, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith" and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate. If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

## **GENERAL PROVISIONS**

21. This Order is a procedural device intended to protect Discovery Materials designated as Designated Material. Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

22. Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the alleged confidentiality, the designation of Designated Material, or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by motion on notice on any grounds.

23. <u>Unauthorized Disclosure Of Designated Material:</u> In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to

11

receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

24.    Manner Of Objecting To Designated Material:    If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Person in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Person cannot resolve their dispute. Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated subject to the provisions of this Order. In connection with any request for relief concerning the propriety of a "Confidential" or "Highly Confidential" designation, the Producing Person shall bear the burden of proof.

25.    Timing Of Objections To Designated Material:    A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure

12

to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Person of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not waive that Party's right to object to the designation at an evidentiary hearing or trial.

26.    Inadvertent Production Of Privileged Discovery Material:  This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Inadvertent production of any Discovery Materials which a Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Information"), will not by itself constitute a waiver of any applicable privilege. Within a reasonable period of time after a Producing Person discovers (or upon receipt of notice from another Party) that it has produced Inadvertently Produced Privileged Information, the Producing Person shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Materials inadvertently produced and the basis for withholding such Discovery Materials from production. If a Producing Person requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the Receiving Party shall immediately take all reasonable steps to return or destroy the Discovery Materials (and copies thereof) and shall take all reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information. Subject to the Receiving Party's obligations to return or destroy the Inadvertently Produced Privileged Information, if the Receiving Party disputes the privilege claim, it must notify the Producing Person of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Person's notification. The Receiving Party may not use or disclose any Inadvertently Produced Privileged Information until the dispute is resolved, except as necessary to dispute the

13

asserted privilege. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege applies.  The Producing Person must preserve the Inadvertently Produced Privileged Information until the dispute is resolved.

27.    Use Of Non-Confidential Material:  To the extent that any Party has documents or information that (i) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (ii) were independently developed by such Party without violating its obligations hereunder; (iii) are or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party, or (iv) the applicable Producing Persons consent to be publicly disclosed (collectively "Non-Confidential Material"), nothing in this Order shall limit a Party's ability to use Non-Confidential Material in a deposition, hearing, trial or otherwise in connection with any Dispute or the Chapter 11 Cases, or otherwise. Nothing in this Order shall affect the obligation of any Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from agreements entered into prior to a Dispute.

28.    Obligations Following Conclusion Of The Disputes:  Within 90 days of the later of the conclusion of the relevant Dispute(s) or the Debtors' emergence from bankruptcy, including all appeals as to all Parties, unless otherwise agreed to by the Parties or ordered by a court, all Parties and non-Parties shall take all  reasonable steps to return to counsel for the respective Producing Person, or to destroy, all Designated Material, and all copies thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, transcripts, deposition/examination recordings, deposition/examination exhibits,

14

expert reports, and exhibits introduced at any hearing or trial; and a Receiving Party may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as provided in this Order. If a Receiving Party chooses to take all reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested, verify such destruction in writing to counsel for the Producing Person. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

29.     Continuing Applicability Of Confidentiality Agreement And Stipulated Protective Order:  The provisions of this Order shall survive the final resolution of the Disputes and the Debtors' emergence from bankruptcy for any retained Designated Material. The final resolution of the Disputes and the Debtors' emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

30.     Amendment Of Confidentiality Agreement And Stipulated Protective Order:  Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

31.     Disclosure Of Designated Material In Other Proceedings:  Any Receiving Party that may be subject to a motion or other form of legal process or any supervisory or regulatory (including self-regulatory) process, demand, or request seeking the disclosure of a Producing

Person's Designated Material: (i) shall promptly notify the Producing Person (unless (a) such notice is prohibited by applicable law or is not reasonably practicable or (b) in the case of disclosure to regulatory authorities in connection with routine audits or examinations) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required or requested to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

32.  <u>Use Of Designated Material By Producing Person:</u>  Nothing in this Order affects the right of any Producing Person to use or disclose its own Designated Material in any way.

33.  <u>Objections To Discovery Requests:</u>  Nothing herein shall be deemed to prevent a Party or non-Party from objecting to discovery or asserting that information being sought in discovery is of such a nature that discovery should not be afforded because of the confidential, personal or proprietary nature of the information being sought or to preclude a Party or non-Party from seeking additional or further limitations on the use or disclosure of such information.

34.  <u>Obligations Of Parties:</u>  Nothing herein shall relieve a party of its obligations under the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, Federal Rules of Evidence, and Local Bankruptcy Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute.

35.  <u>Advice Of Counsel:</u>  Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying on examination of Designated Material; provided, however, that in rendering such advice and

otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

36.    <u>Prior Agreements:</u>  The Parties agree that the provisions and requirements set forth in this Order supersede all prior agreements with respect to Discovery Material.

37.    <u>Enforcement:</u>  The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

DOCS_DE:225011.1 08/16/2019

Dated:  August 16, 2019

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:         ljones@pszjlaw.com
               tcairns@pszjlaw.com


- and -


KIRKLAND & ELLIS LLP
Stephen C. Hackney, P.C. (*admitted pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
Nicholas F. Wasdin (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         stephen.hackney@kirkland.com
               gregory.pesce@kirkland.com
               nick.wasdin@kirkland.com


-and-


KIRKLAND & ELLIS LLP
Nicole L. Greenblatt, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         nicole.greenblatt@kirkland.com

*Counsel to Tenet Business Services Corporation and*
*Conifer Revenue Cycle Solutions, LLC*

Dated:  August 16, 2019

**SAUL EWING ARNSTEIN & LEHR LLP**

By:/s/ Aaron S. Applebaum
    Mark Minuti (DE Bar No. 2659)
    Monique B. DiSabatino (DE Bar No. 6027)
    1201 N. Market Street, Suite 2300
    P.O. Box 1266
    Wilmington, DE  19899
    Telephone: (302) 421-6800
    Fax: (302) 421-5873
    mark.minuti@saul.com
    monique.disabatino@saul.com

        -and-

    Jeffrey C. Hampton
    Adam H. Isenberg
    Aaron S. Applebaum (DE Bar No. 5587)
    Centre Square West
    1500 Market Street, 38th Floor
    Philadelphia, PA 19102
    Telephone: (215) 972-7700
    Fax: (215) 972-7725
    jeffrey.hampton@saul.com
    adam.isenberg@saul.com
    aaron.applebaum@saul.com

    *Counsel for Debtors and Debtors in Possession*

**Exhibit A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) |  |
| *et al.*,[3] | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

## DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

I, _____ declare under penalty of perjury (this "Declaration") that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____

_____.

4.    I hereby certify and agree that I have read and understand the terms of the

Confidentiality Agreement and Stipulated Protective Order (the "Order") relating to the Disputes

between Debtors, the Committee, Tenet and Conifer, and certain of the Debtors' creditors and

other constituents, as specified in the signature pages of the Order.  All capitalized terms not

---

[3]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

otherwise defined in this Declaration have the meanings ascribed to such terms in the Order.  I further certify that I will not use Designated Material for any purpose other than the Disputes and the Chapter 11 Cases, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order to receive Designated Material.  I agree to be bound by the terms and conditions of the Order.

5.    I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work, all copies of any Designated Materials, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.    I acknowledge and agree that I am aware that by receiving Designated Material: (a) I may be receiving material non-public information about companies that issue securities; and (b) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.    I submit to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____, 2019          Signature: _____