# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (KG) |
| | Jointly Administered |
| Debtors. | Hearing Date: September 24, 2019 at 10:00 a.m. (ET)<br>Objection Deadline: September 3, 2019 at 4:00 p.m. (ET) |

## MOTION OF CORINTHIA SHIELDS
## FOR RELIEF FROM THE AUTOMATIC STAY

Corinthia Shields ("Movant"), by and through her undersigned counsel, hereby respectfully moves (the "Motion") for entry of an order, pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), granting her relief from the automatic stay and allowing her to pursue the State Court Action (as defined below). In support of the Motion, Movant represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. The relief sought by this Motion is based upon section 362 of the Bankruptcy Code and has been filed in accordance with the Local Rules of the United States Bankruptcy Court for the District of Delaware.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

**BACKGROUND**

3. On or about June 30, 2019 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and the management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On June 11, 2019, Movant filed a Civil Action Complaint against debtor Center City Healthcare, LLC d/b/a Hahnemann University Hospital and other health care providers for medical malpractice (the "State Court Action").

5. The State Court Action has been captioned and docketed as Corinthia Shields v. Nazareth Hospital, et al. June Term 2019, Number 5758, Court of Common Pleas of Philadelphia County. A true and correct copy of Movant's Complaint in the State Court Action is attached hereto as *Exhibit A*.

6. By way of the aforesaid Complaint, Movant seeks to recover damages for personal injuries suffered by her under theories of professional negligence and medical malpractice.

**RELIEF REQUESTED**

7. By this Motion, the Movant requests relief from the automatic stay of section 362(a) of the Bankruptcy Code, to pursue the litigation of her claim in State Court Action for the purposes of adjudicating and liquidating her claim against the Debtors (and the other Defendants in the State Court Action) and recovering against any available insurance, including Debtors' primary professional liability insurance policies and the Medical Professional Liability Catastrophe Loss Fund (MCARE).

**BASIS FOR RELIEF REQUESTED**

8. The Movant is entitled to relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code, which provides as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay. . .
>
> (1) for cause, including lack of adequate protection of an interest in property of such party in interest.

9. At a hearing for relief from the automatic stay under Bankruptcy Code Section 362(d), the party opposing stay relief bears the burden of proof on all issues except debtor's equity in property. *See In re Domestic Fuel Corp.,* 70 B.R. 455, 462-63 (Bankr. S.D.N.Y. 1987); 11 U.S.C. § 362(g). If a creditor seeking relief from the automatic stay makes a *prima facie* case of "cause" for lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code section 362(g). *See In re 234-6 West St. Corp.,* 214 B.R. 751,756 (Bankr. S.D.N.Y. 1997).

10. The term "cause" is not defined in the Bankruptcy Code, and whether cause to lift the stay exists should be determined on a case-by-case basis. *See Izzarelli v. Rexene Prod. Co. (In re Rexene Prod. Co.).* 141 B.R. 574, 576 (Bankr. D. DeL 1992); *Sonnax Indus. v. Tri Compoenent Prod. Corp. (In re Sonnax Ind.. Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990). "Cause" for modification of the automatic stay "is an intentionally broad and flexible concept that permits ... [a] [b]ankruptcy court, as a court of equity, to respond to inherently fact sensitive situations." *See In re Texas State Optical, Inc.,* 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995). Accordingly, courts determine what constitutes "cause" based on the totality of the circumstances in each particular case. *Baldino v. Wilson (In re Wilson),* 116 F.3d 87, 90 (3d Cir. 1997) *(citing Trident*

*Assocs. Ltd. P'ship v. Metropolitan Lile Ins. Co. (In re Trident Assocs. Ltd. P'ship)*, 52 F.3d 127, 131 (6th Cir. 1995)).

11. Under the totality of circumstances standard, courts often consider the hardship or prejudice to the non-debtor in determining whether to lift the automatic stay. *See In re Bock Laundry Mach. Co.,* 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984). The court in *Bock* pointed out that "[c]ourts have developed a balancing test, whereby the interests of the estate are weighed against the hardships that will be incurred by the creditor-plaintiff." *ld.* at 566. *See also Milne v. Johnson (ln re Milne),* 185 B.R. 280, 283 (N.D. Ill. 1995) (stating that a court should look into whether, *inter alia,* there will be injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and weigh the proportionality of harms).

12. The legislative history to section 362(d)(1) indicates that cause may be established by a single factor such as "a desire to permit an action to proceed ... in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." *In re Rexene Products Co.,* 141 B.R. at 576 (*citing* H.R.Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977) U.S. Code Cong. & Admin. News pp. 5787, 6300).

13. This Court has previously applied an equitable balancing test to determine, if "cause" exists to lift the automatic stay. *In re Rexene Products Co.,* 141 B.R. at 576. Under the equitable balancing test, the Court reviews three factors:

> (1) whether prejudice will be caused to either the bankrupt estate or the debtor,
> (2) whether the hardship to the movant by maintenance of the automatic stay outweighs the hardship caused to the debtor;
> (3) whether the movant has a reasonable probability of prevailing on the merits of the suit. *Id.*

14. Application of the equitable balancing test to the present case clearly demonstrates that relief from the automatic stay is warranted here.

15. First, the bankruptcy estates will not be prejudiced if the automatic stay is lifted to permit the Movant to pursue the State Court Action, with said relief being limited to liquidating her claim against Debtors (and the other Defendants in the State Court Action) and recovering against any available insurance. Clearly, the Debtors cannot claim prejudice if the stay is lifted to permit the Movant to file a complaint seeking to recover the insurance proceeds because the insurance proceeds are not property of the Debtors' estate.

16. Second, continuation of the automatic stay in this case would prevent the Movant from prosecuting the State Court Action, and would work a substantial hardship on the Movant because of the substantial physical and economic damages suffered by her. Continuation of the stay would cause the Movant to remain uncompensated for her injuries suffered

17. In addition, Movant would be prejudiced if she is obliged to discontinue the instant matter in order to obtain relief from the automatic stay, as she would be required to incur additional litigation costs for the re-filing of the medical practice matter and may be further prejudiced if the bankruptcy does not resolve prior to the expiration of the medical malpractice claim's statute of limitations.

18. When a party seeks to lift an automatic stay, the required showing for the movant's probability of success is "very slight." *In re Rexene Products,* 141 B.R. at 578; *see also In re Continental Airlines, Inc.,* 152 B.R. 420, 426 (D. Del. 1993) ("Even a slight probability on the merits may be sufficient to support lifting an automatic stay in an appropriate case."). It "merely requires a showing that [the movant's] claim is not frivolous." *Levitz Furniture Inc. v. T. Rowe Price Recovery Fund L.P. (In re Levitz),* 267 B.R. 516, 523 (Bankr. D. Del. 2000).

19. The Movant's probability of success in pursuing her claim on the merits is greater than "very slight". *See id.* There can be no dispute that the Movant's probability of success passes muster under the equitable balancing test. Accordingly, when weighing the above factors, it is clear that this Court should lift the automatic stay.

20. In addition, Movant requests that the Court waive the 14-day stay imposed under Bankruptcy Rule 4001(a)(3) so that she may proceed immediately with continuation of the State Court Action. The State Court Action has been stayed since the Petition Date, and the Movant is unable to proceed with the litigation against the Debtors and the other defendants. Waiving the stay now will not prejudice any party, and will rightfully allow the Movant to immediately proceed forward with her state court litigation.

## NOTICE

21. Notice of this Motion has been provided to the following parties, or in lieu thereof, to their counsel, if known: (i) the United States Trustee for the District of Delaware; (ii) the Debtors and their counsel; (iii) counsel for any official committees; and (iv) counsel for post-petition lender. The Movant submits that no other or further notice need be provided.

## NO PRIOR REQUEST

22. No prior application or motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Movant respectfully requests that the Court enter an order, substantially in the form attached hereto, granting relief from the automatic stay, and providing such other and further relief as may be just and proper.

Respectfully Submitted,

**BIELLI & KLAUDER, LLC**

Dated: August 19, 2019

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Fax: (302) 397-2557
dklauder@bk-legal.com

*Counsel for the Movant*