**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| In re Center City Healthcare, LLC d/b/a Hahnemann University Hospital, <u>et al.</u>,1 | Case No. 19-11466 (KG) (Jointly Administered) |
| Debtors. | |

**NOTICE OF HERMAN GOLDNER CO., INC.**
**FILING AND PERFECTION OF MECHANIC'S LIEN**
**PURSUANT TO 11 U.S.C. §§ 362(b)(3) AND 546(b)**

COMES NOW Herman Goldner Co., Inc. ("HGC"), a creditor of the above-captioned debtor, and files this Notice of Filing and Perfection of Mechanic's lien against the interest of St. Christopher's Healthcare, LLC d/b/a St. Christopher's Hospital For Children ("St. Christopher's" or ,the "Debtor," and together with the other above-captioned debtors, the "Debtors") in a certain parcel of real property, pursuant to Sections 362(b)(3) and 546(b) of the United States Bankruptcy Code, in connection with work performed by HGC at the request of the Debtor on the property known as "Saint Christopher's Hospital for Children", and in support hereof, HGC states as follows:

**Factual Background**

1. On June 30, 2019 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in this Court.

---

1  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St.Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

2. Upon information and belief, is Front Street Healthcare Properties, LLC ("Front Street") is the owner of a certain parcel of real property known as Saint Christopher's Hospital for Children, located at 160 East Erie Avenue Philadelphia, PA 19134 (the "Property"), including the improvements thereon, and St. Christopher's is a tenant at the Property pursuant to a lease with Front Street.

3. Pursuant to a contract identified as the Guaranteed Service Agreement, and several separate but related purchase orders (collectively, the "Contracts"), starting on or about February 1, 2019 and through the Petition Date, Goldner continuously supply labor, equipment and services for the alteration and/or repair of the HVAC system of the Property, which is integral to and incorporated into the Property. A copy of the Contracts are attached hereto as Exhibit A.

4. Specifically, HGC supplied labor, materials, equipment, and services related to the supply and installation of a New York RTU rooftop unit, including all hoisting and piping; inspection and repair of chillers; repair defective condenser fan motors; repair ball valves and piping; repair chillers; repair Trane rooftop Intellipak unit; and repair and replace water meter isolation valves. The Property is a single improvement for which HGC elects to consolidate its claim pursuant to 49 P.S. § 1306(a).

5. HGC commenced work on the Property months prior to the Petition Date, and performed work and provided certain labor and materials to the Debtor thereafter. The Debtor failed to pay $74,468.39 on account of work, labor and materials provided by HGC at the Property, not including interest at the highest rate allowed by law, plus all other costs and expenses incurred by HGC in connection with the filing, prosecution, collection and prosecution of this mechanics lien. A chart detailing the outstanding amounts due for the work provided by HGC to the Debtor is attached

hereto as Exhibit B.

### Basis for Lien

6.      Under state law and the United States Bankruptcy Code, HGC has the right to file and perfect its mechanic's lien in the amount of $74,468.39, plus interest at the highest rate allowed by law, plus all other costs and expenses incurred by HGC as against the Debtor's interest in the Property.

7.      Pennsylvania mechanics' lien law, is codified at 49 Pa.C.S.A §§ 1101 et. seq., Specifically, Section 1502(a) of the Pennsylvania mechanics' lien law provides that a mechanic's lien may be perfected within 6 months of completion of the work by filing "a claim with the prothonotary as provided within this act . . . ." Thus, so long as the required lien claim is filed within the 6-month period, Pennsylvania law provides that the lien relates back to the time the mechanic or other person began to perform the labor or furnish the materials or machinery.

8.      Section 1508(a) of the Mechanics Lien Law of 1963, titled "Priority of Lien," provides that a mechanic's lien "shall take effect and have priority as follows: (a) Except as set forth in subsection (c), in the case of the erection or construction of an improvement, as of the date of the visible commencement upon the ground of the work of erecting or constructing the upon the ground of the work of erecting or constructing the improvement.." Section 1508(c), in turn, provides as follows:

> (c)      Any lien obtained under this act by a contractor or subcontractor shall be subordinate to the following:
>
> > (1) A purchase money mortgage as defined in 42 Pa.C.S. § 8141(1) (relating to time from which liens have priority).
> >
> > (2) An open-end mortgage as defined in 42 Pa.C.S. § 8143(f) (relating to open-end mortgages), the proceeds of which are used to pay all or

      part of the cost of completing erection, construction, alteration or repair of the mortgaged premises secured by the open-end mortgage.

9. Section 1503 of the Pennsylvania mechanics' lien law provides the requirements and contents of the statement of claim. Substantially contemporaneously herewith, HGC filed a mechanics' lien claim in the Court of Common Pleas, Philadelphia County necessary to perfect its security interest on account of the goods and services provided by HGC at the Property. A copy of the lien claim is available upon request.

10. This Notice shall provide notice of the perfection of that lien under 11 U.S.C. §546(b), notice that HGC seeks to enforce its lien as provided for under Pennsylvania law, and shall serve as notice that the proceeds or income of the Debtor's interest in the Property are cash collateral of HGC pursuant to 11 U.S.C. §363(a).

11. Notice is sufficient for purposes of 11 U.S.C. §546(b)(2) if it makes clear that the interest holder intends to enforce its interest in the property. *See, e.g., Jones v. Salem Nat'l Bank (In re Fullop),* 6F.3d 422 (7th Cir. 1993)*; Casbeer v. State Fed. Sav. & Loan Ass'n of Lubbock (In re Casbeer)*, 793 F.2d 436 (5th Cir. 1986). HGC intends to enforce its interest in the Debtor's interest in the Property. Accordingly, the filing of a pleading such as this constitutes proper notice. *See, e.g., Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990).

12. HGC does not waive its right to seek adequate protection for its interest in the Property, nor does HGC waive any rights as a secured, administrative or unsecured creditor under the Bankruptcy Code, including, but not limited to, rights to assert administrative expenses under 503(b)(9) or otherwise.

13. HGC also seeks to preserve its right to legal fees and interest at the legal rate, as well

as other costs and expenses that may be awarded by the Court. Further, nothing herein shall waive any right to assert a further lien against the Debtor's interest in the Property or any proceeds therefrom in the event that the Debtors or any successor thereto seeks to avoid any transfer made by the Debtors to HGC prior to the Petition Date.

WHEREFORE, HGC provides this Notice pursuant to 11 U.S.C. §546(b) perfecting its mechanic's lien on the Debtor's property interest in the Property.

Dated: August 23, 2019

**MORRIS JAMES LLP**

/s/ Jeffrey R. Waxman
Jeffrey R. Waxman (No. 4159)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: jwaxman@morrisjames.com

Counsel for Herman Goldner Co., Inc.