**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| CENTER CITY HEALTHCARE, LLC | : | Case No. 19-11466 |
| d/b/a HAHNEMANN UNIVERSITY | : |  |
| HOSPITAL, et al., | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : | Related to Docket Nos. 301 and 510 |

**OBJECTION OF RYDAL SQUARE L.P. TO DEBTORS'**
**NOTICE OF ASSUMPTION, ASSIGNMENT AND CURE AMOUNT**
**WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Rydal Square, L.P. ("Rydal"), by and through its undersigned attorneys, hereby files its objection to the cure amount set forth in the Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors (the "Cure Notice") [D.I. 510], and respectfully represents in support thereof as follows:

**BACKGROUND**

1. On June 30, 2019 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed respectively voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. Rydal is the owner of an office complex known as Rydal Square in Jenkintown, Pennsylvania and the lessor under a lease of nonresidential real property (the "Lease") as to which St. Christopher's Healthcare, LLC ("St. Christopher's") is the lessee.

3.     On July 11, 2019, Rydal filed proof of claim no. 2 in the amount of $68,343.43 (the "Rydal Claim").  A copy of the Rydal Claim is annexed hereto and made a part hereof as Exhibit "A".

4.     On August 16, 2019, the Debtors filed the Cure Notice, which reflects that the amount necessary to cure defaults under the Lease is $28,931.01 (the "Stated Cure Amount").  <u>See</u>, Cure Notice, p. 29 of 39.

5.     In addition to the amount set forth in the Rydal Claim, Rydal has incurred costs to repair water damage caused by St. Christopher totaling $6,331.34, as reflected in the documentation annexed hereto and made a part hereof as Exhibit "B".  Moreover, since filing the Rydal Claim, additional costs have accrued under the Lease, as reflected in the summary annexed hereto and made a part hereof as Exhibit "C".

6.     While Rydal reserves all rights with respect to the prospective assumption and assignment of the Lease, including the right to enforce the Lease in its entirety against an assignee, it objects to the stated cure amount applicable to the Lease for the reasons hereinafter set forth.

### RELIEF REQUESTED

**A.     The Cure Amount is Understated.**

7.     The discrepancy between the Stated Cure Amount and the actual amount required to cure defaults under the Lease as of the Petition Date (the "Actual Claim Amount"), which includes unpaid pre- and post-petition amounts presently due under the Lease and Rydal's water damage claim, is illustrated in the following chart:

| Landlord | Actual Claim Amount | Stated Cure Amount | Discrepancy |
|---|---|---|---|
| Rydal Square, L.P. | $148,459.18 | $28,931.01 | $119,528.17 |

8.      In order to assume the Lease, the Debtors are required to cure defaults existing under such leases pursuant to § 365(b)(1)(A) of the Bankruptcy Code, which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).

9.      The Debtors' cure calculation reflected in the Cure Notice materially understates the Debtors' cure obligations in relation to the amounts actually owed under the Lease, including the repair costs described above.

## RESERVATION OF RIGHTS

10.     Rydal specifically reserve its rights to object to any other relief sought by the Debtors in connection with the assumption of the Lease, including, without limitation, an assignee's proposed adequate assurance of future performance.

## CONCLUSION

11.     For the foregoing reasons, Rydal seeks an order of this Court fixing the Debtors' cure obligations under the Lease in the amount set forth herein (less any payments made by the Debtors on account of such sums prior to the assumption of the lease plus any additional post-petition amounts accruing under such lease through the date thereof) and directing the Debtors promptly to satisfy such amount following the entry of an order approving the assumption of the Lease.

WHEREFORE, Rydal Square, L.P., respectfully requests the entry of an order granting the relief described herein, together with such other and further relief as is just and proper.

Dated:  August 26, 2019	**FINEMAN KREKSTEIN & HARRIS, PC**

By: */s/ Deirdre M. Richards*
    Deidre M. Richards
    (Del. Bar. No. 4191)
    1300 N. King Street
    Wilmington, DE  19801
    Telephone:  (302) 538-8331
    Email:  drichards@finemanlawfirm.com

    - and -

Jeffrey Kurtzman, Esquire
**KURTZMAN | STEADY, LLC**
401 S. 2nd Street, Suite 200
Philadelphia, PA  19147
Telephone:  (215) 839-1222
Email:  kurtzman@kurtzmansteady.com

Attorneys for Rydal Square, L.P.