UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC<br>d/b/a HAHNEMANN UNIVERSITY<br>HOSPITAL, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>**Hearing Date: September 23, 2019 at 1:00 p.m.**<br><br>**D.I. 205, 301, 510** |

**OBJECTION OF HERMAN GOLDNER CO., INC. TO (I) PROPOSED SALE OF SUBSTANTIALLY ALL ASSETS OF ST. CHRISTOPHER'S HEALTHCARE, LLC AND CERTAIN RELATED DEBTORS, AND (II) ASSUMPTION AND ASSIGNMENT OF THE EXECUTORY CONTRACT, INCLUDING THE PROPOSED CURE AMOUNT**

Herman Goldner Co., Inc. ("HGC"), hereby files this objection (the "Objection") to (i) the sale of substantially all assets of St. Christopher's Healthcare, LLC and certain related debtors, and (ii) the assumption and assignment of St. Christopher's Healthcare, LLC's executory contract with HGC (the "Cure Notice"), and in support of the Objection, HGC states as follows:

**BACKGROUND**

1.      Upon information and belief, St. Christopher's Healthcare, LLC d/b/a St. Christopher's Hospital For Children ("St. Christopher's" or the "Debtor," and together with the other above-captioned debtors, the "Debtors") is a party to a lease of a certain parcel of real property known as Saint Christopher's Hospital for Children, located at 160 East Erie Avenue Philadelphia, PA 19134, including the improvements thereon (the "Property").  Upon information and belief, St. Christopher's leases the Property from the owner of a certain parcel of real property, Front Street Healthcare Properties, LLC.

2.      HGC and St. Christopher's entered into a certain agreement titled the "Guaranteed Service Agreement (the "Agreement") and several separate but related purchase orders (collectively, the "Contracts"), starting on or about February 1, 2019 and through the Petition Date, Goldner continuously supply labor, equipment and services for the alteration and/or repair of the

11128645/1

HVAC system of the Property, which is integral to and incorporated into the Property, pursuant to which HGC supplied labor, materials, equipment, and services related to the supply and installation of a new York RTU rooftop unit, including all hoisting and piping; inspection and repair of chillers; repair defective condenser fan motors; repair ball valves and piping; repair chillers; repair Trane rooftop Intellipak unit; and repair and replace water meter isolation valves.

3. On June 30, 2019 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in this Court. As of the Petition Date, St. Christopher's owed HGC a total of $74,468.39, not including interest, legal fees or any other expenses. Since the Petition Date, HGC continued to provide services to St. Christopher's. Accordingly, as of August 24, 2019, HGC is obligated St. Christopher's owed HGC a total of $80,124.42, exclusive of interest, legal fees, or any other expenses.

4. On July 16, 2019, the Debtors filed a Motion for Entry of (A) an Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially All Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and Protections Afforded to Any Stalking Horse Purchasers, and (IV) Granting Related Relief (the Bid Procedures Order); and (B) One or More Orders (I) Approving the Sales or Other Acquisition Transactions for the Assets, (II) Authorizing the Sales Free and Clear of all Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief [Docket No. 205] (the "Sale Motion"). By the Sale Motion, the Debtors sought entry of procedures for the sale of substantially all of the assets of St. Christopher's Healthcare, LLC, free and clear of claims leans and encumbrances pursuant to Section 363 of the Bankruptcy Code. It

should go without saying, but the Debtor's interest in the lease of the Property is indispensable with the sale of the balance of St. Christopher's assets.

5. On July 26, 2019, the Court entered an Order approving the bidding procedures set forth in the Sale Motion [Docket No. 301] (the "Bid Procedures Order").

6. Pursuant to the Bid Procedures Order, on August 16, 12019, the Debtors served a Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors [Docket No. 510] (the "Cure Notice"). By the Cure Notice, the Debtors identified the Guaranteed Service Agreement with HGC, but did not recognize any amount owed thereunder.

7. On August 23, 2019, HGC filed a Notice of Perfection of Mechanics Lien pursuant to Section 11 U.S.C. §§ 362(b)(3) and 546(b), by and through which HGC gave notice of a mechanics' lien in the amount of $74,468.39 on account of work, labor and materials provided by HGC to St. Christopher's at the Property [Docket No. 555].[1] Substantially contemporaneously with the Notice of Mechanics Lien, HGC filed a Mechanics Lien Claim in the Court of Common Pleas, Philadelphia County. A copy of the Mechanics Lien Claim is attached hereto as Exhibit A.

**BASIS FOR OBJECTION TO THE PROPOSED SALE**

8. Regardless of the purchaser of the Debtor's assets, the proposed sale does not meet the requirements of 11 U.S.C. § 363(f). Specifically, Section 363 of the Bankruptcy Code

---

[1] The difference between the amounts asserted in the Notice of Perfection of Mechanics' Lien and the amount asserted as a cure amount herein are the unpaid post-petition amounts for which HGC could not assert a lien based upon the timing for the amounts due. HGC also expressly reserved its rights to seek additional amounts, including to seek to asserts a mechanic's lien for any amounts that the Debtors or any successor in interest seeks to subsequently avoid and recover.

3

provides, in relevant part as follows:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an <u>entity</u> other than the estate, only if—
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). By any standard, absent payment of the proposed sale does not satisfy the requirements of Section 363(f).

9.      Pennsylvania law does not permit a sale free and clear of construction lienholders' liens, and HGC does not consent to the sale free and clear of its lien. Additionally, there is no bona fide dispute that HGC is entitled to a mechanics' lien on account of the work provided.

10.     Pennsylvania mechanics' lien law, is codified at 49 Pa.C.S.A §§ 1101 et. seq., Specifically, Section 1502 of the Pennsylvania mechanics' lien law provides that a mechanic's lien may be perfected within 6 months of completion of the work by filing "a claim with the prothonotary as provided within this act . . . ." Thus, so long as the required lien claim is filed within the 6-month period, Pennsylvania law provides that the lien relates back to the time to the date of the filing of the claim.

11.     Based upon the foregoing, if the Debtor wishes to sell its interest in the Property, it will need to either pay HGC's claim in full, or at a minimum, reserve an amount sufficient to adequately ensure the payment of HGC's lien, including interest, legal fees, and expenses, until such time as this Court or another Court of competent jurisdiction determines the validity of HGC's lien upon the Debtor's interest in the Property.

## BASIS FOR OBJECTION TO CURE AMOUNT

12. The amount due to HGC necessary for the Debtor to cure the obligations to HGC under the Agreement is $80,124.42, plus interest, legal fees, and other expenses as allowed by state law (the "Cure Amount"). The Cure Amount is calculated as follows:

| Customer ID | Doc. Type | Invoice Date | Invoice Number | HGC Project | Customer PO Number | Original Invoice Amount | Job Name |
|---|---|---|---|---|---|---|---|
| STCHRI19134 | Invoice | 2/23/2019 | JC35640 | 193929 | 033D 248100 | $29,215.00 | ST CHRIS ANNEX RTU 15T MU#1 |
| STCHRI19101 | Invoice | 2/23/2019 | JC35639 | 193992 | 033D 249287 | $9,048.00 | ST CHRIS TRANE INTELL BLOWER |
| STCHRI19101 | Invoice | 5/1/2019 | MAINT014826 | | 0868-221130 | $3,087.72 | |
| STCHRI19101 | Invoice | 5/3/2019 | SRVCE084253 | 190425-0019 | | $2,584.72 | ST. CHRIS HOSPITAL |
| STCHRI19101 | Invoice | 5/11/2019 | JC36230 | 194189 | 033D251674 | $21,614.00 | ST CHRIS WATER METER ISOLA VAL |
| STCHRI19101 | Invoice | 5/31/2019 | SRVCE084718 | 190506-0022 | 033D-252482 | $1,456.00 | ST CHRIS HOSP CATH LAB IV MRI |
| STCHRI19101 | Invoice | 6/27/2019 | SRVCE085189 | 190514-0014 | 033D-252483 | $1,685.88 | ST CHRIS HOSP CATH LAB IV MRI |
| STCHRI19101 | Invoice | 6/27/2019 | SRVCE085194 | 190530-0027 | | $1,913.07 | ST CHRIS HOSP CATH LAB IV MRI |
| STCHRI19101 | Invoice | 7/3/2019 | JC36590 | 194189 | 033D251674 | $3,864.00 | ST CHRIS WATER METER ISOLA VAL |
| STCHRI19101 | Invoice | 8/1/2019 | MAINT015245 | | 0868-221130 | $3087.72 | |
| STCHRI19101 | Invoice | 8/19/2019 | SRVCE086306 | 190717-0023 | | $2568.31 | ST. CHRIS HOSPITAL |
| | | | | | **TOTAL** | **$80,124.42** | |

A copy of the Agreement and other related documents are attached hereto as Exhibit B.

5

13. The cure amounts as set forth herein are through August 24, 2019. HGC continues to occupy the provide services to the Debtor at the Property. Accordingly, the Debtor's obligations to HGC are not yet fixed and will continue to increase on a postpetition basis. HGC expressly reserves and preserves its right to supplement this Objection.

### RESERVATION OF RIGHTS

14. Nothing herein shall affect or impair HGC right to seek payment of the foregoing amounts pursuant to the appropriate Bankruptcy Code provisions and procedures, including without limitation 11 U.S.C. §§ 503(b)(1); §365(d)(3). Nor shall anything herein preclude or otherwise estop HGC from objecting to the assumption and assignment of the Agreement upon any legal, factual or equitable basis under the Bankruptcy Code or applicable non-bankruptcy law.

15. Finally, HGC expressly reserves and preserves its right to supplement this Objection with respect to any issue arising from or relating to the sale of the Debtors' assets which may affect or impair HGC's rights or interests, and to join any other well-founded objection to the proposed sale.

**WHEREFORE**, HGC seeks entry of an Order (i) sustaining HGC's Objection, (ii) denying the proposed sale of the Debtor's interest in the Property absent payment of HGC's claim in full, or a reserve in an adequate amount pending further order of this Court or another court of competent jurisdiction, (iii) denying the assumption or assignment of the Agreement unless HGC is paid the Cure Amount, including interest, legal fees, and other expenses, as allowed by law, and (iii) granting to HGC such other and further relief as is just and proper.

August 27, 2019

MORRIS JAMES LLP
/s/ Jeffrey R. Waxman
Jeffrey R. Waxman (No. 4159)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800

Counsel to Herman Goldner Co., Inc.