**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br>(Jointly Administered) |

**DECLARATION OF SUZANNE KOENIG IN SUPPORT OF THE
APPLICATION OF THE PATIENT CARE OMBUDSMAN
FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF GREENBERG
TRAURIG, LLP AS COUNSEL, *NUNC PRO TUNC* AS OF JULY 3, 2019**

I, Suzanne Koenig, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.        My name is Suzanne Koenig.  I am over the age of 21 and am competent in all respects to make this Declaration.  I am President of SAK Management Services, LLC ("**SAK**") and am the Court appointed patient care ombudsman (the "**Ombudsman**") in the chapter 11 cases of Center City Healthcare, LLC, d/b/a Hahnemann University Hospital, *et al.*, (the "**Debtors**"), Case No. 19-11466 (KG) (the "**Cases**").  Accordingly, I am in all respects competent to make this Declaration in support of the application of the Ombudsman to retain Greenberg Traurig, LLP ("**Greenberg Traurig**") as counsel for the Ombudsman *nunc pro tunc* to July 3, 2019 (the

---

[1] The "**Debtors**" in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

"**Retention Date**").  Except as otherwise noted, I have personal knowledge as to all the information set forth below.

2. This declaration is provided pursuant to Part D.2 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "**Guidelines**") promulgated by the Office of the United States Trustee.  I am informed by Greenberg Traurig that the Guidelines require that any application for employment of an attorney under 11 U.S.C. §§ 327 or 1103 be accompanied by a verified statement from the client that addresses the following:

- The identity and position of the person making the verification.  The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

- The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

- The number of firms the client interviewed.

- If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

- The procedures the client has established to supervise the applicant's fees and expenses and to manage costs.  If the procedure for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside general counsel, explain how and why.  In addition, describe any efforts to negotiate rates including rates for routing matters, or in the alternative to delegate such matters to less expensive counsel.

2

**Identity of Declarant**

3.  On June 30, 2019 and July 1, 2019 (the "**Petition Date**"), the Debtors filed petitions with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 2, 2019, the Office of the United States Trustee (the "**U.S. Trustee**") for the District of Delaware appointed me as the Ombudsman. As Ombudsman, I was directly involved in the decision to retain Greenberg Traurig as counsel in these Cases.

**Steps Taken to Ensure Comparability of Engagement Terms**

4.  I have confirmed with Greenberg Traurig that, while its billing rates vary from attorney to attorney based on such factors as the attorney's seniority and position with the firm (*e.g.*, shareholder, associate), years of experience, and the demand for services in the attorney's particular area of expertise, its billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

5.  I have been informed that Greenberg Traurig endeavors to set the hourly rates for their attorneys and paraprofessionals at levels competitive to those charged by firms with whom they compete.

**Number of Firms Interviewed**

6.  While I did not interview multiple firms with respect to this engagement, I am personally familiar with many firm's bankruptcy and non-bankruptcy billing practices, hourly rates, and experience.

7.  In selecting counsel to represent the Ombudsman, I considered potential counsel based on their expertise in the relevant legal issues and their familiarity with the Debtors and with

restructurings in the Debtors' industry, its presence in this jurisdiction, as well as the time-sensitive need to retain counsel to address immediate and emergent issues in these Cases. Using these criteria, I decided to retain Greenberg Traurig as counsel because of the firm's familiarity with the legal issues impacting the Ombudsman and the chapter 11 restructuring process before this Court.

**Procedures Established to Supervise Fees and Expenses and Manage Costs**

8.  I understand that Greenberg Traurig will be using budgets and staffing reports for legal services to be provided to the Ombudsman during this engagement. I recognize that in the course of a chapter 11 case, there may be unforeseeable fees and expenses that will need to be addressed by the Ombudsman and Greenberg Traurig. Therefore, the Ombudsman recognizes that it is her responsibility to closely monitor the billing practices of its counsel to ensure that the fees and expenses paid by the estates remain consistent with the Ombudsman's expectations and exigencies of these Cases. I will continue to review the invoices regularly submitted by Greenberg Traurig and, together with Greenberg Traurig, may periodically amend the budget and staffing plan as the Cases develop to reflect changed circumstances or unanticipated developments.

9.  Based on the foregoing, the I am of the opinion that it is necessary and desirable to employ Greenberg Traurig *nunc pro tunc* to the Retention Date, and that such employment is in the best interest of the Debtors' estates.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 28, 2019     By: */s/ Suzanne Koenig*
                                 Suzanne Koenig
                                 Patient Care Ombudsman