


# Exhibit B

## CONFIRMATION OF ASSIGNMENT

COMMONWEALTH OF PENNSYLVANIA        :
COUNTY OF CHESTER                   : ss.
                                    :

DEX Imaging, Inc. ("Assignor"), intending to be legally bound, hereby acknowledges that on November 3, 2017, Assignor assigned to DE LAGE LANDEN FINANCIAL SERVICES, INC. ("Assignee"), all of Assignor's rights, title, power, privileges, remedies, and interest (including, but not limited to, the right to receive payments and Assignor's interest in the collateral), but none of its obligations, in and SCHC PEDIATRIC ASSOCIATES, L.L.C. (Assignee Contract #25474259) dated November 3, 2017 by and between Assignor and SCHC PEDIATRIC ASSOCIATES, L.L.C..

DEX Imaging, Inc.

By: _____
Name: Steve Major (signature)
Title: BSvp Director (signature)

## CONFIRMATION OF ASSIGNMENT

**COMMONWEALTH OF PENNSYLVANIA** :
**COUNTY OF CHESTER** : ss.
:

DEX Imaging, Inc. ("Assignor"), intending to be legally bound, hereby acknowledges that on November 1, 2017, Assignor assigned to DE LAGE LANDEN FINANCIAL SERVICES, INC. ("Assignee"), all of Assignor's rights, title, power, privileges, remedies, and interest (including, but not limited to, the right to receive payments and Assignor's interest in the collateral), but none of its obligations, in and TENET HEALTHSYSTEM ST.CHRISTOPHER'S HOSPITAL FOR CHILDREN, L.L.C. (Assignee Contract #25473742) dated November 1, 2017 by and between Assignor and TENET HEALTHSYSTEM ST.CHRISTOPHER'S HOSPITAL FOR CHILDREN, L.L.C..

DEX Imaging, Inc.

By: _[signature]_
Name: _Steve Majuik_
Title: _VP Sales_

SPECIFICATION OF ASSIGNED LEASE RECEIVABLES NO. 03

THIS SPECIFICATION OF ASSIGNED LEASE RECEIVABLES is executed pursuant to that certain Master Nonrecourse Assignment of Lease Payments dated as of June 27, 2018 the ("Agreement"), by and between LEAF Capital Funding, LLC and De Lage Landen Financial Services, Inc.

All capitalized terms used herein without definition shall have the meanings given them in the Agreement.

The Lease to which this Specification pertains is described below. The aggregate Transfer Price with respect to the Assigned Payments conveyed hereby is ███████████████████████████

Transferee agrees that it shall pay to Servicing Agent the full amount of the Transfer Price on the Effective Date referenced below, and subject to Servicing Agent's receipt of the full amount of the Transfer Price, the Assigned Payments shall be deemed to have been conveyed to Transferee on such date; provided, however, that notwithstanding anything herein, in the Agreement or elsewhere to the contrary, Servicing Agent shall not have any obligation whatsoever to Transferee in connection with this Specification in the event the Transfer Price is not paid to Servicing Agent in full in good collected funds on the Effective Date, or on such later date as the parties hereto may mutually agree in writing.

1. EFFECTIVE DATE: September 20, 2018
2. LESSEE: See Schedule A attached hereto and made a part hereof.
3. DESCRIPTION OF LEASE: See Schedule A attached hereto and made a part hereof.
4. SECURITY DEPOSIT: See Schedule A attached hereto and made a part hereof.
5. ADVANCE RENTALS/ ADVANCE PAYMENT: See Schedule A attached hereto and made a part hereof.
6. INITIAL TERM: See Schedule A attached hereto and made a part hereof
7. COMMENCEMENT DATE/ FIRST PAYMENT DUE DATE: See Schedule A attached hereto and made a part hereof.
8. LEASE PAYMENTS:
    a. Number of remaining payments as of Effective Date: See Schedule A attached hereto and made a part hereof
    b. Frequency of payment: Monthly
    c. Amount of each Lease payment: See Schedule A attached hereto and made a part hereof
    d. Due date of payment: See Schedule A attached hereto and made a part hereof

9. ASSIGNED PAYMENTS:
   a. Number of Assigned Payments: See Schedule A attached hereto and made a part hereof
   b. Amount of each Assigned Payment: See Schedule A attached hereto and made a part hereof
   c. Due date of first Assigned Payment: See Schedule A attached hereto and made a part hereof

10. EQUIPMENT DESCRIPTION: (See Equipment section of each Lease or Attachment A to Lease)

11. LEASE DOCUMENTS: (See Schedule B to this Specification No. 03)

12. SERVICING AGENT'S BOOKED RESIDUAL AMOUNT: See Schedule A attached hereto and made a part hereof

13. Servicing Agent agrees to remit payment ("Auto Payment") to Transferee on the Lease on the **1st** or **15th** of each month as shown on Schedule A attached hereto and made a part hereof. It is understood this is not a guaranty or recourse obligation of Servicing Agent to Transferee. Servicing Agent's obligation to remit Auto Payment(s) to Transferee shall cease upon the Lease being past due for a period of three (3) months. In the event the Lease is past due for a period of three (3) months, Servicing Agent may remit payments to Transferee as collected on the Lease until the delinquent Lease is brought current. If Servicing Agent deems any Auto Payment(s) it has remitted to Transferee, but not yet received by it from the Lessee, to be uncollectable, Servicing Agent may require Transferee to return such Auto Payment(s) within 30 days of written demand, provided that in the event the Lessee fails to make two or more consecutive payments then Transferee may, upon 30 days written notice to Servicing Agent, instruct Servicing Agent to discontinue Auto Payments in which case Servicing Agent shall discontinue Auto Payments and remittances from the Lessee shall thereafter be distributed in accordance with the Agreement. Any Late Fee related to any Auto Payment(s) shall be retained by Servicing Agent, provided that if an Auto Payment is returned to Servicing Agent, any Late Fee recovered with respect to such Auto Payment shall be shared as set forth in the Agreement. Any other late charges shall be shared on a prorata basis as set forth in Section 1.d. of the Agreement.

14. Notwithstanding anything to the contrary in the Agreement or this Specification, Servicing Agent and Transferee acknowledge and agree that Servicing Agent is assigning, on a nonrecourse basis, one hundred percent (100%) of its rights, title and interest in and to the Leases, the Assigned Payments and the Equipment subject to the Leases, including, without limitation, all rights, powers, privileges, remedies and benefits (but not the obligations) of lessor related thereto, and any residual interests therein, but excluding any tax benefits related thereto (which

tax benefits shall be retained by the Servicing Agent); provided, however, that such assignment does not include an assignment of Servicing Agent's Retained Rights applicable thereto as defined in this Specification.

As used herein and in the Agreement, "Retained Rights" means (i) Servicing Agent's right to retain excess Proceeds in accordance with the provisions of Section 16 hereof, (ii) the amounts set forth in Section 17 hereof and (iii) any blanket liens or additional collateral (other than specifically itemized items that apply solely to the Lease) granted to Servicing Agent (or its predecessors) by the Lessee.

15. Upon the earlier to occur of (i) the sale of all of the Equipment (either to Lessee upon exercise of its purchase option pursuant to the terms of the Lease or to one or more third parties following the return of all of the Equipment at the end of the Initial Term (as defined in the Lease) pursuant to the terms of the Lease)) and receipt of the sale proceeds ("Proceeds") by Servicing Agent, or (ii) ninety (90) days after the expiration in due course of the Initial Term of the Lease, Servicing Agent shall pay to Transferee the Proceeds plus, if the Proceeds are less than the Guaranteed Residual (as defined below), an amount equal to the lesser of (A) the "Guaranteed Residual" as defined for each Lease and shown on Schedule A attached hereto and made a part hereof or (B) the difference between the Booked Residual and the Proceeds. In the event the Proceeds are greater than the Guaranteed Residual, any such excess Proceeds shall be retained by Servicing Agent as part of its Retained Rights.

16. Servicing Agent and Transferee agree that if any Equipment subject to the Lease shall be lost, destroyed or otherwise damaged, then Transferee shall be entitled to any insurance proceeds resulting therefrom, with respect to insurance obtained by or on behalf of Lessee, and to the extent the Guaranteed Residual covers such Equipment plus any other Equipment which was not lost, destroyed or otherwise damaged, the Guaranteed Residual shall be appropriately adjusted such that, after taking into account the remaining rentals payable to Transferee with respect to the Lease and Transferee's actual receipt of such insurance proceeds (to the extent such proceeds are attributable to a prepayment of the Guaranteed Residual rather than to a payment or prepayment of rentals), Transferee's net yield equal to the Discount Rate shall be maintained. Transferee acknowledges and agrees that Lessor shall have no obligation to force place insurance on the Lease.

17. In addition to the Retained Rights set forth in this Specification, Servicing Agent shall retain as part of the Retained Rights any monies owing to Servicing Agent as Lessor under the Lease which monies have been paid by Servicing Agent or may be paid by Servicing Agent on behalf of the

Lessee under the Lease and which monies may include, without limitation, any tax payments, insurance payments or any other payments made by Servicing Agent on behalf of the Lessee.

18. SERVICE PAYMENTS: Transferee agrees and acknowledges that Servicing Agent is not assigning any Service Pass-Through Payment. Accordingly, in the event Transferee takes over servicing, Transferee shall not bill and collect for such Service Pass-Through Payment and agrees not to sue or pursue the Lessee for such Service Pass-Through Payment.

19. Transferee agrees that a facsimile copy or other electronic transmission of this document with facsimile and/or electronic signatures may be treated as an original and will be admissible as evidence in a court of law.

20. <u>Document Review</u>.   Transferee shall have a period of sixty (60) days after the receipt of the documents as evidenced by a UPS delivery slip (the "Document Review Period") to review each Lease and each other Lease Document to determine whether they are in form and substance satisfactory to Transferee. If Transferee determines in its sole discretion prior to the expiration of the Document Review Period than any Lease or Lease Document is unacceptable to Transferee, then Transferee may require Servicing Agent to repurchase the affected Lease and all other rights assigned to Transferee hereunder in connection with such Lease by paying to Transferee the Repurchase Price in cash. As used herein, "Repurchase Price" means, with respect to any Lease, an amount equal to the then outstanding Assigned Payments attributable to the Equipment under the applicable Lease, discounted to present value as of the date Servicing Agent receives Transferee's notice, using an interest rate equal to the Discount Rate used in connection with the Specification related to such Lease.

LEAF CAPITAL FUNDING, LLC

BY: _____

PRINT NAME: Miles Herman

TITLE: COO

DE LAGE LANDEN FINANCIAL SERVICES INC.

BY: _____

PRINT NAME: Matthew Goldenberg

TITLE: V.P., Treasury & Capital Markets

Schedule A
to that certain Specification of Assigned Lease Receivables No. 03
dated September 20, 2018

| Servicing Agent's Contract Number | Lease Description | | | Lease Payments Owing Under the Lease | | | | Assigned Payments Under Each Lease | | | | Auto-Payment | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Customer | Initial Term of Lease | Lessee First Payment Due Date | Number of Remaining Payments as of Effective Date | Frequency of Payment | Amount of each Equipment Lease Payment | Due Date of Payment | Number of Assigned Payments | Amount of each Assigned Equipment Lease Payment | Due Date of First Assigned Payment | Booked / Guaranteed Residual | Due Date of Auto Payment | First Auto Payment Date | Discount Rate | Transfer Price |
| 25473742 | TENET HEALTHSYSTEM ST. CHRISTOPHER'S HOSPITAL FOR CHILDREN, L.L.C. | 60 | 12/15/2017 | 50 | Monthly | $ 3,053.95 | 15 | 50 | $ 3,053.96 | 10/15/2018 | $ 10,100.90 | 15 | 10/15/2018 | 4.72% | |
| 25474259 | SCHC PEDIATRIC ASSOCIATES, L.L.C. | 60 | 12/15/2017 | 50 | Monthly | $ 2,572.32 | 15 | 50 | $ 2,572.32 | 10/15/2018 | $ 8,952.10 | 15 | 10/15/2018 | 4.72% | |



Servicing Agent:
Transferee:

1 of 1

Schedule B to a Specification of Assigned Lease Receivables No. 03



1 of 2



Servicer: ___
Transferee: ___

Schedule B to a Specification of Assigned Lease Receivables No. 03



2 of 2



Servicer:
Transferee: