# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (KG) |
|  | Jointly Administered |
| Debtors. | **Objection Deadline: September 18, 2019 at 4:00 p.m.**<br>**Hearing Date: Only if an objection is filed** |

**SUMMARY COVER SHEET TO THE FIRST MONTHLY FEE APPLICATION OF OMNI MANAGEMENT GROUP, INC., ADMINISTRATIVE AGENT TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 30, 2019 THROUGH JULY 31, 2019**

| Name of Applicant: | Omni Management Group, Inc. |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | August 2, 2019 *nunc pro tunc* to June 30, 2019 |
| Period for which compensation and reimbursement is sought: | June 30, 2019 through July 31, 20198 |
| Amount of Compensation sought as actual, reasonable and necessary: | $12,376.00<br>(80% of which is $9,900.80) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $0.00 |

This is an: **X** monthly    ___ interim    ___ final application.

Omni Management Group, Inc. intends to seek compensation in connection with the preparation of this Application at a later date.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a<br>HAHNEMANN UNIVERSITY HOSPITAL,<br>*et al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>Jointly Administered<br><br>**Objection Deadline: September 18, 2019 at 4:00 p.m.**<br>**Hearing Date: Only if an objection is filed** |

**FIRST MONTHLY FEE APPLICATION OF OMNI MANAGEMENT GROUP, INC., ADMINISTRATIVE AGENT TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 30, 2019 THROUGH JULY 31, 2019**

Omni Management Group, Inc. ("**Omni**" or "**Applicant**"), administrative agent to the debtors and debtors-in-possession (the "**Debtors**"), hereby applies to the Court for interim allowance of compensation for the period June 30, 2019 through July 31, 2019 (the "**Application Period**") with respect to its retention as administrative agent to the Debtors. In support of this Application, Omni represents as follows:

## Background

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

**Jurisdiction**

3. On June 30, 2019 and July 1, 2019 (together, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

4. On July 15, 2019, the Office of the United States Trustee (the "**UST**") appointed the Official Committee of Unsecured Creditors of Center City Healthcare d/b/a Hahnemann University Hospital, *et al*. (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code.

5. On August 2, 2019, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 341] (the "**Interim Compensation Order**"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Cases.

**Retention of Omni**

6. On August 2, 2019, this Court entered the *Order Authorizing Retention and Employment of Omni Management Group, Inc. as Administrative Agent to the Debtors, Nunc Pro Tunc to the Petition Date* [D.I. 337].

**Professional Services Rendered**

7. During the Application Period, Omni's employees rendered a total of 105.8 hours of professional services to the Debtors, and requests allowance of interim compensation in the amount of $12,376.00. The blended hourly rate for the hours included in this Application is equal to $117.00 hour.

8. Omni's hourly rates are set at a level designed to compensate Omni for the work of its employees and to cover fixed and routine expenses. The hourly rates and corresponding

hourly rates structure utilized by Omni in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Omni for other corporate restructuring and bankruptcy matters, regardless of whether a fee application is required. Attached hereto as **Exhibit A** is a summary of the timekeepers who billed during the Application Period.

9. Omni maintains computerized records of all time expended for the professional services rendered in connection with these Chapter 11 Cases on behalf of the Debtors. Attached hereto as **Exhibit B** are Omni's detailed time records for the Application Period.

10. Attached hereto as **Exhibit C** is a declaration in support of this Application.

## Summary of Legal Services by Project Category

11. The services rendered by Omni during the Application Period can be grouped in the categories set forth below. The following chart is a summary of the fees and hours billed for each project category during the Application Period.

| Project Category | Total Hours | Total Fees |
| --- | --- | --- |
| Preparation of Schedules/SoFA | 105.8 | $12,376.00 |
| **TOTAL** | **105.8** | **$12,376.00** |

12. These categories are generally described below, with a more detailed identification of the actual services provided set forth in **Exhibit C** attached hereto.

> Preparation of Schedules/SoFA. This category includes all work performed by Omni in assisting the Debtors in the preparation of each of their schedules and statements of financial affairs. Omni sometimes received large and frequent batches of data from the Debtors and their professionals. Such data was properly formatted, when necessary, and incorporated into the Debtors' schedules and statements of financial affairs. Omni conducted multiple reviews of draft work product with the Debtors and their professionals to ensure the accuracy of the final schedules and statements of financial affairs

## Compensation Should Be Allowed

13. The foregoing services in the total amount of $12,376.00 provided by Omni on behalf of the Debtors during the Application Period were reasonable, necessary and appropriate to the administration of the Chapter 11 Cases.

14. Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extend, and the value of such services, taking into account all relevant factors, including
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

15. The services performed by Omni during the Application Period for which compensation is sought were necessary for, and beneficial to, the Debtors and the Debtors' estates. Omni submits that the compensation sought is reasonable.

16. Omni submits that the services provided to the Debtors by Omni during these Chapter 11 Cases were necessary and appropriate given the complexity of these Chapter 11 Cases, the issues involved, the nature and extent of services provided, and the cost of comparable services outside of bankruptcy, all of which are factors set forth in section 330 of the Bankruptcy Code. Accordingly, Omni respectfully submits that approval of the compensation sought for the Application Period is appropriate and should be approved.

## Notice

17. Notice of this Application is being provided to the Notice Parties identified in the Interim Compensation Order and to all other parties who have requested notice pursuant to Bankruptcy Rule 2002.No prior request for the relief sought by this Application has been made to this or any other court.

WHEREFORE, Omni respectfully requests that the Court enter an Order (i) allowing, authorizing and directing payment of interim compensation in the amount of $12,376.00 (80% of which is $9,900.80) for legal services rendered on behalf of the Debtors during the Application Period, together with reimbursement of disbursements in the amount of $0.00 and, (ii) granting such other and further relief as the Court deems just and proper.

Dated: August 29, 2019         **SAUL EWING ARNSTEIN & LEHR LLP**

                               By:    */s/ Paul H. Deutch*
                                      Paul H. Deutch
                                      1120 Avenue of the Americas, 4th Floor
                                      New York, NY 10036
                                      Telephone: (212) 302-3580
                                      Fax: (212) 302-3820

                                      *Administrative Agent for Debtors and Debtors in Possession*

35842751.1 08/29/2019                         6