## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC<br>d/b/a Hahnemann University Hospital, *et al.,*[1] | Case No. 19-11466-KG<br>(Jointly Administered) |
| Debtors. | **Related to Docket Nos 301 and 510**<br><br>**Objection Deadline: August 30, 2019 at 4:00 p.m.**<br>**Hearing Date: Sept. 23, 2019 at 1:00 p.m.** |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ALBERT EINSTEIN HEALTHCARE NETWORK AND CERTAIN OF ITS AFFILIATES TO DEBTORS' NOTICE OF ASSUMPTION, ASSIGNMENT AND CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS

Albert Einstein Healthcare Network, together with certain of its affiliates including, but not limited to, Albert Einstein Medical Center, Einstein Medical Center Montgomery, Einstein Practice Plan, Inc. and Frank J. Tornetta School of Anesthesia at Einstein Medical Center Montgomery, formerly known as Frank J. Tornetta School of Anesthesia/LaSalle University School of Nursing (collectively, "Einstein"), by and through its undersigned counsel, hereby files this limited objection and reservation of rights (the "Objection") to the *Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors* [Docket No. 510] (the "Assumption Notice")[2] filed by the above-captioned debtors (collectively, the "Debtors"). In support thereof, Einstein respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Assumption Notice.

**Introduction**

1.        Einstein and various Debtors are parties to a number of contracts addressing a variety of arrangements concerning medical care and other services provided by and between Einstein and St. Christopher's Hospital for Children ("SCHC") which were entered into on both a pre- and post-petition basis (generally, the "Einstein Contracts"). A summary of the Einstein Contracts, including the status of each contract, whether the contract is included in the Assumption Notice, the proposed cure amount, and the actual cure amount owed to Einstein by the Debtors, is set forth on **Schedule 1** annexed hereto.[3]

2.        As described more fully herein, Einstein does not necessarily object to the assumption and assignment of the Einstein Contracts. Indeed, Einstein believes that assumption and assignment of the Einstein Contracts is in the best interest of all parties, particularly including SCHC and its patients, and will enhance the value of the SCHC assets as a going-concern. Moreover, while three Einstein Contracts – the Master Academic Affiliation Agreement dated July 1, 2016; the Agreement for Clinical Rotations (neonatology/maternal fetal medicine) dated January 9, 2018; and the Agreement for Clinical Rotations (pathology) dated October 30, 2014 (collectively the "Einstein-SCHC Residency Agreements") – are not included in the Assumption Notice, Einstein understands that this omission was in error and the Debtors have confirmed to Einstein that the Debtors which are the contract counterparties to the Einstein-SCHC Residency Agreements do, in fact, intend for the Einstein-SCHC Residency Agreements to be assumed and assigned, and for all defaults existing thereunder to be cured.

---

[3] In most cases, the Einstein Contracts remain in effect and the parties continue to perform thereunder. In some cases, certain Einstein Contracts have been automatically extended pursuant to the terms applicable thereto which provide for a "roll-off" or transitional period. And in some cases, certain Einstein Contracts has simply expired by their terms without further extension.

3.        Notwithstanding the foregoing, Einstein does object to the Assumption Notice on the limited basis that any proposed cure amounts set forth therein are not correct and do not reflect the actual amounts due and owing to Einstein on account of any particular Einstein Contract. In addition, given that the ultimate assignee of the Einstein Contracts is still to be determined, Einstein reserves all rights in connection with such proposed assignment, including but not limited to any objections on account of, or demands for, adequate assurance of future performance.

## Procedural Background

4.        On July 26, 2019, the Court entered an *Order* [Docket No. 301], establishing bidding and sale procedures for the Debtors' SCHC assets (the "SCHC Bid Procedures Order"). Among other things, the SCHC Bid Procedures Order requires the Debtors to designate by August 16, 2019, those executory contract and unexpired leases the Debtors intend to assume and assign in connection with the SCHC asset sale, and to state the amount necessary to cure any default existing under each contract or lease. SCHC Bid Procedures Order at ¶ 18(a). Pursuant to the SCHC Bid Procedures Order, any objection to the proposed assumption or assignment, or to the stated cure amount, must be filed by August 30, 2019. *Id*. at ¶ 18(d).

5.        In addition to establishing assumption and assignment procedures, the SCHC Bid Procedures Order authorizes the Debtors to enter into an asset purchase agreement with a Stalking Horse Purchaser (as that term is defined in the SCHC Bid Procedure Order). As of the date of the Assumption Notice, the Debtors have not identified any Stalking Horse Purchaser.

6.        Consistent with the SCHC Bid Procedures Order, the Debtors filed and served the Assumption Notice. The Assumption Notice lists purported executory contracts and leases that the Debtors intend to assume and assign to the as-yet-unidentified Stalking Horse Purchaser in

connection with the SCHC asset sale.[4]

7.      The Assumption Notice includes several contracts between the Debtors and

Einstein (the "Designated Contracts"):[5]

| | Contract Party | Title of Agreement[6] | Debtor Party | Cure Amount (Stated By Debtors) | Actual Cure Amount (Einstein's Records) | Contract Status |
|---|---|---|---|---|---|---|
| 1 | Albert Einstein Medical Center | Transfer Agreement (#13) | St. Christopher's Healthcare, LLC | $0.00 | $0.00 | Original term expired, performance on-going |
| 2 | Albert Einstein Medical Center | Transfer Agreement (#10) | St. Christopher's Healthcare, LLC | $0.00 | $0.00 | Active |
| 3 | Albert Einstein Medical Center | Service Agreement (#1) | St. Christopher's Healthcare, LLC | $138,191.59 | $0.00 | Active |
| 4 | Albert Einstein Medical Center | Student Affiliation Agreement (#5) | St. Christopher's Healthcare, LLC | $0.00 | $0.00 | Active |
| 5 | Albert Einstein Medical Center/Einstein Practice Plan | Service Agreement (#12) | SCHC Pediatric Associates, L.L.C. | $12,600.00 | $0.00 | Original term expired, performance on-going |
| 6 | Einstein Medical Center Montgomery | Transfer Agreement (#6) | St. Christopher's Healthcare, LLC | $0.00 | $0.00 | Active |
| 7 | Einstein Practice Plan, Inc. | Services Agreement (#3) | SCHC Pediatric Associates, L.L.C. | $5,539.10 | $45,833.34 | Active |
| 8 | Einstein Practice Plan, Inc. | Services Agreement (#11) | SCHC Pediatric Associates, L.L.C. | $0.00 | $26,745.94 | Original term expired; performance on-going (6 month roll-off) |
| 9 | Einstein Practice Plan, Inc. | Services Agreement (#2) | SCHC Pediatric Associates, L.L.C. | $0.00 | $0.00 | Active |
| 10 | Frank J. Tornetta School of Anesthesia (La Salle) | Student Affiliation Agreement (#4) | St. Christopher's Healthcare, LLC | $0.00 | $0.00 | Active |

Notably, the Designated Contracts include at least two (2) contracts which have expired by their

own terms, prior to the filing of the Assumption Notice, as well as contracts that have expired by

---

[4] Upon information and belief, the Debtors will not be designating a Stalking Horse Purchaser. Accordingly, the proposed assignee of an assumed contract is yet-to-be determined.

[5] *See* Assumption Notice, Exhibit A at pages 3, 13 and 15. Einstein does not concede that any of these contracts are, in fact, executory contracts which the Debtors may properly assume or assign, and reserves any and all such rights in connection therewith.

[6] Parenthetical reference to Contract Number shown on **Schedule 1** hereto.

their terms since the filing of the Assumption Notice or which are scheduled to expire before the Sale Hearing.  In each case where the original contract has expired, however, the parties have continued to perform as if the term has been automatically extended.

### Statement of Limited Objection

8.       Section 365 of the Bankruptcy Code provides in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .

11 U.S.C. § 365(b)(1)(A). Accordingly, prior to assuming and assigning any of the Einstein Contracts, the Debtors must cure any past defaults that existed prior to the assumption.  *See* 11 U.S.C. § 365(b)(1)(A); *see also Eastern Airlines Inc. v. Ins. Co. of the State of Pa. (In re Ionosphere Clubs, Inc.),* 85 F.3d 992, 999 (2d Cir. 1996) (citation omitted) (stating that the contracting parties must receive the full benefit of their bargain if they are forced to continue performance).

9.       In the Assumption Notice, the Debtors have designated the potential cure amounts for each of the contracts listed.  *See* Paragraph 7, *supra*, Chart at Column "Cure Amount (Stated)." The actual cure amount for each of the Designated Contracts is set forth in Paragraph 6 in the chart column titled "Actual Cure Amount." *Id.; see also* Schedule 1.

10.      To the extent that any of the Designated Contracts have expired (or will expire prior to the Sale Hearing) and performance thereunder has ceased, such contracts cannot be assumed or assigned.[7]

---

[7] Einstein may be willing (but is not herein committing) to extend the term of any particular Designated Contract

DM1\9903361.7

11.     In addition to its objection to the proposed cure amounts, Einstein has not been provided with any information concerning the Debtors' or any potential (or actual) Stalking Horse Purchaser's adequate ability to perform under any Designated Contract. *See* 11 U.S.C. § 365(f)(2)(B). All rights and arguments of Einstein in connection with the Debtors' or Stalking Horse Purchaser's provision of adequate assurance are reserved and preserved.

12.     Accordingly, Einstein objects to the Assumption Notice and to the entry of any Order approving the assumption or assignment of any agreement between Debtors and Einstein without payment of the proper cure amounts due and owing under these agreements.

13.     Finally, Einstein reserves all rights in connection with the Einstein-SCHC Residency Agreements. The Einstein-SCHC Residency Agreements support programs by which Einstein and SCHC resident physicians rotate, receive training, and provide healthcare services at each other's facilities.  These programs are integral to both Einstein and SCHC. In particular, for Einstein, under the Master Affiliation Agreement, Einstein resident physicians rotate at SCHC where they are able to gain necessary clinical experience in pediatric care. This access is necessary for Einstein to maintain its academic accreditation. For SCHC, Einstein-SCHC Residency Agreements help ensure that SCHC receives staffing at the resident and attending physician levels necessary to provide care to its patient population. Without Einstein's resident and attending physicians, SCHC is likely to have staffing levels that are insufficient to meet the demands of its patient population. Such a circumstance not only threatens the lives and well-being of SCHC's patients – a matter of paramount importance – but also undermines the value of SCHC as a going-concern and marketable asset.

---

which has or will expire by its own terms, subject to the timely and full cure of any existing defaults.

DM1\9903361.7

14.     Given the importance of the Einstein-SCHC Residency Agreements to all parties, their omission from the Assumption Notice is notable. However, in consultation with the Debtors, Einstein understands this omission was an oversight and that the Debtors in fact intend to designate the Einstein-SCHC Residency Agreements for assumption and assignment in connection with the sale of the SCHC assets. Einstein has no current objection to such assumption and assignment provided the timely cure of all amounts due and owing under the respective Einstein-SCHC Residency Agreements, which are set forth in **Schedule 1** hereto.

**Reservation of Rights**

15.     Einstein reserves all rights with respect to the Einstein Contracts, including, without limitation, its right to amend or supplement this Objection and to raise any other arguments in connection herewith (including arguments relating to adequate assurance of future performance under Section 365(b) of the Bankruptcy Code).  Nothing herein shall be deemed to waive any of Einstein's procedural, substantive, or other rights, privileges, and remedies in connection with Einstein Contracts, including, without limitations, the provisions with respect to assignments and transfers of any particular contract, all of which are hereby reserved. Costs, fees, expenses, professional fees and expenses, and other charges continue to accrue under the Einstein Contracts. Einstein reserves the right to amend and/or supplement its stated actual cure amounts to reflect such additional amounts or to account for any additional adjustments that have not yet been billed or have not yet become due under any Einstein Contract through the date of the closing on any assignment of such contract.

WHEREFORE, Einstein respectfully requests that this Court deny the assumption of the

Designated Contracts, as described herein, without the payment of the proper cure amounts plus

such other and further relief as the Court deems just and proper.


Dated: August 30, 2019                    DUANE MORRIS LLP
       Wilmington, Delaware

                                              */s/ Jarret P. Hitchings*
                                              Jarret P. Hitchings (DE 5564)
                                              222 Delaware Avenue, Suite 1600
                                              Wilmington, DE  19801
                                              Telephone:  (302) 657-4900
                                              Facsimile:  (302) 657-4901
                                              Email:  JPHitchings@duanemorris.com

                                              -and-

                                              Mairi V. Luce, Esquire
                                              30 South 17th Street
                                              Philadelphia, PA 19103-4196
                                              Telephone:  (215) 979-1538
                                              Facsimile:  (215) 689-3594
                                              Email:  Luce@duanemorris.com

                                              *Attorneys for Albert Einstein Healthcare Network*

DM1\9903361.7

**SCHEDULE 1**

| | Einstein Party | Debtor Party | Contract Title | Contract Date[1] | Designated by Debtors[2] | Stated Cure Amount | Actual Cure Amount |
|---|---|---|---|---|---|---|---|
| *Active Contracts* | | | | | | | |
| 1 | Albert Einstein Medical Center ("AEMC") | St. Christopher's Healthcare, LLC ("SCH LLC") | Leased Employees Services Agreement (sonographers) | 6/1/2017 | Yes (3) | $138,191.59 | $0.00 |
| 2 | Einstein Practice Plan, Inc. ("EPP") | SCHC Pediatric Associates, LLC ("Pediatric Assocs") | Services Agreement (infectious disease) | 3/22/17 | Yes (9) | $0.00 | $0.00 |
| 3 | EPP | Pediatric Assocs | Interventional Radiology Coverage Services Agreement | 7/21/29 (Post-petition) | Yes (7) | $5,539.10[3] | $45,833.34 |
| 4 | Frank J. Tornetta School of Anesthesia at Einstein Medical Center Montgomery formerly known as Frank J. Tornetta School of Anesthesia/LaSalle University School of Nursing | SCH LLC | Affiliation Agreement | 11/7/11 | Yes (10) | $0.00 | $0.00 |
| 5 | AEMC | SCH LLC | Affiliation Agreement | 9/1/11 | Yes (4) | $0.00 | $0.00 |

---

[1] For ease of identification, the "Contract Date" is the date is the date reflected on the first page of the contract.  However, by the terms of each contract, this may not be the effective date of such contract.

[2] Parenthetical cross-reference to *Limited Objection,* Paragraph 7 (Chart of Designated Contracts).

[3] The Debtors have not clearly indicated which agreement this cure amount is associated with, but rather have generally designated this cure amount for all three of the EPP contracts (#2, #3 and #11).

| | Einstein Party | Debtor Party | Contract Title | Contract Date[1] | Designated by Debtors[2] | Stated Cure Amount | Actual Cure Amount |
|---|---|---|---|---|---|---|---|
| 6 | Einstein Medical Center Montgomery | SCH LLC | Transfer Agreement | 9/29/12 | Yes (6) | $0.00 | $0.00 |
| 7 | AEMC | SCH LLC | Master Academic Affiliation Agreement | 7/1/16 | To be designated | N/A | $491,983.06 |
| 8 | AEMC | SCH LLC | Agreement for Clinical Rotations (neonatology/mat. fetal medicine) | 1/19/18 | To be designated | N/A | $0.00 |
| 9 | AEMC | SCH LLC | Agreement for Clinical Rotations (pathology) | 10/30/14 | To be designated | N/A | $0.00 |
| 10 | AEMC | SCH LLC | Transfer Agreement | 4/1/07 | Yes (2) | $0.00 | $0.00 |
| *Expired Contracts in Roll-Off Period (Original Term Expired)* | | | | | | | |
| 11 | EPP | Pediatric Assocs | Services Agreement (hematopathology) | 4/14/17 | Yes (8) | $0.00 | $26,745.94 |
| *Expired Contracts (Original Term Expired, Performance On-going)* | | | | | | | |
| 12 | AEMC | Pediatric Assocs | Master Services Agreement (EEG interpretations) | 1/31/2017 | Yes (5) | $12,600.00 | $0.00 |
| 13 | AEMC/Einstein Center One | SCH LLC | Transfer Agreement | 1/1/08 | Yes (1) | $0.00 | $0.00 |
| 14 | Albert Einstein Healthcare Network | SCH LLC and Pediatric Assocs | Services Agreement (coagulation and blood bank) | 7/22/10 | No | N/A | $0.00 |

2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a Hahnemann University Hospital, *et al.*,[1] | Case No. 19-11466-KG (Jointly Administered) |
| Debtors. | |

### CERTIFICATE OF SERVICE

I, Jarret P. Hitchings, hereby certify that on August 30, 2019, I caused a true and correct copy of the *Limited Objection* to be served via CM/ECF and first-class mail on the parties on the attached service list.

Dated: August 30, 2019           DUANE MORRIS LLP
        Wilmington, Delaware

                                      */s/ Jarret P. Hitchings*
                                        Jarret P. Hitchings (DE 5564)
                                        222 Delaware Avenue, Suite 1600
                                        Wilmington, DE  19801
                                        Telephone:  (302) 657-4900
                                        Facsimile:  (302) 657-4901
                                        Email:  JPHitchings@duanemorris.com

                                        *Attorneys for Albert Einstein Healthcare Network*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

## Service List

Benjamin A. Hackman, Esq.
Office of the United States Trustee
for the District of Delaware
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
benjamin.hackman@usdoj.gov

Mark Minuti, Esq.
Monique B. DiSabatino, Esq.
Saul Ewing Arnstein & Lehr LLP
1201 N. Market Street, Suite 2300
Wilmington, DE 19899
mark.minuti@saul.com
monique.disabatino@saul.com

Jeffrey C. Hampton, Esq.
Adam H. Isenberg, Esq.
Aaron S. Applebaum, Esq.
Saul Ewing Arnstein & Lehr LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19103
jeffrey.hampton@saul.com
adam.isenberg@saul.com
aaron.applebaum@saul.com

Andrew H. Sherman, Esq.
Boris I. Mankovetskiy, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ 07102
asherman@sillscummis.com
bmankovetskiy@sillscummis.com

Gretchen Santamour, Esq.
Stradley, Ronan, Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
gsantamour@stradley.com

Joelle E. Polesky, Esq.
Stradley, Ronan, Stevens & Young, LLP
1000 N. West Street, Suite 1279
Wilmington, DE 19801
jpolesky@stradley.com

DM1\9903361.7