**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*, | Case No. 19-11466 (KG) |
| | (Jointly Administered) |
| Debtors. | **Ref. Nos. 301 and 510** |

**OBJECTION OF WATTS RESTORATION COMPANY, INC. TO DEBTORS' NOTICE OF ASSUMPTION, ASSIGNMENT AND CURE AMOUNT WITH RESPECT TO <u>EXECUTORY CONTRACTS</u>**

Watts Restoration Company, Inc. ("<u>Watts</u>"), by and through its undersigned attorneys, hereby files its objection to the cure amount set forth in the Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts of the Debtors (the "<u>Cure Notice</u>") [D.I. 510], and respectfully represents in support thereof as follows:

**BACKGROUND**

1. On June 30, 2019 (the "<u>Petition Date</u>"), the above-captioned debtors (collectively, the "<u>Debtors</u>") filed voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 (the "<u>Bankruptcy Code</u>") before the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

2. Since the Petition Date, the Debtors have continued to operate and manage their business as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. On August 16, 2019, the Debtors filed the Cure Notice listing contracts and leases that may be assumed and assigned and proposed cure amounts. The Cure Notice lists two contracts between Debtor and Watts, one for the repair to the stair tower and one for repairs to the parking garage (individually defined below and collectively referred to as the "<u>Contracts</u>").

The cure amount specified for each of the Contracts is $0.00 (the "Stated Cure Amount"). *See* Cure Notice at p. 38.

4. Because Watts is still owed $252,228.25 pursuant to the Contracts as described below and in the attached documents, Watts objects to the Stated Cure Amount applicable to the Contracts and reserves all rights with respect to the prospective assumption and assignment of the Contracts, including the right to enforce the Executory Contracts in their entirety against an assignee.

*a. Stairtower Contract*

5. On or about August 29, 2018, the Debtor and Watts entered into an Agreement for Repair of Stairtower in the parking garage located at 160 East Erie Avenue, Philadelphia, PA 19134 ("Contract for Repair of Stairtower"). A true and correct copy of the Contract for Repair of Stairtower is attached hereto as Exhibit "A."

6. Per the terms of the Contract for Repair of Stairtower, Debtor agreed to compensate Watts for completion of the work in the base amount of $131,500, plus change orders in the amount of $53,633.25. *See* Exhibit "A" generally and at pgs. 2-3, 150.

7. Watts performed the work required under the Contract for Repair of Stairtower and submitted a payment application for the full amount of $185,133.25 on June 27, 2019 and on August 13, 2019, the project architect certified the completion of Watts' work and Watts' entitlement to payment. A true and correct copy of Watts' Payment Application made pursuant to the Contract for Repair of Stairtower is attached hereto as Exhibit "B."

8. Pursuant to the Contract for Repair of Stairtower, payment is due in full forty-five (45) days later. *See* Exhibit "A" at p. 47.

9. To date, Watts has not received any of the $185,133.25 due to it under the Contract for Repair of Stairtower.

10. Accordingly, the cure amount for the Contract for Repair of Stairtower is $185,133.25, not zero as proposed by Debtor.

### b. *Parking Garage Contract*

11. On or about September 21, 2018, Debtor and Watts entered into an Agreement for Parking Garage Repairs at that same address ("Contract for Repair to Parking Garage"). A true and correct copy of the Contract for Repair to Parking Garage is attached hereto as Exhibit "C."

12. Per the terms of the Contract for Repair to Parking Garage, Debtor agreed to compensate Watts for completion of the work in the base amount of $451,050, plus change orders. *See* Exhibit "C" generally and at pgs. 2-3, 140.

13. Watts submitted five (5) applications and certificates for payment for its work done pursuant to the Contract for Repair to Parking Garage in the collective amount of $383,895.00 and received payment in full for its work identified on those 5 payment applications.

14. Watts performed the remaining work required under the Contract for Repair to Parking Garage and submitted its sixth (6th) application and certificate for payment for the amount owed for $22,050.00 on or about August 6, 2019 and on or about August 17, 2019, the project architect certified the completion of Watts' work and Watts' entitlement to payment. A true and correct copy of Watts' Payment Application #6 made pursuant to the Contract for Repair to Parking Garage is attached hereto as Exhibit "D."

15. Also on August 6, 2019, Watts submitted its final application and certificate for payment of the retainage held under the Contract for Repair to Parking Garage in the amount of

$45,105.00 and on or about August 13, 2019, the project architect certified the completion of Watts' work and Watts' entitlement to payment of that retainage sum. A true and correct copy of Watts' Payment Application for Retainage pursuant to the Contract for Repair to Parking Garage is attached hereto as Exhibit "E."

16. Pursuant to the Contract for Repair to Parking Garage, payment is due in full forty-five (45) days later. *See* Exhibit "C" at p. 47.

17. To date, Watts has not received any of the $67,155.00 due to it under the Contract for Repair to Parking Garage as set forth on Payment Application #6 and the payment application for retainage.

18. Accordingly, the cure amount for the Contract for Repair to Parking Garage is $67,155.00, not zero as proposed by Debtor.

19. In total, this represents a discrepancy of $252,228.25 between the Stated Cure Amount and the actual amount owed to Watts collectively under both the Contract for Repair of Stairtower and the Contract for Repair to Parking Garage as of the Petition Date.

20. As such, the Debtor's Stated Cure Amount as reflected in the Cure Notice materially understates the Debtor's cure obligations in relation to the amount actually owed under the Contracts.

## OBJECTION AND RESERVATION OF RIGHTS

21. Watts hereby objects to the assumption and assignment of its executory contract with the Debtors absent payment of $252,228.25 due under the Contracts.

22. In order to assume the Contracts, the Debtor is required to cure defaults existing under such executory contract pursuant to § 363(b)(1)(A) of the Bankruptcy Code, which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired

lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee ... cures, or provides adequate assurance that the trustee will promptly cure, such default ..." 11 U.S.C. § 365(b)(1)(A).

23.     Accordingly, Watts demands as a condition to assumption and assignment that any defaults, including post-petition defaults, be cured in the amount of $252,228.25.

24.     By this Objection or any later appearance, pleading or claim, Watts does not waive any other rights, claims, actions, defenses, set-offs, or recoupments to which it is or may be entitled under agreement, in law, in equity or otherwise, all of which rights, claims, actions, defenses, set-offs, and recoupments are expressly reserved.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

For the reasons set forth above, Watts Restoration Company, Inc. respectfully requests that this Court enter an order: (i) sustaining Watts' objection to the Stated Cure Amount, (ii) directing the Debtor to pay to Watts $252,228.25, representing the amount due under the Contracts, prior to the entry of any order approving the assumption of the Contracts, and (iii) granting Watts all such further relief as the Court deems proper.

Dated: August 30, 2019
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Holly M. Smith*
Matthew B. McGuire (No. 4366)
Holly M. Smith (No. 6497)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: mcguire@lrclaw.com
        smith@lrclaw.com

-and-

**CONNOR WEBER & OBERLIES, P.C.**
Monica Matthews Reynolds (*pro hac* pending)
171 W. Lancaster Ave, Suite 100
Paoli, PA 19301
Telephone: (610) 640-2805
Facsimile: (610) 640-1520
E-mail: mreynolds@cwolaw.com

*Counsel for Watts Restoration Company, Inc.*