## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, et al., | Case No. 19-11466 (KG) |
| | Jointly Administered |
| Debtors[1]. | Re: Docket No. 510 |

### OBJECTION OF CROTHALL HEALTHCARE, INC. TO DEBTORS' NOTICE OF ASSUMPTION, ASSIGNMENT AND CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Crothall Healthcare, Inc. ("CHI") by and through its undersigned attorneys, hereby files this objection to the cure amount set forth in the *Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases* (the "Cure Notice") [D.I. 510], and respectfully represents the following:

### BACKGROUND AND PROCEDURAL HISTORY

1. Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("HUH") and certain affiliated entities[2] (collectively, "Debtors") filed voluntary petitions for Chapter 11 relief on June 30, 2019 (the "Petition Date").

2. The Debtors continue to manage their properties and operate their businesses as debtors-in- possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] See footnote 1.

3.      An official Committee of Unsecured Creditors (the "UCC") was appointed on July 15, 2019 [D.I. 182].[3]

4.      Prior to the Petition Date, CHI and Philadelphia Academic Health System LLC ("PAHS") entered into a Service Agreement effective November 15, 2018 whereby CHI would provide certain environmental services to PAHS and other affiliated entities (the "Agreement"). As of the Petition Date the Debtors were in default of their obligations to CHI under the Agreement.

5.      The Debtors filed the Cure Notice on August 16, 2019 [D.I. 510] which lists in Schedule A the Agreement with a proposed "cure amount" of "$0.00."

6.      However, based upon CHI's books and records, as of August 27, 2019 the balance outstanding for services performed by CHI pursuant to the Agreement is $4,259,514.14 for services rendered both before and after the Petition Date. That amount, together with any additional sums accrued but unpaid as of the date of the proposed assumption will be referred to as the "Cure Amount".

7.      CHI has rendered invoices to the Debtors, which invoices set forth in detail the time periods, nature of services, and amounts billed for CHI's services under the Agreement. Those invoices contain confidential and proprietary pricing information. Because of this, CHI has not attached copies of the invoices to this Objection. However, in connection with any proposed assumption and cure of the Cure Amount, CHI will provide copies of such invoices to a prospective assignee and to the Debtors, subject to any necessary confidentiality agreements being entered into.

---

[3] CHI is a member of the UCC. This objection to cure amount is being filed solely in CHI's individual capacity.

**OBJECTION**

8. The Debtors have proposed a cure amount of zero rather than the actual Cure Amount.

9. The Debtors must cure existing defaults on the Agreement before the Agreement may be assumed and assigned. The Bankruptcy Code, Section 365(b)(1)(A) provides in relevant part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee--
> **(A)** cures, or provides adequate assurance that the trustee will promptly cure, such default …

*See also In re G-I Holdings, Inc.,* 568 B.R. 731, 767 (Bankr. D.N.J. 2017) ("The purpose of Section 365(b)(1) in particular is " 'to restore the debtor–creditor relationship ... to pre–default conditions,[ ] bringing the loan back into compliance with its terms.' ") (citing *In re DBSI, Inc.,* 405 B.R. 698, 704 (Bankr. D. Del. 2009)).

10. Therefore, although in general CHI does not object to the assumption and assignment of the Agreement, it does object to the proposed cure amount.

11. Moreover, CHI objects to any proposed cure that fails to satisfy any post-petition obligations which remain unpaid as of the time the Agreement is assigned. CHI is continuing to provide services to the Debtors pursuant to the Agreement. As such, amounts owed to CHI continue to accrue.[4]

12. CHI would be prepared to discuss with the Debtors and an assignee acceptable to CHI the manner and timing of the Cure Amount payment in order to facilitate a transaction on mutually acceptable payment terms.

---

[4] CHI reserves the right to later update the amounts due under the Agreement as of the date of assignment.

## RESERVATION OF RIGHTS

13. CHI reserves its rights to object to any other relief sought by the Debtors in connection with the assumption of the Agreement, including, without limitation, an assignee's proposed adequate assurance of future performance.

14. Nothing in this Objection should be construed as a waiver or limitation of any of CHI's rights under the Agreement.

15. CHI reserves all its rights, including the right to amend or supplement this Objection at any time.

16. Nothing set forth herein shall be construed as a waiver, release, discharge or disallowance of any or all administrative or pre-petition claims against the Debtors.

WHEREFORE, Crothall Healthcare Inc. respectfully requests that this Court condition Debtors' assumption and assignment of the Agreement on Debtors curing all monetary defaults outstanding under the Agreement as of the date of assumption and such other and further relief as this Court deems appropriate.

Respectfully submitted,

Dated: August 30, 2019

/s/ *David P. Primack*
David P. Primack (No. 4449)
Gary D. Bressler (No. 5544)
**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
300 Delaware Avenue, Suite 770
Wilmington, DE 19801
Telephone: 302-300-4515
Facsimile: 302-645-4031
dprimack@mdmc-law.com
gbressler@mdmc-law.com

*Counsel to Crothall Healthcare, Inc.*