## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) | |
| *et al.*,[1] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

## TENET BUSINESS SERVICES CORPORATION AND
## CONIFER REVENUE CYCLE SOLUTIONS, LLC'S OBJECTION TO
## POTENTIAL ASSUMPTION AND ASSIGNMENT OF TSA AND MSA

Tenet Business Services Corporation ("Tenet") and Conifer Revenue Cycle Solutions, LLC ("Conifer") respectfully represent as follows in support of this objection (this "Objection") to the proposed "potential" assumption and assignment of the TSA and MSA (each as defined below), as noticed in the *Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors* [Docket No. 510] (the "Assumption Notice"):

### Background

1.      In January 2018, Tenet sold Hahnemann University Hospital ("Hahnemann") and St. Christopher's Hospital for Children ("St. Christopher's" and, collectively with Hahnemann, the "Hospitals") to the Debtors and certain of their non-Debtor affiliates.  To facilitate that sale

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

and permit the Hospitals to continue to fulfill their public health and medical education missions, Tenet and Debtor Philadelphia Academic Health System, LLC ("PAHS") entered into the Transition Services Agreement (the "TSA") pursuant to which Tenet agreed to provide support to related information technology systems for the Hospitals.  Additionally, Conifer[2] and PAHS entered into the Master Services Agreement (the "MSA"), whereby Conifer agreed to provide the Hospitals with on-site revenue cycle management services (including patient check-in and registration, patient check-out and payment, patient scheduling for future appointments, other non-medical patient-facing administrative services, and enrollment services).  Offsite, Conifer employees track and collect patient receivables using Conifer's proprietary software and, where necessary, refer "bad debts" to a third-party vendor for collection.

2.    On June 30, 2019, the Debtors commenced these chapter 11 cases.  At the time, the Debtors owed Tenet more than $27 million in unpaid prepetition fees and costs under the TSA (exclusive of any additional liabilities assumed by Tenet at the closing of the sale) and owed Conifer more than $27 million in unpaid prepetition fees and costs under the MSA (in each case, exclusive of late fees and other charges).

3.    On July 15, 2019, the Debtors filed a motion to establish bidding procedures for the sale of substantially all of the assets of St. Christopher's.[3]  On July 26, 2019, the Court entered an

---

[2]    Conifer is wholly owned by Conifer Health Solutions, LLC (a joint venture between an affiliate of Tenet Healthcare Corporation and Catholic Health Initiatives).

[3]    *See Debtors' Motion for Entry of (A) an Order (I) Scheduling A Hearing to Consider Approval of the Sale or Sales of Substantially All Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and Protections Afforded to Any Stalking Horse Purchasers, and (IV) Granting Related Relief; and (B) One or More Orders (I) Approving the Sales or Other Acquisition Transactions for the Assets, (Ii) Authorizing the Sales Free and Clear of All Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 205].

2

order approving the bidding procedures for the sale of St. Christopher's.  Under the approved

bidding procedures, the sale of St. Christopher's will not close prior to September 13, 2019.

4.      On July 26, 2019, Tenet and Conifer filed a motion to compel payment of their

administrative claim on account of postpetition services provided to the Debtors.[4]

5.      On August 2, 2019, Tenet and Conifer filed an objection to final approval of the

Debtors' proposed DIP financing.[5]  By agreement of the parties, the hearing on the Debtors' DIP

financing motion was adjourned until August 19, 2019 to coincide with the hearing on the

Administrative Claim Motion.

6.      Beginning on August 19, 2019, the Court conducted a hearing on the

Administrative Claim Motion.  At the conclusion of the hearing, the Court terminated the

automatic stay with respect to the TSA and MSA, effective as of September 13, 2019, unless the

Debtors reach an agreement with Tenet and Conifer prior to such date regarding the amount of

Tenet and Conifer's allowed postpetition administrative claims under the TSA and MSA.  As of

the date hereof, no such agreement has been reached.

7.      On August 16, 2019, the Debtors filed the Assumption Notice.  The Assumption

Notice asserts a cure amount of "$21,730,328.02 (Disputed)" owed to Tenet under the TSA and

"$22,813,143.91 (Disputed)" owed to Conifer under the MSA.

---

[4]    The *Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for Entry of an Order (I) Compelling Payment of All Unpaid Postpetition Amounts Pursuant to 11 U.S.C. 503(b)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA and MSA* [Docket No. 303] (the "Administrative Claim Motion") and its supporting declarations [Docket Nos. 304 and 305] are incorporated herein in their entirety by reference.  Capitalized terms used herein but not otherwise defined shall have the meaning set forth in the Administrative Claim Motion.

[5]    *See Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC's Objection to Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lender, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 348].

8.     As set forth below, to the extent that Tenet and Conifer terminate the TSA and MSA between September 13, 2019 and the closing of the St. Christopher's sale, the Debtors cannot assume the TSA and MSA.  *See In re Clearpoint Business Resources, Inc.*, 442 B.R. 292, 296 (Bankr. D. Del. 2010) ("A [c]hapter 11 filing does not expand a debtor's rights.  Once a contract ends, a debtor's rights, such as to assume, end[] as well.") (internal citations omitted). Additionally, to the extent that Tenet and Conifer do not terminate the TSA and MSA prior to the closing, Tenet and Conifer respectfully submit that the Debtors cannot assign the TSA and MSA to any prospective purchaser because the proposed cure amounts are inadequate and because the Debtors have not demonstrated adequate assurance of future performance under the TSA and MSA.

## Objection

### I.     If Tenet and Conifer Terminate the TSA and MSA Before Closing, the Debtors Will Not Have Any Interest to Assume and Assign.

9.     Section 365 of the Bankruptcy Code affords debtors the ability to reject, assume, or assume and assign their executory contracts and unexpired leases.  11 U.S.C. § 365.  Assumption is a prerequisite to assignment, and a debtor has the burden of establishing that a contract is assumable and that the requirements of section 365 of the Bankruptcy Code have been met.  *In re Thane International, Inc.*, 586 B.R. 540, 546 (Bankr. D. Del. 2018).  "A [c]hapter 11 filing does not expand a debtor's rights.  Once a contract ends, a debtor's rights, such as to assume, end[] as well."  *Clearpoint Bus. Res*, 442 B.R. at 296 (internal citations omitted).

10.     Here, Tenet and Conifer can terminate the TSA and MSA on September 13, 2019 if there is not a consensual resolution prior to that date.  Tenet and Conifer intend to engage on the topic when the Debtors are prepared to do so, but as of the date hereof, no agreement has been reached.  If an agreement is not reached, Tenet and Conifer will have no choice but to terminate

the TSA and the MSA, leaving the Debtors with no interest in the TSA or MSA to assume and assign to the purchaser.

**II.    The Proposed Cure Amounts Are Inadequate, and the Debtors Have Not Provided Adequate Assurance of Future Performance.**

11.    Even if Tenet and Conifer do not terminate the TSA and MSA, the Debtors cannot assume and assign the TSA and the MSA because they have failed to meet the requirements of section 365 of the Bankruptcy Code.  To assign an executory contract under which a debtor has defaulted, the debtor must:  (a) cure, or provide adequate assurance of prompt cure, of any outstanding defaults, (b) compensate the non-debtor contract party for any actual pecuniary loss resulting from the debtor's default, and (c) provide adequate assurance of future performance under the contract.  11 U.S.C. § 365(B)(1); *In re DBSI, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009).  The Debtors have not met this burden.

**A.    The Proposed Cure Amounts are Inadequate.**

12.    The Assumption Notice asserts a cure amount of "$21,730,328.02 (Disputed)" owed to Tenet under the TSA and "$22,813,143.91 (Disputed)" owed to Conifer under the MSA. Each amount understates the amounts owed to Tenet and Conifer.  More specifically, as set forth in the invoices filed under seal in connection herewith, the prepetition amount owing to Tenet on account of services provided under the TSA is over $27 million and prepetition amount owing to Conifer on account of services provided under the MSA is over $27 million (in each case, exclusive of late fees and other charges).  The cure must also include any postpetition amounts the Court rules that the Debtors owe that remain unpaid at closing.  Tenet and Conifer reserve the right to amend this objection to reflect such amounts.

13.    Accordingly, the Debtors' proposed cure figure is deficient by at least $5 million as to Tenet and at least $4 million as to Conifer, solely with respect to prepetition amounts.

5

**B.    The Debtors Have Not Provided Adequate Assurance of Performance.**

14.    Section 365(b)(1)(C) of the Bankruptcy Code requires that the Debtors provide adequate assurance of future performance under the TSA and MSA.  As of the date hereof, no prospective assignee of the TSA and MSA has been identified, and no evidence on adequate assurance has been presented.  Accordingly, Tenet and Conifer expressly reserve the right to supplement this Objection with respect to adequate assurance of future performance of any prospective assignee.

<u>Reservation of Rights</u>

15.    Tenet and Conifer reserve all rights, remedies, claims, counterclaims, and defenses under the TSA and the MSA, at law, and in equity, including, without limitation, Tenet and Conifer's right to file an administrative expense claim and/or a rejection damages claim.  Further, Tenet and Confer reserve all rights to amend, supplement, and modify this Objection as appropriate.

<u>Notice</u>

16.    A copy of the Objection has been provided to (a) counsel to the Debtors; (b) the Office of the United States Trustee; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to MidCap Funding IV Trust; (e) Drexel University d/b/a Drexel University College of Medicine; (f) the Debtors' unions; (g) the Internal Revenue Service; (h) the United States Attorney for the District of Delaware; (i) the United States Department of Justice; (j) the Pennsylvania Attorney General's Office; (k) the Pennsylvania Department of Human Services; (l) the City of Philadelphia; and (m) all applicable federal, state and local taxing and regulatory authorities having jurisdiction over the Assets; and (n) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  Tenet and Conifer

6

submit that, under the circumstances, such notice constitutes good and sufficient notice of this

Objection and no other or further notice need be given.

[*Remainder of this page intentionally left blank.*]

WHEREFORE, Tenet and Conifer respectfully request that the Court deny the relief requested in the Assumption Notice with respect to the TSA and MSA.

Dated:  August 30, 2019

PACHULSKI STANG ZIEHL & JONES LLP

*/s Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:          ljones@pszjlaw.com
                     tcairns@pszjlaw.com


- and -


KIRKLAND & ELLIS LLP
Stephen C. Hackney, P.C.
Gregory F. Pesce (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:          stephen.hackney@kirkland.com
                     gregory.pesce@kirkland.com


-and-


KIRKLAND & ELLIS LLP
Nicole L. Greenblatt, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:          nicole.greenblatt@kirkland.com

*Counsel to Tenet Business Services Corporation and*
*Conifer Revenue Cycle Solutions, LLC*