**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) Jointly Administered |
| Debtors. | ) **Hearing Date: September 24, 2019 at 10:00 a.m.**<br>**Objection Deadline: September 13, 2019 at 4:00 p.m.** |

**FIFTH OMNIBUS MOTION OF THE DEBTORS FOR ENTRY
OF AN ORDER AUTHORIZING THE REJECTION OF
<u>CERTAIN UNEXPIRED REAL ESTATE LEASES</u>**

> **COUNTERPARTIES RECEIVING THIS MOTION SHOULD
> LOCATE THEIR RESPECTIVE NAMES AND LEASES
> IN THE LIST OF LEASES TO BE REJECTED,
> ATTACHED TO THE PROPOSED ORDER AS EXHIBITS 1 AND 2.**
>
> **Counterparties are hereby provided notice that the Debtors intend to reject
> the Leases, stop performing thereunder, and terminate all services
> as of the date of entry of the Proposed Order.**

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel, file this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "**Proposed Order**"), pursuant to section 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"), authorizing the Debtors to reject

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

-2-

certain unexpired real estate leases, subleases and sub-subleases listed on **Exhibits 1 and 2** to the Proposed Order (collectively the "**Leases**"), effective as of the date of entry of the Proposed Order. In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 365(a) of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

3. On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

4. A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Allen Wilen in Support of First Day Relief* (the "**First Day Declaration**")[2] [D.I. 2].

5. As detailed in the First Day Declaration, the Debtors' cases include, among other entities, two major hospitals in in Philadelphia, Pennsylvania – Hahnemann University Hospital ("**Hahnemann**") and St. Christopher's Hospital for Children ("**STC**"). The Debtors believe that STC and its related physician practices are viable and valuable entities that can be preserved and reorganized through a sale pursuant to section 363 of the Bankruptcy Code. That is not the case for Hahnemann and its related physician practices, which the Debtors have concluded are not viable or saleable as a going concern.

6. The Debtors commenced these cases, among other reasons, because of ongoing, unsustainable losses at Hahnemann, and therefore to implement and facilitate an orderly closure of Hahnemann while ensuring patient safety and quality patient care.

### The HSRE Leases

7. In connection with both the anticipated closing of Hahnemann and the reduction in operations already under way, the Debtors have identified a number of real estate leases that should be rejected.

8. The Debtors' core campus in Center City, Philadelphia includes the buildings in the square block bounded by Broad Street and 15th Street (to the east and west) and between Race Street and Vine Street (to the south and north). The buildings within this square block include what are generally known as the "**Feinstein**," "**Bobst**" and "**New College**" buildings. St.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

Christopher's Healthcare, LLC ("**SCHC**"), a Debtor herein, leases these buildings (through master leases) from non-debtor entities PAHH Feinstein MOB, LLC (the lessor of the Feinstein Building and the Bobst Building), and PAHH New College MOB, LLC (the lessor of the New College Building).

9. SCHC also leases two nearby buildings (outside the above-mentioned square block) known generally as the "**Bellet Building**" and "**231 North Broad Street.**" SCHC leases these buildings (again, through master leases) from non-debtor entities PAHH Bellet MOB, LLC (the lessor of the Bellet Building) and PAHH Broad Street MOB, LLC (the lessor of 231 North Broad Street).

10. Each of the above-referenced master lessors – PAHH Feinstein MOB, LLC, PAHH New College MOB, LLC, PAHH Feinstein MOB, LLC and PAHH New College MOB, LLC – is owned by HSRE-PAHH I, LLC. They accordingly are collectively referred to herein as the "**HSRE Landlords**".

11. The Feinstein, Bobst, New College and Bellet buildings, and 231 North Broad Street, are collectively referred to herein as the "**HSRE Buildings.**"

12. SCHC also leases a nearby parking garage, referred to as the Wood Street Garage, from an affiliate of the HSRE Landlords, PAHH Wood Street Garage MOB, LLC. The Debtors seek to reject that lease herein as well.

### The Subleases and Sub-Subleases

13. *DUCOM Subleases*. Drexel University College of Medicine ("**DUCOM**") also operates from space in the HSRE Buildings. Effective as of January 11, 2018, DUCOM and the applicable HSRE Landlords entered into amended and restated leases with respect to the space

-4-

leased to DUCOM within the HSRE Buildings (the "**DUCOM/HSRE Leases**").  The HSRE Landlords, in turn, assigned the DUCOM/HSRE Leases to SCHC as sublessor.

14. In connection with these arrangements, DUCOM, SCHC and the applicable HSRE Landlords entered into "Recognition Agreements" that provide, among other things, that if SCHC rejects a master lease pursuant to section 365(a) of the Bankruptcy Code, the applicable DUCOM/HSRE Lease will continue in full force and effect as a direct lease between the applicable HSRE Landlord and DUCOM.

15. *Other Subleases & Sub-Subleases*.  SCHC subleases certain portions of the HSRE Buildings to Debtor Center City Healthcare, LLC ("**CCH**") and/or other Debtors, which in certain instances sub-sublease portions of the space to other entities.  Significantly, the rent received by the Debtors with respect to such subleases (and sub-subleases) is materially less than the total cost to the Debtors under the master lease agreements.

## Relief Requested

16. By this Motion, the Debtor seeks the entry of an order, pursuant to section 365(a) of the Bankruptcy Code, authorizing the Debtor to reject the Leases, effective as of the date set of the entry of the Proposed Order.

## Basis for Relief Requested

17. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."  11 U.S.C. § 365(a).  A debtor's decision to reject an unexpired lease under section 365 is governed by the business judgment standard. *E.g.*, *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (*citing Group of Instit. Investors v. Chi., Milwaukee, St. Paul. & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943)); *Computer Sales Int'l Inc. v. Fed. Mogul (In re Fed.*

*Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003). "Under the business judgment standard, the sole issue is whether the rejection benefits the estate." *In re HQ Global Holdings, Inc.*, 290 B.R. at 511; *NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 29 (3d Cir. 1982) (stating that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate"); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992) (explaining that section 365 is "designed to 'allow[] the trustee or debtor in possession a reasonable time within which to determine whether adoption or rejection of the executory contract would be beneficial to an effective reorganization" (*citing Data-Link Sys. Inc. v. Whitcomb & Keller Mortgage Co. (In re Whitcomb & Keller Mortgage Co., Inc.)*, 715 F.2d 375, 379 (7th Cir. 1983))). Furthermore, a "debtor's determination to reject an executory contract can only be overturned if the decision was the product of bad faith, whim or caprice." *In re HQ Global Holdings, Inc.*, 290 B.R. at 511 (*citing In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001)).

18.     In the present case, the relief requested herein clearly satisfies the business judgment standard. All of the Leases to be rejected relate to the operations of Hahnemann, and the Debtors are winding down operations at Hahnemann. Under these circumstances, the Leases no longer provide any benefit to the Debtors or their estates and are unnecessary and burdensome. Moreover, rejection of the Leases will benefit the Debtors and their estates by relieving the Debtors from the need to meet the obligations under, or make any payments required by, the Leases following rejection. Accordingly, based on the foregoing, the Debtors have determined, in the sound exercise of their reasonable business judgment, that rejection of the Leases is in the best interests of the Debtors' estates and creditors.

**Bankruptcy Rule 6006(f)**

19. Bankruptcy Rule 6006(f) requires that a motion to reject multiple executory contracts or unexpired leases:

> a) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
>
> b) list parties alphabetically and identify the corresponding contract or lease;
>
> c) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and
>
> d) be limited to no more than 100 executory contracts or unexpired leases.

20. The Debtors believe that the Motion complies with these requirements.

**Reservation of Rights**

21. The Debtors hereby reserve their rights with respect to any existing defaults of the non-debtor counterparties to the Leases, and all defenses and counterclaims to any rejection-damages claims are preserved, including without limitation defenses or counterclaims relating to a non-debtor party's default.

**Notice**

22. Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Official Committee of Unsecured Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) the HSRE Landlords; (xiii) the other non-debtor counterparties identified on Exhibit 1 to the Proposed Order; and (xiv) any party that

has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and warranted.

Dated: August 30, 2019	**SAUL EWING ARNSTEIN & LEHR LLP**

By:*/s/ Mark Minuti*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Aaron S. Applebaum (DE Bar No. 5587)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7700
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
aaron.applebaum@saul.com

*Counsel for Debtors and Debtors in Possession* (*other than with respect to the DUCOM/HSRE Leases*)

and

Dated: August 30, 2019	**KLEHR HARRISON HARVEY BRANZBURG LLP**

By:	*/s/ Domenic E. Pacitti*
Domenic E. Pacitti (DE Bar No. 3989)
919 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 426-1189
Fax: (302) 426-9193
dpacitti@klehr.com

*Counsel for Debtors and Debtor in Possession* (*only as to the DUCOM/HSRE Leases*)

-9-