### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a/ HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>Jointly Administered<br><br>**Re: DI 349, 547**<br>**Hearing Date: 9/24/2019 at 10:00 a.m.**<br>**Objection Deadline: 9/17/2019 at 4:00 p.m.** |

### MOTION OF GLOBAL NEUROSCIENCES INSTITUTE, LLC FOR RECONSIDERATION OF AND/OR TO VACATE ORDER REJECTING SERVICES AGREEMENT

Global Neurosciences Institute, LLC ("GNI") submits this motion (the "Motion") pursuant to, without limitation, Fed. R. Civ. P. 60(b) (as applicable under Fed. R. Bankr. P. 9024); Fed. R. Civ. P. 59(e) (as applicable under Fed. R. Bankr. P. 9023); and/or Fed. R. Civ. P. 52(b) (as applicable under Fed. R. Bankr. P. 7052 and 9014(c)) for the entry of an order, substantially in the form attached hereto, vacating this Court's Order of August 22, 2019 rejecting a certain contract with GNI, and support hereof states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding under 28 U.S.C. § 158(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409. The predicates for the relief requested herein include Fed. R. Civ.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

P. 60(b) (as applicable under Fed. R. Bankr. P. 9024); Fed. R. Civ. P. 59(e) (as applicable under Fed. R. Bankr. P. 9023); and/or Fed. R. Civ. P. 52(b) (as applicable under Fed. R. Bankr. P. 7052 and 9014(c)).

2. Pursuant to Del. Bankr. L.R. 9013-1(f), GNI does consent to entry of a final judgment or order with respect to any matters for which consent is required.

## FACTUAL BACKGROUND

3. GNI and Tenet Health System Hahnemann, LLC ("THSH") entered into a certain Clinical Service Chief, Neurosurgery Coverage and Neurosurgery/Trauma On-Call Coverage Services Agreement, effective as of March 6, 2015, which was amended several times including by letter agreement dated April 24, 2019 (as so amended, the "Services Agreement"). Debtor Center City Healthcare, LLC ("CCH") is the successor to THSH and is the Debtor party to the Services Agreement.

4. Under the Services Agreement, GNI provided clinical service chief and on-call and on-site neurosurgical physician staffing to CCH.

5. Under the Services Agreement, the vast majority of the services CCH receives is the *availability* of neurosurgical specialists, including both physicians and physician assistants. Specifically, GNI has exclusively provided these neurosurgical services to Hahnemann University Hospital since 2015 which is a requirement for the hospital to be designated as a Level 1 Trauma center. For these on-call services, the Services Agreement requires CCH to pay GNI fixed fees which are invoiced on a regular basis. Hence, under the Services Agreement, CCH is obligated to pay GNI for on-call availability regardless of the actual level of services for any particular time period. By the same token, GNI must assure that it has a sufficient number of neurosurgical specialists on call to fulfill any needs that may arise. In fact, GNI provided to CCH

monthly call coverage schedules for these services for the month of August 2019 as it had done for each month since 2015.  *See* Exhibit "1" hereto.

6. Debtors filed their chapter 11 petitions with this Court on June 30 and July 1, 2019.

7. On August 2, 2019, Debtors filed their First Omnibus Motion of the Debtors for Entry of an Order Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases (the "Rejection Motion", DI 349).

8. In the Rejection Motion, Debtors sought to reject the Services Agreement effective as of the filing date of the motion.

9. The Debtors' claims agent filed an affidavit of service with respect to the Rejection Motion (the "Affidavit", DI 412) on August 9, 2019.

10. The Affidavit reflects that the Debtors did *not* serve GNI with the Rejection Motion.  GNI is not listed anywhere in the Affidavit.

11. GNI has no record of receiving the Rejection Motion from the Debtors.

12. By Order dated August 22, 2019 (the "Rejection Order", DI 547), this Court granted the Rejection Motion.

13. GNI issued certain invoices under the Services Agreement on a regular weekly basis during August, 2019 which were acknowledged by CCH.

14. On August 27, 2019, GNI inquired of the Debtors as to why these invoices had not been paid.  In contradiction to the regular email communications between GNI and Debtors earlier in the month whereby Debtors had communicated that the invoices for Hahnemann would be paid, the Debtors for the first time responded that the Services Agreement had been rejected pursuant to the Rejection Order and sent a copy of same.

15. This was the first time that GNI learned about the Rejection Motion or the Rejection Order.[2] Hence, GNI continued to provide all contractually obligated services up to and including August 27, 2019 and had committed to providing these services through the balance of the month of August 2019 as evidenced by the Hahnemann call coverage schedules.

## RELIEF REQUESTED AND REASONS THEREFOR

16. GNI seeks an order of this Court vacating the Rejection Order to the extent such order applies to GNI and/or the Services Agreement.

17. The basis for this request is that, as reflected in the Affidavit, Debtors did not serve the Rejection Motion on GNI.

18. A proceeding to reject an executory contract is a contested matter under Fed. R. Bankr. P. 9014. Fed. R. Bankr. P. 6006(a). Service of a rejection motion must hence comply with service of original process under Fed. R. Bankr. P. 7004. Fed. R. Bankr. P. 9014(b). Absent proper service of process of the Rejection Motion, GNI cannot be legally bound by the Order. *E.g.*, *In re Sunde,* 2007 WL 3275128, at *2 (Bankr. W.D. Wis. Oct. 2, 2007) (order granting claim objection vacated where service did not comply with Fed. R. Bankr. P. 7004 as required by Fed. R. Bankr. P. 9014).

19. Moreover, where service is lacking, the underlying judgment is void. *E.g. In re Allen,* 417 B.R. 850, 852–53 (E.D. Ky. 2009) ("The Trustee, however, had failed to serve the Appellants with a copy of the Complaint, and Appellants had no notice of the Complaint. Absent notice of the Complaint on the part of Appellants, they had no obligation to respond, and the

---

[2] The docket reflects that the Debtors' claims agent mailed the Rejection Order to GNI at the following address: Global Neurosciences Institute, LLC, 219 North Broad Street, 7th Floor, Philadelphia, PA 19107. *See* Affidavit of Service filed on August 27, 2019 (DI 567).

5

Default Judgment is void. It follows that it was a *per se* abuse of discretion for the Bankruptcy Court to deny Appellant's Motion to Vacate.").

      WHEREFORE, GNI respectfully requests that this Court enter an order, substantially in the form attached hereto, vacating the Rejection Order as it applies to GNI and/or the Services Agreement, and granting such other and further relief as is just and proper.

DATED:  September 5, 2019

                                      /s/ Christopher D. Loizides
                           Christopher D. Loizides (No. 3968)
                           LOIZIDES, P.A.
                           1225 King Street, Suite 800
                           Wilmington, DE  19801
                           Telephone:	(302) 654-0248
                           Facsimile:	(302) 654-0728
                           E-mail:	loizides@loizides.com

                           *Counsel for Global Neurosciences Institute, LLC*