**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1] | Case No. 19-11466 (KG) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No. 142, 631-1** |

**OBJECTION AND NON-CONSENT OF THE UNITED STATES TO FINAL ORDER
APPROVING SALE OF ALLEGED HAHNEMANN UNIVERSITY HOSPITAL
RESIDENCY PROGRAM ASSETS TO JEFFERSON TO THE EXTENT THE COURT
EXCEEDS ITS CONSTITUTIONAL AUTHORITY AND JURISDICTION BY
ENJOINING OR OTHERWISE CONSTRAINING THE RIGHTS OF THE UNITED
STATES AGAINST NON-DEBTOR PARTIES**

The United States of America (the "United States"), on behalf of the Department of Health and Human Services ("HHS"), acting through its designated component, the Centers for Medicare & Medicaid Services ("CMS"), hereby notifies the Court of its objection and non-consent to entry of a final order approving the Debtors' sale of the alleged Hahnemann University Hospital "resident program assets" to Jefferson to the extent that the Court exceeds its constitutional authority and jurisdiction in that order by enjoining or otherwise constraining the rights of the United States against non-debtor parties.

---

[1] The Debtors in these jointly administered cases, along with the last four digits of each Debtor's federal tax identification number, are:  Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

## BACKGROUND

1.      On July 1, 2019 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      On July 19, 2019, Debtors filed the Stalking Horse Sale Agreement (Asset Purchase Agreement).  Dkt. 246-1.

3.      Later that same day, the Court issued an Order establishing bidding procedures for the potential sale of Hahnemann resident program assets.  Dkt. 249.

4.      After an auction in early August 2019, Debtors selected Jefferson University Hospital as the Successful Bidder.  Jefferson is part of a consortium of six hospitals, but Jefferson is the sole Purchaser.

5.      On August 29, 2019, Debtors filed the Asset Purchase Agreement for the sale to Jefferson.  Dkt. 590-1.

6.      On September 3, 2019, at 11:35 p.m., less than twelve hours before the hearing on the sale, Debtors filed a Proposed Sale Order – Successful Bid for the Jefferson purchase.  Dkt. 631-1.

7.      On September 4, 2019, at the close of the hearing on the sale, the Court announced that it would issue a ruling on Debtors proposed sale to Jefferson on September 5, 2019 at 3:15 p.m.

## UNITED STATES' OBJECTION AND NON-CONSENT

The Proposed Sale Order includes numerous provisions that, if entered by the Court in a final order, would exceed the Court's constitutional authority and jurisdiction by enjoining or otherwise constraining the rights of the United States under federal statutes including, without limitation, the Social Security Act, Title XVIII (42 U.S.C. § 1395 *et seq.*), the Employee

Retirement Income Security Act of 1974 (ERISA, 29 U.S.C. § 1001 *et seq.*) and the Internal

Revenue Code (U.S.C., Title 26), and regulations promulgated thereunder, against non-debtor

parties, including Jefferson (Purchaser).  These provisions include, but are not limited to, ¶¶ M, O,

P, Q, S, T, 9, 12, 14, 16, 17, 20, 21, 30.  Dkt. 631-1.

The United States objects to this Court's entry of a final order containing these provisions

with respect to Jefferson (Purchaser) because the Court lacks authority under the United States

Constitution and jurisdiction to grant such relief.  *See* 11 U.S.C. §§ 157 and 1334.  Accordingly,

pursuant to the Supreme Court's decisions in *Stern v. Marshall*, 564 U.S. 462  (2011) and *Wellness*

*Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015), the United States objects to the Court's entry

of a final order granting any such requested relief with respect to the Purchaser or any other non-

debtor because such relief would constitute adjudications of non-bankruptcy claims between non-

debtors that would not "stem[] from the bankruptcy itself" and would not "necessarily be resolved

in the claims allowance process."  *Stern*, 564 U.S. at 499.

Pursuant to Local Rule 9013-1(h), the United States "does not consent to the entry of final

orders or judgments by the Court" on any issue or claim for relief arising under federal non-

bankruptcy law that enjoins or otherwise constrains the rights of the United States under federal

statutes including, without limitation, the Social Security Act, Title XVIII (42 U.S.C. § 1395 *et*

*seq.*), the Employee Retirement Income Security Act of 1974 (ERISA, 29 U.S.C. § 1001 *et seq.*)

and the Internal Revenue Code (U.S.C., Title 26), and regulations promulgated thereunder, against

non-debtor parties.

Dated:  September 5, 2019                Respectfully submitted,


JOSEPH H. HUNT
Assistant Attorney General

DAVID C. WEISS
United States Attorney

ELLEN SLIGHTS
Assistant United States Attorney

/s/ Marc S Sacks
RUTH A. HARVEY
MARGARET M. NEWELL
MARC S. SACKS

Department of Justice
Commercial Litigation Branch,
Civil Division
P.O. Box 875, Ben Franklin Station
Washington, DC 20044-0875
Tel. (202) 307-1104
Fax (202) 514-9163
marcus.s.sacks@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September 2019, I caused a true and correct copy of the foregoing objection to be served via electronic mail upon all parties receiving electronic notice under the Court's CM/ECF system.


s/ Marc S Sacks
MARC S. SACKS