## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (KG) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 510** |

## LIMITED OBJECTION OF TEMPLE UNIVERSITY HEALTH SYSTEM, INC. TO NOTICE OF ASSUMPTION, ASSIGNMENT AND CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS

Temple University Health System, Inc. ("Temple"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to the *Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors* (D.I. 510) (the "Assumption Notice"). In support of this Limited Objection, Temple states as follows:

### BACKGROUND

1.       On June 30 and July 1, 2019 (collectively, the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code").

2.       On July 16, 2019, the Debtors filed the *Debtors' Motion for Entry of (A) an Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

*All Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors and the*
*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II)*
*Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form*
*and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of*
*and Protections Afforded to Any Stalking Horse Purchasers, and (IV) Granting Related Relief;*
*and (B) One or More Orders (I) Approving the Sales or Other Acquisition Transactions for the*
*Assets, (II) Authorizing the Sales Free and Clear of All Encumbrances, (III) Authorizing the*
*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV)*
*Granting Related Relief* (D.I. 205) (the "Sale Motion").

3.     In connection with the Sale Motion, and as approved by the Court in its
*Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially All*
*Assets of St. Christopher's Healthcare, LLC and Certain Related Affiliates and the Assumption*
*and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain*
*Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of*
*Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and*
*Protections Afforded to Any Stalking Horse Purchasers, and (IV) Granting Related Relief* (D.I.
301) (the "Bid Procedures Order"), the Debtors served the Assumption Notice on counterparties
to executory contracts and unexpired leases that the Debtors are seeking to assume or assume
and assign in connection with the sale of the assets of St. Christopher's Healthcare, LLC and
certain related affiliates (the "Sale").

4.     The Assumption Notice designates 17 contracts between the Debtors and
Temple for assumption and assignment, including multiple service agreements, including a
service agreement with St. Christopher's Healthcare, LLC (the "Service Agreement"), student

-2-

affiliation agreements, a transfer agreement and two Medicare GME Affiliation Agreements.
The Assumption Notice does not list the Academic Affiliation Agreement by and between Tenet
HealthSystem St. Christopher's Hospital for Children LLC and Temple University Hospital,
dated October 19, 2007 (the "Academic Affiliation Agreement", and collectively with the
Temple contracts identified on the Assumption Notice, the "Temple Agreements").

### LIMITED OBJECTION

5.      Prior to filing this Limited Objection, Temple and the Debtors engaged in
informal discussions regarding the Assumption Notice.  Based upon those discussions, Temple
anticipates that the Debtors will file a revised assumption notice (the "Revised Notice") that will
provide for the Temple Agreements as follows:

|     | Contract Party | Title of Agreement | Debtor Party | Cure Amount |
| --- | --- | --- | --- | --- |
| 1. | Temple University | Service Agreement | St. Christopher's Healthcare, LLC and SCHC Pediatric Associates, LLC | $24,014.05 |
| 2. | Temple University Hospital | Service Agreement | St. Christopher's Healthcare, LLC | $0.00 |
| 3. | Temple University | Student Affiliation Agreement | St. Christopher's Healthcare, LLC | $0.00 |
| 4. | Temple University | Student Affiliation Agreement | St. Christopher's Healthcare, LLC | $0.00 |
| 5. | Temple University | Student Affiliation Agreement | St. Christopher's Healthcare, LLC | $0.00 |
| 6. | Temple University | Student Affiliation Agreement | St. Christopher's Healthcare, LLC | $0.00 |
| 7. | Temple University | Student Affiliation Agreement | St. Christopher's Healthcare, LLC | $0.00 |
| 8. | Temple University Hospital | Student Affiliation Agreement | St. Christopher's Healthcare, LLC | $0.00 |
| 9. | Temple University | Student Affiliation Agreement | St. Christopher's Healthcare, LLC | $0.00 |

| 10. | Temple University | Academic Affiliation Agreement (as amended, along with accompanying exhibits) | SCHC Pediatric Associates, LLC | $926,084.77 |
|-----|-------------------|-------------------------------------------------------------------------------|--------------------------------|-------------|
| 11. | Temple University | Student Affiliation Agreement | St. Christopher's Healthcare, LLC | $0.00 |
| 13. | Temple University Hospital | Transfer Agreement | St. Christopher's Healthcare, LLC | $0.00 |
| 14. | Temple University Hospital | Service Agreement | SCHC Pediatric Associates, L.L.C. | $0.00 |
| 16. | Temple University Hospital, Inc. | Medicare GME Affiliation Agreement | St. Christopher's Healthcare, LLC | $0.00 |

6.      Temple does not object to the Revised Notice assuming it is in conformity with the chart set forth immediately above.[2]  Without limiting the foregoing, Temple agrees that the correct cure amount (collectively, the "Cure Amount") (i) for the Service Agreement is $24,014.05 (*as of July 31, 2019*)[3] and (ii) for the Academic Affiliation Agreement is $926,084.77 (*consisting of $902,547.43 for the resident portion as of July 31, 2019 and $23,537.34 for the AS&T portion as of June 30, 2019*).

7.      Temple continues to perform under the Temple Agreements.  Pursuant to the Bid Procedures Order, the milestone for the outside closing date of the Sale is October 4, 2019.  If that is the date that the Temple Agreements will be assumed or assumed and assigned, all of the Temple Agreements must be cured through and including that date.  Nevertheless, the Assumption Notice arguably seeks to preclude Temple from receiving payment on amounts that accrue after the date of calculation of the Cure Amount as set forth in this Limited Objection. *See* Assumption Notice ("The Cure Amounts are the only amounts proposed to be paid upon any

---

[2] To the extent a conforming Revised Notice is not filed, Temple objects to the treatment of the Temple Agreements as set forth in the original Assumption Notice.

[3] The cure amount is $32,158.10 through the end of August, but Temple believes the revised notice will reflect the cure of $24,014.05 as of the end of July.

assumption or assumption and assignment of the Assumed Contracts, in full satisfaction of all amounts outstanding under the Assumed Contracts.").

8.    Accordingly, Temple files this Limited Objection out of an abundance of caution to ensure that the Debtors are required to pay to Temple not just the Cure Amount, but all other amounts accruing under the Temple Agreements between the calculation of the Cure Amount as of the dates set forth in in paragraph 6 of this Limited Objection and the date that the Temple Agreements are assumed by the Debtors.

9.    Under the express terms of Bankruptcy Code section 365, in connection with an assumption, all defaults must be cured and all other obligations arising under such contract must be assumed in their entirety and must be performed as and when provided under the contract and applicable non-bankruptcy law.  The Debtors' obligations therefore include cure of all defaults existing *as of the time of assumption* and the satisfaction of all other obligations as they arise under the Temple Agreements.  *See In re Liljeberg Eners., Inc.*, 304 F.3d 410, 438 (5th Cir. 2002); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762, 765 (9th Cir. BAP 1999).

10.    Additional amounts have and will continue to accrue under the Temple Agreements and will be payable to Temple.  Thus, to the extent, if any, the Debtors fail to pay such post-petition amounts in the ordinary course of business (some of which may come due after the filing of this Limited Objection) arising prior to the assumption of the Temple Agreements, such amounts must be paid as additional cure amounts in connection with assumption in addition to the Cure Amount.

11.    Furthermore, the Temple Agreements must be assumed subject to all post-petition claims, amounts, and other obligations that have accrued under the Temple Agreements

but that are not in default as of the date of assumption (and therefore are technically not "cure" obligations), and these obligations must survive assumption and be satisfied in the ordinary course of business post-assumption as and when such claims come due under the Temple Agreements.

12.     Temple objects to the Assumption Notice to the extent it:  (a) is not revised in accordance with the anticipated Revised Notice; (b) purports to fix the final cure amount at any time earlier than the date the Temple Agreements are actually assumed (in other words Temple is entitled to the Cure Amount plus cures arising through the date of assumption); or (c) seeks to limit Temple's right to obtain payment in full of any amounts that have accrued, but are not in default, as of the date the Temple Agreements are assumed—and the foregoing rights of Temple must be expressly acknowledged pursuant to any order approving the assumption and assignment of the Temple Agreements.

## RESERVATION OF RIGHTS

13.     Temple further reserves the right to amend and/or supplement this Limited Objection and the Cure Amount, including the right to assert an additional objection regarding the ability of an assignee to provide adequate assurance of future performance.

## CONCLUSION

WHEREFORE, Temple respectfully requests that the Court sustain Temple's Limited Objection and grant any other and further relief that the Court may deem just and appropriate.

#54959670 v2

Dated: September 6, 2019
      Wilmington, Delaware

**PEPPER HAMILTON LLP**

*/s/ John H. Schanne, II*
John H. Schanne, II (DE 5260)
Marcy J. McLaughlin (DE 6184)
Hercules Plaza, Suite 5100
1313 N. Market Street, P.O. Box 1709
Wilmington, Delaware  19899-1709
Telephone:  (302) 777-6500
Facsimile:  (302) 421-8390
E-mail:      schannej@pepperlaw.com
            mclaughlinm@pepperlaw.com

-and-

**PEPPER HAMILTON LLP**

Francis J. Lawall (admitted *pro hac vice*)
Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone:  (215) 981-4000
Facsimile:  (215) 981-4750
E-mail:      lawallf@pepperlaw.com

*Counsel for Temple University Health System, Inc.*