**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1] | Case No. 19-11466 (KG) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No. 669** |

## LIMITED OBJECTION TO PROPOSED SALE ORDER

The United States of America (the "United States"), on behalf of the Department of Health and Human Services ("HHS"), acting through its designated component, the Centers for Medicare & Medicaid Services ("CMS"), objects to the proposed sale order, Dkt. 669-1, because it improperly purports to strip CMS of its offset rights related to the Participating Provider Agreement. ¶12(i).

As an initial matter, Debtors have not demonstrated that "offset rights" are interests in property that may be stripped in a free and clear sale. While Debtors may rely upon *Folger Adam Security, Inc. v. DeMatteis/MacGregor JV*, 209 F.3d 252 (2000), that case did not involve the government, and the Court did not consider a free and clear sale of a Medicare Provider Agreement. At a minimum, the Assignment of Claims Act, 31 U.S.C. § 3727, demonstrates that

---

[1] The Debtors in these jointly administered cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

transfer of a Medicare Provider Agreement, which includes assignment of the right to be paid by CMS, "is not subject to reduction or setoff."

We explained our position to the Debtors and proposed that they add a new paragraph after paragraph 12 that states as follows:

> For the avoidance of doubt, and notwithstanding any other provision of this order, including Paragraph 12, the transfer of the Purchased Assets shall not be free and clear of CMS's offset and recoupment rights related to the Participating Provider Agreement. Moreover, with regard to any funds frozen by CMS prior to the Closing Date consistent with *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995), any offset or recoupment by CMS against those funds will not constitute a claim against the CMS Pre-Closing Amount or otherwise reduce the $3,000,000 Escrow Amount.

Debtors contend that "CMS raised an objection with respect to paragraph 12 at the hearing on September 5, 2019, which the Court overruled." Dkt. 660, ¶ 10. The United States did not, however, raise the issue of the improper stripping of CMS's right to offset and the Court did not issue a ruling on the issue. To the extent that the Court has concerns about the timeliness of this objection, we remind the Court that Debtors only changed their position and asserted that section 363 should govern the sale on August 29, 2019, and they only filed the proposed order at 11:35 p.m. on September 3, 2019.

Alternatively, because the United States did not receive sufficient notice that its offset rights would be potentially extinguished by transfer of the Participating Provider Agreement in a section 363 free and clear sale to previously seek relief from the stay, the United States requests that the Court grant emergency relief from the stay to allow CMS to execute offset, to the extent the funds cannot be fully recouped, on any funds frozen by CMS prior to the Closing Date consistent with *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995).

Dated:  September 6, 2019						Respectfully submitted,

                JOSEPH H. HUNT
                Assistant Attorney General

                DAVID C. WEISS
                United States Attorney

                ELLEN SLIGHTS
                Assistant United States Attorney

                <u>/s/ Marc S Sacks</u>
                RUTH A. HARVEY
                MARGARET M. NEWELL
                MARC S. SACKS

                Department of Justice
                Commercial Litigation Branch,
                Civil Division
                P.O. Box 875, Ben Franklin Station
                Washington, DC 20044-0875
                Tel. (202) 307-1104
                Fax (202) 514-9163
                marcus.s.sacks@usdoj.gov

                ATTORNEYS FOR THE UNITED STATES

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of September 2019, I caused a true and correct copy of the foregoing objection to be served via electronic mail upon all parties receiving electronic notice under the Court's CM/ECF system.

      s/ Marc S Sacks
      MARC S. SACKS