# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, et al.,[1] | Case No. 19-11466 (KG) |
| | Jointly Administered |
| | Hearing Date: Sept. 23, 2019 at 1:00 p.m. (ET) |
| | Obj. Deadline: 8/30/19 at 4:00 p.m. (ET) |
| Debtors. | |
| | Re: D.I. 301 and 510 |

## LIMITED OBJECTION TO DEBTOR'S NOTICE OF ASSUMPTION, ASSIGNMENT AND CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS

Pursuant to the Court's order, dated July 26, 2019 [D.I. 301] (the "Bidding Procedures Order"), The Advisory Board Company (the "Advisory Board") submits this limited objection to the *Debtors' Motion for Entry of (A) an Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially All Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and Protections Afforded to Any Stalking Horse Purchasers, and (IV) Granting Related Relief; and (B) One or More Orders (I) Approving the Sales or Other Acquisition Transactions for the Assets, (Ii) Authorizing the Sales Free and Clear of All*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

7987782

*Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief*, [D.I. 205] (the "Sale Motion"), and the proposed assumption and assignment of certain Supplemental Designated Contracts, as defined in the *Notice Of Assumption, Assignment And Cure Amount With Respect To Executory Contracts And Unexpired Leases Of The Debtors*, [D.I. 510] (the "Cure Notice"). In support of this limited objection, the Advisory Board states as follows:

**I.    BACKGROUND**

1. The Advisory Board and Philadelphia Academic Health System, LLC (the "Debtor") are parties to a Letter of Agreement (the "LOA") dated January 23, 2018, enrolling the Debtor in the Crimson Market Advantage ("CMA") membership and Crimson Continuum of Care ("CCC") membership provided by the Advisory Board.

2. As a part of providing membership in the CCC program, the Advisory Board provides the Debtor with the outcomes and adherence analytics, best practice research, and expert support to identify top opportunities for reducing care variation, engage physicians with their performance data, and monitor ongoing progress towards care variation reduction goals. Additionally, through the CMA program, the Advisory Board provides a permanent network of health systems, clinics, and hospitals focused on becoming best-in-class organizations for physician referral management.

3. Pursuant to the LOA, the Debtor's CMA membership and CCC membership commenced on January 31, 2018 and will end on January 30, 2021, with an ability to renew for successive one (1) year periods or longer pursuant to a written extension executed by the parties.

3

4.	The Advisory Board provides the CMA membership and CCC membership in exchange for membership fees to be paid by the Debtor.  Fees are billed in advance in six-month increments and are due within 30 days of invoicing.

5.	On June 30, 2019 (the "Petition Date"), the Debtors filed voluntary petitions with this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6.	In connection with the pre-petition fees due, the Advisory Board filed a proof of claim for $389,118.00 (the "Proof of Claim") against the Debtor.  A true and correct copy of the Proof of Claim is attached hereto as **Exhibit A**.

7.	In addition, the Advisory Board is owed $194,559 in fees (the "Post-Petition Fees") that have come due since the Petition Date.  A true and correct copy of the invoices reflecting the Post-Petition Fees is attached hereto as **Exhibit B**.

8.	In total, $583,677.00 is due under the LOA as of September 12, 2019.

9.	On August 15, 2019, the Debtors filed the Cure Notice.  [D.I. 510].

10.	In Exhibit A to the Cure Notice [D.I. 510-1], the Debtors identified certain executory contracts to be assumed and assigned to the successful bidders of the Debtor's assets. *See* Cure Notice, Ex. A.  The LOA is listed on the Cure Notice.  However, the cure designation is $85,550.00, which does not align with the actual cure due in connection with the LOA.

## II.    LIMITED OBJECTION[2]

11.    Advisory Board submits this limited objection to the Cure Notice to require that the Debtors update the Cure Notice to accurately reflect the cure due under the LOA and provide adequate assurance of any successful bidders' ability to perform under the LOA.

12.    As set forth above, $583,677.00 is due under the LOA as of September 12, 2019. As a result, Exhibit A to the Cure Notice should be updated to accurately reflect the cure due under the LOA.

13.    11 U.S.C. § 365(f) also requires the Debtors to provide the counterparty to any assumed and assigned executory contracts with "adequate assurance of future performances by the assignee of such contract . . . ."  Once the successful bidder(s) of the Debtors' assets is designated, the Advisory Board will need adequate information, financial or otherwise, to allow it to evaluate whether the successful bidder(s) will be able to perform under the LOA.

WHEREFORE, Advisory Board respectfully requests that the Court enter an order requiring: (i) the Debtors to update Exhibit A to the Cure Notice to accurately reflect the cure amount due under the LOA as $583,677.00, (ii) the Debtors to provide Advisory Board with adequate assurance of any successful bidders' ability to perform under the LOA, and (iii) granting such further relief as the Court deems appropriate.

---

[2] Although this Objection is being filed after the deadline set forth in the Cure Notice, it should be deemed timely due to ineffective service by the Debtors. The Affidavit of Service filed August 26, 2019 [D.I. 560], provides that the Cure Notice was sent to the Advisory Board at the following address: The Advisory Board Company, 2445 M St NW, Washington, DC 20037.  There are two issues that make this service ineffective. First, the address in the Affidavit of Service is no longer the Advisory Board's address. The Advisory Board's address was changed, effective April 1, 2019, to 655 New York Ave NW, Washington, DC 20001.  Second, even to the extent the Advisory Board's address had not changed, service would remain ineffective because the Cure Notice was not addressed in accordance with Federal Rule of Bankruptcy Procedure ("Rule") 7004. The Cure Notice creates a contested matter under Rule 9014. Rule 9014(b) requires service of any contested matter pursuant to Rule 7004. Rule 7004(b)(3) requires that service on a corporation by mail be sent to the "attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." The Debtors did not do that here.  As a result of these issues with service, the appropriate representatives at the Advisory Board did not receive the Cure Notice until after the objection deadline.

7987782

Dated: September 12, 2019
      Wilmington, Delaware

BAYARD, P.A.

*/s/ Gregory J. Flasser*_____
Justin R. Alberto (No. 5126)
Gregory J. Flasser (6154)
600 North King Street, Suite 400
P.O. Box 25130
Wilmington, Delaware 19801
Tel: (302) 429-4226
Fax: (302) 658-6395
Email: jalberto@bayardlaw.com
      gflasser@bayardlaw.com

and

Eric S. Goldstein, Esq.
Latonia C. Williams, Esq.
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Tel: (860) 251-5037
Fax: (860) 251-5218
E-mail:egoldstein@goodwin.com
      lwilliams@goodwin.com

*Attorneys for The Advisory Board Company*

7987782