# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) ) ) | Case No. 19-11466 (KG) Jointly Administered |
|  | ) |  |
| Debtors. | ) ) | |

### THE COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF HEALTH'S CONTINUING LIMITED RESPONSE TO THE SALE OR SALES OF SUBSTANTIALLY ALL ASSETS OF ST. CHRISTOPHER'S HEALTHCARE, LLC AND CERTAIN RELATED DEBTORS

The Commonwealth of Pennsylvania Department of Health (the "PA DOH"), by and through undersigned counsel, by way of *The Commonwealth of Pennsylvania Department of Health's Continuing Limited Response to the Sale or Sales of Substantially All Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors*, hereby states:

### BACKGROUND

1. On June 30, 2019 (the "Petition Date"), Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("CCH") and its affiliated debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions in the United States Bankruptcy Court for

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

the District of Delaware seeking relief under the provisions of Chapter 11 of the United States Bankruptcy Code.

2. On July 16, 2019, the Debtors filed the *Debtors' Motion for Entry of (A) an Order (I) Scheduling Hearing to Consider Approval of Sale or Sales of Substantially All Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and Protections Afforded to Any Stalking Horse Purchases, and (IV) Granting Related Relief; and (B) One or More Orders (I) Approving the Sales or Other Acquisition Transactions for the Assets, (II) Authorizing the Sales Free and Clear of All Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Doc. No. 205] (the "SCH Sale Motion").

3. On July 24, 2019, the PA DOH filed a limited response to the SCH Sale Motion [Doc. No. 280] (the PA DOH SCH Sale Response), a copy of which is attached hereto as Exhibit A.

4. By the PA DOH SCH Sale Response, the PA DOH articulated its concern that the contemplated sale (the "Sale") of substantially all assets of St. Christopher's Healthcare, LLC and certain of its affiliates (collectively, the "STC Entities") appears to include the sale and transfer of certain healthcare facility licenses which the PA DOH has issued to the STC Entities.

5. By Order dated July 26, 2019 [Doc. No. 301], this Court, *inter alia*, set September 13, 2019, at 4:00 p.m. as the deadline for interested parties to file objections to the Sale (the "Sale Objection Deadline").

6.  As explained in the PA DOH SCH Sale Response, as an interested party in these bankruptcy proceedings, one of the PA DOH's primary objections is to ensure the health, welfare and safety of all of the Debtors' patients.

7.  Chapter 8 of the Pennsylvania Health Care Facilities Act (the "Act") governs the Commonwealth's licensing of Pennsylvania health care facilities. 35 P.S. § 448.801–448.821.

8.  Among other things, the Act provides for the establishment and enforcement of regulations regarding standards for the construction, maintenance, and operation of licensed hospitals within the Commonwealth of Pennsylvania (§ 448.801a), sets the standards for issuance of licenses with which health care providers must comply (§ 448.808), and grants the PA DOH the authority to implement and enforce regulations necessary to carry out the purposes of the Act (§ 448.803).

9.  The purposes of Chapter 8 of the Act, *inter alia*, are "to protect and promote the public health and welfare through the establishment and enforcement of regulations setting minimum standards in the construction, maintenance and operation of health care facilities." 35 P.S. § 448.801a.

10. Pursuant to 35 P.S. § 448.803, the PA DOH has the power and duty (i) "[t]o promulgate . . . the rules and regulations necessary to carry out the purposes and provisions" of Chapter 8 of the Act, and (ii) "[t]o assure that the provisions of [Chapter 8] and all rules and regulations promulgated under [Chapter 8] are enforced."

11. Section 448.806 of the Act requires all health care facilities within the Commonwealth to obtain a license from the PA DOH prior to providing medical services.

12. Section 448.808 details certain standards which any health care provider must meet to the satisfaction of the PA DOH before the PA DOH will issue a license.

13. Pursuant to 35 P.S. § 448.809(a)(2), all licenses issued by the PA DOH under the Act "shall . . . not be transferable except upon written approval of the [PA DOH]."

14. In addition, pursuant to its authority under the Act, the PA DOH has promulgated certain regulations in order to implement the powers and duties granted to it by the Act which are codified in Chapter 101 of Title 28 of the Pennsylvania Code.

15. Among other things, such regulations require that a hospital license be tied to a specific facility. If the ownership of a licensed facility changes, a license can only be transferred to the new facility owner or owners with the prior written approval of the PA DOH. *See* 28 Pa. Code § 101.52.

16. Additionally, the regulations provide that a hospital license is automatically void when a hospital "substantially changes its name or location." 28 Pa. Code § 101.53.

17. Pursuant to the authority and obligations vested in the PA DOH by the Act, the PA DOH has issued certain healthcare facility licenses to the STC Entities (the "STC Licenses").

## CONTINUING LIMITED RESPONSE

18. The PA DOH incorporates herein by reference the PA DOH SCH Sale Response.

19. As a result of the above-summarized statutory framework, implemented by the Commonwealth of Pennsylvania for the protection of the public health and welfare, the

Debtors cannot sell, transfer or assign any of the STC Licenses without the prior written approval of the PA DOH.

20. The PA DOH hereby restates its concerns regarding the Sale for all of the reasons set forth in the PA DOH SCH Sale Response and reiterates its position that any right the Debtors have to transfer the STC Licenses under Section 363(b)(1) of the Bankruptcy Code remains subject to (i) the restrictions on transfer imposed by Pennsylvania law, including the Debtors' obligation to obtain the prior written approval from the PA DOH prior to any transfer, and (ii) the successful bidder's obligation to apply for and obtain from the PA DOH any and all licenses required by Pennsylvania statutes and regulations.

21. Further, no order entered by this Court in connection with the Sale can permissibly interfere with or abrogate the Commonwealth's or the PA DOH's police powers and/or regulatory authority to oversee the operation and licensing of Pennsylvania hospitals for the protection of the public health and welfare. *See In re United Healthcare System, Inc.*, 1997 U.S. Dist. LEXIS 5090, at *28 (D.N.J. March 26, 1997) (noting that "the bankruptcy court does not have the power to interfere with state regulations exercised under the state's police powers").

22. The PA DOH expressly reserves the right to supplement this Continuing Limited Response prior to any hearing before this Court to consider approval of the Sale.

Dated: September 12, 2019

By: /s/ Daniel M. Pereira
Richard A. Barkasy (#4683)
Daniel M. Pereira (#6450)
SCHNADER HARRISON SEGAL & LEWIS LLP
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 888-4554
Facsimile: (302) 888-1696
rbarkasy@schnader.com
dpereira@schnader.com

-and-

David Smith (admitted *pro hac vice*)
Nicholas J. LePore, III (admitted *pro hac vice*)
Ira Neil Richards (admitted *pro hac vice*)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Telephone: (215) 751-2000
Facsimile: (215) 751-2205
dsmith@schnader.com
nlepore@schnader.com
irichards@schnader.com

*Counsel for the Commonwealth of Pennsylvania Department of Health*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2019, I caused a copy of the foregoing to be sent via ECF Noticing to all parties receiving ECF Notices in this Chapter 11 case.

/s/ Daniel M. Pereira
Daniel M. Pereira, Esq. (#6450)
