IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| CENTER CITY HEALTHCARE, LLC dba | ) | Chapter 11 |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) | |
| et al., | ) | Bk. No. 19-11466 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Re: Dkt. Nos. 205 & 510** |

**THYSSENKRUPP ELEVATOR CORPORATION'S**
**OBJECTION TO CURE AMOUNTS**

Thyssenkrupp Elevator Corporation ("tkE") by and through its counsel, Scheef & Stone, LLP and Ferry Joseph, P.A., submit this objection (the "Objection") to the *Notice of Assumption of Lease/Executory Contract Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors* [D.I. 510] (the "Cure Notice") and respectfully states as follows:

PRELIMINARY STATEMENT

tkE does not object or seek to prevent the Debtors from assuming and assigning the Agreement (defined below). The Agreement constitutes a single, integrated transaction that requires the Debtors to assume and assign all of the Agreement to a single purchaser or reject the Agreement.

The Debtors are obligated to ensure that tkE receives full payment of amounts currently due and owing under the Agreement, all other obligations existing under the Agreement are fulfilled and that adequate assurance of future performance is provided regarding contractual obligations including, without limitation upcoming payments, all as required under section 365(b)(1)(A) and (C) of title 11 of the United States Code (as amended,

1

the "Bankruptcy Code").

## BACKGROUND

1.      On March 20, 2019, the Debtor Philadelphia Academic Health System, LLC, as Purchaser and certain of its subsidiaries, Center City Healthcare, LLC d/b/a Hahnemann University Hospital and St. Christopher's Healthcare, LLC d/b/a St. Christopher's Hospital for Children (collectively the "Facilities") executed that certain National Framework Agreement for the Protection of Vertical Transportation Equipment (the "Agreement" or "NFA") with tkE as Service Provider.  A true and correct copy of the Agreement is attached as Exhibit "A" and incorporated herein.

2.      The Agreement is an executory contract with the Debtors.

3.      Debtor Center City Healthcare, LLC ("Center City") lists tkE as an unsecured creditor on Schedule F in the amount of $199,420.63 (D.I. 445).

4.      Center City does not list tkE as an executory contract on its Schedule G.

5.      Debtor Philadelphia Academic Health System, LLC ("Philadelphia AHS")(the signatory party to the Agreement) lists tkE as an executory contract (2.208, D.I. 447).

6.      Debtor St. Christopher's Healthcare, LLC ("St. Christopher's"), identified in the Agreement with Philadelphia AHS as one of its subsidiaries, lists tkE as an unsecured creditor in the amount of $21,135.77 (3.784, D.I. 449).

7.      The Debtors are required to pay all amounts owing under the Agreement.

8.      On July 1, 2019, the Debtors filed for relief under Chapter 11 of the Bankruptcy Code.

9.      Prior to and following the commencement of their Chapter 11 Cases the Debtors failed to perform and pay all of their obligations under the Agreement.

10.     On July 16, 2019, the Debtors filed the *Motion for Entry of (A) an Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially All Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and Protections Afforded to Any Stalking Horse Purchasers, and (IV) Granting Related Relief and (B) One or More Orders (I) Approving the Sales or Other Acquisition Transactions for the Assets, (II) Authorizing the Sales Free and Clear of all Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 205] (the "SCHC Sale Motion").

11.     On July 26, 2019, the Court entered the *Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially all Assets of St. Christopher's Healthcare, LLC and Certain Related Affiliates and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and Protections Afforded to any Stalking Horse Purchases, and (IV) Granting Related Relief* [D.I. 301] (the "Bidding Procedures Order").

12.     On August 16, 2019, the Debtors filed the *Notice of Assumption, Assignment*

*and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors* [D.I. 510] (the "Cure Notice"), wherein the Debtors indicated that the amount due under the Agreement (the "Cure Amount") is presently "$0.00", notwithstanding Debtors' admissions on their schedules listed above that they in fact owe tkE for prepetition amounts.

OBJECTION

13.    The Cure Amount reflected in the Cure Notice is inconsistent with tkE's records of the obligations currently owing under Agreement, as more fully set forth on **Exhibit "B"** attached hereto and incorporated herein (collectively, the "Agreement Indebtedness"). The Cure Amount as of this date is $54,236.89.[1]

14.    The Cure Notice must be modified in accordance with the Cure Amount defined hereinabove to account for the Agreement Indebtedness. Moreover, notwithstanding any amounts set forth in the modified and corrected Cure Notice, amounts will continue to accrue and become due and owing to tkE under the Agreement and otherwise to satisfy the Debtors' performance obligations under the Agreement from the date of this Objection through to the closing of the sale of the Debtors and the effective date of the assumption and assignment of the Agreement.

15.    The Bankruptcy Code requires that as a condition precedent to assumption and assignment of the Agreement, the Debtors must pay the full amounts due and unpaid under the Agreement as of the closing dates of the sale of the Debtors, as well as pay and perform all other obligations under the Agreement. *See* 11 U.S.C. § 365(b)(1); *see also In re Entertainment, Inc.,* 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998) (holding that " [t]he

---

[1] tkE will make invoices available upon request.

cure of a default under an unexpired lease pursuant to 11 U.S.C. § 365 is more akin to a condition precedent to the assumption of a contract obligation than it is to a claim in bankruptcy." (*citing In re J. W. Mays, Inc.,* 30 B.R. 769, 772 (Bankr. S.D.N.Y. 1983))). When a contract is assumed under section 365 of the Bankruptcy Code, the non-Debtor third party to that contract must be "made whole at the time of the debtor's assumption of the contract." *Id.* Accordingly, any Cure Amount for the Agreement must include all accrued and unpaid amounts due under the Agreement as of the closing date of the Debtors, as well as all other obligations thereunder. *See* 11 U.S.C. § 365(b)(1).

RESERVATION OF RIGHTS

16.     tkE reserves the right to: (i) amend and/or supplement this Objection from time to time and at any time; (ii) object to the proposed sale or form of asset purchase agreements or other document executed by the Debtors and the proposed purchasers of any of their assets; (iii) to liquidate or estimate unknown or undisclosed obligations under the Agreement; (iv) to liquidate or estimate contingent obligations under the Agreement; (v) raise additional objections at any hearing for the sale of the Debtors' assets; (vi) seek to continue any sale hearing or hearing to determine the Cure Amount in order that tkE may conduct discovery to discover the full extent of the Debtors' obligations under the Agreement; or (vii) object to adequate assurance of future performance by any prospective purchaser or stalking horse bidder.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, tkE respectfully requests that the Court

grant relief consistent with this Objection, and such other relief as is just and proper.


Dated: September 13, 2019                    FERRY JOSEPH, P.A.

                                             /s/ Rick S. Miller
                                             Rick S. Miller (#3418)
                                             824 Market Street, Suite 1000
                                             P.O. Box 1351
                                             Wilmington DE 19899-1351
                                             (302) 575-1555
                                             rmiller@ferryjoseph.com

Of Counsel:

Patrick J. Schurr
Scheef & Stone, L.L.P.
2600 Network Blvd., Suite 400
Frisco TX 75034
(214) 472-2136
Patrick.schurr@solidcounsel.com



Attorneys for thyssenkrupp Elevator Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that a copy of ThyssenKrupp Elevator Corporation's Objection to Cure Amounts was served on the following in the indicated manner:

By Hand:

Mark Minuti, Esq.
Saul Ewing Arnstein & Lehr, LLP
1201 N. Market Street, Suite 2300
Wilmington, DE 19801

Thomas M. Horan, Esq.
Fox Rothschild LLP
919 N. Market St., Suite 300
Wilmington DE 19801

By First Class Mail:

Jeffrey C. Hampton, Esq.
Saul Ewing Arnstein & Lehr, LLP
1500 Market Street, 38th Floor
Philadelphia PA 19102

Andrew Sherman, Esq.
Sills Cummis & Gross, P.C.
One Riverfront Plaza
Newark NJ 07102

/s/Rick S. Miller
Rick S. Miller (#3418)