# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) <br> ) (Jointly Administered) |
| | ) |
| Debtors. | ) **Re: Docket No. 620** |

## LIMITED OBJECTION OF DREXEL UNIVERSITY TO FIFTH OMNIBUS MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED REAL ESTATE LEASES

Drexel University ("Drexel"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Fifth Omnibus Motion of the Debtors for Entry of an Order Authorizing the Rejection of Certain Unexpired Real Estate Leases* [D.I. 620] (the "Motion"). In support of the Objection, Drexel respectfully states as follows:

### BACKGROUND

1. Pursuant to a Lease dated November 10, 1998, as restated on April 25, 2002 and as amended by the First Amendment to Lease Effective November 1, 2001, the Second Amendment to Lease effective November 10, 2008 and the Third Amendment to Lease effective September 16, 2010 (as may have been modified or amended, the "Tenet Lease"), Drexel leased approximately 409,794 square feet of space from Tenet HealthSystem Hahnemann, L.L.C. ("Tenet").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatrics Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

2. Tenet's rights and obligations as landlord under the Tenet Lease were subsequently assigned to certain entities, including PAHH Bellet MOB, LLC (the "Bellet Landlord"), PAHH New College MOB, LLC (the "New College Landlord"), PAHH Feinstein MOB, LLC (the "Feinstein Landlord") and Broad Street Healthcare Properties, LLC (the "Broad Street Landlord" and together with the Bellet Landlord, the New College Landlord, and the Feinstein Landlord, the "Landlords").

3. Thereafter,

   a. Drexel and the Bellet Landlord executed the Amended and Restated Lease between PAHH Bellet MOB, LLC and Drexel (the "Bellet Lease"), pursuant to which Drexel subleases approximately 84,149 square feet of space (the "Bellet Premises") within the building owned by the Bellet Landlord located at 1501-1511 Race Street, Philadelphia Pennsylvania.

   b. Drexel and the New College Landlord executed the Amended and Restated Lease between PAHH New College MOB, LLC and Drexel (the "New College Lease"), pursuant to which Drexel leases approximately 308,325.20 square feet of space (the "New College Premises") within the building owned by the New College Landlord located at 225-251 N. 15th Street, Philadelphia Pennsylvania.

   c. Drexel and the Feinstein Landlord executed the Amended and Restated Lease between PAHH Feinstein MOB, LLC and Drexel (the "Feinstein Lease" and together with the Bellet Lease and the New College Lease, the "Portfolio Leases") pursuant to which Drexel subleases approximately 9,082 square feet of space (the "Feinstein Premises") within the two buildings owned by the Feinstein Landlord located at 216-220 N. Broad Street, Philadelphia Pennsylvania.

    d. Drexel and the Broad Street Landlord executed the Amended and Restated Lease between Broad Street Healthcare Properties, LLC and Drexel (the "<u>Broad Street Lease</u>" and together with the Bellet Lease, the New College Lease, and the Feinstein Lease, the "<u>Leases</u>"), pursuant to which Drexel subleases approximately 1,731.2 square feet of space (the "<u>Broad Street Premises</u>" and together with the Bellet Premises, the New College Premises and the Feinstein Premises, the "<u>Premises</u>") within the two buildings owned by the Broad Street Landlord located at 222-248 N. Broad Street, Philadelphia.

4. The Bellet Landlord, New College Landlord, and Feinstein Landlord (collectively the "<u>Portfolio Landlords</u>") each entered into a master lease (each, a "<u>Portfolio Master Lease</u>") with St. Christopher's Healthcare, LLC ("<u>SCH</u>") with respect to the real property each Portfolio Landlord owns. The Portfolio Landlords each assigned their interest as landlord in their respective Portfolio Leases to SCH. As a result, SCH is the sublandlord to Drexel, as subtenant, under the Portfolio Leases.

5. The Broad Street Landlord entered into a master lease (the "<u>Broad Street Master Lease</u>") with Center City Healthcare, LLC ("<u>CCH</u>") with respect to the real property the Broad Street Landlord owns. The Broad Street Landlord assigned its interest as landlord in the Broad Street Lease to CCH. As a result, CCH is the sublandlord to Drexel, as subtenant, under the Broad Street Lease.

6. Pursuant to the Leases, SCH and CCH, respectively, are required to provide Drexel with certain services to enable Drexel to operate as a university and related health care facility in the Premises. Historically, the practice has been for Drexel and the Debtors (as hereinafter defined) to share certain services which are necessary to Drexel's operation of its

3

medical school and research activities in the Premises. Specifically, these shared services include, but are not limited to, telephone service, gas, water, power, steam, security, and use of a loading dock (the "Shared Services"), the maintenance of which requires access to, and operation of, space or equipment not housed within the Premises, but rather located on property in the Debtors' possession.

7.  On July 1, 2019 (the "Petition Date"), SCH, CCH, and certain of their affiliates, not including the Landlords, (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

8.  On August 30, 2019, the Debtors filed the Motion seeking to reject the Leases[2] as well as each Portfolio Master Lease and the Broad Street Master Lease.

## LIMITED OBJECTION

9.  Section 365(h) of the Bankruptcy Code provides, in relevant part, that when a debtor, as lessor, rejects a lease of unexpired real property,

> if the term of such lease has commenced, the lessee may retain its rights under such lease (including rights such as those relating to the amount and timing of payment of rent and other amounts payable by the lessee and any right of use, possession, quiet enjoyment, subletting, assignment, or hypothecation) that are **in or appurtenant to the real property** for the balance of the term of such lease and for any renewal or extension of such rights to the extent that such rights are enforceable under applicable nonbankruptcy law."

11 U.S.C. § 365(h)(1)(A)(ii) (emphasis added).

10.  In enacting section 365(h)(1), Congress sought to "'codify a delicate balance between the rights of a debtor-lessor and the rights of tenants' by preserving certain expectations of parties to real estate transactions." *In re Lee Road Partners, Ltd.*, 155 B.R. 55, 60 (Bankr.

---

[2] The Debtors also seek to reject subleases between Drexel and TPS IV of PA, L.L.C. and Drexel and Center City Healthcare, LLC for space located in the New College Building listed as items #9-13 in the Motion. Drexel is or was the sublandlord under such subleases. Drexel believes that the subleases listed at #9 and #11 have expired by their own terms. Drexel believes that the subleases listed at #10, #12, and #13 are still in existence.

4

E.D.N.Y. 1993) (citing *In re Stable Mews Assocs.*, 35 B.R. 594, 598 (Bankr. S.D.N.Y. 1983)). The legislative history indicates the intent that rejection of a lease by a debtor-lessor should not deprive the tenant of its rights for the term for which it bargained. H.R. Rep. No. 95-595, 349-50 (1977); S. Rep. No. 95-989, 60 (1978). As a result, courts have concluded that section 365(h) was designed to preserve a lessee's leasehold interests while allowing the debtor-lessor to alleviate itself from the cost of providing continuing services to a tenant. *Lee Road*, 155 B.R. at 60.

11.    Courts, including this Court, have held that the provisions of section 365(h) apply with equal force to subleases under which the debtor is the sublandlord. *See, e.g.*, *In re Amicus Wind Down Corp.*, 2012 Bankr. LEXIS 662, at *6 (Bankr. D. Del. Feb. 24, 2012) (noting that subtenant retains its possessory rights after a debtor-sublandlord's rejection of the sublease); *In re Zota Petroleums, LLC*, 482 B.R. 154 (Bankr. E.D. Va. 2012) (holding that the subtenant's rights under section 365(h) of the Bankruptcy Code after rejection of the sublease survived a sale pursuant to section 363 of the Bankruptcy Code).

12.    This Court has further held that the subtenant's 365(h) rights are retained *even if* the "over lease" under which the debtor is tenant is also rejected. *See Amicus Wind Down Corp.*, 2012 Bankr. LEXIS 662, at *6-7.

13.    Accordingly, pursuant to section 365(h) of the Bankruptcy Code, Drexel may continue to use and occupy the Premises even though SCH and CCH are not required to fulfil their respective obligations to Drexel under the Leases. However, for Drexel to exercise its right of use and possession of the Premises, Drexel requires access to the buildings that house the Shared Services that are in the possession of the Debtors. Therefore, Drexel requests that any order granting the Motion and approving the rejection of the Leases requires the Debtors to

provide Drexel access to the buildings that house the Shared Services for purposes of the maintaining the Shared Services and otherwise prohibit the Debtors from denying Drexel access to, and the ability to maintain and operate, the Shared Services. *See, e.g., IDEA Boardwalk, LLC v. Revel Entm't Grp. (In re Revel AC, Inc.)*, 532 B.R. 216 (Bankr. D.N.J. 2015) (prohibiting the interference of a tenant's access to premises, including the infrastructure, so long as the tenant's use and access complied with all local, state and federal regulations and law).

## RESERVATION OF RIGHTS

14. Drexel reserves all rights arising from the Debtors' rejection of the Leases, including Drexel's right to offset rejection damages pursuant to section 365(h)(1)(B) of the Bankruptcy Code.

WHEREFORE, Drexel respectfully requests that the Court enter an order consistent with this Objection (i) conditioning rejection of the Leases on a requirement that the Debtors provide Drexel access to the buildings that house the Shared Services for purposes of maintaining the Shared Services, and otherwise prohibiting the Debtors from denying Drexel access to, and the ability to maintain and operate, the Shared Services, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: September 13, 2019  
       Wilmington, Delaware

Respectfully submitted,

*/s/ Tobey M. Daluz*  
Tobey M. Daluz (No. 3939)  
Chantelle D. McClamb (No. 5978)  
BALLARD SPAHR LLP  
919 N. Market Street, 11th Floor  
Wilmington, Delaware 19801  
Tel: (302) 252-4465  
Fax: (302) 252-4466  
daluzt@ballardspahr.com  
mcclambc@ballardspahr.com  

and

Vincent J. Marriott III, Esq.*
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999
marriott@ballardspahr.com

(**admitted pro hac vice*)

*Counsel for Drexel University*