IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (KG) (Jointly Administered) |
| *Debtors*. | Re: Docket No. 699 |

**ORDER**

AND NOW, upon consideration of the American Medical Association, the Pennsylvania Medical Society, and the Philadelphia County Medical Society's Motion for Leave to File *Amicus* Brief is GRANTED. The Proposed *Amicus* Brief attached as Exhibit A to the Motion for Leave to File *Amicus* Brief is deemed filed.

_____

J.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.,*[2] | Case No. 19-11466 (KG) (Jointly Administered) |
| *Debtors*. | Re: Docket No. 699 |

**MOTION OF THE AMERICAN MEDICAL ASSOCIATION, THE PENNSYLVANIA MEDICAL SOCIETY, AND THE PHILADELPHIA COUNTY MEDICAL SOCIETY FOR LEAVE TO FILE AN *AMICUS* BRIEF IN SUPPORT OF THE PHILADELPHIA ACADEMIC HEALTH SYSTEM PHYSICIAN PRACTICE PLAN'S LIMITED OBJECTION TO THE DEBTORS' MOTION SEEKING APPROVAL OF THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF ST. CHRISTOPHER'S HEALTHCARE, LLC AND CERTAIN OF ITS AFFILIATES**

AND NOW, comes the American Medical Association ("AMA"), the Pennsylvania Medical Society ("Medical Society"), and the Philadelphia County Medical Society ("Philadelphia Society"), collectively "Movants", by and through their counsel, Gordon Rees Scully Mansuhkhani, and hereby move this Honorable Court for leave to file an *Amicus* Brief in support of Philadelphia Academic Health System Physician Practice Plan's ("PAHSPPP") Limited Objection to the Debtors' Motion Seeking Approval of the Sale of Substantially all of the Assets of St. Christopher's Healthcare, LLC and certain of its Affiliates, and sets forth as follows:

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

1. The AMA is the largest association of physicians, residents, and medical students in the United States.

2. Among its objectives are the promotion of the science and the art of medicine and the betterment of public health.

3. The Medical Society is a non-profit corporation, with its principal place of business at 777 East Park Drive, Harrisburg, Pennsylvania 17105.

4. The Medical Society is the largest physician organization in Pennsylvania, comprised of over 16,000 physicians and medical students, and governed by physician members, including a Board of Trustees.

5. Among its services is advocacy for physicians in medical professional liability ("MPL") insurance matters and advocacy for public health.

6. The AMA and Medical Society appear on their own behalf as well as on behalf of the Litigation Center.

7. The Litigation Center is a coalition among the AMA and the medical societies, whose purpose is to represent the viewpoint of organized medicine in the courts.

8. The Philadelphia Society is a professional membership organization for physicians who live and work in the City of Philadelphia.

9. Among its purposes is to protect the rights and interests of physicians as well as activism on behalf of patients.

10. On June 30, 2019, the Philadelphia Academic Health System, LLC and certain of its subsidiaries, including Hahnemann University Hospital and St. Christopher's Healthcare, LLC, and related physician practice groups, filed for Chapter 11 bankruptcy protection in this Court.

11. On September 12, 2019, the PAHSPPP Physicians filed a Limited Objection to the Debtors' Motion Seeking Approval of the Sale of Substantially all of the Assets of St. Christopher's Healthcare, LLC and Certain of its Affiliates.

12. In its filing, the PAHSPPP Physicians object to the sale of the St. Christopher's Assets without a commitment for the provision of medical professional liability insurance tail coverage for the PAHSPPP Physicians.

13. Some PAHSPPP Physicians are members of the AMA, the Medical Society, and/or the Philadelphia Society.

14. Movants, and on behalf of their PAHSPPP Physician members, have a significant interest in the outcome of the PAHSPPP Physicians' Limited Objection.

15. Movants have knowledge about Pennsylvania's medical professional liability insurance requirements, tail coverage, related standards in the industry, and the impact that no tail coverage could have on the physicians and patients.

16. Federal district courts have inherent authority to designate *Amici Curiae* to assist in a particular matter before the Court. Liberty Res., Inc. v. Phila. Hous. Auth., 395 F.Supp.2d 206, 209 (E.D.Pa. 2005) (citing Avellino v. Herron, 991 F. Supp. 730, 732 (E.D. Pa. 1998); Verizon New England v. Maine Pub. Util. Comm'n, 229 F.R.D. 335, 338 (D. Me. 2005); Resort Timeshare Resales, Inc. v. Stuart, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991); United States v. Michigan, 116 F.R.D. 655, 660 (W.D. Mich. 1987)). See also Continental Cas. Co. v. Carr (In re W.R. Grace & Co.), 2016 Bankr. LEXIS 3753 (Bankr. D. Del. Oct. 17, 2016).(granting Motion for Leave to File *Amicus Curiae* Brief)

17. "Amicus curiae status is generally granted when: (1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all

in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." Liberty Res., Inc. v. Phila. Hous. Auth., 395 F.Supp.2d 206, 209 (E.D.Pa. 2005) (citing Sciotto v. Marple Newtown Sch. Dist., 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999)).

18. However, there is no rule that *Amici curiae* be totally disinterested. Liberty Res., Inc. v. Phila. Hous. Auth., 395 F.Supp.2d 206, 209 (E.D.Pa. 2005) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982)).

19. Participation of *Amicus* is proper where *Amicus* will ensure that a "complete and plenary presentation of difficult issues" will occur. Liberty Res., Inc. v. Phila. Hous. Auth., 395 F.Supp.2d 206, 209 (E.D.Pa. 2005) (quoting Alliance of Auto. Mfrs. V. Gwadowsky, 297 F.Supp.2d 305, 307 (D. Me. 2003)).

20. Participation of *Amicus* has also been found to be proper where an issue of public interest is involved. Liberty Res., Inc. v. Phila. Hous. Auth., 395 F.Supp.2d 206, 209 (E.D.Pa. 2005).

21. Movants have a special interest in ensuring the proper and required MPL insurance coverage of physicians in Pennsylvania.

22. This interest is not adequately represented by any of the parties.

23. The information Movants have to offer is both timely and useful concerning Pennsylvania's requirement for physician MPL insurance coverage, its unique statutory requirements regarding insurance coverage, and the impact that lack of coverage could have on the physicians and patients.

24. Here, Movants will ensure a complete and plenary presentation of difficult issues in the case involving MPL insurance coverage and the impact this situation could have on Pennsylvania physicians and patients.

25. Here, there are important matters of general public interest at stake in that there is the potential that some PAHSPPP Physicians will not have insurance to cover awards and damages to plaintiffs/patients in future MPL claims.

26. This matter concerns competing interests and policy concerns for which additional input from Movants will help to facilitate proper resolution.

27. Physicians would likely be presented with the options of purchasing costly tail coverage in the traditional market or to go without coverage due to lack of accessibility or affordability.

28. Without tail coverage, the physicians would be violating Pennsylvania's Medical Care Availability and Reduction of Error Act of 2002, and be at risk for disciplinary action including revocation or suspension of their Pennsylvania medical license.  40 P.S. §1303.711(a),(d) & §1303.711(c).

29. Without tail coverage, physicians would have no basic insurance coverage or excess MCARE coverage to protect them and their assets if future claims are filed and the plaintiffs/patients filing such claims would not be adequately compensated for their injuries.

30. Pennsylvania's MCARE Act was promulgated in 2002, in relevant part, to assure accessible and affordable medical professional liability coverage for Pennsylvania physicians and therefore to positively impact the affordability and accessibility of Pennsylvania healthcare. 40 P.S. §1303.102.

31. In addition, the MCARE Act provisions were promulgated to assure that patients injured in Pennsylvania receive appropriate compensation. Id.

32. For all the reasons set forth herein, Movants respectfully request that this Honorable Court grant their Motion for Leave to File an *Amicus* Brief, as attached here as Exhibit A.

WHEREFORE, the American Medical Association, the Pennsylvania Medical Society, and the Philadelphia County Medical Society respectfully request that the Court grant their Motion and permit them to file the attached proposed *Amicus* Brief for consideration in the pending bankruptcy matter, including the Court's consideration of PAHSPPP's Limited Objection.

Date: September 18, 2019

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI

BY: */s/ Michael Heyden, Esquire*

Michael Heyden, Esquire
1000 N West St., Suite 1200
Wilmington, DE 19801
Tele: 302-992-8954

Maggie M. Finkelstein, Esquire*
Attorney PA I.D. No. 86305
111 N. Front Street, Suite 100
Harrisburg, PA 17101
Tele: 717-775-3308
*Attorneys for the American Medical Association and The Pennsylvania Medical Society*

*Motion for admission *pro hac vice* filed simultaneously

## CERTIFICATE OF SERVICE

AND NOW, this 18th day of September, 2019, I, Michael Heyden, Esquire, hereby certify that I did serve a true and correct copy of the foregoing via U.S. Mail, First Class, postage-pre-paid. All other parties who have signed up for electronic filing in this case will receive electronic notice via CM/ECF.

Jeffrey C. Hampton
Adam H. Isenberg
Saul Ewing Arnstein & Lehr LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102

Joelle Polesky, Esq.
Stradley, Ronon, Stevens & Young, LLP
1000 N. West Street, Ste. 1279
Wilmington, DE 19801

Thomas Horan, Esq.
Fox Rothschild LLP
919 North Market Street, Suite 300
PO Box 2323
Wilmington, DE 19899

Andrew H. Sherman, Esq.
Boris I. Mankovetskiy, Esq.
Sills Cummis & Gross PC
One Riverfront Plaza
Newark, NJ 07102

Mark Minuti, Esq.
Saul Ewing Arnstein & Lehr LLP
1201 North Market Street
Suite 2300
Wilmington, DE 19801

Gretchen M. Santamour, Esq.
Deborah Reperowitz, Esq.
Mark J. Dorval, Esq.
Joseph W. Catuzzi, Esq.
Stradley Ronon Stevens & Young LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103

BY: _/s/ Michael Heyden, Esquire_____
Michael Heyden, Esquire