## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1] | Case No. 19-11466 (KG) |
| | (Jointly Administered) |
| Debtors. | **Hearing Date: October 21, 2019 at 11 a.m. (ET)** **Objection Deadline**: October 3, 2019 at 4:00 p.m. (ET) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER ESTABLISHING INFORMATION SHARING PROCEDURES FOR COMPLIANCE WITH 11 U.S.C. §§ 1102(b)(3) AND 1103(c), *NUNC PRO TUNC* TO JULY 15, 2019

The Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases of Center City Healthcare, LLC d/b/a Hahnemann University Hospital and its affiliated debtors and debtors in possession (the "Debtors"), by and through its undersigned counsel, submits this motion (the "Motion") pursuant to sections 105(a), 107(b)(1), 1102(b)(3), and 1103(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order establishing information sharing procedures in these cases, and respectfully states as follows:

### BACKGROUND

1.       On June 30 and July 1, 2019 (together, the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.       On July 15, 2019 (the "Formation Date"), the Office of the United States Trustee

---

[1]       The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

for the District of Delaware appointed the Committee.

## JURISDICTION

3.       This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and

1334.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28

U.S.C. § 157(b)(2).

## REQUESTED RELIEF

4.       The Committee seeks entry of an order, *nunc pro tunc* to the Formation Date,

substantially in the form attached as Exhibit A: (i) clarifying that Bankruptcy Code section

1102(b)(3) does not require the Committee to disseminate proprietary, non-public confidential

information, including, but not limited to, any draft pleadings, documents, expert reports,

memoranda, summaries, communications, settlement discussions and other information and

materials, whether or not provided voluntarily or involuntarily by or on behalf of the Debtors or

any third party, or prepared by or for the Committee (collectively, "Confidential Information"),

or information that is subject to the attorney-client, work-product or another state, federal or

other jurisdictional law of privilege, whether such privilege is solely controlled by the

Committee or is a joint privilege with the Debtors or a third party (collectively, "Privileged

Information") to its non-member constituency; (ii) deeming the Committee and its advisors to be

in compliance with Bankruptcy Code section 1102(b)(3) by implementing the procedures

described herein (the "Procedures"); and (iii) determining that the Committee is not required to

comply with any additional procedures beyond the Procedures.

5.       The Committee believes that sharing *all* information without limitations could be

detrimental to maximizing value of the estates for the benefit of all parties in interest.  If there

were a risk that the Debtors' Confidential Information could be disclosed to any creditor, the

Debtors would probably be unwilling to share such information with the Committee.[2]  The inability of the Committee to gain access to Confidential Information, in turn, would limit the Committee's ability to fulfill its statutory obligations under the Bankruptcy Code.

6.      To satisfy its fiduciary obligations in an efficient and effective manner, the Committee proposes to establish a website (the "Website") to make certain non-confidential information available to general unsecured creditors.

7.      For the sake of efficiency, economy and ease of access by creditors, the Committee proposes that Omni Agent Solution ("Omni") establish a linked subpage on the existing website created by Omni for the Debtors, which is available at

https://cases.omniagentsolutions.com/centercityhealthcare/, to make non-confidential and non-privileged information available to unsecured creditors.  Omni is a vendor that specializes in the creation and maintenance of such websites and is already familiar with the facts and circumstances of these cases, given that Omni was selected as the Debtors' administrative agent.[3]

8.      The Committee Website will contain links to the Court's CM/ECF website and will include the following information: (i) the Petition Date, the case number, and general information about the Debtors' chapter 11 cases; (ii) the contact information for the Debtors' and the Committee's professionals; (iii) information regarding significant events in these cases and

---

[2]      Nothing contained in this Motion shall be deemed to constitute the Committee's agreement that any particular information provided to it in these chapter 11 cases by the Debtors is confidential, and the Committee expressly reserves all of its rights in that regard.

[3]      Similar procedures have been used in In re Promise Healthcare Group, LLC, Case No. 18-12491 (CSS) (Bankr. D. Del. Jan. 7, 2019); In re M & G USA Corp., Case No. 17-12307 (BLS) (Bankr. D. Del. Jan. 5, 2018); In re Optima Specialty Steel, Inc., Case No. 16-12789 (KJC) (Bankr. D. Del. Feb. 24, 2017); In re Constellation Enter., Case No. 16-11213 (CSS) (Bankr. D. Del. July 19, 2016); In re Santa Fe Gold Corp., Case No. 15-11761 (Bankr. D. Del. October 27, 2015), In re Coldwater Creek, Inc., Case No. 14-10867 (Bankr. D. Del. July 10, 2014); In re Handy Hardware Wholesale, Inc., Case No. 13-10060 (Bankr. D. Del. Feb. 25, 2013); In re Hussey Copper Corp., Case No. 11-13010 (Bankr. D. Del. Dec. 8, 2011); In re Manistique Papers, Inc., Case No. 11-12562 (Bankr.  D. Del. Nov. 28, 2011); Chef Solutions Holdings, LLC, Case No. 11-13139 (Bankr. D. Del. Nov. 13, 2011); and Am. Safety Razor Co., LLC, Case No. 10-12351 (Bankr. D. Del. Sept. 13, 2010).

relevant deadlines (including the claims bar date) and all pleadings relevant thereto; (iv) when filed with the Court, the disclosure statement and plan (together with any exhibits thereto); and (v) any other information the Committee, in its discretion, deems appropriate, subject to the restrictions and limitations imposed by the Court. The Website will also contain an email address to allow unsecured creditors to send questions and comments to the Committee concerning these cases, to which the Committee's counsel or other authorized representatives of the Committee will respond in their reasonable discretion.  Further, to facilitate recognition and ease of access for creditors, the Committee requests permission to use the Debtors' logo on the Website during these chapter 11 cases.

9.      The Committee will not be required to provide access to information to any entity that has not demonstrated to the satisfaction of the Committee that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3), nor will the Committee be required to provide information to any creditor if, in its judgment, it is unduly burdensome or calls for the disclosure of Confidential Information or Privileged Information.

8.      The Committee will consult with the Debtors in identifying Confidential Information and will engage in good faith negotiations to resolve any dispute as to whether information has been properly designated as Confidential Information, but if negotiations are unsuccessful, the Committee may seek the Court's assistance in resolving any such dispute.

## BASIS FOR RELIEF REQUESTED

### A.      Clarification of 11 U.S.C. § 1102(b)(3)'s Scope

9.      Bankruptcy Code section 1103(c) sets forth the primary duties of creditors' committees, including, but not limited to, investigating the acts of the debtor and participating in

the formulation of a plan.  To properly perform its duties under section 1103(c), the Committee

must have access to the Debtors' Confidential Information.

10.     Bankruptcy Code section 1102 requires creditors' committees to "provide access

to information for creditors who (i) hold claims of the kind represented by that committee; and

(ii) are not appointed to the committee."  11 U.S.C. § 1102(b)(3)(A).  Because section

1102(b)(3)(A) does not contain a clear definition of the scope of information that creditors'

committees must make available to creditors, however, the specific disclosure requirements

remain unclear.  See In re Refco Inc., 336 B.R. 187, 190 (Bankr. S.D.N.Y. 2006).

12.     The legislative history of section 1102(b)(3) likewise lacks guidance on the

interpretation or application of the provision.  The House Report merely states that:

> the committee [must] give creditors having claims of the kind
> represented by the committee access to information. In addition, the
> committee must solicit and receive comments from these creditors, and
> pursuant to court order, make additional reports or disclosures available
> to them.

See H.R. Rep. No. 109-31, Pt. 1, 109th Cong. 1st Sess. 87 (2005).  A broad reading of section

1102(b)(3) would require creditors' committees to provide access to and disclose *all*

information received in connection with the bankruptcy cases, regardless of whether the request

seeks confidential or privileged information.  This broad interpretation creates tension between

debtors and creditors' committees to the extent that creditors seek access to confidential or

proprietary information.  See Refco, 336 B.R. at 190 (an overly broad reading of "section

1102(b)(3)(A) might . . . impose an obligation contrary to other applicable laws and the

[c]ommittee's fiduciary duties and hamper the [c]ommittee's performance under section 1103

of the Bankruptcy Code").

13.     The Procedures proposed herein allow the Committee to satisfy its statutory

obligations while safeguarding Confidential Information and Privileged Information that the

Committee may receive from the Debtors during these cases.  The statutory provision requiring creditors' committees to provide unfettered access to information also impacts the attorney-client privilege and work product privilege between a committee and its counsel or other agents.  Cf. In re Baldwin-United Corp., 38 B.R. 802, 805 (Bankr. S.D. Ohio 1984) (creditors' committee entitled to protection of attorney-client privilege).  In Refco, the court stated that "[m]aintaining confidentiality against unsecured creditors generally may be necessary to preserve the committee's attorney-client privilege."  Refco, 336 B.R. at 197.  The Refco Court further noted that "one should proceed cautiously concerning the disclosure of information that could reasonably have the effect of waiving the attorney-client or other privilege . . . notwithstanding Bankruptcy Code section 1102(b)(3)."  Id.

14.     Given the importance of this issue, the Committee seeks clarification that Bankruptcy Code section 1102(b)(3) does not require the Committee to disseminate Confidential Information or Privileged Information, and that the Committee and its advisors are in compliance with Bankruptcy Code section 1102(b)(3) by implementing the Procedures.

15.     Various statutory provisions empower this Court to grant the relief requested. Bankruptcy Code section 105(a) provides that the Court may "issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  The relief requested is necessary for the Committee to fulfill its statutory mandates under Bankruptcy Code sections 1102(b)(3) and 1103(c).  Because section 1102(b)(3)(A) might have a chilling effect on information the Debtors may be willing to share with the Committee, or on the Committee's development of independent analysis, the Committee's request is necessary and appropriate to carry out the provisions of the Bankruptcy Code.

16.     Bankruptcy Code section 107(b)(1) and Bankruptcy Rule 9018 further empower this Court to protect the Debtors' Confidential Information from disclosure to general unsecured creditors.   See 11 U.S.C. § 107(b)(1) ("On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information."); Bankruptcy Rule 9018 ("On motion or on its own initiative, with or without notice, the Court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . .").

17.     The requirements of sections 1102(b)(3) and 1103(c) must be properly balanced. The Procedures provide a means for general unsecured creditors to contact the Committee or its counsel and provides creditors access to information required by section 1102(b)(3).  However, the Procedures also give due regard to the interests of the Debtors in preventing the dissemination of Confidential Information and Privileged Information to the general public.

**B.     Establishing a Committee Website**

18.     In light of widespread public and private access to the internet, the Committee believes that its statutory obligations under Bankruptcy Code section 1102(b)(3) can best be fulfilled through the maintenance of the Website, which not only provides creditors access to pleadings filed in these cases, but also allows creditors to communicate on a confidential basis with the Committee's professionals.

19.     Since the maintenance of such a Website is largely administrative in nature, the estates should realize a cost savings by utilizing a qualified third party to maintain the Website. Doing so will relieve the Committee's professionals of the obligation to provide commonly requested information to enquiring creditors.

20.    On August 2, 2019, this Court entered an order authorizing the Debtors to retain Omni as their administrative agent *nunc pro tunc* to the Petition Date [Docket No. 337].  In connection with its retention, Omni has already established a case-specific website, which is available at: https://cases.omniagentsolutions.com/centercityhealthcare/, which provides access to case information, court documents, and notifications regarding important events and deadlines.

21.    If the Motion is granted, certain aspects of Omni's website will be tailored to the Committee's needs (*i.e.*, to allow creditors to submit confidential questions, comments and requests for access to information directly to the Committee and its professionals).

22.    Because a case-specific website has already been established, the Committee believes that it is more efficient and cost-effective to have Omni assist in the Committee's fulfillment of its statutory duties than it would be to hire another agent to create and host the site.

23.    Indeed, Omni has advised the Committee that it will waive various fees that it typically charges for the website services it will be rendering to the Committee, including costs associated with setting up and hosting the website, updating the case docket and claims register, and filing claims online.

24.    If the Committee were required to select a party other than Omni, it would likely result in duplication of costs and needlessly increase administrative expenses.  Moreover, using the same service provider minimizes the rights of conflicting information being posted on multiple websites and avoids duplication of expense and effort.

## NOTICE

25.    Notice of this Motion will be given to: (a) counsel to the Debtors; (b) the Office of the United States Trustee for the District of Delaware; (c) the Debtors' 30 largest unsecured creditors; (d) counsel to MidCap Funding IV Trust; (e) Drexel University d/b/a Drexel

University College of Medicine; (f) the Debtors' unions; (g) the Internal Revenue Service; (h) the United States Attorney for the District of Delaware; (i) the United States Department of Justice; (j) the Pennsylvania Attorney General's Office; (k) the Pennsylvania Department of Health; (l) the City of Philadelphia; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 at the time of noticing.   In light of the nature of the relief requested, the Committee respectfully submits that no other or further notice of the Motion is required.

## **CONCLUSION**

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, *nunc pro tunc* to the Formation Date, granting the relief requested and such additional relief as is appropriate.

Dated: September 19, 2019
Wilmington, Delaware

Respectfully submitted,

/s/ *Thomas M. Horan*
Thomas M. Horan (DE Bar No. 4641)
**FOX ROTHSCHILD LLP**
919 North Market Street, Suite 300
Wilmington, DE 19899
Telephone: 302-654-7444
Facsimile: 302-6568920
Email: thoran@foxrothschild.com

-and-

Andrew H. Sherman (*pro hac vice*)
Boris I. Mankovetskiy (*pro hac vice*)
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, NJ 07102
Telephone:  973-643-7000
Facsimile:  973-643-6500
Email:  asherman@sillscummis.com
          bmankovetskiy@sillscummis.com

*Counsel for the Official Committee of Unsecured Creditors*