# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1] | Case No. 19-11466 (KG) |
| | (Jointly Administered) |
| Debtors. | **Related to Docket No. \_\_\_\_\_** |

## ORDER GRANTING OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER ESTABLISHING INFORMATION SHARING PROCEDURES FOR COMPLIANCE WITH 11 U.S.C. §§ 1102(b)(3) AND 1103(c), *NUNC PRO TUNC* TO JULY 15, 2019

Upon the motion (the "Motion")[2] of the Committee for entry of an order *nunc pro tunc* to the Formation Date: (i) clarifying that Bankruptcy Code section 1102(b)(3) does not require the Committee to provide access to Confidential Information or Privileged Information to its non-member constituency; (ii) deeming that the Committee and its advisors are in compliance with Bankruptcy Code section 1102(b)(3) as a result of the implementation of the Procedures; and (iii) determining that no additional procedures are required by the Committee beyond the Procedures; and due and proper notice of the Motion having been given; and no other or further notice is required; and the Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334; and this is a core proceeding under 28 U.S.C. § 157(b)(2); and the relief requested is in the best interest of the Committee, the Debtors, their estates, and creditors, and after due

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

6653245

- 2 -

deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is granted.

2.      The relief granted herein shall be effective *nunc pro tunc* to July 15, 2019.

3.      The Committee, its professionals and advisors, and its individual members and their respective representatives, advisors and counsel shall be deemed in compliance with Bankruptcy Code sections 1102(b)(3) and 1103(c) by implementing the Procedures.

4.      The Committee, its professionals and its individual members and their respective representatives, shall be deemed in compliance with sections 1102(b)(3) and 1103(c) of the Bankruptcy Code by: (a) establishing a linked subpage on the existing website created by Omni for the Debtors (available at https://cases.omniagentsolutions.com/centercityhealthcare/), to make information available to creditors (the "Website"); (b) making available on the Website information regarding the chapter 11 cases, including: (i) the Petition Date, the case number, and general information about the Debtors' chapter 11 cases; (ii) the contact information for the Debtors' and the Committee's professionals; (iii) information regarding significant events in the chapter 11 cases and relevant deadlines, including the claims bar date and any pleadings relevant thereto; (iv) when filed with the Court, the disclosure statement and plan (together with any exhibits thereto); and (v) any other information the Committee, in its sole discretion, deems appropriate, subject to the restrictions and limitations imposed by the Court; and (c) establishing and maintaining an email address to allow the Debtors' general unsecured creditors to send questions and comments to the Committee concerning these chapter 11 cases. The Committee is authorized to use the Debtors' logo on the Website during these chapter 11 cases.

5.      The Committee may use the services of Omni to establish and maintain the

Website as described in the Motion without further order of the Court. Neither the Committee nor the Debtors' estates shall be charged any fees or other amounts in connection with the establishment or maintenance of the Committee's Website.

6. The Committee's counsel is authorized, in its reasonable discretion, to communicate with the Debtors' general unsecured creditors and/or respond to their information requests on behalf of the Committee.

7. Notwithstanding any construction of Bankruptcy Code section 1102(b)(3) to the contrary, the Committee, its professionals, its individual members and their respective representatives, advisors and counsel shall not be required to disseminate any Confidential Information or Privileged Information.

8. The Committee shall not have or incur any liability to any entity for acts taken or omitted to be taken with respect to its obligations under Bankruptcy Code section 1102(b)(3) as long as the Committee and its professionals have acted in compliance with the Procedures set forth herein; <u>provided</u>, <u>however</u>, that the foregoing shall not preclude or abridge the right of any creditor to move before the Court for an order requiring production of other or additional information, to the extent available.

9. Nothing in this Order shall modify or abridge immunities otherwise available to the Committee or its professionals under applicable law, the rights of the Debtors with respect to any Confidential Information, or rights under the confidentiality provisions of the Committee's bylaws.

10. Nothing in this Order requires the Committee: (i) to provide access to information to, or solicit comments from, any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, that it holds claims of the kind described in

Bankruptcy Code section 1102(b)(3); or (ii) to provide information to any creditor if, in its judgment, it is unduly burdensome or calls for the disclosure of Confidential Information or Privileged Information, unless directed to do so by further order of the Court.

11. The Committee shall consult with the Debtors to the extent practicable in identifying Confidential Information; provided, however, that any information provided to the Committee by the Debtors marked "Confidential" shall be deemed to be Confidential Information. The Committee and the Debtors shall engage in good faith negotiations to resolve any dispute as to whether information has been properly designated as Confidential Information, but if negotiations are unsuccessful, the Committee and the Debtors may seek the Court's assistance in resolving any such dispute.

12. Nothing in this Order shall enlarge, diminish or otherwise modify the obligations of the Committee or its members and/or professionals under (i) any confidentiality agreement entered into with the Debtors or (ii) the confidentiality provisions in the Committee's bylaws.

14. Entry of this Order is without prejudice to the Committee's rights to seek a further order of the Court addressing any additional relief concerning compliance with Bankruptcy Code section 1102(b)(3).

15. Nothing in this Order shall prejudice or otherwise affect the procedural rights of creditors to seek relief under Bankruptcy Code section 1102(b)(3)(C).

16. The Court shall retain jurisdiction with respect to all matters arising from and related to the implementation of this Order.

Dated: _____

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE