**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>Jointly Administered<br><br>**Re D.I. Nos.: 205 & 301** |

**MASTER LANDLORD'S PRELIMINARY OBJECTION AND RESERVATION OF RIGHTS REGARDING THE SALE TO SUCCESSFUL BIDDER AND ADEQUATE ASSURANCE OF FUTURE PERFORMANCE BY SUCCESSFUL BIDDER**

PAHH Erie Street Garage, LLC (the "Master Landlord") by and through its counsel, DLA Piper LLP (US), submits this preliminary objection and reservation of rights (the "Preliminary Objection") to the sale to Successful Bidder and adequate assurance of future performance by the Successful Bidder in accordance with the Bidding Procedures and deadlines set for in the *Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially All Assets of St. Christopher's Healthcare, LLC and Certain Related Affiliates and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and Protections Afforded to Any Stalking Horse Purchasers, and (IV) Granting Related Relief* [D.I. 301] (the "Bidding Procedures Order") notwithstanding that the auction that commenced on September 19,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

2019 has not yet occurred, no Successful Bidder has been announced and the auction has yet to conclude, and respectfully state as follows:

## OBJECTION

In accordance with the Bidding Procedures Order the deadline to object to the Sale is September 20, 2019 at 4:00 p.m. (ET).

On September 16, 2019, the Debtors filed the *Notice of Extension of Bid Deadline and Auction* [DI 722], extending the deadlines to submit Qualified Bids and, in the event the Debtors received more the one Qualified Bid, the date on which the Auction will commence to September 19, 2019.

As of this date, the Master Landlord has no information from the Debtors regarding the auction other than that it commenced on September 19, 2019, but no bids were received on the record during the September 19th session, and to the Master Landlord's knowledge no Successful Bidder has been announced and the auction has yet to conclude. Furthermore, the Master Landlord has received no information from any bidder, let alone the Successful Bidder, providing information relative such bidder's adequate assurance of future performance under the Master Lease affecting the Eris Street garage.[2]

1. On January 11, 2018, the Debtors and certain of their non-Debtor affiliates, consummated the purchase of the businesses of the Hospitals and certain related assets, including the Physician Groups (together, the "Healthcare Businesses"), pursuant to an Asset Sale Agreement dated August 31, 2017, as amended (the "Acquisition").

---

[2]   Section 9.1 of each Master Lease provides, "Notwithstanding any provision of this Lease to the contrary, except as otherwise agreed by Landlord in its sole discretion… this Lease shall not be assigned in whole or in part unless the Other Master Leases are simultaneously assigned to the same Person."

2. Concurrent with the Acquisition of the Healthcare Businesses, the Master Landlords in a single, integrated transaction purchased the various medical office buildings and parking garages (the medical office buildings and parking garages owned by the Master Landlords are referred to herein as the "Properties"), which are generally adjacent to the Hahnemann University Hospital ("HUH") and St. Christopher's Hospital for Children ("SCHC" and together with HUH, the "Hospitals") and directly or indirectly support the operation of the Hospitals. The real estate on which the actual Hospital buildings are located is owned by certain non-Debtor affiliates of the Debtors.

3. Incident to the Acquisition, on January 11, 2018, SCHC, as master lessee entered into master leases (collectively, the "Master Leases") for the Properties with the Master Landlords, including for the Erie Street garage.

4. By separate objection, the Master Landlords have objected to the Debtors' ability to assume and assign any single Master Lease, as the Master Leases are a single, integrated transaction. Furthermore, the Master Landlords assert cure obligations of not less than approximately $5.2 million with per diem obligations continuing to accrue, as more fully set forth in such objections.

5. The Bankruptcy Code requires that as a condition precedent to assumption and assignment of the Master Leases, the Debtors must pay the full amounts due and unpaid under the Master Leases as of the closing dates of the sale of SCHC, as well as pay and perform all other obligations under the Master Leases. *See* 11 U.S.C. § 365(b)(1); *see also In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998) (holding that "[t]he cure of a default under an unexpired lease pursuant to 11 U.S.C. § 365 is more akin to a condition precedent to the assumption of a contract obligation than it is to a claim in bankruptcy." (*citing In re J.W. Mays, Inc.*, 30 B.R.

3

EAST\169385780.1

769, 772 (Bankr. S.D.N.Y. 1983))). When a contract is assumed under section 365 of the Bankruptcy Code, the non-Debtor third party to that contract must be "made whole at the time of the debtor's assumption of the contract." *Id.* Accordingly, any Cure Amounts for the Master Leases must include all accrued and unpaid amounts due under the Master Leases as of the closing date of SCHC, as well as all other obligations thereunder. *See* 11 U.S.C. § 365(b)(1).

6. Finally, until the Debtors select a Successful Bidder and the Successful Bidder designates the Master Leases to be assumed by the Successful Bidder and provides for payment of cure and adequate assurance of future performance, both this preliminary objection and any hearing are premature.

## RESERVATION OF RIGHTS

7. The Master Landlord, for itself and all Master Landlords, reserve the right to: (i) amend and/or supplement this Preliminary Objection from time to time and at any time; (ii) object to the proposed sales or forms of asset purchase agreements or other document executed by the Debtors and the proposed purchasers of any of their assets; (iii) object to the assumption and assignment of any Master Lease without all of the Master Leases being assumed and assigned as a single, integrated transaction; (iv) in the event the Court determines that the Master Leases do not constitute a single, integrated transaction, to assert a Cure Amount relative to each Master Lease; (v) to liquidate or estimate unknown or undisclosed obligations under the Master Leases; (vi) to liquidate or estimate contingent obligations under the Master Leases; (vii) raise additional objections at any hearing for the sale of the Debtors' assets; or (viii) seek to continue any sale hearing or hearing to determine the Cure Amounts in order that the Master Landlords may conduct discovery to discover the full extent of SCHC's obligations owing under the Master Leases.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Master Landlords respectfully request that the Court grant relief consistent with this Preliminary Objection and Reservation of Rights, and such other relief as is just and proper.

Dated:  September 20, 2019
        Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Stuart M. Brown*
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile:  (302) 394-2341
Email: Stuart.Brown@dlapiper.com

-and-

Richard A. Chesley (admitted *pro hac vice*)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Telephone:  (312) 368-4000
Facsimile:   (312) 236-7516
Email:  Richard.Chesley@dlapiper.com

*Counsel to the Master Landlords*