**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al*.,[1] | ) Jointly Administered |
|  | ) |
| Debtors. | ) **Re D.I.: 205, 510, 734 & 735** |

**MASTER LANDLORDS' OMNIBUS AND**
**SUPPLEMENTAL OBJECTION TO CURE AMOUNTS**

PAHH Bellet MOB, LLC; PAHH Broad Street MOB, LLC; PAHH Erie Street Garage, LLC; PAHH Feinstein MOB, LLC; PAHH New College, MOB, LLC; and PAHH Wood Street Garage, LLC (collectively, the "Master Landlords") by and through their counsel, DLA Piper LLP (US), submit this omnibus and supplemental objection (the "Supplemental Objection") to the *Notice of Assumption of Lease/Executory Contract Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors* [D.I. 510] (the "Cure Notice"), the Revised Cure Schedule (defined below) [D.I. 734]], and the Supplemental Cure Notice (defined below) [D.I. 735], and respectfully state as follows:

**PRELIMINARY STATEMENT**

The Master Landlords do not object or seek to prevent the Debtors from assuming and assigning the Master Leases (defined below). The Master Leases collectively constitute a single,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

integrated transaction that requires the Debtors to assume and assign all of the Master Leases to a single purchaser or reject all of the Master Leases.[2]

The Debtors are obligated to ensure that the Master Landlords receive full payment of amounts currently due and owing under the Master Leases, all other obligations existing under the Master Leases are fulfilled and that adequate assurance of future performance is provided regarding contractual obligations including, without limitation upcoming payments, all as required under section 365(b)(1)(A) and (C) of title 11 of the United States Code (as amended, the "Bankruptcy Code").

## BACKGROUND

1.      On January 11, 2018, the Debtors and certain of their non-Debtor affiliates, consummated the purchase of the businesses of the Hospitals and certain related assets, including the Physician Groups (together, the "Healthcare Businesses"), pursuant to an Asset Sale Agreement dated August 31, 2017, as amended (the "Acquisition").

2.      Concurrent with the Acquisition of the Healthcare Businesses, the Master Landlords in a single, integrated transaction purchased the various medical office buildings and parking garages (the medical office buildings and parking garages owned by the Master Landlords are referred to herein as the "Properties"), which are generally adjacent to the Hahnemann University Hospital ("HUH") and St. Christopher's Hospital for Children ("SCHC" and together with HUH, the "Hospitals") and directly or indirectly support the operation of the Hospitals.  The real estate on which the actual Hospital buildings are located and the Hospital buildings are owned by certain non-Debtor affiliates of the Debtors.

---

[2]      Section 9.1 of each Master Lease provides, "Notwithstanding any provision of this Lease to the contrary, except as otherwise agreed by Landlord in its sole discretion… this Lease shall not be assigned in whole or in part unless the Other Master Leases are simultaneously assigned to the same Person."

3.      Incident to the Acquisition, on January 11, 2018, SCHC, as master lessee entered into master leases (collectively, the "Master Leases") for the Properties with the Master Landlords. SCHC then sub-leased the majority of the Properties to Drexel University College Of Medicine ("DUCOM") or to DUCOM affiliates, as well as to other sub-tenants, including certain of its non-Debtor affiliates.

4.      The Master Leases are absolute net leases.  SCHC is required to pay all amounts owing under the Master Leases and all occupancy costs for the premises leased under the Master Leases.  The Master Leases are voluminous and copies may be obtained by requesting a copy from counsel for the Master Landlords.

5.      By letter dated June 20, 2019, the Master Landlords gave notice to SCHC that it was in default under the Master Leases and demanded immediate reimbursement in full of the past due real estate taxes that Master Landlords paid on SCHC's behalf and triggered SCHC's obligation to fund a reserve for real estate taxes coming due in the next succeeding year.

6.      On July 1, 2019, the Debtors filed for relief under Chapter 11 of the Bankruptcy Code.

7.      Prior to and following the commencement of their Chapter 11 Cases the Debtors failed and continue to fail to fully perform and pay all of their obligations under the Master Leases.

8.      On July 16, 2019, the Debtors filed the *Motion for Entry of (A) an Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially All Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and Protections*

EAST\169384096.1

*Afforded to Any Stalking Horse Purchasers, and (IV) Granting Related Relief and (B) One or More Orders (I) Approving the Sales or Other Acquisition Transactions for the Assets, (II) Authorizing the Sales Free and Clear of all Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 205] (the "SCHC Sale Motion").

9.      On July 26, 2019, the Court entered the *Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially all Assets of St. Christopher's Healthcare, LLC and Certain Related Affiliates and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and Protections Afforded to any Stalking Horse Purchases, and (IV) Granting Related Relief* [D.I. 301] (the "Bidding Procedures Order").

10.      On August 16, 2019, the Debtors filed the *Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors* [D.I. 510] (the "Cure Notice"), wherein the Debtors indicated that the amounts due under each Master Lease (the "Cure Amounts") is presently "$0", notwithstanding Debtors' admissions on the record of these Chapter 11 Cases that (i) they have not budgeted for the full amount of the Rent and Supplementary Rent (as defined in the Master Leases) due under the Master Leases, (ii) have not and will not pay in full the Rent and Supplementary Rent coming due under the Master Leases following the commencement of the Chapter 11 Cases and (iii) have not performed and are not performing all of their other obligations under the Master Leases, including the ongoing maintenance and repair of the Properties.

EAST\169384096.1

11.     On September 19, 2019, the Debtors filed the *Notice of Filing of Amended Cure Schedule* [D.I. 734] (the "Revised Cure Schedule"), and subsequently also filed *Supplemental Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors* [D.I. 735] (the "Supplemental Cure Notice").

12.     Despite having previously filed the *Master Landlords' Omnibus Objection to Cure Amounts* [D.I. 689] (the "Objection"), the Debtors' subsequent filing of the Revised Cure Schedule and Supplemental Cure Notice did not resolve the Master Landlords' Objection, and so the Master Landlords have filed this Supplemental Objection.

**OBJECTION**

13.     The Cure Amounts reflected in the Cure Notice are inconsistent with the Master Landlords' records of the obligations currently owing and accruing under the Master Leases, as more fully set forth on **Exhibit A** attached hereto and incorporated herein (collectively, the "Master Lease Indebtedness").[3]   The Cure Amounts are partially liquidated and partially unliquidated and comprise obligations owing for unpaid Rent, Supplementary Rent, and Impoundments (each as defined under the Master Leases), including, without limitation, fees, late fees, default interest, enforcement costs including attorneys' fees and related expenses, unknown, undisclosed and potential mechanics' and materialmen's liens, utility costs, insurance, service costs and other operating expenses incurred or that should have been incurred by SCHC, capital expenditures that were to have been made by SCHC, capital projects initiated by or for SCHC that are incomplete, maintenance that was to be performed prior to and following the commencement

---

[3]     The Master Landlords expect to incur additional losses and damages resulting from Debtors' rejection of various vendor contracts that benefitted the Properties, including without limitation, equipment, service and warranty contracts respecting the garage equipment and therefore the defined term "Master Lease Indebtedness is intended to include these additional losses and damages.

EAST\169384096.1

of the Chapter 11 Cases, and value destruction resulting from SCHC's partial or non-performance of preventative maintenance.

14.     In addition, the Debtors have applied for rebates from certain utility and other providers occasioned by improvements to the premises funded by the Master Landlords. Any rebates received are property of the Master Landlords. The Cure Amounts include an unliquidated claim for rebates earned, whether applied for or not, whether paid or not, but that have not been turned over to the Master Landlords.

15.     The Cure Notice must be modified in accordance with Exhibit A to account for the Master Lease Indebtedness. Moreover, notwithstanding any amounts set forth in the Revised Cure Schedule, amounts will continue to accrue and become due and owing to the Master Landlords under the Master Leases and otherwise to satisfy SCHC's performance obligations under the Master Leases from the date of this Objection through to the closing of the sale of SCHC and the effective date of the assumption and assignment of the Master Leases.[4]

16.     The Bankruptcy Code requires that as a condition precedent to assumption and assignment of the Master Leases, the Debtors must pay the full amounts due and unpaid under the Master Leases as of the closing dates of the sale of SCHC, as well as pay and perform all other obligations under the Master Leases. *See* 11 U.S.C. § 365(b)(1); *see also In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998) (holding that "[t]he cure of a default under an unexpired lease pursuant to 11 U.S.C. § 365 is more akin to a condition precedent to the assumption of a contract obligation than it is to a claim in bankruptcy." (*citing In re J.W. Mays, Inc.*, 30 B.R. 769, 772 (Bankr. S.D.N.Y. 1983))). When a contract is assumed under section 365 of the Bankruptcy Code, the non-Debtor third party to that contract must be "made whole at the time of

---

[4]     Exhibit A hereto reflects the minimum per diem accrual under the Master Leases.

the debtor's assumption of the contract." *Id.* Accordingly, any Cure Amounts for the Master Leases must include all accrued and unpaid amounts due under the Master Leases as of the closing date of SCHC, as well as all other obligations thereunder. *See* 11 U.S.C. § 365(b)(1).

## RESERVATION OF RIGHTS

17.     The Master Landlords reserve the right to: (i) amend and/or supplement this Objection from time to time and at any time; (ii) object to the proposed sales or forms of asset purchase agreements or other document executed by the Debtors and the proposed purchasers of any of their assets; (iii) object to the assumption and assignment of any Master Lease without all of the Master Leases being assumed and assigned as a single, integrated transaction; (iv) in the event the Court determines that the Master Leases do not constitute a single, integrated transaction, to assert a Cure Amount relative to each Master Lease; (v) to liquidate or estimate unknown or undisclosed obligations under the Master Leases; (vi) to liquidate or estimate contingent obligations under the Master Leases; (vii) raise additional objections at any hearing for the sale of the Debtors' assets; or (viii) seek to continue any sale hearing or hearing to determine the Cure Amounts in order that the Master Landlords may conduct discovery to discover the full extent of SCHC's obligations owing under the Master Leases.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Master Landlords respectfully request that the Court grant relief consistent with this Objection, and such other relief as is just and proper.

*[Remainder of Page Intentionally Left Blank.]*

Dated:   September 20, 2019          Respectfully submitted,
         Wilmington, Delaware

                                     **DLA PIPER LLP (US)**

                                     */s/ Stuart M. Brown*
                                     Stuart M. Brown (DE 4050)
                                     1201 North Market Street, Suite 2100
                                     Wilmington, Delaware 19801
                                     Telephone: (302) 468-5700
                                     Facsimile:  (302) 394-2341
                                     Email: Stuart.Brown@dlapiper.com

                                     -and-

                                     Richard A. Chesley (admitted *pro hac vice*)
                                     444 West Lake Street, Suite 900
                                     Chicago, Illinois 60606
                                     Telephone:  (312) 368-4000
                                     Facsimile:   (312) 236-7516
                                     Email:  Richard.Chesley@dlapiper.com

                                     *Counsel to the Master Landlords*

EAST\169384096.1