## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a<br>HAHNEMANN UNIVERSITY HOSPITAL, *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>Jointly Administered<br><br>**Re: Docket No. 510, 622, 734 & 753** |

## SUPPLEMENTAL OBJECTION AND RESERVATION OF RIGHTS TO
## NOTICE OF FILING OF *AMENDED* CURE SCHEDULE

Philadelphia Academic Health Holdings, LLC ("PAHH"), Front Street Healthcare

Properties, LLC ("Front Street"), and Front Street Healthcare Properties II, LLC ("Front Street II"

and together with Front Street and PAHH, the "Non-Debtor Lessors"), by and through their

undersigned counsel, hereby submit this supplemental objection and reservation of rights

(the "Supplemental Objection") to the *Notice of Filing of* Amended *Cure Schedule* [Docket No.

734] (the "Amended Cure Notice") and respectfully state as follows:[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] It is the Non-Debtor Lessors' understanding that the alleged lease identified on page 26 of the Amended Cure Notice between PAHH and SCHC Pediatric Associates, L.L.C. will be removed from the Amended Cure Notice. It is also unclear to the Non-Debtor Lessors whether the Debtors intend to assume and assign the Master Lease (3484-3863 D Street - D Street Warehouse) listed on page 14 of the Amended Cure Notice as such lease is not included in Schedule 1.7(r)(i) of the asset purchase agreement attached to the Notice of Proposed Purchaser (defined below). However, to the extent that the Debtors are seeking to assume (and assign) either of the above leases, the Non-Debtor Lessors reserve all rights to modify, supplement, or revise this Supplemental Objection with respect thereto.

**BACKGROUND**

1.          On August 30, 2019, the Non-Debtor Lessors filed the *Limited Objection and Reservation of Rights to Notice of Assumption, Assignment and Cure Amount With Respect to Executory Contracts and Unexpired Leases of the Debtors* [Docket No. 622] (the "Limited Objection").[3] In the Limited Objection, the Non-Debtor Lessors noted that they do not object to the proposed assumption (and assignment) of the Front Street Lease or any of the other Affiliate Agreements included in the Cure Notice, provided that as a condition to the assumption (and assignment) of such agreements (i) the Cure Amounts for such agreements reflect all amounts currently outstanding under the agreements and (ii) the Non-Debtor Lessors receive adequate assurance of future performance by the Debtors or any assignee in the event such agreements are assigned to a bidder of the SCH Entities' assets.

2.          As described in the Limited Objection, under the terms of the Front Street Lease, SCH is obligated to pay PAHH (i) $1,093,750 per year in base rent ("Base Rent") and (ii) $7,656,250 per year in performance-based rent ("Performance-Based Rent"). Front Street Lease at 1. Base Rent is payable in arrears as of the last day of each calendar quarter and Performance-Based Rent is payable upon the occurrence of certain conditions (the "Performance-Based Rent Payment Trigger") tied to that certain *Credit and Security Agreement* dated January 11, 2018, between the Debtors and MidCap Funding IV Trust and MidCap Funding H Trust (together, "MidCap"). *Id.* at 1-2.[4] In addition, under the Front Street Lease, SCH is responsible for the payment of certain taxes applicable to the Leased Premises and all operating expenses

---

[3] Capitalized terms used but not defined herein shall have the meanings used in the Limited Objection.

[4] The Non-Debtor Lessors reserve all of their rights to modify, supplement, or revise this Supplemental Objection with respect to any performance-based rent that may be owed under any of the other Affiliate Agreements.

(including, without limitation, maintenance, repair, and alternation costs) and utilities associated with the Leased Premises. *Id.* §§ 1.1-1.2.

3.      On September 20, 2019, the Debtors filed the *Notice of Cancellation of Auction and Designation of STC Opco, LLC as the Proposed Purchaser in Connection With the Sale of Substantially all Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors* [Docket No. 753] (the "Notice of Proposed Purchaser") identifying STC Opco, LLC as the proposed purchaser (the "Purchaser") for the SCH Entities' assets. The Purchaser is a limited liability company, the members of which are Tower Health and Drexel University. *See* Notice of Proposed Purchaser at 2.

4.      In accordance with the Cure Notice and the Notice of Proposed Purchaser, on September 20, 2019, counsel to the Non-Debtor Lessors sent a request for adequate assurance information to counsel for the Purchaser. As of the time of filing this Supplemental Objection, the Non-Debtor Lessors have not received a response to their request for adequate assurance information. Indeed, the Non-Debtor Lessors have received no information regarding the future performance by the Purchaser of the Debtors' obligations under the Affiliate Agreements listed in the Amended Cure Notice.

**OBJECTION**

5.      Bankruptcy Code section 365(b)(1) provides that "[i]f there has been a default in an . . . unexpired lease of the debtor, the trustee may not assume such . . . lease unless, at the time of assumption of such . . . lease, the trustee—(A) cures, or provides adequate assurance that the trustee will promptly cure such default . . . (B) compensates, or provides adequate assurance that it will promptly compensate . . . [the landlord] for any actual pecuniary loss . . . resulting from such default, and (C) provides adequate assurance of future performance under such . . . lease." 11 U.S.C. § 365(b)(1). Further, Bankruptcy Code section 365(f)(2) provides that "[t]he

trustee may assign an executory contract or unexpired lease of the debtor only if—(A) the trustee

assumes such contract or lease in accordance with the provisions of [section 365]; and (B) adequate

assurance of future performance by the assignee of such contract or lease is provided, whether or

not there has been a default in such contract or lease." *Id.* at § 365(f)(2). To determine whether

adequate assurance of future performance has been provided, courts evaluate the facts and

circumstances of each case. *In re DBSI, Inc.,* 405 B.R. 698, 708 (Bankr. D. Del. 2009) (citations

omitted).

   6. As set forth on the cure analysis attached hereto as **Exhibit A**, as of the

filing of this Supplemental Objection, there is no less than $2,819,892 in arrearages owed under

the Affiliate Agreements listed in the Amended Cure Notice. Given the significant amounts owed

by the Debtors with respect to such agreements, the Non-Debtor Lessors object to the assumption

and assignment of such agreements absent a prompt cure of all outstanding amounts owed under

the agreements.

   7. Upon information and belief, the Purchaser is a newly formed special

purchase vehicle owned by Tower Health and Drexel University. *See* Notice of Proposed

Purchaser at 2. The Non-Debtor Lessors have received no information with respect to how the

Purchaser is managed or how it is funded (despite requesting such information from the

Purchaser's counsel). In addition, neither the Debtors nor the Purchaser have shared any business

plans, budgets, projections, balance sheets, or other financial information concerning the

Purchaser. Simply put, the Non-Debtor Lessors have no idea how the Purchaser intends to cure

the significant defaults under the Affiliate Agreements listed in the Amended Cure Notice or how

the Purchaser intends to perform under such agreements once assumed. Thus, the Debtors have

failed to meet their burden under Bankruptcy Code section 365 to assume and assign the Affiliate

Agreements. *See Matter of World Skating Ctr., Inc.*, 100 B.R. 147, 148-49 (Bankr. D. Conn. 1989) ("Adequate assurance requires a foundation that is nonspeculative and sufficiently substantive so as to assure the landlord that it will receive the amount of the default." (citations omitted)); *see also In re Future Growth Enterprises, Inc.*, 61 B.R. 469 (Bankr. E.D. Pa. 1986) (lease could not be assumed where operating profit was too narrow to provide adequate assurance that arrearages could be cured).

8.    Because the Non-Debtor Lessors have not been provided the adequate assurance of future performance to which they are entitled under the Bankruptcy Code, the Debtors' request to assume and assign the Affiliate Agreements to the Purchaser should be adjourned pending an order requiring the Purchaser to provide adequate assurance through the provision of a letter of credit. See *In re DBSI, Inc., 405 B.R. at 708* (denying proposed assumption of master lease where debtor failed to provide adequate assurance of future performance); *In re Metromedia Fiber Network, Inc.*, 335 B.R. 41, 65-66 (Bankr. S.D.N.Y. 2005) (same); *cf. In re Filene's Basement, LLC, Case No. 11-13511 (KJC), 2014 WL 1713416, *12 (Bankr. D. Del. April 29, 2014)* (finding that upon payment of outstanding rent claim and the procurement of a letter of credit to cover the remaining claims, the debtors would be permitted to assign lease to buyer). The Non-Debtor Lessors are unquestionably entitled to a cure of the defaulted amounts under the Affiliate Agreements at the time of assumption. The Non-Debtor Lessors reserve the right to seek "timely" payment of all postpetition amounts under Bankruptcy Code section 365(d)(3) prior to assumption and the substantial prepetition amounts at the time of cure.

9.    Moreover, as a result of the rollup of the Debtors' prepetition credit facility with MidCap into the postpetition debtor-in-possession facility with MidCap, certain of the conditions contained in the Performance-Based Rent Payment Trigger no longer exist (*e.g.*, there

is no Fixed Charge Coverage Ratio in the debtor-in-possession facility). Given the change in circumstances surrounding the Front Street Lease, the Non-Debtor Lessors believe that Performance-Based Rent is accruing and payable since the Petition Date. Any order authorizing the assumption or assignment of the Front Street Lease must provide that the Debtors or any assignee shall be responsible for the ongoing payment of all amounts due under the Front Street Lease, including, without limitation, the full amount of the accrued Performance-Based Rent. Further, if the Purchaser intends to take the position (which the Non-Debtor Lessors would dispute in an appropriate forum) that the Performance-Based Rent is due at the conclusion of the Front Street Lease, the Purchaser should be required to provide a letter of credit that increases annually with the accrual of accruing Performance-Based Rent.

10.    The Non-Debtor Lessors remain willing to work with the Debtors and the Purchaser regarding the assumption and assignment of the Affiliate Agreements, however, at this juncture the Non-Debtor Lessors have no other option but to request that the Court adjourn the Debtors' request with respect to the assumption and assignment of the Affiliate Agreements.

## RESERVATION OF RIGHTS

11.    The Non-Debtor Lessors and their affiliates reserve all rights with respect to any sale of the SCH Entities' assets to the extent an agreement cannot be reached between the Non-Debtor Lessors and the Debtors, the Purchaser, or any other bidder regarding the Affiliate Agreements, including, without limitation, the Front Street Lease, and reserve their rights to amend, modify, supplement, or otherwise revise this Supplemental Objection and to raise any additional objections to the Sale at the sale hearing.

12.    The Non-Debtor Lessors and their affiliates also reserve all of their rights with respect to the proposed assumption (and assignment) of any of the Affiliate Agreements, including, without limitation, the Front Street Lease, and reserve the right to amend, modify,

supplement, or otherwise revise this Supplemental Objection and to raise any additional objections at any hearing regarding the Amended Cure Notice, including, without limitation, as necessary or appropriate to amend, quantify, or correct amounts necessary to cure any defaults or arrears associated with the agreements, to assert as part of the Cure Amounts any additional amounts that may accrue or arise between now and the date of assumption, or to assert additional grounds for objecting to the assumption and assignment of the Affiliate Agreements (including, without limitation, adequate assurance of future performance of the Purchaser).

## CONCLUSION

13.     For the reasons stated above, the Court should adjourn the Debtors' request to assume and assign the Affiliate Agreements. In the alternative, the Court should only allow assumption and assignment of such agreements subject to (i) the Purchaser's provision of adequate assurance of future performance through the procurement of a letter of credit; and (ii) prompt payment of all amounts owed under the agreements.

*Remainder of Page Intentionally Left Blank*

Dated: September 23, 2019
      Wilmington, Delaware

*/s/ Brendan J. Schlauch*
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Brendan J. Schlauch (No. 6115)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel:    (302) 651-7700
Fax:   (302) 651-7701
Email: collins@rlf.com
      merchant@rlf.com
      schlauch@rlf.com

-and-

Suzzanne Uhland
Daniel S. Shamah
Diana M. Perez
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Tel:    (212) 326-2000
Fax:   (212) 326-2061
Email: suhland@omm.com
      dshamah@omm.com
      dperez@omm.com

*Attorneys for the Non-Debtor Lessors*