# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (KG) |
| Debtors. | (Jointly Administered) |
| | Related Docket No. 301, 697 |

## SUPPLEMENTAL OBJECTION OF TEMPLE UNIVERSITY HEALTH SYSTEM, INC., TEMPLE UNIVERSITY HOSPITAL, AND TEMPLE UNIVERSITY LEWIS KATZ SCHOOL OF MEDICINE REGARDING SALE

Temple University Health System, Inc. ("TUHS"), Temple University Hospital, Inc. ("TUH") and Temple University Lewis Katz School of Medicine ("LKSOM" and collectively with TUHS and TUH, "Temple"), by and through its undersigned counsel, hereby files this objection (this "Objection") to the proposed sale of the assets of St. Christopher's Healthcare, LLC and certain related affiliates (the "Sale"). In support of this Objection, Temple states as follows:

### BACKGROUND

1. On June 30 and July 1, 2019 (collectively, the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

#55267252 v4

2. On July 26, 2019, the Court entered the *Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially all Assets of St. Christopher's Healthcare, LLC and Certain Related Affiliates and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and Protections Afforded to any Stalking Horse Purchases, and (IV) Granting Related Relief* (Docket No. 301) (the "Bidding Procedures Order") related to the potential Sale.

3. On September 6, 2019, Temple timely filed the *Limited Objection of Temple University Health System, Inc. to Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors* (Docket No. 670) (the "Limited Objection"), pursuant to which Temple submitted a limited objection with respect to the Assumption Notice as it relates to the Temple Agreements (as that term is defined in the Limited Objection) subject to assumption and assignment in connection with the a Sale.

4. On September 12, 2019, Temple filed the *Temple University Health System, Inc.'s Preliminary Response and Reservation of Rights Regarding Sale* (D.I. 697) (the "Preliminary Response").  Through the Preliminary Response, Temple timely lodged its preliminary objection to the Sale and preserved its right to supplement with this Objection once a winning bid and bidder were designated and the terms of the Sale became known.

5. Bids were due on September 18, 2019 at 2:00 p.m. with an auction to be held, if necessary, on September 19, 2019 at 10:00 a.m.

6. On September 20, 2019, the Debtors filed their *Notice of Cancellation of Auction and Designation of STC OpCo, LLC as the Proposed Purchaser in Connection with the*

*Sale of Substantially all Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors* (D.I. 753) ("Designation Notice"). The Designation Notice provides that the Debtors cancelled the auction and designated the bid of STC OpCo, LLC as the proposed purchaser (the "Purchaser") with respect to the Sale and for the first time on a Friday night heading into a Monday sale hearing, attached the proposed asset purchase agreement (the "APA")[2] as Exhibit A thereto.

7.  Section 1.11 of the APA provides that Schedule 1.11 is the Purchaser's initial schedule of Seller Contracts designated as Assumed Contracts or Assumed Leases. Schedule 1.11 provides that "[a]ll contracts, leases and other agreements listed on Exhibit A to the Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors[3] as filed in the Bankruptcy Court [are assumed] with the following exceptions[.]" In short, all executory contracts and leases that had been included in the cure and assumption notice will be assumed and assigned unless expressly excluded in Schedule 1.11.

8.  Schedule 1.11(u) of the APA, appears to exclude the Academic Affiliation Agreement by and between TUHS and related entities and Tenet HealthSystem St. Christopher's Hospital for Children, LLC and related entities, dated October 19, 2007 (the "AAA") as an Assumed Contract.[4] Moreover, the Purchaser has informed Temple that it does not intend to assume the AAA.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the APA.

[3] Temple believes this is a reference to Docket Number 510, which designated the AAA as an executory contract to be assumed, but the cure amount was incorrect. The cure amount was negotiated with the Debtors and corrected in the *Notice of Filing of Amended Cure Schedule* (D.I. 734).

[4] Schedule 1.11(u) of the APA excludes from assumption: "All Student Affiliation Agreements and Medicare GME Affiliation Agreements with Temple University and St. Christopher's Healthcare, LLC."

-3-

9. Section 5.4 of the APA provides: "OpCo Buyer agrees to assume responsibility for the continued training of all current Hospital residents and fellows (the 'Continuing Residents') on and after the Closing Date."

## ACADEMIC AFFILIATION AGREEMENT

10. The AAA was entered into by Temple and St. Christopher's Hospital for Children, LLC ("St. Christopher's") in 2007 as part of a comprehensive and long-term arrangement to provide training for TUH residents and LKSOM students. The AAA became effective on October 19, 2007 and runs through June 30, 2032. *See* AAA, Sec. 10.01

11. In conformance with its obligations under and in reliance upon the AAA, Temple closed its own children's hospital following execution of the AAA. Temple has continuously sent both residents and medical students to St. Christopher's since 2007.

12. Temple's pediatric training and clinical programs, run in conjunction with St. Christopher's, are an integral part of Temple's medical school and hospital residency programs. The St. Christopher's location provides the primary source of pediatric training for LKSOM students and TUH residents and fellows on both a short-term and long-term basis. Numerous Temple-affiliated doctors are also embedded at St. Christopher's and provide care to St. Christopher's patients.

13. Moreover, as part of the AAA, Temple agreed to use St. Christopher's physicians and staff as Temple's exclusive source for its pediatric services needs. *See* AAA., Sec. 3.02. *Effectively, Temple was precluded from creating a back-up pediatric program to St. Christopher's, which in turn allowed St. Christopher's to be confident of a continued flow of both resident clinical trainees and patient referrals.* Temple has continued in its faithful performance under the AAA. If the Purchaser is permitted to effectively reject the AAA,

-4-

Temple will have little to no options for the placement of its residents and medical students. Thus, without the AAA's long-term commitment, the LKSOM program and its students, as well as the TUH residency programs, will be severely and unduly harmed, possibly even jeopardizing Temple's accreditations required for the operation of its medical school and its residency programs.

## OBJECTION

14.     After learning of the Purchaser's identity on Friday evening (September 20, 2019), Temple attempted to discuss with the Purchaser the AAA, including negotiating terms of the AAA if necessary, but the Purchaser refused to engage— intransigently maintaining that it will engage in discussions only after the sale order is entered.

15.     Temple presently has a substantial number of residents and students rotating through St. Christopher's for training and providing patient care. Temple's long-term residency and medical school programs are built around and reliant upon continued access to St. Christopher's as was deliberately and specifically negotiated at the outset of the AAA. Both short-term and long-term disruption of these programs would be devastating to Temple, its students, resident trainees, and the community generally.

16.     Temple has of its own volition accepted the Debtors' residents on an emergency basis in an attempt to serve the medical and community at large. Now, its efforts are about to be rewarded by the rejection of the AAA and potential consequences to its own accreditation.

17.     The sale order should not be entered until the AAA issues are resolved, because the AAA is a critical part of St. Christopher's operations and cannot be left to

"negotiations" at a later date. There is no justification, particularly in the context of these cases, to leave Temple and its students and resident trainees at substantial and unwarranted risk.

18. Additionally, section 5.4 of the APA provides that the Purchaser will "assume responsibility for the continued training of all current Hospital residents and fellows (the 'Continuing Residents') on and after the Closing Date." When Temple's counsel asked the Purchaser for clarification on its intentions regarding the AAA and ensuring continued access to St. Christopher's for Temples students and resident trainees, Purchaser's counsel responded that although it was "not a legal commitment, the intention is to continue with existing programs through the end of the current academic year." To the contrary, that obligation is a legal commitment and Purchaser must be held to the strict language of section 5.4, which clearly provides that the Purchaser will be responsible for the training of the residents and fellows currently at St. Christopher's on and after the closing of the Sale, and such responsibility should not be limited to the current academic year. To that end, Temple submits that approval of the APA should be conditioned on providing that parties to academic affiliation agreements, such as Temple, are third-party beneficiaries with respect to Section 5.4 of the APA (notwithstanding the no third-party beneficiary provision of the APA) to ensure that the Purchaser is held to its commitment to provide continued training of the residents and fellows currently at St. Christopher's.

19. At the very least, Temple respectfully requests that the Purchaser be required to enter into good faith negotiations with Temple to implement an academic affiliation agreement that runs through 2032 as does the current AAA, and to enter into such agreement upon commercially reasonable terms. Temple is willing to immediately participate in such negotiations.

**CONCLUSION**

20. WHEREFORE, Temple respectfully requests that the Court sustain its Objection and delay entry of any sale order until such time that Temple and the Purchaser have completed good faith negotiations to enter into a long term, commercially reasonable academic affiliation agreement consistent with the spirit of the current AAA.

Dated: September 23, 2019
Wilmington, Delaware

**PEPPER HAMILTON LLP**

 */s/ John H. Schanne, II*
John H. Schanne, II (DE 5260)
Marcy J. McLaughlin (DE 6184)
Hercules Plaza, Suite 5100
1313 N. Market Street, P.O. Box 1709
Wilmington, Delaware  19899-1709
Telephone:  (302) 777-6500
Facsimile:   (302) 421-8390
E-mail:       schannej@pepperlaw.com
                    mclaughlinm@pepperlaw.com

-and-

**PEPPER HAMILTON LLP**

Francis J. Lawall (admitted *pro hac vice*)
Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone:  (215) 981-4000
Facsimile:    (215) 981-4750
E-mail:       lawallf@pepperlaw.com

*Counsel for Temple University Health System, Inc.*