# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) ) ) | Case No. 19-11466 (KG) Jointly Administered |
| Debtors. | ) ) ) | |

## TENET BUSINESS SERVICES CORPORATION AND CONIFER REVENUE CYCLE SOLUTIONS, LLC'S SUPPLEMENTAL LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING THE SALE OF ST. CHRISTOPHER'S HOSPITAL FOR CHILDREN

Tenet Business Services Corporation ("Tenet") and Conifer Revenue Cycle Solutions, LLC ("Conifer") respectfully represent as follows in support of this supplemental limited objection and reservation of rights (this "Limited Objection") to the proposed sale of St. Christopher's Hospital for Children ("STC" and the "STC Sale," respectively):[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion for Entry of (A) an Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially All Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and Protections Afforded to any Stalking Horse Purchasers, and (IV) Granting Related Relief; and (B) One or More Orders (I) Approving the Sales or Other Acquisition Transactions for the Assets; (II) Authorizing the Sales Free and Clear of All Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 205] (the "STC Sale Motion")

**Background**

1. On August 30, 2019, Tenet and Conifer filed an objection to the potential assumption and assignment of the TSA and MSA, and on September 20, 2019, Tenet and Conifer supplemented that objection.[3] Additionally, on September 13, 2019, Tenet and Conifer filed an objection and reservation of rights regarding the STC Sale.[4] These Prior Sale Objections are incorporated herein by reference.

2. On September 20, 2019, the Debtors filed the *Notice of Cancellation of Auction and Designation of STC Opco, LLC as the Proposed Purchaser in Connection with the Sale of Substantially All Assets of St. Christopher's Healthcare, LLC*, which designated STC Opco, LLC as the proposed purchaser of STC, and attached an asset purchase agreement for the STC Sale. This Limited Objection supplements the Prior Sale Objections to address the terms of the STC Sale as reflected in the asset purchase agreement filed on the Court's docket on Friday [Docket No. 753].

**Limited Objection**

**I.    The Debtors Must Cure Defaults and Demonstrate Adequate Assurance of Future Performance In Order to Assign Contracts to the Purchaser.**

3. To assign an executory contract under which a debtor has defaulted, the debtor must: (a) cure, or provide adequate assurance of prompt cure, of any outstanding defaults, (b) compensate the non-debtor contract party for any actual pecuniary loss resulting from the

---

[3]    *See Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC's Objection to the Potential Assumption and Assignment of TSA and MSA* [Docket No. 618]; *Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC's Supplemental Objection and Reservation of Rights Regarding the Potential Assumption and Assignment of TSA and MSA* [Docket No. 750] (collectively, the "Contract Objections").

[4]    *See Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC's Objection and Reservation of Rights with Respect to the Proposed Sale of St. Christopher's Hospital and Certain Related Assets* [Docket No. 714] (the "Preliminary Sale Objection" and, together with the Contract Objections, the "Prior Sale Objections").

debtor's default, and (c) provide adequate assurance of future performance under the contract. 11 U.S.C. § 365(B)(1); *In re DBSI, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009). The Debtors have not met this burden.

4. In the Contract Objections, Tenet and Conifer objected to the assumption and assignment of the TSA and MSA, and the Contract Objections remain outstanding to the extent the Debtors intend to assume and assign the TSA and MSA.

5. Additionally, the Debtors filed a supplemental notice of assumption and assignment of contracts [Docket No. 735]. One of the contracts designated for potential assumption and assignment was an "Access License and Shared Services Agreement and Agreement Regarding Sublease" (the "CUC Agreement") with Center for the Urban Child, Inc.—a wholly owned subsidiary of Tenet. The Debtors have asserted that the cure amount for the CUC Agreement is $0.00, but there is an outstanding default of $230,154.63 as of the date hereof that must be cured in order for the CUC Agreement to be assumed and assigned.

6. Separately, the Debtors have told Tenet that the STC Sale will likely include the Debtors assigning the lease for the real property at STC to the Purchaser (the lessors are non-Debtor affiliates). The assignment of such lease would constitute an event of default under the $17.5 million "seller note" (the "Seller Note") between these non-Debtor lessors and Tenet.[5]

## II. There Is No Guarantee that a New TSA/MSA Will Be Entered Into.

7. The proposed purchase agreement for the STC Sale includes conditions precedent to the closing of the sale that Tenet and the Purchaser agree to a new transition services agreement

---

[5] On September 19, 2019, Tenet and Conifer filed a lawsuit in the Superior Court for the State of Delaware against these lessors and certain other non-Debtors regarding, among other things, existing defaults under the Seller Note. This lawsuit is captioned *Tenet Business Service Corporation et al. v. Front Street Healthcare Properties, LLC et al.*, C.A. No. N19C-09-116-SKR.

(a "New TSA") and Conifer and the Purchaser enter into a new master services agreement (a "New MSA"). Tenet and Conifer intend to work in good faith with the Purchaser regarding the terms of any New TSA or New MSA, but as of the date hereof, there has been no engagement by the Purchaser regarding the terms of a New TSA or New MSA. Accordingly, there is no guarantee that the Purchaser, Tenet and Conifer will mutually agree to enter into a New TSA and New MSA, and Tenet and Conifer reserve all rights regarding the terms of such agreements.

### III. The Debtors Cannot Sell Property in Which They Have No Interest.

8. The Debtors leased certain medication dispensing equipment at STC (the "Omnicell Leased Equipment"), and the lessor obtained a guarantee from Tenet regarding the leases. The filing of these chapter 11 cases caused a default under the guarantees, which required Tenet to pay off the guarantees in full (amounting to approximately $721,000). Absent the automatic stay provided for by section 362 of the Bankruptcy Code, Tenet would be entitled to foreclose on the Omnicell Leased Equipment (which the Debtors no longer have any interest in following Tenet's payment in full of the related guarantees). It is unclear whether the Debtors intend to transfer the Omnicell Leased Equipment in connection with the STC Sale. Given that the Debtors no longer have any equity in the Omnicell Leased Equipment, the Debtors cannot sell this equipment to the Purchaser. Indeed, such a transfer would result in a windfall to the Debtors. For these reasons, the Debtors should not be authorized to sell the Leased Property pursuant to the STC Sale absent an agreement to the contrary with Tenet. Tenet will engage in good faith with the Debtors and the Purchaser regarding this equipment, but Tenet reserves all rights regarding the return of the Leased Property to the extent a mutually acceptable agreement cannot be reached.

9. Further, Tenet and Conifer believe that there may be miscellaneous personal property at STC (including internet routers) and proprietary software on the IT systems at STC (collectively, "Miscellaneous Property"), all of which is owned by Tenet or Conifer. Tenet and

4

Conifer are unable to determine whether the STC Sale purports to include the sale of this Miscellaneous Property. Tenet and Conifer intend to provide a list of such property and software to the Debtors and the Purchaser in the coming days. Absent an agreement to the contrary, the Debtors cannot sell property in which they do not have any interest.

### Joinder

10. Tenet and Conifer respectfully join in and incorporate by reference any objections filed with respect to the provisions of the STC Sale relating to assumption and assignment of executory contracts and unexpired leases.

### Reservation of Rights

11. Tenet and Conifer reserve all rights, remedies, claims, counterclaims, and defenses under the TSA and the MSA, at law, and in equity, including, without limitation, Tenet and Conifer's right to file an administrative expense claim and/or a rejection damages claim. Further, Tenet and Conifer reserve all rights to amend, supplement, and modify this Limited Objection as appropriate.

### Notice

12. A copy of this Limited Objection has been provided to (a) counsel to the Debtors; (b) the Office of the United States Trustee; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to MidCap Funding IV Trust; (e) Drexel University d/b/a Drexel University College of Medicine; (f) the Debtors' unions; (g) the Internal Revenue Service; (h) the United States Attorney for the District of Delaware; (i) the United States Department of Justice; (j) the Pennsylvania Attorney General's Office; (k) the Pennsylvania Department of Human Services; (l) the City of Philadelphia; and (m) all applicable federal, state and local taxing and regulatory authorities having jurisdiction over the Assets; and (n) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. Tenet and Conifer

submit that, under the circumstances, such notice constitutes good and sufficient notice of this Limited Objection and no other or further notice need be given.

[*Remainder of this page intentionally left blank.*]

WHEREFORE, Tenet and Conifer respectfully request that the Court deny the relief requested in the STC Sale Motion.

Dated:  September 23, 2019        PACHULSKI STANG ZIEHL & JONES LLP

*/s Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:     (302) 652-4400
Email:          ljones@pszjlaw.com
                    tcairns@pszjlaw.com

- and -

KIRKLAND & ELLIS LLP
Stephen C. Hackney, P.C.
Gregory F. Pesce (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200
Email:          stephen.hackney@kirkland.com
                    gregory.pesce@kirkland.com

-and-

KIRKLAND & ELLIS LLP
Nicole L. Greenblatt, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900
Email:          nicole.greenblatt@kirkland.com

*Counsel to Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC*