# EXHIBIT A

**Proposed Revised Order**

35934813.3 9/24/19

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
|  | ) Jointly Administered |
|  | ) |
| Debtors. | ) **Re: Docket Nos. 499 and ____** |

## ORDER APPROVING KEY EMPLOYEE INCENTIVE PLAN

This matter coming before the Court on the *Motion of the Debtors for Entry of an Order Approving Key Incentive Plan* (the "**Motion**"),[2] filed by the above-captioned debtors (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, authorizing and approving the implementation of the Debtors' Key Employee Incentive Plan (the "**KEIP**"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion was adequate and appropriate under the particular circumstances; and the Court having reviewed the Motion, the Wilen Declaration and the First Day Declaration and having considered the statements of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion.

counsel and the evidence adduced with respect to the Motion at the hearing; and after due deliberation, and good and sufficient cause having been shown,

      **IT IS HEREBY ORDERED THAT:**

      1.      The Motion is GRANTED as set forth herein.

      2.      The Debtors' KEIP is approved in all respects.

      3.      The Debtors are authorized to make payments subject to and in accordance with the terms of the KEIP as set forth in the Motion without further order of the Court, provided, however, that the Debtors may only make payments in connection with the KEIP: (a) to the extent permitted by any applicable debtor-in-possession financing budget as approved by the Court; (b) so long as the DIP Agent has not declared an Event of Default and ceased funding under the DIP Facility in connection therewith, which declared Event of Default has not been withdrawn or waived, with respect to the Debtors' DIP Obligations[3]; and (c) upon receipt by the Debtors of an executed agreement from the applicable KEIP recipient (i) releasing all claims against the Debtors and their estates, other than claims for unpaid wages and benefits arising in the ordinary course of business and (ii) committing to cooperate with the Debtors and their professionals, and the Committee and its professionals, as reasonably requested in connection with matters related to the Debtors' bankruptcy cases, up to a Maximum Commitment Time[4] per applicable KEIP recipient following the termination of such KEIP recipient's employment with the Debtors.

---

[3]     The terms "DIP Agent," "Event of Default," "DIP Facility" and "DIP Obligations," as used in subparagraph 3(b) of this Order, shall have the meanings ascribed to them in the *Final Order (I) Authorizing Debtors to Obtain Postpetition Financing; (II) Authorizing the Debtors to Use Cash Collateral; (III) Granting Adequate Protection; (IV) Granting Adequate Protection and Modifying the Automatic Stay* [D.I. 557].

[4]     For purposes herein, the term "Maximum Commitment Time" shall mean a number of hours equal to the numerical value of each applicable KEIP recipient's Incentive Percentage, as set forth on the KEIP. For example, if a KEIP recipient will receive an incentive payment equal to 10% of such KEIP recipient's base salary, such recipient must agree to commit up to 10 hours of time, after the termination of their employment with the Debtors, cooperating with the Debtors and the Committee.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. Nothing in the Motion or this Order, or the Debtors' payment of any amounts pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or lien against the Debtors or their estates or an undertaking, obligation, or commitment to pay claims hereunder; (b) a waiver of the Debtors' right to dispute the extent, perfection, priority, validity, or amount of any claim or lien; (c) an assumption, adoption, approval, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Participant.

6. Nothing contained in this Order shall be deemed to constitute an assumption or rejection of any executory contract or prepetition or postpetition agreement between the Debtors and a Participant. Notwithstanding the relief granted in this Order and any actions taken hereunder, nothing in this Order shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by any person.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Interim Order.