**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Hearing Date: N/A** |
| | ) **Objection Deadline: N/A** |

**DEBTORS' MOTION FOR EXPEDITED CONSIDERATION OF
DEBTORS' MOTION FOR STAY PENDING APPEAL OF ORDER
GRANTING IN PART THE MOTION OF TENET BUSINESS SERVICES
CORPORATION AND CONIFER REVENUE CYCLE SOLUTIONS, LLC
FOR ENTRY OF AN ORDER (I) COMPELLING PAYMENT OF ALL UNPAID
POSTPETITION AMOUNTS PURSUANT TO 11 U.S.C. § 503(B)(1) OR, IN THE
ALTERNATIVE, (II) GRANTING RELIEF FROM THE AUTOMATIC STAY
TO THE EXTENT NECESSARY TO TERMINATE THE TSA AND MSA**

By this Motion, Center City Healthcare, LLC d/b/a Hahnemann University Hospital and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), having contemporaneously filed the *Debtors' Motion for Stay Pending Appeal of Order Granting in Part the Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for Entry of an Order (I) Compelling Payment of All Unpaid Postpetition Amounts Pursuant to 11 U.S.C. § 503(b)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

*Terminate the TSA and MSA* (the "**Stay Motion**"),[2] hereby submit this motion (the "**Motion for Expedited Consideration**"), pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for the entry of an order shortening the time for notice of the hearing to consider the Stay Motion so that it may be considered by the Court at a hearing to be held as soon as possible, but not later than October 11, 2019 (the "**Hearing**"), with any objections to the Stay Motion to be made at or prior to the Hearing (the "**Objection Deadline**"). In support of this Motion for Expedited Consideration, the Debtors respectfully state as follows:

## JURISDICTION

1.  This Court has jurisdiction over this Motion for Expedited Consideration under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this judicial district under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006 and Local Rule 9006-1(e).

## RELIEF REQUESTED

3.  By this Motion for Expedited Consideration, the Debtors seek the entry of an Order shortening notice so that the Stay Motion may heard at the Hearing, with any objections to Stay Motion to be made at the Hearing, or any time prior.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Stay Motion.

**BASIS FOR RELIEF REQUESTED**

4.  Local Rule 9006-1(c)(i) requires that all motion papers be filed and served at least fourteen days prior to the proposed hearing. <u>See</u> Del. Bankr. L.R. 9006-1(c)(i). Local Rule 9006-1(c)(ii) provides that objections, if any, to such a motion are to be received at least seven days prior to the proposed hearing date. <u>See</u> Del. Bankr. L.R. 9006-1(c)(ii). Local Rule 9006-1(e), however, provides that a motion may be heard on less notice than as otherwise required "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Further, Bankruptcy Code section 102(1) provides that the phrase "notice and a hearing" is a flexible concept meant to take into account the "particular circumstances" of a motion. <u>See</u> 11 U.S.C. § 102(1) ("'[A]fter notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . .").

5.  As discussed more fully in the Stay Motion, the Debtors' request for a stay of the Tenet Order is a pressing matter. Indeed, in the absence of the requested stay, and unless the Debtors and the Tenet Parties reach an agreement on the terms of go-forward service by October 18, 2019, the Tenet Parties can terminate services under the TSA and MSA. The results of such a termination would cause a severe disruption to the Debtors' operations, particularly at St. Christopher's Hospital for Children ("**STC**"), where the Tenet IT services are critical in ensuring effective and efficient care for patients by permitting access to electronic medical records and collaboration among hospital departments. The Debtors believe that the abrupt termination of the TSA and MSA that could occur following the Outside Date will jeopardize patient safety and that, as such, a stay of the Tenet Order pending the Debtors' appeal of that order is appropriate. For these reasons, given the severity of the results that could arise upon termination of the Tenet

Parties services and the fact that the Outside Date is quickly approaching in *less than 3 weeks*, expedited consideration of the Stay Motion is reasonable, necessary and appropriate. The requested date of the Hearing will provide the Debtors with sufficient time to seek relief from this Court and, to the extent necessary, relief from the District Court to avoid the potentially disastrous results that could occur if the Tenet Parties abruptly terminate their services.

6. Given the gravity of the circumstances facing the Debtors and the consequences of failing to act quickly, the Debtors submit that any prejudice to parties in interest that may result from this Court hearing the State Motion on an expedited basis is greatly outweighed by the harm that would be incurred by the Debtors if a ruling on the Stay Motion is not obtained quickly. The Debtors will also serve the Motion via expedited mail to afford parties in interest with as much notice of the Hearing and the proposed response deadline as possible.

## **NOTICE**

7. Notice of this Motion for Expedited Consideration has been provided to: (i) the Office of the United States Trustee; (ii) the Official Committee of Unsecured Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) counsel to the Tenet Parties; and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request the entry of an Order, substantially in the form attached hereto as **Exhibit A**: (i) granting the relief requested in the Motion for Expedited Consideration; (ii) considering the Stay Motion at the Hearing, with objections, if any, to be asserted by the Objection Deadline; and (iii) granting such other further relief as is just and proper.

Dated: October 2, 2019　　　　　　　　　　**SAUL EWING ARNSTEIN & LEHR LLP**

　　　　　　　　　　By:　*/s/ Monique B. DiSabatino*
　　　　　　　　　　　　　Mark Minuti (DE Bar No. 2659)
　　　　　　　　　　　　　Monique B. DiSabatino (DE Bar No. 6027)
　　　　　　　　　　　　　1201 N. Market Street, Suite 2300
　　　　　　　　　　　　　P.O. Box 1266
　　　　　　　　　　　　　Wilmington, DE  19899
　　　　　　　　　　　　　Telephone: (302) 421-6800
　　　　　　　　　　　　　Fax: (302) 421-5873
　　　　　　　　　　　　　mark.minuti@saul.com
　　　　　　　　　　　　　monique.disabatino@saul.com

　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　Jeffrey C. Hampton
　　　　　　　　　　　　　Adam H. Isenberg
　　　　　　　　　　　　　Aaron S. Applebaum (DE Bar No. 5587)
　　　　　　　　　　　　　Centre Square West
　　　　　　　　　　　　　1500 Market Street, 38th Floor
　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　Telephone: (215) 972-7777
　　　　　　　　　　　　　Fax: (215) 972-7725
　　　　　　　　　　　　　jeffrey.hampton@saul.com
　　　　　　　　　　　　　adam.isenberg@saul.com
　　　　　　　　　　　　　aaron.applebaum@saul.com

　　　　　　　　　　　　　*Counsel for Debtors and Debtors in Possession*