**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) | |
| *et al.*,[1] | ) | Joint Administration Requested |
| | ) | |
| Debtors. | ) | Re: Docket No. 804 |
| | ) | |

**STATEMENT IN RESPONSE TO DEBTORS' MOTION FOR STAY PENDING
APPEAL OF ORDER GRANTING IN PART THE MOTION OF TENET BUSINESS
SERVICES CORPORATION AND CONIFER REVENUE CYCLE SOLUTIONS, LLC
FOR AN ENTRY OF AN ORDER (I) COMPELLING PAYMENT OF ALL UNPAID
POSTPETITION AMOUNTS PURSUANT TO 11 U.S.C. § 503(B)(1) OR, IN THE
ALTERNATIVE, (II) GRANTING RELIEF FROM THE AUTOMATIC STAY TO THE
EXTENT NECESSARY TO TERMINATE THE TSA AND MSA**

MidCap Funding IV Trust, acting in its capacity as administrative agent for MidCap

Funding IV Trust and MidCap Financial Trust (successor-by-assignment to MidCap Funding H

Trust), the Debtors' prepetition lenders (collectively, the "**Prepetition Agent**"), and MidCap

Funding IV Trust (successor-by-assignment to MidCap Financial Trust), acting in its capacity as

administrative agent for MidCap Funding IV Trust (successor-by-assignment to MidCap

Financial Trust), the Debtors' post-petition DIP lender (collectively, the "**DIP Agent**", and

together with the Prepetition Agent, "**MidCap**"), by and through its undersigned counsel, file

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax
identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health
System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical
Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527),
St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Asso-
ciates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C.
(4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C.
(5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad
Street, Philadelphia, Pennsylvania 19102.

this Statement in Response to Debtors' Motion for Stay Pending Appeal of Order (the "**T/C Order**") Granting in Part the Motion of Tenet Business Services Corporation ("**Tenet**") and Conifer Revenue Cycle Solutions, LLC ("**Conifer**") for an Entry of an Order (I) Compelling Payment of All Unpaid Postpetition Amounts Pursuant to 11 U.S.C. § 503(B)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA and MSA (D.I. 804, the "**Motion**").

## JURISDICTION

1.      These matters constitute core proceedings under 28 U.S.C. § 157(b) and Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATEMENT

2.      Tenet and Conifer provide critical operational, administrative, and financial services to Hahnemann University Hospital ("**HUH**") and St. Christopher's Hospital for Children ("**SHC**") (collectively, the "**Hospitals**") pursuant to a Transition Services Agreement ("**TSA**") and a Master Services Agreement ("**MSA**").

3.      On July 15, 2019, the Debtors entered into a First Priority Secured Priming Super-Priority Debtor in Possession Credit and Security Agreement (as amended by that certain Amendment No. 1 to First Priority Secured Priming Super-Priority Debtor In Possession Credit and Security Agreement dated August 26, 2019) (the "**DIP Credit Agreement**"), with the DIP Agent and MidCap Funding IV Trust (successor-by-assignment to MidCap Financial Trust), as Lender ("**DIP Lender**").

4.      The Debtors were authorized to, among other things, enter into the DIP Credit Agreement and to borrow under the revolving line of credit and borrow additional term loan amounts extended to Debtors thereunder (the "**DIP Facility**") by a Final Order (I) Authorizing Debtors to Obtain Postpetition Financing; (II) Authorizing the Debtors to Use Cash Collateral; (III) Granting Adequate Protection; and (IV) Granting Adequate Protection and Modifying the Automatic Stay (the "**Final DIP Order**").

5.      The DIP Credit Agreement provides that the DIP Facility commitment terminates on October 14, 2019.

6.      Advances of working capital under the DIP Facility are made to the Debtors based upon a borrowing base formula determined by, *inter alia*, the Debtors' eligible accounts receivable outstanding on a day-to-day basis.  It is standard lending practice that the eligibility of accounts receivable are established, in part, based upon the estimated ability *to collect* such accounts receivable.  Borrowing base revolving loans provide working capital to borrowers, like the Debtors, so they do not have to wait to fund their operations until they receive payment of their accounts receivable.  Put simply, revolving lenders advance dollars to their borrowers based on a reliance that they will be able to collect those receivables to repay the loans.

7.      The Debtors have asked the DIP Agent to extend the term of the DIP Credit Agreement and the DIP Facility until the closing of the sale of St. Christopher's Healthcare, LLC and certain affiliated entities (the "**STC Sale**").   December 15, 2019 is the outside closing date for the STC Sale.

8.      The  DIP Agent and DIP Lender are willing to extend the term of the DIP Credit Agreement and the DIP Facility through the earlier of the closing of the STC Sale or December 15, 2019, subject to the terms of the DIP Financing Documents (as defined in the DIP Credit

Agreement), but only if either the TSA and MSA are extended through the closing date of the STC Sale or if the Debtors have a replacement revenue cycle management provider reasonably acceptable to DIP Agent to provide such services through the STC Sale closing date.

9.      Termination or rejection of the TSA and MSA without a qualified replacement service provider will severely limit or even extinguish the ability to collect the accounts receivable upon which DIP Lender and DIP Agent rely in making advances under the DIP Facility.  It is a basic tenet of borrowing base lending that advances cannot be made under the DIP Facility against accounts receivable if the collection of those accounts receivable is in jeopardy.  This is why Section 7.2 of the DIP Credit Agreement includes among the conditions to DIP Agent's and DIP Lenders' obligation to make advances under the DIP Facility that Conifer, or another revenue cycle management provider reasonably acceptable to DIP Agent, be performing in all material respects under the MSA.  Another condition to lending under Section 7.2 of the DIP Credit Facility, is that Tenet shall be performing in all material respects under the TSA.  It was always contemplated by MidCap that the termination of services by Tenet and Conifer would be the death knell of the collection of accounts receivable.  All parties understood when negotiating the DIP Credit Agreement that termination of the TSA and the MSA would immediately terminate MidCap's ability to lend under the DIP Facility.

10.     Termination of the critical services provided under the TSA and MSA would yield devastating consequences for the Debtors' estates, all creditors (including Tenet and Conifer), and, most importantly, patients.

11.     Indeed, the termination would undermine, if not destroy, the goals of these proceedings, which have always been to effectuate an orderly closure of HUH and to sell SHC so

that it can continue to provide invaluable medical services to families and the children in the City of Philadelphia.

12.    Extensive progress has been made to accomplish these important goals. For instance, an orderly shutdown of HUH was accomplished in a safe and efficient manner with HUH's resident program assets being sold to health care providers based in Philadelphia and surrounding areas.  Likewise, the STC Sale will enable the hospital to continue to operate and to serve the families and children of Philadelphia without requiring patients to be moved or their medical care to be disrupted.

13.    To ensure that these goals were met, "MidCap stepped up in a big way" and provided debtor in possession financing on terms that other prospective lenders could not (or refused to) lend on.  See August 21, 2019 Transcript at p. 6:12-13.

14.    MidCap provided additional liquidity to the Debtors and even agreed to modify important cross-aging provisions with respect to receivables in order to enhance the availability for borrowing under the Credit Facility.  The DIP Facility has allowed the Debtors to continue to operate.  See id. at p. 7.  Significantly, MidCap also increased the term loan extended to the Debtors by an additional $2,000,000 to fund administrative claims for the benefit of all creditors, including Tenet and Conifer.  Id. at p. 8.  MidCap supported the Debtors and provided these additional funds and concessions with the expectation that all parties in the case were moving towards achieving the STC Sale and transitioning the hospital.

15.    While MidCap has assumed significant risks and made numerous concessions and contributions during these proceedings, it is unfortunate that Tenet, Conifer and the Debtors have been unable to reach an agreement to extend the TSA and the MSA beyond the October 18, 2019 date for termination in the T/C Order.

16.     The extension of the DIP Facility would enable Tenet and Conifer to continue to receive $400,000 per week for their services under the TSA and MSA as required under the T/C Order.

17.     Tenet and Conifer's decision to insist on terminating their services could cause this entire case to fail and puts at risk the STC Sale and, curiously, their own ability to recover their administrative and pre-petition claims against the Debtors' estates.   The STC Sale is expected to generate proceeds in excess of the secured claims that attach to the proceeds while leaving substantial assets behind (significantly, Debtors' accounts receivable), to be liquidated for the benefit of all other creditors of the estate.   Tenet and Conifer are one of the biggest beneficiaries of a successful STC Sale and robust collection effort of the Debtors' accounts receivable.

18.     The structure of the TSA and MSA and Tenet's and Conifer's proprietary software used in the services provided thereunder put the Debtors in a stranglehold whereby the hospitals' receivables cannot be collected without Tenet and Conifer remaining fully engaged. Further, a replacement revenue cycle manager cannot be engaged without the full cooperation of Tenet and Conifer in the transition—cooperation that Tenet and Conifer have thus far not committed to provide.

19.     A stay of the T/C Order will not harm Tenet and Conifer as they will continue to be paid $400,000 per week for their services as long as they fully perform under the TSA and MSA.  That $400,000 per week sum is the amount that this Court found to be the value of the services provided by Tenet and Conifer beginning September 20, 2019.

WHEREFORE, based on the foregoing, MidCap joins the Debtor's Motion and respectfully requests that the Court enter the order, substantially in the form attached to the Motion, granting the Motion, and granting such other and further relief as is just and proper.

STRADLEY RONON STEVENS & YOUNG, LLP

*/s/ Joelle E. Polesky*
Joelle E. Polesky (ID No. 3694)
1000 N. West Street, Suite 1279
Wilmington, DE 19801
Telephone: (302) 295-4856
Facsimile: (302) 295-4801
Email: jpolesky@stradley.com

Dated: October 4, 2019

OF COUNSEL

Gretchen M. Santamour (*pro hac vice*)
Deborah Reperowitz (*pro hac vice*)
Mark J. Dorval (*pro hac vice*)
Joseph W. Catuzzi (*pro hac vice*)
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Telephone: (302) 295-4856
Facsimile: (302) 295-4801

Kathryn L. Stevens (*pro hac vice*)
David L. Kane (*pro hac vice*)
Vedder Price
222 North LaSalle Street
Chicago, IL 60601
Telephone: (312) 609 7803

*Attorneys for creditors MidCap Funding IV Trust*

## <u>CERTIFICATE OF SERVICE</u>

I, Joelle E. Polesky, Esquire certify that on October 4, 2019, I caused to be filed a true and correct copy of the *Statement in Response to Debtors' Motion for Stay Pending Appeal of Order Granting in Part the Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for an Entry of an Order (I) Compelling Payment of All Unpaid Post-pettion Amounts Pursuant To 11 U.S.C. § 503(B)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA and MSA* with the United States Bankruptcy Court for the District of Delaware via the CM/ECF system, and caused a copy of to be served via electronic means on all parties that have requested service of process in this case.

I further certify that on October 7, 2019 I will cause a true and correct copy of *Statement in Response to Debtors' Motion for Stay Pending Appeal of Order Granting in Part the Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for an Entry of an Order (I) Compelling Payment of All Unpaid Postpetition Amounts Pursuant To 11 U.S.C. § 503(B)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA and MSA* to be served via first class, United States mail, postage pre-paid on the following:

Matthew R. Brooks
Troutman Sanders LLP
600 Peachtree Street NE
Suite 5200
Atlanta, GA 30308

Douglas Carlson
Douglas Carlson LLC
330 N. Wabash
#3300
Chicago, IL 60611

Richard A. Chesley
DLA Piper LLP (US)
444 West Lake Street
Suite 900
Chicago, IL 60606

Louis Curcio
Troutman Sanders LLP
875 Third Avenue
New York, NY 10022

Jeffrey Cutler
PO Box 2806
York, PA 17405

Nicole L. Greenblatt
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022-4611

Stephen C. Hackney
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Phillip Khezri
Arent Fox LLP
1301 Avenue of the Americas
New York, NY 10019

Suzanne Koenig
SAK Management Services, LLC
300 Saunders Road, Suite 300
Riverwoods, IL 60015

Robert Lapowsky
Stevens & Lee
620 Freedom Business Center
Suite 200
King of Prussia, PA 19046

Mitchell Malzberg
Law Offices of Mitchell J. Malzberg, LLC
6 E. Main Street, Suite 7
PO Box 5122
Clinton, NJ 08809

Rachel Jaffe Mauceri
Morgan Lewis Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

Lawrence G. McMichael
Dilworth Paxson LLP
1500 Market Street
Suite 3500E
Philadelphia, PA 19102

Jessica Mikhailevich
Troutman Sanders LLP
875 Third Avenue
New York, NY 10022

Omni Management Group, Inc.
5955 DeSoto Avenue
Suite 100
Woodland Hills, CA 91367

Gregory Francis Pesce
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Nancy A. Peterman
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601

Lisa M. Rhode
Office of Attorney General
1600 Arch Street
Suite 300
Philadelphia, PA 19103

Phillip D. Berger
919 Conestoga Road
Building 3, Suite 114
Rosemont, PA 19010

Kelly Ann Cody
Self Inc. Womens Shelter
1305 W. Susquehanna Ave.
Philadelphia, PA 19122

Med One Capital Funding, LLC
c/o Ray Quinney & Nebeker, P.C.
36 South State Street
14th Floor
Salt Lake City, UT 84111
Attn.: David H. Leigh

Tracy M. Ohm
Stinson LLP
1150 18th Street N.W.
Suite 800
Washington, DC 20036

Oscar N. Pinkas
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089

Ira Neil Richards
David Smith
Schnader Harrison Segal & Lewis LLP
1600 Market Street
Suite 3600
Philadelphia, PA 19103-7286

Shades of Green, Inc.
1777 South Pennsylvania Avenue
Morrisville, PA 19067

William J. Wickward Jr.
2179 East Lyon Station Road
Creedmoor, NC 27522

/s/ Joelle E. Polesky
Joelle E. Polesky (ID No. 3694)

# 4268876