# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | C.A. No. 19-11466 (KG) (Jointly Administered) |
| | Obj. Deadline 10/7/19 at 4:00 p.m. (EST) |
| Debtors. | Re: D.I. 301, 510 and 735 |

## LIMITED OBJECTION OF AMERIHEALTH HMO, INC., KEYSTONE HEALTH PLAN EAST, INC. AND QCC INSURANCE COMPANY TO THE DEBTORS' SECOND SUPPLEMENTAL NOTICE OF ASSUMPTION, ASSIGNMENT AND CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS

AmeriHealth HMO, Inc. ("AmeriHealth"), Keystone Health Plan East, Inc. ("Keystone") and QCC Insurance Company ("QCC" or collectively with AmeriHealth and Keystone, the "Independence Companies"), by and through its undersigned counsel, hereby asserts a limited objection (the "Objection")[2] to the Debtors' proposed assumption and assignment of certain Assumed Contracts as set forth in the Second Supplemental Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors [D.I. 763] (the "Cure Notice"), and respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, LLC (1617), SCHC Pediatric Associates, LLC (0527), St. Christopher's Pediatric Urgent Care Center, LLC (6447), SCHC Pediatric Anesthesia Associates, LLC (2326), StChris Care at Northeast Pediatrics, LLC (4056), TPS of PA, LLC (4862), TPS II of PA, LLC (5534), TPS III of PA, LLC (5536), TPS IV of PA, LLC (5537), and TPS V of PA, LLC (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Sale Motion Procedures Order.

**BACKGROUND**

1.	On June 30, 2019 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). On July 2, 2019, the Court approved the joint administration of the Debtors' chapter 11 cases.

2.	On July 26, 2019, the Court, upon the motion of the Debtors (the "Sale Motion"), entered its Order (i) Scheduling a Hearing to Consider approval of the Sale of Substantially all Assets of St. Christopher's Healthcare, LLC and Certain Related Affiliates and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (ii) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (iii) Establishing Procedures in Connection with the Selection of and Protections Afforded to any Stalking Horse Purchasers, and (iv) Granting Related Relief [D.I. 301] (the "Procedures Order").

3.	Pursuant to the Procedures Order, the Court scheduled the Sale Hearing for September 23, 2019, including the assumption and assignment of any executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code that relate to St. Christopher's Healthcare, LLC and Certain Related Affiliates (the "St. Christopher Entities").

4.	On September 23, 2019, the same day as the Sale Hearing, the Debtors served the Second Supplemental Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors [D.I. 763-1] (the "Second Supplemental Notice").

5.	Exhibit "A" to the Second Supplemental Notice listed the following contracts and

2

proposed cure amounts of the Independence Companies:

| Contract Party | Title of Agreement | Debtor Party | Cure Amount |
|---|---|---|---|
| AmeriHealth HMO | Professional Group Provider Agreement | SCHC Pediatric Associates, LLC; SCHC Pediatric Anesthesia Associates, LLC; St. Christopher's Pediatric Urgent Care Center, LLC; St. Chris Care at Northeast Pediatrics, LLC; TPS V of PA, LLC | $0.00 |
| AmeriHealth HMO | Managed Care Participating Hospital Agreement | Philadelphia Academic Health System, LLC; St. Christopher's Healthcare, LLC | $0.00 |
| Keystone Health Plan East | Managed Care Participating Hospital Agreement | Philadelphia Academic Health System, LLC; St. Christopher's Healthcare, LLC | $0.00 |
| Keystone Health Plan East | Professional Group Provider Agreement | SCHC Pediatric Associates, LLC; SCHC Pediatric Anesthesia Associates, LLC; St. Christopher's Pediatric Urgent Care Center, LLC; St. Chris Care at Northeast Pediatrics, LLC; TPS V of PA, LLC | $0.00 |
| QCC Insurance Company | Managed Care Participating Hospital Agreement | Philadelphia Academic Health System, LLC; St. Christopher's Healthcare, LLC | $0.00 |

| QCC Insurance Company | Professional Group Provider Agreement | SCHC Pediatric Associates, LLC; SCHC Pediatric Anesthesia Associates, LLC; St. Christopher's Pediatric Urgent Care Center, LLC; St. Chris Care at Northeast Pediatrics, LLC; TPS V of PA, LLC | $0.00 |
|---|---|---|---|

6. Pursuant to the Procedures Order, if the Debtors filed a Supplemental Assumption Notice, such Supplemental Notice shall set a Contract Objection Deadline that is at least fourteen (14) days after service of such notice; therefore, the Second Supplemental Notice set the deadline to object to Cure Amounts as October 7, 2019 at 4:00 p.m. (EST) (the "Objection Deadline").

7. On or about December 20, 2017, certain St. Christopher Entities took an assignment from Tenet Healthcare Corporation ("Tenet") and certain Tenet subsidiaries and affiliates (collectively with Tenet, the "Tenet Entities") of the various executory contracts that existed between the Tenet Entities and the Independence Companies, including the following contracts that relate to the St. Christopher Entities:

    a. Managed Care Participating Hospital Agreement dated May 1, 2012 between Tenet Facility Providers and Keystone Health Plan East, QCC Insurance Company and AmeriHealth HMO (the "Facility Contract"); and

    b. Professional Group Provider Agreement dated May 1, 2012, between St. Christopher Group Providers and QCC Insurance Company, Keystone Health Plan East and AmeriHealth HMO, Inc. (the "Professional Contract").

8. In the normal course of business, the Independence Companies review claims that

have been paid to identify potential overpayments, including claims submitted by the St. Christopher Entities. The Independence Companies have identified various overpayments that relate to claims submitted by the St. Christopher Entities that relate to services that were performed prior to the Petition Date. The identified overpayments total $195,866.29 (the "Identified Overpayments") and can be broken down as follows:

      a. Overpayments under the Facility Contract: $131,555.96; and

      b. Overpayments under the Professional Contract: $64,310.33.

9. In the normal course of business, the Independence Companies provide notice to the St. Christopher Entities about identified overpayments under the Facility Contract and the Professional Contract and, if there are questions or concerns, the St. Christopher Entities have the opportunity to raise those concerns with the Independence Companies. The St. Christopher Entities have been provided the same opportunity with respect to the Identified Overpayments.

## LIMITED OBJECTION

**A.    Cure Amount.**

10. Section 365(b)(1) of the Bankruptcy Code provides, in pertinent part, that:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -
>
>   (A) cures, or provides adequate assurance that the trustee will promptly cure such default, . . .
>
>   (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
>   (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

11. It is well settled that the debtor bears the burden of demonstrating that the proposed cure and the assurances of future performance that it has provided to the non-debtor party are adequate. In re Rachels Indus., Inc., 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990) ("In a proceeding under § 365, the party moving to assume a lease has the ultimate burden of persuasion that the lease is subject to assumption and that all requirements for assumption have been met"); In re F.W. Rest. Assocs., 190 B.R. 143, 147(Bankr. D. Conn. 1995) (debtor bears the burden of proof on the issues of prompt cure and adequate assurance of future performance, *inter alia*).

12. It is respectfully submitted that the Debtors have understated the amounts necessary to cure the defaults in the Facility Contract and the Professional Contract as required by section 365 of the Bankruptcy Code and therefore the Independence Companies submit this limited objection to require the Debtors to update Exhibit "A" to the Second Supplemental Notice to accurately reflect the cure amounts for the Facility Contract and the Professional Contract. Specifically, Pursuant to sections 365(b) and 365(f), as of the date of this Limited Objection the total cure amount under the Facility Contract is $131,555.96 and the total cure amount under the Professional Agreement is $64,310.33.

13. Furthermore, through the Debtors post-petition operations, some of which continue as of the date of this Limited Objection, additional overpayments may become due and the Independence Companies reserve all rights with regard to those overpayments.

14. The Independence Companies intend to engage in negotiations with the Debtors to resolve the disputes over the cure amounts with the hope that those discussions will result in a resolution of this limited objection.

15. For the sake of clarity, this Objection is limited to the cure amounts for the

Facility Contract and the Professional Contract and as of the filing of this limited objection, the Independence Companies do not object to the assumption or assignment of the Contracts identified in the Second Supplemental Notice.

**B.     Reservation of Rights.**

16.     The Independenc Companies reserve all of their rights and remedies regarding the issues set forth herein, and expressly reserve the right to supplement this Objection to include any additional amounts owed under the any of the executory contracts and/or unexpired leases listed within Exhibit "A" to the Second Supplemental Notice that cannot be determined as of the date hereof. Additionally, the Independence Companies reserve their rights regarding adequate assurance of future performance by any purchaser of the Debtors' assets.

## CONCLUSION

WHEREFORE, AmeriHealth HMO, Inc., Keystone Health Plan East, Inc. and QCC Insurance Company, respectfully request that this Court condition the Debtors' assumption and assignment of the Facility Contract and the Professional Contract upon (i) the Debtors' agreement to pay the cure amounts contained herein, and any additional sums that may be due and owing as set forth herein, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: October 7, 2019      KLEIN LLC
      Wilmington, Delaware

*/s/ Julia B. Klein*
Julia B. Klein (DE 5198)
919 North Market Street
Suite 600
Wilmington, Delaware 19801
(302) 438-0456

*Counsel to AmeriHealth HMO, Inc.*
*Keystone Health Plan East, Inc. and QCC*
*Insurance Company*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL,** *et al.*, | **C.A. No. 19-11466 (KG)** (Jointly Administered) |
| **Debtors.** | |

## CERTIFICATE OF SERVICE

I, Julia B. Klein, hereby certify that on October 7, 2019, I caused a true and correct copy of the foregoing Limited Objection of AmeriHealth HMO, Keystone Health Plan East and QCC Insurance Company to the Debtors' Second Supplemental Notice of Assumption, Assignment and Cure Amount With Respect to Executory Contracts and Unexpired Leases of the Debtors to be served electronically via the Court's CM/ECF system and via U.S. First Class Mail, postage prepaid, upon the parties listed on the attached service list.

*/s/ Julia B. Klein*
Julia B. Klein (DE 5198)

**SERVICE LIST:**

| | | |
|---|---|---|
| Saul Erwing Arnstein & Lehr LLP<br>Mark Minuti<br>Monique Bair DiSabatino<br>1201 N. Market Street, Suite 2300<br>P.O. Box 1266<br>Wilmington, DE 19899 | Saul Erwing Arnstein & Lehr LLP<br>Aaron S. Applebaum<br>Jeffrey C. Hampton<br>Adam H. Issenberg<br>Center Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102 | Office of the United States Trustee<br>Benjamin A. Hackman<br>844 King Street<br>Suite 2207<br>Wilmington, DE 19801 |
| Fox Rotchild LLP<br>Thomas M. Horan<br>Citizens Bank Center<br>919 N. Market Street, Suite 300<br>Wilmington, DE 19801 | Sills, Cummis & Gross P.C.<br>Boris I. Mankovetskiy<br>Andrew H. Sherman<br>One Riverfront Plaza<br>Newark, NJ 07102 | Vedder Price<br>David L. Kane<br>Kathryn L. Stevens<br>222 North Lasalle Street<br>Suite 2600<br>Chicago, IL 60601 |
| Stradley Ronon<br>Stevens & Young, LLP<br>Joelle E. Polesky<br>1000 N. West Street<br>Suite 1200<br>Wilmington, DE 19801 | Stradley Ronon<br>Stevens & Young, LLP<br>Deborah A. Reperowitz<br>100 Park Avenue, Suite 2000<br>New York, NY 10017 | Stradley Ronon<br>Stevens & Young, LLP<br>Gretchen M. Santamour<br>2005 Market Street<br>Suite 2600<br>Philadelphia, PA 19103 |
| Stradley Ronon<br>Stevens & Young, LLP<br>Mark J. Dorval<br>Joseph Catuzzi<br>2005 Market Street<br>Suite 2600<br>Philadelphia, PA 19103 | | |