## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) **Hearing Date: October 21, 2019 at 11:00 a.m.** |
| | ) **(Requested)** |
| | ) **Objection Deadline: October 18, 2019 at 4:00 p.m.** |
| | ) **(Requested)** |

### DEBTORS' MOTION FOR AN ORDER EXTENDING THE DEADLINE FOR THE DEBTORS TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)

By this motion (this "Motion"), Center City Healthcare, LLC d/b/a Hahnemann

University Hospital ("CCH") and its affiliated debtors and debtors in possession (the

collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases")

seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed

Order"), pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy

Code"), granting the Debtors a ninety (90)-day extension, through and including January 27,

2019, of the statutory deadline for the Debtors to assume or reject unexpired leases (and sub-

leases) of nonresidential real property (collectively, the "Real Property Leases").  In support of

the Motion, the Debtors respectfully represent as follows:

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory basis for the relief requested herein is section 365(d)(4) of the Bankruptcy Code.

## BACKGROUND

4.     On June 30 and July 1, 2019 (collectively, the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases.  On July 15, 2019, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5.      A description of the Debtors' businesses and the reasons for commencing these Chapter 11 Cases is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2], which is incorporated herein by reference.

**A.      The Rejection Orders and Pending Rejection Motion**

6.      Pursuant to orders entered on  August 22, 2019 [D.I. 547-549] and September 18, 2019 [D.I. 727] (together, the "Rejection Orders"), the Debtors rejected a number of executory contracts and unexpired leases, including certain Real Property Leases, that were no longer needed in connection with CCH's operations due to the impending closure of Hahnemann University Hospital.

7.      In addition, on August 30, 2019, the Debtors filed the *Fifth Omnibus Motion of the Debtors for Entry of an Order Authorizing the Rejection of Certain Unexpired Real Estate Leases* [D.I. 620] (the "Rejection Motion"), pursuant to which the Debtors seek authority to reject several significant Real Property Leases.  The Rejection Motion remains pending at this time.

**B.      The Sale Orders**

8.      On September 10, 2019, the Court entered an order [D.I. 681] (the "Residency Program Sale Order") authorizing the Debtors to, *inter alia*, transfer Hahnemann University Hospital's graduate medical education training program assets to Thomas Jefferson University Hospitals, Inc., which is acting on behalf of a consortium of non-profit entities (the "Residency Program Sale").  The Residency Program Sale Order is currently stayed and is the subject of a pending appeal filed by the United States of America before the United States District Court for the District of Delaware.

36003345.1 10/09/2019

9.     Furthermore, on September 27, 2019, the Court entered an *Order under 11 U.S.C. § 105, 363, 365, 503 and 507 (A) Approving Asset Purchase Agreement with STC OpCo, LLC (B) Authorizing Sale of Certain of Debtors' Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtors' Executory Contracts, and (D) Granting Related Relief* [D.I. 795] (the "STC Sale Order"), pursuant to which the Court authorized the sale (the "STC Sale") of substantially all assets of St. Christopher's Healthcare, LLC ("SCH") and certain related Debtors (together, the "Sellers") to STC OpCo, LLC (the "Buyer") in accordance with the asset purchase agreement attached to the Sale Order as Exhibit A (the "STC APA").

10.     The STC APA includes an initial list of executory contracts and unexpired leases designated for assumption and assignment to the Buyer.  Pursuant to the APA, the Buyer may modify the list of contracts designated for assumption until the Closing Date, which can be no later than December 13, 2019.  *See* STC APA at §§ 1.11, 9.1.

## THE REAL PROPERTY LEASES

11.     The Debtors are currently in the process of evaluating certain of their assets and, as noted above, are undertaking a going concern sale process with respect to the Sellers' assets. As these processes progress, the Debtors require more time than the initial period provided under the Bankruptcy Code to evaluate their Real Property Leases.  Indeed, the extension requested herein will permit the Debtors to wait until after the closing of the STC Sale to make a determination as to whether to assume or reject the Real Property Leases, which will prove most beneficial to the Debtors' estates since, by that time, the Debtors will know which Real Property Leases have been designated by the Buyer for assumption and assignment.  In the meantime,  the Real Property Leases remain crucial to the continuance of the Debtors' business operations and

restructuring efforts. Accordingly, the Real Property Leases are important assets of the Debtors'

estates and integral to these Chapter 11 Cases.

12.     The Debtors plan to perform their undisputed obligations under all of the Real

Property Leases arising from and after the Petition Date in a timely fashion, to the extent

required by section 365(d)(4) of the Bankruptcy Code, pending their decision to assume or reject

each Real Property Lease.

## RELIEF REQUESTED

13.     By the Motion, the Debtors request entry of the Proposed Order extending the

deadline for the Debtors to assume or reject the Real Property Leases by ninety (90) days,

through and including January 27, 2020, pursuant to section 365(d)(4) of the Bankruptcy Code.

Such an extension would be without prejudice to the Debtors' rights, pursuant to section

365(d)(4)(B)(ii) of the Bankruptcy Code, to request further extensions with the consent of the

affected lessors.

## BASIS FOR RELIEF REQUESTED

14.     Pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtors' deadline to

assume or reject the Real Property Leases (the "Assumption/Rejection Deadline") is the date that

is 120 days after the Petition Date, *i.e.*, October 28, 2019. *See* 11 U.S.C. § 365(d)(4). Section

365(d)(4)(B) of the Bankruptcy Code provides, however, that on a motion by a debtor, the Court

may extend the initial 120-day Assumption/Rejection Deadline by 90 days "for cause." *See* 11

U.S.C. § 365(d)(4)(B). Any subsequent extensions of the Assumption/Rejection Deadline may

only be granted with the prior written consent of the affected lessors. *See* 11 U.S.C.

§ 365(d)(4)(B)(ii). Under section 365(d)(4) of the Bankruptcy Code, if a debtor fails to assume

or reject an unexpired lease of nonresidential real property under which the debtor is a lessee

prior to the applicable deadline, such lease automatically will be deemed rejected. *See* 11 U.S.C. § 365(d)(4)(A).

15.    In the present case, the Debtors believe that ample cause exists to extend the Assumption/Rejection Deadline.   Since the commencement of the Chapter 11 Cases, the Debtors' management and professional advisors have been working diligently to ensure the Debtors' smooth entry into chapter 11 and have devoted a significant amount of time and effort in dealing with the myriad of issues attendant to the commencement of a chapter 11 case.

16.    In the approximately three months that the Chapter 11 Cases have been pending, the Debtors have, among other things (i) obtained significant "first day" and other relief; (ii) retained various professionals; (iii) prepared and filed schedules and statements of financial affairs; (iv) obtained interim and final approval of a debtor-in-possession financing facility; (v) sought and obtained entry of the Rejection Orders, under which the Debtors have rejected burdensome and unnecessary executory contracts and unexpired leases; (vi) negotiated and entered into trade agreements with certain vendors to ensure the continued provision of critical supplies and services; (vii) addressed a multitude of creditor and patient inquiries; (viii) responded to numerous threatened violations of the automatic stay; (ix) filed bidding procedures and sale motions for the Residency Program Sale and STC Sales, conducted an auction for the residency program assets, and obtained Bankruptcy Court approval of both sales; (x) defended against and challenged significant claims set forth in the motion filed by Tenet Business Service Corporation and Conifer Revenue Cycle Solutions, LLC (together, the "**Tenet Parties**") for payment of an administrative expense claim and relief from the automatic stay, and engaged in discussions with the Tenet Parties concerning the parties' disputes; (xi) established and obtained

6

Court approval of a key employee incentive plan and key employee retention plan; and (xii) otherwise attended to tasks required to administer these Chapter 11 Cases

17.     As the bankruptcy court in one frequently-cited decision observed, there are essentially three factors that are weighed by courts in determining whether cause exists to extend the deadline to assume or reject unexpired leases of nonresidential real property:

(a)     whether the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization that may be proposed by the debtor;

(b)     whether the case is complex and involves large numbers of leases; and

(c)     whether or not the debtor has had sufficient time to intelligently appraise the value of each lease for purposes of a plan of reorganization.

*In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); *accord In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) (noting that "it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating").

18.     The Debtors submit that a consideration of the *Wedtech* factors supports the requested extension of the Assumption/Rejection Deadline.  First, until the Debtors, in their business judgment, determine otherwise, the Real Property Leases are important assets of the Debtors' estates, and therefore the decision to assume or reject the Real Property Leases is necessarily of significant importance to the Debtors' chapter 11 efforts.  As noted above, while the Debtors have made significant strides in identifying and rejecting Real Property Leases that are no longer needed in connection with CCH's operations, the Debtors will not know until after the closing of the STC Sale which of the Real Property Leases are selected by the Buyer for assumption and assignment, which will in turn impact the Debtors' decision to assume or reject

Real Property Leases.  Thus, the Debtors must be allowed sufficient time to determine which of the remaining Real Property Leases not assumed by the Buyer should be assumed or rejected.

19.     As to the second and third prongs of the *Wedtech* standard, the Chapter 11 Cases are large and complex bankruptcy cases and the Debtors are party to a several significant Real Property Leases.  Evaluating the Real Property Leases and determining whether they should be assumed or rejected is thus a substantial undertaking that involves substantial task.  With the entry of the Rejection Orders, certain of which included Real Property Leases, and the pending Rejection Motion, the Debtors have made clearly made significant progress in identifying and rejecting Real Property Leases that are no longer needed in connection with CCH's operations. That said, given the significant number of Real Property Lease at issue in these cases and the volume of other tasks required of the Debtors' personnel and professional advisors to date, the Debtors require additional time to evaluate carefully each of the remaining Real Property Leases that have not been assumed or rejected to date.   As such, an extension of the Assumption/Rejection Deadline is necessary to allow the Debtors sufficient time to evaluate fully the Real Property Leases and afford the Debtors flexibility in prosecuting the Chapter 11 Cases.

## RESERVATION OF RIGHTS

20.     Nothing contained in the Motion or any actions taken by the Debtors pursuant to relief granted in the Proposed Order is intended or should be construed as (a) an assumption or rejection of any of the Real Property Leases under section 365(a) of the Bankruptcy Code or (b) an admission by the Debtors that a particular agreement is or is not a true lease or subject to section 365 of the Bankruptcy Code.  If the Court grants the relief sought herein, any and all of the Debtors' rights, claims, and defenses with respect to the characterization of the Real Property

36003345.1 10/09/2019

Leases pursuant to sections 365(d)(3) and 365(d)(4) of the Bankruptcy Code or otherwise are expressly reserved.

### NOTICE

21.    Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

36003345.1 10/09/2019

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, in substantially in the form attached hereto as **Exhibit A** granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: October 9, 2019              **SAUL EWING ARNSTEIN & LEHR LLP**

By:*/s/ Monique B. DiSabatino*
      Mark Minuti (DE Bar No. 2659)
      Monique B. DiSabatino (DE Bar No. 6027)
      1201 N. Market Street, Suite 2300
      P.O. Box 1266
      Wilmington, DE  19899
      Telephone: (302) 421-6800
      Fax: (302) 421-5873
      mark.minuti@saul.com
      monique.disabatino@saul.com

          -and-

      Jeffrey C. Hampton
      Adam H. Isenberg
      Aaron S. Applebaum (DE Bar No. 5587)
      Centre Square West
      1500 Market Street, 38th Floor
      Philadelphia, PA 19102
      Telephone: (215) 972-777
      Fax: (215) 972-7725
      jeffrey.hampton@saul.com
      adam.isenberg@saul.com
      aaron.applebaum@saul.com

      *Counsel for Debtors and Debtors in Possession*