# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) ) | Case No. 19-11466 (KG) |
| | ) | Jointly Administered |
| Debtors. | ) ) ) | |

**TENET BUSINESS SERVICES CORPORATION AND CONIFER REVENUE CYCLE SOLUTIONS, LLC'S MOTION TO ENFORCE THE ORDER GRANTING IN PART THE MOTION OF TENET BUSINESS SERVICES CORPORATION AND CONIFER REVENUE CYCLE SOLUTIONS, LLC FOR ENTRY OF AN ORDER (I) COMPELLING PAYMENT OF ALL UNPAID POSTPETITION AMOUNTS PURSUANT TO 11 U.S.C. § 503(b)(1) OR, IN THE ALTERNATIVE, (II) GRANTING RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT NECESSARY TO TERMINATE THE TSA AND MSA**

Tenet Business Services Corporation ("Tenet") and Conifer Revenue Cycle Solutions, LLC ("Conifer") respectfully state as follows this motion (the "Motion") for entry of an order enforcing the *Order Granting in Part the Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for Entry of an Order (I) Compelling Payment of All Unpaid Postpetition Amounts Pursuant to 11 U.S.C. § 503(b)(1) or, in the Alternative,*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

*(II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA and MSA* [Docket No. 733] (the "Administrative Claim Order"):[2]

### Basis for Relief

1. In connection with the sale of certain assets comprising St. Christopher's Hospital for Children and Hahnemann University Hospital to the Debtors in January 2018, Tenet and Conifer agreed to provide certain services to the hospitals pursuant to the Transition Services Agreement ("TSA") and Master Services Agreement ("MSA"), respectively. Despite the terms of those agreements, the Debtors stopped making payments to Tenet and Conifer mere months later. By May 2019, the Debtors owed Tenet and Conifer tens of millions in unpaid invoices. On May 2, 2019—nearly a year after the Debtors last-paid invoice—Tenet sent the Debtors a letter informing them that failure to pay all unpaid amounts within 15 days would result in termination of the agreements.

2. The Debtors filed for bankruptcy protection on June 30, 2019. Postpetition, the Debtors and their DIP lender agreed to a DIP budget that provided $200,000 per week for Tenet and Conifer's services, an amount far below the agreed upon value in the TSA and MSA. In response, Tenet and Conifer filed the *Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for Entry of an Order (I) Compelling Payment of All Unpaid Postpetition Amounts Pursuant to 11 U.S.C. §503(b)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA and MSA* [Docket No. 302] (the "Administrative Claim Motion").

3. Following a days-long contested evidentiary hearing regarding the Administrative Claim Motion, an in-person chambers conference, and a follow-up telephonic chambers

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

conference, the Court entered the agreed Administrative Claim Order on September 19, 2019. Among other things, the agreed Administrative Claim Order directs (i) the parties to mediate certain enumerated disputes; (ii) the Debtors to pay Tenet and Conifer $400,000 per week for services going forward; and (iii) the Debtors to pay Tenet and Conifer $1 million from the HPP Funds (defined below) ***promptly*** after receiving such funds, which payment will be applied to Tenet and Conifer's administrative expense claims relating to the pre-September 20, 2019 period. (*Id.* (emphasis added).)

4. Since that time, Tenet and Conifer have upheld their end of the bargain by: (a) continuing to provide services to the Debtors pursuant to the TSA and MSA; (b) working expeditiously to identify an appropriate mediator; (c) engaging in constructive dialogue with the mediator, the Debtors, and the Creditors' Committee regarding the scope, duration, and nature of the mediation; and (d) engaging with Tower Health regarding the terms on which Tenet and Conifer may agree to continue to provide services related to St. Christopher's Hospital for Children post-closing.

5. Unfortunately, the Debtors have not complied with certain obligations under the Administrative Claim Order.[3] More specifically, on October 2, 2019, the Debtors appealed the agreed Administrative Claim Order without advance notice to, or discussion with, Tenet and Conifer. Tenet and Conifer intend to respond to the numerous legal and procedural flaws with the Debtors' meritless appeal and abuse of the judicial process in their forthcoming objection to motion for a stay pending appeal.

---

[3] The Debtors have also failed to pay certain undisputed amounts due under the Administrative Claim Order. For example, on Friday, October 11, 2019, the Debtors failed to remit any of that week's $400,000 payment to Tenet and Conifer, notwithstanding the express terms of the Administrative Claim Order. Based on discussions with the Debtors' advisers, Tenet and Conifer are optimistic that this payment will be effectuated on Tuesday, October 15, 2019.

6.      The Debtors' failure to comply with the Administrative Claim Order also extends to their obligations with respect to the $1 million catch-up payment owed to Tenet and Conifer with respect to their pre-August 20, 2019 administrative claims. More specifically, in connection with the January 2018 asset sale transaction, Tenet agreed to assign certain receivables to the Debtors. As of the date hereof, Tenet understands that approximately $2 million of such receivables are held by a third party, Health Partners Plans ("HPP"), which, in light of certain disputes involving the Debtors, requires Tenet's consent prior to releasing such funds.

7.      To resolve this matter, Tenet, Conifer, and the Debtors agreed in the Administrative Claim Order to take steps to bring such funds into the estates and to use those funds to satisfy Tenet and Conifer's accrued but unpaid administrative claim for the period between July 1, 2019, and August 20, 2019.

8.      More specifically, paragraph 9 of the Administrative Claim Order provides that "Tenet shall sign a consent, in a form reasonably acceptable to the Debtors, Health Partners Plans and Tenet, authorizing the release to the Debtors of the $2 million currently held by Health Partners Plans with respect to the 2017 stub period" and that "Tenet shall reasonably cooperate with the Debtors' reasonable requests with respect to seeking the release of such funds." The Administrative Claim Order further requires the first $1 million thereof to be paid to Tenet and Conifer "promptly after receiving such funds." Administrative Claim Order § 8.[4]

---

[4] "Tenet and Conifer shall have an allowed administrative expense claim in the amount of at least $400,000 per week for the period of the Petition Date through August 20, 2019 (before giving credit for the weekly $200,000 payments made by the Debtors to date for such period), and Tenet and Conifer reserve the right to argue that they are entitled to more than $400,000 per week for such period and the Debtors reserve the right to contest such arguments. Additionally, provided that Tenet and Conifer perform services in the manner contemplated by the TSA and MSA, commencing on August 20, 2019, Tenet and Conifer shall have an allowed administrative expense claim in the amount of $400,000 per week (before giving credit for the weekly $200,000 payments made by the Debtors to date for such period)." Administrative Claim Order § 6.

9.    Notwithstanding the Court's entry of the Administrative Claim Order nearly a month ago, the Debtors have not yet provided Tenet with a copy of the proposed HPP consent.[5] Furthermore, on October 7, 2019, in response to an inquiry from Tenet's counsel, the Debtors advised Tenet that the Debtors would not transfer the HPP Funds to Tenet and Conifer notwithstanding the plain terms of the agreed Administrative Claim Order. More specifically, the Debtors advised Tenet and Conifer that the HPP Funds may constitute collateral under the DIP facility. *See* Correspondence from J. Hampton to G. Pesce dated Oct. 7, 2019, attached hereto as **Exhibit A**. Thereafter, counsel to the DIP lender confirmed to Tenet and Conifer during a telephone conference that the DIP lender would not consent to the release of such funds unless Tenet and Conifer agreed to continue to provide services contemplated by the TSA and MSA until the St. Christopher's sale closes. Put another way, the Debtors are seeking to force Tenet and Conifer to continue to perform services under the TSA and MSA until the end of the year (the earliest that the St. Christopher's sale may close) while not satisfying their accrued but unpaid administrative claim for the period between the Petition Date and August 20, 2019, which was expressly allowed by the Court.

10.    It is appropriate to award attorney's fees and expenses when "(1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003). There can be no question that the agreed Administrative Claim Order was a valid order and that the Debtors had knowledge of it. And yet the Debtors have willfully disobeyed the order by refusing to obtain HPP's consent to transfer the HPP funds to the estates and preemptively

---

[5]   The Debtors have advised Tenet and Conifer that the Debtors are working to reconcile the amounts held by HPP; however, Tenet and Conifer have not received any specific information regarding the process to reconcile such amounts or more specific reasons for any such delay.

breaching the obligation to transfer a portion of the HPP Funds over to Tenet and Conifer "promptly" after receipt thereof.

11. A bankruptcy court has the power to issue a wide range of remedies, including costs, attorneys' fees and compensatory and punitive damages. *See In re Fluke*, 305 B.R. 635, 644 (Bankr. D. Del. 2005). When a party has disobeyed a valid court order—such as those ignored by the Debtors—and the court finds it in contempt, fees and costs are a reasonable remedy. *See In re Continental Airlines, Inc.*, 236 B.R. 318, 330-31 (Bankr. D. Del. 1999). Given that the Debtors have attempted to ignore the Court's clear instructions, attorneys' fees and costs in connection with this matter are appropriate here.

## **Conclusion**

WHEREFORE, for all of the foregoing reasons, Tenet and Conifer respectfully request that the Court (a) enter an order enforcing the Administrative Claim Order and awarding Tenet and Conifer fees and expenses in connection with this matter and (b) grant such other and further relief as may be appropriate.

| | |
|---|---|
| Dated: October 15, 2019 | PACHULSKI STANG ZIEHL & JONES LLP |

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:    (302) 652-4400
Email:         ljones@pszjlaw.com
                    tcairns@pszjlaw.com

- and -

KIRKLAND & ELLIS LLP
Stephen C. Hackney, P.C. (*admitted pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
Nicholas F. Wasdin (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:         stephen.hackney@kirkland.com
                    gregory.pesce@kirkland.com
                    nick.wasdin@kirkland.com

- and -

KIRKLAND & ELLIS LLP
Nicole L. Greenblatt, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:         nicole.greenblatt@kirkland.com

*Counsel to Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC*