## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) **Related to Docket No. ____** |

### ORDER APPROVING STIPULATION REGARDING EQUIPMENT LEASES BETWEEN HAHNEMANN UNIVERSITY HOSPITAL AND BECKMAN COULTER, INC.

Upon consideration of the *Stipulation Regarding Equipment Leases Between Hahnemann University Hospital and Beckman Coulter, Inc.* (the "**Stipulation**")[2] attached hereto as **Exhibit "1;"** and the Court having jurisdiction over the matters raised in the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Stipulation having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Stipulation is in the best interest of the Debtors, their estates, creditors and all parties-in-interest, and that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Stipulation is approved.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2]     Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

2.      The Debtors are authorized to take any and all actions necessary to effectuate the Stipulation.

3.      This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.

4.      This Order is effective immediately upon entry.

# EXHIBIT 1

## Stipulation

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |

## STIPULATION REGARDING EQUIPMENT LEASES BETWEEN
## HAHNEMANN UNIVERSITY HOSPITAL AND BECKMAN COULTER, INC.

This Stipulation Regarding Equipment Leases Between Hahnemann University Hospital and Beckman Coulter, Inc. (the "**Stipulation**") is made and entered into as of the 15th day of October, 2019 between and among the above-referenced debtors and debtors-in-possession (collectively, the "**Debtors**") and Beckman Coulter, Inc. ("**Beckman Coulter**," and together with the Debtors, the "**Parties**"), by and through their respective duly authorized undersigned counsel.

## INTRODUCTION

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced the above-captioned cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, the Debtors and Beckman Coulter are parties to several agreements (collectively, as further described herein, the "**Leases**"), pursuant to which the Debtors rent equipment (the "**Equipment**") from Beckman Coulter related to the Debtors' operations at Hahnemann University Hospital ("**Hahnemann**");

**WHEREAS**, the Leases shall be deemed to include all agreements between the Parties related to Hahnemann, including, without limitation, the agreements referenced on **Exhibit A** attached hereto, but shall not include any agreements or equipment related to the Debtors' operations at St. Christopher's Hospital for Children ("**SCHC**");

**WHEREAS**, the Debtors no longer require access to or use of the Equipment in connection with their operations at Hahnemann;

**WHEREAS**, the Parties agree that the Leases are true leases, and not financing agreements, such that Beckman Coulter is the owner of all Equipment and the Debtors' interests therein are leasehold interests only; and

**WHEREAS**, the Parties seek an expeditious rejection of the Leases in order to minimize expense to the Debtors' estates and facilitate Beckman Coulter's retrieval of the Equipment without undue delay.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby agree, subject to Bankruptcy Court approval as set forth herein, as follows:

## STIPULATION

1.      Each of the Recitals set forth above is incorporated herein by reference.

2.      This Stipulation is subject to and conditioned upon the entry of a final, non-appealable order of the Court approving this Stipulation (the "**Stipulation Effective Date**").  In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect, except with respect to any implementing actions which occurred prior to the Stipulation Effective Date, as described below.

3.      Immediately upon execution of this Stipulation, Beckman Coulter may make arrangements with the Debtors to enter Hahnemann and retrieve and remove the Equipment. The Debtors agree to cooperate, as reasonably requested, to facilitate Beckman Coulter's removal of the Equipment.

4.      On the Stipulation Effective Date, the Leases shall be deemed rejected pursuant to section 365(a) of the Bankruptcy Code, *nunc pro tunc* to the date of execution of this Stipulation.

5.      Beckman Coulter may file a general unsecured proof of claim with respect to any amounts allegedly due with respect to the Leases, including amounts arising prior to the Petition Date or resulting from rejection of the Leases pursuant to 502(g) of the Bankruptcy Code, on or before the deadline set by the Court by separate order for filing proofs of claim in the Chapter 11 Cases.  All rights of the Debtors and their estates are expressly preserved with respect to any claims filed or asserted by Beckman Coulter in connection with the Bankruptcy Cases.

6.      Nothing contained herein shall affect in any way any equipment used in connection with the Debtors' operations at SCHC, or any agreements between the Debtors and Beckman Coulter related to the Debtors' operations at SCHC, all of which shall remain in place subject to further order of the Court.

7.      The Parties are authorized to take any and all actions necessary to effectuate this Stipulation.

8.      This Stipulation is the entire agreement between the Debtors and Beckman Coulter with respect to the subject matter hereof.  This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein.  No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

9.      The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

10.     Each of the Parties further acknowledges that it has been fully advised with respect to its rights and obligations under this Stipulation by counsel of its own choosing.  Each of the Parties has consulted with counsel of its own choosing and has had adequate opportunity to make whatever investigation or inquiry it deems necessary or desirable with respect to the subject matter and terms of this Stipulation.

11.     In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

12.     This Stipulation shall be binding and inure to the benefit of the Parties hereto, their successors and assigns, and including, as to the Debtors, any chapter 7 or chapter 11 trustee, plan administrator or estate representative.

13.     This Stipulation may be modified, amended, or supplemented by the Parties, in writing, and without further order of the Court, provided that any such modification, amendment, or supplement either is (a) not material or (b) not less favorable to the Debtors than the existing applicable provisions.

4

14.     If any part of this Stipulation is held to be unenforceable by any court of competent jurisdiction, the unenforceable provision shall be deemed amended to the least extent possible to render it enforceable and the remainder of this Stipulation shall remain in full force and effect.

15.     This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws' principles thereof.  This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, agents, attorneys and representatives.

16.     This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

17.     The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

35935497.2 10/15/2019

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

**SAUL EWING ARNSTEIN & LEHR LLP**

/s/  Aaron S. Applebaum

Mark Minuti (DE Bar No. 2659)
Monique Bair DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899-1266
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

   -and-

Jeffrey C. Hampton
Adam H. Isenberg
Aaron S. Applebaum (DE Bar No. 5587)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7700
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
aaron.applebaum@saul.com

*Counsel for Debtors and Debtors in Possession*

**BERNSTEIN BURKLEY, P.C.**

/s/  Lara S. Martin

Lara S. Martin, Esq.
707 Grant Street, Suite 2200
Gulf Tower
Pittsburgh, PA 15219
Telephone: (412) 456-8102
Fax: (412) 456-8135
lmartin@bernsteinlaw.com

*Counsel for Beckman Coulter, Inc.*

35935497.2 10/15/2019

**EXHIBIT A – INCLUDED LEASES**

| Date | Lease/Quote Number |
|---|---|
| 12/23/2011 | 49944US |
| 10/29/2012 | 47742US |
| 12/15/2012 | 47744US* |
| 1/18/2019 | 65949US |
| 1/18/2019 | 65955US |
| 1/18/2019 | 65959US |
| 1/18/2019 | 65938US |

\*       Agreement 4744US amends prior agreements 13658US and 25894US, dated 1/13/2005 and 4/10/2007, respectively.