UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Case No. 19-11466-KG |
| | : | |
| CENTER CITY HEALTHCARE LLC | : | Chapter 11 |
| d/b/a HAHNEMANN UNIVERSITY | : | |
| HOSPITAL, et al.[1] | : | Jointly Administered |
| Debtors. | : | |

## MOTION FOR PAYMENT OF ADMINISTRATIVE EXPENSES OF PHILADELPHIA HOSPITAL AND HEALTH CARE EMPLOYEES – DISTRICT 1199C TRAINING AND UPGRADING FUND

Creditor Philadelphia Hospital and Health Care Employees – District 1199C Training and Upgrading Fund ("Training Fund"), by and through its undersigned counsel, hereby moves pursuant to 11 U.S.C. § 503(b) for an Order allowing and compelling payment of an administrative expense claim and, in support thereof, aver as follows:

### Background

1. On June 30, 2019 (the "Petition Date"), Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("Debtor"), filed a voluntary Petition for relief under Chapter 11 of the Bankruptcy Code ("Code"), commencing the above-captioned case (the "Case"). After filing of the petition, the Debtor continued to operate its business as a debtor-in possession.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Health Systems, LLC (8165), HPS of PA, L.L.C., (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

2. National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO, and its Affiliate District 1199C ("District 1199C") and the Debtor were signatory to a collective bargaining agreement. A true and correct copy of the collective bargaining agreement is attached as Exhibit B.

3. Under the terms of the collective bargaining agreement, the Debtor was obligated to submit contributions on a monthly basis to the Training Fund at a rate of 1.5% of a covered employee's monthly gross wages. The Training Fund provides access to career pathways in healthcare and human services for incumbent workers and job seekers through education, training and work-based learning.

4. In addition to the monthly contributions, monthly remittance reports listing the covered employee's name, social security number, monthly gross wages and total contributions paid were required to be submitted. Monthly remittance reports allow the fund to credit the participant for purposes of eligibility of the Training Fund benefits. In addition, the remittance reports provide information to the Training Fund as to the exact amount owed. *Sheet Metal Worker, Local 19 v. 2300 Grp, Inc.*, 949 F.2d 1274, 1282 (3d Cir. 1991).

5. Contributions and remittance reports were due the end of the month following the month in which the contributions were earned. Therefore, contributions earned in July would be due by August 31st.

### Relief Requested

6. The Debtor has failed to pay the Training Fund contributions as required under the terms of the collective bargaining agreement for the post-petition months of

July 2019 and August 2019 and failed to provide the remittance reports for the months of July 2019 and August 2019.

7. These contributions and remittance reports are also due pursuant to Sections 502(g) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g) and 1145.

### Basis for Relief Requested

8. A creditor's right to payment will be afforded first priority under U.S.C. § 503(b) to the extent that the consideration supporting the claimant's right to payment was supplied to and beneficial to the trustee or debtor-in-possession in the operation of the business. *In re Bernard Technologies, Inc.*, 342 B.R. 174, 177 (Bankr. D. Del. 2006) (quoting *Calpine Corp. v. O'Brien Envt'l Energy, Inc. (In re O'Brien Envt'l Energy, Inc.)*, 181 F.3d 527, 532-33 (3d Cir. 1999)). The contributions are part of the employees' compensation package. The workers forgo wages for the contributions made to the Training Fund by the Debtor. The employees continued to work after the Debtor filed for bankruptcy. But for those employees continuing to work, the Debtor would have had a significant liability regarding the care of patients remaining in the hospital, post-petition until closing.

9. On August 31, 2019, Susan A. Murray, Esquire sent an informational letter to remind the Debtor of its contractual obligation to the Training Fund for July 2019 contributions pursuant to the collective bargaining agreement. Attached as Exhibit C is a copy of the correspondence.

10. The Training Fund did not receive a response from the Debtor. It should be noted that the Training Fund did not receive any remittance reports from the Debtor for the

months of May and June 2019. Although the contributions would be considered pre-petition amounts owed for crediting the participants in the plan, the remittance reports provide the Training Fund with reporting information that would not be in violation of the automatic stay.

11. The Trustees of the Training Fund have a fiduciary obligation to collect all amounts that are due and owing the Fund. ERISA, 29 U.S.C. § 1104. The Training Fund requests that the Court Order the Debtor to pay the Training Fund contributions and submit remittance reports for July and August 2019 and to provide the Training Fund with the outstanding remittance reports for May and June 2019.

**WHEREFORE,** the Training Fund respectfully requests that this Honorable Court enter an Order, in the form annexed hereto as Exhibit A, granting the Training Fund an administrative expense claim for contributions due for the post-petition period of July and August 2019 plus all outstanding remittance reports.

Respectfully submitted,

MARKOWITZ & RICHMAN

Date: October 15, 2019

BY: */s/ Claiborne S. Newlin*
Claiborne S. Newlin, Esquire (No. 4745)
Legal Arts Building
1225 King Street, Suite 804
Wilmington, DE 19801
Telephone: (302) 656-2308
Facsimile: (215) 790-0668
Email: cnewlin@markowitzrichman.com
Attorney for Philadelphia Hospital and Health Care Employees- District 1199C Training and Upgrading Fund

                    FREEDMAN AND LORRY, P.C.

BY:    */s/ Susan A. Murray*
        Susan A. Murray, Esquire (Pro Hac Vice)
        1601 Market Street, Suite 1500
        Philadelphia, PA 19103
        Telephone: (215) 931-2506
        Facsimile: (215) 925-7516
        Email: smurray@freedmanlorry.com
        Attorney for Philadelphia Hospital and Health Care Employees- District 1199C Training and Upgrading Fund