# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a<br>HAHNEMANN UNIVERSITY HOSPITAL, *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>Jointly Administered<br><br>Re: Docket No. 830 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE NON-DEBTOR LESSORS TO DEBTORS' MOTION FOR AN ORDER EXTENDING THE DEADLINE FOR THE DEBTORS TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(D)(4)**

Front Street Healthcare Properties, LLC ("Front Street"), Front Street Healthcare Properties II, LLC ("Front Street II" and, together with Front Street, the "Front Street Lessors"), and Broad Street Healthcare Properties, LLC (the "Broad Street Lessor" and, together with the Front Street Lessors, the "Non-Debtor Lessors"), by and through their undersigned counsel, hereby submit this limited objection and reservation of rights (the "Limited Objection") to the *Debtors' Motion for an Order Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4)* [Docket No. 830] (the "Extension Motion") and respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

## BACKGROUND

**Front Street Leases**

1. St. Christopher's Healthcare, LLC ("SCH"), a debtor in the above-captioned chapter 11 cases, and Front Street are party to that certain lease agreement dated January 11, 2018 (the "Hospital Lease"), whereby SCH leases the hospital facilities (including the real property) from which it operates St. Christopher's Hospital for Children from Front Street. SCH and Front Street II are party to that certain (a) lease agreement dated January 11, 2018, whereby SCH leases the Nelson Pavilion (the "Nelson Lease") and (b) lease agreement dated January 11, 2018, whereby SCH leases the Warehouse at 3484-3863 D Street (the "Warehouse Lease" and, together with the Nelson Lease and the Hospital Lease, the "Front Street Leases" and each, a "Front Street Lease").

2. Under the terms of the Front Street Leases, SCH is obligated to pay (i) $1,093,750 per year in base rent ("Base Rent") and $7,656,250 per year in performance-based rent ("Performance-Based Rent") under the Hospital Lease; (ii) $100,000 per year in Base Rent and $700,000 per year in Performance-Based Rent under the Nelson Lease; and (iii) $56,250 per year in Base Rent and $393,750 per year in Performance-Based Rent under the Warehouse Lease. Under each of the Front Street Leases, Base Rent is payable in arrears as of the last day of each calendar quarter and the timing for payment of Performance-Based Rent is connected to the occurrence of certain conditions (the "Performance-Based Rent Payment Trigger") tied to that certain *Credit and Security Agreement* dated January 11, 2018, between the Debtors and MidCap Funding IV Trust and MidCap Funding H Trust (together, "MidCap"). In addition, under the Front Street Leases, SCH is responsible for the payment of (a) all real property taxes applicable to the premises covered by the Front Street Leases, (b) all operating expenses (including, without

limitation, maintenance, repair, and alternation costs), and (c) utilities associated with those premises (collectively, "Additional Rent").

3. In connection with the sale of substantially all of the assets of SCH, SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C, StChris Care at Northeast Pediatrics, L.L.C. and TPS V of PA, L.L.C. (together, the "SCH Entities"), the Debtors filed the *Notice of Assumption, Assignment and Cure Amount With Respect to Executory Contracts and Unexpired Leases of the Debtors* [Docket No. 510] (the "Cure Notice") on August 16, 2019, identifying certain executory contracts and unexpired leases related to the sale that the Debtors are seeking to assume or assume and assign. The Cure Notice included seven (7) leases between SCH and Front Street each with a cure amount of $0.00. Cure Notice, Exhibit A at 14. Additionally, the Cure Notice included a "Lease Agreement" between SCHC Pediatric Associates, L.L.C. and Philadelphia Academic Health Holdings, LLC with a cure amount of $0.00. *Id.* at 26.

4. On August 30, 2019, the Front Street Lessors filed a *Limited Objection and Reservation of Rights to Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors* [Docket No. 662] (the "Limited Objection to Cure Notice") to the Cure Notice. Subsequently, the Debtors filed the *Notice of Filing of Amended Cure Schedule* [Docket No. 734] (the "Amended Cure Notice"), identifying that the Debtors were only seeking to assume and assign four (4) leases between SCH and the Front Street Lessors, including the Front Street Leases, each with a cure amount of $0.00 and a "Lease Agreement" between SCHC Pediatric Associates, L.L.C. and Philadelphia Academic Health

Holdings, LLC with a cure amount of $0.00. Amended Cure Notice, Exhibit A at 14, 26.[2] The Front Street Lessors filed a *Supplemental Objection and Reservation of Rights to Notice of Filing of Amended Cure Schedule* [Docket No. 757] (the "Supplemental Objection") on September 23, 2019, reiterating that the Front Street Lessors do not object to the proposed assumption (and assignment) of the Front Street Leases, provided that as a condition to the assumption (and assignment) of such agreements (i) the cure amounts for such agreements reflect all amounts currently outstanding under the agreements and (ii) the Front Street Lessors receive adequate assurance of future performance by the Debtors or any assignee in the event such agreements are assigned to the successful bidder of the SCH Entities' assets or any other party.

5. At the September 23, 2019 hearing, the Debtors agreed to remove the Front Street Leases from the list of assigned contracts included in Exhibit B to the *Order Under 11 U.S.C. § 105, 363, 365, 503 and 507 (A) Approving Asset Purchase Agreement with STC OPCO, LLC (B) Authorizing Sale of Certain Debtors' Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtors' Executory Contracts, and (D) Granting Related Relief* [Docket No. 795] (the "Sale Order"). Specifically, the Sale Order states that the Front Street Leases are not being assumed and assigned pursuant to the Sale Order and, to the extent the purchaser seeks to designate for assumption and assignment any of the Front Street Leases, the assignment of any such lease must be subject to a separate order. Sale Order, n.3. Under the Sale Order, the purchaser and the Debtors have until December 13, 2019, to make final decisions on the contracts and leases to be assumed by the Debtors and assigned to the purchaser. *See* Sale Order, Exhibit A §§ 1.11, 9.1. As of the date of this Limited Objection, SCH has not filed

---

[2] Philadelphia Academic Health Holdings, LLC is unaware of any lease agreement between itself and SCHC Pediatric Associates, L.L.C. To the extent that the Debtors are seeking to assume (and assign) any such lease, Philadelphia Academic Health Holdings, LLC reserves all of its rights with respect thereto.

4

a notice seeking to assume (and assign) the Front Street Leases and no separate order has been entered with respect to the assumption (and assignment) of the Front Street Leases.

**Broad Street Lease**

6. The Broad Street Lessor and Center City Healthcare, LLC ("CCH"), a debtor in the above-captioned chapter 11 cases, are party to that certain lease agreement dated January 11, 2018 (the "Broad Street Lease" and, together with the Front Street Leases, the "Affiliate Leases"), whereby CCH leases the property known as Hahnemann University Hospital and certain land. Under the terms of the Broad Street Lease, CCH is obligated to pay $1.00 per year in Base Rent as well as Additional Rent (*i.e.*, taxes, operating expenses, and utilities). *See* Broad Street Lease § 1.2.

7. CCH and Thomas Jefferson University Hospitals, Inc., as purchaser of certain assets of CCH, did not schedule the Broad Street Lease for assumption or rejection pursuant to the *Order Under 11 U.S.C. § 105, 106, 363, 365, 503, 507, and 525 (A) Approving Asset Purchase Agreement with Thomas Jefferson University Hospitals, Inc., (B) Authorizing Sale of Certain of Debtor's Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtor's Executory Contracts, and (D) Granting Related Relief* [Docket No. 681].[3] As of the date of this Limited Objection, CCH has not filed a notice stating an intent to assume or reject the Broad Street Lease and no separate order has been entered with respect to the assumption or rejection of the Broad Street Lease.

---

[3] The Debtors also filed two omnibus rejection motions that sought to reject certain contracts and leases related to Hahnemann University Hospital, neither of which included the Broad Street Lease. *See First Omnibus Motion of the Debtors for Entry of an order Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases* [Docket No. 349] (approved by Bankruptcy Court order on August 22, 2019 [Docket No. 547]); *Fifth Omnibus Motion of the Debtors for Entry of an Order Authorizing the Rejection of Certain Unexpired Real Estate Leases* [Docket No. 620] (pending).

**LIMITED OBJECTION**

8. Section 365(d)(4) was intended to prevent undue delay in deciding whether to assume or reject unexpired leases. *See In re Channel Home Centers, Inc.*, 989 F.2d 682, 686 (3d Cir. 1993). Courts, recognizing the purpose of this provision, have discretion to extend the deadline to assume or reject an unexpired lease "for cause." *Id.* at 686-688; *see also In re GST Telecom Inc.*, 2001 WL 686971, at *3 (D. Del. June 8, 2001). When considering whether cause exists to extend the debtor's time to assume or reject an unexpired lease, courts will consider the following factors: "(1) whether the debtor was 'paying for the use of the property'; (2) whether 'the debtor's continued occupation . . . could damage the lessor [ ] beyond the compensation available under the Bankruptcy Code'; (3) whether the lease is the debtor's primary asset; and (4) whether the debtor has had sufficient time to formulate a plan of reorganization." *In re Burger Boys, Inc.*, 94 F.3d 755, 761 (2d Cir. 1996).

9. Under the Affiliate Leases, the Debtors are responsible for paying Base Rent and Additional Rent to the Non-Debtor Lessors. Additionally, under the Front Street Leases, SCH is responsible for the payment of Performance-Based Rent to the Front Street Lessors. With respect to the payment of all other Additional Rent, historically the costs that constitute such other Additional Rent (*i.e.*, taxes, operating expenses, and utilities) have been paid by the Debtors directly. Thus, the Non-Debtor Lessors have little to no visibility in whether the Debtors are complying with their Additional Rent obligations under the Affiliate Leases. Indeed, numerous mechanics' liens have been filed against the leased premises and the Debtors and the Non-Debtor Lessors regarding the non-payment of maintenance charges. *See, e.g.*, *Notice of Herman Goldner Co., Inc. Filing and Perfection of Mechanic's Lien Pursuant to 11 U.S.C. §§ 362(b)(3) and 546(b)* [Docket No. 555]; *Otis Elevator Company v. Broad Street Healthcare Properties, LLC and Tenet HealthSystem Hahnemann, LLC, d/b/a Hahnemann University Hospital*, Notice of Filing of

Mechanic's Lien (No. 1909M0021), attached hereto as **Exhibit A**; *Otis Elevator Company v. Front Street Healthcare Properties, LLC and St. Christophers Healthcare, LLC d/b/a St. Christopher's Hospital For Children*, Notice of Filing of Mechanic's Lien (No. 1908M0012), attached hereto as **Exhibit B**; Letter from Monica M. Reynolds to Front Street Healthcare Properties II, LLC (September 25, 2019) (Watts Restoration Company, Inc. Notice of Intent to File a Mechanics Lien), attached hereto as **Exhibit C**.

10. Faced with the possibility of the assumption of the Affiliate Leases and the curing of numerous defaults under the leases, the Non-Debtor Lessors have requested information from the Debtors with respect to amounts due under the leases. As of the date of this Limited Objection, the Debtors have failed to provide any of the necessary information requested. Until receipt of such information, the Non-Debtor Lessors cannot accurately assess the Debtors' compliance with, and any amounts in arrears under, the Affiliate Leases.

11. Moreover, as a result of the rollup of the Debtors' prepetition credit facility with MidCap into the postpetition debtor-in-possession facility with MidCap, certain of the conditions contained in the Performance-Based Rent Payment Triggers in the Front Street Leases no longer exist, including the exclusion of a Fixed Charge Coverage Ratio in the debtor-in-possession facility. Given the change in circumstances surrounding the Front Street Leases, the Front Street Lessors believe that Performance-Based Rent is due and payable since the Petition Date. As of the filing of this Limited Objection, approximately $1,990,000 in Performance-Based Rent is due to the Front Street Lessors.

12. The Non-Debtor Lessors do not object to a reasonable extension of the Debtors' deadline to assume or reject the Affiliate Leases. Rather than the requested 90-day extension, the Non-Debtor Lessors request that the Court enter an extension until December 13,

2019, which is the Debtors' deadline to assume agreements under the SCH Sale Order. The leases at issue here are for the real property that the Debtors operate the St. Christopher's Hospital and operated the Hahnemann University Hospital out of. These are not insignificant leases. In addition to Performance-Based Rent that is due and accruing, approximately $193,000 in Base Rent and at least $275,000 in taxes is due and owing under the Front Street Leases. These amounts do not include an any other Additional Rent due under the Affiliate Leases, which the Non-Debtor Lessors do not have the necessary information to estimate. However, based on the mechanics' liens filed, these amounts could be significant.

13. The Non-Debtor Lessors have made several attempts to obtain the necessary information to facilitate the assumption and assignment of the Affiliate Leases and have received nothing in return. Now, the Debtors ask to further delay any decision on assumption while the Non-Debtor Lessors continue to bear the burdens of such delay. Any extension of the Debtors' 365(d)(4) deadline should be limited to prevent further arrearages accumulating under the Affiliate Leases. An additional six weeks until December 13, 2019, is more than enough time for the parties to work together to resolve any issues related to the Affiliate Leases. However, the Non-Debtor Lessors cannot do so without the Debtors' cooperation and information that only the Debtors have in their possession.

**RESERVATION OF RIGHTS**

14. The Non-Debtor Lessors and their affiliates reserve all rights to assert that the Debtors have not fully and timely performed under the Affiliate Leases. The Non-Debtor Lessors and their affiliates also reserve all of their rights to amend, modify, supplement, or otherwise revise this Limited Objection, without limitation, as necessary or appropriate to amend, quantify, or correct amounts necessary to cure any defaults or arrears associated with the Affiliate Leases, to assert as part of the cure amounts any additional amounts that may accrue or arise before

the date of assumption, or to assert additional grounds for objecting to the assumption, assignment, or rejection of the Affiliate Leases (including, without limitation, adequate assurance of future performance), or to take any additional or further action with respect to the assumption, assignment, or rejection of the Affiliate Leases.

*Remainder of Page Intentionally Left Blank*

Dated: October 17, 2019
      Wilmington, Delaware

                                         */s/ Brendan J. Schlauch*
                                         Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Brendan J. Schlauch (No. 6115)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel:    (302) 651-7700
Fax:   (302) 651-7701
Email: collins@rlf.com
           merchant@rlf.com
           schlauch@rlf.com

-and-

Suzzanne Uhland
Daniel S. Shamah
Diana M. Perez
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Tel:    (212) 326-2000
Fax:   (212) 326-2061
Email: suhland@omm.com
           dshamah@omm.com
           dperez@omm.com

*Attorneys for Philadelphia Academic Health Holdings LLC, Front Street Healthcare Properties LLC, Front Street Healthcare Properties II, LLC, and Broad Street Healthcare Properties, LLC*