# **EXHIBIT 1**

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |

## STIPULATION FIXING CURE AMOUNT
## OF SPECIALTYCARE IOM SERVICES, LLC

This Stipulation Fixing Cure Amount of SpecialtyCare IOM Services, LLC (the "Stipulation") is made and entered into as of the 21st day of October, 2019 between and among the above-referenced debtors and debtors-in-possession (collectively, the "Debtors"), STC OpCo, LLC (the "Buyer") and SpecialtyCare IOM Services, LLC ("SpecialtyCare," and together with the Debtors and the Buyer, the "Parties"), by and through their respective duly authorized undersigned counsel.

## RECITALS

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, on July 16, 2019, the *Debtors' Motion for Entry of (A) an Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially All Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and Protections Afforded to Any Stalking Horse Purchasers, and (IV) Granting Related Relief; and (B) One or More Orders (I) Approving the Sales or Other Acquisition Transactions for the Assets, (II) Authorizing the Sales Free and Clear of all Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 205] (the "Sale and Bidding Procedures Motion") was filed with the Court;

**WHEREAS**, on July 26, 2019, the Bankruptcy Court entered an order [D.I. 301] (the "Bidding Procedures Order"), granting certain of the relief sought in the Sale and Bidding Procedures Motion, including, among other things, (a) the proposed bidding procedures and (b) the proposed assumption and assignment procedures;

**WHEREAS**, on August 16, 2019, and in accordance with the Bidding Procedures Order, the Debtors filed the *Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors* [D.I. 510] (the "Assumption Notice"), attached to which as Exhibit A was a list of Assigned Contracts with corresponding cure amounts (the "Cure Schedule");

**WHEREAS**, the Assumption Notice established an objection deadline of August 30, 2019 at 4:00 p.m.;

**WHEREAS,** SpecialtyCare entered into a Services Agreement with Tenet HealthSystem St. Christopher's Hospital for Children, LLC, doing business as St. Christopher's Hospital for Children ("Tenet") effective as of July 13, 2016 (together with all exhibits and amendments, the "Services Agreement"), which was thereafter assigned from Tenet to St. Christopher's Healthcare, LLC;

**WHEREAS**, on August 27, 2019, the *Limited Objection and Reservation of Rights of SpecialtyCare IOM Services, LLC to Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors* [D.I. 573] ("SpecialtyCare Cure Objection") was filed with the Court, in which SpecialtyCare identified $98,232.05 as the amount then-overdue under the Services Agreement;

**WHEREAS**, on September 19, 2019, the Debtors filed a *Notice of Filing of Amended Cure Schedule* [D.I. 734], attached to which was a revised Cure Schedule that included, in resolution of the SpecialtyCare Cure Objection, revisions to the cure amount for the Services Agreement;

**WHEREAS**, on September 20, 2019, the Debtors filed a *Notice of Cancellation of Auction and Designation of STC OpCo, LLC as the Proposed Purchaser in Connection with the Sale of Substantially All Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors* [D.I. 753], in which the Debtors identified the Buyer as the proposed purchaser of substantially all assets of St. Christopher's Healthcare, LLC and certain related Debtors (together, the "Sellers");

**WHEREAS**, on September 27, 2019, the Court entered an *Order under 11 U.S.C. § 105, 363, 365, 503 and 507 (A) Approving Asset Purchase Agreement with STC OpCo, LLC (B) Authorizing Sale of Certain of Debtors' Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtors' Executory Contracts, and (D) Granting Related Relief* [D.I. 795] (the "Sale Order"),[2] pursuant to which the Court authorized the sale of substantially all assets of the Sellers to the Buyer in accordance with an asset purchase agreement, a copy of which is attached to the Sale Order as Exhibit A (the "STC APA");

**WHEREAS**, Exhibit B to the Sale Order ("Exhibit B") contains an initial list of contracts that may be assumed and assigned to the Buyer in connection with the sale;

**WHEREAS**, for certain contracts on Exhibit B in which a Liquidated Cure Amount is not reflected, Exhibit B sets forth a Maximum Unliquidated Cure Amount for such contracts;

**WHEREAS**, Exhibit B identifies SpecialtyCare as holding a Maximum Unliquidated Cure Amount of $98,232.05 in connection with the Services Agreement;

**WHEREAS**, pursuant to section 1.11 of the STC APA, the Buyer may modify the list of Assigned Contracts until the Closing Date;

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, and in order to liquidate the Maximum Unliquidated Cure Amount reflected in Exhibit B for SpecialtyCare's Services Agreement, the Parties hereby contract, covenant and agree, subject to Bankruptcy Court approval, as follows:

## STIPULATION

1. Each of the Recitals set forth above is incorporated herein by reference.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Order.

2. This Stipulation is subject to and conditioned upon the entry of a final, non-appealable order of the Court approving this Stipulation (the "Stipulation Effective Date"). In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect.

3. Subject to the occurrence of the Stipulation Effective Date, SpecialtyCare shall have a Liquidated Cure Amount of $98,232.05 with respect to the Services Agreement; provided, however, that nothing herein is intended to relieve Sellers of their obligation to timely perform under the Services Agreement between the Petition Date and the Closing Date.

4. Notwithstanding any provision to the contrary set forth herein, the Buyer maintains discretion until the Closing Date as to whether to designate the Services Agreement, or any other contracts and leases, for assumption and assignment in connection with the sale.

5. This Stipulation is the entire agreement between the Parties with respect to the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

6. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

7. If any part of this Stipulation is held to be unenforceable by any court of competent jurisdiction, the unenforceable provision shall be deemed amended to the least extent

possible to render it enforceable and the remainder of this Stipulation shall remain in full force and effect.

8. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws principles thereof. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, agents, attorneys and representatives.

9. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

10. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

*[Remainder of page is intentionally left blank]*

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| | |
|---|---|
| **SAUL EWING ARNSTEIN & LEHR LLP** | **STEVENS & LEE** |
| */s/ Monique Bair DiSabatino* | */s/ Robert Lapowsky* |
| Mark Minuti (DE Bar No. 2659) | Robert Lapowsky |
| Monique Bair DiSabatino (DE Bar No. 6027) | 620 Freedom Business Center |
| 1201 N. Market Street, Suite 2300 | Suite 200 |
| P.O. Box 1266 | King of Prussia, PA 19406 |
| Wilmington, DE 19899-1266 | Telephone: (215) 751-2866 |
| Telephone: (302) 421-6800 | Fax: (610) 371-7958 |
| Fax: (302) 421-5873 | rl@stevenslee.com |
| mark.minuti@saul.com | |
| monique.disabatino@saul.com | *Counsel for STC OpCo, LLC* |
| | |
| -and- | **WHITE AND WILLIAMS LLP** |
| | |
| Jeffrey C. Hampton | */s/ Amy E. Vulpio* |
| Adam H. Isenberg | Marc S. Casarino (DE Bar No. 3613) |
| Melissa A. Martinez | 600 N. King Street, Suite 800 |
| Centre Square West | Wilmington, DE 19801 |
| 1500 Market Street, 38th Floor | Telephone: (302) 467-4520 |
| Philadelphia, PA 19102 | Fax: (302) 467-4550 |
| Telephone: (215) 972-7700 | casarinom@whiteandwilliams.com |
| Fax: (215) 972-7725 | |
| jeffrey.hampton@saul.com | - and – |
| adam.isenberg@saul.com | |
| melissa.martinez@saul.com | Amy E. Vulpio |
| | 1650 Market Street, Suite 1800 |
| *Counsel for Debtors and Debtors in Possession* | Philadelphia, PA 19103 |
| | Telephone: (215) 864-6250 |
| | Fax: (215) 789-7550 |
| | vulpioa@whiteandwilliams.com |
| | |
| | *Counsel for SpecialtyCare IOM Services, LLC* |