**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al*.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) **Objection Deadline: November 8, 2019 at 4:00 p.m.** |
| | ) **(EST)** |
| | ) **Hearing Date: November 19, 2019 at 10:00 a.m.** |
| | ) **(EST)** |

**DEBTORS' THIRD OMNIBUS MOTION FOR AUTHORITY TO
ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES IN CONNECTION WITH THE STC OPCO SALE**

Center City Healthcare, LLC d/b/a Hahnemann University Hospital and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby move this Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 363 and 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), granting the Debtors authority to assume and assign certain executory contracts and unexpired leases to the Buyer free and clear of all Interests in connection with the STC OpCo Sale (all as defined herein). **Parties receiving notice of this Motion should locate their names and contract or leases in Exhibit B attached hereto**. In support of the relief requested herein, the Debtors respectfully state as follows:

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory basis for the relief sought herein is Bankruptcy Code sections 363, 365(a) and 365(b) and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.      On June 30 and July 1, 2019 (collectively, the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      A description of the Debtors' businesses and the reasons for commencing these Chapter 11 Cases is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2].

**A.      The STC OpCo Sale**

5.      On July 16, 2019, the *Debtors' Motion for Entry of (A) an Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially All Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and Protections Afforded to Any*

*Stalking Horse Purchasers, and (IV) Granting Related Relief; and (B) One or More Orders (I) Approving the Sales or Other Acquisition Transactions for the Assets, (II) Authorizing the Sales Free and Clear of all Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 205] (the "Sale and Bidding Procedures Motion") was filed with the Court.

6.      On July 26, 2019, the Bankruptcy Court entered an order [D.I. 301] (the "Bidding Procedures Order"), granting certain of the relief sought in the Sale and Bidding Procedures Motion, including, among other things, (a) the proposed bidding procedures and (b) the proposed assumption and assignment procedures.

7.      On August 16, 2019, and in accordance with the Bidding Procedures Order, the Debtors filed the *Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors* [D.I. 510], attached to which as Exhibit A was a list of contracts (the "Original Contract List").

8.      On September 19, 2019, the Debtors filed the *Supplemental Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors* (the "First Supplemental Notice") [D.I. 735], attached to which as Exhibit A was a list of contracts (the "First Supplemental Contract List").

9.      On September 23, 2019, the Debtors filed the *Second Supplemental Notice of Assumption, Assignment and Cure Amount with Respect to Executory Contracts and Unexpired Leases of the Debtors* (the "Second Supplemental Notice" and, together with the First Supplemental Notice, the "Supplemental Notices")) [D.I. 763], attached to which as Exhibit A was a list of contracts (the "Second Supplemental Contract List," and together with the First Supplemental Contract List, the "Supplemental Contract Lists").

10.     The Supplemental Notices each established deadlines (the "Supplemental Notice Objection Deadlines") for filing objections to assumption and assignment of the contracts on the Supplemental Contracts Lists, the Debtors' proposed cure amounts and adequate assurance of future performance.

11.     On September 23, 2019, the Court held a hearing (the "Sale Hearing") on the Debtors' Sale and Bidding Procedures Motion.

12.     On September 27, 2019, the Court entered an *Order under 11 U.S.C. § 105, 363, 365, 503 and 507 (A) Approving Asset Purchase Agreement with STC OpCo, LLC (B) Authorizing Sale of Certain of Debtors' Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtors' Executory Contracts, and (D) Granting Related Relief* [D.I. 795] (the "Sale Order"), pursuant to which the Court authorized the sale (the "STC OpCo Sale") of substantially all assets of St. Christopher's Healthcare, LLCand certain related Debtors (together, the "Sellers") to STC OpCo, LLC (the "Buyer") in accordance with the asset purchase agreement attached to the Sale Order as Exhibit A (the "STC APA").[2]

13.     Pursuant to the Sale Order, among other things, the STC Entities (as defined in the Sale Order) were authorized to assume and assign to the Buyer all of the contracts listed on Exhibit "B" to the Sale Order free and clear of any "Interests" (as defined in the Sale Order).

14.     Schedule 1.11 to the STC APA is an initial list of contracts designated by the Buyer for assumption by the applicable STC Entity and assignment to the Buyer.  Pursuant to the STC APA, the Buyer has the right to delete contracts from Schedule 1.11 and add contracts to Schedule 1.11 at any time until the Closing Date.  See STC APA at §§ 1.11, 9.1.  However, to the extent the Buyer seeks to add an agreement to Schedule 1.11 following the Sale Hearing, the Debtors must

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Order or the STC APA.

file a motion to assume and assign such contract and provide appropriate notice to the contract counterparty. See STC APA at § 1.11. Only contracts that are listed on Schedule 1.11 as of the Closing Date (the "Closing Date Schedule 1.11") will be assumed and assigned to the Buyer.

**B.     The Subject Contracts**

15.     Prior to the filing of the Chapter 11 Cases, the Debtors entered into the executory contracts and unexpired leases identified in **Exhibit B** attached hereto (the "**Subject Contracts**").

16.     None of the Subject Contracts is listed on Exhibit "B" to the Sale Order, nor were any of the Subject Contracts listed on the version of Schedule 1.11 attached to the STC APA as of the date of the Sale Hearing.  However, the Buyer has advised the Debtors that it may add some or all of the Subject Contracts to Schedule 1.11 of the STC APA prior to the Closing Date.

17.     The amounts the Debtors assert are required to be paid to cure defaults under each Subject Contract to the extent required pursuant to section 365(b) of the Bankruptcy Code are set forth in **Exhibit B** attached hereto.

**RELIEF REQUESTED**

18.     By this Motion, the Debtors seek authority for the applicable STC Entity to assume each Subject Contract and assign it to the Buyer pursuant to sections 365(a) and (b) of the Bankruptcy Code if such Subject Contract is listed on the Closing Date Schedule 1.11.

19.     If any Subject Contract is listed on the Closing Date Schedule 1.11, the effective date of assumption of the Subject Contract shall be the Closing Date.  If any Subject Contract is *not* listed on the Closing Date Schedule 1.11, it shall not be assumed or assigned to the Buyer and the Debtors reserve all rights to assume or reject such Subject Contract.

36134361.1 10/30/2019

## BASIS FOR RELIEF REQUESTED

**I.      Assumption of the Subject Contracts is a Reasonable Exercise of Business Judgment**

20.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." See 11 U.S.C. § 365(a).  A debtor's decision to assume an executory contract under section 365 is governed by the business judgment standard.  See In re Mkt. Square Inn, Inc., 978 F.2d 116, 121 (3d Cir. 1992) (citing Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific RR Co., 318 U.S. 523, 550 (1943)); see also In re Nickels Midway Pier, LLC, 341 B.R. 486, 493 (D.N.J. 2006) (stating that the Third Circuit has adopted the business judgment standard in assessing the decision of a debtor in possession to assume or reject a contract).

21.      The business judgment rule shields a debtor's management from judicial second-guessing.  See In re Johns-Manville Corp., 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").  Once a debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'"  In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (citing Smith v. Van Gorkom, 488 A.2d 858, 872 (Del.1985)).

22.      When applying the "business judgment" standard, courts show great deference to a debtor's decision to assume an executory contract.  See, e.g., In re Phila. Newspapers, LLC, 424 B.R. 178, 182-83 (Bankr. E.D. Pa. 2010) (explaining that the business judgment standard requires courts to approve a debtor's business decision unless it is the product of bad faith, whim or caprice (citing In re Trans World Airlines, Inc., 261 B.R. 103, 121 (Bankr. D. Del. 2001))); see also

6

Summit Land Co. v. Allen (In re Summit Land Co.), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume an executory contract "should be granted as a matter of course").

23.     Moreover, in the event that a default exists under a contract sought to be assumed, the debtor-in-possession must satisfy the requirements of section 365(b) of the Bankruptcy Code, which provides that a debtor may not assume the contract unless, at the time of assumption, the debtor cures, or provides adequate assurance that the trustee will promptly cure, the default. See 11 U.S.C. § 365(b).

24.     Relatedly, section 365(f)(2) of the Bankruptcy Code provides that a debtor may assign an executory contract or unexpired lease of nonresidential real property if "adequate assurance of future performance by the assignee of such contract or lease is provided." See 11 U.S.C. § 365(f)(2).   Specifically, adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. See In re Bygaph, Inc., 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (holding that adequate assurance of future performance is given where assignee of lease has financial resources and expresses willingness to devote sufficient funding to the business to ensure its success, and that in the leasing context, chief determinant of adequate assurance is whether rent will be paid).

25.     In the present case, assumption and assignment of the Subject Contracts would be a reasonable exercise of the Debtors' business judgment.   The STC OpCo Sale will generate significant benefits to the STC Entities estates and, per the STC APA, the Buyer is entitled to add the Subject Contracts to Schedule 1.11.  Moreover, the Buyer has provided adequate assurance of future performance with respect to the Subject Contracts, as evidenced by the Court's finding to this effect in the STC Sale Order.

36134361.1 10/30/2019

26.     For these reasons, the Court should authorize, but not direct, the Debtors to assume the Subject Contracts with the cure amounts set forth for each contract on **Exhibit B** attached hereto.

## II.     Assumption of the Subject Contracts through this Omnibus Motion Should Be Permitted

27.     Lastly, Bankruptcy Rule 6006(e) provides that a debtor may not assume or assign multiple executory contracts or unexpired leases in one motion unless (i) all executory contracts or unexpired leases to be assumed or assigned are between the same parties *or are to be assigned to the same assignee*, (ii) the debtor seeks to assume unexpired leases of real property, or (iii) the court otherwise authorizes the motion to be filed.  See Fed. R. Bankr. P. 6006(e) (emphasis added). Because the Debtors are seeking authority to assume and assign the Subject Contracts to the same assignee, i.e. the Buyer, the relief requested in this Motion is consistent with Bankruptcy Rule 6006(e).

## WAIVER OF RULE 6004(h)

28.     By this Motion, the Debtors seek a waiver of the stay imposed by Bankruptcy Rule 6004(h) for "cause" so that the order on this Motion may be effective immediately without the fourteen (14) day stay otherwise applicable.  The Debtors submit that cause exists to waive the stay because it is in the best interests of the Debtors and the Debtors' estates to be able to promptly assume and assign a Subject Contract to the Buyer if, and as soon as, the Buyer designates it for assumption and assignment upon the Closing.

## COMPLIANCE WITH BANKRUPTCY RULE 6006(F)

29.     Bankruptcy Rule 6006(f) establishes requirements for a motion to assume multiple executory contracts or unexpired leases that are not between the same parties.  Bankruptcy Rule 6006(f) states, in part, that such a motion shall:

(1)    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

(2)    list parties alphabetically and identify the corresponding contract or lease;

(3)    specify the terms, including the curing of defaults, for each requested assumption or assignment;

(4)    specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

(5)    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

(6)    be limited to no more than 100 executory contracts or unexpired leases.

See Bankruptcy Rule 6006(f).  The Debtors respectfully submits that the relief requested in this

Motion complies with the requirements of Bankruptcy Rule 6006(f).

## **NO PRIOR REQUEST**

30.    No prior motion for the relief requested herein has been made to this or any other

court.

[remainder of page left intentionally blank]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) granting the Debtors authority to assume the Subject Contracts, and (ii) granting such other and further relief as is just and proper.

Date: October 30, 2019

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique Bair DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899-1266
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Melissa A. Martinez
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
melissa.martinez@saul.com

*Counsel for Debtors and Debtors in Possession*

36134361.1 10/30/2019