## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                              )
                                                    )      Chapter 11
CENTER CITY HEALTHCARE LLC d/b/a                    )
HAHNEMANN UNIVERSITY                                )      Bankruptcy No. 19-11466
HOSPTIAL *et al.*,[1]                               )
                                                    )      Jointly Administered
                              Debtors.              )
                                                    )

**THE CITY OF PHILADELPHIA'S RESPONSE TO DEBTORS' MOTION FOR STAY PENDING APPEAL OF ORDER GRANTING IN PART THE MOTION OF TENET BUSINESS SERVICES CORPORATION AND CONIFER REVENUE CYCLE SOLUTIONS, LLC FOR ENTRY OF AN ORDER (I) COMPELLING PAYMENT OF ALL UNPAID POSTPETITION AMOUNTS PURSUANT TO 11 U.S.C. § 503(b)(1) OR, IN THE ALTERNATIVE, (II) GRANTING RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT NECESSARY TO TERMINATE THE TSA AND MSA**

The City of Philadelphia ("the City") respectfully represents as follows in support of this Response to the *Debtors' Motion for Stay Pending Appeal of Order Granting in Part the Motion of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC for Entry of an Order (I) Compelling Payment of all Unpaid Postpetition Amounts Pursuant to 11 U.S.C. § 503(b)(1) or, in the Alternative, (II) Granting Relief from the Automatic Stay to the Extent Necessary to Terminate the TSA and MSA* (the "Motion for Stay"):

1.      The City is hesitant to weigh-in on the contract dispute between the Debtors and Tenet Business Services Corporation ("Tenet"). It is compelled to do so, however, on behalf of the former patients of Hahnemann University Hospital ("HUH") and current patients of St. Christopher's Hospital for Children ("St. Chris").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

2.      The Philadelphia Department of Public Health ("PDPH") has received complaints from physicians caring for former HUH patients regarding difficulty accessing medical records. The City is concerned that the dispute between Tenet and the Debtors is causing unnecessary delay in access to patient records, hindering continued patient care and endangering the health and welfare of patients.

3.      Debtor Philadelphia Academic Health Holdings, LLC, Philadelphia Academic Health System, LLC and Tenet are parties to a Transition Services Agreement ("TSA") pursuant to which Tenet provides, among other services, electronic health records ("EHR") software which allows for sharing and tracking patient care and is critical to the continued operations at St. Chris. *See* Motion for Stay, p. 10, ¶ 30. Tenet's EHR software is also necessary to give former HUH patients continued access to their patient records. *Id*. at p. 14, ¶ 37.

4.      The Debtors acknowledge that delays in providing records can result in delays in treatment. Debtors represent they will take steps necessary to migrate records from the Tenet system to an alternative repository for future access. *Id*. Upon information and belief, Tenet has offered to continue to provide services under the TSA through November 4, 2019.

5.      The City fears that what happens next with respect to this dispute will have grave consequences for patient care. It appears the Debtors are not prepared for termination of the TSA. Although the fee dispute with Tenet was evidently brewing well before the petition date, the Debtors submit that they do not have the means or the resources to transition to a new a new EHR platform requiring them to revert to paper record-keeping, which, according to the Debtors, may take up to a year. *See* Motion for Stay, p. 11, ¶ 31. If the Debtors' prediction comes to fruition, the hospitals will run afoul of federal and state law.

6.      Under applicable Pennsylvania law, the medical records of patients of St. Chris and former HUH patients are property of the hospitals. 28 Pa. Code §115.28. Upon discontinuing operation, HUH must store the records in a facility offering retrieval services for 5 years after closure. 28 Pa. Code § 115.23; 42 C.F.R. § 482.24(b)(l).

7.      The hospitals are required to have a medical records service capable of providing ready access to persons requesting records. 28 Pa. Code § 115.1. Under the Privacy Rule of the Health Insurance Portability and Accountability Act ("HIPPAA"), the hospitals must act on an individual's request for access to records no later than 30 calendar days after receipt of the request. *See* 45 C.F.R. 164.524(b)(2). If the records are requested in electronic format, then the hospitals must provide the individual with access to the information in the electronic form and format requested, if available. 45 C.F.R. § 164.524.

8.      Use of EHR is specifically encouraged by both state and federal law. *See* 28 Pa. Code § 115.26, *see also,* the Health Information Technology for Economical and Clinical Health ("HITECH") Act, 42 U.S.C. §§ 300jj *et seq.*; §§ 17901 *et seq*. Under the EHR Incentive Program of the HITECH Act, the Centers for Medicare & Medicaid Services established incentive payments for the adoption of meaningful use of EHR technology. Participating providers are required to give individuals certain information, such as discharge information, lab reports and radiology reports (collectively "Continuity of Care Documents" or "CCD"), on an expedited basis to ensure continuity of care. 42 C.F.R. § 495.20.

9.      In addition, immediate termination of access to records of former HUH patients would breach the Final Closure Plan for HUH approved by the Pennsylvania Department of Health ("PA DOH") and PDPH. At Exhibit 30-A(1) to the Final Closure Plan, HUH was granted 60-90 days to work with a health information exchange to create and maintain access to certain electronic

records/data sets including a portion of medical records included in CCD. This work requires the restructuring of an existing interface between Tenet and the health information exchange and requires the full cooperation of Tenet. Also, under the Final Closure Plan, HUH is required to migrate data from Tenet's EHR system, with Tenet's help, to a new platform to allow patient access to a full set of electronic records

10.     It is unacceptable that access to patient records may be jeopardized by the fee dispute. Access to medical records should not be used as leverage in negotiation and both parties must assure immediate and continued access to electronic medical records by former HUH patients and the physicians who have assumed their care.  Federal and state laws and the Final Closure Plan are in place to maintain the safety and wellbeing of the public and should be adhered to by the Debtors and Tenet.

11.     To the extent the Court grants either party further relief with respect to the dispute, the order should require compliance of both parties with respect to 1) all applicable federal and state laws regarding maintenance of and access to patient medical records; and 2) the terms of the Final Closure Plan as approved by the PA DOH and PDPH.

Respectfully submitted,

Dated: October 30, 2019          By:     */s/ Megan N. Harper*
                                          Megan N. Harper (No. 4103)
                                          Deputy City Solicitor
                                          Attorney for the City of Philadelphia
                                          City of Philadelphia Law Department
                                          Tax & Revenue Unit
                                          Municipal Services Building
                                          1401 JFK Boulevard, 5th Floor
                                          Philadelphia, PA  19102-1595
                                          215-686-0503 (phone)
                                          Email: Megan.Harper@phila.gov