## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) | |
| *al*.,[1] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Hearing Date: November 19, 2019 at 10:00 a.m.** |
| | ) | **Objection Deadline: November 8, 2019 at 4:00 p.m.** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
THE REJECTION OF THE CENTRE SQUARE LEASE, *NUNC PRO TUNC*
TO OCTOBER 31, 2019, (II) AUTHORIZING THE DEBTORS TO ABANDON
CERTAIN PERSONAL PROPERTY, AND (III) GRANTING RELATED RELIEF**

By the motion (this "Motion"), the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to reject the Centre Square Lease (as defined below), *nunc pro tunc* to October 31, 2019 and abandon certain Personal Property (as defined below) of the Debtors' estates, and granting related relief.  In support of the Motion, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

*Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory basis for the relief requested herein is section 365(a) of the Bankruptcy Code.

## BACKGROUND

5.      On June 30 and July 1, 2019 (collectively, the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

6.      A description of the Debtors' businesses and the reasons for commencing the Chapter 11 Cases are set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2] (the "First Day Declaration").

7.      As detailed in the First Day Declaration, the Debtors' cases include, among other entities, two major hospitals in in Philadelphia, Pennsylvania: Hahnemann University Hospital ("Hahnemann") and St. Christopher's Hospital for Children ("STC").  The Debtors have pursued

these Chapter 11 Cases with two primary objectives: (i) the safe and ordinary closure of Hahnemann; and (ii) the sale of STC and its related practice groups as a going concern.

8.      Prior to the filing of the Chapter 11 Cases, the Debtors and NG 1500 Market Street, LLC (the "Landlord") were parties to that certain lease agreement originally dated July 20, 1995 (as amended, the "Centre Square Lease") for office space located at Centre Square, 1500 Market Street, West Tower, 24th Floor, Suite 2400, Philadelphia, Pennsylvania (the "Premises").

9.      The Debtors no longer need the office space contemplated by the Centre Square Lease and therefore seek to reject the lease.  As of the filing of the Motion, the Debtors maintain certain personal property,  such as miscellaneous office furniture and office supplies, fixtures and/or equipment at the Premises (collectively, the "Personal Property").[2]  Based on the Debtors' assessment, the remaining Personal Property carries little-to-no value to the Debtors' estates.

10.      Through this Motion, the Debtors seek an effective date of rejection (the "Rejection Date") for the Centre Square Lease as of October 31, 2019.  The Debtors will vacate the Premises and return the keys and access cards thereto to the Landlord by close of business on the Rejection Date.

### RELIEF REQUESTED

11.      By this Motion, the Debtors seek authority to reject the Centre Square Lease pursuant to section 365 of the Bankruptcy Code, effective as the Rejection Date.

12.      Furthermore, the Debtors request that any Personal Property not retrieved as of the Rejection Date be deemed abandoned pursuant to section 554 of the Bankruptcy Code as of

---

[2]      The Debtors believe that they have relocated all Personal Property subject to equipment financing agreements with third parties to alternative locations pending retrieval of such property by the appropriate parties.

the Rejection Date and, that the Landlord be authorized to dispose of such abandoned Personal Property without liability to any third party claiming an interest in such abandoned Personal Property.

13.     The Debtors further request that the Landlord be required to file a proof of claim relating to any Centre Square Lease damages so as to be received by the Debtors no later than the deadline for filing proofs of claim in these Chapter 11 Cases.

## BASIS FOR RELIEF REQUESTED

14.     Section 365(a) of the Bankruptcy Code allows debtors to reject any executory contract or unexpired lease if such rejection represents a reasonable exercise of their business judgment. *See In re Armstrong World Indus. Inc.,* 348 B.R. 136, 162 (D. Del. 2006); *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1099 (2d Cir. 1993).  The business judgment test requires only that debtors demonstrate that the rejection will benefit the estate.  *See, e.g. In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).  Furthermore, a "debtor's determination to reject an executory contract can only be overturned if the decision was the product of bad faith, whim or caprice." *In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (*citing In re Trans World Airlines, Inc.,* 261 B.R. 103, 121 (Bankr. D. Del. 2001)).

15.     While section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively, courts in this district and others have held that bankruptcy courts may exercise their equitable powers in granting such a retroactive order when doing so promotes the purposes of section 365(a). *See, e.g.*, *Thinking Machines Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (holding that "rejection under section 365(a) does not take effect until judicial approval is

secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pacific Shore Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (same); *In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. June 23, 2009) (granting debtors' motion for rejection of certain leases retroactive to the petition date); *TW, Inc. v. Angelastro (In re TW, Inc.)*, No. 03-10785, 2004 WL 115521, at *2 (D. Del. Jan. 14, 2004) (holding that bankruptcy courts may approve rejection of a nonresidential lease retroactive to the motion filing date "when principles of equity so dictate"); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (same).

16.    Additionally, section 554(a) of the Bankruptcy Code provides that a debtor in possession may abandon, subject to Court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Before authorizing abandonment of property, a bankruptcy court must find either: (i) the property is burdensome to the estate or (ii) the property is both of inconsequential value and inconsequential benefit to the estate. *See, e.g.*, *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986), *reh'g denied*, 475 U.S. 1090 (1986); *In re Texaco, Inc.*, 90 B.R. 38, 44 (S.D.N.Y. 1988).

17.    In the present case, the relief requested herein clearly satisfies the business judgment standard. The Debtors are no longer using the Premises and thus, the Centre Square Lease no longer provides any value to the Debtors' estates. Indeed, because the Debtors do not intend to use the Premises, the continued obligation to pay rent and comply with other contractual obligations arising under the lease would be detrimental to the Debtors' estates and creditors. Rejection of the Centre Square Lease will further maximize the value of the Debtors' estates, eliminate losses associated therewith, and result in significant cost savings for the

Debtors' estates, to the benefit of creditors.  Immediate rejection of the Centre Square Lease is likewise necessary to prevent the estates from incurring unnecessary administrative expenses, to the detriment of the Debtors' creditors and other parties in interest.  The Debtors accordingly seek to reject the Centre Square Lease, *nunc pro tunc* to the Rejection Date.

18.    Furthermore, any Personal Property that the Debtors seek to abandon in connection with the Centre Square Lease is of inconsequential value to the Debtors' estates, as it primarily consists of furniture, office supplies, and equipment.  The Debtors believe that the cost of retrieving, marketing and reselling such Personal Property far outweighs any recovery the Debtors could hope to attain for the same.   Thus, the Debtors have determined that the abandonment of any such Personal Property as of the Rejection Date is in the best interests of the Debtors, their estates and their creditors.

19.    Notably, by this Motion, the Debtors reserve their rights with respect to any and all defenses and counterclaims to any rejection damages claims.

## REQUEST FOR IMMEDIATE RELIEF

20.    The Debtors submit that waiver of the stay imposed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") is necessary to preserve the value of their estates.  Accordingly, the Debtors respectfully request that the Court waive the 14-day stay imposed by Rule 6004(h) as the nature of the relief sought herein warrants immediate relief.

## NO PRIOR REQUEST

21.    No previous request for the relief sought herein has been made to this or any other Court.

## **NOTICE**

22.    Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Official Committee of Unsecured Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) counsel to NG 1500 Market Street, LLC; and  (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[The remainder of this page is intentionally left blank.]*

**WHEREFORE**, the Debtors respectfully request the entry of an order, substantially in the form of the Proposed Order, (i) authorizing the rejection of the Centre Square Lease, effective as the Rejection Date, (ii) authorizing the Debtors to abandon the Personal Property, and (iii) granting such other and further relief as may be just and proper.

Dated: October 31, 2019                                    **SAUL EWING ARNSTEIN & LEHR LLP**

                                                     By:*/s/ Monique B. DiSabatino*
                                                         Mark Minuti (DE Bar No. 2659)
                                                         Monique B. DiSabatino (DE Bar No. 6027)
                                                         1201 N. Market Street, Suite 2300
                                                         P.O. Box 1266
                                                         Wilmington, DE  19899
                                                         Telephone: (302) 421-6800
                                                         Fax: (302) 421-5873
                                                         mark.minuti@saul.com
                                                         monique.disabatino@saul.com

                                                                 -and-

                                                         Jeffrey C. Hampton
                                                         Adam H. Isenberg
                                                         Melissa A. Martinez
                                                         Centre Square West
                                                         1500 Market Street, 38th Floor
                                                         Philadelphia, PA 19102
                                                         Telephone: (215) 972-7777
                                                         Fax: (215) 972-7725
                                                         jeffrey.hampton@saul.com
                                                         adam.isenberg@saul.com
                                                         melissa.martinez@saul.com

                                                         *Counsel for Debtors and Debtors in Possession*

36092523.3 10/31/2019