**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br>(Jointly Administered)<br><br>Hearing Date:  December 9, 2019 at 10:00 a.m.<br>Objection Deadline:  November 25, 2019 at 4:00 p.m. |

**MOTION OF NG 1500 MARKET ST. LLC FOR AN ORDER COMPELLING DEBTOR PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC TO IMMEDIATELY PAY UNPAID POST-PETITION RENT AND OTHER OBLIGATIONS UNDER UNEXPIRED LEASE PURSUANT TO 11 U.S.C. § 365(d)(3) AND 503(b)(1)**

NG 1500 Market St. LLC (the "Landlord"), by and through its undersigned counsel, hereby files this motion (the "Motion") for the entry of an order compelling debtor Philadelphia Academic Health System, LLC ("PAHS") to immediately pay all unpaid post-petition rent and other obligations arising under the Lease (as defined below) pursuant to sections 365(d)(3) and 503(b)(1) of title 11 of the United States Code (the "Bankruptcy Code").  In support of this Motion, the Landlord respectfully states as follows:

**JURISDICTION, CORE NATURE AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2),

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

and the Landlord confirms its consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein are sections 365(d)(3) and 503(b)(1) of the Bankruptcy Code.

## BACKGROUND

4. On June 30, 2019 and July 1, 2019, (collectively, the "Petition Date"), each of the above-captioned Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Upon information and belief, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Landlord, as successor-in-interest to EQC Operating Trust, and PAHS are parties to that certain Office Lease dated as of July 20, 1995 (as amended, modified and/or supplemented from time to time, the "Lease"), pursuant to which PAHS leases from the Landlord certain premises deemed to contain 8,188 square feet (the "Premises") in the building commonly known as Centre Square located at 1500 Market Street, Philadelphia, Pennsylvania, as more particularly described in the Lease.

6. The term of the Lease is presently set to expire on December 31, 2020.

7. The Lease provides that PAHS shall pay annual fixed rent to the Landlord in monthly installments, in addition to various other expenses and taxes (collectively, the "<u>Lease Obligations</u>").

8. The Lease specifies that the annual fixed rent for the year 2019 is $219,029.00 (or $18,252.42 per month), which is payable in 12 equal monthly installments on the first calendar day of each month.

9. On October 31, 2019 (the "<u>Surrender Date</u>"), PAHS surrendered possession of the Premises to the Landlord and advised the Landlord of its intention to reject the Lease pursuant to section 365 of the Bankruptcy Code effective as of such date.

10. As of the Surrender Date, PAHS has not paid any of its post-petition Lease Obligations under the Lease, and the total amount of unpaid post-petition Lease Obligations (the "<u>Unpaid Post-Petition Obligations</u>") is $117,364.04. A detailed breakdown of the Unpaid Post-Petition Obligations as of the Surrender Date is attached as Exhibit "<u>A</u>" hereto and made a part hereof.

**RELIEF REQUESTED**

11. By this Motion, the Landlord respectfully requests the entry of an Order compelling PAHS to immediately pay all Unpaid Post-Petition Obligations within three (3) business days of the Court granting the relief requested herein.

**BASIS FOR RELIEF REQUESTED**

12. Section 365(d)(3) of the Bankruptcy Code provides that "[t]he trustee shall timely perform all obligations of the debtor…arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected[.]" *See*

11 U.S.C. § 365(d)(3).  Such obligations include, without limitation, the payment of accrued and accruing rent and other charges through the date of termination of the Lease.  *See, e.g., In re Goody's Family Clothing Inc.*, 610 F.3d 812, 818 (3d Cir. 2010) (recognizing that "[w]hen a debtor occupies post-petition non-residential space it leases," the landlord is entitled to seek payment for the debtor's post-petition occupancy under both sections 365(d)(3) and 503(b)(1)).

13.    Section 365(d)(3) protects a landlord from being reduced to an involuntary post-petition creditor of a debtor's estate.  *See Calet Hirsch & Ferrell, Inc. v. Microvideo Learning Sys. (In re Microvideo Learning Sys.)*, 254 B.R. 90, 92 (S.D.N.Y. 1990).  Indeed, to avoid such a result, section 365(d)(3)'s clear and express intent is to require a debtor to timely fulfill all post-petition lease obligations until a lease is assumed or rejected.  *See CenterPoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 268 F.3d 205, 209 (3d Cir. 2001).

14.    In the present case, PAHS has used and occupied the Premises from the Petition Date through the Surrender Date.  The Landlord should not have to suffer the risk of nonpayment when it is PAHS that chose to incur post-petition Lease Obligations by remaining in possession of the Premises.  To the extent PAHS refuses to fulfill its post-petition Lease Obligations in a timely manner, it will be using the Bankruptcy Code to take advantage of the Landlord by requiring the Landlord to help finance its reorganization efforts.

## NOTICE

15.    Notice of this Motion will be given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Debtors; (c) counsel for the Official Committee of Unsecured Creditors; and (d) all parties who have requested notice in these chapter 11 cases

pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Landlord respectfully submits that no further notice is necessary.

## **NO PRIOR REQUEST**

16. No previous motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Landlord respectfully requests the entry of an order substantially in the form submitted herewith: (a) compelling PAHS to immediately pay the Unpaid Post-Petition Lease Obligations within three (3) business days after the entry of such order; and (b) granting such other and further relief as the Court deems just and proper.

Dated: November 4, 2019
Wilmington, DE

COZEN O'CONNOR

By: */s/ John T. Carroll, III*

John T. Carroll, III (DE No. 4060)
1201 N. Market Street
Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2028
Facsimile: (302) 295-2013
jcarroll@cozen.com

and

Eric L. Scherling *(not admitted in DE)*
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2042
Facsimile: (215) 701-2081
escherling@cozen.com

*Counsel to NG 1500 Market St. LLC*