**Exhibit A**

**(Wilen Declaration)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) ) ) ) | Case No. 19-11466 (KG) Jointly Administered |
| Debtors. | ) ) |  |

**DECLARATION OF ALLEN WILEN IN SUPPORT OF DEBTORS' OBJECTION TO MOTION OF GLOBAL NEUROSCIENCES INSTITUTE, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

I, Allen Wilen, hereby declare the following, under the penalty of perjury:

1. I am the Chief Restructuring Officer ("**CRO**") of Philadelphia Academic Health System, LLC and certain of its subsidiaries, each a debtor and debtor-in-possession (each, individually, a "**Debtor**" and, collectively, the "**Debtors**") in the above-captioned chapter 11 cases.

2. I have served as CRO for the Debtors since April 8, 2019. In such capacity, I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records. I am above 18 years of age, and I am competent to testify.

3. I submit this declaration in support of the *Debtors' Objection to Motion of Global Neurosciences Institutes, LLC for Allowance and Payment of Administrative Expense Claim* (the "**Objection**").[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

4.     Except as otherwise indicated herein, all facts set forth in this declaration are based on my personal knowledge, my discussions with other members of the Debtors' management team and the Debtors' advisors, and my review of the relevant documents and information concerning the Debtors' operations, financial affairs, and refinancing and restructuring initiatives. If called upon to testify, I could and would testify competently to the facts set forth herein.

5.     Debtor Center City Healthcare, LLC, as successor to Tenet Health System Hahnemann, LLC, and GNI are parties to the GNI Agreement, pursuant to which GNI agreed to provide on-call and on-site neurosurgical physician and physician assistant staffing at Hahnemann.

6.     From July 25, 2019 forward, the Debtors had no inpatients at Hahnemann.

7.     Further, from July 25, 2019 forward, the Debtors never utilized GNI's services at Hahnemann.

8.     To the best of my knowledge, GNI provided no services to Hahnemann on or after July 25, 2019, and no physicians, physicians assistants, or other personnel from GNI reported to Hahnemann to provide on-site services or otherwise conferred any value to the Debtors in connection with their operations at Hahnemann.

9.     Per the Debtors' records, and to the best of my knowledge, the Debtors did not utilize any on-call coverage from GNI, nor was any such coverage required, from August 2, 2019 through August 27, 2019, and GNI's physicians were never called to Hahnemann for neurosurgery or trauma coverage.

-3-

10. Per the Debtors' records, and to the best of my knowledge, no neurosurgeons from GNI were actually onsite at Hahnemann during the period from August 2, 2019 through August 27, 2019.

11. Per the Debtors' records, and to the best of my knowledge, no physician assistants from GNI were actually onsite at Hahnemann during the period from August 2, 2019 through August 27, 2019, and the Debtors did not agree that such coverage was appropriate during such time period.

12. Per the Debtors' records, and to the best of my knowledge, no physician assistant training or onboarding was actually provided during the period from August 2, 2019 through August 27, 2019, and the Debtors did not participate in any mutual determination that such services were appropriate for such time period. Moreover, the Debtors understand that these services were actually provided pre-petition, and the invoiced amounts represent installment payments on a prepetition balance.

13. Per the Debtors' records, and to the best of my knowledge, no medical administrative services were actually provided for Hahnemann between August 2, 2019 and August 27, 2019.

14. The Debtors did not receive any benefit from any on-call services allegedly provided by GNI for Hahnemann between August 2, 2019 and August 27, 2019, in light of the fact that the Debtors had already discharged their last inpatient prior to August 2, 2019.

15. The Debtors did not receive any benefit from any on-site services allegedly provided by GNI between August 2, 2019 and August 27, 2019, in light of the fact that GNI physicians and/or physician assistants did not actually come to Hahnemann during such time period.

16. The Debtors did not receive any benefit from any physician assistant training services provided by GNI for Hahnemann from August 2, 2019 through August 27, 2019 and, to the best of my knowledge, no such services were actually provided.

17. The Debtors did not receive any benefit from any administrative services provided by GNI for Hahnemann from August 2, 2019 through August 27, 2019 and, to the best of my knowledge, no such services were actually provided.

18. In light of the fact that the Debtors expressly communicated to GNI prior to August 2, 2019 that they had discharged the last inpatient at Hahnemann and that GNI's services were no longer needed, it was unreasonable for GNI to have continued to provide any services for or related to Hahnemann, and any such services did not confer any benefit on the Debtors' estates.

19. Compelling the Debtors to pay GNI immediately would cause immediate and substantial harm to the Debtors' businesses, as well as other creditors and parties in interest, since the Debtors would be required to divert funds budgeted for other critical purposes in order to pay GNI's claims

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 11, 2019        */s/ Allen Wilen*
                                      Allen Wilen
                                      Chief Restructuring Officer