# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

### NOTICE OF DEPOSITION TO PAHH FEINSTEIN MOB, LLC
### PURSUANT TO FED. R. CIV. P. 30(b)(6)

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, as incorporated by and through Rules 7026, 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") will take the deposition upon oral examination of PAHH Feinstein MOB, LLC ("**PAHH Feinstein**"), on November 15, 2019 at 10:00 a.m. Eastern Time. The deposition will take place at the offices of Saul Ewing Arnstein & Lehr LLP, Centre Square West, 38th Floor, Philadelphia, PA 19102, before a court reporter and will be recorded by stenographic means, and may also be audio recorded or videotaped. The deposition is being used for discovery, for use at any evidentiary hearing, for use at trial, or for any purposes that are permitted by law or under the rules of this Court. Pursuant to Fed. R. Civ. P. 30(b)(6), incorporated by Fed. R. Bankr. P. 7030, PAHH Feinstein shall designate one or more officers,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

36200609.1 11/12/19

directors, or managing agents, or other persons who consent to testify on PAHH Feinstein's behalf with regard to the subject matters set forth below.

**PLEASE TAKE FURTHER NOTICE**, that the matters on which such person(s) will testify consist of all facts and issues raised in or related to the following pleadings in the above-captioned bankruptcy cases, and all facts and issues raised in or related to the document requests attached hereto as Exhibit A:

- *Motion of Master Landlords for Entry of an Order (A) Allowing Administrative Claims, and (B) Compelling Debtors (I) to Pay Postpetition Rent and Other Obligations Under Master Leases and (II) to Coordinate with Master Landlords Regarding Rejection of Master Leases and Surrender of Premises* [D.I. 878]

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby request, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as incorporated by and through Rules 7026, 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, that PAHH Feinstein produce the documents requested in **Exhibit A** hereto on or before Thursday, November 14, 2019 at 4:00 p.m. Eastern Time by electronic mail to Debtors' counsel: Jeffrey C. Hampton (Jeffrey.Hampton@saul.com), Mark Minuti (Mark.Minuti@saul.com); Adam H. Isenberg (Adam.Isenberg@saul.com) and Aaron S. Applebaum (Aaron.Applebaum@saul.com).

3

| | |
|---|---|
| Dated: November 12, 2019 | **SAUL EWING ARNSTEIN & LEHR LLP** |

By: */s/ Aaron S. Applebaum*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Aaron S. Applebaum (DE Bar No. 5587)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7700
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
aaron.applebaum@saul.com

*Counsel for Debtors and Debtors in Possession*

# EXHIBIT A

## REQUEST FOR PRODUCTION OF DOCUMENTS

## INSTRUCTIONS

1. If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date and subject matter. In addition, the date of disposal, the manner of disposal, the reason for disposal, the person authorizing disposal and the person disposing of the document shall also be identified.

2. These document requests shall be deemed continuing so as to require further and supplemental production should the party to whom these document requests are directed obtain additional documents falling within its scope between the time of initial production and the time of deposition, hearing or trial.

3. All documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the paragraph of this request to which they are primarily responsive.

4. All documents produced in response to these document requests shall be produced *in toto*, notwithstanding the fact that portions thereof may contain information not requested, shall include drafts and interim editions, as well as final editions, of a document, and shall include all editions or copies of a document which are not identical (whether due to handwritten notations, revisions or otherwise) to the original or other produced copy of a document.

5. With respect to each document requests herein, the party to whom these document requests are directed shall identify and produce all documents (as defined above without limitation) which are known or which can be located or discovered by reasonably diligent effort, regardless of location, including, without limitation, all such documents requested to be produced which are in the files (whether personal, business or any other files), possession, custody or control of the attorneys, accountants, agents, representatives or employees of the party to whom these document requests are directed.

6. Should you withhold any document requested based on privilege, work product, or any other reason, you are to specify the general subject matter of the information contained within the document and the basis for the contention that such information is privileged or otherwise withheld. If any form of privilege is claimed as grounds for not providing the document requested you shall identify the type, general subject matter, and date of the document, as well as such other information as is sufficient to identify the document, including the author, addressee, custodian, any other recipients, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

7. If any document identified was, but no longer is, in your custody, possession, or control, you are to state what disposition was made of it, identify its present custodian, and state who ordered or authorized such disposition.

8. If any document requests herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

9. If any document requests herein is denied, you shall explain the basis for such denial.

10. Capitalized terms used in any document request not otherwise defined herein shall have the meanings ascribed to them in the *Motion of Master Landlords for Entry of an Order (A) Allowing Administrative Claims, and (B) Compelling Debtors (I) to Pay Postpetition Rent and Other Obligations Under Master Leases and (II) to Coordinate with Master Landlords Regarding Rejection of Master Leases and Surrender of Premises* (the "**Motion**") [D.I. 878].

11. All references to PAHH Feinstein shall include each and/or all of HSRE-PAHH I, LLC, PAHH New College MOB, LLC, PAHH Bellet MOB, LLC, PAHH Wood Street Garage, LLC, PAHH Feinstein MOB, LLC, PAHH Erie Street Garage, LLC, and PAHH Broad Street MOB, LLC, and all of their respective attorneys, directors, officers, agents, employees, representatives, or entities or other person acting on its behalf or at their direction.

12. The term "document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopies, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, graphs, charts, photographs, recordings, images, pictures, sounds or symbols, or any combination thereof. For avoidance of doubt, "document" means anything which may be considered to be a document or tangible thing, and includes without limitation correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail or "email," instant messaging, text messages, metadata, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, printouts of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained, including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing.

13. The terms "relating to" or "reflecting" are used in the broadest sense, and mean anything that, directly or indirectly, generally or specifically, regards, relates to, refers to, concerns, contains, constitutes, contradicts, evidences, embodies, comprises, reflects, mentions, identifies, states, deals with, comments on, responds to, describes, analyzes, or is in any way, directly or indirectly, relevant to the subject.

14. "Any" "all" "any and all" "each" "every" and "each and every" shall be construed as synonymous as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

## REQUESTS FOR PRODUCTION

**Document Request No. 1**: All documents relating to or evidencing rent received from the Debtors or any sub-tenants with respect to the Master Lease Buildings on or after June 1, 2019.

**Document Request No. 2**: All documents relating to or evidencing any and all "Subtenant matters" as referenced in paragraph 8 of the Motion.

**Document Request No. 3**: All documents relating to or evidencing any real estate taxes for which PAHH Feinstein seeks allowance and payment of an administrative expense claim pursuant to the Motion.

**Document Request No. 4**: All documents relating to or evidencing any amounts owed to "mechanics, materialmen, and other vendors" for which PAHH Feinstein seeks allowance and payment of an administrative expense claim pursuant to the Motion.

**Document Request No. 5**: All documents relating to or evidencing any consulting, management or similar fees and parking management fees for which PAHH Feinstein seeks allowance and payment of an administrative expense claim pursuant to the Motion, including without limitation any related engagement letters or contracts with any consultant, manager or similar person.

**Document Request No. 6**: All documents relating to or evidencing the condition of each of the Master Lease Buildings as of the date of PAHH Feinstein's purchase and/or acquisition of the Master Lease Buildings.

**Document Request No. 7**: All documents relating to or evidencing the condition of each of the Master Lease Buildings as of the Petition Date.

**Document Request No. 8**: All documents relating to or evidencing the condition or status of (a) the fire system and elevators in the Wood Street Garage; (b) all elevators in the Bobst Building; and (c) any other tenant maintenance matters or issues for which PAHH Feinstein seeks allowance and payment of an administrative expense claim pursuant to the Motion.

**Document Request No. 9**: All documents relating to or evidencing all reimbursements made to vendors by PAHH Feinstein for which PAHH Feinstein seeks allowance and payment of an administrative expense claim pursuant to the Motion.

**Document Request No. 10**: All documents relating to or evidencing the Tenant Improvement Reserve under section 26.1 of the Master Leases, including without limitation: (a) all account statements or other documents evidencing any deposits, disposition or other use of such Tenant Improvement Reserve; (b) all documents relating to or reflecting the "certain immediate capital expenditure requirements" that were contemplated to be carried out in connection with the Tenant Improvement Reserve (i.e., the "**Initial CapEx Work**"); and (c) any amounts of the Tenant Improvement Reserve escrowed or otherwise set aside pursuant to section 26.1 of the Master Leases; and (d) any documents regarding negotiations with the Debtors or any other Person regarding Schedule 21.1 of the Master Leases.

**Document Request No. 11**:  All documents relating to or evidencing funds provided by PAHH Feinstein pursuant to section 26.3 of the Master Leases to fund capital expenditure projects and, to the extent such funds were provided, any and all disposition of such funds.

**Document Request No. 12**:  All documents relating to or evidencing the funding by PAHH Feinstein pursuant to section 26.4 of the Master Leases, including without limitation: (a) all account statements related to such funds; (b) all dispositions of such funds.

**Document Request No. 13**:  All documents relating to or evidencing any and all Annual CapEx Plans as contemplated by section 26.9 of each Master Lease.