**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) Jointly Administered |
| Debtors. | ) **Hearing Date: December 9, 2019 at 10:00 a.m.** |
| | ) **Objection Deadline: December 2, 2019 at 4:00 p.m.** |

**DEBTORS' MOTION FOR AN ORDER FURTHER EXTENDING THE DEADLINE
FOR THE DEBTORS TO ASSUME OR REJECT UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)**

By this motion (this "Motion"), Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("CCH") and its affiliated debtors and debtors in possession (the collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), further extending the statutory deadline (the "365(d)(4) Deadline") for the Debtors to assume or reject unexpired leases (and sub-leases) of nonresidential real property (collectively, the "Real Property Leases") by an additional twenty-seven (27) days (for a total extension of ninety (90) days from the Petition Date (as defined below)), through and including January 27, 2019. In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is section 365(d)(4) of the Bankruptcy Code.

## BACKGROUND

4. On June 30 and July 1, 2019 (collectively, the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases. On July 15, 2019, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

36226584.3 11/25/2019

5. A description of the Debtors' businesses and the reasons for commencing these Chapter 11 Cases is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2], which is incorporated herein by reference.

**A.     The Rejection Orders and Pending Rejection Motion**

6. Pursuant to orders entered on August 22, 2019 [D.I. 547-549], September 18, 2019 [D.I. 727], November 14, 2019 [D.I. 1007] and November 25, 2019 [D.I. 1057] (together, the "Rejection Orders"), the Debtors rejected a number of executory contracts and unexpired leases, including certain Real Property Leases, that were no longer needed in connection with CCH's operations due to the impending closure of Hahnemann University Hospital.

**B.     The Sale Orders**

7. On September 10, 2019, the Court entered an order [D.I. 681] authorizing the Debtors to, *inter alia*, transfer Hahnemann University Hospital's graduate medical education training program assets to Thomas Jefferson University Hospitals, Inc., which is acting on behalf of a consortium of non-profit entities (the "Residency Program Sale"). The Residency Program Sale Order is currently stayed and is the subject of a pending appeal filed by the United States of America before the United States District Court for the District of Delaware.

8. Furthermore, on September 27, 2019, the Court entered an *Order under 11 U.S.C. § 105, 363, 365, 503 and 507 (A) Approving Asset Purchase Agreement with STC OpCo, LLC (B) Authorizing Sale of Certain of Debtors' Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtors' Executory Contracts, and (D) Granting Related Relief* [D.I. 795] (the "STC Sale Order"), pursuant to which the Court authorized the sale (the "STC Sale") of substantially all assets of St. Christopher's Healthcare, LLC ("SCH") and

certain related Debtors (together, the "Sellers") to STC OpCo, LLC (the "Buyer") in accordance with the asset purchase agreement attached to the Sale Order as Exhibit A (the "STC APA").

9.  The STC APA includes an initial list of executory contracts and unexpired leases designated for assumption and assignment to the Buyer. Pursuant to the APA, the Buyer may modify the list of contracts designated for assumption until the Closing Date, which is anticipated to be on or about December 13, 2019. *See* STC APA at §§ 1.11, 9.1.

### C. The Debtors' Prior Request for an Extension of the 365(d)(4) Deadline

10. On October 9, 2019, the Debtors filed a motion to extend the 365(d)(4) deadline by ninety (90) days, to January 27, 2019. In resolution of responses filed to the motion by PAHH Bellet MOB, LLC; PAHH Broad Street MOB, LLC; PAHH Erie Street Garage, LLC; PAHH Feinstein MOB, LLC; PAHH New College, MOB, LLC; and PAHH Wood Street Garage, LLC (collectively, the "Master Landlords") and Front Street Healthcare Properties, LLC ("Front Street"), Front Street Healthcare Properties II, LLC ("Front Street II," and together with Front Street, the "Front Street Lessors") and Broad Street Healthcare Properties, LLC (the "Broad Street Lessor," and, together with the Front Street Lessors, the "Non-Debtor Lessors"), the Debtors agreed to limit the requested extension to December 31, 2019.

11. Consistent with this agreement, on October 24, 2019, the Court entered the *Order Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4)* [D.I. 903] (the "365(d)(4) Extension Order"), pursuant to which the Court extended the 365(d)(4) Deadline by sixty-three (63) days, to December 31, 2019.

## THE REAL PROPERTY LEASES

12. As a result of the Rejection Orders, only a few Real Property Leases remain for which the Debtors have not yet made a determination regarding assumption or rejection. Certain of these remaining leases remain subject to potential assumption or rejection in connection with the STC Sale and, as such, the Debtors must wait until after the Closing Date to make a final decision with respect to these leases. While, as noted above, on or about December 13, 2019 is the target date for the closing of the STC Sale, the Debtors are mindful of the fact that the date might change. The Debtors are not aware of any such issues that would case a delay at this time; however, in an abundance of caution, a further extension of the 365(d)(4) Deadline is appropriate so that *if* there are any unexpected delays in the closing of the sale, such delays do not jeopardize the Debtors' operations or their ability to assume and assign the leases to the Buyer in a manner that maximizes value for their estates and creditors.

13. Furthermore, for certain of the Debtors' remaining Real Property Leases – specifically, the lease of the Hahnemann University Hospital ("HUH") buildings – additional time is needed to determine whether to assume or reject the leases. The HUH buildings house certain inventory and equipment, much of which the Debtors intend to liquidate pursuant to the *Order (I) Authorizing Retention and Employment of Centurion Service Group, LLC, as Auctioneer, (II) Waiving Compliance with Certain Requirements of Local Rule 2016-2, and (III) Approving Sale and Liquidation of Certain Medical Equipment, Furniture and Inventory and (IV) Granting Adequate Protection* [D.I. 1062] (the "Centurion Liquidation Order"). The Debtors require additional time, beyond December 31, 2019, to accomplish the sale of these assets and, in fact, the Centurion Engagement Agreement approved by the Centurion Liquidation Order specifically contemplates the liquidator having additional time to complete its work. This

36226584.3 11/25/2019

sale of assets is being conducted for the benefit of the Debtors' estates and creditors, and thus, an extension of the 365(d)(4) Deadline that permits, among other things, this process to be completed is in the best interests of the Debtors' estates and creditors. For these reasons, the Debtors believe that the requested extension of the 365(d)(4) Deadline is appropriate.

## RELIEF REQUESTED

14. By the Motion, the Debtors request the entry of the Proposed Order further extending the deadline for the Debtors to assume or reject the Real Property Leases by twenty-seven (27) days, through and including January 27, 2020, pursuant to section 365(d)(4) of the Bankruptcy Code. Such an extension would be without prejudice to the Debtors' rights, pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, to request further extensions with the consent of the affected lessors.

## BASIS FOR RELIEF REQUESTED

15. Pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtors' deadline to assume or reject the Real Property Leases (the "Assumption/Rejection Deadline") is the date that is 120 days after the Petition Date. *See* 11 U.S.C. § 365(d)(4). Section 365(d)(4)(B) of the Bankruptcy Code provides, however, that on a motion by a debtor, the Court may extend the initial 120-day Assumption/Rejection Deadline by 90 days "for cause." *See* 11 U.S.C. § 365(d)(4)(B). Any subsequent extensions of the Assumption/Rejection Deadline may only be granted with the prior written consent of the affected lessors. *See* 11 U.S.C. § 365(d)(4)(B)(ii). Under section 365(d)(4) of the Bankruptcy Code, if a debtor fails to assume or reject an unexpired lease of nonresidential real property under which the debtor is a lessee prior to the applicable deadline, such lease automatically will be deemed rejected. *See* 11 U.S.C. § 365(d)(4)(A).

16. In the present case, the Debtors believe that ample cause exists to further extend the Assumption/Rejection Deadline. Since the commencement of the Chapter 11 Cases, the Debtors' management and professional advisors have been working diligently to ensure the Debtors' smooth entry into chapter 11 and have devoted a significant amount of time and effort in dealing with the myriad of issues attendant to the commencement of a chapter 11 case.

17. In the approximately five months that the Chapter 11 Cases have been pending, the Debtors have, among other things (i) obtained significant "first day" and other relief; (ii) retained various professionals; (iii) prepared and filed schedules and statements of financial affairs; (iv) obtained interim and final approval of a debtor-in-possession financing facility; (v) sought and obtained entry of the Rejection Orders, under which the Debtors have rejected burdensome and unnecessary executory contracts and unexpired leases; (vi) negotiated and entered into trade agreements with certain vendors to ensure the continued provision of critical supplies and services; (vii) addressed a multitude of creditor and patient inquiries; (viii) responded to numerous threatened violations of the automatic stay; (ix) filed bidding procedures and sale motions for the Residency Program Sale and STC Sales, conducted an auction for the residency program assets, and obtained Bankruptcy Court approval of both sales; (x) defended against, challenged and resolved, following extensive mediation, significant claims asserted by Tenet Business Service Corporation and Conifer Revenue Cycle Solutions, LLC; (xi) established and obtained Court approval of a key employee incentive plan and key employee retention plan; and (xii) otherwise attended to tasks required to administer these Chapter 11 Cases.

18. As the bankruptcy court in one frequently-cited decision observed, there are essentially three factors that are weighed by courts in determining whether cause exists to extend the deadline to assume or reject unexpired leases of nonresidential real property:

 (a) whether the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization that may be proposed by the debtor;

 (b) whether the case is complex and involves large numbers of leases; and

 (c) whether or not the debtor has had sufficient time to intelligently appraise the value of each lease for purposes of a plan of reorganization.

*In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); *accord In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) (noting that "it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating").

19. The Debtors submit that a consideration of the *Wedtech* factors supports the requested extension of the Assumption/Rejection Deadline. First, until the Debtors, in their business judgment, determine otherwise, the Real Property Leases are important assets of the Debtors' estates. As such, the decision to assume or reject the Real Property Leases is necessarily of significant importance to the Debtors' chapter 11 efforts.

20. As to the second and third prongs of the *Wedtech* standard, the Chapter 11 Cases are large and complex bankruptcy cases and, as of the Petition Date, the Debtors were party to a several significant Real Property Leases. Evaluating the Real Property Leases and determining whether they should be assumed or rejected is thus a substantial undertaking that involves substantial task.

21. In light of the Rejection Orders, certain of which included Real Property Leases, the Debtors have clearly made significant progress in identifying and rejecting Real Property

Leases that are no longer needed in connection with CCH's operations. In addition, as noted above, following the closing of the STC Sale, the Debtors anticipate that for nearly all of the remaining Real Property Leases, including the leases with the Master Landlords and the Front Street Lessors, the Debtors will be able to make a prompt determination regarding assumption or rejection. That said, the requested extension of the 365(d)(4) Deadline is critical in avoiding the significant prejudice that will result if delays in the Closing Date either extend past the current 365(d)(4) Deadline or otherwise diminish the Debtors' time to make a reasoned decision regarding the assumption or rejection of such leases.

22.    Moreover, without an extension of the 365(d)(4) Deadline, the Debtors will not have sufficient time to complete the liquidation of their remaining inventory at the HUH site, to the detriment of their estates and creditors, or address the many logistical issues associated with rejecting a lease for a building that has housed HUH's operations for so long. The Debtors require the brief additional time sought in this Motion to ensure not only that their inventory is removed from the HUH site prior to rejection but that appropriate time and attention can be devoted to ensure that such logistical issues are addressed properly and efficiently.

23.    For these reasons, the Debtors believe that the requested extension of the 365(d)(4) Deadline is necessary and appropriate.

**RESERVATION OF RIGHTS**

24.    Nothing contained in the Motion or any actions taken by the Debtors pursuant to relief granted in the Proposed Order is intended or should be construed as (a) an assumption or rejection of any of the Real Property Leases under section 365(a) of the Bankruptcy Code or (b) an admission by the Debtors that a particular agreement is or is not a true lease or subject to section 365 of the Bankruptcy Code. If the Court grants the relief sought herein, any and all of

the Debtors' rights, claims, and defenses with respect to the characterization of the Real Property Leases pursuant to sections 365(d)(3) and 365(d)(4) of the Bankruptcy Code or otherwise are expressly reserved.

## **NOTICE**

25. Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[remainder of page left intentionally blank]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, in substantially in the form attached hereto as **Exhibit A** granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: November 25, 2019                         **SAUL EWING ARNSTEIN & LEHR LLP**

By:*/s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Aaron S. Applebaum (DE Bar No. 5587)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
aaron.applebaum@saul.com

*Counsel for Debtors and Debtors in Possession*