# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1] | Case No. 19-11466 (KG) |
| | (Jointly Administered) |
| Debtors. | **Objections Due: December 17, 2019 at 4:00 p.m. ET** <br> **Hearing Date: TBD if objection filed** |

## SECOND MONTHLY APPLICATION OF SILLS CUMMIS & GROSS P.C. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM AUGUST 1, 2019 THROUGH AUGUST 31, 2019

| | |
|---|---|
| Name of Applicant: | Sills Cummis & Gross P.C. |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | September 5, 2019 *nunc pro tunc* to July 15, 2019 |
| Period for which compensation and reimbursement are sought: | August 1, 2019 – August 31, 2019 |
| Amount of compensation sought as actual, reasonable, and necessary: | $156,700.00  (80% of $195,875.00) |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $5,141.05 |

This is a monthly application.

---

[1] The Debtors in these cases are: Center City Healthcare, LLC, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC, HPS of PA, L.L.C., SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., StChris Care at Northeast Pediatrics, L.L.C., TPS of PA, L.L.C., TPS II of PA, L.L.C., TPS III of PA, L.L.C., TPS IV of PA, L.L.C., and TPS V of PA, L.L.C.

## COMPENSATION BY PROFESSIONAL
## AUGUST 1, 2019 THROUGH AUGUST 31, 2019

| Name of Professional Individual | Position, primary department or group, year of obtaining relevant license to practice, if applicable | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Andrew H. Sherman | Member, Bankruptcy First Bar Admission: 1991 | $795 | 71.3 | $56,683.50 |
| Boris Mankovetskiy | Member, Bankruptcy First Bar Admission: 2001 | $725 | 87.4 | $63,365.00 |
| S. Jason Teele | Member, Bankruptcy First Bar Admission: 2001 | $695 | 3.3 | $2,293.50 |
| Lucas F. Hammonds | Of Counsel, Bankruptcy First Bar Admission: 2008 | $575 | 37.5 | $21,562.50 |
| Marc D. Leve | Of Counsel, Corporate First Bar Admission: 1984 | $550 | 16.2 | $8,910.00 |
| Rachel E. Brennan | Associate, Bankruptcy First Bar Admission: 2012 | $545 | 72.6 | $39,567.00 |
| Gregory A. Kopacz | Associate, Bankruptcy First Bar Admission: 2010 | $525 | 25.1 | $13,177.50 |
| **Total Fees at Standard Rates** | | | **313.4** | **$205,559.00** |
| **Total Fees After Application of $625 Blended Rate Discount[2]** | | | **313.4** | **$195,875.00** |

---

[2] As noted in the *Application to Retain and Employ Sills Cummis & Gross P.C. as Attorneys for the Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, et al., Nunc Pro Tunc to July 15, 2019* [D.I, 636] (the "Retention Application"), "Sills fees (not including expenses) will be limited to the lesser of (i) the amount of Sills's fees at its professionals' standard rates . . . and (ii) the amount of Sills' fees at a blended hourly rate of $625." See Retention Application ¶ 16.

**COMPENSATION BY PROJECT CATEGORY**
**AUGUST 1, 2019 THROUGH AUGUST 31, 2019**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition (102) | 93.0 | $62,833.00 |
| Business Operations (103) | 0.3 | $217.50 |
| Case Administration (104) | 10.2 | $5,966.00 |
| Claims Administration and Objections (105) | 1.2 | $810.00 |
| Employee Benefits/Pensions (106) | 23.2 | $13,983.00 |
| Fee/Employment Applications (107) | 23.0 | $13,599.00 |
| Fee/Employment Objections (108) | 14.4 | $8,380.00 |
| Financing (109) | 130.0 | $86,639.00 |
| Litigation (Other than Avoidance Action Litigation) (110) | 3.4 | $2,402.00 |
| Relief from Stay Proceedings (114) | 11.1 | $7,987.50 |
| Travel (116) (Billed at 50%) | 3.6 | $2,742.00 |
| **Total Fees at Standard Rate** | **313.4** | **$205,559.00** |
| **Total Fees After Application of $625 Blended Rate Discount[3]** | **313.4** | **$195,875.00** |

**EXPENSE SUMMARY**
**AUGUST 1, 2019 THROUGH AUGUST 31, 2019**

| Expense Category | Total Expenses |
|---|---|
| LEXIS/Pacer | $228.85 |
| Local Travel (Train, Taxi) | $1,258.23 |
| Local Travel (Lodging) | $1,773.82 |
| Meals (travel) | $350.95 |
| Deposition Transcripts | $1,529.20 |
| **TOTAL** | **$5,141.05** |

---

[3] As noted in its Retention Application, "Sills's fees (not including expenses) will be limited to the lesser of (i) the amount of Sills's fees at its professionals' standard rates . . . and (ii) the amount of Sills' fees at a blended hourly rate of $625." See Retention Application ¶ 16.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1] | Case No. 19-11466 (KG) |
| | (Jointly Administered) |
| Debtors. | **Objections Due: December 17, 2019 at 4:00 p.m. ET**<br>**Hearing Date: TBD if objection filed** |

**SECOND APPLICATION OF SILLS CUMMIS & GROSS P.C. FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND FOR REIMBURSEMENT OF EXPENSES AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
THE PERIOD FROM AUGUST 1, 2019 THROUGH AUGUST 31, 2019**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 341] (the "Compensation Order"), Sills Cummis & Gross P.C. ("Sills") files this *Second Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period From August 1, 2019 Through August 31, 2019* (the "Application"). By the Application, Sills seeks allowance of $156,700.00 (80% of $195,875.00) in fees for services rendered and

---

[1] The Debtors in these cases are: Center City Healthcare, LLC, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC, HPS of PA, L.L.C., SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., StChris Care at Northeast Pediatrics, L.L.C., TPS of PA, L.L.C., TPS II of PA, L.L.C., TPS III of PA, L.L.C., TPS IV of PA, L.L.C., and TPS V of PA, L.L.C.

4

$5,141.05 for reimbursement of actual and necessary expenses, for a total of $161,841.05 for the period from August 1, 2019 through August 31, 2019 (the "Compensation Period").

### Background

1. On June 30 and July 1, 2019, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On July 15, 2019, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") [D.I. 182].

3. Sills was retained as Committee counsel pursuant to the Court's *Amended Order Authorizing the Employment and Retention of Sills Cummis & Gross P.C. as Attorneys for Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, et al. Nunc Pro Tunc to July 15, 2019* [D.I. 650].

### Compensation Paid and Its Source

4. All services for which compensation is requested were performed for or on behalf of the Committee. During the Compensation Period, Sills received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Sills and any other person, other than with the members, of counsel and associates of the firm, for the sharing of compensation to be received for services rendered in these chapter 11 cases.

### Fee Statements

5. The fee statement for the Compensation Period is attached as **Exhibit A**. To the best of Sills' knowledge, this Application reasonably complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the *Region 3 Operating Guidelines and Reporting Requirements for Chapter 11 Debtors and Trustees*, the *Guidelines for Reviewing*

5

*Applications for Compensation and Reimbursement for Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective November 1, 2013*, Local Rule 2016-2, applicable Third Circuit law, and the Compensation Order.

### Actual and Necessary Expenses

6.  Detailed information regarding the actual and necessary expenses incurred by Sills during the Compensation Period is included in **Exhibit A**.

### Summary of Services by Project

7.  The services Sills rendered during the Compensation Period can be grouped into the categories set forth below. These categories are generally described below, with a more detailed identification of the actual services provided in the attached **Exhibit A**.

A.  Asset Disposition

Fees: $62,833.00;    Total Hours: 93.0

This category includes time expended by Sills in connection with all matters relating to the disposition, and other post-petition uses of, property of the Debtors' estates, including issues relating to the sales of St. Christopher's Hospital for Children and Hahnemann University Hospital's resident program assets. Time in this category includes time spent analyzing bids for the Debtors' assets; analyzing sale objections and conducting research in connection therewith; drafting a response to MidCap IV Funding Trust's objection to the resident program sale; preparing for and participating in the resident program sale auction; drafting a statement in support of the resident program sale; preparing for multiple sale hearings; and communicating with the Debtors' counsel, the Debtors' financial advisor, the Committee, the Committee's other advisors, potential bidders and other third parties regarding such matters.

B.  Business Operations

Fees: $217.50;    Total Hours: 0.3

6

This category includes time expended by Sills addressing issues relating to the operation of the Debtors' businesses.

C.  Case Administration

Fees: $5,966.00;    Total Hours: 10.2

This category includes time expended by Sills addressing matters related to the administration of the Debtors' chapter 11 cases, including time spent attending Committee meetings, drafting updates to the Committee members, establishing a website for unsecured creditors, updating the "critical dates" case calendar, and considering matters of general import.

D.  Claims Administration and Objection

Fees: $810.00;    Total Hours: 1.2

This category includes time expended by Sills analyzing claims asserted against the Debtors' estates, including administrative expense claims.

E.  Employee Benefits/Pensions

Fees: $13,983.00;    Total Hours: 23.2

This category includes time expended by Sills drafting objections to the Debtors' motions to approve a key employee incentive program and to obtain an interim chief financial officer.

F.  Fee/Employment Applications

Fees: $13,599.00;    Total Hours: 23.0

This category includes time expended by Sills preparing its retention application and assisting the Committee's other advisors with the preparation of their retention applications.

G.  Fee/Employment Objections

Fees: $8,380.00;    Total Hours: 14.4

This category includes time expended by Sills analyzing the retention applications of the

105611838.v1

Debtors' proposed ordinary course professionals and preparing an objection to the Debtors' motion to retain a chief financial officer.

    H.    <u>Financing</u>

    Fees: $86,639.00;    Total Hours: 130.0

This category includes all matters relating to debtor in possession financing and cash collateral issues. Time in this category includes time spent reviewing the DIP motion, DIP orders and DIP loan documents, including the DIP credit agreement and the DIP budget; drafting an objection to the proposed DIP and conducting related research; analyzing DIP objections of third parties; analyzing the Debtors' cash flow projections and borrowing base issues; preparing for and attending DIP hearings; analyzing prepetition loan documents and UCC filings; conducting related discovery; and communicating with the Debtors' advisors, the Committee, the Committee's other advisors, and the DIP lender's counsel regarding the foregoing.

    I.    <u>Litigation (Other than Avoidance Action Litigation)</u>

    Fees: $2,402.00;    Total Hours: 3.4

This category includes time expended by Sills preparing for and attending depositions.

    J.    <u>Relief from Stay Proceedings</u>

    Fees: $7,987.50;    Total Hours: 11.1

This category includes time expended by Sills analyzing an objection to a motion seeking stay relief and related document requests and transcripts.

    K.    <u>Travel (Billed at 50%)</u>

    Fees: $2,742.00;    Total Hours: 3.6

This category includes time expended traveling to a hearing, a deposition and an auction.

## **Conclusion**

    8.    In accordance with the factors enumerated in Bankruptcy Code section

105611838.v1

330, it is respectfully submitted that the amounts requested by Sills are fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Sills has reviewed the requirements of Local Rule 2016-2 and believes that this Application reasonably complies with that Rule.

WHEREFORE, Sills respectfully requests that the Court authorize that an allowance be made to Sills for the Compensation Period with respect to the sums of $156,700.00 (80% of $195,875.00) as compensation and $5,141.05 for reimbursement of actual and necessary expenses, for a total of $161,841.05, and that such sums be authorized for payment and for such additional relief as the Court deems just.

| | |
|---|---|
| Dated: November 27, 2019<br>Wilmington, Delaware | Respectfully submitted,<br><br>/s/ Thomas M. Horan<br>Thomas M. Horan (DE Bar No. 4641)<br>**FOX ROTHSCHILD LLP**<br>919 North Market Street, Suite 300<br>Wilmington, DE 19899<br>Telephone: 302-654-7444<br>Facsimile: 302-6568920<br>Email: thoran@foxrothschild.com<br><br>- and -<br><br>Andrew H. Sherman (*pro hac vice*)<br>Boris I. Mankovetskiy (*pro hac vice*)<br>**SILLS CUMMIS & GROSS P.C.**<br>One Riverfront Plaza<br>Newark, NJ 07102<br>Telephone:  973-643-7000<br>Facsimile:  973-643-6500<br>Email:  asherman@sillscummis.com<br>            bmankovetskiy@sillscummis.com<br><br>*Counsel for the Official Committee*<br>*of Unsecured Creditors* |

## **VERIFICATION**

STATE OF NEW JERSEY    )
                                              ) SS:
COUNTY OF ESSEX          )

Andrew H. Sherman, after being duly sworn according to law, deposes and says:

a) I am an attorney at law and a Member of the law firm of Sills Cummis & Gross P.C., located at One Riverfront Plaza, Newark, New Jersey 07102.

b) I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016-2, and submit that the Application substantially complies therewith.

Dated: November 27, 2019

                                                                    */s/ Andrew H. Sherman*
                                                                    Andrew H. Sherman