## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a<br>HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br><div align=center>Debtors.</div> | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>Jointly Administered<br><br>**Re: Docket No. 1064** |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF BROAD STREET HEALTHCARE PROPERTIES, LLC TO DEBTORS' MOTION FOR AN ORDER FURTHER EXTENDING THE DEADLINE FOR THE DEBTORS TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)

Broad Street Healthcare Properties, LLC ("Broad Street"), by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (the "Limited Objection") to the *Debtors' Motion for an Order Further Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4)* [Docket No. 1064] (the "Extension Motion") and respectfully state as follows:

### BACKGROUND

1. Broad Street and Center City Healthcare, LLC ("CCH"), a debtor in the above-captioned chapter 11 cases, are party to that certain lease agreement dated January 11, 2018 (the "Broad Street Lease"), whereby CCH leases the property known as Hahnemann University Hospital and certain land. Under the terms of the Broad Street Lease, CCH is obligated to pay

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

$1.00 per year in Base Rent as well as Additional Rent (*i.e.*, taxes, operating expenses, and utilities). *See* Broad Street Lease § 1.2. The lease is thus effectively a "triple net" lease. To the extent certain of the expenses are not paid by CCH, they may result in tax or mechanic's liens against the property. Broad Street does not receive the underlying tax or other bills and has no way of knowing the amounts due under the Broad Street Lease or whether the bills have been paid. The only way Broad Street has been able to determine these amounts has been after penalties have been assessed and liens have been placed on the property.

2.    CCH and Thomas Jefferson University Hospitals, Inc., as purchaser of certain assets of CCH, did not schedule the Broad Street Lease for assumption or rejection pursuant to the *Order Under 11 U.S.C. § 105, 106, 363, 365, 503, 507, and 525 (A) Approving Asset Purchase Agreement with Thomas Jefferson University Hospitals, Inc., (B) Authorizing Sale of Certain of Debtor's Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtor's Executory Contracts, and (D) Granting Related Relief* [Docket No. 681].[2]

3.    On October 9, 2019, the Debtors filed the *Debtors' Motion for an Order Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4)* [Docket No. 830], requesting an order extending the deadline to assume or reject real property leases, including the Broad Street Lease, to January 27, 2020 (the "Assumption/Rejection Deadline").

---

[2] The Debtors also filed three omnibus rejection motions that sought to reject certain contracts and leases related to Hahnemann University Hospital, none of which included the Broad Street Lease. *See First Omnibus Motion of the Debtors for Entry of an Order Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases* [Docket No. 349] (approved by Bankruptcy Court order on August 22, 2019 [Docket No. 547]); *Fifth Omnibus Motion of the Debtors for Entry of an Order Authorizing the Rejection of Certain Unexpired Real Estate Leases* [Docket No. 620] (partially resolved by Bankruptcy Court order approving stipulation on November 25, 2019 [Docket No. 1057]); *Sixth Omnibus Motion of the Debtors for Entry of an Order Authorizing the Rejection of Certain Executory Contracts, Nunc Pro Tunc to November 4, 2019 or Upon Closing of St. Christophers Sale* [Docket No. 955] (approved by Bankruptcy Court order on November 14, 2019 [Docket No. 1007]).

4.        On October 17, 2019, Broad Street and Front Street Healthcare Properties, LLC and Front Street Healthcare Properties II, LLC (the "Front Street Lessors" and together with Broad Street, the "Non-Debtor Lessors") filed a *Limited Objection and Reservations of Rights of the Non-Debtor Lessors to Debtors' Motion for an Order Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C.* [Docket No. 876] (the "Non-Debtor Lessors Limited Objection"). Pursuant to the Non-Debtor Lessors Limited Objection, the Non-Debtor Lessors did not object to a reasonable extension of the Debtors' deadline to assume the Broad Street Lease and the Front Street Lessors' leases to enable the parties to work together to resolve the outstanding issues related to the leases and for the Debtors to provide the Non-Debtor Lessors with the necessary information to facilitate the assumption and assignment of their leases. After the Non-Debtor Lessors and the Debtors reached an agreement on a shorter extension of the Assumption/Rejection Deadline, the Court entered the *Order Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4)* [Docket No. 903] on October 24, 2019, extending the Assumption/Rejection Deadline through and including December 31, 2019.

5.        On November 25, 2019, the Court held a hearing at which the Debtors sought to assume and assign the Front Street Lessors' leases. At the hearing, the Debtors and the Front Street Lessors stated on the record that the parties had reached an agreement in principle with respect to the assumption and assignment of the Front Street Lessors' leases, including provisions for the Front Street Lessors to obtain the necessary information from the Debtors to facilitate the assumption and assignment of their leases.[3]

---

[3] As of the date of this Limited Objection, the Debtors and the Front Street Lessors are negotiating the terms of an agreed order setting forth the terms of the assumption of the Front Street Lessors' leases. The Front Street Lessors reserve all rights with respect to the Extension Motion and the assumption, assignment, or rejection of their leases by

6.    The Debtors now seek a further extension to assume or reject the Broad Street Lease through and including January 27, 2020. The Debtors have not taken any action to move forward the process for assumption or rejection of the Broad Street Lease. Moreover, the Debtors have not responded to Broad Street's letter to the Debtors with information requests (the "Information Request Letter") or provided any information to Broad Street regarding the outstanding amounts due under the Broad Street Lease. *See* **Exhibit A**, Letter from Suzzanne Uhland to Jeffrey C. Hampton and Mark Minuti (October 18, 2019).

## LIMITED OBJECTION

7.    Section 365(d)(4) was intended to prevent undue delay in deciding whether to assume or reject unexpired leases. *See In re Channel Home Centers, Inc.*, 989 F.2d 682, 686 (3d Cir. 1993). Courts, recognizing the purpose of this provision, have discretion to extend the deadline to assume or reject an unexpired lease "for cause." *Id.* at 686–88; *see also In re GST Telecom Inc.*, 2001 WL 686971, at *3 (D. Del. June 8, 2001). When considering whether cause exists to extend the debtor's time to assume or reject an unexpired lease, courts will consider the following factors: "(1) whether the debtor was 'paying for the use of the property'; (2) whether 'the debtor's continued occupation . . . could damage the lessor [ ] beyond the compensation available under the Bankruptcy Code'; (3) whether the lease is the debtor's primary asset; and (4) whether the debtor has had sufficient time to formulate a plan of reorganization." *In re Burger Boys, Inc.*, 94 F.3d 755, 761 (2d Cir. 1996). Until a lease is assumed or rejected, Bankruptcy Code section 365(d)(3) requires that the debtor "timely perform all the obligations of the debtor . . . arising from and after the order for relief ."

---

the Debtors in the event the Debtors and the Front Street Lessors cannot reach an agreement on the terms of the order approving the assumption of the Front Street Lessors' leases.

8.      Under the Broad Street Lease, the Debtors are responsible for paying Base Rent and Additional Rent to Broad Street. Because the costs that constitute Additional Rent (i.e., taxes, operating expenses, and utilities) historically have been paid by the Debtors directly, Broad Street has little to no visibility in whether the Debtors are complying with their Additional Rent obligations under the Broad Street Lease. Indeed, several mechanics' liens have been filed or asserted against the leased premises and the Debtors and Broad Street regarding the non-payment of maintenance charges. *See Otis Elevator Company v. Broad Street Healthcare Properties, LLC and Tenet HealthSystem Hahnemann, LLC, d/b/a Hahnemann University Hospital*, Notice of Filing of Mechanic's Lien (No. 1909M0021), attached hereto as **Exhibit B**; Shelley Electric Company, Inc., Notice of Intent to File Mechanics' Lien Claim, attached hereto as **Exhibit C**.

9.      Under Bankruptcy Code section 365(d)(3), the Debtors are required to timely perform under the Broad Street Lease and pay all postpetition amounts due under such lease regardless of whether Broad Street has filed a request for such payment. Broad Street does not object to the extension of the Debtors' deadline to assume or reject the Broad Street Lease to January 27, 2020, however, such extension should be conditioned on requiring the Debtors to cooperate with Broad Street and provide the requested information and timely perform under the Broad Street Lease pursuant to Bankruptcy Code section 365(d)(3), including, without limitation, the payment of all postpetition amounts due under the lease, including those associated with winterizing and protecting the Premises (as defined in the Broad Street Lease).

10.     Faced with the possibility of the assumption of the Broad Street Lease and the curing of numerous defaults under the lease, Broad Street has requested information from the Debtors including, but not limited to, the requests in the Information Request Letter. As of the date of this Limited Objection, the Debtors have failed to provide any of the necessary information

requested and have refused to even provide Broad Street with an explanation as to why the Debtors cannot provide the requested information. Without such information, Broad Street cannot accurately assess the Debtors' compliance with, and any amounts in arrears under, the Broad Street Lease.

11.     The Debtors' continued refusal to provide the requested information has placed Broad Street in the precarious position that the Debtors may request assumption of the Broad Street Lease upon short notice without ever providing to Broad Street the information necessary to determine the appropriate cure amount. The Broad Street Lease is for the real property that the Debtors operated the Hahnemann University Hospital out of. Under the Broad Street Lease, upon information and belief, at least $894,000 in taxes is due and owing under the Broad Street Lease (including postpetition amounts), which is part of Additional Rent. Based on these taxes and the mechanics' liens filed against Broad Street and the Debtors alone, the Additional Rent due and payable under the Broad Street Lease is significant.

12.     Accordingly, Broad Street requests that the extension of the Assumption/Rejection Deadline should not be granted unless (i) on or before December 20, 2019, the Debtors promptly provide Broad Street with the information requested in the Information Request Letter updated with all information current through November 30, 2019; (ii) the Debtors pay all postpetition amounts due and owing under the Broad Street Lease pursuant to Bankruptcy Code section 365(d)(3) on or before December 31, 2019; (iii) the Debtors take all reasonable and necessary steps to winterize and protect the Premises; and (iv) the Debtors cooperate with a third-party audit of all postpetition amounts due and owing under the Broad Street Lease and pay such additional amounts as determined by the third-party auditor no later than ten (10) days after such determination.

## **RESERVATION OF RIGHTS**

13.    Broad Street and its affiliates reserve all rights to assert that the Debtors have not fully and timely performed under the Broad Street Lease. Broad Street and its affiliates also reserve all of their rights to amend, modify, supplement, or otherwise revise this Limited Objection, without limitation, as necessary or appropriate to amend, quantify, or correct amounts necessary to cure any defaults or arrears associated with the Broad Street Lease, to assert as part of the cure amounts any additional amounts that may accrue or arise before the date of assumption, or to assert additional grounds for objecting to the assumption, assignment, or rejection of the Broad Street Lease (including, without limitation, adequate assurance of future performance), or to take any additional or further action with respect to the assumption, assignment, or rejection of the Broad Street Lease.

*Remainder of Page Intentionally Left Blank*

Dated: December 2, 2019
       Wilmington, Delaware

*/s/ Brendan J. Schlauch*
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Brendan J. Schlauch (No. 6115)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel:    (302) 651-7700
Fax:   (302) 651-7701
Email: collins@rlf.com
       merchant@rlf.com
       schlauch@rlf.com

-and-

Suzzanne Uhland
Diana M. Perez
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Tel:    (212) 326-2000
Fax:   (212) 326-2061
Email: suhland@omm.com
       dperez@omm.com

*Attorneys for Philadelphia Academic Health Holdings LLC, Front Street Healthcare Properties LLC, Front Street Healthcare Properties II, LLC, and Broad Street Healthcare Properties, LLC*