## EXHIBIT A

# O'Melveny

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

Suzzanne Uhland
D: +1 212 326 2259
suhland@omm.com

October 18, 2019

**VIA EMAIL**

Jeffrey C. Hampton, Esq.
Saul Ewing Arnstein & Lehr LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186

Mark Minuti, Esq.
Saul Ewing Arnstein & Lehr LLP
1201 North Market Street
Suite 2300
Wilmington, DE 19801

Re:   *In re: Center City Healthcare, LLC d/b/a Hahnemann University Hospital, et al., Case No. 19-11466 (KG) - Cure Amount Information Requests*

Dear Jeffrey and Mark:

As you are aware, O'Melveny and Myers LLP is counsel to Philadelphia Academic Health Holdings, LLC and certain of its affiliates and subsidiaries, including Broad Street Healthcare Properties, LLC ("Broad Street"). Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("CCH" or the "Debtor") and Broad Street are party to that certain lease agreement dated January 11, 2018 (the "Broad Street Lease"), whereby CCH leases the property known as Hahnemann University Hospital and certain land (the "Premises") from Broad Street. The Debtor and Thomas Jefferson University Hospitals, Inc., as purchaser of certain assets of the Debtor, did not schedule the Broad Street Lease for assumption or rejection pursuant to the *Order Under 11 U.S.C. § 105, 106, 363, 365, 503, 507, and 525 (A) Approving Asset Purchase Agreement with Thomas Jefferson University Hospitals, Inc., (B) Authorizing Sale of Certain of Debtor's Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtor's Executory Contracts, and (D) Granting Related Relief* [Docket No. 681] in the Debtor's chapter 11 Case No. 19-11466 (KG) (the "Chapter 11 Case") pending in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").[1] The current deadline to assume or reject the Broad Street

---

[1] The Debtor also filed two omnibus rejection motions that sought to reject certain contracts and leases related to Hahnemann University Hospital, neither of which included the Broad Street Lease. *See First Omnibus Motion of the Debtors for Entry of an order Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases* [Docket No. 349] (approved by Bankruptcy Court order on August 22, 2019 [Docket No. 547]); *Fifth Omnibus Motion of the Debtors for Entry of an Order Authorizing the Rejection of Certain Unexpired Real Estate Leases* [Docket No. 620] (pending).

O'Melveny

Lease in the Chapter 11 Case is October 28, 2019. To date, it is our understanding that the Debtor has not decided whether to assume or reject the Broad Street Lease.

Under the Broad Street Lease, CCH is responsible for paying base rent of $1 per year and all costs associated with the maintenance, repair, and alterations of the Premises and any utilities and services supplied to the Premises, including, but not limited, to all water, gas, heat, light power, and telephone services (collectively, the "Operating Expenses"). *See* Broad Street Lease § 1.2. Additionally, the Debtor must pay all real property taxes applicable to the Premises ("Taxes" and together with Operating Expenses, the "Additional Rent"). Because CCH historically has paid the Additional Rent directly, Broad Street does not have any visibility into whether CCH is in compliance with its obligations under the Broad Street Lease. In order to assume the Broad Street Lease, the Debtor would need to cure all defaults under the lease, including, without limitation, the payment of Additional Rent. Accordingly, Broad Street hereby requests that the Debtor provide it with the following documents and information so that it may properly calculate the amount required to cure any defaults or arrears under the Broad Street Lease in the event that the Debtor decides to assume the Broad Street Lease.

## Information Requests

Real Estate Taxes

1. Copies of all invoices, statements, and notices from taxing authorities (including amounts related to any penalties and interest); and

2. Schedule of, and support for, any tax payments made prepetition and/or postpetition by the Debtor.

Business Use and Occupancy Taxes

1. Copies of all business use and occupancy tax reporting forms, including any forms that were filed with the appropriate tax authorities and indication of the date on which they were filed, any forms that should have been filed but were not filed, and any filings in process;

2. Copies of all invoices, statements, and notices from taxing authorities (including amounts related to any penalties and interest); and

3. Schedule of, and support for, any tax payments made prepetition and/or postpetition by the Debtor.

Parking Taxes

1. Copies of all parking tax reporting forms, including any forms that were filed with the appropriate tax authorities and indication of the date on which they were filed, any forms that should have been filed but were not filed, and any filings in process;

**O'Melveny**

2. Copies of all invoices, statements, and notices from taxing authorities (including amounts related to any penalties and interest); and

3. Schedule of, and support for, any tax payments made prepetition and/or postpetition by the Debtor.

Mechanics Liens

1. Copies of all mechanics liens and/or related suits received by the Debtor; and

2. Copies of any threatened mechanics liens by creditors.

Operating Expenses

1. Summary and detail of any maintenance, repair, and utility invoices (both pre and postpetition) that have not been paid by the Debtor (including amounts in A/P and any disputed amounts and credits);

2. Summary and detail of any repairs, alterations, or maintenance made, performed, taken, planned, in process, or deferred by the Debtor, or any person on their behalf, during the Debtor's tenancy with respect to the Premises, and all costs associated therewith including, without limitation, those identified in any property or facility condition assessment report known to the Debtor, or in any incident or other inspection report or maintenance log prepared by or for the benefit of Debtor or otherwise known to Debtor;

3. Summary and detail of any maintenance and/or repairs that the Debtor was notified of by any regulatory body as required to be performed or conducted or as a condition to the issuance, continuation, or maintenance of any permit or license; and

4. Summary and detail of any expenses incurred by the Debtor pre and postpetition with respect to any environmental remediation.

Broad Street and its affiliates reserve all of their rights with respect to the assumption, assignment, or rejection of the Broad Street Lease, and reserve the right to object at any hearing regarding the assumption, assignment, or rejection of the Broad Street Lease, including, without limitation, as necessary or appropriate to amend, quantify, or correct amounts necessary to cure any defaults or arrears associated with the Broad Street Lease, to assert as part of the cure amounts any additional amounts that may accrue or arise before the date of assumption, or to assert additional grounds for objecting to the assumption, assignment, or rejection of the Broad Street Lease (including, without limitation, adequate assurance of future performance), or to take any additional or further action with respect to the assumption, assignment, or rejection of the Broad Street Lease.

O'Melveny

We are available to discuss any of the above requests at your convenience and we are hopeful that we can resolve any outstanding issues regarding the Broad Street Lease without requiring the intervention of the Bankruptcy Court.

Sincerely,

Suzzanne Uhland