Edward Sockol
2012 Walnut Street
Philadelphia, PA 19103
954-889-1062
edwardbrookssockol@gmail.com

November 25th, 2019

The Honorable Judge Kevin Gross
824 North Market Street
6th Floor
Wilmington, DE 19801

Dear Judge Gross,

My name is Edward Sockol, I was an employee of Philadelphia Academic Health System from May of 2018 until October 31st, 2019. I am writing to you as I understand that you are overseeing the bankruptcy proceedings for Hahnemann University Hospital and it is my hope that you can assist me with regard to a related matter.

In early August, I was asked to assist Dr. Bill Boyer, the Designated Institutional Officer for Hahnemann University Hospital in completing Displaced Resident Agreements on behalf of the 574 orphaned residents and fellows of Hahnemann as they sought opportunities to continue their medical training due to the impending closure of the hospital. Over the course of the next three weeks, the Academic Affairs office of Hahnemann was closed and all of the employees of that office were terminated including Dr. Boyer. I was left to complete the project having three weeks of experience in academic affairs and worked diligently to ensure that not one single resident would be denied the opportunity to transfer to a receiving institution.

Approximately two months after I began working on the project on October 3rd, I reached out via email to interim CEO Ron Dreskin regarding the final stages of the project and asked him to approve a performance bonus equal to two pay periods ($4,615.38) in order to incentivize my seeing the project through to completion under a tight, rapidly approaching deadline which was imposed by the Center for Medicare Services on a call earlier that morning. Mr. Dreskin responded very quickly to the affirmative and approved the bonus within an hour of my request. Our initial correspondence including my request and his agreement are enclosed for your reference.

Over the course of the next week, I worked tediously and completed the project to the satisfaction of the Center for Medicare Services, which was confirmed during a phone call that took place between myself, Miechal Kriger of CMS, and Rob Champion and Tyler Tracewski of

EisnerAmper at 11:00am the morning of October 11th. By obtaining this confirmation from CMS it is my belief that I upheld my end of the agreement with Mr. Dreskin - now, nearly two months later PAHS is failing to uphold theirs.

To date, despite numerous attempts via several avenues of communication, I have still not received the bonus that was agreed to. Further attempts to communicate with the parties who I believed would be able to facilitate the payment of the bonus initially seemed to fall on deaf ears, and more recently have instead been met with resistance. I sent emails and made phone calls to Mr. Dreskin as well as Mary Dougherty and John DiNome in the Hahnemann human resources department that went unanswered for weeks.

On November 11th, I reached out to Miriam Hogan, General Counsel for PAHS, to ask for an update regarding my situation and she responded by text: "Hi Ed. I checked on it and was told you are not eligible for a bonus. Am sorry." When I responded by asking her if it would be possible for her to have whoever made that determination to provide me the reasoning for my ineligibility via email, she responded, "I suggest you drop this".

My next correspondence on the subject was with Jeffrey Hampton, who I understand is the lead bankruptcy counsel representing Hahnemann. During a phone call that took place on Monday, November 18th, he indicated that PAHS was indeed reneging on the payment of the bonus and alluded to the fact that I had been employed past the termination date on my WARN notice (initially September 23rd) and implied that the period between September 23rd and my actual termination date of October 31st was retroactively being construed as bonus pay. It is my belief that this determination on their part is erroneous as my end date of October 31st was determined long before the bonus was requested and agreed to in late August during a meeting between myself, John DiNome and Mary Dougherty.

At the time of our call, Mr. Hampton advised that PAHS had no intention to remit the bonus as promised and that it was within my right to file a wage claim in order to resolve this dispute - I feel as though this should be unnecessary as the agreement in writing between myself and Mr. Dreskin is clear, concise and was made, at least on my end, in good faith. Having upheld my end of the bargain, I am simply asking PAHS do the same without the effort, financial burden and additional delays that litigation would require I endure .

My sentiment is that I went above and beyond for the organization during a time of critical need and that asking for a bonus to reflect the diligent work that I completed was a reasonable thing for me to do. I complied and met the standard that was set by the Center for Medicare Services with the expectation that this bonus would provide a financial cushion to me as my employment was rapidly drawing to a close. For Mr. Dreskin to agree to the terms of the bonus, accept the benefit of my going above and beyond to see the project through to a satisfactory completion and

then renege on the agreement is an outright exploitative act and I feel as though I have been taken advantage of.

The amount of $4,615.38 may seem immaterial to some, but with my employment at Hahnemann having run its course, it represents a significant sum to me as I continue to search for my next opportunity. It is my sincere hope that you will compel the appropriate parties at Philadelphia Academic Health System to uphold their end of the agreement made between myself and Mr. Dreskin and to remit payment to me equal to the amount promised on October 3rd, 2019 without further delay.

I appreciate your time and attention to this matter and remain hopeful for an expedient and amicable resolution.

Sincerely,

Edward Sockol

usa0293@fedex.com

**From:** Edward Sockol <edwardbrookssockol@gmail.com>
**Sent:** Wednesday, November 27, 2019 3:03 PM
**To:** usa0293@fedex.com
**Subject:** [EXTERNAL] Fwd: GME Project End Stages

---------- Forwarded message ---------
From: **Edward Sockol** <Edward.Sockol@americanacademic.com>
Date: Tue, Nov 12, 2019 at 8:00 PM
Subject: Fwd: GME Project End Stages
To: Edward Sockol <edwardbrookssockol@gmail.com>

Get Outlook for iOS

**From:** Dreskin, Ronald <ronald.dreskin@eisneramper.com>
**Sent:** Thursday, October 3, 2019 1:38:07 PM
**To:** Edward Sockol <Edward.Sockol@americanacademic.com>; Ron Dreskin <Ron.Dreskin@americanacademic.com>; John Dinome <John.Dinome@americanacademic.com>; Oglesby, Dion <dion.oglesby@eisneramper.com>; Champion, Robert <robert.champion@eisneramper.com>
**Cc:** Mary Dougherty <Mary.Dougherty@americanacademic.com>
**Subject:** RE: GME Project End Stages

Hi Ed,

Thanks for helping out and agreeing to stay. WE approve your request and will ask Mary Dougherty to work out the details with you.

Regards

Ron

**From:** Edward Sockol <Edward.Sockol@americanacademic.com>
**Sent:** Thursday, October 3, 2019 1:04 PM
**To:** Ron Dreskin <Ron.Dreskin@americanacademic.com>; John Dinome

1

<John.Dinome@americanacademic.com>
**Subject:** GME Project End Stages
**Importance:** High

Good afternoon,

I am writing to provide an update regarding my current situation and about the state of the project concerning the CMS agreements for the 574 displaced residents of Hahnemann.

During a call with a CMS representative yesterday along with Rob and Tyler of EisnerAmper, we were collectively notified that Hahnemann has been given an extension to complete and submit all outstanding work relating to the agreements by next Friday, October 11th.

The amount of work that is currently left to be done with regard to the displacement agreements in concert with the time frame that remains for completion is quite daunting. My strong assumption is that it will require my full attention until the deadline including early mornings, late nights and likely a full weekend worth of work even if additional resources are diverted to assist with the project.

I have received what I believe to be a good faith offer for a position that I am planning to accept and to begin once my employment with AAHS has concluded - based on an in-person conversation in late August, I believe my expected termination date is on/around Oct. 31. The prospective employer has indicated that their preference would be that I start ASAP and asked if I would be willing to begin as soon as next week. I have not yet given a binding answer as to when my earliest possible start date is.

My current understanding regarding the final stages of my employment with AAHS is that there is no PTO bank for me to "cash out", no severance pay forthcoming and that the end result of my assisting with the completion of this project is that I will be terminated shortly after the ordeal is complete.

In light of the above, I am writing to ask for either severance pay or a performance bonus equivalent to two pay periods to stay on and see the project through to completion in order to counterbalance the additional hours that will be required and the additional stress that will be endured until the completion of the project.

I am available to discuss the state of the project and the above request at any time,

Edward

Edward Sockol  //  American Academic Health System

1500 Market Street

West Tower – Suite 2400

Philadelphia, PA 19102

Cell: 954-889-1062

---

CONFIDENTIALITY NOTICE: This communication and any accompanying attachments are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication is strictly prohibited. Moreover, any such disclosure shall not compromise or waive the attorney-client, accountant-client, or other privileges as to this communication or otherwise. If you have received this communication in error, please contact me at the above internet e-mail address.

EisnerAmper LLP is a member firm of (i) EisnerAmper Global Ltd., a network of legally independent firms, and (ii) Allinial Global, an association of legally independent accounting and consulting firms. EisnerAmper Global Ltd., Allinial Global, and their member firms and correspondent firms (including EisnerAmper LLP and its affiliated entities) are not responsible for, do not accept liability for, and do not owe any duty with respect to the services or advice provided by any other member or correspondent firms.

Any tax advice contained in this memorandum (including any attachments) is not intended for and cannot be used, for the purpose of (i) avoiding penalties imposed by the Internal Revenue Code or (ii) promoting, marketing, or recommending any transaction.