**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| IN RE:<br><br>CENTER CITY HEALTHCARE, LLC, D/B/A HAHNEMANN UNIVERSITY HOSPITAL, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>Jointly Administered<br><br>**Hearing Date: January 23, 2020 @ 10:00 a.m. (ET)**<br>**Objections Due: December 17, 2019 @ 4:00 p.m. (ET)** |
|---|---|

**MOTION OF ACHINTYA MOULICK, MD FOR ALLOWANCE AND PAYMENT OF AN ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 503(b)**

Achintya Moulick, MD ("Dr. Moulick"), a creditor in these bankruptcy cases, by and through his undersigned counsel, files this motion (the "Motion") for allowance and immediate payment of his claim, as described herein, as an administrative expense pursuant to 11 U.S.C. § 503(b), and respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested includes 11 U.S.C. § 503 and Rule 9014 of the Federal Rules of Bankruptcy Procedure. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Pursuant to Del. Bankr. L.R. 9013-1(f), Dr. Moulick does consent to entry of a final judgment or order with respect to any matters for which consent is required.

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

**BACKGROUND**

5. On June 30 and July 1, 2019 (the "Petition Date"), each of the above-captioned debtors ("Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in possession of its properties and has continued to operate its businesses as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. On or about November 8, 2018, Dr. Moulick entered into a Physician Employment Agreement (the "Employment Agreement") with Debtor SCHC Pediatric Associates, L.L.C. A copy of the Employment Agreement is attached hereto as *Exhibit A.*

7. Pursuant to the Employment Agreement, Dr. Moulick served as Chief of the Section of Cardiothoracic Surgery and Executive Director of the Heart Center at St. Christopher's Hospital ("St. Chris"). The term of the Employment Agreement is five (5) years. Dr. Moulick's compensation under the Employment Agreement included both a base salary and certain performance incentive payments as described in the Employment Agreement.

8. On or about September 18, 2019, after the Petition Date, Dr. Moulick entered into a Directorship Addendum (the "Addendum") with St. Christopher's Healthcare, LLC and SCHC Pediatric Associates, L.L.C. The Addendum is attached hereto as *Exhibit B.*[2]

9. Pursuant to the Addendum, Dr. Moulick was made Chief Medical Officer of St. Chris and given specific compensation related thereto as provided for in the Addendum. The Addendum also fully ratified the terms of the Employment Agreement and provided for a 2-year term fully compensable.

10. Dr. Moulick has performed and continues to perform the necessary and required services under the Employment Agreement and the Addendum. Dr. Moulick has added and continues to add tremendous value and benefit to the St. Chris and the bankruptcy estate through the services he performs on a daily basis at St. Chris.

[2] The copy of the Addendum attached hereto is signed by Dr. Moulick. Dr. Moulick is in possession of emails confirming the execution of the Addendum by St. Chris.

11. Dr. Moulick is a pediatric and neonatal heart surgeon at St. Chris and is one of the most experienced and respected such surgeons in the world. He was integral in making St. Chris a respected institution for children's heart surgery.

12. The Employment Agreement was not provided as an assumed contract in the sale of the assets of St. Chris. Representatives of the Debtor and the purchaser of the assets have made it clear that they do not intend to assume the Employment Agreement and keep Dr. Moulick notwithstanding the vital importance of Dr. Moulick and the services he provides to St. Chris and the community as a whole.

13. In particular, Dr. Moulick is a heart surgeon routinely performing such surgeries at St. Chris. He has continued to do so at St. Chris notwithstanding the explicit statements by the Debtor and the purchaser that he will not be retained after the sale of St. Chris closes. Dr. Moulick is saving lives on a daily basis at St. Chris. Without him, St. Chris as a hospital and medical institution would have fallen apart, and a calamitous situation would have occurred. Yet, Dr. Moulick has prevented that situation from occurring by continuing to perform this critical and life-saving procedures. As a result, he should be compensated as provided for in the Employment Agreement, and as ratified by the Debtors in the Addendum.

**RELIEF REQUESTED**

14. By this Motion, and for the reasons stated herein. Dr. Moulick seeks allowance of an administrative claim in the amount of $2,689,641 (as described below), pursuant to section 503(b) of the Bankruptcy Code.

**BASIS FOR RELIEF**

15. Section 503(b)(1)(A) of the Bankruptcy Code provides that "the actual, necessary costs and expenses of preserving the estate" shall be allowed as an administrative expense. 11 U.S.C. § 503(b)(l)(A). In the Third Circuit, section 503(b)(1)(A) "has been broadly interpreted to include 'actual, necessary costs and expenses' that benefit the debtor's estate both directly and indirectly." *Elsom v. Woodward & Lothrop, Inc.*, 1997 WL 476091, *3 (E.D. Pa. 1997) (citing *In*

*re B. Cohen and Sons Caterers, Inc.*, 143 B.R. 27, 28 (E.D. Pa. 1992)). The policy behind section 503(b) is to facilitate the rehabilitation of insolvent debtors by encouraging third parties to provide those debtors with necessary goods and services. *See In re B. Cohen and Sons Caterers,* Inc., 143 B.R. at 28 (citations omitted). As noted, Dr. Moulick continues to provide the full range of contractually obligated services to St. Chris as provided under the Employment Agreement and Addendum.

16. It is well established that if a debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to assume or reject the contract, the debtor is obligated to pay for the "reasonable value" of those services as an administrative expense claim. *See, e.g., National Labor Relations Board v. Bildisco and Bildisco*, 465 U.S. 513, 531 (1984); *In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010) ("Courts in this District have consistently held that an administrative expense priority is available to contract parties when the debtor enjoys the benefits of the contract pending assumption or rejection."); *see also In re Sportsman's Warehouse*, 436 B.R. 308, 315 (Bankr. D. Del. 2009) (involving a nonresidential lease for real property but considering section 503); *In re Continental Airlines, Inc.*, 146 B.R. 520, 526 (Bankr. D. Del. 1992) (citing *NLRB. v. Bildisco*, 465 U.S. 513,531 (1984)); *United States v. Dewey Freight System, Inc.*, 31 F.3d 620, 624 (8th Cir. 1994).

17. It is presumed that the contract rate is the reasonable value of the services provided to the estate. *See Smurfit-Stone*, 425 B.R. at 741 (citing *In re Bethlehem Steel Corp.*, 291 B.R. 260, 264 (Bankr. S.D.N.Y. 2003)); *see also Sportsman's Warehouse*, 436 at 314 ("The amount of the benefit to the estate is presumed to be the contract rate .... ").

18. Notwithstanding the expected rejection of the Employment Agreement, the Addendum, which was signed after the Petition Date, fully ratifies the Employment Agreement.

As such, the Employment Agreement and Addendum are post-petition contracts of the Debtors, and the obligations thereto are allowable as administrative expenses of the Debtors. Moreover, Dr. Moulick has continued to provide the necessary and critical services as required under both the Employment Agreement and the Addendum, thereby clearly satisfying the administrative expense standard as an actual and necessary expense that benefits the bankruptcy estate.

19. As such, Dr. Moulick is permitted the full benefits of the Employment Agreement and the Addendum, which should be approved as an administrative expense of the bankruptcy estate. Dr. Moulick has a total administrative expense against the estate in the amount $2,689,641 made up of the following elements:

(a) Two (2) years' worth of base salary as authorized by the Addendum equaling $1,798,000;

(b) Level Three Performance Incentive Payments for two employment years under the Employment Agreement totaling $800,000[3]; and

(c) coverage for malpractice tail insurance equaling $91,641.

WHEREFORE, Dr. Moulick respectfully requests that the Court enter an order granting him an administrative expense claim pursuant to 11 U.S.C. § 503(b) in the amount of $2,689,941, and authorizing and directing Debtor to pay such claim within ten (10) days of the entry of such Order; and granting Dr. Moulick such other and further relief as may be just and proper.

[3] Per the Employment Agreement, the annual incentive payments equal $400,000 during each Employment Year if Dr. Moulick meets certain performance standards defined as "Quality Maintenance"; "Program Growth", and "Program Development". Dr. Moulick will demonstrate at the hearing on the Motion that but for the bankruptcy filing (and the financial and operational chaos caused as a result), he would have met all of these performance standards and would been awarded the incentive payments.

Date: December 3, 2019

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 803-4600
Facsimile: (302) 397-2557
dklauder@bk-legal.com

and

George Bochetto, Esq.
**Bochetto & Lentz, P.C.**
1524 Locust Street
Philadelphia, PA 19102
Telephone: (215) 735-9300
Facsimile: (215) 735-2455
gbochetto@bochettoandlentz.com

*Counsel for Achintya Moulick, MD*