**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al*.<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>(Jointly Administered) |

**MOTION OF ST. CHRISTOPHER'S HOSPITAL FOR CHILDREN MEDICAL STAFF MEMBERS FOR (I) ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE CLAIMS AND (II) RELIEF FROM THE SALE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

St. Christopher's Hospital for Children Medical Staff members identified on **Exhibit A** to this Motion (the "Medical Staff"), by and through their undersigned counsel, hereby move (the "Motion") for (i) allowance and immediate payment of their respective administrative claims pursuant to section 503(b) of the United States Bankruptcy Code (the "Bankruptcy Code") and (ii) to the extent necessary, relief from the Sale Order (defined below) pursuant to Federal Rule of Civil Procedure 60(b). In support of the Motion, Medical Staff submits:

**INTRODUCTION**

1. This Court has jurisdiction to consider this matter pursuant to (i) 28 U.S.C. §§ 157 and 1334 and (ii) the Amended Standing Order of Reference from the United States District Court

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341) ("CCH"), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). On the petition which initiated its case, "lead" Debtor Center City Healthcare listed its principal place of business as: 230 North Broad Street, Philadelphia, PA 19102. The petitions for the other Debtors may be viewed by selecting "Center City Healthcare, *et al*." under the "Cases" header at the following link: https://omniagentsolutions.com/.

for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. On June 30, 2019 (the "Petition Date"), Center City Healthcare, LLC and thirteen of its subsidiaries (the "Debtors") filed voluntary petitions under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") with this Court.

4. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession; to date, a trustee has not been appointed in the cases. Additionally, no examiner has been appointed in the cases.

5. On July 15, 2019, the Office of the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors in the cases [D.I. 182, filed 7/15/19].

**BACKGROUND**

6. The moving parties ("Medical Staff") are physicians who each are party to one/more agreements with a Debtor, as summarized on Exhibit A.

7. On July 16, 2019, the Debtors filed their *Motion for Entry of (A) an Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially All Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (ii) Approving Certain Bidding*

*Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (iii) Establishing Procedures in Connection with the Selection of and Protections Afforded to Any Stalking Horse Purchasers, and (iv) Granting Related Relief; and (B) One or More Orders (I) Approving the Sales or Other Acquisition Transactions for the Assets, (II) Authorizing the Sales Free and Clear of All Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (the "Sale Motion") [D.I. 205].

8. On July 26, 2019, this Court entered an order scheduling certain deadlines incident to the Sale Motion [D.I. 301]. Specifically, the July 26 order set an initial deadline of August 16, 2019 for the Debtors to file a notice of intention to assume executory contracts incident to the proposed sale, together with proposed cure amounts. Order ¶ 18(a).

9. On August 16, 2019, the Debtors filed the initial notice of intention to assume executory contracts incident to the proposed sale, together with proposed cure amounts [D.I. 510] (the "Assumption/Cure Notice"). The Assumption/Cure Notice listed $0.00 "cure" amounts for the great majority (if not all) Physician Agreements identified thereon.

10. On September 27, 2019, this Court entered an order approving the Sale Motion and authorizing the sale (the "Sale") of substantially all of the assets of Debtor St. Christopher's Healthcare, LLC [D.I. 795] (the "Sale Order"). Pursuant to the Sale Order, the identified Physician Agreements were to be assumed and assigned to the purchaser at closing. Sale Order ¶ 5. Cure amounts were to be paid and/or resolved pursuant to the Sale Order. Sale Order ¶¶ 6 – 11.

11. As of the time this Motion was filed, based upon information and belief, the Sale had not closed.

12. Generally, the Physician Agreements provide for "Productivity Bonus[es]." The productivity bonuses are not discretionary – rather, they are the product of a mathematical computation detailed in the Physician Agreements.

13. Under the Physician Agreements, Physician productivity bonuses for the second quarter of 2019 should have been determined by the employing Debtor by July 30, 2019, with any payments on account of "Underpayments" being made by September 13, 2019. For the third quarter of 2019, such productivity bonuses should have been determined by October 30, with any payments on account of "Underpayments" being made by December 14, 2019. For the fourth quarter of 2019, the productivity bonuses should be determined by January 30, 2020, with any payments on account of "Underpayments" being made by March 16, 2020.

14. Since the Petition Date, Medical Staff has not received any productivity bonus payments due under the respective contracts. Listed on Exhibit A are the bonus amounts due to the Medical Staff physicians.

## GROUNDS/BASIS FOR RELIEF

15. 11 U.S.C. § 503(b) provides:

After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including --

**(1)(A)**the actual, necessary costs and expenses of preserving the estate including —

**(i)** wages, salaries, and commissions for services rendered after the commencement of the case ….

16. Amounts due and owing to Medical Staff under their respective contracts constitute administrative expenses of the Debtors' estates and, accordingly, should be allowed. By extension, this Court should allow the administrative claims of Medical Staff for amounts due and owing for productivity bonuses after the Petition Date, including second quarter of 2019 forward.

...

17. Here, the "cure" notice was issued on August 16, 2019, a date (i) after the employing Debtor was obligated to determine the second quarter 2019 productivity bonuses under the governing contracts, but (ii) before any earned bonus amounts were due to be paid under the contracts.

18. Federal Rule of Bankruptcy Procedure 9024 states that Federal Rule of Civil Procedure 60 applies in cases under the Code, with limited exceptions not applicable here.

19. Federal Rule of Civil Procedure 60(b) states:

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
  (1) mistake, inadvertence, surprise, or excusable neglect;
  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
  (4) the judgment is void;
  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
  (6) any other reason that justifies relief.

20. To the extent that relief from the Sale Order is necessary in order to permit Medical Staff to assert their respective contract-based claims, such relief is clearly justified. Medical Staff, employed in the ordinary course, received the Assumption/Cure Notice and concluded that nothing needed to be done at that time, as the second quarter 2019 bonus was not yet due at the time the Assumption/Cure Notice was filed. Indeed, the Assumption/Cure Notice does not list employment-related claims that have yet to become payable, and based upon information and belief, substantially all of the Medical Staff employees were paid their respective Base Salary pre- and post-filing of the Assumption/Cure Notice (notwithstanding the "$0.00" cure amount listed thereon for substantially all Medical Staff employees). Accordingly, based upon the Debtors'

post-filing payment of salary claims that (at the time) had yet to become payable and were not listed on the Assumption/Cure Notice, Medical Staff were justified in thinking that their respective productivity bonuses for the second quarter 2019 – which, like the salary claims, had not yet come due and were not listed on the Assumption/Cure Notice – would also be paid.

21. What is clear is that the non-discretionary productivity bonuses for the third and fourth quarters of 2019 are entirely unrelated to the Assumption/Cure Notice and, as administrative expenses of the Debtors' estates, must be paid.

22. Furthermore, given that the Debtors' estates have enjoyed the financial benefits of the increased productivity spurred by the efforts of Medical Staff and other hospital employees, Medical Staff deserves to be paid its share of the bargain; the Debtors are not entitled to reap a windfall on the backs of Medical Staff.

23. Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Debtors; (iii) the Committee; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE Medical Staff respectfully requests that this Court enter an order (i) allowing their unpaid administrative claims for productivity bonuses in the amounts listed on **Exhibit A**, (ii) providing that post-petition productivity bonus claims arising in the future shall be accorded administrative expense priority, (iii) granting relief from the Sale Order pursuant to Civil Rule 60(b) to the extent necessary to effectuate the post-petition bonus claims; and (iv) granting such other and further relief as the Court deems appropriate.

Dated:  December 5, 2019
   Wilmington, Delaware

CIARDI CIARDI & ASTIN

*/s/ Joseph J. McMahon, Jr.*
Daniel K. Astin (No. 4068)
Joseph J. McMahon, Jr. (No. 4819)
1204 N. King Street
Wilmington, Delaware 19801
(302) 658-1100 telephone
(302) 658-1300 facsimile
jmcmahon@ciardilaw.com

-and-
Albert A. Ciardi III, Esquire
One Commerce Square, Suite 3500
2005 Market Street
Philadelphia, PA 19103
(215) 557-3550 telephone
(215) 557-3551 facsimile
aciardi@ciardilaw.com

*Attorneys for the St. Christopher's Hospital for Children Medical Staff*