**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) Jointly Administered |
| Debtors. | ) Related to Docket No. 1097 |

**DEBTORS' OBJECTION TO MOTION TO (I) SHORTEN TIME FOR NOTICE AND RESPONSE TO THE EMERGENCY MOTION OF FORMER RESIDENTS, FELLOWS AND MEDICAL STAFF OF ST. CHRISTOPHER'S HEALTHCARE, LLC AND AFFILIATED DEBTOR ENTITIES TO ENFORCE THE SALE ORDER APRPOVING THE ST. CHRISTOPHER'S TRANSACTION AND TO ENFORCE THE ASSET PURCHASE AGREEMENT, OR, IN THE ALTERNATIVE, TO RECONSIDER THE SALE ORDER APRPOVING THE ST. CHRISTOPHER'S TRANSACTION, AND (II) SCHEDULE AND EXPEDITED HEARING**

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") submit this objection (the "**Objection**") to the *Motion to (I) Shorten Time for Notice and Response to the Emergency Motion of Group of Former Residents, Fellows and Medical Staff of St. Christopher's Healthcare, LLC and Affiliated Debtor Entities to Enforce the Sale Order Approving the St. Christopher's Transaction and to Enforce the Asset Purchase Agreement, or, in the Alternative, to Reconsider the Sale Order Approving the St. Christopher's Transaction, and (II) Schedule an Expedited Hearing* [D.I. 1097] (the "**Motion to Shorten**"), filed by "certain former residents, fellows and medical

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

36286959.2 12/06/2019

staff of St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC, SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., St. Chris Care at Northeast Pediatrics, L.L.C., and/or TPS V of PA, L.L.C." (as defined in the Motion to Shorten, the "**Former Physician Group**").  In support of their Objection, the Debtors state as follows:

## PRELIMINARY STATEMENT

1. The Motion to Shorten seeks expedited consideration of the *Emergency Motion of Group of Former Residents, Fellows and Medical Staff of St. Christopher's Healthcare, LLC and Affiliated Debtor Entities to Enforce the Sale Order Approving the St. Christopher's Transaction and to Enforce the Asset Purchase Agreement, or, in the Alternative, to Reconsider the Sale Order Approving the St. Christopher's Transaction* (the "**Motion to Enforce**") [D.I. 1096]. Both motions are offensive and an outrageous misrepresentation of the Sale approved by the Court.

2. The Motion to Shorten should be denied and an expedited hearing on the Motion to Enforce should not be scheduled. The alleged Former Physician Group establishes no basis for expedited consideration of the Motion to Enforce, as the Motion to Enforce is based on patently false misinterpretations and/or misrepresentations of the STC Sale Order (defined below), the related asset purchase agreement and the statements of Debtors' counsel at the sale hearing.

3. In addition, the "Former Physician Group" lacks standing. Despite the unsupported statement that the movants consist of "certain former residents, fellows and medical

staff," there is no indication of who the moving parties actually are, and no verified statement pursuant to Fed. R. Bankr. P. 2019(b) has been filed with the Court.[2]

## OBJECTION

4. The Former Physician Group filed the Motion to Enforce and the Motion to Shorten on December 5, 2019. As noted above, no verified statement has been filed as required by Fed. R. Bankr. P. 2019(b), such that the Debtors and the Court cannot identify the movants to determine whether they have standing to appear in these cases.

5. On September 27, 2019, the Court entered the *Order Under 11 U.S.C. § 105, 363, 365, 503 and 507 (A) Approving Asset Purchase Agreement with STC Opco, LLC (B) Authorizing Sale of Certain of Debtors' Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtors' Executory Contracts, and (D) Granting Related Relief* (the "**STC Sale Order**") [D.I. 795].

6. Through the STC Sale Order, the Court approved the asset purchase agreement (the "**APA**") between St. Christopher's Healthcare, LLC and certain other Debtors (collectively, the "**STC Entities**"), on the one hand, and STC Opco, LLC (the "**Purchaser**") on the other, pursuant to which the STC Entities agreed to sell substantially all of their assets related to the operation of St. Christopher's Hospital for Children (the "**Hospital**") to the Purchaser (the "**Sale**").

7. The entirety of the Motion to Enforce is based on the Former Physician Group's unsupported contention that in consummating the Sale, the Debtors and/or the Purchaser were

---

[2] On December 5, 2019, shortly after the Motion to Enforce and the Motion to Shorten were filed, counsel for the Debtors emailed counsel for the Former Physician Group requesting that the required verified statement be filed. The Debtors note that the movants purport to encompass a group of parties, and that they clearly appear to be acting in concert to advance their common interests, thus necessitating the filing of a verified statement pursuant to Fed. R. Bankr. P. 2019(b).

36286959.2 12/06/2019

obligated to purchase tail coverage for *former* residents, follows and medical staff employed by the STC Entities. The plain language of the APA, and the statements of Debtors' counsel at the sale hearing – all of which are quoted in the Motion to Enforce – make clear that the provision of tail coverage for former residents, fellows or medical staff employed by the STC Entities was not contemplated by the Sale.

8. Section 8.6 of the APA, as quoted in the Motion to Enforce, provides, as a condition of closing, that "[Purchaser] shall have obtained the Tail Coverage. For purposes of this Agreement, '**Tail Coverage**' means the reporting endorsement to insure against professional liabilities of the *Debtor Parties* and the Hospital *residents and fellows as of the Closing Date*." Under the APA, the "Debtors Parties" are defined as including St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC and certain affiliated debtor physician practice groups, Philadelphia Academic Medical Associates, LLC, SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., St Chris Care at Northeast Pediatrics, L.L.C., and TPS V of PA, L.L.C. APA, preamble.

9. This language is plain and unambiguous, and supports the immediate denial of the Motion to Enforce. The requirement under the APA is clear – tail coverage is to be purchased for two groups: (1) the "Debtor Parties" – which is clearly defined in the opening paragraph of the APA to mean the STC Entities only; and (2) Hospital residents and fellows ***as of the Closing Date* –** which clearly means residents and fellows employed at the Hospital **at closing**. The APA makes no mention of former residents, fellows or medical staff whose employment terminated prior to closing. Such language does not exist in the APA and there is no basis for the Former

Physician Group's assertion that the language quoted above can or should be interpreted to include former residents, fellows or medical staff.

10. The Motion to Enforce also relies upon statements made by Debtors' counsel at the sale hearing. This reliance is misplaced. The cited statements by Debtors' counsel merely describe the plain language of the APA and provide no support to the Former Physician Group's position. As quoted in the Motion to Enforce, Debtors' counsel stated that "the buyer is going to be purchasing tail insurance coverage to cover **the debtor parties and continuing residents**." This statement is fully and unquestionably consistent with the plain language of the APA – that the tail coverage would relate to the STC Entities and *continuing* residents – i.e., residents and fellows employed at the Hospital as of closing. Debtors' counsel made no statements referencing former physicians (residents or otherwise) or any parties other than the "debtor parties and continuing residents." As with the language of the APA, the statements of Debtors' counsel at the sale hearing provide no support for the relief sought in the Motion to Enforce.

11. To the extent the Former Physician Group seeks reconsideration of the STC Sale Order, to somehow go back and change the terms of the Sale to require the Purchaser to purchase tail coverage for former residents, fellows and medical staff who will not be employed by Purchaser, there is simply no basis for such relief. The agreement memorialized in the APA is the agreement that was reached between the parties, fully disclosed to the Court and approved through the STC Sale Order. Counsel for the Former Physician Group attended the sale hearing and had ample opportunity to review the clear language in the APA and hear the clear statements made by Debtors' counsel, none of which made reference to any obligation to procure tail coverage for former physicians. The Debtors will address the balance of the Fed. R. Civ. P. 60

relief requested in connection with full consideration of the Motion to Enforce, assuming it is not summarily denied by the Court.

12. Finally, even if the Court were to ignore the obvious infirmities in the Motion to Enforce, the Former Physician Group fails to demonstrate the need for an expedited hearing – there is no indication that the passage of time might affect the ability of the Court to fashion effective relief. That closing of the Sale may occur before the Court would otherwise ordinarily hear the Motion to Enforce is immaterial, as the relief sought in the Motion to Enforce is to enforce the Former Physician Group's flawed interpretation of the APA – which can be done at any time including after closing.

13. To be clear, the Debtors are sympathetic to the hardships experienced by their former physicians and wished that a solution related to tail coverage for former physicians would have emerged from the STC Sale process. Unfortunately, this did not happen. The Sale, which is expected to close next week, provides tremendous benefit to the Debtors and their estates and should not be jeopardized by an outrageous, misrepresentation of the Debtors' position, the Sale Order or the APA.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A,** denying the Motion to Shorten, and granting such other and further relief as is just and proper.

Dated: December 6, 2019          **SAUL EWING ARNSTEIN & LEHR LLP**

By:    */s/ Aaron S. Applebaum*
       Mark Minuti (DE Bar No. 2659)
       Monique B. DiSabatino (DE Bar No. 6027)
       1201 N. Market Street, Suite 2300
       P.O. Box 1266
       Wilmington, DE  19899
       Telephone: (302) 421-6800
       Fax: (302) 421-5873
       mark.minuti@saul.com
       monique.disabatino@saul.com

       -and-

       Jeffrey C. Hampton
       Adam H. Isenberg
       Aaron S. Applebaum (DE Bar No. 5587)
       Centre Square West
       1500 Market Street, 38th Floor
       Philadelphia, PA 19102
       Telephone: (215) 972-7700
       Fax: (215) 972-7725
       jeffrey.hampton@saul.com
       adam.isenberg@saul.com
       aaron.applebaum@saul.com

       *Counsel for Debtors and Debtors in Possession*