# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) ) Jointly Administered |
| Debtors. | ) |

**MOTION OF THE AD HOC COMMITTEE OF HAHNEMANN RESIDENTS AND FELLOWS FOR ENTRY OF AN ORDER SHORTENING THE NOTICE AND OBJECTION PERIODS WITH RESPECT TO THE EMERGENCY MOTION OF THE OF AD HOC COMMITTEE OF HAHNEMANN RESIDENTS AND FELLOWS TO COMPEL DEBTORS TO PROVIDE PROFESSIONAL LIABILITY INSURANCE IN ACCORDANCE WITH RESIDENT EMPLOYMENT AGREEMENTS**

The Ad Hoc Committee of Hahnemann Residents and Fellows (the "Ad Hoc Resident Committee"), having contemporaneously filed the *Emergency Motion of the Ad Hoc Committee of Hahnemann Residents and Fellows to Compel Debtors to Provide Professional Liability Insurance in Accordance with Resident Employment Agreements* (the "Motion"),[2] hereby files this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), scheduling a hearing on the Ad Hoc Resident Committee's Motion at the Court's earliest convenience during the week of December 16, 2020 (the "Hearing"), and permitting interested parties to raise objections to the Motion by a date and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] All capitalized terms used herein but not defined shall have the meaning ascribed to them in the Motion.

time set by the Court (the "Objection Deadline").  In support of the Motion, the Ad Hoc Resident Committee respectfully states as follows:

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Ad Hoc Resident Committee confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The bases for the relief requested herein are section 105 of the Bankruptcy Code, Bankruptcy Rule 9006(c)(1), and Local Rules 9006-1(c) and 9006-1(e).

## BACKGROUND

4.  As set forth in greater detail in the Motion, between January 10, 2018 and August 9, 2019, Hahnemann University Hospital (the "Hospital") employed the residents, fellows and interns (collectively, the "Residents") under contracts (the "Resident Contracts") that required the Debtors to provide the Residents with occurrence based medical professional liability insurance, as required by Pennsylvania law.  Rather than comply with these obligations, the Debtors purchased claims made insurance policies, which are set to expire on January 11, 2020.

Given the pending holidays and the fact that the Debtors apparently have not provided the Residents with official notice of the pending lapse of insurance, a resolution of the Motion is required as soon as possible.

## RELIEF REQUESTED

5.    By this Motion to Shorten, the Ad Hoc Resident Committee respectfully requests that the Court enter an order (a) shortening notice pursuant to Local Rule 9006-1(e) with respect to the Motion so that the relief requested therein can be heard prior to the start of the December holiday season; (b) permitting parties to file and serve objections to the approval of the Motion, up to the Objection Deadline to be established by the Court; (c) allowing the Motion to be heard on an expedited basis at the Hearing set by the Court, and (d) granting such other and further relief to the Ad Hoc Resident Committee as the Court deems appropriate.

## BASIS FOR RELIEF REQUESTED

6.    Local Rule 9006-1(c)(i) requires that all motion papers be filed and served at least fourteen (14) days prior to the hearing date.  Local Rule 9006-1(c)(ii) further provides that objections, if any, to such a motion shall be no later than seven (7) days before the hearing date. *See* Del. Bankr. L.R. 9006-1(c)(i), (ii).

7.    According to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the [notice] period reduced.  Fed. R. Bankr. P. 9006(c)(1).  Local Rule 9006-1(e) further provides that a motion may be heard on less notice than as otherwise required if authorized "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).  Indeed, as stated in Bankruptcy Code § 102(1), "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion.  *See* 11 U.S.C. § 102(1)

(stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . ."); *Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice.").

8. Here, ample cause exists to shorten notice in connection with the Ad Hoc Resident Committee's Motion. As noted above and in the Motion, the Resident Contracts, as well as the Debtors' own internal policies, require the Debtors to purchase occurrence-based professional liability insurance for the Residents. The Debtors have breached the Resident Contracts by purchasing narrower, and presumably cheaper, claims made policies. Without a tail, those insurance policies deprive the Residents of the benefit of their bargain and place their careers, and their livelihood, at risk. To date, the Debtors have refused to purchase the necessary tail insurance, and as of January 10, 2020, the Residents will no longer be covered against claims related to their acts or omissions during their employment at the Hospital. These harms are irreparable and cannot be cured by monetary damages or claims alone.

9. Failure to obtain the Court's expedited consideration of the Motion as soon as possible would gravely prejudice the rights of the Residents, deprive them of the benefits they were entitled to receive for their work for the Debtors, and expose them to liability and expenses for which they received assurances that they would not be exposed.

10. As a result, the Ad Hoc Resident Committee asserts there is sufficient cause to shorten the notice and objection periods.

**LOCAL RULE 9006-1(E) CERTIFICATION**

11. The Ad Hoc Resident Committee has notified counsel to the Debtors, counsel to the Official Committee, counsel to MidCap Funding IV Trust ("Midcap"), the Debtors' lender,

and counsel to the United States Trustee, of its intention to file this Motion to Shorten. The United States Trustee takes no position on the Motion to Shorten. The Debtors and the Committee do not consent to the relief requested in the Motion to Shorten. Counsel for Midcap did not respond to the request prior to the filing of this Motion to Shorten.

## **NOTICE**

12. The Motion to Shorten is being served upon the same parties that are receiving the Motion. The Ad Hoc Resident Committee respectfully submits that in light of the nature of the relief requested, no further notice of the relief requested is necessary or required.

**WHEREFORE**, the Ad Hoc Resident Committee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate under the circumstances.

Dated: December 11, 2019
Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ R. Stephen McNeill*
Jeremy W. Ryan (DE Bar No. 4057)
R. Stephen McNeill (DE Bar No. 5210)
D. Ryan Slaugh (DE Bar No. 6325)
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801-3700
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: jryan@potteranderson.com
rmcneill@potteranderson.com
rslaugh@potteranderson.com

*Counsel for the Ad Hoc Committee of Hahnemann Residents and Fellows.*