**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) Jointly Administered |
| Debtors. | ) Related to Docket Nos. 795 and 1164 |

**CONSENT ORDER GRANTING DEBTORS
AUTHORITY TO ASSUME AND ASSIGN SODEXO CONTRACT
IN CONNECTION WITH THE STC OPCO SALE**

The Court having jurisdiction over the matters addressed by this order pursuant to 28 U.S.C. §§ 157 and 1334; and the relief provided herein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having entered *Order under 11 U.S.C. § 105, 363, 365, 503 and 507 (A) Approving Asset Purchase Agreement with STC OpCo, LLC (B) Authorizing Sale of Certain of Debtors' Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtors' Executory Contracts, and (D) Granting Related Relief* [D.I. 795] (the "**Sale Order**");[2] and it appearing that Sodexo Management, Inc. ("**Sodexo**"), the counterparty to the Agreement for Cafeteria and Patient Food Services (the "**Subject Contract**") with Debtor St. Christopher's Healthcare, LLC ("**SCH**") has consented to the relief granted herein and, as a result, no other or further notice need be provided; and the Buyer having provided adequate assurance of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Order.

future performance under the Subject Contract to the extent required by section 365(b)(1)(C) of the Bankruptcy Code; and the Court having found and determined that STC OpCo, LLC (the "**Buyer**") is not a successor to or mere continuation of the Debtors (including the STC Entities) or their estates; and after due deliberation and sufficient cause appearing for the relief set forth herein, it is HEREBY ORDERED THAT:

1. SCH is authorized to assume and assign the Subject Contract to the Buyer.

2. As of the Closing Date, the Subject Contract shall be deemed to have been assumed by SCH and assigned to the Buyer pursuant to section 365(f) of the Bankruptcy Code. Pursuant to section 365(k) of the Bankruptcy Code, SCH's estate shall be relieved from any liability for any breach of the Subject Contract occurring after the Closing Date.

3. Sodexo has agreed to waive recovery, from either the Debtors or the Buyer, of its alleged pre-petition claims against SCH, including any pre-petition cure claims arising under section 365 of the Bankruptcy Code that might otherwise be due upon the assumption of the Subject Contract. Sodexo is not waiving: (i) its post-petition claim against SCH, which claim totals $175,339.54 (the "**Post-Petition Claim**"), but is limiting its recourse for such claim to SCH; (ii) any claim based on a final reconciliation of the December 1-14, 2019 billing period (the "**Reconciliation Claim**"), but is limiting its recourse for such claim to SCH.

4. Within ten (10) days following the Closing Date, SCH shall pay to Sodexo the Post-Petition Claim. In addition, the undisputed amount of the Reconciliation Claim shall be paid by the Debtors promptly following submission of the invoice for the Reconciliation Claim and any supporting detail or documentation requested but no later than ten (10) days after receipt of the invoice. To the extent there is a dispute regarding all or any portion of the Reconciliation Claim,

such dispute may be resolved by SCH and Sodexo by mutual agreement, without further order of the Court, or, to the extent mutual agreement cannot be reached, by Court order.

5.  Upon payment of the Post-Petition Claim and the agreed amount of the Reconciliation Claim, (i) all defaults under the Subject Contract required to be cured pursuant to section 365(b)(1)(A) of the Bankruptcy Code shall be deemed cured and all amounts due to Sodexo and beneficiaries of the Subject Contract pursuant to section 365(b)(1)(B) on account of any pecuniary loss resulting from such defaults shall be deemed paid in full, and (ii) Sodexo shall be forever enjoined from seeking to terminate the Subject Contract or enforce any other remedies under such Subject Contract against the Buyer on account of defaults by SCH, including defaults as to which, pursuant to section 365(b)(1)(A) of the Bankruptcy Code, cure is not required.

6.  Any provision in the Subject Contract that purports to declare a breach, default or payment right as result of an assignment or a change of control in respect of SCH or the Debtors as relates to the assumption of the Subject Contract by SCH and assignment of the Subject Contract to the Buyer is unenforceable, and the Subject Contract shall remain in full force and effect, notwithstanding any such provision.  No sections or provisions of the Subject Contract that purport to provide for additional payments, rent accelerations, assignment fees, increases, payments, deposits, security, charges or any other fees charged to the Buyer or SCH as a result of the assumption and the assignment of the Subject Contract (or assignment, as applicable) to the Buyer shall have any force and effect with respect to the transactions contemplated by the Agreement and assignments authorized by this Order, and such provisions are unenforceable under sections 363(l), 365(e)(1), 365(f), or 541(c)(1) of the Bankruptcy Code, as applicable.

7.  The Subject Contract shall be treated as an Assigned Contract under the terms of the Sale Order, and shall be subject to all applicable terms of the Sale Order, including provisions

providing for the sale of the Subject Contract free and clear of Interests pursuant to section 363 of the Bankruptcy Code.

8. Upon the assumption and assignment of the Subject Contract to the Buyer on the Closing Date, Sodexo shall be entitled to protection from avoidance actions under Chapter 5 of the Bankruptcy Code and Sodexo shall not be subject to an adversary action for recovery under 11 U.S.C. § 547 by SCH or by any party vested by the court with the right to pursue collection of preference actions on behalf of SCH.

9. Upon the assumption and assignment (or assignment, as applicable) of the Subject Contract, as provided herein, the Buyer shall succeed to all of the right, title and interest of SCH under the Subject Contract including, without limitation, the right to exercise renewal options which, pursuant to any provision of the applicable Subject Contract or applicable non-bankruptcy law, are not exercisable by assignees of the STC Entities, the Court having found that such provisions, as they relate to the assumption and assignment (or assignment, as applicable) to the Buyer of the Subject Contract, are unenforceable restrictions pursuant to section 365(f)(3) of the Bankruptcy Code.

10. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Motion.

11. This Order is effective immediately upon entry.

**Dated: December 16th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**

12/12/2019 SL1 1619092v1 006375.01166
36318761.7 12/13/2019