**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) Related to Docket Nos. 1087 and 1167 |

**ORDER GRANTING DEBTORS' FIFTH OMNIBUS MOTION**
**FOR AUTHORITY TO ASSUME AND ASSIGN CERTAIN**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
**IN CONNECTION WITH THE STC OPCO SALE**

Upon consideration of the *Debtors' Fifth Omnibus Motion for Authority to Assume and Assign Certain Executory Contracts and Unexpired Leases in Connection with the STC OpCo Sale* (the "Motion");[2] and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Buyer having provided adequate assurance of future performance under the Subject Contracts to the extent required by section 365(b)(1)(C) of the Bankruptcy Code; and the Court having found and determined that the Buyer is not a successor to or mere continuation of the Debtors (including the STC Entities) or their estates and that the relief sought in the Motion is in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

36262164.2 12/16/2019

the best interests of the Debtors, their estates, creditors and all parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is approved.

2. The applicable STC Entity is authorized to assume and assign the Subject Contracts to the Buyer.

3. As of the Closing Date, the Subject Contracts that are executory contracts or unexpired leases and that are listed on the Closing Date Schedule 1.11 (the "Assigned Contracts") shall be deemed to have been assumed by the applicable STC Entity and assigned to the Buyer pursuant to section 365(f) of the Bankruptcy Code.  Pursuant to section 365(k) of the Bankruptcy Code, the applicable STC Entities' estate shall be relieved from any liability for any breach of an Assigned Contract occurring after the Closing Date. As of the Closing Date, the Assigned Contracts that are not executory contracts or unexpired leases shall be deemed to have been assigned to the Buyer pursuant to section 363(b) of the Bankruptcy Code.

4. On the Closing Date, or as soon as reasonably practical thereafter, the Buyer shall pay to the non-debtor party to each Assigned Contract as to which a liquidated cure amount is stated on **Exhibit 1** attached hereto (the "Liquidated Cure Amount") such Liquidated Cure Amount.

5. As to contracts for which a Liquidated Cure Amount is not stated in **Exhibit 1** (each a "Disputed Cure Contract"), the amount claimed by the non-debtor party to such Assigned Contract (the "Maximum Unliquidated Cure Amounts") is stated in **Exhibit 1**. For the avoidance of doubt, the Maximum Unliquidated Cure Amounts stated on **Exhibit 1** shall be the maximum amount of any subsequently allowed claim to which any non-debtor party to an Disputed Cure

Contract shall be entitled pursuant to section 365(b)(1)(A) of the Bankruptcy Code. The cure amounts in dispute as of the Closing Date are hereafter referred to as the "<u>Disputed Cure Amounts</u>."

6. Upon payment of the Liquidated Cure Amounts to the applicable non-debtor parties, (i) all defaults under the related Assigned Contracts required to be cured pursuant to section 365(b)(1)(A) of the Bankruptcy Code shall be deemed cured and all amounts due to the non-debtor parties to, and beneficiaries of, such Assigned Contracts pursuant to section 365(b)(1)(B) on account of any pecuniary loss resulting from such defaults shall be deemed paid in full, and (ii) each non-debtor party to such Assigned Contracts shall be forever bound by such Liquidated Cure Amounts and enjoined from seeking to terminate such Assigned Contract or enforce any other remedies under such Assigned Contract against the Buyer on account of defaults by the Debtors, including defaults as to which, pursuant to section 365(b)(1)(A) of the Bankruptcy Code, cure is not required.

7. Upon liquidation of any Disputed Cure Amount (by settlement or by entry of an order of this Court), the Buyer shall promptly pay such liquidated amount to the applicable counterparty.

8. On and after the Closing Date, the Buyer shall have the sole authority to contest and settle any Disputed Cure Amounts and shall not require Court approval of any such settlements. Upon liquidation of any Disputed Cure Amount, such liquidated amount shall become a Liquidated Cure Amount and, upon payment (including by way of offset), the provisions of paragraph 6 above shall apply to such Assigned Contract and the applicable counterparty. For so long as the Debtors' bankruptcy cases remain open, within a reasonable time following the

settlement of any Disputed Cure Amount, the Buyer shall file a notice of such settlement on the docket.

9. Any provision in any Assigned Contract that purports to declare a breach, default or payment right as result of an assignment or a change of control in respect of the applicable STC Entity or the Debtors as relates to the assumption of any Assigned Contract by an STC Entity and assignment of such Assigned Contract to the Buyer is unenforceable, and all such Assigned Contracts shall remain in full force and effect, notwithstanding any such provision.  No sections or provisions of any Assigned Contract that purports to provide for additional payments, rent accelerations, assignment fees, increases, payments, deposits, security, charges or any other fees charged to the Buyer or the applicable STC Entity as a result of the assumption and the assignment of the Assigned Contracts (or assignment, as applicable) to the Buyer shall have any force and effect with respect to the transactions contemplated by the Agreement and assignments authorized by this Order, and such provisions are unenforceable under sections 363(l), 365(e)(1), 365(f), or 541(c)(1) of the Bankruptcy Code, as applicable.

10. For the avoidance of doubt, the Buyer maintains discretion to add or delete each Subject Contract to or from Schedule 1.11 of the STC APA until the Closing Date (as defined in the STC APA) and no Subject Contract shall be assumed or assigned to the Buyer unless it is listed in the Closing Date Schedule 1.11.

11. If any Subject Contract is on the Closing Date Schedule 1.11, it shall be treated as an Assigned Contract under the terms of the Sale Order, and shall be subject to all applicable terms of the Sale Order, including provisions providing for the sale of such Assigned Contract free and clear of Interests pursuant to section 363 of the Bankruptcy Code.

12. If, and only to the extent that, any Subject Contract is on the Closing Date Schedule 1.11, the effective date of assumption of such Subject Contract shall be the Closing Date. If any Subject Contract is *not* on the Closing Date Schedule 1.11, all rights of the Debtors to assume or reject such Subject Contract are reserved.

13. Upon the assumption and assignment (or assignment, as applicable) of the Subject Contracts, as provided herein, the Buyer shall succeed to all of the right, title and interest of the STC Entities under the Subject Contracts including, without limitation, the right to exercise renewal options which, pursuant to any provision of the applicable Subject Contract or applicable non-bankruptcy law, are not exercisable by assignees of the STC Entities, the Court having found that such provisions, as they relate to the assumption and assignment (or assignment, as applicable) to the Buyer of the Subject Contracts, are unenforceable restrictions pursuant to section 365(f)(3) of the Bankruptcy Code.

14. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Motion.

15. This Order is effective immediately upon entry.

**Dated: December 16th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**

36262164.2 12/16/2019