## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |  |
| *al.*,[1] | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) | **Hearing Date: January 23, 2020 at 10:00 a.m.** |
|  | ) | **Objection Deadline: December 30, 2019 at 4:00 p.m.** |

### TENTH OMNIBUS MOTION OF THE DEBTORS FOR ENTRY
### OF AN ORDER AUTHORIZING THE REJECTION
### OF HAHNEMANN RESIDENT PHYSICIAN EMPLOYMENT AGREEMENTS

---

**COUNTERPARTIES RECEIVING THIS MOTION SHOULD
LOCATE THEIR RESPECTIVE NAMES AND CONTRACTS
IN THE LIST OF CONTRACTS TO BE REJECTED,
ATTACHED TO THE PROPOSED ORDER AS EXHIBIT 1.**

**Counterparties are hereby provided notice that the Debtors intend to reject
the Contracts, stop performing thereunder, and terminate all related services
as of the date specified on Exhibit 1 to the Proposed Order.**

---

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-

captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel,

file this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "**Proposed Order**"), pursuant to section 365(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"), authorizing the Debtors to reject the

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St.
Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of
PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care
Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast
Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C.
(5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is
230 North Broad Street, Philadelphia, Pennsylvania 19102.

employment agreements of resident physicians related to Hahnemann University Hospital listed on **Exhibit 1** to the Proposed Order (collectively the "**Contracts**"), effective as of the date set forth on Exhibit 1 to the Proposed Order with respect to each Contract.  In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein is section 365(a) of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

3.      On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

4.      A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Allen Wilen in Support of First Day Relief* (the "**First Day Declaration**")[2] [D.I. 2].

5.      As detailed in the First Day Declaration, the Debtors' cases include, among other entities, two major hospitals in in Philadelphia, Pennsylvania – Hahnemann University Hospital ("**Hahnemann**") and St. Christopher's Hospital for Children ("**STC**").

6.      The Debtors file this Motion out of an abundance of caution, as they do not believe any of the employment contracts subject to this motion are executory contracts that would actually require rejection.  As the Court is aware, the Debtors are no longer treating patients at Hahnemann, and have ceased all clinical operations.   All resident physicians who were employed at Hahnemann as of the Petition Date (collectively, the "**HUH Residents**") left voluntarily and the Debtors understand that all have taken residency positions at other institutions.  The Debtors' records reflect that the last day any HUH Residents worked at Hahnemann was August 23, 2019.

7.      Notwithstanding that all HUH Residents have left the Debtors' employ and are working elsewhere, on December 11, 2019 the Ad Hoc Committee of Hahnemann Residents and Fellows (the "**Ad Hoc Committee**") filed the *Emergency Motion of Ad Hoc Committee of Hahnemann Residents and Fellows to Compel Debtors to Provide Professional Liability Insurance in Accordance with Resident Employment Agreements* (the "**Ad Hoc Committee Motion**").

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

36327297.1 12/16/2019

8.      While the Debtors will fully respond to the Ad Hoc Committee Motion, for purposes of this Motion, the Debtors note that the Ad Hoc Committee takes the position that, notwithstanding the voluntary termination of all HUH Residents' employment, their employment agreements (i.e., the Contracts) somehow remain executory. [3]   Accordingly, the Debtors file this Motion out of an abundance of caution to reject the Contracts, notwithstanding the Debtors' position that they are no longer executory.

9.      Notwithstanding that the Contracts are no longer executory, in light of the termination of each HUH Residents' employment and the operational status of Hahnemann, the Contracts clearly are not necessary for the Debtors' operations and, to the extent they may purport to create continuing obligations on the Debtors, are burdensome to the Debtors' estates. Accordingly, to the extent the Contracts may be determined to be executory, the Debtors seek to reject the Contracts in their entirety.

10.     The Debtors propose that the effective date of rejection for each Contract should be the last date each HUH Resident worked at Hahnemann.

### Relief Requested

11.     By this Motion, the Debtors seek the entry of an order, pursuant to section 365(a) of the Bankruptcy Code, authorizing the Debtors to reject the Contracts, effective as of the last date each HUH Resident worked at Hahnemann.

12.     Contemporaneously herewith, the Debtors are filing the *Debtors' Motion for Entry of an Order Authorizing the Debtors to File Under Seal the Unredacted Versions of the Debtors' Omnibus Motions for Authority to Reject Hahnemann Resident Physician Employment*

---

[3]      In addition to each HUH Residents' voluntary termination of their employment, the Debtors also note that the operative Contracts (i.e., Contracts for the academic year commencing on July 1, 2019) provide that if Hahnemann loses its accreditation (which it did), the Contract automatically terminates.

*Agreements,* through which the Debtors seek authority to file unredacted versions of this (and other similar rejection motions) under seal to protect the privacy of the HUH Residents' personal information.

## Basis for Relief Requested

### A.    Rejection of the Contracts Reflects the Debtors' Sound Business Judgment.

13.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). A debtor's decision to reject an executory contract under section 365 is governed by the business judgment standard. *E.g.*, *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (*citing Group of Instit. Investors v. Chi., Milwaukee, St. Paul. & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943)); *Computer Sales Int'l Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003). "Under the business judgment standard, the sole issue is whether the rejection benefits the estate." *In re HQ Global Holdings, Inc.*, 290 B.R. at 511; *NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 29 (3d Cir. 1982) (stating that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate"); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992) (explaining that section 365 is "designed to 'allow[] the trustee or debtor in possession a reasonable time within which to determine whether adoption or rejection of the executory contract would be beneficial to an effective reorganization" (*citing Data-Link Sys. Inc. v. Whitcomb & Keller Mortgage Co. (In re Whitcomb & Keller Mortgage Co., Inc.)*, 715 F.2d 375, 379 (7th Cir. 1983))). Furthermore, a "debtor's determination to reject an executory contract can only be overturned if the decision was the product of bad faith, whim

or caprice." *In re HQ Global Holdings, Inc.*, 290 B.R. at 511 (*citing In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001)).

14.     In the present case, the relief requested herein clearly satisfies the business judgment standard.  The HUH Residents left the Debtors' employ several months ago, with the last day any HUH Resident worked at Hahnemann being August 23, 2019.  The Contracts have all terminated in connection with the termination of each HUH Residents' employment at Hahnemann, and otherwise automatically terminated upon Hahnemann's loss of accreditation of its residency programs.

15.     The Debtors do not believe the contracts remain executory, and in any event no longer provide any benefit to the Debtors or their estates and are unnecessary and burdensome. Moreover, rejection of the Contracts will benefit the Debtors and their estates by relieving the Debtors from the need to meet any continuing obligations under, or make any payments required by, the Contracts following rejection.  For avoidance of doubt, as these are all prepetition contracts which have already been terminated, the Debtors do not concede that any such obligations exist – but, out of  abundance of caution, seek to reject the Contracts pursuant to section 365(b) of the Bankruptcy Code to remove all doubt.

16.     Accordingly, based on the foregoing, the Debtors have determined, in the sound exercise of their reasonable business judgment, that rejection of the Contracts is in the best interests of the Debtors' estates and creditors.

**B.       The Court Should Authorize the *Nunc Pro Tunc* Rejection of the Contracts.**

17.     The Debtor seeks to reject the Contracts *nunc pro tunc* as of the last date each HUH Resident worked at Hahnemann.  While section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively, courts in

this district and others have held that bankruptcy courts may exercise their equitable powers in granting such a retroactive order when doing so promotes the purposes of section 365(a).  *See, e.g.*, *Thinking Machines Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (holding that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pacific Shore Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (same); *In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. June 23, 2009) (granting debtors' motion for rejection of certain leases retroactive to the petition date); *TW, Inc. v. Angelastro (In re TW, Inc.)*, No. 03-10785, 2004 WL 115521, at *2 (D. Del. Jan. 14, 2004) (holding that bankruptcy courts may approve rejection of a nonresidential lease retroactive to the motion filing date "when principles of equity so dictate").

18.     Courts have further held that the retroactive rejection of executory contracts and unexpired leases may be approved "after balancing the equities" of a case and concluding that such equities weigh in favor of the debtor.  *See In re Rupari Holding Corp.*, Case No. 17-10793 (KJC), 2017 WL 5903498 (Bankr. D. Del. Nov. 28, 2018); *In re Chi-Chi's, Inc.*, 305 B.R. at 399. In balancing these equities, courts typically examine a number of factors, including the costs that a delayed rejection would impose on a debtor.  *See, e.g.*, *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 33-39 (S.D.N.Y. 1995).  Courts also consider whether the debtor has provided sufficient notice of its intent to reject a contract or lease. *See Tenucp Prop. LLC v. Riley (In re GCP CT School Acquisition LLC)*, No. 09-11846, 2010 WL 2044871, at *10– 11 (B.A.P. 1st Cir. May 24, 2010) (finding sale and settlement motions, in the aggregate,

provided landlord with sufficient and reasonable notice that chapter 7 trustee intended to reject unexpired real property lease, and that Bankruptcy Court had basis to allow rejection to operate retroactively).

19.    In the present case, a balancing of the equities clearly weighs in favor of the Debtors' retroactive rejection of the Contracts as of the last date each HUH Resident worked at Hahnemann.  The HUH Residents did not work at Hahnemann after the proposed effective date of rejection, and thus cannot be prejudiced by deeming their Contracts rejected contemporaneously with the termination of their employment.  Neither the HUH Residents nor any other party in interest will be prejudiced by the retroactive relief sought herein.

20.    Accordingly, the Debtors believe that it is proper under the circumstances for the Contracts to be rejected retroactively, effective as of the last date each HUH Resident worked at Hahnemann.

### **Bankruptcy Rule 6006(f)**

21.    Bankruptcy Rule 6006(f) requires that a motion to reject multiple executory contracts or unexpired leases:

  a)  state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

  b)  list parties alphabetically and identify the corresponding contract or lease;

  c)  be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

  d)  be limited to no more than 100 executory contracts or unexpired leases.

22.    The Debtors believe that the Motion complies with these requirements.

### **Reservation of Rights**

23.    The inclusion of a Contract on Exhibit 1 to the Proposed Order is not an admission by the Debtors that such contract is, in fact, executory.  Indeed, the Debtors do not

believe the Contracts are executory, and expressly reserve all rights in connection therewith, including with respect to the Ad Hoc Committee Motion.  The Debtors further reserve their rights with respect to any existing defaults of the non-debtor counterparties to the Contracts, and all defenses and counterclaims to any rejection-damages claims are preserved, including without limitation defenses or counterclaims relating to a Contract's expiration or a non-debtor party's default.

## Notice

24.     Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Official Committee of Unsecured Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) the HUH Residents whose Contracts are listed on Exhibit 1 to the Proposed Order and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and warranted.

Dated: December 16, 2019

**SAUL EWING ARNSTEIN & LEHR LLP**

By:/s/ Aaron S. Applebaum
    Mark Minuti (DE Bar No. 2659)
    Monique B. DiSabatino (DE Bar No. 6027)
    1201 N. Market Street, Suite 2300
    P.O. Box 1266
    Wilmington, DE  19899
    Telephone: (302) 421-6800
    Fax: (302) 421-5873
    mark.minuti@saul.com
    monique.disabatino@saul.com

      -and-

    Jeffrey C. Hampton
    Adam H. Isenberg
    Aaron S. Applebaum (DE Bar No. 5587)
    Centre Square West
    1500 Market Street, 38th Floor
    Philadelphia, PA 19102
    Telephone: (215) 972-7777
    Fax: (215) 972-7725
    jeffrey.hampton@saul.com
    adam.isenberg@saul.com
    aaron.applebaum@saul.com

    *Counsel for Debtors and Debtors in Possession*