**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a<br>HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 1157 & 1188** |

**RESPONSE AND RESERVATION OF RIGHTS WITH RESPECT TO
ASSUMPTION AND ASSIGNMENT OF CERTAIN OF THE DEBTORS' LEASES
WITH THE FRONT STREET LESSORS**

Front Street Healthcare Properties, LLC ("Front Street") and Front Street Healthcare Properties II, LLC ("Front Street II" and, together with Front Street, the "Front Street Lessors"), by and through their undersigned counsel, hereby submit this response and reservation of rights (the "Response") with respect to the *Order Authorizing Assumption and Assignment of Certain of the Debtors' Leases with Front Street Healthcare Properties, LLC and Front Street Healthcare Properties II, LLC in Connection with the STC OpCo Sale and Granting Related Relief* [Docket No. 1157] (the "Assumption Order")[2] and *Statement of Tenet Business Services Corporation Regarding Certain Matters Set for Hearing on December 17, 2019* [Docket No. 1188] (the "Tenet Noteholder Response") filed by Tenet Business Services Corporation in its capacity as a holder of a note issued by the Front Street Lessors (the "Tenet Noteholder").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Assumption Order.

1

As set forth below, the Tenet Noteholder, in its capacity as a party not properly before this Court, filed a late objection to the assignment and assumption of the Leases, a matter that has already been ordered by this Court. It seeks to use the Court's reserved hearing to clarify the direction of the Front Street Lessors' cure payment and "condition" an assumption and assignment of Leases that has already been ordered to exercise rights under a promissory note with the Front Street Lessors, an issue over which this Court lacks jurisdiction. The law is clear in this district and elsewhere that mere "creditors of creditors" have no basis to assert rights in the Debtors' case. *See In re Vantage Drilling International*, 603 B.R. 538, 545-46 (D. Del. 2019) (holding that case law is clear that "[p]arty in interest standing under § 1109(b) does not arise if a party seeks to assert some right that is purely derivative of another party's rights in the bankruptcy proceeding" and it is not the province of the court "to resolve disputes of non-debtors") (citations omitted);.*In re ANC Rental Corp., Inc.*, 277 B.R. 226, 231–32 (Bankr. D. Del. 2002); *Southern Blvd. v. Martin Paint Stores*, 207 B.R. 57, 61–62 (S.D.N.Y. 1997). Accordingly, the Front Street Lessors request that the Court direct the Buyer and/or Debtors to pay the ordered cure. *See* Assumption Order, ¶ 5.

1.     On November 19, 2019, the Debtors filed a notice to assume the Leases in connection with the STC OpCo Sale [Docket No. 1037]. The Debtors and Front Street Lessors resolved all issues related to assumption and assignment of the Leases except determination of the appropriate party to receive payment for Base Rent (as defined below). This issue was discussed during the December 12, 2019 hearing on the assumption and assignment of the Leases and the Court entered the Assumption Order. As provided in paragraph 5 of the Assumption Order, the pro-rated portion of the base rent for the quarter ending December 31, 2019 (which pro-rated

amount, assuming a Closing on December 15, 2019 is $243,292) (the "Base Rent") shall be paid to the party as determined by the Court (or as agreed by Debtors and Front Street Lessors).

2. The Tenet Noteholder seeks to inject itself in the dispute over Base Rent not because it believes it has a basis to assert that Base Rent should be paid to it directly, but because the Tenet Noteholder asserts it is due interest payment under a third-party Seller Note (as defined in the Tenet Noteholder Response) that is allegedly "subsidized" by the Debtors' rent payments to the Front Street Lessors. The Tenet Noteholder Response states that the Tenet Noteholder does not object to the Debtors' assumption and assignment of the Leases provided (a) the Debtors or their buyer remit cash in an amount equal to the December 31, 2019 interest payment to the Tenet Noteholder in connection with the closing; or (b) the Debtors or their buyer pay any accrued but unpaid rent under the Leases to Front Street Lessors and Front Street Lessors irrevocably commits to timely pay the upcoming Seller Note interest payment not later than December 31, 2019. *See* Tenet Noteholder Response, at 2.

3. This Court should disregard the Tenet Noteholder Response for two main reasons. *First*, the Tenet Noteholder does not assert an entitlement to the Base Rent because, as the Tenet Noteholder admits, it does not have any basis to assert such an entitlement. *See* Tenet Noteholder Response, at 2. The Court has already ordered assumption and assignment of the Leases, and pursuant to the Assumption Order, the sole issue before this Court is to whom the Base Rent should be paid. *See* Assumption Order, ¶ 5. *Second*, the Tenet Noteholder is not a "party in interest" under section 1109(b) of the Bankruptcy Code with standing to object to the assumption and assignment of the Leases.

4. As a preliminary matter, the issues raised in the Tenet Noteholder Response are not before the Court at this hearing. According to the Tenet Noteholder Response, the Tenet

3

Noteholder was notified of the Debtors' and the Front Street Lessors' dispute over payment of the Base Rent. *See* Tenet Noteholder Response, at 2. The Tenet Noteholder now asserts a right to receive payment of an amount equal to its alleged interest payment from the Front Street Lessors under the Seller Note (as defined in the Tenet Noteholder Response) and, for the first time, asserts that the critical issue is whether the Debtors can demonstrate adequate assurance of future performance by the Buyer. *See* Tenet Noteholder Response, at 2. The Tenet Noteholder had notice and an opportunity to address adequate assurance earlier in this case and the time for the Tenet Noteholder to raise such concerns has passed. The only issue left to be decided, however, is to whom the Debtors should pay Base Rent. *See* Assumption Order, ¶ 5. On that issue, the Tenet Noteholder itself admits that there is no basis to require that the Debtors pay the Tenet Noteholder directly. *See* Tenet Noteholder Response, at 2.

5. Even if the Court were willing to address an adequate assurance objection in connection with the assumption and assignment of the Leases at this juncture, the Tenet Noteholder does not have standing to raise such an objection with this Court. Under section 1109(b) of the Bankruptcy Code, a party in interest may appear and be heard on an issue as long as such party satisfies the general requirements for standing. *See ANC Rental Corp.*, 277 B.R. at 231–32. Although courts will interpret "party in interest" broadly, it is not infinitely expansive. The term party in interest is limited to a party that has a claim against the debtor or the estate. *Id.* It does not include a creditor of one of the debtor's creditors. *See id.*; *Martin Paint Stores*, 207 B.R. at 61.

6. In *Martin Paint Stores*, the Court held that in connection with an assumption and assignment of a lease, a party that "has no rights arising in connection with the [l]ease . . . lacks standing to object to the assumption of the lease," because the party's legal rights and

4

interests can only be asserted against the debtor's creditor, not against the debtor. 207 B.R. at 61–62. In that case, the debtor operated a store retailing home improvement products and its landlord objected to assumption and assignment of a lease. A third-party that leased adjacent space in the building also objected to the assumption and assignment. The court found that because the third-party only asserted its own rights against the landlord, based on lease provisions, and the rights of the landlord against the debtor, based on lease provisions, the third-party was not a party to and had no rights arising under or in connection with the lease, and therefore lacked standing to object to the assumption and assignment of the lease. *Id.* at 62. In *ANC Rental Corp.*, the Court found that two parties did not have standing where they did not have a direct claim against the debtors and their contractual interests were vis-à-vis the debtors' creditors. 277 B.R. at 233–34. As noted by the Court in *ANC Rental Corp.*, a party may be "deeply concerned about a bankruptcy proceeding, since the debtor's ability to pay its creditor may affect the creditor's ability to pay, in turn, its creditor . . . [b]ut the party's legal rights and interests can only be asserted against the debtor's creditor, not against the debtor." 277 B.R. at 232 (*quoting Martin Paint Stores*, 207 B.R. at 61 (citations omitted)).

7. The Tenet Noteholders admits it is only a creditor of the Front Street Lessors, one of the Debtors' creditors.[3] Therefore, the Tenet Noteholder is not a party that falls within "party in interest." *See ANC Rental Corp.*, 277 B.R. at 231–32. There is no obligation that either the Tenet Noteholder or the Front Street Lessors are aware of that requires the Debtors to directly pay the Tenet Noteholder. *See id.* at 233–34. The Front Street Lessors are allegedly required to remit payment to Tenet Noteholder pursuant to the Seller Note (as defined in the Tenet

---

[3] The Front Street Lessors reserve all rights to dispute the legitimacy of the Tenet Noteholder's claim to entitlement to interest payment under the Seller Note.

Noteholder Response), which is a third-party contract between the Debtors and the Front Street Lessors and is not at issue under the Court's Assumption Order. Therefore, the Tenet Noteholder's direct claim is asserted against the Front Street Lessors—one of the Debtors' creditors, not the Debtors—and the Tenet Noteholder does not have standing to raise and address issues related to whether the Debtors can provide adequate assurance of the buyer's future performance under the Leases.

8. Additionally, the Tenet Noteholder's interests are directly aligned with the Front Street Lessors regarding adequate assurance. Both the Tenet Noteholder and the Front Street Lessors desire Debtors' payment of the same Base Rent, albeit under separate contractual obligations as discussed above. The Front Street Lessors have already raised this concern several times in connection with assumption of the Leases in this case. Since the Tenet Noteholder is not a direct claimant and the interests they seek to assert are already represented, the Tenet Noteholder has no standing. *See ANC Rental Corp.*, 277 B.R. at 233.

## CONCLUSION

9. For the reasons stated above, the Court should disregard the Tenet Noteholder Response and direct that the payment of Base Rent be made directly to the Front Street Lessors, as the Tenet Noteholder has not provided a basis for payment of such Base Rent pursuant to the Court's Assumption Order.

## RESERVATION OF RIGHTS

10. The Front Street Lessors and their affiliates reserve all rights to amend, modify, supplement, or otherwise revise this Response and to raise any additional objections to the Assumption Order and the Tenet Noteholder Response at the hearing.

*Remainder of Page Intentionally Left Blank*

Dated: December 17, 2019
      Wilmington, Delaware

          */s/ Brendan J. Schlauch*
          Mark D. Collins (No. 2981)
          Michael J. Merchant (No. 3854)
          Brendan J. Schlauch (No. 6115)
          RICHARDS, LAYTON & FINGER, P.A.
          One Rodney Square
          920 North King Street
          Wilmington, Delaware 19801
          Tel:    (302) 651-7700
          Fax:   (302) 651-7701
          Email: collins@rlf.com
                  merchant@rlf.com
                  schlauch@rlf.com

          -and-

          Suzzanne Uhland
          Diana M. Perez
          Amalia Sax-Bolder
          O'MELVENY & MYERS LLP
          Times Square Tower
          7 Times Square
          New York, New York 10036
          Tel:    (212) 326-2000
          Fax:   (212) 326-2061
          Email: suhland@omm.com
                  dperez@omm.com
                  asax-bolder@omm.com

          *Attorneys for Front Street Healthcare Properties LLC, and Front Street Healthcare Properties II, LLC*

RLF1 22603082v.1