**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
|  |  |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (KG) |
|  | Jointly Administered |
| Debtors. | **Hearing Date: January 23, 2020 at 10:00 a.m.**<br>**Objection Deadline: January 7, 2020 at 4:00 p.m.** |

**SIXTEENTH OMNIBUS MOTION OF THE DEBTORS FOR ENTRY**
**OF AN ORDER AUTHORIZING THE REJECTION**
**OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

---

**COUNTERPARTIES RECEIVING THIS MOTION SHOULD**
**LOCATE THEIR RESPECTIVE NAMES AND CONTRACTS**
**IN THE LIST OF CONTRACTS AND LEASES TO BE REJECTED,**
**ATTACHED TO THE PROPOSED ORDER AS EXHIBIT 1.**

**Counterparties are hereby provided notice that (a) the Debtors intend to reject**
**the Contracts, stop performing thereunder, and terminate all services received**
**as of the date of this Motion, and**
**(b) the Counterparties should cease providing services or delivering goods**
**under the Contracts as of the date of this Motion.**

**Any parties listed on Exhibit 1 to the Proposed Order who have**
**leased property or equipment to the Debtors should contact**
**the Debtors to make arrangements to pick up their property.**

---

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-

captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

file this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "**Proposed Order**"), pursuant to section 365(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"), authorizing the Debtors to reject

certain executory contracts and unexpired leases listed on **Exhibit 1** to the Proposed Order

(collectively the "**Contracts**"), effective as of the date of this Motion.  In support of this Motion,

the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334, and the *Amended Standing Order of Reference from the United States District Court*

*for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28

U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local**

**Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this

matter to the extent that it is later determined that the Court, absent consent of the parties, cannot

enter final orders or judgments consistent with Article III of the United States Constitution.

Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein is section 365(a) of the

Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**").

## Background

3.      On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the

Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors are operating

their businesses and managing their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

4.     A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases and the relief sought from the Court are set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2] (the "**First Day Declaration**").

5.     As detailed in the First Day Declaration, as of the Petition Date, the Debtors' cases included, among other entities, two major hospitals in in Philadelphia, Pennsylvania – Hahnemann University Hospital ("**Hahnemann**") and St. Christopher's Hospital for Children ("**STC**").

6.     On September 27, 2019, the Court entered an *Order under 11 U.S.C. § 105, 363, 365, 503 and 507 (A) Approving Asset Purchase Agreement with STC OpCo, LLC (B) Authorizing Sale of Certain of Debtors' Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtors' Executory Contracts, and (D) Granting Related Relief* [D.I. 795] (the "**Sale Order**"), pursuant to which the Court authorized the sale (the "**Sale**") of substantially all assets of St. Christopher's Healthcare, LLC and certain related Debtors (together, the "**Sellers**") to STC OpCo, LLC (the "**Buyer**") in accordance with the asset purchase agreement attached to the Sale Order as Exhibit A (as amended, the "**STC APA**").[2]

7.     Pursuant to the STC APA, only contracts listed on Schedule 1.11 to the STC APA as of the Closing Date (the "**Closing Date Schedule 1.11**") are to be assumed and assigned to the Buyer in connection with the Sale.  In addition, only the leases listed on Schedules 1.7(r)(i) and (ii) as of the Closing Date (the "**Closing Date Schedule 1.7(r)**") are to be assumed and assigned to the Buyer in connection with the Sale.

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Order or the STC APA.

8.     The Sale to the Buyer closed effective as of December 15, 2019 (the "**Closing**"). The Contracts were not listed on Closing Date Schedule 1.11 or Closing Date Schedule 1.7(r) and, as such, were not assumed and assigned to the Buyer in connection with the Sale.  As a result, and because the Debtors' operations will diminish significantly following the Sale, there is no longer any need for the Contracts.

**Relief Requested**

9.     By this Motion, the Debtors seek the entry of an order, pursuant to section 365(a) of the Bankruptcy Code, authorizing the Debtors to reject the Contracts, effective as of the date of this Motion.

**Basis for Relief Requested**

A.     **Rejection of the Contracts Reflects the Debtors' Sound Business Judgment.**

10.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."  11 U.S.C. § 365(a).  A debtor's decision to reject an executory contract under section 365 is governed by the business judgment standard.  *E.g.*, *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (*citing Group of Instit. Investors v. Chi., Milwaukee, St. Paul. & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943)); *Computer Sales Int'l Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003).  "Under the business judgment standard, the sole issue is whether the rejection benefits the estate."  *In re HQ Global Holdings, Inc.*, 290 B.R. at 511; *NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 29 (3d Cir. 1982) (stating that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate"); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992) (explaining that section 365 is "designed to 'allow[] the

-4-

trustee or debtor in possession a reasonable time within which to determine whether adoption or rejection of the executory contract would be beneficial to an effective reorganization" (*citing Data-Link Sys. Inc. v. Whitcomb & Keller Mortgage Co. (In re Whitcomb & Keller Mortgage Co., Inc.)*, 715 F.2d 375, 379 (7th Cir. 1983))).  Furthermore, a "debtor's determination to reject an executory contract can only be overturned if the decision was the product of bad faith, whim or caprice."  *In re HQ Global Holdings, Inc.*, 290 B.R. at 511 (*citing In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001)).

11.    In the present case, the relief requested herein clearly satisfies the business judgment standard.  As noted above, the Buyer elected not to take assignment of these Contracts.  As such, and because the Debtors' operations will diminish significantly now that the Closing has occurred, the Contracts no longer provide any benefit to the Debtors or their estates and are unnecessary and burdensome.  Moreover, rejection of the Contracts will benefit the Debtors and their estates by relieving the Debtors from having to meet the obligations under, or make any payments required by, the Contracts following rejection.  Accordingly, based on the foregoing, the Debtors have determined, in the sound exercise of their reasonable business judgment, that rejection of the Contracts is in the best interests of the Debtors' estates and creditors.

## B.    The Court Should Authorize the Rejection of the Certain of the Contracts Effective *Nunc Pro Tunc* to the Motion Date.

12.    The Debtors seek an effective rejection date for the Contracts *nunc pro tunc* to the date of this Motion.  While section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively, courts in this district and others have held that bankruptcy courts may exercise their equitable powers in granting such a retroactive order when doing so promotes the purposes of section 365(a).  *See, e.g.*, *Thinking Machines Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021,

1028-29 (1st Cir. 1995) (holding that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pacific Shore Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (same); *In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. June 23, 2009) (granting debtors' motion for rejection of certain leases retroactive to the petition date); *TW, Inc. v. Angelastro (In re TW, Inc.)*, No. 03-10785, 2004 WL 115521, at *2 (D. Del. Jan. 14, 2004) (holding that bankruptcy courts may approve rejection of a nonresidential lease retroactive to the motion filing date "when principles of equity so dictate").

13.     Courts have further held that the retroactive rejection of executory contracts and unexpired leases may be approved "after balancing the equities" of a case and concluding that such equities weigh in favor of the debtor. *See In re Rupari Holding Corp.*, Case No. 17-10793 (KJC), 2017 WL 5903498 (Bankr. D. Del. Nov. 28, 2018); *In re Chi-Chi's, Inc.*, 305 B.R. at 399. In balancing these equities, courts typically examine a number of factors, including the costs that a delayed rejection would impose on a debtor. *See, e.g.*, *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 33-39 (S.D.N.Y. 1995). Courts also consider whether the debtor has provided sufficient notice of its intent to reject a contract or lease. *See Tenucp Prop. LLC v. Riley (In re GCP CT School Acquisition LLC)*, No. 09-11846, 2010 WL 2044871, at *10–11 (B.A.P. 1st Cir. May 24, 2010) (finding sale and settlement motions, in the aggregate, provided landlord with sufficient and reasonable notice that chapter 7 trustee intended to reject unexpired real property lease, and that Bankruptcy Court had basis to allow rejection to operate retroactively).

14.    In the present case, a balancing of the equities clearly weighs in favor of the Debtors' retroactive rejection of the Contracts.  The Contracts no longer provide any value to the estate and continued maintenance of the Contracts is both burdensome and wasteful of estate resources.

15.    Further, no parties in interest will be prejudiced by the retroactive relief sought herein.  The counterparties to the Contracts have had sufficient notice of the commencement of these Chapter 11 Cases and the Sale.  The Debtors will further be serving notice of this Motion upon all interested parties, including counterparties to the Contracts, and each such party will have a sufficient opportunity to respond.

16.    In comparison, any postponement of the effective date of rejection of the Contracts may cause the Debtors to incur unnecessary administrative expenses for contracts and leases that provide no tangible benefit to the Debtors' estates, which would be inequitable and prejudicial to the Debtors.  Accordingly, the Debtors believe that it is proper under the circumstances for the Contracts to be rejected retroactively to the date of filing the Motion.

### Bankruptcy Rule 6006(f)

17.    Bankruptcy Rule 6006(f) requires that a motion to reject multiple executory contracts or unexpired leases:

    a)  state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    b)  list parties alphabetically and identify the corresponding contract or lease;

    c)  be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    d)  be limited to no more than 100 executory contracts or unexpired leases.

18.    The Debtors believe that the Motion complies with these requirements.

**Reservation of Rights**

19.     The inclusion of a Contract on Exhibit 1 to the Proposed Order is not an admission by the Debtors that such contract is, in fact, executory.  The Debtors hereby reserve their rights with respect to any existing defaults of the non-debtor counterparties to the Contracts, and all defenses and counterclaims to any rejection-damages claims are preserved, including without limitation defenses or counterclaims relating to a Contract's expiration or a non-debtor party's default.

**Notice**

20.     Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Official Committee of Unsecured Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) the counterparties to the Contracts listed on Exhibit 1 to the Proposed Order and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.


REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

36360565.1 12/23/2019

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and warranted.

Dated: December 23, 2019

**SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Monique B. DiSabatino*
    Mark Minuti (DE Bar No. 2659)
    Monique B. DiSabatino (DE Bar No. 6027)
    1201 N. Market Street, Suite 2300
    P.O. Box 1266
    Wilmington, DE  19899
    Telephone: (302) 421-6800
    Fax: (302) 421-5873
    mark.minuti@saul.com
    monique.disabatino@saul.com

       -and-

    Jeffrey C. Hampton
    Adam H. Isenberg
    Aaron S. Applebaum (DE Bar No. 5587)
    Centre Square West
    1500 Market Street, 38th Floor
    Philadelphia, PA 19102
    Telephone: (215) 972-7777
    Fax: (215) 972-7725
    jeffrey.hampton@saul.com
    adam.isenberg@saul.com
    aaron.applebaum@saul.com

    *Counsel for Debtors and Debtors in Possession*