# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>(Jointly Administered)<br><br>**Hearing Date: January 23, 2020, 10:00 a.m.**<br>**Objection Date: January 10, 2020, 4:00 p.m.** |

## MOTION OF THE UNITED STATES TO LIFT
## THE AUTOMATIC STAY TO PERMIT SETOFF

The United States of America (the "United States"), on behalf of the Centers for Medicare & Medicaid Services ("CMS"), which administers the Medicare program on behalf of the Department of Health and Human Services ("HHS"), moves this Court to lift the automatic stay to permit CMS to setoff prepetition monies it owes Hahnemann University Hospital ("Hahnemann") against prepetition Medicare overpayments Hahnemann owes CMS. In support of its motion, the United States respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* dated February 29, 2012, from the United States District Court for the District of Delaware.

---

[1] The Debtors in these jointly administered cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

2.  Venue is proper in this District, pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  This matter is a core proceeding, pursuant to 28 U.S.C. §§ 157(b)(2)(B), (b)(2)(G).

## BACKGROUND

4.  On June 30 and July 1, 2019 (collectively, the "Petition Date"), Debtors, including Center City Healthcare, LLC d/b/a Hahnemann, filed bankruptcy under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware.

5.  Before bankruptcy, Hahnemann entered into a Medicare Provider Agreement with CMS to receive payment for services provided to Medicare beneficiaries under the Social Security Act, 42 U.S.C. § 1395-1395*lll* ("Medicare Statute") and 42 C.F.R. Chapter IV and CMS policies and procedures (collectively, "Medicare Program"). Declaration of Martie Ann Polaski ("Polaski Decl."), attached as Exhibit 1, at ¶ 4.

6.  Within five months after the end of each Medicare cost year (which, for Hahnemann, is the calendar year), Hahnemann must submit a report to a CMS Medicare Administrative Contractor ("MAC"). 42 C.F.R. §§ 413.1, 413.20, 413.24(f); *see* 42 U.S.C. §§ 1395g and 1395hh (giving HHS authority to require submission of cost reports). Once submitted, the MAC audits the cost report and determines Hahnemann's actual, rather than estimated, reimbursement for the year, which can result in overpayments (an amount due CMS) or underpayments (an amount due Hahnemann). 42 U.S.C. §§ 1395g; 1395x(v)(1)(A)(ii); 42 C.F.R. § 413.24.

7.  Since the Petition Date, CMS has identified $2,595,663.11 in overpayments to Hahnemann ("Pre-petition Overpayments"). Polaski Decl. at ¶ 10. CMS has identified, to date,

$1,671,395.83 due Hahnemann on account of prepetition services ("Pre-petition CMS Accounts"). Polaski Decl. at ¶ 11. Pursuant to *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995), CMS administratively froze the Pre-petition CMS Accounts.

8.      On December 10, 2019, the undersigned e-mailed Debtors' counsel indicating the United States' intent to file this motion and asking if, in the alternative, Debtors would agree to a stipulation and proposed order lifting the stay to allow setoff. Debtors' counsel responded that same day, asking the United States to provide a "breakdown of the alleged overpayments," which the undersigned provided on December 12, 2019. Debtors' counsel did not respond. The undersigned again wrote to Debtors' counsel on December 19, 2019, indicating the United States' intent to file this motion before the end of 2019. Debtors' counsel did not respond.

## ARGUMENT

**I.    CMS Is Entitled To Setoff Mutual Prepetition Debts.**

9.      Pursuant to a *Strumpf* freeze, CMS has been holding the Pre-petition CMS Accounts. The United States now seeks this Court's authorization to allow CMS to set off, in accordance with 11 U.S.C. § 553,[2] the Pre-Petition CMS Accounts against the Pre-petition Overpayments.

---

[2] Section 553(a) provides that:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . .

3

10. Section 553(a) of the Bankruptcy Code preserves a creditor's right to set off mutual debts so long as both debts arose before the commencement of the bankruptcy case. *See In re University Medical Center*, 973 F.2d 1065, 1079 (3d Cir. 1992). "Setoff, in effect, elevates an unsecured claim to secured status, to the extent that the debtor has a mutual, prepetition claim against the creditor." *Id.* (quoting *Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir. 1984)). The Bankruptcy Code recognizes and preserves non-bankruptcy setoff rights. *See, e.g., Strumpf*, 516 U.S. at 18.

11. Here, the Medicare statute and regulations provide CMS and its MACs an express right to collect Medicare overpayments through setoff. *See* 42 U.S.C. §§ 1395g(a), 1395gg(b), 1395l(j); 31 U.S.C. § 3716; 42 C.F.R. §§ 405.371- 405.373, 421.110(b)(2), 421.200(d); *see also In re Metropolitan Hosp.*, 110 B.R. 731, 741 (Bankr. E.D. Pa. 1990) (noting that the Medicare statute incorporates Medicare's statutory right of setoff), *aff'd* 131 B.R. 283 (E.D. Pa. 1991). The United States also has a common law setoff right that exists independent of any statutory setoff right. *See In re Chateaugay,* 94 F.3d 772, 778-79 (2d Cir. 1996) (noting government's common law right to setoff); *Turner v. Small Business Administration*, 59 F.3d 1041, 1044 (10th Cir. 1995); *United States v. Tafoya*, 803 F.2d 140, 141 (5th Cir. 1986); *In re Nuclear Imaging Systems*, 260 B.R. 724, 733-34 (Bankr. E.D. Pa. 2000).

12. Setoff is a creditor's equitable right to deduct a debt it owes to the debtor from a claim it has against the debtor arising out of a separate transaction. The rule allows parties that owe mutual debts to state the accounts between them, subtract one from the other, and pay only

---

11 U.S.C. § 553(a).

the balance.  The rule is grounded on the absurdity of "making A pay B when B owes A." *Strumpf,* 516 U.S. at 18; *In re Bevill, Bresler & Schulman Asset Mgmt.*, 896 F.2d 54, 57 (3d Cir. 1990) (*citing Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913)).

13.     Setoffs in bankruptcy are "'generally favored,' and a presumption in favor of their enforcement exists."  *Carolco Television, Inc. v. Nat'l Broadcasting Co. (In re DeLaurentis Entertainment Group Inc.*), 963 F.2d 1269, 1277 (9th Cir. 1992); *accord, Bohack Corp. v. Borden*, 599 F.2d 1160, 1165 (2nd Cir. 1979); *In re United Marine Shipbuilding, Inc.*, 198 B.R. 970, 978 (Bankr. W.D. Wash. 1996).  "The right of setoff is one which is grounded in fairness.  It would be unfair to deny a creditor the right to recover an established obligation while requiring the creditor to fully satisfy a debt to the debtor.  Hence, the right of setoff is universally recognized."  *Turner v. United States (In re G.S. Omni Corp.)*, 835 F.2d 1317, 1318 (10th Cir. 1987).

14.     "[T]o maintain a right of set-off under section 553, [CMS] must show: 1. A debt exists from [CMS] to [Hahnemann] and that debt arose prior to the commencement of the bankruptcy case[;] 2. [CMS] has a claim against [Hahnemann] which arose prior to the commencement of the bankruptcy case[; and] 3. The debt and the claim are mutual obligations." *See Folger Adam Security, Inc. v. Dematteis/MacGregor,* 209 F.3d 252, 262-63 (3d Cir. 2000). Section 553 does not adversely affect a creditor's right of setoff when (1) the obligations between the debtor and creditor are mutual, (2) the obligations arise prepetition, and (3) the setoff does not fall within the three exceptions outlined in section 553(a)(1)-(3).  *In re Dillard Ford, Inc.*, 940 F.2d 1507, 1512 (11th Cir. 1991).

## II. CMS Meets the Requirements for Setoff.

15. This setoff involves mutual debts. Obligations between the debtor and creditor are mutual when both obligations are held by the same parties, in the same right or capacity. *See Matter of Bevill*, 896 F.2d at 59. "The creditor's debt must be owed to the estate of the debtor and the estate's debt must be owed to the creditor." *In re IML Freight*, 65 B.R. 788, 793 (Bankr. D. Utah 1986); *see also Modern Settings, Inc. v. Prudential-Bache Sec, Inc.,* 936 F.2d 640, 648 (2d Cir. 1991). Here, CMS owes Hahnemann $1,671,395.83 for pre-petition services and Hahnemann owes CMS $2,595,663.11 for overpayments on pre-petition services. Thus, the obligations are mutual.[3] *See Cherry Cotton Mills v. United States,* 327 U.S. 536, 539 (1946).

16. The obligations CMS owes Hahnemann and those Hahnemann owes CMS arose prepetition. Claims "arise" for bankruptcy purposes when all transactions or acts necessary for liability occur. *Ogle v. Fid. & Deposit Co.*, 586 F.3d 143, 146 (2d Cir. 2009) (citing *Olin Corp. v. Riverwood Int'l (In re Manville Forest Prods.*), 209 F.3d 125, 129 (2d Cir. 2000)); *Braniff Airways, Inc. v. Exxon Co.* 814 F.2d 1030, 1036 (5th Cir. 1987); *see also Matter of United Sciences of America, Inc.,* 893 F.2d 720, 724 (5th Cir. 1990) (claim deemed to arise prepetition if right to payment arises prepetition). Here, the amounts CMS owes Hahnemann stem from services provided before the Petition Date. *See* Polaski Decl. at ¶ 11. Similarly, CMS's claim stems from overpayments made to Hahnemann for services rendered before the Petition Date.

---

[3] The current amount Hahnemann owes CMS for overpayments on pre-petition services is $924,267.28 more than CMS owes Hahnemann for pre-petition services. This motion is without prejudice to the United States' right to later ask the Court to again lift the automatic stay to permit additional setoff should additional reimbursements CMS owes Hahnemann for pre-petition services be identified and frozen.

*See* Polaski Decl. at ¶ 10; *see also In re Metropolitan Hosp.*, 110 B.R. at 737 (holding payments on claims for prepetition services constitute prepetition debts of the Secretary to the debtor; consequently, prepetition Medicare underpayment determined postpetition could be set off against prepetition overpayment).

17. No exception contained in section 553 applies here. CMS's claim against Hahnemann has not been disallowed, *see* 11 U.S.C. § 553(a)(1); CMS did not acquire its claim from an entity other than the debtor, *see* 11 U.S.C. § 553(a)(2); and CMS did not incur the debt to obtain a right of setoff against Hahnemann, *see* 11 U.S.C. § 553(a)(3).

### III. This Setoff is Justified on Equitable Grounds.

18. Although permitting setoff is permissive and lies within the equitable discretion of the trial court, s*ee United States v. Norton*, 717 F.2d 767, 772 (3d Cir. 1983), equity directs the relief sought here because the setoff is in the public interest. The government "has a critical interest in maintaining the integrity of the Medicare program for the benefit of providers, patients, and taxpayers generally." *Neurological Associates - H. Hooshmand v. Bowen*, 658 F. Supp. 468, 473 (S.D. Fla. 1987). The Medicare program should not pay additional funds to a debtor who has already incurred a substantial Medicare overpayment. Nor has the government engaged in inequitable, illegal, or fraudulent acts in connection with Hahnemann's participation in the Medicare program that would preclude equitable relief. *See In re Blanton*, 105 B.R. 321, 337 (Bankr. E.D. Va. 1989). Thus, equity mandates that CMS be permitted to exercise its setoff rights. *See also In re Nuclear Imaging Systems,* 260 B.R. at 738-40, 744 (affirming government's right of setoff of Medicare receivables).

## CONCLUSION

19. For the above reasons, this Court should lift the automatic stay to permit CMS to set off the Pre-petition CMS Accounts it owes Hahnemann against the Pre-petition Overpayments Hahnemann owes CMS.

Dated: December 27, 2019                    Respectfully submitted

                                                        JOSEPH H. HUNT
Assistant Attorney General

DAVID C. WEISS
United States Attorney

ELLEN SLIGHTS
Assistant United States Attorney

/s/ Marc S. Sacks
RUTH A. HARVEY
MARGARET M. NEWELL
MARC S. SACKS
Department of Justice
Commercial Litigation Branch,
Civil Division
P.O. Box 875, Ben Franklin Station
Washington, DC 20044-0875
Tel. (202) 307-1104
Fax (202) 514-9163


ATTORNEYS FOR THE UNITED STATES

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of December 2019, I caused a true and correct copy of the foregoing motion to be served via electronic mail upon all parties receiving electronic notice under the Court's CM/ECF system.

                                      /s/ Marc S Sacks
                                      MARC S. SACKS