# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1] | Case No. 19-11466 (KG) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No. \_\_\_** |

## ORDER LIFTING THE AUTOMATIC STAY TO PERMIT THE UNITED STATES TO EXERCISE SETOFF RIGHTS

Upon the Motion of the United States to Lift the Automatic Stay to Permit Setoff ("Motion") and the Court having held a hearing on January 23, 2020 (the "Lift Stay Hearing"); and the Court having reviewed (a) the Motion, (b) objections to the Motion, if any, and (c) the arguments of counsel made, and the evidence proffered or adduced at the Lift Stay Hearing; and the Court having considered the same:

IT IS HEREBY FOUND AND DETERMINED THAT:

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* dated February 29, 2012, from the United States District Court for the District of Delaware. Venue is proper in this District, pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding, pursuant to 28 U.S.C. §§ 157(b)(2)(B), (b)(2)(G).

---

[1] The Debtors in these jointly administered cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

2

2. Hanhemann owes CMS the Pre-petition Overpayments, and CMS owes Hanhemann the Pre-Petitions Accounts.

3. The Pre-petition Overpayments and Pre-Petition Accounts arose prepetition and are mutual debts.

4. The automatic stay imposed by 11 U.S.C. § 362(a) is modified for the express and limited purpose of allowing CMS to offset the Pre-petition Accounts against the Pre-petition overpayments.

5. This Court will retain jurisdiction to resolve any disputes arising under or related to this Order, and to interpret, implement, and enforce the provisions of this Order.

Dated:_____, 2020      _____
                               THE HONORABLE KEVIN GROSS
                               UNITED STATES BARNKRUPTCY JDUGE