IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC, | ) | Case No. 19-11466 (KG) |
| d/b/a HAHNEMANN UNIVERSITY | ) | (Jointly Administered) |
| HOSPITAL, et al., | ) | |
| | ) | |
| Debtors.[1] | ) | **Hearing Date**: January 23, 2020 at 10:00 am ET |
| | ) | **Obj. Deadline**: January 16, 2020 at 4:00 pm ET |

## MOTION TO COMPEL ASSUMPTION OR REJECTION OF UNEXPIRED LEASES

Pursuant to 11 U.S.C. §§ 105(a) and 365(d)(2), People's Capital and Leasing Corp. ("People's Capital"), hereby moves to compel Center City Healthcare, LLC and Philadelphia Academic Health System, LLC, debtors and debtors-in-possession (collectively, the "Debtors"), to assume or reject the unexpired lease described herein. In support of the relief requested, People's Capital represents as follows:

**I. BACKGROUND FACTS**

1. On June 30, 2019 ("Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. On or about June 10, 2011, Siemens Financial Services, Inc. ("Siemens") and Tenet

---

[1] The following cases have been consolidated with the lead case: In re Philadelphia Academic Health System, LLC (19-11467-KG), In re St. Christopher's Healthcare, LLC (19-11468-KG), In re Philadelphia Academic Medical Associates, LLC (19-11469-KG), In re HPS of PA, L.L.C. (19-11470-KG), In re SCHC Pediatric Associates, L.L.C. (19-11471-KG), In re St. Christopher's Pediatric Urgent Care Center, L.L.C. (19-11472-KG), SCHC Pediatric Anesthesia Associates, L.L.C. (19-11473-KG), In re St. Chris Care at Northeast Pediatrics, L.L.C. (19-11474-KG), In re TPS of PA, L.L.C. (19-11475-KG), In re TPS II of PA, L.L.C. (19-11476-KG), TPS III of PA, L.L.C. (19-11477-KG), TPS IV of PA, L.L.C. (19-11478-KG), and TPS V of PA, L.L.C. (19-11480-KG).

HealthSystem Medical, Inc. ("Tenet Medical") entered into a Master Equipment Lease Agreement, as amended from time to time ("Master Lease"), pursuant to which Siemens agreed to lease to Tenet Medical certain Equipment as described on the lease schedules to the Master Lease. A true and correct copy of the original Master Lease is attached hereto as **Exhibit A**.

4. A Contract Addendum to the Master Lease ("Addendum") further provides that Siemens and Tenet Medical agreed that certain medical facilities affiliated with Tenet Medical may entered into leasing scheduling to the Master Lease, with any such affiliated medical facility becoming a co-lessee with Tenet Medical on such lease schedule. A true and correct copy of the Addendum is attached hereto as **Exhibit B**.

5. On or about November 1, 2016, Siemens and Tenet Healthsystem Hahnemann, L.L.C. ("Tenet Hahnemann") entered into Leasing Schedule No. 35052-51346 to the Master Lease, as amended from time to time ("Schedule"). Pursuant to the Schedule, Tenet Hahnemann leased from Siemens the Equipment described on Quote # 1-I5B3XR from Siemens Medical Solutions USA, Inc. ("Equipment"). A true and correct copy of the original Schedule is attached hereto as **Exhibit C**.

6. Under the original terms of the Master Lease and Schedule, Tenet Hahnemann agreed to pay Siemens thirty-six (36) consecutive monthly payments of $21,651.76, which payment amount was subsequently amended to $21,894.71.

7. On or about May 22, 2017 and in accordance with the Master Assignment Agreement dated as of January 25, 2016, pursuant to that certain Specification of Assigned Interest, Siemens sold, assigned, delegated, transferred and set over to People's Capital all of its rights, title, interest, and obligations to the Master Lease and Lease Schedule. A true and correct copy of the Specification of Assigned Interest is attached hereto as **Exhibit D**.

8. Pursuant to an Assignment and Assumption Agreement ("Assignment Agreement"), Tenet Medical and Tenet Hahnemann assigned to debtor Center City Healthcare, LLC their right, title and interest in and to the Master Lease and the Schedule. Debtor Philadelphia Academic Health System, LLC guaranteed the debt of debtor Center City Healthcare, LLC incurred in connection with the Master Lease and the Schedule.

9. Prior to the Petition Date, the Debtors failed to make the requisite monthly lease payments due under the Master Lease and Schedule, as amended from time to time including by the Addendum and Assignment Agreement (collectively, the "Lease Documents") and defaulted pursuant to Paragraph 9(i) of the Master Lease.

10. As of the Petition Date, the remaining balance under the Lease Documents was $245,646.97.

11. To the best of People's Capital's knowledge, information, and belief, the Equipment is located at Hahnemann University Hospital, 1400 Race St. (West of Broad), Philadelphia, PA 19102.

## II. ARGUMENT

12. Section 365(d)(2) of the Bankruptcy Code provides in relevant part that:

> In a case under Chapter . . . 11 . . . of this title, the trustee may assume or reject an executory contract or unexpired lease of . . . personal property of the debtor at any time before the confirmation of a plan but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

13. What constitutes "reasonable time" within which to affirm or reject a lease under 11 U.S.C. § 365(d)(2) is left to the Bankruptcy Court's discretion in light of the circumstances of a particular case. *In re Attorneys Office Mgmt., Inc.*, 29 B.R. 96, 98 (Bankr. C.D. Cal. 1983) (citing *In re Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105 (2d Cir.1982)); *see also In re Adelphia Commc'ns Corp.*, 291 B.R. 283, 292 (Bankr. S.D.N.Y. 2003).

14. Among the factors that the courts have used to determine what may constitute "reasonable time" for the purposes of section 365(d)(2) of the Bankruptcy Code are the following: (a) the nature of the interests at stake, (b) the balance of harm to the parties, (c) the safeguards afforded to the parties, (d) the damage third parties may suffer beyond the compensation available under the Bankruptcy Code, (e) the debtor's failure or ability to satisfy post-petition obligations, (f) the purposes of chapter 11, (g) the importance of the contract in question to the debtor's reorganization, and (h) whether the action to be taken is so in derogation of Congress' scheme as to be said to be arbitrary. *See Adelphia*, 291 B.R. at 292–94.

15. Nearly five months have passed since the Petition Date, and the Debtors continue to receive the benefit of the Equipment without making any payment or providing any consideration to People's Capital. This establishes a substantial basis for requiring the Debtors to make an immediate determination to either assume or reject the Lease Documents.

16. Before the Debtors may assume an executory contract or unexpired lease, 11 U.S.C. § 365(b)(1) requires that the Debtors cure existing defaults and provide adequate assurance of future performance under the Lease Documents. If the Debtors seek to assume the Lease Documents, the Debtors will be required to cure all pre-petition and post-petition arrears, along with attorneys' fees, costs and expenses.

17. If the Lease Documents are to be rejected, the same should be done forthwith in order to avoid damages accruing to People's Capital from damage and/or further deterioration and loss of value of the Equipment and administrative expenses accruing from the Debtors' continued possession of the Equipment without making the required payments.

18. If the Lease Documents are rejected, the automatic stay under 11 U.S.C. § 362 should be modified to allow People's Capital to recover and repossess the Equipment and that the

fourteen-day stay provided by Fed. R. Bankr. P. 4001(a)(3) not apply so that People's Capital may immediately enforce and implement the requested order terminating and/or modifying the automatic stay.

19.     Accordingly, the Debtors should be directed to immediately pay to People's Capital, or give adequate assurance of the prompt payment of, the sum of $151,843.38, representing a payoff of all outstanding pre-petition amounts totaling $21,933.00 and all post-petition amounts currently overdue totaling $129,910.38.  Such sum does not include late fees, interest, costs or attorneys' fees due under the Lease Documents.

20.     The Debtors have failed to provide any consideration to People's Capital and yet continues to receive the benefit of the Equipment.  People's Capital believes that this Court should compel the Debtors to assume or reject the Lease Documents immediately or within such requisite amount of time as the Court deems proper.  In addition, if the Debtors elect to assume the Lease Documents, they shall pay, or give adequate assurance of the prompt payment of, all pre- and post-petition amounts due under the Lease Documents to People's Capital in the amount of $151,843.38.  If the Debtors elect to reject the Lease Documents, they shall immediately vacate and surrender the Equipment to People's Capital and provide the location and whereabouts of the Equipment.  Notwithstanding the foregoing, People's Capital reserves its right to file a claim for administrative expenses.

*[remainder of page intentionally left blank]*

WHEREFORE, People's Capital respectfully requests that this Court enter an order compelling the Debtors to assume or reject the Lease Documents immediately or within such requisite amount of time that the Court deems proper. In addition, People's Capital respectfully requests that the Court order the Debtors to pay, or give adequate assurance of the prompt payment of, all pre- and post-petition amounts due under the Lease Documents to People's Capital in the amount of $151,843.38 if it elects to assume the Lease Documents. If the Debtors elect to reject the Lease Documents, People's Capital respectfully requests that the Court order it to immediately vacate and surrender the Equipment to People's Capital and provide prompt payment of all post-petition sums due to People's Capital through entry of an Order rejecting the Lease Documents.

Dated: January 2, 2020
      Wilmington, Delaware

BAYARD, P.A.

*/s/ GianClaudio Finizio*
GianClaudio Finizio (No. 4253)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: gfinizio@bayardlaw.com

and

UPDIKE, KELLY & SPELLACY, P.C.
Evan S. Goldstein
100 Pearl Street, 17th Floor
P.O. Box 231277
Hartford, Connecticut 06123-1277
Telephone: (860) 548-2609
Facsimile: (860) 548-2680
Email: egoldstein@uks.com

*Counsel for People's Capital and Leasing Corp.*