FILED

2020 JAN -3  AM 8:42

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

To: The United States Bankruptcy Court for the District of Delaware
Re: Center City Healthcare LLC d/b/a Hahnemann University Hospital, et al
Chapter 11 Case No. 19-11466 (KG)

Regarding Notice of motion on December 16, 2019 in which the debtors and debtors in possession (the "debtors") in the aforementioned chapter 11 cases filed the *Eleventh omnibus motion of the debtors for entry of an order authorizing the rejection of hahnemann resident physician employment agreements* (the "motion") with the United States Bankruptcy Court for the District of Delaware (the "bankruptcy court"; "court").

**This letter is to serve as an official objection of the aforementioned motion and expresses the concerns of the former PGY-1 residents of Hahnemann University Hospital** (the "residents", "us", "we").

Such a motion, both in its content and the timing and manner of which it is being carried out is is disturbing to us on ethical/moral grounds as well as legal grounds.

1. Timing
    a. The timing of this motion is clearly an attempt to pass an unethical/unfavorable decision through the courts in a manner that largely goes undetected. Notices of the motion were mailed to addresses previously recorded at the time of our stay in Hahnemann University Hospital. Obviously a majority of the residents have since relocated (incurring significant financial losses to do so ~ ex. Moving costs, breaking lease agreements early, etc) and did not receive a paper copy of the motion. No attempt was made to electronically notify the residents or even update the mailing list. This motion was brought to the attention of the residents when one resident notified the rest after they received the motion at their parent's home. Additionally, this motion was timed to require an objection to be sent over within a few days of the holiday season, by mail, during a time where the US postal service is closed for holidays, has increased delivery demand and a higher number of delays. Additionally, the court is (and should be made) aware of the holiday work hours of residents. In addition to the regular 100+ hour work weeks of residents (the 80 hour week maximum is continuously violated by institutions) the holiday season is exceptionally difficult given the decreased number of supporting staff present in hospitals. We feel that the Hahnemann University Hospital representation is well aware of this and is using this timing in hopes that no objections will be made.
2. Responsibility
    a. It is the responsibility of Center City Healthcare LLC d/b/a Hahnemann University Hospital, et al to continue to uphold their employment contracts given that we had our positions eliminated on August 25, 2019 (as per a letter dated June 25, 2019 signed by the Hahnemann University Hospital Human Resources Director Melissa Alfieri) and we did not voluntary leave our positions. As for the individual residents that left Hahnemann University Hospital prior to August 25, 2019 to

      continue their residency education at an alternate institution in which they were offered a position we are arguing that this is *not* a voluntary leave from their position at Hahnemann University Hospital. It is our responsibility as residents to continue our education without interruption in order to obtain proper recognition as graduating physicians from the educational authorities. Writing frankly, this is akin to an individual ejecting a crashing airplane via parachute and then [the airline] claiming the individual 'voluntarily' left the plane. Additionally, while employed by Hahnemann University Hospital, we were held to the standards set by the contract by the strictest means possible, without regard for the resident's fiscal, mental and physical well being. As such Hahnemann University Hospital should be held equally responsible, no matter the cost.

3. Lack of communication between courts, representatives and residents
    a. We are arguing that for all matters affecting the residents, we need to have a streamlined, proper way of communicating between the courts and the residents themselves. There needs to be an official, court sanctioned method of updated communication concurrent with the various available electronic methods of communication available in 2019. This communication needs to be 2-way, allowing for written input from the residents themselves. The communication also needs to be transparent and be amenable to individuals not formally versed in legal jargon.
4. Based on the aforementioned arguments, we are being legally railroaded. We have fragmented communication with the courts, non-communicative representation, and are being taken advantage of since we are now located throughout the continent and actively working >80 hours a week, 6 days a week, without many holidays. Most of us are living pay-check to pay-check and do not have the luxury of generating funds for appropriate legal action. The American Medical Association (AMA) has graciously highered representation for us, but even so the communication between the representative and the rest of the residents are fragmented. This paints a picture of a clear ethical violation of our rights. We are hoping to resolve this properly and fairly within the courts, but we will bring broader media attention to this issue if we are ignored.

To write frankly, we apologize in advance if this letter is not up to par with the legal/technical jargon the court is familiar with. We are young physicians, aiming to practice and learn the art of medicine and are not versed in the formalities and ways of a court. However, we are united in our voice and we are ready to take it upon ourselves to make our voices heard by any means necessary if we feel that our rights are being violated.

Respectfully,
Former Hahnemann University Hospital PGY-1's

*Christopher Mahrous MD*

Cc: Jeremy W Ryan - Potter Anderson Corroon - hahnemannresidents@potteranderson.com - 302-984-6052