IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*, | Case No. 19-11466 (KG) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No. 1242** |

**RESERVATION OF RIGHTS OF
PHILADELPHIA COLLEGE OF OSTEOPATHIC MEDICINE
REGARDING THE SEVENTEENTH OMNIBUS MOTION TO REJECT**

Philadelphia College of Osteopathic Medicine ("PCOM"), through its undersigned counsel, files this reservation of rights with respect to the *Seventeenth Omnibus Motion of the Debtors for Entry of an Order Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases* [D.I. 1242] (the "Motion to Reject") and, in support thereof, PCOM respectfully states as follows:

1. PCOM and Debtor St. Christopher's Healthcare, LLC or one of its affiliates are parties to (i) three student affiliation agreements under which PCOM medical students receive clinical education, and (ii) one residency affiliation agreement under which PCOM residents in the fields of plastic surgery, otorhinolaryngology, and orthopedic surgery rotate in the Department of Surgery at St. Christopher's Hospital for Children (collectively, the "PCOM Contracts").

2. On December 23, 2019, the Debtors filed the Motion to Reject seeking, among other things, to reject the PCOM Contracts effective as of the date of filing of the motion.

3. As of December 23, 2019, the Debtors had failed to pay PCOM not less than $437,964.80 for services rendered by PCOM to the Debtors during the post-petition period, including the period during which the Debtors were marketing and selling their assets. The unpaid

post-petition amounts owed to PCOM are actual and necessary expenses of the Debtors' bankruptcy estates and are entitled to administrative expense priority.[1]  Such amounts should be paid without further delay.

4.     Although PCOM does not object to the relief requested in the Motion to Reject, PCOM files this reservation of rights to reserve all of PCOM's rights in law, contract or equity. Without limitation, PCOM reserves the right to file a motion seeking allowance and payment on an administrative expense basis of all unpaid post-petition amounts.  PCOM also reserves the right to file a claim for rejection damages and for all other unpaid amounts owed to PCOM.  PCOM retains all rights, claims, defenses, and arguments as to the Debtors and as to all third parties.

Dated:  January 3, 2020
        Wilmington, Delaware

Respectfully submitted,

*/s/ Bryan J. Hall*
Regina Stango Kelbon (DE No. 5444)
Bryan J. Hall (DE No. 6285)
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:    (302) 425-6400
Email:        Kelbon@BlankRome.com
              BHall@BlankRome.com

-and-

Samuel H. Becker
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-5500
Email:        Becker@BlankRome.com

*Counsel for Philadelphia College of Osteopathic Medicine*

---

[1] *See, e.g.*, 11 U.S.C. § 503(b)(1)(A); *In re Goody's Family Clothing Inc.*, 610 F.3d 812, 818-19 (3d Cir. 2010) ("[W]hen third parties are induced to supply goods or services to the debtor-in-possession pursuant to a contract that has not been rejected, the purposes of [administrative claims] plainly require that their claims be afforded priority."); *In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010) ("Courts in this District have consistently held that an administrative expense priority is available to contract parties when the debtor enjoys the benefits of the contract pending assumption or rejection.").