December 17, 2019

William C. Boyer
1722 Ingersoll Street
Philadelphia, PA 19121

The Honorable Kevin Gross
United States Bankruptcy Court
for the District of Delaware
824 N. Market Street, 6th Floor
Wilmington, DE 19801

FILED
2019 DEC 23 AM 8: 36
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

**VIA FIRST-CLASS MAIL**

RE: Case No. 19-11466 (KG) – Hahnemann University Hospital – "Order Approving Key Employee Incentive Plan ("KEIP")" [Docket Nos. 499 and 788]

Dear Judge Gross:

I was employed by Hahnemann University Hospital as the Chief Academic Officer/Designated Institutional Official from October 2018 to September 2019. My primary role and responsibility was the oversight and administration of the Graduate Medical Education ("GME") programs [residencies/fellowships]. On June 26, 2019, my role changed to the unenvious and historic task of "orphaning" and facilitating the safe transfer of approximately 583 residents/fellows to new programs. The largest in the history of the GME community. With minimal resources, constraints, and virtually austere conditions, that task was successfully accomplished.

On June 12, 2019, I was asked by Hospital administrators and the lead consultant, Mr. Ron Dreskin, Principal, EisnerAmper and interim CEO to agree to and sign a "Key Employee Incentive Plan ("KEIP")" document. In good faith, I executed the KEIP document on June 17, 2019 and returned it to Mr. John DiNome, Chief Human Resource Officer. I agreed to the document because I felt it was my professional, moral and ethical obligation to remain at the hospital and lead all parties through this crisis with my expertise and just like I was trained to do and always did as a United States Marine. This, even knowing that I was already offered another local and similar position and turned it down to remain with my residents/fellows and not knowing if I would have any employment after the crisis. In that document, it provides a variety of incentives to remain at Hahnemann to carry out the above mentioned orphaning of the residents/fellows. It also provided for four (4) conditions to be met. I have met and exceeded all of the conditions. I have not enclosed my KEIP agreement due to one of the conditions being the signing of a Non-Disclosure Agreement. If requested, I would be ready and willing to provide a copy to the court.

In accordance with your Order dated September 24, 2019, you ordered:
1. The Motion is GRANTED as set forth herein
2. The Debtor's KEIP is approved in all respects
3. The Debtors are authorized to make payments subject to and in accordance with the terms of the KEIP…
4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order

To date, this Order has not been executed by the Debtors even though there have been no patients in the hospital since July 2019, the hospital has been essentially closed, and I have faithfully fulfilled all obligations and conditions in my KEIP. Further, the Secretary, Pennsylvania Department of Health revoked the Hospital license on the November 1, 2019.

On September 26, 2019, at 1:30pm, I received a text message from Mr. Dreskin stating, "Thanks for all of your help. Unfortunately, I will need to stop your full time employment effective Friday (9/27). But if OK with you, I want to leave you on payroll and when I have questions, compensate you with a daily per diem rate. Would that be ok? Ron".

On September 26, 2019, at 1:32pm, I replied to Mr. Dreskin via text. "Sure, I believe my FT employment was stopped on 9/6 unless they changed. I also emailed Dion (Ogelsby) bc I saw the judge ordered the KEIP to be disbursed. I haven't heard back but wanted to know when those disbursements will be made to my direct deposit?" Mr. Dreskin replied at 1:33pm "OK. Let me call Dion now".

On September 26, 2019, at 1:43pm, Mr. Dreskin replied via text:" You will get a check for September for your usual salary next couple of days. Then Perdiem when I need you, then [*KEIP compensation amount redacted*] when we officially close HUH." At 1:48pm, I replied "Do you have a timeframe for closure?" At 1:49pm, Mr. Dreskin replied, Manana".

On November 12, 2019 at 5:40am, I sent an email to Mr. Dreskin and Mr. Dion Oglesby requesting the status of the KEIP and the fact that I had not be compensated as per my KEIP agreement. Neither Mr. Dreskin or Oglesby replied to the email.

As of December 6, 2019, it is my understanding that the Debtors legal team is taking a hard line and assert that I did not meet the "stay on board" conditions to qualify for payment. I contend that this is not accurate. I voluntarily remained at Hahnemann and would have continued to remain but was involuntarily separated after my work was completed. I further contend that the hospital was technically closed at or prior to my separation from Hahnemann and I am entitled to the KEIP terms I agreed to.

I am attempting to resolve this matter fairly, expeditiously and in good faith. I am also trying to avoid unnecessary financial strains on me if I must move towards legal action against the Debtor, EsinerAmper and other identified parties. Taking legal action by retaining a law firm will incur an undue financial burden on me and one that I may have difficulty recovering from.

I respectfully request that the Court enter an order directing the Debtor's to pay such claim in the full amount within ten (10) days of entry of an Order.

Respectfully,

*[signature]*

William C. Boyer, DHSc, MS, CHSE
DrBillBoyer@gmail.com
570.590.1956