## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (KG) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: January 28, 2020 at 4:00 p.m.** **Hearing Date: Only if an objection is filed** |

### SUMMARY COVER SHEET TO THE FIFTH MONTHLY FEE APPLICATION OF SAUL EWING ARNSTEIN & LEHR LLP, COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM NOVEMBER 1, 2019 THROUGH NOVEMBER 30, 2019

| | |
|---|---|
| Name of Applicant: | Saul Ewing Arnstein & Lehr LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | *Nunc pro tunc* to June 30, 2019 |
| Period for which compensation and reimbursement is sought: | November 1, 2019 through November 30, 2019 |
| Amount of Compensation sought as actual, reasonable and necessary: | $335,436.85 (80% of which is $268,349.48 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $2,998.24 |

This is an: **X** monthly     ___ interim     ___ final application.

Saul Ewing Arnstein & Lehr LLP intends to seek compensation in connection with the preparation of this Application at a later date.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 09/20/2019 D.I. 752 | 06/30/2019 through 07/31/2019 | $649,127.65 | $9,401.98 | $519,302.12 | $9,401.98 | $129,825.53 | 10/14/2019 D.I. 850 |
| 10/18/2019 D.I. 880 | 08/01/2019 through 08/31/2019 | $629,870.40 | $39,528.38 | $503,896.32 | $39,528.38 | $125,974.08 | 11/08/2019 D.I. 973 |
| 11/08/2019 D.I. 974 | 09/01/2019 through 09/30/2019 | $515,905.90 | $24,370.50 | $412,724.72 | $24,370.50 | $103,181.18 | 12/03/2019 D.I. 1084 |
| 12/18/2019 D.I. 12093 | 10/01/2019 through 10/31/2019 | $390,494.40 | $13,183.61 | $0.00 | $0.00 | $403,678.01 | Pending[2] |
| | TOTAL | $2,185,398.35 | $86,484.47 | $1,435,923.16 | $73,300.86 | $762,658.80 | |

---

[2]     The objection deadline for the fee application is January 7, 2020.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (KG) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: January 28, 2020 at 4:00 p.m.**<br>**Hearing Date: Only if an objection is filed** |

### FIFTH MONTHLY FEE APPLICATION OF SAUL EWING ARNSTEIN & LEHR LLP, COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM NOVEMBER 1, 2019 THROUGH NOVEMBER 30, 2019

Saul Ewing Arnstein & Lehr LLP ("**Saul Ewing**" or "**Applicant**"), counsel to the debtors and debtors-in-possession (the "**Debtors**"), hereby applies to the Court for interim allowance of compensation for the period November 1, 2019 through November 30, 2019 (the "**Application Period**") with respect to its retention as counsel to the Debtors. In support of this Application, Saul Ewing represents as follows:

### Background

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

2.      The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## Jurisdiction

3.      On June 30, 2019 and July 1, 2019 (together, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

4.      On July 15, 2019, the Office of the United States Trustee (the "**UST**") appointed the Official Committee of Unsecured Creditors of Center City Healthcare d/b/a Hahnemann University Hospital, *et al*. (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code.

5.      On August 2, 2019, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 341] (the "**Interim Compensation Order**"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Cases.

## Retention of Saul Ewing

6.      On August 8, 2019, this Court entered the *Order Authorizing the Employment and Retention of Saul Ewing Arnstein & Lehr LLP as Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* [D.I. 404].

## Professional Services Rendered

7.      During the Application Period, Saul Ewing partners, associates and paraprofessionals rendered a total of 659.50 hours of professional services to the Debtors, for which Saul Ewing requests allowance of interim compensation in the amount of $335,436.85. The blended hourly rate for the hours included in this Application is equal to $508.62 per hour,

calculated as to attorneys, paralegals and paraprofessionals.  At all times, work was assigned to the attorney, paralegal or paraprofessional with the lowest billing rate possible commensurate with the skill, background, responsibility and expertise needed to do the work efficiently.

8.      Saul Ewing's hourly rates are set at a level designed to compensate Saul Ewing for the work of its attorneys, paralegals and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding hourly rates structure utilized by Saul Ewing in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Saul Ewing for other corporate restructuring and bankruptcy matters, as well as similar complex corporate, labor, real estate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  Attached hereto as **Exhibit A** is a summary of the blended hourly rates for timekeepers who billed during the Application Period and Saul Ewing's firm-wide range of billing rates for its various positions.

9.      Saul Ewing maintains computerized records of all time expended for the professional services rendered in connection with these Chapter 11 Cases on behalf of the Debtors.  Attached hereto as **Exhibit B** is a summary of fees incurred and hours expended during the Application Period along with a detailed, chronological itemization covering all the services performed by Applicant.  This detailed itemization complies with Del. Bankr. L.R. 2016-2(d) in that (i) each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, (ii) all time is billed in increments of one-tenth of an hour, and (iii) time entries are presented chronologically by Applicant.

10.     Attached hereto as **Exhibit C** is a detailed itemization, by project category, of all services performed by Applicant with respect to these matters during the Application Period. Non-working travel time (to the extent applicable) is billed at 50% of normal rates.

11.    Attached hereto as **Exhibit D** is a description of the costs actually expended by the Applicant in the performance of services rendered as counsel to the Debtors during the Application Period.  These costs for which reimbursement is requested total $2,998.24.  The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, facsimile charges ($.25/page – outgoing transmission only), telephone charges, postage, messenger service, outside photocopying, teleconferencing and legal research.   By this Application, the Applicant does not seek expenses for incoming facsimile transmissions.

12.    Attached hereto as **Exhibit E** is a Declaration of Applicant with respect to the compensation requested.

## Summary of Legal Services by Project Category

13.    The services rendered by Saul Ewing during the Application Period can be grouped in the categories set forth below.  The following chart is a summary of the fees and hours billed for each project category during the Application Period.

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Sale Disposition | 151.70 | $88,426.50 |
| Business Operations | 47.00 | $29,078.00 |
| Case Administration | 42.30 | $20,812.00 |
| Claims Analysis, Objections, Proofs of Claim and Bar Date | 43.10 | $16,996.50 |
| Committee Matters | 1.10 | $753.00 |
| Creditor Inquiries | 2.70 | $1,174.50 |
| Executory Contracts and Unexpired Leases | 164.90 | $90,173.00 |
| Fee/Employment Application (Saul Ewing) | 8.00 | $1,905.00 |
| Fee/Employment Applications (Other Professionals) | 2.30 | $907.00 |
| DIP Financing and Cash Collateral | 10.50 | $6,734.50 |
| Labor Matters | 16.80 | $11,583.00 |
| Litigation: Contested Matters and Adversary Proceedings | 117.10 | $72,890.00 |
| Non-Working Travel | 2.80 | $1,820.00 |
| Plan and Disclosure Statement | 3.50 | $2,040.50 |

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Preparation for and Attendance at Hearing | 37.70 | $24,921.50 |
| Relief from Stay and Adequate Protection | 1.30 | $565.50 |
| UST Reports, Meetings and Issues | 4.80 | $1,909.50 |
| Utilities | 1.90 | $826.50 |
| **TOTAL** | **659.50** | **$373,516.50** |
| **Minus Non-Working Travel** | | **($910.00)** |
| **Minus Agreed Upon Discount** | | **($37,169.65)** |
| **GRAND TOTAL** | **659.50** | **$335,436.85** |

14.    These categories are generally described below, with a more detailed identification of the actual services provided set forth in **Exhibit C** attached hereto.

(a)    <u>Asset Sale Disposition</u>.  This category includes all matters relating to the disposition, and other post-petition uses of, property of the estate, including issues arising from the sale of substantially all of the Debtors' assets.  Time in this category includes time spent communicating with SSG Advisors LLC ("**SSG**"), Committee counsel, MidCap IV Funding Trust ("**MidCap**" or **"Lender"**) and the Debtors regarding the sale of St. Christopher's Hospital for Children (the "**STC Sale**") and the retention of Centurion Service Group, LLC ("**Centurion**"); reviewing and analyzing cure and equipment sale objections, equipment leases and a post-sale waterfall analysis; communicating with the UST regarding issues with the retention of Centurion; reviewing objections to the retention of Centurion and negotiating resolutions of same; reviewing, revising and filing the Centurion retention order; analyzing lien perfection and priority issues; communicating with STC OpCo (the "**Buyer**") regarding the STC Sale, sale closing issues and contracts to be assumed; reviewing and revising an asset purchase agreement with the Buyer for the STC Sale; and communicating with the Debtors regarding hospital equipment issues, STC sale closing issues and sale-related issues.  Saul Ewing spent 151.70 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $88,426.50 (discounted to $79,583.85) for which Saul Ewing is seeking compensation.

36370079.2 01/08/2020

| Asset Sale Disposition | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| M. Minuti | Partner | 6.20 | $4,619.00 |
| J. Hampton | Partner | 68.10 | $44,265.00 |
| A. Isenberg | Partner | 34.70 | $22,555.00 |
| M. DiSabatino | Partner | 6.90 | $3,001.50 |
| A. Applebaum | Associate | 34.60 | $13,667.00 |
| M. Martinez | Associate | 0.70 | $206.50 |
| R. Warren | Paraprofessional | 0.50 | $112.50 |
| **Total** | | **151.70** | **$88,426.50** |
| **Minus Agreed Upon Discount** | | | **($8,842.65)** |
| **Grand Total** | | **151.70** | **$79,583.85** |

(b)   Business Operations.  This category includes all matters relating to the operation of the Debtors' businesses.   Time in this category includes communicating with various vendors regarding payment and service issues; communicating with Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC (collectively, the "**Tenet Parties**"), Committee counsel and MidCap regarding contract and service issues; communicating with the UST regarding patient records; reviewing and analyzing tail insurance issues; and communicating with the Debtors regarding the closure plan, medical records, the continuation of various services, building repairs, insurance matters, and case status issues.  Saul Ewing spent 47.00 hours of attorney time on the foregoing services.  Said services have a value of $29,078.00 (discounted to $26,170.20) for which Saul Ewing is seeking compensation.

| Business Operations | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| M. Minuti | Partner | 4.10 | $3,054.50 |
| J. Hampton | Partner | 25.10 | $16,315.00 |
| A. Isenberg | Partner | 8.70 | $5,655.00 |
| J. Hopkins | Partner | 2.20 | $1,232.00 |
| M. DiSabatino | Partner | 2.40 | $1,044.00 |
| A. Applebaum | Associate | 4.50 | $1,777.50 |
| **Total** | | **47.00** | **$29,078.00** |
| **Minus Agreed Upon Discount** | | | **($2,907.80)** |
| **Grand Total** | | **47.00** | **$26,170.20** |

(c)     Case Administration.  This category includes all matters related to work regarding administration of the case.  Time in this category includes drafting, revising and filing notices of agenda; preparing hearing and exhibit binders; communicating with Chambers regarding hearing issues; updating a case calendar; preparing for and participating in meetings with the Debtors regarding case issues; and communicating with Omni Agent Solutions ("**Omni**") regarding service instructions for various documents and service issues.  Saul Ewing spent 42.30 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $20,812.00 (discounted to $18,730.80) for which Saul Ewing is seeking compensation.

| Case Administration | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 7.20 | $5,364.00 |
| J. Hampton | Partner | 10.30 | $6,695.00 |
| A. Isenberg | Partner | 5.00 | $3,250.00 |
| M. DiSabatino | Partner | 3.30 | $1,435.50 |
| A. Applebaum | Associate | 0.60 | $237.00 |
| J. Vandermark | Associate | 2.30 | $770.50 |
| R. Warren | Paraprofessional | 13.60 | $3,060.00 |
| **Total** | | **42.30** | **$20,812.00** |
| **Minus Agreed Upon Discount** | | | **($2,081.20)** |
| **Grand Total** | | **42.30** | **$18,730.80** |

(d)     Claims Analysis, Objections, Proofs of Claim and Bar Date.  This category includes all time spent in connection with claim and bar date issues.  Time in this category includes negotiating resolutions of administrative claim motions; drafting, revising and filing objections to administrative claim motions and related notices of deposition; conducting research regarding administrative claim and rejection issues; and communicating with the Debtors regarding claim issues.  Saul Ewing spent 43.10 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $16,996.50 (discounted to $15,296.85) for which Saul Ewing is seeking compensation.

36370079.2 01/08/2020

| Claims Analysis, Objections, Proofs of Claim and Bar Date | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| M. Minuti | Partner | 1.90 | $1,415.50 |
| A. Isenberg | Partner | 0.20 | $130.00 |
| M. DiSabatino | Partner | 3.50 | $1,522.50 |
| A. Applebaum | Associate | 32.30 | $12,758.50 |
| R. Warren | Paraprofessional | 5.20 | $1,170.00 |
| **Total** | | **43.10** | **$16,996.50** |
| **Minus Agreed Upon Discount** | | | **($1,699.65)** |
| **Grand Total** | | **43.10** | **$15,296.85** |

(e)    <u>Committee Matters</u>.  This category includes all time spent in connection with issues involving the Committee.  Time in this category includes: communicating with Committee counsel regarding discovery and case issues.  Saul Ewing spent 1.10 hours of attorney time on the foregoing services.  Said services have a value of $753.00 (discounted to $677.70) for which Saul Ewing is seeking compensation.

| Committee Matters | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| M. Minuti | Partner | 0.40 | $298.00 |
| J. Hampton | Partner | 0.40 | $260.00 |
| A. Isenberg | Partner | 0.30 | $195.00 |
| **Total** | | **1.10** | **$753.00** |
| **Minus Agreed Upon Discount** | | | **($75.30)** |
| **Grand Total** | | **1.10** | **$677.70** |

(f)    <u>Creditor Inquiries</u>.  This category includes all matters related to communicating with creditors regarding case status, vendor matters, claim inquiries and insurance issues.  Saul Ewing spent 2.70 hours of attorney time on the foregoing services.  Said services have a value of $1,174.50 (discounted to $1,057.05) for which Saul Ewing is seeking compensation.

| Creditor Inquiries | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| M. DiSabatino | Partner | 2.70 | $1,174.50 |
| **Total** | | **2.70** | **$1,174.50** |
| **Minus Agreed Upon Discount** | | | **($117.45)** |
| **Grand Total** | | **2.70** | **$1,057.05** |

(g)     Executory Contracts and Unexpired Leases. This category includes all time spent in connection with contract and lease analysis, the assumption, assignment or rejection of executory contracts and unexpired leases, and cure claims. Time in this category includes drafting, revising and filing rejection motions, motions to assume contracts, a 365(d)(4) extension motion and a notice of filing of revised order resolving landlord disputes; drafting a critical trade agreement; analyzing and negotiating resolutions of cure claims; reviewing contracts and drafting and revising contract lists for submission to the Buyer; communicating with landlords regarding rent, cure and lease issues; communicating with vendors regarding contract issues; reviewing and revising a settlement term sheet and a settlement agreement with certain Harrison Street Real Estate entities ("**HSRE**"); communicating with the Buyer regarding assumption and assignment and HSRE issues; and communicating with the Debtors regarding rejection, assumption and assignment, HRSE, cure, and landlord issues. Saul Ewing spent 164.90 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $90,173.00 (discounted to $81,155.70) for which Saul Ewing is seeking compensation.

| Executory Contracts and Unexpired Leases | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 30.30 | $22,573.50 |
| J. Hampton | Partner | 19.30 | $12,545.00 |
| A. Isenberg | Partner | 48.20 | $31,330.00 |
| M. DiSabatino | Partner | 25.30 | $11,005.50 |
| A. Applebaum | Associate | 5.40 | $2,133.00 |
| J. Vandermark | Associate | 4.60 | $1,541.00 |
| M. Martinez | Associate | 27.00 | $7,965.00 |
| R. Warren | Paraprofessional | 4.80 | $1,080.00 |
| **Total** | | **164.90** | **$90,173.00** |
| **Minus Agreed Upon Discount** | | | **($9,017.30)** |
| **Grand Total** | | **164.90** | **$81,155.70** |

(h)     Fee/Employment Applications (Saul Ewing). This category includes all matters related to the review and preparation of a retention application and fee applications for Saul Ewing. Time in this category includes drafting, revising and filing Saul Ewing's third monthly fee application. Saul Ewing spent 8.00 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $1,905.00 (discounted to $1,714.50) for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Saul Ewing) | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| M. DiSabatino | Partner | 0.50 | $217.50 |
| R. Warren | Paraprofessional | 7.50 | $1,687.50 |
| **Total** | | **8.00** | **$1,905.00** |
| **Minus Agreed Upon Discount** | | | **($190.50)** |
| **Grand Total** | | **8.00** | **$1,714.50** |

(i)    Fee/Employment Applications (Other Professionals).    This category includes all matters related to the review and analysis and filing of retention and fee applications for other professionals in these Chapter 11 Cases.  Time in this category includes reviewing, revising and filing EisnerAmper LLP's monthly staffing report and a certification of no objection regarding same; and communicating with the Debtors regarding ordinary course professional issues. Saul Ewing spent 2.30 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $907.00 (discounted to $816.30) for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Other Professionals) | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| M. Minuti | Partner | 0.10 | $74.50 |
| J. Hampton | Partner | 0.30 | $195.00 |
| M. DiSabatino | Partner | 1.00 | $435.00 |
| R. Warren | Paraprofessional | 0.90 | $202.50 |
| **Total** | | **2.30** | **$907.00** |
| **Minus Agreed Upon Discount** | | | **($90.70)** |
| **Grand Total** | | **2.30** | **$816.30** |

(j)    DIP Financing and Cash Collateral.  This category includes all matters relating to debtor in possession financing and cash collateral issues.  Time in this category includes communicating with the Debtors and Lender's counsel regarding the budget and an extension of the DIP loan; negotiating an extension of the DIP loan; and reviewing the updated DIP budget.  Saul Ewing spent 10.50 hours of attorney time on the foregoing services.  Said services have a value of $6,734.50 (discounted to $6,061.05) for which Saul Ewing is seeking compensation.

| DIP Financing and Cash Collateral | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 2.00 | $1,490.00 |
| J. Hampton | Partner | 5.60 | $3,640.00 |
| A. Isenberg | Partner | 1.80 | $1,170.00 |
| A. Applebaum | Associate | 1.10 | $434.50 |
| **Total** | | **10.50** | **$6,734.50** |
| **Minus Agreed Upon Discount** | | | **($673.45)** |
| **Grand Total** | | **10.50** | **$6,061.05** |

(k)    <u>Labor Matters</u>. This category includes all matters relating to union and labor issues. Time in this category includes time spent analyzing PASNAP and IBEW contracts and correspondence regarding the NQ plan; drafting and revising separation letters to PASNAP and IBEW; and communicating with the Debtors regarding employee bonuses, labor, health insurance and pension issues. Saul Ewing spent 16.80 hours of attorney time on the foregoing services. Said services have a value of $11.583.00 (discounted to $10,424.70) for which Saul Ewing is seeking compensation.

| Labor Matters | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| P. Heylman | Partner | 10.20 | $7,293.00 |
| J. Hampton | Partner | 1.20 | $780.00 |
| A. Isenberg | Partner | 5.40 | $3,510.00 |
| **Total** | | **16.80** | **$11,583.00** |
| **Minus Agreed Upon Discount** | | | **($1,158.30)** |
| **Grand Total** | | **16.80** | **$10,424.70** |

(l)    <u>Litigation: Contested Matters and Adversary Proceedings</u>. This category includes all matters related to litigation. Time in this category includes communicating with the Debtors regarding pending litigation, disputes with the Tenet Parties; preparing for and participating in conference calls with the mediator, the Tenet Parties, MidCap and Committee counsel regarding the resolution of disputes with the Tenet Parties; reviewing and revising a term sheet and settlement agreement with the Tenet Parties, a 9019 motion and supporting declaration; reviewing and analyzing CMS's appeal brief, a subpoena and certain discovery requests; drafting, revising and filing an answering brief and appendix in connection with the CMS

appeal; and conducting research regarding subpoena issues. Saul Ewing spent 117.10 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $72,890.00 (discounted to $65,601.00) for which Saul Ewing is seeking compensation.

| Litigation: Contested Matters and Adversary Proceedings | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| T. Pastore | Partner | 0.30 | $225.00 |
| M. Minuti | Partner | 47.20 | $35,164.00 |
| J. Demmy | Partner | 1.40 | $973.00 |
| J. Hampton | Partner | 29.40 | $19,110.00 |
| A. Isenberg | Partner | 12.60 | $8,190.00 |
| M. DiSabatino | Partner | 11.50 | $5,002.50 |
| A. Applebaum | Associate | 1.20 | $474.00 |
| M. Martinez | Associate | 10.20 | $3,009.00 |
| R. Warren | Paraprofessional | 3.30 | $742.50 |
| **Total** | | **117.10** | **$72,890.00** |
| **Minus Agreed Upon Discount** | | | **($7,289.00)** |
| **Grand Total** | | **117.10** | **$65,601.00** |

(m)   Non-Working Travel. This category includes all travel time not otherwise chargeable to the Debtors. This time is charged at a 50% rate. This category includes time related to traveling between Philadelphia, PA and Wilmington, DE for a hearing. Saul Ewing spent 2.80 hours of attorney time on the foregoing services. Said services have a value of $1,820.00 (50% - $910.00) for which Saul Ewing is seeking compensation.

| Non-Working Travel | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| J. Hampton | Partner | 0.80 | $520.00 |
| A. Isenberg | Partner | 2.00 | $1,300.00 |
| **Total** | | **2.80** | **$1,820.00** |
| **Less 50% Discount** | | | **($910.00)** |
| **Grand Total** | | **2.80** | **$910.00** |

(n)   Plan and Disclosure Statement. This category includes time related to plan and disclosure issues. Time in this category includes drafting and filing a certification of no objection on a motion to extend exclusivity; reviewing and revising a plan waterfall; and communicating with the Debtors

regarding the plan waterfall.  Saul Ewing spent 3.50 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $2,040.50 (discounted to $1,836.45) for which Saul Ewing is seeking compensation.

| Plan and Disclosure Statement | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| J. Hampton | Partner | 0.60 | $390.00 |
| A. Isenberg | Partner | 2.20 | $1,430.00 |
| M. DiSabatino | Partner | 0.30 | $130.50 |
| R. Warren | Paraprofessional | 0.40 | $90.00 |
| **Total** | | **3.50** | **$2,040.50** |
| **Minus Agreed Upon Discount** | | | **($204.05)** |
| **Grand Total** | | **3.50** | **$1,836.45** |

(o)    <u>Preparation for and Attendance at Hearing</u>.  This category includes time related to the preparation for and attendance at various court hearings. Time in this category includes preparing for and attending hearings; drafting proffers for hearing; preparing witnesses for hearing; preparing hearing and exhibit binders; and preparing orders for hearings.  Saul Ewing spent 37.70 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $24,921.50 (discounted to $22,429.35) for which Saul Ewing is seeking compensation.

| Preparation for and Attendance at Hearing | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 22.80 | $16,986.00 |
| J. Hampton | Partner | 5.20 | $3,380.00 |
| A. Isenberg | Partner | 4.20 | $2,730.00 |
| M. DiSabatino | Partner | 2.80 | $1,218.00 |
| R. Warren | Paraprofessional | 2.70 | $607.50 |
| **Total** | | **37.70** | **$24,921.50** |
| **Minus Agreed Upon Discount** | | | **($2,492.15)** |
| **Grand Total** | | **37.70** | **$22,429.35** |

(p)    <u>Relief From Stay and Adequate Protection</u>.  This category includes all matters relating to relief from the automatic stay.  Time in this category includes communicating with attorneys for personal injury claimants regarding lift stay requests.  Saul Ewing spent 1.30 hours of attorney time

on the foregoing services.   Said services have a value of $565.50 (discounted to $508.95) for which Saul Ewing is seeking compensation.

| Relief From Stay and Adequate Protection | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. DiSabatino | Partner | 1.30 | $565.50 |
| **Total** | | **1.30** | **$565.50** |
| **Minus Agreed Upon Discount** | | | **($56.55)** |
| **Grand Total** | | **1.30** | **$508.95** |

(q)    <u>UST Reports, Meetings and Issues</u>.  This category includes time related to the preparation of operating reports and other information required by the UST or the Court.  Time in this category includes communicating with the Debtors regarding monthly operating reports; communicating with the UST regarding monthly operating reports and UST fees; and reviewing, revising and filing monthly operating reports.   Saul Ewing spent 4.80 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $1,909.50 (discounted to $1,718.55) for which Saul Ewing is seeking compensation.

| UST Reports, Meetings and Issues | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 0.30 | $223.50 |
| J. Hampton | Partner | 0.30 | $195.00 |
| M. DiSabatino | Partner | 0.90 | $391.50 |
| A. Applebaum | Associate | 2.10 | $829.50 |
| R. Warren | Paraprofessional | 1.20 | $270.00 |
| **Total** | | **4.80** | **$1909.50** |
| **Minus Agreed Upon Discount** | | | **($190.95)** |
| **Grand Total** | | **4.80** | **$1,718.55** |

(r)    <u>Utilities</u>.  This category includes time related to utilities.  Time in this category includes communicating with the Debtors and utility providers regarding outstanding invoices.  Saul Ewing spent 0.30 hours of attorney time on the foregoing services.  Said services have a value of $826.50 (discounted to $743.85) for which Saul Ewing is seeking compensation.

| Utilities | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. DiSabatino | Partner | 1.90 | $826.50 |
| **Total** | | **1.90** | **$826.50** |
| **Minus Agreed Upon Discount** | | | **($82.65)** |
| **Grand Total** | | **1.90** | **$743.85** |

(s)  Expenses.  **Exhibit D** lists expenses, such as copying costs at $.10¢ per page, postage, filing fees, transcripts, charges for telephonic Court appearances, charges for legal research and travel expenses.  Saul Ewing seeks $2,998.24 in expenses.

| EXPENSES | | |
|---|---|---|
| **Expense Category** | **Service Provider (if applicable)** | **Total Expenses** |
| Photocopying (218 pages @ $.10 per page) | | $21.80 |
| Color Photocopying (20 pages @ $.10 per page) | | $2.00 |
| Cab / Car Service | Eagles Taxi LLC; NYC Cab | $78.20 |
| Docket Retrieval / Case Monitoring | Pacer Service Center; File & ServeXpress LLC | $715.50 |
| Filing Fees | United States Bankruptcy Court (motion to sell equipment) | $181.00 |
| Legal Research | Westlaw | $1,764.24 |
| Messenger Service | Parcels, Inc.; DLS Discovery | $37.50 |
| Train | Amtrak | $198.00 |
| **Total** | | **$2,998.24** |

## Compensation Should Be Allowed

15.  The foregoing services in the total amount of $335,436.85 provided by Saul Ewing on behalf of the Debtors during the Application Period were reasonable, necessary and appropriate to the administration of the Chapter 11 Cases.

16.  The attorneys who worked on these cases during the Application Period have various levels and areas of expertise.  Accordingly, it was necessary for these attorneys to

consult with each other on different aspects and issues relating to the Chapter 11 Cases. The attorneys involved in this case and their areas of expertise is attached hereto as **Exhibit F**.

17.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extend, and the value of such services, taking into account all relevant factors, including
>
> > (a)     the time spent on such services;
> >
> > (b)     the rates charged for such services;
> >
> > (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> >
> > (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
> >
> > (e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

18.     The services performed by Saul Ewing during the Application Period for which compensation is sought were necessary for, and beneficial to, the Debtors and the Debtors' estates. Saul Ewing submits that the compensation sought is reasonable.

19.     Saul Ewing submits that the services provided to the Debtors by Saul Ewing during these Chapter 11 Cases were necessary and appropriate given the complexity of these Chapter 11 Cases, the issues involved, the nature and extent of services provided, and the cost of comparable services outside of bankruptcy, all of which are factors set forth in section 330 of the Bankruptcy Code.   Accordingly, Saul Ewing respectfully submits that approval of the compensation sought for the Application Period is appropriate and should be approved.

20.     Saul Ewing has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with the such requirements.

## **Notice**

21.     Notice of this Application is being provided to the Notice Parties identified in the Interim Compensation Order and to all other parties who have requested notice pursuant to Bankruptcy Rule 2002.

22.     No prior request for the relief sought by this Application has been made to this or any other court.


[remainder of page left intentionally blank]

WHEREFORE, Saul Ewing respectfully requests that the Court enter an Order (i) allowing, authorizing and directing payment of interim compensation in the amount of $335,436.85 (80% of which is $268,349.48) for legal services rendered on behalf of the Debtors during the Application Period, together with reimbursement of disbursements in the amount of $2,998.24 and, (ii) granting such other and further relief as the Court deems just and proper.

Dated: January 8, 2020         **SAUL EWING ARNSTEIN & LEHR LLP**

By:    */s/ Monique B. DiSabatino*
       Mark Minuti (DE Bar No. 2659)
       Monique B. DiSabatino (DE Bar No. 6027)
       1201 N. Market Street, Suite 2300
       P.O. Box 1266
       Wilmington, DE 19899
       Telephone: (302) 421-6800
       Fax: (302) 421-5873
       mark.minuti@saul.com
       monique.disabatino@saul.com

        -and-

       Jeffrey C. Hampton
       Adam H. Isenberg
       Centre Square West
       1500 Market Street, 38th Floor
       Philadelphia, PA 19102
       Telephone: (215) 972-7777
       Fax: (215) 972-7725
       jeffrey.hampton@saul.com
       adam.isenberg@saul.com

       *Counsel for Debtors and Debtors in Possession*