# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) Jointly Administered |
| Debtors. | ) **Related to Docket No. 1250** |

## DEBTORS' LIMITED OBJECTION TO MOTION OF THE UNITED STATES TO LIFT THE AUTOMATIC STAY TO PERMIT SETOFF

Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") submit this limited objection (the "**Objection**") to the *Motion of the United States to Lift the Automatic Stay to Permit Setoff* [D.I. 1250] (the "**Motion**"), which was filed by the United States of America, on behalf of the Centers for Medicare & Medicaid Services ("**CMS**"). In support of their Objection, the Debtors respectfully represent as follows:

## LIMITED OBJECTION

1. By the Motion, CMS seeks relief from the automatic stay to permit it to setoff certain prepetition amounts allegedly owed to CCH against amounts allegedly owed by CCH to CMS on account of Medicare overpayments. Specifically, CMS claims to be owed

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

-2-

$2,595,663.11 on account of such overpayments (the "**Prepetition Overpayments**") and claims to owe the Debtors $1,671.395.83 on account of certain prepetition services (the "**Prepetition CCH Claim**"). *See* Motion, at ¶ 7.

2. The Debtors do not dispute the relevant legal standards governing setoff, as set forth in the Motion, or the notion that, to the extent mutual prepetition debts exist between the Debtors and CMS, an exercise of setoff rights may be warranted and appropriate. The Debtors, however, have been unable to reconcile the amounts set forth in the Motion so as to confirm whether setoff is appropriate to the extent requested in the Motion.

3. The Debtors have requested detail supporting the alleged Prepetition Overpayments and Prepetition CCH Claim from CMS, and, to date, CMS has provided an Healthcare Integrated General Ledger Accounting System (HIGLAS) report, which it claims evidences the alleged Prepetition Overpayments. The report, however, does not provide sufficient information for the Debtors to verify what any such overpayments may be.

4. In an effort to resolve this matter consensually and better understand CMS's calculations and support for its alleged claim, the Debtors have suggested that members of their business team discuss the calculations and the HIGLAS report with CMS directly. The Debtors believe that such direct communications will enable the parties to more efficiently resolve these issues. To date, such discussions have not been scheduled.

5. Until clear supporting documentation for the amounts of the alleged Prepetition Overpayments and Prepetition CCH Claim is provided by CMS, the Debtors believe that the relief requested in the Motion is premature. CMS has the burden, in connection with its request to exercise setoff rights, to establish the amounts to be setoff, and further detail is needed before this burden can be met. *See In re Garden Ridge Corp.*, 338 B.R. 627, 632 (Bankr. D. Del. 2006)

-3-

("The burden of proof is on the party asserting the right to set-off,"); *see also In re Lason, Inc.*, 314 B.R. 296, 305 (Bankr. D. Del. 2004) (declining to authorize setoff rights with respect to invoice containing information insufficient information to enable court to calculate the proper amount of set-off rights). Again, the Debtors do not necessarily dispute CMS's right to seek exercise of a right of setoff; however, this Court should not permit CMS to exercise such right until CMS provides clear documentation of the amounts allegedly owed and its compliance with the appropriate legal standards in connection with the asserted Prepetition Overpayments and Prepetition CCH Claim. The Debtors are optimistic that if and when such information and clarification can be provided, the relief requested in the Motion can be resolved in short order.

[remainder of page left intentionally blank]

WHEREFORE, based on the foregoing, the Debtors respectfully request that the Court enter the order, substantially in the form attached hereto as **Exhibit A,** denying the Motion without prejudice to CMS's right to seek similar relief if and when it can provide clear documentation supporting the amounts claimed to be subject to setoff.

| | |
|---|---|
| Dated: January 10, 2020 | **SAUL EWING ARNSTEIN & LEHR LLP** |
| | By:  */s/ Monique B. DiSabatino* <br> Mark Minuti (DE Bar No. 2659) <br> Monique B. DiSabatino (DE Bar No. 6027) <br> 1201 N. Market Street, Suite 2300 <br> P.O. Box 1266 <br> Wilmington, DE  19899 <br> Telephone: (302) 421-6800 <br> Fax: (302) 421-5873 <br> mark.minuti@saul.com <br> monique.disabatino@saul.com <br><br> -and- <br><br> Jeffrey C. Hampton <br> Adam H. Isenberg <br> Aaron S. Applebaum (DE Bar No. 5587) <br> Centre Square West <br> 1500 Market Street, 38th Floor <br> Philadelphia, PA 19102 <br> Telephone: (215) 972-7777 <br> Fax: (215) 972-7725 <br> jeffrey.hampton@saul.com <br> adam.isenberg@saul.com <br> aaron.applebaum@saul.com <br><br> *Counsel for Debtors and Debtors in Possession* |