# **EXHIBIT A**

**(Proposed Order)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) Jointly Administered |
| Debtors. | ) **Related to Docket Nos. 1307 and ___** |

## ORDER DENYING MOTION OF MEDLINE INDUSTRIES HOLDINGS, L.P. FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS UNDER 11 U.S.C. § 503

Upon the *Motion of Medline Industries Holdings, L.P. for Allowance and Immediate Payment of Administrative Expense Claims under 11 U.S.C. § 503* (the "**Motion**");[2] and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2019; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration of any opposition to the Motion and any arguments made in connection with the Motion and any responses thereto at the hearing on the Motion; and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

-2-

1.      The Motion is DENIED with respect to Medline's request for allowance and immediate payment of an administrative expense claim under section 503(b)(9) of the Bankruptcy Code.

2.      Medline shall have an allowed administrative expense claim with respect to the value of goods sold to the Debtors after the Petition Date (the "**Administrative Claim**"), in an amount to be reconciled and agreed on between Medline and the Debtors. If the parties are unable to reach an agreement with respect to Medline's post-petition Administrative Claim, they may request the Court address any disputes at a later hearing.

3.      Omni Agent Solutions, the Debtors' official claims agent, is authorized to take any and all actions necessary to effectuate this Order including, without limitation, amending the claims register in these chapter 11 cases to reflect the Administrative Claim.

4.      This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and enforcement of this Order.