# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>CENTER CITY HEALTHCARE, LLC, D/B/A HAHNEMANN UNIVERSITY HOSPITAL, *et al.*[1]<br>                          Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>Jointly Administered<br><br>**D.I. Re: 1137**<br><br>**Hearing Date: January 23, 2020 @ 10:00 a.m. (ET)** |

## ACHINTYA MOULICK, MD'S RESPONSE TO DEBTORS' SEVENTH OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Achintya Moulick, MD ("Dr. Moulick"), by and through his undersigned counsel, hereby files a response (the "Response") to the *Debtors' Seventh Omnibus Motion for Entry of an Order Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases* [D.I. 1137] (the "Motion"). In furtherance of this Response, Dr. Moulick respectfully incorporates his *Motion for Allowance and Payment of An Administrative Claim Pursuant to 11 U.S.C. 503(b)* (D.I. 1081), as though set forth at length herein (the "Administrative Claim Motion"). Dr. Moulick hereby responds to the Motion as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

1

**BACKGROUND**

1.      Until he was terminated in December 2019, Dr. Moulick was a pediatric and neonatal heart surgeon at St. Christopher's Hospital ("St. Chris"). Dr. Moulick is one of the most experienced and respected such surgeons in the world. He was integral in making St. Chris a respected institution for children's heart surgery.

2.      On or about November 8, 2018, Dr. Moulick entered into a Physician Employment Agreement (the "Employment Agreement") with Debtor SCHC Pediatric Associates, L.L.C. A copy of the Employment Agreement is attached hereto as *Exhibit A*; *see also* Dr. Moulick's Motion and Exhibit A thereto.

3.      Pursuant to the Employment Agreement, Dr. Moulick served as Chief of the Section of Cardiothoracic Surgery and Executive Director of the Heart Center at St. Chris. The term of the Employment Agreement was five (5) years. Dr. Moulick's compensation under the Employment Agreement included both a base salary and certain performance incentive payments as described in the Employment Agreement.

4.      On June 30 and July 1, 2019 (the "Petition Date"), each of the above-captioned debtors ("Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in possession of its properties and have continued to operate their businesses as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5.      On or about September 18, 2019, after the Petition Date, Dr. Moulick entered into a Directorship Addendum (the "Addendum") with St. Christopher's Healthcare, LLC and SCHC Pediatric Associates, L.L.C. A true and correct copy of the Addendum is attached hereto as *Exhibit B*;[2] *see also* Dr. Moulick's Motion and Exhibit B thereto.

---

[2] The copy of the Addendum attached hereto is signed by Dr. Moulick. Dr. Moulick is in possession of emails confirming the execution of the Addendum by St. Chris.

6. Pursuant to the Addendum, Dr. Moulick was made Chief Medical Officer of St. Chris and given specific compensation related thereto as provided for in the Addendum.

7. The Addendum also fully ratified, referenced and incorporated the terms of the Employment Agreement and provided for a 2-year term fully compensable. Specifically, the Addendum states: "Other terms and conditions: Physician will provide professional medical services pursuant to a Physician Employment Agreement between Physician and Group, dated as of November 8, 2018." *See* Ex. B, at p. 2.

8. By referencing and incorporating Dr. Moulick's Employment Agreement as an additional term and condition of the post-petition Addendum, the Debtors assumed Dr. Moulick's employment (and the terms thereof) as a post-petition debt for which they are liable as an administrative claim.

9. Throughout the term of his employment (including on a post-petition basis), Dr. Moulick performed and the necessary and required services under the Employment Agreement and the Addendum. Dr. Moulick added tremendous value and benefit to St. Chris and the bankruptcy estate through the services he performed on a daily basis at St. Chris.

10. Yet, the Employment Agreement was not provided as an assumed contract in the sale of the assets of St. Chris, and the Debtors ultimately filed the Motion to reject Dr. Moulick's Employment Agreement.

**RESPONSE**

11. Dr. Moulick responds to the Debtors' Motion for the reasons set forth in Dr. Moulick's Motion. Specifically, Dr. Moulick has a valid administrative claim because the Debtors ratified, referenced and incorporated, and assumed the obligations of, Dr. Moulick's Employment Agreement after the Petition Date pursuant to the express terms of the Addendum, which was entered into by the Debtors and Dr. Moulick after the Petition Date.

12. As set forth in the Administrative Claim Motion, Dr. Moulick seeks allowance of an administrative claim in the amount of $2,689,641 (as described below) pursuant to section 503(b) of the Bankruptcy Code.

13. Dr. Moulick is entitled to be paid on his administrative claim because the Debtors drafted and presented to Dr. Moulick for his consideration and execution an addendum that specifically references and incorporates Dr. Moulick's Employment Agreement as a "other term[] and condition" of the Addendum.

14. Dr. Moulick signed the Addendum after the Debtors filed for bankruptcy with the intention that he was required not only to perform duties as a Chief Medical Officer, but also his duties required by the Employment Agreement.

15. St. Chris and SCHC Pediatric Associates, L.L.C.'s intentions at the time of extending and executing the Addendum are clear pursuant to the express terms of the contractual document— the Debtors intended and expected Dr. Moulick to continue to perform duties under his Employment Agreement and to act as Chief Medical Officer in addition to, over and above, his general role as Chief of Cardiothoracic Surgery — during the course of the bankruptcy proceedings.

16. During the course of the bankruptcy proceedings, had Dr. Moulick refused to perform duties under his Employment Agreement, and to only perform his duties as a Chief Medical Officer for the required maximum of eight (8) hours per week (as set forth in the Addendum), there is no doubt that the Debtors would have had a contractual right to hold Dr. Moulick liable for breach of the Addendum.

17. Had Dr. Moulick taken such a position, he would have been selectively choosing which provision of the Addendum he wanted to perform — contrary to basic contract law precepts.

18.     However, Dr. Moulick never took this position.  Rather, he continued to work at St. Chris during the bankruptcy proceedings, enduring an enormous amount of stress and angst — for the sake of patients and staff — and because he was contractually required to do so pursuant to the post-petition Addendum.

19.     Yet, that is exactly the position that Debtors are now taking, by filing the Motion to reject the Employment Agreement, the Debtors are selectively choosing which provisions of the post-petition Addendum they want to adopt and enforce.  Essentially, the Debtors created a situation where the contractual duties and obligations under the Addendum only flowed in one direction, from Dr. Moulick to St. Chris, but not the other direction from the hospital to Dr. Moulick.

20.     The Debtors' argument is legally flawed because it violates basic contract law and conveniently ignores the existence and operation of a valid and binding Addendum, which obligates the Debtors to perform their obligations pursuant to the post-petition Addendum (which include paying Dr. Moulick, post-petition, monies contractually owed under the Addendum and Employment Agreement, referenced therein).

21.     As such, the Debtors are contractually required to pay Dr. Moulick for two (2) years pursuant to the Addendum for his role as Chief Medical Officer and for five (5) years pursuant to his role set forth in the Employment Agreement.

22.     In recognition of the Debtors' financial situation, Dr. Moulick seeks an administrative claim in the amount of two (2) years' worth of salary, which is merely the term of the Chief Medical Officer role under the Addendum, not the term of the Employment Agreement.

23.     It is expressly denied that Dr. Moulick will not be severely prejudiced if the Debtors are permitted to reject his contract.  Dr. Moulick has been severely prejudiced.  Dr. Moulick will be

severely prejudiced if he is denied an administrative claim for monies he is contractually owed pursuant to the post-petition Addendum.

24. Is expressly denied that Dr. Moulick's contract did not provide tangible benefit to the Debtors' estates. Dr. Moulick worked during the course of bankruptcy not only in his role as Chief Medical Officer, but also as Chief of Cardiothoracic Surgery. Under such circumstances, it is prejudicial and unfair to Dr. Moulick if his administrative claim is denied and the Debtors are permitted to deny Dr. Moulick money he is owed pursuant to a valid and binding post-petition Addendum. Dr. Moulick respectfully incorporates his Administrative Claim Motion, as though set forth at length herein. Accordingly, Dr. Moulick respectfully seeks an allowance of an administrative claim in the amount of $2,689.641.

WHEREFORE Achintya Moulick, MD respectfully requests that the Court deny the Debtors' Motion unless and until the full amount of Dr. Moulick's administrative claim is allowed as set forth in the Administrative Claim Motion, and grant Dr. Moulick any such other relief as this Court deems just and appropriate.

                                                                                                     

**BIELLI & KLAUDER, LLC**

Date: January 16, 2020

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 803-4600
Facsimile: (302) 397-2557
dklauder@bk-legal.com

and

George Bochetto, Esq.
**Bochetto & Lentz, P.C.**
1524 Locust Street
Philadelphia, PA 19102
Telephone: (215) 735-9300
Facsimile: (215) 735-2455
gbochetto@bochettoandlentz.com

*Counsel for Achintya Moulick, MD*