**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a<br>HAHNEMANN UNIVERSITY HOSPITAL<br>*et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>(Jointly Administered)<br><br>**Hearing Date: January 23, 2020, 10:00 a.m.**<br>**Objection Date: January 10, 2020, 4:00 p.m.** |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO LIFT
THE AUTOMATIC STAY TO PERMIT SETOFF**

The United States of America (the "United States"), on behalf of the Centers for Medicare & Medicaid Services ("CMS"), which administers the Medicare program on behalf of the Department of Health and Human Services ("HHS"), respectfully submits this reply in support of its motion ("Setoff Motion") asking this Court to lift the automatic stay to permit CMS to set off prepetition monies it owes Hahnemann University Hospital ("Hahnemann") against prepetition Medicare overpayments Hahnemann owes CMS. Dkt. 1250.

The objection ("Objection") of Debtors, including Center City Healthcare, LLC d/b/a Hahnemann, Dkt. 1313, incorrectly asserts that the United States has not met its burden of proving the amount of the offset, but otherwise does not contest the *right* of offset or any other component of the United States' motion. "Debtors do not dispute the relevant legal standards

---

[1] The Debtors in these jointly administered cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

governing setoff, as set forth in the Motion, or the notion that, to the extent mutual prepetition debts exist between the Debtors and CMS, an exercise of setoff rights may be warranted and appropriate." Objection ¶ 2.  Here, the United States demonstrated in its motion, as a matter of law, that Debtors owe the United States a debt of $2,595,663.11 for pre-petition overpayments. Medicare overpayments constitute debts that are subject to CMS's rights of set off and recoupment.  *In Re Fischbach*, 464 B.R. 258 (Bankr. D.S.C. 2012), *aff'd* No. 1:12-cv-00513-JMC, 2013 WL 1194850 (D.S.C.  Mar. 22, 2013); *see* 42 U.S.C. §§ 1320a-7k(d), 1395cc(j)(6), 1395ddd; 42 C.F.R. §§ 405.370, 405.379(e).

"Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations.  Once a determination of an overpayment has been made, *the amount is a debt owed by the debtor to the United States Government*."  Medicare Financial Management Manual, Chapter 3 – Overpayments, § 10[3] (emphasis added).  Because CMS has made an overpayment determination, that amount is a debt that, as Debtors concede, is subject to the exercise of setoff rights and mandates granting the United States' motion.

I.      **The United States has met its burden of proof**

1.      The United States does not dispute that it has the burden of proof when seeking affirmative relief from the Court, as the United States does in the Setoff Motion.

2.      The United States satisfied that burden with the declaration of Martie Ann Polaski ("Polaski Decl."), attached as Exhibit 1 to the Setoff Motion.  Dkt. 1250-1.  Ms. Polaski is

---

3 Available at https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/downloads/fin106c03.pdf.

Acting Philadelphia & Atlanta Deputy Group Director, Office of Program Operations and Local Engagement, Region III, Centers for Medicare & Medicaid Services, United States Department of Health and Human Services. Polaski Decl. ¶ 1. Ms. Polaski submitted her declaration in accordance with 28 U.S.C. § 1746, declaring, under penalty of perjury, that the contents of her declaration are true and correct. Polaski Decl. at 4.

3. Ms. Polaski explained, in detail, how CMS, through its contractors, determines overpayments. Polaski Decl. ¶¶ 5-8. Ms. Polaski explained that, as of the date of her declaration, the Secretary of HHS had "identified pre-petition overpayments totaling $2,595,663.11 in principal . . . owed by" Hahnemann. *Id.* ¶ 10. Ms. Polaski explained that "Debtors were previously given notice of all of these overpayments in the ordinary course of the Medicare program." *Id.*

4. Ms. Polaski further explained that, "[a]s a result of [Hahnemann's] pre-petition overpayments, the Secretary [of HHS] has frozen a total of $1,671,395.83 in [Hahnemann's] claims for reimbursement for pre-petition dates of service." Polaski Decl. ¶ 11.

5. Ms. Polaski's statements, made under penalty of perjury, and without any contradiction by Debtors, satisfy the United States' burden of proof in our motion asking this Court to lift the automatic stay to permit the United States to setoff the frozen funds, $1,671,395.83, against the pre-petition overpayments owed by Hahnemann, $2,595,663.11.

6. Debtors cite only one legal authority to argue that the United States has not met its burden – but it has no relevance here. Objection at 3 (citing *In re Lason, Inc.*, 314 B.R. 296 (Bankr. D. Del. 2004)). In *Lason*, the debtor asserted a right of setoff and, to support a portion of

the requested setoff, presented only a "screen shot" of an invoice and no testimony in support of it. *Id.* at 304-05. The court found the "screen shot" insufficient and denied setoff. *Id.* at 305.

7.   The situation here is dramatically different. First, the United States has provided a declaration, submitted under penalty of perjury, confirming the pre-petition amount owed by Debtors, which is approximately $900,000 *more* than the United States seeks to setoff. Second, Ms. Polaski declared that "Debtors were previously given notice of all of these overpayments in the ordinary course of the Medicare program." Polaski Decl. ¶ 10. Debtors, in their Objection, do not dispute that they received notices and do not challenge their contents. We attach certain overpayment demand letters that CMS sent to Debtors as Exhibit 1, and a sampling of the remittance notices that CMS provided to Debtors (with overpayment determinations highlighted) as Exhibit 2. Third, the overpayments are reflected on the Healthcare Integrated General Ledger Accounting System ("HIGLAS") report for Hahnemann that CMS submitted, along with Ms. Polaski's declaration, in support of its Proof of Claim, filed December 27, 2019. We attach that HIGLAS report to this reply as Exhibit 3. In their Objection, Debtors do not contest any entry on the HIGLAS report. Accordingly, the United States has satisfied its burden of proof for set off.

**II.   Debtors do not challenge the United States' calculated overpayment**

8.   "Courts generally recognize that, by establishing a right of setoff, the creditor has established a prima facie showing of 'cause' for relief from the automatic stay under § 362(d)(1). . . . Once the creditor establishes its right of setoff, the burden then shifts to the debtor to rebut the prima facie showing." *Szymanski v. Wachovia Bank, N.A. (In re Szymanski)*, 413 B.R. 232, 243 (Bankr. E.D. Pa. 2009) (quoting *In re Ealy*, 392 B.R. 408, 414 (Bankr. E.D. Ark. 2008)). As described above, the United States has established its right to setoff. In their Objection, Debtors,

who present no evidence, do not provide any substantive rebuttal to the United States' prima facie showing.

9. As noted above, in their Objection, Debtors do not contest the dollar amounts contained in Ms. Polaski's declaration. Debtors assert only that they cannot "reconcile the amounts" in the declaration. Objection ¶ 2.

10. The United States has, on two occasions, asked Debtors' counsel to explain their specific objection(s) to CMS's overpayment determination. First, on January 6, 2020, the undersigned explained to Debtors' counsel: "We need to better understand what claims on the HIGLAS report that you can't reconcile and why – if you believe there is incorrect data, we'll need to understand the basis for that belief. With that, CMS can review and examine those concerns so as to make a conversation more efficient and likely to clear up any confusion." Exhibit 4 at 2. Debtors' counsel replied on January 10, but did not identify any specific claims on the HIGLAS report that Debtors' contested. *Id.* at 1-2. The undersigned responded that same day, January 10, 2020, again seeking information about Debtors' "specific concerns." *Id.* at 1. Debtors' counsel has yet to respond to that January 10, 2020 e-mail.

11. The United States has provided information supporting its request for setoff through overpayment notices sent to Hahnemann and the HIGLAS report provided to Debtors. The United States, through counsel, has reached out to Debtors twice seeking to understand what part of the calculated overpayments Debtors disagree with, but Debtors have failed to respond with any actual disagreement. In their Objection, Debtors did not submit a competing calculation and did not submit any declarations purporting, under penalty of perjury, to contest the overpayment totals calculated by Ms. Polaski, which are supported by documentation.

5

Debtors have provided no evidence to this Court, apart from a vague assertion that they cannot "reconcile" the data provided to them. Because the United States has satisfied its burden of proof, and Debtors have failed to provide any evidence or information disputing the amount of the set off the United States seeks, Debtors' objection should be overruled. *See, e.g.*, *In re Red Rock Servs. Co.*, 480 B.R. 576, 617 (Bankr. E.D. Pa. 2012) ("Suffolk established its right to setoff, and the burden then shifted to Trustee to rebut the prima facie showing of cause for relief from the stay, which Trustee failed to do in this case.") (citing *In re Szymanski*, 413 B.R. at 243).

## II.  Debtors may not challenge CMS's overpayment determinations in this Court

12. Even if Debtors were specifically challenging any overpayment determinations made by CMS, this Court does not have jurisdiction to consider or resolve those challenges.

13. Congress has given HHS and CMS broad authority over the Medicare Act. Except for conducting judicial review of the Secretary's final decision according to 42 U.S.C. § 405(g), a court is barred from jurisdiction over any issues or claims arising under the Medicare Act. *See* 42 U.S.C. § 1395ii (incorporating the Social Security Act's jurisdictional bar, 42 U.S.C. § 405(h), that "[n]o action . . . shall be brought under section 1331 or 1346 of Title 28 . . ." "except as herein provided"). "[T]he majority of circuits have adopted the view . . . that even though § 405(h) specifically mentions a bar to jurisdiction under only 28 U.S.C. §§ 1331 . . ., its jurisdictional bar 'applies to other grants of jurisdiction under Title 28, including bankruptcy jurisdiction under § 1334.'" *Parkview Adventist Med. Ctr. v. United States*, 842 F.3d 757, 760 (1st Cir. 2016). This jurisdictional bar applies to Medicare disputes. *Heckler v. Ringer*, 466 U.S. 602, 614 (1984) (holding the preclusive effect of section 405(h) barred a court's review of any challenge that is "inextricably intertwined" with a Medicare determination). The terms of the

6

Medicare statute provide the sole avenue of review for any claim "arising under" the Medicare Act. *Id.* at 614-15. In *Illinois Council on Long Term Care*, the Supreme Court emphasized that Medicare law requires that "virtually all legal challenges" be channeled through the administrative agency, to avoid any sort of premature interference by the courts. 529 U.S. 1, 13 (2000).

14. In *Nichole Medical Equipment & Supply, Inc. v. TriCenturion, Inc.*, 694 F.3d 340, 346-47 (3d Cir. 2012), the Third Circuit held "that § 405(h) continues to bar virtually all grants of jurisdiction under Title 28." 694 F.3d at 346-47; *see also In re Bayou Shores SNF, LLC*, 828 F.3d 1297, 1314 (11th Cir. 2016) ("we align ourselves with the Seventh, Eighth, and Third Circuits and hold that § 405(h) bars § 1334 jurisdiction over claims that "arise under [the Medicare Act].").[5]

15. Here, any challenge Debtors may make to CMS's overpayment determinations would arise under the Medicare Act. *See* Ex. 2 (describing Debtors' administrative appeal rights in each overpayment demand letter); CMS's Medicare Learning Network Fact Sheet on

---

[5] In *University Medical Center. v. Sullivan (In re University Medical Center)*, 973 F.2d 1065 (3d Cir. 1992), the Third Circuit acknowledged that Section 405(h) generally "precludes judicial review of any 'claim arising under' the Medicare statute prior to the exhaustion of administrative remedies." *Id.* at 1072. But the parties in *University Medical* stipulated to the amounts of the overpayments and there was no dispute or challenge to flow through the normal administrative process before judicial review was permitted. Thus, the court reasoned, "the mandate of [S]ection 405(h) that the Medicare Act's administrative review procedures be exhausted before judicial review is sought simply does not apply to this case." *Id.* at 1073.

"Medicare Overpayments"[6] at 3 (describing options for "Appeal."). Thus, this Court would have no jurisdiction to consider or resolve any such challenge.

## CONCLUSION

16. For the above reasons, this Court should lift the automatic stay to permit CMS to set off the Pre-petition CMS Accounts it owes Hahnemann against the Pre-petition Overpayments Hahnemann owes CMS.

Dated: January 17, 2020                                Respectfully submitted

JOSEPH H. HUNT
Assistant Attorney General

DAVID C. WEISS
United States Attorney

ELLEN SLIGHTS
Assistant United States Attorney

/s/ Marc S. Sacks
RUTH A. HARVEY
MARGARET M. NEWELL
MARC S. SACKS
Department of Justice
Commercial Litigation Branch,
Civil Division
P.O. Box 875, Ben Franklin Station
Washington, DC 20044-0875
Tel. (202) 307-1104
Fax (202) 514-9163

ATTORNEYS FOR THE UNITED STATES

---

[6] Available at https://www.cms.gov/Outreach-and-Education/Medicare-Learning-Network-MLN/MLNProducts/Downloads/OverpaymentBrochure508-09.pdf.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 17th day of January 2020, I caused a true and correct copy of the foregoing motion to be served via electronic mail upon all parties receiving electronic notice under the Court's CM/ECF system.

                                     /s/ Marc S Sacks
                                     MARC S. SACKS