# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*, <br><br>                    Debtors. | Chapter 11 <br><br> Case No. 19-11466 (KG) <br><br> (Jointly Administered) <br><br> **Hearing Date:  January 23, 2020, 10:00 a.m.** <br> **Objection Date:  January 10, 2020, 4:00 p.m.** |

### UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO LIFT THE AUTOMATIC STAY TO PERMIT SETOFF

# Exhibit 4

## Sacks, Marcus S. (CIV)

| | |
|---|---|
| **From:** | Sacks, Marcus S. (CIV) |
| **Sent:** | Friday, January 10, 2020 1:20 PM |
| **To:** | Minuti, Mark; DiSabatino, Monique Bair; Isenberg, Adam H.; Hampton, Jeffrey C. |
| **Cc:** | Applebaum, Aaron S. |
| **Subject:** | RE: Hahnemann; CMS offset of reimbursement for pre-petition services against pre-petition overpayments |

Mark:

Thanks for your e-mail. I am still unclear about your specific concerns.

Are you questioning CMS's calculated overpayments? As I understand it, the hospital has received overpayment notices for certain claims – those overpayments are summarized on the HIGLAS report. If the hospital has not received or has misplaced any overpayment notices, I can request copies from CMS. Those notices, as I understand it, state the bases for the calculated overpayments. As you likely know, if the hospital disagrees with CMS's overpayment determinations, it has administrative appeal rights. But there is no jurisdiction in the bankruptcy court to resolve any disputes the hospital may have.

Or, are you questioning the dates of service (pre- vs. post-petition) for the claims that resulted in overpayments? I can assure you that we are only seeking to offset pre- vs. pre-, but if you have specific concerns re dates of service, please explain.

Or, finally, if you have specific questions merely about reading the HIGLAS report, I can seek answers for those if you can provide the questions. Again, though, the report summarizes overpayment notices the hospital has already received.

Again, at this point, I don't think it would be productive for a call with CMS without more information from you. And if the purpose of the call would be to question overpayment determinations, that is something that the hospital must address though the administrative appeal process.

Please feel free to give me a call today if you'd like to discuss further.

Thanks.

Marc S. Sacks
Trial Attorney
Corporate/Financial Litigation Section
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., NW
Washington, D.C. 20005
(202) 307-1104

This e-mail (including any attachments) is intended for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential or otherwise protected by applicable law. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering the e-mail to the intended recipient, the reader is hereby notified that any dissemination, distribution, copying or use of this e-mail or its contents is prohibited. If you have received this e-mail in error, please notify the sender immediately by replying to this message, and please destroy all copies of this e-mail.

**From:** Minuti, Mark <Mark.Minuti@saul.com>
**Sent:** Friday, January 10, 2020 11:13 AM
**To:** Sacks, Marcus S. (CIV) <msacks@CIV.USDOJ.GOV>; DiSabatino, Monique Bair <Monique.DiSabatino@saul.com>; Isenberg, Adam H. <Adam.Isenberg@saul.com>; Hampton, Jeffrey C. <Jeffrey.Hampton@saul.com>

**Cc:** Applebaum, Aaron S. <Aaron.Applebaum@saul.com>
**Subject:** RE: Hahnemann; CMS offset of reimbursement for pre-petition services against pre-petition overpayments

Marc:

The HIGLAS reports appear to be summarizes with codes and little detail on why CMS believes there are overpayments. Given the reductions in staff at the hospitals and the Debtors' reliance on third parties re: billing, it may be as simple as having someone explain the reports to the CRO and his staff. Can we set something up for early next week?



**Mark Minuti**
**SAUL EWING ARNSTEIN & LEHR LLP**
Mailing: P.O. Box 1266 | Wilmington, DE 19899-1266
Courier: 1201 North Market Street, Suite 2300 | Wilmington, DE 19801
Tel: 302.421.6840 | Cell: 302.545.4911| Fax: 302.421.5873
Mark.Minuti@saul.com | www.saul.com

**From:** Sacks, Marcus S. (CIV) [mailto:Marcus.S.Sacks@usdoj.gov]
**Sent:** Monday, January 06, 2020 7:30 PM
**To:** Minuti, Mark; DiSabatino, Monique Bair; Isenberg, Adam H.; Hampton, Jeffrey C.
**Cc:** Applebaum, Aaron S.
**Subject:** RE: Hahnemann; CMS offset of reimbursement for pre-petition services against pre-petition overpayments

Hi, Mark.

Thank you for your e-mail.

Before having a call, we're going to need some information from your business people. We need to better understand what claims on the HIGLAS report that you can't reconcile and why – if you believe there is incorrect data, we'll need to understand the basis for that belief. With that, CMS can review and examine those concerns so as to make a conversation more efficient and likely to clear up any confusion. As soon as you get me that info – anything informal will be fine – I'll send to CMS and let you know where we stand.

Thanks.

Marc S. Sacks
Trial Attorney
Corporate/Financial Litigation Section
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., NW
Washington, D.C. 20005
(202) 307-1104

This e-mail (including any attachments) is intended for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential or otherwise protected by applicable law. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering the e-mail to the intended recipient, the reader is hereby notified that any dissemination, distribution, copying or use of this e-mail or its contents is prohibited. If you have received this e-mail in error, please notify the sender immediately by replying to this message, and please destroy all copies of this e-mail.

**From:** Minuti, Mark <Mark.Minuti@saul.com>
**Sent:** Monday, January 06, 2020 3:30 PM
**To:** Sacks, Marcus S. (CIV) <msacks@CIV.USDOJ.GOV>; DiSabatino, Monique Bair <Monique.DiSabatino@saul.com>; Isenberg, Adam H. <Adam.Isenberg@saul.com>; Hampton, Jeffrey C. <Jeffrey.Hampton@saul.com>
**Cc:** Applebaum, Aaron S. <Aaron.Applebaum@saul.com>
**Subject:** RE: Hahnemann; CMS offset of reimbursement for pre-petition services against pre-petition overpayments

Mark:

The Debtors tell me they cannot reconcile the alleged overpayment based upon the reports provided.  It may be best for the business folks at the hospitals to talk directly w/ those folks at CMS.  Is this something that we can schedule for this week?



**Mark Minuti**
**SAUL EWING ARNSTEIN & LEHR LLP**
Mailing: P.O. Box 1266 | Wilmington, DE 19899-1266
Courier: 1201 North Market Street, Suite 2300 | Wilmington, DE 19801
Tel: 302.421.6840 | Cell: 302.545.4911 | Fax: 302.421.5873
Mark.Minuti@saul.com | www.saul.com

---

**From:** Sacks, Marcus S. (CIV) [mailto:Marcus.S.Sacks@usdoj.gov]
**Sent:** Friday, January 03, 2020 11:04 AM
**To:** Minuti, Mark; DiSabatino, Monique Bair; Isenberg, Adam H.; Hampton, Jeffrey C.
**Cc:** Applebaum, Aaron S.
**Subject:** RE: Hahnemann; CMS offset of reimbursement for pre-petition services against pre-petition overpayments

Hi, Mark.

Thanks for your voicemail today.  Happy New Year to you and your colleagues.

You asked about more detailed information supporting our motion to lift the stay to setoff.  That information can be found on the HIGLAS report.  We sent you a report in the e-mail below as of 12/6.  In our POC, filed on 12/27 (claim no. 302), we attached a HIGLAS report as of 12/26.  I've attached the POC here.

if your CRO and his team have any questions re any of the numbers, I can work with CMS to get answers (which presumably would involve the MAC) – but, as I understand it, all of the information on the HIGLAS report is known to the hospital and generally routine.

Let me know.

Thanks.

Marc S. Sacks
Trial Attorney
Corporate/Financial Litigation Section
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., NW
Washington, D.C. 20005
(202) 307-1104

This e-mail (including any attachments) is intended for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential or otherwise protected by applicable law. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering the e-mail to the intended recipient, the reader is hereby notified that any dissemination, distribution, copying or use of this e-mail or its contents is prohibited. If you have received this e-mail in error, please notify the sender immediately by replying to this message, and please destroy all copies of this e-mail.

**From:** Sacks, Marcus S. (CIV)
**Sent:** Thursday, December 12, 2019 9:13 AM
**To:** Minuti, Mark <Mark.Minuti@saul.com>; DiSabatino, Monique Bair <Monique.DiSabatino@saul.com>; Isenberg, Adam H. <Adam.Isenberg@saul.com>; Hampton, Jeffrey C. <Jeffrey.Hampton@saul.com>
**Cc:** Applebaum, Aaron S. <Aaron.Applebaum@saul.com>
**Subject:** RE: Hahnemann; CMS offset of reimbursement for pre-petition services against pre-petition overpayments

Mark:

Attached is the Healthcare Integrated General Ledger Accounting System (HIGLAS) report run for Hahnemann as of Dec. 6. While I am not an expert in reading these reports, I'm happy to get the answer to any questions you have. I assume, though, that Mr. Wilen and his team will know what they're looking at.

You'll see the total listed in my e-mail below ($1,668,910.88) at the top of the last PDF page. The slightly larger total below that number include overpayments for post-petition services which are not part of the setoff.

Thanks.

Marc S. Sacks
Trial Attorney
Corporate/Financial Litigation Section
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., NW
Washington, D.C. 20005
(202) 307-1104

This e-mail (including any attachments) is intended for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential or otherwise protected by applicable law. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering the e-mail to the intended recipient, the reader is hereby notified that any dissemination, distribution, copying or use of this e-mail or its contents is prohibited. If you have received this e-mail in error, please notify the sender immediately by replying to this message, and please destroy all copies of this e-mail.

**From:** Minuti, Mark <Mark.Minuti@saul.com>
**Sent:** Tuesday, December 10, 2019 1:48 PM
**To:** Sacks, Marcus S. (CIV) <msacks@CIV.USDOJ.GOV>; DiSabatino, Monique Bair <Monique.DiSabatino@saul.com>; Isenberg, Adam H. <Adam.Isenberg@saul.com>; Hampton, Jeffrey C. <Jeffrey.Hampton@saul.com>
**Cc:** Applebaum, Aaron S. <Aaron.Applebaum@saul.com>
**Subject:** RE: Hahnemann; CMS offset of reimbursement for pre-petition services against pre-petition overpayments

Marc:

I will discuss w/ the CRO and get back to you quickly. In the interim, can you send a breakdown of the alleged overpayments?



**Mark Minuti**
**SAUL EWING ARNSTEIN & LEHR LLP**
Mailing: P.O. Box 1266 | Wilmington, DE 19899-1266
Courier: 1201 North Market Street, Suite 2300 | Wilmington, DE 19801
Tel: 302.421.6840 | Cell: 302.545.4911 | Fax: 302.421.5873
Mark.Minuti@saul.com | www.saul.com

---

**From:** Sacks, Marcus S. (CIV) [mailto:Marcus.S.Sacks@usdoj.gov]
**Sent:** Tuesday, December 10, 2019 1:26 PM
**To:** Minuti, Mark; DiSabatino, Monique Bair; Isenberg, Adam H.; Hampton, Jeffrey C.
**Cc:** Applebaum, Aaron S.
**Subject:** Hahnemann; CMS offset of reimbursement for pre-petition services against pre-petition overpayments

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

All:

As you might recall, CMS has been administratively "freezing" – as permitted by *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995) – reimbursements to Hahnemann for pre-petition services to account for calculated overpayments made to Hahnemann for pre-petition services. The amount of those overpayments – and the frozen reimbursements – is $1,668,910.88, as of December 6.

We are prepared to move the bankruptcy court to lift the automatic stay to permit CMS to setoff the frozen prepetition reimbursements against the prepetition Medicare overpayments Hahnemann owes CMS.

Alternatively, if you are willing, the easier approach would be to file a stipulation and proposed order for the court to lift the stay. I don't think that Debtors have a legitimate basis to dispute CMS's right to offset pre- against pre-, but I understand that you may disagree.

I'm happy to provide you with any more information that you need re the calculated overpayments, though I think you likely have a general understanding of how CMS's reconciliation process works.

Please let me know your position within a reasonable amount of time so that if Debtors will not agree to a stipulation, we can get our motion filed and a hearing date set.

Thanks.

Marc S. Sacks
Trial Attorney
Corporate/Financial Litigation Section
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., NW
Washington, D.C. 20005
(202) 307-1104

This e-mail (including any attachments) is intended for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential or otherwise protected by applicable law. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering the e-mail to the intended recipient, the reader is hereby notified that any dissemination, distribution, copying or use of this e-mail or its contents is prohibited. If

you have received this e-mail in error, please notify the sender immediately by replying to this message, and please destroy all copies of this e-mail.

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~+