# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
|  | ) Jointly Administered |
| Debtors. | ) **Re: Docket No. 1242, 1297 and 1346** |

## ORDER APPROVING SEVENTEENTH OMNIBUS MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for the entry of an order (this "**Seventeenth Omnibus Rejection Order**") pursuant to section 365(a) of the Bankruptcy Code, authorizing the Debtors to reject certain executory contracts and unexpired leases listed on **Exhibit 1** attached hereto (the "**Contracts**"), effective as of the date of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, creditors and other parties in interest; and the Court having reviewed the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

-2-

Motion and considered the arguments made at the hearing, if any; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Contracts set forth on **Exhibit 1** attached hereto are hereby rejected, effective as of the date of the Motion (December 23, 2019) (the "**Effective Date**"), to the extent such Contracts are executory contracts or unexpired leases.

3. The Premier Agreements,[3] and any ongoing obligations of the parties to the Premier Agreements (other than any surviving confidentiality, HIPAA and/or regulatory compliance obligations, as applicable), are hereby terminated effective as of the Effective Date.

4. Notwithstanding any provision of this Order to the contrary, the Linen Control Subscription Agreement (the "**Subscription Agreement**") between St. Christopher's Healthcare, LLC ("**STC**") and Med One Capital Funding, LLC ("**Med One**") is deemed rejected as of December 31, 2019 (the "**Rejection Date**").  Notwithstanding the automatic stay, Med One shall be entitled to remove that certain ScrubEx LV Dispenser - SE-0003-PH-E and ScrubEx LV Remote Receiver, Packer, Video - SE-0093-PE, and any other equipment identified in the Linen Control Subscription Agreement and related lease documents and agreements (the "**Med One Equipment**") from the premises of St. Christopher's Hospital for Children within twenty-one

---

[3] The Premier Agreements are (i) the Performance Suite™ Solutions Subscription Agreement, executed on or about January 1, 2018, by and between Premier Healthcare Solutions, Inc. ("**PHSI**", formerly known as Premier, Inc.) and Philadelphia Academic Health System, LLC ("**Philadelphia Academic**") (as amended, along with all exhibits, solutions and ancillary agreements and documents related to and/or referenced therein, the "**Subscription Agreement**"), as well as the (ii) the Business Associate Addendum, entered into as of December 22, 2017, between PHSI, Premier Healthcare Alliance, L.P., any other respective Premier, Inc. subsidiaries a party thereto and Philadelphia Academic (as amended by that certain First Amendment to Business Associate Addendum, entered into as of September 11, 2018, and as referenced and incorporated into the Subscription Agreement in all respects).  The Premier Agreements are listed on **Exhibit 1** attached hereto and are included in the Contracts to be rejected.

-3-

(21) business days of the date of this Order, subject to further extensions as the parties may agree upon (the "**Removal Deadline**"). The Debtors and Med One shall work in good faith to coordinate the removal of the Med One Equipment by the Removal Deadline. The Med One Equipment is deemed abandoned by the Debtors to Med One, free and clear of all liens, claims, encumbrances and rights of third parties, with such abandonment being effective as of the Rejection Date. Med One is authorized to dispose of the Med One Equipment without further notice or any liability to the Debtors or any third parties and without waiving any claims against the Debtors. Notwithstanding any provision of this Order to the contrary, the Debtors shall no longer use any software or other intellectual property provided by Med One under the Subscription Agreement including, without limitation, the clearView Web-Based Management Software scrubEx/aEx and Secure Remote Hosting for West Based Management Software. Med One shall be allowed an administrative expense claim against STC in the amount of $11,863.74 in satisfaction of amounts allegedly due under the Subscription Agreement for the period June 30, 2019 through December 31, 2019.

5. This Order shall not be deemed to be a determination of whether any of the Contracts are executory contracts or unexpired leases.

6. To the extent that a counterparty to a Contract chooses to file a proof of claim relating to rejection damages, such proof of claim must be filed with the Court on or before the later of (i) thirty (30) calendar days after service of this Order and (ii) the general deadline to file claims in these Chapter 11 Cases, as determined by the Court by separate order.

7. The Debtors' rights with respect to any existing defaults of the counterparties to the Contracts, and all defenses and counterclaims to any rejection damages claims, are hereby preserved.

36360620.4 01/21/2020

8. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**Dated: January 22nd, 2020**  
**Wilmington, Delaware**

**KEVIN GROSS**  
**UNITED STATES BANKRUPTCY JUDGE**

36360620.4 01/21/2020