# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 19-11466 (KG)<br>)<br>) Jointly Administered<br>)<br>) **Related to Docket No. __** |

## ORDER APPROVING STIPULATION BETWEEN DEBTORS AND VICINITY ENERGY PHILADELPHIA, INC. REGARDING ALLOWED ADMINISTRATIVE EXPENSE CLAIM

Upon consideration of the *Stipulation between Debtors and Vicinity Energy Philadelphia, Inc. Regarding Allowed Administrative Expense Claim* (the "**Stipulation**")[2] attached hereto as **Exhibit "1;"** and the Court having jurisdiction over the matters raised in the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Stipulation having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Stipulation is in the best interests of the Debtors, their estates, creditors and all parties-in-interest, and that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. Vicinity Energy Philadelphia, Inc. ("Vicinity") shall be allowed an administrative expense claim in the amount of $743,765.30 (the "**Allowed Administrative Expense Claim**") against Center City Healthcare, LLC d/b/a Hahnemann University Hospital on account of, and in full resolution of, the Asserted Administrative Claim, for certain post-petition ordinary course services as detailed in the Stipulation, without prejudice to Vicinity's right to seek the allowance of further administrative expense claims.

3. The Debtors are authorized to take any and all actions necessary to effectuate the Stipulation.

4. Omni Agent Solutions, the Debtors' official claims agent, is authorized to take any and all actions necessary to effectuate this Order including, without limitation, amending the claims register in these chapter 11 cases to reflect the Allowed Administrative Expense Claim.

5. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.

6. This Order is effective immediately upon entry.

# EXHIBIT 1

## Stipulation

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |

**STIPULATION BETWEEN DEBTORS AND VICINITY ENERGY PHILADELPHIA, INC. REGARDING ALLOWED ADMINISTRATIVE EXPENSE CLAIMS**

This Stipulation between Debtors and Vicinity Energy Philadelphia, Inc. Regarding Allowed Administrative Expense Claim (the "**Stipulation**") is made and entered into as of the 10th day of February, 2020 between and among the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") and Vicinity Energy Philadelphia, Inc. f/k/a Veolia Energy Philadelphia, Inc. ("**Vicinity**," and together with the Debtors, the "**Parties**"), by and through their respective duly authorized undersigned counsel.

### INTRODUCTION

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each Debtor commenced a case (the "**Chapter 11 Cases**") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, the Debtors assert that Vicinity is a utility provider that provides steam service to Hahnemann University Hospital ("**HUH**");

**WHEREAS**, Vicinity has asserted a claim against Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**") for post-petition steam charges and related amounts, as follows (the "**Asserted Administrative Claim**"):

| Invoice No. | Service Dates | Amount |
|---|---|---|
| 225611522563 | July 16, 2019-August 16, 2019 | $214,702.02 |
| 225167896865 | August 16, 2019-September 16, 2019 | $204,146.63 |
| 225005314950 | September 16, 2019-October 16, 2019 | $216,065.89 |
| 225755391356 | October 16, 2019-November 16, 2019 | $308,850.76 |
| | Amounts previously funded (Wire Ref. Nos. 12271B7032R011398 and 0103I1B7031R008424) | ($200,000) |
| | **TOTAL:** | **$743,765.30** |

**WHEREAS**, the Parties have conferred and now seek to resolve Vicinity's Asserted Administrative Claim, as set forth herein.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby agree, subject to Bankruptcy Court approval as set forth herein, as follows:

### STIPULATION

1. Each of the Recitals set forth above is incorporated herein by reference.

2.      This Stipulation is subject to and conditioned upon the entry of a final, non-appealable order of the Court approving this Stipulation (the "**Stipulation Effective Date**"). In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect. In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante*.

3.      Vicinity shall be allowed an administrative expense claim in the amount of $743,765.30 (the "**Allowed Administrative Expense Claim**") against CCH on account of, and in full resolution of, the Asserted Administrative Claim. No further amounts are owed to Vicinity on account of Invoice Nos. 225611522563, 225167896865, 225005314950 and 225755391356. The allowance of the Allowed Administrative Expense Claim is without prejudice to Vicinity's right to seek the further allowance of administrative claims for additional unpaid invoices for post-petition service to the Debtors.

4.      The Allowed Administrative Expense Claim shall be satisfied through payments of $200,000 per week for three (3) weeks, plus a final weekly payment of $143,765.30, which weekly payments shall commence on or before February 14, 2020 and shall continue so they are received by Vicinity every week thereafter until the Administrative Claim is paid in full; provided, however, that nothing herein shall prevent the Debtors from prepaying any such amounts in their discretion.

5. The Parties are authorized to take any and all actions necessary to effectuate this Stipulation.

6. This Stipulation is the entire agreement between the Debtors and Vicinity with respect to the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

7. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Stipulation shall become effective upon the order approving this Stipulation becoming a Final Order.

8. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

9. This Stipulation shall be binding and inure to the benefit of the Parties hereto, their successors and assigns, and including, as to the Debtors, any chapter 7 or chapter 11 trustee, plan administrator or estate representative.

10. This Stipulation may be modified, amended, or supplemented by the Parties, in writing, and without further order of the Court, provided that any such modification, amendment, or supplement either is (a) not material or (b) not less favorable to the Debtors than the existing applicable provisions without further order of the Court.

11. This Stipulation is a fully integrated agreement with each provision being fully integrated and dependent on each other provision and no provision of this Stipulation may held to be unenforceable without this entire Stipulation being held to be unenforceable and no provision may be "blue penciled" to render such provision enforceable.

12. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws' principles thereof. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, designees, agents, attorneys and representatives.

13. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

14. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| **SAUL EWING ARNSTEIN & LEHR LLP** | **GIBBONS P.C.** |
|---|---|
| */s/ Monique B. DiSabatino* | */s/ Dale E. Barney* |
| Mark Minuti (DE Bar No. 2659) | Dale E. Barney |
| Monique Bair DiSabatino (DE Bar No. 6027) | One Gateway Center |
| 1201 N. Market Street, Suite 2300 | Newark, NJ 07102 |
| P.O. Box 1266 | Telephone: (973) 596-4557 |
| Wilmington, DE 19899-1266 | Facsimile: (973) 639-6234 |
| Telephone: (302) 421-6800 | dbarney@gibbonslaw.com |
| Fax: (302) 421-5873 | |
| mark.minuti@saul.com | *Counsel to Vicinity Energy Philadelphia, Inc.* |
| monique.disabatino@saul.com | |

    -and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7700
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*

36225114.5 02/10/2020