# **Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 19-11466 (KG)<br><br>(Jointly Administered) |

### CONSENT ORDER REGARDING PRODUCTION OF DOCUMENTS BY MBNF NON-DEBTOR ENTITIES

This matter comes before the Court in connection with that certain document request, dated January 2, 2020 (the "Document Requests"), served by the Official Committee of Unsecured Creditors (the "Committee") of Center City Healthcare, LLC d/b/a Hahnemann University Hospital and its affiliated debtors and debtors in possession (collectively, the "Debtors") on the following entities: Joel Freedman, MBNF Investments, LLC, American Academic Health System, LLC, Philadelphia Academic Health Holdings, LLC, Front Street Healthcare Properties, LLC, Front Street Healthcare Properties II, LLC, Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC, Philadelphia Academic Risk Retention Group, LLC, and Paladin Healthcare Capital,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

6944724 v11

LLC (collectively, the "MBNF Non-Debtor Entities," and together with the Committee, the "Parties").

  **WHEREAS**, the Committee is in the process of conducting an investigation (the "Investigation") of potential claims and causes of action that may exist; and

  **WHEREAS**, in connection with the Investigation, and consistent with the Committee's rights under rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Federal Rules") and rule 2004-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Committee served the Document Requests on the MBNF Non-Debtor Entities; and

  **WHEREAS**, the Parties have engaged in good faith negotiations regarding the Document Requests and have agreed to the consensual discovery process set forth herein pursuant to Local Rule 2004-1(e); now, therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

  1. The MBNF Non-Debtor Entities shall produce to the Committee and the Debtors (i) all non-privileged electronically stored information ("ESI") containing one or more of the Parties' agreed-upon search terms from the Parties' agreed upon custodians and responsive to any of the Document Requests and (ii) all non-privileged documents containing one or more of the Parties' agreed-upon search terms and responsive to any of the Document Requests identified through a reasonable search of central network drives and shared electronic drives currently within the possession, custody or control of the MBNF Non-Debtor Entities (each a "Document" and collectively, the "Documents").

  2. The Parties agree that the production of the Documents described in paragraph 1 shall fulfill and satisfy the MBNF Non-Debtor Entities' obligation to comply with the Document

Requests; *provided, however*, that nothing contained in this paragraph shall prevent the Committee from serving additional document requests or discovery on the MBNF Non-Debtor Entities.

3. The production of Documents shall begin within three weeks of the date on which the Parties reach an agreement on search terms and production shall continue on a rolling basis thereafter.

4. Within 30 days after the MBNF Non-Debtor Entities have completed their production of the documents described in paragraph 1, *supra*, the MBNF Non-Debtor Entities shall provide a privilege log (the "Initial Privilege Log") covering a portion of the Documents withheld on the basis of any asserted privilege. Within 30 days thereafter (i.e., 60-days from the production of all documents described in paragraph 1), the MBNF Non-Debtor Entities shall provide a supplemental privilege log covering any additional Documents, not included in the Initial Privilege Log, withheld on the basis of any asserted privilege. The Committee reserves the right to challenge the assertion of privilege with respect to any Documents withheld on the basis of privilege and, in the event of such challenge, the Parties shall meet and confer regarding the challenged Documents. If the Parties are unable to resolve the challenge, the Parties shall submit the issue to the court, which may be done on an expedited basis.

5. By agreement of the Parties, certain Documents produced by the MBNF Non-Debtor Entities pursuant to this Order shall be subject to the following terms (the "Protective Order"):

    a. This Protective Order shall apply only to Documents that are marked "CONFIDENTIAL" by the MBNF Non-Debtor Entities at the time the Documents are produced to the Committee (or identified to the Committee pursuant to the procedure described in paragraph 5(d)).

    b. A Document may be marked as "CONFIDENTIAL" if the MBNF Non-Debtor Entities determine, in good faith, that the Document contains information

relating to confidential financial, personal, and/or business operations, business ventures, strategic plans, processes, designs, applications or trade secrets including but not limited to Documents that (i) qualify for protection under section 107(b) of the Bankruptcy Code, as incorporated by Bankruptcy Rule 9018; or (ii) relate to any personally identifying patient information or other patient healthcare or medical records.  All such Documents shall be clearly and conspicuously marked.

c.     If the Committee disputes whether any Document produced by the MBNF Non-Debtor Entities and designated as CONFIDENTIAL is entitled to such designation or should otherwise be subject to the terms of this Protective Order, it may challenge the designation in writing to the MBNF Non-Debtor Entities.  If the Parties are unable to resolve the dispute within fourteen (14) days after delivery of the written challenge to the MBNF Non-Debtor Entities, the Committee may apply to the Court for resolution of the dispute on an expedited basis.  The MBNF Non-Debtor Entities shall have an opportunity to oppose any application or motion to the Court challenging the designation of a document as CONFIDENTIAL.  All Documents designated as CONFIDENTIAL shall be treated as such unless and until the Committee obtains (i) a written withdrawal of the designation from the MBNF Non-Debtor Entities or (ii) a Court order determining the Documents not to be CONFIDENTIAL or otherwise not subject to the terms of this Protective Order.

d.     If the MBNF Non-Debtor Entities inadvertently fail to mark a Document that satisfies the criteria in paragraph 5(b) as CONFIDENTIAL, then the MBNF Non-Debtor Entities shall notify the Committee of the error and produce a new version of the Document with the appropriate CONFIDENTIAL designation.  Once the MBNF Non-Debtor Entities provide such notice to the Committee, the Committee shall treat the Document in the manner requested by the MBNF Non-Debtor Entities, subject to the Committee's right to challenge that designation as set forth above.  An inadvertent failure to designate material as CONFIDENTIAL shall not, standing alone, waive the MBNF Non-Debtor Entities' right to secure protection for such material.

e.     Except as otherwise set forth in this Protective Order, CONFIDENTIAL materials shall only be accessed by or disclosed to (i) the Court, its officers, and its staff; (ii) any court in which a proceeding related to the Debtors' above-captioned bankruptcy cases is initiated and the officers and staff of such court; (iii) the Parties, their attorneys, and their attorneys' staff and supporting vendors; (iv) the Committee's members (including any ex-officio member of the Committee consistent with the Committee's by-laws) and their representatives, but excluding any Committee member (and their representatives) subject to Paragraph 5(f) *infra*; (v) any professionals other than Committee counsel retained by the Committee in or relating to the Debtors' bankruptcy cases, and any employees of such professionals; (vi) any consultants or experts retained by either Party in or relating to the Debtors' bankruptcy cases; (vii) any professionals retained by the Debtors in the Debtors' bankruptcy cases (including the Debtors'

attorneys), and any staff and supporting vendors of such professionals; (viii) current officers of the Debtors and current members of the Debtors' board of directors; (ix) any authors or recipients of the original CONFIDENTIAL Documents; and (x) any governmental entities to which the Committee is required to disclose such information (subject to the notice provisions in paragraph 5(j), *infra*).

f. CONFIDENTIAL Documents shall not be provided, without the MBNF Non-Debtor Entities' consent, to any individual employed by, associated with, or affiliated with any entity, organization, or company that the MBNF Non-Debtor Entities have informed the Committee is engaged in litigation or has threatened a potential claim against any of the MBNF Non-Debtor Entities (the "Litigation Entities List"). The Litigation Entities List currently consists of Tenet Business Services Corp. ("Tenet"), Conifer Revenue Cycle Solutions, LLC, and Medline Industries, Inc. (and all of their affiliates and related entities). The MBNF Non-Debtor Entities may update or revise the Litigation Entities List as necessary by sending the updated or revised Litigation Entities List to the Committee. Notwithstanding anything in this section 5(g), nothing herein shall prohibit the Committee from disclosing any CONFIDENTIAL Documents to (i) any professionals retained by the Debtors in the Debtors' bankruptcy cases (including the Debtors' attorneys), and any staff and supporting vendors of such professional and (ii) current officers of the Debtors and current members of the Debtors' board of directors.

g. CONFIDENTIAL Documents may also be accessed by or disclosed to witnesses or potential witnesses in the Debtors' above-captioned bankruptcy cases and any related proceedings, but only for purposes of testimony or preparation of testimony.

h. CONFIDENTIAL Documents may also be accessed by or disclosed to any other person authorized by court order, or anyone to whom the Parties have agreed in writing.

i. Any person (excluding those parties listed in (i)-(ii) or (x) of paragraph 5(e) above) to whom a disclosure of CONFIDENTIAL Documents is made by the Committee shall be given a copy of this Protective Order and must agree in writing to be bound by its terms before such disclosure takes place.

j. This Protective Order shall not prevent any party receiving CONFIDENTIAL Documents pursuant to this Protective Order from complying with any subpoena seeking to compel the production of such Documents after complying with the following procedure: if a party is served with a subpoena seeking to compel production of CONFIDENTIAL Documents, the party receiving the subpoena shall promptly forward a copy of such subpoena to the MBNF Non-Debtor Entities at least fourteen (14) days before the production date (or as soon as practicable after being served with the subpoena if the subpoena provides less than fourteen (14) days' notice) and promptly notify the party who

served the subpoena that some or all of the material is subject to this Protective Order. The MBNF Non-Debtor Entities may, at their own cost, contest the subpoena or seek a protective order in the subject proceeding. If the MBNF Non-Debtor Entities do not contest the subpoena or seek a protective order in the subject proceeding, or if such opposition or request is unsuccessful, the party receiving the subpoena may produce any CONFIDENTIAL Documents it is ordered or otherwise legally required to produce.

k. If the Committee wishes to attach or quote any CONFIDENTIAL Documents in any court filing (including, without limitation, any pleadings, affidavits, briefs, memoranda, appendices, deposition transcripts, filings related to discovery, or filings made under paragraph 5(c) of this Protective Order regarding any challenge to the confidentiality designation of any Documents), to the extent practicable, the Committee must first seek the MBNF Non-Debtor Entities' approval that such Documents may be filed without being under seal. If the MBNF Non-Debtor Entities do not consent, or seeking consent is not practicable, the Committee must (i) obtain an order from the Court pursuant to paragraph 5(c) of this Protective Order that the Documents sought to be filed are not entitled to protection as CONFIDENTIAL Documents or (ii) seek to file such Documents under seal, which the Committee may do on an expedited basis. In the event that a motion to file under seal is denied, the Committee may file the Documents with the applicable court unsealed.

l. This Protective Order shall not apply to any Documents obtained by the Committee from parties other than the MBNF Non-Debtor Entities, and no such Documents shall be CONFIDENTIAL Documents for the purposes of this Protective Order.

m. Even after the date on which the bankruptcy cases are closed and the court has entered a final decree (the "Case Closure Date"), the confidentiality obligations imposed by this Protective Order shall remain in effect. Within sixty (60) days after the Case Closure Date, the MBNF Non-Debtor Entities may request that all CONFIDENTIAL materials be returned to the MBNF Non-Debtor Entities or destroyed, as instructed by the MBNF Non-Debtor Entities (a "Return Request"). The Committee shall have sixty (60) days after receipt of a Return Request to comply with such request and shall notify the MBNF Non-Debtor Entities when the material has been destroyed or returned in compliance with this provision.

n. If a party determines that it has inadvertently disclosed material produced pursuant to this Protective Order to any person or in any circumstance not authorized under this Protective Order, that party must (a) notify the MBNF Non-Debtor Entities in writing of the unauthorized disclosure; (b) use its best efforts to retrieve the material; (c) inform the person to whom the unauthorized disclosures were made of all of the terms of this Protective Order; and (d) request that such person abide by the conditions of this Protective Order.

6. All Documents produced by the MBNF Non-Debtor Entities are to be used only in connection with the above-captioned bankruptcy cases and any related proceedings (including any related adversary proceedings), including any appeals therefrom, unless otherwise agreed to by the Parties or ordered by the Court.

7. Nothing contained herein shall be construed as a waiver (i) by the MBNF Non-Debtor Entities of the attorney-client privilege, joint-defense privilege, common interest privilege, work product protection and/or any other applicable privilege, protection, right or immunity or (ii) of the Committee's right to object to any assertions by the MBNF Non-Debtor Entities of the attorney-client privilege, joint-defense privilege, common interest privilege, work product protection and/or any other applicable privilege, protection, right or immunity.

8. Pursuant to Federal Rule of Evidence 502(d), the inadvertent or unintentional disclosure of any Documents protected by the attorney-client privilege or work product doctrine (the "<u>Privileged Material</u>") shall not be construed to be a waiver, in whole or in part, of the MBNF Non-Debtor Entities' claim to privilege over any specific Document or in general; nor shall any discreet waiver of privilege constitute a general waiver of privilege or protection.

9. If the MBNF Non-Debtor Entities determine that they inadvertently produced Privileged Material, the MBNF Non-Debtor Entities shall notify the Committee that such Privileged Material was inadvertently produced and should have been withheld as privileged. Once the MBNF Non-Debtor Entities provide such notice to the Committee, the Committee shall: (i) promptly return the specified Privileged Material and any copies thereof; (ii) to the extent practicable, retrieve the specified Privileged Material and any copies thereof from any third parties to which the Committee has disclosed the specified Privileged Material; (iii) destroy any notes, other documents, or ESI the Committee has created that reflect the contents of the

specified Privileged Material; (iv) instruct any third parties to which the Committee has disclosed the specified Privileged Material to destroy any notes, other documents, or ESI that such third parties have created that reflect the contents of the specified Privileged Material; and (v) refrain from disclosing the substance of such Privileged Material to any third party. By complying with these obligations, the Committee does not waive any right to challenge the assertion of privilege and to request an order of the Court denying such privilege and compelling production of such Privileged Material. In the event of a challenge by the Committee to the assertion of privilege with respect to such inadvertently produced materials, the Parties shall meet and confer regarding the inadvertently produced materials. If the Parties are unable to resolve the challenge, the Parties shall submit the issue to the Court, which may be done on an expedited basis.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent or unintentional disclosure of any of the Debtors' Privileged Material shall not be construed to be a waiver, in whole or in part, of the Debtors' claim to privilege over any specific Document or in general; nor shall any discreet waiver of privilege constitute a general waiver of privilege or protection. If the Debtors become aware that the MBNF Non-Debtor Entities produced any of the Debtors' Privileged Material, the Debtors shall notify the Committee that such Debtors' Privileged Material was produced and should have been withheld as privileged. Once the Debtors provide such notice to the Committee, the Committee shall: (i) promptly turn over to the Debtors the specified Debtors' Privileged Material and any copies thereof; (ii) to the extent practicable, promptly retrieve the specified Debtors' Privileged Material and any copies thereof from any third parties to which the Committee has disclosed the specified Debtors' Privileged Material; (iii) promptly destroy any notes, other documents, or ESI the Committee has created that reflect

the contents of the specified Debtors' Privileged Material; (iv) promptly instruct any third parties to which the Committee has disclosed the specified Debtors' Privileged Material to destroy any notes, other documents, or ESI that such third parties have created that reflect the contents of the specified Debtors' Privileged Material; and (v) refrain from disclosing the substance of such Debtors' Privileged Material to any third party.  By complying with these obligations, the Committee and the MBNF Non-Debtor Entities do not waive any right to challenge the assertion of privilege and to request an order of the Court denying such privilege and compelling production of such Debtors' Privileged Material.  In the event of a challenge by the Committee or the MBNF Non-Debtor Entities to the assertion of privilege with respect to such produced materials, the Debtors shall submit the issue to the Court, which may be done on an expedited basis.

11.    The Parties shall promptly consult to develop a process for production of ESI, including developing a list of appropriate search terms and custodians to use in producing such ESI.

12.    The Parties agree that nothing contained in this Order shall be construed as constituting a waiver, release, or relinquishment of (i) any of the MBNF Non-Debtor Entities' rights, including but not limited to their right to raise any and all objections to the Document Requests and/or seek any relief from the Court or (ii) any of the Committee's rights, including, but not limited to, the right to respond to any objections by the MBNF Non-Debtor Entities to the Document Requests, and/or seek any relief from the Court.  The MBNF Non-Debtor Entities do not waive any right to object on any ground to use, in evidence, of any of the material covered by this Order, and their compliance with the terms of this Order shall not operate as an admission that any particular material is or is not confidential, privileged, or admissible as evidence at trial.

The Committee does not waive any right to (a) respond to any objection by the MBNF Non-Debtor Entities regarding the use, in evidence, of any of the material covered by this Order or (b) object to any assertion by the MBNF Non-Debtor Entities that any particular material is or is not confidential, privileged, or admissible as evidence at trial.

13. The MBNF Non-Debtor Entities are authorized to serve notice of this Order on each counterparty (each a "Counterparty") to a Document that the MBNF Non-Debtor Entities believe contains a confidentiality provision (each a "Counterparty Document") that would otherwise prevent the MBNF Non-Debtor Entities from producing such Counterparty Document to the Committee pursuant to the terms of this Order.  Such notice shall describe each Counterparty Document to be produced, and attach a copy of the Discovery Requests and this Order.  To the extent a Counterparty disputes the MBNF Non-Debtor Entities' ability to produce a Counterparty Document to the Committee, such Counterparty must file an objection with the Court within the longer of (a) 14 days of receipt of such notice or (b) the time period required by the MBNF Non-Debtor Entities' agreement with the Counterparty.  If no objection is timely filed, the MBNF Non-Debtor Entities shall produce the Counterparty Document to the Committee pursuant to the terms of this Order.  The Committee and the MBNF Non-Debtor Entities shall treat Counterparty Documents as CONFIDENTIAL Documents pursuant to the Protective Order, except that the rights of the MBNF Non-Debtors in the Protective Order will also extend to the Counterparty.

14. Upon the completion of production and the Committee's review of the Documents, the Committee, the MBNF Non-Debtor Entities, and the Debtors, shall endeavor to discuss a consensual resolution of any potential claims and causes of action against the MBNF Non-Debtor Entities that may be asserted on behalf of the Debtors' estates; *provided, however*,

that nothing contained herein shall in any way be deemed to delay or prevent the commencement of any litigation in connection with any such claims or causes of action against the MBNF Non-Debtor Entities.

15. The MBNF Non-Debtor Entities shall comply with their legal obligations to preserve documents, correspondence, and records within their possession, custody or control relevant to the subject matter of the Document Requests, the Debtors' bankruptcy filings, any transactions between the MBNF Non-Debtor Entities and any of the Debtors, the Debtors' transactions with third parties, or any transactions between the MBNF Non-Debtor Entities and third parties affecting the Debtors or their businesses (collectively, the "Relevant Data"). To the extent that in the course of complying with the Documents Requests any such Relevant Data is destroyed, deleted, altered or otherwise modified, the MBNF Non-Debtor Entities shall promptly notify the Committee and provide a detailed list of such items and an explanation as to why they have been destroyed, altered or otherwise modified.

16. The MBNF Non-Debtor Entities shall comply with their legal obligations to preserve all Relevant Data within their possession, custody, or control until further notice from the Committee. Any and all existing document retention policies providing for any periodic destruction or deletion of documents or records that may be in effect must be disabled or overwritten. Any cloud services or vendors hosting the Relevant Data must also be notified that all data must be preserved. Related companies, or other persons or entities under MBNF Non-Debtor Entities' control must also be notified that they must preserve any Relevant Data. In identifying and preserving electronic data, "electronic data" includes, but is not limited to, all text files (including word processing documents and presentations), spreadsheets, email, calendars, and metadata. Nothing contained herein shall be construed as imposing an obligation

on the MBNF Non-Debtor Entities to preserve Relevant Data currently in the custody or under the control of any entity, organization, company, or person, not under the control of the MBNF Non-Debtor Entities including but not limited to Tenet and the Debtors.

17. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order.

18. This Order is effective immediately upon entry.

Agreed to and Approved for entry by:


/s/ *Thomas M. Horan*
Thomas M. Horan (DE Bar No. 4641)
**FOX ROTHSCHILD LLP**
919 North Market Street, Suite 300
Wilmington, DE 19899
Telephone: 302-654-7444
Facsimile: 302-6568920
Email: thoran@foxrothschild.com

Andrew H. Sherman (*pro hac vice*)
Boris I. Mankovetskiy (*pro hac vice*)
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, NJ 07102
Telephone:  973-643-7000
Facsimile:  973-643-6500
Email:  asherman@sillscummis.com
            bmankovetskiy@sillscummis.com

*Counsel for the Official Committee*
*of Unsecured Creditors*

- and –

/s/ *Mark D. Collins*
Mark D. Collins
Michael J. Merchant
Brendan J. Schlauch

**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: 302-651-7700
Email: collins@rlf.com
       merchant@rlf.com
       schlauch@rlf.com


Suzzanne Uhland
Daniel S. Shamah
Diana M. Perez
**O'MELVENY & MYERS, LLP**
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: 212-326-2000
Email: suhland@omm.com
       dshamah@omm.com
       dperez@omm.com