**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1] <br><br>Debtors. | Chapter 11 <br><br> Case No. 19-11466 (KG) <br><br> Jointly Administered <br><br> Hearing Date: N/A <br> Objection Deadline: N/A |

**DEBTORS' MOTION FOR EXPEDITED CONSIDERATION OF**
**MOTION OF DEBTORS PURSUANT TO SECTIONS 105(A) AND 363(B)**
**OF THE BANKRUPTCY CODE AND FEDERAL RULE OF**
**BANKRUPTCY PROCEDURE 9019 FOR AUTHORITY TO**
**PURCHASE SPECIFIED PROFESSIONAL LIABILITY TAIL INSURANCE**

By this Motion, Center City Healthcare, LLC d/b/a Hahnemann University Hospital and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), having contemporaneously filed the *Motion of the Debtors Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Federal Rule of Procedure 9019 for Authority to Purchase Specified Professional Liability Tail Insurance* (the "**Tail Insurance Motion**"),[2] hereby submit this motion (the "**Motion for Expedited Consideration**"), pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Tail Insurance Motion.

36596481.2 02/20/2020

"**Bankruptcy Rules**"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for the entry of an order shortening the time for notice of the hearing to consider the Tail Insurance Motion so that it may be considered by the Court at the hearing scheduled before the Court on March 3, 2020 at 10:00 a.m. (ET) or such other date and time convenient to the Court (the "**Hearing**"), with any objections to the Tail Insurance Motion to be filed by 12:00 p.m. on the date that is two business days prior to the Hearing (the "**Objection Deadline**"). In support of this Motion for Expedited Consideration, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion for Expedited Consideration under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this judicial district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006 and Local Rule 9006-1(e).

## RELIEF REQUESTED

3. By this Motion for Expedited Consideration, the Debtors seek the entry of an Order shortening notice so that the Tail Insurance Motion may heard at the Hearing, with any objections to Tail Insurance Motion to be filed by the Objection Deadline.

## BASIS FOR RELIEF REQUESTED

4. Local Rule 9006-1(c)(i) requires that all motion papers be filed and served at least fourteen days prior to the proposed hearing. *See* Del. Bankr. L.R. 9006-1(c)(i). Local Rule 9006-1(c)(ii) provides that objections, if any, to such a motion are to be received at least seven days prior to the proposed hearing date. *See* Del. Bankr. L.R. 9006-1(c)(ii). Local Rule 9006-

1(e), however, provides that a motion may be heard on less notice than as otherwise required "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).  Further, Bankruptcy Code section 102(1) provides that the phrase "notice and a hearing" is a flexible concept meant to take into account the "particular circumstances" of a motion.  *See* 11 U.S.C. § 102(1) ("'[A]fter notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . .").

5.  As discussed more fully in the Tail Insurance Motion, Court approval of the Tail Insurance Motion is a pressing matter.  First, expedited consideration is required so that the Debtors may purchase Tail Coverage prior to the expiration of the Debtors' existing professional liability insurance, which expires on March 11, 2020.  Second, the question of Tail Coverage has been an issue in these Chapter 11 Cases for months and came to a head in December 2019 upon the filing of the Motions to Compel.  The overall background of the Debtors and the events in these Chapter 11 Cases is relevant to understanding the issues implicated in the Tail Insurance Motion and Judge Kevin Gross, who has presided over these Chapter 11 Cases, is familiar with this background.  It thus serves judicial efficiency to have the Tail Insurance Motions heard prior to Judge Gross's upcoming retirement.  Scheduling the Tail Insurance Motion for the Hearing is also most efficient since the Motions to Compel are scheduled for hearing on the same date and will be rendered moot or otherwise resolved to the extent the relief requested in the Tail Insurance Motion is granted.

6.  Given the gravity of the circumstances facing the Debtors' former attending physicians and residents to the extent the Tail Insurance Motion is not approved quickly and the significant benefits to their estates in resolving the issues raised by the Motions to Compel, the

Debtors submit that any prejudice to parties in interest that may result from this Court hearing the Tail Insurance Motion on an expedited basis is greatly outweighed by any harm. The Debtors will also serve the Tail Insurance Motion via expedited mail to afford parties in interest with as much notice of the Hearing and the proposed response deadline as possible.

**NOTICE**

7. Notice of this Motion for Expedited Consideration has been provided to: (i) the Office of the United States Trustee; (ii) the Official Committee of Unsecured Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) counsel to the Ad Hoc Committee of Hahnemann Residents and Fellows; (xiii) counsel to the Commonwealth of Pennsylvania Department of Health; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 9006-1(e)**

8. Consistent with Local Rule 9006-1(e), prior to filing this Motion for Expedited Consideration, the Debtors notified the Office of the United States Trustee (the "**U.S. Trustee**") and counsel to the Committee of their intent to seek expedited consideration of the Tail Insurance Motion. The U.S. Trustee has confirmed that it has no objection to the Debtors' request for expedited consideration. The Committee has declined to consent to the Debtors' requested extension to March 3, 2020 pending its review of the Tail Insurance Motion and documentation supporting the relief set forth therein but suggested March 6th or 9th as potential

hearing dates.  The Debtors are amenable to a hearing on the Tail Insurance Motion on March 6, 2020; however, the Debtors believe that a hearing on March 9, 2020 would be too close to the date upon which the existing policy expires and would leave the Debtors with too little time to either complete the purchase of the new policy or seek a further extension of the existing policy.

## CONCLUSION

WHEREFORE, the Debtors respectfully request the entry of an Order, substantially in the form attached hereto as **Exhibit A**: (i) granting the relief requested in the Motion for Expedited Consideration; (ii) considering the Tail Insurance Motion at the Hearing, with objections, if any, to be asserted by the Objection Deadline; and (iii) granting such other further relief as is just and proper.

36596481.2 02/20/2020

|  |  |
|---|---|
| Dated: February 20, 2020 | **SAUL EWING ARNSTEIN & LEHR LLP** |

By: */s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Aaron S. Applebaum (DE Bar No. 5587)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
aaron.applebaum@saul.com

*Counsel for Debtors and Debtors in Possession*