# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) **Related to Docket No. \_\_\_\_** |

## ORDER APPROVING STIPULATION REGARDING EQUIPMENT LEASE AGREEMENT BETWEEN DEBTORS AND MED ONE CAPITAL FUNDING, LLC

Upon consideration of the *Stipulation Regarding Equipment Lease Agreement Between Debtors and Med One Capital Funding, LLC* (the "**Stipulation**")[2] attached hereto as **Exhibit "1;"** and the Court having jurisdiction over the matters raised in the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Stipulation having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Stipulation is in the best interest of the Debtors, their estates, creditors and all parties-in-interest, and that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

      1.      The Stipulation is approved.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

2

      2.      The Parties are authorized to take any and all actions necessary to effectuate the Stipulation, and the automatic stay of 11 U.S.C. § 362 is hereby modified and lifted to the extent necessary to effectuate the Stipulation.

      3.      Claim No. 266 is hereby reduced to $0, and the Debtors' claim agent is authorized to update the Claims Register accordingly.

      4.      This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.

      5.      This Order is effective immediately upon entry.

2

36621019.3  2/26/2020

# EXHIBIT 1

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1] | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |

**STIPULATION REGARDING EQUIPMENT LEASE AGREEMENT**
**BETWEEN DEBTORS AND MED ONE CAPITAL FUNDING, LLC**

This Stipulation Regarding Equipment Lease Agreement Between Debtors and Med One Capital Funding, LLC (the "**Stipulation**") is made and entered into as of the 26th day of February, 2020 between and among the above-referenced debtors and debtors in possession (collectively, the "**Debtors**") and Med One Capital Funding, LLC ("**Med One**," and together with the Debtors, the "**Parties**"), by and through their respective duly authorized undersigned counsel.

**INTRODUCTION**

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced the above-captioned cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, Debtor Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("**Hahnemann**") and Med One are parties to that certain Equipment Lease Agreement dated October 2, 2018 (the "**Lease**"), pursuant to which Hahnemann purportedly leases certain equipment, consisting of 485 BD Alaris Point of Care Units (the "**Alaris Equipment**"), from Med One;

**WHEREAS**, this Stipulation is limited to the Lease and potential rights and claims related to the Lease, and shall not include, affect or relate to any other agreements between the Debtors and Med One;

**WHEREAS**, the Debtors no longer require access to or use of the Alaris Equipment in connection with their operations at Hahnemann or otherwise;

**WHEREAS**, the Parties seek an expeditious rejection of the Lease in order to minimize expense to the Debtors' estates and to facilitate Med One's retrieval of the Alaris Equipment without undue delay.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby agree, subject to Bankruptcy Court approval as set forth herein, as follows:

## STIPULATION

1. Each of the Recitals set forth above is incorporated herein by reference.

2. This Stipulation and the rights and obligations of the Parties hereunder is subject to and conditioned upon the entry of a final order of the Court approving this Stipulation (the "**Stipulation Effective Date**"). In the event that the Stipulation Effective Date does not occur,

this Stipulation shall be deemed null and void and of no force or effect, except with respect to any implementing actions which occurred prior to the Stipulation Effective Date, as described below.

3. Immediately upon execution of this Stipulation, Med One may make arrangements with the Debtors to enter Hahnemann and retrieve and remove the Alaris Equipment. The Debtors agree to cooperate, as reasonably requested, at no cost to themselves, to facilitate Med One's removal of the Alaris Equipment. Med One agrees to use commercially reasonable efforts to remove all of the Alaris Equipment from Hahnemann on or before February 27, 2020. Med One shall bear all of its own costs and expenses in connection with removal and transportation of the Alaris Equipment from Hahnemann. Med One shall indemnify the Debtors and provide for any necessary and reasonable repairs or restoration to the Debtors' property or the premises for any damage or destruction caused by Med One's removal of the Alaris Equipment.

4. Once removed, the Debtors shall be deemed to have abandoned any interest in the Alaris Equipment, and Med One may dispose of the Alaris Equipment free and clear of all liens, claims, encumbrances and rights of the Debtors or their estates or anyone claiming by, through or under them, without further notice or liability to the Debtors or their estates or anyone claiming by, through or under them. The automatic stay is modified to the extent necessary to allow for the removal and disposition of the Alaris Equipment.

5. The Debtors make no representations or warranties regarding the condition of the Alaris Equipment, and Med One agrees to take possession of the Alaris Equipment on an "AS-IS, WHERE-IS" basis with all faults, defects and in whatever state; provided, however, the

3

Debtors will not take any actions to damage or otherwise diminish the value of the Alaris Equipment.

6.  On the Stipulation Effective Date, the Lease shall be deemed rejected pursuant to section 365(a) of the Bankruptcy Code, *nunc pro tunc* to the date of execution of this Stipulation. Notwithstanding the foregoing, in the event there is no Stipulation Effective Date, the Debtors reserve all rights concerning Med One and the Lease including whether the Lease is a true lease or a disguised financing, and Med One also reserves its rights and defenses concerning all matters involving the Lease and its claims against the Debtors and their estates.

7.  On the Stipulation Effective Date, Med One expressly and unconditionally waives any claims with respect to any amounts allegedly due with respect to the Lease, including amounts arising prior to or after the Petition Date or resulting from rejection of the Lease pursuant to section 502(g) of the Bankruptcy Code, and the amount of Med One's proof of claim relating to the Lease (i.e., Claim No. 266) shall be deemed to be reduced to $0, and the Debtors' claims agent shall be authorized to update the Claims Registry accordingly.

8.  Subject to and upon the occurrence of the Stipulation Effective Date, and notwithstanding any provision of this Stipulation to the contrary, the Parties hereby mutually release, acquit, and forever discharge each other and their agents, principals, officers, directors, trustees, professionals, employees, heirs, successors and assigns from any and all actions, causes of action, suits, debts, sums of money, accounts, bills, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands whatsoever, in law or equity, which the Parties ever had, now have, can or may have, or claim to have against each other, whether known or unknown, accrued or unaccrued from the beginning of time until the date of this Agreement solely arising out of or related to the Lease; provided, however, the Parties will

4

be able to enforce this Stipulation. For the avoidance of doubt, the foregoing release also includes any avoidance, recovery or subordination actions under chapter 5 of the Bankruptcy Code related in any way to the Lease or any payments or other transactions involving the Lease.

9. Notwithstanding any provision of this Stipulation to the contrary, nothing contained herein shall affect in any way any other agreements between the Debtors and Med One, including in connection with St. Christopher's Hospital for Children, or any claims or defenses of the Parties concerning any matters not involving the Lease or transactions involving the Lease.

10. The Parties are authorized to take any and all actions necessary to effectuate this Stipulation.

11. This Stipulation is the entire agreement between the Debtors and Med One with respect to the subject matter hereof.  This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein.  No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

12. Each of the Parties, by and through its respective undersigned counsel, represents and warrants that its undersigned counsel is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, the applicable Party, to the terms and conditions of this Stipulation.

13. Each of the Parties further acknowledges that it has been fully advised with respect to its rights and obligations under this Stipulation by counsel of its own choosing.  Each of the Parties has consulted with counsel of its own choosing and has had adequate opportunity

to make whatever investigation or inquiry it deems necessary or desirable with respect to the subject matter and terms of this Stipulation.

14. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

15. This Stipulation shall be binding and inure to the benefit of the Parties hereto, their successors and assigns, including, as to the Debtors, any chapter 7 or chapter 11 trustee, plan administrator or estate representative.

16. This Stipulation may be modified, amended, or supplemented by the Parties, in writing, and without further order of the Court, provided that any such modification, amendment, or supplement either is not material.

17. If any part of this Stipulation is held to be unenforceable by any court of competent jurisdiction, the unenforceable provision shall be deemed amended to the least extent possible to render it enforceable and the remainder of this Stipulation shall remain in full force and effect.

18. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws' principles thereof. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, agents, attorneys and representatives.

19. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

20. The Parties acknowledge and agree that the Court shall retain jurisdiction over all

disputes concerning or related to the subject matter of this Stipulation.

**IN WITNESS WHEREOF**, the Parties, by and through their duly authorized respective counsel, hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| **SAUL EWING ARNSTEIN & LEHR LLP** | **RAY QUINNEY & NEBEKER P.C.** |
|---|---|
| */s/ Aaron S. Applebaum* | */s/ David H. Leigh* |
| Mark Minuti (DE Bar No. 2659) | David H. Leigh, Esq. |
| Monique Bair DiSabatino (DE Bar No. 6027) | 36 South State Street |
| 1201 N. Market Street, Suite 2300 | Suite 1400 |
| P.O. Box 1266 | Salt Lake City, UT 84111 |
| Wilmington, DE 19899-1266 | Telephone: (801) 323-3382 |
| Telephone: (302) 421-6813 | Fax: (801) 532-7543 |
| Fax: (302) 421-5873 | dleigh@rqn.com |
| mark.minuti@saul.com | |
| monique.disabatino@saul.com | *Counsel for Med One Capital Funding, LLC* |

      -and-

Jeffrey C. Hampton
Adam H. Isenberg
Aaron S. Applebaum (DE Bar No. 5587)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
aaron.applebaum@saul.com
*Counsel for Debtors and Debtors in Possession*