## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) **Related to Docket No. __** |
| | ) |

## ORDER APPROVING STIPULATION BETWEEN DEBTORS
## AND HAYES LOCUM, LLC A/K/A HAYES HEALTHCARE, LLC
## <u>REGARDING ALLOWED ADMINISTRATIVE EXPENSE CLAIM</u>

Upon consideration of the *Stipulation between Debtors and Hayes Locum, LLC a/k/a Hayes Healthcare, LLC Regarding Allowed Administrative Expense Claim* (the "**Stipulation**")[2] attached hereto as **Exhibit "1"**; and the Court having jurisdiction over the matters raised in the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Stipulation having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Stipulation is in the best interests of the Debtors, their estates, creditors and all parties-in-interest, and that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2]     Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

Case 19-11466-MFW    Doc 1439-1    Filed 02/28/20    Page 2 of 11

1.      The Stipulation is approved.

2.      Hayes Locum, LLC a/k/a Hayes Healthcare, LLC ("**Hayes**") shall be allowed an administrative expense claim in the amount of $62,915.07 against Debtor Philadelphia Academic Health System, LLC (the "**Allowed Administrative Expense Claim**") on account of, and in full resolution of, the Asserted Claim.

3.      Other than the Allowed Administrative Expense Claim, Hayes shall have no other allowed claims against any of the Debtors, whether filed or scheduled, including, but not limited to, claims arising under the Hayes Contract.  Hayes shall not be entitled to any distributions from any of the Debtors, their estates or any of the Debtors' successors, other than on account of the Allowed Administrative Expense Claim.  Hayes shall not assert any additional claims against any of the Debtors on account of pre-petition or post-petition periods.

4.      The Debtors are authorized to take any and all actions necessary to effectuate the Stipulation.

5.      Omni Agent Solutions, the Debtors' official claims agent, is authorized to take any and all actions necessary to effectuate this Order including, without limitation, amending the claims register in these Chapter 11 Cases to reflect the Allowed Administrative Expense Claim.

6.      This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.

7.      This Order is effective immediately upon entry.

# EXHIBIT 1

## Stipulation

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (KG) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |

## STIPULATION BETWEEN DEBTORS AND
## HAYES LOCUM, LLC A/K/A HAYES HEALTHCARE, LLC
## REGARDING ALLOWED ADMINISTRATIVE EXPENSE CLAIM

This *Stipulation between Debtors and Hayes Locum, LLC a/k/a Hayes Healthcare, LLC Regarding Allowed Administrative Expense Claim* (the "**Stipulation**") is made and entered into as of the 28th day of February, 2020 between the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") and Hayes Locum, LLC a/k/a Hayes Healthcare, LLC ("**Hayes**," and together with the Debtors, the "**Parties**"), by and through their respective duly authorized undersigned counsel.

## INTRODUCTION

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each Debtor commenced a case (the "**Chapter 11 Cases**") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, prior to the Petition Date, Hayes and one of the Debtors – Philadelphia Academic Health System, LLC ("**PAHS**") – entered into a Physician Locum Tenens Coverage Agreement effective as of March 13, 2019 (the "**Hayes Contract**");

**WHEREAS**, on July 16, 2019, the *Debtors' Motion for Entry of (A) an Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially All Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Establishing Procedures in Connection with the Selection of and Protections Afforded to Any Stalking Horse Purchasers, and (IV) Granting Related Relief; and (B) One or More Orders (I) Approving the Sales or Other Acquisition Transactions for the Assets, (II) Authorizing the Sales Free and Clear of all Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 205] (the "**Sale and Bidding Procedures Motion**") was filed with the Court;

**WHEREAS**, on July 26, 2019, the Bankruptcy Court entered an order [D.I. 301] (the "**Bidding Procedures Order**"), granting certain of the relief sought in the Sale and Bidding Procedures Motion, including, among other things, (a) the proposed bidding procedures and (b) the proposed assumption and assignment procedures;

**WHEREAS**, on August 16, 2019, and in accordance with the Bidding Procedures Order, the Debtors filed the *Notice of Assumption, Assignment and Cure Amount with Respect to*

2

*Executory Contracts and Unexpired Leases of the Debtors* [D.I. 510] (the "**Assumption Notice**"), attached to which as Exhibit A was a list of contracts with corresponding cure amounts (the "**Cure Schedule**");

WHEREAS, the Assumption Notice established an objection deadline of August 30, 2019 at 4:00 p.m.;

WHEREAS, on August 29, 2019, Hayes filed a limited objection and reservation of rights [D.I. 595] to the Assumption Notice, disputing its proposed cure amount (the "**Cure Objection**");

WHEREAS, in resolution of the Cure Objection, the Debtors agreed to modify Hayes' cure amount to $374,476.63;

WHEREAS, on September 27, 2019, the Court entered an *Order under 11 U.S.C. § 105, 363, 365, 503 and 507 (A) Approving Asset Purchase Agreement with STC OpCo, LLC (B) Authorizing Sale of Certain of Debtors' Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtors' Executory Contracts, and (D) Granting Related Relief* [D.I. 795] (the "**Sale Order**"),[2] pursuant to which the Court authorized the sale of substantially all assets of St. Christopher's Healthcare, LLC and certain related Debtors (together, the "**Sellers**") to STC OpCo, LLC (the "**Buyer**") in accordance with an asset purchase agreement (the "**STC Sale**");

WHEREAS, closing occurred in connection with the STC Sale, effective as of December 15, 2019 (the "**Closing**");

WHEREAS, on December 20, 2019, the Debtors' filed a *Notice of Final Designation of Executory Contracts and Unexpired Leases to be Assumed and Assigned to Purchaser* [D.I.

---

[2]        Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Order.

3

1219], which identified the Hayes Contract as being assumed and assigned to the Buyer with a cure amount of $374,476.63;

**WHEREAS**, in connection with the $374,476.63 amount, the Buyer paid $313,000.05 at Closing and the Sellers paid the amount of $61,476.58 (per wire reference numbers 0718I1B7031R017246 and 1216I1B7031R021573);

**WHEREAS**, following Closing, Hayes has asserted that additional amounts are owed in the amount of $62,915.07 (the "**Asserted Claim**");

**WHEREAS**, the Debtors dispute the Asserted Claim;

**WHEREAS**, the Parties have conferred and seek to resolve Hayes' Asserted Claim, as set forth herein.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby agree, subject to Bankruptcy Court approval as set forth herein, as follows:

## STIPULATION

1.      Each of the Recitals set forth above is incorporated herein by reference.

2.      This Stipulation is subject to and conditioned upon the entry of a final, non-appealable order of the Court approving this Stipulation (the "**Stipulation Effective Date**").  In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect.  In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's

4

interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante*.

3.     Hayes shall be allowed an administrative expense claim in the amount of $62,915.07 (the "**Allowed Administrative Expense Claim**") on account of, and in full resolution of, the Asserted Claim.

4.     Other than the Allowed Administrative Expense Claim, Hayes shall have no other allowed claims against any of the Debtors, whether filed or scheduled, including, but not limited to, claims arising under the Hayes Contract.  Hayes shall not be entitled to any distributions from any of the Debtors, their estates or any of the Debtors' successors, other than on account of the Allowed Administrative Expense Claim.  Hayes shall not assert any additional claims against any of the Debtors on account of pre-petition or post-petition periods.

5.     The Allowed Administrative Expense Claim shall be fully satisfied through one lump-sum payment of $62,915.07, to be paid within five (5) business days following the entry of an order approving this Stipulation.

6.     The Parties are authorized to take any and all actions necessary to effectuate this Stipulation.

7.     This Stipulation is the entire agreement between the Debtors and Hayes with respect to the subject matter hereof.  This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein.  No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

8.      The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Stipulation shall become effective upon the order approving this Stipulation becoming a Final Order.

9.      In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

10.      This Stipulation may be modified, amended, or supplemented by the Parties, in writing, and without further order of the Court, provided that any such modification, amendment, or supplement either is (a) not material or (b) not less favorable to the Debtors than the existing applicable provisions without further order of the Court.

11.      This Stipulation is a fully integrated agreement with each provision being fully integrated and dependent on each other provision and no provision of this Stipulation may held to be unenforceable without this entire Stipulation being held to be unenforceable and no provision may be "blue penciled" to render such provision enforceable.

12.      This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws' principles thereof.  This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, designees, agents, attorneys and representatives.

13.     This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

14.     The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

7

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

**SAUL EWING ARNSTEIN & LEHR LLP**          **HOGAN♦MCDANIEL**

*/s/ Monique B. DiSabatino*                    */s/ Daniel K. Hogan*
Mark Minuti (DE Bar No. 2659)                  Daniel K. Hogan, Esquire
Monique Bair DiSabatino (DE Bar No. 6027)      1311 Delaware Avenue
1201 N. Market Street, Suite 2300              Wilmington, DE 19806
P.O. Box 1266                                  Telephone: (302) 656-7597
Wilmington, DE 19899-1266                      dkhogan@dkhogan.com
Telephone: (302) 421-6800
Fax: (302) 421-5873                            *Counsel to Hayes Locum, LLC a/k/a Hayes*
mark.minuti@saul.com                           *Healthcare, LLC.*
monique.disabatino@saul.com

        -and-

Jeffrey C. Hampton
Adam H. Isenberg
Melissa A. Martinez
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
melissa.martinez@saul.com

*Counsel for Debtors and Debtors in Possession*