# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1] | ) Case No. 19-11466 (MFW) |
| | ) Jointly Administered |
| Debtors. | ) **Hearing Date: To Be Determined** |
| | ) **Objection Deadline: March 21, 2020 at 4:00 p.m.** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING ABANDONMENT OF PERSONAL PROPERTY AND (B) APPROVING MODIFIED NOTICE PROCEDURES RELATING THERETO

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel, file this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (a) authorizing the Debtors to abandon any and all remaining personal property in which any of the Debtors holds an interest (the "**Abandoned Assets**") located in either of the properties known as the "North and South Towers" at 222-248 North Broad Street in Philadelphia (collectively, the "**Hahnemann Properties**"), effective as of March 8, 2020 and (b) approving a modification to the notice requirements of Bankruptcy Rule 6007 waiving the requirement that the Debtors serve notice of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

the proposed abandonment on all creditors.  In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007.

### Background

3. On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

4. A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases and the relief sought from the Court are set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2] (the "**First Day Declaration**").

-3-

5.  As detailed in the First Day Declaration, as of the Petition Date, the Debtors' cases included, among other entities, two major hospitals in Philadelphia, Pennsylvania – Hahnemann University Hospital ("**Hahnemann**") and St. Christopher's Hospital for Children ("**St. Christopher's**").

6.  The Debtors commenced these cases primarily because of ongoing, unsustainable operating losses at Hahnemann, and therefore to implement and facilitate an orderly closure of Hahnemann while ensuring patient safety and quality patient care.  The Debtors also sought to implement a sale of St. Christopher's to a going concern buyer to ensure its continued operations, for the benefit of an at-risk community that relies on St. Christopher's as a safety net hospital for children, and for creditors.

7.  During the course of these Chapter 11 Cases, the Debtors have wound down their operations at Hahnemann by, *inter alia*, rejecting contracts for services no longer needed and leases for buildings formerly used for medical office and academic purposes, terminating employees and selling equipment no longer used for clinical operations.  The sale of St. Christopher's to a third-party buyer closed effective as of December 15, 2019.

### The Abandoned Assets

8.  On November 25, 2019, the Court entered the *Order (I) Authorizing Retention and Employment of Centurion Service Group, LLC, as Auctioneer, (II) Waiving Compliance with Certain Requirements of Local Rule 2016-2; (III) Approving Sale and Liquidation of Certain Medical Equipment, Furniture and Inventory and (IV) Granting Adequate Protection* (the "**Auction Sale Order**") [Docket No. 1062].

9. Among other things, the Auction Sale Order authorized the Debtors to employ Centurion Service Group, LLC ("**Centurion**") as auctioneer, to sell any medical equipment, furniture and inventory located at the Hahnemann Properties and certain ancillary locations.

10. Centurion has informed the Debtors that, with the exception of certain property that has been taken to a warehouse for sale, it has completed the sale process, and all personal property at the Hahnemann Properties that Centurion believes can be sold has been removed. The Debtors accordingly have determined that the remaining property left at the Hahnemann Properties (*i.e.*, the Abandoned Assets) is of inconsequential value, is burdensome to the Debtors' estates, and that the cost of storing and/or transporting the Abandoned Assets would exceed the value that the Debtors expect could be obtained from any future sale or sales.

11. The Abandoned Assets consist primarily of office furniture, hospital-room furniture and miscellaneous medical and office equipment. The Abandoned Assets <u>do not</u> include any business records, patient records or hazardous or dangerous material or substances.[2] The Debtors have either removed all hard drives or erased all hard drives, as applicable, from all computers and other electronic equipment included in the Abandoned Assets.

12. On January 28, 2020, the Bankruptcy Court entered the *Order Approving Stipulation Regarding Broad Street Lease* [Docket No. 1364], which provided, among other things, for the rejection of the Debtors' lease for the Hahnemann Properties pursuant to section 365 of the Bankruptcy Code, effective as of February 29, 2020. The Debtors and Broad Street Healthcare Properties, LLC, the landlord with respect to the Hahnemann Properties,

---

[2] For avoidance of doubt, chemicals and other materials necessary for operating and maintaining the facility, such as the HVAC system and chillers, will remain in place at the premises. Such items are properly and safely stored and maintained.

subsequently agreed that the Debtors will surrender possession of the Hahnemann Properties by 11:59 p.m. (ET) on March 7, 2020.

13. The Debtors seek to abandon the Abandoned Assets so as to be effective upon their surrender of the Hahnemann Properties.

## Relief Requested

14. By this Motion, the Debtors seek the entry of an order, pursuant to section 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, (a) approving abandonment of the Abandoned Assets effective as of March 8, 2020 and (b) approving the notice thereof, specifically waiving the requirement in Bankruptcy Rule 6007 that the Debtors serve notice of the proposed abandonment on all creditors and deeming service of this Motion on the Notice Parties (as defined below) as sufficient notice.

## Basis for Relief Requested

**A.    Abandonment is in the Best Interests of the Debtors and their Estates.**

15. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate. 11 U.S.C. § 554(a).

16. A debtor's power to abandon property is discretionary. In re Slack, 290 B.R. 282, 284 (Bankr. D. N.J. 2003). Courts defer to the debtor's judgment and place the burden on the party opposing abandonment to prove a benefit to the estate and an abuse of the debtor's discretion. Id., citing In re Interpictures, Inc., 168 B.R. 256 (Bankr. E.D.N.Y. 1994). The right to abandon exists so that "burdensome property" can be removed and "the best interests of the estate" will be furthered. South Chicago Disposal, Inc. v. LTV Steel Co. Inc. (In re Chateaugay Corp.), 130 B.R. 162, 166 (S.D.N.Y. 1991). The party opposing the abandonment must show

some likely benefit to the estate, not mere speculation about possible scenarios in which there might be a benefit to the estate. Slack, 290 B.R. at 284, citing In re Cult Awareness Network, Inc., 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997). The court only needs to find that the debtor made (a) a business judgment, (b) in good faith, (c) upon some reasonable basis and (d) within the debtor's scope of authority. Slack, 290 B.R. at 284, citing In re Fulton, 162 B.R. 539, 540 (Bankr. W.D. Mo. 1993); see also In re Wilson, 94 B.R. 886, 888-90 (Bankr. E.D. Va. 1989).

17. The Supreme Court of the United States has recognized a narrow limit on a debtor's right to abandon property where there is a threat to the public health or safety. See Midlantic Na'tl Bank v. New Jersey Dept. of Envtl. Protection, 474 U.S. 494, 502 (1986) (holding that the Bankruptcy Code does not permit debtors to abandon property in contravention of state or local laws designed to protect the public health or safety). "[T]he majority of courts have read the exception to abandonment narrowly by disallowing abandonment only where there is an imminent and identifiable harm to the public health or safety" in situations where the debtor is "attempting to abandon property in contravention of state or local laws or regulations designed to protect the public." In re Unidigital, Inc., 262 B.R. 283, 286 (Bankr. D. Del. 2001).

18. Here, the Debtors submit that (a) the Abandoned Property does not have any value or benefit to the Debtors' estates and (b) continued ownership of the Abandoned Property would entail significant administrative expense that would likely exceed any value that could be realized from a future sale of the Abandoned Property. As noted above, the Debtors have employed Centurion, an experienced auctioneer specializing the sale of medical equipment, which has determined that the Abandoned Assets are not readily saleable and/or that the cost of storing and/or transporting such property would exceed the value that could be realized in one or more later sales.

-6-

36665635.3 03/07/2020

-7-

19. The Debtors respectfully suggest that, in light of Centurion's conclusions regarding the Abandoned Assets, the Debtors' proposed abandonment of the Abandoned Assets satisfies the threshold for approval of abandonment under section 554(a) of the Bankruptcy Code. Abandonment is a proper exercise of the Debtors' business judgment, is done in good faith and upon a reasonable basis, and is within the Debtors' scope of authority.

20. Further, the Debtors submit that abandonment of the Abandoned Assets does not present a risk to the public health or safety. The Debtors have removed all radiological or other hazardous substances from the Hahnemann Properties, as well as any otherwise protected items such as business or patient records. The Abandoned Assets consist largely of furniture and equipment, such as hospital beds and mattresses, nightstands, desks, chairs and electronic equipment such as computers (without any stored data), televisions and monitors. As such, the Abandoned Assets do not fall within the Supreme Court's narrowly defined exception to a debtor's right to abandonment.

**B.    The Court Should Modify the Notice Requirements under Bankruptcy Rule 6007.**

21. Bankruptcy Rule 6007(a) states, in pertinent part, that "[u]nless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment to the United States Trustee, all creditors, indenture trustees, and committees. . ." Fed. R. Bankr. P. 6007(a).

22. The Debtors request that service of the Motion on the parties on the service list should be deemed adequate and sufficient notice, and that the Court waive the requirement that the Debtors serve notice on all creditors. The Debtors have served this Motion upon the following parties (collectively, the "**Notice Parties**"), or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Official Committee of Unsecured Creditors; (iii)

-8-

counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) Broad Street Healthcare Properties, LLC and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002.

23. The Debtors submit that service on the entire creditor matrix in these Chapter 11 Cases (which includes in excess of 28,000 parties) would be very costly, and that service on the Notice Parties is reasonably calculated to provide timely and adequate notice to all parties with a potential interest in this Motion. Accordingly, the Debtors respectfully request that the Court find that notice of the Motion on the Notice Parties satisfies Bankruptcy Rule 6007 and that no further notice is required.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and warranted.

Dated: March 7, 2020                          **SAUL EWING ARNSTEIN & LEHR LLP**

                                       By:*/s/ Aaron S. Applebaum*
                                           Mark Minuti (DE Bar No. 2659)
                                           Monique B. DiSabatino (DE Bar No. 6027)
                                           1201 N. Market Street, Suite 2300
                                           P.O. Box 1266
                                           Wilmington, DE  19899
                                           Telephone: (302) 421-6800
                                           Fax: (302) 421-5873
                                           mark.minuti@saul.com
                                           monique.disabatino@saul.com

                                                          -and-

                                           Jeffrey C. Hampton
                                           Adam H. Isenberg
                                           Aaron S. Applebaum (DE Bar No. 5587)
                                           Centre Square West
                                           1500 Market Street, 38th Floor
                                           Philadelphia, PA 19102
                                           Telephone: (215) 972-7777
                                           Fax: (215) 972-7725
                                           jeffrey.hampton@saul.com
                                           adam.isenberg@saul.com
                                           aaron.applebaum@saul.com

                                           *Counsel for Debtors and Debtors in Possession*