## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Objection Deadline: March 23, 2020 at 4:00 p.m. (EST)** |
| | ) | **Hearing Date: March 30, 2020 at 2:00 p.m. (EST)** |

### MOTION OF THE DEBTORS FOR AN ORDER (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(b)(9) CLAIMS, AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

The debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel, hereby file this motion (the "**Motion**"), pursuant to sections 105(a), 501, 502(b)(9) and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"), Rules 2002(a)(7), 3002(a) and 3003(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2002-1(e) and 3003-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Bar Date Order**"): (i) establishing the bar dates proposed herein (the "**Bar Dates**") for the filing of claims against the Debtors, including claims asserted under section 503(b)(9) of the Bankruptcy Code ("**Section 503(b)(9) Claims**"); (ii) authorizing and directing holders of Section

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

503(b)(9) Claims to file such claims through proofs of claim; and (iii) approving the form and manner of notice with respect to the foregoing.   In support of this Motion, the Debtors respectfully state as follows:

<u>**Jurisdiction and Venue**</u>

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.   This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).   Venue is proper in this judicial district under 28 U.S.C. §§ 1408 and 1409.   The Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      The statutory predicates for the relief sought herein are sections 105(a), 501, 502(b)(9), and 503(b) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7), 3002(a) and 3003(c), and Local Rules 2002-1(e) and 3003-1(a).

<u>**Background**</u>

3.      On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

4.      On July 15, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al*. [D.I. 182] (the "**Committee**").

5.      On August 14, 2019, the Debtors filed their Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs [D.I. 445-473].

6.      A description of the Debtors' businesses and the reasons for commencing the Chapter 11 Cases are set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2].

**Relief Requested**

7.      By this Motion, the Debtors respectfully request that the Court enter an order, substantially in the form of the Bar Date Order:

a)   establishing **May 26, 2020 at 5:00 p.m. (ET)** as the "**Bar Date**" and deadline for all persons or entities, including Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), to file proofs of claim based on claims against any Debtor that arose prior to the Petition Date, including Section 503(b)(9) Claims;

b)   in the event the Debtors file an amendment (a "**Schedules Amendment**") to any of their Schedules and such Schedules Amendment (i) reduces the undisputed, noncontingent, and liquidated amount of a claim, (ii) reclassifies a scheduled, undisputed, liquidated, noncontingent claim as disputed, unliquidated, or contingent, or (iii) adds a new claim to the Schedules described as "disputed," "contingent" or "unliquidated," establishing a deadline (the "**Amended Schedules Bar Date**") for each applicable claimant to file a proof of claim with respect to such amended or new claim by the later of (y) the Bar Date or (z) 5:00 p.m. (EST) on the date that is twenty-one (21) days after service of a notice on such claimant of the Schedules Amendment;

c)   establishing the deadline for claims arising from the rejection of an executory contract or unexpired lease as the later of (i) the Bar Date or (ii) the date that is thirty (30) days following service of notice of the effective date of such rejection (unless the order authorizing such rejection provides otherwise) (the "**Rejection Damages Bar Date**");

d)   approving the form, attached to the Bar Date Order as **Exhibit 1** (the "**Proof of Claim Form**"), for filing a proof of claim against any Debtor;

e)   approving the proposed notice of the Bar Dates attached to the Bar Date Order as **Exhibit 2** (the "**Bar Date Notice**") and **Exhibit 3** (the "**Publication Notice**");

f)  authorizing and directing holders of Section 503(b)(9) Claims to assert such claims pursuant to timely-filed proofs of claim; and

g)  approving the notice procedures proposed herein.

8.      The Debtors will establish a deadline for all persons or entities (except for professionals retained in these Chapter 11 Cases) holding any right to payment constituting an actual, necessary cost or expense of administering these cases or preserving the estates under section 503(b) and 507(a)(2) of the Bankruptcy Code that arose *after* the Petition Date at a later time, with the exception of 503(b)(9) Claims which shall be asserted through proofs of claim as described herein.

**The Proposed Procedure for Filing Proofs of Claim**

9.      The Debtors propose the following procedure for filing proofs of claim:

a)  Proofs of claim must substantially conform to the Proof of Claim Form attached to the Bar Date Order as **Exhibit 1**.

b)  Proofs of claim must be actually received by the Debtors' claims agent, Omni Management Group ("**Omni**"), on or before the applicable Bar Date, at the following address:

> **Center City Healthcare, LLC, et. al. Claims Processing**
> **c/o Omni Management Group**
> **5955 DeSoto Ave., Suite 100**
> **Woodland Hills, CA 91367**

c)  Proofs of claim can also be submitted electronically through Omni's case website, at the following web address by clicking on "Submit a Proof of Claim:" www.omniagentsolutions.com/PAHSPOCSubmission.

d)  Proofs of claim submitted by facsimile or e-mail will not be accepted, with the exception of proofs of claim submitted through the Debtors' case website, as described in ¶ 9(c) above.

e)  Proofs of claim will be deemed timely filed only if an original copy of the signed proof of claim is actually received by Omni at the address set forth above or through electronic submission of the proof of claim through Omni's website at the web address set above on or before the applicable Bar Date.

36555517.5.doc 03/13/2020

f)      Proofs of claim must: (i) be in writing and signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation or, if voluminous, a summary of supporting documents and an explanation as to why documentation is not available and identify where such supporting documentation may be obtained; (iii) be in English; and (iv) be denominated in United States currency.

g)      Section 503(b)(9) Claims shall be asserted through proofs of claim, and each proof of claim asserting a Section 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the applicable Debtor in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices corresponding to the asserted Section 503(b)(9) Claim; and (iii) attach documentation demonstrating that the goods were received by the Debtors within the 20 days preceding the Petition Date.

h)      Each proof of claim must specify by name the Debtor against which the claim is asserted and the corresponding case number, and if the holder asserts a claim against more than one Debtor, a separate proof of claim must be filed against each such Debtor.

- If more than one Debtor is listed on the Proof of Claim Form, the Debtors will treat such claim as filed only against the first listed Debtor.

- Any claim filed under the joint administration case number of 19-11466 that does not identify a specific Debtor against which the claim is asserted shall be deemed as filed only against Center City Healthcare, LLC.

i)      Any entity that files a proof of claim by mail and wishes to receive a date-stamped copy by return mail shall include an additional copy of the proof of claim and a self-addressed postage-paid envelope.

10.      The Debtors propose that the following persons or entities <u>not</u> be required to file a proof of claim in accordance with the procedures set forth herein:

a)      any person or entity that has already properly filed a proof of claim with Omni or the Court in a form substantially similar to Official Form 410;

b)      any person or entity whose claim is listed on a Debtor's Schedule D or E/F, and (i) the claim is not described as "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and

priority of the claim set forth in the Schedules, and (iii) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;

c)  any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

d)  any person or entity whose claim has been satisfied in full by the Debtors or any other party prior to the applicable Bar Date;

e)  any holder of a claim for which the Court has already fixed a specific deadline to file a proof of claim;

f)  an employee of a Debtor if an order of this Court authorized such Debtor to honor the employee's claim in the ordinary course of business, and the Debtor actually paid such claim, such as a wage, commission or benefit claim; provided however, that an employee must submit a proof of claim by the Bar Date for all other claims, including claims for deferred compensation, wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtors' workers' compensation insurance, or any other litigation or pre-litigation claim;

g)  any Debtor having a claim against another Debtor; and

h)  any holder of an equity interest in a Debtor need not file a proof of interest with respect to the ownership of such equity interest at this time; provided, however, that any holder of an equity interest who wishes to assert a claim against a Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Bar Date pursuant to procedures set forth herein.

**<u>Effect of Failure to File a Proof of Claim</u>**

11.    The Debtors request that any holder of a claim against any Debtor who receives notice of the applicable Bar Date (whether such notice was actually or constructively received) and is required, but fails, to file a Proof of Claim Form in accordance with the Bar Date Order on or before the applicable Bar Date, (a) shall be forever barred, estopped, and enjoined from asserting such claim against any Debtor (or filing a proof of claim with respect thereto), and such Debtor and its property may, upon confirmation of a chapter 11 plan with respect thereto, be forever discharged from all indebtedness and liability with respect to such claim, and (b) shall

not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim.

12.     Moreover, such persons or entities that fail to file a proof of claim in accordance with the Bar Date Order shall no longer receive further notices from the Debtors regarding such claims.

## Proposed Bar Date Notice Procedures

### A.     Bar Date Notices

13.     With the assistance of Omni, the Debtors propose to serve all known[2] persons or entities holding potential prepetition claims against any of them, including former patients of the Debtors[3], with written notice of the Bar Dates, substantially in the form of the Bar Date Notice. Among other things, the Bar Date Notice will (a) identify the Bar Dates, (b) provide holders of claims with information necessary to allow them to make an informed decision as to whether to file a proof of claim, and (c) describe the procedures for filing a timely proof of claim and the consequences of failing to do so.

14.     No later than seven (7) business days after entry of the Bar Date Order, the Debtors will cause to be served the Bar Date Notice, in substantially the form attached to the Bar Date Order as **Exhibit 2**, by first class U.S. mail, postage prepaid, along with a copy of the Proof of Claim Form, on the following parties:

    i.     The Office of the United States Trustee for the District of Delaware;

---

[2]     For the purposes of this Motion, a creditor or entity is, consistent with applicable case law, considered "known" to the extent its identity is either known or is "reasonably ascertainable by the debtor." *Chemetron Corp. v. Jones (In re Chemetron Corp.),* 72 F.3d 341, 346 (3d Cir. 1995) (citing *Tulsa Prof. Collection Serv., Inc. v. Pope,* 485 U.S. 478, 490 (1988)).

[3]     Consistent with the *Order Approving Certain Procedures to Maintain the Confidentiality of Patient Information as Required by Applicable Privacy Rules* [D.I. 72], the names and addresses of any former patients served with the Bar Date Notice will be redacted from the affidavit of service for the Bar Date Notice.

ii.     Counsel to the Committee;

iii.    Counsel to MidCap Funding IV Trust;

iv.     All known holders of claims and their counsel (if known) listed on the Schedules at the addresses stated therein;

v.      All parties known to the Debtors as having potential claims against the Debtors' estates as of the applicable Bar Date and their counsel (if known);

vi.     All counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules (including all collective bargaining agreements) at the addresses stated therein (to be amended or supplemented as necessary);

vii.    All parties to litigation with any of the Debtors (as of the date of the entry of the Bar Date Order) and their counsel (if known);

viii.   All parties who have requested notice pursuant to Bankruptcy Rule 2002;

ix.     All persons or entities that have previously filed Applications or proofs of claim in these Chapter 11 Cases as of the date upon which the Bar Date Order is entered;

x.      The Internal Revenue Service;

xi.     All other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

xii.    All known Governmental Units in these Chapter 11 Cases;

xiii.   All known equity holders of the Debtors as of the Petition Date;

xiv.    All current employees, directors and officers and former employees, directors and officers (to the extent that contact information for a former employee, director or officer is available in the Debtors' books and records);

xv.     All relevant state attorneys general;

xvi.    All other entities listed on the Debtors' matrix of creditors;

xvii.   All former patients of the Debtors; and

xviii.   Pursuant to Local Rule 2002-1(e), counsel to any of the foregoing, if known.

15.     The proposed Bar Date Notice will notify all parties in interest known to the Debtors of the Bar Dates and contain information regarding the procedure for filing a proof of claim, who must file, and the consequences of failing to timely file a proof of claim.  The Debtors will send the Bar Date Notice to each creditor's last known address included in their books and records.

16.     The Debtors respectfully submit that the proposed notice procedures and the mailing of the Bar Date Notice on the foregoing parties will provide good, sufficient and due notice to any creditor or party-in-interest who may wish to assert a proof of claim against the Debtors.

**B.**     **Publication Notice**

17.     In addition to serving the Bar Date Notice, the Debtors propose to publish notice of the Bar Dates, substantially in the form of the Publication Notice annexed to the Bar Date Order as **Exhibit 3**, at least once no later than twenty-one (21) days before the Bar Date in the *Philadelphia Inquirer* and either the *Wall Street Journal* or *USA Today*.  The Publication Notice will provide effective notice of the Bar Dates to all creditors, including (a) any creditors who are unknown or not reasonably ascertainable by the Debtors, (b) known creditors with addresses that are unknown to the Debtors or are no longer accurate and/or updated, and (c) potential creditors with claims against the Debtors.

36555517.5.doc 03/13/2020

## **Basis for Relief Requested**

**A.    Ample Authority Exists to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim**

18.    Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3003(c)(3).  Bankruptcy Rule 3003(c)(2) further requires that any claimant that asserts a claim against any of the Debtors that arose prior to the Petition Date, and that is either not scheduled or scheduled as disputed, contingent, or unliquidated, must file a proof of claim.

19.    Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases, other than section 502(b)(9) of the Bankruptcy Code, which provides that governmental units shall have a minimum 180 days after the entry of the order for relief to file proofs of claim.  As a result, this Court has discretion in setting such a date and is authorized to grant the relief requested in this Motion.  *See* 11 U.S.C. § 105(a) (empowering a court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code); 2 Collier on Bankruptcy ¶ 105.01 (Alan N. Resnick and Henry J. Sommer eds., 15th ed. rev. 2011) ("The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction.").

20.    The procedures proposed herein provide creditors with ample notice and a clear process for filing proofs of claim in a manner that achieves administrative and judicial

36555517.5.doc 03/13/2020

efficiency.  These proposed procedures will also allow these Chapter 11 Cases to move forward quickly with minimum administrative expense and delay.  At this point, the Debtors are focused on moving towards the formulation of a chapter 11 plan and require complete and accurate information as to the nature, validity and status of claims that may be asserted against their estates in order to do so.

21.     The Debtors thus propose that, except as otherwise provided below, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts), including Governmental Units, that assert a "claim" (as such term is defined in section 101(5) of the Bankruptcy Code) against any Debtor that arose prior to the Petition Date, including Section 503(b)(9) Claims, be required to file a proof of claim by the applicable Bar Dates in accordance with the procedures described above.

**B.      The Proposed Notice Procedures are Reasonable and Appropriate**

22.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 21 days' notice by mail of a bar date established pursuant to Bankruptcy Rule 3003(c). Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement another notice. Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

23.     In conjunction with setting the Bar Dates, the Debtors must ensure that creditors and other interested parties receive adequate and appropriate notice of the Bar Dates.  The Debtors propose to mail the Bar Date Notice to their known creditors and must rely on publication to give notice to their unknown creditors.

24.     To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.  *See In re Chemetron Corp.*, 72 F.3d at 345.  As the Third Circuit in *Chemetron* explained, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date."  *Id.* at 346.  A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor."  *Id.* (*citing Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).  An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."  *Id.* (*citing Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).  For "unknown claimants, notification by publication will generally suffice."  *Id.*

25.     The Debtors submit that the proposed notice procedures respecting the Bar Dates satisfy the *Chemetron* standard.  Specifically, to the extent the Bar Dates are established as of March 30, 2020, the Debtors intend to (i) mail the Bar Date Notice to known holders of claims no later than seven (7) business days after the entry of the Bar Date Order, and (ii) provide Publication Notice by a date that is no later than 21 days before the Bar Dates.  Thus, assuming the Bar Date Order is entered on or before March 30, 2020, all known holders of claims will have forty-five (45) days of actual notice and unknown or unreachable holders of claims will have at least twenty-one (21) days of constructive notice of the Bar Dates for filing their claims, thereby satisfying Bankruptcy Rule 2002(a)(7).

26.     Moreover, the Debtors filed their Schedules on August 14, 2019.  Known holders of claims will therefore have had approximately eight months within which to review the Schedules, reconcile the information contained therein with their own books and records and prepare and file proofs of claim, if necessary.  In addition, in the event the Debtors amend or

36555517.5.doc 03/13/2020

supplement the Schedules, the Debtors shall give notice of any such amendment to the holders of affected claims, and such holders will have twenty-one (21) days from the notice date to file a proof of claim.

27.     The Debtors believe that the proposed procedures and notice periods afford holders of claims ample opportunity to review the Bar Date Notice and the Schedules, and to file proofs of claim while, at the same time, ensuring that the Debtors remain in chapter 11 for no longer than is necessary.  Accordingly, for all the foregoing reasons, the Debtors respectfully submit that the proposed Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest and should be approved.

## Notice

28.     The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Human Services; (xi) the City of Philadelphia; and (xii) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## No Prior Request

29.     No prior application for the relief sought herein has been made by the Debtors to this or any other Court.

36555517.5.doc 03/13/2020

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form of the Bar Date Order attached hereto as **Exhibit A**: (i) granting the relief requested herein, and (b) granting the Debtors such other and further relief as is just and proper.

Dated: March 13, 2020                **SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Melissa A. Martinez
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
melissa.martinez@saul.com

*Counsel for Debtors and Debtors-in-Possession*

36555517.5.doc 03/13/2020