## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (MFW) |
| Debtors. | Jointly Administered |

## APPLICATION OF MASTER LANDLORDS FOR ENTRY OF AN ORDER ALLOWING AND DIRECTING PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Harrison Street Real Estate, LLC ("HSRE"), and PAHH Broad Street MOB, LLC, PAHH Bellet MOB, LLC, and PAHH Feinstein MOB, LLC (collectively, the "Master Landlords" and with HSRE, the "Applicants"), by and through their counsel, DLA Piper LLP (US), hereby submit this application (the "Application") for entry of an order seeking allowance and directing payment of an administrative expense claim arising from the commencement of the action by Global Maintenance, Inc. d/b/a Cenova, Inc. ("Cenova"). In support of this Application, Applicants respectfully represent as follows:

### JURISDICTION

1. This Court has jurisdiction over the above-captioned cases, property of the Debtors' estates and this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

2.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Applicants consent to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4.     On June 30 and July 1, 2019 (collectively, the "Petition Date"), each of the Debtors commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.     The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     The Debtors and Master Landlords are party to certain master lease agreements (collectively, the "Master Leases") for certain medical office buildings adjacent hospitals and related facilities operated by the Debtors (collectively, the "Leased Premises").

7.     On November 25, 2019, this Court entered the *Order Approving Stipulation Between Debtors and Master Landlords Regarding Rejection of Leases and Allowed Administrative Expense Claim* [D.I. 1057], which authorized the Debtors to reject the Master Leases pursuant to section 365 of the Bankruptcy Code.

8.     The Master Leases contain an indemnification provision which, in relevant part, provides

> Tenant . . . hereby agrees to indemnify, defend, and hold Landlord . . . free and harmless from and against any all liabilities, obligations, loses, penalties, costs, charges, sanctions, judgments, claims, causes of actions, suits, damages and expenses . . . arising in connection with or arising out of . . . the performance of any labor or services or the furnishing of any materials or other property in respect to the Premises . . . .

2

Master Leases, Section 11.3 (the "Indemnification Provision").

## ADMINISTRATIVE EXPENSE CLAIM

9.      503(b)(1) of the Bankruptcy Code provides that, "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual , necessary costs and expenses of preserving the estate . . . ."  11 U.S.C. § 503(b)(1).  To qualify for an administrative priority, an expense (i) must arise from a post-petition transaction with the debtor-in-possession and (ii) must be beneficial to the debtor-in-possession in the operation of the business.  *In re Marcal Paper Mills, Inc.*, 650 F.3d 311 , 314-15 (3d Cir. 2011) (citing *Calpine Corp. v. O'Brien Envtl Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 532-33 (3d Cir. 1999)).

10.     On January 31, 2020, Cenova brought suit against HSRE and the Master Landlords in the Montgomery County, Pennsylvania, Court of Common Pleas seeking payment of approximately $100,000 for snow removal services performed at the Leased Premises during 2019 (the "Unjust Enrichment Suit").   On information and belief, the Debtor St. Christopher's Healthcare, LLC ("SCHC") contracted with Cenova to perform the snow removal services.  None of HSRE or any Master Landlord is party to any contract with Cenova, nor did any Applicant derive any benefit from any services performed by Cenova for SCHC or any other Debtor.

11.     To the extent that any of HSRE or the Master Landlords are found liable for any claim, damages, or other amounts arising from the Unjust Enrichment Suit, SCHC is required to pay these amounts pursuant to the Indemnification Provision and section 503(b)(1) of the Bankruptcy Code.

12.     Accordingly, HSRE and the Master Landlords are entitled to defense of the claim and allowance of any Loss as an allowed administrative expense claim in the total amount of any damages awarded against any of HSRE or the Master Landlords.

3

## <u>NOTICE</u>

13.     Notice of the filing of this Application to has been given to: (a) the United States Trustee, (b) counsel to the Debtors, (c) counsel to the Committee, and (d) all parties that have requested notice in these cases.  The Applicants respectfully submit that no other or further notice of this Application is required.

*[Remainder of Page Intentionally Left Blank.]*

EAST\173423992.5

WHEREFORE, the Applicants respectfully request that the Court (A) enter the proposed order, substantially in the form attached hereto as **Exhibit A**, allowing their administrative expense claim in the amount of at least the Loss claimed by Cenova; and (B) grant such other and further relief as this Court may deem just and proper.

Dated: April 15, 2020

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Stuart M. Brown*
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@us.dlapiper.com

-and-

Richard A. Chesley (admitted *pro hac vice*)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
Email: Richard.Chesley@us.dlapiper.com

*Counsel to the Applicants*