# EXHIBIT 1

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |

**STIPULATION BETWEEN DEBTORS AND TRUSTEES OF
THE BENEFIT FUND FOR HOSPITAL AND HEALTH CARE EMPLOYEES
PHILADELPHIA AND VICINITY AND THE TRUSTEES OF THE PENSION FUND
FOR HOSPITAL AND HEALTH CARE EMPLOYEES PHILADELPHIA AND
VICINITY REGARDING ALLOWED ADMINISTRATIVE EXPENSE CLAIMS**

This *Stipulation between Debtors and Trustees of the Benefit Fund for Hospital and Health Care Employees Philadelphia and Vicinity and the Trustees of the Pension Fund for Hospital and Health Care Employees Philadelphia and Vicinity Regarding Allowed Administrative Expense Claims* (the "**Stipulation**") is made and entered into as of the 3rd day of April, 2020 between and among the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), the Trustees of the Benefit Fund for Hospital and Health Care Employees Philadelphia and Vicinity (the "**Health Benefit Fund**") and the Trustees of the Pension Fund for Hospital and Health Care Employees Philadelphia and Vicinity (the "**Pension Fund**," and together with the Health Benefit Fund, the "**Funds**," and together with the Debtors, the "**Parties**"), by and through their respective duly authorized undersigned counsel.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

**INTRODUCTION**

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each Debtor commenced a case (the "**Chapter 11 Cases**") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**") is party to certain collective bargaining agreements ("**CBAs**") that govern, *inter alia*, rates of pay, hours of work, and conditions of employment for union employees, including: (a) an agreement with National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO and District 1199C ("**1199C**"), covering service and maintenance employees at Hahnemann University Hospital ("**HUH**"); and (b) an agreement with 1199C, covering technical unit employees at HUH;

**WHEREAS**, the CBAs with 1199C provide for CCH's payment of "contributions" to the Funds, which are based on a percentage of gross payroll paid to 1199C employees for a given month;

**WHEREAS**, on or about July 5, 2019, pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Pay Certain Prepetition Wages, Benefits and Other Compensation, and (B) Continue Employee Compensation and Employee Benefits Programs, and (II) Granting Related Relief* [D.I. 77], the Debtors made two payments to the Funds for contributions owed on account of June 2019 payroll (the "**June Contributions**"): (i) $419,976.13 to the Pension Fund; and (ii) $529,658.25 to the Health Benefit Fund;

**WHEREAS**, on or about August 30, 2019, the Debtors paid the Funds: (i) $62,600 for the co-pay owed in connection with the June Contributions; and (ii) $1,001,109.40 for contributions owed on account of July 2019 payroll, including dues and copays (the "**July Contributions**");

**WHEREAS**, the Funds have asserted a claim against CCH for contributions owed on account of August 2019 payroll, September 2019 payroll, October 2019 payroll, November 2019 payroll and December 2019 payroll (together, the "**Asserted Administrative Claim**");

**WHEREAS**, effective as of December 31, 2019, the Debtors no longer employed any 1199C members;

**WHEREAS**, based on the information set forth in CCH's August 2019 contribution report, the Debtors believe that the amounts owed to the Funds on account of August 2019 payroll (together, the "**August Contribution**") are as follows:

- Pension Contribution: $540,183.13
- Benefit Contribution: $706,905.55
- Dues: $18,642.02
- Copays: $80,997.71
- Total: $1,346,728.30

**WHEREAS**, the Debtors believe that the amounts owed to the Funds on account of September 2019 payroll (together, the "**September Contribution**") are as follows:

- Pension Contribution: $13,174.68
- Benefit Contribution: $22,253.19
- Dues: $0.00
- Copays: $0.00
- Total: $35,427.87

**WHEREAS**, the Debtors believe that the amounts owed to the Funds on account of October 2019 payroll (together, the "**October Contribution**") are as follows:

- Pension Contribution: $13,174.68
- Benefit Contribution: $22,253.19

3

- Dues: $0.00
- Copays: $0.00
- Total: $35,427.87

**WHEREAS**, the Debtors believe that the amounts owed to the Funds on account of November 2019 payroll (together, the "**November Contribution**") are as follows:

- Pension Contribution: $13,174.68
- Benefit Contribution: $22,253.19
- Dues: $0.00
- Copays: $0.00
- Total: $35,427.87

**WHEREAS**, the Debtors believe that the amounts owed to the Funds on account of December 2019 payroll (together, the "**December Contribution**," and together with the August, September, October, November and December Contributions, the "**Contributions**") are as follows:

- Pension Contribution: $13,174.68
- Benefit Contribution: $22,253.19
- Dues: $0.00
- Copays: $0.00
- Total: $35,427.87

**WHEREAS** the Parties have met and conferred and now seek to resolve the Funds' Asserted Administrative Claim, as set forth herein.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby agree, subject to Bankruptcy Court approval as set forth herein, as follows:

## STIPULATION

1. Each of the Recitals set forth above is incorporated herein by reference.

2. This Stipulation is subject to and conditioned upon the entry of a final, non-appealable order of the Court approving this Stipulation (the "**Stipulation Effective Date**"). In

the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect. In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante*.

3.  The Funds shall be allowed an administrative expense claim in the amount of $1,488,439.78 (the "**Allowed Administrative Expense Claim**") against CCH on account of, and in full resolution of, the Contributions and the Asserted Administrative Claim, to be broken down as follows:

| Month | Contributions |
|---|---|
| August | Pension Contribution: $540,183.13<br>Benefit Contribution: $706,905.55<br>Dues: $18,642.02<br>Copay: $80,997.71<br>**Total: $1,346,728.30** |
| September | Pension Contribution: $13,174.68<br>Benefit Contribution: $22,253.19<br>Dues: $0.00<br>Copays: $0.00<br>**Total: $35,427.87** |
| October | Pension Contribution: $13,174.68<br>Benefit Contribution: $22,253.19<br>Dues: $0.00<br>Copays: $0.00<br>**Total: $35,427.87** |
| November | Pension Contribution: $13,174.68<br>Benefit Contribution: $22,253.19<br>Dues: $0.00<br>Copays: $0.00<br>**Total: $35,427.87** |

| December | Pension Contribution: $13,174.68<br>Benefit Contribution: $22,253.19<br>Dues: $0.00<br>Copays: $0.00<br>**Total: $35,427.87** |
|---|---|
| **Total:** | **$1,488,439.78** |

4. Of the total Allowed Administrative Expense Claim, $141,711.48, which represents the amount owed for the September, October, November and December Contributions, shall be payable to the Funds within five (5) business days following the Stipulation Effective Date.

5. The balance of the Allowed Administrative Expense Claim, in the amount of $1,346,728.30, shall be payable in accordance with the terms of a confirmed chapter 11 plan or plans.

6. Other than the Allowed Administrative Expense Claim, the Funds shall have no other allowed administrative expense claims against any of the Debtors, whether filed or scheduled, and the Funds shall not assert any additional claims against any of the Debtors on account of the post-petition period; provided, however, that the Funds reserve any and all rights to assert an administrative claim on account of pension withdrawal liability, and the Debtors reserve any and all defenses, counterclaims and objections thereto.  In addition, the Funds shall have no further claim against the Debtors for contributions related to the months of June through December 2019.

7. The Parties are authorized to take any and all actions necessary to effectuate this Stipulation.

8. This Stipulation is the entire agreement between the Debtors and the Funds with respect to the subject matter hereof.  This Stipulation supersedes any and all agreements, whether

written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

9. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation; provided, however, the Debtors' authorization is subject to Bankruptcy Court approval and this Stipulation shall become effective upon the order approving this Stipulation becoming a Final Order.

10. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

11. This Stipulation shall be binding and inure to the benefit of the Parties hereto, their successors and assigns, and including, as to the Debtors, any chapter 7 or chapter 11 trustee, plan administrator or estate representative.

12. This Stipulation may be modified, amended, or supplemented by the Parties, in writing, and without further order of the Court, provided that any such modification, amendment, or supplement either is (a) not material or (b) not less favorable to the Debtors than the existing applicable provisions without further order of the Court.

13. This Stipulation is a fully integrated agreement with each provision being fully integrated and dependent on each other provision and no provision of this Stipulation may held to be unenforceable without this entire Stipulation being held to be unenforceable and no provision may be "blue penciled" to render such provision enforceable.

14. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws' principles thereof. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, designees, agents, attorneys and representatives.

15. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

16. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| | |
|---|---|
| **SAUL EWING ARNSTEIN & LEHR LLP** | **GELLERT SCALI BUSENKELL & BROWN LLC** |
| */s/ Monique B. DiSabatino* | */s/ Michael Busenkell* |
| Mark Minuti (DE Bar No. 2659) | Michael Busenkell (DE Bar No. 3933) |
| Monique Bair DiSabatino (DE Bar No. 6027) | 1201 N. Orange Street, Suite 300 |
| 1201 N. Market Street, Suite 2300 | Wilmington, DE 19801 |
| P.O. Box 1266 | Telephone: (302) 425-5812 |
| Wilmington, DE 19899-1266 | Facsimile: (302) 425-5814 |
| Telephone: (302) 421-6800 | mbusenkell@gsbblaw.com |
| Fax: (302) 421-5873 | |
| mark.minuti@saul.com | *Counsel to the Funds* |
| monique.disabatino@saul.com | |

   -and-

Jeffrey C. Hampton
Adam H. Isenberg
Aaron S. Applebaum (DE Bar No. 5587)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
aaron.applebaum@saul.com

*Counsel for Debtors and Debtors in Possession*