# EXHIBIT 1

# Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |

**STIPULATION RESOLVING CONTESTED
MATTERS WITH ACHINTYA MOULICK, MD**

This Stipulation between the above-captioned debtors and debtors in possession (the "**Debtors**") and Achintya Moulick, MD ("**Dr. Moulick**," and together with the Debtors, the "**Parties**"), is made and entered into as of the 20th day of April, 2020 by and through the Parties' respective duly authorized undersigned counsel.

**INTRODUCTION**

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each Debtor commenced a case (the "**Chapter 11 Cases**") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

**WHEREAS**, on or about November 7, 2018, Dr. Moulick and Debtor SCHC Pediatric Associates, L.L.C. ("**SCHC**") entered into a *Physician Employment Agreement* (the "**Employment Agreement**"), pursuant to which SCHC employed Dr. Moulick as a full-time physician in St. Christopher's Department of Cardiothoracic Surgery and agreed to provide to Dr. Moulick certain compensation and benefits;

WHEREAS, on September 27, 2019, the Court entered an *Order under 11 U.S.C. § 105, 363, 365, 503 and 507 (A) Approving Asset Purchase Agreement with STC OpCo, LLC (B) Authorizing Sale of Certain of Debtors' Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtors' Executory Contracts, and (D) Granting Related Relief* [D.I. 795] (the "**Sale Order**"), pursuant to which the Court authorized the sale (the "**STC Sale**") of substantially all assets of STC and certain related Debtors to STC OpCo, LLC (the "**Buyer**") pursuant to the terms of an asset purchase agreement (as amended, the "**APA**");

**WHEREAS**, the STC Sale closed effective as of December 15, 2019;

**WHEREAS**, the Buyer did not designate the Employment Agreement for assumption and assignment in connection with the STC Sale;

**WHEREAS**, the *Motion of Achintya Moulick, MD for Allowance and Payment of an Administrative Claim Pursuant to 11 U.S.C. § 503(b)* [D.I. 1081] (the "**Administrative Claim Motion**") was filed with the Court, pursuant to which Dr. Moulick sought the allowance and payment of an alleged administrative claim under 11 U.S.C. §503(b) in the total amount of $2,689,941;

**WHEREAS**, the Debtors filed the *Debtors' Objection to Motion of Achintya Moulick, MD for Allowance and Payment of an Administrative Claim Pursuant to 11 U.S.C. § 503(b)* [D.I.

1326] and the Official Committee of Unsecured Creditors (the "**Committee**") filed a joinder to the Debtors' objection [D.I. 1329] (together, the "**Moulick Claim Objections**");

**WHEREAS**, the Debtors filed the *Seventh Omnibus Motion of the Debtors for Entry of an Order Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases* [D.I. 1137] (the "**7th Rejection Motion**") pursuant to which the Debtors sought to reject, among other contracts and leases, the Employment Agreement, effective as of December 15, 2019;

**WHEREAS**, Dr. Moulick filed *Achintya Moulick, MD's Response to the Debtors' Seventh Omnibus Motion for Entry of an Order Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases* [D.I. 1328] (the "**Moulick Response**");

**WHEREAS**, pursuant to the *Order Granting Motion Of Debtors Pursuant To Sections 105(A) And 363(B) Of The Bankruptcy Code And Federal Rule Of Bankruptcy Procedure 9019 For Authority To Purchase Specified Professional Liability Tail Insurance* dated March 4, 2020 [D.I. 1447], the Debtors purchased Tail Coverage (as defined in the forgoing order), which included coverage for Dr. Moulick as required by the Medical Care Availability and Reduction of Error Act, Act 13 of 2002, 40 P.S. 1303.101 *et seq*.;

**WHEREAS**, the Parties desire to resolve their disputes relating to the Administrative Claim Motion, the 7th Rejection Motion, the Moulick Claim Objections and the Moulick Response without the time, expense, and uncertainty attendant with litigation over such contested matters, on the terms set forth herein;

**NOW, THEREFORE**, in consideration of the foregoing and of the mutual promises hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree, subject to Bankruptcy Court approval, as follows:

**STIPULATION**

1. Each of the Recitals set forth above is incorporated herein by reference.

2. This Stipulation is subject to and conditioned upon the entry of a final, non-appealable order of the Court approving this Stipulation (the "**Stipulation Effective Date**"). In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect. In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any Parties, and the Parties shall be automatically returned to their respective positions *status quo ante*.

3. Dr. Moulick shall have an allowed administrative expense claim pursuant to 11 U.S.C. § 503(b) against debtor SCHC only in the total amount of $121,019.22 (the "**Allowed Administrative Claim**"), which Allowed Administrative Expense Claim shall be paid within seven (7) calendar days following the Stipulation Effective Date.

4. Dr. Moulick shall have an allowed general unsecured claim against debtor SCHC only in the total amount of $1.798 million (the "**Allowed GUC Claim**, and together with the Allowed Administrative Claim, the "**Allowed Claims**").

5. The Employment Agreement shall be deemed rejected pursuant to 11 U.S.C. §365(a), effective as of December 15, 2019.

6. Other than the Allowed Claims, Dr. Moulick shall have no other allowed claims against any of the Debtors, whether filed or scheduled, including, but not limited to, claims arising under the Employment Agreement or the "Directorship Addendum" attached to

Administrative Claim Motion at Exhibit B.  Dr. Moulick shall not be entitled to any distributions from any of the Debtors, their estates or any of the Debtors' successors, other than on account of the Allowed Claims.  Dr. Moulick shall not amend any previously filed claims and shall not assert any additional claims against any of the Debtors.

7. The Parties shall not disparage or otherwise take any action that could reasonably be expected to adversely affect the professional reputation of any other Party, its members, managers, directors, officers, representatives or employees.

8. The Debtors and the Debtors' claims agent are authorized to take any and all actions necessary to effectuate this Stipulation including, without limitation, amending the claims register in the chapter 11 cases to reflect the terms of this Stipulation.

9. This Stipulation effects the settlement of claims that are denied and contested. Neither the execution of this Stipulation nor the payment of, or distributions toward, the Allowed Claims shall be construed as an admission of liability by any Party or an admission or limitation on the amount or nature of any claim, and the Parties specifically deny any liability to one another.

10. This Stipulation shall be binding upon and shall issue to the benefit of the Parties hereto and their respective past, present and future predecessors, successors, parents, subsidiaries, divisions, affiliates, directors, officers, shareholders, employees, agents, representatives, trustees, attorneys, administrators, managers, executors, heirs, and assigns.

11. The Parties are authorized to take any and all actions necessary to effectuate this Stipulation.

12. This Stipulation is the entire agreement between and among the Parties with respect to the subject matter hereof.  This Stipulation supersedes any and all agreements, whether

written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

13. This Stipulation is a fully integrated agreement with each provision being fully integrated and dependent on each other provision and no provision of this Stipulation may held to be unenforceable without this entire Stipulation being held to be unenforceable and no provision may be "blue penciled" to render such provision enforceable.

14. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Stipulation shall become effective upon the order approving this Stipulation becoming a final order.

15. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

16. This Stipulation may be modified, amended, or supplemented by the Parties, in writing, and without further order of the Court, provided that any such modification, amendment, or supplement either is (a) not material or (b) not less favorable to the Debtors than the existing applicable provisions without further order of the Court.

17. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws' principles thereof.

18. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

19. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Mark Minuti*
Mark Minuti (DE Bar No. 2659)
Monique Bair DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899-1266
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

   -and-

Jeffrey C. Hampton
Adam H. Isenberg
Aaron S. Applebaum (DE Bar No. 5587)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7700
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
aaron.applebaum@saul.com

*Counsel for Debtors and Debtors in Possession*

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder (No. 5796)
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 803-4600
Facsimile: (302) 397-2557
dklauder@bk-legal.com

*Counsel to Dr. Moulick*