# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, et al.,**<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date: May 27, 2020 at 11:30am (ET)**<br>**Objection Deadline: May 20, 2020 at 4:00pm (ET)** |

## BECKMAN COULTER, INC.'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO 11 U.S.C. § 503(b)

Beckman Coulter, Inc. ("Beckman"), by and through its undersigned counsel, hereby files this *Motion for Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. § 503(b)* ("Motion"), and in support thereof, respectfully avers as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this district pursuant to 11 U.S.C. § 1409.

2. Sections 105(a) and 503(b) of title 11, United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, "Bankruptcy Code"), serve at the bases for the relief requested in this Motion.

### Factual Background

3. On July 30, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "Bankruptcy Code"), commencing the above-captioned chapter 11 cases.

4. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Section 1107(a) and 1108 of the Bankruptcy Code.

5. Beckman is a creditor of the Debtors, a party to several unexpired lease agreements, and a party-in-interest with standing to seek the relief requested herein.

6. Prior to the Petition Date, Beckman entered into several lease agreements with Debtor Center City Healthcare, LLC d/b/a Hahnemann University Hospital (CCHC") for *inter alia,* equipment, consumables, and services (the "Leases").

A. **Beckman is Entitled to an Administrative Expense Claim Pursuant to Section 503(b)(1) of the Bankruptcy Code for Actual and Necessary Costs and Expenses of Preserving the Estate**

7. After the Petition Date, the Debtors continued to use the equipment, place orders and purchase reagents pursuant to the Leases which Beckman filled, providing the Debtors with the goods and services identified on the following statement of account in the aggregate amount of $106,699.45 (the "Post-Petition Claim").

8. A true and correct copy of the Statement of Account is attached hereto and incorporated herein as Exhibit "A".

9. On October 15, 2019, the Debtors and Beckman filed their Stipulation Regarding Equipment Leases Between Hahnemann University Hospital and Beckman Coulter, Inc. (the "Stipulation") at Doc. No. 855, wherein the Debtors sought a rejection of the Leases to be effective on the Stipulation Effective Date (entry of a final, non-appealable order of the Court approving the Stipulation).

10. The Leases were rejected by Order approving the Stipulation on November 4, 2019 at Doc. No. 953 ("Rejection Order").

11. All Post-Petition Invoices were incurred prior to entry of the Stipulation and Rejection Order.

12. All of said invoices remain unpaid as of the date of this Motion.

13. All of said invoices are for goods and services rendered to the Debtors prior to the Stipulation and Rejection Order.

14. For the reasons set forth herein, Beckman should be entitled to the allowance and payment of the amounts due for the Post-Petition Claim.

15. Section 503(b) of the Bankruptcy Code provides that an entity can request payment of an administrative expense claim for the "actual, necessary costs and expenses of preserving the estate. . ." *See* 11 U.S.C. § 503(b). **"Actual a**nd necessary costs under Section 503 include costs ordinarily incident to operation of a business, and need not be limited to costs without which rehabilitation would be impossible." *In re B. Cohen & Sons Caterers, Inc.*, 143 B.R. 27 (ED. Pa. 1992).

16. The Third Circuit, in interpreting the meaning of §503(b)(1)(A), in *Pennsylvania Department of Environmental Resources v. Tri-State Clinical Laboratories, Inc.*, 178 F.3d 685 (3d Cir. 1999), stated, that "for a claim to be given priority as an administrative expense under this provision of the Code, it must be (1) a cost or expense that is (2) actual and necessary to (3) preserving the estate.'" *Id. at 689*. In construing the meaning of these words, the Third Circuit relied upon the Supreme Court's decision in *Reading Company v. Brown, 391 U.S. 471, 88 S. Ct. 1759, 20 L. Ed. 2d 751 (1968)* wherein the Supreme Court observed that "actual and necessary costs" are those "costs ordinarily incident to operation of a business" but are "not [ ] limited to costs without which rehabilitation would be impossible." *Id. at 483*. *In re Phila. Newspapers, LLC,* 433 B.R. 164, 169 (Bankr. E.D. Pa. 2010)

17.     The Debtors have failed to pay for certain post-petition goods and services provided by Beckman, as identified on the Statement of Account, totaling $106,699.45 (the "503(b)(1) Claim").

18.     Beckman believes and therefore submits that the goods and reagents purchased by the Debtors from Beckman, and the services provided to the Debtors after the Petition Date, were actual and necessary costs of conducting the Debtors' hospital operations in order to preserve its value.

19.     Moreover, the Debtors' use of the Equipment was an actual and necessary cost of conducting the Debtors' hospital operations prior to the rejection of any of its Leases with Beckman.

20.     Therefore, the unpaid Post-Petition Claim totaling $106,699.45 are administrative expenses pursuant to Section 503(b)(1), and Beckman is entitled to allowance and payment of $106,699.45 as an administrative expense claim.

### B.  Beckman is Entitled to an Administrative Expense Claim Pursuant to Section 503(b)(9) of the Bankruptcy Code for Goods Delivered by Beckman within Twenty (20) Days of the Petition Date

21.     Under § 503(b)(9), a creditor is entitled to payment of an administrative expense for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."  11 U.S.C. § 503(b)(9).

22.     As stated above, the Petition Date was June 30, 2019.

23.     On or within twenty days prior to the Petition Date (the "503(b)(9) Period"), Beckman provided and shipped to the Debtors goods in the total amount of $94,363.33 (the "503(b)(9) Claim").

24. True and correct copies of a Statement of Account and invoices evidencing these transactions are attached hereto as Exhibit B.

25. Pursuant to § 503(b)(9), Beckman is therefore entitled to an administrative expense claim in the amount of $94,363.33.

26. Beckman reserves all of its rights with respect to its 503(b)(1) Claim and 503(b)(9) Claim, including, without limitation: (i) its right to be paid in the ordinary course of business as post-petition creditor for Goods delivered to the Debtors (ii) its right to seek payment of prepetition invoices from any non-debtor parties, if any, that are co-obligors; and (iii) its right to assert any other rights under applicable law.

27. Beckman reserves the right to amend or supplement this request for any purpose.

WHEREFORE, Beckman respectfully requests an Order from this Honorable Court granting Beckman an allowed administrative expense claim pursuant to Section 503(b)(1) for the value of goods received by the Debtor after the Petition Date that were actual and necessary to preserve value for the Debtors' estate and an allowed administrative expense claim pursuant to Section 503(b)(9) for the value of goods delivered to the Debtor within the 503(b)(9) Period and granting such other relief the Court deems just and appropriate.

Respectfully submitted:

**HOGAN MCDANIEL**

*/s/ Garvan F. McDaniel*
Garvan F. McDaniel [Del. Bar No. 4167]
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone 302-656-7540
gmcdaniel@dkhogan.com

-and

                                    BERNSTEIN-BURKLEY, P.C.

Date: May 7, 2020                      /*s/ Kirk B. Burkley*
                                                Kirk B. Burkley, Esq.
                                                PA I.D.: 89511
                                                kburkley@bernsteinlaw.com
                                                BERNSTEIN-BURKLEY, P.C.
                                                707 Grant St., Ste. 2200, Gulf Tower
                                                Pittsburgh, PA 15219
                                                Phone: (412)456-8121
                                                Fax:    (412)456-8135