**<u>EXHIBIT B</u>**

**Blackline – Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) **Related to Docket Nos. 1471 and __** |

### ORDER (I) ESTABLISHING DEADLINES FOR FILING
### PROOFS OF CLAIM,  INCLUDING SECTION 503(b)(9) CLAIMS,
### AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the *Motion of the Debtors for an Order (I) Establishing Deadlines for Filing Proofs of Claim, Including Section 503(b)(9) Claims, and (II) Approving the Form and Manner of Notice Thereof* (the "**Motion**"),[2] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"); and the Court having reviewed the Motion; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012, (ii) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (iv) notice of the Motion and hearing scheduled with respect to the Motion was appropriate given the circumstances and no other or further notice being required; and the legal and factual

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

bases set forth in the Motion and any hearing thereon establishing just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      **Bar Date**:  **August 5, 2020 at 5:00 p.m. (ET)** shall be the deadline for all persons or entities, including Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), to file proofs of claim based on claims against any Debtor that arose prior to the Petition Date, including claims for the value of goods sold to any Debtors in the ordinary course of business and received by such Debtors within twenty (20) days before the Petition Date (each, a "**Section 503(b)(9) Claim**").

3.      **Amended Schedules Bar Date**.  If, on or after the date on which the Debtors serve the Bar Date Notice, any Debtor amends or supplements its Schedules to (i) reduce the undisputed, noncontingent, and liquidated amount of a claim, (ii) reclassify a scheduled, undisputed, liquidated, noncontingent claim as disputed, unliquidated, or contingent, or (iii) add a new claim to the Schedules, the deadline (i.e., the Amended Schedules Bar Date) for the applicable claimant to file a proof of claim with respect to such amended or new claim shall be the later of (y) the Bar Date or (z) 5:00 p.m. (ET) on the date that is twenty-one (21) days after service of a notice on such claimant of the Schedules Amendment; provided, however, that no such proof of claim need be filed if the claimant has already properly filed a proof of claim in a form substantially similar to Official Form 410.

4.      **Rejection Damages Bar Date**. Any persons or entities, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), that assert a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of

2

claim based on such rejection by the later of (i) the Bar Date or (ii) the date that is thirty (30) days following service of notice of the effective date of such rejection (unless the order authorizing such rejection provides otherwise).

5. The Proof of Claim Form, substantially in the form attached hereto as **Exhibit 1**, is approved in all respects.

6. The Bar Date Notice, substantially in the form attached hereto as **Exhibit 2** and the Publication Notice, substantially in the form attached hereto as **Exhibit 3**, are approved in all respects.

7. The notice to patients treated by the Debtors between January 11, 2018 and the Petition Date (the "**Patients**"), substantially in the form attached hereto as **Exhibit 4** (the "**Patient Notice**"), is approved in all respects.

<u>**Procedures for Filing a Proof of Claim**</u>

8. The following procedures for filing proofs of claim are hereby approved and adopted in these Chapter 11 Cases:

a) Proofs of claim must substantially conform to the Proof of Claim Form attached hereto as **Exhibit 1**.

b) Proofs of claim must be actually received by the Debtors' claims agent, Omni Management Group ("**Omni**"), on or before the applicable Bar Date, at the following address:

**Center City Healthcare, LLC, et. al. Claims Processing**
**c/o Omni Management Group**
**5955 DeSoto Ave., Suite 100**
**Woodland Hills, CA 91367**

c) Proofs of claim can also be submitted electronically through Omni's case website, at the following web address by clicking on "Submit a Proof of Claim:" www.omniagentsolutions.com/PAHSPOCSubmission.

d)  Proofs of claim submitted by facsimile or e-mail will not be accepted, with the exception of proofs of claim submitted through the Debtors' case website, as described above in ¶ 7(c).

e)  Proofs of claim will be deemed timely filed only if an original copy of the signed proof of claim is actually received by Omni at the address set forth above or through electronic submission of the proof of claim through Omni's website at the web address set above on or before the applicable Bar Date.

f)  Proofs of claim must: (i) be in writing and signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation or, if voluminous, a summary of supporting documents and an explanation as to why documentation is not available and identify where such supporting documentation may be obtained; (iii) be in English; and (iv) be denominated in United States currency.

g)  Section 503(b)(9) Claims shall be asserted through proofs of claim, and each proof of claim asserting a Section 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the applicable Debtor in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices corresponding to the asserted Section 503(b)(9) Claim; and (iii) attach documentation demonstrating that the goods were received by the Debtors within the 20 days preceding the Petition Date.

h)  Each proof of claim must specify by name the Debtor against which the claim is asserted and the corresponding case number, and if the holder asserts a claim against more than one Debtor, a separate proof of claim must be filed against each such Debtor.

- If more than one Debtor is listed on the Proof of Claim Form, the Debtors will treat such claim as filed only against the first listed Debtor.

- Any claim filed under the joint administration case number of 19-11466 that does not identify a specific Debtor against which the claim is asserted shall be deemed as filed only against Center City Healthcare, LLC.

i)  Any entity that files a proof of claim by mail and wishes to receive a date-stamped copy by return mail shall include an additional copy of the proof of claim and a self-addressed postage-paid envelope.

9.  With respect to holders of Section 503(b)(9) Claims, the filing of a proof of claim in accordance with the procedures set forth herein shall be deemed to satisfy the procedural

requirements for the assertion of administrative priority claims under section 503(b)(9) of the

Bankruptcy Code.

10.    The following persons or entities are **<u>not</u>** required to file a proof of claim:

a.    any person or entity that has already properly filed a proof of claim with Omni or the Court in a form substantially similar to Official Form 410;

b.    any person or entity whose claim is listed on a Debtor's Schedule D or E/F, and (i) the claim is not described as "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and priority of the claim set forth in the Schedules, and (iii) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;

c.    any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

d.    any person or entity whose claim has been satisfied in full by the Debtors or any other party prior to the applicable Bar Date;

e.    any holder of a claim for which the Court has already fixed a specific deadline to file a proof of claim;

f.    an employee of a Debtor if an order of this Court authorized such Debtor to honor the employee's claim in the ordinary course of business, and the Debtor actually paid such claim, such as a wage, commission or benefit claim; provided however, that an employee must submit a proof of claim by the Bar Date for all other claims, including claims for deferred compensation, wrongful termination, discrimination, harassment, hostile work environment, retaliation, or any other litigation or pre-litigation claim;

g.    any Debtor having a claim against another Debtor; and

h.    any holder of an equity interest in a Debtor need not file a proof of interest with respect to the ownership of such equity interest at this time; provided, however, that any holder of an equity interest who wishes to assert a claim against a Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Bar Date pursuant to procedures set forth herein.

## Effect of Failure to File a Proof of Claim

11.     Any holder of a claim against any Debtor who receives notice of the applicable Bar Date (whether such notice was actually or constructively received) and is required, but fails, to file a proof of claim, in accordance with the this Order on or before the applicable Bar Date, shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

## Notice Procedures

12.     No later than seven (7) business days after entry of this Order, the Debtors will cause to be served the Bar Date Notice, in substantially the form attached hereto as **Exhibit 2**, by first class U.S. mail, postage prepaid, along with a copy of the Proof of Claim Form, on the following parties.

      i.      The Office of the United States Trustee for the District of Delaware;

      ii.      Counsel to the Committee;

      iii.      Counsel to MidCap Funding IV Trust;

      iv.      All known holders of claims and their counsel (if known) listed on the Schedules at the addresses stated therein;

      v.      All parties known to the Debtors as having potential claims against the Debtors' estates as of the applicable Bar Date and their counsel (if known);

      vi.      All counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules (including all collective bargaining agreements) at the addresses stated therein (to be amended or supplemented as necessary);

      vii.      All parties to litigation with any of the Debtors (as of the date of the entry of this Order) and their counsel (if known);

      viii.      All parties who have requested notice pursuant to Bankruptcy Rule 2002;

ix.  All persons or entities that have previously filed Applications or proofs of claim in these Chapter 11 Cases as of the date upon which this Order is entered;

x.  The Internal Revenue Service;

xi.  All other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

xii.  All known Governmental Units in these Chapter 11 Cases;

xiii.  All known equity holders of the Debtors as of the Petition Date;

xiv.  All current employees, directors and officers and former employees, directors and officers (to the extent that contact information for a former employee, director or officer is available in the Debtors' books and records);

xv.  All relevant state attorneys general;

xvi.  All other entities listed on the Debtors' matrix of creditors; and

xvii.  Pursuant to Local Rule 2002-1(e), counsel to any of the foregoing, if known.

13.  The Debtors will mail the Bar Date Notice to each of the foregoing parties' last known addresses included in their books and records.

14.  Notwithstanding the foregoing or any provision to the contrary set forth herein, in lieu of mailing the Bar Date Notice to Patients, no later than seven (7) business days after entry of this Order, the Debtors shall cause the Patient Notice, along with a copy of the Proof of Claim Form, to be served by first class U.S. mail, postage prepaid on the Patients; provided that if and to the extent a Patient has a claim against one or more of the Debtors reflected in the Debtors' Schedules of Assets and Liabilities, the Debtors shall cause Omni to mail the applicable Patient the Bar Date Notice, together with a Proof of Claim Form.

15.  The Debtors shall publish the Publication Notice no later than twenty-one (21) days prior to the Bar Date, in the *Philadelphia Inquirer* and either the *Wall Street Journal* or

7

*USA Today*, national editions, which Publication Notice is hereby approved in all respects and which is deemed good, adequate and sufficient publication notice of the Bar Dates.

16.    Notwithstanding anything to the contrary in this Bar Date Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the District of Delaware, any order of this Court, or any proof of claim form or notice of the bar date, (i) ACE American Insurance Company on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "**ACE Companies**") may file a single consolidated proof of claim (the "**ACE Proof of Claim**") in the chapter 11 case of Center City Healthcare, LLC, Case No. 19-11466 (the "**Lead Case**"), which shall be deemed filed by each of the ACE Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; (ii) Federal Insurance Company on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "**Chubb Companies**") may file a single consolidated proof of claim (the "**Chubb  Proof of Claim**" and collectively with the ACE Proof of Claim the "**Consolidated Claims**") in the Lead Case, which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; and (iii) as the documents supporting the Consolidated Claims are voluminous and contain confidential information, the documents supporting the Consolidated Claims will not be filed with the Consolidated Claims but shall be provided to the Debtors upon request.  Nothing contained in this paragraph shall be construed as a waiver or modification of any rights, claims or defenses, including, without limitation, the right of the ACE Companies or the Chubb Companies to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the Consolidated Claims are asserted, or (c) amend the amount or nature of the Consolidated Claims; provided, however, that the Consolidated Claims shall not be disallowed,

reduced or expunged solely on the basis that the Consolidated Claims are filed (I) only in the Lead Case and only against Center City Healthcare, LLC (instead of in the bankruptcy cases of each or any of the other Debtors), and/or (II) only by either of ACE American Insurance Company or Federal Insurance Company (instead of by each of the ACE Companies or the Chubb Companies, respectively).

17.     Nothing in this Order (i) shall impair, prejudice, waive or otherwise affect the rights of the Debtors to dispute, or to assert offsets or defenses to, any claim as to amount, liability, characterization or otherwise, or (ii) shall preclude the Debtors from objecting to any claim on any grounds.

18.     Entry of this Order is without prejudice to the Debtors' right to seek any other or further orders of this Court fixing a date by which holders of administrative expense claims must file or assert such claims against the Debtors.

19.     The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

20.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

36555517.7 36555517.8 06/11/2020

# EXHIBIT 1

**Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

**Fill in the information to identify the case (Select only one Debtor per form):**

- [ ] Center City Healthcare, LLC Case No 19-11466
- [ ] Philadelphia Academic Health System, LLC Case No 19-11467
- [ ] St. Christopher's Healthcare, LLC Case No 19-11468
- [ ] Philadelphia Academic Medical Associates, LLC Case No 19-11469
- [ ] HPS of PA, L.L.C. Case No 19-11470
- [ ] SCHC Pediatric Associates, L.L.C. Case No 19-11471
- [ ] St. Christopher's Pediatric Urgent Care Center, L.L.C. Case No 19-11472
- [ ] SCHC Pediatric Anesthesia Associates, L.L.C. Case No 19-11473
- [ ] StChris Care at Northeast Pediatrics, L.L.C. Case No 19-11474
- [ ] TPS of PA, L.L.C. Case No 19-11475
- [ ] TPS II of PA, L.L.C. Case No 19-11476
- [ ] TPS III of PA, L.L.C. Case No 19-11477
- [ ] TPS IV of PA, L.L.L. Case No 19-11478
- [ ] TPS V of PA, L.L.C. Case No 19-11479

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
- [ ] No
- [ ] Yes    From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _____

Number        Street

City                    State            ZIP Code

Contact Phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

_____

Where should payments to the creditor be sent? (if different)

Name _____

Number        Street

City                    State            ZIP Code

Contact Phone _____

Contact email _____

**4. Does this claim amend one already filed?**
- [ ] No
- [ ] Yes    Claim Number on court claims registry (if known) _____    Filed On _____
          MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
- [ ] No
- [ ] Yes    Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6.** **Do you have any number you use to identify the debtor?**

☐ No
☐ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7.** **How much is the claim?**    $ _____    **Does this amount include interest or other charges?**

☐ No
☐ Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

_____

**9.** **Is all or part of the claim secured?**

☐ No
☐ Yes    The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*
☐ Motor Vehicle
☐ Other    Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:**    $ _____
**Amount of the claim that is secured:**    $ _____
**Amount of the claim that is unsecured:**    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate:**    (when case was filed) _____ %
☐ Fixed
☐ Variable

**10.** **Is this claim based on a lease?**

☐ No
☐ Yes    **Amount necessary to cure any default as of the date of the petition.**    $ _____

**11.** **Is this claim subject to a right of setoff?**

☐ No
☐ Yes    Identify the property: _____

**12.** **Is this claim for the value of goods received by the debtor within 20 days before the commencement of this case (11 U.S.C. §503(b)(9)).?**

☐ No
☐ Yes    Amount of 503(b)(9) Claim:    $ _____

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No
☐ Yes  *Check all that apply*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$_____

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

| **Part 3:** | **Sign Below** |

**The person completing this proof of claim must sign and date it.**
**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                   MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
       First Name          Middle Name          Last Name

Title _____

Company _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
         Number          Street

         _____
         City                State          ZIP Code

Contact Phone _____  Email _____

---

## EXHIBIT 2

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al*.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |

**NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM,**
**INCLUDING SECTION 503(b)(9) CLAIMS**

      **PLEASE TAKE NOTICE** that on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), Center City Healthcare, LLC, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC, HPS of PA, L.L.C., SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., StChris Care at Northeast Pediatrics, L.L.C., TPS of PA, L.L.C., TPS II of PA, L.L.C., TPS III of PA, L.L.C., TPS IV of PA, L.L.C., and TPS V of PA, L.L.C. (together, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**").

      **PLEASE TAKE FURTHER NOTICE** that on March 12, 2020, the Debtors filed the *Motion of the Debtors for an Order (I) Establishing Deadlines for Filing Proofs of Claim, Including Section 503(b)(9) Claims, and (II) Approving the Form and Manner of Notice Thereof* (the "**Motion**").[2]

      **PLEASE TAKE FURTHER NOTICE** that, on June [●], 2020, the United States Bankruptcy Court for the District of Delaware (the "**Court**"), having jurisdiction over the Debtors' chapter 11 cases, entered an order (the "**Bar Date Order**") establishing:

      **Bar Date: August 5, 2020 at 5:00 p.m. (ET)** as the deadline for all persons or entities, including Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), to file proofs of claim based on claims against any Debtor that arose prior to the Petition Date, including claims for the value of goods sold to any Debtor in

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the ordinary course of business and received by such Debtor within twenty (20) days before the Petition Date (each, a "**Section 503(b)(9) Claim**").

**Rejection Damages Bar Date:** Any persons or entities, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), that assert a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection by the later of (i) the Bar Date, or (ii) the date that is thirty (30) days following service of notice of the effective date of such rejection (unless the order authorizing such rejection provides otherwise).

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER TO FILE A PROOF OF CLAIM.**

**If you have any questions with respect to this notice, you may contact the Debtors' claims agent, Omni Management Group ("Omni") at (866) 662-2281, or by email at PAHS@omniagnt.com.  Please note that Omni is not permitted to give you legal advice. Omni cannot advise you how to file, or whether you should file, a Proof of Claim Form.**

**--PROCEDURES FOR SUBMITTING PROOFS OF CLAIM--**

**1.      WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim if you have a claim that arose prior to the Petition Date and it is not a claim described in Section 2 below.  Acts or omissions of the Debtors that arose prior to the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Dates, notwithstanding that such claims may not have matured or become fixed or liquidated as of the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.      WHO NEED NOT FILE A PROOF OF CLAIM**

The following persons or entities are **NOT** required to file a proof of claim in accordance with the procedures set forth herein:

a) any person or entity that has already properly filed a proof of claim with Omni or the Court in a form substantially similar to Official Form 410;

**Creditors are encouraged to confirm that their claim is recorded as intended on the claims register by either reviewing**

2

**https://omnimgt.com/centercityhealthcare or by contacting the Center City Healthcare, LLC, et. al. Claims Processing Center at (866) 662-2281.**

b) any person or entity whose claim is listed on a Debtor's Schedule D or E/F, and (i) the claim is not described as "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and priority of the claim set forth in the Schedules, and (iii) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;

c) any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

d) any person or entity whose claim has been satisfied in full by the Debtors or any other party prior to the applicable Bar Date;

e) any holder of a claim for which the Court has already fixed a specific deadline to file a proof of claim;

f) an employee of a Debtor if an order of this Court authorized such Debtor to honor the employee's claim in the ordinary course of business, and the Debtor actually paid such claim, such as a wage, commission or benefit claim; provided however, that an employee must submit a proof of claim by the Bar Date for all other claims, including claims for deferred compensation, wrongful termination, discrimination, harassment, hostile work environment, retaliation, or any other litigation or pre-litigation claim;

g) any Debtor having a claim against another Debtor; and

h) any holder of an equity interest in a Debtor need not file a proof of interest with respect to the ownership of such equity interest at this time; provided, however, that any holder of an equity interest who wishes to assert a claim against a Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Bar Date pursuant to procedures set forth herein.

# 3.    CLAIMS ARISING UNDER EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you are a party to an executory contract or unexpired lease with a Debtor and assert a claim for amounts accrued pursuant to such executory contract or unexpired lease and unpaid as of the Petition Date, you must file a proof of claim for such amounts on or before the applicable Bar Date, unless an exception in Section 2 otherwise applies.

36555517.7 36555517.8 06/11/2020

If, in addition, you hold a claim that arises from the rejection of an executory contract or unexpired lease, you must file a proof of claim based on such rejection on or before the Rejection Damages Bar Date.

## 4.   WHEN AND WHERE TO FILE A PROOF OF CLAIM

All proofs of claim must be filed **so as to be received** on or before the applicable Bar Date at the following address:

<div align="center">

**Center City Healthcare, LLC, et. al. Claims Processing**
**c/o Omni Management Group**
**5955 DeSoto Ave., Suite 100**
**Woodland Hills, CA 91367**

</div>

Proofs of claim can also be submitted electronically through Omni's website, at the following web address, www.omniagentsolutions.com/PAHSPOCSubmission, and by clicking on "Submit a Proof of Claim."

Proofs of claim will be deemed timely filed only if **actually received** by the Omni Claims Processing Center on or before the applicable Bar Date.  Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission, with the exception of proofs of claim submitted through the Omni case website, as described above.

## 5.   HOW TO FILE A PROOF OF CLAIM

Enclosed herewith is a copy of Official Form 410.  Additional copies of Official Form 410 may be obtained at www.omniagentsolutions.com/PAHSPOCSubmission. The enclosed Proof of Claim Form may already contain information (based on the Debtors' records) including your name, address and the appropriate Debtor.  If you believe the information is incorrect, you may cross out that information and write in the correct information prior to submitting the Proof of Claim Form.

If you file a proof of claim, your filed Proof of Claim Form must (i) be in writing and signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation or, if voluminous, a summary of supporting documents and an explanation as to why documentation is not available and identify where such supporting documentation may be obtained; (iii) be in English; (iv) be denominated in United States currency; and (v) conform substantially with Official Form 410.

Each proof of claim asserting a Section 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the applicable Debtor in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices corresponding to the asserted Section 503(b)(9) Claim; and (iii) attach documentation demonstrating that the goods were received by the Debtors within the 20 days preceding the Petition Date.

**Each Proof of Claim Form must specify the name of the Debtor against which the claim is asserted.** Any holder of a claim against more than one Debtor must file a separate proof of claim against each Debtor, and all holders of claims must identify on their proof of claim the specific Debtor against which such claim is asserted and the case number of that Debtor's bankruptcy case. The Debtors' names and case numbers can be found at the top of the first page of the Proof of Claim Form.

Notably, if more than one Debtor is listed on a Proof of Claim Form, the Debtors will treat such claim as being filed only against the first listed Debtor. In addition, any claim filed under the joint administration case number (No. 19-11466) that does not identify a specific Debtor against which the claim is asserted shall be deemed as filed only against Center City Healthcare, LLC.

If you file a proof of claim and wish to receive a file-stamped receipt copy by return mail, you must include with your Proof of Claim Form an additional copy of your Proof of Claim Form and a self-addressed, postage-paid envelope.

6.      **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed in the Schedules as the holder of a claim against the Debtors.

Interested parties may examine copies of the Schedules, the Bar Date Order and other filings in these cases free of charge at https://omnimgt.com/centercityhealthcare or on the Court's electronic docket for a fee at http://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://pacer.psc.uscourts.gov). Alternatively, you may request that a copy of the Schedules be mailed to you by contacting the Debtors' claims agent, Omni, at (866) 662-2281, or by email at PAHS@omniagnt.com.

If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, if you decide to file a proof of claim, you must do so before the applicable Bar Date, in accordance with the procedures set forth in this notice.

In the event the Debtors file an amendment (a "**Schedules Amendment**") to any of their Schedules and such Schedules Amendment (i) reduces the undisputed, noncontingent, and liquidated amount of a claim, (ii) reclassifies a scheduled, undisputed, liquidated, noncontingent claim as disputed, unliquidated, or contingent, or (iii) adds a new claim to the Schedules described as "disputed," "contingent" or "unliquidated," the deadline for each applicable claimant to file a proof of claim with respect to such amended or new claim shall be the later of (y) the Bar Date or (z) 5:00 p.m. (ET) on the date that is twenty-one (21) days after service of a notice on such claimant of the Schedules Amendment (the "**Amended Schedules Bar Date**");

provided, however, that no such proof of claim need be filed if the claimant has already properly filed a proof of claim in a form substantially similar to Official Form 410.

<div align="center">

**CONSEQUENCES OF FAILURE TO FILE A PROOF
OF CLAIM BY THE APPLICABLE BAR DATE**

</div>

**Absent further order of the Court to the contrary, except with respect to the excluded claims described above,** any holder of a claim against any Debtor who receives notice of the applicable Bar Date (whether such notice was actually or constructively received) and is required, but fails, to file a proof of claim, as applicable, in accordance with the Bar Date Order on or before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

<div align="center">

[remainder of page left intentionally blank]

</div>

## RESERVATION OF RIGHTS

The Debtors reserve the right to dispute, or to assert offsets or defenses against, any claim and nothing contained in the Bar Date Order or this notice shall preclude the Debtors from objecting to any filed claim on any grounds.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST ANY OF THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

Dated:  June __, 2020               SAUL EWING ARNSTEIN & LEHR LLP

<div style="margin-left:40%">

_____
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (215) 972-7111
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Melissa A. Martinez
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7111
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
melissa.martinez@saul.com

*Counsel for Debtors and Debtors-in-Possession*

</div>

## **EXHIBIT 3**

**Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |

## NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM,
## INCLUDING SECTION 503(b)(9) CLAIMS

**PLEASE TAKE NOTICE** that on June 30, 2019 and July 1, 2019 (the "**Petition Date**"), Center City Healthcare, LLC d/b/a Hahnemann University Hospital, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC, HPS of PA, L.L.C., SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., StChris Care at Northeast Pediatrics, L.L.C., TPS of PA, L.L.C., TPS II of PA, L.L.C., TPS III of PA, L.L.C., TPS IV of PA, L.L.C., and TPS V of PA, L.L.C. (together, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**").

**PLEASE TAKE FURTHER NOTICE** that, on June [●], 2020, the United States Bankruptcy Court for the District of Delaware (the "**Court**"), having jurisdiction over the Debtors' chapter 11 cases, entered an order (the "**Bar Date Order**")[2] establishing:

**Bar Date: August 5, 2020 at 5:00 p.m. (ET)** as the deadline for all persons or entities, including Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), to file proofs of claim based on claims against any Debtor that arose prior to the Petition Date, including claims for the value of goods sold to any Debtor in the ordinary course of business and received by such Debtor within twenty (20) days before the Petition Date (each, a "**Section 503(b)(9) Claim**").

**Rejection Damages Bar Date:** Any persons or entities, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), that assert a claim

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection by the later of (i) the Bar Date or (ii) the date that is thirty (30) days following service of notice of the effective date of such rejection (unless the order authorizing such rejection provides otherwise).

A claimant should consult an attorney if the claimant has any questions. For more detailed information regarding who must file a proof of claim and the specific requirements regarding the filing of a proof of claim, or to obtain a Proof of Claim Form, you may (i) contact the Debtors' claims agent, Omni Agent Solutions ("**Omni**"), by telephone at (866) 662-2281, or by email at PAHS@omniagnt.com, (ii) contact the Debtors' attorneys, Saul Ewing Arnstein & Lehr LLP, Attn: Monique B. DiSabatino, Esq., by email (monique.disabatino@saul.com) or telephone (302) 421-6800, or (iii) visit the case website maintained by Omni at https://omnimgt.com/centercityhealthcare. Please note that Omni is not permitted to give you legal advice. Omni cannot advise you how to file, or whether you should file, a proof of claim.

Interested parties may examine copies of the Schedules, the Bar Date Order and other filings in these cases free of charge at https://omnimgt.com/centercityhealthcare or on the Court's electronic docket for a fee at http://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://pacer.psc.uscourts.gov).

## **EXHIBIT 4**

**Patient Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |

**NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM,
<u>INCLUDING SECTION 503(b)(9) CLAIMS</u>**

**To Patients of Hahnemann University Hospital, St. Christopher's Hospital for Children
and/or their Affiliated Practice Groups:**

As you may be aware, Center City Healthcare, LLC d/b/a Hahnemann University Hospital, St. Christopher's Healthcare LLC d/b/a St. Christopher's Hospital for Children and certain of their affiliates (together, the "**Debtors**") filed for chapter 11 protection on June 30, 2019 and July 1, 2019.

You are receiving this notice because our records indicate that you received treatment at Hahnemann University Hospital, St. Christopher's Hospital for Children and/or their affiliated physician practices between the period January 11, 2018 through June 30, 2019.

Receipt of this notice does not mean that you have a claim against the Debtors. However, if you believe you have a claim against any of the Debtors that arose prior to June 30, 2019, ~~you should call (866) 662-2281 or visit the website https://omnimgt.com/centercityhealthcare to obtain~~ a Proof of Claim Form ~~and information regarding the procedures for filing a Proof of Claim against the Debtors~~ is included with this notice. All Proofs of Claim must be filed so as to be received on or before **August 5, 2020 at 5:00 p.m. (ET)** at the following address:

<div align="center">

Center City Healthcare, LLC, et. al. Claims Processing
c/o Omni Management Group
5955 DeSoto Ave., Suite 100
Woodland Hills, CA 91367

</div>

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

Proofs of claim can also be submitted electronically through Omni's website at the following web address, www.omniagentsolutions.com/PAHSPOCSubmission, and by clicking on "Submit a Proof of Claim."

**The deadline for filing Proofs of Claim against the Debtors is August 5, 2020.  If you have a claim against the Debtors but fail to file a Proof of Claim before this deadlineAugust 5, 2020, you will lose your right to assert such claim against the Debtors in the future and will not receive any distribution with respect to such claim.**  Filing a claim does not necessarily entitle you to payment.

**ALL QUESTIONS AND INQUIRIES CONCERNING THIS NOTICE SHOULD BE DIRECTED TO THE DEBTORS' CLAIMS AGENT, OMNI AGENT SOLUTIONS, AT (866) 662-2281 OR PAHS@OMNIAGNT.COM.**

Very truly yours,

SAUL EWING ARNSTEIN & LEHR LLP
COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION