# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) Related to Docket Nos. 1471 and 1665 |

### ORDER (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(b)(9) CLAIMS, AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the *Motion of the Debtors for an Order (I) Establishing Deadlines for Filing Proofs of Claim, Including Section 503(b)(9) Claims, and (II) Approving the Form and Manner of Notice Thereof* (the "**Motion**"),[2] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"); and the Court having reviewed the Motion; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012, (ii) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (iv) notice of the Motion and hearing scheduled with respect to the Motion was appropriate given the circumstances and no other or further notice being required; and the legal and factual

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

bases set forth in the Motion and any hearing thereon establishing just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. **Bar Date**: **August 5, 2020 at 5:00 p.m. (ET)** shall be the deadline for all persons or entities, including Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), to file proofs of claim based on claims against any Debtor that arose prior to the Petition Date, including claims for the value of goods sold to any Debtors in the ordinary course of business and received by such Debtors within twenty (20) days before the Petition Date (each, a "**Section 503(b)(9) Claim**").

3. **Amended Schedules Bar Date**.  If, on or after the date on which the Debtors serve the Bar Date Notice, any Debtor amends or supplements its Schedules to (i) reduce the undisputed, noncontingent, and liquidated amount of a claim, (ii) reclassify a scheduled, undisputed, liquidated, noncontingent claim as disputed, unliquidated, or contingent, or (iii) add a new claim to the Schedules, the deadline (i.e., the Amended Schedules Bar Date) for the applicable claimant to file a proof of claim with respect to such amended or new claim shall be the later of (y) the Bar Date or (z) 5:00 p.m. (ET) on the date that is twenty-one (21) days after service of a notice on such claimant of the Schedules Amendment; provided, however, that no such proof of claim need be filed if the claimant has already properly filed a proof of claim in a form substantially similar to Official Form 410.

4. **Rejection Damages Bar Date**. Any persons or entities, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), that assert a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of

claim based on such rejection by the later of (i) the Bar Date or (ii) the date that is thirty (30) days following service of notice of the effective date of such rejection (unless the order authorizing such rejection provides otherwise).

5. The Proof of Claim Form, substantially in the form attached hereto as **Exhibit 1**, is approved in all respects.

6. The Bar Date Notice, substantially in the form attached hereto as **Exhibit 2** and the Publication Notice, substantially in the form attached hereto as **Exhibit 3**, are approved in all respects.

7. The notice to patients treated by the Debtors between January 11, 2018 and the Petition Date (the "**Patients**"), substantially in the form attached hereto as **Exhibit 4** (the "**Patient Notice**"), is approved in all respects.

## Procedures for Filing a Proof of Claim

8. The following procedures for filing proofs of claim are hereby approved and adopted in these Chapter 11 Cases:

   a) Proofs of claim must substantially conform to the Proof of Claim Form attached hereto as **Exhibit 1**.

   b) Proofs of claim must be actually received by the Debtors' claims agent, Omni Management Group ("**Omni**"), on or before the applicable Bar Date, at the following address:

   **Center City Healthcare, LLC, et. al. Claims Processing
   c/o Omni Management Group
   5955 DeSoto Ave., Suite 100
   Woodland Hills, CA 91367**

   c) Proofs of claim can also be submitted electronically through Omni's case website, at the following web address by clicking on "Submit a Proof of Claim:" www.omniagentsolutions.com/PAHSPOCSubmission.

d) Proofs of claim submitted by facsimile or e-mail will not be accepted, with the exception of proofs of claim submitted through the Debtors' case website, as described above in ¶ 7(c).

e) Proofs of claim will be deemed timely filed only if an original copy of the signed proof of claim is actually received by Omni at the address set forth above or through electronic submission of the proof of claim through Omni's website at the web address set above on or before the applicable Bar Date.

f) Proofs of claim must: (i) be in writing and signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation or, if voluminous, a summary of supporting documents and an explanation as to why documentation is not available and identify where such supporting documentation may be obtained; (iii) be in English; and (iv) be denominated in United States currency.

g) Section 503(b)(9) Claims shall be asserted through proofs of claim, and each proof of claim asserting a Section 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the applicable Debtor in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices corresponding to the asserted Section 503(b)(9) Claim; and (iii) attach documentation demonstrating that the goods were received by the Debtors within the 20 days preceding the Petition Date.

h) Each proof of claim must specify by name the Debtor against which the claim is asserted and the corresponding case number, and if the holder asserts a claim against more than one Debtor, a separate proof of claim must be filed against each such Debtor.

- If more than one Debtor is listed on the Proof of Claim Form, the Debtors will treat such claim as filed only against the first listed Debtor.

- Any claim filed under the joint administration case number of 19-11466 that does not identify a specific Debtor against which the claim is asserted shall be deemed as filed only against Center City Healthcare, LLC.

i) Any entity that files a proof of claim by mail and wishes to receive a date-stamped copy by return mail shall include an additional copy of the proof of claim and a self-addressed postage-paid envelope.

9. With respect to holders of Section 503(b)(9) Claims, the filing of a proof of claim in accordance with the procedures set forth herein shall be deemed to satisfy the procedural

requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

    10.    The following persons or entities are **not** required to file a proof of claim:

    a.    any person or entity that has already properly filed a proof of claim with Omni or the Court in a form substantially similar to Official Form 410;

    b.    any person or entity whose claim is listed on a Debtor's Schedule D or E/F, and (i) the claim is not described as "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and priority of the claim set forth in the Schedules, and (iii) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;

    c.    any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

    d.    any person or entity whose claim has been satisfied in full by the Debtors or any other party prior to the applicable Bar Date;

    e.    any holder of a claim for which the Court has already fixed a specific deadline to file a proof of claim;

    f.    an employee of a Debtor if an order of this Court authorized such Debtor to honor the employee's claim in the ordinary course of business, and the Debtor actually paid such claim, such as a wage, commission or benefit claim; provided however, that an employee must submit a proof of claim by the Bar Date for all other claims, including claims for deferred compensation, wrongful termination, discrimination, harassment, hostile work environment, retaliation, or any other litigation or pre-litigation claim;

    g.    any Debtor having a claim against another Debtor; and

    h.    any holder of an equity interest in a Debtor need not file a proof of interest with respect to the ownership of such equity interest at this time; provided, however, that any holder of an equity interest who wishes to assert a claim against a Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Bar Date pursuant to procedures set forth herein.

**Effect of Failure to File a Proof of Claim**

11. Any holder of a claim against any Debtor who receives notice of the applicable Bar Date (whether such notice was actually or constructively received) and is required, but fails, to file a proof of claim, in accordance with the this Order on or before the applicable Bar Date, shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

**Notice Procedures**

12. No later than seven (7) business days after entry of this Order, the Debtors will cause to be served the Bar Date Notice, in substantially the form attached hereto as **Exhibit 2**, by first class U.S. mail, postage prepaid, along with a copy of the Proof of Claim Form, on the following parties.

   i. The Office of the United States Trustee for the District of Delaware;

   ii. Counsel to the Committee;

   iii. Counsel to MidCap Funding IV Trust;

   iv. All known holders of claims and their counsel (if known) listed on the Schedules at the addresses stated therein;

   v. All parties known to the Debtors as having potential claims against the Debtors' estates as of the applicable Bar Date and their counsel (if known);

   vi. All counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules (including all collective bargaining agreements) at the addresses stated therein (to be amended or supplemented as necessary);

   vii. All parties to litigation with any of the Debtors (as of the date of the entry of this Order) and their counsel (if known);

   viii. All parties who have requested notice pursuant to Bankruptcy Rule 2002;

  ix. All persons or entities that have previously filed Applications or proofs of claim in these Chapter 11 Cases as of the date upon which this Order is entered;

  x. The Internal Revenue Service;

  xi. All other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

  xii. All known Governmental Units in these Chapter 11 Cases;

  xiii. All known equity holders of the Debtors as of the Petition Date;

  xiv. All current employees, directors and officers and former employees, directors and officers (to the extent that contact information for a former employee, director or officer is available in the Debtors' books and records);

  xv. All relevant state attorneys general;

  xvi. All other entities listed on the Debtors' matrix of creditors; and

  xvii. Pursuant to Local Rule 2002-1(e), counsel to any of the foregoing, if known.

13. The Debtors will mail the Bar Date Notice to each of the foregoing parties' last known addresses included in their books and records.

14. Notwithstanding the foregoing or any provision to the contrary set forth herein, in lieu of mailing the Bar Date Notice to Patients, no later than seven (7) business days after entry of this Order, the Debtors shall cause the Patient Notice, along with a copy of the Proof of Claim Form, to be served by first class U.S. mail, postage prepaid on the Patients; provided that if and to the extent a Patient has a claim against one or more of the Debtors reflected in the Debtors' Schedules of Assets and Liabilities, the Debtors shall cause Omni to mail the applicable Patient the Bar Date Notice, together with a Proof of Claim Form.

15. The Debtors shall publish the Publication Notice no later than twenty-one (21) days prior to the Bar Date, in the *Philadelphia Inquirer* and either the *Wall Street Journal* or

*USA Today*, national editions, which Publication Notice is hereby approved in all respects and which is deemed good, adequate and sufficient publication notice of the Bar Dates.

16. Notwithstanding anything to the contrary in this Bar Date Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the District of Delaware, any order of this Court, or any proof of claim form or notice of the bar date, (i) ACE American Insurance Company on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "**ACE Companies**") may file a single consolidated proof of claim (the "**ACE Proof of Claim**") in the chapter 11 case of Center City Healthcare, LLC, Case No. 19-11466 (the "**Lead Case**"), which shall be deemed filed by each of the ACE Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; (ii) Federal Insurance Company on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "**Chubb Companies**") may file a single consolidated proof of claim (the "**Chubb Proof of Claim**" and collectively with the ACE Proof of Claim the "**Consolidated Claims**") in the Lead Case, which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; and (iii) as the documents supporting the Consolidated Claims are voluminous and contain confidential information, the documents supporting the Consolidated Claims will not be filed with the Consolidated Claims but shall be provided to the Debtors upon request. Nothing contained in this paragraph shall be construed as a waiver or modification of any rights, claims or defenses, including, without limitation, the right of the ACE Companies or the Chubb Companies to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the Consolidated Claims are asserted, or (c) amend the amount or nature of the Consolidated Claims; provided, however, that the Consolidated Claims shall not be disallowed,

reduced or expunged solely on the basis that the Consolidated Claims are filed (I) only in the Lead Case and only against Center City Healthcare, LLC (instead of in the bankruptcy cases of each or any of the other Debtors), and/or (II) only by either of ACE American Insurance Company or Federal Insurance Company (instead of by each of the ACE Companies or the Chubb Companies, respectively).

17. Nothing in this Order (i) shall impair, prejudice, waive or otherwise affect the rights of the Debtors to dispute, or to assert offsets or defenses to, any claim as to amount, liability, characterization or otherwise, or (ii) shall preclude the Debtors from objecting to any claim on any grounds.

18. Entry of this Order is without prejudice to the Debtors' right to seek any other or further orders of this Court fixing a date by which holders of administrative expense claims must file or assert such claims against the Debtors.

19. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

20. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: June 11th, 2020
Wilmington, Delaware

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

36555517.8 06/11/2020