## EXHIBIT 2

**Bar Date Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |

### NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM,
### INCLUDING SECTION 503(b)(9) CLAIMS

PLEASE TAKE NOTICE that on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), Center City Healthcare, LLC, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC, HPS of PA, L.L.C., SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., StChris Care at Northeast Pediatrics, L.L.C., TPS of PA, L.L.C., TPS II of PA, L.L.C., TPS III of PA, L.L.C., TPS IV of PA, L.L.C., and TPS V of PA, L.L.C. (together, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**").

PLEASE TAKE FURTHER NOTICE that on March 12, 2020, the Debtors filed the *Motion of the Debtors for an Order (I) Establishing Deadlines for Filing Proofs of Claim, Including Section 503(b)(9) Claims, and (II) Approving the Form and Manner of Notice Thereof* (the "**Motion**").[2]

PLEASE TAKE FURTHER NOTICE that, on June [●], 2020, the United States Bankruptcy Court for the District of Delaware (the "**Court**"), having jurisdiction over the Debtors' chapter 11 cases, entered an order (the "**Bar Date Order**") establishing:

Bar Date: August 5, 2020 at 5:00 p.m. (ET) as the deadline for all persons or entities, including Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), to file proofs of claim based on claims against any Debtor that arose prior to the Petition Date, including claims for the value of goods sold to any Debtor in

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the ordinary course of business and received by such Debtor within twenty (20) days before the Petition Date (each, a "**Section 503(b)(9) Claim**").

**Rejection Damages Bar Date:** Any persons or entities, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), that assert a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection by the later of (i) the Bar Date, or (ii) the date that is thirty (30) days following service of notice of the effective date of such rejection (unless the order authorizing such rejection provides otherwise).

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER TO FILE A PROOF OF CLAIM.**

**If you have any questions with respect to this notice, you may contact the Debtors' claims agent, Omni Management Group ("Omni") at (866) 662-2281, or by email at PAHS@omniagnt.com. Please note that Omni is not permitted to give you legal advice. Omni cannot advise you how to file, or whether you should file, a Proof of Claim Form.**

**--PROCEDURES FOR SUBMITTING PROOFS OF CLAIM--**

1.    **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim if you have a claim that arose prior to the Petition Date and it is not a claim described in Section 2 below. Acts or omissions of the Debtors that arose prior to the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Dates, notwithstanding that such claims may not have matured or become fixed or liquidated as of the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2.    **WHO NEED NOT FILE A PROOF OF CLAIM**

The following persons or entities are **NOT** required to file a proof of claim in accordance with the procedures set forth herein:

    a)  any person or entity that has already properly filed a proof of claim with Omni or the Court in a form substantially similar to Official Form 410;

        **Creditors are encouraged to confirm that their claim is recorded as intended on the claims register by either reviewing**

**https://omnimgt.com/centercityhealthcare or by contacting the Center City Healthcare, LLC, et. al. Claims Processing Center at (866) 662-2281.**

b) any person or entity whose claim is listed on a Debtor's Schedule D or E/F, and (i) the claim is not described as "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and priority of the claim set forth in the Schedules, and (iii) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;

c) any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

d) any person or entity whose claim has been satisfied in full by the Debtors or any other party prior to the applicable Bar Date;

e) any holder of a claim for which the Court has already fixed a specific deadline to file a proof of claim;

f) an employee of a Debtor if an order of this Court authorized such Debtor to honor the employee's claim in the ordinary course of business, and the Debtor actually paid such claim, such as a wage, commission or benefit claim; provided however, that an employee must submit a proof of claim by the Bar Date for all other claims, including claims for deferred compensation, wrongful termination, discrimination, harassment, hostile work environment, retaliation, or any other litigation or pre-litigation claim;

g) any Debtor having a claim against another Debtor; and

h) any holder of an equity interest in a Debtor need not file a proof of interest with respect to the ownership of such equity interest at this time; provided, however, that any holder of an equity interest who wishes to assert a claim against a Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Bar Date pursuant to procedures set forth herein.

## 3. CLAIMS ARISING UNDER EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you are a party to an executory contract or unexpired lease with a Debtor and assert a claim for amounts accrued pursuant to such executory contract or unexpired lease and unpaid as of the Petition Date, you must file a proof of claim for such amounts on or before the applicable Bar Date, unless an exception in Section 2 otherwise applies.

If, in addition, you hold a claim that arises from the rejection of an executory contract or unexpired lease, you must file a proof of claim based on such rejection on or before the Rejection Damages Bar Date.

**4.      WHEN AND WHERE TO FILE A PROOF OF CLAIM**

All proofs of claim must be filed **so as to be received** on or before the applicable Bar Date at the following address:

<div align="center">

**Center City Healthcare, LLC, et. al. Claims Processing**
**c/o Omni Management Group**
**5955 DeSoto Ave., Suite 100**
**Woodland Hills, CA 91367**

</div>

Proofs of claim can also be submitted electronically through Omni's website, at the following web address, www.omniagentsolutions.com/PAHSPOCSubmission, and by clicking on "Submit a Proof of Claim."

Proofs of claim will be deemed timely filed only if **actually received** by the Omni Claims Processing Center on or before the applicable Bar Date.  Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission, with the exception of proofs of claim submitted through the Omni case website, as described above.

**5.      HOW TO FILE A PROOF OF CLAIM**

Enclosed herewith is a copy of Official Form 410.  Additional copies of Official Form 410 may be obtained at www.omniagentsolutions.com/PAHSPOCSubmission. The enclosed Proof of Claim Form may already contain information (based on the Debtors' records) including your name, address and the appropriate Debtor.  If you believe the information is incorrect, you may cross out that information and write in the correct information prior to submitting the Proof of Claim Form.

If you file a proof of claim, your filed Proof of Claim Form must (i) be in writing and signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation or, if voluminous, a summary of supporting documents and an explanation as to why documentation is not available and identify where such supporting documentation may be obtained; (iii) be in English; (iv) be denominated in United States currency; and (v) conform substantially with Official Form 410.

Each proof of claim asserting a Section 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the applicable Debtor in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices corresponding to the asserted Section 503(b)(9) Claim; and (iii) attach documentation demonstrating that the goods were received by the Debtors within the 20 days preceding the Petition Date.

**Each Proof of Claim Form must specify the name of the Debtor against which the claim is asserted.** Any holder of a claim against more than one Debtor must file a separate proof of claim against each Debtor, and all holders of claims must identify on their proof of claim the specific Debtor against which such claim is asserted and the case number of that Debtor's bankruptcy case. The Debtors' names and case numbers can be found at the top of the first page of the Proof of Claim Form.

Notably, if more than one Debtor is listed on a Proof of Claim Form, the Debtors will treat such claim as being filed only against the first listed Debtor. In addition, any claim filed under the joint administration case number (No. 19-11466) that does not identify a specific Debtor against which the claim is asserted shall be deemed as filed only against Center City Healthcare, LLC.

If you file a proof of claim and wish to receive a file-stamped receipt copy by return mail, you must include with your Proof of Claim Form an additional copy of your Proof of Claim Form and a self-addressed, postage-paid envelope.

6.    **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed in the Schedules as the holder of a claim against the Debtors.

Interested parties may examine copies of the Schedules, the Bar Date Order and other filings in these cases free of charge at https://omnimgt.com/centercityhealthcare or on the Court's electronic docket for a fee at http://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://pacer.psc.uscourts.gov). Alternatively, you may request that a copy of the Schedules be mailed to you by contacting the Debtors' claims agent, Omni, at (866) 662-2281, or by email at PAHS@omniagnt.com.

If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, if you decide to file a proof of claim, you must do so before the applicable Bar Date, in accordance with the procedures set forth in this notice.

In the event the Debtors file an amendment (a "**Schedules Amendment**") to any of their Schedules and such Schedules Amendment (i) reduces the undisputed, noncontingent, and liquidated amount of a claim, (ii) reclassifies a scheduled, undisputed, liquidated, noncontingent claim as disputed, unliquidated, or contingent, or (iii) adds a new claim to the Schedules described as "disputed," "contingent" or "unliquidated," the deadline for each applicable claimant to file a proof of claim with respect to such amended or new claim shall be the later of (y) the Bar Date or (z) 5:00 p.m. (ET) on the date that is twenty-one (21) days after service of a notice on such claimant of the Schedules Amendment (the "**Amended Schedules Bar Date**");

provided, however, that no such proof of claim need be filed if the claimant has already properly filed a proof of claim in a form substantially similar to Official Form 410.

## CONSEQUENCES OF FAILURE TO FILE A PROOF
## OF CLAIM BY THE APPLICABLE BAR DATE

**Absent further order of the Court to the contrary, except with respect to the excluded claims described above,** any holder of a claim against any Debtor who receives notice of the applicable Bar Date (whether such notice was actually or constructively received) and is required, but fails, to file a proof of claim, as applicable, in accordance with the Bar Date Order on or before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

[remainder of page left intentionally blank]

36555517.8 06/11/2020

## **RESERVATION OF RIGHTS**

The Debtors reserve the right to dispute, or to assert offsets or defenses against, any claim and nothing contained in the Bar Date Order or this notice shall preclude the Debtors from objecting to any filed claim on any grounds.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST ANY OF THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

Dated:  June __, 2020          SAUL EWING ARNSTEIN & LEHR LLP

<div style="margin-left:40%">

_____
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (215) 972-7111
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Melissa A. Martinez
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7111
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
melissa.martinez@saul.com

*Counsel for Debtors and Debtors-in-Possession*

</div>

36555517.8 06/11/2020