**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (KG) |
| | Jointly Administered |
| Debtors. | |

**NOTICE OF PUBLICATION OF THE PHILADELPHIA INQUIRER AND PHILADELPHIA DAILY NEWS OF NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(B)(9) CLAIMS**

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

# Joint Proof of Publication in The Philadelphia Inquirer and Philadelphia Daily News Under Act. No 160, P.L. 877, July 9, 1976

*STATE OF PENNSYLVANIA*
*COUNTY OF PHILADELPHIA*

Helene Sweeney being duly sworn, deposes and says that **The Philadelphia Inquirer** and **Philadelphia Daily News** daily newspapers published at 8th & Market Streets, Philadelphia County and State aforesaid, which were established in the years 1829 (Inquirer) & 1925 (Daily News), since which dates said daily newspapers have been regularly issued in said County, and that a copy of the printed notice of publication is attached hereto exactly as the same was printed and published in the regular editions and issues of said daily newspapers on the following dates:

June 19, 2020

Affiant further deposes and says that she is an employee of the publisher of said daily newspapers and has been authorized to verify the foregoing statement and that she is not interested in the subject matter of the aforesaid notice of publication, and that all allegations in the foregoing statement as to time, place and character of publication are true.

Helene Sweeney

Sworn to and subscribed before me this 19th day of June, 2020.

Kathrn V. Harley
*Notary Public*

My Commission Expires:

Commonwealth of Pennsylvania - Notary Seal
KATHERINE V. HARLEY, Notary Public
Philadelphia County
My Commission Expires May 25, 2021
Commission Number 1312829

**Copy of Notice of Publication**

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] Debtors. | Chapter 11<br>Case No. 19-11466 (MFW)<br>Jointly Administered |

**NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(b)(9) CLAIMS**

**PLEASE TAKE NOTICE** that on June 30, 2019 and July 1, 2019 (the "**Petition Date**"), Center City Healthcare, LLC d/b/a Hahnemann University Hospital, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC, HPS of PA, L.L.C., SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., StChris Care at Northeast Pediatrics, L.L.C., TPS of PA, L.L.C., TPS II of PA, L.L.C., TPS III of PA, L.L.C., TPS IV of PA, L.L.C., and TPS V of PA, L.L.C. (together, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**").

**PLEASE TAKE FURTHER NOTICE** that, on June 11, 2020, the United States Bankruptcy Court for the District of Delaware (the "**Court**"), having jurisdiction over the Debtors' chapter 11 cases, entered an order (the "**Bar Date Order**")[2] establishing:

**Bar Date: August 5, 2020 at 5:00 p.m. (ET)** as the deadline for all persons or entities, including Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), to file proofs of claim based on claims against any Debtor that arose prior to the Petition Date, including claims for the value of goods sold to any Debtor in the ordinary course of business and received by such Debtor within twenty (20) days before the Petition Date (each, a "**Section 503(b)(9) Claim**").

**Rejection Damages Bar Date:** Any persons or entities, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), that assert a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection by the later of (i) the Bar Date or (ii) the date that is thirty (30) days following service of notice of the effective date of such rejection (unless the order authorizing such rejection provides otherwise).

A claimant should consult an attorney if the claimant has any questions. For more detailed information regarding who must file a proof of claim and the specific requirements regarding the filing of a proof of claim, or to obtain a Proof of Claim Form, you may (i) contact the Debtors' claims agent, Omni Agent Solutions ("**Omni**"), by telephone at (866) 662-2281, or by email at PAHS@omniagnt.com, (ii) contact the Debtors' attorneys, Saul Ewing Arnstein & Lehr LLP, Attn: Monique B. DiSabatino, Esq., by email (monique.disabatino@saul.com) or telephone (302) 421-6800, or (iii) visit the case website maintained by Omni at https://omnimgt.com/centercityhealthcare. Please note that Omni is not permitted to give you legal advice. Omni cannot advise you how to file, or whether you should file, a proof of claim.

Interested parties may examine copies of the Schedules, the Bar Date Order and other filings in these cases free of charge at https://omnimgt.com/centercityhealthcare or on the Court's electronic docket for a fee at http://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://pacer.psc.uscourts.gov).

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

Continued from C4

tested positive for the coronavirus.

At Jefferson, fall athletes would typically report a week ahead of other students. This year, Shirley said, the current plan is for athletes to come back in late August with all other students.

He noted that if students are tested and are negative and at some point during a semester test positive, schools are going to need to take responsibility for that student, whatever is signed on a piece of paper. Jefferson is looking at renting more off-campus housing, so on-campus rooms can be singles. Dining halls that seat fewer, taking reservations but also serving more takeout.

Duda said he'll take the approach with Delaware Valley athletes that they need to be the role models on campus for safe social distancing and other ways of staying healthy.

"I actually think the 8-to-5 hours, when people are around monitoring, that's going to work," Duda said. "Now what happens at 8:30 at night? That's where your leadership comes in, where your captains come in."

Budgets will be impacted by various guidelines, Duda said.

"Let's say you send a field hockey team to a game on a bus," Duda said. "The bus company may require fewer people on the bus. You might need two buses. The cost of that trip just doubled."

What a Power 5 school can afford to do, Duda said, will be "dramatically different" from what typical Division III schools can afford. Although even in big-time college football, that's assuming fans will be paying customers this fall, which is no given.

Duda is referring, for example, to the costs of frequent testing. On the subject of athletes' signing waivers, Duda said, "it's been discussed. You really have to be careful of your connotation. It could be a waiver that makes people fearful. I think it has to be the other way, that we're following every guideline. It has to be more of a reassuring thing."

**Dave Duda,** here as an assistant coach at St. Joseph's in 2016, is the athletic director at Delaware Valley. "What keeps me up at night — is Plan 1 thorough enough? Plan 2? Is Plan 3 workable?" STEVEN M. FALK / File

Reading CDC guidelines for sports, Shirley said, you see items like somebody should be at a field wiping balls down every 30 minutes. "Another recommendation: Buy everyone a ball, have their name on it."

So recs come with price tags. Earlier Division II guidelines, Shirley said, suggested that competition might not begin until Oct. 1. But things are happening at all levels, where financial factors also come into play.

"If you don't come back, then you lose body count," Shirley said. "Everybody enters the transfer portal."

"A lot of people you hear say, 'We can't do this,' " Duda said of the hurdles involved. "At some point, we're going to have to say, 'We can, and this is how we're going to do it.' "

## Need to be nimble

Obviously, there will be protocols after positive tests. Al Bellamy, Temple's head athletic trainer, said the school will follow CDC guidelines, quarantining athletes, having them treated by team physicians through telemedicine. They will be retested and need to clear a physical to return to play.

If Temple athletic staffers don't feel safe being inside one of those bubbles, they're being asked to speak up, Reo said. There will be "some version" of testing throughout the fall season.

"We have to be nimble right now," Reo said. "We do want to go into this with the understanding that there will be a fall season."

That's the only way they can approach it, she said, even if they can't rule out variables that could derail the season.

Most athletes already have gained experience at finding out the differences between yellow and green phases. The more alert ones may even have read directives like this that came from Pennsylvania: "All sports-related gatherings must conform with the gathering limitations set forth by the Governor's Plan for Phased Reopening (25 in yellow, 250 in green), and the facility as a whole may not exceed 50 percent of total occupancy otherwise permitted by law. Gatherings' occupancy counts include student-athletes, coaches, athletic staff, officials, spectators, site staff, and any other individuals on site during the event."

Within Temple's blueprint, to be made public as required by the state, there is terminology for our times, such as the requirement for a "three-loop system for daily washing of training clothes."

What's that?

Essentially, three sets of clothes, so there is always a fresh set.

This first group back at Temple will be a test group of sorts. "Even for us, Philadelphia is different from every other school in our conference because of how deeply impacted this community has been," Reo said.

Above all the details, what's the biggest challenge?

"It's really communication," Reo said. "Clear communication. Making sure 18- to 22-year-old student-athletes, and coaches, understand the importance of what we're doing. ... All the things we are talking about — the face masks, the hand-washing, the social-distancing. They can understand, it can impact the season, quite frankly."

Or their own families, Bellamy will point out to them. Bellamy gets it. He was their age once.

He just wants them thinking outside the bubble.

"Not giving in to their feelings of invincibility," Bellamy said.

mjensen@inquirer.com
jensenoffcampus

# legal notices

inquirer.com

## Legal Notices

**City of Philadelphia**
**City Council Notice**

Of Bills reported from Committees of the Council of the City of Philadelphia on Thursday, June 18, 2020:

**200285 ...** An Ordinance to adopt a Capital Program for the six Fiscal Years 2021-2026 inclusive.

**200286 ...** An Ordinance to adopt a Fiscal 2021 Capital Budget.

**200287 ...** An Ordinance adopting the Operating Budget for Fiscal Year 2021.

**200288 ...** An Ordinance amending Chapter 19-1200 of The Philadelphia Code, entitled "Parking Tax," by revising certain tax rates, under certain terms and conditions.

**200290 ...** An Ordinance amending Chapter 19-2600 of The Philadelphia Code, entitled "Business Income and Receipts Taxes," by revising certain tax rates, under certain terms and condiions.

**200291 ...** An Ordinance amending Chapter 19-1500 of The Philadelphia Code, entitled "Wage and Net Profits Tax," by revising certain tax rates, under certain terms and conditions.

**200292 ...** An Ordinance amending Chapter 19-1300 of The Philadelphia Code, entitled "Real Estate Taxes," to eliminate the discount for early payment of real estate taxes, all under certain terms and conditions.

**200183 ...** An Ordinance approving the ninth amendment of the redevelopment proposal for the Point Breeze Urban Renewal Area, being the area generally bounded by Washington avenue, S Twenty-fifth street, Reed street, the rear property lines of the 1400 and 1500 blocks of S. Taylor street, Tasker street, S. 25th street, Moore street and S. Broad street, including the ninth amendment to the urban renewal plan, which provides, inter alia, for changes that would make it consistent with the Point Breeze Redevelopment Area Plan and generally consistent with the most recent Comprehensive Plan approved by the City Planning Commission of the City of Philadelphia.

**200346 ...** An Ordinance to amend the Philadelphia Zoning Maps by changing the zoning designations of certain areas of land located within an area bounded by 56th Street, Arch Street, Conestoga Street, and Market Street.

**200349 ....** An Ordinance amending Title 14 of The Philadelphia Code, entitled "Zoning and Planning," to amend certain provisions of Chapter 14-500, entitled "Overlay Zoning Districts," by creating the "/AME, American Street Overlay District," all under certain terms and conditions.

**200350 ...** An Ordinance amending the Philadelphia Zoning Maps by changing the zoning designations of certain areas of land located within an area bounded by Norris Street, American Street, Berks Street, and 3rd Street; and amending Title 14 of The Philadelphia Code, entitled "Zoning and Planning," to amend certain provisions of Chapter 14-500, entitled "Overlay Zoning Districts," by creating the "/BNA, Berks and American Overlay District," all under certain terms and conditions.

**200347 ...** An Ordinance amending Chapter 19-3200 of The Philadelphia Code, entitled "Keystone Opportunity Zone, Economic Development District, and Strategic Development Area," to provide for additional extensions of certain benefits, for the purpose of facilitating economic recovery from the COVID-19 pandemic, all under certain terms and conditions.

**200076 ...** An Ordinance providing for the submission to the qualified electors of the City of Philadelphia of an amendment to The Philadelphia Home Rule Charter calling on the Police Department to eliminate the practice of unconstitutional stop and frisk, as approved by Resolution of the City Council; fixing the date of a special election for such purpose; prescribing the form of ballot question to be voted on; and, authorizing the appropriate officers to publish notice and to make arrangements for the special election.

**200208 ...** An Ordinance providing for the submission to the qualified electors of the City of Philadelphia of an amendment to The Philadelphia Home Rule Charter providing for the creation of the Office of the Victim Advocate, as approved by Resolution of the City Council; fixing the date of a special election for such purpose; prescribing the form of ballot question to be voted on; and, authorizing the appropriate officers to publish notice and to make arrangements for the special election.

**200328 ...** An Ordinance amending The Philadelphia Code to add a new Chapter, entitled "Employee Protections in Connection with COVID-19 Emergency Health Order," to provide workplace protections in emergency health orders and regulations, provide protections for employees against retaliatory actions both for the disclosure of information related to employer non-compliance with such orders and for refusal to work under unsafe conditions caused by non-compliance with such orders, all under certain terms and conditions.

**200355 ...** An Ordinance amending an Ordinance (Bill No. 180293), entitled "An Ordinance authorizing the revision of lines and grades on a portion of City Plan Nos. 34-S and 41-S by striking from the City Plan and vacating the legally open of portions of Packer Avenue from Christopher Columbus Boulevard to the Pierhead Line of the Delaware River and reserving and placing on the City Plan a right-of-way for sewer and drainage purposes, water main purposes, and public utility purposes within the lines of Packer Avenue being stricken and authorizing acceptance of the grant to the City of the said right-of-way, under certain terms and conditions."

**200363 ...** An Ordinance amending Section 20-101 of The Philadelphia Code, entitled "Residence requirements," by restoring the requirement that no person shall be appointed as an employee in the civil services, including but not limited to police officers, unliss h or she has been a bona fide resident of the City for at least one year prior to appointment.

**200367 ...** An Ordinance providing for the submission to the qualified electors of the City of Philadelphia of the proposal set forth in a Resolution approved by Council proposing an amendment to The Philadelphia Home Rule Charter relating to the creation of the Citizens Police Oversight Commission; and authorizing the appropriate officers to publish notice and to make arrangements for the special election; all under certain terms and conditions.

**200370 ...** An Ordinance authorizing the Procurement Commissioner, on behalf of the City, to enter into a concession agreement with Bicycle Transit Systems, Inc. for the operation, maintenance and expansion of a bicycle sharing system, an essential service during the COVID-19 period, under certain terms and conditions.

**200351 ...** An Ordinance authorizing the operation of sidewakes cafes during COVID -19 emergency until December 31, 2020 in areas of the City where such activity currently must be otherwise authorized by special ordinance, and allowing expanded activity by currently licensed sidewalk café operations, all under certain terms and conditions.

**200352 ...** An Ordinance amending Chapter 11-100 of The Philadelphia Code, entitled "General Provisions," to authorize the Streets Department to permit closure of the public right-of-way, including on street parking spaces, for public health, welfare and safety purposes during the COVID-19 public health emergency until December 31, 2020, including expansion of business uses that cannot operate in indoor environment or have limited indoor capacity and/or service due to the Covid-19 emergency, all under certain terms and conditions.

**200293 ...** An Ordinance amending Chapter 17-1400 of The Philadelphia Code, entitled "Non-Competitively Bid Contracts; Financial Assistance," by making revisions, including but not limited to, the exception for emergency contracting; all under certain terms and conditions.

**200344 ...** An Ordinance amending Title 9 of The Philadelphia Code to create a new Chapter 9-5000, entitled "Food Delivery Services," to regulate third-party food delivery services, require certain disclosures to consumers, and provide for a limitation on certain fees charged to consumers; all under certain terms and conditions.

**200306 ...** An Ordinance amending Chapter 9-4100 of The Philadelphia Code, entitled "Promoting Healthy Families and Workplaces," by adding new definitions and requirements to ensure that certain health care employees are compensated for lost wages and medical expenses In the event they contract a communicable disease at work during a pandemic or epidemic event, all under certain terms and conditions.

**200331 ...** Resolution approving the Director of Finance's Budget Stabilization Reserve Fund Withdrawal Certification for purposes of allowing utilization of $34,276,000 in the Reserve Fund for General Fund purposes in connection with the FY2021 Operating Budget.

**200080 ...** Resolution proposing an amendment to The Philadelphia Home Rule Charter calling on the Police Department to eliminate the practice of unconstitutional stop and frisk; and providing for the submission of the proposed amendment to the electors of Philadelphia.

**200216 ...** Resolution proposing an amendment to The Philadelphia Home Rule Charter providing for the creation of the Office of the Victim Advocate, and providing for the submission of the amendment to the electors of Philadelphia.

**200377 ...** Resolution proposing an amendment to the Philadelphia Home Rule Charter to provide for the creation of a Citizens Police Oversight Commission, and to authorize City Council by ordinance to determine the composition, powers, and duties of the Commission; and providing for the submission of the amendment to the electors of Philadelpha.

Michael A. Decker
Chief Clerk

LOVE
The Inquirer

## Legal Notices

**City of Philadelphia**
**Public Hearing Notice**

The Committee on Public Property and Public Works of the Council of the City of Philadelphia will hold a Public Hearing on Wednesday, June 24, 2020, at 9:30 AM, in a remote manner using Microsoft® Teams. This remote hearing may be viewed on Xfinity Channel 64, Fios Channel 40 or http://phlcouncil.com/watch city council/, to hear testimony on the following items:

**200188 ...** An Ordinance authorizing the Commissioner of Public Property, on behalf of the City of Philadelphia, to acquire fee simple title or a lesser real estate interest to all or a portion of a parcel or parcels of land located in the vicinity of Calera Road between Red Lion Road and Chalfont Drive, commonly known as the Liberty Bell Youth Organization Recreation Center.

**200345 ...** An Ordinance authorizing the Commissioner of Public Property, on behalf of the City, to acquire fee simple title, or a lesser interest in real estate, by purchase, dedication, donation, condemnation, agreement in lieu of condemnation, or otherwise, in parcels of land along the Delaware River and in the bed of the former Kensington & Tacony Railroad, under certain terms and conditions.

**200354 ...** An Ordinance authorizing the Commissioner of Public Property, on behalf of the City of Philadelphia, to enter into an Amendment to a Joint Use Agreement with the Commonwealth of Pennsylvania pursuant to which certain parcels of real estate constituting the I 95 right of way, located beneath the elevated highway between the Benjamin Franklin Bridge and the Walt Whitman Bridge, are leased to the City of Philadelphia by the Commonwealth, subleased by the Interstate Land Management Corporation; all under certain terms and conditions.

Speakers interested in giving testimony on any of these legislative matters must call 484 544 3366, or send an e mail to lauren.atwell@phila.gov by 3 p.m. the day before the hearing and submit the following information:

- Full name
- Call back telephone number where you can be reached
- Identify the bill number or resolution number or numbers that will be addressed

Speakers who submitted the above information within the required time frame will be telephoned during the public hearing and invited to the remote hearing. They will be given additional instructions by the Committee Chair once they are connected.

Immediately following the public hearing, a meeting of the Committee on Public Property and Public Works, open to the public, will be held to consider the action to be taken on the above listed items. Copies of the foregoing items are available in the Office of the Chief Clerk of the Council, Room 402, City Hall.

Michael A. Decker
Chief Clerk

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] Debtors. | Chapter 11<br>Case No. 19-11466 (MFW)<br>Jointly Administered |

**NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(b)(9) CLAIMS**

**PLEASE TAKE NOTICE** that on June 30, 2019 and July 1, 2019 (the "**Petition Date**"), Center City Healthcare, LLC d/b/a Hahnemann University Hospital, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC, HPS of PA, L.L.C., SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., StChris Care at Northeast Pediatrics, L.L.C., TPS of PA, L.L.C., TPS II of PA, L.L.C., TPS III of PA, L.L.C., TPS IV of PA, L.L.C., and TPS V of PA, L.L.C. (together, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**").

**PLEASE TAKE FURTHER NOTICE** that, on June 11, 2020, the United States Bankruptcy Court for the District of Delaware (the "**Court**"), having jurisdiction over the Debtors' chapter 11 cases, entered an order (the "**Bar Date Order**")[2] establishing:

**Bar Date: August 5, 2020 at 5:00 p.m. (ET)** as the deadline for all persons or entities, including Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), to file proofs of claim based on claims against any Debtor that arose prior to the Petition Date, including claims for the value of goods sold to any Debtor in the ordinary course of business and received by such Debtor within twenty (20) days before the Petition Date (each, a "**Section 503(b)(9) Claim**").

**Rejection Damages Bar Date:** Any persons or entities, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), that assert a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection by the later of (i) the Bar Date or (ii) the date that is thirty (30) days following service of notice of the effective date of such rejection (unless the order authorizing such rejection provides otherwise).

A claimant should consult an attorney if the claimant has any questions. For more detailed information regarding who must file a proof of claim and the specific requirements regarding the filing of a proof of claim, or to obtain a Proof of Claim Form, you may (i) contact the Debtors' claims agent, Omni Agent Solutions ("**Omni**"), by telephone at (866) 662-2281, or by email at PAHS@omniagnt.com, (ii) contact the Debtors' attorneys, Saul Ewing Arnstein & Lehr LLP, Attn: Monique B. DiSabatino, Esq., by email (monique.disabatino@saul.com) or telephone (302) 421-6800, or (iii) visit the case website maintained by Omni at https://omnimgt.com/centercityhealthcare. Please note that Omni is not permitted to give you legal advice. Omni cannot advise you how to file, or whether you should file, a proof of claim.

Interested parties may examine copies of the Schedules, the Bar Date Order and other filings in these cases free of charge at https://omnimgt.com/centercityhealthcare or on the Court's electronic docket for a fee at http://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://pacer.psc.uscourts.gov).

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

INQUIRER.COM

## Legal Notices

**COUNTY OF DELAWARE**

Sealed, written Proposals will be received at the office of Central Purchasing, Delaware County Government Center Building, Room 228, Courthouse Complex Media, PA 19063, **up until 4:00 pm Local Time on Tuesday July 7th 2020** for products and/or services as detailed below. Bids will be opened by the Bid Opening Committee Board in Room #100 in the Building and on **Wednesday, July 8th at 9:30 am local time**

**County Bridge Landscaping of Various County Owned Bridges**
**Delaware County, Pennsylvania**
**Contract #E060420**

Bids will be opened by the Bid Opening Committee Board at 9:30 AM LOCAL TIME, ON THAT DATE. Each bid, when submitted, must be accompanied by Cash, Corporate Bid Bond, Certified Good Faith Check, Bank Check, Cashier's Check, or Treasurer's Check, in the amount of Ten Percent (I0%) of the bid drawn to the order of the County of Delaware. **Note: a bidder's personal check or non-certified Corporate Check is not acceptable as a form of bid security.**

Specifications and bidding documents may be viewed at the Office of Public Works, Room #207, Second Floor, Delaware County Government Center Building, Media, PA, between the hours of 8:30 AM and 4:30 PM, after.

**There Will Be a Mandatory Pre-Bid Meeting On Tuesday June 23rd 2020 AT 9:00AM**

The Delaware County Council reserves the right to reject any and all bids or parts thereof and the right to insist upon or waive any technicalities required in the best interest of the County and consider the competency and responsibility of the bidder before the award of the contract and award bids accordingly.

Brian P. Zidek
Dr. Monica Taylor
Kevin M. Madden
Elain Paul Schaefer
Christine A. Reuther
DELAWARE COUNTY COUNCIL

## Legal Notices

**NOTICE IS HEREBY** GIVEN, under Philadelphia Home Rule Charter Section Number 8-407, that on June 17, 2020 **EMERGENCY REGULATIONS REGARDING PUBLIC MEETING NOTICE REQUIREMENTS FOR ZONING HEARINGS AND OTHER RELATED MATTERS** promulgated by the Philadelphia City Planning Commission filed with the Department of Records, Room 158, City Hall, and temporarily effective on the same date in accordance with the Mayor's "Declaration of Extraordinary Circumstance: Suspending the Formal Regulatory Process for Regulations Concerning a Novel Coronavirus" dated March 11, 2020. Anyone affected thereby may file a written request for hearing with the Department of Records within thirty (30) days from the date of this notice. The regulation will become effective permanently at the conclusion of this notice period if no hearing is requested.

James P. Leonard, Esq.
Commissioner of Records

## Meeting Notices

**NOTICE**

In accordance with the "Open Public Meetings Law", P.L. 2020, c.11, the following is announced pursuant to N.J.S.A. 10:4-12:

The General Meeting of the Mayor and Township Committee of the Township of Winslow scheduled for June 23, 2020 at 7:00 pm at the Municipal Building, 125 S. Route 73, Braddock, New Jersey 08037 is being held electronically in response to the Coronarvirus Pandemic. The public can remotely access the meeting by Joining Zoom at https://zoom.us/j/94101262323; Meeting ID: 941 0126 2323. Anyone who wishes to address the Governing Body will be allowed to do so during public participation. The public can access the agenda by visiting the Township's website at www.winslowtownship.com. Thank you.

June 19, 2020
DATE

Lisa L. Dority, RM
Municipal Clerk
Township of Winslow

## Meeting Notices

**Independence Charter** School (ICS) Attention: Food Service Equipment Vendors

ICS is seeking a kitchen equipment vendor to supply and install all the items listed in this IFB. Equipment List and Plans can be obtained from ramzya@icscharter.com. Email title should read "IFB - Kitchen Equipment" The deadline for submitting the bid is July 27, 2020.

**VOORHEES TOWNSHIP PLANNING BOARD NOTICE**

In accordance with the "Open Public Meetings Law", P.L. 1975 c 231, the following is announced:

he following Planning Board meeting scheduled for June 24, 2020 to be held at 7:00 PM at the Voorhees Township Municipal Building, 2400 Voorhees Town Center, Voorhees, New Jersey is hereby cancelled.

Wendy Flite
Planning Board
Secretary

## Proposals & Bids

**SEPTA INVITATION TO BID**

SEPTA will accept Bids on the eProcurement system only for the bid indicated. The bid will be opened electronically on the eProcurement system close date and time. If you have not already done so, please register in ePS through septa.org. **20-00111-ADMD Willow Grove Interlocking Reconfiguration. Bid Opening:** July 7, 2020 at 11:30AM. Buyer: Diane Brown. dbrown@septa.org. 215-580-7065. 20-00127-AJEB Two Steel Structures to Support Pantobot System at Fern Rock Transportation Center. Bid Opening: July 13, 2020 at 11AM. Buyer: Justin Benante. jbenante@septa.org. 215-580-7022. If you have any questions, please e-mail the Contact Person referencing the BID number.

**Legal Notices**

### City of Philadelphia
### City Council Notice

Of Bills reported from Committees of the Council of the City of Philadelphia on Thursday, June 18, 2020:

- **200285** ... An Ordinance to adopt a Capital Program for the six Fiscal Years 2021-2026 inclusive.
- **200286** ... An Ordinance to adopt a Fiscal 2021 Capital Budget.
- **200287** ... An Ordinance adopting the Operating Budget for Fiscal Year 2021.
- **200288** ... An Ordinance amending Chapter 19-1200 of The Philadelphia Code, entitled "Parking Tax," by revising certain tax rates, under certain terms and conditions.
- **200290** ... An Ordinance amending Chapter 19-2600 of The Philadelphia Code, entitled "Business Income and Receipts Taxes," by revising certain tax rates, under certain terms and condiions.
- **200291** ... An Ordinance amending Chapter 19-1500 of The Philadelphia Code, entitled "Wage and Net Profits Tax," by revising certain tax rates, under certain terms and conditions.
- **200292** ... An Ordinance amending Chapter 19-1300 of The Philadelphia Code, entitled "Real Estate Taxes," to eliminate the discount for early payment of real estate taxes, all under certain terms and conditions.
- **200183** ... An Ordinance approving the ninth amendment of the redevelopment proposal for the Point Breeze Urban Renewal Area, being the area generally bounded by Washington avenue, S Twenty-fifth street, Reed street, the rear property lines of the 1400 and 1500 blocks of S. Taylor street, Tasker street, S. 25th street, Moore street and S. Broad street, including the ninth amendment to the urban renewal plan, which provides, inter alia, for changes that would make it consistent with the Point Breeze Redevelopment Area Plan and generally consistent with the most recent Comprehensive Plan approved by the City Planning Commission of the City of Philadelphia.
- **200346** ... An Ordinance to amend the Philadelphia Zoning Maps by changing the zoning designations of certain areas of land located within an area bounded by 56th Street, Arch Street, Conestoga Street, and Market Street.
- **200349** ... An Ordinance amending Title 14 of The Philadelphia Code, entitled "Zoning and Planning," to amend certain provisions of Chapter 14-500, entitled "Overlay Zoning Districts," by creating the "/AME, American Street Overlay District," all under certain terms and conditions.
- **200350** ... An Ordinance amending the Philadelphia Zoning Maps by changing the zoning designations of certain areas of land located within an area bounded by Norris Street, American Street, Berks Street, and 3rd Street; and amending Title 14 of The Philadelphia Code, entitled "Zoning and Planning," to amend certain provisions of Chapter 14-500, entitled "Overlay Zoning Districts," by creating the "/BNA, Berks and American Overlay District," all under certain terms and conditions.
- **200347** ... An Ordinance amending Chapter 19-3200 of The Philadelphia Code, entitled "Keystone Opportunity Zone, Economic Development District, and Strategic Development Area," to provide for additional extensions of certain benefits, for the purpose of facilitating economic recovery from the COVID-19 pandemic, all under certain terms and conditions.
- **200076** ... An Ordinance providing for the submission to the qualified electors of the City of Philadelphia of an amendment to The Philadelphia Home Rule Charter calling on the Police Department to eliminate the practice of unconstitutional stop and frisk, as approved by Resolution of the City Council; fixing the date of a special election for such purpose; prescribing the form of ballot question to be voted on; and, authorizing the appropriate officers to publish notice and to make arrangements for the special election.
- **200208** ... An Ordinance providing for the submission to the qualified electors of the City of Philadelphia of an amendment to The Philadelphia Home Rule Charter providing for the creation of the Office of the Victim Advocate, as approved by Resolution of the City Council; fixing the date of a special election for such purpose; prescribing the form of ballot questions to be voted on; and, authorizing the appropriate officers to publish notice and to make arrangements for the special election.
- **200328** ... An Ordinance amending The Philadelphia Code to add a new Chapter, entitled "Employee Protections in Connection with COVID-19 Emergency Health Order," to provide workplace protections in emergency health orders and regulations, provide protections for employees against retaliatory actions both for the disclosure of information related to employer non-compliance with such orders and for refusal to work unsafe conditions caused by non-compliance with such orders, all under certain terms and conditions.
- **200355** ... An Ordinance amending an Ordinance (Bill No. 180293), entitled "An Ordinance authorizing the revision of lines and grades on a portion of City Plan Nos. 34-S and 41-S by striking from the City Plan and vacating the legally open portions of Packer Avenue from Christopher Columbus Boulevard to the Pierhead Line of the Delaware River and reserving and placing on the City Plan a right-of-way for sewer and drainage purposes, water main purposes, and public utility purposes within the lines of Packer Avenue being stricken and authorizing acceptance of the grant to the City of the said right-of-way, under certain terms and conditions."
- **200363** ... An Ordinance amending Section 20-101 of The Philadelphia Code, entitled "Residence requirements," by restoring the requirement that no person shall be appointed as an employee in the civil services, including but not limited to police officers, unliss h or she has been a bona fide resident of the City for at least one year prior to appointment.
- **200367** ... An Ordinance providing for the submission to the qualified electors of the City of Philadelphia of the proposal set forth in a Resolution approved by Council proposing an amendment to The Philadelphia Home Rule Charter relating to the creation of the Citizens Police Oversight Commission; and authorizing the appropriate officers to publish notice and to make arrangements for the special election; all under certain terms and conditions.
- **200370** ... An Ordinance authorizing the Procurement Commissioner, on behalf of the City, to enter into a concession agreement with Bicycle Transit Systems, Inc. for the operation, maintenance and expansion of a bicycle sharing system, an essential service during the COVID-19 period, under certain terms and conditions.
- **200351** ... An Ordinance authorizing the operation of sidewakes cafes during COVID -19 emergency until December 31, 2020 in areas of the City where such activity currently must be otherwise authorized by special ordinance, and allowing expanded activity by currently licensed sidewalk café operations, all under certain terms and conditions.
- **200352** ... An Ordinance amending Chapter 11-100 of The Philadelphia Code, entitled "General Provisions," to authorize the Streets Department to permit closure of the public right-of-way, including on street parking spaces, for public health, welfare and safety purposes during the COVID-19 public health emergency until December 31, 2020, including expansion of business uses that cannot operate in indoor environment or have limited indoor capacity and/or service due to the Covid-19 emergency, all under certain terms and conditions.
- **200293** ... An Ordinance amending Chapter 17-1400 of The Philadelphia Code, entitled "Non-Competitively Bid Contracts; Financial Assistance," by making revisions, including but not limited to, the exception for emergency contracting; all under certain terms and conditions.
- **200344** ... An Ordinance amending Title 9 of The Philadelphia Code to create a new Chapter 9-5000, entitled "Food Delivery Services," to regulate third-party food delivery services, require certain disclosures to consumers, and provide for a limitation on certain fees charged to consumers; all under certain terms and conditions.
- **200306** ... An Ordinance amending Chapter 9-4100 of The Philadelphia Code, entitled "Promoting Healthy Families and Workplaces," by adding new definitions and requirements to ensure that certain health care employees are compensated for lost wages and medical expenses In the event they contract a communicable disease at work during a pandemic or epidemic event, all under certain terms and conditions.
- **200331** ... Resolution approving the Director of Finance's Budget Stabilization Reserve Fund Withdrawal Certification for purposes of allowing utilization of $34,276,000 in the Reserve Fund for General Fund purposes in connection with the FY2021 Operating Budget.
- **200080** ... Resolution proposing an amendment to The Philadelphia Home Rule Charter calling on the Police Department to eliminate the practice of unconstitutional stop and frisk; and providing for the submission of the proposed amendment to the electors of Philadelphia.
- **200216** ... Resolution proposing an amendment to The Philadelphia Home Rule Charter providing for the creation of the Office of the Victim Advocate, and providing for the submission of the amendment to the electors of Philadelphia.
- **200377** ... Resolution proposing an amendment to the Philadelphia Home Rule Charter to provide for the creation of a Citizens Police Oversight Commission, and to authorize City Council by ordinance to determine the composition, powers, and duties of the Commission; and providing for the submission of the amendment to the electors of Philadelphia.

Michael A. Decker
Chief Clerk

---

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] Debtors. | Chapter 11 Case No. 19-11466 (MFW) Jointly Administered |

### NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(b)(9) CLAIMS

**PLEASE TAKE NOTICE** that on June 30, 2019 and July 1, 2019 (the "**Petition Date**"), Center City Healthcare, LLC d/b/a Hahnemann University Hospital, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC, HPS of PA, L.L.C., SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., StChris Care at Northeast Pediatrics, L.L.C., TPS of PA, L.L.C., TPS II of PA, L.L.C., TPS III of PA, L.L.C., TPS IV of PA, L.L.C., and TPS V of PA, L.L.C. (together, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**").

**PLEASE TAKE FURTHER NOTICE** that, on June 11, 2020, the United States Bankruptcy Court for the District of Delaware (the "**Court**"), having jurisdiction over the Debtors' chapter 11 cases, entered an order (the "**Bar Date Order**")[2] establishing:

**Bar Date: August 5, 2020 at 5:00 p.m. (ET)** as the deadline for all persons or entities, including Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), to file proofs of claim based on claims against any Debtor that arose prior to the Petition Date, including claims for the value of goods sold to any Debtor in the ordinary course of business and received by such Debtor within twenty (20) days before the Petition Date (each, a "**Section 503(b)(9) Claim**").

**Rejection Damages Bar Date:** Any persons or entities, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), that assert a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection by the later of (i) the Bar Date or (ii) the date that is thirty (30) days following service of notice of the effective date of such rejection (unless the order authorizing such rejection provides otherwise).

A claimant should consult an attorney if the claimant has any questions. For more detailed information regarding who must file a proof of claim and the specific requirements regarding the filing of a proof of claim, or to obtain a Proof of Claim Form, you may (i) contact the Debtors' claims agent, Omni Agent Solutions ("**Omni**"), by telephone at (866) 662-2281, or by email at PAHS@omniagnt.com, (ii) contact the Debtors' attorneys, Saul Ewing Arnstein & Lehr LLP, Attn: Monique B. DiSabatino, Esq., by email (monique.disabatino@saul.com) or telephone (302) 421-6800, or (iii) visit the case website maintained by Omni at https://omnimgt.com/centercityhealthcare. Please note that Omni is not permitted to give you legal advice. Omni cannot advise you how to file, or whether you should file, a proof of claim.

Interested parties may examine copies of the Schedules, the Bar Date Order and other filings in these cases free of charge at https://omnimgt.com/centercityhealthcare or on the Court's electronic docket for a fee at http://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://pacer.psc.uscourts.gov).

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

---

**Bull detectors set on full.**

Sometimes officials share 'untruths.' We'll tell you when they do. Subscribe. Now available in digital replica as well as classic newsprint form.

800.844.1776 • PHILLYDAILYNEWS.COM

PHILADELPHIA DAILY NEWS — THE PEOPLE PAPER

---

### City of Philadelphia
### Public Hearing Notice

The Committee on Public Property and Public Works of the Council of the City of Philadelphia will hold a Public Hearing on Wednesday, June 24, 2020, at 9:30 AM, in a remote manner using Microsoft® Teams. This remote hearing may be viewed on Xfinity Channel 64, Fios Channel 40 or http://phlcouncil.com/watch city council/, to hear testimony on the following items:

- **200188** ... An Ordinance authorizing the Commissioner of Public Property, on behalf of the City of Philadelphia, to acquire fee simple title or a lesser real estate interest to all or a portion of a parcel or parcels of land located in the vicinity of Calera Road between Red Lion Road and Chalfont Drive, commonly known as the Liberty Bell Youth Organization Recreation Center.
- **200345** ... An Ordinance authorizing the Commissioner of Public Property, on behalf of the City, to acquire fee simple title, or a lesser interest in real estate, by purchase, dedication, donation, condemnation, agreement in lieu of condemnation, or otherwise, in parcels of land along the Delaware River and in the bed of the former Kensington & Tacony Railroad, under certain terms and conditions.
- **200354** ... An Ordinance authorizing the Commissioner of Public Property, on behalf of the City of Philadelphia, to enter into an Amendment to a Joint Use Agreement with the Commonwealth of Pennsylvania pursuant to which certain parcels of real estate constituting the I 95 right of way, located beneath the elevated highway between the Benjamin Franklin Bridge and the Walt Whitman Bridge, are leased to the City of Philadelphia by the Commonwealth, subleased by the Interstate Land Management Corporation; all under certain terms and conditions.

Speakers interested in giving testimony on any of these legislative matters must call 484 544 3366, or send an e mail to lauren.atwell@phila.gov by 3 p.m. the day before the hearing and submit the following information:
- Full name
- Call back telephone number where you can be reached
- Identify the bill number or resolution number or numbers that will be addressed

Speakers who submitted the above information within the required time frame will be telephoned during the public hearing and invited to the remote hearing. They will be given additional instructions by the Committee Chair once they are connected. Immediately following the public hearing, a meeting of the Committee on Public Property and Public Works, open to the public, will be held to consider the action to be taken on the above listed items. Copies of the foregoing items are available in the Office of the Chief Clerk of the Council, Room 402, City Hall.

Michael A. Decker
Chief Clerk

---

**Morris Home,** 5037 Woodland Ave., Phila., PA 19143, a division of Resources for Human Development, Phila., PA 19144 has the following information available for public viewing for the year ending 6.30.19: Activities, accomplishments and achievements, & financial statements of income & expense. The director of Morris Home is Laura Sorensen.

---

On **June 16, 2020, the** Probable Cause Screening Committee of the Pennsylvania State Board of Cosmetology issued an Order temporarily suspending the license to practice as a cosmetologist of Justin Huang, license no. CO295072, of Philadelphia, Philadelphia County, pending a hearing, on the grounds that he presents a clear and immediate danger to the public health and safety.

---

**Shining light into corners.**

Investigative journalism at its finest.

Subscribe.
PHILLYDAILYNEWS.COM
800.844.1776

PHILADELPHIA DAILY NEWS — THE PEOPLE PAPER



---

**NOTICE IS HEREBY GIVEN,** under Philadelphia Home Rule Charter Section Number 8-407, that on June 17, 2020 **EMERGENCY REGULATIONS REGARDING PUBLIC MEETING NOTICE REQUIREMENTS FOR ZONING HEARINGS AND OTHER RELATED MATTERS** promulgated by the Philadelphia City Planning Commission filed with the Department of Records, Room 158, City Hall, and temporarily effective on the same date in accordance with the Mayor's "Declaration of Extraordinary Circumstance: Suspending the Formal Regulatory Process for Regulations Concerning a Novel Coronavirus" dated March 11, 2020. Anyone affected thereby may file a written request for hearing with the Department of Records within thirty (30) days from the date of this notice. The regulation will become effective permanently at the conclusion of this notice period if no hearing is requested.

James P. Leonard, Esq.
Commissioner of Records

### Meeting Notices

**Act 93
of October 15, 1998
Effective on
December 14, 1998**

Notice is hereby given that the Board of Pensions and Retirement will hold its next regular Board meetings on June 25, 2020. The Benefits meeting will begin at 9:30 AM, followed immediately by the Deferred Compensation and Investment Committee meetings. The Board is conducting the meeting via telephone conference call in the interests of safety and security to conform with the Orders, Policy Statements and other public health guidance issued by the Governor, the Mayor, State and City public health officials. If you would like to receive information about listening to the meetings, please contact Bill Rubin at **Bill.Rubin@Phila.gov**

### Estate Notices

**Letters have been** granted on the Estate of each of the following decedents to the representatives named, who request all persons having claim against the Estate to present them in writing and all persons indebted to the Estate to make payment to them (unless otherwise noted all addresses being in Philadelphia):

**MICHETTI, ROSEMARY T.** -- Executrix Lisa Hunter; c/o Daniel Keane Esq., 2003 South Easton Rd., Doylestown, PA 18901