## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) Case No. 19-11466 (MFW) |
| *et al.*,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Objection Deadline: July 13, 2020 at 4:00 p.m.** |
| | ) **Hearing Date: Only if an objection is filed** |

**SUMMARY COVER SHEET TO THE TENTH MONTHLY FEE APPLICATION
OF SAUL EWING ARNSTEIN & LEHR LLP, COUNSEL TO THE DEBTORS,
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM APRIL 1, 2020 THROUGH APRIL 30, 2020**

| | |
|---|---|
| Name of Applicant: | Saul Ewing Arnstein & Lehr LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | *Nunc pro tunc* to June 30, 2019 |
| Period for which compensation and reimbursement is sought: | April 1, 2020 through April 30, 2020 |
| Amount of Compensation sought as actual, reasonable and necessary: | $181,351.35 (80% of which is $148,081.08) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $5,855.15 |

This is an: **X** monthly ___ interim ___ final application.

Saul Ewing Arnstein & Lehr LLP intends to seek compensation in connection with the preparation of this Application at a later date.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 09/20/2019 D.I. 752 | 06/30/2019 through 07/31/2019 | $649,127.65 | $9,401.98 | $649,127.65 | $9,401.98 | $0.00 | 10/14/2019 D.I. 850 |
| 10/18/2019 D.I. 880 | 08/01/2019 through 08/31/2019 | $629,870.40 | $39,528.38 | $629,870.40 | $39,528.38 | $0.00 | 11/08/2019 D.I. 973 |
| 11/08/2019 D.I. 974 | 09/01/2019 through 09/30/2019 | $515,905.90 | $24,370.50 | $515,905.90 | $24,370.50 | $0.00 | 12/03/2019 D.I. 1084 |
| 12/18/2019 D.I. 12093 | 10/01/2019 through 10/31/2019 | $390,494.40 | $13,183.61 | $390,494.40 | $13,183.61 | $0.00 | 01/08/2020 D.I. 1303 |
| 01/08/2020 D.I. 1300 | 11/01/2019 through 11/30/2019 | $335,436.85 | $2,998.24 | $335,436.85 | $2,998.24 | $0.00 | 01/30/2020 D.I. 1376 |
| 02/27/2020 D.I. 1433 | 12/01/2019 through 12/31/2019 | $506,526.70 | $3,453.00 | $506,526.70 | $3,453.00 | $0.00 | 04/02/2020 D.I. 1547 |
| 04/09/2020 D.I. 1568 | 01/01/2020 through 01/31/2020 | $403,578.50 | $7,193.29 | $322,862.80 | $7,193.29 | $80,715.70 | 05/01/2020 D.I. 1612 |
| 05/05/2020 D.I. 1613 | 02/01/2020 through 02/29/2020 | $264,023.70 | $2,537.47 | $211,218.96 | $2,537.47 | $52,804.74 | 05/27/2020 D.I. 1640 |
| 05/27/2020 D.I. 1638 | 03/01/2020 through 03/31/2020 | $247,941.45 | $8,430.64 | $198,353.16 | $8,430.64 | $49,588.29 | 06/17/2020 D.I. 1672 |
| | **TOTAL** | **$3,942,905.55** | **$111,097.11** | **$3,759,796.82** | **$111,097.11** | **$183,108.73** | |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (MFW) |
|  | Jointly Administered |
| Debtors. | **Objection Deadline: July 13, 2020 at 4:00 p.m.**<br>**Hearing Date: Only if an objection is filed** |

## TENTH MONTHLY FEE APPLICATION OF SAUL EWING ARNSTEIN & LEHR LLP, COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 1, 2020 THROUGH APRIL 30, 2020

Saul Ewing Arnstein & Lehr LLP ("**Saul Ewing**" or "**Applicant**"), counsel to the debtors and debtors-in-possession (the "**Debtors**"), hereby applies to the Court for interim allowance of compensation for the period April 1, 2020 through April 30, 2020 (the "**Application Period**") with respect to its retention as counsel to the Debtors. In support of this Application, Saul Ewing represents as follows:

### Background

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

2.      The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

**Jurisdiction**

3.      On June 30, 2019 and July 1, 2019 (together, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

4.      On July 15, 2019, the Office of the United States Trustee (the "**UST**") appointed the Official Committee of Unsecured Creditors of Center City Healthcare d/b/a Hahnemann University Hospital, *et al*. (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code.

5.      On August 2, 2019, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 341] (the "**Interim Compensation Order**"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Cases.

**Retention of Saul Ewing**

6.      On August 8, 2019, this Court entered the *Order Authorizing the Employment and Retention of Saul Ewing Arnstein & Lehr LLP as Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* [D.I. 404].

**Professional Services Rendered**

7.      During the Application Period, Saul Ewing partners, associates and paraprofessionals rendered a total of 343.30 hours of professional services to the Debtors, for which Saul Ewing requests allowance of interim compensation in the amount of $181,351.35.

The blended hourly rate for the hours included in this Application is equal to $528.25 per hour, calculated as to attorneys, paralegals and paraprofessionals.  At all times, work was assigned to the attorney, paralegal or paraprofessional with the lowest billing rate possible commensurate with the skill, background, responsibility and expertise needed to do the work efficiently.

8.     Saul Ewing's hourly rates are set at a level designed to compensate Saul Ewing for the work of its attorneys, paralegals and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding hourly rates structure utilized by Saul Ewing in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Saul Ewing for other corporate restructuring and bankruptcy matters, as well as similar complex corporate, labor, real estate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  Attached hereto as **Exhibit A** is a summary of the blended hourly rates for timekeepers who billed during the Application Period and Saul Ewing's firm-wide range of billing rates for its various positions.

9.     Saul Ewing maintains computerized records of all time expended for the professional services rendered in connection with these Chapter 11 Cases on behalf of the Debtors.  Attached hereto as **Exhibit B** is a summary of fees incurred and hours expended during the Application Period along with a detailed, chronological itemization covering all the services performed by Applicant.  This detailed itemization complies with Del. Bankr. L.R. 2016-2(d) in that (i) each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, (ii) all time is billed in increments of one-tenth of an hour, and (iii) time entries are presented chronologically by Applicant.

10.     Attached hereto as **Exhibit C** is a detailed itemization, by project category, of all services performed by Applicant with respect to these matters during the Application Period. Non-working travel time (to the extent applicable) is billed at 50% of normal rates.

11.     Attached hereto as **Exhibit D** is a description of the costs actually expended by the Applicant in the performance of services rendered as counsel to the Debtors during the Application Period.  These costs for which reimbursement is requested total $5,855.15.  The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, facsimile charges ($.25/page – outgoing transmission only), telephone charges, postage, messenger service, outside photocopying, teleconferencing and legal research.  By this Application, the Applicant does not seek expenses for incoming facsimile transmissions.

12.     Attached hereto as **Exhibit E** is a Declaration of Applicant with respect to the compensation requested.

**Summary of Legal Services by Project Category**

13.     The services rendered by Saul Ewing during the Application Period can be grouped in the categories set forth below.  The following chart is a summary of the fees and hours billed for each project category during the Application Period.

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Sale Disposition | 19.60 | $12,533.00 |
| Business Operations | 108.00 | $73,305.50 |
| Case Administration | 26.60 | $16,079.50 |
| Claims Analysis, Objections, Proofs of Claim and Bar Date | 21.60 | $10,679.50 |
| Committee Matters | 0.30 | $199.50 |
| Creditor Inquiries | 4.40 | $2,035.00 |
| Employee Benefits and Pensions | 11.20 | $6,001.00 |
| Executory Contracts and Unexpired Leases | 18.50 | $8,933.00 |
| Fee/Employment Applications (Saul Ewing) | 14.80 | $4,101.50 |
| Fee/Employment Applications (Other Professionals) | 2.90 | $936.00 |

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Labor Matters | 1.90 | $1,263.50 |
| Litigation: Contested Matters and Adversary Proceedings | 106.10 | $60,982.00 |
| Relief from Stay and Adequate Protection | 4.30 | $3,004.00 |
| UST Reports, Meetings and Issues | 3.10 | $1,448.50 |
| **TOTAL** | **343.30** | **$201,501.50** |
| **Minus Agreed Upon Discount** | | **($20,150.15)** |
| **GRAND TOTAL** | **343.30** | **$181,351.35** |

14.     These categories are generally described below, with a more detailed identification of the actual services provided set forth in **Exhibit C** attached hereto.

(a)     Asset Sale Disposition.  This category includes all matters relating to the disposition, and other post-petition uses of, property of the estate, including issues arising from the sale of substantially all of the Debtors' assets.  Time in this category includes communicating with equipment owners regarding equipment issues; communicating with STC OpCo, LLC (the "**Buyer**") regarding equipment issues, a TSA extension agreement and a release of funds; conducting research concerning the Pennsylvania Hospital Assessment Program and related statutes and regulations; reviewing and revising the TSA extension agreement with the Buyer; and communicating with the Debtors regarding equipment removal issues, the TSA extension agreement and other sale-related issues.  Saul Ewing spent 19.60 hours of attorney time on the foregoing services.  Said services have a value of $12,533.00 (discounted to $11,279.70) for which Saul Ewing is seeking compensation.

| Asset Sale Disposition | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 0.60 | $456.00 |
| J. Hampton | Partner | 10.60 | $7,049.00 |
| A. Isenberg | Partner | 5.90 | $3,923.50 |
| J. Ourth | Partner | 1.30 | $747.50 |
| M. Martinez | Associate | 0.50 | $157.50 |
| G. Baker | Associate | 0.70 | $199.50 |
| **Total** | | **19.60** | **$12,533.00** |
| **Minus Agreed Upon Discount** | | | **($1,253.30)** |
| **Grand Total** | | **19.60** | **$11,279.70** |

(b)    <u>Business Operations</u>.  This category includes all matters relating to the operation of the Debtors' businesses.  Time in this category includes communicating with various vendors regarding payment and service issues; drafting and revising a letter to an insurer regarding a notice of claim; addressing issues related to Navigant billing services; reviewing and revising a Navigant agreement amendment; reviewing a tail insurance analysis and list of tail insurance participants; reviewing and revising PARRG and RRG documents regarding tail insurance; reviewing and revising an amendment to the Tenet/Conifer term sheet; preparing for and participating in calls with the Debtors and their non-debtor affiliates regarding the tail insurance; and communicating with the Debtors regarding vendor issues, case strategy, building equipment stimulus funds, accounts receivable and insurance issues.  Saul Ewing spent 108.00 hours of attorney time on the foregoing services.  Said services have a value of $73,305.50 (discounted to $65,974.95) for which Saul Ewing is seeking compensation.

| Business Operations | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 16.30 | $12,388.00 |
| J. Hampton | Partner | 69.80 | $46,417.00 |
| A. Isenberg | Partner | 21.20 | $14,098.00 |
| J. Hopkins | Partner | 0.70 | $402.50 |
| **Total** | | **108.00** | **$73,305.50** |
| **Minus Agreed Upon Discount** | | | **($7,330.55)** |
| **Grand Total** | | **108.00** | **$65,974.95** |

(c)    <u>Case Administration</u>.  This category includes all matters related to work regarding administration of the case.  Time in this category includes drafting, revising and filing notices of agenda; preparing hearing and exhibit binders; updating a case calendar; participating in meetings with the Debtors regarding case issues; and communicating with Omni Agent Solutions ("**Omni**") regarding service instructions for various documents and service issues.  Saul Ewing spent 26.60 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $16,079.50 (discounted to $14,471.55) for which Saul Ewing is seeking compensation.

| Case Administration | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| J. Hampton | Partner | 7.10 | $4,721.50 |
| A. Isenberg | Partner | 14.20 | $9,443.00 |
| M. DiSabatino | Partner | 1.30 | $585.00 |
| A. Applebaum | Associate | 1.20 | $504.00 |
| M. Martinez | Associate | 2.10 | $661.50 |
| R. Warren | Paraprofessional | 0.70 | $164.50 |
| **Total** | | **26.60** | **$16,079.50** |
| **Minus Agreed Upon Discount** | | | **($1,607.95)** |
| **Grand Total** | | **26.60** | **$14,471.55** |

(d)  Claims Analysis, Objections, Proofs of Claim and Bar Date. This category includes all time spent in connection with claim and bar date issues. Time in this category includes negotiating resolutions of administrative claim motions (the "**Motions**"); reviewing and analyzing documentation regarding the Motions; revising and revising the bar date order and proof of claim form; drafting, revising and filing stipulations resolving the Motions and certifications of no objection regarding the same; and communicating with the Debtors and Committee counsel regarding claim issues and the bar date motion. Saul Ewing spent 21.60 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $10,679.50 (discounted to $9,611.55) for which Saul Ewing is seeking compensation.

| Claims Analysis, Objections, Proofs of Claim and Bar Date | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 3.90 | $2,964.00 |
| J. Hampton | Partner | 2.50 | $1,662.50 |
| A. Isenberg | Partner | 2.60 | $1,729.00 |
| M. DiSabatino | Partner | 3.90 | $1,755.00 |
| A. Applebaum | Associate | 0.50 | $210.00 |
| M. Martinez | Associate | 5.40 | $1,701.00 |
| R. Warren | Paraprofessional | 2.80 | $658.00 |
| **Total** | | **21.60** | **$10,679.50** |
| **Minus Agreed Upon Discount** | | | **($1,067.95)** |
| **Grand Total** | | **21.60** | **$9,611.55** |

(e)  Committee Matters. This category includes all time spent in connection with issues involving the Committee. Time in this category includes

communicating with the Committee regarding the bar date timeline. Saul Ewing spent 0.30 of an hour of attorney time on the foregoing services. Said services have a value of $199.50 (discounted to $179.55) for which Saul Ewing is seeking compensation.

| Committee Matters | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| J. Hampton | Partner | 0.30 | $199.50 |
| **Total** | | **0.30** | **$199.50** |
| **Minus Agreed Upon Discount** | | | **($19.95)** |
| **Grand Total** | | **0.30** | **$179.55** |

(f)    Creditor Inquiries.    This category includes all matters related to communicating with creditors regarding case status, vendor matters, claim inquiries and insurance issues. Saul Ewing spent 4.4 hours of attorney time on the foregoing services. Said services have a value of $2,035.00 (discounted to $1,831.50) for which Saul Ewing is seeking compensation.

| Creditor Inquiries | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| M. Minuti | Partner | 0.70 | $532.00 |
| M. DiSabatino | Partner | 2.50 | $1,125.00 |
| M. Martinez | Associate | 1.20 | $378.00 |
| **Total** | | **4.40** | **$2,035.00** |
| **Minus Agreed Upon Discount** | | | **($203.50)** |
| **Grand Total** | | **4.40** | **$1,831.50** |

(g)    Employee Benefits and Pensions.    This category includes all time spent in connection with various employee issues. Time in this category includes reviewing and revising settlement documents with a former employee; drafting and filing a certification of counsel regarding a settlement with a former employee; communicating with counsel for the 1199C benefit funds regarding contributions to the funds; and communicating with the Debtors regarding flexible spending account issues and benefit payments. Saul Ewing spent 11.20 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $6,001.00 (discounted to $5,400.90) for which Saul Ewing is seeking compensation.

| Employee Benefits and Pensions | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 3.20 | $2,432.00 |
| M. DiSabatino | Partner | 3.20 | $1,440.00 |
| Paul A. Kasicky | Counsel | 1.60 | $896.00 |
| A. Applebaum | Associate | 2.60 | $1,092.00 |
| R. Warren | Paraprofessional | 0.60 | $141.00 |
| **Total** | | **11.20** | **$6,001.00** |
| **Minus Agreed Upon Discount** | | | **($600.10)** |
| **Grand Total** | | **11.20** | **$5,400.90** |

(h)   <u>Executory Contracts and Unexpired Leases</u>.  This category includes all time spent in connection with contract and lease analysis, the assumption, assignment or rejection of executory contracts and unexpired leases, and cure claims.  Time in this category includes revising a rejected contract chart; reviewing contracts and revising contract lists for rejection; drafting, revising and filing certifications of no objection and certifications of counsel in connection with the rejection motions; communicating with landlords regarding lease issues; communicating with vendors regarding contract issues; and communicating with the Debtors regarding rejection, vendor and landlord issues.  Saul Ewing spent 18.50 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $8,933.00 (discounted to $8,039.70) for which Saul Ewing is seeking compensation.

| Executory Contracts and Unexpired Leases | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 0.30 | $228.00 |
| J. Hampton | Partner | 1.20 | $798.00 |
| A. Isenberg | Partner | 5.00 | $3,325.00 |
| M. DiSabatino | Partner | 3.30 | $1,485.00 |
| A. Applebaum | Associate | 3.70 | $1,554.00 |
| M. Martinez | Associate | 4.60 | $1,449.00 |
| R. Warren | Paraprofessional | 0.40 | $94.00 |
| **Total** | | **18.50** | **$8,933.00** |
| **Minus Agreed Upon Discount** | | | **($893.3)** |
| **Grand Total** | | **18.50** | **$8,039.70** |

(i)   <u>Fee/Employment Applications (Saul Ewing)</u>.  This category includes all matters related to the review and preparation of a retention application and

fee applications for Saul Ewing. Time in this category includes drafting, revising and filing Saul Ewing's seventh monthly and second interim fee applications and a certification of no objection on Saul Ewing's sixth monthly fee application. Saul Ewing spent 14.80 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $4,101.50 (discounted to $3,691.35) for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Saul Ewing) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| J. Hampton | Partner | 1.00 | $665.00 |
| M. DiSabatino | Partner | 0.90 | $405.00 |
| R. Warren | Paraprofessional | 12.90 | $3,031.50 |
| **Total** | | **14.80** | **$4,101.50** |
| **Minus Agreed Upon Discount** | | | **($410.15)** |
| **Grand Total** | | **14.80** | **$3,691.35** |

(j)     Fee/Employment Applications (Other Professionals). This category includes all matters related to the review and analysis and filing of retention and fee applications for other professionals in these Chapter 11 Cases. Time in this category includes revising and filing EisnerAmper LLP's ("**EisnerAmper**") monthly staffing reports; drafting and filing certification of no objection for EisnerAmper's monthly staffing reports and a third ordinary course professional quarterly statement; and communicating with the Debtors regarding professional fees. Saul Ewing spent 2.90 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $936.00 (discounted to $842.40) for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Other Professionals) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. DiSabatino | Partner | 0.70 | $315.00 |
| M. Martinez | Associate | 1.30 | $409.50 |
| R. Warren | Paraprofessional | 0.90 | $211.50 |
| **Total** | | **2.90** | **$936.00** |
| **Minus Agreed Upon Discount** | | | **($93.60)** |
| **Grand Total** | | **2.90** | **$842.40** |

(k)     Labor Matters. This category includes all matters relating to union and labor issues. Time in this category includes time spent communicating

with a former employee regarding tail insurance and settlement issues; and communicating with the Debtors regarding tail insurance and pension issues. Saul Ewing spent 1.90 hours of attorney time on the foregoing services. Said services have a value of $1,263.50 (discounted to $1,137.15) for which Saul Ewing is seeking compensation.

| Labor Matters | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| J. Hampton | Partner | 1.90 | $1,263.50 |
| **Total** | | **1.90** | **$1,263.50** |
| **Minus Agreed Upon Discount** | | | **($126.35)** |
| **Grand Total** | | **1.90** | **$1,137.15** |

(l)  Litigation: Contested Matters and Adversary Proceedings. This category includes all matters related to litigation. Time in this category includes reviewing and revising a stipulation of dismissal regarding state court litigation; drafting a memorandum regarding discovery and document review issues; reviewing documentation regarding estate causes of action; preparing for and interviewing estate representatives and former employees regarding potential causes of action and drafting summaries of same; conducting research concerning standing to assert certain estate claims and potential state law claims; and communicating with the Debtors regarding the possible estate claims. Saul Ewing spent 106.10 hours of attorney time on the foregoing services. Said services have a value of $60,982.00 (discounted to $54,883.80) for which Saul Ewing is seeking compensation.

| Litigation: Contested Matters and Adversary Proceedings | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| W. Manning | Partner | 2.80 | $2,170.00 |
| M. Minuti | Partner | 28.50 | $21,660.00 |
| J. Demmy | Partner | 5.40 | $3,861.00 |
| J. Hampton | Partner | 18.40 | $12,236.00 |
| A. Isenberg | Partner | 6.20 | $4,123.00 |
| M. Novick | Partner | 10.20 | $5,967.00 |
| M. DiSabatino | Partner | 0.10 | $45.00 |
| S. Simon | Associate | 7.20 | $2,736.00 |
| M. Martinez | Associate | 0.70 | $220.50 |

| | | | |
|---|---|---|---|
| C. Davis | Associate | 17.30 | $5,622.50 |
| S. McGuire | Associate | 7.10 | $1,846.00 |
| R. Brooman | Litigation Support | 0.60 | $183.00 |
| M. Beauge | Litigation Support | 1.60 | $312.00 |
| **Total** | | **106.10** | **$60,982.00** |
| **Minus Agreed Upon Discount** | | | **($6,098.20)** |
| **Grand Total** | | **106.10** | **$54,883.80** |

(m)     <u>Relief From Stay and Adequate Protection</u>.  This category includes all matters relating to relief from the automatic stay.  Time in this category includes analyzing materials regarding CMS's motion for stay relief (the "**Setoff Motion**"); communicating with CMS regarding a resolution of the Setoff Motion; and communicating with the Debtors regarding the Setoff Motion.  Saul Ewing spent 4.30 hours of attorney time on the foregoing services.   Said services have a value of $3,004.00 (discounted to $2,703.60) for which Saul Ewing is seeking compensation.

| Relief From Stay and Adequate Protection | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 2.20 | $1,672.00 |
| J. Hampton | Partner | 0.10 | $66.50 |
| A. Isenberg | Partner | 1.70 | $1,130.50 |
| M. DiSabatino | Partner | 0.30 | $135.00 |
| **Total** | | **4.30** | **$3,004.00** |
| **Minus Agreed Upon Discount** | | | **($300.40)** |
| **Grand Total** | | **4.30** | **$2,703.60** |

(n)     <u>UST Reports, Meetings and Issues</u>.  This category includes time related to the preparation of operating reports and other information required by the UST or the Court.  Time in this category includes communicating with the UST and the Debtors regarding monthly operating reports and quarterly fees; and reviewing, revising and filing monthly operating reports.  Saul Ewing spent 3.10 hours of attorney time on the foregoing services.  Said services have a value of $1,448.50 (discounted to $1,303.65) for which Saul Ewing is seeking compensation.

| UST Reports, Meetings and Issues | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| J. Hampton | Partner | 0.40 | $266.00 |
| A. Isenberg | Partner | 0.50 | $332.50 |
| A. Applebaum | Associate | 1.80 | $756.00 |
| R. Warren | Paraprofessional | 0.40 | $94.00 |
| **Total** | | **3.10** | **$1448.50** |
| **Minus Agreed Upon Discount** | | | **($144.85)** |
| **Grand Total** | | **3.10** | **$1,303.65** |

(o)  Expenses.  **Exhibit D** lists expenses, such as copying costs at $.10¢ per page, postage, filing fees, transcripts, charges for telephonic Court appearances, charges for legal research and travel expenses.  Saul Ewing seeks $8,430.64 in expenses.

| EXPENSES | | |
|---|---|---|
| **Expense Category** | **Service Provider (if applicable)** | **Total Expenses** |
| Photocopying (777 pages @ $.10 per page) | | $77.70 |
| E-discovery Processing /Usage | Saul Ewing Arnstein & Lehr LLP | $5,717.85 |
| Messenger Service | Parcels, Inc. | $7.50 |
| Mileage | John D. Demmy | $16.10 |
| Parking | Parkway Corp Centre Square | $36.00 |
| **Total** | | **$5,855.15** |

## Compensation Should Be Allowed

15.  The foregoing services in the total amount of $181,351.35 provided by Saul Ewing on behalf of the Debtors during the Application Period were reasonable, necessary and appropriate to the administration of the Chapter 11 Cases.

16.  The attorneys who worked on these cases during the Application Period have various levels and areas of expertise.  Accordingly, it was necessary for these attorneys to

consult with each other on different aspects and issues relating to the Chapter 11 Cases.  The attorneys involved in this case and their areas of expertise is attached hereto as **Exhibit F**.

17.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extend, and the value of such services, taking into account all relevant factors, including
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

18.     The services performed by Saul Ewing during the Application Period for which compensation is sought were necessary for, and beneficial to, the Debtors and the Debtors' estates.  Saul Ewing submits that the compensation sought is reasonable.

19.    Saul Ewing submits that the services provided to the Debtors by Saul Ewing during these Chapter 11 Cases were necessary and appropriate given the complexity of these Chapter 11 Cases, the issues involved, the nature and extent of services provided, and the cost of comparable services outside of bankruptcy, all of which are factors set forth in section 330 of the Bankruptcy Code.    Accordingly, Saul Ewing respectfully submits that approval of the compensation sought for the Application Period is appropriate and should be approved.

20.    Saul Ewing has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with the such requirements.

**<u>Notice</u>**

21.    Notice of this Application is being provided to the Notice Parties identified in the Interim Compensation Order and to all other parties who have requested notice pursuant to Bankruptcy Rule 2002.

22.    No prior request for the relief sought by this Application has been made to this or any other court.

[remainder of page left intentionally blank]

WHEREFORE, Saul Ewing respectfully requests that the Court enter an Order (i) allowing, authorizing and directing payment of interim compensation in the amount of $181,351.35 (80% of which is $145,081.08) for legal services rendered on behalf of the Debtors during the Application Period, together with reimbursement of disbursements in the amount of $5,855.15 and, (ii) granting such other and further relief as the Court deems just and proper.

Dated: June 22, 2020

**SAUL EWING ARNSTEIN & LEHR LLP**

By: _/s/ Monique B. DiSabatino_
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*

37102568.2 06/22/2020