**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al*.,[1] | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) **Objection Deadline: July 7, 2020 at 4:00 p.m. (EST)** |
| | ) **Hearing Date: To be determined (if necessary)** |
| | ) |

**THIRD MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER**
**FURTHER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE**
**A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON**

By this motion (this "Motion"), Center City Healthcare, LLC d/b/a Hahnemann

University Hospital and its affiliated debtors and debtors in possession (the "Debtors") in the

above-captioned chapter 11 cases (the "Chapter 11 Cases") seek the entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to

section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy

Code"), (a) further extending the period in which the Debtors have the exclusive right to file a

chapter 11 plan or plans (the "Exclusive Filing Period") by 120 days, through and including

October 22, 2020; and (b) extending the period in which the Debtors have the exclusive right to

solicit acceptances of a chapter 11 plan or plans (the "Exclusive Solicitation Period," and

together with the Exclusive Filing Period, the "Exclusive Periods") by 120 days, through and

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

including December 22, 2020.  In support of this Motion, the Debtors respectfully represent as follows:

### Preliminary Statement

1.      When the Debtors previously sought authority from this Court in February 2020 to extend the Exclusive Periods, the Debtors anticipated that the requested extension would provide sufficient time for the Debtors to make meaningful progress in their Chapter 11 Cases.[2] In particular, the Debtors expected that a claims bar date would be set for May 2020, after which the Debtors would have a clearer sense of the extent of the claims asserted against their estates. Certainly, in February 2020, the Debtors never imagined nor could they possibly have foreseen the severe consequences of the COVID-19 pandemic on the global population or its adverse effect on their ability to advance these Chapter 11 Cases on their intended timeline.

2.      In the bar date motion filed on March 13, 2020 [D.I. 1471] (the "Bar Date Motion"), the Debtors sought to, *inter alia*, establish a Bar Date (as defined therein) of May 26, 2020.  Such a Bar Date would have required the Debtors to mail bar date notices and parties in interest to submit proofs of claim at the height of the COVID-19 pandemic and all of the limitations imposed as a result thereof.  Recognizing the significant difficulties that COVID-related restrictions imposed on parties in interest, particularly in light of the shuttered business operations and stay at home mandates, and in terms of sending and receiving mail, the Debtors, in consultation with the Committee, determined that a delay in the establishment of the proposed Bar Date was appropriate and in the best interests of creditors.  It was not until recently that, given the modifications to stay-at-home orders and other restrictions in the region, the Debtors

---

[2]      Notwithstanding the foregoing, the Debtors *did* expect that a third extension of the Exclusive Periods would nevertheless be necessary in order to maintain exclusivity through any ongoing negotiations of a plan of liquidation and through the solicitation and plan approval process.

determined that the time was appropriate to fix a bar date in these cases and submitted a revised

proposed order to the Court.  On June 11, 2020, the Court entered the order granting the Bar

Date Motion, which established August 5, 2020 as the Bar Date [D.I. 1666] (the "Bar Date

Order").

3.       While the Debtors had hoped to be closer to filing a plan at this juncture, the

Debtors recognize the unique challenges presented by the pandemic and believe that the delays

caused as a result of the extended bar date process are reasonable and necessary.  Moreover, as

explained below, even in spite of the pandemic, the Debtors have made significant progress in

these cases over the past several months, including obtaining Court authority to purchase

professional liability tail insurance coverage for certain former residents, physicians and staff,

negotiating pension issues, analyzing plan timing issues, coordinating with the Committee

regarding an appropriate bar date timeline, responding to creditor inquiries, negotiating with

landlords and vendors regarding lease and contract issues, seeking court approval to reject

burdensome and unnecessary contracts and leases, investigating potential estate causes of action,

preparing for the building transfer of Hahnemann hospital, resolving significant claims asserted

against the estates, coordinating with vendors and STC OpCo, LLC, the purchaser of St.

Christopher's Hospital (the "Buyer"), regarding the removal and abandonment of equipment at

the premises, and negotiating an extension of a transitional services agreement with the Buyer,

among other tasks.

4.       The Debtors intend to continue this progress in these cases while working towards

a liquidating chapter 11 plan and believe that the requested extensions of the Exclusive Periods

provide them with a realistic time frame to formulate a proposed plan, particularly now that a bar

37065046.3 06/23/2020

date has been established.  For these reasons, as well as the reasons set forth below, a further extension of the Exclusive Periods is appropriate and warranted.

## Jurisdiction and Venue

5.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

6.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The statutory predicates for the relief requested herein are sections 105(a) and 1121(d) of the Bankruptcy Code.

## Background

9.      On June 30 and July 1, 2019 (collectively, the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

37065046.3 06/23/2020

10.     On July 15, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al*. [D.I. 182] (the "Committee").

11.     A description of the Debtors' businesses and the reasons for commencing these Chapter 11 Cases is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2], which is incorporated herein by reference.

12.     The Debtors entered the Chapter 11 Cases with two primary objectives: (i) the orderly closure of Hahnemann University Hospital ("HUH"); and (ii) the going concern sale of St. Christopher's Hospital for Children ("STC") and its related affiliated entities.   Over the course of these cases, the Debtors achieved their objectives and addressed various other pressing case issues.

13.     The Debtors' Exclusive Filing Period is scheduled to expire on June 24, 2020 and the Debtors' current Exclusive Solicitation Period is scheduled to expire on August 24, 2020.  To ensure that these Chapter 11 Cases continue to progress in an effective and efficient manner, the Debtors seek the extensions requested herein so that they can work towards a consensual plan or plans of liquidation.

## Relief Requested

14.     By this Motion, the Debtors seek the entry of an Order, pursuant to sections 105(a) and 1121(d) of the Bankruptcy Code, (a) extending the Debtors' Exclusive Filing Period by 120 days, through and including October 22, 2020 and (b) extending the Debtors' Exclusive Solicitation Period by 120 days, through and including December 22, 2020.

**Basis for Relief Requested**

15.    Section 1121(b) of the Bankruptcy Code provides that "only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter."  11 U.S.C. § 1121(b).  Sections 1121(c)(2) and (3) further provide, in relevant part, that a party in interest may file a plan if and only if "the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter" or "the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief."  See 11 U.S.C. § 1121(c)(2)-(3).

16.    Section 1121(d)(1) provides, in relevant part:

> [O]n request of a party in interest made within the respective periods in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

17.    Pursuant to section 1121(d)(2), the 120-day Exclusive Filing Period may not be extended beyond a date that is 18 months after the Petition Date, and the 180-day Exclusive Solicitation Period may not be extended beyond a date that is 20 months after the Petition Date. See 11 U.S.C. § 1121(d)(2).  In the present case, the requested extensions of the Exclusive Periods, if granted, do not extend beyond these deadlines.  Thus, this Motion is consistent with the requirements of Bankruptcy Code section 1121(d)(2).

**I.    A Court May Extend the Exclusive Periods for "Cause" under Section 1121(d) of the Bankruptcy Code**

18.    As indicated above, section 1121(d)(1) of the Bankruptcy Code provides that a court may extend Exclusive Periods for "cause" shown.  See 11 U.S.C. § 1121(d); In re Pine Run Trust, Inc., 67 B.R. 432, 433 (Bankr. E.D. Pa. 1986).  The term "cause" is not defined in the Bankruptcy Code; rather, courts have broad discretion to determine "cause" based on the facts

-6-

and circumstances of each case.  See First Am. Bank of N.Y. v. Southwest Gloves & Safety

Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986) (stating that section 1121(d)(1) provided the

bankruptcy court with flexibility to increase the period of exclusivity in its discretion); see also

In re Burns and Roe Enters., Inc., No 00-41610 (RG), 2005 WL 6289213, at *3-4 (D.N.J. Nov. 2,

2005); In re Sharon Steel Corp., 78 B.R. 762, 763-65 (Bankr. W.D. Pa. 1987).

19.    Legislative history also makes clear that the term "cause" is intended to be a

flexible standard aimed at balancing the competing interests of a debtor and its creditors.  See

H.R. Rep. No. 95-595 at 231-32 (1978).    The purpose of exclusivity is to "promote an

environment in which the debtor's business may be rehabilitated and a consensual plan may be

negotiated."  See H.R. Rep. No. 95-595, at 36 (1994); Burns and Roe, 2005 WL 6289213, at *4.

Accordingly, to fulfill Congress's legislative intent, debtors should be granted a reasonable

opportunity to remain in control for a period of time to prepare adequate financial and non-

financial information regarding the outcome of any proposed plan for disclosure to creditors.

See In re McLean Indus., Inc., 87 B.R. 830, 833-34 (Bankr. S.D.N.Y. 1987); see also In re All

Seasons Indus., Inc., 121 B.R. 1002, 1006 (Bankr. N.D. Ind. 1990) ("One of the most important

reasons for extending the debtor's period of exclusivity is to give the chapter 11 process of

negotiation and compromise an opportunity to be fulfilled, so that a consensual plan can be

proposed and confirmed without opposition.").

20.    To determine whether cause exists to extend the Exclusive Periods, courts

consider several non-exclusive factors, including: (i) the size and complexity of a case; (ii) the

debtor's need for sufficient time to negotiate a plan and prepare adequate information; (iii) the

existence of good faith progress toward reorganization; (iv) whether the debtor is paying its bills

as they come due; (v) whether the debtor has shown a reasonable likelihood of proposing a

viable plan; (vi) the progress the debtor has made in negotiating with its creditors; (vii) the amount of time that has elapsed in the case; (viii) whether the debtor is seeking an extension of the exclusive periods to pressure creditors to submit to the debtors' reorganization demands; and (ix) whether any unresolved contingencies exist.  See, e.g., In re Adelphia Comm. Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); In re Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).  No single factor is dispositive in determining whether to extend exclusivity; rather, courts can choose to rely on only a few factors or even altogether differing factors.  See In re Elder-Beerman Stores Corp., No. C-3-97-175, 1997 WL 1774880, at *4 (S.D. Ohio June 23, 1997); Dow Corning, 208 B.R. at 669-70 (noting that sometimes certain factors are more important or relevant than others).

21.     As set forth below, ample cause exists to grant the Debtors' requested extensions of the Exclusive Periods in the present case.

## II.     Cause Exists to Extend the Exclusive Periods

### A.     The Debtors Have Made Good Faith Progress Towards a Plan

22.     First, the Debtors have made significant progress in these Chapter 11 Cases to date.  In the last few months, for example, the Debtors have: (i) sought and obtained entry of several orders pursuant to which the Debtors have rejected burdensome and unnecessary executory contracts and unexpired leases; (ii) obtained Court authority to purchase professional liability tail insurance coverage for certain former residents, physicians and staff; (iii) obtained authority to abandon all remaining personal property, including furniture, equipment and inventory, at the Hahnemann properties; (iv) commenced an analysis of potential estate causes of action; (v) addressed a multitude of creditor inquiries on issues including vendor and insurance

matters; (vi) negotiated settlements of significant administrative claims and certain other claims asserted against the estates; (vii) obtained approval of a settlement involving access and use of certain telecommunications services; (viii) obtained entry of the Bar Date Order; (ix) analyzed plan timing issues; (x) negotiated pension issues; (xi) coordinated with vendors and the Buyer regarding asset disposition at STC, including abandonment and removal of equipment; (xii) negotiated an extension of a transactional services agreement with the Buyer; and (xiii) otherwise attended to tasks required to administer these Chapter 11 Cases.

23.     The Debtors intend to maintain focus and efficiency in these Chapter 11 Cases as they work to address open issues.  Simultaneously, the Debtors intend to work with parties in interest to formulate a consensual chapter 11 plan.  The Debtors are mindful of the time required to carry out these tasks, particularly to negotiate a plan that will meet the threshold for confirmation.  Therefore, the Debtors seek an extension of the Exclusive Periods to allow for consultation with key constituents in furtherance of a viable and consensual chapter 11 plan.

**B.     The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan or Plans**

24.     The Debtors' prospects for filing and ultimately confirming a viable chapter 11 plan are favorable.  Indeed, the Debtors' speed and progress towards achieving their goals of an orderly wind-down of HUH and a going concern sale of STC demonstrate that they will likewise be able to approach the plan formulation and confirmation process with the same speed and efficiency.  The Debtors submit that any proposed plan will be structured so as to ensure a maximum recovery to the Debtors' creditors and parties in interest and an orderly wind-down of the Debtors' estates.  Thus, because the Debtors have reasonable prospects for filing a viable plan, an extension of the Exclusive Periods is warranted.

**C.      The Chapter 11 Cases Have Been Pending for a Reasonably Short Period of Time**

25.      The Chapter 11 Cases have been pending for approximately eleven months, during which time the Debtors have made significant progress, as detailed above.  Given the complexity of the remaining issues to be addressed by the Debtors' estates, and taking into account the unforeseen and significant delays caused by the COVID-19 pandemic, which understandably and reasonably required the Debtors to push the Bar Date to August, the Debtors believe an extension of the Exclusive Periods is necessary and appropriate in order to permit the Debtors to focus on the preparation and filing of a consensual chapter 11 plan.  Indeed, the requested extensions of the Exclusive Periods will permit the Debtors to focus on negotiating a viable, consensual plan without the distraction of a looming exclusivity deadline, and the requested extensions are reasonable given the significant progress made by the Debtors to date in these cases.

**D.      No Prejudice to Creditors**

26.      The Debtors do not believe that the requested extension of the Exclusive Periods will harm the Debtors' creditors or other parties in interest.  On the contrary, the Debtors have conducted these Chapter 11 Cases in a manner intended to maximize the recoveries of their creditors and to best serve the interests of parties in interest.  In addition, the Debtors are not seeking this extension to prejudice their creditors or to otherwise pressure creditors to submit to certain demands.  Instead, the Debtors seek the requested extension so that they can maintain the status quo in these Chapter 11 Cases, address time-sensitive and potentially case dispositive issues, and formulate a consensual plan.  Thus, because neither the Debtors' creditors nor any other party in interest will be prejudiced by the proposed extension of the Exclusive Periods, the Debtors submit that the relief requested should be approved.

37065046.3 06/23/2020

-11-

27.     Lastly, although the Debtors hope to be in a position to file a chapter 11 plan of liquidation within the extended Exclusive Filing Period, as a precautionary measure, the Debtors reserve the right to request further extensions of the Exclusive Periods for cause.

**No Prior Request**

28.     No previous request for the relief sought herein has been made to this or any other Court.

**Notice**

29.     Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[remainder of page left intentionally blank]

37065046.3 06/23/2020

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form annexed hereto at **Exhibit A**: (i) extending the Debtors' Exclusive Filing Period by 120 days, through and including October 22, 2020; (ii) extending the Debtors' Exclusive Solicitation Period by 120 days, through and including December 22, 2020; and (iii) granting the Debtors such other and further relief as is just and proper.

Dated: June 23, 2020                                          **SAUL EWING ARNSTEIN & LEHR LLP**


By: */s/ Mark Minuti*
      Mark Minuti (DE Bar No. 2659)
      Monique B. DiSabatino (DE Bar No. 6027)
      1201 N. Market Street, Suite 2300
      P.O. Box 1266
      Wilmington, DE 19899
      Telephone: (302) 421-6840
      Fax: (302) 421-5873
      mark.minuti@saul.com
      monique.disabatino@saul.com

          -and-

      Jeffrey C. Hampton
      Adam H. Isenberg
      Melissa A. Martinez
      Centre Square West
      1500 Market Street, 38th Floor
      Philadelphia, PA 19102
      Telephone: (215) 972-7777
      Fax: (215) 972-7725
      jeffrey.hampton@saul.com
      adam.isenberg@saul.com
      melissa.martinez@saul.com

      *Counsel for Debtors and Debtors in Possession*

37065046.3 06/23/2020