## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.,*[1] | Case No. 19-11466 (MFW) |
| Debtors. | (Jointly Administered) |

## FOURTH SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Colin Linebaugh, am employed in the county of Los Angeles, State of California. I hereby certify that on August 4, 2020 at my direction and under my supervision, employees of Omni Management Group caused true and correct copies of the following documents to be served via overnight mail by placing the document in a sealed envelope, affixing a pre-paid air bill, and delivering envelopes to an overnight courier location in Los Angeles, California to the parties listed in **Exhibit A** attached hereto:

- **Notice of Deadline for Filing Proofs of Claim, Including Section 503(b)(9) Claims.**[2]

- **Official Form 410 – Proof of Claim and Instructions.**[3]

Dated: August 5, 2020

Colin Linebaugh
Omni Management Group
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367
818-906-8300

{State of California    }
{                       } ss.
{County of Los Angeles  }

Subscribed and sworn to (or affirmed) before me on this 5ᵗʰ day of August, 20 , by Colin Linebaugh, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Notary Public

DARLEEN SAHAGUN
Notary Public - California
Los Angeles County
Commission # 2230950
My Comm. Expires Feb 11, 2022

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] A copy of the Notice has been attached hereto as **Exhibit B**.

[3] A copy of the Proof of Claim and Instructions has been attached hereto as **Exhibit C**.

# EXHIBIT A

**Center City Healthcare, LLC, et al. - Overnight Mail**

FREEDMAN & LORRY, PC
SCOTT A. PORTNER ESQ./ASHLEY M. SULLIVAN, ESQ.
1601 MARKET STREET, SUITE 1500
PHILADELPHIA, PA 19103

JOSE HERNANDEZ BRETON
ADRESS REDACTED

MARIA CRUZ ISIDRO
ADDRESS REDACTED

ROYCE SMITH, LLC
ROYCE SMITH, ESQ.
1500 WALNUT STREET, SUITE 700
PHILADELPHIA, PA 19102

SHARMAINE FARRARE
ADDRESS REDACTED

Parties Served: 5

# **EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |

## NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM,
## INCLUDING SECTION 503(b)(9) CLAIMS

**PLEASE TAKE NOTICE** that on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), Center City Healthcare, LLC, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC, HPS of PA, L.L.C., SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., StChris Care at Northeast Pediatrics, L.L.C., TPS of PA, L.L.C., TPS II of PA, L.L.C., TPS III of PA, L.L.C., TPS IV of PA, L.L.C., and TPS V of PA, L.L.C. (together, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**").

**PLEASE TAKE FURTHER NOTICE** that on March 12, 2020, the Debtors filed the *Motion of the Debtors for an Order (I) Establishing Deadlines for Filing Proofs of Claim, Including Section 503(b)(9) Claims, and (II) Approving the Form and Manner of Notice Thereof* (the "**Motion**").[2]

**PLEASE TAKE FURTHER NOTICE** that, on June 11, 2020, the United States Bankruptcy Court for the District of Delaware (the "**Court**"), having jurisdiction over the Debtors' chapter 11 cases, entered an order (the "**Bar Date Order**") establishing:

**Bar Date: August 5, 2020 at 5:00 p.m. (ET)** as the deadline for all persons or entities, including Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), to file proofs of claim based on claims against any Debtor that arose prior to the Petition Date, including claims for the value of goods sold to any Debtor in the

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

37074898.1 06/15/2020

ordinary course of business and received by such Debtor within twenty (20) days before the Petition Date (each, a "**Section 503(b)(9) Claim**").

**Rejection Damages Bar Date:** Any persons or entities, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), that assert a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection by the later of (i) the Bar Date, or (ii) the date that is thirty (30) days following service of notice of the effective date of such rejection (unless the order authorizing such rejection provides otherwise).

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER TO FILE A PROOF OF CLAIM.**

**If you have any questions with respect to this notice, you may contact the Debtors' claims agent, Omni Management Group ("Omni") at (866) 662-2281, or by email at PAHS@ omniagnt.com. Please note that Omni is not permitted to give you legal advice. Omni cannot advise you how to file, or whether you should file, a Proof of Claim Form.**

**--PROCEDURES FOR SUBMITTING PROOFS OF CLAIM--**

**1.      WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim if you have a claim that arose prior to the Petition Date and it is not a claim described in Section 2 below.  Acts or omissions of the Debtors that arose prior to the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Dates, notwithstanding that such claims may not have matured or become fixed or liquidated as of the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.      WHO NEED NOT FILE A PROOF OF CLAIM**

The following persons or entities are **NOT** required to file a proof of claim in accordance with the procedures set forth herein:

a)   any person or entity that has already properly filed a proof of claim with Omni or the Court in a form substantially similar to Official Form 410;

**Creditors are encouraged to confirm that their claim is recorded as intended on the claims register by either reviewing https://omnimgt.com/centercityhealthcare or by contacting the Center**

**City Healthcare, LLC, et. al. Claims Processing Center at (866) 662-2281.**

b)  any person or entity whose claim is listed on a Debtor's Schedule D or E/F, and (i) the claim is not described as "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and priority of the claim set forth in the Schedules, and (iii) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;

c)  any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

d)  any person or entity whose claim has been satisfied in full by the Debtors or any other party prior to the applicable Bar Date;

e)  any holder of a claim for which the Court has already fixed a specific deadline to file a proof of claim;

f)  an employee of a Debtor if an order of this Court authorized such Debtor to honor the employee's claim in the ordinary course of business, and the Debtor actually paid such claim, such as a wage, commission or benefit claim; provided however, that an employee must submit a proof of claim by the Bar Date for all other claims, including claims for deferred compensation, wrongful termination, discrimination, harassment, hostile work environment, retaliation, or any other litigation or pre-litigation claim;

g)  any Debtor having a claim against another Debtor; and

h)  any holder of an equity interest in a Debtor need not file a proof of interest with respect to the ownership of such equity interest at this time; provided, however, that any holder of an equity interest who wishes to assert a claim against a Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Bar Date pursuant to procedures set forth herein.

## 3.  CLAIMS ARISING UNDER EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you are a party to an executory contract or unexpired lease with a Debtor and assert a claim for amounts accrued pursuant to such executory contract or unexpired lease and unpaid as of the Petition Date, you must file a proof of claim for such amounts on or before the applicable Bar Date, unless an exception in Section 2 otherwise applies.

If, in addition, you hold a claim that arises from the rejection of an executory contract or unexpired lease, you must file a proof of claim based on such rejection on or before the Rejection Damages Bar Date.

3

4.      **WHEN AND WHERE TO FILE A PROOF OF CLAIM**

All proofs of claim must be filed **so as to be received** on or before the applicable Bar Date at the following address:

**Center City Healthcare, LLC, et. al. Claims Processing**
**c/o Omni Management Group**
**5955 DeSoto Ave., Suite 100**
**Woodland Hills, CA 91367**

Proofs of claim can also be submitted electronically through Omni's website, at the following web address, www.omniagentsolutions.com/PAHSPOCSubmission, and by clicking on "Submit a Proof of Claim."

Proofs of claim will be deemed timely filed only if **actually received** by the Omni Claims Processing Center on or before the applicable Bar Date. Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission, with the exception of proofs of claim submitted through the Omni case website, as described above.

5.      **HOW TO FILE A PROOF OF CLAIM**

Enclosed herewith is a copy of Official Form 410. Additional copies of Official Form 410 may be obtained at www.omniagentsolutions.com/PAHSPOCSubmission. The enclosed Proof of Claim Form may already contain information (based on the Debtors' records) including your name, address and the appropriate Debtor. If you believe the information is incorrect, you may cross out that information and write in the correct information prior to submitting the Proof of Claim Form.

If you file a proof of claim, your filed Proof of Claim Form must (i) be in writing and signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation or, if voluminous, a summary of supporting documents and an explanation as to why documentation is not available and identify where such supporting documentation may be obtained; (iii) be in English; (iv) be denominated in United States currency; and (v) conform substantially with Official Form 410.

Each proof of claim asserting a Section 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the applicable Debtor in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices corresponding to the asserted Section 503(b)(9) Claim; and (iii) attach documentation demonstrating that the goods were received by the Debtors within the 20 days preceding the Petition Date.

**Each Proof of Claim Form must specify the name of the Debtor against which the claim is asserted.** Any holder of a claim against more than one Debtor must file a separate proof of claim against each Debtor, and all holders of claims must identify on their proof of claim the specific Debtor against which such claim is asserted and the case number of that Debtor's

bankruptcy case.  The Debtors' names and case numbers can be found at the top of the first page of the Proof of Claim Form.

Notably, if more than one Debtor is listed on a Proof of Claim Form, the Debtors will treat such claim as being filed only against the first listed Debtor.  In addition, any claim filed under the joint administration case number (No. 19-11466) that does not identify a specific Debtor against which the claim is asserted shall be deemed as filed only against Center City Healthcare, LLC.

If you file a proof of claim and wish to receive a file-stamped receipt copy by return mail, you must include with your Proof of Claim Form an additional copy of your Proof of Claim Form and a self-addressed, postage-paid envelope.

**6.      THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed in the Schedules as the holder of a claim against the Debtors.

Interested parties may examine copies of the Schedules, the Bar Date Order and other filings in these cases free of charge at https://omnimgt.com/centercityhealthcare or on the Court's electronic docket for a fee at http://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://pacer.psc.uscourts.gov). Alternatively, you may request that a copy of the Schedules be mailed to you by contacting the Debtors' claims agent, Omni, at (866) 662-2281, or by email at PAHS@omniagnt.com.

If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim.  Otherwise, if you decide to file a proof of claim, you must do so before the applicable Bar Date, in accordance with the procedures set forth in this notice.

In the event the Debtors file an amendment (a "**Schedules Amendment**") to any of their Schedules and such Schedules Amendment (i) reduces the undisputed, noncontingent, and liquidated amount of a claim, (ii) reclassifies a scheduled, undisputed, liquidated, noncontingent claim as disputed, unliquidated, or contingent, or (iii) adds a new claim to the Schedules described as "disputed," "contingent" or "unliquidated," the deadline for each applicable claimant to file a proof of claim with respect to such amended or new claim shall be the later of (y) the Bar Date or (z) 5:00 p.m. (ET) on the date that is twenty-one (21) days after service of a notice on such claimant of the Schedules Amendment (the "**Amended Schedules Bar Date**"); provided, however, that no such proof of claim need be filed if the claimant has already properly filed a proof of claim in a form substantially similar to Official Form 410.

37074898.1 06/15/2020

## CONSEQUENCES OF FAILURE TO FILE A PROOF
## OF CLAIM BY THE APPLICABLE BAR DATE

**Absent further order of the Court to the contrary, except with respect to the excluded claims described above,** any holder of a claim against any Debtor who receives notice of the applicable Bar Date (whether such notice was actually or constructively received) and is required, but fails, to file a proof of claim, as applicable, in accordance with the Bar Date Order on or before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

[remainder of page left intentionally blank]

37074898.1 06/15/2020

## **RESERVATION OF RIGHTS**

The Debtors reserve the right to dispute, or to assert offsets or defenses against, any claim and nothing contained in the Bar Date Order or this notice shall preclude the Debtors from objecting to any filed claim on any grounds.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST ANY OF THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

Dated:  June 11, 2020                    SAUL EWING ARNSTEIN & LEHR LLP


                                         */s/ Monique B. DiSabatino*
                                         Mark Minuti (DE Bar No. 2659)
                                         Monique B. DiSabatino (DE Bar No. 6027)
                                         1201 N. Market Street, Suite 2300
                                         P.O. Box 1266
                                         Wilmington, DE  19899
                                         Telephone: (215) 972-7111
                                         mark.minuti@saul.com
                                         monique.disabatino@saul.com

                                         -and-

                                         Jeffrey C. Hampton
                                         Adam H. Isenberg
                                         Melissa A. Martinez
                                         Centre Square West
                                         1500 Market Street, 38th Floor
                                         Philadelphia, PA 19102
                                         Telephone: (215) 972-7111
                                         jeffrey.hampton@saul.com
                                         adam.isenberg@saul.com
                                         melissa.martinez@saul.com

                                         *Counsel for Debtors and Debtors-in-Possession*

7

# **EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

**Fill in the information to identify the case (Select only one Debtor per form):**

☐ Center City Healthcare, LLC Case No 19-11466
☐ Philadelphia Academic Health System, LLC Case No 19-11467
☐ St. Christopher's Healthcare, LLC Case No 19-11468
☐ Philadelphia Academic Medical Associates, LLC Case No 19-11469
☐ HPS of PA, L.L.C. Case No 19-11470
☐ SCHC Pediatric Associates, L.L.C. Case No 19-11471
☐ St. Christopher's Pediatric Urgent Care Center, L.L.C. Case No 19-11472

☐ SCHC Pediatric Anesthesia Associates, L.L.C. Case No 19-11473
☐ StChris Care at Northeast Pediatrics, L.L.C. Case No 19-11474
☐ TPS of PA, L.L.C. Case No 19-11475
☐ TPS II of PA, L.L.C. Case No 19-11476
☐ TPS III of PA, L.L.C. Case No 19-11477
☐ TPS IV of PA, L.L.L. Case No 19-11478
☐ TPS V of PA, L.L.C. Case No 19-11479

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes    From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name _____

Number    Street _____

City                State        ZIP Code

Contact Phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

_____

**Where should payments to the creditor be sent? (if different)**

Name _____

Number    Street _____

City                State        ZIP Code

Contact Phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☐ No
☐ Yes    Claim Number on court claims registry (if known) _____    Filed On _____
                                                                                                MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes    Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
| --- | --- |

**6.** **Do you have any number you use to identify the debtor?**

☐ No
☐ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7.** **How much is the claim?**

$ _____    **Does this amount include interest or other charges?**

☐ No
☐ Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

_____

**9.** **Is all or part of the claim secured?**

☐ No
☐ Yes    The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*
☐ Motor Vehicle
☐ Other    Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:**    $ _____

**Amount of the claim that is secured:**    $ _____

**Amount of the claim that is unsecured:**    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate:**    (when case was filed)    _____ %
☐ Fixed
☐ Variable

**10.** **Is this claim based on a lease?**

☐ No
☐ Yes    **Amount necessary to cure any default as of the date of the petition.**    $ _____

**11.** **Is this claim subject to a right of setoff?**

☐ No
☐ Yes    Identify the property: _____

**12.** **Is this claim for the value of goods received by the debtor within 20 days before the commencement of this case (11 U.S.C. §503(b)(9)).?**

☐ No
☐ Yes    Amount of 503(b)(9) Claim: $ _____

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes    *Check all that apply*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$ _____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

| Part 3: | Sign Below |
|---------|------------|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
       First Name          Middle Name          Last Name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
         Number        Street

_____
City                    State        ZIP Code

Contact Phone _____    Email _____

---

Official Form 410                    **Proof of Claim**                    **Page 3**

Official Form 410

# Proof of Claim

United States Bankruptcy Court                                                                                                        12/15

These instructions and definitions generally explain the law.  In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply.  You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**

18 U.S.C. §§ 152, 157, and 3571.

---

## How to fill out this form

- ■ **Fill in all of the information about the claim as of the date the case was filed.**

- ■ **Fill in the caption at the top of the form.**

- ■ **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- ■ **Attach any supporting documents to this form**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- ■ **Do not attach original documents because attachments may be destroyed after scanning.**

- ■ **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- ■ **A Proof of Claim form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.**  See Bankruptcy Rule 9037.

- ■ **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.**  For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov)  to view the filed form.

### Understand the terms used in this form

**Administrative expense:**  Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:**   A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:**   A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:**   Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:**   *A Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:**   A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:**   A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:**   Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the Proof of Claim form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):**   A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:**   Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:**   An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:**   A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

**Amount of Claim Under 11 U.S.C. §503(b)(9):** The value of goods received by the debtor within 20 days before the date of commencement of the case.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**