# EXHIBIT A

**Proposed Order**

37484568.3 10/02/2020

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:  ) | Chapter 11 |
| ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a ) | Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* ) | |
| *al.*,[1] ) | Jointly Administered |
| ) | |
| Debtors.  ) | **Related to Docket No. ___** |
| ) | |

**ORDER (I) AUTHORIZING SUPPLEMENTAL RETENTION AND
EMPLOYMENT OF CENTURION SERVICE GROUP, LLC, AS AUCTIONEER,
(II) WAIVING COMPLIANCE WITH CERTAIN REQUIREMENTS
OF LOCAL RULE 2016-2; AND (III) APPROVING SALE
AND LIQUIDATION OF ADDITIONAL MEDICAL EQUIPMENT**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") (i) authorizing the Debtors to employ and retain Centurion Service Group, LLC ("**Centurion**"), on a supplemental basis, as auctioneer to the Debtors; (ii) waiving compliance with certain requirements of Local Rule 2016-2; and (iii) approving the sale and liquidation of certain medical equipment, furniture and inventory (as described further below, the "**Additional Equipment**") free and clear of all liens, claims and encumbrances through Centurion; and upon consideration of the Centurion Declaration and the First Day Declaration; and it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 57 and 1334; and it appearing that venue of the Chapter 11

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, PA 19102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Motion.

-2-

Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court being satisfied based on the representations made in the Motion and in the Centurion Declaration that the terms and conditions of Centurion's employment as set forth in the Centurion Supplemental Engagement Agreement and summarized in the Motion and in the Centurion Declaration, are reasonable as required by section 328(a) of the Bankruptcy Code; and Centurion not holding or representing interests adverse to the Debtors' estates; and Centurion being a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; and a sound business purpose exists for the relief granted herein; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and upon the record of the hearing, if any, and all of the proceedings had before the Court; and upon finding that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

     A.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable this proceeding pursuant to Bankruptcy Rule 9014.

     B.     To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. Approving of the retention of Centurion and the sale of the Additional Equipment pursuant to the terms set forth in the Centurion Supplemental Engagement Agreement are in the best interests of the Debtors and their creditors, estates and other parties-in-interest.

D. The Debtors have demonstrated a good, sufficient and sound business purpose and justification for the retention of Centurion and the sale of the Additional Equipment pursuant to the terms set forth in the Centurion Supplemental Engagement Agreement.

E. The Debtors may sell the Additional Equipment free and clear of all Interests of any kind or nature because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent provided herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, to employ and retain Centurion as their equipment auctioneer in connection with the Chapter 11 Cases in accordance with the terms and conditions set forth in the Motion and in the Centurion Supplemental Engagement Agreement.

3. The Debtors are authorized to compensate and reimburse Centurion pursuant to the terms of the Centurion Supplemental Engagement Agreement.

4. The compensation structure as set forth in the Centurion Supplemental Engagement Agreement is approved pursuant to section 328(a) of the Bankruptcy Code, and Centurion shall be compensated and reimbursed for its fees and expenses in the Chapter 11 Cases pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Centurion Supplemental Engagement Agreement, subject to the procedures set forth in the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Guidelines and any applicable orders of this Court.

5. Centurion's compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code; provided, however, that the United States Trustee shall have the right to object to Centurion's request for compensation and expense reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, and not section 328(a) of the Bankruptcy Code.

6. Centurion shall comply with all requirements of Bankruptcy Rule 2016(a) and Local Rule 2016-2, except that Centurion is hereby granted a waiver of the information-keeping requirements of Local Rule 2016-2, such that Centurion shall not be required to keep professional time records.

7. The Indemnification Provisions set forth in the Centurion Supplemental Engagement Agreement are approved, subject during the pendency of the Debtors' Chapter 11 Cases to the following:

    a. Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, Centurion for any claims arising from, related to, or in connection with the services to be provided by Centurion as specified in the Motion, but not for any claim arising from, related to, or in connection with Centurion post-petition performance of any other services other than those in connection with the engagement, unless such postpetition services and indemnification therefor are approved by this Court;

    b. Notwithstanding any provisions of the Centurion Supplemental Engagement Agreement to the contrary, the Debtors shall have no obligation to indemnify Centurion or provide contribution or reimbursement to Centurion (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Centurion's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of Centurion's contractual obligations if the Court determines that indemnification,

contribution, or reimbursement would not be permissible pursuant to In re United Artists Theatre Company, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), infra, to be a claim or expense for which Centurion should not receive indemnity, contribution or reimbursement under the terms of the Centurion Supplemental Engagement Agreement, as modified by this Order; and

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, Centurion believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Motion, including, without limitation, the advancement of defense costs, Centurion must file an application in this Court, and the Debtors may not pay any such amounts to Centurion before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Centurion for indemnification, and not as a provision limiting the duration of the Debtors' obligation to Centurion. All parties-in-interest shall retain the right to object to any demand by Centurion for indemnification, contribution or reimbursement.

8. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to perform their obligations under, and comply with the terms of, the Centurion Supplemental Engagement Agreement relating to the sale of the Additional Equipment, and to consummate such sale or sales, pursuant to and in accordance with the terms and conditions of the Centurion Supplemental Engagement Agreement as set forth herein. For the avoidance of doubt, and in accordance with the Centurion Supplemental Engagement Agreement, the Additional Equipment shall not include any items or equipment that are leased to the Debtors or that the Debtors otherwise cannot sell pursuant to the terms of the Centurion Supplemental Engagement Agreement. In addition, with respect to any computers and/or laptops containing personally identifiable information or protected health information, the Debtors shall wipe the devices of existing data prior to either selling or discarding such devices.

9. The Debtors are authorized to execute and deliver, and empowered to consummate and implement any and all sales of the Additional Equipment pursuant to the terms set forth in the Centurion Supplemental Engagement Agreement, and to execute and deliver, and perform under, any additional instruments and documents that the Debtors deem necessary or appropriate to implement such sales, and to take all further action as may be necessary or appropriate in connection therewith.

10. Pursuant to section 363(f) of the Bankruptcy Code, all sales of the Additional Equipment under the terms set forth in the Centurion Supplemental Engagement Agreement shall be free and clear of all liens, claims, encumbrances and other interests of any kind or nature whatsoever. Any such interests shall be transferred and attached to the sale proceeds with the same validity and priority, and subject to the same defenses, that such interests had against the Additional Equipment.

11. The Debtors shall not be required to file a separate motion or seek court approval for the sale of the Additional Equipment, which are authorized to be sold pursuant to the terms set forth in this Order and the Centurion Supplemental Engagement Agreement.

12. At the conclusion of the auction process, the Debtors shall cause a report of the results of the auction sales, including the net proceeds realized by the estates therefrom, to be filed with the Court.

13. To the extent the Motion or the Centurion Supplemental Engagement Agreement is inconsistent with the terms of this Order, the terms of this Order shall govern.

14. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this order.

-7-

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. This Court shall retain jurisdiction to hear and to determine all matters arising from or related to the implementation of this Order.

37484568.3 10/02/2020