**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (MFW) |
| Debtors. | Jointly Administered |
| | **Related D.I. 1825** |
| | **Proposed Hearing Date: TBD** **Proposed Objection Deadline: TBD** |

**AMENDED MOTION OF THE MASTER LANDLORD FOR ENTRY OF AN ORDER**
**SHORTENING NOTICE AND OBJECTION PERIODS IN CONNECTION WITH THE**
**EMERGENCY MOTION OF MASTER LANDLORD TO**
**MODIFY THE AUTOMATIC STAY**

PAHH Bellet MOB, LLC (the "Master Landlord"), by and through its undersigned counsel,

hereby files this motion (the "Motion to Shorten") to shorten the notice and objection periods in

connection with the *Emergency Motion of Master Landlord to Modify the Automatic Stay* (the

"Motion"),[2] filed contemporaneously herewith.  In support of this Motion to Shorten, the Master

Landlord respectfully state as follows:

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over these chapter 11 cases and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Master Landlord consents to the entry of a final judgment or order with respect to the Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue of these chapter 11 cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested by this Motion to Shorten are Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2002-1(b); 9006-1(c), and 9006-1(e).

## BACKGROUND

5.      Contemporaneously herewith, the Master Landlord filed the Motion, seeking an order modifying the automatic stay so that the Master Landlord may terminate the Center City Healthcare, LLC d/b/a Hahnemann University Hospital and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "Debtors") interest in that certain Master Lease Between PAHH Bellet MOB and St. Christopher's Healthcare, LLC, dated January 11, 2018

2

(the "<u>Lease</u>") for a medical office building (referred to herein as "<u>Bellet</u>"), previously rejected in these chapter 11 cases.

6.      The Master Landlord intends to sell Bellet on or before October 22, 2020, which sale requires Bellet to be free and clear of all interests.

## **RELIEF REQUESTED**

7.      The Master Landlord respectfully request that this Court enter an order, substantially in the form attached hereto as **<u>Exhibit A</u>**: (a) shortening the notice and objection periods in connection with the Motion, pursuant to Bankruptcy Rules 2002 and 9006 and Local Rules 2002-1(b), 9006-1(c), and 9006-1(e); (b) scheduling the Motion to be heard at a hearing date to be determined by the Court (the "<u>Hearing</u>"); (c) requiring that any objections to the relief sought by the Motion be filed by an objection deadline to be determined by the Court; and (d) granting such other and further relief as the Court may deem just and proper.

## **BASIS FOR RELIEF**

8.      Local Rule 9006-1(c) requires that all motion papers be filed and served at least fourteen (14) days prior to a hearing date scheduled for such motion, unless the Bankruptcy Rules state otherwise. *See* Del. Bankr. L.R. 9006-1(c).

9.      Further, Local Rule 9006-1(e) permits scheduling on shortened notice on written motion specifying the exigencies justifying such request. *See* Del. Bankr. L.R. 9006-1(e). Should the Court grant this Motion to Shorten, the Master Landlord request that the Court consider the Motion at the Hearing.

10.     Here, there is ample cause to grant this Motion to Shorten. As discussed in the Motion, there will be minimal impact on the bankruptcy estates if the Master Landlord is granted the relief sought in the motion because of the Debtors' minimal or nonexistent remaining interest

3

under the Master Lease, while the Master Landlord would be prejudiced if it is unable to effectuate a sale of Bellet free and clear of any interest.

11.      Accordingly, the Master Landlord requests that the relief requested by the Motion be heard on an expedited basis and thereby reduce operating costs and preserve value for the estates.

12.      Local Rule 9006-1(c) requires that the objection deadline with respect to motions be scheduled to permit all objections to be filed and served at least seven (7) days before the hearing date.  However, the Master Landlord requests that the Court require that any objections to the relief sought by the Motion must be either filed prior to, or presented at, the Hearing date determined by the Court.

13.      Pursuant to Local Rule 9006-1(e), this Court may rule on this Motion to Shorten without the need for a hearing, and accordingly, the Master Landlord requests that this Motion to Shorten be granted without further hearing.  Further, in accordance with Local Rule 9006-1(e), the Master Landlord solicited comments from the Office of the United States Trustee for the District of Delaware, which takes no position as to the relief requested in this Motion to Shorten, the Debtors, who consented to an expedited hearing, and counsel to the Official Committee of Unsecured Creditors, which does not object to the relief requested.

## **NOTICE**

14.      Notice of this Motion to Shorten, as well as the underlying Motion will be provided to; counsel to the Debtors, the United States Trustee for the District of Delaware, counsel to the Official Committee of Unsecured Creditors and any other parties entitled to Notice pursuant to Bankruptcy Rule 2002.  The Master Landlord respectfully submits that no further notice of this Motion is required.

**WHEREFORE**, the Master Landlord respectfully requests that the Court enter an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested in this Motion to Shorten, and grant such other and further relief as this Court may deem just and proper.

Dated:  October 19, 2020
         Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Stuart M. Brown*
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@us.dlapiper.com

-and-

Richard A. Chesley (admitted *pro hac vice*)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
Email: Richard.Chesley@us.dlapiper.com

*Counsel to the Master Landlord*

5

EAST\177092726.3

## EXHIBIT A

## Proposed Order