# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) Related to Docket Nos. 1617 and 1821 |

## ORDER APPROVING STIPULATION BETWEEN DEBTORS AND BECKMAN COULTER INC. RESOLVING MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)

Upon consideration of the *Stipulation between Debtors and Beckman Coulter Inc. Resolving Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)* (the "**Stipulation**")[2] attached hereto as **Exhibit "1"**; and the Court having jurisdiction over the matters raised in the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Stipulation having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Stipulation is in the best interests of the Debtors, their estates, creditors and all parties-in-interest, and that the legal and factual bases set forth in the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

Stipulation establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. Beckman Coulter Inc. ("**Beckman Coulter**") shall be allowed an administrative expense claim against CCH in the amount on $70,624.67 on account of, and in full resolution of, the Post-Petition Claim (the "**Allowed Post-Petition Claim**"), which amount shall be satisfied through one lump-sum payment to be paid within five (5) business days following the Stipulation Effective Date.

3. On account of, and in full satisfaction of, the 503(b)(9) Claim and the Proofs of Claim, Beckman Coulter shall have allowed claims as follows (the "**Allowed Proofs of Claim**," and together with the Allowed Post-Petition Claim, the "**Allowed Claims**"):

   (i) Claim 215 shall be an allowed claim against CCH in the amount of $277,787.89, $33,430.00 of which shall be an administrative expense claim under section 503(b)(9) of the Bankruptcy Code, and $244,357.89 shall be a general unsecured claim.

   (ii) Claim 376 shall be an allowed claim against CCH in the amount of $5,180.38, the entirety of which shall be a general unsecured claim.

4. The Allowed Proofs of Claim shall be paid in accordance with the terms of any confirmed chapter 11 plan or plans in these cases.

5. Other than the Allowed Claims, Beckman Coulter shall have no allowed claims against CCH, whether filed or scheduled. Beckman Coulter shall not be entitled to any other distributions from CCH, other than on account of the Allowed Claims. CCH shall not amend any previously filed claims and shall not assert any additional claims against CCH.

6. The Debtors are authorized to take any and all actions necessary to effectuate the Stipulation.

7. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.

8. This Order is effective immediately upon entry.

**Dated: October 20th, 2020**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

37603382.2 10/19/2020