**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) Objection Deadline: November 4, 2020 at 4:00 p.m. (EST) |
| | ) Hearing Date: December 14, 2020 at 11:30 a.m. (EST) |

**FOURTH MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER FURTHER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON**

By this motion (this "Motion"), Center City Healthcare, LLC d/b/a Hahnemann University Hospital and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), (a) further extending the period in which the Debtors have the exclusive right to file a chapter 11 plan or plans (the "Exclusive Filing Period") by 70 days, through and including December 30, 2020; and (b) extending the period in which the Debtors have the exclusive right to solicit acceptances of a chapter 11 plan or plans (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods") by 70 days, through and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

including March 2, 2021. In support of this Motion, the Debtors respectfully represent as follows:

## Preliminary Statement

1. As noted in the Debtors' previously-filed third exclusivity motion [D.I. 1679], challenges posed by COVID-related restrictions caused the Debtors, in consultation with the Committee, to postpone the establishment of a Bar Date in these cases from early Spring 2020 to August 5, 2020, for the benefit of creditors and parties in interest who faced difficulties in sending and receiving mail or were otherwise unable to focus on the claims process due to various issues arising from the Pandemic and the resulting heightened levels of uncertainty at that time. Now that the Bar Date has passed, the Debtors are in the process of reconciling over 2,500 claims, totaling over $1 billion, many of which assert priority status with little or no supporting documentation. The development of a feasible and confirmable plan requires, among other things, that the Debtors analyze these claims to obtain a better and more realistic estimate of allowed claims in these cases, and the Debtors are actively working on this task now.

2. Notwithstanding the Pandemic and numerous ongoing challenges arising from it, the Debtors have made meaningful progress in advancing and administering the Chapter 11 Cases over the past several months. The Debtors and the Committee are working cooperatively to investigate potentially significant estate claims and causes of action; with the goal of completing the investigation, engaging the targets of the investigation in negotiations and/or mediation and, ultimately, including the resolution of any such claims and causes of action in a proposed plan. Additional time is thus needed for the parties to complete this investigation and formulate a path forward with respect to the resolution or pursuit of such claims and causes of action before the plan can be finalized.

-3-

3. The brief seventy (70)-day extension of the Exclusive Periods requested herein – which, per the Bankruptcy Code, will be the final extension requested by the Debtors – will give the Debtors the additional time needed to address these open issues while also formulating and negotiating the terms of what the Debtors hope to be a consensual plan. For these reasons, as well as the reasons set forth below, a further extension of the Exclusive Periods is appropriate and warranted.

## Jurisdiction and Venue

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

5. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory predicates for the relief requested herein are sections 105(a) and 1121(d) of the Bankruptcy Code.

## Background

8. On June 30 and July 1, 2019 (collectively, the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the

Court.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

9. On July 15, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al*. [D.I. 182] (the "Committee").

10. A description of the Debtors' businesses and the reasons for commencing these Chapter 11 Cases is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2], which is incorporated herein by reference.

11. The Debtors entered the Chapter 11 Cases with two primary objectives: (i) the orderly closure of Hahnemann University Hospital ("HUH"); and (ii) the going concern sale of St. Christopher's Hospital for Children ("STC") and its related affiliated entities.  Over the course of these cases, the Debtors achieved their objectives and addressed various other pressing case issues.

12. The Debtors' Exclusive Filing Period is scheduled to expire on October 22, 2020 and the Debtors' current Exclusive Solicitation Period is scheduled to expire on December 22, 2020.  To ensure that these Chapter 11 Cases continue to progress in an effective and efficient manner, the Debtors seek the extensions requested herein so that they can work towards a consensual plan or plans of liquidation.

**Relief Requested**

13. By this Motion, the Debtors seek the entry of an Order, pursuant to sections 105(a) and 1121(d) of the Bankruptcy Code, (a) extending the Debtors' Exclusive Filing Period

by 70 days, through and including December 30, 2020 and (b) extending the Debtors' Exclusive Solicitation Period by 70 days, through and including March 2, 2021.

**Basis for Relief Requested**

14. Section 1121(b) of the Bankruptcy Code provides that "only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter." 11 U.S.C. § 1121(b). Sections 1121(c)(2) and (3) further provide, in relevant part, that a party in interest may file a plan if and only if "the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter" or "the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief." See 11 U.S.C. § 1121(c)(2)-(3).

15. Section 1121(d)(1) provides, in relevant part:

> [O]n request of a party in interest made within the respective periods in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

16. Pursuant to section 1121(d)(2), the 120-day Exclusive Filing Period may not be extended beyond a date that is 18 months after the Petition Date, and the 180-day Exclusive Solicitation Period may not be extended beyond a date that is 20 months after the Petition Date. See 11 U.S.C. § 1121(d)(2). In the present case, the requested extensions of the Exclusive Periods, if granted, do not extend beyond these deadlines. Thus, this Motion is consistent with the requirements of Bankruptcy Code section 1121(d)(2).

**I.    A Court May Extend the Exclusive Periods for "Cause" under Section 1121(d) of the Bankruptcy Code**

17. As indicated above, section 1121(d)(1) of the Bankruptcy Code provides that a court may extend Exclusive Periods for "cause" shown. See 11 U.S.C. § 1121(d); In re Pine Run

Trust, Inc., 67 B.R. 432, 433 (Bankr. E.D. Pa. 1986).  The term "cause" is not defined in the Bankruptcy Code; rather, courts have broad discretion to determine "cause" based on the facts and circumstances of each case.  See First Am. Bank of N.Y. v. Southwest Gloves & Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986) (stating that section 1121(d)(1) provided the bankruptcy court with flexibility to increase the period of exclusivity in its discretion); see also In re Burns and Roe Enters., Inc., No 00-41610 (RG), 2005 WL 6289213, at *3-4 (D.N.J. Nov. 2, 2005); In re Sharon Steel Corp., 78 B.R. 762, 763-65 (Bankr. W.D. Pa. 1987).

18.     Legislative history also makes clear that the term "cause" is intended to be a flexible standard aimed at balancing the competing interests of a debtor and its creditors.  See H.R. Rep. No. 95-595 at 231-32 (1978).  The purpose of exclusivity is to "promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated."  See H.R. Rep. No. 95-595, at 36 (1994); Burns and Roe, 2005 WL 6289213, at *4.  Accordingly, to fulfill Congress's legislative intent, debtors should be granted a reasonable opportunity to remain in control for a period of time to prepare adequate financial and non-financial information regarding the outcome of any proposed plan for disclosure to creditors.  See In re McLean Indus., Inc., 87 B.R. 830, 833-34 (Bankr. S.D.N.Y. 1987); see also In re All Seasons Indus., Inc., 121 B.R. 1002, 1006 (Bankr. N.D. Ind. 1990) ("One of the most important reasons for extending the debtor's period of exclusivity is to give the chapter 11 process of negotiation and compromise an opportunity to be fulfilled, so that a consensual plan can be proposed and confirmed without opposition.").

19.     To determine whether cause exists to extend the Exclusive Periods, courts consider several non-exclusive factors, including: (i) the size and complexity of a case; (ii) the debtor's need for sufficient time to negotiate a plan and prepare adequate information; (iii) the

existence of good faith progress toward reorganization; (iv) whether the debtor is paying its bills as they come due; (v) whether the debtor has shown a reasonable likelihood of proposing a viable plan; (vi) the progress the debtor has made in negotiating with its creditors; (vii) the amount of time that has elapsed in the case; (viii) whether the debtor is seeking an extension of the exclusive periods to pressure creditors to submit to the debtors' reorganization demands; and (ix) whether any unresolved contingencies exist.  See, e.g., In re Adelphia Comm. Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); In re Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).  No single factor is dispositive in determining whether to extend exclusivity; rather, courts can choose to rely on only a few factors or even altogether differing factors.  See In re Elder-Beerman Stores Corp., No. C-3-97-175, 1997 WL 1774880, at *4 (S.D. Ohio June 23, 1997); Dow Corning, 208 B.R. at 669-70 (noting that sometimes certain factors are more important or relevant than others).

20. As set forth below, ample cause exists to grant the Debtors' requested extensions of the Exclusive Periods in the present case.

## II. Cause Exists to Extend the Exclusive Periods

### A. The Debtors Have Made Good Faith Progress Towards a Plan

21. First, the Debtors have made significant progress in these Chapter 11 Cases to date.  In the last few months, for example, the Debtors have: (i) established the Bar Date and begun reconciling the over 2,500 claims asserted against the Debtors' estates; (ii) worked hand in hand with the Committee to investigate potentially significant estate claims; (iii) addressed a multitude of creditor inquiries on issues including vendor, equipment and insurance matters; (iv) negotiated settlements of significant administrative claims and certain other claims asserted

against the Debtors' estates; (v) pursued the collection of significant funds owing to the Debtors' estates from various sources; (vi) negotiated and obtained Court approval of several stay relief stipulations with personal injury claimants asserting significant claims against the Debtors' estates; (vii) provided various support services to the purchaser of St. Christopher's Hospital for Children pursuant to the terms of a Transition Services Agreement (the "TSA") and negotiated extensions of the TSA; (viii) addressed multiple legacy regulatory issues; (ix) addressed complex privilege and document production issues and disputes with the Committee and certain third parties; and x) otherwise attended to tasks required to administer these Chapter 11 Cases.

22. As noted, the Debtors are working, and fully cooperating, with the Committee in the investigation of potentially significant estate claims and causes of action. Over the last several months, the Debtors have conducted numerous interviews and reviewed thousands of documents on their own. In addition, the Debtors are currently in the process of reviewing in excess of 160,000 documents responsive to the Committee's Bankruptcy Rule 2004 document requests. These documents have been uploaded into an electronic reviewing platform and the Debtors have begun a rolling production of these documents, subject to the Debtors' retention of the right to object to any specific document request and to withhold production of any specific documents on the basis of privilege or otherwise.

23. The Debtors, the Committee and certain targets of the claims being investigated have each expressed a desire to engage in discussions and/or mediation following the completion of this investigation in an attempt to economically resolve any asserted claims or causes of action and to include any such resolution in a proposed plan. While the challenges of the pandemic have, no doubt, impeded and slowed the investigation and production of documents, the Debtors have worked diligently to overcome these obstacles and believe the investigation can be

completed and meaningful dialog can occur in time to develop and put forth an appropriate plan within the requested extension period which either proposes to resolve such claims or preserves their pursuit.

24. The Debtors intend to maintain focus and efficiency in these Chapter 11 Cases as they work to address all open issues. The Debtors are mindful of the time required to carry out these tasks, particularly to negotiate a plan that will meet the threshold for confirmation. Therefore, the Debtors seek an extension of the Exclusive Periods to allow for consultation with key constituents in furtherance of a viable and consensual chapter 11 plan.

    **B.**    **The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan or Plans**

25. The Debtors' prospects for filing and ultimately confirming a viable chapter 11 plan are favorable. Indeed, the Debtors' speed and progress towards achieving their goals of an orderly wind-down of HUH and a going concern sale of STC demonstrate that they will likewise be able to approach the plan formulation and confirmation process with the same speed and efficiency. The Debtors submit that any proposed plan will be structured so as to ensure a maximum recovery to the Debtors' creditors and parties in interest and an orderly wind-down of the Debtors' estates. Thus, because the Debtors have reasonable prospects for filing a viable plan, an extension of the Exclusive Periods is warranted.

    **C.**    **The Chapter 11 Cases Have Been Pending for a Reasonably Short Period of Time Given the Complexity of These Cases**

26. The Chapter 11 Cases have only been pending since June 30, 2019, during which time the Debtors have made significant progress, as detailed above. Given the complexity of the remaining issues to be addressed by the Debtors' estates, and taking into account the unforeseen and significant delays caused by the COVID-19 pandemic, which understandably and reasonably

impacted the investigation and required the Debtors to push the Bar Date to August, the Debtors believe an extension of the Exclusive Periods is necessary and appropriate in order to permit the Debtors to focus on completing the investigation, completing the reconciliation of claims and the preparation and filing of a consensual chapter 11 plan. Indeed, the requested extensions of the Exclusive Periods will permit the Debtors to continue focusing on the issues necessary and/or desirable to ultimately formulate and negotiate a credible, consensual plan without the distraction of a looming exclusivity deadline, and the requested extensions are reasonable given the significant progress made by the Debtors to date in these cases.

### D. No Prejudice to Creditors

27. The Debtors do not believe that the requested extension of the Exclusive Periods will harm the Debtors' creditors or other parties in interest. On the contrary, the Debtors have conducted these Chapter 11 Cases in a manner intended to maximize the recoveries of their creditors and to best serve the interests of parties in interest. In addition, the Debtors are not seeking this extension to prejudice their creditors or to otherwise pressure creditors to submit to certain demands. Instead, the Debtors seek the requested extension so that they can maintain the status quo in these Chapter 11 Cases, address time-sensitive and potentially case dispositive issues, and formulate a consensual plan. Thus, because neither the Debtors' creditors nor any other party in interest will be prejudiced by the proposed extension of the Exclusive Periods, the Debtors submit that the relief requested should be approved.

### No Prior Request

28. No previous request for the relief sought herein has been made to this or any other Court.

## **Notice**

29. Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[remainder of page left intentionally blank]

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form annexed hereto at **Exhibit A**: (i) extending the Debtors' Exclusive Filing Period by 70 days, through and including December 30, 2020; (ii) extending the Debtors' Exclusive Solicitation Period by 70 days, through and including March 2, 2021; and (iii) granting the Debtors such other and further relief as is just and proper.

Dated: October 21, 2020                    **SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Monique B. DiSabatino*
    Mark Minuti (DE Bar No. 2659)
    Monique B. DiSabatino (DE Bar No. 6027)
    1201 N. Market Street, Suite 2300
    P.O. Box 1266
    Wilmington, DE 19899
    Telephone: (302) 421-6840
    Fax: (302) 421-5873
    mark.minuti@saul.com
    monique.disabatino@saul.com

    -and-

    Jeffrey C. Hampton
    Adam H. Isenberg
    Melissa A. Martinez
    Centre Square West
    1500 Market Street, 38th Floor
    Philadelphia, PA 19102
    Telephone: (215) 972-7777
    Fax: (215) 972-7725
    jeffrey.hampton@saul.com
    adam.isenberg@saul.com
    melissa.martinez@saul.com

    *Counsel for Debtors and Debtors in Possession*