# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) ) ) ) | Case No. 19-11466 (MFW) |
| Debtors. | ) ) ) ) ) | Jointly Administered **Re:  Docket Nos. 1250, 1313, 1314, 1330 and** ___ |

### ORDER LIFTING THE AUTOMATIC STAY TO PERMIT THE UNITED STATES TO EXERCISE SETOFF RIGHTS

Upon the *Motion of the United States to Lift the Automatic Stay to Permit Setoff* ("**Motion**"); and upon the record of the hearing on the Motion, if any; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and the Court having reviewed the objections to the Motion,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

including the limited objection filed by the above-captioned debtors and the joinder filed by the Official Committee of Unsecured Creditors; and the Court having been informed that the parties have worked cooperatively to reconcile the competing claims implicated by the Motion; and this Court having found that good and sufficient cause exists for the relief granted by this Order,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, in part, to the extent set forth herein.

2. The automatic stay imposed by 11 U.S.C. § 362(a) is modified for the express and sole limited purpose of allowing CMS to offset $3,536,925.27 in prepetition amounts currently withheld by CMS and owed to Hahnemann on account of Medicare services provided at Hahnemann ("**Prepetition Accounts Payable**") against prepetition overpayments that CMS has asserted Hahnemann owes to CMS ("**Prepetition Overpayments**").  After effectuating the setoff, CMS owes to Hahnemann prepetition amounts totaling $1,758,687.15 (the "**Prepetition Balance**").

3. CMS may further offset an additional $2,488.41 in postpetition amounts currently withheld by CMS and owed to Hahnemann on account of Medicare services provided at Hahnemann against postpetition overpayments that CMS has asserted Hahnemann owes to CMS, and for purposes of resolving the Motion only, and without prejudice, the Debtors agree to CMS' recoupment of a total of $15,657.30 in additional postpetition overpayments that CMS has asserted Hahnemann owes to CMS against the Prepetition Balance, leaving a Prepetition Balance due to Hahnemann of $1,743,029.85; which amount shall be paid by CMS to Hahnemann within 30 days of the entry of this Order.

4. This Order is without prejudice to (a) CMS' claims that Hahnemann may owe CMS additional 2019 Prepetition Overpayments and Hahnemann's defenses and right to oppose any

such claims; and (b) Hahnemann's claims that CMS owes or will owe it any payments, reimbursements and/or any funds of any kind or nature, whether arising on account of pre- or post-petition services or otherwise and CMS' defenses and right to oppose such claims and rights to payment. Except as expressly provide herein, nothing contained in this Order shall be deemed to impact, waive, limit, augment or otherwise alter or affect any rights, claims and/or defenses of any kind or nature of Hahnemann or CMS, and all of such rights, claims and defenses are expressly reserved and preserved.

5. This Court will retain jurisdiction to resolve any disputes arising under or related to this Order, and to interpret, implement, and enforce the provisions of this Order.