IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a ) | Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* ) | |
| *al*.,¹ ) | Jointly Administered |
| ) | |
| Debtors. ) | Hearing Date: December 14, 2020 at 11:30 a.m. (EST) |
| ) | Objection Deadline: November 19, 2020 at 4:00 p.m. (EST) |

**DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE) PURSUANT TO SECTIONS 502(b) AND 503 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1**

(Late-Filed Claims, Duplicate Claims, Amended
Claims and Wrong Debtor Claims)

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on Exhibits A, B, C and D to the Proposed Order attached to this Objection to learn the grounds for the objection pertaining to their claim(s) and the relief being sought by the Debtors.**
>
> **The relief sought herein is without prejudice to the Debtors' right to pursue further substantive or non-substantive objections against the claims listed on Exhibits A through D to the Proposed Order attached to this Objection.**

By this first omnibus objection (the "**Objection**"), the debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") seek the entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"),

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"): (a) disallowing certain claims identified on **Exhibit A** attached to the Proposed Order that were filed after the General Bar Date (as defined below) (the "**Late-Filed Claims**"); (b) disallowing certain duplicative claims identified on **Exhibit B** attached to the Proposed Order (the "**Duplicate Claims**"); (c) disallowing certain amended claims identified on **Exhibit C** attached to the Proposed Order (the "**Amended Claims**"); and (d) reassigning to the correct Debtor certain claims identified on **Exhibit D** attached to the Proposed Order (the "**Wrong Debtor Claims**," and together with the Late-Filed Claims, the Duplicate Claims and the Amended Claims, the "**Disputed Claims**").  In support of this Objection, the Debtors rely on the declaration of Allen Wilen (the "**Wilen Declaration**"), attached hereto as **Exhibit 2**.  In further support of this Objection, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief sought herein are sections 502, 503 and 507 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1.

## BACKGROUND

5.On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No entity has requested the appointment of a trustee or examiner in these chapter 11 cases.

6.On July 15, 2019, the United States Trustee for the District of Delaware ("**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors ("**Committee**") in these cases pursuant to section 1102 of the Bankruptcy Code [D.I. 182]. Thereafter, on February 20, 2020, the U.S. Trustee amended its Notice of Appointment of the Committee [D.I. 1421].

7.A description of the Debtors' business and operations and the events leading to the commencement of the chapter 11 cases is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2].

## THE DEBTORS' CLAIMS PROCESS

8.On August 14, 2019, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 445-473] (as amended, supplemented, or otherwise modified, the "**Schedules**").

9.On June 11, 2020, the Court entered the *Order (I) Establishing Deadlines for Filing Proofs of Claim, Including Section 503(b)(9) Claims, and (II) Approving the Form and Manner of Notice Thereof* [D.I. 1666] (the "**Bar Date Order**") pursuant to which the Court established, *inter alia*: (a) the General Bar Date (as defined in the Bar Date Order) as August 5, 2020 at 5:00 p.m.

(prevailing Eastern Time); (b) the Amended Schedules Bar Date (as defined in the Bar Date Order) as the later of (i) the General Bar Date or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days from the date on which the Debtors provide notice of an amendment or supplement to the Schedules; (c) the Rejection Damages Bar Date (as defined in the Bar Date order) as the later of (i) the General Bar Date or (ii) the date that is thirty (30) days following service of a notice of the effective date of rejection of any executory contract or unexpired lease of the Debtors.

10. Written notice of the Bar Date Order (the "**Bar Date Notice**") was mailed to, among others, all known creditors listed on the Schedules, and the Bar Date Notice was served on all parties who had filed requests for notice under Bankruptcy Rule 2002 as of the date of the Bar Date Order.

11. As of the filing of this Objection, approximately 1,816 proofs of claim (the "**Proofs of Claim**") were filed in these Chapter 11 Cases. The Proofs of Claim are recorded on the official claims register (the "**Claims Register**") maintained by Omni Agent Solutions, the agent retained by the Debtors to assist with claims processing in these Chapter 11 Cases (the "**Claims Agent**").

12. In the ordinary course of business, the Debtors maintain records (the "**Books and Records**") that reflect, among other things, certain of the Debtors' liabilities and the amounts owed to their creditors.

**RELIEF REQUESTED**

13. By this Objection, the Debtors seek the entry of the Proposed Order, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

    a.     disallowing in full the Late-Filed Claims identified on **Exhibit A** to the Proposed Order on the basis that the Late-Filed Claims were filed after the applicable bar date;

    b.     disallowing in full all Duplicate Claims identified on **Exhibit B** to the Proposed Order as "Duplicate Claims to Be Disallowed" on the basis that each Duplicate Claim is for the same debt and seeks the same amount as already represented by another claim filed against the same Debtor by or on behalf of the same claimant;

    c.     disallowing in full the Amended Claims identified on **Exhibit C** to the Proposed Order as "Amended Claims to Be Disallowed" on the basis that each of the Amended Claims has been amended and superseded by another claim subsequently filed against the Debtors by or on behalf of the same claimant in respect of the same liabilities;

    d.     reassigning the Wrong Debtor Claims identified on **Exhibit D** to the Proposed Order to the Debtor listed under the column "Modified Debtor," which corresponds to the Debtor against which the claim should have been asserted; and

    e.     authorizing the Claims Agent to modify the Claims Register in accordance with the Proposed Order.

## BASIS FOR OBJECTION

14.     Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that— (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). The burden of proof for determining the validity of claims rests on different parties at different stages of the objection process. As explained by the Third Circuit:

> The burden of proof for claims brought in bankruptcy court under 11 U.S.C. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimant's initial obligation to go forward.

5

> The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.,* 954 F.2d 167, 173-74 (3d. Cir. 1992) (citations omitted). Once the *prima facie* validity of a claim is rebutted, "[i]t is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn,* 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

### A.   **Late-Filed Claims**

15.   The timeliness of claims asserted against the Debtors in these Chapter 11 Cases is determined with reference to the bar dates fixed by the Court, in accordance with Bankruptcy Rule 3003(c)(3). The Bar Date Notice, which was mailed to, among others, all known creditors listed on the Schedules, established August 5, 2020 at 5:00 p.m. (prevailing Eastern Time) as the General Bar Date.

16.   Since the passing of the General Bar Date, a number of Proofs of Claim have been filed in these cases. The Debtors have determined that the Proofs of Claim reflected on **Exhibit A** to the Proposed Order were filed after the General Bar Date, and that there is no basis to nevertheless accept the Proofs of Claim as timely. Indeed, such claims: (a) arose prior to the Petition Date; (b) were subject to the requirement that Proofs of Claim be filed no later than the General Bar Date; and (c) were nonetheless filed after the General Bar Date, as indicated by the dates identified in the column headed "Date Claim Filed" on **Exhibit A** to the Proposed Order.

17.   Furthermore, the claimants identified on **Exhibit A** have neither sought —much less obtained—relief from the Court pursuant to Bankruptcy Rule 9006 to file a late Proof of Claim

or otherwise demonstrated excusable neglect. Accordingly, the Late-Filed Claims listed in **Exhibit A** are untimely under the Bar Date Order and should be disallowed in their entirety pursuant to section 502(b)(9) of the Bankruptcy Code. Any failure to disallow the Late-Filed Claims will result in the applicable claimants potentially receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these Chapter 11 Cases.

B.    **Duplicate Claims**

18.    Upon reviewing the Proofs of Claim filed against the Debtors in these Chapter 11 Cases, the Debtors have identified claims that are duplicates of other claims filed by or on behalf of the same claimant in respect of the same liabilities. The Debtors should not be required to pay a claimant twice on the same obligation or debt. Moreover, elimination of redundant claims will cause the Claims Register to reflect more accurately the claims asserted against the Debtors. Accordingly, the Debtors seek to disallow in full the Duplicate Claims and thereby: (a) prevent the relevant claimants from obtaining a double recovery on account of any single obligation; and (b) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

19.    Any claim set forth under the column heading "Surviving Claims" on **Exhibit B** to the Proposed Order (the "**Surviving Claims**") will remain on the Claims Register as an outstanding liability, subject to the Debtors' right to object on any grounds that bankruptcy or non-bankruptcy law permits or until withdrawn by the claimants or disallowed by the Court. *See, e.g.*, 11 U.S.C. § 502(a). As such, the claimants will suffer no prejudice as a result of the relief sought in this Objection.

**C.      Amended Claims**

20.     The relief requested in this Objection is necessary to prevent the allowance of the Amended Claims, which by their nature have been superseded and remain on the claims register only as a technicality.  Accordingly, the Debtors seek to disallow in full the Amended Claims and thereby: (a) prevent the claimants from obtaining a double recovery on account of any single obligation; and (b) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

21.     The claims set forth under column heading "Surviving Claims" on **Exhibit C** to the Proposed Order (the "**Amending Claims**") are claims that were subsequently filed by or on behalf of the same claimants in respect of the same liabilities as the Amending Claims, as so indicated on the face of the Amending Claims.  The Amending Claims have thus amended and superseded the Amended Claims.  By filing the Amending Claims, the claimants liquidated, reduced or otherwise modified the liability originally identified in the Amended Claims.

22.     The Amending Claims will remain on the Claims Register as outstanding liabilities, subject to the Debtors' right to object on any grounds that bankruptcy or non- bankruptcy law permits or until withdrawn by the claimants or disallowed by the Court.  *See, e.g.*, 11 U.S.C. § 502(a).  The claimants will therefore suffer no prejudice as a result of the relief sought in this Objection.

**D.      Wrong Debtor Claims**

23.     Based on the Debtors' review of their Books and Records and the Proofs of Claim filed to date, the Debtors have identified claims that were incorrectly asserted against the wrong Debtor.  Failure to modify the Wrong Debtor Claims as set forth on **Exhibit D** to the Proposed Order would result in the claimant receiving an unwarranted recovery against the Debtors, to the

detriment of other similarly situated creditors. Moreover, reassignment of these claims will enable the Claims Register to accurately reflect the claims asserted against each of the Debtors. Accordingly, the Debtors request that the Court enter the Proposed Order reassigning the Wrong Debtor Claims as indicated on **Exhibit D** to the Proposed Order.

## SEPARATE CONTESTED MATTERS

24. To the extent that a response is filed regarding any Disputed Claim listed in the Objection and the Debtors are unable to resolve the response, each such claim, and the Objection by the Debtors to each such claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding the Objections shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

25. The Debtors expressly reserve their rights to amend, modify or supplement this Objection, and to file additional objections to any claims (filed or not) in these cases. Moreover, should one or more of the bases for objection stated in this Objection be overruled, or otherwise not sustained, the Debtors reserve the right to object to the claims on any other grounds that law or equity permit. Nothing contained herein shall be deemed to be or construed as a waiver of the Debtors' right to object to such claims.

26. Notwithstanding anything contained in this Objection or in the exhibit attached to the Proposed Order, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of claims subject to this Objection.

## ADJOURNMENT OF HEARING

27.     The Debtors reserve the right to adjourn the hearing on any Claim subject to this Objection.  In the event that the Debtors so adjourn the hearing, the adjournment will be reflected on the agenda for the hearing on this Objection.

## COMPLIANCE WITH LOCAL RULE 3007-1

28.     To the best of the Debtors' knowledge and belief, this Objection and the related exhibits annexed to the Proposed Order comply with Local Rule 3007-1.  To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

[remainder of page intentionally left blank]

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1: (a) disallowing the Late-Filed Claims set forth on **Exhibit A** to the Proposed Order; (b) disallowing the Duplicate Claims set forth on **Exhibit B** to the Proposed Order; (c) disallowing the Amended Claims set forth on **Exhibit C** to the Proposed Order; (d) reassigning the Wrong Debtor Claims set forth on **Exhibit D** to the Proposed Order; (e) authorizing the Claims Agent to amend the claims register to comport with entry of the Proposed Order; and (f) granting such other and further relief as the Court deems just and proper.

Dated: November 5, 2020

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone:  (302) 421-6800
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Melissa A. Martinez
Shannon A. McGuire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
jeffrey.hampton@saul.com
adam.isenberg@saul.com
melissa.martinez@saul.com
shannon.mcguire@saul.com

*Counsel for Debtors and Debtors in Possession*