**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| | ) Case No. 19-11466 (MFW) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) (Jointly Administered) |
| *et al.*,[1] | ) |
| | ) Re: D.I. No. 1873 |
| | ) |
| Debtors. | ) |

**DECLARATION OF JOHN CRUMRINE IN SUPPORT OF RESPONSE OF McKESSON CORPORATION AND ITS AFFILIATES TO DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE) PURSUANT TO SECTIONS 502(b) AND 503 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007 AND LOCAL RULE 3007-1**

I, John Crumrine, declare and state as follows:

1. I am over the age of 18 and competent to testify as to the matters contained herein.

2. I am employed by McKesson Corporation as a Senior Credit Manager.

3. I submit this declaration in support of the Response of McKesson Corporation and its corporate affiliates McKesson Plasma Biologics ("Plasma") and McKesson Medical-Surgical Inc. ("MMS," collectively with Plasma and McKesson Corporation, "McKesson") to Debtors' First Omnibus Objection to Claims (Non Substantive Pursuant to Sections 502(b) and 503 of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number are: Center City Healthcare, LLC (3341) ("Center City"), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395) ("St. Christopher"), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. 2326, StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537) and TPS V of PA, L.L.C. (5540) (collectively, the "Debtors"). The Debtors' mailing address is 216 North Broad Street Floor, Philadelphia Pennsylvania, 19102.

1

Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Rule 3007-1, which seeks that the Debtors' First Omnibus Objection to Claims (Non Substantive Pursuant to Sections 502(b) and 503 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Rule 3007-1 (the "Objection") be overruled as to McKesson's Proofs of Claim filed against each of the Debtors. I make this declaration based on my own personal knowledge, which I well and truly believe is true and correct, except for those matters set forth herein on my information and belief.  As to those matters, I well and truly believe that my information and my belief formed from that information are true, accurate and correct.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.

      4.      In my capacity as Credit Manager at McKesson, I am a custodian of records for McKesson and am familiar with the ordinary and customary method and manner of the preparation and maintenance of McKesson's business records.  With specific regard to this matter, I am one of the custodians of the records, including the documents, agreements, files and records of McKesson as they pertain to transactions between McKesson and Debtors.

      5.      In the ordinary course of its business, McKesson maintains a record of all contracts and agreements to which it is a party.  McKesson's files include a written record of all account debtor invoices, payments made by the account debtors on account, interest and charges, and of the balances owing.  This information is maintained by and retrieved from computers that are programmed for the above purposes.  On or about the date any invoice or statement is generated, McKesson's employees, acting pursuant to McKesson's normal operating procedures, make a written record of the amount of the invoice and its terms.  Similarly, on or about the date any payment is received from an account debtor, McKesson's employees make a written record of the amount of the payment and credits the same against the amounts due and owing under a

particular invoice or promissory note.  McKesson operates in reliance on this procedure and the accuracy of the written records generated thereby.

6.      The above-described records constitute writings taken or made and kept in the normal course of McKesson's regularly conducted business activity, and it is McKesson's regular practice to make, keep and preserve such records.  As set forth, such records are made at or near the time of the acts, conditions or events to which they relate by McKesson's employees who have a business duty to McKesson to accurately and completely, take, make and maintain such records and documents.  These employees obtain the information contained in McKesson's records either from personal knowledge and observation or from persons employed by McKesson with personal knowledge of the acts and/or events recorded therein.  McKesson operates in reliance on these procedures.

7.      It is my understanding that on June 30, 2019 (the "Petition Date") Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the District of Delaware Bankruptcy Court (the "Bankruptcy Court").  It is my understanding that on July 2, 2019, the Bankruptcy Court signed an order granting Joint Administration [Dkt. 70] under the lead Debtor Center City's case no. 19-11466 (KG).

8.      It is my understanding that, prior to filing for bankruptcy, the Debtors operate through two major hospitals in Philadelphia, PA—St. Christopher's Hospital for Children and Hahnemann University Hospital (the "Hospitals")—as well as several affiliated physician practice groups, each of which are directly or indirectly owned by Philadelphia Academic Health System, LLC.

9.      McKesson is one of the largest providers of pharmaceutical goods in the United States.  Plasma is one of the largest providers of plasma-derived products, biologics, and

specialty drug distribution in the United States. MMS is one of the largest distributors of medical-surgical products in the United States. Plasma and MMS are corporate subsidiaries of McKesson.

10. On or about July 5, 2018, Center City submitted a Credit Application to McKesson (the "Center City Application"). On or about July 23, 2018, St. Christopher submitted a Credit Application to McKesson (the "St. Christopher Application"). On or about June 20, 2012, St. Christopher submitted a Customer Application to MMS (the "MMS Application," collectively with the Center City Application and the St. Christopher Application, the "Credit Applications"). A true and correct copy of the Credit Applications are attached hereto as Exhibit A.

11. Pursuant to the Credit Applications, the Debtors purchased pharmaceutical goods and medical-surgical goods and lab equipment (the "Goods") on credit from McKesson. Each of the Credit Applications provides, *inter alia*, the following:

> Customer agrees to pay for all purchases, fees and other charges incurred by Customer *or an authorized user on any account of Customer*, including service charges on past due amounts at the highest rate permitted by law (including purchases shipped and/or billed to a third party agent on behalf of Customer). . . .

12. As to regulated pharmaceutical products, Federal and Pennsylvania law and regulations requires pharmaceutical products be delivered to licensed pharmacies, which then can distribute those pharmaceutical products to either administering physicians and other healthcare professionals, or directly to the end-user patient. With respect to the Debtors, McKesson delivered the pharmaceutical Goods to the Hospitals' on-site pharmacies.

13. It is my understanding that on June 11, 2020, the Court entered the *Order (I) Establishing Deadlines for Filing Proofs of Claim, Including 503(b)(9) Claims, and (II) Approving the Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. 1666], which

established the bar date for filing proofs of claim as August 5, 2020 at 5:00 p.m. (Eastern Standard Time) (the "Bar Date"). In accordance with the Bar Date Order, McKesson timely filed its Claims[2] in each of the Debtors' cases prior to the Bar Date. The aggregate amount of each of the unsecured Claims is $145,946.15. In addition, the Claims also assert a $1,114.87 administrative claim pursuant to 11 U.S.C. § 503(b)(9) for certain Goods delivered to the Debtors during the 20 days immediately preceding the Petition.

14. The Attachment to the Claims details the components of the Claims. Quoting the Claims:

> 6. Plasma Claim. As of the Petition Date, Debtor St. Christopher owes Plasma $8,909.36 for pharmaceutical goods purchased and delivered. As of the Petition Date, Debtor Center City owes Plasma $118,674.38 for pharmaceutical goods purchased and delivered. The total claim owed to Plasma is $127,583.74 (the "Plasma Claim"). …
>
> * * *
>
> 8. MMS Claim. As of the Petition Date, St. Christopher's Hospital for Children owes MMS $18,362.41 for medical-surgical goods and lab equipment purchased by and delivered to St. Christopher's Hospital for Children (the "MMS Claim"®).

15. As shown by the invoices, the only pharmaceutical Goods sold by McKesson to the Debtors and are the basis of the Plasma Claim was Nulojix®. Nulojix® is a physician-administered immunosuppressant drug used to help prevent organ rejection in patients who have received kidney transplants. While Nulojix® was delivered to the pharmacies located within Hahnemann University and St. Christopher's hospitals, by necessity, it was administered by

---

[2] McKesson filed identical proofs of claim against each of the Debtors as follows: Claim No. 138 against Philadelphia Academic Health Systems, LLC; Claim No. 21 against Philadelphia Academic Medical Associates, LLC; Claim No. 15 against HPS of PA, LLC; Claim No. 57 against SCHC Pediatric Associates, LLC; Claim No. 22 against St. Christopher's Pediatric Urgent Care Center, LLC; Claim No. 14 against SCHC Pediatric Anesthesia Associates, LLC; Claim No. 18 against StChris Care at Northeast Pediatrics, LLC; Claim No. 15 against StChris Care at TPS of PA, LLC; Claim No. 54 against StChris Care at TPS II of PA, LLC; Claim No. 19 against StChris Care at TPS III of PA, LLC; Claim No. 31 against StChris Care at TPS V of PA, LLC; Claim No. 18 against StChris Care at TPS V of PA, LLC; Claim No. 564 against St. Christopher; and Claim No. 918 against Center City (collectively, the "Claims").

physicians or other healthcare professionals. At this point, and without the benefit of discovery, McKesson is uncertain which of the Debtors ordered or caused Nulojix® to be ordered and then caused its medical professionals to administer this drug and then were reimbursed for this pharmaceutical Good. A true and correct copy of the Plasma Invoices, redacted to remove confidential pricing information, are attached hereto as Exhibit B.

16. Similarly, pursuant to the MMS Invoices, MMS delivered medical-surgical goods and lab equipment to primarily St. Christopher. At this point, and without the benefit of discovery, McKesson is uncertain which of the Debtors ordered or caused the medical-surgical goods to be ordered, used those Goods, and then in some instances were reimbursed for these Goods. A true and correct copy of the MMS Invoices, redacted to remove confidential pricing information, are attached hereto as Exhibit C.

17. Thus, as set forth in the Attachment to the Claims, St. Christopher, based on the St. Christopher Application, owes Plasma $8,909.36 for pharmaceutical goods purchased and delivered. As of the Petition Date, Center City, based on the Center City Application, owes Plasma $118,674.38 for pharmaceutical goods purchased and delivered. The total claim owed to Plasma is $127,583.74. As of the Petition Date, St. Christopher, based on the MMS Application, owes MMS $18,362.41 for medical-surgical goods and lab equipment purchased by and delivered to St. Christopher's Hospital for Children. MMS is entitled to an administrative claim in the amount of $1,114.87, which represents goods received by St. Christopher in the 20 days immediately prior to the Petition Date and thus entitled to administrative priority under 11 U.S.C. § 503(b)(9). McKesson's Claims seek $145,946.15 in total.

18. In addition to these Debtors, as provided for in the Credit Applications, any other Debtor that ordered the Goods, used those Goods, or were reimbursed for the Goods are jointly

and severally liable to McKesson.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 19th day of November 2020, at Suwanee, Georgia.

                    /s/ John Crumrine

                    John Crumrine