**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, et al.,[1] | ) Case No. 19-11466 (MFW) |
| | ) Jointly Administered |
| Debtors. | ) **Re: Docket Nos. 1888, 1891, 1906** |

**JOINT RESPONSE OF DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMERGENCY MOTION OF THE MBNF NON-DEBTOR ENTITIES FOR AN ORDER EXTENDING THE TIME TO RESPOND TO (I) THE JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO COMPEL PRODUCTION OF DOCUMENTS FROM THE MBNF NON-DEBTOR ENTITIES AND (II) THE JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR APPROVAL OF CONSENT ORDER REGARDING COMMITTEE DISCOVERY OF DEBTORS AND FOR RELATED RELIEF <u>REGARDING THE APPLICATION AND WAIVER OF PRIVILEGES</u>**

The above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**") hereby respond and object to the *Emergency Motion of the MBNF Non-Debtor Entities For an Order Extending the Time to Respond To (I) The Joint Motion Of The Debtors and the Official Committee of Unsecured Creditors to Compel Production of Documents From the MBNF Non-Debtor Entities and (II) The Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, PA 19102.

*Approval of Consent Order Regarding Committee Discovery of Debtors and For Related Relief Regarding the Application and Waiver of Privileges* (the "**Emergency Motion**") as follows.

## BACKGROUND

1. Hahnemann University Hospital and St. Christopher's Hospital for Children, along with their applicable medical practice groups and certain other affiliates, filed for bankruptcy less than eighteen months after they were acquired from Tenet Business Service Corporation by a series of entities owned and/or controlled by Joel Freedman (the "**MBNF Non-Debtor Entities**"). The effect of these bankruptcy filings was catastrophic, and included the closure of Hahnemann, the loss of thousands of jobs, and over $11 billion of asserted claims, in addition to significant disruption to patients, physicians, residents and the overall Philadelphia medical community.

2. The circumstances surrounding the Debtors' acquisition of their hospitals, the structure of such acquisition, and the manner in which the Debtors were operated prior to their bankruptcy filings, raise obvious questions regarding potential estate causes of action.

3. The Debtors and the Committee, working collectively and cooperatively, have devoted significant effort in exploring these claims. Among other things, in January 2020 the Committee made various document requests to the MBNF Non-Debtor Entities (the "**MBNF Discovery**"), which resulted in a Consent Order in which non-privileged documents are to be produced to the Committee and the Debtors. In addition, the Debtor agreed to provide various documents to the Committee pursuant to Federal Rule of Bankruptcy Procedure 2004, so that the Committee can reach an equal footing with the Debtors regarding the background information necessary to complete an appropriate estate claim analysis (the "**Debtor Discovery**").

4. Unfortunately, these discovery efforts ran into a roadblock of the MBNF Non-Debtor Entities' making, as the MBNF Non-Debtor Entities repeatedly asserted broad and unwarranted privileges with respect to the MBNF Discovery and, separately, sought to insert themselves into the Debtor Discovery in order to obtain a *de facto* veto power over which documents the Debtors may provide to the Committee.

## **RESPONSE AND OBJECTION**

5. While the two week adjournment of the hearings on the Discovery Motions[2], as requested in the Emergency Motion, may in a vacuum appear harmless, there is a broader context that the Debtors and Committee would ask the Court to consider.

6. Prior to filing of the Discovery Motions, the Debtors and the Committee spent substantial time and effort, over a period of several months, trying to resolve their discovery disputes with the MBNF Non-Debtor Entities. Among other things, they held multiple calls, "meet and confer" discussions and exchanged a variety of written proposals with the MBNF Non-Debtor Entities, all in an attempt to reach agreement on discovery.

7. Without question, the issues that divide the parties have been extensively discussed and debated. Rather than show any real willingness to meaningfully compromise, the MBNF Non-Debtor Entities maintained their maximalist positions, to the great disappointment and frustration of the Debtors and Committee, which would have greatly preferred not to bring these sorts of dispute to the Court. To put this in perspective, the MBNF Non-Debtor Entities have asserted that approximately 37,000 of the approximately 80,000 documents responsive to

---

[2] As used herein, the term "**Discovery Motions**" refers, collectively, to *The Joint Motion of The Debtors and the Official Committee of Unsecured Creditors to Compel Production of Documents From the MBNF Non-Debtor Entities* [D.I. 1888] and the *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for Approval of Consent Order Regarding Committee Discovery of Debtors and For Related Relief Regarding the Application and Waiver of Privileges* [D.I. 1891].

3

the MBNF Discovery (or approximately 46% of the total) are subject to one privilege or another, and have produced a (legally insufficient) privilege log of approximately 580 pages, with over 17,000 individual listings. Approximately 160,000 documents are potentially responsive to the Debtor Discovery; if the MBNF Non-Debtor Entities are given the review and veto authority they seek, the Debtors and Committee anticipate that a similar (or higher) percentage of responsive documents would be withheld from production.

8. The Debtors and Committee expressly advised the MBNF Non-Debtor Entities, on several occasions, that they would have no recourse but to seek Court intervention if the MBNF Non-Debtor Entities would not show flexibility. Unfortunately, little or no flexibility was forthcoming, and the Debtors and the Committee had no choice but to file the Discovery Motions. Prior to filing the Discovery Motions, counsel to the Debtors expressly told counsel to the MBNF Non-Debtor Entities that the motions would be filed.

9. The Debtors and Committee do not know why the MBNF Non-Debtor Entities have taken such extreme positions on the parties' discovery disputes, but they do know the following: (a) they have tried to resolve these disputes consensually, they have repeatedly discussed the underlying factual and legal issues with the MBNF Non-Debtor Entities; (b) they have warned the MBNF Non-Debtor Entities that Court intervention would be necessary; and (c) they have told the MBNF Non-Debtor Entities, in advance, that the motions would be filed. Neither the substance of the parties' disputes, nor the fact that Court intervention would be sought, is a surprise.

10. Despite all this, the MBNF Non-Debtor Entities seek more time in order to, among other things, "thoroughly review the privilege issues." Emergency Motion, at par. 11.

This statement, which appears near the end of the Emergency Motion, is both telling and troubling.

11. The burden of any assertion of privilege remains with the party asserting the privilege. *United States ex rel. Lord v. NAPA Mgmt. Servs. Corp.*, 2019 U.S. Dist. LEXIS 194063, *6-7, 2019 WL 5829535 (M.D. Pa. 2019) (the party asserting the attorney-client privilege bears the burden of showing that the materials or communications at issue are protected from disclosure). This aligns with Rule 26, which states that a party withholding information based on a privilege must "expressly make [that] claim" and must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing the information . . . . will enable other parties to assess the claim." FED. R. CIV. P. 26(5)(A). Accordingly, any legal and factual bases for the assertion of any privileges should be well known to the MBNF Non-Debtor Entities and should have been reviewed and researched months ago, prior to the assertion of such privileges.

12. Because this analysis should have been done months ago (and should have been ongoing through the lengthy meet and confer process), the MBNF Non-Debtor Entities should be able to respond promptly to defend their assertions, and it is disconcerting that they need additional time to do so – particularly since the Debtors and the Committee provided legal authorities to the MBNF Non-Debtor Entities over the past number of weeks, if not months. The issues should be well known, and there should be no surprises in the Discovery Motions which necessitate an extension.

13. Enough is enough. The Emergency Motion is nothing more than a smokescreen in an ongoing effort to create further unwarranted delay. The parties' discovery disputes have delayed progress long enough. For this reason, the Motion to Extend should be denied.

**WHEREFORE**, for the foregoing reasons, the Debtors respectfully request that the Court deny the Motion to Extend, and/or grant such other and further relief as is just and proper.

Dated: November 20, 2020
Wilmington, Delaware

**SAUL EWING ARNSTEIN & LEHR LLP**

/s/ *Mark Minuti*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

- and –

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for the Debtors and Debtors in Possession*

**FOX ROTHSCHILD LLP**

/s/ *Seth A. Niederman*
Seth A. Niederman (No. 4588)
919 North Market Street, Suite 300
Wilmington, DE 19899
Telephone: 302-654-7444
Facsimile: 302-6568920
Email: sniederman@foxrothschild.com

- and –

Andrew H. Sherman (*pro hac vice*)
Boris I. Mankovetskiy (*pro hac vice*)
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, NJ 07102
Telephone: 973-643-7000
Facsimile: 973-643-6500
Email: asherman@sillscummis.com
       bmankovetskiy@sillscummis.com

*Counsel for the Official Committee of Unsecured Creditors*