IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) |
| *et al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) Objection Deadline: December 9, 2020 at 4:00 p.m. (EST) |
| | ) Hearing Date: To be determined |

**MOTION OF DEBTORS FOR AN ORDER PURSUANT TO RULE 9019
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING
THE FULL AND FINAL SETTLEMENT AND RELEASE RESOLVING CLAIMS
AND CONTESTED MATTERS WITH ERIK LEMONS, ADMINISTRATOR
OF THE ESTATE OF MARIA LEMONS, DECEASED**

By this motion (this "Motion"), Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("CCH") and its affiliated debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), seeking approval of the Full and Final Settlement and Release dated October 21, 2020 (the "Settlement"), a copy of which is attached to the Proposed Order as Exhibit 1. As discussed in greater detail herein, the Settlement resolves the Action (as defined below) and any claims and causes of action related thereto. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a Debtors consent pursuant to Rule 9013(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested by this Motion are Bankruptcy Rule 9019 and section 105(a) of title 11 of the United States Code ("Bankruptcy Code").

## BACKGROUND

**A.  General Background**

4. On June 30 and July 1, 2019 (collectively, the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases. On July 15, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al.* [D.I. 182] (the "Committee").

5. A description of the Debtors' businesses and the reasons for commencing these Chapter 11 Cases is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2], which is incorporated herein by reference.

6. Prior to the Petition Date, on January 11, 2018, Philadelphia Academic Health Holdings, LLC – the holding company that is the sole member of Debtor Philadelphia Academic Health System, LLC ("PAHS") – along with PAHS and certain other purchasers, consummated the purchase of the businesses of the Hospitals (as defined below) and certain related assets from Tenet Business Services Corporation ("Tenet") and its affiliates pursuant to an Asset Sale Agreement dated August 31, 2017, as amended (the "Acquisition").

7. Since that time, and as of the Petition Date, the Debtors operated two major hospitals in Philadelphia, Pennsylvania (together, the "Hospitals"): Hahnemann University Hospital and St. Christopher's Hospital for Children.

8. Prior to the Petition Date, on or about March 1, 2019, Erik Lemons, Administrator of the Estate of Maria Lemons, deceased ("Lemons") filed an amended complaint against Debtor CCH and certain other entities in the Court of Common Pleas of Philadelphia County, seeking to recover damages arising prior to the Petition Date for personal injuries allegedly sustained by her under theories of, *inter alia*, professional negligence and medical malpractice (the "Action"). Because the injuries alleged in the Action allegedly began prior to the Acquisition and continued following the Acquisition, both Tenet[2] and CCH are named as defendants in the Action.

9. The complaint in the Action is captioned as *Erik Lemon, Administrator of the Estate of Maria Lemons, Deceased v. Tenet HealthSystem Hahnemann, LLC d/b/a Hahnemann University Hospital, et al.*, Case No. 02181 (November Term 2018).

**B.    The Settlement**

10. The Debtors (and Tenet HUH) have denied any and all liability with respect to, and contest the merits of, the Action. Nevertheless, in an effort to resolve the Action, the

---

[2]    The precise Tenet entity named in the Action is Tenet HealthSystem Hahnemann, LLC ("Tenet HUH").

Debtors, Tenet HUH, Lemons, Philadelphia Academic Risk Retention Group, LLC ("RRG") and certain other parties (together, the "Parties") have agreed to the terms of the Settlement, following extensive arms-length negotiations.

11. A description of the Settlement is as follows:[3]

- Within the later of (i) thirty (30) days following the entry of an order of the Philadelphia County Court of Common Pleas approving the Settlement and (ii) thirty (30) days following the entry of a Final Order of the Bankruptcy Court approving the Settlement, Tenet HUH will pay the total sum of $87,500.00 to Plaintiff or Plaintiff's counsel; and

- Within the later of (i) thirty (30) days following the entry of an order of the Philadelphia County Court of Common Pleas approving the Settlement and (ii) thirty (30) days following the entry of a Final Order of the Bankruptcy Court approving the Settlement, RRG, on behalf of CCH, will pay the total sum of $87,500.00 to Plaintiff or Plaintiff's counsel.

- Within five (5) business days following receipt of the Settlement Payments, Lemons shall dismiss the Action, with prejudice.

- Lemons agrees to indemnify and save forever harmless the Releasees (which includes all of the Debtors) from any and all claims, demands or actions relating to the Action.

- Lemons will be deemed to have waived the ability to file a proof of claim in these Chapter 11 Cases and/or seek recovery on account of any and all claims that he may have against the Debtors or their estates.

## RELIEF REQUESTED

12. By this Motion, and insofar as the Settlement imposes any obligations on the part of the Debtors and/or otherwise resolves potential claims against the Debtors' estates, the Debtors request the entry of an order, substantially in the form of the Proposed Order, approving the Settlement pursuant to Bankruptcy Rule 9019(a).

---

[3] The description of the Settlement in this Motion is only a summary. The Settlement controls in all instances to the extent the summary is incomplete, inaccurate or conflicts with the Settlement. Capitalized terms used but not defined in this section shall have the meanings ascribed to them in the Settlement.

37726500.1 11/25/2020

**BASIS FOR RELIEF**

13. Section 105(a) provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." In turn, Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the Court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

14. Settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. *See In re Penn Cent. Transp. Co*., 596 F.2d 1127, 1146 (3d Cir. 1979); *In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove a compromise … rests in the sound discretion of the judge"). The United States Supreme Court has recognized that "in administering reorganization proceedings in an economical and practical manner, it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts." *In re Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *see In re Penn Cent. Transp. Co.,* 596 F.2d at 1146. The district court, as the intermediate bankruptcy appellate court, "has described the ultimate inquiry to be whether 'the compromise is fair, reasonable, and in the interest of the estate.'" *In re Marvel Entertainment Group, Inc*., 222 B.R. 243, 249 (D. Del. 1998), *quoting In re Louise's, Inc*., 211 B.R. 798, 801 (D. Del. 1997). Bankruptcy Rule 9019 thus empowers this Court to approve compromises and settlements if they are in the "best interest[s] of the estate." *In re Marvel Entertainment Group*, 222 B.R. at 249 (holding that proposed settlement was in the best interest of the estate); s*ee In the Matter of Energy Cooperative, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989).

15. In determining whether to approve a motion or application to settle a controversy, a Bankruptcy Court must determine whether it is fair, reasonable and adequate by examining the following four factors: (i) the probability of success in the litigation; (ii) the complexity, expense and likely duration of the litigation; (iii) all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and (iv) whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest. *See TMT Trailer Ferry, Inc.,* 390 U.S. at 424; *In re Martin*, 91 F.3d 389, 393 (3d. Cir. 1996) (stating that "[t]o minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy" and citing the criteria set forth above in determination of reasonableness of particular settlements) (internal quotation marks and citation omitted); *In re Penn Cent. Transp. Co.*, 596 F.2d at 1114 (relevant factor is whether "[t]he settlement is well within the range of reasonably likely litigation possibilities") (internal quotation marks and citation omitted).

16. Basic to the process of evaluating proposed settlements, then, is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry, Inc.*, 390 U.S. at 425. However, "[t]he court need not decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to determine whether the settlement falls above the lowest point in the range of reasonableness." *In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010); *see also In re World Health Alt., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) ("[T]he court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.") (internal citations and quotation marks omitted).

17. In the present case, the Debtors submit that the Settlement satisfies the aforementioned factors and considerations. First, although the Debtors dispute the merits and validity of the Action, if the Debtors were required to litigate, the probability of success would be uncertain. Further, the Debtors would be exposed to the significant risk of being obligated to pay any and all requested damages to Lemons. In exchange for complete elimination of that risk and a dismissal of the Action with prejudice, the Settlement provides for payment of the Settlement Sum to Lemons, which obligation is (a) being shared equally by Tenet HUH and the Debtors, and (b) with respect to the Debtors' share of the Settlement Sum, being paid by the RRG. Accordingly, there is minimal burden upon the Debtors' estates in entering into the Settlement.

18. Second, the Action involves complex facts and legal issues that would require the involvement of medical experts and would be costly to litigate. Accordingly, the terms of the Settlement benefit the estates, both in terms of freeing up funds that can ultimately be available for distribution on account of allowable claims, and in terms of cost savings to the estates by avoiding continued litigation of the Action.

19. Finally, the Settlement is the result of substantial, good faith, arms-length negotiations between the Parties. The Debtors believe that the settlement appropriately takes into account the risks, expense and delay of further litigating the Action, and is fair and reasonable based on the facts and issues contemplated by the Action.

20. In sum, the Debtors believe that the interests of creditors will be served by approval of the Settlement, and that the settlement embodied in the Settlement represents a compromise that is the best possible outcome for the Debtors' estates. Accordingly, the Debtors respectfully submit that the Motion should be granted.

37726500.1 11/25/2020

## NOTICE

21. Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) counsel to Lemons; (xiii) counsel to the RRG; (ix) counsel to the Releasees to the extent not otherwise reflected herein; and (x) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[remainder of page left intentionally blank]

**WHEREFORE**, the Debtors respectfully request the entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: November 25, 2020  **SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Melissa A. Martinez
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
melissa.martinez@saul.com

*Counsel for Debtors and Debtors in Possession*