**EXHIBIT A**

**PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Related to Docket Nos. 1888, 1891 and _____** |

## ORDER APPOINTING MEDIATOR IN CONNECTION
## WITH DISCOVERY DISPUTES

The Court having reviewed the *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors to Compel Production of Documents from the MBNF Non-Debtor Entities* [Docket No. 1888], and the *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors For Approval of Consent Order Regarding Committee Discovery of Debtors and Related Relief Regarding the Application and Waiver of Privileges* [Docket No. 1891] (collectively, the "Discovery Motions"); and the Court having entered the *Order Granting Emergency Motion of the MBNF Non-Debtor Entities for an Order Extending the Time to Respond to (I) the Joint Motion of the Debtors and the Official Committee of Unsecured Creditors to Compel Production of Documents from the MBNF Non-Debtor Entities and (II) the Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for Approval of Consent Order Regarding Committee Discovery of Debtors and for Related Relief Regarding the Application and Waiver of Privileges* [Docket No. 1906]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134; and it appearing that venue of these Chapter 11 Cases is proper pursuant to 28

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540) (collectively, the "Debtors").

U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having determined that the appointment of a mediator to assist the Parties[2] in attempting to resolve the discovery disputes at issue in the Discovery Motions is warranted; and the Court having been informed that the Parties have selected the Honorable Kevin J. Carey (Ret.) to serve as mediator; and the relief granted herein being in the best interests of the Debtors, their estates, their creditors and other parties in interest and sufficient cause appearing therefor; and after due deliberation thereon,

**IT IS HEREBY ORDERED THAT**:

1. The Court directs the Parties to engage in mediation (the "Mediation") to attempt to resolve their disputes related to the Discovery Motions.

2. The Honorable Kevin J. Carey (Ret.) (the "Mediator") is hereby appointed as the mediator with respect to the disputes related to the Discovery Motions.

3. Unless otherwise modified herein, Rule 9019-5 of the Local Rules for the United States Bankruptcy Court for the District of Delaware ("Local Rule 9019-5") shall apply to the Mediation, provided, however, that the Mediator may modify the mediation procedures set forth in Local Rule 9019-5, in his discretion, to best serve the goals of the Mediation.

4. The Debtors are authorized to enter into appropriate arrangements with the Mediator to conduct the Mediation and the Mediator shall be entitled to compensation for services and reimbursement of expenses on terms satisfactory to the Parties and the Mediator.

---

[2] For purposes of this Order, the term "Parties" means and refers to the Debtors, the Official Committee of Unsecured Creditors (the "Committee") and American Academic Health System, LLC, MBNF Investments, LLC, Philadelphia Academic Health Holdings, LLC, Front Street Healthcare Properties, LLC, Front Street Healthcare Properties II, LLC, Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC, Philadelphia Academic Risk Retention Group, LLC, and Paladin Healthcare Capital, LLC (collectively, the "MBNF Non-Debtor Entities").

3

5. The Debtors and the MBNF Non-Debtor Entities shall be each responsible for payment of fifty percent (50%) of the Mediator's fees and costs for the Mediation.

6. The Mediator shall serve invoices on each of the Debtors, the Committee, and the MBNF Non-Debtor Entities and, absent objection, the Debtors and the MBNF Non-Debtor Entities shall timely pay such invoices without the need for further Court approval.  To the extent any of the Parties object to the Mediator's invoices, the Debtors and the MBNF Non-Debtor Entities shall timely pay any undisputed portion of such invoices, with the balance of the disputed invoices to be paid only upon order of the Court.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement of this Order.