# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1] | Case No. 19-11466 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Objections Due: December 28, 2020 at 4:00 p.m.**<br>**Hearing Date: TBD if objection filed** |

## SIXTEENTH MONTHLY APPLICATION OF SILLS CUMMIS & GROSS P.C. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM OCTOBER 1, 2020 THROUGH OCTOBER 31, 2020

| | |
|---|---|
| Name of Applicant: | Sills Cummis & Gross P.C. |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | September 5, 2019 *nunc pro tunc* to July 15, 2019 |
| Period for which compensation and reimbursement are sought: | October 1, 2020 – October 31, 2020 |
| Amount of compensation sought as actual, reasonable, and necessary: | $43,250.00  (80% of $54,062.50) |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $2,630.84 |

This is a monthly application.

---

[1] The Debtors in these cases are: Center City Healthcare, LLC, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC, HPS of PA, L.L.C., SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., StChris Care at Northeast Pediatrics, L.L.C., TPS of PA, L.L.C., TPS II of PA, L.L.C., TPS III of PA, L.L.C., TPS IV of PA, L.L.C., and TPS V of PA, L.L.C.

1

**COMPENSATION BY PROFESSIONAL**

| Name of Professional Individual | Position, Department, Year of First Bar Admission | Hourly Billing Rate[1] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Andrew Sherman | Member, Bankruptcy<br>First Bar Admission: 1991 | $895 | 19.8 | $17,721.00 |
| Boris Mankovetskiy | Member, Bankruptcy<br>First Bar Admission: 2001 | $795 | 31.4 | $24,963.00 |
| Charles J. Falletta | Member, Litigation<br>First Bar Admission: 1996 | $595 | 8.4 | $4,998.00 |
| Rachel E. Brennan | Associate, Bankruptcy<br>First Bar Admission: 2012 | $650 | 26.5 | $17,225.00 |
| Gregory A. Kopacz | Associate, Bankruptcy<br>First Bar Admission: 2010 | $625 | 0.4 | $250.00 |
| **Total Fees at Standard Rates** | | | **86.5** | **$65,157.00** |
| **Total Fees After Application of $625 Blended Rate Discount[2]** | | | **86.5** | **$54,062.50** |

---

[1] Effective October 1, 2020, the standard hourly rates of certain Sills attorneys were increased to reflect the experience and seniority of such attorneys, as well as economic and other conditions. In particular, the hourly rate of Andrew Sherman was increased from $825 to $895; the hourly rate of Boris Mankovetskiy was increased from $750 to $795; the hourly rate of Charles Falletta was increased from $575 to $595; the hourly rate of Rachel Brennan was increased from $595 to $650; and the hourly rate of Gregory Kopacz was increased from $550 to $625. However, as discussed below, Sills' fees for this engagement are subject to a $625 blended hourly rate cap.

[2] As noted in Sills' retention application [D.I, 636] (the "Retention Application"), "Sills fees (not including expenses) will be limited to the lesser of (i) the amount of Sills' fees at its professionals' standard rates . . . and (ii) the amount of Sills' fees at a blended hourly rate of $625." See Retention Application ¶ 16.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Asset Analysis and Recovery (101) | 46.2 | $32,381.00 |
| Case Administration (104) | 9.5 | $7,647.50 |
| Claims Administration and Objections (105) | 14.1 | $12,579.50 |
| Plan and Disclosure Statement (113) | 11.8 | $8,453.50 |
| Relief from Stay Proceedings (114) | 4.9 | $4,095.50 |
| **Total Fees at Standard Rate** | **86.5** | **$65,157.00** |
| **Total Fees at $625 Blended Rate[1]** | **86.5** | **$54,062.50** |

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---:|
| Litigation Support Vendors (UnitedLex) | $2,608.34 |
| Telephone Toll Charges | $22.50 |
| **TOTAL** | **$2,630.84** |

---

[1] Sills fees are subject to a blended hourly rate cap of $625.  See Retention Application ¶ 16.

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered)<br><br>**Objections Due: December 28, 2020 at 4:00 p.m.**<br>**Hearing Date: TBD if objection filed** |

**SIXTEENTH APPLICATION OF SILLS CUMMIS & GROSS P.C. FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND FOR REIMBURSEMENT OF EXPENSES AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE
PERIOD FROM OCTOBER 1, 2020 THROUGH OCTOBER 31, 2020**

Pursuant to sections 330 and 331 of the Bankruptcy Code, rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 341] (the "Compensation Order"), Sills Cummis & Gross P.C. ("Sills") files this *Sixteenth Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period From October 1, 2020 Through October 31, 2020* (the "Application"), seeking allowance of $43,250.00 (80% of $54,062.50) in fees for services rendered, *plus* $2,630.84 for reimbursement of actual and necessary expenses for the period from October 1, 2020 through October 31, 2020 (the "Compensation Period"), for a total of $45,880.84.

**Background**

1.      On June 30 and July 1, 2019, each of the Debtors filed a voluntary petition for

4

relief under chapter 11 of the Bankruptcy Code.

2.     On July 15, 2019, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") [D.I. 182].

3.     Sills was retained as Committee counsel pursuant to this Court's *Amended Order Authorizing the Employment and Retention of Sills Cummis & Gross P.C. as Attorneys for Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, et al. Nunc Pro Tunc to July 15, 2019* [D.I. 650].

## Compensation Paid and Its Source

4.     All services for which compensation is requested were performed for or on behalf of the Committee. During the Compensation Period, Sills received no payment and no promises for payment from any source other than the Debtors for services to be rendered in any capacity in connection with the matters covered by this Application. There is no agreement or understanding between Sills and any other person, other than with the members, of counsel and associates of the firm, for the sharing of compensation to be received in these cases.

## Fee Statements

5.     The fee statement for the Compensation Period is attached as **Exhibit A**. To the best of Sills' knowledge, this Application reasonably complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the *Region 3 Operating Guidelines and Reporting Requirements for Chapter 11 Debtors and Trustees*, the *Guidelines for Reviewing Applications for Compensation and Reimbursement for Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective November 1, 2013*, Local Rule 2016-2, applicable Third Circuit law, and the Compensation Order.

## Actual and Necessary Expenses

6.     Detailed information regarding Sills' expenses is included in **Exhibit A**.

**Summary of Services by Project**

 A. <u>Asset Analysis and Recovery</u>

  Fees: $32,381.00; Total Hours: 46.2

This category includes time spent investigating causes of action against certain non-debtor affiliates and other parties, including time spent: (a) conducting research and analysis regarding potential claims and causes of action, (b) reviewing documents produced in response to discovery requests, (c) analyzing discovery objections and privilege issues, (d) preparing a motion to compel production of discovery materials, (e) analyzing and revising a proposed stipulation governing discovery issues, and (f) communicating with Debtors' counsel and counsel for certain potential defendants regarding the foregoing and related issues.

 B. <u>Case Administration</u>

  Fees: $7,647.50; Total Hours: 9.5

This category includes time spent: (a) communicating with the Committee members and attending Committee meetings, (b) communicating with Debtors' counsel regarding pending matters and governance issues, (c) analyzing governance issues, and (d) updating the "critical dates" calendar.

 C. <u>Claims Administration and Objection</u>

  Fees: $12,579.50; Total Hours: 14.1

This category includes time spent analyzing claims asserted against the Debtors' estates and potential objections, challenges and counterclaims thereto, including time spent (a) analyzing and evaluating potential claims against certain third parties, (b) analyzing certain discovery and privilege issues, (c) analyzing a proposed stipulation with CMS, and (d) communicating with Debtors' counsel, the Committee, the Committee's other advisors, and other parties regarding the foregoing and other issues.

D.  Plan and Disclosure Statement

Fees: $8,453.50;    Total Hours: 11.8

This category includes time spent related to plan confirmation issues, including time spent (a) analyzing the Debtors' motion to extend their exclusivity periods and a potential objection thereto, (b) conducting research and analysis for a proposed plan term sheet, and (c) communicating with the Debtors' advisors and the Committee members regarding the foregoing and related issues.

E.  Relief from Stay Proceedings

Fees: $4,095.50;    Total Hours: 4.9

This category includes time spent analyzing motions and proposed orders seeking stay relief and attending a related hearing.

## Conclusion

7.  Sills submits that the amounts sought are fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

**WHEREFORE**, Sills requests that an allowance be made to Sills for the sums of $43,250.00 (80% of $54,062.50) as compensation, *plus* $2,630.84 for reimbursement of actual and necessary expenses, for a total of $45,880.84, and that such amounts be authorized for payment.

*(Signature on following page)*

Dated: December 7, 2020  
Wilmington, Delaware

Respectfully submitted,

/s/ Seth A. Niederman
Seth A. Niederman (DE Bar No. 4588)
**FOX ROTHSCHILD LLP**
919 North Market Street, Suite 300
Wilmington, DE 19899
Telephone: 302-654-7444
Facsimile: 302-295-2013
Email: sniederman@foxrothschild.com

- and -

Andrew H. Sherman (*pro hac vice*)
Boris I. Mankovetskiy (*pro hac vice*)
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, NJ 07102
Telephone: 973-643-7000
Facsimile: 973-643-6500
Email: asherman@sillscummis.com
    bmankovetskiy@sillscummis.com

*Counsel for the Official Committee*
*of Unsecured Creditors*

116891101.v1
116891101.v1

## **VERIFICATION**

STATE OF NEW JERSEY	)
	) SS:
COUNTY OF MORRIS	)

Andrew H. Sherman, after being duly sworn according to law, deposes and says:

a)	I am an attorney at law and a Member of the law firm of Sills Cummis & Gross P.C., located at One Riverfront Plaza, Newark, New Jersey 07102.

b)	I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

c)	I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

d)	I have reviewed Local Rule 2016-2, and believe the Application substantially complies therewith.

> */s/ Andrew H. Sherman*
> Andrew H. Sherman