# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
In re                                                                     : Chapter 11
                                                                          : Case No. 19-11466 (KG)
CENTER CITY HEALTHCARE, LLC d/b/a               : Jointly Administered
HAHNEMANN UNIVERSITY HOSPITAL,          :
*et al.*,[1]                                                              : **Objection Deadline: Dec. 28, 2020 at 4:00 p.m. (ET)**
                                           Debtors          : **Hearing Date: Scheduled only as necessary**
---------------------------------------------------------X

## SEVENTH MONTHLY APPLICATION OF BERKELEY RESEARCH GROUP, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DURING THE PERIOD FROM APRIL 1, 2020 THROUGH SEPTEMBER 30, 2020

| | |
|---|---|
| Name of Applicant: | Berkeley Research Group LLC |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors ("the Committee") |
| Date of Retention: | September 4, 2019 *nunc pro tunc* to July 22, 2019 |
| Period for which Compensation and reimbursement is sought: | April 1, 2020 through September 30, 2020 |
| Amount of compensation sought as actual, reasonable and necessary: | $59,479.20 (80% of $74,349.00)[2] |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $0.00 |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Pursuant to *Application for Entry of an Order Authorizing the Retention and Employment of Berkeley Research Group, LLC, as Financial Advisor to the Official Committee of Unsecured Creditors nunc pro tunc to July 22, 2019*, for purposes of this engagement, in the event that BRG's total fees divided by actual hours charged (the "Blended Hourly Rate") exceeds $495 per hour, we will lower our fees by the amount the Blended Hourly rate exceeds $495 per hour multiplied by the actual hours charged. Accordingly, we have reduced our fees for the Fee Period by $14,008.50 as indicated on Attachment A: Fees By Professional.

This is an:      x_ monthly     ___ interim     ___ final application

The total time expended for fee application preparation is approximately 2.5 hours and the corresponding compensation requested is approximately $387.50.

## Table A - Prior Monthly Applications Filed:

| Dt Filed Dkt No. | Period | Fees | Expenses | CNO/ Order | Paid Fees | Paid Expenses | Unpaid Balance |
|---|---|---|---|---|---|---|---|
| 10/29/2019 Dkt No. 915 | 7/22/2019 - 8/31/2019 | $ 182,902.50 | $ 2,411.76 | 11/20/2019 Dkt No. 1044 | $ 182,902.50 | $ 2,411.76 | $ 0.00 |
| 11/15/2019 Dkt No. 1014 | 9/1/2019 - 9/30/2019 | 101,277.00 | 1,334.17 | 12/6/2019 Dkt No. 1104 | 101,277.00 | 1,334.17 | $ - |
| *Subtotal* | *First Interim* | $ 284,179.50 | $ 3,745.93 | *12/6/2019 Dkt No. 1108* | $ 284,179.50 | $ 3,745.93 | $ 0.00 |
| 1/8/2020 Dkt No. 1301 | 10/1/2019 - 11/30/2019 | 59,796.00 | 398.14 | 1/29/2019 Dkt No. 1373 | - | - | 60,194.14 |
| 2/10/2020 Dkt No. 1397 | 12/1/2019 - 12/31/2019 | 21,879.00 | - | 3/3/2020 Dkt No. 1444 | - | - | 21,879.00 |
| *Subtotal* | *Second Interim* | $ 81,675.00 | $ 398.14 | *4/17/2020 Dkt No. 1587* | $ - | $ - | $ 82,073.14 |
| 4/1/2020 Dkt No. 1544 | 1/1/2020 - 2/29/2020 | 12,820.50 | - | 4/22/2020 Dkt No. 1600 | - | - | 12,820.50 |
| 5/22/2020 Dkt No. 1634 | 3/1/2020 - 3/31/2020 | 1,377.00 | - | 6/12/2020 Dkt No. 1667 | - | - | 1,377.00 |
| *Subtotal* | *Third Interim* | $ 14,197.50 | $ - | *TBD* | $ - | $ - | $ 14,197.50 |
| **Total** | | **$ 380,052.00** | **$ 4,144.07** | | **$ 284,179.50** | **$ 3,745.93** | **$ 96,270.64** |

2

**CENTER CITY HEALTHCARE, LLC d/b/a**

**HAHNEMANN UNIVERSITY HOSPITAL et al**

**Berkeley Research Group, LLC**

**Attachment A: Fees By Professional**

For the Period 4/1/2020 through 9/30/2020

| Professional | Title | Billing Rate | Hours | Fees |
|---|---|---|---|---|
| A. Cowie | Director | $760.00 | 45.1 | $34,276.00 |
| A. Jiang | Consultant | $465.00 | 93.1 | $43,291.50 |
| C. Kearns | Managing Director | $1,095.00 | 9.5 | $10,402.50 |
| J. Blum | Case Assistant | $155.00 | 2.5 | $387.50 |
| **Total** | | | **150.2** | **$88,357.50** |
| **Agreed Upon Discount** | $495   **Maximum Blended Rate** | | | **($14,008.50)** |
| **Total Requested Fees** | | | | **$74,349.00** |
| | | | | |
| **Blended Rate** | | | | **$495.00** |

**CENTER CITY HEALTHCARE, LLC d/b/a**

**HAHNEMANN UNIVERSITY HOSPITAL et al**

**BRG**

## Berkeley Research Group, LLC

**Attachment B: Fees By Task Code**

For the Period 4/1/2020 through 9/30/2020

| Task Code | Hours | Fees |
|---|---|---|
| 05. Professional Retention Fee Application Preparation | 2.5 | $387.50 |
| 07. Interaction/Meetings with Debtors/Counsel | 1.8 | $1,368.00 |
| 08. Interaction/Meetings with Creditors | 9.3 | $8,709.50 |
| 10. Recovery/SubCon/Lien Analysis | 12.3 | $9,772.50 |
| 11. Claim Analysis/Accounting | 9.8 | $4,746.00 |
| 13. Intercompany Transactions/Balances | 28.2 | $19,514.50 |
| 17. Analysis of Historical Results | 69.0 | $33,698.00 |
| 19. Cash Flow/Cash Management Liquidity | 11.6 | $5,394.00 |
| 25. Litigation | 5.7 | $4,767.50 |
| **Total** | **150.2** | **$88,357.50** |
| **Agreed Upon Discount**  $495  **Maximum Blended Rate** | | **($14,008.50)** |
| **Total Requested Fees** | | **$74,349.00** |
| **Blended Rate** | | **$495.00** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X

|  |  |
|---|---|
|  | : |
| In re | : Chapter 11 |
|  | : Case No. 19-11466 (KG) |
| CENTER CITY HEALTHCARE, LLC d/b/a | : Jointly Administered |
| HAHNEMANN UNIVERSITY HOSPITAL, | : |
| *et al.*,[1] | : **Objection Deadline: Dec. 28, 2020 at 4:00 p.m. (ET)** |
| Debtors | : **Hearing Date: Scheduled only as necessary** |

-----------------------------------------------------------X

**SEVENTH MONTHLY APPLICATION OF BERKELEY RESEARCH GROUP, LLC
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS DURING THE PERIOD FROM
APRIL 1, 2020 THROUGH SEPTEMBER 30, 2020**

Berkeley Research Group, LLC ("BRG") financial advisor to the Official Committee of

Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors"), hereby submits its seventh monthly fee application (the

"Application") for an order pursuant to sections 105(a), 330 and 331 chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and

Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"),

the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for*

*Professionals* (the "Interim Compensation Order"), [Dkt No. 341] entered August 2, 2019, and the

United States Trustee's Guidelines for Reviewing Applications for Compensation and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") seeking (a) the allowance of reasonable compensation for professional services rendered by BRG to the Committee during the period April 1, 2020 through September 30, 2020 (the "Fee Period") and (b) reimbursement of actual and necessary charges and disbursements incurred by BRG during the Fee Period in the rendition of required professional services on behalf of the Committee.  In support of this Application, BRG represents as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court') has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2) (A) and the Committee confirms their consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**BACKGROUND**

3.    On June 30, 2019 and July 1, 2019 (together the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Cases") with the Court. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. A Patient Care Ombudsman was appointed by the U.S. Trustee on July 3, 2019. No trustee or examiner has been appointed in these Cases.

4.    The Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Court's Order Directing Joint Administration of the Debtors' Chapter 11 Cases (Dkt No. 70), entered on July 2, 2019.

5.    On July 15, 2019 (the "Formation Date"), the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed seven of the Debtors' unsecured creditors to serve as members of the Committee. The Committee is presently comprised of the following members: (i) Conifer Revenue Cycle Solutions, LLC, (ii) Medline Industries, Inc., (iii) Veolia Energy Philadelphia, Inc., (iv) Medtronic USA, Inc., (v) Crothall Healthcare, Inc., (vi) Global Neurosciences Institute, LLC, and (vii) Pennsylvania Association of Staff Nurses and Allied Professionals.

6.    On July 22, 2019, the Committee selected BRG to serve as its financial advisor. The Committee has also selected Sills Cummis & Gross P.C. ("Sills") and Fox Rothschild LLP ("Fox") to serve together as its counsel ("Counsel"). On September 4, 2019, the Court entered an order (Dkt No. 638) approving BRG's retention *nunc pro tunc* to July 22, 2019.

## FEE PROCEDURES ORDER

7.        On August 2, 2019, this Court signed the Interim Compensation Order. Pursuant to the Interim Compensation Order, no earlier than the fifteenth (15) day of each full calendar month (the "Fee Filing Period") following the month for which compensation and reimbursement is sought (the "Compensation Period"), each Professional seeking interim compensation may file with the Court a monthly application (each a "Monthly Fee Application") pursuant to section 331 of the Bankruptcy Code for interim approval and allowance of compensation for services rendered and reimbursement of expenses during the Compensation Period.  Each Notice Party shall have twenty (20) days after service of a Monthly Fee Application to review the Monthly Fee Application and object thereto (the "Objection Deadline").  Upon the expiration of the Objection Deadline: (i) if no objections have been filed, the Professional shall file a certificate of no objection and the Debtors shall then be authorized and directed to pay such Professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application (the "Maximum Monthly Payment") or (ii) if an objection to a Monthly Fee Application has been filed, the Professional shall be entitled to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses (the "Actual Monthly Payment") not subject to that objection.

## SUMMARY OF SERVICES RENDERED

8.        BRG is a global strategic advisory and expert consulting firm that provides independent expert testimony, litigation and regulatory support, authoritative studies, strategic advice, and document and data analytics to major law firms, Fortune 500 corporations, government agencies, and regulatory bodies around the world.  BRG has a wealth of experience in providing financial consulting in distressed scenarios and enjoys an excellent reputation for services it has

4

rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

9.    Since being retained by the Committee, BRG has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates.  BRG respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

10.    BRG submits that the interim fees applied for herein for professional services rendered in performing services for the Committee in this proceeding are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtors' capitalization structure and financial condition, the Debtors' financial accounting resources and the results obtained. BRG's fees typically are based on the actual hours charged at BRG's standard hourly rates, which are in effect when the services are rendered.  As discussed and agreed to with the Committee, for purposes of this engagement, in the event that BRG's total fees divided by actual hours charged (the "Blended Hourly Rate") exceeds $495 per hour, we will lower our fees by the amount the Blended Hourly rate exceeds $495 per hour multiplied by the actual hours charged.

11.    As noted in *the Application for Entry of an Order Authorizing the Retention and Employment of Berkeley Research Group, LLC, as Financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to July 22, 2019,* "In the ordinary course of business, BRG periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience, and increases in the cost of doing business."

As of January 1, 2018, the hourly rates for certain staff increased. The new rates can be found in Attachment A: Fees by Professional.

12.     BRG expended an aggregate of 150.2 hours, substantially all of which was expended by the professional staff of BRG.  The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.  A small staff was utilized to optimize efficiencies and avoid redundant efforts.  The staff of the Debtors or their advisors has been utilized where practical and prudent.

13.     BRG believes that there has been no duplication of services between BRG and any other consultants or accountants to the bankruptcy estate.

14.     BRG's approach is to utilize senior, experienced personnel and to encourage the Debtors to provide the staff-level support and analysis to minimize total cost.  In addition, BRG's per diem rates for professionals of comparable experience, before the Blended Hourly Rate discount BRG agreed to in this proceeding, are at or below those of firms we consider our competitors.  We believe that the compensation in this Application is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

15.     Because BRG's core staff consists of senior professionals who performed a vast amount of the work, time spent communicating internally and reviewing the work product of junior associates was kept to a minimum.  Additionally, because of the experience of BRG's professionals, in many instances only three or fewer BRG representatives attended meetings, hearings, or conference calls or performed specific functions.

16.     No agreement or understanding exists between BRG and any other person for the sharing of compensation received or to be received for services rendered in connection with

the chapter 11 cases, except for internal agreements among members and employees of BRG regarding the sharing of revenue or compensation.  Neither BRG nor any of its members or employees has entered into an agreement or understanding to share compensation with any entity as described in Bankruptcy Rule 2016.

17.     BRG, in accordance with the Bankruptcy Rules and the Local Rules, will be charging travel time at 50% of the time incurred.

18.     BRG's time records for the Fee Period are attached hereto as **Exhibit A**. These records include daily time logs describing the time spent by each BRG professional and administrative-level person in these cases.

19.     BRG also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services.  BRG incurred no actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee as summarized above, during the Fee Period.

20.     The general summary of the services rendered by BRG during the Fee Period based on tasks and number of hours, before the agreed upon discount, is set forth below.

### Professional Retention/ Fee Application Preparation – Task Code 05

21.     Time charged to this task code relates to the preparation of BRG's Fifth and Sixth Monthly Fee Applications, and BRG's Third Interim Fee Application.

22.     BRG has expended 2.5 hours on this category for a fee of $387.50.

### Interaction/ Meetings with Debtors/ Counsel – Task Code 07

23.     Time charged to this task code relates to BRG's preparation and attendance on calls and at meetings with the Debtors and the Debtors' legal counsel in order to obtain general

7

case information and updates, including information on the Debtors' operations, contracts, and cash management.

24.     BRG expended 1.8 hours on this category for a fee of $1,368.00.

**Interaction/ Meetings with Creditors/ Counsel – Task Code 08**

25.     Time charged to this task code relates to BRG's preparation for and attendance on calls and at meetings with the Committee, and Committee's Counsel in order to update the Committee on case issues and to advise the Committee and develop strategies and related deliverables for a variety of case matters.

26.     BRG expended 9.3 hours on this category for a fee of $8,709.50.

**Recovery/ SubCon/ Lien Analysis – Task Code 10**

27.     Time charged to this task code relates primarily to BRG's analysis of the Debtors' waterfall and creditor recoveries as well as preparing an updated waterfall analysis and reporting thereon for the Committee.

28.     BRG has expended 12.3 hours on this category for a fee of $9,772.50.

**Claim Analysis/ Accounting – Task Code 11**

29.     Time charged to this task code primarily relates to BRG's analysis of claims and related impact on creditor recoveries. Time was also spent preparing the report on claims analysis.

30.     BRG has expended 9.8 hours on this category for a fee of $4,746.00.

**Intercompany Transactions/Balances – Task Code 13**

31.     Time charged to this task code relates primarily to BRG's review of intercompany loan documents and flow of funds between two Debtor entities and between Debtor

and non-Debtor entities. Further time was spent analyzing data pertaining to historical intercompany transactions.

32.     BRG has expended 28.2 hours on this category for a fee of $19,514.50.

### Analysis of Historical Results – Task Code 17

33.     Time charged to this task code primarily relates to BRG's review and analysis of historical financial reports to determine solvency prior to chapter 11 filing. Specifically, time was spent analyzing each hospital's bank transactions, preparing bank reconciliations, preparing reports for Counsel and the Committee on the historical financials, and participating in calls with various parties in interest related thereto.

34.     BRG has expended 69.0 hours on this category for a fee of $33,698.00.

### Cash Flow/ Cash Management Liquidity – Task Code 19

35.     This task code primarily relates to BRG's review and analysis of the Debtors' working capital and sources and uses of cash as well as reporting to the Committee on cash flow and liquidity.

36.     BRG has expended 11.6 hours on this category for a fee of $5,394.00.

### Litigation– Task Code 25

37. This task code primarily related to BRG's review and analysis of potential causes of action and participating in calls with Counsel thereon.

38.     BRG has expended 5.7 hours on this category for a fee of $4,767.50.

### ACTUAL AND NECESSARY EXPENSES

39.     BRG incurred no actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee as summarized above, during the Fee Period.

40.     Disbursements and expenses are incurred in accordance with BRG's normal practice of charging clients for expenses clearly related to and required by particular matters.  Such expenses are often incurred to enable BRG to devote time beyond normal office hours to matters, which imposed extraordinary time demands.  BRG endeavors to minimize these expenses to the fullest extent possible.

41.     BRG's billing rates do not include charges for photocopying, telephone and facsimile charges, computerized research, travel expenses, "working meals," secretarial overtime, postage and certain other office services, because the needs of each client for such services differ.  BRG believes that it is fairest to charge each client only for the services actually used in performing services for such client.  BRG endeavors to minimize these expenses to the fullest extent possible.

42.     In providing a reimbursable service such as copying or telephone, BRG does not make a profit on that service.  In charging for a particular service, BRG does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.   In seeking reimbursement for service which BRG justifiably purchased or contracted for from a third party, BRG requests reimbursement only for the amount billed to BRG by such third party vendor and paid by BRG to that vendor.

## NOTICE AND NO PRIOR APPLICATION

43.     Notice of this application has been given to (a) The Debtors; (b) counsel to the Debtors; (c) Counsel to the Committee; (d) The Office of the U.S. Trustee; and (e) Counsel for the DIP Agent. In light of the nature of the relief requested herein, BRG submits that no further or other notice is required.

44.     With respect to these amounts, as of the date of the Application, BRG has received no payments, and no previous application for the relief sought herein has been made to this or any other Court.

*[Remainder of this page left intentionally blank]*

**WHEREFORE**, BRG respectfully requests: (a) that it be allowed on an interim basis (i) fees in the amount of $74,349.00 for reasonable, actual and necessary services rendered by it on behalf of the Committee during the Fee Period and (ii) reimbursement of $0.00 for reasonable, actual and necessary expenses incurred during the Fee Period; (b) that the Debtors be authorized and directed to immediately pay to BRG the amount of $59,479.20 which is equal to the sum of 80% of BRG's fees and 100% of BRG's expenses incurred during the Fee Period, and (c) and granting such other and further relief as the Court may deem just and proper.


Dated: 12/7/2020
　　　New York, NY                       **BERKELEY RESEARCH GROUP, LLC**

　　　　　　　　　　　　　　　　　　　　　 /s/ Christopher J. Kearns
　　　　　　　　　　　　　　　　　　　　　Christopher J. Kearns
　　　　　　　　　　　　　　　　　　　　　Managing Director
　　　　　　　　　　　　　　　　　　　　　810 7th Ave., 41st Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　　　　(212) 782-1409

　　　　　　　　　　　　　　　　　　　　　Financial Advisor to the Official Committee of
　　　　　　　　　　　　　　　　　　　　　Unsecured Creditors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
--------------------------------------------------------X
                                           :
In re                                      : Chapter 11
                                           : Case No. 19-11466 (KG)
CENTER CITY HEALTHCARE, LLC d/b/a          : Jointly Administered
HAHNEMANN UNIVERSITY HOSPITAL,             :
et al.,¹                                   : Objection Deadline: Dec. 28, 2020 at 4:00 p.m. (ET)
                              Debtors       : Hearing Date: Scheduled only as necessary
--------------------------------------------------------X
```

**VERIFICATION**

Christopher J. Kearns, pursuant to 28 U.S.C. § 1746, declares as follows:

a)      I am a Managing Director at the applicant firm, Berkeley Research Group, LLC, and am authorized to submit this verification on behalf of BRG.

b)      I have personally performed or supervised many of the professional services rendered by BRG as financial advisor to the Official Committee of Unsecured Creditors (the "Committee") and am familiar with the work performed on behalf of the Committee by the professionals and other persons in the firm.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

d)       All services for which compensation is requested by BRG were

professional services performed for and on behalf of the Committee and not on behalf of any

other person.

e)       I have reviewed the requirements of Local Rule 2016-2 and certify to the

best of my information, knowledge and belief that this application complies with Local Rule

2016-2.

f)       I certify under penalty of perjury that the foregoing is true and correct.


Executed on   __12/7/2020_____

                                                        _/s/ Christopher J. Kearns_____
                                                        Christopher J. Kearns

2

**CENTER CITY HEALTHCARE, LLC d/b/a**

**HAHNEMANN UNIVERSITY HOSPITAL et al**

**BRG**

## Berkeley Research Group, LLC

**Exhibit A: Time Detail**

For the Period 4/1/2020 through 9/30/2020

| Date | Professional | Hours | Description |
|------|-------------|-------|-------------|
| **05. Professional Retention Fee Application Preparation** | | | |
| 4/1/2020 | J. Blum | 0.4 | Prepared fifth monthly fee application. |
| 5/7/2020 | J. Blum | 0.4 | Prepared March monthly fee application. |
| 5/15/2020 | J. Blum | 0.3 | Prepared March monthly fee application. |
| 5/21/2020 | J. Blum | 0.5 | Prepared third interim fee application. |
| 5/22/2020 | J. Blum | 0.9 | Prepared third interim fee application. |
| *Task Code Total Hours* | | *2.5* | |
| **07. Interaction/Meetings with Debtors/Counsel** | | | |
| 4/6/2020 | A. Cowie | 0.3 | Participated in call with EisnerAmper (A. Wilen) regarding cash flows and collections contract renewal. |
| 5/7/2020 | A. Cowie | 0.5 | Participated in call with EisnerAmper (A. Wilen) regarding cash expenses and collections. |
| 6/12/2020 | A. Cowie | 0.6 | Participated in call with EisnerAmper (B. Crocitto) in regard to cash collections and claims. |
| 8/18/2020 | A. Cowie | 0.4 | Participated in call with EisnerAmper (A. Wilen) in regard to outstanding information. |
| *Task Code Total Hours* | | *1.8* | |
| **08. Interaction/Meetings with Creditors** | | | |
| 5/6/2020 | C. Kearns | 0.7 | Participated in call with Sills Cummis (A. Sherman) re: waterfall and status of investigation. |
| 5/6/2020 | A. Cowie | 0.7 | Participated in call with Sills Cummis (A. Sherman) regarding updated creditor recoveries and litigation status. |
| 5/8/2020 | A. Cowie | 0.9 | Participated in call with Sills Cummis (A. Sherman) and the Committee to provide updated case status. |
| 5/8/2020 | C. Kearns | 0.8 | Participated in call with the Committee re: case update on waterfall and status of the investigation. |

| Date | Professional | Hours | Description |
|------|-------------|-------|-------------|
| **08. Interaction/Meetings with Creditors** | | | |
| 5/8/2020 | A. Cowie | 0.3 | Participated in call with Sills Cummis (A. Sherman) regarding updated creditor recoveries and litigation status. |
| 5/8/2020 | C. Kearns | 0.3 | Participated in status call with Sills Cummis team (A. Sherman) re: waterfall in preparation for Committee call. |
| 5/8/2020 | A. Cowie | 0.2 | Participated in follow up call with Sills Cummis (B. Mankitovisky) regarding updated creditor recoveries and litigation status. |
| 6/26/2020 | A. Cowie | 0.8 | Participated in call with Sills Cummis (A. Sherman, B. Mankovetskiy) re: historical transactions. |
| 6/26/2020 | C. Kearns | 0.5 | Participated in a portion of status call with Sills Cummis (A. Sherman and B. Mankovetskiy) re: investigation related matters and CMS issues. |
| 8/5/2020 | C. Kearns | 0.4 | Participated on status call with Sills Cummis (A. Sherman) re: investigation information needs and initial transaction and split of assets. |
| 8/21/2020 | C. Kearns | 0.9 | Participated in call with the Committee and Counsel (A. Sherman) re: overall status of the case. |
| 8/21/2020 | A. Cowie | 0.9 | Participated in UCC meeting with Sills Cummis (A. Sherman) re: case status update. |
| 9/2/2020 | A. Cowie | 0.6 | Participated in UCC meeting with Sills Cummis (A. Sherman) re: status of investigation and developments and Debtors' governance which could impact the case. |
| 9/2/2020 | C. Kearns | 0.4 | Participated in a portion of call with the Committee and Sills Cummis (A. Sherman) re: status of investigation and developments and Debtors' governance which could impact the case. |
| 9/30/2020 | C. Kearns | 0.9 | Participated in call with the Committee and Sills Cummis (A. Sherman) re: status of the investigation and Plan update. |
| ***Task Code Total Hours*** | | ***9.3*** | |
| **10. Recovery/SubCon/Lien Analysis** | | | |
| 5/6/2020 | C. Kearns | 0.3 | Reviewed Debtors' current waterfall estimate. |
| 5/8/2020 | C. Kearns | 0.4 | Reviewed line by line discussion of Debtors' latest waterfall. |
| 6/26/2020 | C. Kearns | 0.4 | Reviewed CMS related issues. |
| 8/3/2020 | C. Kearns | 0.3 | Reviewed current estimated waterfall. |
| 8/5/2020 | C. Kearns | 0.4 | Reviewed status of our analysis of potential conveyance issues. |
| 8/19/2020 | A. Cowie | 2.3 | Analyzed creditor recovery waterfall. |

Berkeley Research Group, LLC

Invoice for the 4/1/2020 - 9/30/2020 Period

| Date | Professional | Hours | Description |
|------|--------------|-------|-------------|
| **10. Recovery/SubCon/Lien Analysis** | | | |
| 8/19/2020 | A. Cowie | 1.4 | Prepared report on creditor recoveries for the UCC meeting. |
| 8/19/2020 | A. Jiang | 1.4 | Prepared updated waterfall analysis to incorporate latest information provided by the Debtors. |
| 8/19/2020 | C. Kearns | 0.4 | Reviewed waterfall. |
| 8/20/2020 | A. Cowie | 2.3 | Analyzed creditor recovery waterfall. |
| 8/21/2020 | A. Cowie | 2.4 | Prepared report on creditor recoveries for the UCC meeting. |
| 9/29/2020 | C. Kearns | 0.3 | Reviewed Debtors' analysis regarding creditor recoveries in advance of our call. |
| *Task Code Total Hours* | | **12.3** | |
| **11. Claim Analysis/Accounting** | | | |
| 6/25/2020 | C. Kearns | 0.3 | Reviewed status of assets and claims analysis. |
| 8/17/2020 | A. Jiang | 2.9 | Reconciled claim register of filed claims to estimate ultimate amount of allowed claims. |
| 8/17/2020 | A. Jiang | 1.6 | Prepared report regarding update to claims register. |
| 8/18/2020 | A. Jiang | 2.6 | Continued to reconcile claim register of filed claims to estimate ultimate amount of allowed claims. |
| 8/20/2020 | A. Jiang | 2.4 | Prepared UCC report regarding analysis of claims register. |
| *Task Code Total Hours* | | **9.8** | |
| **13. Intercompany Transactions/Balances** | | | |
| 6/3/2020 | A. Cowie | 1.4 | Analyzed intercompany transactions data. |
| 6/3/2020 | A. Jiang | 0.7 | Analyzed transactions from historical bank record from 2017-2019 to determine amount and purpose of intercompany transfers. |
| 6/4/2020 | A. Jiang | 1.3 | Continued to analyze transactions from historical bank record from 2017-2019 to determine amount and purpose of intercompany transfers. |
| 6/5/2020 | A. Cowie | 1.6 | Analyzed intercompany transactions data. |
| 6/12/2020 | A. Cowie | 2.7 | Analyzed intercompany transactions data. |
| 6/18/2020 | A. Cowie | 2.8 | Analyzed historical intercompany transactions. |
| 6/19/2020 | A. Cowie | 2.9 | Analyzed intercompany transactions data. |

| Date | Professional | Hours | Description |
|---|---|---|---|
| **13. Intercompany Transactions/Balances** | | | |
| 6/19/2020 | A. Jiang | 1.6 | Continued analysis of intercompany transactions for the period from January 2018 - June 2019. |
| 6/20/2020 | A. Jiang | 2.9 | Analyzed intercompany transactions for the period from January 2018 - June 2019. |
| 6/22/2020 | A. Cowie | 2.2 | Analyzed intercompany transactions data. |
| 6/25/2020 | A. Cowie | 2.7 | Analyzed historical intercompany transactions. |
| 6/26/2020 | A. Cowie | 2.7 | Analyzed intercompany transactions data. |
| 7/10/2020 | A. Cowie | 2.7 | Analyzed intercompany transactions data. |
| *Task Code Total Hours* | | *28.2* | |
| **17. Analysis of Historical Results** | | | |
| 4/1/2020 | A. Cowie | 1.1 | Analyzed financial information regarding Tenet/Conifer contract renewal. |
| 6/3/2020 | A. Jiang | 2.3 | Analyzed cash flows to evaluate financial support provided to Hahnemann by affiliates prior to bankruptcy. |
| 6/3/2020 | A. Jiang | 1.9 | Analyzed historical financial results of St. Christopher's from 2016-2018. |
| 6/3/2020 | A. Jiang | 1.6 | Analyzed historical financial results of Hahnemann from 2016-2018. |
| 6/12/2020 | A. Jiang | 2.3 | Continued to analyze bank transactions to determine net cash inflows/outflows of St. Christopher's and Hahnemann. |
| 6/12/2020 | A. Jiang | 1.1 | Prepared summary schedule of prepetition bank transactions for Debtor and non-debtor entities. |
| 6/15/2020 | A. Jiang | 2.1 | Continued to analyze bank transactions to determine net cash inflows/outflows of St. Christopher's and Hahnemann. |
| 6/18/2020 | A. Jiang | 2.7 | Prepared bank reconciliations for the period from January 2018 - June 2019. |
| 6/18/2020 | A. Jiang | 2.2 | Continued analysis of historical bank transactions from January 2018 - June 2019. |
| 6/19/2020 | A. Jiang | 2.6 | Continued cash flow tracing for Hahnemann for the period from January 2018 - June 2019. |
| 6/19/2020 | A. Jiang | 2.3 | Continued analysis of cash flows for St. Christopher's for the period from January 2018 - June 2019. |

| Date | Professional | Hours | Description |
|------|-------------|-------|-------------|
| **17. Analysis of Historical Results** | | | |
| 6/19/2020 | A. Jiang | 1.8 | Continued analysis of cash transaction activity for January 2018 - June 2019. |
| 6/22/2020 | A. Jiang | 2.9 | Continued to analyze bank transactions since the acquisition of the hospital group from Tenet on January 12, 2018. |
| 6/22/2020 | A. Jiang | 2.6 | Prepared report regarding operating activity for the period from January 2018 - June 2019. |
| 6/22/2020 | A. Jiang | 1.8 | Prepared bank reconciliation of opening/ending balances with transaction activity for each bank account. |
| 6/23/2020 | A. Jiang | 2.7 | Prepared report reconciling cash flows with bank balances for the 18 months up to June 30, 2019. |
| 6/23/2020 | A. Jiang | 2.1 | Continued to analyze bank transactions since the acquisition of the hospital group from Tenet on January 12, 2018. |
| 6/25/2020 | A. Jiang | 1.7 | Continued analysis of historical financials of Hahnemann. |
| 6/25/2020 | A. Cowie | 0.8 | Participated in call with EisnerAmper (B. Crocitto) regarding historical transactions. |
| 7/17/2020 | A. Cowie | 0.8 | Participated in call with EisnerAmper (B. Crocitto) regarding historical transactions. |
| 7/18/2020 | A. Cowie | 0.8 | Participated in call with EisnerAmper (A. Wilen) regarding historical transactions. |
| 8/14/2020 | A. Jiang | 1.8 | Analyzed historical financial results for St. Chris and Hahnemann to evaluate operating performance prior to bankruptcy. |
| 8/17/2020 | A. Cowie | 0.9 | Analyzed historical documents on funds flow. |
| 8/24/2020 | A. Jiang | 2.2 | Reviewed historical financial information provided by Debtors. |
| 8/26/2020 | A. Jiang | 2.9 | Continued review historical financial information provided by Debtors to determine solvency prior to filing. |
| 8/26/2020 | A. Jiang | 1.4 | Continued review historical financial information provided by Debtors to determine solvency prior to filing. |
| 8/28/2020 | A. Jiang | 2.6 | Prepared report regarding historical financial results of Debtors from 2018 onwards. |
| 9/25/2020 | A. Jiang | 2.9 | Analyzed historical consolidated financial statements from January 2018 - December 2019 to analyze working capital changes. |
| 9/25/2020 | A. Jiang | 2.6 | Continued analysis of historical balance sheet to understand position of Debtors relating to current assets and liabilities. |

| Date | Professional | Hours | Description |
|------|-------------|-------|-------------|
| **17. Analysis of Historical Results** | | | |
| 9/28/2020 | A. Jiang | 2.6 | Analyzed financial position of physician groups in 18 months prior to chapter 11 filing. |
| 9/28/2020 | A. Jiang | 1.7 | Prepared report for Counsel regarding analysis of financial position of Debtor entities. |
| 9/30/2020 | A. Jiang | 2.9 | Prepared report for Counsel regarding financial position of consolidated Debtor entities for the period from January 2018 - June 2019. |
| 9/30/2020 | A. Jiang | 2.1 | Analyzed historical financials for Debtor entities following January 2018 transaction. |
| 9/30/2020 | A. Jiang | 1.7 | Continued to prepare report for Counsel regarding financial position of consolidated Debtor entities. |
| 9/30/2020 | C. Kearns | 0.5 | Participated in portion of a call with CRO to discuss EisnerAmper's analysis of historical financial statement re: ongoing investigation. |
| **Task Code Total Hours** | | **69.0** | |
| **19. Cash Flow/Cash Management Liquidity** | | | |
| 6/25/2020 | A. Jiang | 0.9 | Participated in call with EisnerAmper (B. Crocitto, A. Still) regarding PAHS cash management system. |
| 8/20/2020 | A. Jiang | 2.9 | Prepared UCC report regarding waterfall update, detailing latest estimates of sources and uses of cash. |
| 8/20/2020 | A. Jiang | 1.2 | Analyzed updated information regarding sources and uses of cash provided by the Debtors. |
| 9/29/2020 | A. Jiang | 2.9 | Analyzed working capital for St. Christopher's, Hahnemann, and consolidated Debtor entities. |
| 9/29/2020 | A. Jiang | 2.3 | Continued analysis of working capital for Debtor entities including St. Christopher's and Hahnemann. |
| 9/29/2020 | A. Jiang | 1.4 | Prepared analysis of working capital Physician Groups and corporate entity. |
| **Task Code Total Hours** | | **11.6** | |
| **25. Litigation** | | | |
| 8/3/2020 | A. Cowie | 0.3 | Analyzed potential causes of action for the estate. |
| 8/4/2020 | A. Cowie | 0.3 | Analyzed potential causes of action for the estate. |
| 8/5/2020 | A. Cowie | 0.6 | Participated in call with Sills Cumis (A. Sherman) in regard to litigation progress. |

| Date | Professional | Hours | Description |
|------|--------------|-------|-------------|
| **25. Litigation** | | | |
| 8/14/2020 | C. Kearns | 0.4 | Reviewed documents provided by Counsel in connection with the investigation. |
| 8/17/2020 | A. Cowie | 0.4 | Participated in call with Sills Cumis (A. Sherman) in regard to litigation progress. |
| 8/21/2020 | A. Cowie | 2.3 | Analyzed potential causes of action for the estate. |
| 8/24/2020 | A. Cowie | 0.5 | Analyzed potential causes of action for the estate. |
| 9/28/2020 | C. Kearns | 0.3 | Reviewed analysis from Debtors in connection with investigation. |
| 9/30/2020 | C. Kearns | 0.6 | Reviewed memo from Counsel to the Committee re: status of our investigation. |
| *Task Code Total Hours* | | *5.7* | |
| **Total Hours** | | **150.2** | |