# EXHIBIT 1

# Settlement

## DRAFT
## FULL AND FINAL SETTLEMENT AND RELEASE

1. **FOR AND IN CONSIDERATION** of the sum of One Hundred Seventy-Five Thousand Dollars and No Cents ($175,000.00) paid to the undersigned (the "Plaintiff"), the undersigned does fully release and discharge, with prejudice, (i) Tenet HealthSystem Hahnemann, L.L.C. d/b/a Hahnemann University Hospital ("HUH"), (ii) The Healthcare Underwriting Company, a Risk Retention Group, The Healthcare Insurance Corporation, (iii) American Academic Health System, LLC (and/or as incorrectly named as "American Academic Health System, LLC d/b/a Hahnemann University Hospital"), Paladin Healthcare Management, LLC, Philadelphia Academic Risk Retention Group, LLC ("RRG"), and (iv) Center City Healthcare, LLC, d/b/a Hahnemann University Hospital ("CCH"), Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC, HPS of PA, L.L.C., SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., StChris Care at Northeast Pediatrics, L.L.C., TPS of PA, L.L.C., TPS II of PA, L.L.C., TPS III of PA, L.L.C., TPS IV of PA, L.L.C., and TPS V of PA, L.L.C. (collectively with CCH, the "Debtors"), and in the case of each of (i) through (iv), any and all of their respective Affiliates, and all other persons, governmental entities, associations and corporations whether or not named herein, their respective heirs, executors, administrators, attorneys, successors, assigns and insurers, and their respective agents, servants and employees (hereafter referred to collectively as "Releasees"), from any or all causes of action, claims and demands of whatsoever kind on account of all known and unknown injuries, losses and damages allegedly sustained by the decedent Maria Lemons and/or the undersigned and/or the heirs, executors, administrators, successors and/or assigns of the decedent, Maria Lemons, specifically, from any claims or joinders for sole liability, contribution, indemnity, including rights of subrogation of any third party, or otherwise as a result of, arising from the facts and circumstances alleged in and/or giving rise to, related to, or in any way connected with the professional health care services rendered to decedent Maria Lemons, and on account of which the lawsuit captioned *Erik Lemons, Administrator of the Estate of Maria Lemons, deceased v. Tenet HealthSystem*

1

37286460.7

*Hahnemann, LLC d/b/a Hahnemann University Hospital and Center City Healthcare, LLC, d/b/a Hahnemann University Hospital*, was instituted in the Philadelphia County Court of Common Pleas, November Term, 2018, No. 02181 ("Legal Action"). All sums set forth herein constitute damages on account of physical injuries and sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. The undersigned does understand, and agree, that the acceptance of said sum is in full accord and satisfaction of a disputed claim and that the payment of said sum is not an admission of liability by any party named herein. "Affiliates" means, with respect to each Releasee, such Releasees' past, present or future officers, directors, shareholders, managers, supervisors, managing members, members, equityholders, partners, agents, employees, heirs, family members, representatives, executors, administrators, fiduciaries, auditors, accountants, attorneys, advisers, experts, insurers, sureties, predecessors, successors, assigns, and affiliates, including, without limitation, any parent, subsidiary and affiliated entities controlled or under control directly or indirectly by each or any of them, and their respective past, present or future officers, directors, shareholders, managers, supervisors, managing members, members, equityholders, partners, agents, employees, heirs, family members, representatives, executors, administrators, fiduciaries, auditors, accountants, attorneys, advisers, experts, insurers, sureties, predecessors, successors, assigns, and affiliates including, without limitation, any parent, subsidiary and affiliated entities controlled or under control directly or indirectly by each or any of them, and those in active concert with them or any of them up to and including the date hereof.

2. It is expressly understood and agreed that this Full and Final Settlement and Release is intended to cover and does cover not only all now known injuries, losses and damages, but any further injuries, losses and damages which arise from, as a result of, or are related to, or connected with, the facts and circumstances and occurrences alleged in the Legal Action.

3. In full and complete settlement and compromise of the claims as set forth above, and, in an abundance of caution, subject to approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") to the extent set forth herein, the undersigned will receive the total sum (the "Settlement Payments") identified herein to be paid as follows:

2

37286460.7

a. Within the later of (i) thirty (30) days following the entry of an order of the Philadelphia County Court of Common Pleas approving this Full and Final Settlement and Release and (ii) thirty (30) days following the entry of a Final Order[1] of the Bankruptcy Court approving this Full and Final Settlement and Release, HUH will pay the total sum of Eighty-Seven Thousand, Five Hundred Dollars and 00/100 Cents ($87,500.00) to Plaintiff or Plaintiff's counsel; and

b. Within the later of (i) thirty (30) days following the entry of an order of the Philadelphia County Court of Common Pleas approving this Full and Final Settlement and Release and (ii) thirty (30) days following the entry of a Final Order of the Bankruptcy Court approving this Full and Final Settlement and Release, RRG on behalf of CCH will pay the total sum of Eighty-Seven Thousand, Five Hundred Dollars and 00/100 Cents ($87,500.00) to Plaintiff or Plaintiff's counsel.

4. The undersigned hereby agrees, on his behalf and on behalf of the heirs, executors, successors and/or assigns of the decedent, Maria Lemons, to satisfy any and all valid liens or charges that have been asserted and/or which could be or may be asserted for reimbursement of any medical benefits or other benefits provided to decedent, Maria Lemons, by a third party as a result of any injuries claimed in the Legal Action, including but not limited to, satisfying by way of payment, reduction, and/or compromise, any and all Commonwealth of Pennsylvania Department of Public Welfare, Commonwealth of Pennsylvania Department of Human Services and/or Medicare and/or other statutory liens and conditional payment that have been, or may be, asserted against the undersigned and/or decedent Maria Lemons, or the proceeds of this settlement. Additionally, the undersigned hereby agrees, on his behalf and on behalf of the heirs, executors, successors and/or assigns of the decedent, Maria Lemons, to indemnify and save forever harmless the Releasees

---

[1] As used herein, "Final Order" means an order of the Bankruptcy Court, as entered on the docket in the chapter 11 bankruptcy cases of CCH, PAHS and certain of their affiliates (Case No. 19-11466 (MFW) (the "Chapter 11 Cases"), that has not been reversed, stayed, modified or amended and to which the time to appeal, petition for certiorari, or seek re-argument or rehearing has expired and to which no appeal, re-argument, petition for certiorari, or rehearing is pending or, if an appeal, re-argument, certiorari, or rehearing thereof has been sought, such order has been affirmed by the highest court to which the order was appealed or from which the re-argument or rehearing was sought, or certiorari has been denied, and the time to take any further appeal or to seek certiorari or further re-argument or rehearing has expired, provided, however, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure or Rule 9024 of the Federal Rules of Bankruptcy Procedure may be filed with respect to such order, as long as such a motion actually has not been filed.

37286460.7

named in this document from and against any and all liens, charges, fees, costs, interest and other sums, and any and all claims, demands or actions, known or unknown, made against the Releasees by any person or entity on account of, or in any manner related to, connected with, or arising from the facts and circumstances alleged in the Legal Action. It is agreed that each party will be responsible for their own attorneys' fees.

5. For the avoidance of doubt, and in an abundance of caution, this Full and Final Settlement and Release is subject to and conditioned upon the entry of a Final Order of the Bankruptcy Court approving this Full and Final Settlement and Release (the date of such entry, the "Effective Date"). In the event that the Effective Date does not occur, this Full and Final Settlement and Release shall be deemed null and void and of no force or effect.

6. Upon the Effective Date, the Plaintiff shall be deemed to have waived the ability to file a proof of claim in the Chapter 11 Cases and/or seek recovery on account of any and all other claims that he may have against the Debtors and/or their estates.

7. Within five (5) business days following receipt of the Settlement Payments, the Plaintiff shall dismiss the Legal Action, with prejudice.

8. Court approval is required for the settlement, compromise or resolution of this claim and, as such, this settlement is conditioned upon the undersigned promptly undertaking any and all necessary action to obtain same. It is further understood and agreed that notwithstanding the provisions of Philadelphia County Local Rule 229.1, and Pa.R.C.P. 229.1, Releasees shall not be obligated to pay the settlement funds for a period of (i) thirty (30) days following the entry of an order of the Philadelphia County Court of Common Pleas approving this Full and Final Settlement and Release or (ii) thirty (30) days following the entry of a Final Order of the Bankruptcy Court approving this Full and Final Settlement and Release, whichever is later, and, as further condition and agreement upon which this settlement is based, the undersigned agrees to waive any and all provisions of Philadelphia County Local Rule 229.1 and Pa.R.C.P. 229.1 with respect to entitlement of interest.

9. If this settlement is ever determined by any court to be without effect because some necessary court approval was not obtained, or if the Releasees are subjected to further legal action or claim which could not have been instituted or presented had proper court approval been obtained by the undersigned, then the undersigned will indemnify the Releasees for any future loss, cost, or expense, including but not limited to, reasonable attorney's fees for

defending, litigating and settling any such claims or action, and for any judgment resulting from any such claim or action.

10. It is further understood and agreed that this is the complete release agreement, and that there are no written or oral understandings or agreements, directly or indirectly, connected with this Full and Final Settlement and Release, that are not incorporated herein. This agreement shall be binding upon and inure to the successors, assigns, heirs, executors, administrators, and legal representatives of the respective parties hereto.

11. It is further understood and agreed and made part hereof, that the undersigned Plaintiff, and the family and representatives of the decedent, Maria Lemons, and Plaintiff's attorneys, shall not comment, either directly or indirectly, on any aspect of the Legal Action or this settlement to any member of the news media, or in any way publicize or cause to be publicized in any news or communications media, including but not limited to newspapers, magazines, journals, radio, television, on-line computer systems and law-related publications, the facts of the Legal Action, the existence of this settlement and the terms and conditions of this settlement. It is further understood and agreed and made part hereof, that the undersigned, and the family and representatives of the decedent, Maria Lemons, and Plaintiff's attorneys, shall not engage, or cause or encourage any other person to engage, directly or indirectly, in any form of conduct, or make any statements or representations, in writing, orally, or otherwise, that in any way disparages, defames, discredits or otherwise impairs the reputation, goodwill or commercial interests of the Releasees, or any of their Affiliates. If the undersigned, the family and representatives of the decedent, Maria Lemons, and/or Plaintiff's attorneys, file any court document(s) identifying the terms and/or conditions of this settlement, they shall request that the court immediately seal such document(s) and take whatever reasonable steps are necessary to seek to assure that such document(s) are not accessible or disclosed to anyone. This paragraph is intended to become part of the consideration for settlement of the claims as set forth above.

12. Notwithstanding any provision to the contrary set forth herein, the Debtors shall be permitted to attach an unredacted copy of this Full and Final Settlement and Release as an exhibit to their motion for Bankruptcy Court approval of the Full and Final Settlement and Release, and to describe the terms of this Full and Final Settlement and Release in any such

5

motion.

13. THE UNDERSIGNED HEREBY DECLARES that the terms of this settlement have been completely read; and that he has discussed the terms of this settlement with legal counsel of his choice; and said terms are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims on account of the injuries and damages above-mentioned, and for the express purpose of precluding forever and further or additional suits arising out of the aforesaid claims.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 21 day of October 2020.

Commonwealth of Pennsylvania)
City/County of Philadelphia    ) s.s.

SWORN to and subscribed before me this 21st Day of Oct 20 20

_____
NOTARY PUBLIC

_____
Erik Lemons, as Administrator of the Estate of Maria Lemons, Deceased

Commonwealth of Pennsylvania - Notary Seal
MARILYN B. AQUINO, Notary Public
Philadelphia County
My Commission Expires August 19, 2024
Commission Number 1244269

6

37286460.7