### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) |  |
| *et al.*,[1] | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) | **Hearing Date: January 27, 2021 at 10:30 a.m. (ET)** |
|  | ) | **Objection Deadline: January 7, 2021 at 4:00 p.m. (ET)** |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE UNREDACTED VERSION OF THE DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS (NON- SUBSTANTIVE) PURSUANT TO SECTIONS 502(b) AND 503 OF THE BANKRUPTCY CODE, <u>BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1</u>**

By this motion (this "**Motion to Seal**"), Center City Healthcare, LLC d/b/a Hahnemann University Hospital and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), seek the entry of an order, substantially in the form attached hereto as <u>**Exhibit A**</u> (the "**Proposed Order**"), pursuant to sections 105(a) and 107(c) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Debtors to file under seal the unredacted version of the *Debtors' Second Omnibus Objection to Claims (Non-Substantive) Pursuant to Sections 502(b) and 503 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and*

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

*3007, and Local Rule 3007-1* (the "**Claim Objection**"),[2] filed contemporaneously herewith.  In

support of this Motion to Seal, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.       This Court has jurisdiction over this Motion to Seal pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference* of the United States District Court for

the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C.

§ 157(b)(2).

2.       Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final

judgment or order with respect to the Motion to Seal if it is determined that the Court, absent

consent of the parties, cannot enter final orders or judgments consistent with Article III of the

United States Constitution.

3.       Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The statutory bases for the relief requested in this Motion to Seal are sections

105(a) and 107(c) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(d).

## Background

5.       On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the

Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the

Court.  The Debtors continue to operate their businesses and manage their properties as debtors

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has

requested the appointment of a trustee or examiner in these Chapter 11 Cases.  On July 15, 2019,

the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors

---

[2]       Capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Claim
Objection.

of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al*. [D.I. 182] (the "**Committee**").

6.    A description of the Debtors' businesses and the reasons for commencing these Chapter 11 Cases is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2].

7.    On July 2, 2019, the Court entered the *Order Approving Certain Procedures to Maintain the Confidentiality of Patient Information as Required by Applicable Privacy Rules* [D.I. 72], pursuant to which the Court established certain procedures to protect patient information during these cases (the "**Patient Confidentiality Procedures**").  While the Patient Confidentiality Procedures are clear in prohibiting the use of patient names in, *inter alia*, creditor matrices, certificates of service and the Debtors' schedules of assets and liabilities, the procedures do not address or otherwise clarify the Debtors' ability to redact patient details in pleadings such as the Claim Objection.

8.    On June 11, 2020, the Court entered the *Order (I) Establishing Deadlines for Filing Proofs of Claim, Including Section 503(b)(9) Claims, and (II) Approving the Form and Manner of Notice Thereof* [D.I. 1666] (the "**Bar Date Order**") pursuant to which the Court established the General Bar Date (as defined in the Bar Date Order) as August 5, 2020 at 5:00 p.m. (prevailing Eastern Time).

9.    Over 2,600 proofs of claim have been filed to date in the Chapter 11 Cases, certain of which have been submitted by former patients of the Debtors.  Based on the Debtors' review of the relevant claims and their Books and Records, the Debtors have included certain patient claims in the Claim Objection.  For the reasons set forth below, the Debtors believe it is necessary and appropriate to redact the patient names in the Claim Objection in order avoid any

disclosure of protected health information in violation of the Health Insurance Portability and Accountability Act of 1996 ("**HIPAA**").  Such relief has previously been approved by this Court on identical grounds [D.I. 1922].

### Relief Requested

10.     By this Motion to Seal, the Debtors seek the entry of an order, substantially in the form of the Proposed Order, pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(d), authorizing the Debtors to file the unredacted Claim Objection under seal, with unsealed versions of the Claim Objection provided only to (a) the Court, (b) the Office of the United States Trustee for the District of Delaware, (c) counsel to the Committee, and (d) in a limited manner, the relevant patients whose claims are included in the Claim Objection.[3]

### Basis For Relief Requested

11.     The relief requested by the Debtors is authorized under sections 105(a) and 107(c)(1) of the Bankruptcy Code.  Specifically, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Section 107(c) of the Bankruptcy Code further provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).

---

[3]     The version of the Claim Objection that will be served on a particular patient will have only that patient's name unredacted so that the patient can identify his or her claims in the Claim Objection.  All other patient names will be redacted.

37819493.1 12/22/2020

Furthermore, Local Rule 9018-1(d) requires any party who seeks to file documents under seal to file a motion to that effect.  *See* Del. Bankr. L.R. 9018-1(d).[4]

12.     Because the Debtors qualify under HIPAA as health care providers that transmit health information, they are considered "covered entities" under 45 C.F.R. § 160.103.  This designation prevents the Debtors from disclosing, except in limited circumstances, "individually identifiable health information."  45 C.F.R. § 164.502.

13.     HIPAA defines "individually identifiable health information" as any information relating to the individual's "past, present or future physical or mental health or condition, the provision of health care to the individual, or the past, present or future payment for the provision of health care to the individual" that also "identifies the individual or for which there is a reasonable basis to believe that the information can be used to identify the individual." 42 U.S.C. § 1302d(6).  Individually identifiable health information is referred to as "PHI" under HIPAA.

14.     The Debtors could face significant monetary penalties for the unauthorized disclosure of PHI.  *See* 45 C.F.R. § 160.402.  Such penalties can be imposed even if a person "did not know and, by exercising reasonable diligence, would not have known" that a violation occurred.  45 C.F.R. § 160.404(b)(2)(i).

15.     Based on the above, in the present case, the Debtors believe that the patient names included in the Claim Objection could potentially constitute PHI.  As such, the disclosure of such names in the Claim Objection or any other pleadings could expose the Debtors' estates to

---

[4]     Local Rule 9018-1(d) also requires a certification from Delaware counsel made in accordance with sub-part (d)(iv), which is attached hereto as **Exhibit B**. *See* Del. Bankr. L.R. 9018-1(d).

37819493.1 12/22/2020

penalties under HIPAA.[5]    Moreover, even if the patient names are *not* PHI under HIPAA, no parties in interest are prejudiced by the redaction of such names in an abundance of caution. Indeed, the Debtors' key constituents will receive unredacted versions of the Claim Objection, and the claimants themselves will be able to identify their names and claims on the Claim Objection they receive.  Redacting the patient names is also in keeping with the purposes served by the Patient Confidentiality Procedures, which sought to protect patients against disclosure of their personal information and pursuant to which the Debtors have *already* been redacting patient names in certificates of service and other Court filings.

16.    For the foregoing reasons, the Debtors respectfully request that the Court permit the Debtors to file the Claim Objection under seal, with unsealed copies provided only to (a) the Court, (b) the Office of the United States Trustee for the District of Delaware, (c) counsel to the Committee, and (d) in a limited manner, the relevant patients whose claims are included in the Claim Objection.

**Notice**

17.    Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In

---

[5]    To the extent a claimant has filed a formal personal injury action against the Debtors and has filed a proof of claim against the Debtors based on such action, the Debtors do not intend to redact such claimant's name in the Claim Objection or any future claim objection (unless the claimant is a minor) since, in such circumstances, the claimant's status as a former patient is already public information.

light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

18.     No prior request for the relief sought in this Motion to Seal has been made to this or any other court.

[remainder of page intentionally left blank]

**Conclusion**

WHEREFORE, the Debtors respectfully request the entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: December 22, 2020
Wilmington, Delaware

                    **SAUL EWING ARNSTEIN & LEHR LLP**

By:    */s/ Monique B. DiSabatino*
          Mark Minuti (DE Bar No. 2659)
          Monique B. DiSabatino (DE Bar No. 6027)
          1201 N. Market Street, Suite 2300
          P.O. Box 1266
          Wilmington, DE  19899
          Telephone: (302) 421-6800
          Fax: (302) 421-5873
          mark.minuti@saul.com
          monique.disabatino@saul.com

              -and-

          Jeffrey C. Hampton
          Adam H. Isenberg
          Melissa A. Martinez
          Centre Square West
          1500 Market Street, 38th Floor
          Philadelphia, PA 19102
          Telephone: (215) 972-7777
          Fax: (215) 972-7725
          jeffrey.hampton@saul.com
          adam.isenberg@saul.com
          melissa.martinez@saul.com

          *Counsel for Debtors and Debtors in Possession*

37819493.1 12/22/2020