# EXHIBIT 1

# Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>                      Debtors. | ) Chapter 11<br>)<br>) Case No. 19-11466 (MFW)<br>)<br>) Jointly Administered<br>)<br>) |

**STIPULATION GRANTING LIMITED RELIEF
FROM THE AUTOMATIC STAY WITH RESPECT TO DEBTORS'
APPEALS OF COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF HUMAN SERVICES' NOTICES AND DETERMINATIONS**

This *Stipulation Granting Limited Relief from the Automatic Stay With Respect To Debtors' Appeals of Commonwealth of Pennsylvania Department of Human Services' Notices and Determinations* (the "Stipulation") is made and entered into as of the 10th day of December, 2020 between and among the above-referenced debtors and debtors-in-possession (collectively, the "Debtors") and the Commonwealth of Pennsylvania Department of Human Services (the "Department," and together with the Debtors, the "Parties"), by and through their respective duly authorized undersigned counsel.

**INTRODUCTION**

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

(the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, the Debtors' chapter 11 cases (the "Chapter 11 Cases") have been procedurally consolidated;

**WHEREAS**, prior to the Petition Date, on or about January 23, 2019, Center City Healthcare, LLC d/b/a Hahnemann University Hospital and St. Christopher's Healthcare, LLC filed Appeals and Requests for Hearing with respect to the assessment amounts for the state fiscal year beginning July 1, 2018 and ending June 30, 2019. The Debtors challenged the Department's determination not to exclude Medical Assistance Supplemental Payments from the Department's calculation of such Debtors' Net Inpatient Revenue and Net Outpatient Revenue (the "Appeals");

**WHEREAS**, the Debtors believe (but the Department disputes) that the Department's actions incorrectly increased the amounts that the Department assessed to such Debtors for annual monetary assessments for the state fiscal year beginning July 1, 2018 and ending June 30, 2019, pursuant to 62 P.S. § 801-G and 62 P.S. §803-G(b)(4), 2018, June 22, P.L. 258, No. 40, §§ 5, 6, effective July 1, 2018;

**WHEREAS**, through the Appeals, the Debtors seek a reassessment and redetermination of the amounts due for the Debtors' Net Inpatient Revenue and Net Outpatient Revenue for the fiscal year beginning July 1, 2018 and ending June 30, 2019;

**WHEREAS,** the Appeals are currently pending in the Department's Bureau of Hearings and Appeals, before Jacob Herzing, Esq., Administrative Law Judge, and have been assigned case

nos. 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 (Center City Healthcare, LLC) and 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 (St. Christopher's Healthcare, LLC);

**WHEREAS**, the Department believes that the Debtors' prosecution of the Appeals may violate the automatic stay, as set forth in section 362(a) of the Bankruptcy Code; and

**WHEREAS**, the Debtors do not believe their prosecution of the Appeals violates section 362(a) of the Bankruptcy Code but, in an abundance of caution, is willing to stipulate with the Department regarding relief from the automatic stay, to the extent applicable, so that the Appeals may unquestionably proceed;

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby contract, covenant and agree, subject to Bankruptcy Court approval as set forth herein, as follows:

## STIPULATION

1. Each of the Recitals set forth above is incorporated herein by reference.

2. This Stipulation is subject to and conditioned upon the entry of a Final Order of the Court approving this Stipulation (the "Stipulation Effective Date").  In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect.  In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante*.  As used herein, "Final Order" means an order of the Court, as entered on the docket in the Chapter 11 Cases, that has not been reversed, stayed, modified or

amended and to which the time to appeal, petition for certiorari, or seek re-argument or rehearing has expired and to which no appeal, re-argument, petition for certiorari, or rehearing is pending or, if an appeal, re-argument, certiorari, or rehearing thereof has been sought, such order has been affirmed by the highest court to which the order was appealed or from which the re-argument or rehearing was sought, or certiorari has been denied, and the time to take any further appeal or to seek certiorari or further re-argument or rehearing has expired, *provided, however*, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure or Rule 9024 of the Federal Rules of Bankruptcy Procedure may be filed with respect to such order, as long as such a motion actually has not been filed.

3. Upon the Stipulation Effective Date, the automatic stay of section 362(a) of the Bankruptcy Code shall be modified solely to permit the Appeals to proceed to final ruling, judgment, settlement or other resolution.

4. Except to the extent expressly set forth in paragraph 3 herein, the automatic stay of section 362(a) of the Bankruptcy Code shall remain in full force and effect for all other purposes.

5. Nothing contained herein shall be deemed an admission by the Debtors that the automatic stay of section 362(a) of the Bankruptcy Code applies to the Appeals.

6. The Debtors and the claims agent are authorized to take any and all actions necessary to effectuate this Stipulation.

7. This Stipulation is the entire agreement between the Debtors and the Plaintiff with respect to the subject matter hereof.  This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein.  No statements, promises, or representations have been made by any Party to any

other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

8. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

9. Each of the Parties further acknowledges that it has been fully advised with respect to its rights and obligations under this Stipulation by counsel of its own choosing. Each of the Parties has consulted with counsel of its own choosing and has had adequate opportunity to make whatever investigation or inquiry it deems necessary or desirable with respect to the subject matter and terms of this Stipulation.

10. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

11. This Stipulation shall be binding and inure to the benefit of the Parties hereto, their successors and assigns, including without limitation, as to the Debtors, any chapter 7 or chapter 11 trustee, plan administrator or estate representative, and as to the Plaintiff, any executor, estate administrator or representative.

12. No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party unless such modification, amendment or waiver is in writing, has been approved by the Court, and has been executed by a duly authorized representative of the Party against whom such modification, amendment or waiver is sought to be enforced. If any part of this Stipulation is held to be unenforceable by any court of competent jurisdiction, the unenforceable provision shall be deemed amended to the least extent possible to render it enforceable and the remainder of this Stipulation shall remain in full force and effect.

13. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws principles thereof. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, agents, attorneys and representatives.

14. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

15. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

[remainder of page left intentionally blank]

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| | |
|---|---|
| **SAUL EWING ARNSTEIN & LEHR LLP** | **SCHNADER HARRISON SEGAL & LEWIS LLP** |
| */s/ Monique B. DiSabatino* <br> Mark Minuti (DE Bar No. 2659) <br> Monique Bair DiSabatino (DE Bar No. 6027) <br> 1201 N. Market Street, Suite 2300 <br> P.O. Box 1266 <br> Wilmington, DE 19899-1266 <br> Telephone: (302) 421-6800 <br> Fax: (302) 421-5873 <br> mark.minuti@saul.com <br> monique.disabatino@saul.com | */s/ Richard A. Barkasy* <br> Richard A. Barkasy <br> 824 N. Market Street <br> Suite 800 <br> Wilmington, DE 19801-4939 <br> Telephone: (302) 888-4554 <br> Fax: (302) 888-1696 <br> rbarkasy@schnader.com |
| -and- | -and- |
| Jeffrey C. Hampton <br> Adam H. Isenberg <br> Centre Square West <br> 1500 Market Street, 38th Floor <br> Philadelphia, PA 19102 <br> Telephone: (215) 972-7777 <br> Fax: (215) 972-7725 <br> jeffrey.hampton@saul.com <br> adam.isenberg@saul.com | Nicholas J. LePore, III <br> 1600 Market Street <br> Suite 3600 <br> Philadelphia, PA 19102 <br> Telephone: (215) 751-2000 <br> Fax: (215) 751-2205 <br> nlepore@schnader.com |
| *Counsel for Debtors and Debtors in Possession* | *Counsel for the Commonwealth of Pennsylvania Department of Human Services* |

37798458.6.docx 12/28/2020