IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |

**ABBOTT LABORATORIES INC.'S RESPONSE IN OPPOSTION TO DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE) PURSUANT TO SECTIONS 502(b) AND 503 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1.**

Abbott Laboratories Inc.("Abbott") by and through its undersigned counsel, for opposition to Debtors' Second Omnibus Objection to Claims (Substantive) Pursuant to Sections 502(b) and 503 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Doc. No. 1984) and states as follows:

**FACTUAL BACKGROUND**

1. Abbott is a leading, global healthcare company operating in over 150 countries around the world, with over 99,000 employees. Abbott creates breakthrough products – in diagnostics, medical devices, nutrition, and branded generic pharmaceuticals – that help individuals, families, and communities lead healthier lives. For more than 125 years, Abbott has been pursuing

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are, Center City Healthcare, LLC (3341); Philadelphia Academic Health System, LLC (8681); St. Christopher's Healthcare, LLC (8395); Philadelphia Academic Medical Associates, LLC (8165); HPS of PA, L.L.C. (16 17); SCHC Pediatric Associates, L.L.C. (0527); St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447); SCHC Pediatric Anesthesia Associates, L.L.C. (2326); StChris Care at Northeast Pediatrics, L.L.C. (4056): TPS of PA, L.L.C. (4862); TPS II of PA, L.L.C. (5534); TPS III of PA, L.L.C. (5536); TPS IV of PA, L.L.C. (5537); and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, Fourth Floor, Philadelphia, Pennsylvania 19102

advancements in science, technology, medicine, and nutrition that create more possibilities for more people at all stages of life.

2.   Abbott, and its divisions, provided Debtors with goods used in the ordinary course of Debtors' business.

3.   Debtors were obligated to pay Abbott for the goods that Abbott provided to Debtors (the "Obligations").

4.   Abbott filed proofs of claim for the Obligations, for which Abbott shows existing pre-petition amounts owed by Debtors to Abbott, consisting of obligations between Abbott Laboratories Inc. and Philadelphia Academic Health System, LLC doing business as Hahnemann University Hospital; between Abbott Laboratories Inc. and St. Christopher's Healthcare, LLC doing business St. Christopher's Hospital for Children; between Abbott Vascular Division of Abbott Laboratories Inc. and Philadelphia Academic Health System, LLC doing business as Hahnemann University Hospital; between Abbott Diagnostics Division of Abbott Laboratories Inc. and Philadelphia Academic Health System, LLC doing business as Hahnemann University Hospital; between Abbott Molecular Division of Abbott Laboratories Inc. and St. Christopher's Healthcare, LLC doing business St. Christopher's Hospital for Children; between Abbott Diagnostics Division of Abbott Laboratories Inc. and St. Christopher's Healthcare, LLC doing business St. Christopher's Hospital; and between Abbott Point of Care Inc. and St. Christopher's Healthcare, LLC doing business St. Christopher's Hospital.

5.   The respective proofs of claim that Abbott submitted in the Debtors' bankruptcy proceedings, with the invoices showing the unpaid pre-petition Obligations of Debtors owed to Abbott (the "Abbott Claims"), include the following amounts of claims owed by Debtors to Abbott:

| | |
|---|---|
| Abbott Laboratories – Hahnemann University Hospital | $68,832.36 |
| Abbott Laboratories – St. Christopher's Hospital | $75,993.00 |
| Abbott Vascular – Hahnemann University Hospital | $77,755.00 |
| Abbott Molecular – St. Christopher's Hospital | $13,331.69 |
| Abbott Diagnostics – Hahnemann University Hospital | $128,194.03 |
| Abbott Diagnostics – St. Christopher's Hospital | $57,155.14 |
| Abbott Point of Care Inc. – St. Christopher's Hospital | $19,950.27 |
| **Total Obligations owed to by Abbott divisions to Debtors pre-petition:** | **$441,211.49** |

6. Abbott continued to provide Debtors with goods, in the ordinary course of Debtors' business up to, and after, the June 30, 2019 Petition Date of Debtors (the "Petition Date").

7. During the twenty days immediately prior to the Petition Date, Abbott provided Debtors with goods, in the ordinary course of Debtors' business, in the following amounts:

| | |
|---|---|
| Abbott Laboratories – Hahnemann University Hospital | $6,763.00 |
| Abbott Laboratories - St. Christopher Hospital | $9,248.00 |
| Abbott Vascular – Hahnemann University Hospital | $0.00 |
| Abbott Molecular – St. Christopher's Hospital | $0.00 |
| Abbott Diagnostics – Hahnemann University Hospital | $35,873.43 |
| Abbott Diagnostics – St. Christopher Hospital | $16,318.89 |
| Abbott Point of Care Inc. – St. Christopher Hospital | $1,721.00 |
| **Total of goods provided by Abbott divisions to Debtors within twenty days prior to Petition Date:** | **$69,534.32** |

8. After the Petition Date, Abbott provided Debtors with goods, in the ordinary course of Debtor's business, for which Debtors have never paid Abbott, in the following amounts:

| | |
|---|---|
| Abbott Laboratories – Hahnemann University Hospital | $2,550.00 |
| Abbott Laboratories - St. Christopher Hospital | $0.00 |
| Abbott Vascular – Hahnemann University Hospital | $43,650.00 |
| Abbott Molecular – St. Christopher's Hospital | $0.00 |
| Abbott Diagnostics – Hahnemann University Hospital | $0.00 |
| Abbott Diagnostics – St. Christopher Hospital | $0.00 |
| Abbott Point of Care Inc. – St. Christopher Hospital | $0.00 |

**Total of goods provided by Abbott divisions to Debtors after Petition Date for which Abbott remains unpaid:** **$46,200.00**

## RESPONSE TO OMNIBUS OBJECTION TO CLAIM

9. On December 22, 2020, Debtors filed their Second Omnibus Objection to Claims (Substantive) Pursuant to Sections 502(b) and 503 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Doc. No. 1984) (the "Omnibus Objection").

10. The Omnibus Objection seeks to modify the Claim Number 125 of Abbott Laboratories Inc. against Hahnemann University Hospital ("Claim 125") to reclassify the $6,763.00 portion of Abbott's priority claim, under Section 503(b)(9) of the United States Bankruptcy Code (the "Code"), as being a general unsecured claim.

11. Debtors' argue in the Omnibus Objection that they are seeking to reclassify the $6,763.00 amount of the 503(b)(9) priority in Claim 125 by stating that "evidence" shows that the

goods that make up the 503(b)(9) portion of Claim 125 were not delivered to Debtors within twenty days of the Petition Date.

12. Debtors do not provide any basis or description for the evidence that they allege, in the Omnibus Objection, shows that the goods were not delivered within twenty days of the Petition Date.

13. Abbott opposes the Omnibus Objection to the extent that it affects Claim 125 of Abbott.

14. Abbott Laboratories provided Debtor Hahnemann University Hospital with goods that were delivered within 20 days of the Petition Date in a total combined amount of $6,763.00 (the "503(b)(9) Claim").

15. Claim 125 of Abbott, as amended, includes copies of the three invoices that make up the $6,763.00 amount of the 503(b)(9) Claim. True and correct copies of the invoices that make up the 503(b)(9) Claim are attached to this Response as Exhibit A. (Kennedy Decl. ¶ 3).

16. The 503(b)(9) Claim consists of invoice 9009039961, dated June 28, 2019 for $4,175.00; invoice 9009045515, dated June 29, 2019 for $2,400.00; and invoice 9009057495, dated July 2, 2019 for $188.00. (Kennedy Decl. ¶ 4).

17. Each of the invoices are dated within twenty days of the Petition Date.

18. Invoice 9009039961 and invoice 9009045515 were both "handy carry" invoices for deliveries of goods, through trunk supplies of Abbott's sales representatives, which were delivered to Debtors the same day as the orders were made by Debtors. For invoice 9009039961, the goods were delivered on the June 28, 2019 date stated on the invoice. For invoice 9009045515, the goods were delivered on June 14, 2019 and invoiced on June 29, 2019. (Kennedy Decl. ¶ 5).

19. The goods described on invoice 9009057495 were delivered via Federal Express to Debtors on July 5, 2019. A true and correct copy of the delivery receipt for invoice 9009057495 is attached to this Response as Exhibit B. (Kennedy Decl. ¶ 6).

20. Accordingly, all of the goods described in invoices 9009039961; 9009045515; and 9009057495 were for the value of goods received by the debtor within twenty days before the Petition date and should be allowed as administrative priority expenses.

21. Debtors did not make any payments to Abbott for the amounts owed for the 503(b)(9) Claim, or any of the other 503(b)(9) claims of Abbott described in Paragraph 7 above, or the post-petition claims described in Paragraph 8 above. Accordingly, the 503(b)(9) Claim remain unpaid.

22. Section 503(b)(9) of the Code states that there shall be allowed administrative expenses for the "value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

23. The 503(b)(9) Claim of Abbott Laboratories as described in Claim 125, as well as all other 503(b)(9) and post-petition claims of Abbott and its divisions against Debtors, should be allowed and paid to Abbott as necessary costs of preserving the estate. Cause exists for the 503(b)(9) Claim described in Claim 125 to be allowed in full as an administrative expense claim under Sections 503(a); 503(b)(1)(A); 503(b)(9); and 507(a)(2) of the Code.

ACCORDINGLY, Abbott Laboratories Inc. respectfully requests that the Court enter an Order overruling the Debtors' Second Omnibus Objection to Claims (Substantive) Pursuant to Sections 502(b) and 503 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Doc. No. 1984), to the extent that it seeks to modify Claim 125 of Abbott Laboratories Inc.

Date: January 7, 2021            THE POWELL FIRM, LLC

/s/ Jason C. Powell
Jason C. Powell, Esquire (No. 3768)
1201 North Orange Street, #500
P.O. Box 289
Wilmington, Delaware 19899
Phone: 302-650-1572
Fax: 302-650-1574
Email: jpowell@delawarefirm.com

-and-

KOHNER, MANN & KAILAS, S.C.

/s/ Eric R. von Helms
Eric R. von Helms, Esq.
Wisconsin Bar ID: 1043206
4650 North Port Washington Road
2nd Floor North
Milwaukee, Wisconsin 53212
Telephone: (414) 962-5110
Facsimile: (414) 962-8725
Email: evonhelms@kmksc.com

*Counsel to Abbott Laboratories Inc.*