**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a ) | Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, ) | |
| *et al.*,[1] ) | Jointly Administered |
| ) | |
| Debtors. ) | **Hearing Date: March 8, 2021 at 10:30 a.m. (ET)** |
| ) | **Objection Deadline: January 29, 2021 at 4:00 p.m. (ET)** |

**FIFTH MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE TIME PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS**

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel, file this motion (the "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to 28 U.S.C. § 1452 and Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), further extending the time period within which the Debtors may remove civil actions through and including May 24, 2021. In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027.

## Background

3. On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On July 15, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al.* [D.I. 182] (the "**Committee**").

4. A description of the Debtors' businesses and the reasons for commencing these Chapter 11 Cases is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2] (the "**First Day Declaration**").

5. As detailed in the First Day Declaration, as of the Petition Date, the Debtors' cases included, among other entities, two major hospitals in in Philadelphia, Pennsylvania – Hahnemann University Hospital ("**Hahnemann**") and St. Christopher's Hospital for Children ("**STC**"). While, since the outset of these cases, the Debtors believed that STC and its related physician practices were viable and valuable entities that could be preserved through a sale

-2-

pursuant to section 363 of the Bankruptcy Code, the Debtors concluded that Hahnemann and its related physician practices were not viable or saleable as a going concern.  As such, throughout these Chapter 11 Cases, the Debtors have worked to implement a closure plan for Hahnemann while pursuing a sale transaction for STC.

6. On September 27, 2019, the Court entered an *Order under 11 U.S.C. § 105, 363, 365, 503 and 507 (A) Approving Asset Purchase Agreement with STC OpCo, LLC (B) Authorizing Sale of Certain of Debtors' Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtors' Executory Contracts, and (D) Granting Related Relief* [D.I. 795] (the "**Sale Order**"), pursuant to which the Court authorized the sale (the "**STC Sale**") of substantially all assets of St. Christopher's Healthcare, LLC and certain related Debtors to STC OpCo, LLC (the "**Buyer**").  The STC Sale closed effective as of December 15, 2019.

7. As of the Petition Date, the Debtors were parties to certain judicial proceedings in which claims on behalf of or against the Debtors were asserted (collectively, the "**Actions**").

**Relief Requested**

8. By this Motion, the Debtors seek the entry of the Proposed Order pursuant to Bankruptcy Rule 9006(b), substantially in the form attached hereto as **Exhibit A**, extending the time to file notices to remove the Actions for an additional one hundred twenty (120) days, through and including May 24, 2021.

9. The Debtors additionally request that the Order approving this Motion be without prejudice to the Debtors' right to seek further extensions of the time period within which they may remove Actions pursuant to Bankruptcy Rules 9006 and 9027.

## Basis for Relief Requested

10. Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

11. Bankruptcy Rule 9027(a)(2) further provides:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

12. Bankruptcy Rule 9006(b)(1) allows courts to extend unexpired time periods, such as the deadline to remove actions, providing that:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

13. It is well settled that this Court is authorized to extend the period within which the Debtors may remove actions. *See, e.g.*, *Pacor Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995)) (holding that the deadline for removal of actions may be extended pursuant to Bankruptcy Rule 9006(b)); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (stating that the period in which to file a

motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Services Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (same); *Stamm v. Rapco Foam, Inc.*, 21 B.R. 715, 718-19 (Bankr. W.D. Pa. 1982) (finding that a bankruptcy court may enlarge the time limit for filing an application for removal under appropriate circumstances).

14. Moreover, requests for an extension of time in which to remove actions have been routinely granted by courts within the Third Circuit. *See*, *e.g., In re Hertz Corporation*, Case No. 20-11218 (MFW) (Bankr. D. Del. Dec. 23, 2020) (granting second request to extend deadline to remove actions, for a total extension of 300 days); *In re NuLnk, Inc.,* Case No. 18-11093 (BLS) (Bankr. D. Del. Apr. 13, 2020) (granting sixth request to extend deadline to remove actions); *In re Consolidated Infrastructure Group, Inc.*, Case No. 19-10165 (BLS) (Bankr. D. Del. Jan. 7, 2020) (granting third 120-day extension to remove actions, for a total extension of 360 days); *In re NSC Wholesale Holdings, LLC*, Case No. 18-12394 (CSS) (Bankr. D. Del. Sept. 11, 2019) (granting a third 120-day extension to remove actions, for a total extension of 360 days); *In re The Wet Seal, LLC*, Case No. 17-10229 (CSS) (Bankr. D. Del. Mar. 12, 2019) (granting eighth request to extend deadline to remove actions).

15. In these Chapter 11 Cases, the time within which the Debtors must file notices to remove Actions is set to expire on January 22, 2021. Since the Petition Date, however, the Debtors have made great progress in resolving significant issues facing the Debtors' estates. Particularly in recent months, the Debtors have devoted significant time and effort to, *inter alia*, (i) drafting and filing a proposed disclosure statement and plan; (ii) continuing to work with the Committee to investigate potentially significant estate claims; (iii) addressing and litigating complex issues arising from various document requests made in connection with potential estate causes of action; (iv) reviewing and analyzing the over 2,500 asserted claims against the estates;

(v) preparing and filing substantive and non-substantive claim objections, and negotiating with claimholders to resolve issues raised in response to such objections; (vi) resolving contested matters and requests for stay relief; and (vii) otherwise attending to tasks required to administer these Chapter 11 Cases.

16. Given these significant demands on the Debtors' personnel and professionals, the Debtors have a legitimate need for additional time to review the Actions and determine whether such Actions should be removed pursuant to Bankruptcy Rule 9027. Indeed, in the absence of such relief, the Debtors will be prejudiced with respect to the right to remove Actions to this Court since they would lose an important part of their overall ability to manage litigation during these Chapter 11 Cases, to the detriment of the Debtors' estates, creditors and parties in interest.

17. An extension of the deadline to remove Actions to this Court will further permit the Debtors' management and professionals to continue to focus on the administration of these Chapter 11 Cases and provide the Debtors with an opportunity to evaluate the Actions to determine whether removal is appropriate.

18. Finally, the Debtors do not believe that any of the Debtors' adversaries will be prejudiced by the extension requested in this Motion because each of the Actions is stayed by operation of section 362(a) of the Bankruptcy Code. In addition, in the event that the Debtors seek to remove any of the individual Actions, any party to such Action may thereafter seek to have it remanded on equitable grounds pursuant to 28 U.S.C. § 1452(b). Thus, the requested extension will not prejudice the rights of other parties.

19. Based on the foregoing, the Debtors submit that an extension of the time within which they may remove Actions pursuant to Bankruptcy Rule 9027 and 28 U.S.C. § 1452 is warranted.

## **Notice**

20.  Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Official Committee of Unsecured Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[remainder of page left intentionally blank]

**WHEREFORE**, the Debtors respectfully request the entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: January 15, 2021

**SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Melissa A. Martinez
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
melissa.martinez@saul.com

*Counsel for Debtors and Debtors in Possession*