# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered)<br>**Re: Docket No. 2071** |

### CONSENT ORDER REGARDING PRODUCTION OF DOCUMENTS BY DEBTORS TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS

This matter comes before the Court in connection with those certain document requests, dated on or about June 16, 2020 (the "Document Requests"), served by the Official Committee of Unsecured Creditors (the "Committee") on Center City Healthcare, LLC d/b/a Hahnemann University Hospital and its affiliated debtors and debtors in possession (collectively, the "Debtors," and together with the Committee, the "Parties").

**WHEREAS**, the Committee is in the process of conducting an investigation (the "Investigation") of potential claims and causes of action that may exist against, among other entities and/or individuals, Joel Freedman, Stella Freedman, Svetlana Attestatova, Kyle Schmidt, MBNF Investments, LLC, American Academic Health System, LLC, Philadelphia Academic Health Holdings, LLC, Front Street Healthcare Properties, LLC, Front Street Healthcare Properties II, LLC, Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC, Philadelphia Academic Risk Retention Group, LLC,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

Paladin Healthcare Capital, LLC, Paladin Healthcare Management, LLC, and Paladin Capital and Global Health Foundation, Inc. (collectively, the "MBNF Non-Debtor Entities"); and

**WHEREAS**, in connection with the Investigation, and consistent with the Committee's rights under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Federal Rules") and Rule 2004-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Committee served the Document Requests on the Debtors; and

**WHEREAS**, on February 2, 2021, the Debtors, the Committee and the MBNF Non-Debtor Entities entered into the *Stipulation Regarding the Production of Documents in Connection with Mediation* (the "Discovery Stipulation"); and

**WHEREAS**, the Parties have engaged in good faith negotiations regarding the Document Requests and have agreed to the consensual discovery process set forth herein pursuant to Local Rule 2004-1(e); now, therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Debtors shall produce to the Committee (i) all non-privileged electronically stored information ("ESI") containing one or more of the Parties' agreed-upon search terms from the Parties' agreed-upon custodians and responsive to any of the Document Requests; (ii) all non-privileged documents containing one or more of the Parties' agreed-upon search terms and responsive to any of the Document Requests identified through a reasonable search of central network drives and shared electronic drives currently within the possession, custody or control of the Debtors (each a "Debtor Document" and collectively, the "Debtor Documents"); and (iii) any Debtor Documents subject to a privilege belonging solely to the Debtors, provided that the Debtors have waived such privilege.

2. The Parties agree that the production of the Debtor Documents described in paragraph 1 shall fulfill and satisfy the Debtors' obligation to comply with the Document Requests; *provided, however*, that nothing contained in this paragraph shall prevent the Committee from serving additional document requests or discovery on the Debtors.

3. The production of Debtor Documents shall begin within one week of Court approval of this Consent Order and shall continue on a rolling basis thereafter.

4. Within 30 days after the Debtors have completed their production of the documents described in paragraph 1, *supra*, the Debtors shall provide a privilege log (the "Initial Privilege Log") covering a portion of the Debtor Documents withheld or redacted on the basis of any asserted privilege. Within 30 days thereafter (i.e., 60-days from the production of all documents described in paragraph 1), the Debtors shall provide a supplemental privilege log covering any additional Debtor Documents, not included in the Initial Privilege Log, withheld or redacted on the basis of any asserted privilege.

5. If the Debtors receive documents from the MBNF Non-Debtor Entities pursuant to paragraph 4 of the MBNF Production section of the Discovery Stipulation (the "MBNF Received Documents," and together with the Debtor Documents, the "Documents", and each individually, a "Document") and withhold any of the MBNF Received Documents on the basis of an asserted privilege, the Debtors shall provide a further supplemental privilege log covering such withheld MBNF Received Documents within 30 days after receipt of the MBNF Received Documents from the MBNF Non-Debtor Entities. Any MBNF Received Documents not withheld on the basis of an asserted privilege shall be produced by the Debtors to the Committee within two (2) weeks of receipt from the MBNF Non-Debtor Entities.

38029948.1

6.      The Committee reserves the right to challenge the assertion of privilege with respect to any Documents withheld or redacted on the basis of privilege and, in the event of such challenge, the Parties shall meet and confer regarding the challenged Documents. If the Parties are unable to resolve the challenge, the Parties shall submit the issue to the Court or any mediator appointed by the Court in connection with the Investigation and/or claims asserted in connection with such Investigation (a "Mediator"), which may be done on an expedited basis.

7.      To expedite the production of Documents, the Parties have agreed that, in the first instance, all Documents produced by the Debtors to the Committee shall be subject to Del. Bankr. LR 9018-1(f), treated as confidential, produced only to Committee counsel whose employment was authorized by the Bankruptcy Court, and subject to the following terms (the "Protective Order"):

> a.      Documents shall only be accessed by or disclosed to (i) the Court, its officers, and its staff; (ii) any court in which a proceeding related to the Debtors' above-captioned bankruptcy cases is initiated and the officers and staff of such court; (iii) the Committee's attorneys, and their attorneys' staff and supporting vendors; (iv) any professionals other than Committee counsel retained by the Committee in or relating to the Debtors' bankruptcy cases, and any employees of such professionals; (v) any consultants or experts retained by the Committee in or relating to the Debtors' bankruptcy cases; (vi) any authors or recipients of the original Documents; (vii) any governmental entities to which the Committee is required to disclose such information (subject to the notice provisions in paragraph 5(h), *infra*); and (viii) any Mediator.
>
> b.      Documents shall not be provided, without the Debtors' written consent, to any individual employed by, associated with, or affiliated with any Committee member.
>
> c.      Documents may also be accessed by or disclosed to witnesses or potential witnesses in the Debtors' above-captioned bankruptcy cases and any related proceedings, but only for purposes of testimony or preparation of testimony.
>
> d.      Documents may also be accessed by or disclosed to any other person authorized by court order, or anyone to whom the Parties have agreed in writing.
>
> e.      Documents may be disclosed to the MBNF Non-Debtor Entities and their counsel pursuant to the terms of the Discovery Stipulation.

f.      Any person (excluding those parties listed in (i)-(ii), (vii) or (viii) of paragraph 5(a) above) to whom a disclosure of Documents is made by the Committee shall be given a copy of this Protective Order and must agree in writing to be bound by its terms before such disclosure takes place.

g.      Notwithstanding anything to the contrary contained in this Protective Order, the Committee's professionals may describe and generally discuss the subject-matter and content of any Document with any individual employed by, associated with, or affiliated with any Committee member, provided such professionals determine, in their reasonable judgment, that the information disclosed cannot be used by individual Committee members to the material disadvantage of the Debtors or any other person or entity.

h.      Notwithstanding anything to the contrary contained in this Protective Order, the Committee agrees that it will not provide or discuss the content of any Document with any individual employed by, associated with, or affiliated with any entity, organization, or company (excluding the Debtors) on the Litigation Entities List, attached as **Exhibit B** to the Discovery Stipulation, without the MBNF Non-Debtor Entities' consent.

i.      If the Committee's professionals believe that any Document produced should not be subject to this Protective Order, the Committee's professionals shall notify the Debtors in writing of their position, identifying the specific Document(s) at issue.  The Parties shall meet and confer in good faith to determine whether or not any specific Document shall not be subject to the Protective Order.  If the Parties are unable to agree on whether or not a Document should be subject to the Protective Order, the Parties shall submit the issue to the Court or a Mediator, which may be done on an expedited basis.

j.      Nothing in this Protective Order shall prevent the Committee from complying with any subpoena seeking to compel the production of such Documents after complying with the following procedure: if the Committee is served with a subpoena seeking to compel production of Documents, the Committee shall promptly forward a copy of such subpoena to the Debtors and the MBNF Non-Debtor Entities at least fourteen (14) days before the production date (or as soon as practicable after being served with the subpoena if the subpoena provides less than fourteen (14) days' notice) and promptly notify the party who served the subpoena that some or all of the material is subject to this Protective Order.  The Debtors or the MBNF Non-Debtor Entities may, at their own cost, contest the subpoena or seek a protective order in the subject proceeding.  If the Debtors or the MBNF Non-Debtor Entities do not contest the subpoena or seek a protective order in the subject proceeding, or if such opposition or request is unsuccessful, the Committee may produce any Documents it is ordered or otherwise legally required to produce.

k.      If the Committee wishes to attach or quote any Documents in any court filing (including, without limitation, any pleadings, affidavits, briefs, memoranda, appendices, deposition transcripts, filings related to discovery, or filings made

5

under paragraph 5(g) of this Protective Order), to the extent practicable, the Committee must first seek the Debtors' approval that such Documents may be filed without being under seal. If the Debtors do not consent, or seeking consent is not practicable, the Committee must (i) obtain an order from the Court pursuant to paragraph 5(g) of this Protective Order that the Documents sought to be filed are not entitled to protection under this Protective Order or (ii) seek to file such Documents under seal, which the Committee may do on an expedited basis. In the event that a motion to file under seal is denied, the Committee may file the Documents with the applicable court unsealed.

l.     This Protective Order shall not apply to any Documents obtained by the Committee from parties other than the Debtors.

m.     Even after the date on which the bankruptcy cases are closed and the Court has entered a final decree (the "Case Closure Date"), the confidentiality obligations imposed by this Protective Order shall remain in effect. Within sixty (60) days after the Case Closure Date, the Debtors may request that all Documents be returned to the Debtors or destroyed, as instructed by the Debtors (a "Return Request"). The Committee shall have sixty (60) days after receipt of a Return Request to comply with such request and shall notify the Debtors when the material has been destroyed or returned in compliance with this provision.

n.     If the Committee determines that it has inadvertently disclosed material produced pursuant to this Protective Order to any person or in any circumstance not authorized under this Protective Order, the Committee must (a) notify the Debtors and the MBNF Non-Debtor Entities in writing of the unauthorized disclosure; (b) use its best efforts to retrieve the material; (c) inform the person to whom the unauthorized disclosures were made of all of the terms of this Protective Order; and (d) request that such person abide by the conditions of this Protective Order.

8.     All Documents produced by the Debtors are to be used only in connection with the above-captioned bankruptcy cases and any related proceedings (including any related adversary proceedings), including any appeals therefrom, unless otherwise agreed to by the Parties or ordered by the Court.

9.     Nothing contained herein shall be construed as a waiver (i) by the Debtors of their attorney-client privilege, joint-defense privilege, common interest privilege, work product protection and/or any other applicable privilege, protection, right or immunity or (ii) of the Committee's right to object to any assertions by the Debtors of their attorney-client privilege, joint-

6

38029948.1

defense privilege, common interest privilege, work product protection and/or any other applicable privilege, protection, right or immunity.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent or unintentional disclosure of any Documents (the "Debtor Privileged Material") protected by the Debtors' attorney-client privilege or the Debtors' work product protection (collectively, the "Debtors' Privilege Rights") shall not be construed to be a waiver, in whole or in part, of the Debtors' claim to the Debtors' Privilege Rights over any specific Debtor Privileged Material or in general; nor shall any discreet waiver of privilege constitute a general waiver of the Debtors' Privilege Rights.

11. If the Debtors determine that they inadvertently produced Debtor Privileged Material, the Debtors shall notify the Committee that such Debtor Privileged Material was inadvertently produced and should have been withheld as privileged pursuant to the Debtors' Privilege Rights. Once the Debtors provide such notice to the Committee, the Committee shall: (i) promptly return the specified Debtor Privileged Material and any copies thereof; (ii) to the extent practicable, retrieve the specified Debtor Privileged Material and any copies thereof from any third parties to which the Committee has disclosed the specified Debtor Privileged Material; (iii) destroy any notes, other documents, or ESI the Committee has created that reflect the contents of the specified Debtor Privileged Material; (iv) instruct any third parties to which the Committee has disclosed the specified Debtor Privileged Material to destroy any notes, other documents, or ESI that such third parties have created that reflect the contents of the specified Debtor Privileged Material; and (v) refrain from disclosing the substance of such Debtor Privileged Material to any third party. By complying with these obligations, the Committee does not waive any right to challenge the assertion of privilege and to request an order of the Court denying such privilege and compelling production of such Debtor Privileged Material. In the event of a challenge by the

Committee to the assertion of privilege with respect to such inadvertently produced materials, the Parties shall meet and confer regarding the inadvertently produced materials. If the Parties are unable to resolve the challenge, the issue shall be submitted to the Court or a Mediator, which may be done on an expedited basis.

12. The Parties agree that nothing contained in this Order shall be construed as constituting a waiver, release, or relinquishment of (i) any of the Debtors' rights, including but not limited to their right to raise any and all objections to the Document Requests and/or seek any relief from the Court or (ii) any of the Committee's rights, including, but not limited to, the right to respond to any objections by the Debtors to the Document Requests, and/or seek any relief from the Court. The Debtors do not waive any right to object on any ground to use, in evidence, of any of the material covered by this Order, and their compliance with the terms of this Order shall not operate as an admission that any particular material is or is not confidential, privileged, or admissible as evidence at trial. The Committee does not waive any right to (a) respond to any objection by the Debtors regarding the use, in evidence, of any of the material covered by this Order or (b) object to any assertion by the Debtors that any particular material is or is not confidential, privileged, or admissible as evidence at trial.

13. Except with respect to the MBNF Non-Debtor Entities pursuant to the terms of the Discovery Stipulation, the Debtors are authorized to serve notice of this Order on each counterparty (each a "Counterparty") to a Document that the Debtors believe contains a confidentiality provision and/or may be subject to a joint-defense privilege, common interest privilege or similar privilege (each a "Counterparty Document") that would otherwise prevent the Debtors from producing such Counterparty Document to the Committee pursuant to the terms of this Order. Such notice shall describe each Counterparty Document to be produced, and attach a

copy of the Discovery Requests and this Order. To the extent a Counterparty disputes the Debtors' ability to produce a Counterparty Document to the Committee, such Counterparty must file an objection with the Court within the longer of (a) 14 days of receipt of such notice or (b) the time period required by the Debtors' agreement with the Counterparty. If no objection is timely filed, the Debtors shall produce the Counterparty Document to the Committee pursuant to the terms of this Order. The Committee and the Debtors shall treat Counterparty Documents as Documents pursuant to the Protective Order, except that the rights of the Debtors in the Protective Order will also extend to the Counterparty.

14. Upon the completion of production and the Committee's review of the Documents, the Committee and the Debtors shall endeavor to engage the MBNF Non-Debtor Entities and discuss a consensual resolution of any potential claims and causes of action that may be asserted against the MBNF Non-Debtor Entities, including those on behalf of the Debtors' estates; *provided, however*, that nothing contained herein shall in any way be deemed to delay or prevent the commencement of any litigation in connection with any such claims or causes of action.

15. The Debtors shall comply with their legal obligations to preserve documents, correspondence, and records within their possession, custody or control relevant to the subject matter of the Document Requests, the Debtors' bankruptcy filings, any transactions between the MBNF Non-Debtor Entities and any of the Debtors, and the Debtors' transactions with third parties (collectively, the "Relevant Data"). To the extent that in the course of complying with the Documents Requests any such Relevant Data is destroyed, deleted, altered or otherwise modified, the Debtors shall promptly notify the Committee and provide a detailed list of such items and an explanation as to why they have been destroyed, altered or otherwise modified.

16. The Debtors shall comply with their legal obligations to preserve all Relevant Data within their possession, custody, or control until further notice from the Committee. Any and all existing document retention policies providing for any periodic destruction or deletion of documents or records that may be in effect must be disabled or overwritten. Any cloud services or vendors hosting the Relevant Data must also be notified that all data must be preserved. In identifying and preserving electronic data, "electronic data" includes, but is not limited to, all text files (including word processing documents and presentations), spreadsheets, email, calendars, and metadata. Nothing contained herein shall be construed as imposing an obligation on the Debtors to preserve Relevant Data currently in the custody or under the control of any entity, organization, company, or person, not under the control of the Debtors.

17. To the extent that the terms of this Consent Order conflict with the Discovery Stipulation, the Discovery Stipulation shall control.

18. If the Discovery Stipulation is deemed withdrawn pursuant to the terms therein, (i) the MBNF Non-Debtor Entities reserve all rights with respect to privilege and work product regarding the Documents produced by the Debtors to the Committee pursuant to the terms of this Consent Order, (ii) nothing contained herein shall be deemed to waive any of the rights of the MBNF Non-Debtor Entities, and (iii) the Committee and the Debtors reserve all their rights, claims, defenses and objections with respect to any assertion of privilege and/or work production by the MBNF Non-Debtor Entities.

19. If the MBNF Non-Debtor Entities believe that the Debtors inadvertently produced to the Committee allegedly privileged documents which the MBNF Non-Debtor Entities believe otherwise should have been withheld on the basis of the MBNF Non-Debtor Entities' attorney-client privilege or work product protection, the MBNF Non-Debtor Entities shall notify the

Debtors and the Committee (the "Notice Date") that such documents were allegedly inadvertently produced and should have been withheld. If the Committee notifies the MBNF Non-Debtor Entities within five (5) business days of the Notice Date of a disagreement with the MBNF Non-Debtor Entities' assertion of privilege, the MBNF Non-Debtor Entities shall bring the matter to the attention of either the Court or a <u>Mediator</u>, which may be done on an expedited basis.

20. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order.

21. This Order is effective immediately upon entry.

Agreed to and Approved for entry by:

| **FOX ROTHSCHILD LLP** | **SAUL EWING ARNSTEIN & LEHR LLP** |
|---|---|
| */s/ Seth A. Niederman* | */s/ Mark Minuti* |
| Seth A. Niederman (DE Bar No. 4588) | Mark Minuti (DE Bar No. 2659) |
| 919 N. Market Street, Suite 300 | 1201 N. Market Street, Suite 2300 |
| Wilmington, DE 19899 | P.O. Box 1266 |
| Telephone: (302) 654-7444 | Wilmington, DE 19899 |
| Facsimile: (302) 295-2013 | Telephone: (302) 421-6800 |
| Email: sniederman@foxrothschild.com | Facsimile: (302) 421-5873 |
| | Email: mark.minuti@saul.com |
| -and- | |
| | -and- |
| Andrew H. Sherman | |
| Boris I. Mankovetskiy | Jeffrey C. Hampton |
| **SILLS CUMMIS & GROSS P.C.** | Adam H. Isenberg |
| One Riverfront Plaza | Centre Square West |
| Newark, NJ 07102 | 1500 Market Street, 38th Floor |
| Telephone: 973-643-7000 | Philadelphia, PA 19102 |
| Facsimile: 973-643-6500 | Telephone: (215) 972-7777 |
| Email: asherman@sillscummis.com | Facsimile: (215) 972-7725 |
|       bmankovetskiy@sillscummis.com | Email: jeffrey.hampton@saul.com |
| |       adam.isenberg@saul.com |
| *Counsel for the Official Committee of Unsecured Creditors* | *Counsel for Debtors and Debtors in Possession* |

Dated: February 3rd, 2021
Wilmington, Delaware

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

38029948.1