**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) **Related to Docket No. ___** |

## ORDER APPROVING STIPULATION BETWEEN DEBTORS AND VARIAN MEDICAL SYSTEMS REGARDING ALLOWED CLAIMS

Upon consideration of the *Stipulation between Debtors and Varian Medical Systems Regarding Allowed Claims* (the "**Stipulation**")[2] attached hereto as **Exhibit "1"**; and the Court having jurisdiction over the matters raised in the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Stipulation having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Stipulation is in the best interests of the Debtors, their estates, creditors and all parties-in-interest, and that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2]     Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

1.      The Stipulation is approved.

2.      Varian shall have an allowed administrative expense claim against CCH in the amount of $51,182.23 (the "**Allowed Administrative Expense Claim**") on account of, and in full resolution of, the Asserted Admin Claim, which amount shall be paid within five (5) business days following the Stipulation Effective Date.

3.      On account of, and in full satisfaction of Claim 843, Varian shall have an allowed general unsecured claim against CCH in the amount of $145,976.02 (the "**Allowed Unsecured Claim**," and together with the Allowed Administrative Expense Claim, the "**Allowed Claims**"), which amount shall be paid in accordance with the terms of any confirmed chapter 11 plan or plans in these cases.

4.      Other than the Allowed Claims, Varian shall have no other allowed claims against any of the Debtors, whether filed or scheduled, including, but not limited to, claims arising under the Maintenance Agreement and/or the Invoices.  Varian shall not be entitled to any distributions from any of the Debtors, their estates or any of the Debtors' successors, other than on account of the Allowed Claims.  Varian shall not amend any previously filed claims and shall not assert any additional claims against any of the Debtors on account of pre-petition or post-petition periods. This provision does not apply to any services and/or equipment requested or purchased by the Debtors following the date of the Stipulation.

5.      The Debtors are authorized to take any and all actions necessary to effectuate the Stipulation.

6.     This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.

7.     This Order is effective immediately upon entry.

38013223.2 02/17/2021

# EXHIBIT 1

## Stipulation

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |

## STIPULATION BETWEEN DEBTORS AND VARIAN MEDICAL
## SYSTEMS REGARDING ALLOWED CLAIMS

This *Stipulation between Debtors and Varian Medical Systems Regarding Allowed Claims* (the "**Stipulation**") is made and entered into as of the 17th day of February, 2021 between the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") and Varian Medical Systems ("**Varian**," and together with the Debtors, the "**Parties**"), by and through their respective duly authorized undersigned counsel.

## INTRODUCTION

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

**WHEREAS**, prior to the Petition Date, Varian and Debtor Center City Healthcare LLC, d/b/a Hahnemann University Hospital ("**CCH**") were parties to a Maintenance Agreement (the "**Maintenance Agreement**") pursuant to which Varian provided certain services to the Debtors related to radiation oncology equipment;

**WHEREAS**, on September 18, 2019, the Court entered an order [D.I. 727] rejecting the Maintenance Agreement, effective as of August 30, 2019;

**WHEREAS**, Varian has filed a proof of claim against CCH in the amount of $197,158.25, which claim is reflected on the Debtors' claims registry as claim number 843 ("**Claim 843**");

**WHEREAS**, the Proof of Claim is comprised of the following invoices (the "**Invoices**"):

| Invoice No. | Amount |
|---|---|
| 3283604 | $56,258.20 |
| 3280143 | $9,422.82 |
| 3289903 | $12,388.01 |
| 3289904 | $119,089.22 |
| **TOTAL:** | **$197,158.25** |

**WHEREAS,** on or about November 10, 2020, Varian informally asserted an administrative expense claim against CCH in the amount of $71,990.88 (the "**Asserted Admin Claim**," and together with the Proof of Claim, the "**Asserted Claims**");

**WHEREAS**, the Parties have conferred and seek to resolve the Asserted Claims, as set forth herein.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby agree, subject to Bankruptcy Court approval as set forth herein, as follows:

38013223.2 02/17/2021

## **STIPULATION**

1.      Each of the Recitals set forth above is incorporated herein by reference.

2.      This Stipulation is subject to and conditioned upon the entry of a final, non-appealable order of the Court approving this Stipulation (the "**Stipulation Effective Date**").  In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect.  In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante*.

3.      Varian shall have an allowed administrative expense claim against CCH in the amount of $51,182.23 (the "**Allowed Administrative Expense Claim**") on account of, and in full resolution of, the Asserted Admin Claim, which amount shall be paid within five (5) business days following the Stipulation Effective Date.

4.      On account of, and in full satisfaction of Claim 843, Varian shall have an allowed general unsecured claim against CCH in the amount of $145,976.02 (the "**Allowed Unsecured Claim**," and together with the Allowed Administrative Expense Claim, the "**Allowed Claims**"), which amount shall be paid in accordance with the terms of any confirmed chapter 11 plan or plans in these cases.

5.      Other than the Allowed Claims, Varian shall have no other allowed claims against any of the Debtors, whether filed or scheduled, including, but not limited to, claims arising under the Maintenance Agreement or the Invoices.  Varian shall not be entitled to any distributions

3

from any of the Debtors, their estates or any of the Debtors' successors, other than on account of the Allowed Claims. Varian shall not amend any previously filed claims and shall not assert any additional claims against any of the Debtors on account of pre-petition or post-petition periods. This provision does not apply to any services and/or equipment requested or purchased by the Debtors following the date of this Stipulation.

6.      The Parties are authorized to take any and all actions necessary to effectuate this Stipulation.

7.      This Stipulation is the entire agreement between the Debtors and Varian with respect to the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

8.      The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Stipulation shall become effective upon the order approving this Stipulation becoming a Final Order.

9.      In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

10.      This Stipulation may be modified, amended, or supplemented by the Parties, in writing, and without further order of the Court, provided that any such modification, amendment,

or supplement either is (a) not material or (b) not less favorable to the Debtors than the existing applicable provisions without further order of the Court.

11.    This Stipulation is a fully integrated agreement with each provision being fully integrated and dependent on each other provision and no provision of this Stipulation may be held to be unenforceable without this entire Stipulation being held to be unenforceable and no provision may be "blue penciled" to render such provision enforceable.

12.    This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws' principles thereof.  This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, designees, agents, attorneys and representatives.

13.    This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

14.    The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

[remainder of page left intentionally blank]

5

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

**SAUL EWING ARNSTEIN & LEHR LLP**

/s/  Monique B. DiSabatino
Mark Minuti (DE Bar No. 2659)
Monique Bair DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899-1266
Telephone: (302) 421-6800
mark.minuti@saul.com
monique.disabatino@saul.com

                -and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*

**KING & SPALDING LLP**

/s/ Sarah. L. Primrose
Sarah R. Borders, Esq.
Sarah L. Primrose, Esq.
1180 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 572-2734
sborders@kslaw.com
sprimrose@kslaw.com

*Counsel for Varian Medical Systems*