**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | ) Chapter 11 |
| | ) |
| **CENTER CITY HEALTHCARE, LLC** d/b/a **HAHNEMANN UNIVERSITY HOSPITAL**, *et al.*, | ) Case No. 19-11466 (MFW) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Hearing Date: Mar. 8, 2021 @ 10:30 a.m. |
| | ) Objection Deadline: Mar. 2, 2021 @ 4 p.m. |

**APPLICATION OF PECO ENERGY COMPANY
FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES**

PECO Energy Company ("PECO"), by counsel, a creditor in the above-captioned, jointly-administered bankruptcy proceeding, for its *Application For Allowance and Payment of Administrative Expenses* (the "Administrative Expense Application") states as follows:

**Procedural Facts**

1. On June 30, 2019 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. The Debtors' chapter 11 bankruptcy cases are being jointly administered.

3. On July 1, 2019, the Debtors filed the *Motion of the Debtors For Entry of Interim and Final Orders (I) Authorizing Debtors' Proposed Form of Adequate Assurance of Payment To Utility Companies, (II) Establishing Procedures For Resolving Objections By Utility Companies, and (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service* (the "Utility Motion") (Docket No. 12).

1

4. On July 15, 2019, PECO, together with other utilities (the "Objecting Utilities"), filed an Objection (Docket No. 177) to the Utility Motion.

5. By letter agreement dated July 23, 2019 (the "Adequate Assurance Letter Agreement"), the Objecting Utilities resolved their requests for adequate assurance of payment pursuant to Section 366 of the Bankruptcy Code.

6. Paragraph B of the Adequate Assurance Letter Agreement provides:

> The Debtors shall pay all undisputed post-petition bills received from the Utilities for post-petition utility charges on or before the applicable due date on the invoice, which is a due date in accordance with applicable state laws, regulations and/or tariffs.

7. Paragraph C of the Adequate Assurance Letter Agreement required the Debtors to contact PECO when they no longer required service for their accounts. PECO was contacted to close the account at issue as of March 8, 2020.

8. Pursuant to the Adequate Assurance Letter Agreement, PECO received a cash deposit of $102,425 (the "PECO Deposit").

## Facts Regarding PECO

9. PECO provided post-petition utility goods/services to the Debtors pursuant to applicable state law tariffs, regulations and laws through March 8, 2020 when utility service was transferred from the Debtors to Broad Street Healthcare Properties, LLC.

10. Attached hereto as Exhibit "A" is a chart which reflects that the Debtors owe $342,552.87 to PECO for unpaid post-petition charges to March 8, 2020 (the "PECO Administrative Expense Claim") after application of the PECO Deposit to unpaid post-petition utility charges. Copies of the final post-petition invoices from PECO to the

Debtors will be provided to Debtors' counsel upon request.

11. As of the date of this Administrative Expense Claim, payment for the PECO Administrative Expense Claim set forth in Paragraph 10 above has not been tendered.

12. As of the date of this Administrative Expense Application, the Debtors have not disputed the charges for any post-petition utility services furnished by PECO.

13. The post-petition goods/services provided by PECO for the Debtors are actual, necessary expenses of preserving the Debtors' estates and are entitled to an administrative expense priority pursuant to § 503(b) of the Bankruptcy Code. *See In re Best Products, Co.*, 203 B.R. 51, 53 (E.D. Va. 1996).

WHEREFORE, for the foregoing reasons, PECO respectfully requests that the Court enter an order approving the allowance and immediate payment of the PECO Administrative Expense Claim in the amount of $342,552.87, for post-petition utility goods/services provided and billed by PECO but not paid.

Dated: February 17, 2021

    McCARTER & ENGLISH, LLP

    /s/ William F. Taylor, Jr.
    William F. Taylor, Jr. (#2936)
    Renaissance Centre
    405 North King Street, 8th Floor
    Wilmington, DE  19801
    wtaylor@mccarter.com

    and

    LAW FIRM OF RUSSELL R. JOHNSON III, PLC
    Russell R. Johnson III (VSB No. 31468)

                John M. Craig (VSB No. 32977)
                2258 Wheatlands Drive
                Manakin-Sabot, Virginia 23103
                Phone: (804) 749-8861
                Facsimile: (804) 749-8862
                Email: russell@russelljohnsonlawfirm.com