# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) **Related to Docket Nos. 2044 and 2081** |
| | ) |

### ORDER SUSTAINING DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE) PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the *Debtors' Third Omnibus Objection to Claims (Non-Substantive) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1* (the "**Objection**"),[2] by which the Debtors request the entry of an order pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, disallowing the Late-Filed Claims, the Duplicate Claims and the Amended Claims set forth on **Exhibits A, B and C** attached hereto, and reassigning the Wrong Debtor Claims set forth on **Exhibit D** attached hereto; and upon consideration of the Wilen Declaration; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing therefor,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

**IT IS HEREBY ORDERED THAT:**

1. The Objection is sustained as set forth herein.

2. The Late-Filed Claims set forth on the attached **Exhibit A** are hereby disallowed in their entirety.

3. The Duplicate Claims set forth on the attached **Exhibit B** are hereby disallowed in their entirety.

4. The Amended Claims set forth on the attached **Exhibit C** are hereby disallowed in their entirety.

5. The Wrong Debtor Claims set forth on the attached **Exhibit D** are hereby reassigned as a claim against the Debtor listed in the column headed "Modified Debtor."

6. The Claims Agent is authorized and directed to modify the Claims Register for these Chapter 11 Cases in accordance with the terms of this Order.

7. To the extent that a response is filed regarding any Disputed Claim listed in the Objection and the Debtors are unable to resolve the response, each such Disputed Claim, and the Objection by the Debtors to each such Disputed Claim, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

8. Any order entered by the Court regarding the Objection shall be deemed a separate order with respect to each Disputed Claim.

9. This Order is without prejudice to the rights of the Debtors and any successor entities to: (a) object to any Claims on grounds other than as stated in the Objection if any such Claim is reconsidered; and (b) object, on any grounds permitted by law or equity, to any claim, whether filed or not, in these cases.

10. The rights of the Debtors and any successor entities to use any available defenses under section 502 of the Bankruptcy Code, including the assertion of a preference action to set off against or otherwise reduce all or part of any Claim, are preserved.

11. Any stay of this Order pending appeal by any claimant shall only apply to the contested matter that involves the claimant's specific claim and shall not stay the applicability and/or finality of this Order with respect to all other affected claims.

12. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the requirements of Local Rule 3007-1 are waived.

13. The Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

**Dated: March 4th, 2021**  
**Wilmington, Delaware**

**MARY F. WALRATH**  
**UNITED STATES BANKRUPTCY JUDGE**

37896638.9.docx 02/08/2021