**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| **In re:** | ) Chapter 11 |
|  | ) |
| **CENTER CITY HEALTHCARE, LLC** | ) Case No. 19-11466 (MFW) |
| d/b/a **HAHNEMANN UNIVERSITY** | ) |
| **HOSPITAL**, *et al.*, | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) Objection Deadline: April 9, 2021 at 4:00 p.m. |
|  | ) Hearing Date: April 16, 2021 at 10:30 a.m. |

**AMENDED APPLICATION OF PECO ENERGY COMPANY**
**FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES**

PECO Energy Company ("PECO"), by counsel, a creditor in the above-captioned, jointly-administered bankruptcy proceeding, for its *Amended Application For Allowance and Payment of Administrative Expenses* (the "Amended Administrative Expense Application") states as follows:

**Introduction**

1. PECO is filing this Amended Administrative Expense Application to add an additional $18,341.52 that the Debtors owe to PECO for post-petition utility service. The amended amount of the PECO Administrative Expense Claim (as defined below) is now $360,894.39.

**Procedural Facts**

2. On June 30, 2019 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3. The Debtors' chapter 11 bankruptcy cases are being jointly administered.

1

4. On July 1, 2019, the Debtors filed the *Motion of the Debtors For Entry of Interim and Final Orders (I) Authorizing Debtors' Proposed Form of Adequate Assurance of Payment To Utility Companies, (II) Establishing Procedures For Resolving Objections By Utility Companies, and (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service* (the "Utility Motion")(Docket No. 12).

5. On July 15, 2019, PECO, together with other utilities (the "Objecting Utilities"), filed an Objection (Docket No. 177) to the Utility Motion.

6. By letter agreement dated July 23, 2019 (the "Adequate Assurance Letter Agreement"), the Objecting Utilities resolved their requests for adequate assurance of payment pursuant to Section 366 of the Bankruptcy Code.

7. Paragraph B of the Adequate Assurance Letter Agreement provides:

> The Debtors shall pay all undisputed post-petition bills received from the Utilities for post-petition utility charges on or before the applicable due date on the invoice, which is a due date in accordance with applicable state laws, regulations and/or tariffs.

8. Paragraph C. of the Adequate Assurance Letter Agreement required the Debtors to contact PECO when they no longer required service for their accounts. PECO was contacted to close the account at issue as of March 8, 2020.

9. Pursuant to the Adequate Assurance Letter Agreement, PECO received a cash deposit of $102,425 (the "PECO Deposit").

10. On February 17, 2021, PECO filed the *Application of PECO Energy Company For Allowance and Payment of Administrative Expenses* in the amount of $342,552.87 (the "Initial Administrative Expense Application")(Docket No. 2101).

11.     PECO and the Debtors agreed to continue the hearing on the Initial Administrative Expense Application to April 16, 2021 at 10:30 a.m., with an objection deadline of April 9, 2021. The same hearing and objection dates can also apply to this Amended Administrative Expense Application.

## Facts Regarding PECO

12.     PECO provided post-petition utility goods/services to the Debtors pursuant to applicable state law tariffs, regulations and laws through March 8, 2020 when utility service was transferred from the Debtors to Broad Street Healthcare Properties, LLC.

13.     The Debtors owe $360,894.39 to PECO for unpaid post-petition charges to March 8, 2020 (the "PECO Administrative Expense Claim") for post-petition utility service to Hahnemann University Hospital (account numbers xxxxx-x4014 and xxxxx-x1405), after application of the PECO Deposit to unpaid post-petition utility charges.

14.     Copies of all post-petition invoices from PECO to the Debtors for post-petition utility service to Hahnemann University Hospital (account numbers xxxxx-x4014 and xxxxx-x1405), in additional to post-petition Account Activity Statements for those two accounts, have been provided to Debtors' counsel.

15.     As of the date of this Administrative Expense Claim, payment for the PECO Administrative Expense Claim set forth in Paragraph 13 above has not been tendered.

16.     As of the date of this Amended Administrative Expense Application, the Debtors have not disputed the charges for any post-petition utility services furnished by PECO.

17.     The post-petition goods/services provided by PECO for the Debtors are actual,

necessary expenses of preserving the Debtors' estates and are entitled to an administrative expense priority pursuant to § 503(b) of the Bankruptcy Code. *See In re Best Products, Co.*, 203 B.R. 51, 53 (E.D. Va. 1996).

WHEREFORE, for the foregoing reasons, PECO respectfully requests that the Court enter an order approving the allowance and immediate payment of the PECO Administrative Expense Claim in the amount of $360,894.39, for post-petition utility goods/services provided and billed by PECO but not paid.

| | |
|---|---|
| Dated: March 5, 2021 | McCARTER & ENGLISH, LLP |

/s/ *William F. Taylor, Jr.*
William F. Taylor, Jr. (DE#2936)
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE  19801
wtaylor@mccarter.com

and

LAW FIRM OF RUSSELL R. JOHNSON III, PLC
Russell R. Johnson III (VSB No. 31468)
John M. Craig (VSB No. 32977)
2258 Wheatlands Drive
Manakin-Sabot, Virginia  23103
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com

*Counsel for PECO Energy Company*