**<u>Exhibit B</u>**

**Adversary Complaint**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) | |
| *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| TENET BUSINESS SERVICES | ) | |
| CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | |
| v. | ) | |
| | ) | Case No. 21-_____(MFW) |
| CENTER CITY HEALTHCARE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## TENET BUSINESS SERVICES CORPORATION'S ADVERSARY COMPLAINT

Tenet Business Services Corporation ("**Tenet**"), by and through its undersigned

counsel, for its complaint (the "**Adversary Complaint**") against Center City Healthcare, LLC

("**Center City**," and together with the above-captioned debtors and debtors in possession,

the "**Debtors**"), alleges as follows.

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

## **Nature of the Action**

1.      This is an action to recover Tenet's property, which Center City has wrongfully obtained and refused to return to Tenet.

2.      The Center for Medicare & Medicaid Services ("**CMS**") recently issued two reimbursements to Center City for cost reports submitted by Tenet for time periods when Tenet owned Hahnemann University Hospital ("**Hahnemann**") and St. Christopher's Hospital for Children ("**St. Christopher's**" and, with Hahnemann, the "**Hospitals**").

3.      Those reimbursements are Tenet's property and were expressly excluded from Tenet's sale of the Hospitals to the Debtors.

4.      Since Tenet sold the Debtors the Hospitals in January 2018, Tenet and its affiliate Conifer Revenue Cycle Solutions, LLC have supported the Debtors and their estates by providing months of unpaid services to keep the Hospitals open prepetition, providing postpetition information technology and revenue management services at a fraction of their contract rates, and collecting tens of millions of dollars of receivables to fund the Debtors' estates after the closure of Hahnemann.

5.      Still, Center City has refused Tenet's repeated requests to return Tenet's property.

6.      Tenet now brings this Adversary Complaint for declaratory judgement regarding its entitlement to the reimbursements from CMS, replevin, unjust enrichment, and the imposition of a constructive trust.  In connection with this Adversary Complaint, Tenet filed the *Motion of Tenet Business Services Corporation for an Order (I) Confirming that the Automatic Stay Does Not Apply, or (II) in the Alternative, Granting Relief from the Automatic Stay* contemporaneously herewith.

**Jurisdiction and Venue**

7.    On June 30, 2019, the Debtors filed voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**").

8.    The Bankruptcy Court for District of Delaware (the "**Court**") has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1334.   This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b).

9.    Pursuant to Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 7008, Tenet confirms its consent to the Court entering a final order or judgment in connection with this Adversary Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

10.    Venue properly lies in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

11.    This adversary proceeding is initiated under Bankruptcy Rule 7001(1), (7), and (9), and 28 U.S.C. § 2201.

**The Parties**

12.    Tenet is a Texas corporation and a subsidiary of Tenet Healthcare Corporation ("**THC**"), a diversified healthcare services company with over 100,000 employees.  Through its subsidiaries and partnerships, THC operates hospitals, urgent care centers, and other outpatient facilities across the country.

13.    Upon information and belief, Debtor Philadelphia Academic Health System, LLC ("**PAHS**") is a Delaware limited liability company with its headquarters in the State of Pennsylvania.  All other Debtors are privately held limited liability companies that are parents or

3

subsidiaries of PAHS, and are organized under the laws of the State of Delaware with their headquarters in the State of Pennsylvania.

## Factual Background

**A.    Tenet Sold the Hospitals to the Debtors and their Affiliates, and Retained the Right to the Reimbursements.**

14.    Prior to January 2018, Tenet owned the Hospitals in Philadelphia, Pennsylvania.

15.    Pursuant to the terms of an August 31, 2017 Asset Sale Agreement (as amended, the "**ASA**"), Tenet sold certain assets comprising the Hospitals to a group of Purchasers including the Debtors and certain of their affiliates (the "**Purchasers**").

16.    The ASA became effective pursuant to its terms on January 11, 2018 (the "**ASA Effective Time**").

17.    For the period prior to the January 11, 2018 ASA Effective Time, Tenet submitted cost reports to CMS.

18.    Hospital owners who submit cost reports to CMS frequently receive payments from CMS for retroactive adjustments attributable to the fiscal period of each cost report.  These payments are often made by CMS years after the submission of a cost report.

19.    At the time the ASA was executed, Tenet had not yet received CMS reimbursements for 2016 and 2017, the last two years of Tenet's ownership of the Hospitals.

20.    Tenet and the Debtors agreed that those receivables would be excluded from the ASA and remain Tenet's property.

21.    Specifically, under Section 1.7 of the ASA,[2] certain assets were designated as "Excluded Assets," which were retained by Tenet and not sold to the Debtors pursuant to the sale.  "Excluded Assets" included, among others, "any receipts relating to the HITECH

---

[2]    Tenet will file a copy of the ASA under seal upon the Court's request.

Payments, Sellers' Cost Reports, or Agency Settlements (whether resulting from an appeal by Sellers or otherwise) with respect to time periods prior to the Effective Time."

22.     Section 11.2(a) of the ASA defines "Sellers' Cost Reports" as "all cost reports relating to the periods ending prior to the [ASA] Effective Time, including, all Medicare, Medicaid, TRICARE, and any other termination cost reports for periods ending on or prior to the [ASA] Effective Time required to be filed as a result of the consummation of the transfer of the Assets to Purchasers and the other Transaction contemplated by this Agreement."

23.     Section 11.2(a) of the ASA defines Agency Settlements as "rights to settlements and retroactive adjustments on the Sellers' Cost Reports."

24.     Under Section 9.1(a) of the ASA, the Purchasers, including the Debtors, agreed that, if any "Excluded Asset" came "into the possession, custody or control of Purchasers . . . Purchasers (and their respective successors-in-interest, assigns and Affiliates) shall not have any right, title or interest in or obligation or responsibility with respect to such asset or liability except that Purchasers shall hold such asset in trust for the benefit of Sellers."

25.     All receipts relating to cost reports submitted to CMS for the Hospitals for the time period prior to the ASA Effective Time are the property of Tenet and were not sold to the Debtors under the ASA.

26.     Neither Center City, nor any other Debtor, has any right, title, or interest in any receipts relating to cost reports submitted to CMS for the Hospitals for the time period prior to the ASA Effective Time.

> **B.      Center City Has Received, and Refused to Remit, CMS Reimbursements that are the Property of Tenet.**

27.     On November 11, 2020, CMS issued two Notice of Program Reimbursements ("**NPR**") to Center City on account of Hahnemann.  One NPR covered the fiscal period from

January 1, 2017 to January 11, 2018, and noticed reimbursements of $2,884,804.00.  Ex. A at 3. The other NPR covered the fiscal period from January 1, 2016 to December 31, 2016, and noticed reimbursements of $683,600.  Ex. A at 7.

28.     In total, the NPRs notified Center City of $3,568,404 in reimbursements, all of which are attributable to the period Tenet owned and operated the Hospitals (the "**Reimbursements**").

29.     On information and belief, CMS has paid the Reimbursements to Center City, and not to Tenet, because Center City currently controls the CMS reimbursement account associated with the Hospitals.

30.     The Reimbursements constitute "receipts relating to . . . Sellers' Cost Reports or Agency Settlements . . . with respect to time periods prior to the Effective Time."

31.     The Reimbursements are "Excluded Assets" under the ASA.

32.     The Reimbursements are property of Tenet.

33.     Neither Center City nor any other Debtor has any right, title, or interest in the Reimbursements.

34.     On January 6, 2021, counsel for Tenet contacted counsel for the Debtors to discuss the NPRs.  During this call, Tenet explained that the Reimbursements were Tenet's property and demanded that Center City return them to Tenet.

35.     The next day, Tenet sent a letter to Center City reiterating that the Reimbursements were "Excluded Assets" under the ASA, and requesting that Center City turn over the Reimbursements by January 17, 2021.  Ex. A.

36.     Tenet has subsequently made repeated requests that Center City return Tenet's property, and Center City has refused to do so.

37.     On information and belief, Center City has entered a settlement with CMS and is attempting to use the Reimbursements, which are Tenet's property, to offset the Debtors' own liability to CMS.

## COUNT I
### Declaratory Judgment

38.     Tenet repeats and re-alleges each and every allegation set forth in paragraphs 1 through 37, inclusive, as though fully set forth herein.

39.     An actual controversy exists between Tenet and Center City regarding the rights to the Reimbursements.

40.     The Reimbursements are attributable to cost reports submitted by Tenet to CMS for the period when Tenet owned the Hospitals.

41.     The Reimbursements are Tenet's property.

42.     The Reimbursements were an "Excluded Asset" under the ASA, and Tenet's rights to the Reimbursements were not transferred to the Purchasers.

43.     No other basis exists to transfer Tenet's right to the Reimbursements to Center City or any of the Debtors.

44.     Pursuant to the foregoing, Tenet respectfully requests this Court declare and adjudge that (i) the Reimbursements are "Excluded Assets" under the ASA; (ii) the Reimbursements are the property of Tenet; and (iii) neither Center City nor any other Debtor has any right, title, or interest in the Reimbursements.

## COUNT II
### Replevin

45.     Tenet repeats and re-alleges each and every allegation set forth in paragraphs 1 through 44, inclusive, as though fully set forth herein.

46.     Tenet is the lawful owner of the Reimbursements issued by CMS and is lawfully entitled to the possession thereof.

47.     Center City is wrongfully in possession of the Reimbursements issued by CMS, despite Tenet's demand for their return.

48.     Tenet is entitled to the Reimbursements issued by CMS currently in Center City's possession.

### COUNT III
### Unjust Enrichment

49.     Tenet repeats and re-alleges each and every allegation set forth in paragraphs 1 through 48, inclusive, as though fully set forth herein.

50.     Center City has been enriched by its wrongful retention of the Reimbursements.

51.     Tenet has been impoverished by Center City's wrongful retention of the Reimbursements.

52.     Tenet has been impoverished directly due to Center City's enrichment.

53.     Tenet's impoverishment and Center City's enrichment are not justified.

54.     Tenet lacks a remedy provided by law.

### COUNT IV
### Post-Petition Tort: Conversion

55.     Tenet repeats and re-alleges each and every allegation set forth in paragraphs 1 through 54, inclusive, as though fully set forth herein.

56.     Post-petition, Center City received the Reimbursements.

57.     The Reimbursements are Tenet property, and Center City has refused to recognize Tenet's right to the Reimbursements.

58.     Center City's continued possession of the Reimbursements is inconsistent with Tenet's right to the Reimbursements.

## PRAYER FOR RELIEF

**WHEREFORE**, Tenet respectfully requests that the Court enter judgment and grant the

following relief:

    a.  that this Court declare and adjudge (i) the Reimbursements are "Excluded Assets" under the ASA; (ii) the Reimbursements are the property of Tenet; and (iii) neither Center City nor any other Debtor has any right, title, or interest in the Reimbursements;

    b.  that an order for replevin be entered by this Court for possession of the Reimbursements by Tenet;

    c.  that this Court impose a constructive trust for the benefit of Tenet over the Reimbursements;

    d.  in the alternative, that this Court award Tenet an administrative claim in the amount of the Reimbursements for Center City's post-petition conversion of the Reimbursements; and

    e.  such other and further relief as the Court deems necessary or appropriate.

Dated:  March 8, 2021                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        ljones@pszjlaw.com
              tcairns@pszjlaw.com


- and -


KIRKLAND & ELLIS LLP
Stephen C. Hackney, P.C.
Gregory F. Pesce (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        shackney@kirkland.com
              gregory.pesce@kirkland.com


-and-


KIRKLAND & ELLIS LLP
Nicole L. Greenblatt, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        ngreenblatt@kirkland.com

*Counsel to Tenet Business Services Corporation*

## **Exhibit A**

**Letter Re: Turnover of CMS Reimbursement Funds**

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

300 North LaSalle Drive
Chicago, IL 60654
United States

Gregory F. Pesce
To Call Writer Directly:
+1 312 862 2642
gregory.pesce@kirkland.com

+1 312 852 2000

Facsimile:
+1 312 862 2200

www.kirkland.com

January 7, 2021

**<u>Via E-Mail</u>**
Mark Minuti
Saul Ewing Arnstein & Lehr LLP
1201 North Market Street, Suite 2300
Wilmington, DE 19801

Re:  Turnover of CMS Reimbursement Funds

Dear Mr. Minuti:

We write on behalf of Tenet Business Services Corporation and its affiliates (collectively, "<u>Tenet</u>").  Until 2017, Tenet owned and operated St. Christopher's Hospital for Children, Hahnemann University Hospital ("<u>Hahnemann</u>"), and certain affiliated physician practice groups (collectively, the "<u>Hospitals</u>").  In 2017, Tenet sold the Hospitals to Philadelphia Academic Health Holdings, LLC (the "<u>Sale</u>") pursuant to the Asset Sale Agreement dated August 31, 2017 (as amended, the "<u>ASA</u>").  Hahnemann is presently owned by the Debtors.[1]

Under Section 1.7 of the ASA, certain assets were designated as "<u>Excluded Assets</u>" and were not sold by Tenet pursuant to the Sale, including, among others, "any receipts relating to the HITECH Payments, Sellers' Cost Reports or Agency Settlements."  *See* ASA § 1.7(r).[2]  Upon information and belief the Centers for Medicare and Medicaid Services ("<u>CMS</u>") remitted funds, or will soon remit funds, totaling $3.6 million to the Debtors relating to periods prior to the Sale (the "<u>November CMS Payments</u>").  The November CMS Payments are receipts on account of Sellers' Cost Reports,[3] as

---

[1]   "<u>Debtors</u>" means, collectively: Center City Healthcare, LLC, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC, HPS of PA, L.L.C., SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., StChris Care at Northeast Pediatrics, L.L.C., TPS of PA, L.L.C., TPS II of PA, L.L.C., TPS III of PA, L.L.C., TPS IV of PA, L.L.C., and TPS V of PA, L.L.C.

[2]   The ASA defines as an Excluded Asset "other than the Medicare DSH Receivables and Medicare GME Receivables referenced in Section 1.6(h), any receipts relating to the HITECH Payments, Sellers' Cost Reports or Agency Settlements (whether resulting from an appeal by Sellers or otherwise) with respect to time periods prior to the Effective Time."  ASA § 1.7(r).

[3]   The ASA defines "<u>Sellers' Cost Report</u>" as a "cost report[] relating to the periods ending prior to the [e]ffective [date of the Sale], including all Medicare, Medicaid, TRICARE, and any other termination cost reports for periods ending

# KIRKLAND & ELLIS LLP

January 7, 2021
Page 2


they are related to periods ending prior to the Sale on account of cost reports with respect to Hahnemann.  *See* ASA § 11.2(a).  Therefore, the entirety of the November CMS Payments constitute Excluded Assets that are the property of Tenet.[4]  We have attached two letters supporting the asserted amount of the November CMS Payments.

Accordingly, Tenet is entitled to the November CMS Payments.  By this letter, Tenet requests that the Debtors remit to Tenet via wire transfer the November CMS Payments within ten days of the date hereof (*i.e.*, by January 17, 2021).

For the avoidance of doubt, Tenet hereby reserves all rights at law and in equity with respect to any damages that may arise from, or relate to, any action or inaction by the Debtors in connection with the November CMS Payments.  Please let us know if you have any questions or would like to discuss the matter further.

Sincerely,


Gregory F. Pesce




Encls.  Novitas Solutions Letters Dated November 11, 2020 (2)

---

on or prior to the [e]ffective [date of the Sale] required to be filed as a result of the consummation of the [Sale]." *See* ASA § 11.2(a).

[4]     The settlement term sheet executed by Tenet, the Debtors, Conifer Revenue Cycle Solutions, LLC, and the Official Committee of Unsecured Creditors on November 6, 2019 and approved by the bankruptcy court on December 9, 2019 (the "Settlement") has no effect on Tenet's entitlement to the November CMS Payment.  Although the Settlement included certain releases, the Settlement did not release any causes of action related to the November CMS Payment, as it was not received by the Debtors until after the Settlement was executed, and additionally, the Settlement expressly preserved Tenet's right to file additional claims against the Debtors under the ASA. *See* Settlement Term Sheet § 12(B)(w) (regarding third party releases); *see also id.* § 12(B)(w) (regarding additional ASA claims that are not released).  For the avoidance of doubt, this letter is not an action to collect a prepetition debt.  The November CMS Payment is not a debt (prepetition or postpetition) owing from any of the Debtors to Tenet.





**Provider Audit and Reimbursement**
**2020 Technology Parkway, Suite 100**
**Mechanicsburg, PA 17050**

November 11, 2020

Allen Wilen
Hahnemann University Hospital
One Logan Square
130 North 18th Street Suite 3000
Philadelphia, PA 19103

Regarding:          Notice of Program Reimbursement
Provider Name:      Hahnemann University Hospital
Provider Number:    390290
Subunit Numbers:    39S290
Fiscal Period:      01/01/2017 – 01/11/2018
Settlement Date:    11/11/2020

Dear Allen Wilen:

In accordance with Regulation Section 405.1803, this is the Notice of Program Reimbursement (NPR) for the above-referenced provider and fiscal period.  It shows an amount due the provider, as outlined below:

    Net Amount Due the Provider:     $2,884,804.00

The type of review performed on this cost report settlement was:

    DESK REVIEW

Please see the attached documentation for detailed information pertaining to this cost report settlement.

Payment will follow this notice within the next few days, and will include more specific instructions regarding interest assessments.  If this notice indicates a balance due the provider, our payment must be postmarked within 30 days of the date of this notice, otherwise we are required to pay you interest on the unpaid balance.

The NPR is based on the enclosed adjusted cost report. The enclosed adjustment report lists each adjustment and the reason it was made.

If you wish to dispute the amount due the provider, please contact the following audit manager with oversight on this settlement:

Manager Name:          Justin Lattimore
Manager Phone Number:  214-273-7052
Manager Email:         Justin.Lattimore@novitas-solutions.com

The above-referenced contact will answer your questions and determine whether or not the cost report should be reopened. If the cost report needs to be reopened, any requests for reopening will need to be submitted in writing. Your right to appeal will not be jeopardized by contacting the audit manager.

If, after contacting the audit manager, you still wish to dispute the amount due the provider, you may file a Medicare Administrative Contractor (MAC) appeal (previously known as an Intermediary appeal) or a Provider Reimbursement Review Board (PRRB) appeal. The following table illustrates the criteria for filing a MAC appeal or PRRB appeal for individual or group cases based on the amount in controversy.

|  | Amount in Dispute for MAC Appeals (42CFR 405.1809 - 405.1833) | Amount in Dispute for PRRB Appeals (42CFR 405.1809 - 405.1883) |
|---|---|---|
| **Individual Providers** | $1,000 - $9,999 | $10,000 or more |
| **Group** | No provision for group appeals | $50,000 or more, in aggregate; no minimum for individual providers |

All appeals must be received within 180 calendar days of the date of the provider's receipt of the NPR and must include:

- Identification of the items in dispute, by adjustment number, amount and description.
- The reason(s) you disagree with the MAC's determination on these items.
- 1 copy of the NPR, or the determination(s) disputed and the corresponding section(s) of the adjustment report.

Appeals must also include an estimate of the reimbursement effect for each item in dispute.

Electronic Filing

Per PRRB Rule 2.1 - OH CDMS is a web-based portal for parties to enter and maintain their cases and to correspond with the PRRB. Access to the system is granted as needed based on role. Access to specific cases is limited to the parties of each case, including party representatives. While its use is not currently required, the PRRB strongly recommends all parties utilize this new electronic case management tool.

To access OH CDMS, see https://www.cms.gov/Regulations-and-Guidance/Review-Boards/PRRBReview/Electronic-Filing.html. The webpage includes a link to the CMS

Enterprise Portal as well as current registration and user manuals. For any technical system issues, please contact the OH CDMS Help Desk at 1-833-783-8255 or email helpdesk_ohcdms@cms.hhs.gov.

Filing Outside of OH CDMS

Send your appeal as directed below:

|  | **For MAC Appeals** | **For PRRB Appeals** |
|---|---|---|
| **Original** | PRRB Appeals<br>Federal Specialized Services<br>1701 S. Racine Avenue<br>Chicago, IL 60608-4058<br><br>intermediary@fssappeals.com | Chairman Provider Reimbursement Review Board<br>CMS Office of Hearings<br>1508 Woodlawn Drive<br>Suite 100<br>Baltimore, MD 21207 |
| **Copy** | JH Provider Audit & Reimbursement<br>Novitas Solutions, Inc.<br>2020 Technology Parkway,<br>Suite 100<br>Mechanicsburg, PA 17050<br>CostReportAppeals@novitas-solutions.com | PRRB Appeals<br>Federal Specialized Services<br>1701 S. Racine Avenue<br>Chicago, IL 60608-4058<br>prrb@fssappeals.com<br><br>and<br><br>JH Provider Audit & Reimbursement<br>Novitas Solutions, Inc.<br>2020 Technology Parkway,<br>Suite 100<br>Mechanicsburg, PA 17050<br>CostReportAppeals@novitas-solutions.com |

For more information on filing an appeal with the MAC, please contact CostReportAppeals@novitas-solutions.com

For more information on filing an appeal with the PRRB, please reference https://www.cms.gov/Regulations-and-Guidance/Review-Boards/PRRBReview/index.html

This settlement may be readjusted if the Centers for Medicare & Medicaid Services publishes retroactive regulations (or clarifications to regulations) that govern reimbursement within three years of the date of this letter.

Sincerely,

----- /s/ -----

Justin Lattimore
Director JH Provider Audit & Reimbursement

The supporting NPR documents have been sent via email to the facility's correspondence contact in our system.

Please contact [settlement@novitas-solutions.com](mailto:settlement@novitas-solutions.com) if the email was not received.





**Provider Audit and Reimbursement**
**532 Riverside Avenue**
**Jacksonville, FL 32202**

November 11, 2020

Allen Wilen
Hahnemann University Hospital
One Logan Square
130 North 18th Street, Suite 3000
Philadelphia, PA, 19103

Regarding:            Notice of Program Reimbursement
Provider Name:        Hahnemann University Hospital
Provider Number:      390290
Subunit Numbers:      39S290
Fiscal Period:        01/01/2016 – 12/31/2016
Settlement Date:      11/11/2020
NPI Number:           1437662384

Dear Mr. Wilen:

In accordance with Regulation Section 405.1803, this is the Notice of Program
Reimbursement (NPR) for the above-referenced provider and fiscal period. It shows an
amount due the provider, as outlined below:

Net Amount Due the Provider:    $683,600

The type of review performed on this cost report settlement was:

Desk Review

Please see the attached documentation for detailed information pertaining to this cost
report settlement.

Included are our calculations supporting the Total Program Reimbursement for your
facility. The attached Audit Adjustment Report reflects individual adjustments made and
may include as applicable, appropriate reference to and citations of the law, regulations
and general instructions used as a basis for these adjustments.

If this in an overpayment, because you have filed bankruptcy, we are not demanding immediate payment and will instead seek recovery in your bankruptcy case. This matter has been referred to the Centers Medicare and Medicaid Services and the United States Department of Justice for recovery. That recovery may include recoupment.

The NPR is based on the enclosed adjusted cost report. The enclosed adjustment report lists each adjustment and the reason it was made.

If you wish to dispute the amount due the provider, please contact the following audit manager with oversight on this settlement:

|  |  |
|---|---|
| Manager Name: | Justin Lattimore |
| Manager Phone Number: | 214-273-7052 |
| Manager Email: | Justin.Lattimore@novitas-solutions.com |

The above-referenced contact will answer your questions and determine whether or not the cost report should be reopened. If the cost report needs to be reopened, any requests for reopening will need to be submitted in writing. Your right to appeal will not be jeopardized by contacting the audit manager.

If, after contacting the audit manager, you still wish to dispute the amount due the provider, you may file a Medicare Administrative Contractor (MAC) appeal (also known as an Intermediary appeal) or a Provider Reimbursement Review Board (PRRB) appeal. The following table illustrates the criteria for filing a MAC appeal or PRRB appeal for individual or group cases based on the amount in controversy.

|  | **Amount in Dispute for MAC Appeals** (42CFR 405.1809 - 405.1833) | **Amount in Dispute for PRRB Appeals** (42CFR 405.1809 - 405.1883) |
|---|---|---|
| **Individual Providers** | $1,000 - $9,999 | $10,000 or more |
| **Group** | No provision for group appeals | $50,000 or more, in aggregate; no minimum for individual providers |

All appeals must be received within 180 calendar days of the date of the provider's receipt of the NPR (or within 185 calendar days of the date of the NPR), in writing, and must include:

- Identification of the items in dispute, by adjustment number, amount and description.
- The reason(s) you disagree with the MAC's determination on these items.
- 1 copy of the NPR, or the determination(s) disputed and the corresponding section(s) of the adjustment report.

Appeals must also include an estimate of the correct reimbursement for each item in dispute.

Send your appeal as directed below:

| | For MAC Appeals | For PRRB Appeals |
|---|---|---|
| **Original** | PRRB Appeals<br>Federal Specialized Services<br>1701 S. Racine Avenue<br>Chicago, IL 60608-4058<br><br>intermediary@fssappeals.com | Chairman Provider Reimbursement<br>Review Board<br>CMS Office of Hearings<br>1508 Woodlawn Drive<br>Suite 100<br>Baltimore, MD 21207 |
| **Copy** | JH Provider Audit &<br>Reimbursement<br>Novitas Solutions, Inc.<br>532 Riverside Avenue<br>Jacksonville, FL 32202-4914<br><br>CostReportAppeals@novitas-<br>solutions.com | PRRB Appeals<br>Federal Specialized Services<br>1701 S. Racine Avenue<br>Chicago, IL 60608-4058<br>prrb@fssappeals.com<br><br>and<br><br>JH Provider Audit & Reimbursement<br>Novitas Solutions, Inc.<br>532 Riverside Avenue<br>Jacksonville, FL 32202-4914<br><br>CostReportAppeals@novitas-<br>solutions.com |

For more information on filing an appeal with the MAC, please
contact CostReportAppeals@novitas-solutions.com.

For more information on filing an appeal with the PRRB, please email
prrb@fssappeals.com.

This settlement may be readjusted if the Centers for Medicare & Medicaid
Services publishes retroactive regulations (or clarifications to regulations) that
govern reimbursement within three years of the date of this letter.

Sincerely,

----- /s/ -----

Justin Lattimore
Director JH
Provider Audit & Reimbursement