# EXHIBIT A

**Subpoena with Return of Service**

## UNITED STATES BANKRUPTCY COURT

District of ____Delaware____

In re ____Center City Healthcare, LLC d/b/a Hahnemann University Hospital, et al.____
Debtor

Case No. ____19-11466 (jointly administered)____

Chapter ____11____

### SUBPOENA FOR RULE 2004 EXAMINATION

To: ____Wayne Moving and Storage of New Jersey, LLC____
*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify as to the topics listed in Schedule B attached hereto at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE<br>Offices of Saul Ewing Arnstein & Lehr LLP<br>1201 N. Market Street, Suite 2300<br>Wilmington, DE 19899 | DATE AND TIME<br>Wednesday, April 7, 2021 at 9:30 a.m. |
|---|---|

The examination will be recorded by this method: ____Stenographic, video and/or other recording means.____

☑ *Production:* You, or your representatives, must also produce the documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material listed in Schedule A attached hereto by or before Wednesday, March 24, 2021 at the Offices of Saul Ewing Arnstein & Lehr LLP, 1201 N. Market Street, Suite 2300, Wilmington, DE 19899.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 8, 2021     CLERK OF COURT

OR

_____          */s/ John D. Demmy*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing **Center City Healthcare, LLC d/b/a Hahnemann University Hospital, et al**, who issues or requests this subpoena, is:

John D. Demmy, Saul Ewing Arnstein & Lehr, LLP, 1201 N. Market Street, Suite 2300, Wilmington, DE 19899; (302) 421-6848

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: __Wayne Moving & Storage Company__
on *(date)* __March 8, 2021__ .

☑ I served the subpoena by delivering a copy to the named person as follows: **Mike Pepe dispatch manager for Wayne Moving & Storage Company, 400 Griffith Morgan Lane, Pennsauken, NJ 08110** on **March 11, 2021**; **AND** Robin Piper, office manager for Wayne Moving & Storage Company, 100 Lawrence Drive, West Chester, PA 19380 on March 11, 2021.

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $**87.92** .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:  March 11, 2021

/s/ Blair W. Johnson
_____
*Server's signature*

Blair Johnson, Owner and Process Server
_____
*Printed name and title*

Process Service PA LLC
4387 W. Swamp Road #207, Doylestown, PA 18902
_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

Unless the context of a specific request requires otherwise, the following definitions and instructions shall apply to these requests:

A. "**You**", "**Your**", "**Examinee**" or "**Wayne Moving and Storage**" shall refer to Wayne Moving and Storage of New Jersey, LLC, and includes any predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, and any and all other persons acting on behalf of, acting for, purporting to act for, or subject to or under the control of any such entity, together with their officers, directors, employees, agents, attorneys, associates and representatives.

B. "**Cases**" means the instant jointly administered bankruptcy cases, styled *In re: Center City Healthcare, LLC d/b/a Hahnemann University Hospital, et al,* Case No. 19-11466 (MFW), pending in the United States Bankruptcy Court for the District of Delaware.

C. "**Communication**" or "**Communications**" includes every manner of transmitting or receiving facts, information, opinions or thoughts (including but not limited to: visually; orally; in writing; by digital, analog, electronic, magnetic, telephonic, or other mechanical means; or otherwise), including, without limitation, oral conversations, telephone calls, written correspondence, memoranda or notes, meetings document transmittals, facsimiles, emails or any other method by which information is transmitted.

D. "**Concerning**", "**concern**," or any other derivative thereof, as used herein shall be construed as referring to, responding to, relating to (as defined herein), pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing or constituting.

E. "**Contract**" or "**contracts**" shall mean (a) an agreement, oral or written, between two or more Persons which creates an obligation to do or not to do a particular thing, and (b) any document which serves as proof of the obligation, including, without limitation, any subcontract, insurance policy or other formal agreement, including exhibits, attachments, amendments (whether with or without effect), modifications (whether with or without effect), and addenda.

F. "**Debtor**" means any of the debtors in the jointly administered Cases, as listed in footnote 1 of the Subpoena, and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of any Debtor, or its predecessors or successors.

G. "**Debtors**" means all of the debtors in the above-captioned jointly administered Cases, as listed in footnote 1 hereof, collectively, and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, representatives, and any and all

38186119.2

other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of any Debtor, or its predecessors or successors.

H.  "**Document**", "**documents**", or "**documentation**" means the original or a copy of any tangible thing from or on which Information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by any means, regardless of technology or form and including, but not being limited to: accounting books or records; accounts; account statements; affidavits; agendas; agreements; analyses; applications; appointment books; appraisals; audio tapes; balance sheets; bordereaux; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; electronically stored Information, e-mail communications; evaluations; Excel spreadsheets; experiments; faxes; facsimiles; films; financial statements; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings, magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers, newspaper articles; notations, notebooks; notes; objects; opinions; papers; photographs; policies; PowerPoint presentations; procedures; profit and loss statements, prospectuses; receipts; recordings; releases; reports; schedules; signature cards; sound recordings; spreadsheets; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these requests. Any document identified will include any document, in draft or final form, either sent or received by You. This term also includes any documents now or ever in Your possession, custody or control, or available to You, Your attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in their desks, at home, or elsewhere;

I.  "**Documents**" shall also mean all electronic data storage documents or electronically stored information (ESI) including, but not limited to, e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested below. Your search for these electronically stored documents shall include all of Your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software, and inactive or unused computer disc storage areas.

J.  The term "**ESI**" shall mean any and all electronically stored information, including e-mails, texts, writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably

38186119.2

usable form as set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, Rules 7026 and 7034 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

K. **"Information"** shall be expansively construed and shall include, but not be limited to facts, data, opinions, images, impressions, concepts and formulae.

L. **"Petition Date"** shall mean June 30, 2019 and July 1, 2019, collectively.

M. **"Person"** means any natural person, firm, partnership joint venture, corporation, or group of natural persons or such entities.

N. **"Projections"** means financial projections, business plans, pro formas, Working Capital projections, estimates or analyses, capital improvement studies or analyses, financial statements, balance sheets, statements of profit and loss, account ledgers, schedules, summaries, and analyses.

O. **"Relating to,"** **"related,"** **"relating"** or **"regarding"** means, directly or indirectly, referring to, mentioning, describing, pertaining to, arising out of, or in connection with, or in any way legally, logically, or factually connected with the matter discussed.

P. **"Supplies"** shall mean any of the Debtors medical or other supplies or property stored at a facility owned and/or operated by You.

Q. When referring to a person, the term **"Identify"** shall mean to give, to the extent known, the person's full name, present or last known address, present of last known telephone number, present or last known e-mail address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

R. When referring to a document, the term **"Identify"** shall mean to state the type of document as defined herein, the subject matter thereof, the date thereof, by whom it was written or prepared, by whom it was signed, to whom it was sent, the present location (name and address of place) thereof, and the present custodian of the original or copies thereof, so that the document is described in sufficient enough detail that it could be subject to a request for production of documents under the applicable rules of civil procedure. If any such document was, but no longer is, in Your possession or subject to Your control, state the disposition of the document.

S. When referring to a communication other than a document, the term **"Identify"** shall mean to describe the communication in such a manner that all the following Information is provided: (1) whether the communication took place in person, by telephone, via e-mail, or otherwise; (2) if by telephone, the identity of the person originating the call, the identity of the person receiving the call, the identity of all other persons participating in the communication, and the location of each of those persons at the time of the communication; and the identity of all other persons present within hearing of any party to the communication; (3) if by e-mail, the identity, including name and e-mail address, of the person originating the e-mail; the identity or identities,

including name and e-mail address, of all recipients; both intended and unintended, and including persons to whom blind copies were sent, of the e-mail communication; the date and time of the communication; all replies to and forwards of the original communication; the subject of the email communication; and the identity and physical location of the computer, network, or server from which the e-mail was sent; (4) in in Person, the identity of all persons present during the communication and the location of the communication; (5) the date and time of the communication; (6) to the best of Your recollection, what was said by each party to the communication; and (7) the identity of the custodian of any document that recorded, summarized, or concerned the communication.

T. The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery all responses that might otherwise be construed to be outside of its scope.

U. The words "**any**," "**all**" and "**each**" shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

V. The use of the singular form of any word includes the plural and vice versa.

W. The use of the masculine form of any word includes the feminine form and the neuter form, and vice versa.

## INSTRUCTIONS

With respect to this request for documents, the following instructions shall apply:

A. This request for documents is continuing so as to require supplementary documents if additional information or documents hereafter are obtained or discovered which may augment or otherwise modify the information that You provide and documents that You produce. Supplementary documents are to be served within five (5) days after receipt or discovery of such information or documents.

B. Examinee is hereby notified that its duty to respond to this document request includes the duty to furnish all information, documents and materials which are in Your possession or available to You, including all those which can be obtained from additional sources or in the possession of Your agents, representatives, employees, investigators, attorneys, or anyone acting on their behalf or on Your behalf. If You are unable to locate any requested information or document after exercising due diligence to secure the requested document, so state.

C. In the event that any document requested herein is not presently in Your possession or subject to Your control, please identify each person You have reason to believe had or has knowledge of its contents.

D. If any document is not produced under a claim of privilege, for each such document identify the nature of the privilege (including work product) that is being claimed, indicate the
38186119.2

document request to which the document is responsive, and provide the following information, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document, including the number of pages, and attachments or appendices; (2) the general subject matter of the document; (3) the date of the document; (4) all persons to whom the document was distributed, shown or explained; (5) with respect to any asserted common interest privilege, the date of such executed common interest agreement, the general subject matter thereof, and the parties to such common interest agreement, and (6) such other information as is sufficient to identify the document for a subpoena *duces tecum,* including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

E.  In the event that any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (a) author or preparer; (b) addressee(s); (c) indicated or blind copies; (d) date; (e) subject matter; (f) number of pages; (g) attachments or appendices; (h) all Persons to whom it was distributed to or shown; (i) date of destruction of other disposition; (j) manner of destruction or other disposition; (k) reason for destruction or other disposition; (1) Person destroying or disposing of the document; and (m) the document request or requests to which the document is responsive.

F.  In producing documents requested herein, You shall produce documents in full, without abridgment, abbreviation, and expurgation of any sort.

G.  To the extent this request seeks production of ESI residing elsewhere other than, or in addition to, on back-up copies, such information should be produced in its Native Format on hard drive or other digital storage media that does not otherwise detract from the original format of the files, or that by default may exclude or somehow alter any metadata associated with said files. The information produced should include any original or existing full file path, file or fold structure, or other source referencing data, and be fully inclusive of all supporting and underlying data, the absence of which would render the information incomplete or unusable. For purposes of this Instruction, the term "Native Format" shall mean the format that the data was original created in. This should include, but not limited to, information about the software that the data was created in, stored in, or was used, or is used to read, write, alter, modify, or in any way change or manipulate the data.

H.  All archived data being produced in response to this Request should be provided with the means to view and export such data. Paper documents that are not otherwise contained, stored, or recoverable by electronic means should be provided either in paper format, or via a scanned image in a .TIFF format. Colored pages, photographs or other documents among such paper documents that would otherwise loose the color format should be scanned in.JPEG or other standard color format.

I.  All documents shall be produced as they are kept in the usual or ordinary course of business with any identifying labels, file markings or similar identifying features, and shall be organized and segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein, pursuant to Fed.R.Civ.P. 45, made applicable in bankruptcy cases by Fed.R.Bankr.P. 9016.

38186119.2

J. All requests herein refer to the period from **January 1, 2016** to the date of production, unless otherwise specifically indicated, and shall include all documents and information that relate to such period, even though prepared, generated or published prior to or subsequent to that period.

## DOCUMENT REQUESTS

1. All Communications and Documents relating to Your contractual relationship with any of the Debtors.

2. All Communications and Documents relating to Your contractual relationship with any of the Debtors' predecessors-in-interest including, without limitation, Tenet Healthcare and any of its subsidiaries or affiliates.

3. All Communications and Documents related to the Supplies.

4. All Communications and Documents related to the current location of the Supplies.

5. All Communications and Documents related to Your storage of the Supplies.

6. All Communications and Documents related to any removal of the Supplies from Your facilities.

7. All Communications and Documents related to any disposition of the Supplies.

8. All Communications and Documents related to the use of any proceeds obtained from any disposition of the Supplies.

\* \* \*

**The Debtors expressly reserve the right to request additional documents as the investigation continues, as additional issues are uncovered, and as clarifications are required.**

38186119.2

## SCHEDULE B

## TOPICS FOR RULE 2004 EXAMINATION[1]

1. Your contractual relationship with any of the Debtors and/or with any of the Debtors' predecessors-in-interest including, without limitation, Tenet Healthcare and any of its subsidiaries or affiliates.

2. All issues relating to the Supplies, including, without limitation, Your storage of the Supplies, any removal of the Supplies from Your facilities, the current location of the Supplies, any disposition of the Supplies, and/or any use of any proceeds obtained from disposition of the Supplies.

\* \* \*

**The Debtors expressly reserve the right to add to these Topics as the investigation continues, as additional issues are uncovered, and as clarifications are required.**

---

[1] Unless the context indicates otherwise, capitalized terms used herein shall have the meanings ascribed to them in Schedule A to the Subpoena to which this Topics List is appended.

38186119.2