**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
|  | ) Jointly Administered |
| Debtors. | ) Related to Docket No. 2162 |

**DEBTORS' RESPONSE TO MOTION OF TENET BUSINESS
SERVICES CORPORATION FOR AN ORDER (I) CONFIRMING THAT
THE AUTOMATIC STAY DOES NOT APPLY, OR (II) IN THE
ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY**

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby object (the "**Objection**") to the *Motion of Tenet Business Services Corporation for an Order (I) Confirming That the Automatic Stay Does Not Apply, or (II) In the Alternative, Granting Relief from the Automatic Stay* (the "**Motion**"). In support of their Objection, the Debtors state as follows:

1. On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

2.	On July 15, 2019, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I. 182].

3.	On March 8, 2021, Tenet Business Services Corporation ("**Tenet**") filed its Motion[2] to obtain Court approval to file an Adversary Proceeding against the Debtors to recover approximately $3.6 million in alleged Reimbursements paid to the Debtors by CMS which were attributable to the period in which Tenet owned and operated the hospitals.

4.	While the Motion suggests that the Debtors ignored Tenet's inquiries regarding the Reimbursements, nothing could be further from the truth.

5.	First, and as Tenet knew or should have known, on October 27, 2020, the Court entered an order [Docket No. 1863] submitted on consent with CMS (the "**Consent Order**"), which clearly detailed that the amount of Reimbursements to be received by the Debtors from CMS was only $1,743,029.85, and not the $3.6 million alleged by Tenet.  Tenet did not object to, or raise any issues with, the entry of the Consent Order.

6.	Second, and as Tenet also knows, not all CMS Reimbursements related to the time period in which Tenet owned the hospitals were "Excluded Assets" under the ASA.

7.	Although Tenet purports to quote from Section 1.7(r) of the ASA in paragraph 11 of its Motion to demonstrate that all alleged Reimbursements are "Excluded Assets," Tenet only quoted from a portion of Section 1.7(r).  Section 1.7(r) of the ASA, in its entirety, includes the following as an "Excluded Asset":

> **Other than the Medicare DHS Receivables and Medicare GME Receivables referenced in <u>Section 1.6(h)</u>**, any receipts relating to HITECH Payments, Sellers' Cost Reports or Agency Settlements (whether

---

[2]	Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Motion.

>resulting from an appeal by Sellers or otherwise) with respect to time periods prior to the [ASA] Effective Time.

*See* ASA at Section 1.7(r) (emphasis added).

8. The bold language omitted by Tenet is important, as Medicare DHS Receivables and Medicare GME Receivables related to Tenet's costs reports are assets sold to the Debtors under Section 1.6(h) of the ASA.[3]

9. Tenet's counsel first contacted the Debtors' counsel regarding alleged Reimbursements due to Tenet on January 6, 2021. During the initial call, and in subsequent communications among counsel, the Debtors' counsel made clear that the Debtors would work with their third-party consultant Dixon Hughes Goodman LLP ("**DHG**") to reconcile the Reimbursements (i.e., to identify the Medicare GME Receivables and the Medicare DHS Receivables), with the goal of determining what, if any, portion of the $1,743,029.85 actually received by the Debtors was an Excluded Asset under the ASA. The reconciliation process was complicated and took time.

10. On March 17, 2021, the Debtors delivered to Tenet DHG's reconciliation analysis (the "**Reconciliation Report**"). The Reconciliation Report is **569 pages** and includes a clear and thorough analysis of the amounts owed from CMS, the amounts due to CMS, a breakdown of the amounts actually paid by CMS and how those amounts are allocated between Tenet and the Debtors as dictated by the ASA.

---

[3] "Medicare DHS Receivables" is defined in the ASA as "Medicare payments payable to the Sellers as of the Effective Time, or that become payable after the Effective Time, for Medicare disproportionate share payment adjustments, if any, regardless of the cost reporting period associated with such payment." *See* ASA at Section 13.19. "Medicare GME Receivables" is defined in the ASA as "Medicare approved graduate medical education program payments payable to Sellers as of the Effective Time, or that become payable after the Effective Date, if any, regardless of the cost report period associated with such payments." *Id.*

11. The Reconciliation Report makes clear that, of the amount paid by CMS to the Debtors, only a small portion of the amount constitutes Excluded Assets under the ASA.

12. The Debtors have offered to make DHG available to Tenet and are otherwise available to respond to any of Tenet's questions or concerns. The Debtors have also made clear that, in exchange for a specific release, they are ready, willing and able to pay Tenet the amounts due Tenet under the ASA as soon as Tenet confirms its agreement with the analysis in the Reconciliation Report or the parties otherwise agree. If Tenet disagrees with the conclusions in the Reconciliation Report, the Debtors are prepared to listen and work in good faith to resolve any issues.

13. Based upon the above, Tenet now has all the information it needs to accept or challenge DHG's conclusions and to engage with the Debtors to resolve any disputes consensually. There is no need for the Court to grant the relief requested in the Motion, as there is no need for Tenet to file an Adversary Proceeding to reach resolution of these issues.

**WHEREFORE**, the Debtors respectfully request that the Court deny the Motion and grant the Debtors such further relief is just and appropriate.

Dated: March 22, 2021 **SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Mark Minuti*
Mark Minuti (DE Bar No. 2659)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*