IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) ) | Case No. 19-11466 (MFW) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) ) | Re: Docket No. _____ |

**ORDER APPROVING STIPULATION BETWEEN DEBTORS AND
BECKMAN COULTER, INC. REGARDING ALLOWED CLAIMS**

Upon consideration of the *Stipulation between Debtors and Beckman Coulter, Inc. Regarding Allowed Claims* (the "**Stipulation**"),[2] attached hereto as **Exhibit "1"**; and the Court having jurisdiction over the matters raised in the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Stipulation having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Stipulation is in the best interests of the Debtors, their estates, creditors and all parties-in-interest, and that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Stipulation.

1. The Stipulation is approved.

2. On account of, and in full satisfaction of, the Asserted SCH Claims, Beckman shall have allowed claims, as follows:

   a. Claim 572 shall be an allowed claim against SCH in the total amount of $55,983.49, the entirety of which shall be a general unsecured claim.

   b. Claim 574 shall be an allowed claim against SCH in the amount of $81,715.86, $16,092.01 of which shall be an administrative expense claim under section 503(b)(9) of the Bankruptcy Code, and $65,623.85 of which shall be a general unsecured claim.

3. Other than the Allowed Claims, Beckman shall have no other allowed claims against any of the Debtors, whether filed or scheduled, including, but not limited to, claims arising under the Lease Agreements. Beckman shall not be entitled to any distributions from any of the Debtors, their estates or any of the Debtors' successors, other than on account of the Allowed Claims. Beckman shall not amend any previously filed claims and shall not assert any additional claims against any of the Debtors on account of pre-petition or post-petition periods.

4. The Debtors and their claims agent are authorized to take any and all actions necessary to effectuate the Stipulation.

5. This Court shall retain jurisdiction over the Parties with respect to all matters arising from or related to the implementation of this Order.

6. This Order is effective immediately upon entry.

# EXHIBIT 1

# Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |

**STIPULATION BETWEEN DEBTORS AND
BECKMAN COULTER, INC. REGARDING ALLOWED CLAIMS**

This *Stipulation between Debtors and Beckman Coulter, Inc. Regarding Allowed Claims* (the "**Stipulation**") is made and entered into as of the 12th day of April, 2021 between the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") and Beckman Coulter, Inc. ("**Beckman**," and together with the Debtors, the "**Parties**").

**INTRODUCTION**

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

2

**WHEREAS**, the Debtors' chapter 11 cases (the "**Chapter 11 Cases**") have been procedurally consolidated;

**WHEREAS**, prior to the Petition Date, Debtor St. Christopher's Healthcare, LLC ("**SCH**") and Beckman were parties to certain lease agreements for, *inter alia*, various equipment, consumables and services (the "**Lease Agreements**");

**WHEREAS**, the Lease Agreements were rejected pursuant to a Court order entered on December 23, 2019 [D.I. 1321];

**WHEREAS**, on or about August 4, 2020, Beckman filed certain proofs of claim against Debtor Center City Healthcare, LLC ("**CCH**"), as well as the following proofs of claim against SCH:

(i)  proof of claim no. 572 in the amount of $415,117.98, the entirety of which was asserted as a general unsecured rejection damages claim ("**Claim 572**");

(ii)  proof of claim no. 574 against SCH in the amount of $81,715.86, $21,942.69 of which was asserted as a section 503(b)(9) claim and $59,773.17 of which was asserted as a general unsecured claim ("**Claim 574**," and together with "**Claim 572**," the "**Asserted SCH Claims**");

**WHEREAS**, on October 20, 2020, the Court entered an order [D.I. 1830] approving a stipulation between the Debtors and Beckman that resolved Beckman's post-petition administrative expense claims against the Debtors and its claims against CCH by: (i) granting Beckman an allowed administrative expense claim against CCH in the amount of $70,624.67, which amount has already been satisfied by the Debtors in accordance with the stipulation; (ii) allowing Claim 215 against CCH in the amount of $277,787.89, $33,430.00 of which shall be an administrative expense claim under section 503(b)(9) of the Bankruptcy Code, and $244,357.89

shall be a general unsecured claim; and (iii) allowing Claim 376 against CCH in the amount of $5,180.38, the entirety of which shall be a general unsecured claim (together, the "**Allowed CCH Claims**");

**WHEREAS,** the Parties desire to resolve their disputes relating to the Asserted SCH Claims without the time, expense, and uncertainty attendant with litigation over any such claims, on the terms set forth herein;

**NOW, THEREFORE**, in consideration of the foregoing and of the mutual promises hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

### STIPULATION

1. Each of the Recitals set forth above is incorporated herein by reference.

2. This Stipulation is subject to and conditioned upon the entry of a Final Order of the Court approving this Stipulation (the "**Stipulation Effective Date**").  In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect.  In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante*.

3. On account of, and in full satisfaction of, the Asserted SCH Claims, Beckman shall have allowed claims as follows (the "**Allowed SCH Claims**," and together with the Allowed CCH Claims, the "**Allowed Claims**"):

    a. Claim 572 shall be an allowed claim against SCH in the total amount of $55,983.49, the entirety of which shall be a general unsecured claim.

    b. Claim 574 shall be an allowed claim against SCH in the amount of $81,715.86, $16,092.01 of which shall be an administrative expense claim under section 503(b)(9) of the Bankruptcy Code, and $65,623.85 shall be a general unsecured claim.

  4. The Allowed SCH Claims shall be paid in accordance with the terms of any confirmed chapter 11 plan or plans in these cases.

  5. Other than the Allowed Claims, Beckman shall have no allowed claims against any of the Debtors, whether filed or scheduled, including, but not limited to, claims arising under the Lease Agreements.  Beckman shall not be entitled to any distributions from any of the Debtors, their estates or any of the Debtors' successors, other than on account of the Allowed Claims.  Beckman shall not amend any previously filed claims and shall not assert any additional claims against any of the Debtors.

  6. The Parties are authorized to take any and all actions necessary to effectuate this Stipulation.

  7. This Stipulation is the entire agreement between the Debtors and Beckman with respect to the subject matter hereof.  This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein.  No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

  8. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and

this Stipulation shall become effective upon the order approving this Stipulation becoming a Final Order.

9. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

10. This Stipulation may be modified, amended, or supplemented by the Parties, in writing, and without further order of the Court, provided that any such modification, amendment, or supplement either is (a) not material or (b) not less favorable to the Debtors than the existing applicable provisions without further order of the Court.

11. Each of the Parties further acknowledges that it has been fully advised with respect to its rights and obligations under this Stipulation by counsel of its own choosing. Each of the Parties has consulted with counsel of its own choosing and has had adequate opportunity to make whatever investigation or inquiry it deems necessary or desirable with respect to the subject matter and terms of this Stipulation.

12. This Stipulation is a fully integrated agreement with each provision being fully integrated and dependent on each other provision and no provision of this Stipulation may held to be unenforceable without this entire Stipulation being held to be unenforceable and no provision may be "blue penciled" to render such provision enforceable.

13. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws principles thereof. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, agents, attorneys and representatives.

6

14. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

15. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

*[Remainder of the Page Left Intentionally Blank]*

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| **SAUL EWING ARNSTEIN & LEHR LLP** | **BERNSTEIN-BURKLEY P.C.** |
|---|---|
| */s/ Monique B. DiSabatino* <br> Mark Minuti (DE Bar No. 2659) <br> Monique Bair DiSabatino (DE Bar No. 6027) <br> 1201 N. Market Street, Suite 2300 <br> P.O. Box 1266 <br> Wilmington, DE 19899-1266 <br> Telephone: (302) 421-6800 <br> mark.minuti@saul.com <br> monique.disabatino@saul.com <br><br> -and- <br><br> Jeffrey C. Hampton <br> Adam H. Isenberg <br> Jorge Garcia <br> Centre Square West <br> 1500 Market Street, 38th Floor <br> Philadelphia, PA 19102 <br> Telephone: (215) 972-7777 <br> jeffrey.hampton@saul.com <br> adam.isenberg@saul.com <br> jorge.garcia@saul.com <br><br> *Counsel for Debtors and Debtors in Possession* | */s/ Lara S. Martin* <br> Lara S. Martin <br> 707 Grant Street <br> Suite 2200 Gulf Tower <br> Pittsburgh, PA 15219 <br> Telephone: (412) 456-8102 <br> lmartin@bernsteinlaw.com <br><br> *Counsel for the Beckman Coulter, Inc.* |