# EXHIBIT 1

# Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |

## STIPULATION BETWEEN DEBTORS AND
## ST. AGNES MOB, LLC REGARDING ALLOWED CLAIMS

This *Stipulation between Debtors and St. Agnes MOB, L.L.C. Regarding Allowed Claims* (the "**Stipulation**") is made and entered into as of the 22nd day of April, 2021 between the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") and St. Agnes MOB, LLC ("**St. Agnes**," and together with the Debtors, the "**Parties**"), by and through their respective duly authorized undersigned counsel.

## INTRODUCTION

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

**WHEREAS**, prior to the Petition Date, St. Agnes and Debtor TPS of PA, LLC ("**TPS**") were parties to a lease of certain nonresidential real property located at 1930 South Broad Street, Philadelphia, Pennsylvania, dated July 30, 2016 (as amended, the "**Lease**");

**WHEREAS**, on August 22, 2019, the Court entered an order [D.I. 548] rejecting the Lease, effective as of August 2, 2019;

**WHEREAS**, St. Agnes filed proofs of claim against the Debtors, as follows (together, the "**Proofs of Claim**");

(a)    a claim against TPS in the amount of $40,497.62, the entirety of which is asserted as an administrative expense claim under section 507(a)(2) of the Bankruptcy Code, and which is reflected on TPS's claims registry as claim number 16 ("**Claim 16**"); and

(b)    a rejection damages claim against TPS in the amount of $242,985.72 that is reflected on the TPS's claims registry as claim number 17 ("**Claim 17**"), $5,000 of which is asserted as a secured claim based on a security deposit (the "**Security Deposit**") held by St. Agnes that St. Agnes seeks to setoff against the total claim (the "**Setoff Claim**," and together with the Proofs of Claim, the "**Asserted Claims**") and the remainder of which is asserted as a general unsecured claim;

**WHEREAS**, the Parties have conferred and seek to resolve the Asserted Claims, as set forth herein.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby agree, subject to Bankruptcy Court approval as set forth herein, as follows:

## STIPULATION

1.    Each of the Recitals set forth above is incorporated herein by reference.

2. This Stipulation is subject to and conditioned upon the entry of a final, non-appealable order of the Court approving this Stipulation (the "**Stipulation Effective Date**"). In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect. In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante.*

3. On the Stipulation Effective Date, subject to Bankruptcy Court approval, the automatic stay imposed by 11 U.S.C. § 362(a) shall be modified for the express and sole limited purpose of allowing St. Agnes to offset the Security Deposit in the amount of $5,000 against the $242,985.72 sought in Claim 17, thereby leaving St. Agnes with a general unsecured claim against TPS, as set forth herein.

4. On account of, and in full satisfaction of the Asserted Claims, St. Agnes shall have allowed claims, as follows (the "**Allowed Claims**");

    (i) Claim 16 shall be an allowed claim against TPS in the amount of $40,497.62, the entirety of which shall be an administrative expense claim, and shall be paid within thirty (30) days following the Stipulation Effective Date, and

    (ii) Claim 17 shall be an allowed claim against TPS in the amount of $238,922.97, the entirety of which shall be a general unsecured claim, and shall be paid in accordance with the terms of any confirmed chapter 11 plan or plans in these cases.

5. Other than the Allowed Claims, St. Agnes shall have no other allowed claims against any of the Debtors, whether filed or scheduled, including, but not limited to, claims arising under the Lease. St. Agnes shall not be entitled to any distributions from any of the

3

Debtors, their estates or any of the Debtors' successors, other than on account of the Allowed Claims. St. Agnes shall not amend any previously filed claims and shall not assert any additional claims against any of the Debtors on account of pre-petition or post-petition periods.

6. The Parties are authorized to take any and all actions necessary to effectuate this Stipulation.

7. This Stipulation is the entire agreement between the Debtors and St. Agnes with respect to the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

8. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Stipulation shall become effective upon the order approving this Stipulation becoming a Final Order.

9. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

10. This Stipulation may be modified, amended, or supplemented by the Parties, in writing, and without further order of the Court, provided that any such modification, amendment, or supplement either is (a) not material or (b) not less favorable to the Debtors than the existing applicable provisions without further order of the Court.

11. This Stipulation is a fully integrated agreement with each provision being fully integrated and dependent on each other provision and no provision of this Stipulation may be held to be unenforceable without this entire Stipulation being held to be unenforceable and no provision may be "blue penciled" to render such provision enforceable.

12. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws' principles thereof. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, designees, agents, attorneys and representatives.

13. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

14. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

[remainder of page left intentionally blank]

38345288.4 04/30/2021

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| | |
|---|---|
| **SAUL EWING ARNSTEIN & LEHR LLP** | **SCHNADER HARRISON SEGAL & LEWIS LLP** |
| */s/ Monique B. DiSabatino* <br> Mark Minuti (DE Bar No. 2659) <br> Monique Bair DiSabatino (DE Bar No. 6027) <br> 1201 N. Market Street, Suite 2300 <br> P.O. Box 1266 <br> Wilmington, DE 19899-1266 <br> Telephone: (302) 421-6800 <br> mark.minuti@saul.com <br> monique.disabatino@saul.com | */s/ Kristi J. Doughty* <br> Nicholas J. LePore, III <br> Kristi J. Doughty <br> 1600 Market Street, Suite 3600 <br> Philadelphia, PA 19103 <br> Telephone: (215) 751-2286 <br> nlepore@schnader.com <br> kdoughty@schnader.com <br><br> *Counsel for St. Agnes MOB, LLC* |

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*