# EXHIBIT 1

## Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |

### STIPULATION BETWEEN DEBTORS AND COHEN THOMPSON REGARDING ALLOWED CLAIM

This *Stipulation between Debtors and Cohen Thompson Regarding Allowed Claim* (the "**Stipulation**") is made and entered into as of the 21st day of May, 2021 between the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") and Cohen Thompson ("**Mr. Thompson**," and together with the Debtors, the "**Parties**"), by and through their respective duly authorized undersigned counsel.

### INTRODUCTION

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

1

**WHEREAS**, on or about July 16, 2020, Mr. Thompson filed a proof of claim against Debtor St. Christopher's Healthcare, LLC d/b/a St. Christopher's Hospital for Children ("**SCH**") in the amount of $150,000, the entirety of which is asserted as a general unsecured claim, and which is reflected on SCH's claims registry as claim number 299[2] ("**Claim 299**" or the "**Asserted Claim**");

**WHEREAS**, the Parties have conferred and seek to resolve the Asserted Claim, as set forth herein.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby agree, subject to Bankruptcy Court approval as set forth herein, as follows:

### STIPULATION

1. Each of the Recitals set forth above is incorporated herein by reference.

2. This Stipulation is subject to and conditioned upon the entry of a final, non-appealable order of the Court approving this Stipulation (the "**Stipulation Effective Date**"). In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect. In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante.*

---

[2] Mr. Thompson also filed a duplicative claim against SCH, which is identified on SCH's claims registry as claim number 471. This claim was disallowed pursuant to the *Order Sustaining Debtors' Fifth Omnibus Objection to Claims (Non-Substantive) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1* [D.I. 2292].

3.  On account of, and in full satisfaction of the Asserted Claim, Claim 299 shall be allowed as a general unsecured claim against SCH in the amount of $10,000.00 (the "**Allowed Claim**").

4.  The Allowed Claim shall be paid in accordance with the terms of any confirmed chapter 11 plan or plans in these cases.

5.  Other than the Allowed Claim, Mr. Thompson shall have no other allowed claims against any of the Debtors, whether filed or scheduled, including, but not limited to, claims relating to any causes of action alleged in the Asserted Claim. Mr. Thompson shall not be entitled to any distributions from any of the Debtors, their estates or any of the Debtors' successors, other than on account of the Allowed Claim. Mr. Thompson shall not amend any previously filed claims and shall not assert any additional claims against any of the Debtors on account of pre-petition or post-petition periods.

6.  The Parties are authorized to take any and all actions necessary to effectuate this Stipulation.

7.  This Stipulation is the entire agreement between the Debtors and Mr. Thompson with respect to the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

8.  The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation;

provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Stipulation shall become effective upon the order approving this Stipulation becoming a Final Order.

9. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

10. This Stipulation may be modified, amended, or supplemented by the Parties, in writing, and without further order of the Court, provided that any such modification, amendment, or supplement either is (a) not material or (b) not less favorable to the Debtors than the existing applicable provisions without further order of the Court.

11. This Stipulation is a fully integrated agreement with each provision being fully integrated and dependent on each other provision and no provision of this Stipulation may be held to be unenforceable without this entire Stipulation being held to be unenforceable and no provision may be "blue penciled" to render such provision enforceable.

12. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws' principles thereof. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, designees, agents, attorneys and representatives.

13. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

14. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| **SAUL EWING ARNSTEIN & LEHR LLP** | **LAW OFFICE OF NAKEA HURDLE** |
|---|---|
| */s/ Monique B. DiSabatino* <br> Mark Minuti (DE Bar No. 2659) <br> Monique B. DiSabatino (DE Bar No. 6027) <br> 1201 N. Market Street, Suite 2300 <br> P.O. Box 1266 <br> Wilmington, DE 19899 <br> Telephone: (302) 421-6800 <br> mark.minuti@saul.com <br> monique.disabatino@saul.com | */s/ Nakea Hurdle* <br> Nakea Hurdle, Esq. <br> 1301 Wakeling Street <br> Philadelphia PA 19124 <br> Telephone: (267) 304-7679 <br> nhurdle@bghadvocates.com <br><br> *Counsel to Cohen Thompson* |

　　-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for the Debtors and Debtors in Possession*