# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) | |
| *al.*,[1] | ) | Joint Administration Requested |
| | ) | |
| Debtors. | ) | Re: D.I. 2119 & D.I. _____ |
| | ) | |

**AMENDED ORDER APPOINTING MEDIATOR IN CONNECTION
WITH CLAIMS BY AND BETWEEN THE DEBTORS'
ESTATES AND THE MBNF NON-DEBTOR ENTITIES**

THE COURT having reviewed the Certification of Counsel Regarding Proposed Order Appointing Mediator in Connection with Claims by and Between the Debtors' Estates and the MBNF Non-Debtor Entities (the "Certification")[2]; and the Court having previously entered, on December 1, 2020, the Order Appointing Mediator in Connection with Discover Dispute [Docket No. 1943], appointing the Honorable Kevin J. Carey (ret.) as mediator in connection with certain discovery disputes among the Parties; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134; and it appearing that venue of these chapter 11 Cases is proper

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Certification.

pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having determined that the appointment of a mediator to assist the Parties in resolving the Competing Claims is warranted; and the Court having been informed that the Parties have agreed to participate in mediation of the Competing Claims and, subject to Court approval, for Judge Carey to serve as mediator in connection with the Competing Claims; and after due consideration of the Motion of HSREP VI Holding, LLC and its affiliates[3] to Participate in Mediation; and the relief granted herein being in the best interests of the Debtors, their estates, their creditors and other parties in interest and sufficient cause appearing therefor; and after due deliberation thereon,

IT IS HEREBY ORDERED THAT:

1.      The Court directs the Parties—to include representatives for the Debtors' Estates, the Official Unsecured Creditors' Committee, the MBNF Non-Debtor Entities, and HSREP VI Holding, LLC and its affiliates—to engage in mediation (the "Mediation") to attempt to resolve the Competing Claims.

2.      The Honorable Kevin J. Carey (Ret.) (the "Mediator") is hereby appointed as the mediator with respect to the Competing Claims.

3.      Unless otherwise modified herein, Rule 9019-5 of the Local Rules for the United States Bankruptcy Court for the District of Delaware ("Local Rule 9019-5") shall apply to the Mediation, provided, however, that the Mediator may modify the mediation procedures set forth in Local Rule 9019-5, in his discretion, to best serve the goals of the Mediation.

---

[3] The affiliates of HSREP VI Holding, LLC include HSRE-PAHH I, LLC; PAHH New College MOB, LLC; PAHH Bellet MOB, LLC; PAHH Wood Street Garage, LLC; PAHH Erie Street Garage, LLC; PAHH Feinstein MOB, LLC; PAHH Broad Street MOB, LLC. Capital One, N.A., as agent for a three lender syndicated loan, is also to be included for participation.

4.      The Debtors are authorized to enter into appropriate arrangements with the Mediator to conduct the Mediation and the Mediator shall be entitled to compensation for services and reimbursement of expenses on terms satisfactory to the Parties and the Mediator.

5.      The Debtors and the MBNF Non-Debtor Entities shall be each responsible for payment of fifty percent (50%) of the Mediator's fees and costs for the Mediation.

6.      The Mediator shall serve invoices on each of the Debtors, the Committee and the MBNF Non-Debtor Entities and, absent objection, the Debtors and the MBNF Non-Debtor Entities shall timely pay such invoices without the need for further Court approval. To the extent any of the Parties object to the Mediator's invoices, the Debtors and the MBNF Non-Debtor Entities shall timely pay any undisputed portion of such invoices, with the balance of the disputed invoices to be paid only upon order of the Court.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement of this Order.