# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) Jointly Administered |
| Debtors. | ) Re: D.I. 2370 |

## MOTION OF HSREP VI HOLDING, LLC AND ITS AFFILIATES FOR ENTRY OF AN ORDER SHORTENING NOTICE AND OBJECTION PERIODS IN CONNECTION WITH THE MOTION OF HSREP VI HOLDING, LLC AND ITS AFFILIATES TO INTERVENE/PARTICIPATE IN MEDIATION

HSREP VI Holding, LLC ("HSRE VI") and its affiliates (collectively, the "JV Entities"[2]), by their counsel, DLA Piper LLP (US), hereby file this motion to shorten the notice and objection periods (the "Motion to Shorten") in connection with the *Motion of HSREP VI Holding, LLC and its Affiliates to Intervene/Participate in Mediation* (the "Motion to Participate in Mediation") filed

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] The other relevant affiliates of HSRE VI that collectively form the JV Entities are: HSRE-PAHH I, LLC (the "JV"), and the "Master Landlords"—PAHH New College MOB, LLC; PAHH Bellet MOB, LLC; PAHH Wood Street Garage, LLC; PAHH Erie Street Garage, LLC; PAHH Feinstein MOB, LLC; and PAHH Broad Street MOB, LLC, each, a Delaware limited liability company. In addition, Capital One, N.A., as agent for a three lender participation loan (collectively, "Lenders"), holds a first priority mortgage and security interest in substantially all of the JV and Master Landlords' Entities assets, which security interests the JV Entities may not waive, release, or modify without the Lenders' consent. Thus, for the purposes of the relief requested herein, the Lenders are to participate in the Mediation coextensively with the JV Entities in an effort to reach an efficient resolution for all parties in interest.

1

contemporaneously herewith. By the Motion to Participate in Mediation, the JV Entities seek to intervene and ask the Court to direct that the JV Entities be included as Mediation Parties in the Court-ordered Mediation among the estates and the MBNF Non-Debtor Entities.[3] The JV Entities respectfully request that the Court hear the Motion to Participate in Mediation on **Wednesday, June 16, 2021**. In support of the Motion to Shorten, the JV Entities respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the JV Entities consent to the entry of a final judgment or order with respect to this Motion to Shorten if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rules 2002(a)(3) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1(e).

---

[3] All capitalized terms not herein defined shall have the same meaning ascribed to them in the Motion to Participate in Mediation.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

5. HSRE VI and the other JV Entities are filing the Motion to Participate in Mediation because they hold rights and significant claims against both the Debtors' estates and the MBNF Non-Debtor Entities, making the JV Entities essential parties to the Mediation if it is to succeed at reaching a global settlement among the Debtors' estates and the MBNF Non-Debtor Entities.[4] The PAHH corporate family entered into agreements involving the bankruptcy estates assigning interests to HSRE VI directly and also transacting in a way that was intended to benefit HSRE VI and other JV Entities. The Debtors and the official committee of unsecured creditors appointed in the Chapter 11 Cases (the "Committee") seek to consolidate the MBNF Non-Debtor Entities' real property, or the entities that own the real property, with the bankruptcy estates— presumably without the corresponding obligations and expected flow of assets to satisfy them. Mediation should not proceed without allowing the JV Entities (and by extension the Lenders) to participate as real parties in interest to the assets and claims that are the subject of the Mediation, without which the Mediation would be doomed to fail since their consent will ultimately be needed for any final agreement. Instead of wasting the opportunity for real resolution, the JV Entities should be included as parties to the Mediation.

6. In January 2018, the Debtors acquired the operations of Hahnemann University Hospital and St. Christopher's Hospital for Children from Tenet Healthcare Corporation and certain of its affiliates. In connection with that transaction, subsidiaries of PAHH (the Broad Street

---

[4] The "MBNF Non-Debtor Entities" include Philadelphia Academic Health Holdings, LLC ("PAHH"); Paladin Healthcare Capital, LLC ("PHC"); Front Street Healthcare Properties, LLC; Front Street Healthcare Properties II, LLC; Broad Street Healthcare Properties, LLC; Broad Street Healthcare Properties II, LLC f/k/a Center City Physician Associates, LLC; and Broad Street Healthcare Properties III, LLC f/k/a St. Christopher's Physician Associates, LLC.

Entities and the Front Street Entities) acquired real estate that was leased to certain of the Debtors and contemporaneously the Master Landlord entities owned by the JV acquired medical office buildings and associated parking garages (the "MOB Properties") located near or adjacent to the Hospital campuses. HSRE VI funded the acquisition of the MOB Properties by obtaining a mortgage loan in the aggregate amount of approximately $110 million, secured by the MOB Properties. The MOB Properties were all leased to St. Christopher's Healthcare, LLC ("St. Chris"), one of the Debtors in these Chapter 11 Cases. PAHH and PHC each guaranteed St. Chris's obligations under the master leases. In addition, HSRE VI made a loan to PAHH in the principal amount of $51,075,000.

7. The proceeds from these two loans financed approximately 95% of the total acquisition price paid by PAHH to Tenet, with the balance funded by an additional "seller note" made in favor of Tenet in the original principal amount of $17.5 million, which was paid in full during the pendency of these Chapter 11 Cases, and a loan from MidCap secured by the Debtors' working capital assets.[5] The purchase from Tenet by the Debtors, the MBNF Non-Debtor Entities, and the JV closed in a single, integrated, non-severable transaction. Therefore, Mediation would be futile without the presence of the JV Entities as essential parties to the issues that are inevitably at the heart of any mediated resolution. Upon information and belief, Mediation is taking place to avoid the estates commencing an adversary proceeding to seek to avoid transfers or to seek to substantively consolidate the value of the real estate owned by the MBNF Non-Debtor Entities. No complaint or motion has been filed so clarity does not exist.

---

[5] *See* Final Order (I) Authorizing Debtors to Obtain Postpetition Financing; (II) Authorizing the Debtors the Use Cash Collateral; (III) Granting Adequate Protection; (IV) Granting Adequate Protection and Modifying the Automatic Stay [Docket No. 557].

8. Upon information and belief, the Mediation will likely involve claims that the Debtors and the Committee believe they have against the MBNF Non-Debtor Entities. As the single largest creditor of PAHH and PHC, there is no basis upon which to settle those claims—which is the goal of the Mediation—without HSRE VI's consent. Perhaps in recognition of this fact, the MBNF Non-Debtor Entities have consented to HSRE VI's participation in the Mediation; the Debtors and the Committee have not, which resulted in the need to file the Motion to Participate in Mediation.

9. Judicial efficiency is best served by ensuring that all parties in interest are represented in negotiations that affect those interests, or else the Mediation will be a futile effort. The JV Entities, including the Lenders, are parties in interest and should be involved in any discussions involving their interests.

10. As described in the Motion to Participate in Mediation, counsel for the MBNF Non-Debtor Entities *agrees* that including the JV Entities in the Mediation is necessary for a global resolution; however, despite implicitly acknowledging the necessity of including the JV Entities at some point in the Mediation process, counsel for the Debtors and Committee object to the JV Entities' participation in the Mediation at this time. Unless the Court intervenes now, the Mediation will be an inefficient use of time and estate resources because the excluded JV Entities, as parties in interest, will likely need to renegotiate many of the issues that touch on their interests if denied participation until later in the process.

11. In addition, excluding critical parties like the JV Entities from meaningful participation in the Mediation is grounds for the Court to reject any settlement that comes out of the Mediation as not fair and equitable. If the Mediation intends to affect, impair, or otherwise involve property that belongs to entities other than the estates, then each of the parties with an

interest in that property should be included in the discussions.[6] As such, the JV Entities' participation in Mediation is proper, fair, equitable, and efficient; there are no compelling reasons to bar them from participating.

## RELIEF REQUESTED

12. By this Motion to Shorten, the JV Entities request, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 9006(c)(1) and 2002(a)(2), and Local Rule 9006-1(e), that the Court shorten the notice and objection periods required for a hearing on the 9019 Motion so that it may be heard on **Wednesday, June 16, 2021,** with responses thereto, if any, due on or before **Monday, June 14, 2021, at 5:00 p.m. (ET), and the JV Entities' reply due Tuesday, June 15, 2021, by 5:00 p.m. (ET)**.

## BASIS FOR RELIEF

13. Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Bankruptcy Rule 9006(c)(1). The Local Rules authorize the Court to order that a motion be heard on less notice than is required by the Bankruptcy Rules and provide that the Court may rule on a motion for the same "promptly without need for a hearing." Local Rule 9006-1(e).

14. Pursuant to Local Rule 9006(c)(i), unless the Bankruptcy Rules or the Local Rules state otherwise, all motion papers must be filed and served fourteen (14) days prior to a hearing

---

[6] The JV Entities further assert that the Debtors, or any affiliates of any of the Debtors that may hereafter become Debtors or other parties in these Chapter 11 Cases, may not encumber property that is not property of their estates and accordingly reserve all rights.

date. Additionally, Local Rule 9006-1(c)(ii) requires the deadline for objections to be no later than seven (7) days before the hearing date. However, the Court may order that a motion be heard on less notice than required by the Local Rules upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Local Rule 9006-1(e). No hearing on such a motion to shorten is required. *See id.*

15. Here, there is sufficient cause to grant the Motion to Shorten. Upon information and belief, the issues for Mediation presently are being briefed, and the Mediation is scheduled to start in the next few weeks. Given the JV Entities' substantial interests in the Mediation, they are crucial to any effort to reach a global resolution in the Chapter 11 Cases. The JV Entities seek to participate in the Mediation to work towards a satisfactory resolution in a constructive and efficient manner, particularly since no other parties (including the MBNF Non-Debtor Entities) can adequately represent the JV Entities' interests, and since no meaningful agreements could be made without including considerations of HSRE VI and the other JV Entities. Therefore, the JV Entities should be given the opportunity to participate in the Mediation in order to adequately protect their interests, as contemplated under the Bankruptcy Code, in addition to ensuring any mediated outcome will be a fair and enforceable settlement.

16. The JV Entities' proposed hearing timeframe is reasonable, providing seven days' notice of the Motion to Participate in Mediation, and setting the deadline for responses thereto at 5 pm two days before the hearing, with the JV Entities' reply due by 5 pm the day before the hearing. This provides more than adequate time for parties-in-interest to consider the Motion to Participate in Mediation.

17. Counsel for the Debtors, the Committee, the Lenders, the U.S. Trustee, and the MBNF Non-Debtor Entities have been advised that the JV Entities intend to seek shortened notice

with respect to the Motion to Participate in Mediation. Only counsel for the Debtors and the Committee stated that they oppose the Motion to Shorten Notice and the Motion to Participate in Mediation. The remaining parties have not objected to shortened notice.

18. Together, Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e) provide ample authority for the Court to afford the relief requested in the Motion to Shorten. Therefore, the JV Entities respectfully request that the Motion to Shorten be granted at the Court's earliest convenience.

## NOTICE AND NO PRIOR REQUEST

19. The JV Entities will provide notice to the following entities or, in lieu thereof, their counsel: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors; (c) the Committee; (d) the MBNF Non-Debtor Entities; (e) the Lenders; and (f) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the JV Entities submit that no other or further notice is required.

20. No previous request for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the JV Entities respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion to Shorten, and grant such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: June 9, 2021<br>Wilmington, Delaware | Respectfully submitted,<br><br>**DLA PIPER LLP (US)**<br><br>*/s/ Stuart M. Brown*<br>Stuart M. Brown (DE 4050)<br>1201 North Market Street, Suite 2100<br>Wilmington, Delaware 19801<br>Telephone: (302) 468-5700<br>Facsimile:  (302) 394-2341<br>Email: stuart.brown@us.dlapiper.com<br><br>-and-<br><br>Richard A. Chesley (admitted *pro hac vice*)<br>444 West Lake Street, Suite 900<br>Chicago, Illinois 60606<br>Telephone: (312) 368-4000<br>Facsimile:  (312) 236-7516<br>Email: richard.chesley@us.dlapiper.com<br><br>*Counsel to HSREP VI Holding, LLC; HSRE-PAHH I, LLC; PAHH New College MOB, LLC; PAHH Bellet MOB, LLC; PAHH Wood Street Garage, LLC; PAHH Erie Street Garage, LLC; PAHH Feinstein MOB, LLC; and PAHH Broad Street MOB, LLC* |