## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) |
| *et al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) **Related to Docket No. 2371** |
| | ) |

### JOINT OBJECTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF HSREP VI HOLDING, LLC AND ITS AFFILIATES FOR ENTRY OF AN ORDER SHORTENING NOTICE AND OBJECTION PERIODS IN CONNECTION WITH THE MOTION OF HSREP VI HOLDING, LLC AND ITS AFFILIATES TO INTERVENE/ PARTICIPATE IN MEDIATION

The debtors and debtors in possession (collectively, the "**Debtors**") and the Official

Committee of Unsecured Creditors (the "**Committee**") in the above-captioned chapter 11 cases

(the "**Chapter 11 Cases**") hereby object (the "**Objection**") to HSREP VI Holding, LLC and its

affiliates' (collectively, the "**HSRE Entities**") motion for entry of an order shortening notice and

objection periods (the "**Motion to Shorten**") [D.I. 2371] filed in conjunction with the Motion of

HSREP VI Holding, LLC and its Affiliates to Intervene/Participate in Mediation (the "**Motion to**

**Intervene**") [D.I. 2370].  In support of this Objection, the Debtors and the Committee respectfully

state as follows:

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, PA  19102.

1.      On August 31, 2017, certain entities controlled by Joel Freedman ("**Freedman**"), and certain entities controlled by certain HSRE Entities, collectively, as purchasers, and Tenet Business Services Corporation and certain of its affiliates, collectively, as sellers, entered into an asset sale agreement (as amended, the "**ASA**") for the sale of Hahnemann University Hospital ("**HUH**"), St. Christopher's Hospital for Children ("**STC**," and together with HUH, the "**Hospitals**"), and certain real property (collectively, the "**Transaction**").  In connection with the ASA, Freedman created (i) "opco" entities (currently the Debtors in these chapter 11 cases), which purchased the Hospitals and various related practice groups, and (ii) several "propco" entities, which took ownership of certain real estate, including the real estate on which the Hospitals were located (the "**Freedman Real Estate**").

2.      Certain other valuable real estate was acquired in the Transaction by HSRE-PAHH I, LLC, a joint venture (the "**Joint Venture**") owned by one of the HSRE Entities, as majority owner, and Philadelphia Academic Health Holding, LLC (a Freedman-owned/controlled entity that was formed at the time of the acquisition), as minority owner (the "**JV Real Estate**").

3.      As part of the Transaction, debtor St. Christopher's Healthcare, LLC was forced to enter into "Master Leases" for the JV Real Estate with subsidiaries of the Joint Venture, in which the rent payable by the Debtors funded, on a *de facto* basis, the debt service underlying the acquisition of the JV Real Estate and the Freedman Real Estate.  In addition to rent, the Debtors had to pay all taxes, insurance and other operating costs for the leased space.

4.      The Transaction closed on January 11, 2018.  The Debtors spectacularly failed from inception; ultimately filing for bankruptcy less than eighteen months later on June 30, 2019 and July 1, 2019.

5.      The Committee and the Debtors have spent months investigating potential claims and causes of action against Mr. Freedman and certain related parties referred to as the "MBNF Non-Debtor Parties,"[2] the HSRE Entities and others, including with respect to the acquisition structure and post-closing operations at the Hospitals.    To be clear, the definition of MBNF Non-Debtor Parties used by the Debtors, the Committee and the MBNF Non-Debtor Parties is much broader than the definition used by the HSRE Entities in their motions.

6.      By letter dated January 4, 2021 (the "**Claim Letter**"), the Debtors and the Committee asserted Debtors' estates' claims and causes of action against the MBNF Non-Debtor Parties (collectively, the "**MBNF Estate Claims**").

7.      By letter dated February 23, 2021, the MBNF Non-Debtor Parties responded to the Claim Letter, generally denying the MBNF Estate Claims.

8.      Following good faith and arm's length discussions, the Debtors, the Committee and the MBNF Non-Debtor Parties (collectively, the "**Mediation Parties**") agreed to mediate (the "**Mediation**") the MBNF Estate Claims and the claims filed or otherwise asserted by the MBNF Non-Debtor Parties against the Debtors (collectively with the MBNF Estate Claims, as the "**MBNF Mediation Claims**").

9.      At the request of the Mediation Parties, the Court entered an order on February 23, 2021 [D.I. 2119], appointing the Honorable Kevin J. Carey (ret.) as Mediator over the MBNF Mediation Claims.

---

[2]      The "MBNF Non-Debtor Parties" include Joel Freedman, Stella Freedman, Svetlana Attestatova, Kyle Schmidt, MBNF Investments, LLC, American Academic Health System, LLC, Philadelphia Academic Health Holdings, LLC ("**PAHH**"), Front Street Healthcare Properties, LLC, Front Street Healthcare Properties II, LLC, Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC, Philadelphia Academic Risk Retention Group, LLC, Paladin Healthcare Capital, LLC ("**PHC**"), Paladin Healthcare Management, LLC, Paladin Capital and Globe Health Foundation, Inc.

10.     As of the date of this Objection, the Mediation Parties have not yet completed written submissions to the Mediator, the Mediator has not yet scheduled any substantive Mediation sessions and it does not currently appear that Mediation sessions will begin prior to the June 30, 2021 omnibus hearing date in the Debtors' Chapter 11 Cases (the "**Omnibus Hearing**").  In the unlikely event that a Mediation session is scheduled to begin prior to the Omnibus Hearing, the Mediation will certainly not conclude prior to the Omnibus Hearing.

11.     Meanwhile, the HSRE Entities, in their capacity as former landlords to certain of the Debtors, have filed claims against all of the Debtors related to the Master Leases.  As detailed in the Motion to Shorten and the Motion to Intervene, the HSRE Entities have also asserted significant claims against only two of the MBNF Non-Debtor Parties, PAHH and PHC. Contrary to the suggestion in the HSRE Entities' motions, none of the HSRE Entities have a direct claim against the MBNF Non-Debtor Parties that own the Freedman Real Estate.

12.     By the Motion to Intervene, the HSRE Entities seek extraordinary relief. Specifically, the HSRE Entities ask the Court to turn a consensual Mediation into an "involuntary" Mediation, by forcing the Debtors and the Committee to include competing creditors of certain of the MBNF Non-Debtor Parties in a mediation of estate claims by and against the MBNF Non-Debtor Parties.  As made clear by their motions, the HSRE Entities seek to insert themselves into the Mediation, not to benefit the Debtors or their estates and creditors, but to protect their own interests and to ensure that their competing claims against certain of the MBNF Non-Debtor Parties are protected and receive paramount treatment.

13.     As will be set forth in the Debtors' and the Committee's objection to the Motion to Intervene, there is no legal basis for the HSRE Entities, former landlords of certain of the

Debtors, and competing creditors against certain of the MBNF Non-Debtor Parties, to force the Debtors and the Committee to include HSRE in the Mediation of the MBNF Mediation Claims.

14.     But, more fundamentally, the Debtors and the Committee, each of which are fiduciaries of the Debtors' estates, in the exercise of their business judgment, have determined that the interests of the Debtors, their estates and their creditors would best be served by proceeding with the Mediation of the MBNF Mediation Claims only, at this time, without the distraction of including the HSRE Entities, who are not estate fiduciaries and who have their own agenda; an agenda that is inconsistent with the goals of the Debtors and the Committee.

15.     The MBNF Mediation Claims are significant, complex and include (a) claims wholly unrelated to the claims alleged in the Motion to Intervene; and (b) claims against MBNF Non-Debtor Parties against which the HSRE Entities hold no claims. The Mediation will take significant time. The Debtors and the Committee strongly believe that settlement of the claims is far more likely, and the Mediation will be more productive, without the HSRE Entities' participation, at least for now. While the HSRE Entities may disagree, there is no basis to substitute their, admittedly self-serving, judgment for that of the Debtors and the Committee.

16.     Contrary to HSRE's assertions in the Motion to Shorten and the Motion to Intervene, the MBNF Non-Debtor Parties have informed the Debtors that the MBNF Non-Debtor Parties agree, at least initially, that HSRE should not participate in the Mediation. *See* May 15, 2021 email from Suzzanne Uhland to Jeffrey C. Hampton, attached hereto as **Exhibit A** ("We are not contemplating involving [the HSRE Entities] until we have had sessions with the Debtors and the Committee.").

17.     As for HSRE's Motion to Shorten, the motion should be denied. There is no reason why the Motion to Intervene cannot be considered at the Omnibus Hearing with the

Debtors and the Committee having a full and fair opportunity to respond to the motion.   The Mediation Parties have not completed written Mediation submissions and no Mediation sessions have yet been scheduled.  Accordingly, HSRE will suffer no prejudice if the Motion to Shorten is denied and HSRE is required to schedule the Motion to Intervene for the Omnibus Hearing.

18.     With exhibits, the Motion to Intervene is 33 pages.  On quick review, the Motion to Intervene appears to contain a number of factually inaccurate statements and cites to what appears to be inapposite case law.  The Debtors and the Committee need more than three (3) business days to review the Motion to Intervene and to coordinate a complete and appropriate response.  If forced to respond on an expedited basis, the Debtors and the Committee will be prejudiced.

19.     Moreover, the Mediation is not a surprise, nor is the Debtors' and the Committee's position that the Debtors' estates and creditors are best served now by proceeding to Mediation over the MBNF Mediation Claims without the HSRE Entities' participation at this time.  The order appointing retired Judge Carey as Mediator was docketed almost four months ago and, as conceded in the HSRE Entities' counsel's May 9, 2021 email attached to the Motion to Intervene at Exhibit C, the HSRE Entities were told months before the email that the Debtors and the Committee declined the HSRE Entities' request to insert themselves into the Mediation. Now, the HSRE Entities seek to inconvenience the Court and to prejudice the Debtors and the Committee by having their Motion to Intervene heard on an emergency, expedited basis.  The Motion to Shorten should be denied.

[The balance of this page intentionally left blank]

WHEREFORE, for the foregoing reasons, the Debtors and the Committee respectfully request that the Court deny the Motion to Shorten and grant the Debtors and the Committee such other and further relief as is just and proper.

Dated: June 10, 2021
Wilmington, Delaware

**SAUL EWING ARNSTEIN & LEHR LLP**

/s/ *Mark Minuti*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

- and –

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for the Debtors and Debtors in Possession*

**FOX ROTHSCHILD LLP**

/s/ *Seth A. Niederman*
Seth A. Niederman (No. 4588)
919 North Market Street, Suite 300
Wilmington, DE 19899
Telephone: 302-654-7444
Facsimile: 302-656-8920
Email: sniederman@foxrothschild.com

- and –

Andrew H. Sherman (*pro hac vice*)
Boris I. Mankovetskiy (*pro hac vice*)
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, NJ 07102
Telephone:  973-643-7000
Facsimile:  973-643-6500
Email: asherman@sillscummis.com
            bmankovetskiy@sillscummis.com

*Counsel for the Official Committee of Unsecured Creditors*

-7-