# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMAN UNIVERSAL HOSPITAL, *et al*.,[1] | ) Case No. 19-11466 (MFW) |
|  | ) Jointly Administered |
|  | **Hearing Date: Jul. 22, 2021 at 10:30 a.m. (ET)** |
| Debtors. | **Objection Deadline: July 2, 2021 at 4:00 p.m. (ET)** |

## VICINITY'S MOTION TO ENFORCE 2019 STIPULATION AS THIRD PARTY BENEFICIARY

Vicinity Energy Philadelphia, Inc. ("Vicinity"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order enforcing this Court's *Order Approving Stipulation Between Debtors and Master Landlords Regarding Rejection of Leases and Allowed Administrative Expense Claim* [Dkt. 1057] and ordering Master Landlord PAHH Feinstein MOB LLC and/or Broad Street Healthcare Properties, LLC to pay Vicinity's outstanding account receivable in the amount of $220,573.74, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Motion, Vicinity respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC 98395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617). SCHC Pediatrics Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4065), TPS of PA, L.L.C. (4863), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), and (O).

2. The statutory basis for the relief requested herein is 11 U.S.C. § 105.

**BACKGROUND**

3. On July 1, 2019 (the "Petition Date"), Center City Healthcare, LLC ("Hahnemann"), St. Christopher's Healthcare, LLC ("St. Chris"), and SCHC Pediatric Associates, L.L.C. ("SCHC") and certain of their affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. Vicinity provides steam utility services to customers in the Philadelphia area. As such, Vicinity f/k/a Veolia Energy Philadelphia, Inc., is the successor in interest to Trigen-Philadelphia Energy Corporation ("Trigen"), and purchased that entity in a Transaction that closed on December 30, 2019. On July 1, 2002, Trigen and Tenet Health Systems Philadelphia, Inc. ("Tenet") entered into a "Steam Agreement" for provision of steam service to Hahnemann University Hospital ("HUH") A copy of the Steam Agreement is attached to the Declaration of Karen Nolan, Vicinity's Director of Account dated June 15, 2021 ("Dec.") as Exhibit A. As the Court is aware, in early 2018, the Tenet group sold Hahnemann to the Joel Freedman controlled Philadelphia Academic Health Holdings, LLC ("PAHH"). An organization chart setting forth the PAHH and subsidiaries structure, previously filed in these chapter 11 cases by the Debtors, is attached to the Dec. as Exhibit B. Upon information and belief, as part of Tenet's sale of Hahnemann to PAHH, Tenet assigned the Steam Agreement to PAHH's parent American

Academic Health Systems, LLC ("AAHS"), PAHH and/or its subsidiaries or affiliates PAHH Feinstein MOB LLC ("Feinstein MOB") and/or Broad Street Healthcare Properties, LLC ("Broad Street") AAHS, Tenet and Veolia Energy Philadelphia, Inc. drafted but apparently never signed an "Assignment and Assumption of Steam Purchase Agreement" in January 2018, a copy of which is attached to the Dec. as Exhibit C. Feinstein MOB owns and operates 230 N. Broad Street, Philadelphia, Pennsylvania 19102 ("230 N. Broad Street"), and Broad Street owns and operates 1501 Race Street, Philadelphia, Pennsylvania 19102 ("Race Street"), which are contiguous properties.2

5. On the Petition Date, the Debtors also filed a number of first day motions, including the *Motion of the Debtors for Entry of Interim and Final Orders Pursuant to Sections 105(a), 363, and 1108 of the Bankruptcy Code (A) Authorizing the Debtors to Implement a Plan of Closure for Hahnemann University Hospital and (B) Scheduling a Final Hearing* [Dkt. 15] (the "Closure Motion"). Pursuant to the Closure Motion, the Debtors sought to implement a plan for the closure of HUH.

6. On July 16, 2019, the Debtors filed the *Debtors' Motion for Entry of (A) and Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially All Assets of St. Christopher's Healthcare, LLC and Certain Related Debtors and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof,*

---

2  Vicinity entered into a new steam service agreement dated February 13, 2020 with Feinstein MOB, for steam service for 230 N. Broad Street. Similarly, Vicinity entered into a new steam service agreement dated December 1, 2020 with Broad Street Healthcare for steam service for Race Street. Those new steam service agreements are attached to the Dec. as Exhibits D and E, respectively (together, the "New Steam Agreements").

*(III) Establishing Procedures in Connection with the Selection of and Protections Afforded to Any Stalking Horse Purchasers, and (IV) Granting Related Relief* [Dkt. 205] seeking to establish bidding procedures and the scheduling of a hearing on the sale of substantially all of the assets of St. Christopher's HealthCare, LLC, SCHC, St. Christopher's Pediatric Urgent Care Center, LLC, SCHS Pediatric Anesthesia Associates, L.L.C., St. Chris Care at Northeast Pediatrics, L.L.C., and TPS V of PA, L.L.C., St. Chris Care at Northeast Pediatrics, L.L.C., and TPS V of PA, L.L.C. (collectively, the "St. Chris Assets"). The Debtors' sale of the St. Chris Assets was approved by order dated September 27, 2019.

7. Due to a number of objections to the Closure Motion, the Court did not rule on the relief requested therein. The Debtors closed HUH after winding down its operations by transitioning the services provided to other locations.

8. On November 25, 2019, the Court entered the *Order Approving Stipulation Between Debtors and Master Landlords Regarding Rejection of Leases and Allowed Administrative Expense Claim* (the "Stipulation"), a copy of which is attached to the Dec as Exhibit F. [Dkt. 1057]. The Stipulation is an agreement between the Debtors and PAHH Bellet MOB, LLC, PAHH Broad Street MOB, LLC, PAHH Feinstein MOB, LLC, PAHH New College, MOB, LLC, PAHH Wood Street Garage, LLC, and PAHH Erie Street Garage, LLC (collectively, the "Master Landlords"). The Stipulation contains, among other things, a provision addressing the payment of utility services. [Dkt. 1057-1]. Importantly, the Stipulation provides that "[t]he Master Landlords shall commence payment of all utility services . . . after November 15, 2019. The allocation for such utilities shall be agreed by the Debtors and the Master Landlords and/or the Master Landlords' agent, in good faith." [Dkt. 1057-1 at ¶ 10].

9. In the time since the Stipulation was approved, all amounts due to Vicinity have been paid, save for the amount due for the period of November 15, 2019 to December 9, 2019. A true and correct copy of Vicinity's invoice for services provided during that period and after entry of the Stipulation ("2019 Invoice") is attached to the Dec. as Exhibit G.

10. The 2019 Invoice is in the amount of $485,737.36 for service rendered to Feinstein MOB at 230 N. Broad Street and to Broad Street at Race Street, and, at the time, all steam service was billed to Feinstein MOB. Feinstein MOB has represented to Vicinity that its usage of the steam service billed on the 2019 Invoice was approximately 54%, and accordingly, on or about November 20, 2020, Feinstein MOB paid to Vicinity at total of $265,164.02. Accordingly, $220,573.34 remains due on the 2019 Invoice ("Outstanding Balance").

11. Thus, Broad Street apparently received approximately 46% of the steam service at issue and should pay for same on both quantum meruit and goods had and received theories. The sharing of the steam service delivered as reflected on the 2019 Invoice is further evidenced by the fact that, shortly after the invoice was rendered, Broad Street and Feinstein MOB requested that Vicinity "sub-meter" the Race Street property (i.e. install a separate steam meter at Race Street to record Broad Street's usage) and enter into the New Steam Agreements discussed in Footnote 2, above. Feinstein MOB, as the successor counterparty under the Steam Agreement, is likewise obligated to pay the balance due under the 2019 Invoice to Vicinity. Moreover, as one of the Master Landlords party to the Stipulation, Feinstein MOB is likewise obligated to pay said amounts. The Stipulation provides that "[t]he Master Landlords shall commence payment of all utility services . . . after November 15, 2019." As discussed below, Vicinity is a third party beneficiary of the Stipulation.

5

12. After the Petition Dates and entry of the Stipulation, Vicinity has continued to perform services to 230 N. Broad Street and Race Street. These services were necessary for the continued operation of the property by Feinstein MOB and Broad Street. Payment for these services by Feinstein MOB as a Master Landlord was a material term of the Stipulation.

13. Accordingly, by this Motion, Vicinity as third party beneficiary of the Stipulation, seeks an Order enforcing the Stipulation and compelling Feinstein MOB to pay the Outstanding Balance pursuant to paragraph 10 of the Stipulation. Moreover, Broad Street is one of the non-debtor "PropCos" created by the Freedman-controlled AAHS and PAHH in their 2018 purchase of HUH and St. Christopher's Children's Hospital, and appears to be a wholly-owned subsidiary of PAHH. *See* Ex. B.

14. The Stipulation provides that the Master Landlords and the Debtors shall negotiate in good faith to allocate the payments for utility services for the period after November 15, 2019. While Broad Street is not a Debtor, it is certainly controlled by the Freedman-controlled PAHH which also controls the Debtors. The Debtors thus have an obligation to negotiate with Feinstein MOB and allocate Broad Street's share of the 2019 Invoice, i.e. the Outstanding Balance, to their affiliate Broad Street and cause that entity to pay the same.

## RELIEF REQUESTED

15. By this Motion, Vicinity seeks entry of an order compelling the Feinstein MOB and Broad Street to comply with the Stipulation and pay the Outstanding Balance and Vicinity's attorneys' fees and costs incurred in connection with this Motion. Section 105 of the Bankruptcy Code provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. In the Order approving the

2019 Stipulation, this Court retained jurisdiction to enforce the terms of the Stipulation. [Dkt. 1057, p. 2.]

16. In the Third Circuit, "[a] consensual stipulation of the parties is 'to be interpreted according to the general principles of contract law.'" *USX Corp. v. Penn Cent. Corp.*, 130 F.3d 562, 566 (3d Cir. 1997) (quoting *Pittsburgh Terminal Corp. v. Baltimore & Ohio Railroad Co.*, 824 F.2d 249, 254 (3d Cir. 1987)). In Delaware, "a party 'qualifies as a third party beneficiary' with standing to pursue a contract claim if it is an 'intended beneficiary,' as opposed to an 'indirect beneficiary.'" *Nasdaq, Inc. v. Exchange Traded Managers Group, LLC*, 431 F.Supp.3d 176, 236 (S.D.N.Y. 2019) (citing *Empire Fire & Marine Ins. Co. v. Miller*, 2012 WL 1151031, at *5 (Del. Com. Pl. Apr. 5, 2012)). A party is an intended beneficiary where the third party stands to benefit from the contract "and either (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or (b) the circumstances indicate the promisee intends to give the beneficiary the benefit of the promised performance." *Comrie v. Enterasys Networks, Inc.*, 2004 WL 293337, at *3 n.25 (Del. Ch. Feb. 17, 2004). *See also Madison Realty Partners 7, LLC v. AG ISA, LLC,* 2001 WL 406268 at *5 (Del. Ch. Apr.17. 2001)(three elements of a third-party beneficiary claims are "(1) an intent between the contracting parties to benefit a third party through the contract, (2) the benefit being intended to serve as a gift or in satisfaction of a pre-existing obligation to the third party, and (3) a showing that benefitting the third party was a material aspect to the parties agreeing to the contract.")

17. Here, Vicinity is clearly a third party beneficiary to the 2019 Stipulation. Pursuant to paragraph 10 of the Stipulation, the parties intended to provide a benefit to Vicinity and other utility vendors by in good faith negotiating the allocation of payment for utility services for the

subject properties after November 15, 2019. Based upon information provided to Vicinity by Feinstein MOB, and evidenced by Feinstein MOB's partial payment of the 2019 Invoice and Feinstein MOB's and Broad Street's request that Vicinity sub-meter the Race Street property, it appears clear that Broad Street was the recipient and user of the steam service represented by the Outstanding Balance.

18. As for Broad Street, if necessary, Vicinity can assert a common law claim for *quantum meruit* and unjust enrichment. Under Delaware law, a *quantum meruit* claimant must show that he "performed services with an expectation that the defendant would pay for them, and that the services were performed under circumstances which should have put the defendant on notice that the performing party expected to be paid by the defendant." *Shah v. Am. Solutions, Inc.*, 2012 WL 1413593, at *7 (Del. Super. Mar. 8, 2012). Clearly, Broad Street knew that the steam for the Race Street property was being delivered by Vicinity and that Vicinity expected to be paid therefor, and Vicinity clearly delivered steam with the expectation that the owner of Race Street would pay for same. As for unjust enrichment, such a claim is premised upon "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010) (*quoting Fleer Corp. v. Topp Chewing Gum, Inc.*, 539 A.2d 1060, 1062 (Del. 1988)). Broad Street's retention and exhaustion of the steam represented by the Outstanding Balance without paying Vicinity for the same both occasions a loss for Vicinity and is manifestly unjust.

19. Vicinity respectfully submits (i) that the Stipulation's broad mandate that the Master Landlords and the Debtors arrange in good faith for the allocation and payment of utility

service to the subject properties should be deemed to encompass the obligations of the Debtors' PropCo - and Freedman controlled - affiliate Broad Street, and (ii) that this Court's retained jurisdiction over the Stipulation provides Vicinity an appropriate forum here to obtain an order directing Broad Street to pay its just debt.

20.     Despite the clear terms of the Stipulation, the Outstanding Balance remains unpaid. Accordingly, Feinstein MOB and Broad Street should be compelled to pay the Outstanding Balance of the 2019 Invoice pursuant to the terms of the Stipulation and this Court's inherent powers under 11 U.S.C. § 105.

## NOTICE

21.     Notice of this Motion has been provided to the following parties and/or counsel (if known): (a) counsel to the Debtors; (b) the Office of the United States Trustee for the District of Delaware; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to PAHH Feinstein MOB, LLC; (e) counsel to Broad Street Healthcare Properties, LLC and (f) those parties requesting notice pursuant to Federal Rule of Bankruptcy Procedure 2002.  Vicinity submits that, considering the nature of the relief requested, no other or further notice is necessary.

## CONCLUSION

Vicinity respectfully requests that the Court enter an order compelling the payment of the Outstanding Balance due to Vicinity pursuant to the terms of the Stipulation, and granting such other relief as the Court deems just and proper.

**GIBBONS P.C.**

Dated: June 17, 2021

9

By: /s/ *Howard A. Cohen*
Howard A. Cohen (DE 4082)
300 Delaware Ave., Suite 1015
Wilmington, DE 19801-1671
Telephone:   (302) 518-6300
Facsimile:   (302) 429-6294
Email:   hcohen@gibbonslaw.com

-and-

Dale E. Barney, Esq.
One Gateway Center
Newark, New Jersey 07102
Telephone:   (973) 596-4500
Facsimile:   (973) 596-0545
E-mail: dbarney@gibbonslaw.com

*Attorneys for Vicinity Energy Philadelphia, Inc.*