# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL,<br><br>      Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES INC.,<br><br>      Defendant. | Adv. Proc. No. 21-_____ (MFW) |

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 & 550
AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Plaintiff Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**" or "**Plaintiff**"), by its undersigned counsel, as and for its *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548 & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d)* ("**Complaint**") against the above-captioned defendant (the "**Defendant**"), alleges as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

**NATURE OF ACTION**

1. Pursuant to Sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Plaintiff seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all transfers of property of Plaintiff during the ninety-day period (the "**Avoidance Period**") prior to commencement of the above-captioned bankruptcy cases (the "**Chapter 11 Cases**").

2. In addition, Plaintiff seeks, pursuant to Sections 548 and 550 of the Bankruptcy Code, to avoid and recover from the Defendant, or any other person for whose benefit the transfers were made, any fraudulent transfers made during the Avoidance Period.

3. Plaintiff has conducted an analysis of the transfers made to the Defendant during the Avoidance Period and have determined that transfers in the aggregate amount of at least $369,630.76 are avoidable and not protected from avoidance by any applicable defense.

4. Plaintiff also seeks to disallow, pursuant to Sections 502(d) and (j) of the Bankruptcy Code, any claims that the Defendant has filed or asserted against any of the Debtors or that have been scheduled for the Defendant, notwithstanding whether any such claim previously has been subject to objection and/or allowed in full or in part by stipulation or prior order of the Court.

5. During the course of this Adversary Proceeding, Debtors may learn (through discovery or otherwise) of additional transfers made to the Defendant during or before the Avoidance Period that are avoidable under Sections 547 and/or 548 of the Bankruptcy Code. Debtors intend to avoid and recover all such transfers made to or for the benefit of the Defendant or any other transferee during the Avoidance Period. Debtors reserve the right to amend this Complaint to include, without limitation: (i) further information regarding the Transfers (as such term is defined below), (ii) additional transfers made during or before the Avoidance Period,

(iii) additional plaintiffs, (iv) modifications of and/or revision to the Defendant's name, (v) additional defendants, and (vi) additional causes of action, if applicable (collectively, the "**Amendments**"), that may become known at any time during this Adversary Proceeding, through formal discovery or otherwise, and intend for any such Amendments to relate back to this Complaint.

## THE PARTIES

6. On June 30, 2019 or July 1, 2019, the above-captioned debtors and debtors-in-possession including CCH, PAHS and SCH (collectively, the "**Debtors**"), commenced the above-captioned Chapter 11 Cases. CCH commenced its Chapter 11 Case on June 30, 2019 (the "**Petition Date**").

7. From and after January 11, 2018, and through the Petition Date, CCH was the owner and operator of Hahnemann University Hospital, located in Philadelphia, Pennsylvania.

8. Debtor Philadelphia Academic Health System, LLC ("**PAHS**") is the owner of 100% of the membership interests in and the sole manager of CCH.

9. No trustee has been appointed for any of the Debtors in the Chapter 11 Cases and the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. Accordingly, Plaintiff has the authority to file this Complaint commencing, and thereafter to prosecute, this adversary proceeding to avoid and recover preferential and fraudulent transfers and to disallow claims.

10. The Defendant is a corporation formed under the laws of the State of Illinois with its principal office address at 100 Abbott Park Rd, Abbott Park, Illinois, 60064 ("**Defendant's Office**").

11. The Defendant can be served with process by sending a copy of the Complaint by regular United States mail to (i) an appropriate officer or managing or general agent at Defendant's Office, or (ii) Defendant's registered agent in the State of Illinois.

## JURISDICTION AND VENUE

12. The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

13. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders herein.

14. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff affirms their consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in this adversary proceeding consistent with Article III of the United States Constitution.

15. Venue of this adversary proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## FACTS

16. During the Avoidance Period, all of the Debtors were obligors under that certain Credit and Security Agreement dated as of January 11, 2018 (as amended and restated or otherwise modified from time to time, the "**MidCap Facility**") provided by MidCap Funding IV Trust and other entities related to MidCap Funding IV Trust (collectively, "**MidCap**").

17. Due to the manner in which draws under the MidCap Facility were funded, the Debtors used a combined cash management system for the collection of revenues, paydowns on the MidCap Facility, and the payment of the Debtors' other obligations.

18. Specifically, at all relevant times prior to and as of the Petition Date, PAHS maintained, *inter alia*, certain master deposit and concentration accounts. In addition, at all relevant times prior to and as of the Petition Date, the operating Debtors, including CCH, maintained government and non-government revenue lockbox accounts for collections.

19. Receipts from government and non-government payors were received by CCH in its lockbox accounts, which in turn were transferred into PAHS's master deposit account (the "**Master Deposit Account**"). On a daily basis, MidCap would sweep the Master Deposit Account in order to pay the Debtors' joint loan obligations to MidCap.

20. The Debtors submitted aggregate loan advance requests to MidCap based on their respective funding needs. MidCap funded loan advances into a single bank account maintained by PAHS (the "**Master Concentration Account**").

21. The funds advanced into the Master Concentration Account were intended, *inter alia*, for payment of the Debtors' obligations.

22. Payments of the Debtors' obligations made by check were made from an account maintained by CCH (the "**CCH Disbursement Account**"). On a daily basis funds necessary to cover checks presented on the CCH Disbursement Account were transferred to the CCH Disbursement Account from the Master Concentration Account.

23. Prior to the Petition Date, CCH made certain transfers to Defendant for goods and/or services provided by Defendant, pursuant to invoices or statements submitted by Defendant reflecting such goods and/or services previously provided, including but not limited to the transactions between the parties identified on **Exhibit A** attached hereto (the "**Transfers**").

24. **Exhibit A** sets forth the details of each of the Transfers, including the applicable check number, payment date, amount, the invoice(s) and invoice number(s) to which such payment relates, the invoice date(s), and the invoice amount(s) paid thereby. The aggregate amount of the Transfers, all of which were on account of antecedent obligations as contemplated by Section 547 of the Bankruptcy Code, is not less than $369,630.76.

25. The Debtors have filed a proposed plan of liquidation in the Chapter 11 Cases that does not provide for payment in full of the claims of general unsecured creditors of any of the Debtors. General unsecured creditors will not receive payment in full on account of their claims in any of the above-captioned bankruptcy cases.

26. Plaintiff sent a demand letter to Defendant inviting an exchange of information regarding any potential defenses with respect to the Transfers identified on **Exhibit A** (the "**Demand**") but to date, no response was received to the Demand.

27. Plaintiff further acknowledges that (i) it is possible some Transfers might be subject in whole or in part to defenses under Section 547(c) of the Bankruptcy Code, and (ii) Defendant bears the burden of proof pursuant to Section 547(g) of the Bankruptcy Code to establish any defense(s). In accordance with Bankruptcy Code Section 547(b), Plaintiff has analyzed all readily available information and hereby seek to avoid all of the Transfers as set forth on **Exhibit A** as they reasonably believe all of such Transfers are avoidable after giving effect to Defendant's known or reasonably knowable affirmative defenses under Section 547(c) of the Bankruptcy Code.

## FIRST CLAIM FOR RELIEF

**(Avoidance of Preferential Transfers - 11 U.S.C. § 547)**

28. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 27 of the Complaint as though set forth fully herein.

38643497.1 06/23/2021

29. Within the Avoidance Period, CCH made the Transfers to Defendant in the aggregate amount of $369,630.76, as more specifically described in **Exhibit A**.

30. Each of the Transfers to the Defendant was a transfer of property of CCH as indicated on **Exhibit A**.

31. Each of the Transfers was made to or for the benefit of the Defendant.

32. With respect to each of the Transfers the Defendant was a creditor of CCH (within the meaning of 11 U.S.C. § 101(10)) or, alternately, received such Transfer for the benefit of a creditor or creditors of CCH.

33. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by CCH to the Defendant.

34. Each of the Transfers was made while CCH was insolvent.

35. Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the Transfer had not been made, and (ii) the Defendant received payment on account of the debt paid by the Transfer to the extent provided by the Bankruptcy Code.

36. As of the date hereof, the Defendant has not returned any of the Transfers to CCH.

37. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## SECOND CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfers - 11 U.S.C. § 548)

38. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 37 of the Complaint as though set forth fully herein.

39. To the extent one or more of the Transfers identified on **Exhibit A** is asserted to be unavoidable under Section 547 of the Bankruptcy Code because, inter alia, such Transfer was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently

7

received, Plaintiff pleads in the alternative that such Transfer (a "**Potentially Fraudulent Transfer**") is avoidable under Section 548 of the Bankruptcy Code as:

(a) Plaintiff received less than a reasonably equivalent value in exchange for such Potentially Fraudulent Transfer; and

(b) Plaintiff: (i) was insolvent on the date such Potentially Fraudulent Transfer was made or became insolvent as a result of such Potentially Fraudulent Transfer, (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining was an unreasonably small capital; or (iii) intended to incur, or believed it would incur, debts beyond such Plaintiff's ability to pay as such debts matured.

40. Plaintiff is entitled to an order and judgment under Section 548 of the Bankruptcy Code that all such Potentially Fraudulent Transfers as described herein are avoided.

**THIRD CLAIM FOR RELIEF**

**(Recovery of Property -- 11 U.S.C. § 550)**

41. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 40 of the Complaint as though set forth fully herein.

42. As alleged above, Plaintiff is entitled to avoid the Transfers under Section 547 and/or Section 548 of the Bankruptcy Code.

43. As Defendant is the initial, immediate, or mediate transferee of the Transfers, Plaintiff is entitled to receive for its bankruptcy estate the proceeds or value of the Transfers under Section 550 of the Bankruptcy Code.

## FOURTH CLAIM FOR RELIEF

### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

44. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 43 of the Complaint as though set forth fully herein.

45. Defendant is a transferee of transfers avoidable pursuant to Sections 547 and 548 of the Bankruptcy Code, which property is recoverable under Section 550 of the Bankruptcy Code.

46. Defendant has not paid the amount of the Transfer(s), or turned over such property, for which Defendant is liable under Section 550 of the Bankruptcy Code.

47. Pursuant to Sections 502(d) and (j) of the Bankruptcy Code, and irrespective of whether any order or stipulation allowing the Defendant's claims has been approved by the Court, any claims filed by, or scheduled in favor of, Defendant in the Chapter 11 Cases must be disallowed, and if previously allowed, allowance must be reconsidered, until such time as Defendant returns amounts equal to the aggregate amount of the Transfers, plus interest thereon and costs.

WHEREFORE, Plaintiff prays for judgment as follows:

(a) For a determination that the Transfers are avoidable preferential transfers under 11 U.S.C. § 547, as applicable, and that Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code;

(b) For a determination that the Transfers are avoidable under 11 U.S.C. § 548, as applicable, and that Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code;

(c) Disallowing any claims filed by, or scheduled in favor of, Defendant under 11 U.S.C. § 502(d);

(d) Awarding to Plaintiff the costs of suit incurred herein, including pre-judgment interest; and

(e) For such other and further relief as the Court may deem just and proper.

Dated: June 23, 2021                **SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ John D. Demmy*
Mark Minuti (DE Bar No. 2659)
John D. Demmy (DE Bar No. 2802)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-6813
mark.minuti@saul.com
john.demmy@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Jorge Garcia
Shannon A. McGuire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
jorge.garcia@saul.com
shannon.mcguire@saul.com

*Counsel for the Plaintiff*

38643497.1 06/23/2021