# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>  Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC, ST. CHRISTOPHER'S HEALTHCARE, LLC, PHILADELPHIA ACADEMIC MEDICAL ASSOCIATES, LLC, HPS OF PA, L.L.C., SCHC PEDIATRIC ASSOCIATES, L.L.C., ST. CHRISTOPHER'S PEDIATRIC URGENT CARE CENTER, L.L.C., SCHC PEDIATRIC ANESTHESIA ASSOCIATES, L.L.C., STCHRIS CARE AT NORTHEAST PEDIATRICS, L.L.C., TPS OF PA, L.L.C., TPS II OF PA, L.L.C., TPS III OF PA, L.L.C., TPS IV OF PA, L.L.C. and TPS V OF PA, L.L.C.,<br><br>  Plaintiffs,<br><br>v.<br><br>HRE CAPITAL, LLC f/k/a HEALTHCARE REAL ESTATE CAPITAL, LLC,<br><br>  Defendant. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Adv. Proc. No. 21-_____ (MFW) |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF**
**FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548 & 550**

Plaintiffs Center City Healthcare, LLC, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC, HPS of PA, L.L.C., SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., StChris Care at Northeast Pediatrics, L.L.C., TPS of PA, L.L.C., TPS II of PA, L.L.C., TPS III of PA, L.L.C., TPS IV of PA, L.L.C., and TPS V of PA, L.L.C. (collectively, the "**Debtors**" or the "**Plaintiffs**"), by their undersigned counsel, as and for their *Complaint for Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548 & 550* ("**Complaint**") against the above-captioned defendant (the "**Defendant**"), allege as follows:

**NATURE OF ACTION**

1.    Pursuant to Section 548 and 550 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Plaintiffs seek to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all transfers of property of the Plaintiffs during the two year period prior to commencement of the above-captioned bankruptcy cases (the "**Chapter 11 Cases**").

2.    During the course of this Adversary Proceeding, Debtors may learn (through discovery or otherwise) of additional transfers made to the Defendant that are avoidable under Section 548 of the Bankruptcy Code. Debtors intend to avoid and recover all such transfers made to or for the benefit of the Defendant or any other transferee. Debtors reserve the right to amend this Complaint to include, without limitation: (i) further information regarding the Transfer (as such term is defined below), (ii) additional transfers made to Defendant, (iii) additional plaintiffs, (iv) modifications of and/or revision to the Defendant's name, (v) additional defendants, and

2

(vi) additional causes of action, if applicable (collectively, the "**Amendments**"), that may become known to Plaintiffs at any time during this Adversary Proceeding, through formal discovery or otherwise, and intend for any such Amendments to relate back to this Complaint.

## THE PARTIES

3. On June 30, 2019 or July 1, 2019 (the "**Petition Date**"), the Debtors, commenced the above-captioned Chapter 11 Cases.

4. No trustee has been appointed for any of the Debtors in the Chapter 11 Cases and the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. Accordingly, Plaintiffs have the authority to file the Complaint commencing, and thereafter to prosecute, this adversary proceeding to avoid and recover fraudulent transfers.

5. The Defendant is a limited liability company formed under the laws of the State of Florida with its principal office address at 2506 Florida Avenue, West Palm Beach, Florida 33401 ("**Defendant's Office**").

6. The Defendant can be served with process by sending a copy of the Complaint by regular United States mail to (i) an appropriate officer or managing or general agent at Defendant's Office, or (ii) Defendant's registered agent in the State of Florida.

## JURISDICTION AND VENUE

7. The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

8. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders herein.

9. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiffs affirm their consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in this adversary proceeding consistent with Article III of the United States Constitution.

10. Venue of this adversary proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## FACTS

11. On August 31, 2017, certain entities controlled by Joel Freedman ("**Freedman**") and entities controlled by or affiliated with Harrison Street Real Estate, LLC (collectively, the "**HSRE Entities**"), and Tenet Business Services Corporation and certain of its affiliates (collectively, "**Tenet**"), entered into an asset sale agreement (as amended, the "**ASA**") for the sale of, *inter alia*, Hahnemann University Hospital ("**HUH**"), St. Christopher's Hospital for Children ("**STC**," and together with HUH, the "**Hospitals**"), and certain real property (collectively, the "**Project Liberty Transaction**").

12. In connection with the ASA, Freedman created (i) "OpCo" entities (currently the Debtors in the Chapter 11 Cases), which purchased the Hospitals and various related practice groups (the "**Practice Groups**"), and (ii) several "PropCo" entities, which took ownership of certain real estate, including the real estate on which the Hospitals were located (the "**Freedman Real Estate**").

13. Certain other valuable real estate (the "**JV Real Estate**") was acquired in the Project Liberty Transaction by HSRE-PAHH I, LLC, a joint venture (the "**Joint Venture**") owned by one of the HSRE Entities, as majority owner, and Philadelphia Academic Health Holding, LLC ("**PAHH**") (a Freedman-owned/controlled entity that was formed at the time of the acquisition), as minority owner.

14. The Project Liberty Transaction was funded primarily by the following: (a) a $51 million loan (the "**HSRE Loan**") from one of the HSRE Entities to non-debtor PAHH, secured solely by Mr. Freedman's indirect interest in the Joint Venture; (b) a $110.5 million mortgage loan to the Joint Venture, for the purchase of the JV Real Estate and the funding of certain reserves and escrows relating to such real estate, which HSRE arranged from Capital One Bank, N.A., and which was secured by mortgages on the Joint Venture's real estate; (c) an approximate $49.4 million draw on the Debtors' asset-based lending facility with Midcap Financial Trust and certain of its affiliates, for the purchase of the Hospitals' operating assets, the Practice Groups, and working capital, secured by liens on substantially all of the operating assets of the Hospitals and the Practice Groups; (d) $17.5 million of take-back financing from Tenet, secured by a mortgage on the real estate underlying STC, and guaranty by Mr. Freedman's affiliate Paladin Healthcare Capital, LLC ("**Paladin**") and a $5.0 million guaranty by Mr. Freedman.

15. Prior to execution of the ASA, on or about July 11, 2019, Defendant and Paladin entered into an Engagement Letter pursuant to which Defendant agreed to provide certain real estate advisory services to Paladin in exchange for compensation (the "**Engagement Letter**").

16. The Project Liberty Transaction closed on January 11, 2018 (the "**Closing**").

17. At the Closing of the Transaction, Freedman caused $3 million (the "**Transfer**") to be wired to Defendant to, upon information and belief, pay for the services Defendant performed for Paladin pursuant to the Engagement Letter.

18. The Transfer was sent by wire by Land Services USA, Inc. to Defendant to an account at Wells Fargo, N.A., Attn: Brent Ferrell.

19. The Transfer was a transfer of an interest in property of the Debtors.

20. The Transfer was made to the Defendant.

21. The Transfer was made within two years prior to the Petition Date.

22. The Debtors did not receive reasonable equivalent value for the Transfer.

23. The Debtors made the Transfer at a time when the Debtors (i) were insolvent, or became insolvent as a result of such Transfer, (ii) were engaged in a business or a transaction, or were about to engage in a business or a transaction for which any property remaining with Debtors was unreasonably small capital, or (iii) intended to incur or believe that they would incur debts that would be beyond the Debtors ability to pay such debts as they matured.

## FIRST CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfer - 11 U.S.C. § 548)**

24. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 23 of the Complaint as though set forth fully herein.

25. The Transfer is avoidable under Section 548 of the bankruptcy Code as:

(a) the Plaintiffs making the Transfer received less than a reasonably equivalent value in exchange for such Transfer; and

(b) the Plaintiffs making such Transfer: (i) was insolvent on the date such Transfer was made or became insolvent as a result of such Transfer, (ii) were engaged in

business or a transaction, or was about to engage in business or a transaction, for which any property remaining was an unreasonably small capital; or (iii) intended to incur, or believed they would incur, debts beyond such Plaintiffs' ability to pay as such debts matured.

26. Plaintiffs are entitled to an order and judgment under Section 548 of the Bankruptcy Code that the Transfer described herein is avoided.

## SECOND CLAIM FOR RELIEF

**(Recovery of Property -- 11 U.S.C. § 550)**

27. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 26 of the Complaint as though set forth fully herein.

28. As alleged above, Plaintiffs are entitled to avoid the Transfer under Section 548 of the Bankruptcy Code.

29. As Defendant is the initial transferee of the Transfer, Plaintiffs are entitled to receive for their bankruptcy estates the proceeds or value of the Transfer under Section 550 of the Bankruptcy Code from Defendant.

WHEREFORE, Plaintiffs pray for judgment as follows:

(a) For a determination that the Transfer is avoided under 11 U.S.C. § 548 and that the Plaintiffs are entitled to recover the Transfer under 11 U.S.C. § 550 of the Bankruptcy Code;

(b) Awarding to Plaintiffs the costs of suit incurred herein, including pre-and post-judgment interest; and

(c) For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: June 24, 2021 | **SAUL EWING ARNSTEIN & LEHR LLP** |

By:    */s/ Mark Minuti*
Mark Minuti (DE Bar No. 2659)
John D. Demmy (DE Bar No. 2802)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
john.demmy@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for the Plaintiffs*

38646869.1 06/24/2021