**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) **Objection Deadline: July 12, 2021 at 4:00 p.m. (ET)** |
| | ) **Hearing Date: July 22, 2021 at 10:30 a.m. (ET)** |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING
SETTLEMENT AGREEMENT BETWEEN THE DEBTORS
AND SECTOR FINANCIAL, LLC**

Center City Healthcare, LLC d/b/a Hahnemann University Hospital and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby move this Court (the "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("the "**Bankruptcy Rules**"), approving the Settlement Agreement, a copy of which is attached to the Proposed Order as **Exhibit 1** (the "**Settlement Agreement**") between the Debtors and Sector Financial, LLC ("**Sector**"). In support of this Motion, the Debtors rely upon the *Declaration of Allen Wilen in Support of Motion of the Debtors for Entry of an Order Approving Settlement Agreement between the Debtors and Sector Financial, LLC* attached hereto as **Exhibit B**, and respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

**Background**

4. On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

5. A description of the Debtors' businesses and the reasons for commencing these Chapter 11 Cases are set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2].

6. On February 19, 2019, prior to the Petition Date, debtor Philadelphia Academic Health System, LLC and Sector executed a document titled "Summary of Terms and Conditions" related to a purported revolving credit facility (the "**Revolver Term Sheet**").

7. On February 19, 2019, prior to the Petition Date, non-debtor Philadelphia Academic Health Holdings, LLC and Sector executed a document titled "Summary of Terms and Conditions" related to a purported term loan (the "**Term Loan Term Sheet,**" collectively with the Revolver Term Sheet as, the "**Term Sheets**").

8. On February 20, 2019, the Debtors wired Sector, and Sector received, a total of $250,000.00 representing the "deposits" under the Term Sheets (collectively, the "**Transfer**").

9. Soon after the Transfer, efforts regarding the purported Sector term loan and revolving credit facility ceased.

10. By letter dated May 28, 2021 (the "**Demand Letter**"), the Debtors notified Sector that the Transfer was a constructive fraudulent conveyance under 11 U.S.C. § 548 and proposed a compromise for the return of the Transfer.

11. The Debtors and Sector have engaged in good faith, arms-length negotiations in an attempt to resolve claims related to the Transfer.

12. Subject to Court approval, the Debtors and Sector now desire to resolve the claims related to the Transfer without the time, expense and uncertainty attendant with litigation over such issues on the terms set forth in the Settlement Agreement.

13. The Settlement Agreement provides, generally, that:[2]

- Sector shall pay the Debtors Two Hundred Twenty-Five Thousand Dollars ($225,000.00) (the "**Payment**").

---

[2] This description of the Settlement Agreement is meant only to be a summary of the key provisions of the Settlement Agreement. To the extent there is any inconsistency between this summary and the Settlement Agreement, the terms of the Settlement Agreement shall control.

- Subject to the Debtors' receipt of the Payment and Court approval of the Settlement Agreement by Final Order (as defined in the Settlement Agreement), the Debtors and Sector shall release each other from all claims related to the Transfer, the Demand Letter and the Term Sheets.

## RELIEF REQUESTED

14. By this Motion, the Debtors seek the entry of an Order, pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 9019(a), substantially in the form of the Proposed Order, (i) approving the Settlement Agreement and (ii) granting such other and further relief as this Court deems just and proper.

## BASIS FOR RELIEF REQUESTED

15. Bankruptcy Code section 105(a) provides, in pertinent part, that "the court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a). In addition, Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the Court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

16. Settlements and compromises are "a normal part" of the chapter 11 process. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Indeed, "compromises are favored in bankruptcy" because they minimize litigation and expedite the administration of a bankruptcy estate. *See In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *see also In re Key3Media Group, Inc.*, No. 03–10323 (MFW), 2006 WL 2842462, at *3 (D. Del. Oct. 2, 2006).

17. In considering a Bankruptcy Rule 9019(a) motion, a court must "balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *E.g.*, *Martin*, 91 F.3d at 393. Assessing this balance includes

38598899.1 06/28/2021

consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.*; *see also In re Nutraquest, Inc.*, 434 F.3d 639, 644-45 (3d Cir. 2006).

18. Notably, in determining whether to approve a proposed settlement, courts should not determine whether the debtor is getting the best possible settlement, but rather whether the compromise is reasonable. *See In re Integrated Health Services, Inc.*, Case No. 00-398 (MFW), 2001 WL 1820426, at *2 (Bankr. D. Del. Jan. 3, 2001) (explaining that in approving a settlement, a court is not to determine that the settlement is the best that can be achieved by the debtor but "rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness'").

19. Moreover, when deciding whether to approve a compromise, a court will normally accept the judgment of the movant as long as a legitimate business justification exists. *E.g.*, *Martin*, 91 F.3d at 395; *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 250 (D. Del. 1998); *see also In re Penn Central Transportation Co.*, 347 F. Supp. 1351, 1353 (E.D. Pa. 1972) (approving settlement agreement as reflection of business judgment). Once a debtor has articulated a valid business justification for a settlement, "[t]he business judgment rule is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (*quoting Smith v. Van Gorkam*, 488 A.2d 858, 872 (Del. 1985)).

20. Applying the foregoing standards to the present case, the Debtors have concluded, in the proper exercise of their business judgment, that the agreement embodied in the Settlement

Agreement is fair, reasonable and in the best interests of their estates and creditors. The Settlement Agreement also satisfies the *Martin* factors set forth above.

21. First, the factor of "probability of success in litigation" is satisfied in the present case. While the Debtors feel strongly that they would ultimate prevail in any litigation, the outcome of litigation is never certain and the settlement proceeds equate to a ninety percent (90%) recovery of the Transfer. Given the slight compromise, the Debtors submit that they have appropriately considered their likely success in the litigation in connection with the terms of the Settlement Agreement.

22. Next, the third *Martin* factor[3] is clearly met in the present case. Although the claims related to the Transfer are not complex, the costs and delay associated with litigation are appropriately accounted for in the compromise of the claims related to the Transfer.

23. Lastly, the fourth *Martin* factor - i.e. the paramount interest of the Debtors' creditors - is satisfied in the present case. The Debtors' creditors will clearly benefit from the return of significant funds to the Debtors' estates without further costs and delay.

24. Based upon the foregoing, there can be no question that the settlement embodied in the Settlement Agreement does not "fall below the lowest point in the range of reasonableness." *Integrated Health*, 2001 WL 1820426, at *2 (*quoting Cosoff v. Rodman (In re WW.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983)). The Settlement Agreement is the result of substantial good faith, arm's length negotiations between the Debtors and Sector and constitutes a reasonable exercise of the Debtors' business judgment. Accordingly, this Court should exercise its discretion and approve the Settlement Agreement.

---

[3] The second *Martin* factor – i.e. the likely difficulty in collection – does not appear to be an issue with Sector.

## NOTICE

25. Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Official Committee of Unsecured Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) counsel to Sector; and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*remainder of page intentionally left blank*]

WHEREFORE, based on the foregoing, the Debtors respectfully request that the Court enter the order, substantially in the form attached hereto as **Exhibit A,** granting the Motion, approving the Settlement Agreement, and granting such other and further relief as is just and proper.

Dated: June 28, 2021                                         **SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Mark Minuti*
　　Mark Minuti (DE Bar No. 2659)
　　Monique B. DiSabatino (DE Bar No. 6027)
　　1201 N. Market Street, Suite 2300
　　P.O. Box 1266
　　Wilmington, DE 19899
　　Telephone: (302) 421-6840
　　Fax: (302) 421-6813
　　mark.minuti@saul.com
　　monique.disabatino@saul.com

　　　　-and-

　　Jeffrey C. Hampton
　　Adam H. Isenberg
　　Centre Square West
　　1500 Market Street, 38th Floor
　　Philadelphia, PA 19102
　　Telephone: (215) 972-7777
　　Fax: (215) 972-7725
　　jeffrey.hampton@saul.com
　　adam.isenberg@saul.com

　　*Counsel for Debtors and Debtors in Possession*