# Exhibit A

**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) ) ) | Case No. 19-11466 (MFW) |
| | ) | Jointly Administered |
| Debtors. | ) ) ) | **Related to Docket No. ___** |

**ORDER GRANTING MOTION OF THE DEBTORS FOR ENTRY
OF AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN
THE DEBTORS AND SECTOR FINANCIAL, LLC**

Upon the motion (the "**Motion**")[2] of the Debtors seeking entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 approving the Settlement Agreement attached hereto as **Exhibit 1**; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2019; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed and considered the Motion and the Settlement Agreement and any responses thereto; and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

[2] Any and all terms not defined herein shall have the meaning ascribed to them in the Motion.

-2-

1. The Motion is GRANTED.

2. The Settlement Agreement is approved in all respects.

3. The parties to the Settlement Agreement are authorized to take all appropriate steps required to effectuate the terms of the Settlement Agreement.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and enforcement of this Order and the Settlement Agreement.

# Exhibit 1

**(Settlement Agreement)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered) |

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "**Agreement**") is made and entered into as of June 24, 2021, by and among (i) Center City Healthcare, LLC, *et al.* (each a "**Debtor**" and collectively the "**Debtors**") and (ii) Sector Financial, LLC ("**Sector**"). The Debtors and Sector are each referred to separately as a "**Party**" and all are referred to collectively as the "**Parties**."

WHEREAS, on June 30, 2019 or July 1, 2019 (the "**Petition Date**"), the Debtors filed for bankruptcy protection pursuant to Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

WHEREAS, on February 19, 2019, prior to the Petition Date, debtor Philadelphia Academic Health System, LLC and Sector executed a document titled "Summary of Terms and Conditions" related to a purported revolving credit facility (the "**Revolver Term Sheet**");

WHEREAS, on February 19, 2019, prior to the Petition Date, non-debtor Philadelphia Academic Health Holdings, LLC and Sector executed a document titled "Summary of Terms and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

8099523/1
38592948.1
38661204.1

Conditions" related to a purported term loan (the "**Term Loan Term Sheet,**" collectively with the Revolver Term Sheet as, the "**Term Sheets**");

WHEREAS, on February 20, 2019, the Debtors wired Sector, and Sector received, a total of $250,000.00 representing the "deposits" under the Term Sheets (collectively, the "**Transfer**");

WHEREAS, soon after the Transfer, efforts regarding the purported Sector term loan and revolving credit facility ceased;

WHEREAS, by letter dated May 28, 2021 (the "**Demand Letter**"), the Debtors notified Sector that the Transfer was a constructive fraudulent conveyance under 11 U.S.C. §548 and proposed a compromise for the return of the Transfer;

WHEREAS, to avoid the expense, delay, uncertainty, and risk inherent in litigation, the Parties have agreed to resolve the claims asserted in the Demand Letter in accordance with the terms set forth below.

NOW THEREFORE, in consideration of the foregoing, and of the mutual covenants, terms and conditions, and obligations expressed herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties, subject to the approval of the Bankruptcy Court (except with respect to paragraph 3 set forth below), and intending to be legally bound, hereby agree as follows:

1. <u>Consideration for settlement</u>. In full and final settlement of the claims set forth in the Demand Letter related to the Transfer, Sector shall pay $225,000.00 (the "<u>Settlement Amount</u>") to the Debtors by wire within five (5) business days of the entry of an order by the Bankruptcy Court approving this Agreement, as follows:

> **Bank name and address:**
> Wells Fargo Bank
> 420 Montgomery Street
> San Francisco, CA 94104

**Account Information:**
Account title: Philadelphia Academic Health System, LLC
Account number: 4127916021
Check/ACH number: 121000248

2. <u>Bankruptcy Court Approval</u>. Promptly upon execution of this Agreement, the Debtors shall file a motion seeking Bankruptcy Court approval of this Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure. In the event that the Bankruptcy Court does not approve the Motion by entry of a Final Order, this Agreement (except paragraph 3 hereof, which shall immediately be in full force and effect) shall be null and void and of no force and effect against either of the Parties and any part of the Settlement Amount that has been paid shall be returned to Sector, without interest. An order will be considered to be a "Final Order" if the order is not subject to any timely appeal or motion for reconsideration, other than any motion for relief under Fed. R. Civ. P. 60 applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

3. <u>Tolling</u>. To provide time for the Parties to obtain Bankruptcy Court approval of this Agreement without the need to institute litigation, the Parties agree that any limitation periods for the claims asserted in the Demand Letter are hereby tolled so that the period from the date of execution of this Agreement until ten (10) business days following the entry of any order by the Bankruptcy Court declining to approve this Agreement (the "**Extended Limitations Period**") shall not be included in the computation of time for the purposes of any applicable statute of limitations relating to said claims asserted in the Demand Letter and Sector may not assert a statute of limitations or laches defense to any action based on a claim or claims brought within the Extended Limitations Period. The Parties expressly agree that this paragraph shall be binding upon the Parties immediately upon execution of the Agreement and is not subject to Bankruptcy Court approval.

3

4.  <u>Releases</u>.  Subject to entry of a Final Order approving this Agreement and the Debtors' receipt of the Settlement Amount in good funds, Sector and the Debtors release and forever discharge each other and each of their parents, subsidiaries, affiliates, officers, directors, shareholders, partners, attorneys, predecessors, successors, representatives, insurers, assignees, agents, employees, administrators, and all persons acting by, through or in any way on behalf of each other of and from any and all claims, debts, demands, actions, causes of action, suits, expenses, damages, whether general, specific or punitive, exemplary, contractual or extra-contractual, and liabilities of any kind or nature based upon or related to the claims asserted in the Demand Letter and the Transfer which each party may now have or claim to have against the other, including without limitation all claims, defenses or causes of action which in any way, directly or indirectly, or in any other way arise from the Term Sheets and the Demand Letter in relation to the Transfer or the Transfer, provided, however, that the Parties do not release one another for any breach of this Agreement or in connection with any other claim the Parties may have against one another.  Further, Sector waives any right to assert a claim pursuant to section 502(h) of the Bankruptcy Code relating to the Settlement Amount.

5.  <u>Execution in Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one agreement binding upon the parties hereto.  An executed facsimile or electronic copy shall also be deemed and considered an original.

6.  <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of Delaware, without giving effect to any choice of law or conflict of law provision or rule that would cause the application of the laws of any other jurisdiction.  If any provision of this Agreement shall be determined to be invalid, void, or illegal, such provision shall be construed

and amended in a manner which would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision of this Agreement.

7. <u>Binding Agreement</u>. This Agreement shall be binding on any successors or assigns of the Parties hereto.

8. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties regarding the matters stated herein.

9. <u>No Modification</u>. This Agreement may not be amended, modified, or extended except by a written instrument executed by the Parties.

10. <u>Jurisdiction</u>. The Parties agree that the Bankruptcy Court has jurisdiction to hear and determine any matters or disputes arising from or relating to this Agreement.

11. <u>Headings</u>. The headings of this Agreement are for convenience or reference only, and shall not limit, expand, modify, or otherwise affect the meaning hereof.

12. <u>Agreement Jointly Negotiated and Drafted</u>. This Settlement Agreement has been jointly drafted and negotiated by all of the Parties hereto. The language of this Settlement Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any Party.

13. <u>Authorized Parties</u>. Each undersigned individual certifies that he or she is duly authorized to execute this Agreement on behalf of the respective Party.

14. <u>No Admission of Liability</u>. This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any party.

15. <u>Enforcement of Agreement</u>. In the event that legal action is instituted to enforce this Agreement, the prevailing party shall be entitled to recover from the losing party all costs

and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

| SECTOR FINANCIAL, LLC | CENTER CITY HEALTHCARE, LLC, ET AL. |
|---|---|
| Name: Cameron L. Ward<br>Title: General Counsel | Name: Allen Wilen<br>Title: CRO |