**EXHIBIT B**

**(Declaration of Allen Wilen in Support of Motion of the Debtors for Entry of an Order Approving Settlement Term Sheet between the Debtors and Sector Financial, LLC)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |

**DECLARATION OF ALLEN WILEN IN SUPPORT OF MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND SECTOR FINANCIAL, LLC**

I, Allen Wilen, hereby declare the following, under the penalty of perjury:

1. I am the Chief Restructuring Officer ("**CRO**") of Center City Healthcare, LLC and certain of its subsidiaries and affiliates, each a debtor and debtor-in-possession (each, individually, a "**Debtor**" and, collectively, the "**Debtors**") in the above-captioned chapter 11 cases.

2. I have served as CRO for the Debtors since April 8, 2019. In such capacity, I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records. I am above 18 years of age, and I am competent to testify.

3. I am duly authorized to make and submit this declaration on behalf of the Debtors in support of the *Motion of the Debtors for Entry of an Order Approving Settlement Agreement*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

*Between the Debtors and Sector Financial, LLC* (the "**Motion**"),[2] filed contemporaneously herewith.

4. I read and authorized the filing of the Motion. The facts set forth in the Motion are true and correct to the best of my knowledge, information and belief.

5. On February 19, 2019, prior to the Petition Date, debtor Philadelphia Academic Health System, LLC and Sector executed the Revolver Term Sheet.

6. On February 19, 2019, prior to the Petition Date, non-debtor Philadelphia Academic Health Holdings, LLC and Sector executed the Term Loan Term Sheet.

7. On February 20, 2019, the Debtors wired Sector, and Sector received, a total of $250,000.00 representing the "deposits" under the Term Sheets (collectively, the "**Transfer**").

8. Soon after the Transfer, efforts regarding the purported Sector term loan and revolving credit facility ceased.

9. By letter dated May 28, 2021 (the "**Demand Letter**"), the Debtors notified Sector that the Transfer was a constructive fraudulent conveyance under 11 U.S.C. §548 and proposed a compromise for the return of the Transfer.

10. Thereafter, the Debtors and Sector engaged in good faith, arms-length negotiations in an attempt to resolve claims related to the Transfer.

11. Subject to Court approval, the Debtors and Sector have settled the claims related to the Demand Letter, the Transfer and the Term Sheets pursuant to the Settlement Agreement.

12. The Settlement Agreement provides, generally, that:[3]

---

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

[3] This description of the Settlement Agreement is meant only to be a summary of the key provisions of the Settlement Agreement. To the extent there is any inconsistency between this summary and the Settlement Agreement, the terms of the Settlement Agreement shall control.

- Sector shall pay the Debtors Two Hundred Twenty-Five Thousand Dollars ($225,000.00) (the "**Payment**").

- Subject to the Debtors' receipt of the Payment Court approval of the Settlement Agreement by Final Order (as defined in the Settlement Agreement), the Debtors and Sector shall release each other from all claims related to the Transfer, the Demand Letter and the Term Sheets.

13. The Settlement Agreement attached as Exhibit 1 to the proposed order approving the Motion is a true and correct copy of the Settlement Agreement signed by the Parties.

14. While I believe the Debtors have a high probability of recovering the Transfer in full if the Debtors filed an adversary proceeding against Sector, the outcome of litigation is never certain, and the settlement proceeds equate to a ninety percent (90%) recovery of the Transfer. In these circumstances, the Debtors and their estates are best served by consummating the settlement outlined in the Settlement Agreement.

15. Although the claims related to the Transfer are not complex, the costs and delay associated with litigation are appropriately accounted for in the compromise of the claims related to the Transfer.

16. Finally, and in my view, the Debtors' creditors will clearly benefit from the return of significant funds to the Debtors' estates without further costs and delay.

17. The Settlement Agreement is the result of good faith, arm's length negotiations between the Debtors and Sector and, in my view, constitutes a reasonable exercise of the Debtors' business judgment.

18. For all of the foregoing reasons, I would respectfully encourage the Court to approve the Settlement Agreement.

[*Remainder of Page Intentionally Left Blank*]

-4-

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: June 24, 2021                    Respectfully submitted,

                                             *[signature]*
                                             Allen Wilen
                                             Chief Restructuring Officer