# EXHIBIT 1

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|   |   |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) |
|  | ) |
| Debtors. | ) Jointly Administered |
|  | ) |
|  | ) Related to Docket Nos. 2373, 2375, 2510 and _____ |

**ORDER SUSTAINING DEBTORS' EIGHTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE) PURSUANT TO SECTIONS 502(b) AND 503 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1**

Upon consideration of the *Debtors' Eighth Omnibus Objection to Claims (Substantive) Pursuant to Sections 502(b) and 503 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1* (the "**Objection**"),[2] by which the Debtors request the entry of an order pursuant to sections 502(b) and 503 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, disallowing the No Liability Claims set forth on **Exhibit A** attached hereto and modifying the Modified Amount Claims set forth on **Exhibit B** attached hereto; and upon consideration of the Wilen Declaration; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing therefor,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

**IT IS HEREBY ORDERED THAT:**

1. The Objection is sustained as set forth herein.

2. The No Liability Claims set forth on the attached **Exhibit A** under the heading "Claim No." are hereby disallowed in their entirety.

3. The Modified Amount Claims are modified to reflect the correct amount as reflected under the heading "Modified Claim Amount ($)" on the attached **Exhibit B**.

4. The Claims Agent is authorized and directed to modify the Claims Register for these Chapter 11 Cases in accordance with the terms of this Order.

5. To the extent that a response is filed regarding any Disputed Claim listed in the Objection and the Debtors are unable to resolve the response, each such Disputed Claim, and the Objection by the Debtors to each such Disputed Claim, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

6. Any order entered by the Court regarding the Objection shall be deemed a separate order with respect to each Disputed Claim.

7. This Order is without prejudice to the rights of the Debtors and any successor entities to: (a) object to any Claims on grounds other than as stated in the Objection if any such Claim is reconsidered; and (b) object, on any grounds permitted by law or equity, to any claim, whether filed or not, in these cases.

8. The rights of the Debtors and any successor entities to use any available defenses under section 502 of the Bankruptcy Code, including the assertion of a preference action to set off against or otherwise reduce all or part of any Claim, are preserved.

9. Any stay of this Order pending appeal by any claimant shall only apply to the contested matter that involves the claimant's specific claim and shall not stay the applicability and/or finality of this Order with respect to all other affected claims.

10. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the requirements of Local Rule 3007-1 are waived.

11. The Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

# Exhibit A

**No Liability Claims**

| | | | | No Liability Claims | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **Creditor Name** | **Claim No.** | **Debtor Against Whom Claim is Filed** | **Filed Claim Amount ($)** | | | | | **Total** | **Reason for Disallowance** |
| | | | | **Priority** | **Secured** | **503(b)(9)** | **Admin.** | **Unsecured** | | |
| 1 | **REDACTED** | 1041 | Center City Healthcare, LLC | $- | $- | $- | $- | $40,000,000.00 | $40,000,000.00 | Documentation provided in connection with claim shows that cause of action arose in 2014, prior to the Debtors' existence and prior to the Debtors' acquisition of the Hospitals from Tenet Business Services Corporation in January 2018. |
| 2 | **REDACTED** | 163 | Philadelphia Academic Health System, LLC | $- | $- | $- | $- | $40,000,000.00 | $40,000,000.00 | Documentation provided in connection with claim shows that cause of action arose in 2014, prior to the Debtors' existence and prior to the Debtors' acquisition of the Hospitals from Tenet Business Services Corporation in January 2018. |

## Exhibit B

## Modified Amount Claims

| | | | **Modified Amount Claims** | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Creditor Name | Claim No. | Debtor against Whom Claim is Filed | **Filed Claim Amount ($)** | | | | | **Modified Claim Amount ($)** | | | | Reason for Modification |
| | | | | Priority | Secured | Section 503(b)(9) | Unsecured | Total | Priority | Secured | Section 503(b)(9) | Unsecured | Total | |
| 1 | ADP LLC | 34 | Philadelphia Academic Health System, LLC | $- | $- | $- | $279,158.80 | $279,158.80 | $- | $- | $- | $173,543.25 | $173,543.25 | Modified claim amount reflects the amount supported by the Debtors' Books and Records. |
| 2 | Hewlett-Packard Financial Services Company | 228 | Center City Healthcare, LLC | $- | $- | $- | $307,366.20 | $307,366.20 | $- | $- | $- | $259,704.56 | $259,704.56 | Modified claim amount reflects adjustments to the rejection damages calculation based on the corrected term of the agreement and the reduction of the cost of equipment that was previously returned to the claimant |
| 3 | Mayo Clinic | 1103 | Center City Healthcare, LLC | $- | $- | $- | $30,991.64 | $30,991.64 | $- | $- | $- | $2,315 asserted against Center City Healthcare, LLC<br><br>$5,722.22 asserted against St. Christopher's Healthcare, LLC. | $8,037.22 | The claimant is in agreement with the Debtors' analysis that documentation attached to the claim reflects $2,315 asserted against Center City Healthcare, LLC, and $5,722.22 asserted against St. Christopher's Healthcare, LLC. The total claim amount is $8,037.22. |
| 4 | Med One Capital Funding, LLC | 123 | St. Christopher's Healthcare, LLC | $- | $- | $- | $21,362.29 | $21,362.29 | $- | $- | $- | $6,112.17 | $6,112.17 | Modified claim amount reflects the amount supported by the Debtors' Books and Records and was the only pre-petition amount identified by the claimant as outstanding in connection with the cure reconciliation process (*see* D.I. 734). |

| # | Claimant | Claim # | Debtor | | | | Asserted Amount | | | | Modified Amount | | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | Med One Capital Funding, LLC | 575 | St. Christopher's Healthcare, LLC | $- | $- | $- | $17,705.44 | $17,705.44 | $- | $- | $- | $11,863.74 | $11,863.74 | A portion of this claim consists of pre-petition invoices (for April and May 2019) that are already included in, and duplicative of, claim 123. The balance of this claim relates to post-petition invoices. This post-petition claim was resolved pursuant to a court order that granted Med One an administrative expense claim in the amount of $11,863.74 (see D.I. 1349). Accordingly, this claim should be modified to remove the duplicative pre-petition invoices and reflect the court-approved amount of the administrative expense claim. |
| 6 | nThrive | 46 | Philadelphia Academic Health System, LLC | $- | $- | $- | $191,716.77 | $191,716.77 | $- | $- | $- | $138,769.16 | $138,769.16 | Modified claim amount was agreed upon by claimant in the advance of filing this objection and is consistent with the Debtors' books and records. |

2