# EXHIBIT 1

## Stipulation

38562179.4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |

**STIPULATION GRANTING LIMITED RELIEF
FROM THE AUTOMATIC STAY WITH RESPECT
TO PERSONAL INJURY CLAIMS ASSERTED BY SHAWN WILLIAMS**

This *Stipulation Granting Limited Relief from the Automatic Stay with Respect to Personal Injury Claims Asserted by Shawn Williams* (the "Stipulation") is made and entered into as of the 14th day of June, 2021 between and among the above-referenced debtors and debtors-in-possession (collectively, the "Debtors") and Shawn Williams (the "Claimant," and together with the Debtors, the "Parties").

### INTRODUCTION

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, the Debtors' chapter 11 cases (the "Chapter 11 Cases") have been procedurally consolidated;

**WHEREAS**, on July 15, 2020, the Claimant filed claim number 569, which was subsequently amended by claim 1247, asserting a general unsecured claim against Debtor Center City Healthcare, LLC ("CCH") in the amount of $500,000 (collectively, the "Proofs of Claim");

**WHEREAS**, as reflected in the Proofs of Claim, the Claimant seeks to recover against the Debtors for certain personal injuries allegedly sustained by the Claimant under theories of, *inter alia*, professional negligence and medical malpractice (the "Alleged Causes of Action");

**WHEREAS**, the Debtors deny any and all liability with respect to, and contest the merits of, the Alleged Causes of Action and the Proofs of Claim;

**WHEREAS**, the Claimant wishes to pursue potential recovery for the Alleged Causes of Action from available insurance coverage, if any (the "Insurance Policies"), subject to the limits and terms and conditions of such Insurance Policies; and

**WHEREAS**, the Claimant seeks, and the Debtors are willing to consent to, a limited modification of the automatic stay of section 362 of the Bankruptcy Code, subject solely to the terms and conditions set forth herein, to permit the Claimant to pursue the Alleged Causes of Action.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby contract, covenant and agree, subject to Bankruptcy Court approval as set forth herein, as follows:

**STIPULATION**

1. Each of the Recitals set forth above is incorporated herein by reference.

2. This Stipulation is subject to and conditioned upon the entry of a Final Order of the Court approving this Stipulation (the "Stipulation Effective Date"). In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect. In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante*. As used herein, "Final Order" means an order of the Court, as entered on the docket in the Chapter 11 Cases, that has not been reversed, stayed, modified or amended and to which the time to appeal, petition for certiorari, or seek re-argument or rehearing has expired and to which no appeal, re-argument, petition for certiorari, or rehearing is pending or, if an appeal, re-argument, certiorari, or rehearing thereof has been sought, such order has been affirmed by the highest court to which the order was appealed or from which the re-argument or rehearing was sought, or certiorari has been denied, and the time to take any further appeal or to seek certiorari or further re-argument or rehearing has expired, *provided, however*, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure or Rule 9024 of the Federal Rules of Bankruptcy Procedure may be filed with respect to such order, as long as such a motion actually has not been filed.

3. Upon the Stipulation Effective Date, the automatic stay shall be modified solely to permit the Claimant to pursue the Alleged Causes of Action and pursue coverage and a recovery

under the Insurance Policies in connection with the Alleged Causes of Action; provided, however, that, with respect to any settlement with or judgment against the Debtors in connection with the Alleged Causes of Action, the Claimant shall be limited by, and shall look strictly and solely to, the proceeds of the Insurance Policies, if any.  Neither the Claimant nor any of his agents, attorneys or representatives shall take any action or attempt to cause any action to be taken to collect all or any portion of any settlement or judgment obtained on account of or in connection with the Alleged Causes of Action from the Debtors and/or the properties and assets of any of the Debtors' estates.

4. The Claimant waives the right and ability to recover on any and all claims that he has or may have against the Debtors or their estates arising out of, related to, or in connection with, the Alleged Causes of Action, other than from the Insurance Policies.

5. Upon the Stipulation Effective Date, the Proofs of Claim shall be disallowed and expunged in their entirety.  The Claimant further waives the ability to amend, file and/or seek recovery on the Proofs of Claim or any and all other claims that he may have against the Debtors and/or their estates.

6. Except to the extent expressly set forth in paragraph 3 herein, the automatic stay of section 362(a) of the Bankruptcy Code shall remain in full force and effect for all other purposes. Nothing herein shall constitute or operate as a waiver or modification of the automatic stay so as to permit the prosecution against any of the Debtors of any claims by any person or entity other than the Claimant with respect to the Alleged Causes of Action, subject to the limitations set forth herein.

7. The agreement by the Debtors to the modification of the automatic stay on the terms and conditions set forth herein shall not be deemed an agreement by the Debtors to provide assistance or to cooperate with the Claimant in any way in their efforts to pursue coverage and/or

a recovery in connection with the Alleged Causes of Action or to secure coverage and/or payment from the Insurance Policies, if any, on any settlement or judgment arising from the Alleged Causes of Action.  The Claimant acknowledges that the Debtors, and their counsel, have not made any representations or warranties as to whether any of the Insurance Policies provide coverage or would otherwise provide payment related to the Alleged Causes of Action, and that any determination made by the Claimant as to the availability of coverage or payment from the Insurance Policies is made wholly on the basis of the Claimant's independent investigation.  Nothing in this Stipulation shall provide a basis for or constitute a determination as to the availability or applicability of coverage or payment by the Insurance Policies or the Claimant's rights or entitlement to the proceeds of such Insurance Policies, nor shall this Stipulation be construed to be binding on the Debtors' insurers regarding the Insurance Policies and/or the Alleged Causes of Action.

8.  Nothing contained herein shall be deemed an admission of liability on the part of the Debtors with respect to the Alleged Causes of Action.

9.  The Debtors and the claims agent are authorized to take any and all actions necessary to effectuate this Stipulation including, without limitation, amending the claims register in the Chapter 11 Cases to reflect the terms of this Stipulation.

10.  This Stipulation is the entire agreement between the Debtors and the Claimant with respect to the subject matter hereof.  This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein.  No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

38562179.4

11. The Parties each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

12. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

13. This Stipulation shall be binding and inure to the benefit of the Parties hereto, their successors and assigns, including without limitation, as to the Debtors, any chapter 7 or chapter 11 trustee, plan administrator or estate representative, and as to the Claimant, any executor, estate administrator or representative.

14. No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party unless such modification, amendment or waiver is in writing, has been approved by the Court, and has been executed by a duly authorized representative of the Party against whom such modification, amendment or waiver is sought to be enforced. If any part of this Stipulation is held to be unenforceable by any court of competent jurisdiction, the unenforceable provision shall be deemed amended to the least extent possible to render it enforceable and the remainder of this Stipulation shall remain in full force and effect.

15. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws principles thereof. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, agents, attorneys and representatives.

16. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

17. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| | |
|---|---|
| **CENTER CITY HEALTHCARE, LLC D/B/A HAHNEMANN UNIVERSITY HOSPITAL AND ITS DEBTOR AFFILIATES** | **MR. SHAWN WILLIAMS** |
| */s/ Allen Wilen* <br> Allen Wilen, Chief Restructuring Officer <br> c/o EisnerAmper LLP <br> 111 Wood Avenue South <br> Telephone: (732) 243-7386 <br> Allen.wilen@eisneramper.com | */s/ Shawn Williams* <br> Shawn Williams <br> 909 W Penn Pines Blvd <br> Aldan, PA 19018 <br> Telephone: (267) 648-7469 <br> shawncjr3@gmail.com |