IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (MFW) |
|  | Jointly Administered |
| Debtors. | Re: D.I. 2578 |

**MOTION OF HSREP VI HOLDING, LLC AND ITS AFFILIATES FOR
ENTRY OF AN ORDER SHORTENING NOTICE AND OBJECTION PERIODS
IN CONNECTION WITH THE CROSS-MOTION OF HSREP VI HOLDING, LLC AND
ITS AFFILIATES TO COMPEL DEBTORS, PROPCOS OR MASTER LEASE
GUARANTORS TO PAY UTILITY OBLIGATIONS**

HSREP VI Holding, LLC ("HSRE VI") and its affiliates (collectively, the "JV Entities"[2]), by their counsel, DLA Piper LLP (US), hereby file this motion to shorten the notice and objection periods (the "Motion to Shorten") in connection with the *Cross-Motion of HSREP VI Holding, LLC And Its Affiliates' For Entry of An Order Compelling Debtors, Propcos Or Master Lease Guarantors To Pay Utility Obligations* (the "Cross-Motion") filed contemporaneously herewith. By the Cross-Motion, the JV Entities seek to compel the Debtors, Propcos or Master Lease Guarantors, jointly or severally, to pay the outstanding utility obligations to Vicinity. The JV Entities respectfully request that the Court hear the Cross-Motion on **Thursday, July 22, 2021 at**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] The other relevant affiliates of HSRE VI that form the JV Entities are: HSRE-PAHH I, LLC (the "JV"), and the "Master Landlords"—PAHH New College MOB, LLC; PAHH Bellet MOB, LLC; PAHH Wood Street Garage, LLC; PAHH Feinstein MOB, LLC; and PAHH Broad Street MOB, LLC.

1

**10:30 a.m. (ET)** in connection with the underlying motion filed by Vicinity. In support of the Motion to Shorten, the JV Entities respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the JV Entities consent to the entry of a final judgment or order with respect to this Motion to Shorten if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rules 2002(a)(3) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1(e).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5. The JV Entities are filing the Cross-Motion because Vicinity seeks payment from the JV Entities for services properly payable by the Debtors, Propcos and Master Lease Guarantors, but Vicinity has failed to include these necessary parties in Vicinity's motion.

6.  In January 2018, as part of a transaction involving the Debtors' acquisition of the operations of Hahnemann University Hospital and St. Christopher's Hospital for Children in Philadelphia, PA (the "Hospitals") from Tenet Healthcare Corporation and certain of its affiliates (collectively, "Tenet"), the Broad Street and Front Street Entities purchased the real estate in which the Hospitals operated and the JV Entities acquired from Tenet a group of medical office buildings and two parking garages (the "Master Lease Buildings") located on or adjacent to the Hospital campuses.

7.  The JV owns and controls several entities relevant here (referred to as the "Master Landlords"): PAHH New College MOB; LLC, PAHH Bellet MOB, LLC; PAHH Broad Street MOB, LLC; PAHH Feinstein MOB, LLC; and PAHH Wood Street Garage, LLC. Each Master Landlord is a special purpose entity that acquired a medical office building or parking garage that is generally adjacent to the Hospitals.

8.  PAHH is the parent of and wholly owns Debtor Philadelphia Academic Heath System, LLC ("PAHS"). PAHH is a holding company that also owns the equity of Front Street Healthcare Properties, LLC; Front Street Healthcare Properties II, LLC; Broad Street Healthcare Properties, LLC; Broad Street Healthcare Properties II, LLC f/k/a Center City Physician Associates, LLC; Broad Street Healthcare Properties III, LLC f/k/a St. Christopher's Physician Associates, LLC (collectively, the "Broad Street Propcos" or "Propcos," and together with Front Street Healthcare Properties, LLC and Front Street Healthcare Properties II, LLC the "MBNF Non-Debtor Entities") and indirectly owns the other subsidiaries of PAHS that are Debtors.

9.  The real estate and Hospital buildings, or the proceeds thereof, are owned by certain special purpose entities that are included as MBNF Non-Debtor Entities and are unencumbered by liens. The Hahnemann Hospital buildings are owned by the Propcos.

10. Concurrently with the Debtors' acquisition of the Hospitals and the JV Entities' acquisition of the Master Lease Buildings, certain JV Entities, as landlords, and Debtor St. Christopher's Healthcare, LLC, as tenant (the "Master Tenant"), entered into master leases (collectively, the "Master Leases") pursuant to which the Master Tenant leased each of the Master Lease Buildings on an "absolute triple net" basis.

11. The Master Tenant, Debtor St. Christopher's Healthcare, LLC, was obligated to pay all sums due and coming due under the Master Leases, including the stated base rent and all costs of operating, repairing, and maintaining the Master Lease Buildings.

12. The obligations of the Master Tenant under the Master Leases are guaranteed by non-debtor affiliate PAHH and non-debtor affiliate Paladin Healthcare Capital, LLC (together with PAHH, the "Master Lease Guarantors" or the "Guaranty Agreements," as applicable).[3]

13. On June 30 and July 1, 2019, PAHS and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned cases.

14. The Master Leases were deemed rejected by the Debtors in accordance with a stipulation (the "Stipulation") approved by the Court on November 25, 2019 [D.I. 1057].

## RELIEF REQUESTED

15. By this Motion to Shorten, the JV Entities request, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 9006(c)(1) and 2002(a)(2), and Local Rule 9006-1(e), that the Court shorten the notice and objection periods required for a hearing on the Cross-Motion so that it may be heard on **Thursday, July 22, 2021 at 10:30 (am),** with responses thereto, if any, due on or before **Thursday, July 19, 2021, at 4:00 p.m. (ET)**.

---

[3] The Guaranty Agreements, Master Leases, and the subleases are voluminous and will be provided upon request if relevant.

4

EAST\183653608.2

**BASIS FOR RELIEF**

16. Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Bankruptcy Rule 9006(c)(1). The Local Rules authorize the Court to order that a motion be heard on less notice than is required by the Bankruptcy Rules and provide that the Court may rule on a motion for the same "promptly without need for a hearing." Local Rule 9006-1(e).

17. Pursuant to Local Rule 9006(c)(i), unless the Bankruptcy Rules or the Local Rules state otherwise, all motion papers must be filed and served fourteen (14) days prior to a hearing date. Additionally, Local Rule 9006-1(c)(ii) requires the deadline for objections to be no later than seven (7) days before the hearing date. However, the Court may order that a motion be heard on less notice than required by the Local Rules upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Local Rule 9006-1(e). No hearing on such a motion to shorten is required. *See id.*

18. Here, there is sufficient cause to grant the Motion to Shorten. The underlying motion, *Vicinity's Motion to Enforce 2019 Stipulation As Third Party Beneficiary* ("Vicinity's Motion") [D.I. 2400] is being heard on **July 22, 2021, at 10:30 am (ET)** before this Court.

19. As the Cross-Motion is in direct response to Vicinity's Motion, it would be most efficient to hear the Cross-Motion concurrently with Vicinity's Motion. Furthermore, as the same issues underly both Vicinity's Motion and the Cross-Motion, the parties affected by the Cross-

5

Motion are not prejudiced by the shortened notice period, as they are already on notice regarding the issues within the Cross-Motion. As such, the traditional notice period is unnecessary.

20. The JV Entities' objection timeframe is reasonable, providing 7 days to respond. This provides more than adequate time for parties-in-interest to consider the Cross-Motion.

21. Together, Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e) provide ample authority for the Court to afford the relief requested in the Motion to Shorten. Therefore, the JV Entities respectfully request that the Motion to Shorten be granted at the Court's earliest convenience.

## **NOTICE AND NO PRIOR REQUEST**

22. The JV Entities will provide notice to the following entities or, in lieu thereof, their counsel: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors; (c) Vicinity Energy Philadelphia, Inc.; (d) the Propcos and Master Lease Guarantors; and (e) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the JV Entities submit that no other or further notice is required.

23. No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the JV Entities respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion to Shorten, and grant such other and further relief as this Court may deem just and proper.

Dated: July 12, 2021  
      Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Stuart M. Brown*  
Stuart M. Brown (DE 4050)  
1201 North Market Street, Suite 2100  
Wilmington, Delaware 19801  
Telephone: (302) 468-5700  
Facsimile: (302) 394-2341  
Email: stuart.brown@us.dlapiper.com

-and-

Richard A. Chesley (admitted *pro hac vice*)  
444 West Lake Street, Suite 900  
Chicago, Illinois 60606  
Telephone: (312) 368-4000  
Facsimile: (312) 236-7516  
Email: richard.chesley@us.dlapiper.com

*Counsel to HSREP VI Holding, LLC; HSRE-PAHH I, LLC; PAHH New College MOB, LLC; PAHH Bellet MOB, LLC; PAHH Wood Street Garage, LLC; PAHH Erie Street Garage, LLC; PAHH Feinstein MOB, LLC; and PAHH Broad Street MOB, LLC*