# EXHIBIT 2

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a<br>HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered)<br><br>Re: Docket No. [—]2559 |

### ORDER AUTHORIZING MBNF NON-DEBTOR ENTITIES TO FILE UNDER SEAL THE MBNF NON-DEBTOR ENTITIES' MOTION TO APPOINT A CHAPTER 11 TRUSTEE

Upon the motion (the "**Motion to Seal**")[2] of for entry of an order (this "**Order**") under section 105(a) of the Bankruptcy Code and Local Rule 9019-5, authorizing the MBNF Non-Debtor Entities to (i) file under seal the Trustee Motion, and (ii) provide an unredacted version of the Trustee Motion on a confidential basis to: (a) the Debtors; (b) the Court; (c) the U.S. Trustee; (d) the Mediator; (e) the counsel to Committee, and (f) members of the Committee (solely in their capacity as such), all as more fully set forth in the Motion to Seal; and the Court having jurisdiction to consider the Motion to Seal and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion to Seal and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to those terms in the Motion to Seal.

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion to Seal having been provided under the circumstances, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion to Seal, if necessary (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion to Seal, and at the Hearing, if any, establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion to Seal is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion to Seal is granted to the extent set forth herein.

2. The MBNF Non-Debtor Entities are authorized to file the Trustee Motion under seal in its entirety.

3. The Trustee Motion shall remain under seal pending further order of the Court, and shall not be made available to anyone, except that unredacted copies of the Trustee Motion shall be provided on a confidential basis to the Debtors, the Court, the U.S. Trustee, the Mediator, the members of the Committee (solely in their capacity as such), and counsel to the Committee; however, should the Mediator conclude that sealing the Trustee Motion is no longer beneficial to the Mediation and the Mediation Parties, the MBNF Non-Debtor Parties will file a notice to that effect, along with a redacted version of the Trustee Motion, within two business days of the Mediator informing the Mediation Parties of such conclusion. The right of parties-in-interest to object to redactions contained in such redacted version of the Trustee Motion is reserved.

3

4. Nothing herein or in the Trustee Motion shall be deemed an admission by the Debtors or the Committee that any of the information contained in the Trustee Motion is confidential and all rights, objections, and defenses of the Debtors and the Committee are expressly reserved and preserved with respect to the use of such information in documents other than the Trustee Motion, subject to, to the extent applicable, Federal Rule of Evidence 408, Local Rule 9019-5, mediation privilege, and any other applicable privileges.

5. ~~4.~~The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. ~~5.~~The MBNF Non-Debtor Entities are authorized to take all action necessary to effectuate the relief granted in this Order.

7. ~~6.~~The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.