## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: CENTER CITY HEALTHCARE, LLC<br>d/b/a Hahnemann University Hospital<br><br>Debtors | No. 19-11466-kg<br><br>Hearing Date: August 24, 2021 at :2:00 p.m.<br>Objection Deadline: August 9, 2021 at 4:00 p.m. |

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on July 27, 2021, creditor Pamela Saechow, by and through her undersigned counsel, filed the Motion for Relief from Stay (the "Motion") with the Court.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the relief requested in the Motion are to be filed with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, Delaware 19801 on or before August 9, 2021 at 4:00 p.m. (ET) and served upon the undersigned counsel for Ms. Saechow. Only properly and timely filed responses will be considered.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion is scheduled for August 24, 2021 at 2:00 p.m. (ET) before the Honorable Mary F. Walrath, Judge of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 5th Floor, Courtroom #4, Wilmington, Delaware 19801, which hearing may be telephonic.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

                                        BERGER LAW GROUP, P.C.

Dated: July 27, 2021        By:     /s/: Phillip D. Berger, Esq.
                                        PHILLIP D. BERGER, ESQUIRE
                                        919 Conestoga Road, Building 3, Suite 114
                                        Rosemont, PA 19010
                                        ***Attorneys for Pamela Saechow***

*IN THE UNITED STATES BANKRUPTCY COURT*
*FOR THE DISTRICT OF DELAWARE*

IN RE:  CENTER CITY HEALTHCARE, LLC :
         d/b/a Hahnemann University Hospital   :     No. 19-11466-kg
                                                   :

**ORDER GRANTING RELIEF FROM THE**
**AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362**

AND NOW, this ____ day of _____, 2021, upon consideration of creditor Pamela Saechow's (hereinafter the "Executive Creditor") Motion for Relief from Stay (the "Motion"), and after notice and hearing thereon and appearing that due cause exists for the relief requested; it is

ORDERED that the automatic stay provisions of 11 U.S.C. § 362 are hereby terminated with respect to the Executive Creditor as follows:

The Executive Creditor shall be entitled to pursue her pending arbitration action in the Eastern District of Pennsylvania, pursuant to that Court's ordered arbitration thereof, related to the wrongful termination of the Executive Creditor, breach of contract, failure to pay wages, and whistleblower retaliation, or other such claims relating to the Executive Creditor's employment with the Debtor; and it is further

ORDERED that this Order shall survive a dismissal or termination of the within bankruptcy case and shall be binding upon the Debtor and the Trustee appointed herein.

BY THE COURT:

_____
                                                                                 J.

*IN THE UNITED STATES BANKRUPTCY COURT*
*FOR THE DISTRICT OF DELAWARE*

| | |
|---|---|
| IN RE:  CENTER CITY HEALTHCARE, LLC<br>d/b/a Hahnemann University Hospital | No. 19-11466-kg |

**MOTION OF CREDITOR PAMELA SAECHOW**
**SEEKING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362**

Creditor Pamela Saechow ("Saechow") (hereinafter, the "Executive Creditor"), by and through her counsel, hereby moves for relief from the automatic stay pursuant to 11 U.S.C. § 362, and in support thereof avers as follows:

1. Debtor Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("Hahnemann Hospital" or "Debtor") commenced this bankruptcy proceeding (the "Bankruptcy") by filing a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on June 30, 2019 (the "Filing Date").

2. Ms. Saechow is a former executive of Hahnemann Hospital who was wrongfully terminated by Hahnemann Hospital.

3. Ms. Saechow is the former Chief Information Officer of Hahnemann Hospital.

4. Ms. Saechow has claims against the Debtor for breach of contract, failure to pay wages, wrongful termination and whistleblower retaliation.

5. The Executive Creditor filed her proof of claim in this bankruptcy on August 12, 2019, which claim was later amended on August 5, 2020.

6. Prior to the Debtor's bankruptcy petition, Ms. Saechow had initiated an action against the Debtor and other non-bankruptcy related entities, including American Academic Health System,

LLC; Paladin Healthcare Capital LLC, and Joel Freedman (collectively, the "Non-Bankrupt Entities") in the United States District Court for the Eastern District of Pennsylvania at Docket No. 2:2019cv02075 (the "Saechow Civil Action").

7. On March 31, 2021, the Court in the Saechow Civil Action entered an order compelling arbitration of Ms. Saechow's claims. A true and correct copy of the March 31, 2021 Order in the Saechow Civil Action is attached hereto as Exhibit "A".

8. However, due to the Debtor's Bankruptcy Petition, Ms. Saechow is currently stayed from proceeding with her action against the Debtor, who is an essential and necessary party to the Saechow Civil Action.

9. The Executive Creditor seeks relief from the automatic stay so that she can enforce her rights and remedies against the Non-Bankrupt Entities, and to set the amount of her claim in this bankruptcy proceeding.

10. The purpose of the automatic stay is "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *St. Croix Condominium Owners v. St. Croix Hotel*, 682 F.2d 446, 448 (3d Cir. 1982).

11. The automatic stay is not meant to be absolute, and the Bankruptcy Code provides for relief from stay in appropriate circumstances. *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citing *Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd., (In re Wedgewood)*, 878 F.2d 693, 697 (3d Cir.1989)).

12. Section 362(d)(1) of the Bankruptcy Code provides that:

On request of a party in interest and after notice and a hearing, the court shall grant relief

from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay-

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

13. Beyond lack of adequate protection, "cause" is not defined in § 362(d)(1).

14. "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. at 856 (citing *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir.1997); *In re Laguna Assocs. Ltd.*, 30 F.3d 734, 737 (7th Cir.1994); *American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 152 B.R. 420, 424 (D. Del.1993)).

15. This Court has developed a three-prong balancing test to determine whether to grant relief from the stay to pursue litigation in another forum (collectively referred to herein as the "*SCO Factors*"):

> 1. Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;
>
> 2. Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and
>
> 3. The probability of the creditor prevailing on the merits.

*In re SCO*, 395 B.R. 852, 857 (Bankr. D. Del. 2007); *see also Izzarelli v. Rexene (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del.1992).

16. In this matter, all of the three (3) *SCO Factors* can be established, which support lifting the stay in this case.

17. First, there is no prejudice to the bankruptcy estate if the stay is lifted to allow the Executive Creditor to pursue her civil actions, especially as to the other non-bankrupt defendants and

to set the amount of the Executive Creditor's claim in this bankruptcy action.

18. Importantly, there is no doubt that this Court should conclude that this Debtor is a necessary party to the non-bankruptcy proceedings for the Executive Creditor.

19. Moreover, even if it were determined that it would be legally permissible to sever the Debtor from the other Defendants in the nonbankruptcy proceeding, bifurcation of the nonbankruptcy jury trial would not be in the interests of judicial economy, would unnecessarily require two trials of essentially identical issues, and could be prejudicial to the claims of other non-debtor parties.

20. Chapter 11 of the Bankruptcy Code is intended to provide an expeditious procedure by which a corporation may obtain confirmation of a repayment plan.

21. The Debtor's bankruptcy lists these Movants as holders of some of the largest unsecured debts.

22. If the extent of the Debtor's liability to the Executive Creditor is not determined in the nonbankruptcy actions, the delay in obtaining such determination may frustrate or destroy any possibility of confirmation of the Debtor's Chapter 11 plan.

23. Allowing the nonbankruptcy proceeding to go forward will not jeopardize the bankruptcy estate, as the collection of any judgment that may be entered against the Debtor will be subject to the terms of the further order of the Bankruptcy Court.

24. In fact, allowing the nonbankruptcy matter to proceed may assist the Debtor in the formulation of its Chapter 11 plan.

25. There would be no material prejudice to the Debtor if the Court were to lift the automatic stay to permit the Executive Creditor to pursue her claims against the Debtor and the Non-Bankrupt Entities, and the Debtor.

26. As to the second prong of the *SCO Factors*, the Executive Creditor would incur far more severe prejudice if she was not permitted to pursue her claims outside of this bankruptcy.

27. The Saechow Civil Action is currently being scheduled for an arbitration that would yield a quick and cost effective resolution of her claims, which resolved amount would then be filed as a non-contingent claim for a set amount in this bankruptcy action.

28. The currently contested, significant claims of the Executive Creditor would be given certainty by the nonbankruptcy actions, and would remove the need for this Court to have a trial on the merits of these complicated employment law matters.

29. The arbitrator's determination on the questions of the Executive Creditor's employment law matters could foreclose these issues from being further litigated in this Court under the principle of collateral estoppel.

30. Moreover, it should be noted that the interests of judicial economy and the expeditious and economical determination of litigation is served by lifting the stay.

31. Further, if the arbitrators find in Debtor's favor on the Executive Creditor's claims, the Executive Creditor's claims may very well be dismissed, as the Executive Creditor would not be a creditor of the Debtor.

32. The same holds true if the arbitrators find in the Executive Creditor's favor, but awards no damages against the Debtor.

33. If, however, the arbitrators find that the Debtor is liable to the Executive Creditor and that the Executive Creditor is entitled to damages, those findings will be relevant to the pending proceedings in this Court.

34. Thus, the Executive Creditor must be permitted to pursue her claims in the pending actions or she will be foreclosed from fully litigating her claims against all necessary parties.

35. Without the lifting of the automatic stay, the Executive Creditor will be forced to present her claims in both forums and will be forced to incur tens of thousands of dollars in unnecessary fees and costs that would be avoided by the Executive Creditor (and the Debtor) if the automatic stay is lifted.

36. Litigation in another forum will not prejudice the interests of the other creditors or interested parties.

37. No other creditors have objected to the claim filed by the Executive Creditor in this bankruptcy action, and there is nothing in the record suggesting any such prejudice. This factor weighs in favor of lifting the stay.

38. As the hardship which the Executive Creditor would suffer if the stay is not lifted far exceeds any hardship that the Debtor would face if the stay were lifted, the Executive Creditor has met factor two of the *SCO Factors*.

39. With regard to the third element of the *SCO Factors*, the Executive Creditor clearly has colorable claims against the Debtor for which she should be permitted to pursue.

40. The Executive Creditor has filed actions against the Debtor and the Non-Bankrupt Entities which allege numerous colorable claims against the Debtor and the Non-Bankrupt Entities related to the Executive Creditor's employment with the Debtor.

41. Whether the Executive Creditor was paid all amounts that she was due, or whether the Debtor and/or the Non-Bankrupt Entities damaged the Executive Creditor are questions that have been sufficiently and properly raised by the Executive Creditor.

42. It has long been held in this jurisdiction that even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case. *In re SCO Group, Inc.*, 395 B.R. at 859 (citing *Int'l Business Machines v. Fernstrom Storage & Van, Co. (In re*

*Fernstrom Storage & Van Co.)*, 938 F.2d 731, 737 (7th Cir.1991); Rexene, 141 B.R. at 578).

43. As the Executive Creditor has plead colorable claims against the Debtor and the Non-Bankrupt Entities that have at least the required probability of success on the merits, this third prong is also met.

44. Thus, the Court should find that all of the *SCO Factors* weigh in favor of granting the Executive Creditor's Motion for Relief from Stay and the stay should be lifted so that the Executive Creditor's arbitrations against Debtor (and the Non-Bankrupt Entities) may proceed.

45. As the Executive Creditor has demonstrated that there exists ample "cause", this Court should grant relief from the automatic stay such that the Executive Creditor can prosecute her arbitration action against the Debtor and the Non-Bankrupt Entities.

46. A brief is not necessary for disposition of this Motion because the issues are clear and the factual basis underlying the request for relief contained in the instant Motion is incontrovertible.

WHEREFORE, Movant Pamela Saechow respectfully requests the following relief:

a. That the automatic stay contained in 11 U.S.C. §362(a) be unconditionally terminated to permit Movant to exercise and enforce all of her rights and remedies against the Debtor with regard to the pending arbitration actions;

b. For such additional and further relief as may be equitable and just under the circumstances.

BERGER LAW GROUP, P.C.

Dated: July 27, 2021    By:   /s/: Phillip D. Berger, Esq.
PHILLIP D. BERGER, ESQUIRE
919 Conestoga Road, Building 3, Suite 114
Rosemont, PA 19010
*Attorneys for Pamela Saechow*

*IN THE UNITED STATES BANKRUPTCY COURT*
*FOR THE DISTRICT OF DELAWARE*

| | |
|---|---|
| IN RE:  CENTER CITY HEALTHCARE, LLC <br> d/b/a Hahnemann University Hospital | No. 19-11466-kg |

**CERTIFICATE OF SERVICE**

I, Phillip D. Berger, Esquire, do hereby certify that on July 27, 2021, I caused a true and correct copy of the foregoing Motion Seeking Relief From Automatic Stay, Notice of Motion, and proposed Order to be filed electronically.

Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                BERGER LAW GROUP, P.C.

Dated:  July 27, 2021        By:    /s/:  Phillip D. Berger, Esq.
                                               PHILLIP D. BERGER, ESQUIRE
                                               919 Conestoga Road, Building 3, Suite 114
                                               Rosemont, PA 19010
                                               *Attorneys for Pamela Saechow*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAMELA SAECHOW,

    Plaintiff,

v.

PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC, et al.,

    Defendants.

CIVIL ACTION
NO. 19-2075

## ORDER

**AND NOW**, this 31st day of March 2021, upon consideration of Defendants' Second Motion to Compel Arbitration and Stay Proceedings (Doc. No. 23), Plaintiff's Response in Opposition (Doc. No. 24), Defendants' Reply (Doc. No. 25), the arguments of counsel during the video hearing held on November 24, 2020 (Doc. No. 27), and in accordance with the Opinion of the Court issued this day, it is **ORDERED** as follows:

1. Defendants' Second Motion to Compel Arbitration and Stay Proceedings (Doc. No. 23) is **GRANTED**.

2. The Clerk of Court shall place this case in **SUSPENSE** pending the outcome of the arbitration.

3. Plaintiff is given thirty (30) days from the date of this Order in which to file for arbitration. If Plaintiff does not initiate arbitration within that time, the Court will dismiss this case.

4. The parties shall inform the Court by letter if arbitration has been initiated within thirty (30) days of the date of this Order, as well as the outcome of the arbitration if it is pursued by Plaintiff.

1

5. If Plaintiff does initiate arbitration within thirty (30) days from the date of this Order, the parties shall inform the Court by letter of the status of the arbitration proceeding every ninety (90) days.

                      BY THE COURT:

                      /s/ Joel H. Slomsky
                      JOEL H. SLOMSKY, J.