IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a<br>HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 19-11466 (MFW)<br>)<br>) Jointly Administered<br>)<br>) **Re: Docket No. 2119, 2370, 2400, 2428, 2429,**<br>) **2471, 2553, 2573, 2578 and 2646** |

### ORDER ON MOTION OF HSREP VI HOLDING, LLC AND ITS AFFILIATES TO INTERVENE/PARTICIPATE IN MEDIATION

THE COURT having considered the *Motion of HSREP VI Holding, LLC and its Affiliates to Intervene/Participate in Mediation* [Docket No. 2370] (the "Motion"), the joint objection [Docket No. 2428] (the "Joint Objection") and response [Docket No. 2429] thereto, and the reply in support of the Motion [Docket No. 2471]; and the Court having previously entered, on February 23, 2021, the *Order Appointing Mediator in Connection with Claims By and Between the Debtors' Estates and the MBNF Non-Debtor Entities* [Docket No. 2119] (the "Mediation Order")[2]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134; and it appearing that venue of these chapter 11 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having been informed that the Debtors, the Committee and the MBNF Non-Debtor Parties (each as defined in the Joint Objection) have agreed to HSREP VI Holding, LLC's and its affiliates'

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540) (collectively, the "Debtors").

[2] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Mediation Order.

(collectively, the "HSRE Entities") participation in the Mediation subject to the provisions of this Order; and the relief granted herein being in the best interests of the Debtors, their estates, their creditors and other parties in interest and sufficient cause appearing therefor; and after due deliberation thereon,

**IT IS HEREBY ORDERED THAT**:

1. The Mediation Order is modified as set forth herein.

2. The HSRE Entities shall participate in the Mediation as and when determined by the Mediator in his sole discretion after consultation with the Debtors, the Committee, the MBNF Non-Debtor Parties and the HSRE Entities (the "Parties"). It is intended that this Order modify the parties letter agreement dated March 4, 2021 such that "HSRE Mediation" as defined therein be interpreted to include the mediation ordered hereby.

3. The Competing Claims to be addressed in the Mediation shall be expanded to include (a) the claims alleged in Adversary Proceeding Numbers 21-50991 (MFW) and 21-50993 (MFW); (b) all claims of any of the HSRE Entities against any of the Debtors; (c) all claims of any of the HSRE Entities against any of the MBNF Non-Debtor Parties, subject to the discretion of the Mediator after consultation with the Parties; and (d) any and all claims asserted by any of the MBNF Non-Debtor Parties against any of the HSRE Entities, subject to the discretion of the Mediator after consultation with the Parties. The HSRE Entities and the MBNF Non-Debtor Parties may confidentially exchange unsealed copies of the complaints filed in Adversary Proceeding Numbers 21-50991 (MFW) and 21-50993 (MFW), respectively (collectively, the "Adversary Proceedings").

4. The Parties shall meet and confer in good faith on what documents and information, if any, exchanged among the Debtors, the Committee and the MBNF Non-Debtor Parties during

the Mediation shall also be provided to the HSRE Entities and what documents and information the HSRE Entities shall provide to the Debtors, the Committee and the MBNF Non-Debtor Parties in connection with the HSRE Entities' participation in the Mediation pursuant to paragraph 2 herein.  If the Parties are unable to reach agreement on what documents and information should be provided to and from the HSRE Entities in connection with the Mediation, any disagreements shall be decided by the Mediator in his sole discretion after consultation with the Parties.  If necessary, the Parties shall meet and confer with respect to a protective order relative to the HSRE Entities' production of documents in connection with the Mediation.  If the Parties are unable to reach agreement on such protective order, any disagreements shall be decided by the Mediator in his sole discretion after consultation with the Parties.

5. The Adversary Proceedings are hereby stayed during the pendency of the Mediation.  If the Mediation is terminated with respect to the HSRE Entities or the MBNF Non-Debtor Parties, the Mediator shall file a notice within three (3) business days of such termination and the applicable Adversary Proceeding(s) shall no longer be stayed effective upon the filing of such notice; provided that the unstaying of one Adversary Proceeding will not require or cause the unstaying of the other Adversary Proceeding.

6. For the avoidance of doubt, nothing in this Order shall alter, modify, impact, or diminish, in any way, that certain Standstill Period Arrangement, dated July 21, 2021, between the Debtors and the Committee, on one hand, and the MBNF Non-Debtor Parties, on the other hand.

7. The HSRE Entities shall reimburse the Debtors and the MBNF Non-Debtor Parties for a portion of the Mediator's fees and costs, in an amount to be agreed upon among the Parties in consultation with the Mediator (the "Mediation Cost Reimbursement").  If the Parties are unable

38786791.1 07/28/2021

to reach agreement on the Mediation Cost Reimbursement, all issues related to the Mediation Cost Reimbursement shall be decided by the Court.

8. Except as expressly set forth in this Order, the Mediation Order shall otherwise remain unchanged and in full force and effect.

9. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order.

Dated: July 28th, 2021  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

4

38786791.1 07/28/2021