## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (MFW) |
|  | Jointly Administered |
| Debtors. | **Hearing Date: September 23, 2021 at 10:30 a.m.**<br>**Objection Deadline: August 19, 2021 at 4:00 p.m.** |

### DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER
### AUTHORIZING THE RETENTION AND EMPLOYMENT OF
### CROSS & SIMON LLC AS SPECIAL COUNSEL TO THE DEBTORS

Center City Healthcare, LLC d/b/a Hahnemann University Hospital, and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (these "**Chapter 11 Cases**"), by and through their undersigned counsel, hereby submit this application (this "**Application**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the retention and employment of Cross & Simon LLC ("**C&S**" or the "**Firm**") as special conflicts counsel to the Debtors in connection with matters adverse to Airgas, Inc. ("**Airgas**") and any other matters in which SEAL and Klehr Harrison (both as defined herein) have conflicts of interest. In support of this Application, the Debtors rely upon the declaration of Christopher P. Simon, Esquire (the "**Simon Declaration**"), a copy of which is attached hereto as **Exhibit B**, and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

the declaration of Allen Wilen (the "**Wilen Declaration**"), a copy of which is attached hereto as **Exhibit C**, and respectfully represent as follows:

**Jurisdiction And Venue**

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 2014-1.

**Background**

4.      On June 30, 2019 and July 1, 2019 (the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2] (the "**First Day Declaration**"), which is incorporated by reference herein.

6.      In connection with these Chapter 11 Cases, the Debtors have taken steps to pursue certain avoidable transfers pursuant to sections 547, 548 and 550 of the Bankruptcy Code.  In fact, in June 2021, the Debtors filed over 100 complaints to pursue the avoidance of such transfers.  To the extent that the Debtors' primary counsel, Saul Ewing Arnstein & Lehr LLP ("**SEAL**") maintains a potential conflict of interest with respect to such matters, the Debtors' special conflicts counsel, Klehr Harrison Harvey & Branzburg LLP ("**Klehr Harrison**") will handle such matters, with one exception: because neither SEAL nor Klehr Harrison can be adverse to Airgas, the Debtors seek to retain C&S to handle that action.

### Relief Requested

7.      By this Application, the Debtors respectfully request the entry of an Order, substantially in the form of the Proposed Order, authorizing the Debtors to employ and retain C&S as special counsel to the Debtors for matters adverse to Airgas and any other matters in which SEAL and Klehr Harrison have a conflict.

### Basis for Relief Requested

**I.      C&S's Qualifications**

8.      The Debtors selected C&S to serve as special counsel in these Chapter 11 Cases based upon, among other things, the firm's experience, knowledge and resources in the fields of, *inter alia*, debtors' and creditors' rights in business reorganizations under chapter 11 of the Bankruptcy Code, general corporate and commercial law, and because of C&S's expertise,

experience, and knowledge of practicing before this Court.  Given its capabilities and reputation, the Debtors believe that C&S is well qualified to deal effectively with the Airgas matter and any other matters in which the Debtors require its assistance.

## Services to Be Provided

9.      The Debtors respectfully submit that it will be necessary to employ and retain C&S to serve as special counsel pursuant to section 327(a) of the Bankruptcy Code to render solely the following services as directed by the Debtors (the "**Services**"): Advise and assist the Debtors in all respects regarding their rights, powers and duties in connection to matters adverse to Airgas including, without limitation, the review, analysis, negotiation and litigation of any claims or actions involving Airgas, and any other matters for which SEAL and Klehr Harrison have a conflict of interest.

10.     By separate application or motion, the Debtors have requested Court approval of the retentions of: (i) EisnerAmper LLP to provide a chief restructuring officer, an interim system chief executive officer and related services; (ii) SSG Advisors LLP as investment banker; (iii) Omni Management Group as claims and noticing agent and administrative advisor; (iv) SEAL as counsel to the Debtors; and (v) Klehr Harrison as special counsel to the Debtors. In addition, the Debtors also may file motions or applications to employ additional professionals.

11.     These professionals work, and will continue to work, under the direction of the Debtors' management.  The Debtors' management is committed to minimizing duplication of services to reduce professional costs.  Because neither SEAL nor Klehr Harrison will be partaking in any legal matters or issues in which the Debtors are adverse to Airgas, C&S is being retained by the Debtors, subject to Court approval, to provide advice and other assistance in connection with matters adverse to Airgas.  Thus, there will be no duplication of services.

## **Terms of Retention**

12.     Subject to approval by the Court, the Debtors propose to employ and retain C&S to serve as special counsel in connection with the Services set forth above on the terms and conditions set forth herein and in the Proposed Order.

13.     The terms of C&S's employment provide generally that certain attorneys and other personnel within the Firm will undertake this representation at their standard hourly rates, and that C&S will be reimbursed for reasonable and necessary expenses, subject to the approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and other applicable orders of this Court.

14.     The present hourly rates for attorneys and paralegals of the Firm are set forth in the Simon Declaration attached hereto.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and to reflect increased expertise and experience in one's area of law.

15.     C&S will also seek reimbursement for reasonable and necessary expenses incurred, which may include, among other things, travel expenses, work-related meals, telephone and facsimile (outgoing only), tolls and other charges, mail and express or overnight mail charges, special or hand delivery charges, document processing, photocopying (not to exceed $0.15 per page), scanning and printing charges, vendor charges, computerized research, transcription costs, filing fees, non-ordinary overhead expenses (which shall *not* include secretarial or other overtime) and other out-of-pocket expenses incurred in providing professional services to the Debtors.  C&S will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

16.     C&S will file fee applications with the Court, and be paid in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court.  C&S also intends to make a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures, as set forth in the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under United States Code by Attorneys in Larger Chapter 11 Cases* (the "**UST Guidelines**").

17.     As set forth in the Simon Declaration, C&S has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

## C&S's Disinterestedness

18.     The standard for a debtor in possession to employ conflicts counsel is set forth in sections 327(a) and 1107 of the Bankruptcy Code, as interpreted by the Third Circuit.  Those sections provide that a debtor in possession, with the court's approval, may employ attorneys "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons." 11 U.S.C. § 327(a); 11 U.S.C. § 1107; *see also In re BH&P, Inc.*, 949 F.2d 1300, 1314 (3d Cir. 1991).  A "disinterested person" is defined as one who does not have an interest materially adverse to the interest of the estate, by reason of any direct or indirect relationship with the debtor, or for any other reason.  11 U.S.C. § 101(14)(e).

19.     As described in detail in the attached Simon Declaration, C&S has conducted a search of its conflict database with respect to the Debtors and a list of parties in interest and potential parties in interest in these Chapter 11 Cases.  The scope of the conflicts search is set out on **Exhibit 1** to the Simon Declaration and the results of the conflicts search are set forth on **Exhibit 2** to the Simon Declaration.  Based on the results of the conflicts search, C&S has

informed the Debtors that, except as may be set forth in the Simon Declaration, C&S (a) does not hold or represent any interest adverse to the Debtors' estates, and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

20.     C&S has also informed the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts or relationships are discovered or arise, C&S will supplement its disclosure to the Court.

21.     For the reasons set forth above, the Debtors submit that C&S's employment is necessary and in the best interests of the Debtors and their estates.

### Notice

22.     The Debtors have provided notice of the filing of the Motion to: (i) the Office of the United States Trustee; (ii) the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

### No Prior Request

23.     No prior application for the relief requested herein has been made to this or any other court.

*[remainder of page left intentionally blank]*

WHEREFORE, the Debtors respectfully request entry of an order, in a form substantially similar to the Proposed Order, and pursuant to section 327(a) of the Bankruptcy Code, authorizing and approving the employment of C&S as special conflicts counsel to the Debtors in these Chapter 11 Cases and granting such other and further relief as may be just and proper.

Dated: August 5, 2021                                    **SAUL EWING ARNSTEIN & LEHR LLP**

                                                         */s/ Monique B. DiSabatino*
                                                         Mark Minuti (DE Bar No. 2659)
                                                         Monique B. DiSabatino (DE Bar No. 6027)
                                                         1201 N. Market Street, Suite 2300
                                                         P.O. Box 1266
                                                         Wilmington, DE  19899
                                                         Telephone: (302) 421-6800
                                                         mark.minuti@saul.com
                                                         monique.disabatino@saul.com

                                                                       -and-

                                                         Jeffrey C. Hampton
                                                         Adam H. Isenberg
                                                         A. Mayer Kohn
                                                         Centre Square West
                                                         1500 Market Street, 38th Floor
                                                         Philadelphia, PA 19102
                                                         Telephone: (215) 972-7777
                                                         jeffrey.hampton@saul.com
                                                         adam.isenberg@saul.com
                                                         mayer.kohn@saul.com

                                                         *Counsel for Debtors and Debtors in Possession*