# **EXHIBIT C**

**DECLARATION OF DEBTORS**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) Jointly Administered |
| Debtors. | ) |

## DEBTORS' DECLARATION IN SUPPORT OF DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CROSS & SIMON LLC AS SPECIAL COUNSEL TO THE DEBTORS

I, Allen Wilen, being duly sworn, state the following under penalty of perjury.

1. I am the chief restructuring officer of Center City Healthcare, LLC d/b/a Hahnemann University Hospital and its affiliated debtors and debtors in possession (the "**Debtors**"). I submit this Declaration (the "**Declaration**") in support of the application (the "**Application**")[2] of the Debtors to retain Cross & Simon LLC ("C&S") as their special counsel. Except as otherwise noted, all facts set forth in this Declaration are based on my personal knowledge of the matters set forth herein.

### The Debtors' Selection of C&S as Special Counsel

2. The Debtors selected C&S to serve as special counsel in these Chapter 11 Cases based upon, among other things, the firm's experience, knowledge and resources in the fields of,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the Application.

*inter alia*, debtors' and creditors' rights in business reorganizations under chapter 11 of the Bankruptcy Code, general corporate and commercial law, and because of C&S's expertise, experience, and knowledge of practicing before this Court. Given its capabilities and reputation, the Debtors believe that C&S is well qualified to deal effectively with the Airgas matter and any other matters in which the Debtors require its assistance.

3. C&S's expertise and experience practicing before the Court will enable the Firm to work in an efficient and cost-effective manner on behalf of the Debtors' estates. The Debtors therefore believe that C&S is uniquely qualified to represent them in these Chapter 11 Cases in matters adverse to Airgas, or any other matters in which SEAL & Klehr Harrison have a conflict of interest.

### Rate Structure

4. In my capacity as chief restructuring officer, I am responsible for supervising outside counsel retained by the Debtors in the ordinary course of business. C&S has informed the Debtors that its rates for bankruptcy representations are comparable to the rates that C&S charges for non-bankruptcy representations.

### Cost Supervision

5. C&S and the Debtors are in the process of developing a prospective budget and staffing plan. The Debtors recognize that in large Chapter 11 Cases such as these, it is possible that there may be unforeseen fees and expenses that will need to be addressed by the Debtors and C&S. The Debtors also recognize that it is their responsibility to closely monitor the billing practices of C&S and their other counsel to ensure that fees and expenses paid by their estates remain consistent with the Debtors' expectations taking into account the exigencies of these Chapter 11 Cases. To that end, the Debtors will continue to review and monitor the regular

invoices submitted by C&S and, together with C&S, periodically amend the budget and staffing plans to reflect developments in the case as applicable.

6. As is the Debtors' historical practice, the Debtors will continue to monitor the fees and expense reimbursement process during these Chapter 11 Cases and ensure that the Debtors are an active participant in that process. Recognizing that every chapter 11 case is unique, the Debtors, together with C&S, will utilize the budgeting process to provide guidance on the period of time involved and the level of attorneys and professionals that will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

7. Based on the foregoing, the Debtors believe it is necessary to retain and employ C&S as special counsel, and that such employment is in the best interests of the Debtors and their estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 5, 2021

> /s/ Allen Wilen
> Allen Wilen
> Chief Restructuring Officer
> Center City Healthcare, LLC *et al*.