## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| Center City Healthcare, LLC, d/b/a, ) | Case No.: 19-11466 MFW |
| Hahnemann University Hospital, et al. ) | |
| ) | Chapter 11 |
| Debtor. ) | |

### MOTION TO ALLOW PROOF OF CLAIM OF LESLIE CALDWELL

COMES NOW Leslie Caldwell ("Movant"), by and through her attorneys, Christina Pappoulis, Esq. and Matthew Carucci, Esq., and respectfully moves this Honorable Court to allow and deem timely her proof of claim filed on or about 6/19/2021. In support hereof, Movant respectfully states as follows:

### Background

1. On June 27, 2019, Movant alleges that she was injured during care and treatment at Hahnemann University Hospital ("Debtor"). Movant learned the extent and alleged cause of the injuries on December 8, 2019, when she receive an MRI.

2. Movant retained Alan Gelb, Esq. ("PA Counsel") to undertake a personal injury claim on her behalf. PA Counsel opined that the claim was worth approximately $50,000.[1]

3. Debtor filed its Bankruptcy Petition on or about June 30, 2019.

4. In or around March, 2020, the COVID-19 pandemic and related quarantine/shut down began. For several months, PA Counsel was working from home, and only part-time. Counsel began the process of reopening his firm in September, 2020, though he was not fully back to work for some months after that.

5. The claims bar date was August 5, 2020.

---

[1] This is not intended to be a representation of a specific amount, and is solely PA Counsel's opinion based on experience and examination of Movant's case.

6. Movant does not recall receiving notice of the claims bar date, however, Movant has no basis to believe she did not receive it, and assumes that she did receive it but that she and PA Counsel did not communicate on the matter prior to the bar date.

7. In November, 2020, PA Counsel sent a letter of representation on behalf of Movant. Communications occurred between PA Counsel and various attorneys over the next several months.

8. From March, 2021, through May, 2021, PA Counsel made several attempts to communicate with the attorneys referenced in paragraph 6, but received no responses.

9. On May 13, 2021, PA Counsel filed a civil complaint for $50,000.[2]

10. On July 23, 2021, undersigned counsel filed Movant's proof of claim, a copy of which is attached hereto as Exhibit A and incorporated herein by reference.

11. Movant submits to the Court that filing the proof of claim after the bar date was a result of excusable neglect, and requests that the claim be allowed.

## Legal Standard

12. Federal Rule of Bankruptcy Procedure 9006(b)(1) allows the claims bar date to be extended "on motion made after the expiration of the [bar date] where the failure to act was the result of excusable neglect." *Fed. R. Bankr. P. 9006(b)(1).*

13. In *Pioneer Inv. Srvs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993), a creditor's attorney failed to file a timely proof of claim when he was unaware of the bar date "at a time when he was experiencing a 'major and significant disruption' in his professional

---

[2] At no time did PA Counsel intend to violate the automatic stay or otherwise improperly pursue Debtor's assets. PA Counsel, being unfamiliar with Bankruptcy rules and procedure, and being unable to communicate with opposing counsel(s), was concerned about the statute of limitations on Movant's claim, and was unsure how else to avoid the statute running. After filing, PA Counsel discussed the complaint with Debtor's counsel, but has not attempted to move the litigation forward.

life caused by his withdrawal from his former law firm . . . ." *Id.* at 384. The Bankruptcy Court had held that ". . . a party may claim 'excusable neglect' only if its 'failure to timely perform a duty was due to circumstances which were beyond [its] reasonable [c]ontrol.'" *Id.*

14. On appeal, the District Court partially disagreed, and remanded, providing several criteria to be used to evaluate the existence of excusable neglect: (1) whether allowing the untimely proof of claim will prejudice the debtor; (2) the length of delay and its effect on efficient administration of the case; (3) whether the delay was beyond the reasonable control of the person who had the duty timely to file the claim; (4) whether the creditor acted in good faith; and (5) whether a client should be penalized for his or her attorney's mistake. The District Court suggested that there should be a determination whether the untimely filing "'resulted from negligence, indifference or culpable conduct on the part of a moving creditor or its counsel.'" *Id.* at 385.

15. The 6th Circuit Court of Appeals agreed that those factors were helpful, if not an exhaustive list of criteria. *In Re Pioneer Investment Services Co.,* 943 F.2d 673, 677 (1991).

16. The Supreme Court ultimately affirmed. 507 U.S. at 399. The Court implied that the standard for excusable neglect is flexible, and reiterated that it is "at bottom an equitable one, taking account of all relevant circumstances . . . ." *Id.* at 395.

## Argument

17. Movant reviews the criteria in order:

### There is no danger of prejudice to debtor

18. The value of Movant's claim is marginal relative to the Debtors' Estates, and the allowance of the claim will not disrupt the reorganization or distribution process. On information and belief, Debtors' estates are solvent. *See, e.g., In Re Sheehan Mem'l Hosp.,* 507

B.R. 802, 803 (Bankr. W.D.N.Y 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.")

19.     Moreover, in this case, if Movant's injury claim against Debtor is successful, Movant and PA Counsel do not expect any recovery beyond the amount covered by Debtor's insurance policy(ies); if that expectation becomes a reality, there is no prejudice to Debtor in that the Bankruptcy Estate will be wholly unaffected.

*The brief length of the delay will not affect on judicial proceedings detrimentally*

20.     Movant's claim was filed approximately 1 year late. This is not an extraordinary amount of time. Debtors' Bankruptcy has not proceeded to the point that there would be a negative effect on the proceedings, or the administration of the Estate.

21.     Moreover, to the extent one might *normally* consider a year to be an overly long delay, Movant submits that the COVID-19 pandemic and national quarantine/shut down make such period of delay reasonable.

*Movant asserts a legitimate and reasonable basis for the delay*

22.     Movant's delay in filing the proof of claim was a result of the unexpected and unplanned changes to PA Counsel's practice during the COVID-19 pandemic, and the limitations the pandemic placed on communication and efficient administration of cases.

23.     In *In Re Pioneer*, the movants' counsel was found to have neglected the matter due to major upheaval and disruption from changing law firms. While this was determined to be "neglect," the Court also found that neglect to be reasonable, and thus excusable, under the totality of the circumstances and based on an equitable review of those circumstances.

24.     In the instant matter, PA Counsel cannot be said to have neglected this matter. Movant's and PA Counsel's inability to communicate and proceed with a complex case under the circumstances with which the world dealt in 2020 is not analogous to a case of simple neglect, and should be viewed as beyond both Movant's and PA Counsel's control, and entirely excusable under those circumstances.

*Movant Acted in Good Faith*

25.     Once it became possible, PA Counsel diligently and promptly represented Movant's interests in the underlying injury case. Counsel communicated with opposing parties, provided documentation as needed, and worked closely with Movant.

26.     Upon learning of the bar date and overdue claim, PA Counsel immediately began discussions with Debtors' counsel, as well as retained the undersigned firm to assist in the instant motion.

27.     Neither Movant nor PA Counsel undertook any delay once the problem became known, and no part of the delay(s) in this matter were caused by bad faith of any party.

*Movant Should Not Be Penalized, and PA Counsel Did Not Make a Mistake*

28.     The fifth criterion cited above looks to whether a client should bear the burden of "paying for" his or her attorney's mistakes. Movant submits that the criterion is not relevant in this case. PA Counsel did not make a mistake, such as what occurred in *In Re Pioneer Investments*. Rather, Movant and PA Counsel had more difficulty communicating and advancing Movant's injury claim during the COVID-19 pandemic and quarantine, and PA Counsel acted diligently thereafter.

**Conclusion**

29. Movant's circumstances fit squarely within the concept of excusable neglect, both within the criteria established by *In Re Pioneer Investments*, as well as under the equitable standards suggested by the U.S. Supreme Court.

30. Movant's proof of claim was filed late due solely to excusable neglect. As such, the Court should deem the claim timely.

WHEREFORE, Movant respectfully requested that the Court enter an order in the form attached hereto, deeming Movant's proof of claim timely, and granting such other and further relief as the Court finds appropriate.

GREGORY & PAPPOULIS

Date: September 1, 2021

/s/ Christina Pappoulis
Christina Pappoulis, Esq. (ID 4444)
Matthew Carucci, Esq. (ID 4529)
5307 Limestone Rd., Ste. 103
Wilmington, DE 19808
P: 302.421.9101
F: 302.543.4456
*ninapappoulis@bgplegal.com*
*mattcarucci@bgplegal.com*