**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>Jointly Administered |
| CENTER CITY HEALTHCARE, LLC, *et al.*,<br><br>Plaintiffs<br><br>- against –<br><br>Defendants Listed on Exhibit "A",<br><br>Defendant. | **Adversary No.  See Exhibit "A"**<br><br>**Objection Deadline: September 16, 2021**<br>**Hearing Date: September 23, 2021 at 10:30 a.m. (ET)** |

**MOTION FOR ENTRY OF AN ORDER ESTABLISHING**
**STREAMLINED PROCEDURES GOVERNING ADVERSARY**
**PROCEEDINGS BROUGHT BY DEBTORS PURSUANT TO**
**SECTIONS 502, 547, 548, AND 550 OF THE BANKRUPTCY CODE**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**" or the "**Plaintiffs**"), by their undersigned counsel, pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 16 and 26 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 7016-1, 7016-2 and 9019-5 of the Local Rules

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), hereby file this motion (the "**Motion**") for entry of an order, substantially in the form annexed hereto as **Exhibit B** (the "**Proposed Procedures Order**"), establishing streamlined procedures for all adversary proceedings identified in the **Exhibits A** annexed hereto (collectively, the "**Avoidance Actions**"), which were brought by the Debtors under sections 502, 547, 548 and 550 of the Bankruptcy Code. In support of this Motion, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

To efficiently administer and resolve the Avoidance Actions and minimize litigation among the parties requiring Court intervention, the Debtors hereby propose implementation of procedures that (a) extend the time for all defendants to Avoidance Actions to respond to the complaints filed in order to facilitate early discussion among the parties to resolve the proceeding, (b) eliminate initial pre-trial hearings, (c) eliminate the requirement of a Bankruptcy Rule 7026(f) scheduling conference and, in lieu of such conference, establish procedures and timelines for service of Bankruptcy Rule 7026 initial disclosures, fact and expert written discovery, and depositions, (d) establish procedures and timelines in connection with the referral of the Avoidance Actions to non-binding mediation prior to the commencement of formal discovery, and (e) provide for the scheduling of omnibus hearings for the Avoidance Actions (collectively, the "**Proposed Procedures**") at which status reports will be provided to the Court and at which matters that cannot be resolved by the parties may be brought to the Court for decision.

The Debtors submit the Proposed Procedures are designed to and will facilitate the efficient administration and resolution of Avoidance Actions consistent with the policies and

purposes of the Bankruptcy Rules and the Local Rules, and will further the goals of judicial economy and efficiency.

Local Rule 7001-1(a) provides that any party seeking relief deviating from the procedural rules set forth in the Federal Rules, the Bankruptcy Rules, the District Court Rules, or the Local Rules, must identify with specificity each instance where the relief sought deviates and the good faith reason(s) for deviation. Attached as **Exhibit C** and incorporated herein by reference is a chart detailing with specificity the Debtors' good faith reasons for deviation from otherwise applicable rules of procedure. Such reasons are further discussed below.

Further, pursuant to the *General Order Regarding Procedures in Adversary Proceedings* dated April 7, 2004 (as later revised on July 14, 2004 and amended on April 11, 2005) (the "**General Order**"), adversary proceedings that assert causes of action under Bankruptcy Code section 547 are referred to mandatory mediation. The Proposed Procedures contemplate the use of the panel of mediators with substantial experience in bankruptcy and in mediating bankruptcy-related matters including causes of action under sections 547, 548 and 550 of the Bankruptcy Code. The Proposed Procedures provide for Defendants to choose a mediator from the list to be approved by the Court.[2] With over 100 Avoidance Actions pending,[3] a pre-approved list of mediators should be beneficial to the Debtors and defendants, and to the Court, as disputes over mediator selection should be greatly minimized; the Court will be relieved of the administrative task of selecting mediators and docketing notices thereof; and, over time, the mediators on the panel will gain familiarity with issues relating to the Chapter 11 Cases and common to the Avoidance Actions. Debtors submit that a panel of three to five pre-approved experienced,

---

[2] Debtors remain in the process of finalizing the list of mediators and will supplement this motion promptly once a final proposed list of mediators has been finalized.

[3] Approximately 8 adversary proceedings that were commenced already have been resolved by settlement and/or voluntary dismissal.

3

38634011.9

capable mediator, should provide defendants with a reasonable and ample slate from which their selection can be made (subject, of course, to conflict checks by the selected mediator).

In sum, Debtors submit the Proposed Procedures, which are complementary of, and not contrary to the spirit and intent of otherwise applicable rules of procedure, will assist the parties and the Court in managing the Avoidance Actions.

For the foregoing reasons, as further described below, the Debtors believe that approval of the Proposed Procedures is appropriate under the facts and circumstances here.

## **JURISDICTION**

1.      This Court has jurisdiction over this Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Consideration of this Procedures Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (F), (H) and (O).

3.      The Debtors consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

5.      The statutory bases for the relief requested herein are sections 105(a), 105(d), 502, 547, 548 and 550 of the Bankruptcy Code, Bankruptcy Rules 7004, 7012, 7016, 7026 and 9006, and Local Rules 7016-1, 7016-2, and 9019-5.

**BACKGROUND**

6. On June 30, 2019 or July 1, 2019, (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On or about the Petition Date, the Debtors moved for joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

7. No entity has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

8. On July 15, 2019, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "**Committee**").

**RELIEF REQUESTED**

9. From June 23 through June 29, 2021, the Debtors filed 101 Avoidance Actions that remain pending, and from August 23 through August 30, 2021, Debtors filed six (6) additional Avoidance Actions.[4] The Avoidance Actions filed to date, and which are subject to this motion are identified in **Exhibit A** attached hereto. The defendants identified in **Exhibit A-1**, **Exhibit A-2**, and **Exhibit A-3** are referred to hereafter, collectively, as the "**Defendants**."[5]

---

[4] Prior to the two year anniversary of the Petition Date, Debtors entered into tolling agreements with approximately 45 parties that Debtors assert received avoidable transfers thereby, extending the limitations period through September 1, 2021. After the two year anniversary of the Petition Date, and before September 1, 2021, Debtors entered into further tolling agreements with approximately 35 of the original 45 tolling agreement parties.

[5] **Exhibit A-1** identifies the Avoidance Actions filed by Saul Ewing Arnstein & Lehr, LLP. **Exhibit A-2** identifies the Avoidance Actions filed by conflicts counsel, Klehr Harrison Harvey Branzburg LLP. **Exhibit A-3** identifies the Avoidance Action that additional conflicts counsel, Cross & Simon, was substituted in for Saul Ewing as counsel.

10. The Proposed Procedures as set forth in the Proposed Procedures Order attached hereto as **Exhibit B** are designed to provide a period of time at the outset in which litigation is deferred so that attempts to resolve the Avoidance Actions by the parties through informal means and thereafter through mediation as required by this Court's General Order. Thereafter, the Proposed Procedures provide for an efficient and reasonably prompt pre-trial schedule for litigation effort. The Proposed Procedures are designed to efficiently resolve the Avoidance Actions while preserving the due process rights of all parties as reflected by applicable rules of procedure including, without limitation, to adjudicate claims and defenses before the Court, if necessary; to minimize the costs attendant to resolution and litigation of the Avoidance Actions for all parties; and to ease the Court's administrative burden.

## BASIS FOR RELIEF REQUESTED

### A. The Court Has Authority to Approve the Proposed Procedures

11. The Court has broad discretion to adopt and implement procedures and guidelines, such as those represented by the Proposed Procedures, to aid in the administration of the Avoidance Actions. Specifically, Rule 16(a) of the Federal Rules, applicable to adversary proceedings pursuant to Bankruptcy Rule 7016, authorizes courts to enter orders for the purpose of:

- expediting the disposition of an action;
- establishing early and continuing control so that a case will not be protracted because of lack of management;
- discouraging wasteful pretrial activities; and
- facilitating the settlement of a case.

Fed. R. Civ. P. 16(a).

12. In addition, Federal Rule 16(b) affords a court significant flexibility in case management and scheduling. Specifically, Federal Rule 16(b) authorizes courts to enter scheduling and other orders that limit the time to file motions and complete discovery. Federal Rule 16(b) expressly provides that such orders may include modifications for the disclosures required under Federal Rule 26 (made applicable to the Avoidance Actions by Bankruptcy Rule 7026), dates for conferences and trials, and any other matters appropriate to the circumstances of the case.

13. Section 105(a) of the Bankruptcy Code also grants bankruptcy courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code. That section provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

14. The Proposed Procedures further the purpose of the above-cited Federal Rules and Bankruptcy Rules by establishing guidelines that the Debtors believe are essential to the efficient and successful resolution of the Avoidance Actions. Debtors submit the Proposed Procedures will permit the cost-effective, timely resolution of the Avoidance Actions and thereby benefit the parties to the Avoidance Actions while also furthering the goals of judicial economy and conservation of judicial resources.

15. The Debtors also expect that the Proposed Procedures likely will reduce defense costs for many Defendants. Proceeding in the manner proposed could obviate the need for Defendants to retain outside and/or local counsel during the settlement process and likely will

reduce litigation costs at the outset of Avoidance Actions in favor of settlement and case resolution efforts.

16. To the extent the Proposed Procedures deviate from otherwise applicable rules and orders, the Debtors submit (as noted in **Exhibit C** and herein) that such variations are warranted to promote efficient use of estate assets and judicial resources.

**B.     Pretrial Conferences and Discovery**

17. Given the number of Avoidance Actions commenced, the Debtors believe that the Proposed Procedures as they relate to scheduling conferences, pretrial conferences, initial disclosures, and fact and expert discovery are reasonable and necessary to establish a structured, efficient process for the Avoidance Actions.

18. The Proposed Procedures (1) waive the initial pretrial conference, which has not been scheduled, and any subsequently scheduled pretrial conferences, (2) extend the agreed-upon time to serve initial disclosures; and (3) set deadlines for the parties to select a mediator in order to timely complete mediation consistent with the General Order and the Local Rules.

19. Good faith reasons exist to waive pretrial conferences and provide for a streamlined mediator selection process including the decreased time and effort the Court is burdened with in reviewing, signing and docketing stipulations for extensions of time and mediator selection. The Proposed Procedures will also result in more orderly and efficient litigation and discourage dilatory tactics.

**C.     Referral of Avoidance Actions to Mandatory Non-Binding Mediation**

20. The mediation referral aspects of the Proposed Procedures comports with the General Order and the Local Rules, which provide for preference adversaries to be referred to mediation.

21. Debtors, for good faith reasons, will propose a panel of mediators from which a Defendant can choose a mediator for its Avoidance Action, as opposed to the entire mediator register. The Debtors and Defendants alike will benefit from a limited mediator panel as Debtors' anticipate all the mediators will serve on terms and conditions the Debtors submit are beneficial to the estate and they also will have completed preliminary conflict checks to determine whether any significant conflict exists. Further, the mediators pre-selected should, in short order, become familiar with issues common to these Avoidance Actions and the Chapter 11 Cases, which likely will permit the mediation process to be more efficient. Additionally, the costs to the Debtors' estates should be reduced by mediating multiple adversary actions in set blocks of time by the same mediator.

22. Procedures containing mandatory, non-binding facilitative mediation procedures similar to the provisions contained in the Proposed Procedures Orders have been entered in other cases pending in this district. *See, e.g., In re Insys Therapeutics, Inc. et al.*, Case No. 19-11292 (JTD) (Bankr. D. Del. Apr. 6, 2021) (ECF No. 1565); *In re M & G USA Corporation, et al.*, Case No. 17-12307 (BLS) (Bankr. D. Del. Dec. 9, 2019) (ECF No. 2673); *In re Draw Another Circle, LLC*, Case No. 16-11452 (KJC) (Bankr. D. Del. Aug. 30, 2017) (ECF No. 1501); *In re FBI Wind Down, Inc. (f/k/a Furniture Brands International, Inc.*), Case No. 13-12329 (CSS) (Bankr. D. Del. Nov. 10, 2015) (ECF Nos. 2683 and 2684).

23. For these reasons, all parties as well as the Court should benefit from the mediation provisions of the Proposed Procedures, including through early resolution of Avoidance Actions obviating the need for expensive, time-consuming and burdensome litigation and trial.

**D.      Omnibus Hearings and Motions**

24.     The Proposed Procedures contemplate that the Debtors will schedule omnibus hearings for Avoidance Actions on a quarterly basis subject to the Court's calendar and at the Court's convenience for hearings on motions and other matters that concern Avoidance Actions. Having a set schedule for resolution of issues that may arise in the Avoidance Actions will permit predictability, efficiency and the orderly resolution of matters.

## NOTICE

25.     Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) counsel to the Committee; and (iii) all persons and entities that are Defendants in the Avoidance Actions identified in **Exhibit A** annexed hereto; and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Procedures Order, substantially in the form attached hereto as **Exhibit B**, (i) approving the Proposed Procedures and (ii) granting such other and further relief as the Court deems just and proper.

Dated: September 2, 2021

| **SAUL EWING ARNSTEIN & LEHR LLP** | **KLEHR HARRISON HARVEY BRANZBURG LLP** |
|---|---|
| */s/ John D. Demmy* <br> Mark Minuti (DE Bar No. 2659) <br> John D. Demmy (DE Bar No. 2802) <br> Monique B. DiSabatino (DE Bar No. 6027) <br> 1201 N. Market Street, Suite 2300 <br> Wilmington, DE 19899 <br> Telephone: (302) 421-6800 <br> mark.minuti@saul.com <br> john.demmy@saul.com <br> monique.disabatino@saul.com <br><br> -and- <br><br> Jeffrey C. Hampton <br> Adam H. Isenberg <br> Jorge Garcia <br> Shannon A. McGuire <br> Centre Square West <br> 1500 Market Street, 38th Floor <br> Philadelphia, PA 19102 <br> Telephone: (215) 972-7777 <br> jeffrey.hampton@saul.com <br> adam.isenberg@saul.com <br> jorge.garcia@saul.com <br> shannon.mcguire@saul.com <br><br> *Counsel to the Debtors and Debtors in Possession* | */s/ Sally E. Veghte* <br> Domenic E. Pacitti (DE Bar No. 3989) <br> Sally E. Veghte (DE Bar No. 4762) <br> 919 North Market Street, Suite 1000 <br> Wilmington, DE 19801 <br> Telephone: (302) 426-1189 <br> dpacitti@klehr.com <br> sveghte@klehr.com <br><br> *Counsel to the Plaintiffs in the adversaries identified on Exhibit A-2* |

38634011.9

**CROSS & SIMON LLC**

*/s/Kevin S. Mann*
Christopher P. Simon (DE Bar No. 3697)
Kevin S. Mann (DE Bar No. 4576)
1105 North Market Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 777-4200
csimon@crosslaw.com
kmann@crosslaw.com

*Counsel to the Plaintiffs in the adversary identified on Exhibit A-3*