# Exhibit C

**Local Rule 7001-1 Deviation from Rules Governing Adversary Proceedings**

**Local Rule 7001-1 Deviation from Rules Governing Adversary Proceedings**

| No. | Rule Citation | Local Rule | Deviation | Good Faith Reason |
|---|---|---|---|---|
| 1 | L.R. 7012-2 | Extension of Time to Plead or File Motion. The deadline to plead or move in response to a complaint or other pleading in an adversary proceeding may be extended for a period of up to twenty-eight (28) days by stipulation of the parties docketed with the Court or, for a longer period of time, by order of the Court. Any motion for extension of time to plead or move in response to a complaint or other pleading in an adversary proceeding or a stipulation seeking entry of an order approving such an extension must be filed with the Court prior to the expiration of the deadline to be extended. Any deadline extended pursuant to this section shall not affect any other deadlines set forth in any Scheduling Order entered by the Court. | Defendants are given an additional thirty (30) days to respond to the complaint. Beyond that initial extension, parties are required to file stipulations to extend the deadlines contained in the procedures order but are not required to obtain a Court order for up to three (3) additional extensions. | Given the numerous adversary proceedings, elimination of certifications of counsel and orders for agreed-upon extensions by the parties for up to three (3) additional extensions will eliminate costs to the parties and the time and resources of the Court. |

| No. | Rule Citation | Local Rule | Deviation | Good Faith Reason |
|---|---|---|---|---|
| 2 | L.R. 7016-1(a); Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(f) | <u>Attorney Conference Prior to Scheduling Conference</u>. All attorneys for all the parties shall confer at least seven (7) days prior to the Fed. R. Civ. P. 16(b) scheduling conference to discuss: (i) the nature of the case; (ii) any special difficulties that counsel foresee in prosecution or defense of the case; (iii) the possibility of settlement; (iv) any requests for modification of the time for the mandatory disclosure required by Fed. R. Civ. P. 16(b) and 26(f); and (v) the items in Local Rule 7016-1(b). | The pretrial conference (also deemed the scheduling conference under L.R. 7016-1) is waived upon the entry of the proposed Procedures Order. Because there is no pretrial conference, there can be no attorney conference beforehand. | Because the scheduling and discovery issues to be discussed at the attorney conference are issues addressed in the proposed Procedures Order and thus eliminate the need for the pretrial conference, the parties do not need an attorney conference on the same. |
| 4 | L.R. 7026-1(b) | <u>Discovery</u>. (b) <u>Notice</u>. (Provisions concerning discovery disputes generally.) | While the procedures contained in this rule are not changed should a motion become necessary, the Procedures Order provides for pre-motion letters to the Court. | Pre-motion letters and telephonic conferences (if necessary) will save both the parties and the Court time and resources on discovery issues. |
| 5 | L.R. 7026-2(b)(ii) | The party responsible for service of the discovery request or the response shall retain its respective originals and become the custodian of them. The party taking an oral deposition shall be custodian of the | The Proposed Procedures contemplate that counsel for Plaintiffs and each Defendant serving the discovery request or response is the custodian of such discovery material. | Avoids the expense to both parties of requiring duplicate copies of discovery material if the non-Delaware Counsel is serving the same. |

2

| No. | Rule Citation | Local Rule | Deviation | Good Faith Reason |
|---|---|---|---|---|
|  |  | original deposition transcript; no copy shall be filed except pursuant to subparagraph (iii). Unless otherwise ordered, in cases involving out-of-state counsel, Delaware Counsel shall be the custodians. |  |  |
| 6 | L.R. 7026-3(b) | <u>Discovery Conference</u>. Parties shall discuss the parameters of their anticipated e-discovery consistent with the concerns outlined below. In a contested matter, the discussions will take place prior to or concurrent with the service of written discovery by the parties. In an adversary proceeding, the discussions will take place at the Fed. R. Civ. P. 26(f) conference, as well as at the Fed. R. Civ. P. 16 scheduling conference with the Court. | While the provisions of L.R. 7026-3 are still applicable under the Procedures Order, because the pretrial/scheduling conferences are waived, the e-discovery conference would take place between the parties. | This allows the parties to meet informally to discuss the specific concerns of each case, without the need to attend a pretrial conference. Scheduling and other discovery issues discussed at the pretrial conference would be addressed in the Procedures Order. |

3

| No. | Rule Citation | Local Rule | Deviation | Good Faith Reason |
|---|---|---|---|---|
| 7 | L.R. 9019-2(e)(i) | Selection. Upon assignment of a matter to mediation or arbitration in accordance with these Local Rules and unless special circumstances exist as determined by the Court, the parties shall select a mediator or arbitrator. If the parties fail to make such selection within the time as set by the Court, then the Court shall appoint a mediator or arbitrator. A mediator or arbitrator shall be selected from the Register of Mediators, unless the parties stipulate and agree to a mediator or arbitrator not on the Register of Mediators. | The Procedures Order provides for a panel of five (5) mediators from which a Defendant can choose a mediator. The order further provides that if a Defendant fails to select a mediator from the panel of mediators attached to the Procedures Motion, one of the listed mediators will be selected and assigned by the Plaintiffs. | A mediation panel provides Defendants with a choice of mediator but allows a set group of mediators to become familiar with the case and its particular issues, which will be cost effective and benefit all parties. In addition, the costs to the estate are lessened when multiple adversary actions are mediated in blocks of time by the same mediator. |
| 8 | L.R. 9019-2(g) | Administrative Fee. The mediator or arbitrator shall be entitled to an administrative fee of $250, payable upon his or her acceptance of the appointment, in every dispute referred to mediation, except a proceeding or matter in a consumer case. The administrative fee shall be a credit against any fee actually paid to the mediator or arbitrator in such proceeding or matter. | The $250 administrative fee is in addition to, not credited against, the fee paid for mediation. | Because the mediator does not receive the mediation fee if the parties settle at least 7 calendar days prior to the mediation, this amount compensates the mediator for any administrative, scheduling, and conflict check work that would not be compensated if the parties ultimately settle. |

4

| No. | Rule Citation | Local Rule | Deviation | Good Faith Reason |
|---|---|---|---|---|
| 9 | L.R. 9019-5(c)(ii) | <u>Time and Place of Mediation Conference</u>. After consulting with all counsel and *pro se* parties, the mediator shall schedule a time and place for the mediation conference that is acceptable to the parties and the mediator. Failing agreement of the parties on the date and location for the mediation conference, the mediator shall establish the time and place of the mediation conference on no less than twenty-one (21) days' written notice to all counsel and pro se parties. | Plaintiffs' counsel will obtain the mediators' schedules and contact defense counsel to schedule the mediations. Mediation shall be conducted remotely. | With multiple mediators on the mediation panel, it is most administratively efficient for Plaintiffs' counsel to maintain the master mediation schedule and contact Defendants to schedule them as the mediators' schedules allow. The costs to the estates are lessened when multiple adversary actions are mediated in blocks of time at the same location. Mediation will take place remotely unless the parties agree otherwise. |
| 10 | L.R. 9019-5(c)(iv)(4) | <u>Attendance at Mediation Conference</u>. (4) The attorney who has primary responsibility for each party's case, including Delaware counsel if engaged at the time of mediation regardless of whether Delaware counsel has primary responsibility for a party, unless Delaware counsel requests to be and is excused from attendance by the mediator in advance of the mediation conference. . . | The order requires at least one counsel for each party but does not require that counsel to be Delaware counsel. | The deviation will result in costs savings to both the Debtors' estates and Defendants. |

5

| No. | Rule Citation | Local Rule | Deviation | Good Faith Reason |
|---|---|---|---|---|
| 11 | L.R. 9019-5(j)(iii) | <u>Defendant's Election</u>. On or within twenty-eight (28) days after the date that the Defendant's response is due under the Summons, the Defendant may opt-in to the procedures provided under this subsection (j) by filing with the Court on the docket of the adversary proceeding and serving on the Plaintiff, a certificate in the form of Local Form 118 ("Certificate"). The time period provided hereunder to file the Certificate is not extended by the parties' agreement to extend the Defendant's response deadline under the Summons. | All Defendants are automatically referred to mediation prior to formal discovery. | Automatic reference to pre-discovery mediation will result in cost-effective and timely resolution of the Avoidance Actions, which will further the goals of judicial economy and efficiency. This process will minimize the costs to all parties and ease the Court's administrative burden. |
| 12 | L.R. 9019-5(j)(v) | <u>Appointment of Mediator</u>. On or within fourteen (14) days after the date that the Certificate is filed, Plaintiffs shall file either:<br>(i) a stipulation (and proposed order) regarding the appointment of a mediator from the Register of Mediators approved by the Court; or (ii) a request for the Court to appoint a mediator from the Register of Mediators | Provides a timeline for mediator selection and has Defendants select a mediator from the mediator panel. If no selection is made, Plaintiffs select and assign a mediator from the mediation panel. | The timing of mediation is to give all parties ample opportunity to settle prior to the rigors and costs of formal discovery. A mediation panel provides Defendants with a choice of mediator but allows a set group of mediators to become familiar with the case and its particular issues. In addition, the costs to the estate are lessened when multiple |

| No. | Rule Citation | Local Rule | Deviation | Good Faith Reason |
|---|---|---|---|---|
|  |  | approved by the Court. If a stipulation or request to appoint is not filed as required hereunder, then the Clerk of Court may appoint in such proceeding a mediator from the Register of Mediators approved by the Court. |  | adversary actions are mediated in blocks of time by the same mediator. |
| 13 | L.R. 9019-5(j)(viii)(B) | <u>Agreement to and Filing of Scheduling Order after Conclusion of Mediation</u>. If the mediation does not result in the resolution of the litigation between the parties to the mediation, then within fourteen (14) days after the entry of the Certificate of Completion on the adversary docket, the parties to the mediation shall confer regarding the adjustment of the date and time frames set forth in the scheduling order entered by the Court so that such dates and time frames are calculated from the date of completion of mediation. The parties shall further agree to a related form of scheduling order or stipulation and proposed order, and the | The discovery and other relevant deadlines post-mediation are contained in the Procedures Order. | The Procedures Order allows the parties to finalize discovery and other deadlines at the forefront, without the necessity of adjusting a previously entered order. |

7

38634011.9

| No. | Rule Citation | Local Rule | Deviation | Good Faith Reason |
|---|---|---|---|---|
| | | plaintiff shall file such proposed scheduling order or stipulation and proposed order on the docket of the adversary proceeding under certification of counsel. If the parties do not agree to the form of scheduling order or stipulation as required hereunder and the timely filing thereof, then the parties shall promptly contact the Court to schedule a hearing to consider the entry of an amended scheduling order. | | |
| 14 | L.R. 9019-5(j)(ix)(A) | <u>Persons Required to Attend</u>. A representative of each party who has full authority to negotiate and settle the matter on behalf of the party must attend the mediation in person. Such representative may be the party's attorney of record in the adversary proceeding. Other representatives of the party or the party (if the party is not the representative appearing in person at the mediation) may appear by telephone, | The Procedures Order requires one party representative and one counsel to appear at the remote mediation. | In light of all mediations being conducted remotely, this provision allows each party to have its representative and counsel appear remotely. |

8

| No. | Rule Citation | Local Rule | Deviation | Good Faith Reason |
|---|---|---|---|---|
|  |  | videoconference or other similar means.  If the party is not appearing at the mediation in person, the party shall appear at the mediation by telephone, videoconference or other similar means as directed by the mediator. |  |  |
| 15 | General Order Re: Adversary Proceedings, as amended | Mediation.  (a) No later than one hundred twenty (120) days after an answer or other responsive pleading is filed, the parties shall file a *Stipulation Regarding Appointment of Mediator* unless prior to that date the parties have submitted a motion for order of dismissal or a stipulated judgment.  If the parties fail to file a *Stipulation Regarding Appointment of Mediator* not later than ten (10) days after the deadline, the court will enter an order, without further notice or hearing, selecting and appointing a mediator for the adversary proceeding.  The mediator shall be selected from the | The Procedures Order provides a timeline for mediator selection and mediation, as well as has Defendants select a mediator from a mediator panel.  If no selection is made, Plaintiffs select and assign a mediator from the mediation panel. | The proposed timing of mediation is intended to give all parties ample opportunity to settle prior to the rigors and costs of formal discovery.  A mediation panel provides Defendants with a choice of mediator and also allows a set group of mediators to become familiar with the case and its particular issues, which will be cost effective and benefit all parties.  In addition, the costs to the estate are lessened when multiple adversary actions are mediated in blocks of time by the same mediator. |

9

| No. | Rule Citation | Local Rule | Deviation | Good Faith Reason |
|---|---|---|---|---|
|  |  | Register of Mediators and Arbitrators Pursuant to Local Rule 9019-4 for the United States Bankruptcy Court, District of Delaware. |  |  |
| 16 | Fed. R. Bankr. P. 7012(a) | (a) When Presented. If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court. | The Procedures Order provides that a Defendant has 60 days to file a responsive pleading after issuance of the summons. | Allows the parties ample opportunity to settle prior to incurring the costs associated with filing a formal response and engaging in litigation. |
| 17 | Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(a)(1)(C) | (C) Time for Initial Disclosures—In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. | Initial disclosures to be provided on or before February 15, 2022 | This change allows the parties to delay all discovery until after mediation and have all initial disclosures for non-resolved matters due on the same date. |

10

38634011.9