# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (MFW) |
|  | Jointly Administered |
| Debtors. | Related to: D.I. 2400 and 2573 |
|  | Hearing Date: September 23, 2021 @ 10:30 a.m. |

**RESPONSE AND OBJECTION OF DEBTORS TO CROSS-MOTION OF HSREP VI HOLDING, LLC AND ITS AFFILIATES TO COMPEL THE DEBTORS, PROPCOS OR MASTER LEASE GUARANTORS TO PAY UTILITY OBLIGATIONS**

The debtors and debtors-in-possession (the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel, respectfully submit this Response and Objection to Cross-Motion of HSREP VI Holding, LLC and Its Affiliates to Compel the Debtors, PropCos or Master Lease Guarantors to Pay Utility Obligations (the "**Cross-Motion**") as follows:

**Preliminary Statement**

1. Putting aside the Debtors' substantive objections to the relief sought in the Cross-Motion, as described below, all claims of the Master Landlords and certain related parties against the Debtors are currently being mediated pursuant to the Court's *Order on Motion of HSREP VI Holding, LLC and Its Affiliates to Intervene/Participate in Mediation*, ECF 2648, which in relevant part states that the mediation is to include "all claims of any of the HSRE Entities against any of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, PA  19102.

the Debtors". For this reason alone, the relief sought in the Cross-Motion should be denied or, in the alternative, the hearing on the Cross-Motion should be deferred pending the conclusion of the parties' mediation.

## Background

2. On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

3. As of the Petition Date, the Debtors' cases included, among other entities, two major hospitals in Philadelphia: Hahnemann University Hospital ("**HUH**") and St. Christopher's Hospital for Children ("**STC**"). During the course of these cases, the Debtors implemented an orderly closure of Hahnemann, and sold STC to STC OpCo, LLC.

## The Master Leases

4. As of the Petition Date, HUH's campus in Center City, Philadelphia included the buildings in the square block bounded by Broad Street and 15th Street (to the east and west) and between Race Street and Vine Street (to the south and north). The buildings within this square block include what are generally known as the "Feinstein," "Bobst" and "New College" buildings, in addition to HUH and certain other properties.

5. Although its hospital facility (STC) was located approximately five miles away, St. Christopher's Healthcare, LLC ("**SCHC**"), a Debtor herein, leased these buildings through so-called "master leases" (the "**Master Leases**") with non-debtor "Master Landlords" (the "**Master**

**Landlords**").  The Master Landlords are affiliates of HSREP VI Holding, LLC and are subsidiaries of HSRE-PAHH I, LLC.[2]

6. The Master Landlords include PAHH Feinstein MOB, LLC (the lessor of the Feinstein and Bobst buildings) and PAHH New College MOB, LLC (the lessor of the New College Building).  SCHC also leased, from other Master Landlords, two additional Center City buildings that were physically close to HUH.  These buildings are known as the "Bellet Building" and "231 North Broad Street."  SCHC leased these buildings (again, through master leases) from Master Lessors PAHH Bellet MOB, LLC (the lessor of the Bellet Building) and PAHH Broad Street MOB, LLC (the lessor of 231 North Broad Street).

7. The Feinstein, Bobst, New College and Bellet Buildings, and 231 North Broad Street, are collectively referred to herein as the "**HSRE Buildings.**"

8. SCHC also leased a nearby parking garage, referred to as the Wood Street Garage, from another Master Lessor, PAHH Wood Street Garage MOB, LLC.[3]

### The HSRE Stipulation

9. By Stipulation approved by the Court on November 25, 2019 [ECF 1057] (the "**HSRE Stipulation**"), SCHC rejected each of its Master Leases for the HSRE Buildings, as well as its Master Lease of the Wood Street Garage.  The effective date of the rejection was November 15, 2019.

---

[2] The majority owner of HSRE-PAHH I, LLC is a subsidiary or affiliate of Harrison Street Real Estate, LLC ("**HSRE**").  The minority owner is an entity owned and controlled by Joel Freedman, the ultimate owner of the Debtors.

[3] SCHC also leased another parking garage, known as the "Erie Street Garage," from a Master Lessor (PAHH Erie Street Garage, LLC).  Unlike the other properties it leased from the Master Landlords, the Erie Street Garage was located on the STC campus in North Philadelphia.

10. Under the terms of the HSRE Stipulation, and among other things, the Master Landlords were given an allowed administrative claim of $2.6 million on account of unpaid post-petition rent. The Stipulation also contained the following provision:

> The Master Landlords shall commence payment of all utility services for the Center City Campus comprising the land and improvements owned by Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC and the Master Landlords beginning for service after November 15, 2019. The allocation for such utilities shall be as agreed by the Debtors and the Master Landlords and/or the Master Landlord's agent, in good faith.

*HSRE Stipulation*, at ¶ 10.

11. Under the HSRE Stipulation, the Master Landlords are obligated to pay for all shared utility services, with later allocation among the Debtors and the Master Landlords to occur through good faith negotiations among the Debtors and the Master Landlords.

12. The Debtors have, in good faith, attempted to resolve various issues regarding this and other expense allocations with the Master Landlords. As of the date hereof, however, a number of expense allocation issues remain unresolved, including what portion, if any, of steam invoices should be allocated to the Debtors.

## Objection

13. The Debtors object to the Cross-Motion for the following reasons.

14. As noted above, all claims of the Master Landlords and certain related parties against the Debtors are currently being mediated pursuant to the Court's *Order on Motion of HSREP VI Holding, LLC and Its Affiliates to Intervene/Participate in Mediation*, ECF 2648, which in relevant part states that the mediation is to include "all claims of any of the HSRE Entities against any of the Debtors". For this reason alone, the relief sought in the Cross-Motion should be denied. In the alternative, the hearing on the Cross-Motion should be deferred pending the conclusion of the parties' mediation.

15. Putting aside the pending mediation, the Debtors have substantive objections to the relief sought.

16. First, rather than comply with their obligations in the HSRE Stipulation, the Master Landlords unilaterally determined what portion of the amount asserted by Vicinity was their allocated share, paid such amount, and left the balance to be paid by others. In fact, the Master Landlords were obligated to have paid Vicinity themselves, with allocation issues to be resolved between the Debtors and the Master Landlords later, pursuant to good faith negotiations, which would presumably include all outstanding expense allocation disputes between the parties, rather than just those related to Vicinity.

17. Second, the invoice that the Master Landlords paid was overstated. Attached hereto as **Exhibit A** is an invoice from Vicinity for the same time period at issue (November 15, 2019 to December 9, 2019) in the amount of $362,200.34, which is $123,537.02 less that the $485,737.36 invoice partially paid by the Master Landlords, for the same time period, which is attached as **Exhibit B**.

18. Upon information and belief, the larger invoice (Exhibit B) was agreed to by one of the Master Landlords (PAHH Feinstein MOB, LLC) and Vicinity in an agreement dated February 13, 2020 but purportedly effective on November 15, 2019. The Debtors had no prior notice of this agreement, did not consent to it and were not a party to it. Under these circumstances, it is difficult to understand why the Debtors should be bound by it, particularly since they did not reject their own agreement with Vicinity (f/k/a Veolia Energy Philadelphia, Inc.) by Court Order entered March 25, 2020 [D.I. 1503], effective as of March 12, 2020.

19. Finally, on June 29, 2021, the Debtors filed adversary proceeding no. 21-50993-MFW against the Master Landlords and certain related parties, seeking amounts far in excess of

the amount at issue in the Vicinity Motion or the Cross-Motion[4]. As previously noted, this adversary proceeding, as well as the issue of expense allocation between the Debtors and the Master Landlords, is within the scope of the pending mediation among the Debtors, the Committee, certain non-Debtor parties owned and/or controlled by Joel Freedman and the Master Landlords and certain related parties.

20. For these reasons, the Cross-Motion should be denied or, at a minimum, deferred pending conclusion of the mediation.

### Reservation

21. The Debtors reserve all rights regarding this and related matters.

Dated: September 14, 2021

**SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Mark Minuti*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*

---

[4] The Debtors also have a pending adversary proceeding against Vicinity. On June 27, 2021, the Debtors filed adversary proceeding 21-50957 against Vicinity, in which they seek avoidance of $1.2 million pursuant to sections 547, 548 and 550 of the Bankruptcy Code. Obviously, the amount sought in this adversary proceeding greatly exceeds the asserted unpaid portion of the Vicinity invoice at issue.