# **EXHIBIT C**

**Letter dated May 26, 2020**

# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

May 26, 2020

<u>VIA EMAIL</u>

Stuart Brown
DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, DE 19801-1147

      Re:    **Steam Charges billed to Harrison Street Properties - PAHH/BSHP Allocation Reimbursement**

Dear Stuart:

      We write on behalf of Broad Street Healthcare Properties, LLC ("<u>Broad Street I</u>"), Broad Street Healthcare Properties II, LLC, and Broad Street Healthcare Properties III, LLC (collectively with Broad Street I, the "<u>Broad Street Entities</u>"), in response to the preliminary matter of the steam charges allegedly allocable to Broad Street I as set out in the email from Griffin Keebler of HSRE to Kyle Schmidt and Bill Brinkman dated May 11, 2020 (the "<u>Demand</u>").[1]

      We disagree with the assessment in the Demand of the amount of steam charges allegedly allocable to Broad Street I pursuant to the REA for any period prior to March 8, 2020. As you are aware, Debtor Center City Healthcare, LLC,[2] entered into a triple net lease with Broad Street I requiring the tenant to pay all utilities, including steam. In November 2019, PAHH Bellet MOB, LLC, PAHH Broad Street MOB, LLC, PAHH Feinstein MOB, LLC, PAHH New College, MOB, LLC, PAHH Wood Street Garage, LLC and PAHH Erie Street Garage, LLC (collectively, the "<u>Master Landlords</u>") assumed these obligations and exonerated the Debtors. I refer you to the Stipulation entered on November 22, 2019 [D.I. 1057]. At paragraph 10 of the Stipulation, the Master Landlords agreed to the following:

> *The Master Landlords shall commence payment of all utility service for the Center City campus comprising the land and improvements owned by Broad*

---

[1] Terms used but not otherwise defined herein shall have the meaning given to those terms in the parties' prior correspondence on this issue or the REA.

[2] The "<u>Debtors</u>" include: Center City Healthcare, LLC; Philadelphia Academic Health System, LLC; St. Christopher's Healthcare, LLC; Philadelphia Academic Medical Associates, LLC; HPS of PA, L.L.C.; SCHC Pediatric Associates, L.L.C.; St. Christopher's Pediatric Urgent Care Center, L.L.C.; SCHC Pediatric Anesthesia Associates, L.L.C.; StChris Care at Northeast Pediatrics, L.L.C.; TPS of PA, L.L.C.; TPS II of PA, L.L.C.; TPS III of PA, L.L.C.; TPS IV of PA, L.L.C.; and TPS V of PA, L.L.C.

**LATHAM&WATKINS**LLP

> Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC and the Master Landlords beginning for service after November 15, 2019. The allocation for such utilities shall be as agreed by the Debtors and the Master Landlords and/or the Master Landlords' agent, in good faith.

By the terms of the Stipulation, the Master Landlords fully assumed the Debtors' utility obligations and in doing so destroyed the ability of Broad Street I to assert an administrative expense claim against the Debtors in respect of the steam charges or any other utility charges after November 15, 2019.  The Master Landlords therefore have no right of reimbursement against the Broad Street Entities for any amounts charged to the Master Landlords under the REA from November 15, 2019 until the date the Debtors surrendered possession of the properties known as the "North and South Towers" at 222-248 North Broad Street in Philadelphia (collectively, the "Hahnemann Properties") on March 8, 2020 (the "Interim Charges").

If it is your understanding that the Debtors remain liable to Broad Street I for the Interim Charges, please provide written confirmation of (a) the Debtors' acknowledgement of this administrative expense claim, and (b) evidence of the Debtors' agreement to make immediate payment of the full amount of the Interim Charges allegedly allocable to Broad Street I during this period.  Subject to receipt of such confirmation, we do not agree that our client is liable to the Master Landlords for any Interim Charges incurred pursuant to the REA.

We note there are various outstanding matters to be addressed for this dispute to be resolved.  First, we request that you provide any further documentation of the agreement with the Debtors with respect to the Interim Charges.  Second, it appears from the outstanding balance of the most recent Vicinity invoice provided to us (invoice no. 669337090989) that the Master Landlords have not paid any of the last five Vicinity invoices; can you please explain why the invoices have not been paid.  In addition, please be advised that any finance charges are not a shared cost under the REA and should be removed and the shared cost recalculated. Third, the Demand alleges that the Broad Street Entities are obligated to pay a proportional amount of the deposit paid to Vicinity, to which the Master Landlords have the sole right of recovery.  This should also be removed as a shared cost.  Finally, we request that you provide us with an executed copy of the agreement with Vicinity.

Once you provide a new calculation of the shared cost and the requested calculation, we expect the parties will be in a position to promptly reach an agreement regarding the allocation going forward.

The Broad Street Entities otherwise continue to reserve all of their rights.

Sincerely,

Suzzanne Uhland
of LATHAM & WATKINS LLP