## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[2] | Case No. 19-11466 (MFW) |
| Debtors. | (Jointly Administered) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 21-50898 (MFW) |
| E-Z PARK INC., | |
| Defendant. | **Hearing Date: October 25, 2021 at 10:30 a.m. (ET)** **Objection Deadline: September 30, 2021 at 4:00 p.m. (ET)** |

## MOTION OF DEBTORS FOR APPROVAL OF SETTLEMENT
## OF PREFERENCE CLAIMS AGAINST E-Z PARK INC.
## PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

The debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned

chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel, hereby

move the Court (the "**Motion**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), for the entry of an order, a proposed form of which is

attached hereto as **Exhibit A** (the "**Proposed Order**"), approving the settlement of certain claims

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

for avoidance and recovery of allegedly preferential transfers against E-Z Park Inc. ("**E-Z Park**," and together with the Debtors, the "**Parties**").  In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Rule 9019(a) and section 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**").

**BACKGROUND**

3.      On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  No entity has requested the appointment of an examiner in these Chapter 11 Cases.

38987683.1 09/16/2021

4.      The Debtors and their professionals have reviewed the transfers made by the Debtors on or within the 90 days before the Petition Date (the "**Preference Period**") and have identified potential claims to avoid and recover the certain transfers pursuant to sections 547 and 550 of the Bankruptcy Code (the "**Preference Claims**").

5.      Beginning in May 2021, the Debtors issued a number of demand letters to alleged recipients of preferential transfers within the Preference Period.  On or about June 24, 2021, the Debtors filed a complaint against E-Z Park to avoid and recover the Transfers, which matter is proceeding under Case No. 21-50898 (MFW).

6.      Thereafter, the Debtors engaged in discussions and/or settlement communications with E-Z Park.  Following the Debtors' review and analysis of the positions and/or defenses set forth by E-Z Park, and after good faith, arms-length negotiations, the Debtors and E-Z Park have agreed to settle the Debtors' Preference Claims against E-Z Park in accordance with the terms summarized below and more fully set forth in the settlement agreement attached to the Proposed Order as **Exhibit 1** (the "**Settlement Agreement**").

7.      As reflected in the Settlement Agreement, the Debtors' demand against E-Z Park in the amount of $37,096.76 was resolved in exchange for mutual general releases.

## RELIEF REQUESTED

8.      By this Motion, the Debtors seek the entry of an order, substantially in the form of the Proposed Order, (i) approving the Settlement Agreement pursuant to Bankruptcy Rule 9019(a), and (ii) granting such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF

9.      Bankruptcy Code section 105(a) provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

In turn, Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the Court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

10.     The decision whether to accept or reject a compromise lies within the sound discretion of the Court.  *In re Neshaminy Office Bldg. Assocs.,* 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts International, Inc.*, 145 B.R. 412, 451 (Bankr. D.N.J. 1990).  Approval of a settlement is appropriate if it is "fair, reasonable, and in the interest of the estate."  *In re Louise's, Inc.,* 211 B.R. 798, 801 (D. Del. 1997).

11.     When analyzing settlements, Courts in the Third Circuits generally consider:

- the probability of success in litigation;

- the likely difficulties in collection;

- the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

- the paramount interest of the creditors.

*See In re RFE Indus., Inc.*, 283 F.3d 159, 165 (3d Cir. 2002); *In re Martin,* 91 F.3d 389, 393 (3d Cir. 1996).  Moreover, to approve a settlement under Bankruptcy Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness.  *See In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010); *see also In re World Health Alt., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) ("[T]he court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.") (internal citations and quotation marks omitted).

12.     As applied to the present case, the Debtors respectfully submit that the terms of the Settlement Agreement satisfy the criteria for approval set forth in Bankruptcy Rule 9019.  First, the Parties negotiated the Settlement Agreement at arms-length.  While the Debtors believe that

4

they stated meritorious claims against E-Z Park, there is nevertheless attendant risk and cost associated with pursuing such claims and no assurance that the Court would find in favor of the Debtors for all or a significant portion of the amounts sought.  In light of the foregoing, the Debtors believe the settlement represents a reasonable and fair resolution of the estates' Preference Claims against E-Z Park.

13.    The second *Martin* criterion - the likely difficulties in collection - also favors settlement.  It is uncertain whether there would be difficulty in collecting any judgment entered against E-Z Park; however, the settlement removes any uncertainty of collection by resolving the parties' dispute in a manner that does not require E-Z Park to furnish any consideration and instead provides the Debtors with the benefit of a general release.

14.    Next, the third and fourth *Martin* criterion also favor settlement.  Settlement will certainly enable the Debtors and E-Z Park to save the time and expense associated with litigation of the Preference Claims.  In addition, the creditors of the Debtors' estates will receive substantial benefits from the settlement as a result of the E-Z Park's general release of the Debtors.

## <u>NOTICE</u>

15.    Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) counsel to E-Z Park; and (xiii) any party that has requested notice pursuant to Bankruptcy

Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, for all the foregoing reasons, the Debtors respectfully request that the Court enter an Order, substantially in the form of the Proposed Order, approving the Settlement Agreement and granting such other relief as the Court deems just and proper.

Dated: September 16, 2021

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6800
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Jorge Garcia
Shannon A. McGuire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
jeffrey.hampton@saul.com
adam.isenberg@saul.com
jorge.garcia@saul.com
shannon.mcguire@saul.com

*Counsel for Debtors and Debtors in Possession*

38987683.1 09/16/2021