## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC | ) | |
| d/b/a/ HAHNEMANN UNIVERSITY | ) | |
| HOSPITAL, *et al.*[1], | ) | Case No. 19-11466 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: D.I. 2770** |
| | ) | |
| | ) | |
| CENTER CITY HEALTHCARE, LLC, | ) | |
| d/b/a HAHNEMANN UNIVERSITY | ) | |
| HOSPTIAL, and ST. CHRSTIOPHER'S | ) | |
| HEALTHCARE, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. Proc. No. 21-50978 (MFW) |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| GLOBAL NEUROSCIENCES INSTITUTE, LLC, | ) | |
| | ) | **Re: Adv. D.I. 5** |
| Defendant. | ) | |
| | ) | |

## LIMITED OBJECTION OF GLOBAL NEUROSCIENCES INSTITUTES, LLC TO MOTION FOR ENTRY OF AN ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY DEBTORS PURSUANT TO SECTIONS 502, 547, 548, AND 550 OF THE BANKRUPTCY CODE

Defendant, GLOBAL NEUROSCIENCES INSTITUTE, LLC ("GNI"), by its

undersigned counsel, for its limited objection to the above referenced motion (the "Motion")

states:

---

[1] The debtors ("Debtors") in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

1.      GNI is a provider of neurosurgical services.  It provided such critical services to Debtor(s) for many years **exclusively**, inclusive of 24/7 neurosurgery call coverage services, a **mandatory requirement for operating hospitals** designated by the Commonwealth of Pennsylvania's trauma hospital system accreditation authority, the Pennsylvania Trauma Systems Foundation (PTSF), a non-profit corporation recognized by the Emergency Medical Services Act (Act 1985-45) as being responsible for accreditation of applicant hospitals since May 1986, as an officially designated hospital trauma center. This includes both St. Christopher's Hospital for Children, designated as a Level 1 Pediatric Trauma Center, and Hahnemann University Hospital, designated as a Level 1 Adult Trauma Center. Further, GNI continues to provide such mandatory services to St. Christopher's Hospital for Children.

2.      The above plaintiffs ("Plaintiffs") filed this adversary proceeding against GNI on or about June 28, 2021 seeking to recover $1,298,043 as alleged preferential transfers.

3.      GNI believes it has complete defenses to Plaintiffs' claims, including, without limitation, because GNI's contract with St. Christopher's Hospital for Children was assumed and assigned and because of the ordinary course of business and new value defenses for both St. Christopher's Hospital for Children and Hahnemann University Hospital.

4.      Under the Local Rules and Standing Orders of this Court, all preference cases are referred to mandatory mediation.  This program has been in effect for many years and has been tremendously successful in resolving these kinds of cases expeditiously.

5.      In view of the practical experience in preference litigation, a few years ago the Local Rules were amended to provide that defendants in preference cases with demands less than $75,000 could opt into a "mediation first" track where pretrial proceedings would be stayed pending the completion of mediation.  Del Bankr. L.R. 9019-5(j)(i).

6.      In some preference cases, however, plaintiffs have sought approval of pretrial procedures that automatically stay all proceedings (or proceedings below a dollar threshold above $75,000) pending the completion of mediation.  In general, undersigned counsel to GNI favors that process.

7.      However, in this case, the face amount of Plaintiffs' demand is $1,298,043.  To be clear again, GNI strongly believes that it has complete defenses to all of Plaintiffs' claims.  Nevertheless, given the magnitude of Plaintiffs' demand, GNI does not believe that a blanket stay of discovery is appropriate in this case pending mediation.  This is particularly true as the proposed schedule affords the parties as little as four months to complete all fact discovery (i.e. February through May, 2022).

8.      GNI would suggest a stay of discovery pending mediation that carved out document discovery from the stay—namely, document requests under Rule 34 and subpoenas under Rule 9016.  Parties would not be required to initiate document discovery before mediation and could still proceed informally if they chose.  Also, depositions should be permitted to the extent needed to preserve testimony of a witness who might become unavailable.

9.      In addition, GNI submits that the period to complete fact discovery is simply too short for a case of this size, even if document discovery is permitted pre-mediation.  GNI suggests six months for fact discovery.

10.      Finally, GNI recognizes that a pre-approved list of mediators is not an uncommon practice in preference cases, and further believes that all of the individuals identified by Plaintiffs are highly qualified and experienced; nevertheless there are also many other Court approved mediators on the mediation panel who are qualified and experienced and should not be disqualified simply because Plaintiffs have not chosen to include them on their list.  Efficiency

concerns are somewhat limited because 'a preference case is a preference case'; and if this action against GNI does go to mediation, given the amount demanded, it is not likely that the mediator could schedule other mediations for the same day.

WHEREFORE, GNI requests that the Court enter an Order consistent with this objection.

DATED:  September 16, 2021

_____/s/ Christopher D. Loizides_____
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:     (302) 654-0248
Email:          loizides@loizides.com