IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
|  | ) Jointly Administered |
| Debtors. | ) **Re: Docket Nos. 2774 and 2841** |

### ORDER (I) AUTHORIZING PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC TO ENTER INTO AN AGREEMENT TO TRANSFER RADIOACTIVE MATERIALS LICENSE PURSUANT TO 11 U.S.C. § 363, (II) AUTHORIZING PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC TO TRANSFER RADIOACTIVE MATERIALS LICENSE, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 363 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order (i) authorizing the Debtors to enter into the Agreement with Perma-Fix Environmental Services Inc. ("**Perma-Fix**") for transfer of the radioactive materials license (the "**License**"), (ii) authorizing the Debtors to transfer the License to Perma-Fix, and (iii) granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein; and due and sufficient notice of the Motion

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having been given; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, the Debtors' estates, creditors and other parties in interest; and the Court having reviewed the Motion and considered the arguments made at the hearing, if any; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, pursuant to sections 363 and 105(a) of the Bankruptcy Code, to enter into the Agreement and transfer the License to Perma-Fix upon completion of all requirements and conditions precedent set forth in the Agreement.

3. Upon completion of all requirements and conditions precedent set forth in the Agreement and transfer of the License, Perma-Fix shall assume and accept all rights, interests, duties, obligations and responsibilities under the License, and the Debtors shall have no further duties, obligations, or responsibilities with respect to the License.

4. Nothing in this Order or the Agreement (a) releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-transfer licensee or operator of property after the date of entry of this Order or (b) expands the rights of any governmental unit to enforce any police or regulatory liability that any entity would be subject to as the post-transfer licensee or operator of property after the date of entry of this Order.  Nothing in this Order or the Agreement authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this

Order or to adjudicate any defense asserted under this Order, nor does it grant or otherwise expand the jurisdiction of any tribunal of any jurisdiction to interpret this Order or to adjudicate any defense asserted under this Order.

5. Nothing contained in this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, or (iv) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

6. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: September 21st, 2021  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

38899199.7