# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC ) | |
| d/b/a HAHNEMANN UNIVERSITY ) | Case No. 19-11466 (MFW) |
| HOSPITAL, *et al.*,[1] ) | |
| ) | Obj. Date: October 18, 2021, at 4:00 pm ET |
| Reorganized Debtor. ) | Hearing Date: October 25, 2021, at 10:30 am ET |

### MOTION OF JOHNATHAN CARROLL AND JOSEPH PERAINO ADMINISTRATOR OF THE ESTATE OF AUGUSTINE PERAINO FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE AND/OR DISCHARGE INJUNCTION, NUNC PRO TUNC

**COMES NOW**, Johnathan Carroll and Joseph Peraino Administrator of the Estate of Augustine Peraino, (hereinafter the "Movant Carroll" or "Movant Peraino" or "Movants"), by and through their undersigned counsel, and moves this Honorable Court for an order modifying the automatic stay under 11 U.S.C. §§ 105(a), 362, 524, 1141 and 501 (hereinafter the "Bankruptcy Code"), FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001, and LOCAL RULE 4001-1 for an order lifting the automatic stay for the Movants, and further granting *nunc pro tunc* relief to January 15, 2021, as to Movant Peraino, of the stay imposed by § 362(a) and/or for a discharge injunction for the purpose of (i) liquidating the Movants' individual claims against the Debtors, and (ii) to proceed to collect, as appropriate, any award against all available insurance proceeds

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

from any applicable policy. In support thereof, the Movants state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has subject matter jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue in this district is proper according to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding as contemplated under 28 U.S.C. § 157.

3. The statutory predicates for the relief requested herein are § 362(d) of title 11 of the Bankruptcy Code and RULE 4001(d) of the FEDERAL RULES OF BANKRUPTCY PROCEDURE.

## BACKGROUND – Movant Carroll[2]

4. Beginning on or about March 29, 2019, the Movant Carroll, then a 34-year-old paraplegic person, was a patient at Hahnemann University Hospital where he developed pressure ulcers to the left elbow and sacral. From that time forward, Movant Carroll was treated by the Debtors and other medical providers. As a proximate result of that treatment, the Movant Carroll's left elbow wound worsened, became infected and necessitated multiple procedures, surgeries and other treatments including, but not limited to, irrigation and debridement of the left elbow wound with washout and flap reconstruction, insertion and removal of a JP drain with antibiotic beads to the left elbow. Movant Carroll suffered, and continues to suffer, serious and permanent injury as a proximate result of the Debtors and other medical providers' negligence.

---

[2] The discussion of Movant Carroll's injuries is not intended to be comprehensive, complete, defining or otherwise limiting. Rather, the discussion is intended solely to support relief from the automatic stay.

5.      On June 3, 2021, Movant Carroll's personal injury counsel filed a civil action in the Court of Common Pleas, Philadelphia County naming other potentially negligent parties. The Debtors were not named as defendants. (hereafter the "Carroll State Action"). A copy of that complaint is attached hereto as **Exhibit A**.

6.      At the time of Movant Carroll's injuries, the Debtor was insured for personal injury claims. As reflected in **Exhibit B**, long after the Debtors filed their petition, the Debtors' insurance carrier (represented by counsel) requested a "demand" for the purpose of facilitating settlement discussions. Again, this occurred long after the automatic stay was in place.

7.      Upon information and belief, policy proceeds are available to cover an award that the Movant Carroll may receive in connection with his civil complaint.

### BACKGROUND – Movant Peraino[3]

8.      Movant Peraino was 90 years and suffering from dementia when, on January 9, 2019, he was admitted to Hahnemann University Hospital with a femur fracture. On January 15, 2019, he was found pulseless after aspirating yellow/green fluid that obstructed his airway. Movant Peraino died that day of cardiac arrest due to arrhythmia caused by the aspiration. This cause of death was confirmed by an autopsy which found food contents in his lungs. Movant Peraino suffered and died as a proximate result of the Debtors' and other medical providers' negligence.

9.      On January 15, 2021, Movant Peraino's personal injury counsel filed a

---

[3] The discussion of Movant Peraino's injuries is not intended to be comprehensive, complete, defining or otherwise limiting. Rather, the discussion is intended solely to support relief from the automatic stay.

*Praecipe For Summons* in the Court of Common Pleas, Montgomery County naming, among others, the Debtors. Upon information and belief, at the time of Movant Peraino's injuries, the Debtor was insured for personal injury claims (hereafter the "Peraino State Action"). A copy of the *Summons* is attached hereto as **Exhibit C**.

10. Upon information and belief, at the time of Movant Peraino's death, the Debtor was insured for personal injury claims.

11. Upon information and belief, those policy proceeds are available to cover any award that the Movant Peraino may receive in connection with his civil complaint.

### BACKGROUND – Common Facts

12. Upon information and belief, and as described above,[4] policy proceeds are available to cover an award that the Movants may receive in connection with their respective civil claims.

13. On or about May 6, 2019, the Debtors commenced a bankruptcy by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby subjecting the Movant's civil claims to an automatic stay.

14. Since filing the Peraino State Action, the Movant Peraino took no substantive or procedural action against the Debtor.

### RELIEF REQUESTED

15. The Movants request relief from the automatic stay under 11 U.S.C. §362(a) for entry of an order under §362(d) so that each may litigate and liquidate their respective civil claims against the Debtor in the State Actions and to pursue recovery, as

---

[4] See Paragraph 6 above regarding post-petition settlements inquiries made by agents of the Debtors' insurance carriers.

appropriate, against insurers providing coverage for the Movants' claims.

16. Movant Peraino further requests that such order be granted *nunc pro tunc* as of January 15, 2021.

17. The Movants will limit their recover from any amounts obtained, whether through settlement or judgment, to that which is/may be above any self-insured retention and will not attempt to recover any other amounts from the Debtors' estate.

## NOTICE

18. The Movants will provide notice of this Motion to: (i) Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; and (iii) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002.

## NO PRIOR MOTION

19. No prior motion for the relief sought in this Motion was filed to this Court or any other court.

## ARGUMENT

20. Section 362(d)(1) of the Bankruptcy Code provides:

21. "Generally, in the determination of 'cause,' section 362(g) is interpreted as placing an initial burden on the moving party to establish its prima facie case which must then be rebutted by the party opposing such relief." *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods.*, 141 B.R. 574, 577 (Bankr. D. De. 1992); *See also In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d). If the creditor makes a prima facie case supporting "cause" for lifting the stay, then the burden of going forward shifts, in this instance, to the Debtors according to Bankruptcy Code §

362(g).

22. "Cause is a flexible concept and courts often . . . examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

23. Courts in this District conduct a "fact-intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *SCO Group, Inc.*, 395 B.R. at 857-58. Three factors are balanced to evaluate the competing interests of debtor and movant:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay …
>
> (i) for cause, including the lack of adequate protection of an interest in property of such party in interest.

24. "Generally, in the determination of 'cause,' section 362(g) is interpreted as placing an initial burden on the moving party to establish its prima facie case which must then be rebutted by the party opposing such relief." *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods.*, 141 B.R. 574, 577 (Bankr. D. De. 1992); *See also In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d). If the party seeking relief from the stay makes a prima facie case supporting "cause" for listing the stay, then the burden of going forward shifts, in this instance, to the Debtor. according to Bankruptcy Code Section 362(g).

25. "Cause is a flexible concept and courts often . . . examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO*

*Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

26. Courts in this District conduct a "fact-intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *SCO Group, Inc.*, 395 B.R. at 857-58. Three factors are balanced to evaluate the competing interests of debtor and movant:

   a. The prejudice to either the bankruptcy estate or the debtor that would result if the stay was lifted; and,

   b. Any hardships facing the movant and debtor should the stay be maintained; and

   c. The movant's probability of success if the stay is lifted.

*Santa Fe Minerals v. BEPCO. L.P. (In re 15375 Memorial Corp.)*, 382 B.R. 652, 686 (Bankr. D. Del. 2008).

### A. No prejudice to the estates or the Debtors would result from granting relief from the stay.

27. As noted above, upon information and belief, it is believed that the Debtor has insurance available to address the Debtor's liability for the Movants' injuries

28. A bankruptcy estate is not considered to have an interest in proceeds of liability insurance policies. *See 15375 Memorial*, 382 B.R. at 687 ("Under the typical liability policy, the debtor will not have cognizable interest in the proceeds of the policy. Those proceeds will normally be payable only for the benefit of those harmed by the debtor under the terms of the insurance contract.").

29. Under existing Pennsylvania law, an injured person may be an intended third-party beneficiary of the insurance contract if "(1) . . . recognition of the beneficiary's right must be "appropriate to effectuate the intention of the parties," and

(2) the performance [of the insurance contract] must "satisfy an obligation of the promisee to pay money to the beneficiary" or "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Guy v. Liederbach*, 501 Pa. 47, 60, 459 A.2d 744, 751 (Pa 1983).  In this circumstance, the third-party beneficiary may have a direct right of action against the insurer.

30. Due to the estate's lack of interest in the liability policy proceeds, courts typically hold that debtors do not suffer prejudice when creditors obtain stay relief to liquidate claims that are covered by such proceeds. *See In re Fernstrom Storage and Van Co.*, 938 F. 2d. 731, 734 (7th Cir. 1991) ("Debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for recovery against insurers, sureties, or guarantors."); *In re Jet Florida Systems, Inc.* 883 F. 2d 970, 975 (11th Cir. 1989) (Allowing stay relief and finding, the "debtor is not prejudiced by exposure to the liability claim because the Debtor and his property are not subject to any risk and maintenance of the suit does not frustrate the policy of the Bankruptcy Code in giving the Debtor a fresh start in his economic life.")

31. Recovery of any award that the Movants receive will be limited to insurance Policies and proceeds. Upon information and belief, there are no known circumstances where the insurance proceeds could become part of the Debtors' estate. Therefore, the estate is in no danger of suffering depletion if the Movants obtains the requested relief of lifting the stay to proceed against the insurance policy only.

32. The primary parties in interest in the civil case are the debtor's insurers

who will undoubtedly provide a vigorous defense that the debtors need not spend any money or resources on defending.

      **B.    The Hardship to the Movant by Maintaining the Stay Outweighs Any Hardship to the Debtors.**

33. The Movants seeks an adjudication of liability that can serve as a predicate for recovery from the insurers, and the estates would suffer no prejudice.

34. The Debtors will suffer no hardship if the Movants are granted the requested relief.

35. On the other hand, both Movants will suffer great hardship if they are denied relief from the automatic stay.

36. The Movants sustained serious injuries and death, incurred medical bills for which they have not yet been compensated. Additional delay compounds the hardship that the Movants have already suffered.

37. A claimant will experience prejudice from undue delay due to the "lost time value of money," and "the lapse of time in terms of its ability to effectively prosecute its claims. Witnesses and documents become unavailable." *15375 Memorial*, 382 B.R. at 690.

38. Because the Movants' claims involve personal injury, they must be liquidated in a forum outside the Bankruptcy Court. 28 U.S.C. § 157(b)(5) ("personal injury tort . . . claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose . . . ."). If relief from the stay is not granted, the Movants may be forced to litigate their claims in Delaware. *Rexene Products*, 141 B.R. at 577. Both Movants are Pennsylvania residents,

the conduct that is the subject of the State Cases all occurred in Pennsylvania, treatment occurred in Pennsylvania, and their personal injury counsel is in Pennsylvania. To the extent that there are documents and witnesses - they are in Pennsylvania. The added expense of transporting this civil case to Delaware is an unnecessary added expense. *Rexene Products*, 141 B.R. at 577.

39. Granting relief from the stay will not jeopardize any of the estate assets, and the Debtors will not have to spend any funds or commit resources to defend the civil case.

40. The hardship that the Movants will suffer if the stay remains effective against her outweighs any hardship to the Debtors.

**C.    The Movant is Likely to Prevail on the Merits.**

41. Even a slight probability of success on the merits may be sufficient to warrant stay relief in an appropriate case. *In re The SCO Group, Inc.,* 395 B.R. 852, 859 (Bank. D. Del. 2007).

42. In this case, the Movants were under the medical care of the Debtors and others when they were injured.

43. All that is required is that the Movants make no more than a "vague initial showing" that he/she can establish a prima facie case, and a merits analysis is not necessary. *15375 Memorial,* 382 B.R. at 691.

44. There exist triable issues of fact in the civil case, and the Movants have shown that that they a prima facie case against Debtors.

### D. Relief from the Automatic Stay Should Be *Nunc Pro Tunc* to the Filing of the Complaint.

45. Litigation against the Debtor commenced during the effective period of the automatic stay is void *ab initio*, not merely voidable. *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1198 (3rd Cir. 1991). Section 362(d), however, allows relief from the automatic stay to include an order "annulling" the stay. As such, this Court may grant relief retroactively to the date that the Peraino State Action, January 15, 2021, as to Movant Peraino. *In re Siciliano*, 13 F.3d 748, 750-51 (3rd Cir. 1994).

46. This case is appropriate for annulment of the automatic stay. Movant Peraino understanding of the automatic was clouded by (1) post-petition communications from the Debtors' insurance carrier requesting case information to facilitate settlement discussions, and (2) post-petition communication in an unrelated case against the Debtors' successor indicating that the automatic stay was not applicable. *See* **Exhibit D**. Upon understanding the automatic stay was applicable, the Movants did nothing substantially or procedurally to blunt the impact of the automatic stay. Instead, they came to this Court to request relief. There are no circumstances which, if the Movants had been aware of the bankruptcy cases and sought relief from stay before filing the Complaint, would have led to a different result. In sum, the Debtor was unaffected by the filing of the State Actions during the pendency of the automatic stay.

[*Remainder of Page Left Intentionally Blank*]

## CONCLUSION

WHEREFORE, the Movants, Johnathan Carroll, and Joseph Peraino Administrator of the Estate of Augustine Peraino, respectfully requests:

    A.    Entry of an Order, substantially in a form as that attached hereto, granting relief from the automatic stay of 11 U.S.C. §362(a), allowing each Movant to proceed to liquidate their claims against Debtors in the State Cases and pursue recovery against the insurance proceeds from any judgment or settlement obtained against Debtors, and,

    B.    Movant Joseph Peraino further requests that said Order be entered *nunc pro tunc* to January 15, 2021; and,

    C.    Grant such other and further relief as the Court deems appropriate.

Date:  September 30, 2021
          Wilmington, Delaware

                                  Respectfully Submitted,

                                  **CONAWAY-LEGAL LLC**

                                  <u>/S/ *Bernard G. Conaway*</u>
                                  Bernard G. Conaway, Esquire (DE 2856)
                                  1007 North Orange Street, Suite 400
                                  Wilmington, DE 19801
                                  Phone: (302) 428-9350 (t)
                                  Fax: (844) 364-0137 (f)
                                  *bgc@conaway-legal.com*

                                  *Attorneys for Johnathan Carroll and Joseph Peraino*
                                  *Administrator of the Estate of Augustine Peraino*