# EXHIBIT A

**THE IS A MAJOR JURY MATTER**
**AN ASSESSMENT OF DAMAGES**
**HEARING IS REQUIRED**

Filed and Attested by the
Office of Judicial Records
03 JUN 2021 09:57 pm
S. RICE

HABERMAN LAW, P.C.
LEONARD P. HABERMAN, ESQUIRE                    **Attorney for Plaintiff**
Identification No.: 80446
1800 JFK Blvd. Suite 1500-A
Philadelphia, PA 19103
lenhaberman@me.com
215.454.6904

| | |
|---|---|
| JOHNATHAN CARROLL | : |
| 1500 Page Street, Apt 2 | : |
| Philadelphia, PA 19121 | : **COURT OF COMMON PLEAS** |
| | : **PHILADELPHIA COUNTY** |
| vs. | : |
| | : **JUNE TERM, 2021** |
| CARING HEART REHABILITATION AND | : **No.** |
| NURSING CENTER, INC. | : |
| 6445 Germantown Avenue | : |
| Philadelphia, PA 19119 | : |
| And | : |
| PREMIER HOME CARE, INC. | : |
| F/K/A/ PREMIER NURSE | : |
| CONSULTANTS, INC. | : |
| D/B/A PREMIER HOME CARE | : |
| 1800 Byberry Road, Suite 1201 | : |
| Huntingdon Valley, PA 19006 | : |
| And | : |
| PRESBYTERIAN MEDICAL CENTER OF | : |
| THE UNIVERSITY | : |
| OF PENNSYLVANIA HEALTH SYSTEM | : |
| D/B/A PENN MEDICINE HOME HEALTH | : |
| D/B/A PENN MEDICINE AT HOME | : |
| 51 N. 39th Street | : |
| Philadelphia, PA 19104 | : |
| And | : |
| CENTER FOR WOUND HEALING AT | : |
| MERCY FITZGERALD | : |
| 1501 Lansdowne Avenue | : |
| Medical Office Building, Suite 103 | : |
| Darby, PA 19023 | : |
| And | : |
| MERCY CATHOLIC MEDICAL CENTER OF | : |
| SOUTHEASTERN PENNSYLVANIA | : |

Case ID: 210503098

**D/B/A MERCY CATHOLIC MEDICAL** :
**CENTER – MERCY FITZGERALD CAMPUS** :
**AND D/B/A MERCY FITZGERALD HOSPITAL:**
**1500 Lansdowne Avenue** :
**Darby, PA 19023** :
**And** :
**TRINITY HEALTH OF THE MID-ATLANTIC** :
**REGION** :
**1 West Elm Street Suite 100** :
**Conshohocken PA 19428** :
**And** :
**JOHN DOE I, A HEALTH CARE PROVIDER** :
**WHO PROVIDED WOUND CARE** :
**CONSULTATION AND TREATMENT TO** :
**PLAINTIFF FOR THE LEFT ELBOW** :
**WOUND WHILE HE WAS A PATIENT-** :
**RESIDENT AT THE FACILITY KNOWN AS** :
**CARING HEART ON OR ABOUT JUNE 10,** :
**2019 TO AUGUST 23, 2019 AND** :
**THEREAFTER ON AN OUTPATIENT BASIS** :
**AT MERCY FITZGERALD IN DARBY, PA** :
**FROM OR ABOUT AUGUST 23, 2019 TO** :
**SEPTEMBER 29, 2019** :
**1501 Lansdowne Avenue** :
**Darby, PA 19023** :

## COMPLAINT IN CIVIL ACTION

### NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

 **"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL & INFORMATION SERVICE**
**One Reading Center**
**Philadelphia, PA  19107**
**(215) 238-1701**

**AVISO**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las pginas siguientes, usted tiene veinte (20) dis de plazo al partir de la fecha de la demanda y la notificacin.  Hace falta

Case ID: 210503098

asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomar medidas y puede continuar la demanda en contra suya sin previo aviso o notificacin.  Adems, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELFONO A LA OFICINA CUYA DIRECCIN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**ASOCIACION DE LICENDIADOS DE FILADELFIA**
**SERVICIO DE REFERENCIA E INFORMACION LEGAL**
**One Reading Center**
**Filadelfia, Penna.  19107**
**(215) 238-1701**

**<u>GENERAL AVERMENTS</u>**

1.     Plaintiff, Jonathan Carroll an adult individual, who resides at the above-captioned address.

2.     Defendant, Caring Heart Rehabilitation and Nursing Center, Inc. (hereinafter referred to as "Caring Heart "), is a health care facility and/or hospital and/or corporation duly organized under the laws of the Commonwealth of Pennsylvania, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an address for service at the above-captioned address. At all times material hereto, this defendant owned and operated the rehabilitation facility in which Plaintiff was residing.

3.     Defendant, Premier Home Care, Inc. f/k/a/ Premier Nurse Consultants, Inc. d/b/a Premier Home Care. (hereinafter referred to as "Premier Home Care "), is a health care facility and/or hospital and/or corporation duly organized under the laws of the Commonwealth of Pennsylvania, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an address for service at the above-captioned address.

4.     Defendant, Presbyterian Medical Center of the University Of Pennsylvania Health System d/b/a Penn Medicine Home Health d/b/a Penn Medicine at Home (hereinafter referred to as

Case ID: 210503098

"Penn Medicine Home Health "), is a health care facility and/or hospital and/or corporation duly organized under the laws of the Commonwealth of Pennsylvania, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an address for service at the above-captioned address.

5.      Defendant, Center for Wound Healing at Mercy Fitzgerald is a health care facility and/or hospital and/or corporation duly organized under the laws of the Commonwealth of Pennsylvania, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an address for service at the above-captioned address.

6.      Defendant, Mercy Catholic Medical Center of Southeastern Pennsylvania d/b/a Mercy Catholic Medical Center – Mercy Fitzgerald Campus and d/b/a Mercy Fitzgerald Hospital, is a health care facility and/or hospital and/or corporation duly organized under the laws of the Commonwealth of Pennsylvania, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an address for service at the above-captioned address.

7.      Defendant, Trinity Health of the Mid-Atlantic Region, is a health care facility and/or hospital and/or corporation duly organized under the laws of the Commonwealth of Pennsylvania, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an address for service at the above-captioned address.

8.      Defendant, John Doe I, A health care provider who provided wound care consultation and treatment to Plaintiff for the left elbow wound while he was a patient-resident at the facility known as Caring Heart on or about June 10, 2019 to August 23, 2019 and thereafter on an outpatient basis at Mercy Fitzgerald in Darby, PA from or about August 23, 2019 to September 29, 2019 (hereinafter referred to as "John Doe I"), is a health care provider licensed

Case ID: 210503098

and authorized to conduct and transact business within the Commonwealth of Pennsylvania. A reasonable search to determine the name of Defendant John Doe I has been conducted.

9.      Jurisdiction is proper because Defendants have a usual place of business in Pennsylvania and is a Pennsylvania Corporation. Venue is proper in Philadelphia County because the negligent acts occurred in Philadelphia County.

10.     A professional liability action is being made by Plaintiff against Defendants.

11.     At all times material hereto, Defendants acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants, in furtherance of Defendants' businesses and on behalf of Defendants. Plaintiff further asserts that said agents were actual and ostensible. Said agents were nurses and/or nursing assistants and/or healthcare providers whose names exact names are not currently known to Plaintiff but in the possession of Defendants and will be discovered through the course of discovery and who provided care to Plaintiff while a patient and/or resident of Defendant.

12.     Defendants owed Plaintiff a duty to possess and exercise that degree of professional skill, care, and knowledge ordinarily possessed and exercised by and/or required of practitioners within the health care profession and/or within its field of specialization.

13      At all times material hereto, Defendants remained vicariously liable for the acts and/or omissions of any and all professionals associated with Plaintiff's care.

14.     In the alternative, Defendants were responsible for supervising all actions of nurses, and/or health care assistants who were in their employ and for that reason, any group that he was affiliated with, remains vicariously liable for the acts and/or omissions of any and all professionals associated with Plaintiff's care.

Case ID: 210503098

15.     Defendants owed Plaintiff a duty to train, employ and retain on their staff, physicians and/or nurses who possess and exercise that degree of professional skill, care and knowledge ordinarily possessed and exercised by and/or required of practitioners within the health care profession and/or within its field of specialization.

16.     From on or about March 29, 2019 to May 10, 2019, Plaintiff, then 34 years old, and a paraplegic, was a patient at Hahnemann University Hospital and developed a pressure ulcer to the left elbow and sacral. Plaintiff was discharged from Hahnemann University Hospital to Kindred Hospital for one month until June 10, 2019.

17.     From on or about June 10, 2019 until August 23, 2019, Plaintiff was a patient-resident of Defendant Caring Heart's facility.  During his residency at Caring Heart, Plaintiff sustained new and worsening bedsores and pressure ulcers, including to the left elbow and sacral, due to Defendant Caring Heart's neglect. Defendant Caring Heart failed to properly monitor and reposition Plaintiff, failed to properly assess and treat the bedsores and pressure ulcers. Plaintiff's left elbow wound worsened and became infected necessitating multiple surgeries, as a result of Defendant Caring Heart's neglect as set forth below.

18.     From on or about August 24, 2019 through December 10, 2019, Plaintiff received home health care services at his residence located at the above-captioned address from Defendant Premier Home Care, including Defendant's nurse Leann Crumsho, and outpatient wound care to from Defendant Center for Wound Healing at Mercy Fitzgerald, Defendant Mercy Catholic Medical Center of Southeastern Pennsylvania d/b/a Mercy Catholic Medical Center – Mercy Fitzgerald Campus and d/b/a Mercy Fitzgerald Hospital, Defendant Trinity Health of the Mid-Atlantic Region, and Defendant John Doe I. During this time, Plaintiff's left elbow wound worsened and became infected necessitating multiple surgeries, as a result of Defendants' neglect as set forth below.

Case ID: 210503098

19.     From on or about September 29, 2019, until October 4, 2019, Plaintiff was admitted to Hospital of University of Pennsylvania ("HUP") for an infection and osteomyelitis of the left elbow and septic joint. The left elbow wound was unstageable and "probing to the bone." Plaintiff was transferred to Penn Presbyterian Medical Center ("PMMC") and on October 7, 2019, underwent irrigation and debridement of the left elbow wound with washout and flap reconstruction and insertion of a JP drain with antibiotic beads to the left elbow. Plaintiff had a second surgery to remove the antibiotic beads from the left elbow and underwent a six-week course of antibiotics. Plaintiff was hospitalized at HUP on or about December 11, 2019, to December 20, 2019 with drainage at the left elbow. On or about December 21, 2021, Plaintiff underwent removal of the JP drain after it became dislodged. Plaintiff was hospitalized at HUP or about December 24, 2019, until December 26, 2019 for sepsis, swelling of the left elbow and underwent left elbow joint aspiration. Plaintiff's elbow became infected again and from on or about January 7, 2020, to January 17, 2020, he was hospitalized at HUP and required a third surgery to irrigate the wound.

20.     Beginning on or about December 21, 2019, Plaintiff began receiving home health care services from Defendant Penn Medicine Home Health at his residence located at the above-captioned address. During this time, Defendant Penn Medicine Home Health failed to properly assess and treat Plaintiff's left elbow wound and it became infected necessitating surgery, as a result of Defendant Penn Medicine Home Health's neglect as set forth below.

21.     Defendants Caring Heart, Premier Home Care, Penn Medicine Home Health, Center for Wound Healing at Mercy Fitzgerald, Mercy Catholic Medical Center of Southeastern Pennsylvania d/b/a Mercy Catholic Medical Center – Mercy Fitzgerald Campus and d/b/a Mercy Fitzgerald Hospital, Trinity Health of the Mid-Atlantic Region, and John Doe I are jointly/and or severally liable for the bedsores, pressure ulcers, infections and surgeries related to the left

Case ID: 210503098

elbow, since their joint neglect cause the bedsores and pressure ulcers to develop and/or get worse, including to the point where the elbow wound was infected, "unstageable" and "probing to the bone."  The bedsores and pressure ulcers were caused by not offloading and not repositioning Plaintiff on a timely basis and failing to provide proper wound care assessment and treatment by the doctors, nursing staff, assistants and health care providers at Defendants Caring Heart, Premier Home Care, Penn Medicine Home Health, Center for Wound Healing at Mercy Fitzgerald, Mercy Catholic Medical Center of Southeastern Pennsylvania d/b/a Mercy Catholic Medical Center – Mercy Fitzgerald Campus and d/b/a Mercy Fitzgerald Hospital, Trinity Health of the Mid-Atlantic Region, and John Doe I.

22.     None of the injuries were caused by Plaintiff.

23.     It was incumbent upon Defendants to properly hire and train its doctors, nursing staff, assistants and health care providers which was not done.

24.     During the relevant time period, it was Defendants and Defendants' professionals who failed to properly monitor and care for Plaintiff.

25.     Defendants were responsible for the proper hiring, training and supervision of all employees/agents/workmen providing health care and to keep patients from harm.

26.     The care that Defendants and/or Defendants' servants and/or employees exercised and exhibited in regard to Plaintiff fell outside acceptable, professional, and healthcare safety standards and practices.

27.     Plaintiff did suffer serious and permanent injury as a result of medical negligence by the Defendants, causing Plaintiff the injuries that form the basis for this action.

28.     Defendants undertook and/or assumed a duty to Plaintiff to render reasonable, proper, adequate, prompt medical care and to avoid harm to him, which Defendants breached.

Case ID: 210503098

29.     The aforesaid incident was due solely to the and negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

## COUNT I
## PLAINTIFF JONATHAN CARROLL v. DEFENDANT CARING HEART PROFESSIONAL NEGLIGENCE

30.     Plaintiff incorporates by reference hereto, all of the allegations contained in the General Averments, as if they were set forth at length herein.

31.     The negligence of the Defendant, acting as aforesaid, consisted of the following:

      a.      failing to have adequate staffing levels on the property;

      b.      failing to properly train and/or supervise employees in the practice of proper patient care;

      c.      failing to hire competent employees to properly care for physically disabled and paraplegic patients;

      d.      failing to have the proper safety equipment and/or policies and procedures in place for nurses, certified nursing assistants and healthcare providers to prevent the formation of bedsores;

      e.      failing to inspect the body of the plaintiff at reasonable intervals to properly monitor his condition;

      f.      failing to monitor plaintiff to ensure that he would not obtain a bedsore and/or develop a worsening bedsore, including infection;

      g.      failing to reposition, rotate and offload plaintiff so as to prevent the formation and worsening of bedsores and pressure ulcers;

Case ID: 210503098

h.      failing to have proper procedures to prevent, assess and treat bedsores and pressure ulcer wounds;

i.      failing to have sufficient staff for supervision and monitoring;

j.      failing to train, hire and retain competent staff;

k.      failing to provide proper and timely wound care, including more aggressive wound care, to prevent infection including referring Plaintiff for wound care evaluation and/or to the hospital.

l.      failing to identify signs and symptoms of infection of the left elbow.

32.    As a result of this incident, Plaintiff, has suffered injuries which were serious and permanent in nature, including, but not limited to: new and worsening bedsores and pressure ulcers, including to the left elbow and sacral, infections, hospitalizations and surgeries, all of which injuries had caused Plaintiff great pain and suffering.

33.    As a further result of this incident, Plaintiff, had been required to receive and undergo unnecessary medical attention and care and to expend various sums of money and to incur various expenses that he was forced to endure in connection with the additional procedures.

34.    As a further result of this incident, plaintiff had suffered a severe loss of earnings and impairment of earning power and capacity.

35.    As a further result of this incident, Plaintiff had suffered medically determinable physical and/or mental impairment, which that prevented the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the incident.

Case ID: 210503098

36.     As a direct and reasonable result of the incident aforementioned, Plaintiff, had incurred other financial expenses, which exceeded amounts which plaintiff may otherwise be entitled to recover.

37.     As a further result of the incident aforementioned, Plaintiff, had suffered severe physical pain, mental anguish and humiliation.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for damages, in an amount in excess of the arbitration limits, plus interest and costs.

<u>**COUNT II**</u>
<u>**PLAINTIFF JONATHAN CARROLL v. DEFENDANT PREMIER HOME CARE**</u>
<u>**PROFESSIONAL NEGLIGENCE**</u>

38.     Plaintiff incorporates by reference hereto, all of the allegations contained in the General Averments and Count I, as if they were set forth at length herein.

39.     The negligence of the Defendant, acting as aforesaid, consisted of the following:

    a.     failing to have adequate staffing levels;

    b.     failing to properly train and/or supervise employees in the practice of proper patient care;

    c.     failing to hire competent employees to properly care for physically disabled and paraplegic patients;

    d.      failing to inspect the body of the plaintiff at reasonable intervals to properly monitor his condition;

    e.     failing to monitor plaintiff to ensure that he would not obtain a bedsore and/or develop a worsening bedsore, including infection;

    f.     failing to reposition, rotate and offload plaintiff so as to prevent the formation and worsening of bedsores and pressure ulcers;

Case ID: 210503098

g.      failing to have proper procedures to prevent, assess and treat bedsores;

h.      failing to train, hire and retain competent staff;

i.      failing to provide proper and timely wound care, including more aggressive wound care, to prevent infection including referring Plaintiff for wound care evaluation and/or to the hospital sooner;

j.      failing to inspect the elbow wound; and

k.      failing to identify signs and symptoms of infection of the left elbow.

40.     As a result of this incident, Plaintiff, has suffered injuries which were serious and permanent in nature, including, but not limited to: new and worsening bedsores and pressure ulcers, including to the left elbow and sacral, infections, hospitalizations and surgeries, all of which injuries had caused Plaintiff great pain and suffering.

41.     As a further result of this incident, Plaintiff, had been required to receive and undergo unnecessary medical attention and care and to expend various sums of money and to incur various expenses that he was forced to endure in connection with the additional procedures.

42.     As a further result of this incident, plaintiff had suffered a severe loss of earnings and impairment of earning power and capacity.

43.     As a further result of this incident, Plaintiff had suffered medically determinable physical and/or mental impairment, which that prevented the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the incident.

Case ID: 210503098

44.     As a direct and reasonable result of the incident aforementioned, Plaintiff, had incurred other financial expenses, which exceeded amounts which plaintiff may otherwise be entitled to recover.

45.     As a further result of the incident aforementioned, Plaintiff, had suffered severe physical pain, mental anguish and humiliation.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for damages, in an amount in excess of the arbitration limits, plus interest and costs.

<u>**COUNT III**</u>
<u>**PLAINTIFF JONATHAN CARROLL v. DEFENDANT PENN MEDICINE HOME HEALTH**</u>
<u>**PROFESSIONAL NEGLIGENCE**</u>

46.     Plaintiff incorporates by reference hereto, all of the allegations contained in the General Averments and Counts I to II, as if they were set forth at length herein.

47.     The negligence of the Defendant, acting as aforesaid, consisted of the following:

a.      failing to have adequate staffing levels;

b.      failing to properly train and/or supervise employees in the practice of proper patient care;

c.      failing to hire competent employees to properly care for physically disabled and paraplegic patients;

d.      failing to inspect the body of the plaintiff at reasonable intervals to properly monitor his condition;

e.      failing to monitor plaintiff to ensure that he would not obtain a bedsore and/or develop a worsening bedsore, including infection;

f.      failing to reposition, rotate and offload plaintiff so as to prevent the formation and worsening of bedsores and pressure ulcers;

Case ID: 210503098

g.      failing to have proper procedures to prevent, assess and treat bedsores;

h.      failing to train, hire and retain competent staff;

i.      failing to provide proper and timely wound care, including more aggressive wound care, to prevent infection including referring Plaintiff for wound care evaluation and/or to the hospital sooner; and

j.      failing to inspect the elbow wound; and

k.      failing to identify signs and symptoms of infection of the left elbow.

48.     As a result of this incident, Plaintiff, has suffered injuries which were serious and permanent in nature, including, but not limited to: new and worsening bedsores and pressure ulcers, including to the left elbow and sacral, infections, hospitalizations and surgeries, all of which injuries had caused Plaintiff great pain and suffering.

49.     As a further result of this incident, Plaintiff, had been required to receive and undergo unnecessary medical attention and care and to expend various sums of money and to incur various expenses that he was forced to endure in connection with the additional procedures.

50.     As a further result of this incident, plaintiff had suffered a severe loss of earnings and impairment of earning power and capacity.

51.     As a further result of this incident, Plaintiff had suffered medically determinable physical and/or mental impairment, which that prevented the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the incident.

Case ID: 210503098

52.     As a direct and reasonable result of the incident aforementioned, Plaintiff, had incurred other financial expenses, which exceeded amounts which plaintiff may otherwise be entitled to recover.

53.     As a further result of the incident aforementioned, Plaintiff, had suffered severe physical pain, mental anguish and humiliation.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for damages, in an amount in excess of the arbitration limits, plus interest and costs.

### COUNT IV
### PLAINTIFF JONATHAN CARROLL v. DEFENDANT CENTER FOR WOUND HEALING AT MERCY FITZGERALD
### PROFESSIONAL NEGLIGENCE

54.     Plaintiff incorporates by reference hereto, all of the allegations contained in the General Averments and Counts I to III, as if they were set forth at length herein.

55.     The negligence of the Defendant, acting as aforesaid, consisted of the following:

a.      failing to properly train and/or supervise employees in the practice of proper patient care;

b.      failing to hire competent employees to properly care for physically disabled and paraplegic patients;

c.      failing to inspect the body of the plaintiff to properly monitor his condition;

d.      failing to monitor plaintiff to ensure that he would not develop a worsening bedsore and/or infection.

e.      failing to have proper procedures to prevent, assess and treat bedsores and pressure ulcer wounds;

f.      failing to train, hire and retain competent staff;

g.      failing to provide proper and timely wound care, including more aggressive wound care, to prevent infection including referring Plaintiff for to the hospital;

h.      failing to inspect the elbow wound; and

i.      failing to identify signs and symptoms of infection of the left elbow.

56.    As a result of this incident, Plaintiff, has suffered injuries which were serious and permanent in nature, including, but not limited to: new and worsening bedsores and pressure ulcers, including to the left elbow and sacral, infections, hospitalizations and surgeries, all of which injuries had caused Plaintiff great pain and suffering.

57.    As a further result of this incident, Plaintiff, had been required to receive and undergo unnecessary medical attention and care and to expend various sums of money and to incur various expenses that he was forced to endure in connection with the additional procedures.

58.    As a further result of this incident, plaintiff had suffered a severe loss of earnings and impairment of earning power and capacity.

59.    As a further result of this incident, Plaintiff had suffered medically determinable physical and/or mental impairment, which that prevented the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the incident.

60.    As a direct and reasonable result of the incident aforementioned, Plaintiff, had incurred other financial expenses, which exceeded amounts which plaintiff may otherwise be entitled to recover.

61.    As a further result of the incident aforementioned, Plaintiff, had suffered severe physical pain, mental anguish and humiliation.

Case ID: 210503098

**WHEREFORE,** Plaintiff demands judgment against the Defendant for damages, in an amount in excess of the arbitration limits, plus interest and costs.

<u>COUNT V</u>
<u>**PLAINTIFF JONATHAN CARROLL V. DEFENDANT MERCY CATHOLIC MEDICAL CENTER OF SOUTHEASTERN PENNSYLVANIA D/B/A MERCY CATHOLIC MEDICAL CENTER – MERCY FITZGERALD CAMPUS AND D/B/A MERCY FITZGERALD HOSPITAL, PROFESSIONAL NEGLIGENCE**</u>

62.    Plaintiff incorporates by reference hereto, all of the allegations contained in the General Averments and Counts I to IV, as if they were set forth at length herein.

63.    The negligence of the Defendant, acting as aforesaid, consisted of the following:

a.    failing to properly train and/or supervise employees in the practice of proper patient care;

b.    failing to hire competent employees to properly care for physically disabled and paraplegic patients;

c.    failing to inspect the body of the plaintiff to properly monitor his condition;

d.    failing to monitor plaintiff to ensure that he would not develop a worsening bedsore and/or infection.

e.    failing to have proper procedures to prevent, assess and treat bedsores and pressure ulcer wounds;

f.    failing to train, hire and retain competent staff;

g.    failing to provide proper and timely wound care, including more aggressive wound care, to prevent infection including referring Plaintiff for to the hospital;

h.    failing to inspect the left elbow wound; and

Case ID: 210503098

i.       failing to identify signs and symptoms of infection of the left elbow.

64.      As a result of this incident, Plaintiff, has suffered injuries which were serious and permanent in nature, including, but not limited to: new and worsening bedsores and pressure ulcers, including to the left elbow and sacral, infections, hospitalizations and surgeries, all of which injuries had caused Plaintiff great pain and suffering.

65.      As a further result of this incident, Plaintiff, had been required to receive and undergo unnecessary medical attention and care and to expend various sums of money and to incur various expenses that he was forced to endure in connection with the additional procedures.

66.      As a further result of this incident, plaintiff had suffered a severe loss of earnings and impairment of earning power and capacity.

67.      As a further result of this incident, Plaintiff had suffered medically determinable physical and/or mental impairment, which that prevented the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the incident.

68.      As a direct and reasonable result of the incident aforementioned, Plaintiff, had incurred other financial expenses, which exceeded amounts which plaintiff may otherwise be entitled to recover.

69.      As a further result of the incident aforementioned, Plaintiff, had suffered severe physical pain, mental anguish and humiliation.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for damages, in an amount in excess of the arbitration limits, plus interest and costs.

### COUNT VI
### PLAINTIFF JONATHAN CARROLL V. DEFENDANT TRINITY HEALTH OF THE MID-ATLANTIC REGION
### PROFESSIONAL NEGLIGENCE

Case ID: 210503098

70. Plaintiff incorporates by reference hereto, all of the allegations contained in the General Averments and Counts I to V, as if they were set forth at length herein.

71. The negligence of the Defendant, acting as aforesaid, consisted of the following:

      a.     failing to properly train and/or supervise employees in the practice of proper patient care;

      b.     failing to hire competent employees to properly care for physically disabled and paraplegic patients;

      c.     failing to inspect the body of the plaintiff to properly monitor his condition;

      d.     failing to monitor plaintiff to ensure that he would not develop a worsening bedsore and/or infection.

      e.     failing to have proper procedures to prevent, assess and treat bedsores and pressure ulcer wounds;

      f.     failing to train, hire and retain competent staff;

      g.     failing to provide proper and timely wound care, including more aggressive wound care, to prevent infection including referring Plaintiff for to the hospital;

      h.     failing to inspect the elbow wound; and

      i.     failing to identify signs and symptoms of infection of the left elbow.

72. As a result of this incident, Plaintiff, has suffered injuries which were serious and permanent in nature, including, but not limited to: new and worsening bedsores and pressure ulcers, including to the left elbow and sacral, infections, hospitalizations and surgeries, all of which injuries had caused Plaintiff great pain and suffering.

Case ID: 210503098

73.     As a further result of this incident, Plaintiff, had been required to receive and undergo unnecessary medical attention and care and to expend various sums of money and to incur various expenses that he was forced to endure in connection with the additional procedures.

74.     As a further result of this incident, plaintiff had suffered a severe loss of earnings and impairment of earning power and capacity.

75.     As a further result of this incident, Plaintiff had suffered medically determinable physical and/or mental impairment, which that prevented the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the incident.

76.     As a direct and reasonable result of the incident aforementioned, Plaintiff, had incurred other financial expenses, which exceeded amounts which plaintiff may otherwise be entitled to recover.

77.     As a further result of the incident aforementioned, Plaintiff, had suffered severe physical pain, mental anguish and humiliation.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for damages, in an amount in excess of the arbitration limits, plus interest and costs.

<u>**COUNT VII**</u>
<u>**PLAINTIFF JONATHAN CARROLL V. DEFENDANT JOHN DOE I**</u>
<u>**PROFESSIONAL NEGLIGENCE**</u>

78.     Plaintiff incorporates by reference hereto, all of the allegations contained in the General Averments and Counts I to VI, as if they were set forth at length herein.

79.     The negligence of the Defendant, acting as aforesaid, consisted of the following:

      a.      failing to properly train and/or supervise employees in the practice of proper patient care;

Case ID: 210503098

b.      failing to inspect the body of the plaintiff to properly monitor his condition;

c.      failing to monitor plaintiff to ensure that he would not develop a worsening bedsore and/or infection.

d.      failing to properly prevent, assess and/or treat bedsores and pressure ulcer wounds;

e.      failing to train, hire and retain competent staff;

f.      failing to provide proper and timely wound care, including more aggressive wound care, to prevent infection including referring Plaintiff for to the hospital;

g.      failing to inspect the elbow wound;

h.      failing to identify signs and symptoms of infection of the left elbow.

80.    As a result of this incident, Plaintiff, has suffered injuries which were serious and permanent in nature, including, but not limited to: new and worsening bedsores and pressure ulcers, including to the left elbow and sacral, infections, hospitalizations and surgeries, all of which injuries had caused Plaintiff great pain and suffering.

81.    As a further result of this incident, Plaintiff, had been required to receive and undergo unnecessary medical attention and care and to expend various sums of money and to incur various expenses that he was forced to endure in connection with the additional procedures.

82.    As a further result of this incident, plaintiff had suffered a severe loss of earnings and impairment of earning power and capacity.

83.    As a further result of this incident, Plaintiff had suffered medically determinable physical and/or mental impairment, which that prevented the Plaintiff from performing all or

Case ID: 210503098

substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the incident.

84.     As a direct and reasonable result of the incident aforementioned, Plaintiff, had incurred other financial expenses, which exceeded amounts which plaintiff may otherwise be entitled to recover.

85.     As a further result of the incident aforementioned, Plaintiff, had suffered severe physical pain, mental anguish and humiliation.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for damages, in an amount in excess of the arbitration limits, plus interest and costs.

**HABERMAN LAW, P.C.**

Dated: 6/3/2021

**Leonard P. Haberman, Esq.**
**Attorney for Plaintiff**

Leonard P. Haberman
**HABERMAN LAW**
1800 JFK Blvd. Suite 1500-A
Philadelphia, PA 19103
445.444.1009
lenhaberman@me.com

## VERIFICATION

I, _Jonathan Carroll_, hereby verify that I am the _Plaintiff_

_____ in the attached _Complaint_ _____, and that the facts set forth

herein are true and correct to the best of my knowledge, information and belief. I

understand that false statements made herein are subject to the penalties of the 18 PA

C.S. §4904, relating to unsworn falsification to authorities.

SIGN: _Jonathan Carroll_

ADDRESS: _1566 Page St. Phila, PA 19121_

DATE: _6/3/21_

Case ID: 210503098

# EXHIBIT B

**Subject:**Re: Fwd: CARROLL v. HUH
　**Date:**2021-06-08 8:32 pm
　**From:**Carolyn Hahn <carolyn@haberman.law>
　　**To:**raymond.petruccelli@obermayer.com

Hi Ray,

Nice chatting with you the other week. We discussed getting you records and a demand.

Here is a google drive link to medical records and a pretty awful photo of Jonathan Carroll's elbow.

https://drive.google.com/drive/folders/1rkmeqNplALOPZwmg8JQws4YH6dwUdl8A?usp=sharing

Mr. Carroll, a 34 year old paraplegic, developed an unstageable pressure ulcer at the left elbow while hospitalized at Hahnemann in March 2019. The wound became infected to the bone and he nearly lost the arm. From September 2019 to January 2020 he was hospitalized no less than five times and underwent three surgeries.  In light of this, our client's demand is $1.2M.

I look forward to speaking with you after your review.

Thanks and have a nice night.
---
Carolyn

Carolyn Hahn, Esquire*
Haberman Law, P.C.
1800 JFK Blvd. Suite 1500-A
Philadelphia, PA 19103
T: 215-454-6904
F: 215-689-2932
C: 484-557-1944
*Licensed in PA and NJ

****************************************************

On 2021-05-25 1:06 pm, Carolyn Hahn wrote:

Hi Ray,

I left you a message yesterday and just spoke with your secretary who indicated you are in a meeting right now. Sorry to miss you.

I am reaching out to see if you have any interest in reviewing Mr. Carroll's claim for resolution, and if so, I can get you a demand along with a link to medicals records and photos.

Please let me know either way. Feel free to reach me on my cell if you'd like to discuss. The number is 484-557-1944.

I look forward to hearing from you.

Thanks.

---

Carolyn

Carolyn Hahn, Esquire*
Haberman Law, P.C.
1800 JFK Blvd. Suite 1500-A
Philadelphia, PA 19103
T: 215-454-6904
F: 215-689-2932
C: 484-557-1944
*Licensed in PA and NJ

**************************************************

**From:** "Petruccelli, Raymond" <raymond.petruccelli@obermayer.com>
**Date:** May 19, 2021 at 9:18:28 AM EDT
**To:** Len Haberman <lenhaberman@icloud.com>
**Subject: FW: CARROLL v. HUH**

Morning Len, hope you are well.

Just touching base on this matter.  My carrier was asking for an update.
Thanks.

Ray

**From:** Petruccelli, Raymond
**Sent:** Tuesday, March 2, 2021 9:33 AM
**To:** 'Len Haberman' <lenhaberman@icloud.com>
**Subject:** RE: CARROLL v. HUH

Morning Len; I just tried calling your cell but the mailbox was full.

Just touching base on this case.  Give me a call on my cell when you get a chance: 215-629-6009

Thanks.

Ray
**************************************************
**From:** Len Haberman <lenhaberman@icloud.com>
**Sent:** Monday, February 15, 2021 4:13 PM
**To:** Farnen, Nancy <nancy.farnen@obermayer.com>
**Cc:** Petruccelli, Raymond <raymond.petruccelli@obermayer.com>
**Subject:** Re: CARROLL v. HUH

Nancy:

Thanks so much. Appreciate it. Have a nice week.

Len

Len Haberman, Esq.
Haberman Law, P.C.
1800 JFK Blvd. Suite 1500-A

Philadelphia, PA 19103
215.454.5904 (o)
215.850.9400 (c)
215.689.2932 (f)
*****************************************************
On Feb 15, 2021, at 3:56 PM, Farnen, Nancy <nancy.farnen@obermayer.com> wrote:

Hi Len—In response to your inquiry, our office did not handle the bankruptcy, Saul Ewing is bankruptcy counsel (see attached).  Ray has a deposition at 4:00 p.m., but said to give him a call this week.

Thank you,

Nancy

<image001.jpg>                     Nancy A. Farnen
<image002.jpg>                     Paralegal
                                   **Obermayer Rebmann Maxwell & Hippel LLP**
<image003.jpg>                     **Centre Square West**
                                   **1500 Market Street | Suite 3400**
<image004.jpg>                     **Philadelphia, PA 19102-2101**
                                   **215.665.3289** tel | **215.665.3165 fax**
                                   nancy.farnen@obermayer.com | www.obermayer.com

# EXHIBIT C

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

JOSEPH PERAINO ADMIN ESTATE OF AUGUSTINE
PERAINO

vs.                                                    NO.  2021-00634

PHILADELPHIA ACADEMIC HEALTH SYSTEM LLC

## PRAECIPE FOR SUMMONS

To the Prothonotary:

Issue Summons in Civil Action in the above case.

ORIGINAL SIGNATURE RETAINED BY THE FILING PARTY

Signature

**LEONARD P HABERMAN, ESQ.**

Filing Party

**80446**

ID Number

**HABERMAN LAW**

Firm Name

**1800 JOHN F KENNEDY BLVD, SUITE 1500-A**

Date        01/15/2021

Address

**PHILADELPHIA, PA 19103**

**(215) 454-6904**

Phone

**\* \* \* \* \* \* \* \* \***

TO: __Defendant(s)_____

You are notified that the Plaintiff(s) has / have commenced an action against you.



                                        _n. m-_____

                                        Prothonotary, Montgomery County

Date:   01/15/2021                    By:  Seth Rovner_____

                                            Clerk / Deputy

Addresses must be included for all parties.

Case# 2021-00634-0 Docketed at Montgomery County Prothonotary on 01/15/2021 2:50 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

Case# 2021-00634-0 Docketed at Montgomery County Prothonotary on 01/15/2021 2:50 PM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

JOSEPH PERAINO ADMIN ESTATE OF AUGUSTINE
                PERAINO

vs.

PHILADELPHIA ACADEMIC HEALTH SYSTEM LLC

NO.  2021-00634

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document commencing an action in the Montgomery County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:   JOSEPH PERAINO ADMIN ESTATE OF AUGUSTINE PERAINO, Pro Se

Self-Represented (Pro Se) Litigant  ☐

**Class Action Suit**     ☐ Yes    ☒ No

**MDJ Appeal**    ☐ Yes   ☒ No     **Money Damages Requested** ☒

**Commencement of Action**:               **Amount in Controversy**:

Writ of Summons               More than $50,000

## Case Type and Code

Professional Liability:

      Medical

**Other:**

Case# 2021-00634-0 Docketed at Montgomery County Prothonotary on 01/15/2021 2:50 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

Estate of Augustine Peraino   :

by Joseph Peraino, Administrator  :

      VS.      :            NO.

Philadelphia Academic   :

Health System, LLC, Et al.  :

## PRAECIPE FOR SUMMONS

To the Prothonotary:

    Issue Summons in Civil Action in the above case.

    Writ of Summons shall be forwarded to ☐ Attorney / ☑ Sheriff

Date:

                        80446
                        Signature/ID Number

                    Leonard P. Haberman
                    Print Name

                    1800 JFK Blvd, Suite 1500-A
                    Address

                    Phila, PA 19103

## WRIT

TO: Philadelphia Academic Health, LLC, center City Healthcare, LLC d/b/a Hahnemann Hospital, Jared Chowdhury MD and Shilpa Nikhil Chouhan MD. (See attached)  You are notified that the Plaintiff(s) has / have commenced an action against you.

SEAL                    Noah Marlier, Prothonotary

Date:                    By: _____
                          Agent / Deputy

            Addresses must be included for all parties.

(6/02)

Case# 2021-00634-0 Docketed at Montgomery County Prothonotary on 01/15/2021 2:50 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ESTATE OF AUGUSTINE PERAINO BY
JOSEPH PERIANO, ADMINISTRATOR
429 Aurora Drive
Brick, NJ 08234

   v.

PHILADELPHIA ACADEMIC HEALTH
SYSTEM, LLC
1500 Market street
Suite 2400, West Tower
Philadelphia, PA 19102

   And

CENTER CITY HEALTHCARE, LLC
d/b/a HAHNEMAN HOSPITAL
230 N. Broad Street
Philadelphia, PA 19102

   And

JARED CHOWDHURY, M.D.
900 23rd Street NW
Washington, DC 20037-2342

   And

SHILPA NIKHIL CHOUHAN, M.D.
200 Hawkins Dr.
Iowa City, IA 52242-1009

# EXHIBIT D

**From:** **DiMaio, Matthew** matthew.dimaio@obermayer.com  📎
**Subject:** Martha Bennett-Ryder Administratrix of the Estate of Virginia Smith v. 1526 Lombard Street SNF Operations LLC, d/b/a
Powerback Rehabilitation et al., No. 181004117. FW: Sherry Stone v. John Taras, M.D., et al.
**Date:** August 20, 2021 at 1:47 PM
**To:** lenhaberman@me.com



Mr. Haberman,

My mistake. Disregard the case I mentioned in the previous email I sent to you. I
mistakenly included the wrong case.  The same request applies but with respect to the
following case.  **Martha Bennett-Ryder Administratrix of the Estate of Virginia Smith
v. 1526 Lombard Street SNF Operations LLC, d/b/a Powerback Rehabilitation et al.,
No. 181004117.**



**Matthew C. DiMaio**
Associate – Litigation

**Obermayer Rebmann Maxwell & Hippel LLP**
Centre Square West
1500 Market Street | Suite 3400
Philadelphia, PA 19102-2101
215.665.3039 tel | 215.665.3165 fax | 484.794.0650 cell
matthew.dimaio@obermayer.com | www.obermayer.com

---

**From:** DiMaio, Matthew
**Sent:** Friday, August 20, 2021 1:10 PM
**To:** 'lenhaberman@me.com' <lenhaberman@me.com>
**Subject:** Sherry Stone v. John Taras, M.D., et al.
**Importance:** High

Hi Mr. Haberman,

I am contacting you because you are entered as counsel of record in the matter
captioned **Sherry Stone v. John Taras, M.D. et al.**, No. 181203897.

Our client, Philadelphia American Academic Health System, LLC, owner of Defendants,
Center City Healthcare, LLC d/b/a Hahnemann University Hospital and TPS IV of PA,
LLC ("Defendants") do not have any liability in this matter because the alleged cause of
action occurred prior to our client's purchase of Defendants.

I request that you agree to dismiss Defendants from this matter. We will then lift the
bankruptcy stay. Please confirm that you will agree to stipulate our client from this matter
and I will send you a stipulation to dismiss to execute and return to me.

If your former employer retained this matter after your departure from the firm, would you
kindly provide me with direct contact information for the person now responsible for this
case.

Do not hesitate to call me if you would like to discuss the substance of this email in

greater detail.

Sincerely,

Matt



**Matthew C. DiMaio**
Associate – Litigation

**Obermayer Rebmann Maxwell & Hippel LLP**
Centre Square West
1500 Market Street | Suite 3400
Philadelphia, PA 19102-2101
215.665.3039 tel | 215.665.3165 fax | 484.794.0650 cell
matthew.dimaio@obermayer.com | www.obermayer.com