**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) **Objection Deadline: October 18, 2021 at 4:00 p.m. (ET)** |
| | ) **Hearing Date: October 25, 2021 at 10:30 a.m. (ET)** |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND CONRAD O'BRIEN PC**

Center City Healthcare, LLC d/b/a Hahnemann University Hospital and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby move this Court (the "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("the "**Bankruptcy Rules**"), approving the Settlement Agreement, a copy of which is attached to the Proposed Order as **Exhibit 1** (the "**Settlement Agreement**") between the Debtors and Conrad O'Brien PC ("**Conrad**"). In support of this Motion, the Debtors rely upon the *Declaration of Allen Wilen in Support of Motion of the Debtors for Entry of an Order Approving Settlement Agreement between the Debtors and Conrad O'Brien PC* attached hereto as **Exhibit B**, and respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

**Background**

5. On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

6. A description of the Debtors' businesses and the reasons for commencing these Chapter 11 Cases are set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2].

7.  Prior to the Petition Date, Conrad provided legal services to one or more of the Debtors.[2]

8.  On or about June 28, 2019, the Debtors wired Seventy-Five Thousand Dollars ($75,000.00) to Conrad (the "**Wire**") in satisfaction of certain outstanding invoices issued by Conrad to the Debtors prior to the Petition Date (the "**Invoices**").

9.  Conrad received the Wire on or about June 28, 2019.

10. The Debtors notified Conrad that the Wire was a preferential transfer under section 547 of the Bankruptcy Code (the "**Alleged Preference Claim**") and proposed a compromise to resolve the Alleged Preference Claim.

11. Conrad disputes that there is any merit to the Alleged Preference Claim or that the Wire was a preferential transfer under Section 547 of the Bankruptcy Code and otherwise asserts certain defenses to the Alleged Preference Claim.

12. The Debtors and Conrad have engaged in good faith, arms-length negotiations in an attempt to resolve the Alleged Preference Claim.

13. Subject to Court approval, the Debtors and Conrad now desire to resolve the Alleged Preference Claim without the time, expense and uncertainty attendant with litigation over such issues on the terms set forth in the Settlement Agreement.

14. The Settlement Agreement provides, generally, that:[3]

    - Conrad shall pay the Debtors Twenty-Five Thousand Dollars ($25,000.00) (the "**Payment**").

---

[2] Conrad is an ordinary course professional and is continuing to provide certain services to the Debtors post-Petition Date.

[3] This description of the Settlement Agreement is meant only to be a summary of the key provisions of the Settlement Agreement. To the extent there is any inconsistency between this summary and the Settlement Agreement, the terms of the Settlement Agreement shall control.

- Subject to the Debtors' receipt of the Payment and Court approval of the Settlement Agreement by Final Order (as defined in the Settlement Agreement), the Debtors and Conrad shall release each other from all claims under Chapter 5 of the Bankruptcy Code and/or under any applicable state Uniform Fraudulent Transfer Act and/or Uniform Fraudulent Conveyance Act.

- Conrad has agreed to reasonably cooperate with the Debtors in connection with certain matters on which Conrad previously represented the Debtors.

## RELIEF REQUESTED

15. By this Motion, the Debtors seek the entry of an Order, pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 9019(a), substantially in the form of the Proposed Order, (i) approving the Settlement Agreement and (ii) granting such other and further relief as this Court deems just and proper.

## BASIS FOR RELIEF REQUESTED

16. Bankruptcy Code section 105(a) provides, in pertinent part, that "the court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a). In addition, Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the Court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

17. Settlements and compromises are "a normal part" of the chapter 11 process. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Indeed, "compromises are favored in bankruptcy" because they minimize litigation and expedite the administration of a bankruptcy estate. *See In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *see also In re Key3Media Group, Inc.*, No. 03–10323 (MFW), 2006 WL 2842462, at *3 (D. Del. Oct. 2, 2006).

18. In considering a Bankruptcy Rule 9019(a) motion, a court must "balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *E.g.*, *Martin*, 91 F.3d at 393. Assessing this balance includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.*; *see also In re Nutraquest, Inc.*, 434 F.3d 639, 644-45 (3d Cir. 2006).

19. Notably, in determining whether to approve a proposed settlement, courts should not determine whether the debtor is getting the best possible settlement, but rather whether the compromise is reasonable. *See In re Integrated Health Services, Inc.*, Case No. 00-398 (MFW), 2001 WL 1820426, at *2 (Bankr. D. Del. Jan. 3, 2001) (explaining that in approving a settlement, a court is not to determine that the settlement is the best that can be achieved by the debtor but "rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness'").

20. Moreover, when deciding whether to approve a compromise, a court will normally accept the judgment of the movant as long as a legitimate business justification exists. *E.g.*, *Martin*, 91 F.3d at 395; *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 250 (D. Del. 1998); *see also In re Penn Central Transportation Co.*, 347 F. Supp. 1351, 1353 (E.D. Pa. 1972) (approving settlement agreement as reflection of business judgment). Once a debtor has articulated a valid business justification for a settlement, "[t]he business judgment rule is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of

the company." *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (*quoting Smith v. Van Gorkam*, 488 A.2d 858, 872 (Del. 1985)).

21. Applying the foregoing standards to the present case, the Debtors have concluded, in the proper exercise of their business judgment, that the agreement embodied in the Settlement Agreement is fair, reasonable and in the best interests of their estates and creditors. The Settlement Agreement also satisfies the *Martin* factors set forth above.

22. First, the factor of "probability of success in litigation" is satisfied in the present case. While the Debtors feel strongly that they would ultimate prevail in any litigation, the outcome of litigation is never certain and the compromise set forth in the Settlement Agreement is an appropriate resolution of the Alleged Preference Claim, taking into account the defenses asserted by Conrad, including a new value defense.

23. Next, the third *Martin* factor[4] is clearly met in the present case. Although the Alleged Preference Claim is not complex, the costs and delay associated with litigation are appropriately accounted for in the compromise of the Alleged Preference Claim.

24. Lastly, the fourth *Martin* factor - i.e. the paramount interest of the Debtors' creditors - is satisfied in the present case. The Debtors' creditors will clearly benefit from the return of funds to the Debtors' estates without further costs and delay.

25. To be clear, other than the Alleged Preference Claim, the Debtors are not aware of any other claims against Conrad under Chapter 5 of the Bankruptcy Code and/or under any applicable state Uniform Fraudulent Transfer Act and/or Uniform Fraudulent Conveyance Act.

26. Based upon the foregoing, there can be no question that the settlement embodied in the Settlement Agreement does not "fall below the lowest point in the range of

---

[4] The second *Martin* factor – i.e. the likely difficulty in collection – does not appear to be an issue with Conrad.

reasonableness." *Integrated Health*, 2001 WL 1820426, at *2 (*quoting Cosoff v. Rodman (In re WW.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983)).  The Settlement Agreement is the result of substantial good faith, arm's length negotiations between the Debtors and Conrad and constitutes a reasonable exercise of the Debtors' business judgment.  Accordingly, this Court should exercise its discretion and approve the Settlement Agreement.

## NOTICE

27.     Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Official Committee of Unsecured Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) counsel to Conrad; and (xiii)  any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*remainder of page intentionally left blank*]

7

39058877.1 10/04/2021

WHEREFORE, based on the foregoing, the Debtors respectfully request that the Court enter the order, substantially in the form attached hereto as **Exhibit A,** granting the Motion, approving the Settlement Agreement, and granting such other and further relief as is just and proper.

Dated: October 4, 2021							**SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Mark Minuti*
    Mark Minuti (DE Bar No. 2659)
    Monique B. DiSabatino (DE Bar No. 6027)
    1201 N. Market Street, Suite 2300
    P.O. Box 1266
    Wilmington, DE 19899
    Telephone: (302) 421-6840
    Fax: (302) 421-6813
    mark.minuti@saul.com
    monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*