# EXHIBIT B

**(Declaration of Allen Wilen in Support of Motion of the Debtors for Entry of an Order Approving Settlement Term Sheet between the Debtors and Conrad O'Brien PC)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC, *et al*.,[1] | ) ) ) | Case No. 19-11466 (MFW) |
| Debtors. | ) ) ) | Jointly Administered |

**DECLARATION OF ALLEN WILEN IN SUPPORT OF MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND CONRAD O'BRIEN, PC**

I, Allen Wilen, hereby declare the following, under the penalty of perjury:

1. I am the Chief Restructuring Officer ("**CRO**") of Center City Healthcare, LLC and certain of its subsidiaries and affiliates, each a debtor and debtor-in-possession (each, individually, a "**Debtor**" and, collectively, the "**Debtors**") in the above-captioned chapter 11 cases.

2. I have served as CRO for the Debtors since April 8, 2019. In such capacity, I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records. I am above 18 years of age, and I am competent to testify.

3. I am duly authorized to make and submit this declaration on behalf of the Debtors in support of the *Motion of the Debtors for Entry of an Order Approving Settlement Agreement*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

*Between the Debtors and Conrad O'Brien PC* (the "**Motion**"),[2] filed contemporaneously herewith.

4. I read and authorized the filing of the Motion. The facts set forth in the Motion are true and correct to the best of my knowledge, information and belief.

5. Prior to the Petition Date, Conrad provided legal services to one or more of the Debtors.[3]

6. On or about June 28, 2019, the Debtors wired Seventy-Five Thousand Dollars ($75,000.00) to Conrad (the "**Wire**") in satisfaction of certain outstanding invoices issued by Conrad to the Debtors prior to the Petition Date (the "**Invoices**").

7. Conrad received the Wire on or about June 28, 2019.

8. The Debtors notified Conrad that the Wire was a preferential transfer under section 547 of the Bankruptcy Code (the "**Alleged Preference Claim**") and proposed a compromise to resolve the Alleged Preference Claim.

9. Thereafter, the Debtors and Conrad engaged in good faith, arms-length negotiations in an attempt to resolve the Alleged Preference Claim.

10. Subject to Court approval, the Debtors and Conrad now desire to resolve the Alleged Preference Claim without the time, expense and uncertainty attendant with litigation over such issues on the terms set forth in the Settlement Agreement.

11. The Settlement Agreement provides, generally, that:[4]

---

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

[3] Conrad is an ordinary course professional and is continuing to provide certain services to the Debtors post-Petition Date.

[4] This description of the Settlement Agreement is meant only to be a summary of the key provisions of the Settlement Agreement. To the extent there is any inconsistency between this summary and the Settlement Agreement, the terms of the Settlement Agreement shall control.

- Conrad shall pay the Debtors Twenty-Five Thousand Dollars ($25,000.00) (the "**Payment**").

- Subject to the Debtors' receipt of the Payment and Court approval of the Settlement Agreement by Final Order (as defined in the Settlement Agreement), the Debtors and Conrad shall release each other from all claims under Chapter 5 of the Bankruptcy Code and/or under any applicable state Uniform Fraudulent Transfer Act and/or Uniform Fraudulent Conveyance Act.

- Conrad has agreed to cooperate with the Debtors in connection with certain matters on which Conrad previously represented the Debtors.

12. The Settlement Agreement attached as Exhibit 1 to the proposed order approving the Motion is a true and correct copy of the Settlement Agreement signed by the Parties.

13. While I believe the Debtors have a high probability of recovering the Alleged Preferential Claim in full if the Debtors filed an adversary proceeding against Conrad, the outcome of litigation is never certain, and the settlement set forth in the Settlement Agreement is an appropriate compromise of the Alleged Preference Claim considering Conrad's asserted defenses, including a new value defense. In these circumstances, the Debtors and their estates are best served by consummating the settlement outlined in the Settlement Agreement.

14. Although the Alleged Preference Claim is not complex, the costs and delay associated with litigation are appropriately accounted for in the compromise of the Alleged Preference Claim.

15. Finally, and in my view, the Debtors' creditors will clearly benefit from the return of funds to the Debtors' estates without further costs and delay. To be clear, other than the Alleged Preference Claim, the Debtors are not aware of any other claims against Conrad under Chapter 5 of the Bankruptcy Code and/or under any applicable state Uniform Fraudulent Transfer Act and/or Uniform Fraudulent Conveyance Act.

-4-

16.     The Settlement Agreement is the result of good faith, arm's length negotiations between the Debtors and Conrad and, in my view, constitutes a reasonable exercise of the Debtors' business judgment.

17.     For all of the foregoing reasons, I would respectfully encourage the Court to approve the Settlement Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 2, 2021                                             Respectfully submitted,


                                                                   /s/ Allen Wilen
                                                                   Allen Wilen
                                                                   Chief Restructuring Officer