# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| CENTER CITY HEALTH CARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, et al., | Case No. 19-11466 (MFW) |
| Debtors. | (Jointly Administered) |
| _____/ | |
| CENTER CITY HEALTH CARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL, and SCHC PEDIATRIC ASSOCIATES, LLC, | |
| Plaintiffs, | |
| v. | |
| CALL 4 NURSE LLC and CALL 4 HEALTH, INC., | |
| Defendants. | |
| _____/ | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

COMES NOW, Defendants, CALL 4 NURSE LLC and CALL 4 HEALTH, INC. (collectively "Defendants"), by and through undersigned counsel, hereby file this Answer and Affirmative Defenses to Complaint and against Plaintiffs, CENTER CITY HEALTH CARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL, and SCHC PEDIATRIC ASSOCIATES, LLC ("Plaintiffs"), and in support, state:

## NATURE OF ACTION

1. As to paragraph 1 of the Complaint, because this allegation calls for a legal conclusion Defendants deny all allegations therein and demands strict proof thereof.

2. As to paragraph 2 of the Complaint, because this allegation calls for a legal conclusion Defendants deny all allegations therein and demands strict proof thereof.

3. As to paragraph 3 of the Complaint, Defendants deny all allegations therein, as phrased, and demand strict proof thereof.

4. As to paragraph 4 of the Complaint, because this allegation calls for a legal conclusion Defendants deny all allegations therein and demands strict proof thereof.

5. As to paragraph 5 of the Complaint, because this allegation calls for a legal conclusion Defendants deny all allegations therein and demands strict proof thereof.

## THE PARTIES

6. As to paragraph 6 of the Complaint, Defendants deny all allegations therein, as phrased, and demand strict proof thereof.

7. As to paragraph 7 of the Complaint, Defendants deny all allegations therein, as phrased, and demand strict proof thereof.

8. As to paragraph 8 of the Complaint, Defendants deny all allegations therein, as phrased, and demand strict proof thereof.

9. As to paragraph 9 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

10. As to paragraph 10 of the Complaint, Defendants are without knowledge to admit or deny the allegations, and thus deny all allegations therein and demand strict proof thereof.

11. As to paragraph 11 of the Complaint, Defendants are without knowledge to admit or deny the allegations, and thus deny all allegations therein and demand strict proof thereof.

12. As to paragraph 12 of the Complaint, Defendants are without knowledge to admit or deny the allegations, and thus deny all allegations therein and demand strict proof thereof.

13. As to paragraph 13 of the Complaint, Defendants admit the allegations for jurisdiction purposes only and denies all remaining allegations therein and demands strict proof thereof.

14. As to paragraph 14 of the Complaint, Defendants admit the allegations for jurisdiction purposes only and denies all remaining allegations therein and demands strict proof thereof.

15. As to paragraph 15 of the Complaint, Defendants admit the allegations for jurisdiction purposes only and denies all remaining allegations therein and demands strict proof thereof.

16. As to paragraph 16 of the Complaint, Defendants admit the allegations for jurisdiction purposes only and denies all remaining allegations therein and demands strict proof thereof.

## JURISDICTION AND VENUE

17. As to paragraph 17 of the Complaint, because this allegation calls for a legal conclusion Defendants deny all allegations therein and demands strict proof thereof.

18. As to paragraph 18 of the Complaint, because this allegation calls for a legal conclusion Defendants deny all allegations therein and demands strict proof thereof.

19. As to paragraph 19 of the Complaint, because this allegation calls for a legal conclusion Defendants deny all allegations therein and demands strict proof thereof.

20. As to paragraph 20 of the Complaint, Defendants admit the allegations for jurisdiction purposes only and denies all remaining allegations therein and demands strict proof thereof.

## FACTS

21. As to paragraph 21 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

22. As to paragraph 22 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

23. As to paragraph 23 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

24. As to paragraph 24 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

25. As to paragraph 25 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

26. As to paragraph 26 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

27. As to paragraph 27 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

28. As to paragraph 28 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

29. As to paragraph 29 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

30. As to paragraph 30 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

31. As to paragraph 31 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

32. As to paragraph 32 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

33. As to paragraph 33 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

34. As to paragraph 34 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

35. As to paragraph 35 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

36. As to paragraph 23 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

## FIRST CLAIM FOR RELIEF
**(Avoidance of Preferential Transfers - 11 U.S.C. § 547)**

37. Defendants reassert and reallege their responses to paragraphs 1 through 36 as if fully restated herein.

38. As to paragraph 38 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

39. As to paragraph 39 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

40. As to paragraph 40 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

41. As to paragraph 41 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

42. As to paragraph 42 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

43. As to paragraph 43 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

44. As to paragraph 44 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

45. As to paragraph 45 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

46. As to paragraph 46 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

## SECOND CLAIM FOR RELIEF
### (Avoidance of Fraudulent Transfers - 11 U.S.C. § 548)

47. Defendants reassert and reallege their responses to paragraphs 1 through 46 as if fully restated herein.

48. As to paragraph 48 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

49. As to paragraph 49 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

## THIRD CLAIM FOR RELIEF
### (Recovery of Property -- 11 U.S.C. § 550)

50. Defendants reassert and reallege their responses to paragraphs 1 through 49 as if fully restated herein.

51. As to paragraph 51 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

52. As to paragraph 52 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

## FOURTH CLAIM FOR RELIEF
### (Disallowance of all Claims -11 U.S.C. § 502(d) and (j))

53. Defendants reassert and reallege their responses to paragraphs 1 through 53 as if fully restated herein.

54. As to paragraph 54 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

55. As to paragraph 55 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

56. As to paragraph 56 of the Complaint, Defendants deny all allegations therein and demand strict proof thereof.

All allegations not specifically admitted herein are denied and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

1. The payment or other transfer Defendant received from the Debtor was intended by both Defendant and the Debtor to be made a contemporaneous exchange for new value given to the Debtor.

2. The transaction at issue was incurred in the ordinary course of business or financial affairs of the Debtor and the Defendant. Furthermore, the transfer was made in the ordinary course of business or financial affairs as between the Debtor and the Defendant and otherwise made according to ordinary business terms in the business or trade in which the Debtor is involved in.

3. The transaction at issue created a security interest in property acquired by the Debtor to the extent that the security interest secured new value that was given at or after the signing of a security agreement that contains a description of such property as collateral, given by or on behalf of the secured party under such agreement, given to enable the Debtor to acquire such property, in fact used by the Debtor to acquire such property, and perfected on or before 30 days after the Debtor received possession of such property.

4. Pursuant to the new value defense, Defendant is permitted to protect payments it has received during the preference period when the Defendant has given new value to the Debtor that remains unpaid.

5. Defendant maintains a floating lien and the value of the Defendant's collateral has not increased during the preference period, i.e., its position has not improved during the preference period.

6. The transaction at issue was not made with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became indebted.

7. The Debtor took such transfer or obligation in good faith and for a reasonably equivalent value.

8. The Debtor was not insolvent on the date transaction at issue was made or such obligation was incurred and did not become insolvent as a result of such transfer or obligation.

9. Defendants are entitled to an offset of any mutual debts owed to the Debtor that arose before the commencement of this case.

Respectfully Submitted this 6 day of October, 2021.

By: */s/ Gustavo Aristizabal*
Gustavo Aristizabal
Primary: gustavo@call4health.com
2855 S. Congress Ave., Suites A & B
Delray Beach, FL 33445
Phone: (561) 654-1314
On behalf of Defendants, Call 4 Nurse LLC and Call 4 Health, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of October, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I e-mailed or mailed the foregoing document and the notice of electronic filing to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Mark Minuti, Esq.
John D. Demmy, Esq.
Monique B. Di Sabatino, Esq.
Attorneys for Plaintiffs
Saul Ewing Arnstein & Lehr LLP
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
mark.minuti@saul.com
john.demmy@saul.com
monique.disabatino@saul.com

Jeffrey C. Hampton
Adam H. Isenberg
Jorge Garcia
Shannon A. McGuire
Co-Counsel for Plaintiffs
Saul Ewing Arnstein & Lehr LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
jeffrey.hampton@saul.com
adam.isenberg@saul .com
jorge.garcia@sau I .com
shannon.mcguire@saul.com

By:   */s/ Gustavo Aristizabal*
       Gustavo Aristizabal