IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) ) ) Jointly Administered ) |
|  | ) Hearing Date: October 25, 2021 at 10:30 a.m. (ET) ) **Objection Deadline: October 21, 2021 at 4:00 p.m. (ET)** ) |
| Debtors. | ) **Related to Docket No. 2916** ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO
SECTION 107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE
9018 AND LOCAL RULE 9018-1(b), AUTHORIZING THE DEBTORS
TO FILE UNDER SEAL UNREDACTED EXHIBIT TO THE MOTION OF DEBTORS
FOR ORDER (I) AUTHORIZING DEBTORS TO ENTER INTO ASSIGNMENT,
ASSUMPTION AND NOVATION AGREEMENT PURSUANT TO 11 U.S.C. § 363 AND
(II) GRANTING RELATED RELIEF**

Center City Healthcare, LLC d/b/a Hahnemann University Hospital and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel, file this motion to seal (the "**Motion to Seal**"), for the entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1(b) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

**Rules**"), authorizing the Debtors to file under seal the unredacted version of the Novation Agreement and the exhibits thereto (collectively, the "**Novation Agreement**") attached as Exhibit B to the *Motion of Debtors for Order (I) Authorizing Debtors to Enter Into Assignment, Assumption and Novation Agreement Pursuant to 11 U.S.C. § 363 and (II) Granting Related Relief Stipulation* [D.I. 2916] (the "**Motion**"). In support of this Motion to Seal, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b) and (d).

## BACKGROUND

3. On June 30, 2019 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases. On July 15, 2019, the Office of the United States Trustee

appointed the Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al.* [D.I. 182] (the "**Committee**").

4. A description of the Debtors' businesses as of the Petition Date is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2].

5. On October 4, 2021, the Debtors filed the Motion seeking, *inter alia*, authorization for Philadelphia Academic Health System, LLC ("**PAHS**") to enter into the Novation Agreement, by and among PAHS, Philadelphia Academic Risk Retention Group, LLC ("**PARRG**") and Accredited Surety and Casualty Company, Inc. ("**ASC**" and collectively with the Debtors and PARRG, the "**Parties**").

6. The Novation Agreement contemplates that PARRG will transfer, delegate and assign to ASC all of PARRG'S rights, interests, duties, obligations, responsibilities and liabilities under certain insurance policies purchased by PAHS (such transaction, the "**Transaction**") and under which PAHS remains the first named insured.

7. Included among the terms of the Novation Agreement is the requirement that the Parties keep certain terms of the Novation Agreement confidential, as specified in paragraph 17(l)(iii) of the Novation Agreement.

8. The Debtors therefore respectfully seek the entry of the Proposed Order, substantially in the form attached hereto as **Exhibit 1**, permitting the Debtors to file the complete, unredacted Novation Agreement under seal.

## RELIEF REQUESTED

9. By this Motion, the Debtors seek the entry of the Proposed Order, substantially in the form attached hereto as **Exhibit 1**, authorizing the Debtors to file the complete, unredacted Novation Agreement under seal.

**BASIS FOR RELIEF REQUESTED**

10. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Specifically, section 107(b) provides in part that:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b). If the court finds that an interested party is requesting information covered by section 107(b) of the Bankruptcy Code "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.,* 21 F.3d 24, 27 (2d. Cir. 1994). In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

11. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

12. In the present case, sufficient cause exists for the Court to grant the relief sought by this Motion to Seal in order to protect the confidential information contained in the unredacted Novation Agreement and to adhere to the Parties' agreements and expectations regarding confidentiality. That is, the unredacted Novation Agreement may contain sensitive,

non-public information with respect to the proposed transaction and the Debtors' insurance coverage that in the view of the Parties, should be maintained as confidential.

13. The relief requested herein will not cause undue prejudice to any parties in interest. To ensure that the key constituencies in these cases receive adequate disclosure, the Debtors have provided, or will provide, unredacted copies of the Novation Agreement to (i) the Court, (ii) the United States Trustee, (iii) counsel to the Committee, and (iv) requesting parties that provide written notice to each of the Parties demonstrating an appropriate need to review the Novation Agreement, in the reasonable judgment of the Parties, on a confidential basis and subject to Bankruptcy Code section 107 and Local Rule 9018-1. The Debtors submit that the foregoing provides sufficient safeguards to ensure that the relief requested in this Motion to Seal will not adversely affect the interests of parties to these Chapter 11 Cases while protecting the Parties' legitimate interest in keeping private and confidential information from public view.

14. For the reasons set forth above, the Debtors submit that good cause exists for the Court to grant the relief requested herein and that approval of this Motion to Seal is necessary and appropriate.

## **NOTICE**

15. Notice of this Motion to Seal will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) counsel to DOH; (xi) the City of Philadelphia; (xii) Accredited Surety and Casualty Company, Inc.; (xiii) MCARE, (xiv) the Vermont DFR, (xv) counsel to the Ad Hoc Committee, and (xvi) any party that has requested

5

notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **NO PRIOR REQUEST**

16. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, in substantially the form attached hereto as **Exhibit 1**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: October 7, 2021						**SAUL EWING ARNSTEIN & LEHR LLP**

By:	*/s/ Matthew P. Milana*
	Mark Minuti (DE Bar No. 2659)
	Monique B. DiSabatino (DE Bar No. 6027)
	Matthew P. Milana (DE Bar No. 6681)
	1201 N. Market Street, Suite 2300
	P.O. Box 1266
	Wilmington, DE 19899
	Telephone: (302) 421-6800
	Fax: (302) 421-5873
	mark.minuti@saul.com
	monique.disabatino@saul.com

	-and-

	Jeffrey C. Hampton
	Adam H. Isenberg
	Centre Square West
	1500 Market Street, 38th Floor
	Philadelphia, PA 19102
	Telephone: (215) 972-7777
	Fax: (215) 972-7725
	jeffrey.hampton@saul.com
	adam.isenberg@saul.com

	*Counsel for Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) Jointly Administered |
| Debtors. | ) |

## CERTIFICATION OF COUNSEL REGARDING COMPLIANCE WITH LOCAL RULE 9018-1(d)

The undersigned Delaware counsel hereby certifies, in compliance with Rule 9018-l(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, that the Debtors have conferred with interested parties with respect to the Novation Agreement[2] and have reached an agreement with such parties concerning the specific information in the Novation Agreement that must remain sealed from the public view.

Dated: October 7, 2021                    **SAUL EWING ARNSTEIN & LEHR LLP**

By:   */s/ Matthew P. Milana*
Matthew P. Milana (DE Bar No. 6681)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19801
Telephone: (302) 421-6800
Matthew.milana@saul.com

*Counsel for Debtors and Debtors in Possession*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.