**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a ) | |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] ) | Case No. 19-11466 (MFW) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | **Objection Deadline: November 1, 2021 at 4:00 p.m.** |
| ) | **Hearing Date: Only if an objection is filed** |

**SUMMARY COVER SHEET TO THE TWENTY-SIXTH MONTHLY FEE
APPLICATION OF SAUL EWING ARNSTEIN & LEHR LLP, COUNSEL TO THE
DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD FROM AUGUST 1, 2021 THROUGH AUGUST 31, 2021**

| Name of Applicant: | Saul Ewing Arnstein & Lehr LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | *Nunc pro tunc* to June 30, 2019 |
| Period for which compensation and reimbursement is sought: | August 1, 2021 through August 31, 2021 |
| Amount of Compensation sought as actual, reasonable and necessary: | $486,773.90 (80% of which is $389,419.12) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $21,649.79 |

This is an: **X** monthly ___ interim ___ final application.

Saul Ewing Arnstein & Lehr LLP intends to seek compensation in connection with the preparation of this Application at a later date.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 09/20/2019 D.I. 752 | 06/30/2019 through 07/31/2019 | $649,127.65 | $9,401.98 | $649,127.65 | $9,401.98 | $0.00 | 10/14/2019 D.I. 850 |
| 10/18/2019 D.I. 880 | 08/01/2019 through 08/31/2019 | $629,870.40 | $39,528.38 | $629,870.40 | $39,528.38 | $0.00 | 11/08/2019 D.I. 973 |
| 11/08/2019 D.I. 974 | 09/01/2019 through 09/30/2019 | $515,905.90 | $24,370.50 | $515,905.90 | $24,370.50 | $0.00 | 12/03/2019 D.I. 1084 |
| 12/18/2019 D.I. 12093 | 10/01/2019 through 10/31/2019 | $390,494.40 | $13,183.61 | $390,494.40 | $13,183.61 | $0.00 | 01/08/2020 D.I. 1303 |
| 01/08/2020 D.I. 1300 | 11/01/2019 through 11/30/2019 | $335,436.85 | $2,998.24 | $335,436.85 | $2,998.24 | $0.00 | 01/30/2020 D.I. 1376 |
| 02/27/2020 D.I. 1433 | 12/01/2019 through 12/31/2019 | $506,526.70 | $3,453.00 | $506,526.70 | $3,453.00 | $0.00 | 04/02/2020 D.I. 1547 |
| 04/09/2020 D.I. 1568 | 01/01/2020 through 01/31/2020 | $403,578.50 | $7,193.29 | $403,578.50 | $7,193.29 | $0.00 | 05/01/2020 D.I. 1612 |
| 05/05/2020 D.I. 1613 | 02/01/2020 through 02/29/2020 | $264,023.70 | $2,537.47 | $264,023.70 | $2,537.47 | $0.00 | 05/27/2020 D.I. 1640 |
| 05/27/2020 D.I. 1638 | 03/01/2020 through 03/31/2020 | $247,941.45 | $8,430.64 | $247,941.45 | $8,430.64 | $0.00 | 06/17/2020 D.I. 1672 |
| 06/22/2020 D.I. 1677 | 04/01/2020 through 04/30/2020 | $181,351.35 | $5,855.15 | $181,351.35 | $5,855.15 | $0.00 | 07/21/2020 D.I. 1701 |
| 07/30/2020 D.I. 1716 | 05/01/2020 through 05/31/2020 | $206,838.00 | $3,468.25 | $206,838.00 | $3,468.25 | $0.00 | 08/20/2020 D.I. 1751 |
| 08/19/2020 D.I. 1748 | 06/01/2020 through 06/30/2020 | $215,678.25 | $4,772.59 | $215,678.25 | $4,772.59 | $0.00 | 09/09/2020 D.I. 1778 |
| 09/28/2020 D.I. 1795 | 07/01/2020 through 07/31/2020 | $223,273.80 | $15,773.96 | $223,273.80 | $15,773.96 | $0.00 | 10/20/2020 D.I. 1834 |

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 10/19/2020 D.I. 1824 | 08/01/2020 through 08/31/2020 | $278,028.00 | $5,435.78 | $278,028.00 | $5,435.78 | $0.00 | 11/11/2020 D.I. 1883 |
| 11/30/2020 D.I. 1937 | 09/01/2020 through 09/30/2020 | $401,875.85 | $6,288.48 | $401,875.85 | $6,288.48 | $0.00 | 12/22/2020 D.I. 1987 |
| 12/31/2020 D.I. 2003 | 10/01/2020 through 10/31/2020 | $476,292.15 | $24,949.36 | $476,292.15 | $24,949.36 | $0.00 | 01/22/2020 D.I. 2047 |
| 01/28/2021 D.I. 2063 | 11/01/2020 through 11/30/2020 | $398,053.80 | $14,655.86 | $398,053.80 | $14,655.86 | $0.00 | 02/18/2021 D.I. 2106 |
| 02/23/2021 D.I. 2116 | 12/01/2020 through 12/31/2020 | $401,964.30 | $10,936.05 | $401,964.30 | $10,936.05 | $0.00 | 03/16/2021 D.I. 2192 |
| 03/17/2021 D.I. 2195 | 01/01/2021 through 01/31/2021 | $359,975.25 | $8,414.26 | $287,980.20 | $8,414.26 | $71,995.05 | 04/07/2021 D.I. 2234 |
| 04/16/2021 D.I. 2270 | 02/01/2021 through 02/28/2021 | $463,918.05 | $16,614.03 | $371,134.44 | $16,614.03 | $92,783.61 | 05/07/2021 D.I. 2324 |
| 05/21/2021 D.I. 2345 | 03/01/2021 through 03/31/2021 | $569,084.85 | $15,139.38 | $455,267.88 | $15,139.38 | $113,816.97 | 06/11/2021 D.I. 2383 |
| 06/07/2021 D.I. 2364 | 04/01/2021 through 04/30/2021 | $545,422.95 | $14,771.99 | $436,338.36 | $14,771.99 | $109,084.59 | 06/29/2021 D.I. 2540 |
| 07/15/2021 D.I. 2591 | 05/01/2021 through 05/31/2021 | $542,715.75 | $18,672.88 | $434,172.60 | $18,672.88 | $108,543.15 | 08/05/2021 D.I. 2678 |
| 08/25/2021 D.I. 2741 | 06/01/2021 through 06/30/2021 | $714,698.75 | $28,831.50 | $571,759.00 | $28,831.50 | $142,939.75 | 09/15/2021 D.I. 2832 |
| 09/14/2021 D.I. 2822 | 007/01/2021 through 07/31/2021 | $448,503.30 | $56,657.92 | $358,802.64 | $56,657.92 | $89,700.66 | 10/05/2021 D.I. 2919 |
| | **TOTAL** | **$10,370,579.95** | **$362,334.55** | **$9,641,716.17** | **$362,334.55** | **$728,863.78** | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) **Objection Deadline: November 1, 2021 at 4:00 p.m.** |
| | ) **Hearing Date: Only if an objection is filed** |

**TWENTY-SIXTH MONTHLY FEE APPLICATION OF SAUL EWING ARNSTEIN & LEHR LLP, COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 1, 2021 THROUGH AUGUST 31, 2021**

Saul Ewing Arnstein & Lehr LLP ("**Saul Ewing**" or "**Applicant**"), counsel to the debtors and debtors-in-possession (the "**Debtors**"), hereby applies to the Court for interim allowance of compensation for the period August 1, 2021 through August 31, 2021 (the "**Application Period**") with respect to its retention as counsel to the Debtors. In support of this Application, Saul Ewing represents as follows:

**Background**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

**Jurisdiction**

3. On June 30, 2019 and July 1, 2019 (together, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of an examiner has been made in these Chapter 11 Cases.

4. On July 15, 2019, the Office of the United States Trustee (the "**UST**") appointed the Official Committee of Unsecured Creditors of Center City Healthcare d/b/a Hahnemann University Hospital, *et al*. (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code.

5. On August 2, 2019, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 341] (the "**Interim Compensation Order**"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Cases.

**Retention of Saul Ewing**

6. On August 8, 2019, this Court entered the *Order Authorizing the Employment and Retention of Saul Ewing Arnstein & Lehr LLP as Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* [D.I. 404].

**Professional Services Rendered**

7. During the Application Period, Saul Ewing partners, associates and paraprofessionals rendered a total of 956.70 hours of professional services to the Debtors, for which Saul Ewing requests allowance of interim compensation in the amount of $486,773.90. The blended hourly rate for the hours included in this Application is equal to $508.81 per hour, calculated as to attorneys, paralegals and paraprofessionals. At all times, work was assigned to

the attorney, paralegal or paraprofessional with the lowest billing rate possible commensurate with the skill, background, responsibility and expertise needed to do the work efficiently.

8. Saul Ewing's hourly rates are set at a level designed to compensate Saul Ewing for the work of its attorneys, paralegals and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding hourly rates structure utilized by Saul Ewing in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Saul Ewing for other corporate restructuring and bankruptcy matters, as well as similar complex corporate, labor, real estate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Attached hereto as **Exhibit A** is a summary of the blended hourly rates for timekeepers who billed during the Application Period and Saul Ewing's firm-wide range of billing rates for its various positions.

9. Saul Ewing maintains computerized records of all time expended for the professional services rendered in connection with these Chapter 11 Cases on behalf of the Debtors. Attached hereto as **Exhibit B** is a summary of fees incurred and hours expended during the Application Period along with a detailed, chronological itemization covering all the services performed by Applicant. This detailed itemization complies with Del. Bankr. L.R. 2016-2(d) in that (i) each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, (ii) all time is billed in increments of one-tenth of an hour, and (iii) time entries are presented chronologically by Applicant.

10. Attached hereto as **Exhibit C** is a detailed itemization, by project category, of all services performed by Applicant with respect to these matters during the Application Period. Non-working travel time (to the extent applicable) is billed at 50% of normal rates.

11. Attached hereto as **Exhibit D** is a description of the costs actually expended by the Applicant in the performance of services rendered as counsel to the Debtors during the Application Period. These costs for which reimbursement is requested total $21,649.79. The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, facsimile charges ($.25/page – outgoing transmission only), telephone charges, postage, messenger service, outside photocopying, teleconferencing and legal research. By this Application, the Applicant does not seek expenses for incoming facsimile transmissions.

12. Attached hereto as **Exhibit E** is a Declaration of Applicant with respect to the compensation requested.

## Summary of Legal Services by Project Category

13. The services rendered by Saul Ewing during the Application Period can be grouped in the categories set forth below. The following chart is a summary of the fees and hours billed for each project category during the Application Period.

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Business Operations | 141.60 | $97,140.50 |
| Case Administration | 32.20 | $16,650.00 |
| Claims Analysis, Objections, Proofs of Claim and Bar Date | 254.30 | $123,716.00 |
| Committee Matters | 5.70 | $3,903.00 |
| Employee Benefits and Pensions | 25.20 | $15,974.00 |
| Executory Contracts and Unexpired Leases | 12.20 | $3,858.00 |
| Fee/Employment Applications (Saul Ewing) | 23.50 | $6,604.00 |
| Fee/Employment Applications (Other Professionals) | 7.10 | $2,977.00 |
| Litigation: Contested Matters and Adversary Proceedings | 368.60 | $233,797.50 |
| Non-Working Travel | 56.20 | $40,507.00 |
| Relief from Stay and Adequate Protection | 28.70 | $12,968.00 |
| UST Reports, Meetings and Issues | 1.40 | $768.00 |
| **TOTAL** | **956.70** | **$558,863.00** |
| **Minus Agreed Upon Discount** | | **($51,835.60)** |
| **Minus 50% for Non-Working Travel** | | **($20,253.50)** |
| **GRAND TOTAL** | **956.70** | **$486,773.90** |

14. These categories are generally described below, with a more detailed identification of the actual services provided set forth in **Exhibit C** attached hereto.

(a) Business Operations. This category includes all matters relating to the operation of the Debtors' businesses. Time in this category includes reviewing an updated analysis of the Commonwealth of Pennsylvania's ("**PA**") assessment program reconciliation and a CMS analysis and accounting; communicating with the Debtors and their non-debtor affiliates ("**MBNF**") regarding corporate governance issues; communicating with the Pennsylvania Department of Insurance regarding Medicare reporting issues; communicating with Dixon Hughes and Tenet regarding CMS issues; communicating with PA regarding a motion for approval of the transfer of the radioactive material license and an unclaimed property analysis; drafting a response to PA's unclaimed property analysis; researching withdrawal liability issues; and communicating with the Debtors regarding, *inter alia*, vendor issues, case strategy, corporate governance, a CMS payment, a nuclear license transfer, and insurance issues. Saul Ewing spent 141.60 hours of attorney time on the foregoing services. Said services have a value of $97,140.50 (discounted to $87,426.45) for which Saul Ewing is seeking compensation.

| Business Operations | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 3.50 | $2,747.50 |
| J. Hampton | Partner | 127.70 | $88,113.00 |
| J. Englert | Partner | 2.40 | $1,560.00 |
| C. Lee | Partner | 8.00 | $4,720.00 |
| **Total** | | **141.60** | **$97,140.50** |
| **Minus Agreed Upon Discount** | | | **($9,714.05)** |
| **Grand Total** | | **141.60** | **$87,426.45** |

(b) Case Administration. This category includes all matters related to work regarding the administration of the case. Time in this category includes reviewing and updating a case calendar; drafting and revising an open case list; analyzing the status of open motions and issues; drafting, revising and filing notices of agenda and amended agendas; communicating with Omni Agent Solutions regarding service instructions for various documents and service issues; and communicating with the Debtors regarding open case issues. Saul Ewing spent 32.20 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $16,650.00 (discounted to $14,985.00) for which Saul Ewing is seeking compensation.

| Case Administration | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 1.70 | $1,334.50 |
| J. Hampton | Partner | 8.10 | $5,589.00 |
| A. Isenberg | Partner | 4.80 | $3,312.00 |
| C. Lee | Partner | 2.20 | $1,298.00 |
| M. DiSabatino | Partner | 2.30 | $1,081.00 |
| A. Kohn | Associate | 7.50 | $2,475.00 |
| A. Dennis | Associate | 2.90 | $899.00 |
| R. Warren | Paraprofessional | 2.70 | $661.50 |
| **Total** | | **32.20** | **$16,650.00** |
| **Minus Agreed Upon Discount** | | | **($1,665.00)** |
| **Grand Total** | | **32.20** | **$14,985.00** |

(c)     Claims Analysis, Objections, Proofs of Claim and Bar Date. This category includes all time spent in connection with claim and bar date issues. Time in this category includes negotiating resolutions of administrative claim motions (the "**Motion**") and preference actions; drafting and revising settlement agreements, tolling agreements and an adversary procedures motion; reviewing and analyzing answers to complaints, proofs of claim and claims analyses; drafting memoranda regarding various proofs of claim; reviewing and revising a global claims workbook and a preference tracking chart; drafting, revising and filing adversary complaints, stipulations and orders resolving the Motions, 9019 motions and certifications of no objection regarding the stipulations and 9019 motions; communicating with claimants regarding preference issues and tolling agreements; analyzing the status of pending preference matters; conducting research concerning lease rejection damages and preference defenses; and communicating with the Debtors and Committee counsel regarding tolling agreements, preferences and claim issues. Saul Ewing spent 254.30 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $123,716.00 (discounted to $111,344.40) for which Saul Ewing is seeking compensation.

| Claims Analysis, Objections, Proofs of Claim and Bar Date | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 14.50 | $11,382.50 |
| J. Demmy | Partner | 39.00 | $28,860.00 |
| J. Hampton | Partner | 6.30 | $4,347.00 |
| A. Isenberg | Partner | 24.20 | $16,698.00 |
| M. Novick | Partner | 0.20 | $122.00 |
| L. Murley | Partner | 1.60 | $872.00 |

9

| M. DiSabatino | Partner | 51.80 | $24,346.00 |
|---|---|---|---|
| C. Pellegrini | Partner | 7.30 | $3,285.00 |
| J. Garcia | Associate | 49.00 | $16,660.00 |
| A. Kohn | Associate | 8.40 | $2,772.00 |
| M. Milana | Associate | 4.40 | $1,364.00 |
| S. McGuire | Associate | 29.90 | $8,671.00 |
| R. Warren | Paraprofessional | 17.70 | $4,336.50 |
| **Total** | | **254.30** | **$123,716.00** |
| **Minus Agreed Upon Discount** | | | **($12,371.60)** |
| **Grand Total** | | **254.30** | **$111,344.40** |

(d) <u>Committee Matters</u>. This category includes all time spent in connection with issues involving the Committee. Time in this category includes analyzing the Committee's proposed mediation strategy; and communicating with the Committee regarding mediation and case issues. Saul Ewing spent 5.70 hours of attorney time on the foregoing services. Said services have a value of $3,903.00 (discounted to $3,512.70) for which Saul Ewing is seeking compensation.

| Committee Matters | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 2.00 | $1,570.00 |
| J. Hampton | Partner | 2.70 | $1,863.00 |
| M. DiSabatino | Partner | 1.00 | $470.00 |
| **Total** | | **5.70** | **$3,903.00** |
| **Minus Agreed Upon Discount** | | | **($390.30)** |
| **Grand Total** | | **5.70** | **$3,512.70** |

(e) <u>Employee Benefits and Pensions</u>. This category includes all time spent in connection with various employee issues. Time in this category includes reviewing and analyzing settlement documentation and PBGC opinion letters; conducting research concerning the secondary liability of a seller under ERISA Section 4204 ("**Section 4204**") and delinquent contributions, fiduciary breach and prohibited transactions; drafting an analysis of Section 4204; and communicating with the Saul Ewing team regarding the settlement of secondary withdrawal liability and a 401(k) plan audit. Saul Ewing spent 25.20 hours of attorney time on the foregoing services. Said services have a value of $15,974.00 (discounted to $14,376.60) for which Saul Ewing is seeking compensation.

| Employee Benefits and Pensions | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| S. Church | Partner | 22.40 | $14,784.00 |
| D. Brockmeyer | Partner | 2.80 | $1,190.00 |
| **Total** | | **25.20** | **$15,974.00** |
| **Minus Agreed Upon Discount** | | | **($1,597.40)** |
| **Grand Total** | | **25.20** | **$14,376.60** |

(f) <u>Executory Contracts and Unexpired Leases</u>. This category includes all time spent in connection with contract and lease analysis, the assumption, assignment or rejection of executory contracts and unexpired leases, and cure claims. Time in this category includes drafting and revising a motion to enter into a novation and assignment agreement; and reviewing and analyzing a radioactive materials transfer proposal. Saul Ewing spent 12.20 hours of attorney time on the foregoing services. Said services have a value of $3,858.00 (discounted to $3,472.20) for which Saul Ewing is seeking compensation.

| Executory Contracts and Unexpired Leases | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| J. Hampton | Partner | 0.20 | $138.00 |
| M. Milana | Associate | 12.00 | $3,720.00 |
| **Total** | | **12.20** | **$3,858.00** |
| **Minus Agreed Upon Discount** | | | **($385.80)** |
| **Grand Total** | | **12.20** | **$3,472.20** |

(g) <u>Fee/Employment Applications (Saul Ewing)</u>. This category includes all matters related to the review and preparation of a retention application and fee applications for Saul Ewing. Time in this category including drafting, revising and filing Saul Ewing's twenty-fourth monthly, fifth and sixth interim fee applications and a certification of no objection for Saul Ewing's twenty-third monthly fee application. Saul Ewing spent 23.50 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $6,604.00 (discounted to $5,943.60) for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Saul Ewing) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 0.20 | $157.00 |
| J. Hampton | Partner | 0.80 | $552.00 |
| M. DiSabatino | Partner | 1.70 | $799.00 |
| R. Warren | Paraprofessional | 20.80 | $5,096.00 |
| **Total** | | **23.50** | **$6,604.00** |
| **Minus Agreed Upon Discount** | | | **($660.40)** |
| **Grand Total** | | **23.50** | **$5,943.60** |

(h)      <u>Fee/Employment Applications (Other Professionals)</u>.  This category includes all matters related to the review and analysis and filing of retention and fee applications for other professionals in these Chapter 11 Cases.  Time in this category includes revising and filing EisnerAmper LLP's monthly staffing report and a retention application for potential conflicts counsel; drafting, revising and filing a certification of no objection regarding EisnerAmper's monthly staffing report and a certification of counsel regarding potential conflicts counsel's retention application; analyzing issues regarding EisnerAmper's engagement; communicating with potential conflicts counsel and the UST regarding retention issues; and communicating with Debtors regarding EisnerAmper's engagement and the retention of conflicts counsel.  Saul Ewing spent 7.10 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $2,977.00 (discounted to $2,679.30) for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Other Professionals) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. DiSabatino | Partner | 5.50 | $2,585.00 |
| R. Warren | Paraprofessional | 1.60 | $392.00 |
| **Total** | | **7.10** | **$2,977.00** |
| **Minus Agreed Upon Discount** | | | **($297.70)** |
| **Grand Total** | | **7.10** | **$2,679.30** |

(i)      <u>Litigation: Contested Matters and Adversary Proceedings</u>.  This category includes all matters related to litigation.  Time in this category includes reviewing documentation regarding estate causes of action, HSRE documents, and a motion to appoint a chapter 11 trustee; conducting research concerning the statute of limitations of potential estate claims, corporate governance issues in bankruptcy, fiduciary duties and limitations and drafting memoranda regarding same; analyzing claims asserted against estate by non-debtor insiders; reviewing documents produced by Wayne Moving and Storage in response to a subpoena and MBNF's mediation

reply brief and exhibits; reviewing and revising a settlement term sheet; drafting and revising an outline for mediation; preparing for and participating in mediation sessions with MBNF; drafting discovery in connection with a motion to appoint a chapter 11 trustee; communicating with the mediator regarding mediation and standstill issues; communicating with the Debtors, the Committee, HSRE and MBNF regarding mediation issues; and communicating with the Debtors regarding discovery issues, mediation, estate claims and pending litigation. Saul Ewing spent 368.60 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $233,797.50 (discounted to $210,417.75) for which Saul Ewing is seeking compensation.

| Litigation: Contested Matters and Adversary Proceedings | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 109.20 | $85,722.00 |
| J. Demmy | Partner | 0.10 | $74.00 |
| M. Doyle | Partner | 1.80 | $1,251.00 |
| J. Hampton | Partner | 55.20 | $38,088.00 |
| A. Isenberg | Partner | 112.00 | $77,280.00 |
| E. Fenton | Partner | 1.00 | $595.00 |
| R. Carroll | Partner | 1.60 | $880.00 |
| L. Murley | Partner | 8.90 | $4,850.50 |
| M. DiSabatino | Partner | 0.50 | $235.00 |
| J. Garcia | Associate | 0.80 | $272.00 |
| A. Kohn | Associate | 45.50 | $15,015.00 |
| M. Milana | Associate | 13.20 | $4,092.00 |
| S. McGuire | Associate | 18.60 | $5,394.00 |
| R. Warren | Paraprofessional | 0.20 | $49.00 |
| **Total** | | **368.60** | **$233,797.50** |
| **Minus Agreed Upon Discount** | | | **($23,379.75)** |
| **Grand Total** | | **368.60** | **$210,417.75** |

(j) <u>Non-Working Travel</u>. This category includes all travel time not otherwise chargeable to the Debtors. This time is charged at a 50% rate. This category includes time related to traveling between Philadelphia, PA and New York, NY and Wilmington, DE and New York, NY for mediations. Saul Ewing spent 56.20 hours of attorney time on the foregoing services. Said services have a value of $40,507.00 (50% - $20,253.50) for which Saul Ewing is seeking compensation.

| Non-Working Travel | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 18.20 | $14,287.00 |
| J. Hampton | Partner | 19.50 | $13,455.00 |
| A. Isenberg | Partner | 18.50 | $12,765.00 |
| **Total** | | **56.20** | **$40,507.00** |
| **Less 50% Discount** | | | **($20,253.50)** |
| **Grand Total** | | **56.20** | **$20,253.50** |

(k) <u>Relief From Stay and Adequate Protection</u>. This category includes all matters relating to relief from the automatic stay. Time in this category includes reviewing personal injury claims and negotiating a resolution of same; drafting and revising stipulations regarding personal injury claims; reviewing and analyzing a motion for relief from the stay; drafting and revising a response to a motion for relief from the stay; and communicating with the Debtors regarding personal injury claims and a motion for relief from the stay. Saul Ewing spent 28.70 hours of attorney time on the foregoing services. Said services have a value of $12,968.00 (discounted to $11,671.20) for which Saul Ewing is seeking compensation.

| Relief From Stay and Adequate Protection | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 0.20 | $157.00 |
| A. Isenberg | Partner | 1.60 | $1,104.00 |
| M. DiSabatino | Partner | 19.70 | $9,259.00 |
| J. Garcia | Associate | 7.20 | $2,448.00 |
| **Total** | | **28.70** | **$12,968.00** |
| **Minus Agreed Upon Discount** | | | **($1,296.80)** |
| **Grand Total** | | **28.70** | **$11,671.20** |

(l) <u>UST Reports, Meetings and Issues</u>. This category includes time related to the preparation of operating reports and other information required by the UST or the Court. Time in this category includes communicating with the Debtors and the UST regarding the monthly operating reports and bank accounts. Saul Ewing spent 1.4 hours of attorney time on the foregoing services. Said services have a value of $768.00 (discounted to $691.20) for which Saul Ewing is seeking compensation.

| UST Reports, Meetings and Issues | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| J. Hampton | Partner | 0.50 | $345.00 |
| M. DiSabatino | Partner | 0.90 | $423.00 |
| **Total** | | **1.40** | **$768.00** |
| **Minus Agreed Upon Discount** | | | **($76.80)** |
| **Grand Total** | | **1.40** | **$691.20** |

(m)   Expenses.  **Exhibit D** lists expenses, such as copying costs at $.10¢ per page, postage, filing fees, transcripts, charges for telephonic Court appearances, charges for legal research and travel expenses.  Saul Ewing seeks $21,649.79 in expenses.

| EXPENSES | | |
|---|---|---|
| **Expense Category** | **Service Provider (if applicable)** | **Total Expenses** |
| Air Transportation | Delta Airlines | $106.80 |
| Cab / Car Service | Curb Mobility; TLC | $104.48 |
| Copies | Los Angeles Superior Court; Philadelphia Court of Common Pleas | $365.25 |
| Docket Retrieval / Case Monitoring | Pacer Service Center | $528.60 |
| E-discovery Processing Usage | Saul Ewing Arnstein & Lehr LLP | $7,446.35 |
| Hotel | Intercontinental New York Barclay | $4,226.32 |
| Legal Research | Westlaw; Lexis | $4,673.08 |
| Meals | AVRA; Milk n Honey; ETC Restaurant; The Smith; KOI New York; Grub Hub/Honeygrow | $1,949.80 |
| Mileage | Mark Minuti | $17.86 |
| Outside Reproduction | Reliable Copy Service – DE; Exela Enterprise Solutions Inc. | $290.70 |
| Overnight Delivery | Federal Express | $608.15 |
| Parking | Wilmington Parking Authority; Nexus Parking Systems | $258.00 |
| Train | Amtrak | $1,026.00 |
| Transcript | Reliable Copy Service-DE | $48.40 |
| **Total** | | **$21,649.79** |

15

**Compensation Should Be Allowed**

15.     The foregoing services in the total amount of $486,773.90 provided by Saul Ewing on behalf of the Debtors during the Application Period were reasonable, necessary and appropriate to the administration of the Chapter 11 Cases.

16.     The attorneys who worked on these cases during the Application Period have various levels and areas of expertise. Accordingly, it was necessary for these attorneys to consult with each other on different aspects and issues relating to the Chapter 11 Cases. The attorneys involved in this case and their areas of expertise is attached hereto as **Exhibit F**.

17.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extend, and the value of such services, taking into account all relevant factors, including
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

>    (e)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
>    (f)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

18.  The services performed by Saul Ewing during the Application Period for which compensation is sought were necessary for, and beneficial to, the Debtors and the Debtors' estates. Saul Ewing submits that the compensation sought is reasonable.

19.  Saul Ewing submits that the services provided to the Debtors by Saul Ewing during these Chapter 11 Cases were necessary and appropriate given the complexity of these Chapter 11 Cases, the issues involved, the nature and extent of services provided, and the cost of comparable services outside of bankruptcy, all of which are factors set forth in section 330 of the Bankruptcy Code. Accordingly, Saul Ewing respectfully submits that approval of the compensation sought for the Application Period is appropriate and should be approved.

20.  Saul Ewing has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with the such requirements.

## Notice

21.  Notice of this Application is being provided to the Notice Parties identified in the Interim Compensation Order and to all other parties who have requested notice pursuant to Bankruptcy Rule 2002.

22.  No prior request for the relief sought by this Application has been made to this or any other court.

WHEREFORE, Saul Ewing respectfully requests that the Court enter an Order (i) allowing, authorizing and directing payment of interim compensation in the amount of $486,773.90 (80% of which is $389,419.12) for legal services rendered on behalf of the Debtors during the Application Period, together with reimbursement of disbursements in the amount of $21,649.79; and, (ii) granting such other and further relief as the Court deems just and proper.

Dated: October 11, 2021

**SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*