# Exhibit 2

**Declaration of Allen Wilen**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |

**DECLARATION OF ALLEN WILEN IN SUPPORT OF DEBTORS'**
**NINTH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE) PURSUANT**
**TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY**
**RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1**

I, Allen Wilen, hereby submit this declaration (the "**Declaration**") under penalty of perjury:

1. I am the chief restructuring officer ("**CRO**") of the debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I have served as CRO for the Debtors since April 8, 2019.

2. I am a Partner at EisnerAmper LLP and serve as the national director of EisnerAmper's financial advisory services group. I have more than twenty-five years of financial and accounting experience, as well as extensive experience advising insolvent and troubled companies, including several companies in the healthcare industry.

3. In my capacity as CRO of the Debtors, I have reviewed and am familiar with the contents of the *Debtors' Ninth Omnibus Objection to Claims (Non-Substantive) Pursuant to*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

*Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1* (the "**Objection**").[2] I submit this Declaration in support of the Objection.

4. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge of the matters set forth herein. In my capacity as CRO of the Debtors, I have been directly involved in the matters leading up to the Debtors' chapter 11 filings, and have become well-acquainted with the Debtors' capital structure, liquidity needs, and business operations.

5. I am over eighteen (18) years of age, and I am authorized to submit the Declaration on behalf of the Debtors. If called upon to testify, I could and would competently testify to the facts set forth herein from my own personal knowledge, except as otherwise stated.

6. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to review and reconcile the asserted secured, priority, and administrative proofs of claim (the "Proofs of Claim") filed against the Debtors in these Chapter 11 Cases.

7. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the claims identified on **Exhibit A** to the Proposed Order are claims that were filed after the passage of the General Bar Date.

8. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the claims identified on **Exhibit B** to the Proposed Order are claims that are duplicates of other claims filed by or on behalf of the same claimant in respect of the same liabilities.

---

[2] Capitalized terms used in this Declaration but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

9. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the claims identified on **Exhibit C** to the Proposed Order are claims that have been amended and superseded by subsequently filed Proofs of Claim against the Debtors by or on behalf of the same claimant in respect of the same liabilities.

10. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the claims identified on **Exhibit D** to the Proposed Order are claims for which the Debtors have reviewed their Books and Records and determined were improperly filed against the wrong Debtor.

11. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the claims identified on **Exhibit E** to the Proposed Order are not supported by sufficient documentation or information. In evaluating the Insufficient Documentation Claims, the Debtors have (a) reviewed the claims and all supporting information and documentation provided therewith, if any; (b) made reasonable efforts to research the claims on the Debtors' Books and Records and reached out to the relevant claimants for supporting documentation on numerous occasions; and (c) determined that such documentation does not provide *prima facie* evidence of the validity and amount of the claims.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct.

Executed on October 15, 2021

By: */s/ Allen Wilen*
      Allen Wilen, Chief Restructuring Officer