# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a ) | Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Related to Docket Nos. 2912 and ___** |
| ) | |

**ORDER GRANTING MOTION OF THE DEBTORS FOR ENTRY
OF AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN
THE DEBTORS AND CONRAD O'BRIEN PC**

Upon the motion (the "**Motion**")[2] of the Debtors seeking entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 approving the Settlement Agreement attached hereto as **Exhibit 1**; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2019; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed and considered the Motion and the Settlement Agreement and any responses thereto; and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

[2] Any and all terms not defined herein shall have the meaning ascribed to them in the Motion.

-2-

1. The Motion is GRANTED.

2. The Settlement Agreement is approved in all respects.

3. The parties to the Settlement Agreement are authorized to take all appropriate steps required to effectuate the terms of the Settlement Agreement.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and enforcement of this Order and the Settlement Agreement.

# Exhibit 1

**(Settlement Agreement)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered) |

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "**Agreement**") is made and entered into as of October 1, 2021, by and among (i) Center City Healthcare, LLC, *et al.* (each a "**Debtor**" and collectively the "**Debtors**" as set forth in footnote 1) and (ii) Conrad O'Brien PC ("**Conrad**"). The Debtors and Conrad are each referred to separately as a "**Party**" and all are referred to collectively as the "**Parties**."

WHEREAS, on June 30, 2019 or July 1, 2019 (the "**Petition Date**"), the Debtors filed for bankruptcy protection pursuant to Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

WHEREAS, on or about June 28, 2019, the Debtors wired Seventy-Five Thousand Dollars ($75,000.00) to Conrad (the "**Wire**") in satisfaction of certain outstanding invoices issued by Conrad to the Debtors (the "**Invoices**");

WHEREAS, Conrad received the Wire on or about June 28, 2019;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

39056677.1

WHEREAS, the Debtors notified Conrad that the Wire was a preferential transfer under 11 U.S.C. §547 (the "**Alleged Preference Claim**") and proposed a compromise to resolve the Alleged Preference Claim;

WHEREAS, Conrad disputes that there is any merit to the Alleged Preference Claim or that the Wire was a preferential transfer under 11 U.S.C. §547 and otherwise asserts certain defenses to the Alleged Preference Claim;

WHEREAS, to avoid the expense, delay, uncertainty, and risk inherent in litigation, the Parties have agreed to resolve the Alleged Preference Claim in accordance with the terms set forth below.

NOW THEREFORE, in consideration of the foregoing, and of the mutual covenants, terms and conditions, and obligations expressed herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties, subject to the approval of the Bankruptcy Court (except with respect to paragraph 3 set forth below), and intending to be legally bound, hereby agree as follows:

1. <u>Consideration for settlement</u>. In full and final settlement of the Alleged Preference Claim, Conrad shall pay $25,000.00 (the "<u>Settlement Amount</u>") to the Debtors by wire within five (5) business days of the entry of an order by the Bankruptcy Court approving this Agreement. The Debtors shall provide Conrad with appropriate wire instructions promptly upon Bankruptcy Court approval of this Agreement.

2. <u>Bankruptcy Court Approval</u>. Promptly upon execution of this Agreement, the Debtors shall file a motion seeking Bankruptcy Court approval of this Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure. In the event that the Bankruptcy Court denies the Motion by entry of a Final Order, this Agreement (except paragraph 3 hereof, which shall immediately be in full force and effect) shall be null and void and of no force and effect

against either of the Parties and Conrad will have no obligation to make any payment under the Agreement.  An order will be considered to be a "Final Order" if the order is not subject to any timely appeal or motion for reconsideration, other than any motion for relief under Fed. R. Civ. P. 60 applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

3. <u>Tolling</u>.  To provide time for the Parties to obtain Bankruptcy Court approval of this Agreement without the need to institute litigation, the Parties agree that any limitation periods for the Alleged Preference Claim are hereby tolled so that the period from the date of execution of this Agreement until ten (10) business days following the entry of any order by the Bankruptcy Court declining to approve this Agreement (the "**Extended Limitations Period**") shall not be included in the computation of time for the purposes of any applicable statute of limitations relating to the Alleged Preference Claim and Conrad may not assert a statute of limitations or laches defense to any action based on a claim or claims brought within the Extended Limitations Period.  The Parties expressly agree that this paragraph shall be binding upon the Parties immediately upon execution of the Agreement and is not subject to Bankruptcy Court approval.   Tolling does not apply to any time period and/or claim that has already lapsed as of the date of the Agreement; nor does this paragraph rehabilitate any claim that has already lapsed as of the date of this Agreement.

4. <u>Releases</u>.  Subject to entry of a Final Order approving this Agreement and the Debtors' receipt of the Settlement Amount in good funds, Conrad and the Debtors release and forever discharge each other and each of their parents, subsidiaries, affiliates, officers, directors, shareholders, partners, attorneys, predecessors, successors, representatives, insurers, assignees, agents, employees, administrators, and all persons acting by, through or in any way on behalf of each other of and from any and all claims, debts, demands, actions, causes of action, suits, expenses, damages, whether general, specific or punitive, exemplary, contractual or extra-

contractual, and liabilities of any kind or nature based upon or related to any and all claims and/or avoidances under Chapter 5 of Title 11 of the United States Code and/or or under any applicable state Uniform Fraudulent Transfer Act and/or Uniform Fraudulent Conveyance Act which each party may now have or claim to have against the other.  Further, Conrad waives any right to assert a claim pursuant to section 502(h) of the Bankruptcy Code relating to the Settlement Amount. Notwithstanding the foregoing, the Parties do not release one another for any breach of this Agreement.

5. <u>Reasonable Cooperation</u>.  As further consideration for the compromises set forth in this Agreement, subject to entry of a Final Order approving this Agreement, Conrad shall cooperate with the Debtors, by responding to the Debtors' reasonable questions and/or reasonable requests for information related to the matters on which Conrad previously represented the Debtors. Nothing in this agreement precludes Conrad from performing work for the Debtors or being paid for such work.

6. <u>Execution in Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one agreement binding upon the parties hereto.  An executed facsimile or electronic copy shall also be deemed and considered an original.

7. <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of Delaware, without giving effect to any choice of law or conflict of law provision or rule that would cause the application of the laws of any other jurisdiction.  If any provision of this Agreement shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner which would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision of this Agreement.

8. <u>Binding Agreement</u>. This Agreement shall be binding on any successors or assigns of the Parties hereto.

9. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties regarding the matters stated herein.

10. <u>No Modification</u>.  This Agreement may not be amended, modified, or extended except by a written instrument executed by the Parties.

11. <u>Jurisdiction</u>. The Parties agree that the Bankruptcy Court has jurisdiction to hear and determine any matters or disputes arising from or relating to this Agreement.

12. <u>Headings</u>.  The headings of this Agreement are for convenience or reference only, and shall not limit, expand, modify, or otherwise affect the meaning hereof.

13. <u>Agreement Jointly Negotiated and Drafted</u>.  This Settlement Agreement has been jointly drafted and negotiated by all of the Parties hereto.  The language of this Settlement Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any Party.

14. <u>Authorized Parties</u>.  Each undersigned individual certifies that he or she is duly authorized to execute this Agreement on behalf of the respective Party.

15. <u>No Admission of Liability</u>. This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any party.

39056677.1

16. <u>Enforcement of Agreement</u>. In the event that legal action is instituted to enforce this Agreement, the prevailing party shall be entitled to recover from the losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

| CONRAD O'BRIEN PC | CENTER CITY HEALTHCARE, LLC, ET AL. |
|---|---|
| /s/ Kevin Dooley Kent (10/1/21)/ | |
| Name: Kevin Dooley Kent | Name: Allen Wilen |
| Title: Shareholder | Title: Chief Restructuring Officer |