# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
In re:                                               :
                                                     :
CENTER CITY HEALTHCARE, LLC D/B/A        Chapter 11
HAHNEMANN UNIVERSITY HOSPITAL, et        :
al.,¹                                    Case No. 19-11466 (MFW)
                                                     :
          Debtors.                       (Jointly Administered)
                                                     :
                                                     :
-------------------------------------------------------- x
```

**ORDER PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE (I)
DETERMINING THAT THE AUTOMATIC STAY DOES NOT APPLY TO ASSETS OF
THE BROAD STREET ENTITIES AND PAHH OR (II) IN THE ALTERNATIVE,
GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY FOR THEM TO
SELL, TRANSFER, OR OTHERWISE ENCUMBER SUCH ASSETS**

Upon the motion (the "**Motion**") filed by Broad Street Healthcare Properties, LLC, Broad

Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC (collectively,

the "**Broad Street Entities**"), and Philadelphia Academic Health Holdings, LLC ("**PAHH**") on

October 29, 2021 for entry of an order (i) pursuant to 11 U.S.C. § 105 determining that the

automatic stay does not apply to the assets owned by the Broad Street Entities and by PAHH,

including PAHH's equity interest in the Broad Street Entities (collectively, the "**MBNF Assets**")[2]

or, in the alternative, (ii) granting limited relief from the automatic stay pursuant to Section

362(d)(1) of the Bankruptcy Code to permit the Broad Street Entities and PAHH to sell, transfer,

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2]  The MBNF Assets include buildings and parcels located at 222-248 N. Broad Street, 221-223 N. 15th Street, 325 N. 15th Street, 300-304 N. Broad Street, 200-214 N. Broad Street, and 201-219 N. 15th Street.

or otherwise encumber the MBNF Assets, including any actions in connection with imposing first priority liens and/or mortgages on the MBNF Assets as consideration for financing, such as the Term Loan (as defined in the Motion); and (iii) granting such other and further relief as the Court may deem just and proper under the circumstances;[3] and the Court having jurisdiction to consider the Motion and the relief requested therein; and adequate notice of the Motion having been given to all parties in interest, including counsel for the Debtors, the Official Committee of Unsecured Creditors, the Office of the United States Trustee, HSRE, Tenet Healthcare Corporation, and the Pension Fund; and no further notice being necessary; and this matter having come for a hearing on November 19, 2021; and all parties with an interest in this matter having appeared by counsel; and the MBNF PropCos having shown factual and legal bases adequately justifying the relief sought; and no objection having been filed or interposed at the hearing in response to the Motion; and upon argument by counsel and good cause for the relief granted herein being shown; and after due consideration of this matter:

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.     The MBNF PropCos require financing to preserve and operate the MBNF Assets until such time as a sale of the MBNF Assets can be consummated.

B.     This relief granted by this Order is in the best interest of all parties in interest and will contribute to the orderly administration of these Chapter 11 cases.

**BASED ON THE FOREGOING AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED:**

---

[3]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1.      The Motion of the Broad Street Entities and PAHH be and hereby is GRANTED as set forth below.

2.      The automatic stay is not and shall not be applicable to the Broad Street Entities or PAHH in connection with any action they may take to sell, transfer, or otherwise encumber the MBNF Assets, including any actions in connection with imposing first priority liens and/or mortgages on the MBNF Assets as consideration for financing, such as the Term Loan (as defined in the Motion).

3.      In the alternative, the automatic stay is modified, to the extent necessary, to permit the actions referenced in Paragraph 2 of this Order.

4.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

5.      This Order shall be effective immediately upon entry upon the Court's docket.