# EXHIBIT A

**Subpoena with Return of Service**
**(Front Street Healthcare Properties, LLC)**

B2560 (Form 2560- Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
For the District of Delaware

| | |
|---|---|
| In re Center City Healthcare, LLC, *et al.*, | Case No. 19-11466 (MFW) |
| Debtors. | Chapter 11 |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

**TO:** Front Street Healthcare Properties, LLC
c/o Cogency Global Inc.
850 New Burton Road
Suite 201
Dover, DE 19904

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment. **See Rider A attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Saul Ewing Arnstein & Lehr, 1201 North Market Street, Suite 2300, Wilmington, DE 19899 | November 10, 2021 at 9:00 a.m. (Eastern Time) |

The deposition will be recorded by this method:
The testimony at the Deposition may be recorded by videographic and stenographic means.

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the materials: **See document requests, attached hereto as Rider A. Documents shall be delivered on or before November 5, 2021 at 5:00 p.m. (Eastern Time). Written objections and responses to the document requests set forth herein shall be served on or before November 5, 2021 at 5:00 p.m. (Eastern Time).**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]*<br>**Mark Minuti, Partner at Saul Ewing Arnstein & Lehr LLP, Counsel to Debtors** | 11/3/2021 |

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors, who issues or requests this subpoena, are:
Mark Minuti, Esq., Saul Ewing Arnstein & Lehr LLP, 1201 North Market Street, Suite 2300, P.O. Box 1266, Wilmington, DE 19899, mark.minuti@saul.com, (302) 421-6840

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

39199030.3
8415601 v2

B2560 (Form 2560- Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): <u>FRONT STREET HEALTHCARE PROPERTIES, LLC</u>
on (*date*) <u>11/4/2021</u>.

☑ I served the subpoena by delivering a copy to the named person as follows:
<u>C/O COGENCY GLOBAL INC. 850 NEW BURTON RD. DOVER, DE 19904</u>
<u>ACCEPTED BY: TERESA GRANDISON (AUTH PERSON)</u> on (*date*) <u>11/4/2021</u>; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ <u>60.00</u>.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: <u>11/4/2021</u>

_____
Server's signature

GRANVILLE MORRIS
BRANDYWINE PROCESS SERVERS, LTD
PO BOX 1360
WILMINGTON, DE 19899    302-475-2600
_____
Printed name and title

_____
Server's Address

Additional information concerning attempted service, etc.:
ALSO SERVED: RIDER TO SUBPOENA

39199036.3

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: <br><br> CENTER CITY HEALTHCARE, LLC d/b/a <br> HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] <br><br> Debtors. | ) Chapter 11 <br> ) <br> ) <br> ) Case No. 19-11466 (MFW) <br> ) <br> ) Jointly Administered <br> ) <br> ) **Related to Docket No. 3002** |

## RIDER TO SUBPOENA TO PRODUCE DOCUMENTS
## DIRECTED TO FRONT STREET HEALTHCARE PROPERTIES, LLC

## **DEFINITIONS**

A. For purposes of the Subpoena, the following terms shall have the following meanings:

1. **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including, without limitation, written, oral, or electronic transmissions.

2. **"Debtors"** means the debtors and debtors-in-possession in the above-captioned chapter 11 proceedings.

3. **"Document(s)"** or **"Information"** means all materials within the scope of Federal Rule 34, made applicable through Bankruptcy Rules 7034 and 9014, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information (ESI), that are stored

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

39199030.3
8415601 v2

in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. A draft or nonidentical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "Document(s)" or "Information" includes but is not limited to emails and other types of messages (including but not limited to text, instant, and direct messages), social media or other online content, geolocation data, data generated and stored by devices connected to the Internet of Things (IoT), communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all associated data and metadata.

4. **"Financing Motion"** means *The Motion Of The Broad Street Entities And PAHH For Entry Of An Order (I) Determining That The Automatic Stay Does Not Apply To Their Assets Or (II) In The Alternative, Granting Limited Relief From The Automatic Stay For Them To Sell, Transfer, Or Otherwise Encumber Such Assets*, filed at docket number 3002 on October 29, 2021 in the Debtors' chapter 11 cases.

5. **"Broad Street Entities"** means Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, and Broad Street Healthcare Properties III, LLC, collectively.

6. **"Front I"** means Front Street Healthcare Properties, LLC.

7. **"Front II"** means Front Street Healthcare Properties II, LLC.

8. **"PAHH"** means Philadelphia Academic Health Holdings, LLC.

9. **"You"** or **"your"** means Front Street Healthcare Properties, LLC and, where appropriate, each of its predecessors and successors, subsidiaries, divisions, parents, any joint

2

venture to which they may be a party, and/or each of their employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

10. **"Person"** means any natural person or any legal entity, including, without limitation, any business or governmental entity, organization, or association.

11. **"Relate," "related,"** or **"relating"** means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

12. The words **"and"** and **"or"** shall be construed disjunctively or conjunctively to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

13. The word **"any"** shall be construed to include "all" and vice versa.

14. The word **"each"** shall be construed to include "every" and vice versa.

15. Any word in the singular form shall also be construed as plural and vice versa.

16. The masculine form shall also be construed to include the feminine and vice versa.

17. Any capitalized term not otherwise defined herein shall have the same meaning as that ascribed to it in the Financing Motion.

**INSTRUCTIONS**

1. All objections to the production of documents requested herein shall be made in writing and delivered to the undersigned, on or before the date set for production.

2. All documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, you shall state so in writing.

3. Electronically stored information (ESI) must be produced in its original native format including its accompanying metadata. For example:

    a. documents created using Microsoft Word must be produced as .DOC or .DOCX files; and

    b. emails must be produced in a form that readily supports import into standard email client programs, or the form of production should adhere to the conventions set out in the internet email standard.

4. The Subpoena calls for the production of all responsive documents in your possession, custody or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

5. In responding to the Subpoena, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is

4

that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has control and the location of the documents.

6. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

    a. identifying the document;

    b. describing where the document is now;

    c. identifying who has control of the document;

    d. describing how the document became lost or destroyed or was transferred; and

    e. identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

7. Each document production request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

8. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document:

    a. the ground of privilege or protection claimed;

39199030.3
8415601 v2

    b. every basis for the privilege or protection claimed;

    c. the type of document;

    d. its general subject matter;

    e. the document's date; and

    f. other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by Federal Rule 26(b)(5) and the Local Rules.

9. If you object to any document request on any ground other than privilege, you must specify:

    a. the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

    b. whether any responsive materials are being withheld on the basis of an objection.

10. To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED AS [BASIS FOR PROTECTION]" on the document in an appropriate location that does not obscure the remaining text.

11. If there are no documents in response to any particular request, you shall state so in writing.

12. Unless otherwise stated herein, all documents requested cover the period from July 1, 2019 through the present.

13. Examples of responsive items set out in any request should not be construed to limit the scope of the request.

14. The Subpoena should be read to encompass any and all items responsive to the requests.

15. Responsive documents should be produced to counsel for the Debtors and the Official Committee of Unsecured Creditors at the addresses set forth below.

16. These requests are continuing, and your response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule 26(e), made applicable by Bankruptcy Rules 7026 and 9014.

## **DOCUMENTS TO BE PRODUCED**

1. All Documents and Communications relating to the use or intended use of assets owned by Front I, including, but not limited to, proceeds from disposition of such assets, subsequent to July 1, 2019.

2. All Documents and Communications relating to the use or intended use of assets owned by Front II, including, but not limited to, proceeds from disposition of such assets, subsequent to July 1, 2019.