**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| CENTER CITY HEALTHCARE, LLC D/B/A HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) ) (Jointly Administered) |
| Debtors. | ) **Hearing Date: December 21, 2021 at 10:30 a.m. (ET)** ) **Objection Deadline: November 22, 2021 at 4:00 p.m. (ET)** |

**GORDON BROTHERS REALTY SERVICES, LLC'S MOTION FOR ENTRY OF
(I) AN ORDER QUASHING THE SUBPOENA SERVED BY THE DEBTORS AND THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OR ALTERNATIVELY, (II)
A PROTECTIVE ORDER MODIFYING THE SUBPOENA**

Gordon Brothers Realty Services, LLC ("Gordon Brothers"), by and through its undersigned counsel, respectfully submits this motion (the "Motion") for entry of (i) an order, substantially in the form attached as **Exhibit A**, pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these proceedings by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), quashing the *Subpoena to Testify at a Deposition* and *Rider to Subpoena to Produce Documents* [Docket No. 3037] (the "Subpoena"), propounded by the Debtors and the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") or, alternatively, (ii) a protective order, pursuant to Federal Rules 26(c) and 30, made applicable to these proceedings by Bankruptcy Rules 7026, 7030 and 9014, and Rule 7030-1 of the Local Rules of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), modifying the scope of the Discovery Request. In support, Gordon Brothers respectfully states as follows:

### PRELIMINARY STATEMENT[2]

1. On November 4, 2021, the Debtors and the Committee served Gordon Brothers with the Subpoena, purportedly requiring Gordon Brothers to produce both a corporate representative in Delaware for deposition as well as potentially voluminous documentation (the "Discovery Requests"). The Discovery Requests, which are both duplicative of requests served on other parties in these Chapter 11 Cases and burdensome in scope and timeline, appear to be nothing more than a litigation tactic in the hotly-contest dispute between the Debtors, the Committee and the MBNF PropCos regarding, among other things, the nature of certain MBNF Assets.

2. The Debtors and the Committee have propounded the Discovery Requests in connection with the Broad Street Entities and PAHH's Stay Motion (defined below at ¶14), which seeks clarification that non-debtor parties can encumber and dispose of property that is not property of the estate. Notably, the Stay Motion does *not* seek this Court's approval of the specific financing terms or to affect the outcome of the litigation involving the Debtors, the Committee and the MBNF PropCos.

3. Even a cursory review of the Discovery Requests reveals that they are completely irrelevant to the relief that is actually requested in the Stay Motion, which, incidentally hinges on legal, not factual bases. The Court should not countenance this purported discovery which is, at best, the Debtors' and the Committee's attempt to audit the discovery received from their actual

---

[2] Capitalized terms not otherwise defined in the Preliminary Statement shall have the meanings given to them herein.

adversaries and, at worst, is an attempt to derail the proposed financing by forcing Gordon Brothers—a third-party potential lender to *non-debtors*—to expend valuable time and resources on a fishing expedition.

4. The Debtors and Committee have served discovery requests and/or subpoenas upon, and have already begun receiving documents from, the Stay Motion's moving parties—PAHH and the Broad Street Entities—as well as Joel Freedman, the Front Street Entities, Paladin Healthcare Capital, LLC, William Brinkman, and Kyle Schmidt, and have noticed those parties for depositions. Not counting Gordon Brothers, the Debtors and Committee have issued notices or subpoenas for documents and depositions to *ten parties* in connection with the Stay Motion. Nevertheless, the Debtors and the Committee seek to depose Gordon Brothers and obtain from Gordon Brothers duplicative information they have received and will receive from PAHH and the Broad Street Entities. To the extent the information requested is not duplicative, it is Gordon Brother's commercially sensitive—but irrelevant—proprietary information.

5. The Debtors and the Committee have refused even to attempt to narrow the scope of the Discovery Requests, nor have they agreed to provide Gordon Brothers with any extension of the arbitrary and wholly unreasonable document production deadline of *today* (two business days after the service of the Subpoena). As such, causes exists to quash the Subpoena in its entirety or, alternatively, to narrow the Discovery Requests to avoid the imposition of an unreasonable burden on third-party Gordon Brothers.

**JURISDICTION AND VENUE**

6. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this Motion, pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2).

7. Venue is proper in this District, pursuant to 28 U.S.C. §§ 1408 and 1409.

8. Gordon Brothers consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent such consent, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

9. The statutory predicates for the relief requested are Bankruptcy Code section 105, Federal Rules 26, 30, and 45, made applicable by Bankruptcy Rules 7026, 7030, 9014 and 9016, and Local Rule 7030-1.

**BACKGROUND**

10. On June 30, 2019 and July 1, 2019 (together, the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The Chapter 11 Cases have been jointly administered for procedural purposes only. As illustrated in the organizational chart attached to the *Declaration of Allen Wilen in Support of First Day Relief* [Docket No. 2] (the "First Day Declaration"), the Debtors and the non-Debtor MBNF PropCos[3] are distinct entities in the same corporate family.

11. On February 23, 2021, the Bankruptcy Court appointed the Honorable Kevin J. Carey to serve as mediator in connection with claims by and between the Debtors' estates and the MBNF PropCos [Docket No. 2119].

12. On June 29, 2021, the Debtors filed the Complaint against the MBNF PropCos, Paladin Healthcare Capital, LLC, Joel Freedman, Stella Freedman, Svetlana Attestatova, and Kyle Schmidt [Adv. Proc. No. 21-50991, Docket No. 1].

---

[3] "MBNF PropCos" means Philadelphia Academic Health Holdings, LLC ("PAHH"), Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC (collectively, the "Broad Street Entities"), Front Street Healthcare Properties, LLC and Front Street Healthcare Properties II, LLC ("Front Street Entities").

4

13. The MBNF PropCos discussed, with various lenders, financing to provide the MBNF PropCos much-needed liquidity. *See* Stay Motion, ¶ 9. Following approximately six months of constructive arm's-length diligence and negotiations among the MBNF PropCos, Gordon Brothers, and their respective professionals, on October 29, 2021, the MBNF PropCos and Gordon Brothers executed a financing term sheet for a 15-month term loan in the amount of $17.5 million (the "Term Loan") that would refinance the existing mortgages on certain of the MBNF Assets. *See id.* Consideration for the Term Loan includes first priority liens and/or mortgages on the MBNF Assets and a monthly interest payment in an amount equal to the 90-day Secured Overnight Financing Rate plus 950 basis points. *See id.* Loan proceeds will be used to fund the carrying costs of the MBNF Assets, thereby preserving the value of the real property, and to pay professional fees. *See id.*

14. On October 29, 2021, the Broad Street Entities and PAHH filed a motion (the "Stay Motion") [Docket No. 3002] seeking entry of an order "(i) determining that the automatic stay does not apply to the assets owned by the Broad Street Entities and by PAHH, including PAHH's equity interest in the Broad Street Entities (collectively, the "MBNF Assets")[4] or, (ii) in the alternative, granting limited relief from the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code to permit the Broad Street Entities and PAHH to sell, transfer, or otherwise encumber the MBNF Assets, including any actions in connection with imposing first priority liens and/or mortgages on the MBNF Assets as consideration for financing, such as the Term Loan." Stay Motion, ¶ 13.

---

[4] The MBNF Assets include buildings and parcels located at 222-248 N. Broad Street, 221-223 N. 15th Street, 325 N. 15th Street, 300-304 N. Broad Street, 200-214 N. Broad Street, and 201-219 N. 15th Street.

5

15. On November 2, 2021, the Debtors and the Committee served their *First Set Of Requests For Production of Documents to the Broad Street Entities and PAHH,* and filed Notices of Deposition of each of the Broad Street Entities, PAHH, and Joel Freedman [Docket Nos. 3025-3030]. On November 3, 2021, the Debtors and the Committee served subpoenas on Paladin Healthcare Capital, LLC, the Front Street Entities, William Brinkman, and Kyle Schmidt, demanding documents and noticing depositions [Docket Nos. 3034-3036, 3038-3039].

16. On November 3, 2021, the Debtors and the Committee filed the notice of the Subpoena, which was served on Gordon Brothers on November 4, 2021.[5] The Subpoena required document production by 5:00 p.m. (Eastern Time) on Friday, November 5, 2021, *less than 48 hours from when the request was received.* After speaking with Gordon Brothers' counsel, the Debtors agreed to extend Gordon Brothers' document production deadline to Monday, November 8, 2021 at 4:00 p.m. (Eastern Time).

17. On November 5, 2021, PAHH and the Broad Street Entities began producing documents to the Debtors and the Committee.

18. On November 6, 2021, Gordon Brothers' counsel requested an extension for document production until November 12, 2021, four days after the PAHH and Broad Street Entities' deadline, so that Gordon Brothers' production could be limited to only non-duplicative documents. Debtors' counsel refused any extension beyond the deadline imposed upon PAHH and the Broad Street Entities.

---

[5] In their haste to serve, the Debtors and Committee neglected to tender the required witness fee and mileage (from Boston, Massachusetts to Wilmington, Delaware, the location where the Debtors noticed the deposition). *See* Rule 45(b)(1).

19. On November 7, 2021, Gordon Brothers' and the Debtors' respective counsel met and conferred regarding the Discovery Requests. The Debtors again refused to extend the production deadline or narrow the scope of the discovery.

## RELIEF REQUESTED

20. Gordon Brothers respectfully requests that the Bankruptcy Court quash the Subpoena. Alternatively, Gordon Brothers respectfully submits that good cause exists for this Court to enter a protective order modifying the scope of the Discovery Requests pursuant to Federal Rule 26(c).

21. Local Rule 7030-1(c) provides that a party may quash a deposition upon written application to the Court. The filing of such motion excuses the objecting party from having to appear for the deposition or otherwise respond to the request until the Court has resolved the motion.

## ARGUMENT

22. The Subpoena should be quashed because it subjects Gordon Brothers to an undue burden by requesting information that either has been or is being produced by PAHH and the Broad Street Entities—actual parties to the Stay Motion— and fails to provide a reasonable period for compliance. Thus, the Subpoena *must* be quashed or modified pursuant to Federal Rule 45(d)(3)(A)(i), (iv). To the extent that Gordon Brothers is in possession of *any* non-duplicative, relevant information, such discovery would undoubtedly comprise confidential, proprietary internal documents and analyses, providing yet another basis upon which this Court should quash the Subpoena. *See* Fed. R. Civ. P. 45(d)(3)(B)(i).

I. **The Discovery Requests Are Duplicative and Unduly Burdensome**

23. Federal Rule 26, made applicable by Bankruptcy Rule 7026, states, "[u]nless otherwise limited by court order. . . [p]arties may obtain discovery regarding any non-privileged

matter that is relevant to any party's claim or defense. . . of any discoverable matter." Although the scope of discovery is "unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) (*citing Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)); *see also Pro. Recovery Servs., Inc. v. Gen. Elec. Cap. Corp.*, No. CIV 06-2829(JBS), 2009 WL 137326, at *4 (D.N.J. Jan. 15, 2009) ("[T]he scope of discovery is not limitless, and is bound not only by the requirement of relevance and the possibility of producing admissible evidence, but also by the considerations of proportionality in Rule 26(b)(2)(C).").

24. For example, discovery does not extend to information that is "unreasonably cumulative or duplicative," or information that "can be obtained from some other source that is more convenient, less burdensome, or less expensive. . . ." *In re Centrix Fin., LLC*, 2012 WL 6625920 (D.N.J. Dec. 18, 2012) (citing Fed. R. Civ. P. 26(2)(C)(i)-(ii)). Federal Rule 26(b)(2)(C) specifically limits discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii). Further, as is the case here, a subpoena against a party ***must be quashed or modified*** when, among other things, it would serve to subject the deponent to ***undue burden***. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv).

25. The Discovery Requests are almost entirely duplicative of the discovery requests served upon PAHH and the Broad Street Entities (the "<u>Broad Street Requests</u>"). Specifically, the following eight (out of ten) Discovery Requests are duplicative of the Broad Street Requests:

> 1. All Documents and Communications relating to the Term Loan including without limitation any and all drafts and versions of the "financing term sheet" referenced in paragraph 9 of the [Stay] Motion and any payments or

      commitments related thereto (including as referenced in footnote 7 of the [Stay] Motion). *[Duplicative of Broad Street Request #7].*

2. All Documents and Communications related to the intended use of the proceeds of the Term Loan. *[Duplicative of Broad Street Request #15].*

3. All Documents and Communications relating to any sale, transfer or purchase, or any attempted or contemplated sale, transfer or purchase, of any of the MBNF Assets. *[Duplicative of Broad Street Request #21].*

4. All Documents and Communications relating to any transaction or ancillary documents related to the Term Loan. *[Duplicative of Broad Street Request #12].*

5. All Documents and Communications relating to claims asserted against the MBNF PropCos or the MBNF Assets and the assessment of such asserted claims. *[Part of Broad Street Request #8].*

6. All Documents and Communications between You and PAHH and/or the Broad Street Entities relating to the condition of the MBNF Assets. *[Part of Broad Street Request #8].*

8. All Documents and Communications relating to a proposed sale process for the disposition of the MBNF Assets. *[Part of Broad Street Request #21].*

10. All Documents and Communications between You and PAHH and/or the Broad Street Entities relating to any existing mortgages or liens of any of the MBNF Assets. *[Part of Broad Street Request #14].*

There is no reason the Debtors and the Committee need to receive this discovery from a second source, let alone from a non-party, other than perhaps to audit the productions of the parties to the underlying dispute. That is not an appropriate use of discovery. *See e.g., Wertheim Schroder & Co. Inc. v. Avon Prod., Inc.*, No. 91 CIV. 2287 (PKL), 1995 WL 6259, at *4 (S.D.N.Y. Jan. 9, 1995) (quashing subpoena for deposition where testimony would be "duplicative" of information already received); *New Life Homecare, Inc. v. Blue Cross of Northeastern Pa.*, No. 3:06-CV-2485, 2012 WL 580198, at *2 (M.D. Pa Feb. 22, 2012) (denying a motion to compel discovery where proponent already had received the documents and collecting again would be burdensome and expensive).

26. The only two unique Discovery Requests served upon Gordon Brothers seek discovery that is wholly irrelevant to the relief requested in the Stay Motion and that potentially compromises Gordon Brothers' proprietary information:

> 7. All Documents and Communications relating to the valuation of the MBNF Assets.
>
> 9. All Documents and Communications between You and any title company or title agent related to the Term Loan.

Gordon Brothers' internal valuations or communication with a third-party title company are well beyond the scope of what PAHH and the Broad Street Entities request in the Stay Motion. The Debtors' and Committee's curiosity about Gordon Brothers' proprietary business considerations is well beyond the scope of permissible discovery. *See Apex Fin. Options, LLC v. Gilbertson*, No. MC 21-023-LPS-SRF, 2021 WL 965509, at *5 (D. Del. Mar. 15, 2021) (quashing a subpoena that's requests were "untethered" to the pleadings at issue and amounted to a "fishing expedition" into the recipient's business).

27. Further, requiring Gordon Brothers to designate and prepare a corporate representative for deposition would impose undue burden and expense upon Gordon Brothers, while failing to elicit non-duplicative, relevant information. This alone requires that the Subpoena be quashed in its entirety, or, at a minimum, warrants issuing a protective order forbidding the deposition. *See* Fed. R. Civ. P. 26(c) and 45(d)(3)(A)(iv).

**II.   The Subpoena Does Not Provide a Reasonable Period for Compliance**

28. Federal Rule 45 requires that the subpoenaing party afford the respondent "a reasonable time to comply" with the subpoena. FED. R. CIV. P. 45(d)(3)(A)(i). In this instance, Debtors and the Committee initially provided Gordon Brothers with *less than 48 hours* to review the Discovery Requests; consult internally concerning the subject matter of the Discovery

Requests; search for potentially-responsive documents; and review the documents to protect the attorney-client privilege and/or other legal privilege, all while designating and preparing a witness to appear for a deposition within in seven days. This is a significant undertaking thrust upon any party, no less a non-party.

29. The Debtors provided Gordon Brothers a three-day (one business day) extension, from Friday, November 5, 2021 to Monday, November 8, 2021; however they refused to limit the Discovery Request's scope. The Debtors then refused Gordon Brothers' request to extend the production deadline until November 12, 2021, four days after the PAHH and Broad Street Entities' deadline, so that Gordon Brothers could gather and produce only relevant, non-duplicative documents.

30. The deadlines the Debtors and the Committee imposed have been unreasonable from the start. Gordon Brothers' has attempted in good faith to extend the production schedule and limit the scope of the Discovery Request, but the Debtors have been unwilling to cooperate.

### III. Any Non-Duplicative, Relevant Discovery Would Be Confidential, Proprietary, Internal Documents and Analyses

31. To the extent there are *any* documents or information in Gordon Brothers' possession that could have any conceivable relevance to the Stay Motion and not otherwise be produced to the Debtors and the Committee by the moving parties, such documents and information would almost certainly comprise confidential, proprietary, internal Gordon Brothers' analyses. Such discovery is properly protected from disclosure pursuant to Federal Rule 45(d)(3)(B)(i), and provides yet another basis upon which this Court should quash (rather than modify) the Subpoena.

**IV. As a Non-Party, Gordon Brothers Is Entitled To Even Greater Protection**

32. As a non-party to the Stay Motion, Gordon Brothers is entitled to greater protection from discovery than other parties. *See Centrix*, 2012 WL 6625920, at *6; *see Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990) ("Initially, it should be noted that the standards for nonparty discovery require a stronger showing of relevance than for simple party discovery.").

33. Courts have found that non-party discovery must be limited to materials that cannot be obtained from a party to the dispute. *See, e.g., Cash Today of Texas, Inc. v. Greenberg*, 2002 WL 31414138, at *4 (D. Del. Oct. 23, 2002) ("In determining if compliance with the subpoena would create an undue burden, the court should consider not only the potential burden to the producing party, but the necessity of the information for the party seeking production, and whether the information can be obtained from other, more convenient sources. In this undue burden inquiry, nonparties are afforded 'special protection.'"); *Graham v. Casey's General Stores*, 206 F.R.D. 251, 254-55 (S.D. Ind. 2002) (granting motion to quash in part where requested financial information was obtained from another party).

**V. Cause Exists to Issue a Protective Order Limiting Discovery**

34. In the event the Court does not quash the Subpoena in its entirety, it should grant a protective order modifying the scope of the Discovery Requests. Indeed, courts have issued protective orders forbidding or modifying the scope of discovery for "good cause." *See Centrix*, 2012 WL 6625920, at *6 (citing Fed. R. Civ. P. 26(c)). Good cause exists where the discovery sought would cause "annoyance, embarrassment, oppressions, or undue burden or expense" upon the deponent. In such a case, Rule 26(b)(2)(C) empowers a court limit the extent of discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. . ." or where the "burden or expense of the

proposed discovery outweighs its likely benefit. . . ." Fed. R. Civ. P. 26(b)(2)(C); *see Jewett v. IDT Corp.*, No. CV 04-1454 (SRC), 2008 WL 11510296, at *5 (D.N.J. Mar. 28, 2008). If the Bankruptcy Court does not quash the subpoena in its entirety, cause exists to limit the scope of the Discovery Requests to producing documents PAHH and the Broad Street Entities cannot produce, thereby limiting the burden and expense that the Debtors and Committee seek to impose upon a prospective lender to non-debtors.

## CONCLUSION

35. Parties propounding discovery "must take reasonable steps to avoid imposing undue burden or expense" on the recipient. Fed. R. Civ. P. 45(d)(1). The Debtors and the Committee have made no effort to narrow the Discovery Request to material to which only Gordon Brothers would have access. Instead, Gordon Brothers is being improperly used as a pawn to further the Debtors' and Committee's position in litigation. Any benefit that the Debtors and the Committee seek to obtain from issuing the Discovery Request—which is difficult to see at all—is overwhelmingly outweighed by its burden and expense, particularly where such information can (and will) be obtained from parties to the Stay Motion.

## COMPLIANCE WITH LOCAL RULE 7026-1(d)

36. The undersigned counsel certifies that Gordon Brothers has made a reasonable effort to reach an agreement with counsel to the Debtors regarding the relief requested herein, but no agreement could be reached.

## RESERVATION OF RIGHTS

37. Gordon Brothers reserves all rights to supplement this Motion and to respond to any additional allegations or objections raised when this Motion is heard. Gordon Brothers also

reserves the right to issue general and specific objections to Discovery Requests, subject to the resolution of this Motion.

## NOTICE

38.  Notice of this Motion has been given to (a) the Office of the United States Trustee; (b) counsel for the Debtors; (c) counsel for the Creditors' Committee; (d) counsel to PAHH and the Broad Street Entities; (e) counsel to HSRE; (f) counsel to Tenet Healthcare Corporation; (g) counsel to the Pension Fund; and (h) all parties that have requested notice pursuant to Bankruptcy Rule 2002.[6]  Gordon Brothers submits that, in light of the nature of the relief requested, no other or further notice need be given.

---

[6] Local Rule 4001-1(a) requires notice to be provided on "all known parties having an interest in the subject property or relief requested."  Gordon Brothers is not aware of any such parties.

For the reasons set forth herein, Gordon Brothers respectfully requests that the Court enter (i) an order, substantially in the form attached hereto as **Exhibit A**, quashing the Subpoena in its entirety or, in the alternative, (ii) a protective order, limiting the scope of the Discovery Requests, and (iii) providing such other relief as the Court deems just and proper.

Dated: November 8, 2021
Wilmington, DE

*/s/ John T. Carroll, III*
**COZEN O'CONNOR**
John T. Carroll, III (DE No. 4060)
1201 N. Market Street
Suite 1001
Wilmington, DE  19801
Telephone:  (302) 295-2028
Facsimile:  (302) 295-2013
Email:  jcarroll@cozen.com

- and -

**KATTEN MUCHIN ROSENMAN LLP**
Cindi M. Giglio (*pro hac vice* admission pending)
Jerry L. Hall (*pro hac vice* admission pending)
Katherine Scherling (*pro hac vice* admission pending)
575 Madison Avenue
New York, NY 10022-2585
Telephone: (212) 940-8700
Facsimile: (212) 940-8776
E-mail:   cgiglio@katten.com
         jerry.hall@katten.com
         katherine.scherling@katten.com

*Counsel for Gordon Brothers Realty Services, LLC*