**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) | Case No. 19-11466 (MFW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Related to Docket No. 3002** |

**DEBTORS' AND COMMITTEE'S EXPEDITED MOTION TO (A) COMPEL DISCOVERY ON MOTION OF THE BROAD STREET ENTITIES AND PAHH FOR ENTRY OF AN ORDER (I) DETERMINING THAT THE AUTOMATIC STAY DOES NOT APPLY TO THEIR ASSETS OR (II) IN THE ALTERNATIVE, GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY FOR THEM TO SELL, TRANSFER, OR OTHERWISE ENCUMBER SUCH ASSETS AND (B) TO CONTINUE HEARING**

The above-referenced debtors and debtors-in-possession (collectively, the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**"), by and through their undersigned attorneys, hereby file this expedited motion (the "**Motion**") to (A) compel discovery on *The Motion of The Broad Street Entities and PAHH For Entry of an Order (I) Determining That The Automatic Stay Does Not Apply To Their Assets or (II) In The Alternative, Granting Limited Relief From The Automatic Stay For Them To Sell, Transfer, or Otherwise Encumber Such Assets* [D.I. 3002] (the "**Financing Motion**") and (B) to continue the hearing on the Financing Motion, consistent with the proposed order attached as **Exhibit A**, and in support thereof respectfully state as follow:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

## PRELIMINARY STATEMENT

1. On the evening of Friday, October 29, 2021, while in the midst of mediation with the Debtors, the Committee and other parties-in-interest, nondebtors Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC, (the "**Broad Street PropCos**") and Philadelphia Academic Health Holdings, LLC ("**PAHH**" and, with the Broad Street Propcos, the "**Movants**")[2] filed the Financing Motion, by which the Movants seek an order determining that the automatic stay does not apply to certain assets in which the Broad Street PropCos assert an interest, or, alternatively, relief from the automatic stay so that the Movants can sell, transfer or otherwise encumber such assets in connection with a contemplated $17.5 million loan (the "**Proposed Loan**") from Gordon Brothers Realty Services, LLC ("**Gordon Brothers**").

2. The assets at issue are properties known as the "North and South Towers," which previously housed Hahnemann University Hospital, and certain adjacent and nearby properties, including the so-called "SHSH Building" at the corner of 15th and Race Streets, surface parking at the corner of Broad and Race Streets, and Martinelli Park, which is located on the northwest corner of Broad and Vine Streets (collectively, the "**Freedman Real Estate**"), and PAHH's equity interest in the Broad Street PropCos.

3. Given that each of the Movants is a defendant in litigation commenced by the Debtors on June 29, 2021 (Adv. Pro. No. 21-50991) and that such litigation seeks among other things substantial damages from each of the Movants, as well as from Front Street Healthcare Properties, LLC ("**Front I**"), Front Street Healthcare Properties II, LLC ("**Front II**"), the Debtors and the Committee have significant concerns about the relief sought in the Financing Motion. The

[2] Each of the Movants is owned and controlled by Joel Freedman, the Debtors' principal.

Debtors and the Committee have a particular concern that the Financing Motion, if granted, would permit Mr. Freedman, as the Movants' principal and owner, to dissipate assets from the Movants, which assets could otherwise be used to satisfy the claims asserted by the Debtors against the Movants, for his own benefit.

4. The Debtors and the Committee accordingly sought certain discovery (the "**Discovery**") from the Movants and from affiliated entities and individuals, and from Gordon Brothers. On Tuesday, November 2, 2021, the Debtors and the Committee served the discovery attached as collective **Exhibit B** (consisting of requests for production of documents and deposition notices) upon each of the Movants, and upon Mr. Freedman, who is an officer of each of the Movants. On Wednesday, November 3, 2021, the Debtors and the Committee propounded the third-party discovery attached as collective **Exhibit C**, which (through subpoenas duces tecum) seeks discovery from key affiliated entities (including Front I, Front II and Paladin Healthcare Capital, LLC) and individuals (Kyle Schmidt and William Brinkman), and from Gordon Brothers.

5. After a meet and confer call with counsel to the Movants and their related parties on November 5, 2021, the Movants provided a copy of the financing term sheet (the "**Term Sheet**") referenced in the Financing Motion, which is attached as **Exhibit D**. The Movants and/or their related parties subsequently produced certain additional documents to the Debtors and Committee; unfortunately, these documents have raised significant additional questions and issues that remain unanswered and demonstrate the exact reason why discovery is needed with respect to the Financing Motion. Specifically, the documents produced include (i) an Amended and Restated Demand and Secured Promissory Note, dated October 28, 2021, between the Broad Street PropCos, as maker (the "**Maker**"), and Paladin Healthcare Capital, LLC (for which Joel Freedman serves as CEO), as agent for certain professionals and other advisors providing services to Joel

Freedman and his related entities (the "**Freedman Entities**"), as lenders (the "**Related Party Lenders**"), in an amount up to $2.5 million, and (ii) a Demand and Secured Promissory Note, dated October 28, 2021, between the Maker and the Related Party Lenders in an amount of up to $3.0 million (collectively, the "**Related Party Secured Notes**"). The Term Sheet, in conjunction with the Related Party Secured Notes, show that certain of the proceeds of the Proposed Loan will be used to satisfy the Broad Street Propcos' obligations under the Related Party Secured Notes.

6. In short, the Related Party Lenders, who are the professionals of the Freedman Entities, on the day before filing the Financing Motion, obtained security interests in the alleged assets of the Broad Street PropCos without ever mentioning the existence of the Related Party Secured Notes to the Debtors, the Committee or the Court. Contradictorily, despite issuing the Related Party Secured Notes without any Court authorization, the Movants filed the Financing Motion seeking relief from the Court for the very acts they undertook the day before. None of this should have occurred in secret. Yet, but for the limited discovery received to date, neither the Debtors, the Committee nor the Court would be aware of the Related Party Secured Notes.

7. Despite the importance of the Discovery, as evidenced by the Related Party Secured Notes, the Movants and their related parties have produced very little of what was requested and have produced literally none of the "communications", such as emails, that were requested. The Movants and their related parties also did not respond to the Debtors' written request that they confirm that they would attend scheduled depositions regarding the Financing Motion.

8. During a meet and confer call with counsel to Gordon Brothers on November 14, 2021, the Debtors were informed that Gordon Brothers would not produce any documents in response to the Discovery, and would file a motion to quash.

9. The Movants' and their related parties' failures, along with Gordon Brothers' refusal, to provide the requested discovery – which address matters put into controversy by the Movants in representations made in the Financing Motion – materially prejudice the Debtors' and the Committee's ability to analyze and object to the Financing Motion and to prepare for a contested hearing on the motion, which is currently scheduled for November 19th—as set by the Movants. As a result, in addition to moving to compel the Discovery, the Debtors and the Committee also seek to continue the hearing on the Financing Motion to December 10, 2021 or to another date convenient to the Court, and to reset the corresponding objection deadline, to give all parties an appropriate amount of time to complete the Discovery and efficiently use the Court's resources in adjudicating this matter.

**JURISDICTION AND VENUE**

10. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested is section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"), Federal Rule of Civil Procedure ("**Federal Rule**") 37, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") 7037 and 9014, and Delaware Bankruptcy Local Rule ("**Local Rule**") 7026-1, for the motion to compel, and Bankruptcy Rule 9006(b)(1) for the hearing continuance.

**BACKGROUND**

**I. Bankruptcy and Adversary Proceeding**

11. On June 30, 2019 or July 1, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating

their businesses and managing their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases under Bankruptcy Rule 1015(b).

12. On June 29, 2021, the Debtors filed under seal an adversary complaint (the "**Adversary Complaint**") [Adv. D.I. 2] against the Movants and other defendants (including proposed deponents Joel Freedman, Kyle Schmidt, Front Street Healthcare Properties, LLC and Front Street Healthcare Properties II, LLC) asserting substantial claims (the "**Adversary Proceeding**"). By agreement of the parties, the Adversary Complaint has been sealed and stayed, and the parties are currently engaged in mediation in which The Honorable Kevin J. Carey (ret.) serves as mediator (the "**Mediator**").

13. On Friday, October 29, 2021, despite the ongoing mediation and the fact that the Adversary Complaint asserts claims against the Movants, and without prior notice to the Debtors or the Committee, the Movants filed the Financing Motion [D.I. 3002] seeking to sell, transfer or otherwise encumber assets in which the Broad Street PropCos assert an interest via the Proposed Loan.

**II. Discovery**

14. As a result of well-founded concerns that the Financing Motion, if granted, would permit Mr. Freedman, as the Movants' principal and owner, to dissipate substantial assets from the Movants for his own benefit and put the value of the Broad Street PropCos out of the reach of the Debtors, their estates, and their creditors, the Debtors and the Committee promptly served Discovery on the Movants and certain third parties, including the proposed lender Gordon Brothers, seeking documents with a return date of November 5 or 8, 2021, and depositions on November 9 through 11, 2021. This expedited schedule reflects the Movants' scheduled hearing

date of November 19, 2021 for the Financing Motion, and objection deadline of November 12, 2021[3]. *See* **Exs. B and C**.

15. The Discovery is narrow and is focused on key basic questions prompted by the Financing Motion. Among other things, the Financing Motion does not provide the terms of the Proposed Loan, does not disclose in any meaningful manner how the Movants intend to use the proceeds of the Proposed Loan, and does not explain what professional fees the Movants seek to pay, or whether or to what extent these professional fees are properly attributable to the Movants. The Financing Motion also does not disclose any details regarding the "financing from related parties, which such financing [is] secured by certain of the MBNF Assets."

16. The Debtors and the Committee also seek to understand the details of how the *$50 million* in gross sale proceeds realized from Mr. Freedman's post-petition sale of the real estate underlying St. Christopher's Hospital for Children were used – and why those funds are not available to pay certain of the intended uses of the proposed loan. The Debtors and Committee seek to understand if those funds were used for purposes other than to benefit the real estate underlying St. Christopher's Hospital for Children, to protect against the Movants taking similarly improper action with respect to the property in which the Broad Street PropCos assert an interest.

17. Despite the Debtors' and the Committee's efforts, during their meet and confer discussion with the Movants and their related parties, the Debtors and Committee have only received a small document production from the Movants and (despite at least one follow-up email to counsel) no commitments to sit for depositions before the November 14 objection deadline.

[3] The Movants have agreed to extend the Debtors' and Committee's response deadline for the Financing Motion to Sunday, November 14, 2021, at 4:00 p.m.

18. During a meet and confer call with counsel to Gordon Brothers on November 7, 2021, the Debtors were informed that Gordon Brothers would not produce any documents in response to the Discovery. On November 8, 2021, Gordon Brothers filed a motion to quash.

19. Given the high risks the relief sought in the Financing Motion pose to the Debtors' potential recovery in the Adversary Proceeding, the importance of the requested Discovery, and (as explained below) the non-urgent nature of the relief sought, the Movants and their affiliated parties, and Gordon Brothers, should be compelled to provide the requested Discovery and appear for depositions. In addition, the hearing date for the Financing Motion should be adjourned, and the Debtors and Committee's response deadline should be extended.

## ARGUMENT

### I. The Discovery is reasonably necessary to properly respond to the Financing Motion and the Movants and related third parties should be compelled to timely respond.

20. Bankruptcy Rules 9014 and 7026 provide that Federal Rule 26 applies in contested matters in bankruptcy court. Federal Rule 26 provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *Pacitti v Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999) (holding that it was an abuse of discretion to deny plaintiff's relevant discovery requests); *Marshall v. Elec. Hose & Rubber Co.,* 68 F.R.D. 287, 295 (D. Del. 1975) (providing that "discovery will be permitted unless it is clear that the information sought can have no possible bearing upon the subject matter of the action") (internal citations omitted).

21. Bankruptcy Rules 9014 and 7037 instruct that Federal Rule 37 governs motions to compel discovery in contested proceedings in bankruptcy court. Generally, Federal Rule 37(a) permits a party to move to compel discovery when another party fails to produce documents for

inspection under Federal Rule 34. *See Sempier v. Johnson & Higgins*, 45 F.3d 724, 735 (3d Cir. 1995) ("Rule 37 provides the court with tools to give the litigants new and proper bearings. A court may compel answers to interrogatories or deposition questions, compel the production of documents, or conversely, grant protective orders.").

22. Parties will prevail on their motions to compel where they complied with the federal rules in furnishing their discovery requests, and the responding party was deficient in its response. *See, e.g.*, *SWIMC, Inc. v. Hy-Tech Thermal Solutions, LLC*, 2009 U.S. Dist. LEXIS 53528, at *6-9 (D. Del. 2009) (granting motion to compel response to interrogatories and documents requests); *In re 400 Walnut Assocs., L.P.*, 475 B.R. 217, 233 (Bankr. E.D. Pa. 2012) (compelling production of documents from nonparty bank and awarding sanctions to movant where nonparty flaunted the Federal Rules of Civil Procedure); *Neuberger & Scott v. Shapiro*, 196 F.R.D. 286, 287 (E.D. Pa. 2000) (compelling deposition of nonparty individual where such deposition could lead to admissible evidence relevant to the litigation) (citing *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999); *Marshall v. Elec Hose & Rubber Co.*, 69 F.R.D. 287, 295 (D. Del. 1975) (compelling discovery where it was merely "conceivable that it might have a bearing upon the subject matter of this action").

23. As noted, the Debtors and the Committee narrowly tailored the Discovery to basic questions prompted by the Financing Motion. They also issued the Discovery to the Movants and to third parties involved in the transaction, including Gordon Brothers.

24. Unfortunately, the Movants and other third parties including Gordon Brothers have either refused or delayed in responding to the Discovery or opposed it by filing motions to quash. For example, Gordon Brothers argues that it is a mere third-party lender and has no obligation to respond to the Discovery, let alone produce a single document. The Term Sheet, however,

provides Gordon Brothers with some say in the disposition of the property, both in terms of the proceeds akin to a budget and the milestones for the sales process, more than those typically afforded most lenders. *See* Ex. D ("Use of Proceeds" and "Term"). The nature of the relationship between the Movants and Gordon Brothers, the genesis of the Term Sheet, and any potential sale or other transactions discussed between them, are all relevant to the disposition of the Freedman Real Estate, especially given the expected mortgage and sale of the real estate assets during the pending litigation against the Movants, Mr. Freedman, and others.

25. Further, the limited discovery received so far, including the receipt of the Related Party Secured Notes, shows that without obtaining full discovery, the Debtors, the Committee and the Court may be left in the dark with respect to, among other things, the uses of the Proposed Loan and the Movants' and related parties' interests in obtaining the Proposed Loan. Without understanding these facts, the Debtors and Committee cannot adequately respond to the Financing Motion.

26. These circumstances prejudice the Debtors and the Committee. The Movants and other interested parties, including Gordon Brothers, must comply with the Discovery in connection with the Financing Motion for the Debtors, the Committee and the Court to understand the nature of the relief requested and its impact on the Debtors' estates and creditor recoveries.

27. To facilitate the discovery process, the Debtors and the Committee respectfully request the entry of an order compelling the Discovery recipients to produce responsive documents to them within five (5) business days of entry of an Order granting this Motion.

**II. The request to continue the hearing on the Financing Motion is necessary to accommodate the Discovery and will not prejudice the Movants.**

28. Bankruptcy Rule 9006(b)(1) provides:

> [W]hen an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown

>  may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

29. This request is being made before the November 14, 2021 objection deadline and the November 19, 2021 hearing and therefore falls within Bankruptcy Rule 9006(b)(1).

30. Though Bankruptcy Rule 9006 does not define "cause," some have noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused." 10 *Collier on Bankruptcy* (16th ed. rev. 2021) at 9006-06.

31. Here, cause exists for continuing the hearing. The Financing Motion's objection deadline is Sunday, November 14, 2021. The Movants only produced limited responsive documents on November 5, 2021, with none of the supporting detail and information required to prepare an appropriate opposition, and no communications whatsoever, and no parties have agreed to sit for the depositions scheduled for November 9 through 11, 2021. Despite the Debtors' and Committees' best efforts to expedite the Discovery within the Movants' timeline, with the opposition and delays already encountered, the Debtors and the Committee are prejudiced and require more time.

32. The Debtors and the Committee also must contend with actual or anticipated motions to quash filed by multiple parties. These disputes will further delay the Discovery, making it nearly impossible for the Debtors and Committee to timely gather facts for an objection to the Financing Motion and response at the hearing.

33. Without the Discovery, proceeding with a hearing on the Financing Motion on November 19 would be unfair and prejudicial to the Debtors and the Committee. The Movants,

their related parties and Gordon Brothers should be required to produce documents and answer questions under oath about among other things the reason for and intended use of the mortgage proceeds, and the stated 15-month sales process. Given the pending litigation and the anticipated need for at least some of the value of the assets at issue in the Financing Motion to satisfy the litigation claims, transferring this magnitude of value requires careful scrutiny, and that requires time.

34. Meanwhile, the Movants will suffer no prejudice if this Motion is granted because the closing date of the Proposed Loan appears to be flexible[4]. Moreover, the loan is subject to due diligence; there is no reason that Gordon Brothers cannot proceed with its due diligence during the continuance period. Nothing in the Financing Motion or the Term Sheet suggests that a modest continuance would cause defaults or imminent harm to the Movants, whereas without the continuance, little discovery could occur. Indeed, the Term Sheet itself shows that many of the proposed loan proceeds relate to costs that will come due over a 15-month period, beginning in January 2022.

35. For these reasons, among other concerns, a continuance of the hearing would permit the Debtors and the Committee to complete discovery, fully understand the relief sought, and properly prepare for the hearing on the Financing Motion.

**CERTIFICATION UNDER FEDERAL RULE 37(a)(1) AND LOCAL RULE 7026-1**

36. The undersigned counsel hereby certifies, pursuant to Federal Rule 37(a)(1) and Local Rule 7026-1(d) that counsel has in good faith conferred or attempted to confer with counsel

[4] According to the Term Sheet, the "anticipated" closing date of the Proposed Loan is *tentative* and proposed for December 1, 2021, five weeks after execution of the Term Sheet on October 27, 2021. A "Termination Fee" provision in the Term Sheet provides a 45-day window to sign a definitive agreement (December 11, 2021), and also suggests flexibility on the entry of the "Comfort Order."

to the Movants, their related parties and Gordon Brothers regarding their failure to produce all responsive documents to the Discovery and to otherwise comply with the Discovery absent a court order.

**CONCLUSION**

WHEREFORE, the Debtors and the Committee respectfully request that the Court enter an order, substantially in the form attached as **Exhibit A**, (a) requiring the Movants and other nondebtor Discovery recipients to produce responsive documents as sought in the Discovery within five (5) business days of entry of an Order granting this Motion, (b) continuing the hearing on the Financing Motion until December 10, 2021 or such other date convenient to the Court, with an objection deadline of no earlier than December 3, 2021; and (c) granting the Debtors and the Committee such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blanks.*]

Dated: November 8, 2021

**SAUL EWING ARNSTEIN & LEHR LLP**

/s/ *Mark Minuti*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

- and –

Jeffrey C. Hampton (*admitted pro hac vice*)
Adam H. Isenberg (*admitted pro hac vice*)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for the Debtors and Debtors in Possession*

**SILLS CUMMIS & GROSS P.C.**

Andrew H. Sherman (*admitted pro hac vice*)
Boris I. Mankovetskiy (*admitted pro hac vice*)
One Riverfront Plaza
Newark, NJ 07102
Telephone: 973-643-7000
Facsimile: 973-643-6500
asherman@sillscummis.com
bmankovetskiy@sillscummis.com

*Counsel for the Official Committee of Unsecured Creditors*