# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) Case No. 19-11466 (MFW) ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**MOTION FOR EXPEDITED CONSIDERATION OF DEBTORS' AND COMMITTEE'S EXPEDITED MOTION TO (A) COMPEL DISCOVERY ON MOTION OF THE BROAD STREET ENTITIES AND PAHH FOR ENTRY OF AN ORDER (I) DETERMINING THAT THE AUTOMATIC STAY DOES NOT APPLY TO THEIR ASSETS OR (II) IN THE ALTERNATIVE, GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY FOR THEM TO SELL, TRANSFER, OR OTHERWISE ENCUMBER SUCH ASSETS AND (B) TO CONTINUE HEARING**

The above-referenced debtors and debtors-in-possession (collectively, the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**"), by and through their undersigned attorneys, hereby move for expedited consideration of *Debtors' and the Committee's Expedited Motion to (A) Compel Discovery on Motion of the Broad Street Entities and PAHH for Entry of an Order (I) Determining That the Automatic Stay Does Not Apply to Their Assets or (II) in the Alternative, Granting Limited Relief from the Automatic Stay for Them to Sell, Transfer, or Otherwise Encumber Such Assets and (B) to Continue Hearing* (the "**Motion to Compel and Continue**"), as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

8428063 v2

**BACKGROUND**

1. On June 30, 2019 or July 1, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases under Bankruptcy Rule 1015(b).

2. On October 29, 2021, nondebtors Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC (the "**Broad Street PropCos**") and Philadelphia Academic Health Holdings, LLC ("**PAHH**" and, with the Broad Street Propcos, the "**Movants**")[2] filed *The Motion of The Broad Street Entities and PAHH For Entry of an Order (I) Determining That The Automatic Stay Does Not Apply To Their Assets or (II) In The Alternative, Granting Limited Relief From The Automatic Stay For Them To Sell, Transfer, or Otherwise Encumber Such Assets* [D.I. 3002] (the "**Financing Motion**"), by which they seek an order determining that the automatic stay does not apply to certain assets in which the Broad Street PropCos assert an interest or, alternatively, relief from the automatic stay so that the Movants can sell, transfer or otherwise encumber such assets in connection with a contemplated $17.5 million loan (the "**Proposed Loan**") from Gordon Brothers Realty Services, LLC ("**Gordon Brothers**").

3. Each of the Movants, along with other parties, is a defendant in litigation commenced by the Debtors on June 29, 2021 (the "**Adversary Complaint**").

4. Because the Debtors and the Committee have reasonable and well-founded concerns related to the disposition of the assets in which the Movants assert an interest prior to

---

[2] Each of the Movants is owned and controlled by Joel Freedman, the Debtors' principal.

the adjudication of the Adversary Complaint, they propounded discovery (the "**Discovery**") (consisting of requests for production of documents and deposition notices) upon the Movants, Mr. Freedman, key affiliated third-party entities and individuals, and Gordon Brothers.

5.      However, the Movants, their related parties and Gordon Brothers are refusing to comply with the Discovery, either in full or in part.  This refusal prejudices the Debtors' and the Committee's ability to object to the Financing Motion by the current objection deadline of Sunday, November 14, 2021[3] and elicit the requisite facts and witnesses for the contested hearing on the Financing Motion, which is currently set for November 19, 2021.

6.      Contemporaneously with the filing of this Motion, the Debtors and the Committee have filed their Motion to Compel and Continue seeking the entry of an order compelling Discovery of the Movants and other parties and continuing the hearing on the Financing Motion.

## RELIEF REQUESTED

7.      By this Motion, the Debtors and the Committee respectfully request that the Court expedite consideration of the Motion to Compel and Continue and consider such motion at a hearing or teleconference on or before ***Friday, November 12, 2021***, with objections due by 12:00 noon the day prior to the teleconference or hearing, or as the Court may deem appropriate.

## BASIS FOR RELIEF

8.      Del. Bankr. LR 9006-1(c) provides that normally, motions like the Motion to Compel and Continue "shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Del. Bankr. LR 9006-1(e), however, provides that

---

[3]     The Movants have agreed to extend the Debtors' and Committee's deadline to object to the Financing Motion to 4:00 p.m. on Sunday, November 14, 2021.

a motion may be heard on less notice than otherwise required "by Order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying [the] shortened notice."

9. Here, cause exists to expedite consideration of the Motion to Compel and Continue. By the Motion to Compel and Continue, the Debtors and the Committee seek to complete the Discovery on the issues raised in the Financing Motion to adequately set forth their objection thereto. However, the Movants and other parties have delayed responding to the Discovery (or refused to reply to requests to confirm the depositions for this week). This delay and obstruction severely hampers the Debtors' and the Committee's ability to investigate the issues raised in the Financing Motion, timely object, and prepare for a contested hearing. Given the Movant's actions, the Debtors and the Committee seek to continue the hearing on the Financing Motion and reset the objection deadline to give all parties an appropriate amount of time to complete Discovery and efficiently use the Court's resources in adjudicating this matter.

10. Because the hearing for the Financing Motion is scheduled for November 19, 2021, and objections are due on or before 4:00 p.m. on Sunday, November 14, 2021, it is imperative that the Motion to Compel and Continue be heard as soon as possible so that the Debtors and the Committee may investigate the impact the Financing Motion may have on the bankruptcy estates through the Discovery and to continue the hearing on the Financing Motion until a later date.

**WHEREFORE**, the Debtors and the Committee respectfully request the entry of an Order, substantially in the form attached hereto as **Exhibit A**: (i) granting the relief requested in the Motion; (ii) scheduling a hearing on the Motion to Compel and Continue on or before Friday, November 12, 2021 with objections, if any, due by 12:00 noon the day prior to the teleconference

or hearing, or as otherwise directed by the Court; and (iii) granting such other further relief as is just and proper.

Dated: November 8, 2021

| | |
|---|---|
| **SAUL EWING ARNSTEIN & LEHR LLP** | **SILLS CUMMIS & GROSS P.C.** |
| /s/ *Mark Minuti* | Andrew H. Sherman (*admitted pro hac vice*) |
| Mark Minuti (DE Bar No. 2659) | Boris I. Mankovetskiy (*admitted pro hac vice*) |
| Monique B. DiSabatino (DE Bar No. 6027) | One Riverfront Plaza |
| 1201 N. Market Street, Suite 2300 | Newark, NJ 07102 |
| P.O. Box 1266 | Telephone: 973-643-7000 |
| Wilmington, DE 19899 | Facsimile: 973-643-6500 |
| Telephone: (302) 421-6800 | asherman@sillscummis.com |
| Fax: (302) 421-5873 | bmankovetskiy@sillscummis.com |
| mark.minuti@saul.com | |
| monique.disabatino@saul.com | *Counsel for the Official Committee of Unsecured Creditors* |

- and –

Jeffrey C. Hampton (*admitted pro hac vice*)
Adam H. Isenberg (*admitted pro hac vice*)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for the Debtors and Debtors in Possession*