## Exhibit B

**First Set of Requests for Production of Documents to Broad Street Entities and PAHH**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered) |

**DEBTORS' AND COMMITTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE BROAD STREET ENTITIES AND PAHH**

In connection with *The Motion Of The Broad Street Entities And PAHH For Entry Of An Order (I) Determining That The Automatic Stay Does Not Apply To Their Assets Or (II) In The Alternative, Granting Limited Relief From The Automatic Stay For Them To Sell, Transfer, Or Otherwise Encumber Such Assets* (the "**Financing Motion**"), and pursuant to Rule 34 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable hereto pursuant to Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the above-captioned debtors and debtors-in-possession and the Official Committee of Unsecured Creditors request that the Broad Street Entities and PAHH (each as defined below)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

39184528.9

respond to the document requests listed below in full and in detail according to the following instructions no later than November 5, 2021 at 5:00 p.m. (Eastern Time).

## DEFINITIONS

The following definitions shall apply to these requests, whether or not capitalized herein:

1. **"Broad Street Entities"** means Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC and Broad Street Healthcare Properties III, LLC.

2. **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including, without limitation, written, oral, or electronic transmissions.

3. **"Debtors"** means the debtors and debtors-in-possession in the above-captioned chapter 11 proceedings.

4. **"Document(s)" or "Information"** means all materials within the scope of Federal Rule 34, made applicable through Bankruptcy Rules 7034 and 9014, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information (ESI), that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. A draft or nonidentical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "Document(s)" or "Information" includes but is not limited to emails and other types of messages (including but not limited to text, instant, and direct messages), social media or other online content, geolocation data, data generated and stored by devices connected to the Internet of Things

(IoT), communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all associated data and metadata.

5. **"Financing Motion"** means *The Motion Of The Broad Street Entities And PAHH For Entry Of An Order (I) Determining That The Automatic Stay Does Not Apply To Their Assets Or (II) In The Alternative, Granting Limited Relief From The Automatic Stay For Them To Sell, Transfer, Or Otherwise Encumber Such Assets*, filed at docket number 3002 on October 29, 2021 in the Debtors' chapter 11 cases.

6. **"Front I"** means Front Street Healthcare Properties, LLC.

7. **"Front II"** means Front Street Healthcare Properties II, LLC.

8. **"PAHH"** means Philadelphia Academic Health Holdings, LLC.

9. **"MBNF PropCos"** means PAHH, the Broad Street Entities, Front Street I, Front Street II and any person or entity acting for or behalf of any of such entities, including without limitation PAHH, Paladin Healthcare Capital, LLC, Joel Freedman, Svetlana Attestatova, Bill Brinkman and Kyle Schmidt.

10. **"Movants"** means and refers to the Broad Street Entities and PAHH.

11. **"You"** or **"your"** means each of the Movants and, where appropriate, each of their predecessors and successors, subsidiaries, divisions, parents, any joint venture to which they may be a party, and/or each of their employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein and any person or entity acting for or behalf of any of the Movants, including without limitation, Paladin Healthcare Capital, LLC, Joel Freedman, Svetlana Attestatova, Bill Brinkman and Kyle Schmidt.

3

12. **"Person"** means any natural person or any legal entity, including, without limitation, any business or governmental entity, organization, or association.

13. **"Professional Fees"** means and refers to the professional fees referenced in paragraph 9 of the Financing Motion.

14. **"Property Expenses"** means operating and maintenance expenses, including without limitation maintenance costs, security costs, cleaning costs, electrical costs, systems costs, elevator costs, HVAC costs, utility costs, life safety costs, fire alarm system costs, sprinkler system costs, fire extinguisher costs, snow and ice removal costs, lighting system costs, water system costs, heating and cooling costs, access control costs, exterior wall costs, real estate taxes, property insurance costs and any other cost or expense referred to in paragraph 6 of the Financing Motion.

15. **"Relate," "related,"** or **"relating"** means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

16. The words **"and"** and **"or"** shall be construed disjunctively or conjunctively to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

17. The word **"any"** shall be construed to include "all" and vice versa.

18. The word **"each"** shall be construed to include "every" and vice versa.

19. Any word in the singular form shall also be construed as plural and vice versa.

20. The masculine form shall also be construed to include the feminine and vice versa.

21. Any capitalized term not otherwise defined herein shall have the same meaning as that ascribed to it in the Financing Motion.

## **INSTRUCTIONS**

1. All objections to the production of documents requested herein shall be made in writing and delivered to the undersigned, on or before the date set for production.

2. All documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, you shall state so in writing.

3. Electronically stored information (ESI) must be produced in its original native format including its accompanying metadata. For example:

   a. documents created using Microsoft Word must be produced as .DOC or .DOCX files; and

   b. emails must be produced in a form that readily supports import into standard email client programs, or the form of production should adhere to the conventions set out in the internet email standard.

4. These requests call for the production of all responsive documents in your possession, custody or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

5. In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has control and the location of the documents.

6. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

    a. identifying the document;

    b. describing where the document is now;

    c. identifying who has control of the document;

    d. describing how the document became lost or destroyed or was transferred; and

    e. identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

7. Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

8. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document:

   a. the ground of privilege or protection claimed;

   b. every basis for the privilege or protection claimed;

   c. the type of document;

   d. its general subject matter;

   e. the document's date; and

   f. other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by Federal Rule 26(b)(5) and the Local Rules.

  9. If you object to any document request on any ground other than privilege, you must specify:

   a. the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

   b. whether any responsive materials are being withheld on the basis of an objection.

  10. To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED AS [BASIS FOR PROTECTION]" on the document in an appropriate location that does not obscure the remaining text.

  11. If there are no documents in response to any particular request, you shall state so in writing.

12. Unless otherwise stated herein, all documents requested cover the period from July 1, 2019 through the present.

13. Examples of responsive items set out in any request should not be construed to limit the scope of the request.

14. Requests for production should be read to encompass any and all items responsive to the request.

15. Responsive documents should be produced to counsel for the Debtors and the Official Committee of Unsecured Creditors at the addresses set forth below.

16. These requests are continuing, and your response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule 26(e), made applicable by Bankruptcy Rules 7026 and 9014.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO 1**.  All Documents and Communications relating to Your allegation at paragraph 5 of the Financing Motion that the Debtors failed to comply with their post-petition lease obligations for the Hahnemann Premises.

**ANSWER**:


**DOCUMENT REQUEST NO 2**.  All Documents and Communications relating to payments made on behalf of any Debtor by any of the MBNF PropCos for expenses incurred at the Hahnemann Premises between July 1, 2019 and February 29, 2020, including without limitation the source of funding for such payments.

**ANSWER**:

**DOCUMENT REQUEST NO 3**.    All Documents and Communications relating to Property Expenses paid or incurred by any of the MBNF PropCos after the Debtors' rejection of their lease for the Hahnemann Premises, including without limitation the source of funding for such payments.

**ANSWER**:

**DOCUMENT REQUEST NO 4**.    All Documents and Communications relating to any obligation of any of the MBNF PropCos to the Pension Fund, including without limitation all Documents and Communications relating to any payment made by any of the MBNF PropCos to or for the benefit of the Pension Fund and any agreements between any of the MBNF PropCos and the Pension Fund, including without limitation the source of funding for such payments.

**ANSWER**:

**DOCUMENT REQUEST NO 5**.    All Documents and Communications relating to financing the MBNF PropCos have obtained from related parties, as referenced in paragraph 9 of the Financing Motion, including without limitation any liens granted to secure such financing.

**ANSWER**:

**DOCUMENT REQUEST NO 6**.    All Documents and Communications relating to efforts undertaken by or on behalf of the MBNF PropCos to discuss, request, apply for and/or obtain financing from any lender, including the efforts referenced in paragraph 9 of the Financing Motion.

**ANSWER**:


**DOCUMENT REQUEST NO 7**.    All Documents and Communications regarding the Term Loan including without limitation all drafts and versions of the "financing term sheet" referenced in paragraph 9 of the Financing Motion and any payment or commitments related thereto (as referenced in footnote 7 of the Financing Motion).

**ANSWER**:


**DOCUMENT REQUEST NO 8**.    All Documents and Communications between You and Gordon Brothers regarding the Term Loan, the condition of the MBNF Assets, and all claims and potential claims asserted against such assets.

**ANSWER**:


**DOCUMENT REQUEST NO 9**.    All Documents and Communications regarding any Movant's need for additional liquidity.

**ANSWER**:

**DOCUMENT REQUEST NO 10**. All Documents and Communications regarding the calculation of the amount of liquidity allegedly required by any of the Movants, including, but not limited to, with respect to the alleged Property Expenses and/or any other carrying costs for the MBNF Assets, including the Hahnemann Premises.

**ANSWER**:

**DOCUMENT REQUEST NO 11**. All Documents and Communications relating to any fee or other amount deposited, paid, or caused to be deposited or paid, to Gordon Brothers in connection with the Term Loan, including without limitation the source of funding for such payments.

**ANSWER**:

**DOCUMENT REQUEST NO 12**. All Documents and Communications relating to any transaction or ancillary documents related to the Term Loan.

**ANSWER**:

**DOCUMENT REQUEST NO 13**. All Documents and Communications between You and any title company or title agent related to the Term Loan.

**ANSWER**:

**DOCUMENT REQUEST NO 14**.   All Documents and Communications relating to any existing mortgages or liens on any of the MBNF Assets.

**ANSWER**:

**DOCUMENT REQUEST NO 15**.   All Documents and Communications regarding Your intended use of the proceeds of the Term Loan including without limitation funding the "carrying costs of the MBNF Assets" referenced in paragraph 9 of the Financing Motion.

**ANSWER**:

**DOCUMENT REQUEST NO 16**.   All Documents and Communications regarding the Professional Fees.

**ANSWER**:

**DOCUMENT REQUEST NO 17**.   For each professional whose Professional Fees You seek to pay (i) all engagement letters or other written agreements between any of the MBNF PropCos and such professional and (ii) all engagement letters or other written agreements between any affiliates of the MBNF PropCos (including without limitation Paladin Healthcare Capital, LLC, MBNF Investments, LLC, American Academic Health System, LLC, Philadelphia Academic Health Holdings, LLC, Joel Freedman and Stella Freedman) and such professional.

**ANSWER**:

**DOCUMENT REQUEST NO 18**.  For each professional whose Professional Fees You seek to pay, all Documents and Communications regarding any allocation of such Professional Fees between the MBNF PropCos and any other person or entity.

**ANSWER**:

**DOCUMENT REQUEST NO 19**.  All Documents and Communications relating to each of the MBNF PropCos' use of its assets subsequent to July 1, 2019.

**ANSWER**:

**DOCUMENT REQUEST NO 20**.  All Documents and Communications relating to the use of assets owned by Front I, including without limitation the proceeds from disposition of such assets, subsequent to July 1, 2019.

**ANSWER**:

**DOCUMENT REQUEST NO 21**.  All Documents and Communications relating to any sale or transfer, or any attempted sale or transfer, of any of the MBNF Assets.

**ANSWER**:

**DOCUMENT REQUEST NO 22**.  All Documents and Communications regarding the use of assets owned by Front II at any time subsequent to the Petition Date.

**ANSWER**:


**DOCUMENT REQUEST NO 23**.  All Documents and Communications relating to the condition and maintenance of the Hahnemann Premises from June 29, 2019 to the present.

**ANSWER**:

| | |
|---|---|
| Dated: November 2, 2021 | **SAUL EWING ARNSTEIN & LEHR LLP** |

/s/ *Mark Minuti*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-6813
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

-and-

Joseph F. O'Dea, Jr.
Alexander R. Bilus
Patrick M. Hromisin
(Admissions *pro hac vice* to be filed)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
joseph.odea@saul.com
alexander.bilus@saul.com
patrick.hromisin@saul.com

*Counsel for the Debtors*

-and-

15

39184528.9

*/s/ Seth A. Niederman*
Seth A. Niederman (DE Bar No. 4588)
**FOX ROTHSCHILD LLP**
919 North Market Street, Suite 300
Wilmington, DE  19899-2323
Telephone:  (302) 654-7444
Facsimile:  (302) 656-8920
E-mail: sniederman@foxrothschild.com

-and-

Andrew H. Sherman *(pro hac vice)*
Boris I. Mankovetskiy *(pro hac vice)*
Rachel E. Brennan
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, NJ 07102
Telephone:  973-643-7000
Facsimile:  973-643-6500
Email: asherman@sillscummis.com
bmankovetskiy@sillscummis.com
rbrennan@sillscummis.com

*Counsel for the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered) |

**NOTICE OF SERVICE OF DEBTORS' AND COMMITTEE'S
FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO THE BROAD STREET ENTITIES AND PAHH**

I, Mark Minuti, hereby certify that on November 2, 2021, I caused a copy of *Debtors' and Committee's First Set Of Requests For Production Of Documents To The Broad Street Entities and PAHH* to be served via Electronic Mail on the following parties.

| | |
|---|---|
| Mark D. Collins, Esquire<br>Michael J. Merchant, Esquire<br>Brendan J. Schlauch, Esquire<br>Travis J. Cuomo, Esquire<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>collins@rlf.com<br>merchant@rlf.com<br>schlauch@rlf.com<br>cuomo@rlf.com | Suzzanne Uhland, Esquire<br>Robert Malionek, Esquire<br>Latham & Watkins LLP<br>885 Third Avenue<br>New York, NY 10022-4834<br>suzzanne.uhland@lw.com<br>robert.malionek@lw.com |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

39184528.9

**SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Mark Minuti*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

-and-

Joseph F. O'Dea, Jr.
Alexander R. Bilus
Patrick M. Hromisin
(Admissions *pro hac vice* to be filed)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
joseph.odea@saul.com
alexander.bilus@saul.com
patrick.hromisin@saul.com

*Counsel for the Debtors*