## **Exhibit J**

**Notice of Issuance of Subpoena of Kyle Schmidt**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[2] | ) Case No. 19-11466 (MFW) |
|  | ) |
| Debtors. | ) Jointly Administered |
|  | ) |
|  | ) **Related to Docket No. 3002** |

## THE DEBTORS' AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' NOTICE OF ISSUANCE OF SUBPOENA OF KYLE SCHMIDT

To:   Mr. Kyle Schmidt
      528 N. Elena Ave.
      Redondo Beach, CA 90277-2160

PLEASE TAKE NOTICE that, on November 3, 2021, counsel to the above-captioned debtors (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee"), issued the *Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding)*, attached hereto as **Exhibit A**, to Mr. Kyle Schmidt, 528 N. Elena Ave., Redondo Beach, CA 90277-2160.

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

Dated: November 3, 2021

**SAUL EWING ARNSTEIN & LEHR LLP**          **FOX ROTHSCHILD LLP**

/s/ *Mark Minuti*                                            /s/ *Seth A. Niederman*
Mark Minuti (DE Bar No. 2659)                  Seth A. Niederman (No. 4588)
Monique B. DiSabatino (DE Bar No. 6027)    919 North Market Street, Suite 300
1201 N. Market Street, Suite 2300               Wilmington, DE 19899
P.O. Box 1266                                              Telephone: 302-654-7444
Wilmington, DE 19899                                 Facsimile: 302-6568920
Telephone: (302) 421-6800                           sniederman@foxrothschild.com
Fax: (302) 421-5873
mark.minuti@saul.com                                 - and –
monique.disabatino@saul.com

                                                                Andrew H. Sherman (*admitted pro hac vice*)
- and –                                                       Boris I. Mankovetskiy (*admitted pro hac vice*)
                                                                **SILLS CUMMIS & GROSS P.C.**
Jeffrey C. Hampton (*admitted pro hac vice*)   One Riverfront Plaza
Adam H. Isenberg (*admitted pro hac vice*)    Newark, NJ 07102
Centre Square West                                       Telephone:  973-643-7000
1500 Market Street, 38th Floor                       Facsimile:  973-643-6500
Philadelphia, PA 19102                                 asherman@sillscummis.com
Telephone: (215) 972-7777                            bmankovetskiy@sillscummis.com
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com                              *Counsel for the Official Committee*
                                                                *of Unsecured Creditors*

*Counsel for the Debtors and Debtors in*
*Possession*

**EXHIBIT A**


**Subpoena**

B2560 (Form 2560- Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
### For the District of Delaware

In re  Center City Healthcare, LLC, *et al.*,

Case No.  19-11466 (MFW)

Debtors.

Chapter 11

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

**TO:   Kyle Schmidt**
528 N. Elena Ave.
Redondo Beach, CA 90277-2160

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment.  **See Rider A attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP, 555 South Flower Street, Suite 3700, Los Angeles CA 90071 | **November 10, 2021 at 9:00 am (Pacific Time)** |

The deposition will be recorded by this method:
The testimony at the Deposition may be recorded by videographic and stenographic means.

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the materials:

**See document requests, attached hereto as Rider A.  Documents shall be delivered on or before November 8, 2021 at 5:00 p.m. (Eastern Time). Written objections and responses to the document requests set forth herein shall be served on or before November 8, 2021 at 5:00 p.m. (Eastern Time).**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]*<br>**Mark Minuti, Partner at Saul Ewing Arnstein & Lehr LLP, Counsel to Debtors** | 11/3/2021 |

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors, who issues or requests this subpoena, are:
**Mark Minuti, Esq., Saul Ewing Arnstein & Lehr LLP, 1201 North Market Street, Suite 2300, P.O. Box 1266, Wilmington, DE 19899, mark.minuti@saul.com, (302) 421-6840**

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

39197339.4 11/03/2021

B2560 (Form 2560- Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

---

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

---

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows:_____
_____
_____ on (*date*) _____; or

☐ I returned the subpoena unexecuted because:_____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

   My fees are $_____ for travel and $_____ for services, for a total of $_____.

      I declare under penalty of perjury that this information is true and correct.

.
Date:_____

                                          _____
                                                      Server's signature

                                          _____
                                                      Printed name and title

                                          _____
                                                      Server's Address

Additional information concerning attempted service, etc.:

2

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees —on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises —or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and

3

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

39197339.4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1] | Case No. 19-11466 (MFW) |
| Debtors. | (Jointly Administered) |

## RIDER TO SUBPOENA TO PRODUCE DOCUMENTS
## DIRECTED TO KYLE SCHMIDT

In connection with *The Motion Of The Broad Street Entities And PAHH For Entry Of An Order (I) Determining That The Automatic Stay Does Not Apply To Their Assets Or (II) In The Alternative, Granting Limited Relief From The Automatic Stay For Them To Sell, Transfer, Or Otherwise Encumber Such Assets* (the "**Financing Motion**"), and pursuant to Rule 34 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable hereto pursuant to Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the above-captioned debtors and debtors-in-possession and the Official Committee of Unsecured Creditors request that Kyle Schmidt respond to the document requests listed below in full and in detail according to the following instructions no later than November 5, 2021 at 5:00 p.m. (Eastern Time).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

## DEFINITIONS

The following definitions shall apply to these requests, whether or not capitalized herein:

1.     **"Broad Street Entities"** means Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC and Broad Street Healthcare Properties III, LLC.

2.     **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including, without limitation, written, oral, or electronic transmissions.

3.     **"Debtors"** means the debtors and debtors-in-possession in the above-captioned chapter 11 proceedings.

4.     **"Document(s)" or "Information"** means all materials within the scope of Federal Rule 34, made applicable through Bankruptcy Rules 7034 and 9014, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information (ESI), that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. A draft or nonidentical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments.  The term "Document(s)" or "Information" includes but is not limited to emails and other types of messages (including but not limited to text, instant, and direct messages), social media or other online content, geolocation data, data generated and stored by devices connected to the Internet of Things (IoT), communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all associated data and metadata.

39197339.4

5.      **"Financing Motion"** means *The Motion Of The Broad Street Entities And PAHH For Entry Of An Order (I) Determining That The Automatic Stay Does Not Apply To Their Assets Or (II) In The Alternative, Granting Limited Relief From The Automatic Stay For Them To Sell, Transfer, Or Otherwise Encumber Such Assets*, filed at docket number 3002 on October 29, 2021 in the Debtors' chapter 11 cases.

6.      **"Front I"** means Front Street Healthcare Properties, LLC.

7.      **"Front II"** means Front Street Healthcare Properties II, LLC.

8.      **"PAHH"** means Philadelphia Academic Health Holdings, LLC.

9.      **"MBNF PropCos"** means PAHH, the Broad Street Entities, Front Street I, Front Street II and any person or entity acting for or behalf of any of such entities, including without limitation PAHH, Paladin Healthcare Capital, LLC, Joel Freedman, Svetlana Attestatova, Bill Brinkman and Kyle Schmidt.

10.     "**Movants**" means and refers to the Broad Street Entities and PAHH.

11.     **"You"** or **"your"** means Kyle Schmidt.

12.     **"Person"** means any natural person or any legal entity, including, without limitation, any business or governmental entity, organization, or association.

13.     **"Professional Fees"** means and refers to the professional fees referenced in paragraph 9 of the Financing Motion.

14.     **"Property Expenses"** means operating and maintenance expenses, including without limitation maintenance costs, security costs, cleaning costs, electrical costs, systems costs, elevator costs, HVAC costs, utility costs, life safety costs, fire alarm system costs, sprinkler system costs, fire extinguisher costs, snow and ice removal costs, lighting system costs, water system

costs, heating and cooling costs, access control costs, exterior wall costs, real estate taxes, property insurance costs and any other cost or expense referred to in paragraph 6 of the Financing Motion.

15.     **"Relate," "related,"** or **"relating"** means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

16.     **"Term Loan"** means the proposed 15-month loan in the amount of $17.5 million between the MBNF PropCos, as borrower, and Gordon Brothers Realty Services, LLC ("**Gordon Brothers**"), as lender, as proposed in the Financing Motion.

17.     The words **"and"** and **"or"** shall be construed disjunctively or conjunctively to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

18.     The word **"any"** shall be construed to include "all" and vice versa.

19.     The word **"each"** shall be construed to include "every" and vice versa.

20.     Any word in the singular form shall also be construed as plural and vice versa.

21.     The masculine form shall also be construed to include the feminine and vice versa.

22.     Any capitalized term not otherwise defined herein shall have the same meaning as that ascribed to it in the Financing Motion.

## <u>INSTRUCTIONS</u>

1.     All objections to the production of documents requested herein shall be made in writing and delivered to the undersigned, on or before the date set for production.

2.     All documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and

labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, you shall state so in writing.

3.      Electronically stored information (ESI) must be produced in its original native format including its accompanying metadata. For example:

> a.      documents created using Microsoft Word must be produced as .DOC or .DOCX files; and
>
> b.      emails must be produced in a form that readily supports import into standard email client programs, or the form of production should adhere to the conventions set out in the internet email standard.

4.      These requests call for the production of all responsive documents in your possession, custody or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

5.      In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has control and the location of the documents.

6.      If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

> a.      identifying the document;

b.      describing where the document is now;

c.      identifying who has control of the document;

d.      describing how the document became lost or destroyed or was transferred; and

e.      identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

7.      Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

8.      If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document:

a.      the ground of privilege or protection claimed;

b.      every basis for the privilege or protection claimed;

c.      the type of document;

d.      its general subject matter;

e.      the document's date; and

f.      other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by Federal Rule 26(b)(5) and the Local Rules.

9.      If you object to any document request on any ground other than privilege, you must specify:

    a.      the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

    b.      whether any responsive materials are being withheld on the basis of an objection.

10.     To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED AS [BASIS FOR PROTECTION]" on the document in an appropriate location that does not obscure the remaining text.

11.     If there are no documents in response to any particular request, you shall state so in writing.

12.     Unless otherwise stated herein, all documents requested cover the period from July 1, 2019 through the present.

13.     Examples of responsive items set out in any request should not be construed to limit the scope of the request.

14.     Requests for production should be read to encompass any and all items responsive to the request.

15.     Responsive documents should be produced to counsel for the Debtors and the Official Committee of Unsecured Creditors at the addresses set forth below.

16.     These requests are continuing, and your response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule 26(e), made applicable by Bankruptcy Rules 7026 and 9014.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO 1**.    All Documents and Communications relating to the allegation at paragraph 5 of the Financing Motion that the Debtors failed to comply with their post-petition lease obligations for the Hahnemann Premises.

**ANSWER**:


**DOCUMENT REQUEST NO 2**.    All Documents and Communications relating to payments made on behalf of any Debtor by any of the MBNF PropCos for expenses incurred at the Hahnemann Premises between July 1, 2019 and February 29, 2020, including without limitation the source of funding for such payments.

**ANSWER**:


**DOCUMENT REQUEST NO 3**.    All Documents and Communications relating to Property Expenses paid or incurred by any of the MBNF PropCos after the Debtors' rejection of their lease for the Hahnemann Premises, including without limitation the source of funding for such payments.

**ANSWER**:


**DOCUMENT REQUEST NO 4**.    All Documents and Communications relating to any obligation of any of the MBNF PropCos to the Pension Fund, including without limitation all

Documents and Communications relating to any payment made by any of the MBNF PropCos to or for the benefit of the Pension Fund and any agreements between any of the MBNF PropCos and the Pension Fund, including without limitation the source of funding for such payments.

**ANSWER**:

**DOCUMENT REQUEST NO 5**.  All Documents and Communications relating to the financing the MBNF PropCos have obtained from related parties, as referenced in paragraph 9 of the Financing Motion, including without limitation any liens granted to secure such financing.

**ANSWER**:

**DOCUMENT REQUEST NO 6**.  All Documents and Communications relating to efforts undertaken by or on behalf of the MBNF PropCos to discuss, request, apply for and/or obtain financing from any lender, including the efforts referenced in paragraph 9 of the Financing Motion.

**ANSWER**:

**DOCUMENT REQUEST NO 7**.  All Documents and Communications regarding the Term Loan including without limitation all drafts and versions of the "financing term sheet" referenced in paragraph 9 of the Financing Motion and any payment or commitments related thereto (as referenced in footnote 7 of the Financing Motion).

**ANSWER**:

13

**DOCUMENT REQUEST NO 8**.   All Documents and Communications between You and Gordon Brothers regarding the Term Loan, the condition of the MBNF Assets, and all claims and potential claims asserted against such assets.

**ANSWER**:

**DOCUMENT REQUEST NO 9**.   All Documents and Communications regarding any Movant's need for additional liquidity.

**ANSWER**:

**DOCUMENT REQUEST NO 10**.   All Documents and Communications regarding the calculation of the amount of liquidity allegedly required by any of the Movants, including, but not limited to, with respect to the alleged Property Expenses and/or any other carrying costs for the MBNF Assets, including the Hahnemann Premises.

**ANSWER**:

**DOCUMENT REQUEST NO 11**.   All Documents and Communications relating to any fee or other amount deposited, paid, or caused to be deposited or paid, to Gordon Brothers in connection with the Term Loan, including without limitation the source of funding for such payments.

**ANSWER**:

**DOCUMENT REQUEST NO 12**.   All Documents and Communications relating to any transaction or ancillary documents related to the Term Loan.

**ANSWER**:

14

**DOCUMENT REQUEST NO 13**.   All Documents and Communications between You and any title company or title agent related to the Term Loan.

**ANSWER**:


**DOCUMENT REQUEST NO 14**.   All Documents and Communications relating to any existing mortgages or liens on any of the MBNF Assets.

**ANSWER**:


**DOCUMENT REQUEST NO 15**.   All Documents and Communications regarding the intended use of the proceeds of the Term Loan including without limitation funding the "carrying costs of the MBNF Assets" referenced in paragraph 9 of the Financing Motion.

**ANSWER**:


**DOCUMENT REQUEST NO 16**.   All   Documents   and   Communications   regarding   the Professional Fees.

**ANSWER**:


**DOCUMENT REQUEST NO 17**.   For each professional whose Professional Fees are to be paid, (i) all engagement letters or other written agreements between any of the MBNF PropCos and such professional and (ii) all engagement letters or other written agreements between any affiliates of the MBNF PropCos (including without limitation Paladin Healthcare Capital, LLC, MBNF Investments, LLC, American Academic Health System, LLC, Philadelphia Academic Health Holdings, LLC, Joel Freedman and Stella Freedman) and such professional.

**ANSWER**:

**DOCUMENT REQUEST NO 18**.  For each professional whose Professional Fees are to be paid, all Documents and Communications regarding any allocation of such Professional Fees between the MBNF PropCos and any other person or entity.

**ANSWER**:

**DOCUMENT REQUEST NO 19**.   All Documents and Communications relating to each of the MBNF PropCos' use of its assets subsequent to July 1, 2019.

**ANSWER**:

**DOCUMENT REQUEST NO 20**.   All Documents and Communications relating to the use of assets owned by Front I, including without limitation the proceeds from disposition of such assets, subsequent to July 1, 2019.

**ANSWER**:

**DOCUMENT REQUEST NO 21**.   All Documents and Communications relating to any sale or transfer, or any attempted sale or transfer, of any of the MBNF Assets.

**ANSWER**:

**DOCUMENT REQUEST NO 22**.   All Documents and Communications regarding the use of assets owned by Front II at any time subsequent to the Petition Date.

**ANSWER**:

**DOCUMENT REQUEST NO 23**.  All  Documents  and  Communications  relating  to  the condition and maintenance of the Hahnemann Premises from June 29, 2019 to the present.

**ANSWER**:

39197339.4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL *et al.*,[1] | Case No. 19-11466 (MFW) |
| Debtors. | (Jointly Administered) |

## NOTICE OF SERVICE OF THE DEBTORS' AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' NOTICE OF ISSUANCE OF SUBPOENA OF KYLE SCHMIDT

I, Mark Minuti, hereby certify that on November 3, 2021, I caused a copy of *Debtors' and the Official Committee of Unsecured Creditors' Notice of Issuance of Subpoena of Kyle Schmidt* to be served via Electronic Mail on the following parties.

Mark D. Collins, Esquire
Michael J. Merchant, Esquire
Brendan J. Schlauch, Esquire
Travis J. Cuomo, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
collins@rlf.com
merchant@rlf.com
schlauch@rlf.com
cuomo@rlf.com

Suzzanne Uhland, Esquire
Robert Malionek, Esquire
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022-4834
suzzanne.uhland@lw.com
robert.malionek@lw.com

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

39197339.4

Dated: November 3, 2021          **SAUL EWING ARNSTEIN & LEHR LLP**

By:    *_/s/ Mark Minuti_____*
       Mark Minuti (DE Bar No. 2659)
       1201 N. Market Street, Suite 2300
       P.O. Box 1266
       Wilmington, DE  19899
       Telephone: (302) 421-6800
       mark.minuti@saul.com

       *Counsel to Debtors*

39197339.4