**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
In re:                                                                              :
                                                                                         :   Chapter 11
                                                                                         :
                                                                                         :   Case No. 19-11466 (MFW)
CENTER CITY HEALTHCARE, LLC D/B/A              :
HAHNEMANN UNIVERSITY HOSPITAL, *et.*    :   (Jointly Administered)
*al.*,[1]                                                                           :
                                                                                         :   Re: Docket Nos. 3053 & 3054
                         Debtors.                                           :
                                                                                         :
---------------------------------------------------------------- x

**RESPONDENTS' OBJECTION TO MOTION FOR
EXPEDITED CONSIDERATION OF DEBTORS' AND COMMITTEE'S EXPEDITED
MOTION TO (A) COMPEL DISCOVERY ON MOTION OF THE BROAD STREET
ENTITIES AND PAHH FOR ENTRY OF AN ORDER (I) DETERMINING THAT THE
AUTOMATIC STAY DOES NOT APPLY TO THEIR ASSETS OR (II) IN THE
ALTERNATIVE, GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY
FOR THEM TO SELL, TRANSFER, OR OTHERWISE ENCUMBER SUCH ASSETS
AND (B) TO CONTINUE HEARING**

---

The Respondents[2] hereby file this objection (the "**Objection**") to the *Motion for Expedited*

*Consideration of Debtors' and Committee's Expedited Motion to (A) Compel Discovery on Motion*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] "**Respondents**" are the following persons and entities: William Brinkman, Joel Freedman, Kyle Schmidt, Broad Street Healthcare Properties, LLC ("**Broad Street I**"), Broad Street Healthcare Properties II, LLC ("**Broad Street II**"), Broad Street Healthcare Properties III, LLC ("**Broad Street III**," and collectively with Broad Street I and Broad Street II, the "**Broad Street Entities**"), Front Street Healthcare Properties, LLC ("**Front Street I**"), Front Street Healthcare Properties II, LLC ("**Front Street II**", and together with Front Street I, the "**Front Street Entities**"), Paladin Healthcare Capital, LLC ("**Paladin**"), and Philadelphia Academic Health Holdings, LLC ("**PAHH**"). The Broad Street Entities and PAHH received the *Debtors' and the Committee's First Set of Requests for Production of Documents to the Broad Street Entities and PAHH* [Docket No. 3025] (the "**Document Request**"); Mr. Freedman, the Broad Street Entities, and PAHH received deposition notices [Docket Nos. 3026-30] (the "**Deposition Notices**"); and Mr. Brinkman, Mr. Schmidt, the Front Street Entities, and Paladin received

*of the Broad Street Entities and PAHH for Entry of an Order (I) Determining That the Automatic Stay Does Not Apply to Their Assets or (II) in the Alternative, Granting Limited Relief from the Automatic Stay for Them to Sell, Transfer, or Otherwise Encumber Such Assets and (B) To Continue Hearing* [Docket No. 3054] (the "**Motion to Shorten**") filed by the Debtors and the Official Committee of Unsecured Creditors (together with the Debtors, the "**Estate Parties**"). In support of this Objection, the Respondents respectfully state as follows.

## **OBJECTION**

1.  The Estate Parties have not demonstrated the necessary exigencies to justify consideration of the *Debtors' and Committee's Expedited Motion to (A) Compel Discovery on Motion of the Broad Street Entities and PAHH for Entry of an Order (I) Determining that the Automatic Stay Does Not Apply to Their Assets or (II) in the Alternative, Granting Limited Relief from the Automatic Stay for Them to Sell, Transfer, or Otherwise Encumber Such Assets and (B) To Continue Hearing* [Docket No. 3053] (the "**Motion to Compel**") on the timeline requested in the Motion to Shorten—on or before Friday, November 12, 2021. Indeed, the discovery disputes raised in the Motion to Compel (a) directly relate to the *Respondents' Motion to (I) Quash the Debtors' and the Creditors' Committee's Notice of Rule 26 and 30(b)(6) Deposition and Subpoenas and (II) for Entry of a Protective Order Limiting Written Discovery* [Docket No. 3055] (the "**Motion to Quash**" and, together with the Motion to Compel, the "**Discovery Motions**") and (b) are in furtherance of the Estate Parties' efforts to oppose the (i) *Motion of the Broad Street Entities and PAHH for Entry of an Order (I) Determining That the Automatic Stay Does Not Apply to Their Assets or (II) in the Alternative, Granting Limited Relief from the Automatic Stay for Them to Sell, Transfer, or Otherwise Encumber Such Assets* [Docket No. 3002] (the "**Financing**

---

subpoenas [Docket Nos. 3034-39] (the "**Non-Party Subpoenas**" and, together with the Document Request and the Deposition Notices, the "**Discovery Requests**").

2

**Motion**").[3]  Both the Motion to Quash and the Financing Motion are scheduled to be heard on November 19, 2021 at 10:30 a.m. (Eastern Time) (the "**November 19th Omnibus Hearing**").  As such, the Respondents respectfully oppose the Motion to Shorten and request that the Court hear the Motion to Compel at the November 19th Omnibus Hearing along with the Motion to Quash and the Financing Motion.

2.      *First*, from a judicial economy standpoint, it is most efficient for the Motion to Compel, the Motion to Quash, and the Financing Motion to be heard together at the November 19th Omnibus Hearing.  By the Motion to Quash, the Respondents seek entry of an order (a) quashing the Deposition Notices and Non-Party Subpoenas and (b) issuing a protective order against the Document Request—the exact opposite of the relief requested by the Estate Parties in the Motion to Compel.  Moreover, as set forth in the Motion to Quash, the Discovery Requests sought by the Estate Parties seek information that is irrelevant to the determination of whether the relief sought by the Financing Motion should be granted, are not proportional to the context of and issues involved in the Financing Motion, are unduly burdensome and/or are improperly directed toward privileged communications.  *See* Motion to Quash ¶¶ 26–44.  As the Court will have received and reviewed all objections to the Financing Motion and the Movants' reply by November 19th, the Court will be in a better position to determine whether the scope of the Debtors' Discovery Requests is improper.  Additionally, scheduling the Discovery Motions together with the Financing Motion for the November 19th Omnibus Hearing will allow the Court to proceed with considering the Financing Motion, in the event that the Court deems the Discovery

---

[3]   Capitalized but undefined terms herein shall have the meanings ascribed to them in the Motion to Quash or the Financing Motion, as applicable.

3

Requests improper and grants the Motion to Quash, which would enable the Movants to obtain much needed liquidity, as set forth in the Financing Motion.

3. *Second*, while the Estate Parties argue that the Respondents have delayed or hampered their ability to investigate issues raised by the Financing Motion, that contention is contradicted by the facts. As noted in the Motion to Quash, despite the unreasonably short deadline set by the Estate Parties, the Respondents produced approximately 500 pages of responsive documents prior to and shortly after the Document Request's original November 5th production deadline, including the financing term sheet related to the Financing Motion and the sources of use of such proposed financing. *See id.* at ¶ 19. Many of the produced documents were made available to the Estate Parties in the course of mediation, thereby allowing them more than sufficient time to review and ask follow-up questions. The Respondents also produced documents related to the properties formerly owned by the Front Street Entities, which documents were produced for transparency but are not pertinent to the Financing Motion. *See id.* To be clear, the accusation in the Motion to Compel that certain acts of the MBNF Non-Debtor Entities, including the mortgages currently encumbering the MBNF Assets, "have occurred in secret" (¶ 6) disregards (a) the fact that the UCC-1 financing statements and the mortgages securing the $2.5 million note have been a matter of public record, easily accessible to anyone, for almost two years and (b) the numerous references to the existing mortgages on such assets and the necessity to pay professionals fees. *See* Financing Motion ¶ 7 ("The MBNF PropCos face mounting professional fees."); ¶ 9 ("Over the past several months, the MBNF PropCos have been able to obtain limited financing from related parties"); ¶ 9 ("a 15-month term loan . . . would refinance the existing mortgages on certain of the MBNF Assets."); ¶ 9 ("The loan proceeds will be used to fund the carrying costs of the MBNF Assets, thereby preserving the value of the real property, in addition to paying professional fees.").

For the sake of transparency, the Respondents produced to the Estate Parties and HSRE the following documents:

- Documents relating to payments made on behalf of the Debtors by the MBNF Non-Debtor Entities[4] for expenses incurred at the premises while occupied by the Debtors (such as repairs and maintenance, utility payments, tax payments, and others);

- The sources of uses of the sale proceeds from the real property formerly owned by the Front Street Entities, setting forth, among other things, (i) payment of certain taxes in connection with the sale, (ii) property related expenses, (iii) professional fees paid to legal counsel, tax advisors, and valuation experts, and (iv) payments made by certain of the MBNF Non-Debtor Entities to the Pension Fund,[5] as set forth in the Financing Motion;[6]

- The run rates of the Broad Street Entities, including operating expenses (*i.e.*, building security, life and safety systems, cleaning, electrical, and plumbing), insurance, real estate taxes, and professional fees;

- Documents relating to obligation of certain of the MBNF Non-Debtor Entities to the Pension Fund;

- The support for payments made to the Pension Fund by the MBNF Non-Debtor Entities;

- All existing mortgages on the MBNF Assets;[7]

- All promissory notes secured by such mortgages; and

- All UCC filings related to such notes.

---

[4] The "**MBNF Non-Debtor Entities**" are PAHH, the Broad Street Entities, the Front Street Entities, Paladin, MBNF Investments, LLC, American Academic Health System, LLC, Philadelphia Academic Risk Retention Group, LLC, Paladin Healthcare Management, LLC, Paladin Capital and Globe Health Foundation, Inc., Joel Freedman, Stella Freedman, Svetlana Attestatova, and Kyle Schmidt.

[5] The "**Pension Fund**" refers to the Pension Fund for Hospital and Health Care Employees of Philadelphia and Vicinity.

[6] The MBNF Non-Debtor Entities only produced this information in the interest of transparency, even though the document request clearly exceeds the scope of the relief sought in the Financing Motion because the uses of the sale proceeds are not at issue in the Financing Motion.

[7] The "**MBNF Assets**" include buildings and parcels located at 222-248 N. Broad Street, 221-223 N. 15th Street, 325 N. 15th Street, 300-304 N. Broad Street, 200-214 N. Broad Street, and 201-219 N. 15th Street.

4. Finally, the Estate Parties will not be prejudiced if the Motion to Compel is heard at the November 19th Omnibus Hearing. To the extent the Court is inclined to grant some or all of the relief requested by the Motion to Compel (or deny some or all of the relief requested by the Motion to Quash), the Court would not proceed to hear the Financing Motion and would only do so after PAHH and the Broad Street Entities produce additional documents and/or witnesses if the Court so decides.

## CONCLUSION

5. For all of the foregoing reasons, the Respondents respectfully request the Court deny the Motion to Shorten, set the Motion to Compel for the November 19th Hearing and grant such other and further relief as the Court may deem just and proper.

Dated: November 9, 2021
   Wilmington, DE

                <u>/s/ Brendan J. Schlauch</u>
                Mark D. Collins (No. 2981)
                Michael J. Merchant (No. 3854)
                Brendan J. Schlauch (No. 6115)
                RICHARDS, LAYTON & FINGER, P.A.
                One Rodney Square
                920 North King Street
                Wilmington, Delaware 19801
                Tel: (302) 651-7700
                Fax: (302) 651-7701
                Email: collins@rlf.com
                    merchant@rlf.com
                    schlauch@rlf.com

                - and -

                Suzzanne Uhland (admitted *pro hac vice*)
                Tianjiao ("TJ") Li (admitted *pro hac vice*)
                Alexandra M. Zablocki (admitted *pro hac vice*)
                LATHAM & WATKINS LLP
                1271 Avenue of the Americas
                New York, New York 10020
                Telephone: (212) 906-1200
                Facsimile: (212) 751-4864
                Email:  suzzanne.uhland@lw.com
                    tj.li@lw.com
                    alexandra.zablocki@lw.com

                *Counsel for PAHH and the Broad Street Entities*