# EXHIBIT 1

# Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |

## STIPULATION BETWEEN DEBTORS AND
## NTT DATA SERVICES, LLC REGARDING ALLOWED CLAIM

This *Stipulation between Debtors and NTT DATA Services, LLC Regarding Allowed Claim* (the "**Stipulation**") is made and entered into as of the 22nd day of October, 2021 between the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") and NTT DATA Services, LLC ("**NTT**," and together with the Debtors, the "**Parties**").

## INTRODUCTION

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

**WHEREAS**, on or about April 20, 2020, NTT filed a proof of claim against Debtor Philadelphia Academic Health System, LLC ("**PAHS**") in the amount of $3,210,743.00, the entirety of which was asserted as an unsecured claim, and which is identified as claim no. 73 on PAHS's claims registry (the "**Asserted Claim**" or "**Claim 73**");

**WHEREAS**, the Parties have conferred and seek to resolve the Asserted Claim, as set forth herein.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby agree, subject to Bankruptcy Court approval as set forth herein, as follows:

## STIPULATION

1. Each of the Recitals set forth above is incorporated herein by reference.

2. This Stipulation is subject to and conditioned upon the entry of a final, non-appealable order of the Court approving this Stipulation (the "**Stipulation Effective Date**"). In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect. In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante.*

3. On account of, and in full satisfaction of the Asserted Claim, Claim 73 shall be an allowed claim against PAHS in the total amount of $3,210,743.00, $3,084,141.00 of which shall

be treated as a general unsecured claim and $126,602.00 of which shall be treated as an administrative expense claim (the "**Allowed Claim**").

4.  The Allowed Claim shall be paid in accordance with the terms of any confirmed chapter 11 plan or plans in these cases.

5.  Other than the Allowed Claim, and except to the extent set forth herein, NTT shall have no other allowed claims against any of the Debtors, whether filed or scheduled, and NTT shall not be entitled to any distributions from any of the Debtors, their estates or any of the Debtors' successors, other than on account of the Allowed Claim. NTT shall not amend any previously filed claims and shall not assert any additional claims against any of the Debtors on account of services provided to the Debtors prior to August 1, 2019.

6.  All rights of NTT to assert claims against any of the Debtors related to services provided after August 1, 2019, and all rights of the Debtors to object thereto, are expressly reserved.

7.  Based on defense information presented to the Debtors by NTT and the Debtors' review of their records, the Debtors have determined not to pursue a preference claim against NTT and hereby waive any causes of action against NTT under sections 547 and 550 of the Bankruptcy Code.

8.  The Parties are authorized to take any and all actions necessary to effectuate this Stipulation.

9.  This Stipulation is the entire agreement between the Debtors and NTT with respect to the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any

other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

10. The Parties each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Stipulation shall become effective upon the order approving this Stipulation becoming a Final Order.

11. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

12. This Stipulation may be modified, amended, or supplemented by the Parties, in writing, and without further order of the Court, provided that any such modification, amendment, or supplement either is (a) not material or (b) not less favorable to the Debtors than the existing applicable provisions without further order of the Court.

13. This Stipulation is a fully integrated agreement with each provision being fully integrated and dependent on each other provision and no provision of this Stipulation may be held to be unenforceable without this entire Stipulation being held to be unenforceable and no provision may be "blue penciled" to render such provision enforceable.

14. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws' principles thereof. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, designees, agents, attorneys and representatives.

15. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

16. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| | |
|---|---|
| **SAUL EWING ARNSTEIN & LEHR LLP** | **AUSTRIA LEGAL LLC** |
| */s/ Monique B. DiSabatino* | */s/ Matthew P. Austria* |
| Mark Minuti (DE Bar No. 2659) | Matthew P. Austria (DE Bar No. 4827) |
| Monique Bair DiSabatino (DE Bar No. 6027) | 1007 N. Orange Street, 4th Floor |
| 1201 N. Market Street, Suite 2300 | Wilmington, DE 19801 |
| P.O. Box 1266 | Telephone: (302) 521-5197 |
| Wilmington, DE 19899-1266 | maustria@austriallc.com |
| Telephone: (302) 421-6800 | |
| mark.minuti@saul.com | -and- |
| monique.disabatino@saul.com | |
| | Sabrina L. Streusand |
| -and- | **STREUSAND, LANDON, OZBURN & LEMMON, LLP** |
| Jeffrey C. Hampton | 1801 S. Mopac Expressway, Ste. 320 |
| Adam H. Isenberg | Austin, TX 78746 |
| Jorge Garcia | Telephone: (512) 236-9901 |
| Centre Square West | streusand@slollp.com |
| 1500 Market Street, 38th Floor | |
| Philadelphia, PA 19102 | *Counsel for NTT DATA Services, LLC* |
| Telephone: (215) 972-7777 | |
| jeffrey.hampton@saul.com | |
| adam.isenberg@saul.com | |
| jorge.garcia@saul.com | |
| | |
| *Counsel for Debtors and Debtors in Possession* | |