IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| CENTER CITY HEALTHCARE, LLC <br> D/B/A HAHNEMANN UNIVERSITY <br> HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) <br> ) <br> ) (Jointly Administered) <br> ) |
| Debtors. | ) **Related Doc. No. 3053** <br> ) |

**GORDON BROTHERS REALTY SERVICES, LLC'S OPPOSITION TO (I) THE DEBTORS' AND COMMITTEES' EXPEDITED MOTION TO (A) COMPEL DISCOVERY ON MOTION OF THE BROAD STREET ENTITIES AND PAHH FOR ENTRY OF AN ORDER (I) DETERMINING THAT THE AUTOMATIC STAY DOES NOT APPLY TO THEIR ASSETS OR (II) IN THE ALTERNATIVE, GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY FOR THEM TO SELL, TRANSFER, OR OTHERWISE ENCUMBER SUCH ASSETS AND (B) TO CONTINUE HEARING, AND (II) THE MOTION FOR EXPEDITED CONSIDERATION**

Gordon Brothers Realty Services, LLC ("Gordon Brothers"), files this objection (the "Objection") to the (i) *Debtors' and Committees Expedited Motion to (A) Compel Discovery on Motion of the Broad Street Entities and PAHH for Entry of an Order (I) Determining That the Automatic Stay Does Not Apply to Their Assets or (II) in the Alternative, Granting Limited Relief from the Automatic Stay for Them to Sell, Transfer, or Otherwise Encumber Such Assets and (B) To Continue Hearing* [Docket No. 3053] (the "Motion to Compel"), and (ii) *Motion for Expedited Consideration of the Debtors' and Committees Expedited Motion to (A) Compel Discovery on Motion of the Broad Street Entities and PAHH for Entry of an Order (I) Determining That the Automatic Stay Does Not Apply to Their Assets or (II) in the Alternative, Granting Limited Relief*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

*from the Automatic Stay for Them to Sell, Transfer, or Otherwise Encumber Such Assets and (B) To Continue Hearing* [Docket No. 3054] (the "Motion to Shorten") filed by the Debtors and the Official Committee of Unsecured Creditors (the "Committee").  In support of this Objection, Gordon Brothers respectfully states as follows:

## OBJECTION[2]

1. The Motion to Compel provides no substantive basis to justify demanding discovery from Gordon Brothers.  Instead, the Debtors and the Committee argue the Discovery Requests are critical to ongoing litigation, in which Gordon Brothers has no part.  *See* Motion to Compel at ¶3.

2. Most of the reasons offered for the Discovery Requests have nothing to do with Gordon Brothers. *See e.g.*, Motion to Compel at ¶¶ 15-16 (listing as reasons for the Discovery Requests: how proceeds will be used; what professional fees Movants seek to pay; what Mr. Freedman did with $50 million in sale proceeds; and most peculiar, the "nature of the relationship between Movants and Gordon). The one paragraph that at least concerns Gordon Brothers demands to know the "nature of the relationship between the Movants and Gordon Brothers." *Id*. at ¶24.  Discovery is not necessary here; the Stay Motion advises all parties that Gordon Brothers is the prospective lender to the Movants, nothing more.  No party suggests otherwise; doing so would be baseless and, as such, frivolous.

3. Gordon Brothers disagrees with the Debtors' and the Committee's disclosure of what amounts to settlement discussions with Gordon Brothers. Motion to Compel at ¶¶ 8, 18. Accordingly, though Gordon Brothers disagrees with the Debtors' and Committee's characterization of those discussions, it will not address the matter further in this response.

---

[2] Capitalized terms used but not otherwise defined are given the meaning in the Motion to Quash.

4. For the reasons discussed at length in *Gordon Brothers Realty Services, LLC'S Motion for Entry of (I )an Order Quashing the Subpoena Served by the Debtors and the Official Committee of Unsecured Creditors, or Alternatively, (II) a Protective Order Modifying the Subpoena* [Docket No. 3051] (the "Motion to Quash") Gordon Brothers should not be subjected to the Debtors' and Committees' discovery. If the Bankruptcy Court does not quash the Subpoena in its entirety, cause exists to limit the scope of the Discovery Requests to producing documents PAHH and the Broad Street Entities does not possess, thereby limiting the burden and expense that the Debtors and Committee seek to impose upon a prospective lender to non-debtors.

5. Gordon Brothers also opposes the Motion to Shorten. The Debtors and the Committee have not demonstrated the exigencies needed to hear the Motion to Compel on such a short timeframe. Nor is it a reasonable use of the Court's and the parties' time to hold multiple hearings about whether to quash, modify or enforce the various notices and subpoenas.[3] Instead, this court should hear the Motion to Compel, the Stay Motion, and the Motion to Quash, along with any other related pleadings, together on November 19, 2021.

## RESERVATION OF RIGHTS

6. Gordon Brothers reserves all rights to supplement this Objection and to respond to any additional allegations or objections raised when the Motion to Compel is heard. Gordon Brothers also reserves the right to issue general and specific objections to Discovery Requests, subject to the resolution of the Motion to Compel and Motion to Quash.

---

[3] Consistent with Local Rule 9006-1, Gordon Brothers noticed its Motion to Quash for December 21, 2021. If the Court so desires, Gordon Brothers will re-notice its Motion to Quash for November 19, 2021, or such other date as the Court chooses.

For these reasons, and those set forth in the Motion to Quash, Gordon Brothers respectfully requests that the Court deny the Motion to Compel or, in the alternative, deny the Motion to Shorten and set the Motion to Compel to be heard on November 19, 2021, and grant such other and further relief as the Court may deem just and proper.

Dated: November 11, 2021
       Wilmington, DE

    */s/ John T. Carroll, III*
    **COZEN O'CONNOR**
    John T. Carroll, III (DE No. 4060)
    1201 N. Market Street
    Suite 1001
    Wilmington, DE 19801
    Telephone: (302) 295-2028
    Facsimile: (302) 295-2013
    Email: jcarroll@cozen.com

    - and -

    **KATTEN MUCHIN ROSENMAN LLP**
    Cindi M. Giglio (*pro hac vice* admission pending)
    Jerry L. Hall (*pro hac vice* admission pending)
    Katherine Scherling (*pro hac vice* admission pending)
    575 Madison Avenue
    New York, NY 10022-2585
    Telephone: (212) 940-8700
    Facsimile: (212) 940-8776
    E-mail:   cgiglio@katten.com
                jerry.hall@katten.com
                katherine.scherling@katten.com

    *Counsel for Gordon Brothers Realty Services, LLC*