**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) ) ) | Case No. 19-11466 (MFW) Jointly Administered |
| Debtors. | ) ) ) |  |

**OBJECTION OF TENET BUSINESS SERVICES CORPORATION AND CONIFER REVENUE CYCLE SOLUTIONS, LLC TO THE MOTION OF THE BROAD STREET ENTITIES AND PAHH FOR ENTRY OF A COMFORT ORDER REGARDING THE AUTOMATIC STAY**

Tenet Business Services Corporation ("Tenet") and Conifer Revenue Cycle Solutions, LLC ("Conifer")[2] submit this objection (this "Objection") to *The Motion of the Broad Street Entities and PAHH for Entry of an Order (I) Determining that the Automatic Stay Does Not Apply to their Assets or (II) in the Alternative, Granting Limited Relief From the Automatic Stay for them to Sell, Transfer, or Otherwise Encumber Such Assets* [Docket No. 3002] (the "Motion"). Tenet and Conifer respectfully state as follows in support of this Objection:

**OBJECTION**

1. Prior to January 2018, Tenet owned Hahnemann University Hospital ("Hahnemann") and St. Christopher's Hospital for Children ("St. Christopher's" and, together with

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Conifer is a member of the Official Committee of Unsecured Creditors (the "UCC") and has recused itself from UCC's matters relating to the Motion.

Hahnemann, the "Hospitals"). Pursuant to the terms of an August 31, 2017 Asset Sale Agreement (as amended, the "ASA"), Tenet sold certain assets comprising the Hospitals to a group of purchasers controlled by Joel Freedman and certain of the other MBNF Parties (collectively, the "Purchasers").[3] The Purchasers defaulted on their obligations nearly immediately following the ASA closing and failed to pay Tenet and Conifer for the post-closing services that Tenet and Conifer provided to the Hospitals as required by the ASA and related sale documents. Specifically, the Purchasers defaulted on payment obligations to Tenet and Conifer of upwards of $57 million. Tenet and Conifer continued to provide management and transition services to the Purchasers despite their perpetual nonpayment.

2. Prepetition, the Purchasers isolated the real property assets comprising the MBNF Assets[4] purchased under the ASA—and then caused only the Debtors to file for chapter 11, while seeking to maintain ownership and control over the MBNF Assets. The postpetition interactions between the parties have followed the prepetition trend: Tenet and Conifer upheld their end of the bargain, continuing to provide services to the Hospitals for months without payment (and taking a significant discount on their combined $57 million in claims when they finally reached an agreement to resolve the nonpayment), and the Defendants have worked to circumvent the system to retain value for themselves to the detriment of the Debtors, their creditors and other stakeholders.[5]

---

[3] The term "Purchasers" refers collectively to the Debtors and the Defendants. The "Defendants" are Front Street Healthcare Properties, LLC, Front Street Healthcare Properties II, LLC, the Broad Street Entities, PAHH, and Joel Freedman.

[4] The "MBNF Assets" are, collectively, the buildings and parcels of real property located at 222-248 N. Broad Street, 221-223 N. 15th Street, 325 N. 15th Street, 300-304 N. Broad Street, 200-214 N. Broad Street, and 201-219 N. 15th Street.

[5] The prepetition and postpetition relationship between Tenet, Conifer, and the Defendants is well documented. For additional background, see Docket Nos. 52, 106, 302-6, 378-9, 417, 420-3, 439-40, 474-6, 485-6, 512-5, 535,

3. Tenet, the Debtors and the UCC have each commenced litigation against the Defendants that would be satisfied by the MBNF Assets (or the proceeds thereof). Tenet, Conifer, and the Defendants have been involved in litigation before the Delaware Superior Court since 2019. On September 19, 2019, Tenet and Conifer filed a Complaint with the Delaware Superior Court against the Defendants for breach of the ASA and for certain indemnification claims (the "State Court Litigation").[6] Likewise, the Defendants and several other entities filed a complaint against Tenet alleging fraud, breach of contract, and indemnification arising out of the ASA.[7] The Debtors and the UCC have commenced an adversary proceeding against the MBNF Parties, which was filed under seal and which has been stayed pending mediation.[8]

4. Tenet, Conifer and the Defendants agreed to stay the State Court Litigation to pursue mediation with the Honorable Joseph Farnan, Jr., former United States District Judge for the District of Delaware, in the hopes of reaching a global resolution of all claims.[9] The Debtors and the UCC are similarly engaged in a separate mediation with the Honorable Kevin J. Carey regarding their fraudulent conveyance claims against the Defendants. The mediation of the State Court Litigation has been combined with the Debtors' and the UCC's mediation for certain purposes. The parties have been actively mediating the disputes for several months and prior to

---

618, 701, 714, 733, 750, 762, 803-5, 809, 820, 851-2, 871, 874-5, 909-10, 927, 1030, 1074, 1115, 1118, 1119, 1435, 1438, 2162, 2199.

[6] *See* Docket No. 30 in C.A. No. N19C-09-116-SKR.

[7] *See* Docket No. 17 in C.A. No. N19C-04-035 CCLD.

[8] *See Debtors' and Committee's Expedited Motion to (A) Compel Discovery on the Motion of the Broad Street Entities and PAHH for Entry of an Order (I) Determining that the Automatic Stay Does Not Apply To Their Assets or (II) in the Alternative, Granting Limited Relief from the Automatic Stay for Them to Sell, Transfer, or Otherwise Encumber Such Assets and (B) to Continue Hearing* [Docket No. 3053] (the "Motion to Compel") at ¶ 12.

[9] *See* Docket No. 146 in C.A. No. N19C-04-035 CCLD.

the Broad Street Entities' and PAHH's filing of the Motion, Tenet and Conifer were hopeful that all parties were working constructively toward a mediated resolution.[10]

5.  The Broad Street Entities and PAHH filed the Motion, which seeks Court approval to encumber the MBNF Assets, professedly for the purpose of obtaining a "comfort order" that the automatic stay does not apply.

6.  However, the Debtors obtained discovery confirming that the day before the Motion was filed, certain of the Defendants *already granted* a security interest in the MBNF Assets to Paladin Healthcare Capital, LLC, as agent for certain professionals and advisors providing services to Joel Freedman and his related entities.[11] Thus, it appears that the true purpose of the Motion is not to obtain comfort that liens can be granted on the MBNF Assets (because liens have already been granted), but is instead an attempt to obtain the Court's imprimatur to grant liens on the MBNF Assets and thereby obtain leverage over Tenet, the Debtors, and the UCC in the mediation.

7.  The Court should not countenance this gamesmanship. Accordingly, the Court should exercise its discretion and equitable powers to deny, or at least abstain from endorsing, the Defendants' scheme.

## **RESERVATION OF RIGHTS**

8.  Tenet and Conifer expressly reserve and preserve all rights, claims, arguments, defenses and remedies with respect to the Motion and to supplement, modify and amend this

---

[10] *Id.*

[11] *See* Motion to Compel at ¶¶ 5-6. Tenet and Conifer have joined in the Motion to Compel. *See also Joinder of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC to Debtors' and Committee's Expedited Motion to Compel Discovery and to Continue Hearing* [Docket No. 3061]. Despite Tenet's repeated requests that the Defendants provide the materials produced to the Debtors to Tenet, the Defendants have not done so. Tenet reserves the right to supplement this Objection based on receipt of relevant discovery from the Defendants.

Objection, to join any other objections to the Motion, to seek discovery, and to raise additional objections in writing or orally at the hearing on the Motion.

## **CONCLUSION**

9. Tenet and Conifer respectively request that the Court deny the Motion and grant such other relief as is appropriate under the circumstances.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated:  November 12, 2021 | */s/ Timothy P. Cairns* |
| | PACHULSKI STANG ZIEHL & JONES LLP |
| | Laura Davis Jones (DE Bar No. 2436) |
| | Timothy P. Cairns (DE Bar No. 4228) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone:  (302) 652-4100 |
| | Facsimile:  (302) 652-4400 |
| | Email:     ljones@pszjlaw.com |
| |           tcairns@pszjlaw.com |
| | |
| | KIRKLAND & ELLIS LLP |
| | Stephen C. Hackney, P.C. (admitted *pro hac vice*) |
| | Kent J. Hayden (admitted *pro hac vice*) |
| | Christopher S. Koenig (admitted *pro hac vice)* |
| | 300 North LaSalle Chicago, Illinois 60654 |
| | Telephone:  (312) 862-2000 |
| | Facsimile:  (312) 862-2200 |
| | Email:     stephen.hackney@kirkland.com |
| |           kent.hayden@kirkland.com |
| |           chris.koenig@kirkland.com |
| | |
| | *Counsel to Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC* |