# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: <br><br> CENTER CITY HEALTHCARE, LLC D/B/A HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 19-11466 (MFW) <br><br> (Jointly Administered) <br><br> Re: Docket Nos. 3053 & 3061 |

## MBNF NON-DEBTOR ENTITIES' OBJECTION TO TENET BUSINESS SERVICE CORPORATION'S JOINDER TO DEBTORS' AND COMMITTEE'S MOTION TO COMPEL DISCOVERY

The MBNF Non-Debtor Entities[2] hereby submit this objection (the "**Objection**") to the *Joinder of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC to Debtors' and Committee's Expedited Motion to Compel Discovery and to Continue Hearing* [Docket No. 3061] (the "**Tenet Joinder**") .

In support of this Objection, the MBNF Non-Debtor Entities respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] The "**MBNF Non-Debtor Entities**" are Joel Freedman, Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC, collectively, the "**Broad Street Entities**"), Front Street Healthcare Properties, LLC ("**Front Street I**"), Front Street Healthcare Properties II, LLC ("**Front Street II**," and collectively, the "**Front Street Entities**"), Paladin Healthcare Capital, LLC ("**Paladin**"), and Philadelphia Academic Health Holdings, LLC ("**PAHH**").

RLF1 26360748v.2

**OBJECTION**

1. The MBNF Non-Debtor Entities agree with each of the statements and arguments presented in *Respondents' Objections To Debtors' and Committees' Motion to Compel Discovery* "**Respondents' Objection**") filed contemporaneously herewith, and incorporate those statements and arguments herein.

2. The purported basis for the Debtors' and Committee's Motion to Compel[3] is to obtain discovery related to the Comfort Motion.[4] The sole issue raised in the Comfort Motion is whether certain assets—owned by the MBNF Non-Debtor Entities and not the property of the Debtors' bankruptcy estates—are subject to the automatic stay.

3. As more fully explained in Respondents' Objection, the Motion to Compel must be denied because the Motion to Compel seeks information not allowed under the rules of discovery. The allowable scope of discovery is not unlimited. Federal Rule 26 allows "parties" to "obtain discovery regarding any matter, not privileged, that is <u>relevant to the claim or defense of any party</u>." Fed. R. Civ. P. 26(b)(1) (emphasis added). It is not a tool to allow non-parties to engage in a fishing expedition that seeks information that has little or no relevance to the contested matter. *In re Newstarcom Holdings, Inc.*, 514 B.R. 394 (Bankr. D. Del. 2014) (denying motion to compel

---

[3] The **Motion to Compel** is the *Debtors' and Committee's Expedited Motion to (A) Compel Discovery on Motion of the Broad Street Entities and PAHH for Entry of an Order (I) Determining That the Automatic Stay Does Not Apply to Their Assets or (II) in the Alternative, Granting Limited Relief from the Automatic Stay for Them to Sell, Transfer, or Otherwise Encumber Such Assets and (B) to Continue Hearing* [Docket No. 3053].

[4] "**Comfort Motion**" means the *Motion of the Broad Street Entities and PAHH for Entry of an Order (I) Determining That the Automatic Stay Does Not Apply to Their Assets or (II) in the Alternative, Granting Limited Relief from the Automatic Stay for Them to Sell, Transfer, or Otherwise Encumber Such Assets* [Docket No. 3002]

where the moving party sought discovery that "provide[d] little information toward determining [the claim at hand].").

4.  The Court's power to deny motions to compel information and documents that are wholly unrelated to the contested matter applies with force here. Tenet and Conifer settled their disputes with the Committee nearly two years ago and retain a subordinated claim. *See* Docket No. 1118 (entered December 9, 2019). Notwithstanding their, at most, tangential interest in this matter, they have filed the Tenet Joinder seeking access to discovery on 23 topics, none of which go to the question of whether the automatic stay applies to the MBNF Non-Debtor Entities' properties.

5.  Tenet and Conifer's motive in joining the Motion to Compel is clear, and inappropriate. Certain MBNF parties have been litigating against Tenet in the Delaware Chancery Court since months after the sale closed in 2019. Tenet is also in the same Court suing certain MBNF parties. These actions are currently subject to mediation. Of course, obtaining information outside of that litigation process about the MBNF Non-Debtor Entities' financial status, their past and present efforts to obtain financing, their intended use of the proceeds of the proposed financing, and their relationships with their attorneys and other professionals (as is being requested in the 23 discovery topics), would provide Tenet and Conifer with information that would give them substantial leverage in the ongoing mediation.

6.  Tenet and Confer argue that the requested discovery is appropriate because the MBNF assets would be used to satisfy a judgment that they may obtain in the pending state court action. *See* Tenet and Conifer's Objection to Financing Motion [Docket No. 3102 at ¶ 3]. This argument fails. Tenet has not obtained a judgment against the MBNF Non-Debtor Entities, and should therefore not be allowed to use discovery in this separate bankruptcy proceeding to seek

discovery that would be appropriate for a judgment creditor merely because they have filed a complaint.

7. Because (i) Tenet and Conifer are not parties in this contested matter, (ii) the Motion to Compel seeks information that is not properly tethered to the contested matter; and (iii) the Motion to Compel broadly seeks information that could only be used by Tenet and Conifer for the improper purpose of seeking leverage in their ongoing mediation with the MBNF Non-Debtor Entities, the Court should deny the Tenet Joinder.

## **CONCLUSION**

8. For the reasons above, the MBNF Non-Debtor Entities respectfully request that the Court deny the Motion to Compel and the Tenet Joinder.

*[Signature page follows]*

Dated: November 18, 2021
      Wilmington, DE

/s/ Brendan J. Schlauch
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Brendan J. Schlauch (No. 6115)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
Fax: (302) 651-7701
Email: collins@rlf.com
       merchant@rlf.com
       schlauch@rlf.com

- and –

Sean A. Luner
Julien A. Adams
Gabe Doble
DOVEL & LUNER, LLP
201 Santa Monica Boulevard
Suite 600
Santa Monica, CA 90401
Tel:     (310) 656-7066
Fax:    (310) 656-7069
Email:  sean@dovel.com
         julien@dovel.com
         gabe@dovel.com

*Attorneys for the MBNF Non-Debtor Entities*