# EXHIBIT 1

## STIPULATION BY AND BETWEEN DEBTORS, VICINITY ENERGY PHILADELPHIA, INC. AND HSREP VI HOLDING, INC. AND ITS AFFILIATES

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) **Related to Docket Nos. 2400, 2553, 2573, 2578, 2825, 2826, 2840 and 2842** |
| | ) |
| | ) |

## STIPULATION BY AND BETWEEN DEBTORS, VICINITY ENERGY PHILADELPHIA, INC. AND HSREP VI HOLDING, LLC AND ITS AFFILIATES

The above captioned debtors and debtors-in-possession (the "**Debtors**"), Vicinity Energy Philadelphia, Inc. f/k/a Veolia Energy Philadelphia, Inc. ("**Vicinity**") and HSREP VI Holding, LLC ("**HSREP**") and its affiliates HSRE-PAHH I, LLC, PAHH Feinstein MOB, LLC ("**Feinstein**"), PAHH New College MOB, LLC and PAHH Broad Street MOB, LLC (collectively, with HSREP and Feinstein as the "**HSRE Entities**") (the Debtors, Vicinity and the HSRE Entities shall be referred to collectively as, the "**Parties**"), by and through their undersigned counsel, hereby stipulate (the "**Stipulation**"), subject to approval of the Court, as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

## RECITALS

WHEREAS, on February 13, 2020, Vicinity and Feinstein entered into a *Vicinity Energy Philadelphia, Inc. Steam Service Agreement* for the purchase of steam at 230 N. Broad Street, Philadelphia, PA 19111 (the "**Feinstein Agreement**");

WHEREAS, pursuant to the Feinstein Agreement, Feinstein provided Vicinity with a security deposit in the amount of Three Hundred Thousand Dollars ($300,000) (the "**Security Deposit**");

WHEREAS, Vicinity issued Feinstein invoice number 66962273578, with a "bill date" of February 4, 2020, in the total amount of $485,737.36, for steam services for the period November 15, 2019 through December 9, 2019 (the "**February 4 Invoice**");

WHEREAS, the HSRE Entities paid approximately 54% of the February Invoice, leaving an alleged balance due of $220,573.74 (the "**Alleged Balance**");

WHEREAS, Vicinity issued Feinstein invoice number 669544274957, with a "bill date" of February 7, 2020, in the total amount of $665,350.58, for steam services for the period December 9, 2019 through January 15, 2020 (the "**February 7 Invoice**");

WHEREAS, the HSRE Entities timely paid the February 7 Invoice in full;

WHEREAS, on June 17, 2021, Vicinity filed *Vicinity's Motion to Enforce 2019 Stipulation as Third Party Beneficiary* [D. I. 2400] (the "**Vicinity Motion**"), in which Vicinity sought to enforce the *Order Approving Stipulation Between Debtors and Master Landlords Regarding Rejection of Leases and Allowed Administrative Expense Claim* [D. I. 1057] (the "**Order and Stipulation**") by having the Court order Feinstein and/or Broad Street Healthcare Properties, LLC ("**Broad Street**") to pay the Alleged Balance;

2

WHEREAS, on July 2, 2021, the Debtors filed a response to the Vicinity Motion [D. I. 2553];

WHEREAS, on July 12, 2021, the HSRE Entities filed an objection and cross-motion [D. I. 2573] to the Vicinity Motion and a separate, stand alone, cross-motion [D. I. 2578] (collectively, the "**Cross Motion**") seeking the entry of an order compelling, *inter alia*, the Debtors or Broad Street and/or its affiliates to pay the Alleged Balance;

WHEREAS, on September 14, 2021, each of the Debtors and Broad Street and certain of its affiliates filed objections to the Cross Motion [D. I. 2825 and 2826];

WHEREAS, in its objection to the Cross Motion, the Debtors assert, among other things, (a) that, pursuant to the Order and Stipulation, certain of the HSRE Entities were responsible for paying any amounts due Vicinity, in the first instance, subject to later reconciliation among the HSRE Entities and the Debtors for the steam services benefitting the Debtors' estates, and (b) the Alleged Balance was overstated by as much as $123,537.02;

WHEREAS, on September 20, 2021, each of Vicinity and the HSRE Entities filed replies in support of their respective motions [D. I. 2840 and 2842];

WHEREAS, to avoid the expense, delay, uncertainty, and risk inherent in litigation, the Parties have agreed to resolve the Vicinity Motion, the Cross Motion and the disputes over the Alleged Balance in accordance with the terms set forth below.

## **AGREEMENT**

NOW THEREFORE, in consideration of the foregoing, and of the mutual covenants, terms and conditions, and obligations expressed herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties, subject to the approval of the Court, and intending to be legally bound, hereby agree as follows:

1. <u>Consideration for Settlement</u>.  In full and final settlement of the Alleged Balance, the February 4 Invoice and any amounts due Vicinity for steam services for the period November 15, 2019 through December 9, 2019, the Debtors shall pay $165,430 (the "**Settlement Amount**") to Vicinity by wire within seven (7) calendar days of the entry of a Final Order by the Court approving this Stipulation.  Vicinity shall provide the Debtors with appropriate wire instructions promptly upon Court approval of this Stipulation.

2. <u>Court Approval</u>.  Promptly upon execution of this Stipulation, the Parties shall seek Court approval of this Stipulation.  In the event that the Court does not approve the Stipulation by entry of a Final Order, this Stipulation shall be null and void and of no force and effect against any of the Parties.  An order will be considered to be a "Final Order" if the order is not subject to any timely appeal or motion for reconsideration, other than any motion for relief under Fed. R. Civ. P. 60 applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

3. <u>Return of Security Deposit</u>.  Vicinity shall return the Security Deposit to the HSRE Entities by wire within seven (7) calendar days of receipt of the Settlement Amount.  The HSRE Entities shall provide Vicinity with appropriate wire instructions promptly upon Court approval of this Stipulation.

4. <u>Mutual Releases</u>.  Subject to entry of a Final Order approving this Stipulation, Vicinity's receipt of the Settlement Amount and the HSRE Entities' receipt of the return of the Security Deposit, the Parties release and forever discharge each other and each of their parents, subsidiaries, affiliates, officers, directors, shareholders, partners, attorneys, predecessors, successors, representatives, insurers, assignees, agents, employees, administrators, and all persons acting by, through or in any way on behalf of each other of and from any and all claims, debts, demands, actions, causes of action, suits, expenses, damages, whether general, specific or punitive,

exemplary, contractual or extra-contractual, and liabilities of any kind or nature based upon or related to the February 4 Invoice, the February 7 Invoice, the Alleged Balance, the subject matter of the Vicinity Motion and Cross Motion and the provision of steam services by Vicinity for the period from November 15, 2019 through January 15, 2020, provided, however, that (a) the Debtors and the HSRE Entities reserve all rights, claims and defenses as between them with respect to the reconciliation of the February 7 Invoice and/or the provision of steam services for the period December 9, 2019 and January 15, 2020; (b) the Parties expressly agree and understand that the foregoing release does not, and is not intended to, release any claims asserted in Adversary Proceeding Numbers 21-50957 (MFW) or 21-50993 (MFW) or any defenses related thereto; and (c) the Parties expressly agree and understand that the foregoing release does not, and is not intended to, release, waive, expunge or otherwise reduce or affect Vicinity's Proof of Claim No. 881 filed in the captioned chapter 11 cases or any responses, defenses or objections thereto.

5. <u>Execution in Counterparts</u>. This Stipulation may be executed in one or more counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one agreement binding upon the parties hereto. An executed facsimile or electronic copy shall also be deemed and considered an original.

6. <u>Governing Law</u>. This Stipulation shall be governed by the laws of the State of Delaware, without giving effect to any choice of law or conflict of law provision or rule that would cause the application of the laws of any other jurisdiction. If any provision of this Stipulation shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner which would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision of this Stipulation.

7. <u>Binding Stipulation</u>. This Stipulation shall be binding on any successors or assigns of the Parties hereto.

8. <u>Entire Stipulation</u>. This Stipulation constitutes the entire agreement between the Parties regarding the matters stated herein.

9. <u>No Modification</u>.  This Stipulation may not be amended, modified, or extended except by a written instrument executed by the Parties.

10. <u>Jurisdiction</u>. The Parties agree that the Court has jurisdiction to hear and determine any matters or disputes arising from or relating to this Stipulation.

11. <u>Stipulation Jointly Negotiated and Drafted</u>.  This Stipulation has been jointly drafted and negotiated by all of the Parties hereto.  The language of this Stipulation shall be construed as a whole according to its fair meaning and not strictly for or against any of the Parties.

12. <u>No Admission of Liability</u>. This Stipulation is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any of the Parties.

13. <u>Enforcement of Stipulation</u>. In the event that legal action is instituted to enforce this Stipulation, the prevailing party shall be entitled to recover from the losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

[The balance of this page intentionally left blank.]

| | |
|---|---|
| **SAUL EWING ARNSTEIN & LEHR LLP** | **GIBBONS P.C.** |
| */s/ Mark Minuti* <br> Mark Minuti (No. 2659) <br> 1201 N. Market Street, Suite 2300 <br> P.O. Box 1266 <br> Wilmington, DE 19899 <br> Telephone: (302) 421-6800 <br> Email: mark.minuti@saul.com <br><br> -and- <br><br> Jeffrey C. Hampton <br> Adam H. Isenberg <br> Centre Square West <br> 1500 Market Street, 38th Floor <br> Philadelphia, PA 19102 <br> Telephone: (215) 972-7777 <br> Email: jeffrey.hampton@saul.com <br>         adam.isenberg@saul.com <br><br> *Counsel for Debtors and Debtors in Possession* | */s/ Howard A. Cohen* <br> Howard A. Cohen (No. 4082) <br> 300 Delaware Ave., Suite 1015 <br> Wilmington, DE 19801-1671 <br> Telephone: (302) 518-6300 <br> Email: hcohen@gibbonslaw.com <br><br> -and- <br><br> Dale E. Barney <br> One Gateway Center <br> Newark, NJ 07102 <br> Telephone: (973) 596-4500 <br> Email: dbarney@gibbonslaw.com <br><br> *Counsel for Vicinity Energy Philadelphia, Inc.* |

**DLA PIPER LLP (US)**

*/s/ Stuart M. Brown*
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Email: Stuart.Brown@us.dlapiper.com

-and-

Richard A. Chesley
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 368-4000
Email: Richard.Chesley@us.dlapiper.com

*Counsel for HSRE Entities*