**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) |
| *et al.*,[1] | ) Jointly Administered |
|  | ) |
| Debtors. | ) **Re: Docket No. 3172** |
|  | ) **Hearing Date: December 1, 2021 at 10:30 a.m.** |

**DEBTORS' AND COMMITTEE'S MOTION FOR ENTRY OF AN
ORDER AUTHORIZING THE DEBTORS AND COMMITTEE TO FILE
THE OBJECTION OF DEBTORS AND COMMITTEE TO THE MOTION OF
THE BROAD STREET ENTITIES AND PAHH FOR ENTRY OF AN ORDER
(I) DETERMINING THAT THE AUTOMATIC STAY DOES NOT APPLY TO
THEIR ASSETS OR (II) IN THE ALTERNATIVE, GRANTING LIMITED RELIEF
FROM THE AUTOMATIC STAY FOR THEM TO SELL, TRANSFER, OR
<u>OTHERWISE ENCUMBER SUCH ASSETS UNDER SEAL</u>**

The above-referenced debtors and debtors-in-possession (collectively, the "**Debtors**")

and the Official Committee of Unsecured Creditors (the "**Committee**"), by and through their

undersigned attorneys, hereby file this motion (the "**Motion**") for the entry of an order

permitting the Debtors and the Committee to file the *Objection of Debtors and Committee to*

*the Motion of the Broad Street Entities and PAHH for Entry of an Order (I) Determining that*

*the Automatic Stay Does Not Apply to Their Assets or (II) In the Alternative, Granting*

*Limited Relief from the Automatic Stay for Them to Sell, Transfer, or Otherwise Encumber*

*such Assets* (the "**Objection to Comfort / Lift Stay Motion**") under seal pursuant to 11

U.S.C. § 107(b), Fed. R. Bankr. P. 9018, and Local Rule 9018-1 (d).  In support of this

Motion, the Debtors and the Committee state as follows:

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Pursuant to Local Rule 9013-1(f), the Debtors and the Committee consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(d).

## BACKGROUND

6.      On June 30, 2019 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On June 29, 2021, the Debtors filed under seal an adversary complaint (the "**Adversary Complaint**") [Adv. D.I. 2] against each of nondebtors Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC (the "**Broad Street PropCos**") and Philadelphia Academic Health Holdings, LLC ("**PAHH**" and, with the Broad Street Propcos, the "**Movants**") and other defendants asserting numerous claims related to the defendants' prepetition acts or omissions. By agreement of the parties, the Adversary Complaint has been sealed and stayed, and the

parties remain engaged in mediation (the "**Mediation**") in which The Honorable Kevin J.

Carey (ret.) serves as mediator.

8.      The Adversary Complaint was filed under seal to prevent the disclosure of

information and documents that the Movants and other defendants in the Adversary

Complaint asserted was confidential and/or included commercially sensitive information (the

"**Confidential Information**") and to avoid potentially disrupting the Mediation.

9.      On October 29, 2021, the Movants[2] filed *The Motion of The Broad Street*

*Entities and PAHH For Entry of an Order (I) Determining That The Automatic Stay Does*

*Not Apply To Their Assets or (II) In The Alternative, Granting Limited Relief From The*

*Automatic Stay For Them To Sell, Transfer, or Otherwise Encumber Such Assets* [D.I. 3002]

(the "**Comfort / Lift Stay Motion**"), by which the Movants seek an order determining that

the automatic stay does not apply to certain assets in which the Broad Street PropCos assert

an interest or, alternatively, relief from the automatic stay so that the Movants can sell,

transfer or otherwise encumber such assets, including in connection with a contemplated

$17.5 million loan from Gordon Brothers Realty Services, LLC.

10.      Because the Debtors and Committee have reasonable and well-founded

concerns related to the Comfort / Lift Stay Motion, they served discovery on the Movants and

certain related parties.

11.      On November 8, 2021, the Debtors and Committee moved to compel

discovery and to continue the hearing on the Comfort / Lift Stay Motion [D.I. 3053].[3]

12.      Also on November 8, 2021, certain of the Movants or their related parties filed

a motion to quash the Debtors' and Committee's discovery [D.I. 3055].

---

[2]      Each of the Movants is owned and controlled by Joel Freedman, the Debtors' principal.

[3]      On November 9, 2021, certain entities controlled by Harrison Street Real Estate LLC filed a joinder to
the Debtors' and Committee's motion to compel discovery and to continue the hearing on the Comfort
/ Lift Stay Motion [D.I. 3057].

13.      On November 16, 2021, the parties submitted a stipulation (the "**Stipulation**") approved by the Court, that set a hearing date for the Comfort / Lift Stay Motion of December 1, 2021 (the "**Comfort / Lift Stay Hearing**"), an objection deadline for the Comfort / Lift Stay Motion of November 24, 2021, and a reply deadline of November 29, 2021 [D.I. 3116].  Under the Stipulation, the Movants also agreed to produce for depositions the witnesses who will testify at the Comfort / Lift Stay Hearing.

14.      On November 19, 2021, the Court heard the parties' discovery disputes, at which time the Court granted the Debtors' and Committee's motion to compel discovery as to certain matters and denied it as to others.

15.      On November 23, 2021, the Debtors and Committee took the depositions (the "**Depositions**") of Freedman and William Brinkman, at which time counsel for the Movants unilaterally declared, without explanation, that all of the testimony from the Depositions was confidential (testimony from the Depositions is hereinafter included in the defined term "**Confidential Information**").

16.      On November 24, 2021, the Debtors and Committee filed their Objection to the Comfort / Lift Stay Motion [D.I. 3172] under seal.  They did this for two reasons: (i) first, in order to prevent the disclosure of information and documents that the Movants and other defendants in the Adversary Complaint assert is Confidential Information and (ii) second, because the Objection to the Comfort / Lift Stay Motion contains references to, or descriptions of, the Adversary Complaint, and contains the full Adversary Complaint as an exhibit.

17.      Reserving all rights regarding such Confidential Information, including but not limited to whether such Confidential Information is indeed confidential (the "**Reservation of Rights**"), the Debtors and the Committee seek the entry of an order, substantially in the form

attached hereto, authorizing the filing of the Objection to Comfort / Lift Stay Motion under seal.

## LEGAL AUTHORITY AND ARGUMENT

18.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  Specifically, section 107(b) provides in part that:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

19.     In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

20.     Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.  Local Rule 9018-1(d) additionally provides, in relevant part, that "[a]ny entity seeking to file a document . . . under seal must file a motion requesting such relief . . .." Del. Bankr. L.R. 9018-1(d).

21.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal* (*In re Phar-Mor, Inc.*), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).

Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27.

22.    Here, subject to the Debtors' and Committee's Reservation of Rights, sufficient cause exists for the Court to grant the relief sought by this Motion.  Granting the Motion will preclude public disclosure of the Confidential Information and protect the Movants and other defendants in the Adversary Complaint who have asserted that the Confidential Information constitutes sensitive commercial information.  The Debtors and Committee do not believe that any party will be prejudiced by permitting the Debtors and the Committee to file the Objection to Comfort / Lift Stay Motion under seal.  The Debtors and the Committee have provided counsel for the Movants, and will provide the U.S. Trustee, with the unredacted copy of the Objection to Comfort / Lift Stay Motion.

23.    Sealing the Objection to Comfort / Lift Stay Motion is for the benefit of the Movants, who have asserted that the Confidential Information is, in fact, subject to confidentiality, as sensitive commercial information.

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9018-1(d)(iv)**

24.    Pursuant to Delaware Bankruptcy Local Rule 9018-1(d)(iv), the undersigned counsel hereby certifies that, because of the very limited time period it had to file the Objection to Comfort / Lift Stay Motion, which was due only one day after the Debtors and Committee deposed certain representatives of the Movants, it was impossible to confer with the Movants regarding specific information to redact from the Objection to Comfort / Lift Stay Motion and that, as a result and in an abundance of caution, the entire objection had to be filed under seal.

WHEREFORE, for the foregoing reasons, the Debtors and the Committee respectfully request that the Court enter an order (a) authorizing the Debtors and the Committee to file the

Objection to Comfort / Lift Stay Motion under seal, subject to the Reservation of Rights; and

(b) granting such other and further relief as the Court deems necessary and appropriate.

Dated: November 28, 2021

| | |
|---|---|
| **SAUL EWING ARNSTEIN & LEHR LLP** | **SILLS CUMMIS & GROSS P.C.** |
| /s/ *Mark Minuti* | /s/ *Boris I. Mankovetskiy* |
| Mark Minuti (DE Bar No. 2659) | Andrew H. Sherman (*admitted pro hac vice*) |
| Monique B. DiSabatino (DE Bar No. 6027) | Boris I. Mankovetskiy (*admitted pro hac vice*) |
| 1201 N. Market Street, Suite 2300 | One Riverfront Plaza |
| P.O. Box 1266 | Newark, NJ 07102 |
| Wilmington, DE 19899 | Telephone:  973-643-7000 |
| Telephone: (302) 421-6800 | Facsimile:  973-643-6500 |
| Fax: (302) 421-5873 | asherman@sillscummis.com |
| mark.minuti@saul.com | bmankovetskiy@sillscummis.com |
| monique.disabatino@saul.com | |
| | *Counsel for the Official Committee* |
| - and – | *of Unsecured Creditors* |
| Jeffrey C. Hampton (*admitted pro hac vice*) | |
| Adam H. Isenberg (*admitted pro hac vice*) | |
| Centre Square West | |
| 1500 Market Street, 38th Floor | |
| Philadelphia, PA 19102 | |
| Telephone: (215) 972-7777 | |
| Fax: (215) 972-7725 | |
| jeffrey.hampton@saul.com | |
| adam.isenberg@saul.com | |
| | |
| *Counsel for the Debtors and Debtors in* | |
| *Possession* | |