## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) Case No. 19-11466 (MFW) |
| *et al.*,[1] | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Related to: 3002, 3053, 3055, 3101, 3102, 3105,** |
| | ) **3172, and 3175** |
| | ) |

## MOTION FOR EXPEDITED CONSIDERATION OF DEBTORS' AND COMMITTEE'S (I) RENEWED MOTION TO COMPEL DISCOVERY AND CONTINUE HEARING ON COMFORT / LIFT STAY MOTION AND (II) MOTION IN LIMINE

The above-referenced debtors and debtors-in-possession (collectively, the "**Debtors**")

and the Official Committee of Unsecured Creditors (the "**Committee**"), by and through their

undersigned attorneys, hereby file this motion (the "**Motion**") for expedited consideration of

*Debtors' and Committee's (I) Renewed Motion to Compel Discovery and Continue Hearing on*

*Comfort / Lift Stay Motion and (II) Motion in Limine* (the "**Renewed Motion to Compel and**

**Continue**"), filed contemporaneously herewith.   In support of the Motion, the Debtors and

Committee respectfully state as follows:

## BACKGROUND

1.     On June 30, 2019 or July 1, 2019 (the "**Petition Date**"), each of the Debtors filed

a voluntary petition for relief under chapter 11 of the Bankruptcy Code.   The Debtors are

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).   The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

operating their businesses and managing their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases under Bankruptcy Rule 1015(b).

2.      On June 29, 2021, the Debtors filed under seal an adversary complaint (the "**Adversary Complaint**") [Adv. D.I. 2] against the Movants (defined below) and other defendants (including Joel Freedman), asserting substantial claims.  By agreement of the parties, the Adversary Complaint has been sealed and stayed, and the parties remain engaged in mediation (the "**Mediation**") in which The Honorable Kevin J. Carey (ret.) serves as mediator.

3.      On October 29, 2021, despite the ongoing Mediation and the fact that the Adversary Complaint asserts claims against the Movants, and without prior notice to the Debtors or the Committee, nondebtors Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC (the "**Broad Street PropCos**") and Philadelphia Academic Health Holdings, LLC ("**PAHH**" and, with the Broad Street Propcos, the "**Movants**")[2] filed *The Motion of The Broad Street Entities and PAHH For Entry of an Order (I) Determining That The Automatic Stay Does Not Apply To Their Assets or (II) In The Alternative, Granting Limited Relief From The Automatic Stay For Them To Sell, Transfer, or Otherwise Encumber Such Assets* [D.I. 3002] (the "**Comfort / Lift Stay Motion**").

4.      By the Comfort / Lift Stay Motion, the Movants seek an order determining that the automatic stay does not apply to certain assets in which the Broad Street PropCos assert an interest or, alternatively, relief from the automatic stay so that the Movants can sell, transfer or otherwise encumber such assets, including in connection with a contemplated $17.5 million loan (the "**Proposed Loan**") from Gordon Brothers Realty Services, LLC ("**Gordon Brothers**").

---

[2]      Each of the Movants is owned and controlled by Joel Freedman, the Debtors' principal.

5.     Because the Debtors and Committee have reasonable and well-founded concerns regarding the relief sought in the Comfort / Lift Stay Motion, they propounded discovery (the "**Discovery**") (consisting of requests for production of documents and deposition notices) upon the Movants, Mr. Freedman, key affiliated third-party entities and individuals, and Gordon Brothers.

6.     On November 8, 2021, the Debtors and Committee moved to compel discovery and to continue the hearing on the Comfort / Lift Stay Motion [D.I. 3053].  On that same day, the Movants and certain related parties filed a motion to quash the Discovery [D.I. 3055].[3]

7.     On November 16, 2021, the Debtors and Committee filed an objection to the Movants' motion to quash their subpoenas [D.I. 3115].  The parties also submitted a stipulation (the "**Stipulation**"), approved by the Court, that set a hearing date for the Comfort / Lift Stay Motion of December 1, 2021 (the "**Comfort / Lift Stay Hearing**"), an objection deadline for the Comfort / Lift Stay Motion of November 24, 2021, and a reply deadline of November 29, 2021 [D.I. 3116].  Under the Stipulation, the Movants also agreed to produce for depositions the witnesses who will testify at the Comfort / Lift Stay Hearing.

8.     On November 19, 2021, the parties' discovery disputes were heard by the Court, at which time the Court granted the Debtors' and Committee's motion to compel discovery as to certain matters and denied it to others.

9.     Notwithstanding the Court's rulings on November 19th, the Movants have failed or refused to produce critical documents, examples of which are set forth in the Renewed Motion to Compel and Continue.  In addition, and as further set forth in the Renewed Motion to Compel and Continue, at the Debtors' and Committee's depositions of Freedman and Brinkman on

---

[3]    On November 9, 2021, certain entities controlled by Harrison Street Real Estate LLC filed a joinder to the Debtors' and Committee's motion to compel discovery and to continue the hearing on the Comfort / Lift Stay Motion [D.I. 3057].

November 23, 2021, counsel to the Movants instructed the witnesses not to answer numerous critical questions that fall within the Court's rulings on permitted discovery[4].

10.     On November 24, 2021, the Debtors and Committee filed a joint objection to the Comfort / Lift Stay Motion [D.I. 3172].  This objection, and the Renewed Motion to Compel and Continue, further underscore both the relevance of the missing Discovery and the necessity to complete it prior to the adjudication of the Comfort / Lift Stay Motion.

11.     Because the Movants have failed or refused to comply with the Court's rulings on November 19th, the Debtors and Committee are at a severe disadvantage for the December 1, 2021 hearing.  Accordingly, contemporaneously with the filing of this Motion, the Debtors and Committee have filed their Renewed Motion to Compel and Continue seeking entry of an order compelling Discovery of the Movants and other parties and continuing the hearing on the Comfort / Lift Stay Motion.

## **RELIEF REQUESTED**

12.     By this Motion, the Debtors and Committee respectfully request that the Court expedite consideration of the Renewed Motion to Compel and Continue and consider such motion at the December 1, 2021 hearing currently scheduled for the Comfort / Lift Stay Motion, with objections due by 12:00 noon the day prior to the hearing, or as the Court may deem appropriate.

## **BASIS FOR RELIEF**

13.     Del. Bankr. LR 9006-1(c) provides that normally, motions like the Renewed Motion to Compel and Continue "shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date."  Del. Bankr. LR 9006-1(e), however, provides that a motion may be heard on less notice than otherwise required "by Order of the

---

[4]     The Debtors and Committee proceeded with these depositions with a full reservation of rights.

Court, on written motion (served on all interested parties) specifying the exigencies justifying [the] shortened notice."

14.     Here, cause exists to expedite consideration of the Renewed Motion to Compel and Continue.  As set forth in detail in the Renewed Motion to Compel and Continue, the Movants and other related parties have failed or refused to comply with the Court's rulings on November 19th regarding the Discovery.  The Movants' failures and refusals, which include failure to produce documents and communications and multiple instructions to witnesses not to answer questions raised at deposition, have materially hampered the Debtors' and Committee's ability to investigate the issues raised in the Comfort / Lift Stay Motion.

15.     Because the hearing for the Comfort / Lift Stay Motion is currently scheduled for December 1, 2021, it is imperative that the Renewed Motion to Compel and Continue be heard on or before December 1, 2021; otherwise, the Debtors and Committee will be forced to proceed at the hearing on the Comfort / Lift Stay Motion with materially incomplete information.

16.     Pursuant to Del. Bankr. LR 9006-1(e), the undersigned counsel asserts that, given that the Renewed Motion to Compel and Continue should be considered at or prior to the December 1, 2021 hearing on the Comfort / Lift Stay Motion, reaching out to other parties to attempt to obtain their consent to the relief requested herein was futile.

**WHEREFORE**, the Debtors and Committee respectfully request the entry of an Order, substantially in the form attached hereto as **Exhibit A**: (i) granting the relief requested in the Motion; (ii) scheduling a hearing on the Renewed Motion to Compel and Continue on December 1, 2021 with objections, if any, due by 12:00 noon the day prior to the hearing, or as otherwise directed by the Court; and (iii) granting such other further relief as is just and proper.

Dated: November 28, 2021

**SAUL EWING ARNSTEIN & LEHR LLP**

/s/ *Mark Minuti*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

- and –

Jeffrey C. Hampton (*admitted pro hac vice*)
Adam H. Isenberg (*admitted pro hac vice*)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for the Debtors and Debtors in
Possession*

**SILLS CUMMIS & GROSS P.C.**

/s/ *Boris I. Mankovetskiy*
Andrew H. Sherman (*admitted pro hac vice*)
Boris I. Mankovetskiy (*admitted pro hac vice*)
One Riverfront Plaza
Newark, NJ 07102
Telephone:  973-643-7000
Facsimile:  973-643-6500
asherman@sillscummis.com
bmankovetskiy@sillscummis.com

*Counsel for the Official Committee
of Unsecured Creditors*