**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) Hearing Date: December 1, 2021 at 10:30 a.m. |

**DEBTORS' AND COMMITTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS AND COMMITTEE TO FILE THE DEBTORS' AND COMMITTEE'S (I) RENEWED MOTION TO COMPEL DISCOVERY AND CONTINUE HEARING ON COMFORT / LIFT STAY MOTION AND (II) MOTION IN LIMINE UNDER SEAL**

The above-referenced debtors and debtors-in-possession (collectively, the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**"), by and through their undersigned attorneys, hereby file this motion (the "**Motion**") for the entry of an Order permitting the Debtors and Committee to file the *Debtors' and Committee's (I) Renewed Motion to Compel Discovery and Continue Hearing on Comfort / Lift Stay Motion and (II) Motion in Limine* (the "**Renewed Motion to Compel and Continue**") under seal pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018, and Local Rule 9018-1 (d). In support of this Motion, the Debtors and Committee state as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---
[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

39307709.3

3. Pursuant to Local Rule 9013-1(f), the Debtors and Committee consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(d).

## BACKGROUND

6. On June 30, 2019 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

7. On June 29, 2021, the Debtors filed under seal an adversary complaint (the "**Adversary Complaint**") [Adv. D.I. 2] against each of nondebtors Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC (the "**Broad Street PropCos**") and Philadelphia Academic Health Holdings, LLC ("**PAHH**" and, with the Broad Street Propcos, the "**Movants**") and other defendants asserting numerous claims related to the defendants' prepetition acts or omissions (the "**Adversary Proceeding**"). By agreement of the parties, the Adversary Complaint has been sealed and stayed, and the parties remain engaged in mediation (the "**Mediation**") in which The Honorable Kevin J. Carey (ret.) serves as mediator.

8. The Adversary Complaint was filed under seal to prevent the disclosure of information and documents that the Movants and others asserted was confidential and/or included commercially sensitive information (the "**Confidential Information**").

9. On October 29, 2021, the Movants[2] filed *The Motion of The Broad Street Entities and PAHH For Entry of an Order (I) Determining That The Automatic Stay Does Not Apply To Their Assets or (II) In The Alternative, Granting Limited Relief From The Automatic Stay For Them To Sell, Transfer, or Otherwise Encumber Such Assets* [D.I. 3002] (the "**Comfort / Lift Stay Motion**"), by which the Movants seek an order determining that the automatic stay does not apply to their assets or, alternatively, relief from the automatic stay so that the Movants can sell, transfer or otherwise encumber their assets in connection with a contemplated $17.5 million loan (the "**Proposed Loan**") from Gordon Brothers Realty Services, LLC ("**Gordon Brothers**").

10. Because the Debtors and Committee have reasonable and well-founded concerns related to the disposition of the assets in which the Movants assert an interest prior to the adjudication of the Adversary Complaint, on November 2-3, 2021, the Debtors and Committee served discovery on the Movants and related parties.

11. On November 8, 2021, the Debtors and Committee moved to compel discovery and to continue the hearing on the Comfort / Lift Stay Motion [D.I. 3053]. The Debtors and Committee also moved for expedited consideration of their motion to compel and to continue, which was denied by the Court [D.I. 3054, 3079].

12. Also on November 8, 2021, certain of the Movants or their related parties filed a motion to quash the discovery [D.I. 3055].

---

[2] Each of the Movants is owned and controlled by Joel Freedman ("**Freedman**"), the Debtors' principal.

3

13. On November 19, 2021, the Court heard the parties' discovery disputes, at which time the Court granted the Debtors' and Committee's motion to compel discovery as to certain matters and denied it as to others.

14. Almost all of the documents produced by the Movants in response to the Debtors' and Committee's discovery were designated as "confidential." On November 23, 2021, the Debtors and Committee took the depositions (the "**Depositions**") of Freedman and William Brinkman ("**Brinkman**") where counsel for the Movants declared the transcripts of the Depositions as confidential.

15. On November 24, 2021, the Debtors and Committee filed under seal a joint objection (the "**Comfort / Lift Stay Motion Objection**") to the Comfort / Lift Stay Motion [D.I. 3172]. The Debtors and Committee filed the Comfort / Lift Stay Motion Objection under seal to prevent the disclosure of information and documents that the Movants and others asserted was confidential information (the "**Alleged Confidential Information**").

16. Similar to the Adversary Complaint and the Comfort / Lift Stay Objection, the Renewed Motion to Compel and Continue contains information and references to documents and transcripts that the Movants and others assert contain Alleged Confidential Information.

17. Reserving all rights regarding such Alleged Confidential Information, including but not limited to whether such Alleged Confidential Information is indeed confidential, the Debtors and Committee seek the entry of an order, substantially in the form attached hereto authorizing the filing of the Renewed Motion to Compel and Continue under seal.

## LEGAL AUTHORITY AND ARGUMENT

18. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the

disclosure of certain confidential information. Specifically, section 107(b) provides in part that:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

19. In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

20. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Local Rule 9018-1(d) additionally provides, in relevant part, that "[a]ny entity seeking to file a document . . . under seal must file a motion requesting such relief . . . ." Del. Bankr. L.R. 9018-1(d).

21. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal* (*In re Phar-Mor, Inc.*), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27.

22. Here, sufficient cause exists for the Court to grant the relief sought by this Motion. Granting the Motion will preclude public disclosure of the Alleged Confidential

Information and protect the Movants and others, who have asserted that the Alleged Confidential Information constitutes sensitive commercial information.  Additionally, no party will be prejudiced by permitting the Debtors and Committee to file the Renewed Motion to Compel and Continue under seal.  The Debtors and Committee have provided counsel for the Movants, and will provide the U.S. Trustee, with the unredacted copy of the Renewed Motion to Compel and Continue.

23. Sealing the Renewed Motion to Compel and Continue is for the benefit of the Movants, who have asserted that the Alleged Confidential Information is, in fact, subject to confidentiality, as sensitive commercial information.

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9018-1(d)(iv)**

24. Pursuant to Delaware Bankruptcy Local Rule 9019-1(d)(iv), the undersigned counsel hereby certifies that, given (a) the timing of the Financing Motion; (b) the Movants' confidentiality designations and (c) prior discussions among counsel regarding the use and introduction of Alleged Confidential Information, discussions regarding what portions of the Renewed Motion to Compel and Continue  should or should not be sealed, was not warranted or practical under the circumstances.

[*Signature Page Follows*]

WHEREFORE, for the foregoing reasons, the Debtors and Committee respectfully request that the Court enter an order (a) authorizing the Debtors and Committee to file the Renewed Motion to Compel and Continue under seal; and (b) approving the Proposed Redacted Motion which protects any Confidential Information from public disclosure.

Dated: November 28, 2021

| SAUL EWING ARNSTEIN & LEHR LLP | SILLS CUMMIS & GROSS P.C. |
|---|---|
| /s/ *Mark Minuti* | /s/ *Boris I. Mankovetskiy* |
| Mark Minuti (DE Bar No. 2659) | Andrew H. Sherman (*admitted pro hac vice*) |
| Monique B. DiSabatino (DE Bar No. 6027) | Boris I. Mankovetskiy (*admitted pro hac vice*) |
| 1201 N. Market Street, Suite 2300 | One Riverfront Plaza |
| P.O. Box 1266 | Newark, NJ 07102 |
| Wilmington, DE 19899 | Telephone: 973-643-7000 |
| Telephone: (302) 421-6800 | Facsimile: 973-643-6500 |
| Fax: (302) 421-5873 | asherman@sillscummis.com |
| mark.minuti@saul.com | bmankovetskiy@sillscummis.com |
| monique.disabatino@saul.com | |
| | *Counsel for the Official Committee of Unsecured Creditors* |
| - and – | |
| Jeffrey C. Hampton (*admitted pro hac vice*) | |
| Adam H. Isenberg (*admitted pro hac vice*) | |
| Centre Square West | |
| 1500 Market Street, 38th Floor | |
| Philadelphia, PA 19102 | |
| Telephone: (215) 972-7777 | |
| Fax: (215) 972-7725 | |
| jeffrey.hampton@saul.com | |
| adam.isenberg@saul.com | |
| | |
| *Counsel for the Debtors and Debtors in Possession* | |