IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC D/B/A HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (MFW) |
| | (Jointly Administered) |
| Debtors. | Re: Docket Nos. 3002 & 3102 |

---

# MBNF NON-DEBTOR ENTITIES' REPLY TO THE OBJECTION OF TENET BUSINESS SERVICE CORPORATION AND CONIFER REVENUE CYCLE SOLUTIONS, LLC TO THE MOTION OF THE BROAD STREET ENTITIES AND PAHH FOR ENTRY OF A COMFORT ORDER REGARDING THE AUTOMATIC STAY

The MBNF Non-Debtor Entities[2] hereby submit this reply in response to the *Objection of Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC to the Motion of the Broad Street Entities and PAHH for Entry of a Comfort Order Regarding the Automatic Stay* [Docket No. 3102] (the "**Tenet Objection**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] The "**MBNF Non-Debtor Entities**" are Joel Freedman, Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC, collectively, the "**Broad Street Entities**"), Front Street Healthcare Properties, LLC ("**Front Street I**"), Front Street Healthcare Properties II, LLC ("**Front Street II**," and collectively, the "**Front Street Entities**"), Paladin Healthcare Capital, LLC ("**Paladin**"), and Philadelphia Academic Health Holdings, LLC ("**PAHH**").

RLF1 26400781v.2

## REPLY

1.      The MBNF Non-Debtor Entities agree with each of the statements and arguments presented in the *Omnibus Reply in Support of the Motion of the Broad Street Entities and PAHH for Entry of an Order (I) Determining that the Automatic Stay Does Not Apply to Their Assets or (II) in the Alternative, Granting Limited Relief from the Automatic Stay for Them to Sell, Transfer, or Otherwise Encumber Such Assets* ("**Movants' Reply**") filed contemporaneously herewith, and incorporate those statements and arguments herein. For the reasons stated in the Comfort Motion [Docket No. 3002] and Movants' Reply, the Comfort Motion must be granted.

2.      In the Tenet Objection, Tenet provides no basis to alter this result. Tenet does not dispute that the Comfort Motion seeks alternative relief and is procedurally sound. Tenet does not dispute that (i) the MBNF Assets are not estate property and, as a result (ii) the automatic stay does not apply. In sum, Tenet provides no legal reason why the Court should not grant the Comfort Motion.

3.      Tenet's only basis for objecting to the Comfort Motion is found in the following sentence in paragraph 6 of their opposition: "Thus it appears that the true purpose of the Motion is not to obtain comfort that liens can be granted on the MBNF Assets (because liens have already been granted), but is instead an attempt to obtain the Court's imprimatur to grant liens on the MBNF Assets and thereby obtain leverage over Tenet, the Debtors, and the UCC in the mediation." [Docket No. 3102 at ¶ 6].

4.      In making this argument, Tenet acknowledges that liens can be granted on the MBNF Assets, and they implicitly agree that there is nothing inherently improper in the MBNF Non-Debtor Entities obtaining such lien. Tenet, however, accuses the MBNF Non-Debtor Entities of gamesmanship and argue that they are seeking the Term Loan and relief from the stay for the

improper purpose of "obtain[ing] leverage over Tenet, the Debtors, and the UCC in the mediation." [Docket No. 3102 at ¶ 6]. This is false.

5. First, nowhere in the Comfort Motion is the MBNF Non-Debtor Entities seeking the Court's approval over the liens that have already been granted. The Comfort Motion is entirely forward looking.

6. Second, as stated in the Comfort Motion and Movants' Reply, the MBNF Non-Debtor Entities are seeking the Term Loan and relief requested in the Comfort Motion for the legitimate purpose of allowing the MBNF Non-Debtor Entities to continue to preserve and maximize the value of their assets for the benefit of all of their stakeholders. With access to the Term Loan, the MBNF Non-Debtor Entities will be able to (i) pay all of the real estate taxes levied and municipal fees incurred with respect to their property; (ii) properly manage the property and ensure it remains compliant with applicable building and safety codes; and (iii) correct or otherwise remedy code violations. *See* Docket No. 3187.

7. On the contrary, Tenet and Conifer are the parties that are engaging in gamesmanship. Tenet's and Conifer's interest in this matter is, at best, tangential. Tenet and Conifer settled their disputes with the Debtors and the Creditors' Committee nearly two years ago, retaining a subordinated claim against the Debtors' estates. S*ee* Docket No. 1118 (entered December 9, 2019). Tenet and Conifer are, however, engaged in separate state court litigation with the MBNF Non-Debtor Entities. Certain MBNF parties have been litigating against Tenet in the Delaware Superior Court and the Delaware Chancery Court only months after the acquisition from Tenet closed in 2018. Tenet is also in the same Court suing certain MBNF parties. These actions are currently subject to mediation with Judge Farnan, which is, contrary to Tenet's assertion in the Tenet Objection, not a "combined mediation." Instead, it is a separate mediation

from the mediation that the MBNF Non-Debtor Entities are currently engaged in with the Debtors and the Creditors' Committee that is overseen by Judge Carey. In fact, Tenet has entered into a stipulation with all relevant parties clarifying how the communications between the mediators are to be governed, among other things.

8. Tenet and Conifer argue that they have a legitimate interest in this matter because the MBNF assets would be used to satisfy a judgment that they may obtain in the pending state court action. *See* Tenet Objection [Docket No. 3102 at ¶ 3]. This argument fails. Tenet has not obtained a judgment against the MBNF Non-Debtor Entities, and should therefore not be allowed to use discovery in this separate bankruptcy proceeding to seek discovery that would only be appropriate for a judgment creditor merely because they have filed a complaint.

9. As stated in the Comfort Motion and Movants' Reply, preventing the MBNF Non-Debtor Entities from preserving and maximizing the value of their assets would be extremely prejudicial to the MBNF Non-Debtor Entities. In addition, and importantly, it would serve to provide Tenet and Conifer with substantial leverage in the ongoing mediation between the parties. This action should not be condoned.[3]

## **CONCLUSION**

10. For the reasons above, the MBNF Non-Debtor Entities respectfully request that the Court deny the Tenet Objection and grant the Comfort Motion.

---

[3] A further indicator of Tenet's and Conifer's motive in filing its objections now is that they did not complain when the MBNF Non-Debtor Entities were selling the real estate associated with St. Christopher's Hospital for Children, the circumstances of which are described in detail in Movants' Reply, or tried to stop such sale. Just as the Debtors and the Creditors' Committee are doing now, Tenet has chosen to take an inconsistent position when such change suits its interests. In fact, Tenet used its position as the first priority lienholder with respect to that real property and forced the payment of over $1.1 million in "legal fees" out of the real estate proceeds and as a condition of delivering the payoff letter and mortgage satisfaction and releases.

Dated: November 29, 2021
      Wilmington, DE

                                                             /s/ Brendan J. Schlauch
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Brendan J. Schlauch (No. 6115)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
Fax: (302) 651-7701
Email: collins@rlf.com
         merchant@rlf.com
         schlauch@rlf.com

- and –

Sean A. Luner
Julien A. Adams
Gabe Doble
DOVEL & LUNER, LLP
201 Santa Monica Boulevard
Suite 600
Santa Monica, CA 90401
Tel:     (310) 656-7066
Fax:    (310) 656-7069
Email:   sean@dovel.com
            julien@dovel.com
            gabe@dovel.com

*Attorneys for the MBNF Non-Debtor Entities*