IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2021 NOV 29 AM 10: 23
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

In Re:

CENTER CITY HEALTHCARE, LLC d/b/a:
HAHNEMANN UNIVERSITY
HOSPITAL, et al.,[1]

Debtors

: Case No. 19-11466 (KG)
:
: In Proceedings for a
: Liquidation under Chapter 11
: of the Bankruptcy Code

## ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of Movant, Robert Johnson's Motion for Relief from Automatic Stay, it is hereby ORDERED and DECREED that Movant, Robert Johnson, is allowed to continue their litigation (Robert Johnson v. City of Philadelphia, et al., Philadelphia County Court of Common Pleas, Case ID. 190301405) against debtor, Center City Healthcare, LLC d/b/a Hahnemann University Hospital, through trial and judgment against the proceeds of the insurance policy applicable to debtor, Center City Healthcare, LLC d/b/a Hahnemann University Hospital.

BY THE COURT:

_____
J.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a:<br>HAHNEMANN UNIVERSITY<br>HOSPITAL, *et al.*,[1]<br>Debtors | :<br>:<br>: Case No. 19-11466 (KG)<br>:<br>: In Proceedings for a<br>: Liquidation under Chapter 11<br>: of the Bankruptcy Code |

**NOTICE OF MOTION FOR ORDER GRANTING**
**RELIEF FROM AUTOMATIC STAY**

Robert Johnson, by and through his attorney, Michael T. van der Veen, has filed a Motion for an Order Granting Relief from Automatic Stay with the Court to pursue claims for personal injury to the extent of the liability insurance coverage.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney if you have one in this bankruptcy case.

1. If you do not want the Court to grant Movant's Motion for Relief from the Automatic Stay, or if you want the Court to consider your views on the Movant's Motion for Relief from the Automatic Stay, then on or before _____ your attorney must do all of the following:

    (a) File an answer explaining your position at:

        US Bankruptcy Court
        District of Delaware
        824 Market Street, 3rd Floor
        Wilmington, DE 19801

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

If you mail your answer to the Bankruptcy Clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated above; and

(b) Mail a copy to the movant's attorneys:
Michael T. van der Veen, Esquire
van der Veen, Hartshorn, and Levin
1219 Spruce Street
Philadelphia, PA 19107
(215) 546-1000-phone
(215) 546-VLAW-facsimile

2. If you or your attorney do not take the steps described in paragraphs 1(a) and 1(b) above and attend the hearing, the Court may enter an order granting the relief requested in the motion.

3. A hearing on the motion is scheduled to be held before the Honorable Judge, Kevin Gross, _____, ____ 2021 at _____ in Courtroom 3, United States Bankruptcy Court, District of Delaware, 824 Market Street, 6th Floor, Wilmington, DE 19801. Unless the Court orders otherwise, the hearing on this contested matter will be an evidentiary hearing at which witnesses may testify with respect to disputed material factual issues in the matter directed by Fed.R.Bankr.P.9014 (d).

4. If a copy of the Motion is not enclosed, a copy of the Motion will be provided to you if you request a copy from the attorney named in paragraph 1(b).

5. You may contact the Bankruptcy Clerk's office at (302) 252-2900 to find out whether the hearing has been cancelled because no one filed an answer.

van der Veen, Hartshorn, and Levin

By: /s/ Michael T. van der Veen
Michael T. van der Veen
Attorney for Movant
Robert Johnson

Dated: 11/22/2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In Re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a:<br>HAHNEMANN UNIVERSITY<br>HOSPITAL, et al.,[1]<br>Debtors | : <br>: <br>: Case No. 19-11466 (KG)<br>: <br>: In Proceedings for a<br>: Liquidation under Chapter 11<br>: of the Bankruptcy Code |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

1. On or about July 29, 2018, Movant suffered a stroke while in the custody of the Philadelphia Department of Prisons and was taken to Hahnemann University Hospital. Over the next ten months, Movant was transferred between Hahnemann University Hospital and other facilities at various times for care and/or supervision. During his stay at Hahnemann University Hospital and the other facilities, Movant developed decubitus ulcers over his entire body, including but not limited to his head, his back, his buttocks, his scrotum, and his legs. The decubitus ulcers became infected. On or about June 19, 2019, Movant passed away as a result of the infected decubitus ulcers.

2. On or about March 11, 2019, Movant filed a Complaint bringing suit against Center City Healthcare d/b/a Hahnemann University Hospital, in connection with the aforementioned injuries in the Court of Common Pleas of Philadelphia County, No.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad

190301405.

3. On or about July 15, 2019, the above named debtor filed a voluntary Petition under Chapter 11 of the Bankruptcy Code.

4. By provision of 11 U.S.C. Section 362 all persons are enjoined and stayed from commencing or continuing any suit against the debtor.

5. On the aforesaid date, the debtor maintained an insurance policy, whereby the insured, Center City Healthcare d/b/a Hahnemann University Hospital, believed it was insured for claims of bodily injury occurring whereby said carrier agreed to pay all sums, in which the debtor should become liable to pay as damages imposed upon it by law for bodily injury.

6. Movant, believes and therefore avers that under said policy the insolvency or bankruptcy of the debtor-insured, or the insolvency of its estate shall not release the insurance company from the payment of damages for injuries sustained during the term of and within the coverage of said policy.

7. In the event a judgment against debtor is recovered by the Movant in the aforementioned claim, and such judgment remains unsatisfied at the expiration of the time stated in the Insurance Laws of the State of Delaware, Movant will commence an action against debtor's insurance company and the other named defendants.

8. Therefore, the prosecution of this claim will not reduce or jeopardize the assets of the debtor to the detriment of the creditors in bankruptcy.

9. In the event Movant is permitted to pursue the aforementioned claim he will not file

Street, Philadelphia, Pennsylvania 19102.

a claim in this proceeding.

10. Modifying the Automatic Stay will place no undue burden upon the Debtor or the Bankrupt Estate, but, if not modified, the Movant will suffer extreme prejudice in that he will be unable to pursue his action.

WHEREFORE, Movant prays that the stay afforded by 11 U.S.C. Section 362 be modified so as to permit them to proceed with their case against Center City Healthcare d/b/a Hahnemann University Hospital., through trial and judgment in an amount not in excess of insurance coverage.

        Respectfully submitted,

        van der Veen, Hartshorn, and Levin

        By:  /s/ Michael T. van der Veen
             Michael T. van der Veen
             Attorney for Movant
             Robert Johnson

Dated: 11/22/2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a:<br>HAHNEMANN UNIVERSITY<br>HOSPITAL, *et al.*,[1]<br>　　　　Debtors | : <br>: <br>: Case No. 19-11466 (KG)<br>: <br>: In Proceedings for a<br>: Liquidation under Chapter 11<br>: of the Bankruptcy Code |

## BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

**I.　FACTS**

On or about July 29, 2018, Movant suffered a stroke while in the custody of the Philadelphia Department of Prisons and was taken to Hahnemann University Hospital. Over the next ten months, Movant was transferred between Hahnemann University Hospital and other facilities at various times for care and/or supervision. During his stay at Hahnemann University Hospital and the other facilities, Movant developed decubitus ulcers over his entire body, including but not limited to his head, his back, his buttocks, his scrotum, and his legs. The decubitus ulcers became infected. On or about June 19, 2019, Movant passed away as a result of the infected decubitus ulcers. On or about March 11, 2019, Movant filed a Complaint bringing suit against Center City Healthcare d/b/a Hahnemann University Hospital, in connection with the aforementioned injuries in the Court of Common Pleas of Philadelphia County, No. 190301405.

On or about July 15, 2019, the above-named debtor filed a voluntary Petition under Chapter

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad

11 of the Bankruptcy Code. The Bankruptcy Code provides for an automatic stay of all judicial proceedings against a debtor who has filed for bankruptcy protection. This stay is applicable to civil actions arising from personal injury. 11 U.S.C.A. § 362. However, the Code also provides for relief from this automatic stay if cause can be shown. 11 U.S.C.A. § 362(d).

## II. ARGUMENT

The Bankruptcy Code provides that the filing of a bankruptcy proceeding imposes an automatic stay of all judicial proceedings at the time of the bankruptcy filing. The automatic stay is "one of the fundamental debtor protections supplied by the Bankruptcy Code." In re Atlantic Med. Mgmt. Servs., Inc., 387 B.R. 654, 662 (Bankr. E.D. Pa. 2008) (citing University Medical Center v. Sullivan (In re University Medical Center), 973 F.2d 1065, 1074 (3d Cir. 1992)). See also In re Ellis, 339 B.R. 136, 140 n.7 (Bankr. E.D. Pa. 2006) (noting that the automatic stay gives the debtor "a breathing spell from his creditors by stopping all collection efforts, all harassment and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan or simply to be free of the financial pressures that drove him into bankruptcy."). This stay applies to litigation arising out of personal injury claims. See, e.g., In re: A.H. Robbins Company, Inc., 828 F.2d 1023 (4th Cir. 1987). The code also authorizes the Bankruptcy Court to grant relief from the automatic stay on the request of a party in interest, once cause has been shown. Whether to terminate or modify the bankruptcy stay under section 362(d) is within the discretion of the bankruptcy court and is a determination made by examining the totality of the circumstances. In re Milstein, 304 B.R. 208, 211 (Bankr. E.D. Pa. 2004) (citations omitted). Estimations of "cause" under section 362(d) involve an intentionally broad and flexible

Street, Philadelphia, Pennsylvania 19102.

inquiry, which permits the Court, as a matter of equity, to respond to inherently fact-sensitive situations. *See* In re Texas State Optical, Inc., 188 B.R. 552 (Bkrtcy. E.D. Tex. 1995). When considering whether to grant such relief, the Bankruptcy Court must evaluate the purpose for the stay, the interest of the bankrupt estate, and the hardship that will be imposed upon the creditor if the relief is not granted. In re: Parkinson, 102 B.R. 141, (Bkrtcy. C.D. Ill. 1988).

In the present case, the real party in interest is the movant, Robert Johnson. Absent a relief from the stay so that they may proceed with his action, Mr. Johnson will be precluded from ever recovering any damages for his injuries against the Defendant's insurance policy. This would be an unjustifiably cruel result.

This motion only seeks relief from the stay so that the movant may recover against the Defendant's insurance policy. The policy was in full force and effect at the time of the incident. It was specifically purchased to insure against incidents such as the one the movant suffered.

It has been held that where the debtor or bankrupt estate will suffer no great prejudice from the prosecution of a civil suit and the plaintiff will suffer a hardship by the maintenance of a stay, the motion for relief from a stay should be granted. In re: Bock Laundry Machine Company, 37 B.R. 564 (Bkrtcy. N.D. OH. 1984).

The debtor will suffer no hardship from the prosecution of this action, as Mr. Johnson's prosecution of an action will not affect the assets Center City Healthcare d/b/a Hahnemann University Hospital.

Center City Healthcare d/b/a Hahnemann University Hospital's insurance company cannot use the proceeds of this policy to pay other creditors, and the insurance policy itself is not imperiled by this action. The debtor and bankrupt estate will suffer no detrimental effects if this action is allowed to proceed.

For all of the aforementioned reasons, the Movant respectfully requests that this Court modify the automatic stay to permit them to proceed with their claims up to policy limits. Sufficient cause has been shown. Furthermore, no hardship to either the debtor or to any other creditor can occur if the stay is modified.

        Respectfully submitted,

        van der Veen, Hartshorn, and Levin

        By: /s/ Michael T. van der Veen
            Michael T. van der Veen
            Attorney for Movant
            Robert Johnson

Dated: 11/22/2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a:<br>HAHNEMANN UNIVERSITY<br>HOSPITAL, et al.,[1]<br>　　　　Debtors | : <br>: Case No. 19-11466 (KG)<br>: <br>: In Proceedings for a<br>: Liquidation under Chapter 11<br>: of the Bankruptcy Code |

**CERTIFICATE OF SERVICE**

On this _____ day of _____, 2021, I, Michael T. van der Veen, Esquire, hereby affirm and attest that a true and correct copy of the Movant's Motion for Relief from Automatic Stay was sent by Facsimile and First Class U.S. Mail to the individuals listed below:

Katherine Robinson
Obermayer Rebmann Maxwell & Hippel
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102

van der Veen, Hartshorn, and Levin

By: /s/ Michael T. van der Veen
　　　Michael T. van der Veen
　　　Attorney for Movant
　　　Robert Johnson

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.



VAN DER VEEN
HARTSHORN & LEVIN

FILED
2021 NOV 29 AM 10: 23

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

+ Michael T. van der Veen
·· Brian D. Hartshorn
· Nelson Levin

Daniel J. Devlin ·
Richard P. Coble ··
Julieanne Bateman ··
Bruce L. Castor, Jr. ^

November 22, 2021

District of Delaware
United States Bankruptcy Court
Clerk of Courts
824 Market Street, N
Wilmington, DE 19801

    RE:    Center City Healthcare, LLC d/b/a Hahnemann Hospital, et al.
             Case No. 19-11466 (KG)

Dear Sir/Madam,

      Enclosed please find a filed copy of Movant, Robert Johnson's Motion for Relief from Automatic Stay regarding the above referenced matter. I have enclosed three (3) copies. Please return one time-stamped copy in the self-addressed envelope.

                      Sincerely,

                      Michael T. van der Veen

MTV/kl
Enclosure