**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC ) | |
| d/b/a HAHNEMANN UNIVERSITY ) | Case No. 19-11466 (MFW) |
| HOSPITAL, *et al.*,[1] ) | |
| ) | Obj. Date: December 15, 2021, at 4:00 pm ET |
| Debtors. ) | Hearing Date: February 8, 2022, at 10:30 am ET |

**MOTION OF JOHNATHAN CARROLL AND JOSEPH PERAINO ADMINISTRATOR OF THE ESTATE OF AUGUSTINE PERAINO FOR AN ORDER AUTHORIZING THE LATE FILING OF A PROOF OF CLAIM**

COMES NOW, the Movants, Johnathan Carroll (hereinafter "Movant Carroll") and Joseph Peraino, Administrator of the Estate of Augustine Peraino (hereinafter "Movant Peraino" and together with Movant Carroll, the "Movants"), by and through their undersigned counsel, and respectfully move this Honorable Court under § 105(a) of the Bankruptcy Code and the FEDERAL RULES OF BANKRUPTCY PROCEDURE 3003(c) and 9006(b)(1), for an order authorizing the Movants to file late proofs of claim. In support of the Motion, the Movants respectfully assert as follows:

I. **JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has subject matter jurisdiction over this matter under 28 U.S.C. §§

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

157 and 1334 and the February 29, 2021, *Amended Standing Order of Reference from the United States District Court for the District of Delaware*.

2. Venue in this district is proper according to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding as contemplated under 28 U.S.C. § 157.

4. The statutory and legal foundations for the relief sought herein are § 105(a) of the Bankruptcy Code and the FEDERAL RULES OF BANKRUPTCY PROCEDURE 3003(c) and 9006(b)(1) (hereafter "BANKRUPTCY RULES").

5. The Movants "consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution." DEL. BANKR. L.R. 9013-1 (f).

## II. BACKGROUND

6. On June 30, 2019, and July 1, 2019 (together, the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed their chapter 11 bankruptcy petitions with this Court.

7. On June 11, 2020, this Court entered an order that set August 5, 2020, (hereafter "Bar Date") as the bar date for filing proofs of claim in these cases. **DI** 1666.

### A. Background – Movant Carroll[1]

8. Beginning on or about March 29, 2019, the Movant Carroll, then a 34-year-old paraplegic person, was a patient at Hahnemann University Hospital where he

---

[1] The discussion of Movant Carroll's injuries is not intended to be comprehensive, complete, defining or otherwise limiting. Rather, the discussion is intended solely to support relief requested herein.

developed pressure ulcers to the left elbow and sacral. From that time forward, Movant Carroll was treated by the Debtors and other medical providers. As a proximate result of that treatment, the Movant Carroll's left elbow wound worsened, became infected and necessitated multiple procedures, surgeries and other treatments including, but not limited to, irrigation and debridement of the left elbow wound with washout and flap reconstruction, insertion and removal of a JP drain with antibiotic beads to the left elbow. Movant Carroll suffered, and continues to suffer, serious and permanent injury as a proximate result of the Debtors' and other medical providers' negligence.

9. On June 6, 2021, Movant Carroll's personal injury counsel (hereinafter "Haberman Firm") filed suit on behalf of Johnathan Carroll. The Debtors were not named as defendants; however, they were identified in the complaint as potentially negligent parties. As of this writing, other than filing suit, no other action has been taken in Mr. Carroll's case.

10. The Haberman Firm is in a commercial office building in Philadelphia. Mail for that building is placed at a common location within the building. It has previously happened that mail for the Haberman Firm is misdirected amongst other building tenants. No one at the Haberman Firm knows with certainty that the Debtors' bankruptcy notices were misdirected within their building mail system, but they are sure that they did not receive the notices. While the Debtors' records indicate that they served with the Haberman Firm with notice of the Bar Date, the Haberman Firm contends that it never received (a) a notice of the bankruptcy or (b) notice of the claims bar date until March 2021.

11. The Movant Carroll has no record or recollection of receiving any notice of the Debtors' bankruptcy case or the Bar Date.

### B. Background – Movant Peraino[2]

12. Movant Peraino was 90 years and suffering from dementia when, on January 9, 2019, he was admitted to Hahnemann University Hospital with a femur fracture. On January 15, 2019, he was found pulseless after aspirating yellow/green fluid that obstructed his airway. Movant Peraino died that day of cardiac arrest due to arrhythmia caused by the aspiration. This cause of death was confirmed by an autopsy which found food contents in his lungs.

13. On January 15, 2021, Movant Peraino's personal injury counsel, the Haberman Firm, filed a *Praecipe For Summons* in the Court of Common Pleas, Montgomery County naming, among others, the Debtors. Upon information and belief, at the time of Movant Peraino's injuries, the Debtor was insured for personal injury claims. As of this writing, other than filing suit, no other action has been taken in that case.

14. Counsel understands that notice of the claims bar was mailed to Augustine Peraino at 2110 S 20th St, Philadelphia, PA 19145-3501. As explained above, however, Mr. Peraino passed away before notice was sent and obviously did not receive it.

### III. RELIEF REQUESTED

15. The Movants respectfully requests the entry of an Order consistent with §

---

[2] The discussion of Movant Peraino's injuries is not intended to be comprehensive, complete, defining or otherwise limiting. Rather, the discussion is intended solely to support relief requested herein.

105(a) of the Bankruptcy Code and the BANKRUPTCY RULES 3003(c) and 9006(b)(1), authorizing the filing of a proof of claim and acceptance by the Debtors and its claims agent to accept that filing.

### IV. THE MOVANTS' FAILURE TO TIMELY FILE A PROOF OF CLAIM WAS THE RESULT OF EXCUSABLE NEGLECT.

16. In a chapter 11 case, if a creditor's proof of claim is late due to "excusable neglect," then under FED. R. BANKR. P. 9006(b)(1) as applied to RULE 3003(c)(3), the court has discretionary authority to allow that creditor to file a proof of claim beyond the claims bar date. Specifically, RULE 9006(b)(1) provides in pertinent part:

> **when an act is required or allowed to be done at or within a specified period by these rules** or by a notice given thereunder or by order of court, **the court for cause shown may at any time in its discretion** (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect**.

17. The meaning of excusable neglect as used in RULE 9006(b)(1) was addressed by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). The Supreme Court found that "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' . . . the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395. To that end, the Supreme Court approved a flexible, four-part analytical[3] framework to support a finding of excusable neglect: (1) the danger of

---

[3] The *Pioneer* court identified four factors but acknowledged that equity might compel evaluation of other factors.

prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay (including whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith. *Id.* (referring to factors considered by the Court of Appeals and District Court, *In re Pioneer Inv. Services Co.*, 943 F. 2d 673, 677 (6th Cir. 1991)). "All [of the *Pioneer*] factors must be considered and balanced; no one factor trumps the others." *Hefta v. Off'l Comm. Of Unsecured Creditors (In re American Classic Voyages Co.)*, 405 F.3d 127, 133 (3rd Cir. 2005).

18. After that, in *Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envtl Energy, Inc.)*, 188 F.3d 116 (3rd Cir. 1999), the Third Circuit addressed the excusable neglect concept in RULE 9006(b)(1) using the *Pioneer* framework.

### A. The Pioneer Factor Analysis

#### i. Prejudice to the Debtor

19. As for the danger of prejudice to the debtor, the *O'Brien* court followed two precepts flowing from *Pioneer*. First, the court held that "prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence." *Id.* at 127; *see also Toscano v. The RSH Liquidating Trust (In re RS Legacy Corp.)*, 577 B.R. 134, 140-41(3rd Cir. 2017) (citing to *O'Brien*).

20. Secondly, the *O'Brien* court discussed considerations addressing prejudice to the debtor: (i) whether the debtor was surprised or caught unaware by the assertion of a claim that it had not anticipated; (ii) whether the payment of the claim would force the return of amounts already paid out under the confirmed plan or affect the distribution to creditors; (iii) whether the payment of the claim would jeopardize the success of the

debtor's reorganization; (iv) whether allowance of the claim would adversely impact the debtor; and (v) whether allowance of the claim would open the floodgates to other late claims. *O'Brien,* 188 F.3d at 126-28 (internal citations omitted).

21. None of the prejudice factors identified by *O'Brien* inure to the Debtors' benefit. Specifically:

    a. The Debtors cannot claim surprise at the existence or filing of either Movants' claim as the Debtors claim to have served the notice of claims bar upon both parties.[4] In doing so, the Debtors implicitly confirm their awareness of the Movants' claims.

    b. A reorganization plan is not yet confirmed. Hence, the prospect that Movants' claim will be the sole cause of unwinding prior transactions, payments, distributions, or orders is implausible.

    c. The payment of the Movants' claim, standing alone, cannot jeopardize the success of the Debtors' reorganization. The expectation is that the Movants' claims will be satisfied, if at all, by non-estate property insurance proceeds.

    d. The fact that the Debtor did not account for the Movant's claim is insufficient to show prejudice under Pioneer.

    e. The Movant's claim will not open the flood gates to other late claims because his claim is consistent with other personal injury claims, i.e., it does not represent a new class or type of claim. Nor is there any evidence that the Movant's claim will prompt any mass, late-filed proof of claims.[5] The facts underlying the Movants' late filing are unique to them.[6]

In sum, case law does not support a finding under *Pioneer*, and its progeny,

---

[4] For the sake of clarity, Mr. Peraino was a creditor known to the Debtors. As such he was entitled to "actual notice of bankruptcy proceedings." *Chemetron Corp. v. Jones*, 72 F.3d 341, 345-46 (3d Cir. 1995). In this matter, the Debtors did, in fact, send notice of the Bar Date to his home address. DI. 1696. That is not the issue here. Mr. Peraino was dead before the bankruptcy was filed.

[5] The Movants' personal injury counsel is unaware of other late filed claims.

[6] As of the time of filing, this is the second excusable neglect application seeking authorization to file or accept a late proof of claim. By any measure, this number is otherwise inconsequential.

that these Debtors are prejudiced by the late filing of the Movant's proof of claim.

      *ii.*     *Length of the Delay and Impact on Judicial Proceedings*

22.    The length of the delay and the impact of that delay on judicial proceedings necessarily requires the court to examine the parties' conduct causing delay relative to the stage of the bankruptcy process itself. *Pioneer*, 507 U.S. at 388. Hence, even though the actual time of delay is notable, the more significant concern is how that delay derailed, if at all, the reorganization process. *O'Brien*, 188 F.3d at 130. From that perspective, the Movants' delay in filing is inconsequential. *In re EFH Corp.*, 522 B.R. 520, 531 (Bankr. D. Del. 2015). The claims bar date was over one year ago. That amount of time notwithstanding, the Movants' late filing did not and will not delay or otherwise impact the timeliness of the Debtors' reorganization or this judicial proceeding. This conclusion is proper because the Debtors' case, at this time, has yet to reach consequential reorganization process markers – no plan is confirmed, voting not yet undertaken, and discharge not yet granted. The Movants' delay is not a material factor bearing on the progress of the Debtors' bankruptcy case.

      *iii.*     *Reason for the Delay and Movants' Good Faith*

23.    The Movants' proofs of claim will be filed late because: (a) Mr. Peraino predeceased the bankruptcy filing, and (b) Movant Carroll's counsel did not receive notice of the bankruptcy or claims bar date.

**24.**    The Movants always acted in good faith.

## V.   NOTICE

25. Subject to DEL. BANKR. L. R. 5005-4(c) and 9036-1, the Movants will provide notice of this Motion to: (i) Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; and (iii) all parties entitled to notice of this Motion pursuant to BANKRUPTCY RULE 2002.

## VI. NO PRIOR MOTION

26. The Movants filed no prior motion seeking the relief sought in this Motion with this Court or any other court.[7]

WHEREFORE, for the foregoing reasons, the Movant respectfully request that the Court enter an order permitting the Movants to file proofs of claim, deeming such claims to be timely filed, and granting such other and further relief as the Court deems just and proper.

Dated: December 1, 2021
Wilmington, Delaware

**CONAWAY LEGAL LLC**

*/s/ Bernard G. Conaway*
Bernard G. Conaway, Esquire (DE 2856)
1007 North Orange Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 428-9350
Facsimile:  (844) 364-0137
Email:  bgc@conaway-legal.com

*Counsel for the Movants Johnathan Carroll and Joseph Peraino, Administrator of the Estate of Augustine Peraino*

---

[7] Currently pending before the Court is the Movants' motion for relief from the automatic stay. **DI** 2905.