# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 19-11466 (MFW) |
| CENTER CITY HEALTHCARE, LLC D/B/A HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | (Jointly Administered) |
| | Re: Docket Nos. 3186 & 3197 |
| Debtors. | Hearing Date: December 21, 2021 at 10:30 a.m. (ET) |
| | Obj. Deadline: December 14, 2021 at 4:00 p.m. (ET) |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE BROAD STREET ENTITIES AND PAHH TO FILE UNDER SEAL (A) THE OMNIBUS REPLY IN SUPPORT OF THE MOTION OF THE BROAD STREET ENTITIES AND PAHH FOR ENTRY OF AN ORDER (I) DETERMINING THAT THE AUTOMATIC STAY DOES NOT APPLY TO THEIR ASSETS OR (II) IN THE ALTERNATIVE, GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY FOR THEM TO SELL, TRANSFER, OR OTHERWISE ENCUMBER SUCH ASSETS, AND (B) THE RESPONDENTS' OBJECTION TO DEBTORS' AND COMMITTEE'S (I) RENEWED MOTION TO COMPEL DISCOVERY AND CONTINUE HEARING ON COMFORT/LIFT STAY MOTION, AND (II) MOTION IN LIMINE**

The Movants,[2] by and through their undersigned attorneys, hereby file this motion (the "**Motion to Seal**") for entry of an order, attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Movants to file under seal the Confidential Information (as defined below) contained in: (A) the *Omnibus Reply in Support of the Motion of the Broad Street Entities and*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] The "**Movants**" are Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, and Broad Street Healthcare Properties III, LLC (collectively, the "**Broad Street Entities**"), and Philadelphia Academic Health Holdings, LLC ("**PAHH**").

RLF1 26406644v.3

*PAHH for Entry of an Order (I) Determining that the Automatic Stay Does Not Apply to Their Assets or (II) in the Alternative, Granting Limited Relief from the Automatic Stay for Them to Sell, Transfer, or Otherwise Encumber Such Assets* [Docket No. 3186] (the "**Reply**"), and (B) the *Respondents' Objection to Debtors' and Committee's (I) Renewed Motion to Compel Discovery and Continue Hearing on Comfort/Lift Stay Motion, and (II) Motion in Limine* [Docket No. 3197] (the "**Renewed Motion to Compel Objection**" and, together with the Reply, the "**Movants' Sealed Filings**"). In Support of this Motion to Seal, the Movants respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Movants' consent to the entry of a final order by the Court in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9018-1(d).

**RELEVANT BACKGROUND**

4. On June 29, 2021, the above-referenced debtors and debtors-in-possession (collectively, the "**Debtors**") filed under seal an adversary complaint [Adv. Pro. No. 21-50991, Docket No. 2] (the "**Adversary Complaint**") asserting numerous claims against the Movants and others. By agreement of the parties to such adversary proceeding, the Adversary Complaint has been sealed and stayed, and the parties remain in mediation (the "**Mediation**") in which The Honorable Kevin J. Carey (ret.) serves as mediator. The Adversary Complaint was filed under seal to prevent the disclosure of certain information and documents that the Movants and other defendants have deemed confidential and/or commercially sensitive and to avoid potentially disrupting the Mediation.

5. On October 29, 2021, the Movants filed the *Motion of the Broad Street Entities and PAHH for Entry of an Order (I) Determining that the Automatic Stay Does Not Apply to Their Assets or (II) in the Alternative, Granting Limited Relief from the Automatic Stay for Them to Sell, Transfer, or Otherwise Encumber Such Assets* [Docket No. 3002] (the "**Comfort Motion**").

6. On November 24, 2021, the Debtors and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Estate Parties**") filed their Objection to the Comfort Motion [Docket No. 3172] under seal (the "**Objection**").

7. On November 28, 2021, the Estate Parties filed under seal the *Debtors' and Committee's (I) Renewed Motion to Compel Discovery and Continue Hearing on the Comfort/Lift Stay Motion and (II) Motion in Limine* [Docket No. 3177] (the "**Renewed Motion to Compel**").

8. On November 29, 2021, the Movants' filed the Reply, and on November 30, 2021, the Movants' filed the Renewed Motion to Compel Objection.

9. The Movants' Sealed Filings contain information and refer to documents that the Movants and certain other related parties (collectively, the "**MBNF Non-Debtor Parties**") have determined are confidential and/or include commercially sensitive information regarding the MBNF Non-Debtor Parties' assets (collectively, the "**Confidential Information**"). Specifically, the Reply refers to specific claims in the Adversary Complaint, which contains sealed allegations and information against certain of the MBNF Non-Debtor Parties. Additionally, the Renewed Motion to Compel Objection includes: (i) references to the transcripts of certain depositions taken by the Estate Parties in connection with the Comfort Motion (collectively, the "**Depositions**"), which contain confidential, commercially sensitive information regarding the MBNF Non-Debtor Parties' assets, and (ii) attachments that contain confidential, commercially sensitive information relating to, among other things, the condition of the MBNF Assets.

**RELIEF REQUESTED**

10. By this Motion to Seal, the Movants, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(d), request entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Movants to (i) file the Confidential Information contained in the Movants' Sealed Filings under seal, (ii) file redacted versions of the Movants' Sealed Filings on the docket in these chapter 11 cases, and (iii) provide unredacted versions of the Movants' Sealed Filings to: (a) the office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"); (b) counsel for the Debtors; (c) counsel for the Committee; and (d) any other party at the sole discretion of the Movants, in each case subject to the terms of the Proposed Order.

**BASIS FOR RELIEF REQUESTED**

11. Sections 105(a) and 107(b) of the Bankruptcy Code allow the Court to authorize the Movants to file the Confidential Information under seal. Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, section 107(b) provides bankruptcy courts with the power to protect parties in interest from potentially harmful disclosures:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

12. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

13. Further, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d).

14. Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures*

5

...

*Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).  Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection.  *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former").  Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *Orion Pictures Corp.,* 21 F.3d at 28.  Nor does section 107(b) require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.

15. Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature.  *Id.* at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").  Once established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure.  *See Global Crossing Ltd.*, 295 B.R. at 725.

16. Sufficient cause exists here for the Court to grant the requested relief.  As set forth above, the Confidential Information contains highly sensitive, commercial information of the MBNF Non-Debtor Parties' assets.  Specifically, the Confidential Information in the Movants' Sealed Filings includes references to the Adversary Complaint, transcripts of the Depositions, and other documents and information that is commercially sensitive in nature to the MBNF Non-Debtor Parties.  The disclosure of such information may adversely affect the value of the MBNF

Non-Debtor Parties' assets and likely would have a material adverse impact on, and impede meaningful progress in the Mediation. In light of the commercially sensitive nature of the Confidential Information, several other documents relating to the Adversary Proceeding and the Comfort Motion have been filed under seal in order to protect the Confidential Information, including the Adversary Complaint, the Objection, and the Renewed Motion to Compel. Accordingly, the Movants submit that the Confidential Information falls within the scope of "confidential information" that must be protected pursuant to section 107(b)(1).

17.     Additionally, the Movants believe that certain of the Confidential Information may be protected by the confidentiality protections afforded to the parties to the Mediation pursuant to the *Order Appointing Mediator in connection with Claims by and between the Debtors' Estates and the MBNF Non-Debtor Entities* [Docket No. 2119] (as modified by the *Order on Motion of HSREP VI Holding, LLC and Its Affiliates to Intervene/Participate in Mediation* [Docket No. 2648]) and Local Rule 9019-5(d).

18.     In light of the foregoing, the Movants respectfully request that the Court authorize the Movants to (i) file the Confidential Information contained in the Movants' Sealed Filings under seal, (ii) file redacted versions of the Movants' Sealed Filings on the docket in these chapter 11 cases, and (iii) provide unredacted versions of the Movants' Sealed Filings to: (a) the U.S. Trustee; (b) counsel for the Debtors; (c) counsel for the Committee; and (d) any other party at the sole discretion of the Movants, in each case subject to the terms of the Proposed Order.

## **COMPLIANCE WITH LOCAL RULE 9018-1(D)**

19.     To the best of the knowledge, information, and belief of the undersigned counsel to the Movants, with the exception of Exhibit G to the Renewed Motion to Compel Objection, the MBNF Non-Debtor Parties are the only Holders of Confidentiality Rights (each as defined in Local

Rule 9018-1(d)(iii)). Out of an abundance of caution, the Movants have conferred in good faith with the other potential Holder of Confidentiality Rights with respect to Exhibit G to the Renewed Motion to Compel Objection, and such potential Holder of Confidentiality Rights agrees with the Movants' request to seal certain Confidential Information contained in such exhibit. Further, the Movants have filed redacted versions of the Movants' Sealed Filings under Notice consistent with Local Rule 9018-1(d)(ii). *See* Docket Nos. 3241, 3242.

## NOTICE

20. Notice of this Motion to Seal has been given to (a) the U.S. Trustee; (b) counsel for the Debtors; (c) counsel for the Committee; (d) counsel to HSRE;[3] (e) counsel to Tenet;[4] (f) counsel to the City of Philadelphia; (g) counsel to the Pension Fund (as defined in the Comfort Motion); and (h) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Movants submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR MOTION

21. The Movants have not made any prior motion for the relief sought in this Motion to Seal to this Court or any other court.

[*Remainder of page intentionally left blank*]

---

[3] "**HSRE**" means HSREP VI Holding, LLC; HSRE-PAHH I, LLC; PAHH New College MOB, LLC; PAHH Bellet MOB, LLC; PAHH Wood Street Garage, LLC; PAHH Erie Street Garage, LLC; PAHH Feinstein MOB, LLC; and PAHH Broad Street MOB, LLC.

[4] "**Tenet**" means Tenet Business Services Corporation and Conifer Revenue Cycle Solutions, LLC.

RLF1 26406644v.3

WHEREFORE, the Movants respectfully request entry of the Proposed Order granting the relief requested by this Motion to Seal and such other and further relief as may be just and proper.

Dated: December 2, 2021
Wilmington, DE

/s/ *Brendan J. Schlauch*
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Brendan J. Schlauch (No. 6115)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
Fax: (302) 651-7701
Email: collins@rlf.com
         merchant@rlf.com
         schlauch@rlf.com

- and -

Suzzanne S. Uhland (admitted *pro hac vice*)
Robert J. Malionek (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Alexandra M. Zablocki (admitted *pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
E-mail: suzzanne.uhland@lw.com
          robert.malionek@lw.com
          tj.li@lw.com
          alexandra.zablocki@lw.com

*Counsel for the Movants*

9