# **EXHIBIT 1**

**(Settlement Agreement)**

# SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into as of this 24th day of November, 2021, by and between Center City Healthcare, LLC d/b/a Hahnemann University Hospital, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC d/b/a St. Christopher's Hospital for Children and certain of their affiliates (collectively, the "**Debtors**") and Solid Waste Services, Inc. ("**SWS**") (the Debtors and SWS, together, the "**Parties**").

## RECITALS

WHEREAS, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b), and the cases were so consolidated under Case No. 19-11466;

WHEREAS, the Debtors and their estates maintain the right to prosecute and settle all estate claims and causes of action, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code;

WHEREAS, the Debtors, after review of their books and records, have asserted that SWS received transfers (the "**Transfers**") from the Debtors of not less than $189,941 on or within the 90 days before the Petition Date and have demanded the return of the Transfers as alleged preferential transfers that are subject to avoidance and recovery pursuant to sections 547 and 550 of the Bankruptcy Code;

WHEREAS, on or about June 24, 2021, the Debtors filed a complaint against SWS to avoid and recover the Transfers, which matter is proceeding under Case No. 21-50908 (the "**Adversary Proceeding**");

WHEREAS, SWS disputes any liability for return of the Transfers;

WHEREAS, the Parties have engaged in discussions and exchanged information regarding the Transfers and, as a result of those discussions, and to avoid further costs and the attendant risks of litigation, have decided to resolve the dispute concerning the Transfers upon the terms and conditions set forth in this Agreement,

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Debtors and SWS agree as follows:

## AGREEMENT

Settlement. In settlement of the dispute between the Parties and in full and final satisfaction of the Debtors' claims with respect to the Transfers, SWS shall pay to the Debtors $7,000.00 (the

"**Settlement Amount**") within seven (7) business days of the date of this Agreement. Payment shall be made by wire (the instructions provided upon request by SWS) or by check, payable to "Philadelphia Academic Health System," and sent to:

> Philadelphia Academic Health System
> c/o Eisner Advisory Group LLC
> Attention: Allen Wilen
> One Logan Square
> 130 North 18th St., Suite 3000
> Philadelphia, PA 19103

Bankruptcy Court Approval. The Parties acknowledge that this Agreement is subject to Bankruptcy Court approval. No later than seven (7) days after receipt of the Settlement Amount, the Debtors shall file a motion (the "**Motion**") with the Bankruptcy Court for entry of an Order approving the terms of this Agreement. In the event that the Bankruptcy Court does not approve the Motion by entry of a Final Order, this Agreement shall be null and void and of no force and effect against either of the Parties and any part of the Settlement Amount that has been paid shall be returned to SWS , without interest. An order will be considered to be a "Final Order" if the order is not subject to any timely appeal or motion for reconsideration.

Dismissal of Adversary Proceeding. Within ten (10) business days following the entry of a Final Order approving this Agreement, the Debtors shall dismiss the Adversary Proceeding with prejudice.

Debtors Release. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, the Debtors and the Debtors' estates release and discharge SWS and its officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type, that the Debtors and the Debtors' estates have or may have against SWS with respect to the Transfers.

SWS Release. Effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, SWS releases and discharges the Debtors, and the Debtors' estates from any claims arising under section 502(h) of the Bankruptcy Code that SWS would have as a result of this settlement.

No Admission of Liability. This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any Party.

Choice of Law. This Agreement shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

Authority of Parties. The Parties each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Agreement on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Agreement; provided, however, that the

Debtors' authorization is subject to Bankruptcy Court approval and this Agreement shall become effective only upon the order approving this Agreement becoming a Final Order.

<u>Merger</u>. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement.  This Agreement may only be modified by an instrument in writing executed by each of the Parties hereto.

<u>Execution of Agreement</u>. This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement.  Facsimile, electronic mail and scanned signatures shall be deemed to have the full force and effect of ink signatures.

<u>Enforcement of Agreement</u>. In the event that legal action is instituted to enforce this Agreement, the prevailing party shall be entitled to recover from the losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

<u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement.  The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies arising from or related to this Agreement.

<u>Construction</u>. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement, as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

[remainder of page left intentionally blank]

39266111.2 11/23/2021

IN WITNESS WHEREOF, the Parties have hereby executed this Agreement as of the date first written above, intending to be legally bound.

| **SAUL EWING ARNSTEIN & LEHR LLP** | **MARSHALL DENNEHEY** |
|---|---|
| */s/ John D. Demmy* | */s/ Aaron Moore* |
| Mark Minuti (DE Bar No. 2659) | Aaron E. Moore |
| John D. Demmy (DE Bar No. 2802) | Nemours Building |
| Monique B. DiSabatino (DE Bar No. 6027) | 1007 N. Orange Street, Suite 600 |
| 1201 N. Market Street, Suite 2300 | P.O. Box 8888 |
| P.O. Box 1266 | Wilmington, DE 19899 |
| Wilmington, DE 19899 | Telephone: (302) 552-4367 |
| Telephone: (302) 421-6800 | aemoore@mdwcg.com |
| mark.minuti@saul.com | |
| monique.disabatino@saul.com | *Counsel for Solid Waste Services, Inc.* |

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for the Debtors and Debtors in Possession*