# EXHIBIT A

**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (MFW) |
| Debtors. | (Jointly Administered)<br>**Re: Docket No. ____** |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC, and ST. CHRISTOPHER'S HEALTHCARE, LLC, | |
| Plaintiffs, | |
| v. | Adv. Proc. No. 21-50923 (MFW) |
| SPECIALTYCARE, INC., | |
| Defendant. | **Re: Docket No. ____** |

**ORDER APPROVING SETTLEMENT OF PREFERENCE**
**CLAIMS AGAINST SPECIALTYCARE, INC. PURSUANT**
**TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

The Court having considered the motion (the "**Motion**")[2] of the above-captioned debtors

and debtors in possession (collectively, the "**Debtors**"), pursuant to Rule 9019 of the Federal Rules

of Bankruptcy Procedure for approval of the settlement of certain claims for avoidance and

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

recovery of allegedly preferential transfers (the "**Preference Claims**"), as set forth in the Settlement Agreement attached as **Exhibit 1** hereto; and the Court finding that the Settlement Agreement is fair and reasonable, and the Court having jurisdiction to consider the Motion and the relief requested therein; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, creditors and other parties in interest; and the Court having reviewed the Motion and considered the arguments made at the hearing, if any; and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT::**

1.      The Motion is Granted as set forth herein.

2.      The Settlement Agreement attached hereto as **Exhibit 1** with respect to the Debtors' Preference Claims against Specialtycare is hereby approved in full and final settlement of such claims.

3.      Effective upon this Order becoming a Final Order, Claim 249 against CCH and Claim 154 against SCH shall be disallowed in their entirety,

4.      The Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

# EXHIBIT 1

**(Settlement Agreement)**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into as of the 4th day of January, 2022, by and between Center City, Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**"), Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC d/b/a St. Christopher's Hospital for Children and certain of their affiliates (collectively, the "**Debtors**") and SpecialtyCare, Inc. and SpecialtyCare IOM Services, LLC (together, "**SpecialtyCare**," and together, with the Debtors, the "**Parties**"), by and through their respective duly authorized undersigned counsel.

## RECITALS

WHEREAS, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b), and the cases were so consolidated under Case No. 19-11466;

WHEREAS, on or about October 1, 2019 and February 3, 2020, respectively, SpecialtyCare filed the following proofs of claim against the Debtors (together, the "**Proofs of Claim**"):

(a)     Proof of Claim no. 249 against CCH in the total amount of $1,061,266.90, of which $3,534.84 was asserted as a section 503(b)(9) claim and the balance of which was asserted as a general unsecured claim; and

(b)     Proof of Claim no. 154 against SCH in the total amount of $96,587.05, the entirety of which was asserted as a general unsecured claim;

WHEREAS, the Debtors and their estates maintain the right to prosecute and settle all estate claims and causes of action, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code;

WHEREAS, the Debtors, after review of their books and records, have asserted that SpecialtyCare received transfers (the "**Transfers**") from the Debtors of no less than $298,914.00 on or within the 90 days before the Petition Date and have demanded  the return of the Transfers as alleged preferential transfers that are subject to avoidance and recovery pursuant to sections 547 and 550 of the Bankruptcy Code;

WHEREAS, on or about June 25, 2021, the Debtors filed a complaint against SpecialtyCare, Inc. to avoid and recover the Transfers, which matter is proceeding under Case No. 21-50923 (the "**Adversary Proceeding**");

WHEREAS, SpecialtyCare disputes any liability for return of the Transfers;

WHEREAS, the Parties have engaged in discussions and exchanged information regarding the Transfers and the Proofs of Claim and, as a result of those discussions, and to avoid further costs and the attendant risks of litigation, have decided to resolve their disputes concerning the Transfers and the Proofs of Claim upon the terms and conditions set forth in this Agreement,

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Debtors and SpecialtyCare agree as follows:

## AGREEMENT

Settlement. In settlement of the dispute between the Parties, and in full and final satisfaction of the Debtors' claim with respect to the Transfers, SpecialtyCare shall pay to the Debtors $35,000.00 (the "**Settlement Amount**") within fifteen (15) days after the later of: (a) the date of this Agreement or (b) the Debtors' provision of their W-9 to Specialtycare. Payment shall be made by wire or by check, payable to "Philadelphia Academic Health System," and sent to:

Philadelphia Academic Health System
c/o Eisner Amper LLP
Attention: Allen Wilen
One Logan Square
130 North 18th St., Suite 3000
Philadelphia, PA 19103

Bankruptcy Court Approval. The Parties acknowledge that this Agreement is subject to Bankruptcy Court approval. No later than thirty (30) days after receipt of the Settlement Amount, the Debtors shall file a motion (the "**Motion**") with the Bankruptcy Court for entry of an Order approving the terms of this Agreement. In the event that the Bankruptcy Court does not approve the Motion by entry of a Final Order, this Agreement shall be null and void and of no force and effect against either of the Parties and any part of the Settlement Amount that has been paid shall be returned to SpecialtyCare, without interest. An order will be considered to be a "Final Order" if the order is not subject to any timely appeal or motion for reconsideration.

Dismissal of Adversary Proceeding. Within ten (10) business days following the entry of a Final Order approving this Agreement, the Debtors shall dismiss the Adversary Proceeding with prejudice.

Debtors Release. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, the Debtors and the Debtors' estates, release and discharge SpecialtyCare and its officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type, that the Debtors and the Debtors' estates have or may have against SpecialtyCare, including, but not limited to, any claims related to the Transfers.

SpecialtyCare Release. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, SpecialtyCare releases and discharges the Debtors, the Debtors' estates, and their respective officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type that SpecialtyCare has or may have against the Debtors and the Debtors' estates, including the Proofs of Claim and any scheduled claims.  For the avoidance of doubt, effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, the Proofs of Claim shall be deemed to be disallowed.  SpecialtyCare shall not amend any previously filed claims and shall not assert any additional claims against any of the Debtors on account of pre-petition or post-petition periods.  For the further avoidance of doubt, this Agreement shall not affect any post-petition claims previously filed by SpecialtyCare, which have already been allowed and paid.

No Admission of Liability. This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any Party.

Choice of Law. This Agreement shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

Authority of Parties. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Agreement on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Agreement; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Agreement shall become effective upon the order approving this Agreement becoming a Final Order.

Merger. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement.  This Agreement may only be modified by an instrument in writing executed by each of the Parties hereto.

Execution of Agreement. This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement.  Facsimile, electronic mail and scanned signatures shall be deemed to have the full force and effect of ink signatures.

Enforcement of Agreement. In the event that legal action is instituted to enforce this Agreement, the prevailing party shall be entitled to recover from the losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

Jurisdiction. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement.  The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies arising from or related to this Agreement.

<u>Construction</u>. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement, as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

IN WITNESS WHEREOF, the Parties, by and through their duly authorized respective counsel, hereby execute this Stipulation as of the date first written above, intending to be legally bound.


**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com


*Counsel for the Debtors and Debtors in Possession*

**WHITE AND WILLIAMS LLP**

*/s/ Amy E. Vulpio*
Amy E. Vulpio, Esq.
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
Telephone: (215) 864-6250
vulpioa@whiteandwilliams.com

*Counsel for SpecialtyCare, Inc. and SpecialtyCare IOM Services, LLC*