**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) **Hearing Date: March 8, 2022 at 11:30 a.m. (ET)** |
| | ) **Objection Deadline: February 18, 2022 at 4:00 p.m. (ET)** |

**MOTION OF DEBTORS FOR APPROVAL OF SETTLEMENT
OF PREFERENCE CLAIMS AGAINST SIEMENS HEALTHCARE
DIAGNOSTICS, INC. AND SIEMENS MEDICAL SOLUTIONS USA, INC.
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

The debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned

chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel, hereby

move the Court (the "**Motion**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), for the entry of an order, a proposed form of which is

attached hereto as **Exhibit A** (the "**Proposed Order**"), approving the settlement of certain claims

for avoidance and recovery of allegedly preferential transfers against Siemens Healthcare

Diagnostics, Inc. ("**SHD**") and Siemens Medical Solutions USA, Inc. ("**SMS**") (SHD and SMS,

together with the Debtors, the "**Parties**").  In support of this Motion, the Debtors respectfully state

as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's
Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617),
SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC
Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA,
L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS
V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia,
Pennsylvania 19102.

## JURISDICTION AND VENUE

1.    The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are Bankruptcy Rule 9019(a) and section 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**").

## BACKGROUND

3.    On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  No entity has requested the appointment of an examiner in these Chapter 11 Cases.

4.    The Debtors and their professionals have reviewed the transfers made by the Debtors on or within the 90 days before the Petition Date (the "**Preference Period**") and have identified potential claims to avoid and recover the certain transfers pursuant to sections 547 and 550 of the Bankruptcy Code (the "**Preference Claims**").

9867270.v1

5.     Beginning in May 2021, the Debtors issued a number of demand letters (the
"**Demand Letters**") to alleged recipients of preferential transfers within the Preference Period.
Thereafter, the Debtors engaged in discussions and/or settlement communications with SHD and
SMS.  Following the Debtors' review and analysis of the positions and/or defenses set forth by
SHD and SMS, and after good faith, arms-length negotiations, the Parties have agreed to settle the
Debtors' Preference Claims against SHD and SMS in accordance with the terms summarized
below and more fully set forth in the settlement agreement attached to the Proposed Order as
**Exhibit 1** and **Exhibit 2** (the "**Settlement Agreements**").

6.     As reflected in the Settlement Agreements, the Debtors' demand against SHD in
the amount of $23,073 was resolved for a settlement amount of $500.00.  The Debtors' demand
against SMS in the amount of $59,975 was resolved for a settlement amount of $17,600.00.  The
Settlement Agreements also provide for (i) the waiver of any claims arising under section 502(h)
of the Bankruptcy Code by SHD and SMS, (ii) the waiver of all rights of SHD and SMS with
respect to any timely filed proofs of claim and/or scheduled claims held against the Debtors, and
(iii) general mutual releases.

## RELIEF REQUESTED

7.     By this Motion, the Debtors seek the entry of an order, substantially in the form of
the Proposed Order, (i) approving the Settlement Agreements pursuant to Bankruptcy Rule
9019(a), and (ii) granting such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF

8.     Bankruptcy Code section 105(a) provides, in pertinent part, that "[t]he court may
issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

9867270.v1

In turn, Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the Court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

9.    The decision whether to accept or reject a compromise lies within the sound discretion of the Court. *In re Neshaminy Office Bldg. Assocs.,* 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts International, Inc.*, 145 B.R. 412, 451 (Bankr. D.N.J. 1990). Approval of a settlement is appropriate if it is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.,* 211 B.R. 798, 801 (D. Del. 1997).

10.    When analyzing settlements, Courts in the Third Circuits generally consider:

- the probability of success in litigation;

- the likely difficulties in collection;

- the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

- the paramount interest of the creditors.

*See In re RFE Indus., Inc.*, 283 F.3d 159, 165 (3d Cir. 2002); *In re Martin,* 91 F.3d 389, 393 (3d Cir. 1996). Moreover, to approve a settlement under Bankruptcy Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness. *See In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010); *see also In re World Health Alt., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) ("[T]he court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.") (internal citations and quotation marks omitted).

11.    As applied to the present case, the Debtors respectfully submit that the terms of the Settlement Agreements satisfy the criteria for approval set forth in Bankruptcy Rule 9019. First, the Parties negotiated the Settlement Agreements at arms-length. While the Debtors believe that

9867270.v1

they stated meritorious claims against SHD and SMS, there is nevertheless attendant risk and cost associated with pursuing such claims and no assurance that the Court would find in favor of the Debtors for all or a significant portion of the amounts sought.  In light of the foregoing, the Debtors believe the settlements represent a reasonable and fair resolution of the estates' Preference Claims against SHD and SMS.

12.     The second *Martin* criterion - the likely difficulties in collection - also favors settlement.  It is uncertain whether there would be difficulty in collecting any judgment entered against SHD or SMS; however, the settlements remove any uncertainty of collection since SHD and SMS have furnished the consideration for the settlements as a condition of the Settlement Agreements.

13.     Next, the third and fourth *Martin* criterion also favors settlement.  Settlement will certainly enable the Debtors and SHD and SMS to save the time and expense associated with litigation of the Preference Claims.  In addition, the creditors of the Debtors' estates will receive a benefit from the settlements as a result of the settlement payments in the totoal amount of $18,100.00, as detailed in the Settlement Agreements.

## **NOTICE**

14.     Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) counsel to SHD and SMS; and (xiii) any party that has requested notice pursuant to

5

Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary

WHEREFORE, for all the foregoing reasons, the Debtors respectfully request that the Court enter an Order, substantially in the form of the Proposed Order, approving the Settlement Agreements and granting such other relief as the Court deems just and proper.

Dated: February 4, 2022

**KLEHR HARRISON HARVEY BRANZBURG LLP**

By: */s/ Sally E. Veghte*
Sally E. Veghte (DE Bar No. 4762)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 426-1189
Email: sveghte@klehr.com

*Special Counsel for Debtors and Debtors in Possession*

6

9867270.v1