# EXHIBIT A

**Proposed Order**

39700488.1 02/23/2022

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered)<br>**Related to Docket Nos. 3565 and ___** |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL and ST. CHRISTOPHER'S HEALTHCARE, LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>FFF ENTERPRISES INC.,<br><br>      Defendant. | Adv. Proc. No. 21-50945 (MFW)<br><br><br><br>**Related to Adv. Pro. Nos. 18 and ____** |

## ORDER APPROVING SETTLEMENT OF PREFERENCE
## CLAIMS AGAINST FFF ENTERPRISES INC.
## <u>PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019</u>

The Court having considered the motion (the "**Motion**")[2] of the above-captioned debtors

and debtors in possession (collectively, the "**Debtors**"), pursuant to Rule 9019 of the Federal Rules

of Bankruptcy Procedure for approval of the settlement of certain claims for avoidance and

recovery of allegedly preferential transfers (the "**Preference Claims**"), as set forth in the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Settlement Agreement attached as **<u>Exhibit 1</u>** hereto; and the Court finding that the Settlement Agreement is fair and reasonable, and the Court having jurisdiction to consider the Motion and the relief requested therein; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, creditors and other parties in interest; and the Court having reviewed the Motion and considered the arguments made at the hearing, if any; and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**:

1.      The Motion is Granted as set forth herein.

2.      The Settlement Agreement attached hereto as **<u>Exhibit 1</u>** with respect to the Debtors' Preference Claims against FFF Enterprises is hereby approved in full and final settlement of such claims.

3.      Within five (5) days following the entry of this Order, FFF Enterprises shall pay the Settlement Amount to the Debtors.

4.      The Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

39632651.2 02/23/2022

# EXHIBIT 1

**(Settlement Agreement)**

SAUL EWING
ARNSTEIN
& LEHR LLP

MARK MINUTI
Phone: (302) 421-6840
Fax: (302) 421-5873
Mark.Minuti@saul.com
www.saul.com

January 28, 2022

**BY FED EX AND EMAIL (kwinnett@fffenterprises.com)**
FFF Enterprises Inc.
Attn: Karen Winnett, General Counsel
44000 Winchester Road
Temecula, CA 92590

RE:    **In re Center City Healthcare, LLC, et al.,**
**Case No. 19-11466 (MFW) (Bankr. D. Del.) and**
**Center City Healthcare, LLC, et al. v. FFF Enterprises Inc.,**
**Adv. Pro. No. 21-50945 (MFW) (Bankr. D. Del.)**

Dear Ms. Winnett:

Our firm serves as bankruptcy counsel to debtor Center City Healthcare, LLC and its related debtors (collectively, the "**Debtors**") in the above-captioned bankruptcy case pending in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). I am writing in connection with the default judgment (the "**Judgment**") entered against FFF Enterprises, Inc. ("**Defendant**") in the above-captioned Adversary Proceeding (the "**Adversary Proceeding**") in the amount of $25,472 (plus court filing costs in the amount of $350). A copy of the Judgment By Default is attached hereto as **Exhibit A**.

Prior to filing the Adversary Proceeding, on June 7, 2021, the Debtors sent a settlement letter to Defendant, without response. The complaint in the Adversary Proceeding was filed on June 25, 2021 and sought, *inter alia*, (a) the avoidance and recovery of transfers pursuant to sections 547, 548 & 550 of the Bankruptcy Code and (b) the disallowance of any filed or scheduled claims. The Defendant was served with the complaint on July 27, 2021, but never responded. As you can see, the Judgment was entered on December 28, 2021.

Before taking steps to execute on the Judgment, and in order to avoid incurring additional costs (taxable to the Defendant), we are writing in the hope of consensually resolving this matter. Specifically, the Debtors will agree to the satisfaction of the monetary Judgment in return for payment of $24,200 and the Defendant's waiver of the right to pursue a general unsecured claim for the settlement amount under Bankruptcy Code section 502(h). The foregoing offer equates to approximately a five percent (5%) discount, plus the waiver of post-judgment interest and reimbursement of the court filing costs. The foregoing offer is subject to approval of the Bankruptcy Court, with payment due within five (5) calendar days of the entry of an order by the

*[handwritten left margin: Twenty Thousand $20,000 DCN]*

39520369.10 01/28/2022

FFF Enterprises, Inc.
Page 2

Bankruptcy Court approving the resolution.  Absent timely receipt of the settlement payment, the offer contained herein shall be void *ab initio*, and the Debtors shall be free to seek collection of the entire monetary Judgment, including interest and costs.  Payment of the settlement amount can be sent by check payable to debtor "Philadelphia Academic Health System," as follows:

Philadelphia Academic Health System
c/o Eisner Advisory Group LLC
Attention: Allen Wilen
One Logan Square
130 North 18th St., Suite 3000
Philadelphia, PA 19103

Please acknowledge the Defendant's acceptance of the within offer by signing and returning a copy of this letter.  We will then file an appropriate motion for Bankruptcy Court approval.  If we do not hear from you within seven (7) calendar days of the date of this letter, the offer contained herein shall be deemed withdrawn and we will move forward to execute on the full Judgment.  We look forward to your favorable response.

Very truly yours,

*Mark Minuti*

Mark Minuti

cc:    Allen Wilen, CRO
       John DiNome, Esq., Chief Human Resources Officer
       and Assistant General Counsel
       Jeffrey C. Hampton, Esq.

ACKNOWLEDGED AND AGREED:

FFF ENTERPRISES INC.

*Wayne Talleur*

By: Wayne Talleur
Its:  Chief Financial Officer
Dated:  2/4/2022