## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (MFW) |
| Debtors. | (Jointly Administered) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 21-50782 (MFW) |
| GREATER DELAWARE VALLEY SOCIETY OF TRANSPLANT SURGEONS, | |
| Defendant. | **Hearing Date: April 19, 2022 at 10:30 a.m. (ET)**<br>**Objection Deadline: March 18, 2022 at 4:00 p.m. (ET)** |

## MOTION OF DEBTORS FOR APPROVAL OF SETTLEMENT OF PREFERENCE CLAIMS AGAINST GREATER DELAWARE VALLEY SOCIETY OF TRANSPLANT SURGEONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

The debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel, hereby move the Court (the "**Motion**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the entry of an order, a proposed form of which is

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

attached hereto as **Exhibit A** (the "**Proposed Order**"), approving the settlement of certain claims for avoidance and recovery of allegedly preferential transfers against Greater Delaware Valley Society of Transplant Surgeons (together, "**GDVSTS**," and together with the Debtors, the "**Parties**"). In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Rule 9019(a) and section 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**").

## BACKGROUND

3.      On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy

Rule 1015(b).  No entity has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

4.      The Debtors and their professionals have reviewed the transfers made by the Debtors on or within the 90 days before the Petition Date (the "**Preference Period**") and have identified potential claims to avoid and recover the certain transfers pursuant to sections 547 and 550 of the Bankruptcy Code (the "**Preference Claims**").

5.      Beginning in May 2021, the Debtors issued a number of demand letters (the "**Demand Letters**") to alleged recipients of preferential transfers within the Preference Period. Thereafter, the Debtors engaged in discussions and/or settlement communications with GDVSTS. Following the Debtors' review and analysis of the positions and/or defenses set forth by GDVSTS, and after good faith, arms-length negotiations, the Debtors and GDVSTS have agreed to settle the Debtors' Preference Claims against GDVSTS in accordance with the terms summarized below and more fully set forth in the settlement agreement attached to the Proposed Order as **Exhibit 1** (the "**Settlement Agreement**").

6.      As reflected in the Settlement Agreement, the Debtors' demand against GDVSTS in the amount of $402,250.00 was resolved for a settlement amount of $25,000.00.  The Settlement Agreement also provides for an exchange of general mutual releases, subject to the Allowed Claims (as defined in the Settlement Agreement) and the terms set forth therein.

## **RELIEF REQUESTED**

7.      By this Motion, the Debtors seek the entry of an order, substantially in the form of the Proposed Order, (i) approving the Settlement Agreement pursuant to Bankruptcy Rule 9019(a), and (ii) granting such other and further relief as the Court deems just and proper.

39746936.1 03/04/2022

## BASIS FOR RELIEF

8.     Bankruptcy Code section 105(a) provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." In turn, Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the Court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).

9.     The decision whether to accept or reject a compromise lies within the sound discretion of the Court.  *In re Neshaminy Office Bldg. Assocs.,* 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts International, Inc.*, 145 B.R. 412, 451 (Bankr. D.N.J. 1990).  Approval of a settlement is appropriate if it is "fair, reasonable, and in the interest of the estate."  *In re Louise's, Inc.,* 211 B.R. 798, 801 (D. Del. 1997).

10.     When analyzing settlements, Courts in the Third Circuits generally consider:

- the probability of success in litigation;

- the likely difficulties in collection;

- the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

- the paramount interest of the creditors.

*See In re RFE Indus., Inc.*, 283 F.3d 159, 165 (3d Cir. 2002); *In re Martin,* 91 F.3d 389, 393 (3d Cir. 1996).  Moreover, to approve a settlement under Bankruptcy Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness.  *See In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010); *see also In re World Health Alt., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) ("[T]he court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.") (internal citations and quotation marks omitted).

11.     As applied to the present case, the Debtors respectfully submit that the terms of the Settlement Agreement satisfy the criteria for approval set forth in Bankruptcy Rule 9019.  First, the Parties negotiated the Settlement Agreement at arms-length.  While the Debtors believe that they stated meritorious claims against GDVSTS, there is nevertheless attendant risk and cost associated with pursuing such claims and no assurance that the Court would find in favor of the Debtors for all or a significant portion of the amounts sought.  In light of the foregoing, the Debtors believe the settlement represents a reasonable and fair resolution of the estates' Preference Claims against GDVSTS.

12.     The second *Martin* criterion - the likely difficulties in collection - also favors settlement.  It is uncertain whether there would be difficulty in collecting any judgment entered against GDVSTS; however, the settlement removes any uncertainty of collection since GDVSTS has already furnished the consideration for settlement as a condition of the Settlement Agreement.

13.     Next, the third and fourth *Martin* criterion also favors settlement.  Settlement will certainly enable the Debtors and GDVSTS to save the time and expense associated with litigation of the Preference Claims.  In addition, the creditors of the Debtors' estates will receive meaningful benefits from the settlement as a result of the settlement payment by GDVSTS of $25,000.00, as detailed in the Settlement Agreement.

## NOTICE

14.     Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney

General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) counsel to GDVSTS; and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary

WHEREFORE, for all the foregoing reasons, the Debtors respectfully request that the Court enter an Order, substantially in the form of the Proposed Order,  approving the Settlement Agreement and granting such other relief as the Court deems just and proper.

Dated: March 4, 2022

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6800
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*