## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) |
| et al.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) **Requested Objection Deadline: March 10, 2022 at 12:00 p.m.** |
| | ) **(ET)** |
| | ) **Requested Hearing Date: March 11, 2022 at 10:30 a.m. (ET)** |
| | ) |

## MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC TO MAKE SECURED TERM LOAN TO BROAD STREET ENTITIES PURSUANT TO 11 U.S.C. § 363 AND 105(a) AND (II) GRANTING RELATED RELIEF

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned

chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel, file this

motion (the "**Motion**") for the entry of interim and final orders pursuant to sections 363 and 105(a)

of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6004 of the Federal Rules

of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing debtor Philadelphia Academic

Health System, LLC ("**PAHS**") to make a secured term loan (the "**Secured Loan**")[2] to non-debtor

related entities Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II,

LLC and Broad Street Healthcare Properties III, LLC (collectively, the "**Broad Street Entities**"

and with PAHS, the "**Loan Parties**"), to provide funding for the operating/maintenance costs of

the Broad Street Entities' real estate (the "**Real Estate**") in order to preserve the value of such

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

[2]    The key terms of the proposed Secured Loan are summarized below.

Real Estate, in which the Debtors assert an interest, as described below.  In support of the Motion, the Debtors respectfully state as follows:

<u>**Jurisdiction and Venue**</u>

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 363 and 105(a) of the Bankruptcy Code and Bankruptcy Rule 6004.

<u>**General Background**</u>

3.      On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 15, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al.* [D.I. 182] (the "**Committee**").

4.      A description of the Debtors' businesses as of the Petition Date is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2].

## Specific Background

**A.    The Parties' Litigation and Mediation Efforts**

5.      On June 29, 2021, following an investigation conducted jointly by the Debtors and the Committee, the Debtors filed a complaint (the "**Adversary Complaint**") against, among other defendants, the Broad Street Entities (the "**Adversary Proceeding**").  The Debtors also filed a complaint against, among other parties, Harrison Street Real Estate, LLC and certain related entities (collectively, "**HSRE**").

6.      Since the Adversary Complaint was filed, the Debtors, the Committee, the Broad Street Entities, the other defendants in the Adversary Proceeding, and HSRE have engaged in mediation (the "**Mediation**"), with The Honorable Kevin J. Carey (ret.) serving as mediator.  *See Order Appointing Mediator in Connection with Claims By and Between the Debtors' Estates and the MBNF Non-Debtor Entities*, entered February 23, 2021 [D.I. 2119] and *Order on Motion of HSEP VI Holding, LLC and Its Affiliates to Intervene/Participate in Mediation*, entered July 28, 2021 [D.I. 2648].

7.      Although the Debtors are not at liberty to divulge any details regarding the parties' Mediation discussions, it has become clear that preservation of the value of the Real Estate – which is owned directly by the Broad Street Entities and indirectly by Philadelphia Academic Health Holdings, LLC ("**PAHH**"), all of which are defendants in the Adversary Proceeding – is in the best interest of the Debtors and all other parties in the Mediation, which seeks the global resolution of all claims between and among such parties, as well as Tenet Business Services Corporation and certain related entities ("**Tenet**").

**B.    Procedural History Related to this Motion**

8.    On October 29, 2021, the Broad Street Entities and PAHH filed *The Motion of the Broad Street Entities and PAHH for Entry of an Order (I) Determining that the Automatic Stay Does Not Apply to their Assets or (II) in the Alternative, Granting Limited Relief from the Automatic Stay for them to Sell, Transfer, or Otherwise Encumber Such Assets* [D.I. 3002] (the "**Financing Motion**"), by which the Broad Street Entities and PAHH sought entry of a comfort order determining that the automatic stay did not apply to the Real Estate or, in the alternative, granting limited relief from the automatic stay to permit the Broad Street Entities and PAHH to sell, transfer, or otherwise encumber the Real Estate.  In particular, the Broad Street Entities and PAHH sought to enter into a loan agreement with Gordon Brothers Realty Services, LLC (the "**Gordon Brothers Loan**") that would have provided a term loan to the Broad Street Entities.

9.    The Debtors and the Committee filed an objection (the "**Objection**") to the Financing Motion [D.I. 3172], as did HSRE and Tenet [D.I. 3102, 3105, 3175].  Among other things, the Debtors and Committee asserted that the Debtors hold an interest in the Real Estate; they also objected to the proposed Gordon Brothers Loan because it would be used for, among other purposes, the payment of certain alleged advisory, professional and other fees of PAHH, the Broad Street Entities and/or certain of their non-Debtor affiliates, which the Debtors and Committee believed was inappropriate.  PAHH and the Broad Street Entities disagreed with the Debtors' and the Committee's position [D.I. 3186].

10.    After holding an evidentiary hearing on December 1, 2021 (the "**Hearing**"), the Court denied the Financing Motion.  The Court noted, however, that preserving the Real Estate for sale was in the best interests of all parties involved, and encouraged the parties to discuss a

consensual resolution of their disputes regarding financing, including possible funding provided

by a loan from the Debtors, for the upkeep and maintenance of the Real Estate.

## C.    The Proposed Secured Loan

11.    After the Hearing, and as a result of the Loan Parties' efforts and arms'-length

negotiations and because of the Broad Street Entities' needs for liquidity, and with the assistance

of Judge Carey, the Loan Parties have agreed, subject to, among other things, Court approval, to

enter into an agreement whereby PAHS will provide a Secured Loan to the Broad Street Entities

in the amount of up to $5.6 million, which will be used to fund budgeted, documented direct

operating/maintenance costs of the Real Estate and certain other costs of the Borrowers in such

amounts, at such times and through such procedures as may be mutually agreed in writing by the

Borrowers and the Lender.  Towards these ends, the Loan Parties have executed the term sheet

attached hereto as **Exhibit A** (the "**Term Sheet**").  Although the Court and parties-in-interest are

respectfully referred to the Term Sheet for the full terms of the proposed Secured Loan, certain of

the key points are summarized below:[3]

>    i.    Subject to the satisfaction of certain conditions (including Court
> approval and final documentation), PAHS will lend up to an aggregate $5.6
> million (the "**Loan Proceeds**") to the Broad Street Entities in the form of a
> secured term loan, the term of which shall be nine (9) months from closing,
> subject to extension(s) in the sole and unfettered discretion of PAHS;
> *provided, however*, that upon the occurrence of the earlier of (i) the
> Mediation is terminated or deemed terminated without settlement (the
> "**Mediation Termination Date**") or (ii) six (6) months from closing if the
> Mediation has not resulted in a settlement, the Real Estate shall be marketed
> for sale in accordance with mutually acceptable procedures and milestones.
> The Loan Proceeds are to be repaid in connection with any sale of the Real
> Estate on terms and conditions reasonably acceptable to PAHS;
>
>    ii.    The Broad Street Entities will use the Loan Proceeds to fund the
> budgeted (as reasonably agreed, in writing, by the Loan Parties),
> documented direct operating/maintenance costs of the Real Estate (the

---

[3]    In the event of any conflict between the below summary and the provisions of the Term Sheet, the Term Sheet shall govern.

"**Operating Costs**"), and certain other costs of the Broad Street Entities in such amounts, at such times and through such procedures as may be mutually agreed in writing;

    iii.    PAHS will disburse the Loan Proceeds monthly to Newmark Knight Frank or such other third party property manager retained by the Broad Street Entities and reasonably acceptable to PAHS (the "**Property Manager**"), which Property Manager shall use the Loan Proceeds solely to pay budgeted and documented Operating Costs, and the Property Manager must provide to PAHS reasonably detailed documentation supporting the Operating Costs;

    iv.    PAHS will receive first priority liens, subject only to existing liens of the City of Philadelphia Water Revenue Bureau and other permitted liens described in the Term Sheet, on the following Real Estate and related fixtures:

| Property | Owner | Address | OPA |
|---|---|---|---|
| North Tower, South Tower | Broad Street Healthcare Properties, LLC | 222-248 N. Broad Street | 772025002 |
| (Land next to SHSH Building) | Broad Street Healthcare Properties, LLC | 221-223 N. 15th Street | 772028498 |
| Stiles Alumni Hall Underground | Broad Street Healthcare Properties, LLC | 325 N. 15th Street | 881038202 |
| Martinelli Park | Broad Street Healthcare Properties II, LLC | 300-304 N. Broad Street | 885620242 |
| (redevelopment land/ surface parking) (city block) | Broad Street Healthcare Properties III, LLC | 200-214 N. Broad Street | 885467862 |
| SHSH Building (city block) | Broad Street Healthcare Properties III, LLC | 201-219 N. 15th Street | 772028496 |

    v.    The Secured Loan will be subject to payment-in-kind interest at 5% per annum, compounding monthly, with repayment (including all accrued interest) in connection with any sale of the Real Estate;

    vi.    The Broad Street Entities will not refinance the Secured Loan, which shall be repaid or otherwise satisfied solely in accordance with a resolution reached through the Mediation or, absent such resolution, the sale of the Real Estate; *provided*, that no covenants or provisions of the Secured Loan shall survive repayment in full of the Secured Loan from proceeds of the Real Estate;

    vii.    PAHS will not take any action to foreclose on the Real Estate prior to the fifteen (15) month anniversary of closing of the Secured Loan;

    viii.    PAHS will seek approval on an expedited basis to fund $1.3 million of the Secured Loan pursuant to an interim order of the Court, and will seek approval on regular notice to fund the remaining $4.3 million of the Secured

6

Loan (*i.e.*, up to an aggregate of $5.6 million) pursuant to a final order of the Court;

   ix.   The Broad Street Entities will reserve their entire existing cash balance of $336,000 and will not use such funds for any purpose without the express written consent of PAHS until the Mediation Termination Date; and

   x.   Certain disputed liens on the Real Estate asserted by an affiliate of the Broad Street Entities, on its own behalf and as agent for certain parties, will be consensually subordinated in priority to the liens granted pursuant to the Secured Loan and will be subject to an inter-creditor and remedies standstill agreement.

12.    The Debtors believe that the proposed Secured Loan will allow for the maintenance and preservation of the Real Estate, which the Debtors believe is in the best interest of all parties, as described above.

## Relief Requested

13.    By this Motion, the Debtors request entry of an interim order substantially in the form attached hereto as **Exhibit B** (the "**Interim Order**")[4] and a final order (the "**Final Order**") authorizing the Debtors to make the Secured Loan as described above, and granting related relief as is necessary and required.

## Basis for Relief Requested

14.    Section 363(b)(1) of the Bankruptcy Code provides: "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "Section 363 permits the trustee, after notice and a hearing, to use, sell, or lease property of the estate outside of the ordinary course of business." *In re Rickel Home Ctrs.*, 209 F.3d 291, 297 (3d Cir. 2000). "Property of the estate" includes, *inter alia*, "all legal or

---

[4]    Based on information received from the Broad Street Entities, only $1.3 million of the proposed Secured Loan needs be approved on an interim basis; the balance of the proposed Secured Loan can be considered at the final hearing on this Motion.

equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

15.    In determining whether to authorize the use, sale or lease of property of the estate under section 363 of the Bankruptcy Code, courts require the debtor to show that a sound business purpose justifies such actions. *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (*citing In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991)). Specifically, to approve a transaction, courts should consider: (a) whether a sound business justification exists for the transaction, (b) whether accurate and reasonable notice of the transaction was given to interested parties, (c) whether the transaction will produce a fair and reasonable price for the property, and (d) whether the parties have acted in good faith. *Del. & Hudson Ry*. 124 at 176; *In re Titusville Country Club*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991).

16.    By this Motion, PAHS seeks authority to make the Secured Loan to the Broad Street Entities, which will allow for the timely payment of incurred operating/maintenance costs for the Real Estate and the preservation of the Real Estate for the benefit of all parties.

17.    As the Court is aware, PAHS, the Broad Street Entities and various other parties have been embroiled in disputes in these Chapter 11 Cases involving, among other things, the Real Estate, in which the Debtors, through the Adversary Proceeding, assert an interest, and which the Court has determined is subject to the automatic stay. *See Order Denying The Motion of The Broad Street Entities and PAHH For Entry of an Order (I) Determining That the Automatic Stay Does Not Apply To Their Assets or (II) In The Alternative, Granting Limited Relief From The Automatic Stay For Them To Sell, Transfer, or Otherwise Encumber Such Assets* [D.I. 3261]. Until their disputes are resolved, it is in the best interests of the Debtors and all other parties to the Mediation that the Real Estate be properly maintained and preserved. Indeed, the Court

8

encouraged the parties to reach agreement on financing for the Real Estate in its Order denying the Financing Motion. *Id*., at ¶ 3 ("The parties are encouraged to discuss financing for the Broad Street Entities in mediation").

18.     The proposed Secured Loan both allows for the preservation of the value of the Real Estate for all parties but also protects the Debtors' estates, in that the Secured Loan will be secured by first priority mortgages on the Real Estate (subject only to existing liens of the City of Philadelphia Water Revenue Bureau and other permitted liens described in the Term Sheet), which the Debtors and all parties reasonably believe are worth significantly more than the amount of the proposed financing. The proposed Secured Loan also will bear interest, for the benefit of the Debtors' estates.

19.     For the foregoing reasons, the Debtors believe that the proposed Secured Loan is within the Debtors' business judgment and is in the best interests of their estates.

20.     The Debtors believe that adequate and reasonable notice of the proposed transaction has been provided to all necessary parties.

21.     Based on the foregoing, the Debtors respectfully submit that they should be authorized to make the Secured Loan to the Broad Street Entities, as described above, in the exercise of their sound business judgment.

## **Request for Waiver of Stay**

22.     The Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). A waiver of the stay imposed by Bankruptcy Rule 6004(h) is appropriate due to the desire of PAHS, the Broad Street Entities and related parties to consummate the transactions described herein as promptly as possible, and due to the Broad Street Entities' immediate need for funding in order to maintain and preserve the Real Estate.

39664232.10

## **Notice**

23.     Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Official Committee of Unsecured Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) counsel to DOH; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **No Previous Request**

24.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.


*[remainder of page left intentionally blank]*

39664232.10

WHEREFORE, the Debtors respectfully request entry of the Interim Order, and pending a final hearing, the Final Order, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 4, 2022                    **SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Mark Minuti*
         Mark Minuti (DE Bar No. 2659)
         Monique B. DiSabatino (DE Bar No. 6027)
         1201 N. Market Street, Suite 2300
         P.O. Box 1266
         Wilmington, DE 19899
         Telephone: (302) 421-6840
         Fax: (302) 421-6813
         mark.minuti@saul.com
         monique.disabatino@saul.com

          -and-

         Jeffrey C. Hampton
         Adam H. Isenberg
         Centre Square West
         1500 Market Street, 38th Floor
         Philadelphia, PA 19102
         Telephone: (215) 972-7777
         Fax: (215) 972-7725
         jeffrey.hampton@saul.com
         adam.isenberg@saul.com

         *Counsel for Debtors and Debtors in Possession*