IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) Case No. 19-11466 (MFW) ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**MOTION FOR EXPEDITED CONSIDERATION OF MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC TO MAKE SECURED TERM LOAN TO BROAD STREET ENTITIES PURSUANT TO 11 U.S.C. § 363 AND 105(a) AND (II) GRANTING RELATED RELIEF**

The debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned attorneys, hereby file this motion (the "**Motion for Expedited Consideration**") for expedited consideration of the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Philadelphia Academic Health System, LLC to Make Secured Term Loan to Broad Street Entities Pursuant to 11 U.S.C. § 363 and 105(a) and (II) Granting Related Relief* (the "**Motion**"), filed contemporaneously herewith. In support of the Motion for Expedited Consideration, the Debtors respectfully state as follows:

**Background**

1. On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

39687101.3

their businesses and managing their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. On July 15, 2019, the Office of the United States Trustee (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al.* [D.I. 182] (the "**Committee**").

2. On June 29, 2021, following an investigation conducted jointly by the Debtors and the Committee, the Debtors filed a complaint (the "**Adversary Complaint**") commencing an adversary proceeding (the "**Adversary Proceeding**") against, among other defendants, Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC and Broad Street Healthcare Properties III, LLC (collectively, the "**Broad Street Entities**"). The Debtors also filed a complaint against, among other parties, Harrison Street Real Estate, LLC and certain related entities (collectively, "**HSRE**").

3. Since the Adversary Complaint was filed, the Debtors, the Committee, the Broad Street Entities and the other defendants in the Adversary Proceeding, and HSRE have engaged in mediation (the "**Mediation**"), with The Honorable Kevin J. Carey (ret.) serving as mediator. *See Order Appointing Mediator in Connection with Claims By and Between the Debtors' Estates and the MBNF Non-Debtor Entities*, entered February 23, 2021 [D.I. 2119] and *Order on Motion of HSEP VI Holding, LLC and Its Affiliates to Intervene/Participate in Mediation*, entered July 28, 2021 [D.I. 2648].

4. Although the Debtors are not at liberty to divulge any details regarding the Mediation and parties' discussions therein, it has become clear that preservation of the value of the Real Estate is in the best interest of the Debtors and all other parties to the Mediation, which seeks the global resolution of all claims between and among such parties, as well as Tenet Business Services Corporation and certain related entities ("**Tenet**").

5. On October 29, 2021, the Broad Street Entities and Philadelphia Academic Health Holdings, LLC ("**PAHH**") filed *The Motion of the Broad Street Entities and PAHH for Entry of an Order (I) Determining that the Automatic Stay Does Not Apply to their Assets or (II) in the Alternative, Granting Limited Relief from the Automatic Stay for them to Sell, Transfer, or Otherwise Encumber Such Assets* [D.I. 3002] (the "**Financing Motion**"), by which the Broad Street Entities and PAHH sought entry of a comfort order determining that the automatic stay did not apply to the Real Estate or, in the alternative, granting limited relief from the automatic stay to permit the Broad Street Entities and PAHH to sell, transfer, or otherwise encumber the Real Estate. In particular, the Broad Street Entities and PAHH sought to enter into a loan agreement with Gordon Brothers Realty Services, LLC (the "**Gordon Brothers Loan**") that would have provided a term loan to the Broad Street Entities.

6. The Debtors and the Committee filed an objection (the "**Objection**") to the Financing Motion [D.I. 3172], as did HSRE and Tenet [D.I. 3102, 3105, 3175]. Among other things, the Debtors and Committee asserted that the Debtors hold an interest in the Real Estate; they also objected to the proposed Gordon Brothers Loan because it would be used for, among other purposes, the payment of certain alleged advisory, professional and other fees of PAHH, the Broad Street Entities and/or certain of their non-Debtor affiliates, which the Debtors and Committee believed was inappropriate. PAHH and the Broad Street Entities disagreed with the Debtors' and the Committee's position [D.I. 3186].

7. After holding an evidentiary hearing on December 1, 2021 (the "**Hearing**"), the Court denied the Financing Motion. The Court noted, however, that preserving the Real Estate for sale was in the best interests of all parties involved, and encouraged the parties to discuss a consensual resolution of their disputes regarding financing, including possible funding provided by a loan from the Debtors, for the upkeep and maintenance of the Real Estate.

8. After the Hearing, and as a result of the Loan Parties' efforts and arms'-length negotiations and because of the Broad Street Entities' needs for liquidity, and with the assistance of Judge Carey, the Loan Parties have agreed, subject to, among other things, Court approval, to enter into an agreement whereby Philadelphia Academic Health System, LLC ("**PAHS**") will provide a Secured Loan to the Broad Street Entities in the amount of up to $5.6 million, which will be used to fund budgeted, documented direct operating/maintenance costs of the Real Estate and certain other costs of the Borrowers in such amounts, at such times and through such procedures as may be mutually agreed in writing by the Borrowers and the Lender.

9. On a daily basis, the Real Estate requires ongoing maintenance and incurs Operating Costs in connection therewith, which include but are not limited to, costs for security, cleaning, electrical systems, elevators, HVAC maintenance, and utilities. Interim approval of the Motion and the Secured Loan on an expedited basis will provide targeted financing for the payment of past-due expenses associated with the maintenance and upkeep of the Real Estate, and will allow the Broad Street Entities to avoid what could be damage to the Real Estate, and the resultant loss of value, if vendors, service providers and/or utilities terminate critical services.

## Relief Requested

10. By this Motion for Expedited Consideration, the Debtors respectfully request that the Court expedite consideration of the Motion and consider such motion on an interim basis at the hearing currently scheduled for March 11, 2022 at 10:30 a.m. (ET) (the "**Hearing**"), with objections due by 12:00 noon the day prior to the hearing, or as the Court may deem appropriate.

## Basis for Relief

11. Del. Bankr. LR 9006-1(c) provides that motions "shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date," unless the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") state otherwise.

Bankruptcy Rule 2002(a)(2), however, requires that motions proposing the "use, sale, or lease of property of the estate other than in the ordinary course of business" shall be filed and served with at least 21 days' notice.

12. Del. Bankr. LR 9006-1(e) provides that a motion may be heard on less notice than otherwise required "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

13. Here, cause exists to expedite consideration of the Motion. As set forth in detail in the Motion, PAHS, the Broad Street Entities and various other parties have been embroiled in disputes in these Chapter 11 Cases involving among other things the Real Estate, which the Court has determined is subject to the automatic stay. *See Order Denying The Motion of The Broad Street Entities and PAHH For Entry of an Order (I) Determining That the Automatic Stay Does Not Apply To Their Assets or (II) In The Alternative, Granting Limited Relief From The Automatic Stay For Them To Sell, Transfer, or Otherwise Encumber Such Assets* [D.I. 3261]. Until their disputes are resolved, it is in the best interests of the Debtors and all other parties to the Mediation that the value of the Real Estate be preserved. Indeed, the Court encouraged the parties to reach agreement on financing for the Real Estate in its Order denying the Financing Motion. *Id.*, at ¶ 3 ("The parties are encouraged to discuss financing for the Broad Street Entities in mediation").

14. The proposed Secured Loan embodies the parties' good faith, arms-length negotiations, whereby PAHS will provide targeted financing to the Broad Street Entities to cover the Operating Costs. Without prompt interim approval of the proposed Secured Loan on an expedited basis, the value of the Real Estate likely will be jeopardized, due to the likely termination of services by unpaid vendors, utilities and service providers.

**Averment Pursuant to Local Rule 9006-1(e)**

15. Pursuant to Local Rule 9006-1(e), the Debtors' undersigned counsel avers that it has notified counsel for the Committee, the Broad Street Entities, Tenet, HSRE, and the U.S. Trustee of the Debtors' intent to file this Motion for Expedited Consideration. The Committee, the Broad Street Entities and Tenet have no objection to the relief requested herein. HSRE and the U.S. Trustee have not responded.

**WHEREFORE**, the Debtors respectfully request the entry of an Order, substantially in the form attached hereto as **Exhibit A**: (i) granting the relief requested in the Motion for Expedited Consideration; (ii) scheduling a hearing on the Motion on March 11, 2022 with objections, if any, due by 12:00 noon the day prior to the hearing, or as otherwise directed by the Court; and (iii) granting such other further relief as is just and proper.

Dated: March 4, 2022

**SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Mark Minuti*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Fax: (302) 421-6813
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*