IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) | Case No.:  19-11466 (MFW) |
| *et al*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Ref. |

**ORDER GRANTING MOTION OF SHAWANDA SMITH AND CHAMARR FANNING, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF N.F.,  A MINOR, TO ALLOW LATE-FILED CLAIM AND <u>FOR RELIEF FROM THE AUTOMATIC STAY</u>**

Upon consideration of the above referenced Motion of Shawanda Smith and Chamarr Fanning, Individually and As Parents and Natural Guardians Of N.F., A Minor, (the "Movants") To Allow Late-Filed Claim and for Relief From the Automatic Stay  (the "Motion") it is hereby ORDERED that:

1. The Motion is GRANTED;

2. The Movants may file Proofs of Claim with Omni Management Group, Inc., the claims agent appointed in these Chapter 11 cases (the "<u>Claims Agent</u>"), within thirty (30) days after the entry of this Order, and such claims shall be deemed timely filed.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are as follows:  Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associate, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540) (the "<u>Debtors</u>").  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

3. The Debtors and the Claims Agent are authorized to modify the official claims register for these Chapter 11 cases in compliance with the terms of this Order and to take all steps necessary or appropriate to effectuate the relief granted in this Order.

4. Movants are granted relief from the automatic stay *nunc pro tunc* to May 26, 2021 to proceed with the State Court Action[2] against the Debtors through final judgment and appeal, if applicable, for purpose of determining their claims in these Chapter 11 cases. Without obtaining further relief from the automatic stay, Movants may collect any judgment entered against the Debtors from the proceeds of any applicable insurance coverage, provided that (a) nothing contained herein shall be deemed a waiver of any rights or defenses to coverage of any insurer under any insurance policies issued to the Debtors that may be implicated by the State Court Case; and (b) nothing herein shall be deemed or interpreted to expand the insurance coverage or applicability of such coverage.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implantation, interpretation, and enforcement of this Order.

6. Rule 4001(a)(3) is deemed not applicable.

                                                                                    _____
HONORABLE. MARY F. WALRATH
United States Bankruptcy Judge

---

[2] Unless otherwise defined herein, capitalized terms shall have the same meaning as ascribed to them in the Motion.