**EXHIBIT B**

**REDLINE OF PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1] | ) Case No. 19-11466 (MFW) |
| | ) Jointly Administered |
| Debtors. | ) Re: Docket No. ——2916 |

### ORDER (I) AUTHORIZING DEBTORS TO ENTER INTO ASSIGNMENT, ASSUMPTION AND NOVATION AGREEMENT PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

Upon the motion, (the "**Motion**")[2], of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 363 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order (i) authorizing the Debtors to enter into the Assignment, Assumption and Novation Agreement (the "**Agreement**") by and among Philadelphia Academic Health System, LLC ("**PAHS**"), Philadelphia Academic Risk Retention Group, LLC ("**PARRG**") and Accredited Surety and Casualty Company, Inc. ("**ASC**") and (ii) granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein; and due and sufficient notice

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, creditors and other parties in interest; and the Court having reviewed the Motion and considered the arguments made at the hearing, if any; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. PAHS is authorized, pursuant to sections 363 and 105(a) of the Bankruptcy Code, to enter into the Agreement.

3. Upon satisfaction of all conditions precedent set forth in the Agreement, ASC shall accept and assume from PARRG, absolutely and unconditionally, all of the rights, interests, duties, obligations, responsibilities and liabilities of PARRG under the Policies, in accordance with the terms of the Agreement.

4. In the event of a mediated settlement agreement (the "Settlement Agreement") that requires separate Court approval and that is by and among the Debtors, the Committee, and PAHH, among other parties, any proceeds resulting from the dissolution of PARRG or any surplus dividend shall be distributed in accordance with the Settlement Agreement upon receiving approval from the Vermont Department of Financial Regulation ("Regulatory Approval").

5. In the event that the Settlement Agreement is not approved by the Court by June 30, 2022, PARRG shall not make any dividends or distributions (capital distributions or any other distributions) (the "Distributions") prior to June 30, 2022, and shall in all events give the Debtors, the Committee, and HSREP VI Holding, LLC fifteen (15) calendar

**days' notice (the "Notice Period") prior to any Distributions.³  To the extent the Debtors or Committee object to PARRG making any Distributions, and if such objection is not resolved within the Notice Period, the Debtors, the Committee or PARRG may seek relief from the Court regarding the Distributions and objections thereto within the Notice Period.  If the Debtors, the Committee or PARRG seek such relief from the Court, no Distributions shall be made prior to expiration of fourteen (14) calendar days after the entry of an unstayed order with respect to the relief sought.**

6.    ~~4.~~ Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

7.    ~~5.~~ The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

8.    ~~6.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

---

[3] **The inclusion of any party as a notice party shall not be deemed to confer standing upon such party to object to any proposed Distribution.**

| Summary report: Litera® Change-Pro for Word 10.14.0.46 Document comparison done on 3/11/2022 2:38:08 PM ||
|---|---|
| **Style name:** L&W without Moves ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://usdocs.lw.com/US-DOCS/129696504/1 ||
| **Modified DMS:** iw://usdocs.lw.com/US-DOCS/129696504/8 ||
| **Changes:** ||
| **Add** | 13 |
| **Delete** | 5 |
| *Move From* | 0 |
| *Move To* | 0 |
| **Table Insert** | 0 |
| **Table Delete** | 0 |
| *Table moves to* | 0 |
| *Table moves from* | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 18 |