**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Hearing Date: April 19, 2022 at 10:30 a.m. (EST) |
| | ) Objection Deadline: March 28 2022, at 4:00 p.m. (EST) |

### DEBTORS' OBJECTION TO CLAIMS PURPORTEDLY FILED ON BEHALF OF DECEDENT ROBERT JOHNSON

By this objection ("**Objection**"), the debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), seek the entry of an order pursuant to sections 105(a) and 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), substantially in the form attached hereto as **Exhibit A** ("**Proposed Order**"), disallowing the Johnson Claims (as defined below) and granting such other and further relief as the Court deems just and proper. In support of this Objection, the Debtors rely on the Declaration of Allen Wilen, a copy of which is attached hereto as **Exhibit B** (the "**Wilen Declaration**"), and respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

39481378.6

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012. As discussed in more detail *infra*, this is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Objection if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief sought herein are sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007.

## FACTUAL BACKGROUND

**A.    Case Background and Bar Date**

5. On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

6. On July 15, 2019, the United States Trustee for the District of Delaware ("**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors ("**Committee**") in these cases pursuant to section 1102 of the Bankruptcy Code [D.I. 182].

7.      A description of the Debtors' business and operations and the events leading to the commencement of the chapter 11 cases is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2].

8.      On June 11, 2020, the Court entered *the Order (I) Establishing Deadlines for Filing Proofs of Claim, Including Section 503(b)(9) Claims, and (II) Approving the Form and Manner of Notice Thereof* [D.I. 1666] (the "**Bar Date Order**") pursuant to which the Court established, *inter alia*, the General Bar Date (as defined in the Bar Date Order) as August 5, 2020 at 5:00 p.m. (prevailing Eastern Time) (the "**Bar Date**").

**B.     Background – The Johnson Claims**

9.      Prior to the Petition Date, on or about March 11, 2019, Robert Johnson ("**Mr. Johnson**") filed a complaint in the Philadelphia County Court of Common Pleas (the "**State Court**") alleging various causes of action against Debtor Center City Healthcare, LLC d/b/a Hahnemann University Hospital[2] and others (the "**State Court Action**") relating to, *inter alia*, treatment that he allegedly received on or about July 29, 2018 at Hahnemann University Hospital. Mr. Johnson's counsel in connection with the State Court Action was Michael T. Van Der Veen ("**Attorney van der Veen**"). *See* State Court Complaint, *Johnson v. City of Philadelphia et al.*, Case No. 190301405 (Phila. Ct. Com. Pl. March 11, 2019), attached hereto as **Exhibit C**.

10.     Shortly following the commencement of the State Court Action, on or about June 19, 2019, the Debtors understand that Mr. Johnson passed away. The Debtors further understand that at the time of his death, Mr. Johnson was in the custody of the Philadelphia Department of Prisons.

---

[2]   Mr. Johnson named "Hahnemann University Hospital" and not CCH in his complaint; however, "Hahnemann University Hospital" is CCH's d/b/a name.

3

11. It is not known whether Mr. Johnson had any next-of-kin at the time of his death. No suggestion of death was filed in the State Court Action and the Debtors have not been made aware of any executor, administrator, or personal representative that has been duly appointed pursuant to Pennsylvania law to represent Mr. Johnson or his estate in connection his alleged claims.

12. Upon learning of Mr. Johnson's death, the Debtors' State Court counsel attempted to contact Attorney Van der Veen to confirm whether an estate was created and/or whether Attorney van der Veen was appointed either executor or administrator of Mr. Johnson's estate and/or counsel for such duly appointed executor or administrator. Attorney Van der Veen did not respond to such outreach.

13. In addition, at the Debtors' direction, State Court counsel also conducted a review of records with the Philadelphia Register of Wills and did not find any records indicating that an estate was created for Mr. Johnson.

14. On July 10, 2019, due to its bankruptcy filing, Debtor Center City Healthcare, LLC ("**CCH**") filed a praecipe in the State Court Action to stay the proceedings. There has been no activity in the case since then.

15. Prior to the Bar Date, the following proofs of claim were filed by Attorney van der Veen—purportedly on behalf of Mr. Johnson, who, at this time, was deceased—against the following Debtors (together, the "**Johnson Claims**"):

    (a)    Claim 482 against Debtor CCH;

    (b)    Claim 92 against Debtor Philadelphia Academic Health System, LLC;

    (c)    Claim 4 against Debtor Philadelphia Academic Medical Association, LLC;

    (d)    Claim 14 against Debtor HPS of PA, LLC;

 (e)  Claim 51 against Debtor TPS II of PA, LLC;

 (f)  Claim 16 against TPS III of PA, LLC;

 (g)  Claim 28 against Debtor TPS IV of PA, LLC;

 (h)  Claim 12 against Debtor TPS of PA, LLC; and

 (i)  Claim 16 against Debtor TPS V of PA, LLC.

16. Each of the Johnson Claims is identical (other than with respect to the Debtor against which it is asserted) and asserts a $2,000,000.00 general unsecured claim for "personal injury or wrongful death." Each claim was executed by Attorney van der Veen as attorney or authorized agent for Mr. Johnson. No supporting documentation is attached to any of the claims. Copies of the Johnson Claims are attached hereto as **Exhibit D**.

**C. The Stay Relief Motion**

17. On November 11, 2021, a *Motion for Relief from the Automatic Stay* [D.I. 3200] (the "**Stay Relief Motion**") was filed with this Court, by which "Robert Johnson, by and through his attorney, Michael T. van der Veen" seeks limited relief from the automatic stay to proceed with the State Court Action and recover to the extent of the Debtors' available insurance. The Stay Relief Motion was filed by Attorney van der Veen as attorney for Mr. Johnson but does not indicate whether an estate has been created for Mr. Johnson and/or whether Attorney van der Veen is acting on behalf of such estate. The Stay Relief Motion was never noticed or scheduled for a hearing and no response or objection deadline was included with the motion.

18. Prior to filing this Objection, the Debtors' counsel again contacted Attorney van der Veen to confirm whether an estate was created and/or whether Attorney van der Veen was appointed either executor or administrator of Mr. Johnson's estate and/or counsel for such duly

appointed executor or administrator. Attorney van der Veen has not responded to such inquiry to date.

## RELIEF REQUESTED

19. By this Objection, the Debtors seek the entry of the Proposed Order, pursuant to sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007, disallowing the Johnson Claims and granting such other and further relief as the Court deems just and proper.

## BASIS FOR OBJECTION

20. Section 105(a) of the Bankruptcy Code provides, in pertinent part:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

21. Section 502(b) of the Bankruptcy Code further provides, in pertinent part: "[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b)(1).

22. The burden of proof for determining the validity of claims rests on different parties at different stages of the objection process. As explained by the Third Circuit:

> The burden of proof for claims brought in bankruptcy court under 11 U.S.C. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector

6

> produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.,* 954 F.2d 167, 173-74 (3d. Cir. 1992) (citations omitted). Once the *prima facie* validity of a claim is rebutted, "[i]t is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn,* 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

A. **The Johnson Claims Must be Disallowed Because No Party in Interest with Standing Has Been Identified to Pursue the Claims**

23. Because Mr. Johnson is deceased and no executor or administrator has been appointed, there exists no party in interest with standing to pursue the Johnson Claims and thus such claims must be disallowed. It is axiomatic that only a party-in-interest (such as a creditor with a right to payment) has standing to prosecute a bankruptcy claim. *See* Bankruptcy Rule 3001 ("A proof of claim shall be executed by the creditor or the creditor's authorized agent."); 11 U.S.C. §§ 101(5), (10) (defining a "claim" as a "right to payment" and a "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor"); *see also In re Irish Bank Resol. Corp. Ltd. (in Special Liquidation)*, 559 B.R. 627, 641 (Bankr. D. Del. 2016) (defining a "party in interest" as one that possess "a significant legal (as contrasted with financial) stake in the outcome of the case" or "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding") (quoting *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985)).

24. Under Pennsylvania law, when a party dies, the only representative entitled to act on the decedent's behalf is a duly appointed executor, administrator, or personal representative. *See Knit With v. Knitting Fever, Inc.*, 742 F. Supp. 2d 568, 588 n.10 (E.D. Pa. 2010) ("Pennsylvania law provides that suit may only be brought by the personal representative of the decedent, meaning

the administrator or executor of the estate."); *see also* 20 Pa. Cons. Stat. § 3372, 3373 (providing that "[a]n action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive"); 20 Pa. Cons. Stat. § 3375 (providing that "[i]f a plaintiff or petitioner in any action or proceeding now pending or hereafter brought dies and a personal representative is not appointed within one year after a suggestion of such death is filed in the action or proceeding, any defendant or respondent may petition the court to abate the action as to the cause of action of the decedent").

25. For an executor or administrator to be appointed to administer an estate, a petition must be made for a grant of letters of administration or letters testamentary. *In re Knit With,* 742 F. Supp. 2d at 588 n.10 (*citing* 20 Pa. Cons. Stat. §§ 3151, 3155, 3372, 3373); *see also* 20 Pa. Cons. Stat. §§ 3151, 3155 (outlining the process by which an executor and administrator is appointed in Pennsylvania).

26. In keeping with the above, where the holder of a bankruptcy claim dies, only a duly appointed executor, administrator, or personal representative of the deceased will be a party-in-interest with standing to pursue the decedent's claim. *See, e.g., In re Irby*, No. 14-50650, 2021 WL 2524938, at *1 (Bankr. E.D. Mich. Feb. 9, 2021); *In re Hamilton*, 274 B.R. 266, 267 (Bankr. W.D. Tex. 2001) ("[T]his court has already ruled in a published opinion that, when a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as official representative of the probate estate of the debtor.").

27. In *Irby*, for example, the United States Bankruptcy Court for the Eastern District of Michigan denied a motion purportedly filed by joint debtors, finding that the motion was not filed by or on behalf of anyone with standing to pursue the relief sought. *In re Irby*, 2021 WL 2524938, at *1. In so holding, the court reasoned that, even though the motion was stated to be a motion by

*both* of the debtors, this was impossible since one of the debtors had died before the motion was filed. *Id.* The court also noted that "the deceased Debtor's attorney does not have standing or authority to file a motion on behalf of a deceased debtor. Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a motion seeking relief on behalf of the deceased." *Id.*

28. Here, as in *Irby*, Mr. Johnson is deceased and, to the Debtors' knowledge, no executor, administrator, or personal representative has been appointed. As in *Irby*, Attorney van der Veen does not have standing to pursue this matter on his own. Accordingly, there is no party-in-interest with standing to pursue the Johnson Claims and the Johnson Claims must be disallowed.[3] *See In re Mountain Creek Resort, Inc.*, 616 B.R. 45, 50 (Bankr. D.N.J. 2020) (disallowing an administrative expense claim where claimant lacked standing to pursue the claim).

**B.    Neither the Bankruptcy Court Nor the State Court has Subject Matter Jurisdiction Over the Johnson Claims Because there Exists No Party in Interest to Pursue the Claims**

29. Next, because there is no party in interest pursuing the Johnson Claims, no court may exercise subject matter jurisdiction over such claims. Under Pennsylvania law, "the death of a party deprives the trial court of subject matter jurisdiction over litigation by or against the deceased until such time as the deceased's personal representative is substituted in his or her place." *Grimm v. Grimm*, 149 A.3d 77, 84 (Pa. Super. 2016).

30. As such, because Mr. Johnson is deceased and, to the Debtors' knowledge, no executor, administrator, or personal representative has been appointed or substituted to act on his behalf, both the State Court and this Court lack subject matter jurisdiction to decide the State Court

---

[3] Alternatively, and setting aside the merits of the Johnson Claims—which the Debtors dispute—Attorney van der Veen should, at a minimum, not be permitted to continue to prosecute the Johnson Claims without at least identifying the client or interests he purports to be representing.

9

Action and/or liquidate the Johnson Claims. *See* 11 U.S.C. § 502(b)(1) (noting that a court shall disallow a claim to the extent the claim is "unenforceable against the debtor . . . under . . . applicable law for a reason other than because such claim is contingent or unmatured"); *In re Liptak*, 304 B.R. 820, 839 (Bankr. N.D. Ill. 2004) ("Having the bankruptcy court disallow a claim under § 502(b)(1) because it is unenforceable under nonbankruptcy law is possible if the enforceability issue has not been previously litigated in state-court litigation."); *In re Hall*, 403 B.R. 224, 227 (Bankr. D. Conn. 2009) (disallowing a claim predicated upon a state court judgment in which the state court lacked personal jurisdiction over the debtor).

### C.   This Objection is Properly Before the Court as a Core Proceeding

31.    Although the Johnson Claims are alleged personal injury claims, this Objection is properly before the Court since the Debtors are not seeking to liquidate or estimate the claims through this Objection but rather seeking to disallow the claims in their entirety due to a lack of standing.

32.    Under 28 U.S.C. § 157(b)(2)(B), a proceeding is a "core proceeding" if it concerns the "allowance or disallowance of claims against the estate or exemptions from property of the estate . . . but ***not*** the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." 28 U.S.C. § 157(b)(2)(B) (emphasis added).

33.    Courts in the Third Circuit have explained that the "liquidation or estimation of contingent or unliquidated personal injury claims" is limited to the court's fixing of "the amount of an individual personal injury claim for purposes of determining the share of the bankruptcy estate that will be distributed, or paid, on that particular claim." *In re Boy Scouts of Am. and Delaware BSA, LLC (Future Claimants' Representative et al. v. Boy Scouts of America and Delaware BSA, LLC)*, No. 20-10343-LSS, 2021 WL 4775964, at *3 (D. Del. Oct. 13, 2021); *see*

*also In re G-I Holdings, Inc.*, 295 B.R. 211, 218-220 & n.5 (D.N.J. 2003) (explaining that the "liquidation or estimation" exception to core proceedings does not apply to an estimation of a debtor's aggregate tort liability, but rather only to proceedings "to estimate the value of individual [personal injury] claims" in a manner that "results in an effective liquidation of those claims").

34. As such, bankruptcy courts have "core jurisdiction" to conduct threshold inquiries on the limited issue of whether a personal injury claimant has an allowable claim as a matter of law, so long as the court stops short of liquidating that claim. *In re G-I Holdings, Inc.*, 323 B.R. 583, 613 (Bankr. D.N.J. 2005); *see also In re C & G Excavating, Inc.*, 217 B.R. 64, 64 (Bankr. E.D. Pa. 1998) ("While bankruptcy courts lack subject matter jurisdiction to liquidate or estimate contingent or unliquidated personal injury tort or wrongful death claims for purposes of distribution . . . several courts have determined, and we agree, that bankruptcy courts have jurisdiction to decide corollary issues involving the validity of a proof of claim for personal injuries or wrongful death, such as whether the statute of limitation on the underlying cause of action has expired.").

35. Here, the Debtors seek to disallow the Johnson Claims on the legal bases that there is no party in interest with standing to prosecute the alleged claims and, in the absence of any party with such standing, neither the State Court nor this Court may exercise jurisdiction over the merits of the alleged claims. These grounds for objection do not contemplate or require the liquidation or estimation of the Johnson Claims but are rather focused on the allowance or disallowance of the claims. Accordingly, this matter is properly before the Court as a "core proceeding," as outlined in 28 U.S.C. § 157(b)(2)(B).

**RESERVATION OF RIGHTS**

36. The Debtors expressly reserve their rights to amend, modify or supplement this Objection, and to file additional objections to any claims (filed or not) in these cases. Moreover, should one or more of the bases for objection stated in this Objection be overruled, or otherwise not sustained, the Debtors reserve the right to object to the Claims on any other grounds that law or equity permit.

37. Notwithstanding anything contained in this Objection, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against any holders of claims; or (b) to exercise their rights of setoff.

**COMPLIANCE WITH LOCAL RULE 3007-1**

38. To the best of the Debtors' knowledge and belief, this Objection and the related exhibits comply with Local Rule 3007-1. To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

[*Remainder of page intentionally left blank*]

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Proposed Order, pursuant to sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007, disallowing the Claims and granting such other and further relief as the Court deems just and proper.

Dated: March 14, 2022
Wilmington, Delaware

**SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Monique B. DiSabatino*
　　Mark Minuti (DE Bar No. 2659)
　　Monique B. DiSabatino (DE Bar No. 6027)
　　1201 N. Market Street, Suite 2300
　　P.O. Box 1266
　　Wilmington, DE 19899
　　Telephone: (302) 421-6800
　　mark.minuti@saul.com
　　monique.disabatino@saul.com

　　　-and-

　　Jeffrey C. Hampton
　　Adam H. Isenberg
　　A. Mayer Kohn
　　Centre Square West
　　1500 Market Street, 38th Floor
　　Philadelphia, PA 19102
　　Telephone: (215) 972-7777
　　jeffrey.hampton@saul.com
　　adam.isenberg@saul.com
　　mayer.kohn@saul.com

　　*Counsel to the Debtors and Debtors in Possession*