# Exhibit B

## Declaration of Allen Wilen

39481378.6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 19-11466 (MFW)<br>)<br>) Jointly Administered<br>)<br>)<br>)<br>) |

### DECLARATION OF ALLEN WILEN IN SUPPORT OF DEBTORS' OBJECTION TO CLAIMS PURPORTEDLY FILED ON BEHALF OF DECEDENT ROBERT JOHNSON

I, Allen Wilen, hereby submit this declaration (the "**Declaration**") under penalty of perjury:

1. I am the chief restructuring officer ("**CRO**") of the debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I have served as CRO for the Debtors since April 8, 2019.

2. I am a Partner at EisnerAmper LLP and serve as the national director of EisnerAmper's financial advisory services group. I have more than twenty-five years of financial and accounting experience, as well as extensive experience advising insolvent and troubled companies, including several companies in the healthcare industry.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

3. In my capacity as CRO of the Debtors, I have been directly involved in the matters leading up to, and following, the filing of the Debtors' chapter 11 filings, and have become well-acquainted with the Debtors' capital structure, liquidity needs, and business operations. I have reviewed and am familiar with the contents of the *Debtors' Objection to Claims Purportedly Filed on Behalf of Decedent Robert Johnson* (the "**Objection**").[2] I submit this Declaration in support of the Objection.

4. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge of the matters set forth herein, my discussions with the Debtors' bankruptcy and/or State Court counsel, and my review of documents and information relating to the State Court Action.

5. I am over eighteen (18) years of age, and I am authorized to submit the Declaration on behalf of the Debtors. If called upon to testify, I could and would competently testify to the facts set forth herein from my own personal knowledge, except as otherwise stated.

6. Shortly following the commencement of the State Court Action, on or about June 19, 2019, the Debtors understand that Mr. Johnson passed away. The Debtors further understand that at the time of his death, Mr. Johnson was in the custody of the Philadelphia Department of Prisons.

7. It is not known whether Mr. Johnson had any next-of-kin at the time of his death. No suggestion of death was filed in the State Court Action and the Debtors have not been made aware of any executor, administrator, or personal representative that has been duly appointed pursuant to Pennsylvania law to represent Mr. Johnson or his estate in connection his claims.

---

[2] Capitalized terms used in this Declaration but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

8. Upon learning of Mr. Johnson's death, the Debtors' State Court counsel attempted to contact Attorney Van der Veen to confirm whether an estate was created and/or whether Attorney van der Veen was appointed either executor or administrator of Mr. Johnson's estate and/or counsel for such duly appointed executor or administrator. Attorney Van der Veen did not respond to such outreach.

9. In addition, at the Debtors' direction, State Court counsel also conducted a review of records with the Philadelphia Register of Wills and did not find any records indicating that an estate was created for Mr. Johnson.

10. Prior to filing this Objection, the Debtors' counsel contacted Attorney van der Veen to confirm whether as estate was created and/or whether Attorney van der Veen was appointed either executor or administrator of Mr. Johnson's estate and/or counsel for such duly appointed executor or administrator. Attorney van der Veen has not responded to such inquiry to date.

11. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct.

Executed on March 14, 2022.

By: */s/ Allen Wilen*
     Allen Wilen, Chief Restructuring Officer