# EXHIBIT A

**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Related to Docket No. ___** |
| | ) | |

**ORDER GRANTING MOTION OF THE DEBTORS FOR ENTRY
OF AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN
THE DEBTORS AND ERNST & YOUNG LLP AND ERNST & YOUNG U.S. LLP**

Upon the motion (the "**Motion**")[2] of the Debtors seeking entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 approving the Settlement Agreement attached hereto as **Exhibit 1**; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2019; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed and considered the Motion and the Settlement Agreement and any responses thereto; and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

[2] Any and all terms not defined herein shall have the meaning ascribed to them in the Motion.

1. The Motion is GRANTED.

2. The Settlement Agreement is approved in all respects.

3. The parties to the Settlement Agreement are authorized to take all appropriate steps required to effectuate the terms of the Settlement Agreement.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and enforcement of this Order and the Settlement Agreement.

-2-

# Exhibit 1

**(Settlement Agreement)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Settlement Agreement**") is entered into as of the 14th day of March, 2022 (the "**Effective Date**"), by and between the above captioned Debtors and Ernst & Young LLP and Ernst & Young U.S. LLP (collectively, "**EY**") (the Debtors and EY, each a "**Party**" and together, the "**Parties**").

## RECITALS

WHEREAS, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

WHEREAS, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b), and the cases were so consolidated under Case No. 19-11466 (collectively, the "**Bankruptcy Case**");

WHEREAS, the Debtors and their estates maintain the right to prosecute and settle all estate claims and causes of action, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code;

WHEREAS, the Debtors, after review of their books and records, have asserted that EY allegedly received transfers (the "**Transfers**") from the Debtors of not less than $973,513 on or

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

39645072.13

within two years before the Petition Date for payment of the invoices (the "**Invoices**") as set forth and identified on the chart attached hereto as **Exhibit A** and incorporated by reference herein;

WHEREAS, the Debtors have demanded the return of the Transfers as alleged constructive fraudulent transfers that are subject to avoidance and recovery pursuant to sections 548 and 550 of the Bankruptcy Code;

WHEREAS, EY has denied any liability with respect to the Transfers and the Invoices, including that the Transfers are subject to avoidance and recovery, and has asserted various defenses to the Debtors' ability to avoid and recover the Transfers;

WHEREAS, the Parties have engaged in discussions regarding the Transfers and Invoices and, as a result of those discussions and to avoid further costs and the attendant risks of litigation, have decided to resolve the disputes concerning the Transfers and Invoices upon the terms and conditions set forth in this Settlement Agreement.

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Debtors and EY agree, subject to approval of the Bankruptcy Court, as follows:

## AGREEMENT

1. <u>Settlement</u>. In settlement of the disputes between the Parties and in full and final satisfaction of the Debtors' claims with respect to the Transfers and the Invoices, on any and all grounds, including, without limitation, those arising under Chapter 5 of the Bankruptcy Code, EY shall pay to the Debtors $490,000.00 (the "**Settlement Amount**") within eight (8) business days after the date this Settlement Agreement is approved by the Bankruptcy Court by Final Order. Payment shall be made by wire pursuant to the instructions previously provided to EY by the Debtors.

2. <u>Bankruptcy Court Approval</u>. The Parties acknowledge that this Settlement Agreement is subject to Bankruptcy Court approval. No later than seven (7) calendar days after full execution of this Settlement Agreement, the Debtors shall file a motion (the "**Motion**") with the Bankruptcy Court for entry of an Order approving the terms of this Settlement Agreement. In the event that the Bankruptcy Court does not approve the Motion by entry of a Final Order, this Settlement Agreement shall be null and void and of no force and effect against either of the Parties and any part of the Settlement Amount that has been paid shall be returned to EY, without interest. An order will be considered to be a "Final Order" if the order is not subject to any timely appeal or motion for reconsideration.

3. <u>Debtors Release of EY</u>. Except for the obligations arising under this Settlement Agreement, and effective upon Bankruptcy Court approval of this Settlement Agreement pursuant to a Final Order and receipt of the Settlement Amount in good funds, the Debtors, the Debtors' estates, their respective professionals, subsidiaries, affiliates, current and former officers and directors, agents, employees, representatives, attorneys, successors and assigns (a) release and discharge EY from any and all claims, liabilities, and causes of action, whether known or unknown, of any nature or type, including, without limitation, all claims, liabilities, and causes of action

2

related to the Transfers and the Invoices; and (b) release and discharge EY's Representatives,[2] Ernst & Young Global Ltd. (and all of its member firms) and Ernst & Young Global Services and their Representatives from any and all claims, liabilities, and causes of action, whether known or unknown, of any nature or type relating to the Transfers and the Invoices.

4. <u>EY Release of Debtors</u>. Except for the obligations arising under this Settlement Agreement, and effective upon Bankruptcy Court approval of this Settlement Agreement pursuant to a Final Order, EY, its respective professionals, subsidiaries, affiliates, current and former officers and directors, agents, employees, representatives, attorneys, successors and assigns (a) release and discharge the Debtors and the Debtors' estates from any and all claims, liabilities, and causes of action, whether known or unknown, of any nature or type, including, without limitation, any administrative expense claims in the Bankruptcy Case, any EY scheduled unsecured claim in the Bankruptcy Case, any proofs of claim previously filed by EY in the Bankruptcy Case, and any claims arising under section 502(h) of the Bankruptcy Code as a result of this Settlement Agreement and payment of the Settlement Amount; and (b) release and discharge the Debtors' Representatives from any and all claims, liabilities, and causes of action, whether known or unknown, of any nature or type relating to the Transfers, the Invoices, payment of the Settlement Amount, and the payment or reimbursement for the services related to the Invoices.

5. <u>EY Release of the MBNF Parties</u>.[3] Effective upon Bankruptcy Court approval of this Settlement Agreement pursuant to a Final Order, EY, its respective professionals, subsidiaries, affiliates, current and former officers and directors, agents, employees, representatives, attorneys, successors and assigns release and discharge the MBNF Parties and the MBNF Parties' Representatives from any and all claims, liabilities, and causes of action, whether known or unknown, of any nature or type against the MBNF Parties or the MBNF Parties' Representatives relating to the Transfers, the Invoices, payment of the Settlement Amount or the payment or reimbursement for the services related to the Invoices. The MBNF Parties are third-party beneficiaries of this paragraph of the Settlement Agreement.

6. <u>No Admission of Liability</u>. This Settlement Agreement is a compromise of disputed claims and shall not be construed as an admission of liability, fault, wrongdoing, or responsibility for any purpose by any Party. By entering into this Settlement Agreement, neither Party admits, and each Party expressly denies, any liability, fault, wrongdoing or responsibility on its part with respect to the matters being resolved herein.

---

[2] The term "**Representatives**" means a person's or an entities' current and former members, partners, principals, owners, parent companies, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, administrators, retained professionals, independent contractors, predecessors, insurers, successors and assigns.

[3] The "**MBNF Parties**" are Joel Freedman, Stella Freedman, Svetlana Attestatova, Kyle Schmidt, MBNF Investments, LLC, American Academic Health System, LLC, Philadelphia Academic Health Holdings, LLC, Front Street Healthcare Properties, LLC, Front Street Healthcare Properties II, LLC, Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC, Philadelphia Academic Risk Retention Group, LLC, Paladin Healthcare Capital, LLC, Paladin Healthcare Management, LLC, Paladin Capital and Globe Health Foundation, Inc.

7. <u>No Assignment of Claims</u>. Each of the Parties represents and warrants that, as of its execution of this Settlement Agreement, it has not assigned or otherwise transferred any of the claims addressed in, or to be released by, this Settlement Agreement and shall not assign or otherwise transfer to any person any such claim.

8. <u>Choice of Law</u>. This Settlement Agreement shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

9. <u>Authority of Parties</u>. The Parties each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Settlement Agreement on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Settlement Agreement; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval.

10. <u>Merger</u>. The Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement. This Settlement Agreement may only be modified by an instrument in writing executed by each of the Parties hereto.

11. <u>Validity</u>. If any provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, then said illegal, unenforceable, or invalid provision shall be deemed not to be a part of this Settlement Agreement and the legality, validity, and enforceability of the remaining provisions shall not be affected thereby, unless the provision(s) held illegal, unenforceable, or invalid will, if not enforced, substantially impair the benefits and fairness of the remaining Settlement Agreement provisions.

12. <u>Execution of Settlement Agreement</u>. This Settlement Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement. Facsimile, electronic mail and scanned signatures shall be deemed to have the full force and effect of ink signatures.

13. <u>Enforcement of Settlement Agreement</u>. In the event that legal action is instituted to enforce this Settlement Agreement, the prevailing party shall be entitled to recover from the losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

14. <u>Jurisdiction</u>. Subject to the entry of a Final Order, the Bankruptcy Court shall have jurisdiction to resolve any disputes or controversies arising from or related to this Settlement Agreement and the Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies arising from or related to this Settlement Agreement.

15. <u>Construction</u>. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Settlement Agreement, as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Settlement Agreement

and (b) that each party signing this Settlement Agreement is entering into this Settlement Agreement knowingly, voluntarily, and of its own free will.

      IN WITNESS WHEREOF, the Parties have hereby executed this Settlement Agreement as of the date first written above, intending to be legally bound.

| | |
|---|---|
| **CENTER CITY HEALTHCARE, LLC; PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC; ST. CHRISTOPHER'S HEALTHCARE, LLC; PHILADELPHIA ACADEMIC MEDICAL ASSOCIATES, LLC; HPS OF PA, L.L.C.; SCHC PEDIATRIC ASSOCIATES, L.L.C.; ST. CHRISTOPHER'S PEDIATRIC URGENT CARE CENTER, L.L.C.; SCHC PEDIATRIC ANESTHESIA ASSOCIATES, L.L.C.; STCHRIS CARE AT NORTHEAST PEDIATRICS, L.L.C.; TPS OF PA, L.L.C.; TPS II OF PA, L.L.C; TPS III OF PA, L.L.C.; TPS IV OF PA, L.L.C. AND TPS V OF PA, L.L.C.** | **ERNST & YOUNG LLP**<br><br>*/s/ Dana S. Douglas*<br><br>By: Dana S. Douglas<br>Its: Associate General Counsel<br><br>**ERNST & YOUNG U.S. LLP**<br><br>*/s/ Dana S. Douglas*<br><br>By: Dana S. Douglas<br>Its: Associate General Counsel |
| */s/ Allen Wilen*<br><br>By: Allen Wilen<br>Its: Chief Restructuring Officer | |

5

03/14/2022
39645072.13

# EXHIBIT A

# TRANSFERS AND INVOICES

| Payee Name | Type | Check Number | Payment | Invoice Number(s) | Invoice Date(s) | Invoice Amount |
|---|---|---|---|---|---|---|
| Ernst & Young US LLP | Wire | WT Seq#05415 | 576,000 | US0131902840 | 11/8/2017 | 145,000 |
| | | | | US0131903912 | 11/9/2017 | 245,000 |
| | | | | US0131932961 | 12/20/2017 | 20,000 |
| | | | | US0131972653 | 2/14/2018 | 166,000 |
| ERNST & YOUNG LLP | Check | 25201 | 147,453 | US0132079086 | 6/20/2018 | 147,453 |
| ERNST & YOUNG LLP | Check | 29662 | 125,030 | US0132175641 | 11/8/2018 | 125,030 |
| ERNST & YOUNG LLP | Check | 31991 | 125,030 | US0132210141 | 1/1/2019 | 125,030 |
| | | | $ 973,513 | | | $ 973,513 |

39645072.13