## **EXHIBIT B**

**(Declaration of Allen Wilen in)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CENTER CITY HEALTHCARE, LLC, *et al.*,[1] ) | Case No. 19-11466 (MFW) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**DECLARATION OF ALLEN WILEN IN SUPPORT OF MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND ERNST & YOUNG LLP AND ERNST & YOUNG U.S. LLP**

I, Allen Wilen, hereby declare the following, under the penalty of perjury:

1. I am the Chief Restructuring Officer ("**CRO**") of Center City Healthcare, LLC and certain of its subsidiaries and affiliates, each a debtor and debtor-in-possession (each, individually, a "**Debtor**" and, collectively, the "**Debtors**") in the above-captioned chapter 11 cases.

2. I have served as CRO for the Debtors since April 8, 2019. In such capacity, I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records. I am above 18 years of age, and I am competent to testify.

3. I am duly authorized to make and submit this declaration on behalf of the Debtors in support of the *Motion of the Debtors for Entry of an Order Approving Settlement Agreement*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

*Between the Debtors and Ernst & Young LLP and Ernst & Young U.S. LLP* (the "**Motion**"),[2] filed contemporaneously herewith.

4. I read and authorized the filing of the Motion. The facts set forth in the Motion are true and correct to the best of my knowledge, information and belief.

5. Prior to the Petition Date, on March 14, 2017, EY entered into the Agreement with Paladin to provide certain services related to the Project Liberty Transaction. The Project Liberty Transaction closed on January 11, 2018.

6. Between March 14, 2017 and October 16, 2017, EY issued Paladin several "Statements of Work" related to the Agreement which detail the services to be provided by EY.

7. On May 1, 2018 and November 13, 2018, EY and Paladin entered into additional Statements of Work, which identified the Debtors as "affiliates" of Paladin and purported to expand EY's services.

8. Consistent with the Agreement and certain of the statements of work noted above, EY issued the Pre-Closing Services Invoices to Paladin.

9. Each of the Pre-Closing Services Invoices were paid by the Debtors by the Wire Transfer.

10. On June 20, 2018, EY issued the Working Capital Adjustment Invoice to non-debtor PAHH for services relate to a working capital adjustment dispute with Tenet related to the Project Liberty Transaction.

11. The Working Capital Adjustment Invoice was paid by the Debtors with the Working Capital Adjustment Transfer.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

12. On November 8, 2018 and January 1, 2019, EY issued the PAHH Audit Invoices to non-debtor AAHS for services related to a 2018 audit of non-debtor PAHH.

13. The Debtors paid the full amount of the PAHH Audit Invoices with the PAHH Audit Invoices Transfers.

14. On October 21, 2021, the Debtors sent a demand/settlement letter to EY asserting that the Transfers were constructive fraudulent conveyances pursuant to section 548 of the Bankruptcy Code.

15. EY disputes that the Transfers were fraudulent transfers under Section 548 of the Bankruptcy Code and otherwise asserts certain defenses to the Alleged Claims.

16. The Debtors and EY have engaged in good faith, arms-length negotiations in an attempt to resolve the Debtors' Alleged Claims.

17. Subject to Court approval, the Debtors and EY now desire to resolve the Alleged Claims without the time, expense and uncertainty attendant with litigation over such issues on the terms set forth in the Settlement Agreement.

18. The Settlement Agreement attached as Exhibit 1 to the Proposed Order approving the Motion is a true and correct copy of the Settlement Agreement signed by the Parties.

19. While I believe the Debtors have a high probability of recovering on the Alleged Claims in full if the Debtors filed an adversary proceeding against EY, the outcome of litigation is never certain and the compromise set forth in the Settlement Agreement is an appropriate resolution of the Alleged Claims, taking into account the defenses asserted by EY, including EY's assertions (which are disputed by the Debtors) that (a) the Debtors were not insolvent or inadequately capitalized at the time of the Transfers and (b) the Debtors received reasonably equivalent value in exchange for the Transfers.

39548272.1 03/15/2022

-4-

20. The Alleged Claims implicate issues of insolvency, inadequate capitalization and reasonably equivalent value, all of which are factually and legally complex. The complexity of these issues is reflected in the Settlement Agreement. Further, the costs and delay associated with litigation are appropriately accounted for in the compromise of the Alleged Claims.

21. Here, the paramount interest of creditors is served by the Settlement Agreement, as the Debtors' creditors will clearly benefit from the prompt payment of the Settlement Payment without further costs and delay.

22. The Settlement Agreement is the result of good faith, arm's length negotiations between the Debtors and EY and, in my view, constitutes a reasonable exercise of the Debtors' business judgment.

23. For all of the foregoing reasons, I would respectfully encourage the Court to approve the Settlement Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 15, 2022    Respectfully submitted,

/s/ Allen Wilen
Allen Wilen
Chief Restructuring Officer