## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) **Related to Docket No. ____** |
| | ) |

## ORDER APPROVING STIPULATION AUTHORIZING
## RETURN OF OVERPAYMENT TO MODERN GROUP, LTD.

Upon consideration of the *Stipulation Authorizing Return of Overpayment to Modern Group, Ltd.* (the "Stipulation")[2] attached hereto as **Exhibit "1;"** and the Court having jurisdiction over the matters raised in the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Stipulation having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Stipulation is in the best interests of the Debtors, their estates, creditors and all parties-in-interest, and that the legal and factual bases set forth in the Stipulation establish just

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Stipulation is approved.

2.      The Debtors are authorized to return the Overpayment to Modern Group, Ltd.

3.      HCC Life Insurance Company and Continental Benefits, LLC shall have no rights

to the Overpayment.

4.      This Court shall retain jurisdiction over any and all matters arising from or related

to the implementation of this Order or the Stipulation.

5.      This Order is effective immediately upon entry.

# EXHIBIT 1

## Stipulation

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## STIPULATION AUTHORIZING RETURN OF
## OVERPAYMENT TO MODERN GROUP, LTD.

This *Stipulation Authorizing Return of Overpayment to Modern Group, Ltd.* (the "Stipulation") is made and entered into as of the 22nd day of March, 2022 between and among the above-referenced debtors and debtors-in-possession (collectively, the "Debtors") and Modern Group, Ltd. (the "Modern Group," and together with the Debtors, the "Parties"), by and through their respective duly authorized undersigned counsel.

## INTRODUCTION

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

**WHEREAS**, the Debtors' chapter 11 cases (the "Chapter 11 Cases") have been procedurally consolidated;

**WHEREAS**, Modern Group maintained a self-funded group health plan, for which HCC Life Insurance Company ("HCC Life") was its stop loss insurance carrier and Continental Benefits, LLC ("Continental") was its third-party administrator;

**WHEREAS**, after the Petition Date, in September 2019, an individual with health insurance coverage provided by the Modern Group health plan (the "Patient") received medical services at St. Christopher's Hospital for Children ("STC");

**WHEREAS**, the cost of the services rendered to the Patient (the "Services") totaled $557,715.93 (the "Billed Amount");

**WHEREAS**, on or about October 31, 2019, Continental issued a check to STC in the amount of $418,286.98 ("Check No. 6043") for the Services;

**WHEREAS**, on or about January 24, 2020, STC and HCC entered into an agreement to reduce the Billed Amount to $360,737.12 (the "Modified Billed Amount");

**WHEREAS**, on February 13, 2020, STC electronically deposited Check No. 6043;

**WHEREAS**, the difference between Check No. 6043 and the Modified Billed amount is $57,549.86 (the "Overpayment");

**WHEREAS**, Modern Group seeks to recover the Overpayment from the Debtors; and

**WHEREAS**, HCC Life and Continental have waived and released any and all rights they may have to the Overpayment.[2]

---

[2]    The signed waivers by HCC Life and Continental (now, a company of Marpai Inc.), are attached hereto as **Exhibit A**.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby contract, covenant and agree, subject to Bankruptcy Court approval as set forth herein, as follows:

**STIPULATION**

1.      Each of the Recitals set forth above is incorporated herein by reference.

2.      This Stipulation is subject to and conditioned upon the entry of a Final Order of the Court approving this Stipulation (the "Stipulation Effective Date").   In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect.   In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante*.   As used herein, "Final Order" means an order of the Court, as entered on the docket in the Chapter 11 Cases, that has not been reversed, stayed, modified or amended and to which the time to appeal, petition for certiorari, or seek re-argument or rehearing has expired and to which no appeal, re-argument, petition for certiorari, or rehearing is pending or, if an appeal, re-argument, certiorari, or rehearing thereof has been sought, such order has been affirmed by the highest court to which the order was appealed or from which the re-argument or rehearing was sought, or certiorari has been denied, and the time to take any further appeal or to seek certiorari or further re-argument or rehearing has expired, *provided, however*, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Rule 60 of

the Federal Rules of Civil Procedure or Rule 9024 of the Federal Rules of Bankruptcy Procedure may be filed with respect to such order, as long as such a motion actually has not been filed.

3.      Upon the Stipulation Effective Date, the Debtors are authorized to return the Overpayment to Modern Group.

4.      Upon return of the Overpayment, Modern Group shall be deemed to have waived any and all claims and causes of action, whether known or unknown, of any nature or type, against the Debtors and the Debtors' estates.  For the avoidance of doubt, this waiver is not limited to claims related to the Overpayment.

5.      Consistent with the waivers of HCC Life and Continental, attached hereto as **Exhibit A**, HCC Life and Continental have no rights to the Overpayment.

6.      This Stipulation is the entire agreement between the Debtors and Modern Group with respect to the subject matter hereof.  This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein.  No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

7.      The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

8.      Each of the Parties further acknowledges that it has been fully advised with respect to its rights and obligations under this Stipulation by counsel of its own choosing. Each of the Parties has consulted with counsel of its own choosing and has had adequate opportunity to make

whatever investigation or inquiry it deems necessary or desirable with respect to the subject matter and terms of this Stipulation.

9.      In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

10.      This Stipulation shall be binding and inure to the benefit of the Parties hereto, their successors and assigns, including without limitation, as to the Debtors, any chapter 7 or chapter 11 trustee, plan administrator or estate representative, and as to Modern Group, any executor, estate administrator or representative.

11.      No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party unless such modification, amendment or waiver is in writing, has been approved by the Court, and has been executed by a duly authorized representative of the Party against whom such modification, amendment or waiver is sought to be enforced.  If any part of this Stipulation is held to be unenforceable by any court of competent jurisdiction, the unenforceable provision shall be deemed amended to the least extent possible to render it enforceable and the remainder of this Stipulation shall remain in full force and effect.

12.      This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws principles thereof.  This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, agents, attorneys and representatives.

13.      This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

14.     The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Mark Minuti*
Mark Minuti (DE Bar No. 2659)
Monique Bair DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899-1266
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Melissa A. Martinez
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7700
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
melissa.martinez@saul.com

*Counsel for Debtors and Debtors in Possession*

**FOX ROTHSCHILD LLP**

*/s/ Kathleen Barrow*
Kathleen Barrow
Saint Ann Court
2501 N Harwood Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 231-5789
Fax: (972) 404-0516
KBarrow@foxrothschild.com

*Counsel for Modern Group, Ltd.*

# EXHIBIT A

## Waivers

## ASSIGNMENT, WAVIER AND RELEASE OF CLAIM TO FUNDS

By her signature, below, Ronnie Brown, Chief Operating Officer and person authorized to execute this Assignment and Waiver of Claim to Funds, declares under penalty of perjury as follows:

1. I am Chief Operating Officer of Continental Benefits, LLC, a Marpai Inc. company, 5701 East Hillsborough Avenue, STE 1417, Tampa Florida 33610.

2. Continental Benefits, LLC, a Marpai Inc. company, a third-party administrator that provided services to the self-funded group health plan of Modern Group, Ltd. ("Plan").

3. Continental Benefits, LLC, a Marpai Inc. company is aware that St. Christopher's Hospital For Children ("St Christopher's") was over paid the amount of $57,523.20 (the "Overpayment") for health claims arising from treatment rendered at St. Christopher's on or around February 13, 2020 to ████████████████████████ ██████ (the "Claims").

4. Continental Benefits and Marpai have no right or claim to the overpayment amount of $57,523.20, or any other sum arising from the Claims.   To the extent Continental Benefits or Marpai would be determined to any entitlement to the overpayment on the Claims, Continental Benefits and Marpai assign such entitlement to the Plan.

5. Continental Benefit and Marpai hereby waive and release any, and all right they may have to the Overpayment arising from the Claims.

Executed this 25th of October, 2021

MARPAI

*Ronnie Brown*
_____
Ronnie Brown, Chief Operating Officer

## ASSIGNMENT, WAVIER AND RELEASE OF CLAIM TO FUNDS

By his signature, below, Charles H. MacPhaul, Senior Counsel, a person authorized to execute this Assignment, Waiver and Release of Claim to Funds, declares under penalty of perjury as follows:

1. I am Senior Counsel of HCC Life Insurance Company ("HCC Life").

2. HCC Life was the stop-loss insurance carrier for the self-funded group health plan of Modern Group, Ltd. ("Plan") in 2020.

3. HCC Life is aware that St. Christopher's Hospital For Children ("St Christopher's) was over paid the amount of $57,523.20 (the "Overpayment") for health claims arising from treatment rendered at St. Christopher's on or around February 13, 2020 to ███████████ ███████████████████████████████ (the "Claims").

4. HCC Life has no right or claim to the overpayment amount of $57,523.20, or any other sum arising from the Overpayment.   To the extent HCC Life would be determined by a court of competent jurisdiction to any entitlement to the Overpayment, HCC Life assigns such entitlement to the Plan.

5. HCC Life hereby waives and releases any, and all right it may have to the Overpayment.

Executed this 26th, of October, 2021

HCC Life Insurance Company


_____
Charles MacPhaul

Sr. Counsel