# **EXHIBIT A**

**(Proposed Order)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered)<br>**Related to Docket No. ____** |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL,<br><br>    Plaintiff,<br><br>v.<br><br>GE HEALTHCARE INC.,<br><br>    Defendant. | Adv. Proc. No. 21-50899 (MFW)<br><br>**Related to Docket No. ___** |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL,<br><br>    Plaintiff,<br><br>v.<br><br>GE MEDICAL SYSTEMS INC.,<br><br>    Defendant. | Adv. Proc. No. 21-50900 (MFW)<br><br>**Related to Docket No. ___** |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC CO.,<br><br>    Defendant. | Adv. Proc. No. 21-50901 (MFW)<br><br>**Related to Docket No. ___** |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

### ORDER APPROVING SETTLEMENT OF PREFERENCE CLAIMS AGAINST GE HEALTHCARE INC., GE MEDICAL SYSTEMS INC. AND GENERAL ELECTRIC CO. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

The Court having considered the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for approval of the settlement of certain claims for avoidance and recovery of allegedly preferential transfers (the "**Preference Claims**"), as set forth in the Settlement Agreement attached as **Exhibit 1** hereto; and the Court finding that the Settlement Agreement is fair and reasonable, and the Court having jurisdiction to consider the Motion and the relief requested therein; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, creditors and other parties in interest; and the Court having reviewed the Motion and considered the arguments made at the hearing, if any; and after due deliberation and sufficient cause appearing therefor

   IT IS HEREBY ORDERED THAT::

   1.  The Motion is Granted as set forth herein.

   2.  The Settlement Agreement attached hereto as **Exhibit 1** with respect to the Debtors' Preference Claims against the GE Entities is hereby approved in full and final settlement of such claims.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

3.  The Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

# **EXHIBIT 1**

**(Settlement Agreement)**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into as of this 4th day of February, 2022, by and between Center City Healthcare, LLC d/b/a Hahnemann University Hospital, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC d/b/a St. Christopher's Hospital for Children and certain of their affiliates (collectively, the "**Debtors**") and the GE Parties (as defined below, and together with the Debtors, the "**Settling Parties**").

## RECITALS

WHEREAS, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b), and the cases were so consolidated under Case No. 19-11466;

WHEREAS, the Debtors and their estates maintain the right to prosecute and settle all estate claims and causes of action, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code;

WHEREAS, the Debtors, after review of their books and records, have asserted that entities known as (i) GE Healthcare, Inc. ("**GE Healthcare**"), GE Medical Systems, Inc. ("**GE Medical**"), and General Electric Co. ("**GE**" and together with GE Healthcare and GE Medical, the "**GE Defendants**") received transfers from the Debtors of not less than (i) $87,762 by GE Healthcare, (ii) $27,360 by GE Medical, and (iii) $89,998 by GE (collectively, the "**Transfers**") on or within the 90 days before the Petition Date and have demanded the return of the Transfers as alleged preferential transfers that are subject to avoidance and recovery pursuant to sections 547 and 550 of the Bankruptcy Code;

WHEREAS, on or about June 26, 2021, the Debtors filed complaints against the GE Defendants to avoid and recover the Transfers, which matters are proceeding as Adversary Case Nos. 21-50899, 21-50900 and 21-50901 (the "**Adversary Proceedings**");

WHEREAS, the GE Defendants dispute any liability for return of the Transfers;

WHEREAS, it has been asserted that both GE Precision Healthcare LLC, as successor by merger to GE Medical and otherwise, and GE Healthcare IITS USA Corp. also may have been recipients of Transfers which are the subject of the Adversary Proceedings (the GE Defendants, GE Precision Healthcare LLC and GE Healthcare IITS USA Corp. together shall be referred to hereafter as the "**GE Parties**" and the GE Parties and Debtors together shall be referred to hereafter as the "**Settling Parties**");

WHEREAS, the Settling Parties have engaged in discussions and exchanged information regarding the Transfers and, as a result of those discussions, and to avoid further costs and the

1

attendant risks of litigation, have decided to resolve the dispute concerning the Transfers upon the terms and conditions set forth in this Agreement,

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Debtors and the GE agree as follows:

## AGREEMENT

Settlement. In settlement of the dispute between the Settling Parties and in full and final satisfaction of the Debtors' claims with respect to the Transfers, the GE Parties shall pay to the Debtors $20,000.00 (the "**Settlement Amount**") within thirty (30) days of the date of this Agreement. GE Precision Healthcare LLC shall pay $8,000 and GE Healthcare IITS USA Corp. shall pay $12,000. Payment shall be made by wire (the instructions provided upon request by the GE Parties) or by check, payable to "Philadelphia Academic Health System," and sent to:

> Philadelphia Academic Health System
> c/o Eisner Advisory Group LLC
> Attention: Allen Wilen
> One Logan Square
> 130 North 18th St., Suite 3000
> Philadelphia, PA 19103

Bankruptcy Court Approval. The Settling Parties acknowledge that this Agreement is subject to Bankruptcy Court approval. No later than thirty (30) days after receipt of the Settlement Amount, the Debtors shall file a motion (the "**Motion**") with the Bankruptcy Court for entry of an Order approving the terms of this Agreement. In the event that the Bankruptcy Court does not approve the Motion, this Agreement shall be null and void and of no force and effect against either of the Settling Parties and any part of the Settlement Amount that has been paid shall be returned to the GE Parties, without interest.

Dismissal of Adversary Proceeding. Within ten (10) business days following the entry of an Order approving this Agreement, the Debtors shall dismiss the Adversary Proceeding with prejudice.

Debtors' Release. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement, the Debtors and the Debtors' estates release and discharge the GE Parties and their officers, directors, agents, employees, representatives and attorneys from any and all claims and causes of action, whether known or unknown, of any nature or type, that the Debtors and the Debtors' estates have or may have against the GE Parties related to the Transfers and the Adversary Proceeding.

GE Parties' Release. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement, the GE Parties release and discharge the Debtors, the Debtors' estates, and their respective officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type that they have or may have had against the Debtors and the Debtors'

estates related to the Transfers and the Adversary Proceeding. The GE Parties also release the Debtors and the Debtors' estates from any claims arising under section 502(h) of the Bankruptcy Code as a result of this settlement. This agreement shall not affect any proof of claims filed by the GE Parties.

No Admission of Liability. This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any Party.

Choice of Law. This Agreement shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

Authority of Settling Parties. The Settling Parties represent and warrant that the undersigned signers for then are fully authorized and empowered to execute and deliver this Agreement on behalf of, and to bind, each Settling Party, as applicable, to the terms and conditions of this Agreement; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Agreement shall become effective only upon the order approving this Agreement becoming a Final Order.

Merger. The Settling Parties acknowledge that this Agreement constitutes the entire agreement between the Settling Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement. This Agreement may only be modified by an instrument in writing executed by each of the Settling Parties hereto.

Execution of Agreement. This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement. Facsimile, electronic mail and scanned signatures shall be deemed to have the full force and effect of ink signatures.

Enforcement of Agreement. In the event that legal action is instituted to enforce this Agreement, the prevailing party shall be entitled to recover from the losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

Jurisdiction. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement. The Settling Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies arising from or related to this Agreement.

Construction. Each of the Settling Parties represents and warrants that it has had an opportunity to fully review the provisions of this Agreement, as a result of which the Settling Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

IN WITNESS WHEREOF, intending to be legally bound, the Settling Parties have hereby executed this Agreement as of the date first written above.

| | |
|---|---|
| **SAUL EWING ARNSTEIN & LEHR LLP** | **HILLER LAW, LLC**<br>Adam Hiller (DE Bar No. 4105)<br>300 Delaware Avenue, Suite 210, #227<br>Wilmington, DE 19801<br>Telephone: (302) 442-7677<br>ahiller@adamhillerlaw.com |
| */s/ John D. Demmy*<br>Mark Minuti (DE Bar No. 2659)<br>John D. Demmy (DE Bar No. 2802)<br>Monique B. DiSabatino (DE Bar No. 6027)<br>1201 N. Market Street, Suite 2300<br>P.O. Box 1266<br>Wilmington, DE 19899<br>Telephone: (302) 421-6800<br>mark.minuti@saul.com<br>monique.disabatino@saul.com | -and-<br><br>**DEHAAN & BACH L.P.A.**<br><br>*[signature]*<br>Michael B. Bach<br>25 Whitney Drive, Suite 106<br>Milford, OH 45150<br>Telephone: (513) 247-7407<br>michaelb@dehaan-bach.com<br><br>*Counsel for the GE Parties* |
| -and-<br><br>Jeffrey C. Hampton<br>Adam H. Isenberg<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>Telephone: (215) 972-7777<br>Fax: (215) 972-7725<br>jeffrey.hampton@saul.com<br>adam.isenberg@saul.com<br><br>*Counsel for the Debtors and Debtors in Possession* | |

4