# EXHIBIT C

Form of Guaranty Agreement

# GUARANTY AGREEMENT

THIS **GUARANTY AGREEMENT** ("**Guaranty**") made and executed this \_\_ day of _____, 2022 by **PHILADELPHIA ACADEMIC HEALTH HOLDINGS, LLC,** a Delaware limited liability company ("**Guarantor**") whose mailing address is 21143 Hawthorne Blvd. #505, Torrance, CA 90503, to and in favor of **PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC**, a Delaware limited liability company, whose address is 216 N. Broad Street, 4th Floor, Philadelphia, PA  19102 ("**Lender**").

## WITNESSETH:

**WHEREAS, BROAD STREET HEALTHCARE PROPERTIES, LLC**, a Delaware limited liability company ("**Broad Street I**"), **BROAD STREET HEALTHCARE PROPERTIES II, LLC**, a Delaware limited liability company ("**Broad Street II**"), **BROAD STREET HEALTHCARE PROPERTIES III, LLC**, a Delaware limited liability company ("**Broad Street III**" and collectively with Broad Street I and Broad Street II, "**Borrower**") have requested a mortgage loan from Lender in the original principal amount of Five Million Six Hundred Thousand and No/100 Dollars ($5,600,000) (the "**Loan Amount**"); and

**WHEREAS,** Lender has agreed to make a mortgage loan in the Loan Amount to Borrower ("**Loan**") on certain terms and conditions, including among other things, the condition that Guarantor execute and deliver this Guaranty to and in favor of Lender; and

**WHEREAS,** the Loan is evidenced by a certain Secured Promissory Note dated _____ \_\_\_, 2022, executed by Borrower to and in favor of Lender in the principal sum of Five Million Six Hundred Thousand and No/100 Dollars ($5,600,000) (the "**Note**") and is secured by, among other instruments, three Open-End Mortgage and Security Agreements executed by Borrower to and in favor of Lender with an effective date of _____ \_\_\_, 2022 (collectively or individually, the "**Mortgage**") encumbering certain property, rights and interests more particularly described therein; and

**WHEREAS,** Lender is unwilling to make the Loan unless Guarantor guaranties certain obligations as hereinafter provided; and

**WHEREAS,** Guarantor is the member of and has financial interests in Borrower; and

**WHEREAS,** Guarantor recognizes and acknowledges that the Loan to Borrower will directly benefit Guarantor, and Guarantor therefore deems it to provide a financial advantage and benefit to Guarantor to execute and deliver this Guaranty;

**NOW THEREFORE,** for and in consideration of the premises hereof, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by Guarantor, Guarantor does hereby, for the benefit of Lender, jointly and severally covenant and agree as follows, intending to be legally bound:

**1.** **Recitals**.  The recitals hereinabove set forth in the premises of this Guaranty are true and correct and are by this reference thereto incorporated in this Guaranty.

**2.    Definition of Terms**.  Those capitalized terms not otherwise defined herein shall have those definitions and meanings ascribed to such terms in the Note.

**3.    Guaranteed Obligations**.  Guarantor does hereby unconditionally and absolutely guarantee to Lender the full and prompt payment to Lender of the following obligations ("**Guaranteed Obligations**") when due, to wit:

A.    All indebtedness of Borrower under the Loan, including principal, interest and other amounts outstanding under the Loan Documents (the "**Indebtedness**"), in the event of:

(1)    Borrower shall direct or otherwise cause to be applied any Advance for any purpose other than as permitted under the terms of the Note; or

(2)    Guarantor voluntarily transfers membership interest of Borrower, unless the Lender shall have expressly consented to such transfer in writing after consultation with the Committee, HSRE and Tenet Business Services Corporation; or

(3)    Borrower or Guarantor shall engage a Property Manager without Lender's prior written approval, after consultation with the Committee, HSRE and Tenet Business Services Corporation.

B.    Lender's Losses in the event of the occurrence of: (i) fraud or material breach of Borrower's warranties or representations; (ii) waste with respect to the Property (or any part thereof); (iii) misappropriation or misapplication of insurance or condemnation proceeds; (iv) taxes levied on the Property, including ad valorem taxes and special improvement assessments, and insurance premiums to the extent not otherwise escrowed with the Lender; or (v) any expense, damage, loss or liability (1) arising from or with respect to the breach of the warranties contained in the Note or the Mortgage in connection with environmental matters or (2) arising from or with respect to any indemnification relating to environmental matters.

C.    As used herein, "**Losses**" means any and all claims, suits, liabilities (including strict liabilities), actions, proceedings, obligations, debts, damages, costs, fines, penalties, charges, fees, expenses (including reasonable legal fees and expenses), judgments, awards or amounts paid in settlement of whatever kind or nature; provided, however, that "Losses" shall not include any and all claims, suits, liabilities, actions, proceedings, obligations, debts, damages, costs, fines, penalties, charges, fees, expenses (including reasonable legal fees and expenses), judgments, awards or amounts paid in settlement that arise from the Borrower's nonpayment of items set forth in any Budget that have not been advanced by Lender if required by the Note.

**4.    Guaranty of Payment**.  This Guaranty is a guarantee of payment and not of collection. Accordingly, the obligations of Guarantor under this Guaranty shall be absolute and unconditional, irrespective of the validity or enforceability of each of the Loan Documents and shall not be affected by any action taken by Lender under the Note, Mortgage or any other

instrument executed in connection with the Loan ("the "**Loan Documents**") in the exercise of any right or remedy therein conferred, or by any omission on the part of Lender to enforce any right conferred thereby, or by any waiver by Lender of any covenant or condition therein provided; it being the purpose and intent of this Guaranty that the obligations of Guarantor hereunder shall be absolute and unconditional under any and all circumstances and shall not be discharged except by Guarantor's payment of the Guaranteed Obligations as herein provided.

**5.     Obligations Not Discharged; No Setoff**.  Guarantor hereby acknowledges and agrees that this Guaranty and the obligations of the Guarantor hereunder shall not be affected and shall not be discharged by reason of: any change in the status of Borrower, including, without limitation, changes in name or structure of Borrower; merger or consolidation of Borrower with any other entities, or the transfer of all or any part of Borrower's assets (except for the sale of Borrower's property in accordance with the procedures set forth in the Note); termination or dissolution of Borrower; the filing of a petition by or against Borrower under the bankruptcy laws of the United States, or the voluntary or involuntary takeover of Borrower by Borrower's creditors; additions or losses of members of Borrower by death or otherwise; any change in the status of Guarantor with respect to Borrower, including, without limitation, termination, transfer or conveyance of Guarantor's ownership interest in Borrower, whether direct or indirect, or termination or resignation of Guarantor as an officer, director, manager, trustee or agent of any member or manager of Borrower; or changes in operating procedures, management or in the nature or location of Borrower's business. Payment obligations hereunder shall not be subject to setoff, counterclaim, recoupment or deduction of any kind.

**6.     Guaranty Irrevocable**.  This Guaranty shall be irrevocable by Guarantor until all indebtedness of Borrower to Lender shall have been completely repaid and all obligations and undertakings pursuant to the Loan Documents shall have been fully and completely performed.

**7.     Waiver of Subrogation**.  Guarantor shall not exercise any rights which Guarantor may acquire by way of subrogation under this Guaranty, by virtue of any payment made hereunder or otherwise, until the entire indebtedness of Borrower to Lender evidenced and represented by the Note or otherwise incurred pursuant to the Mortgage or any other Loan Document securing said indebtedness shall have been paid in full.

**8.     Remedies Cumulative**.  In the enforcement of this Guaranty, Lender shall have and be entitled to exercise any and all remedies provided herein and otherwise provided by law.  All rights, powers and remedies of Lender under this Guaranty and under any agreement between Borrower and Lender or between Guarantor and Lender, now or hereafter enforced, shall be cumulative and not alternative and shall be in addition to all rights, powers and remedies provided and available to Lender by law.  No exercise of, delay in exercising, or omission to exercise, any rights, powers or remedies by Lender shall be deemed a waiver thereof, and every such right, power and remedy may be exercised by Lender any one or more times or on any one or more occasions without exhaustion.

**9.     Attorneys' Fees**.  If Lender or its successor engages an attorney to enforce this Guaranty on behalf of Lender, Guarantor hereby agrees to pay all reasonable costs thereof, including, without limitation, the reasonable fees and disbursements of such attorney.

**10.     Modifications, Releases**.  This Guaranty may not be changed, amended or modified and no obligation of Guarantor may be waived by Lender or its agents, except in writing signed by a duly authorized officer of Lender, upon consultation with the Committee, HSRE and Tenet Business Services Corporation.

**11.     Waivers**.  Guarantor waives notice of default, non-payment, partial payment, presentment, demand, protest, notice of protest, dishonor, notice of dishonor and all other notice to which Guarantor might otherwise be entitled, or which might be required by law and required to be given by Lender.  Guarantor further agrees that there are absolutely no conditions or limitations to the undertakings on the part of Guarantor set forth in this Guaranty save those expressly written therein.

**12.     Claims**.  Any claim or claims which Lender may have against Guarantor under this Guaranty at any time or time hereafter shall be asserted by Lender against Guarantor by written notice directed to Guarantor at the address of Guarantor set forth in the preamble to this Guaranty.

**13.     Notices**.  All notices required or permitted to be given by either party hereto shall be sent by registered or certified mail, return receipt requested, or by nationally recognized overnight courier (e.g., Federal Express) to the party intended to receive such notice at the address shown in the preamble to this Guaranty.

**14.     Governing Law**.  This Guaranty shall be governed by, construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania.

**15.     Successor Guarantor**.  This Guaranty is and shall be binding upon Guarantor and its heirs, personal representatives, successors and assigns, and shall inure to the benefit of any successor to or assignee of Lender.  This Guaranty may not be assigned by Borrower or Guarantor without the prior written consent of Lender, in its discretion, upon consultation with the Committee, HSRE and Tenet Business Services Corporation.  Prior to the fifteenth (15th) month anniversary of the date hereof, this Guaranty may not be assigned by Lender without the written consent of Borrower, which shall not be unreasonably withheld; provided, however, that Lender may at any time assign this Guaranty to any direct or indirect wholly owned subsidiary of Lender.

**16.     Construction**.  This Guaranty shall be deemed to be joint work product of Guarantor and Lender and their respective counsel, and Guarantor and Lender shall be considered the drafters of this Guaranty.  Any rule of construction to the effect that any ambiguities are to be construed against the drafting party shall not be applicable to this Guaranty.

**17.     [intentionally omitted]**.

**18.     Waiver of Trial by Jury**.  Guarantor hereby waives, to the fullest extent permitted by applicable law, the right to trial by jury in any action, proceeding or counterclaim filed by any party, whether in contract, tort or otherwise, relating directly or indirectly to this Guaranty or any acts or omissions of Lender or in connection therewith.

*[Remainder of page intentionally left blank; Signature Page Follows]*

**IN WITNESS WHEREOF**, Guarantor, intending to be legally bound hereby, has executed this Guaranty in manner and form sufficient to legally bind it in accordance with the terms hereof on and as of the day and year first above written.

        **GUARANTOR:**

        **PHILADELPHIA ACADEMIC HEALTH HOLDINGS, LLC,** a Delaware limited liability company


        By:_____
        Name:  Joel Freedman
        Title:  Chief Executive Officer and President