# EXHIBIT E

Form of Second Amended and Restated Subordination Agreement

After recording, please return to:
Saul Ewing Arnstein & Lehr LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Attention: Martin J. Doyle, Esq.

Mortgaged Property Addresses:

222-248 N. Broad Street
221-223 N. 15th Street
325 N. 15th Street
300-304 N. Broad Street
200-214 N. Broad Street
201-219 N. 15th Street (Parcel E)
Philadelphia, PA

Tax Parcel Nos.:

772025002
772028498
881038202
885620242
885467862
772028496

# SECOND AMENDED AND RESTATED

# LIEN SUBORDINATION AGREEMENT

      This Second Amended and Restated Lien Subordination Agreement (this "**Agreement**") is dated _____, 2022 and effective as of _____ ___, 2022, by and among **PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC**, a Delaware limited liability company (the "**Senior Lender**"), **PALADIN HEALTHCARE CAPITAL, LLC**, a Delaware limited liability company, in its capacity as administrative agent for the Tranche II Debt (as defined below), including its successors and assigns from time to time (the "**Tranche II Agent**"), **PALADIN HEALTHCARE CAPITAL, LLC**, a Delaware limited liability company, in its capacity as administrative agent for the Tranche III Debt (as defined below), including its successors and assigns from time to time (the "**Tranche III Agent**"), and **FRONT STREET HEALTHCARE PROPERTIES, LLC**, a Delaware limited liability company, including its successors and assigns from time to time ("**Tranche IV Creditor**").

Recitals

A.  **BROAD STREET HEALTHCARE PROPERTIES, LLC**, a Delaware limited liability company ("**Broad Street I**"), **BROAD STREET HEALTHCARE PROPERTIES II, LLC**, a Delaware limited liability company ("**Broad Street II**"), and **BROAD STREET HEALTHCARE PROPERTIES III, LLC**, a Delaware limited liability company ("**Broad Street III**" and collectively with Broad Street I and Broad Street II, "**Borrower**"), have requested and/or obtained or will request and/or obtain (i) certain loans or other credit accommodations from Senior Lender, pursuant to a certain Secured Promissory Note dated the date hereof (the "**Senior Note**" and together with all the documents entered into in connection with the Senior Note, the "**Senior Debt Documents**," and the amounts owed thereunder, the "**Senior Debt**"), which is secured by assets and property of Borrower, and (ii) certain purported loans and other purported credit accommodations from (a) the certain entities named on the signature pages (collectively and individually, "**Tranche II Lenders**") to the Amended and Restated Demand and Secured Promissory Note dated as of October 28, 2021 among Borrower, Tranche II Lenders and Tranche II Agent (the "**Tranche II Note**" and together with all the documents entered into in connection with the Tranche II Note, the "**Tranche II Debt Documents**," and the amounts owed thereunder, the "**Tranche II Debt**"); (b) the certain entities named on the signature pages ("**Tranche III Lenders**") to the Demand and Secured Promissory Note dated as of October 28, 2021 among Borrower, Tranche III Lenders and Tranche III Agent (the "**Tranche III Note**" and together with all the documents entered into in connection with the Tranche III Note, the "**Tranche III Debt Documents**," and the amounts owed thereunder, the "**Tranche III Debt**"); and (c) Tranche IV Creditor, pursuant to that certain Demand and Secured Promissory Note, dated February 12, 2020, issued by Borrower in favor of Tranche IV Creditor (the "**Tranche IV Note**" and, together with all the documents entered into in connection with the Tranche IV Note, the "**Tranche IV Debt Documents**," and the amounts owed thereunder, the "**Tranche IV Debt**"), each of which are or may be from time to time purportedly secured by assets and property of Borrower.

B.  Borrower owns the real property listed on the first page of this Agreement and more specifically described in Exhibit A attached hereto. As security for the Senior Debt, and as purported security for the Tranche II Debt and the Tranche III Debt, Borrower has granted mortgages on such real property to the Senior Lender, the Tranche II Lender and the Tranche III Lender, respectively.

C.  To induce the Senior Lender to extend credit to Borrower pursuant to the terms of the Senior Debt Documents and, at any time or from time to time, at Senior Lender's option, to make such further loans, extensions of credit, or other accommodations to or for the account of Borrower, or to purchase or extend credit upon any instrument or writing in respect of which Borrower may be liable in any capacity, or to grant such renewals or extension of any such loan, extension of credit, purchase, or other accommodation as Senior Lender may deem advisable, AND to induce Tranche II

2

Lenders, Tranche II Agent, Tranche III Lenders and Tranche III Agent to enter into this Agreement, Tranche IV Creditor is willing to subordinate to the extent set forth in this Agreement all of Tranche IV Creditor's purported mortgages, deeds of trust, liens, pledges, hypothecations, encumbrances, charges or security interests ("**Liens**"), if any, to all of Senior Lender's, Tranche II Agent's and Tranche III Agent's Liens in Borrower's property.

**D.** To induce the Senior Lender to extend credit to Borrower pursuant to the terms of the Senior Debt Documents and, at any time or from time to time, at Senior Lender's option, to make such further loans, extensions of credit, or other accommodations to or for the account of Borrower, or to purchase or extend credit upon any instrument or writing in respect of which Borrower may be liable in any capacity, or to grant such renewals or extension of any such loan, extension of credit, purchase, or other accommodation as Senior Lender may deem advisable, AND to induce Tranche II Lenders to enter into this Agreement, Tranche III Lenders are willing to subordinate to the extent set forth in this Agreement all of Tranche III Agent's Liens, if any, to all of Senior Lender's and Tranche II Agent's Liens in Borrower's property.

**E.** To induce the Senior Lender to extend credit to Borrower pursuant to the terms of the Senior Debt Documents and, at any time or from time to time, at Senior Lender's option, to make such further loans, extensions of credit, or other accommodations to or for the account of Borrower, or to purchase or extend credit upon any instrument or writing in respect of which Borrower may be liable in any capacity, or to grant such renewals or extension of any such loan, extension of credit, purchase, or other accommodation as Senior Lender may deem advisable, Tranche II Lenders are willing to subordinate to the extent set forth in this Agreement all of Tranche II Agent's Liens, if any, to all of Senior Lender's Liens in Borrower's property.

**F.** This Agreement amends and restates in its entirety the Amended and Restated Subordination Agreement dated as of October 28, 2021 between Tranche IV Creditor, Tranche III Creditor and Tranche II Creditor (the "**Existing Agreement**"), and this Agreement is not intended to constitute and does not constitute an interruption, suspension of continuity, satisfaction, discharge of prior duties, novation or termination of the liens, security interests, indebtedness, loans, liabilities, expenses or obligations under the Existing Agreement, the Tranche IV Debt Documents, the Tranche III Debt Documents or the Tranche II Debt Documents.

**NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS:**

1. <u>Priorities.</u> Except as otherwise set forth in this Agreement, (a) Tranche IV Creditor subordinates to Senior Lender, Tranche II Agent and Tranche III Agent any Lien that Tranche IV Creditor may have in any property of Borrower, and (b) Tranche III Agent subordinates to Senior Lender and Tranche II Agent any Lien that Tranche III Agent may have in any property of Borrower, and (c) Tranche II Agent subordinates to Senior Lender any Lien that

3

Tranche II Agent may have in any property of Borrower. Notwithstanding the respective dates of attachment or perfection of any Liens of Tranche IV Creditor, Tranche III Agent, Tranche II Agent and Senior Lender, (x) all now existing and hereafter arising Liens of Senior Lender in the "Collateral," as defined in the Senior Note (the "**Senior Collateral**"), shall at all times be senior to any Liens of Tranche II Agent, any Liens of Tranche III Agent and the Liens of Tranche IV Creditor in the Collateral, (y) all now existing and hereafter arising Liens of Tranche II Agent in the "Collateral" (as defined in the Tranche II Debt Documents) (the "**Tranche II Collateral**") and any other collateral described in the Tranche II Debt Documents, and all proceeds thereof, if any, shall at all times be senior to any Liens of Tranche III Agent and any Liens of Tranche IV Creditor in the Collateral, and (z) all now existing and hereafter arising Liens of Tranche III Agent in the Collateral (as defined in the Tranche III Debt Documents) (the "**Tranche III Collateral**"), and all proceeds thereof, if any, shall at all times be senior to any Liens of Tranche IV Creditor in the Collateral.

Tranche II Agent, Tranche III Agent, and Tranche IV Creditor each hereby acknowledges and consents to (i) Borrower granting to Senior Lender, Tranche II Agent, Tranche III Agent and/or Tranche IV Creditor, as applicable, a Lien in the Senior Collateral, Tranche II Collateral, Tranche III Collateral, and/or the "Collateral" (as defined in the Tranche IV Debt Documents) (the "**Tranche IV Collateral**"), respectively (provided that Borrower has not granted, and shall not grant, to the Tranche IV Creditor, any mortgage or other interest in any real property of Borrower), (ii) Senior Lender, Tranche II Agent, Tranche III Agent and Tranche IV Creditor, as applicable, filing any and all financing statements and other documents as deemed necessary by Senior Lender, Tranche II Agent, Tranche III Agent or Tranche IV Creditor, as applicable, in order to perfect Senior Lender's, Tranche II Agent's, Tranche III Agent's or Tranche IV Creditor's, as applicable, Lien in the Senior Collateral, Tranche II Collateral, Tranche III Collateral, or Tranche IV Collateral, respectively (subject to the terms of the preceding clause (i)), and (iii) the entering into by Borrower of the Senior Note, Tranche II Note, Tranche III Note and the Tranche IV Note, as applicable, and the other Senior Debt Documents, Tranche II Debt Documents, Tranche III Debt Documents or Tranche IV Debt Documents, as applicable, in connection therewith.

Tranche II Agent, Tranche III Agent, and Tranche IV Creditor each acknowledges, agrees and covenants that none of Tranche IV Creditor, Tranche III Agent, or Tranche II Agent, as applicable, shall contest, challenge or dispute the validity, attachment, perfection, priority or enforceability of Senior Lender's, Tranche II Agent's, Tranche III Agent's or Tranche IV Creditor's, as applicable, Lien, or the validity, priority or enforceability of the Senior Debt, Tranche II Debt, Tranche III Debt or Tranche IV Debt, as applicable; and acknowledges and agrees that the provisions of this Agreement will apply fully and unconditionally even in the event that Senior Lender's, Tranche II Agent's, Tranche III Agent's or Tranche IV Creditor's Lien in the Senior Collateral, Tranche II Collateral, Tranche III Collateral, or Tranche IV Collateral (as applicable, or any portion thereof) shall be unperfected.

Notwithstanding anything to the contrary contained herein or any other documents entered into in connection herewith, all claims, right, objections, defenses, and remedies of the Senior Lender, its direct and indirect subsidiaries, and the Committee (as defined below) are hereby reserved and preserved regarding the validity, enforceability, and priority of the Tranche II Note,

Tranche III Note and Tranche IV Note, and any Liens granted in connection therewith. Notwithstanding anything to the contrary contained herein, all claims, rights, and remedies of all parties hereto regarding the matter pending as *In re Center City Healthcare, LLC, et al.*, Case No. 19-11466 (MFW) (jointly administered) in the Bankruptcy Court and the matter pending as *Broad Street Healthcare Properties LLC v. Center City Healthcare, LLC*, C.A. No. 21-1779-RGA in the United States District Court for the District of Delaware, are preserved.

As used herein, the term "**Committee**" means the Official Committee of Unsecured Creditors of Center City Healthcare, LLC et al., as appointed in the chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware, as *In re Center City Healthcare, LLC, et al.*, case no. 19-11466 (MFW).

      2.      <u>Transfer of Tranche IV Debt, Tranche III Debt, Tranche II Debt or Senior Debt.</u> Tranche IV Creditor may not transfer its interest in the Tranche IV Debt, the Tranche IV Debt Documents or the Tranche IV Collateral, if any, without prior written consent of Senior Lender, Tranche II Agent and Tranche III Agent. Tranche III Agent may not transfer its interest in the Tranche III Debt, the Tranche III Debt Documents or the Tranche III Collateral, if any, without prior written consent of Senior Lender and Tranche II Agent. Tranche II Agent may not transfer its interest in the Tranche II Debt, the Tranche II Debt Documents or the Tranche II Collateral, if any, without prior written consent of Senior Lender. Any transfer in violation of the provisions of this Section is null and void ab initio.

      3.      <u>Payment of Senior Debt from Proceeds of Mortgaged Property.</u> So long as the Senior Debt remains outstanding, no payments may be made by Borrower or on Borrower's behalf to or accepted by Tranche II Agent, with respect to the Tranche II Debt, Tranche III Agent, with respect to the Tranche III Debt, or Tranche IV Creditor, with respect to the Tranche IV Debt from any proceeds of the sale or other disposition of the Mortgaged Property (as defined in the Senior Debt Documents), and all such proceeds (including insurance and condemnation proceeds) shall be paid to the Senior Lender until the Secured Obligations (as defined in the Senior Loan Documents) are paid in full. If, despite this prohibition, Borrower nevertheless directs payments to Tranche II Agent, Tranche III Agent or Tranche IV Creditor, Tranche II Agent, Tranche III Agent or Tranche IV Creditor, as applicable, shall hold such payments in trust for application to the Senior Debt and promptly pay over to Senior Lender in the same form as received, with any necessary endorsements.

      4.      <u>Tranche IV Debt, Tranche III Debt and Tranche II Debt Enforcement.</u> Tranche IV Creditor shall not take any actions to enforce any remedies under the Tranche IV Debt Documents without the prior written consent of the Senior Lender, the Tranche II Agent and Tranche III Agent. Tranche III Agent shall not take any actions to enforce any remedies under the Tranche III Debt Documents without the prior written consent of Senior Lender and Tranche II Agent. Tranche II Agent shall not take any actions to enforce any remedies under the Tranche II Debt Documents without the prior written consent of Senior Lender. Prior to the fifteen (15th) month anniversary of the date hereof, the Senior Lender shall only transfer the Senior Debt with the consent of the Tranche II Agent; provided that the foregoing restriction shall not apply to any

transfer by Senior Lender to any direct or indirect wholly owned subsidiary of Senior Lender, which Senior Lender shall be permitted to effect without consent of Tranche II Agent.

5. <u>Notices.</u> Tranche IV Creditor shall provide Senior Lender, Tranche II Agent and Tranche III Agent with copies of any notice sent under the Tranche IV Debt Documents, and Tranche III Agent shall provide Senior Lender and Tranche II Agent with copies of any notice sent under the Tranche III Debt Documents, and Tranche II Agent shall provide Senior Lender with copies of any notices sent under the Tranche II Debt Documents, and Senior Lender shall provide Tranche II Agent and Tranche III Agent with copies of any notices sent under the Senior Debt Documents, in each case at the address listed below (or such other address as Senior Lender, Tranche II Agent or Tranche III Agent may designate in writing):

If to Senior Lender:

Philadelphia Academic Health System, LLC
216 N. Broad Street, 4th Floor
Philadelphia, PA  19102

With a copy to:

Saul Ewing Arnstein & Lehr LLP
1500 Market Street, 38th Floor
Center Square West
Philadelphia, PA  19102
Attn:  Jeffrey C. Hampton and Adam H. Isenberg

If to Tranche II Agent or Tranche III Agent:

Paladin Healthcare Capital, LLC
21143 Hawthorne Blvd. #505
Torrance, CA 90503

With a copy to:

Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY  10020
Attn:  Suzzanne Uhland

The Senior Lender shall provide the Committee with copies of any notice received pursuant to this Agreement.

6. <u>Further Assurances.</u> So long as all or any portion of the Senior Debt, Tranche II Debt, the Tranche III Debt and the Tranche IV Debt remains unpaid, Tranche IV Creditor, Tranche III Agent, Tranche II Agent and Senior Lender will each execute, acknowledge and deliver in recordable form and upon demand of the other, any other instruments or agreements

6

reasonably required in order to carry out the provisions of this Agreement or to effectuate the intent and purposes hereof.

       7.       <u>No Third Party Beneficiaries; No Modification.</u> The parties hereto do not intend the benefits of this Agreement to inure to Borrower or any other person or entity. This Agreement may not be changed or terminated orally, but only by an agreement in writing signed by the party against whom enforcement of any change is sought.

       8.       <u>Successors and Assigns.</u> This Agreement shall bind, and inure to the benefit of, all successors and permitted assigns of Tranche IV Creditor, Tranche III Agent, Tranche II Agent and Senior Lender.

       9.       <u>Counterpart Originals.</u> This Agreement may be executed in counterpart originals, each of which shall constitute an original, and all of which together shall constitute one and the same agreement.

       10.      <u>Legal Construction.</u> In all respects, including, without limitation, matters of construction and performance of this Agreement and the obligations arising hereunder, this Agreement shall be governed by, and construed and enforced in accordance with, the internal laws of the Commonwealth of Pennsylvania, without regard to its conflicts of laws principles. Senior Lender, Tranche II Agent, Tranche III Agent and Tranche IV Creditor each unconditionally and irrevocably waives any right to assert that the law of any other jurisdiction governs this Agreement.

       11.      <u>No Waiver; Remedies.</u> No failure on Senior Lender's part, Tranche II Agent's part, Tranche III Agent's part or Tranche IV Creditor's part to exercise, and no delay in exercising, any right hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right. The remedies herein provided are cumulative and not exclusive of any remedies provided by law.

       12.      <u>No Joint Venture.</u> Nothing provided herein is intended to create a joint venture, partnership, tenancy-in-common or joint tenancy relationship between or among any of the parties hereto.

       13.      <u>Captions.</u> The captions in this Agreement are inserted only as a matter of convenience and for reference, and are not and shall not be deemed to be a part hereof.

       14.      <u>Conflicts.</u> In the event of any conflict, ambiguity or inconsistency between the terms and conditions of this Agreement and the terms and conditions of any of the Senior Debt Documents, the Tranche II Debt Documents, the Tranche III Debt Documents or the Tranche IV Debt Documents, the terms and conditions of this Agreement shall control.

       15.      <u>No Release.</u>  Except as otherwise expressly set forth herein to the contrary, nothing herein contained shall operate to release Borrower from: (a) (i) its obligation to keep and

perform all of the terms, conditions, obligations, covenants and agreements contained in the Senior Debt Documents or (ii) any liability of Borrower under the Senior Debt Documents; (b) (i) its obligation to keep and perform all of the terms, conditions, obligations, covenants and agreements contained in the Tranche II Debt Documents or (ii) any liability of Borrower under the Tranche II Debt Documents; (c) (i) its obligation to keep and perform all of the terms, conditions, obligations, covenants and agreements contained in the Tranche III Debt Documents or (ii) any liability of Borrower under the Tranche III Debt Documents; or (d) (i) its obligation to keep and perform all of the terms, conditions, obligations, covenants and agreements contained in the Tranche IV Debt Documents or (ii) any liability of Borrower under the Tranche IV Debt Documents.

16. <u>Continuing Agreement.</u> This Agreement is a continuing agreement and shall remain in full force and effect until the earliest of: (a) as to the rights of and obligations to the Senior Lender, the indefeasible payment in full in cash of the Senior Debt and the termination of any remaining obligation of Senior Lender to make any further advances of proceeds or funds to Borrower under the Senior Debt Documents; (b) as to the rights of and obligations to the Tranche II Lenders, the indefeasible payment in full in cash of the Tranche II Debt and the termination of any remaining obligation of Tranche II Lenders to make any further advances of proceeds or funds to Borrower under the Tranche II Debt Documents; and (c) as to the rights of and obligations to the Tranche III Lenders, the indefeasible payment in full in cash of the Tranche III Debt and the termination of any remaining obligation of Tranche III Lenders to make any further advances of proceeds or funds to Borrower under the Tranche III Debt Documents. Notwithstanding the foregoing, any rights or remedies of any party hereto arising out of any breach of any provision of this Agreement occurring prior to the date of such termination shall survive such termination.

17. <u>Severability.</u> In the event that any provision of this Agreement or the application hereof to any party hereto shall, to any extent, be invalid or unenforceable under any applicable statute, regulation, or rule of law, then such provision shall be deemed inoperative to the extent that it may conflict therewith and shall be deemed modified to conform to such statute, regulation or rule of law, and the remainder of this Agreement and the application of any such invalid or unenforceable provisions to parties, jurisdictions or circumstances other than to whom or to which it is held invalid or unenforceable, shall not be affected thereby nor shall same affect the validity or enforceability of any other provision of this Agreement.

18. <u>Injunction.</u> Senior Lender, Tranche II Agent, Tranche III Agent and Tranche IV Creditor each acknowledge (and waive any defense based on an assertion denying) that monetary damages are not an adequate remedy to redress a breach by the other hereunder and that a breach by any of the Senior Lender, Tranche II Agent, Tranche III Agent or Tranche IV Creditor hereunder would cause irreparable harm to all or any of the other parties hereto. Accordingly, Senior Lender, Tranche II Agent, Tranche III Agent and Tranche IV Creditor agree that upon a breach of this Agreement by any other party, the remedies of injunction, declaratory judgment and specific performance shall be available to such non-breaching party.

**19.     WAIVER OF JURY TRIAL. TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, SENIOR LENDER, TRANCHE II AGENT, TRANCHE III AGENT AND TRANCHE IV CREDITOR HEREBY WAIVE TRIAL BY JURY IN ANY ACTION OR PROCEEDING ARISING OUT OF OR IN ANY MATTER DIRECTLY OR INDIRECTLY CONNECTED WITH OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.**

**20.     VENUE.  SENIOR LENDER, TRANCHE II AGENT, TRANCHE III AGENT AND TRANCHE IV CREDITOR HEREBY CONSENT TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED IN THE COMMONWEALTH OF PENNSYLVANIA, WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES AND IRREVOCABLY AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS AGREEMENT SHALL BE LITIGATED IN SUCH COURT.  SENIOR LENDER, TRANCHE II AGENT, TRANCHE III AGENT AND TRANCHE IV CREDITOR EXPRESSLY SUBMIT AND CONSENT TO THE JURISDICTION OF THE AFORESAID COURT AND WAIVE ANY DEFENSE OF FORUM NON CONVENIENS.**

21.     Preservation of Claims.  Nothing contained herein or in any other instrument executed in connection with the Senior Debt shall in any way affect (A) the rights, claims and/or remedies of Senior Lender and/or its direct or indirect subsidiaries asserted in (i) that certain adversary complaint (Adv. No. 21-50991-MFW) filed by the Senior Lender and certain of its subsidiaries on or about June 29, 2021 against some or all of the MBNF Parties (as defined herein), including the Borrower, in the United States Bankruptcy Court for the District of Delaware, case no. 19-11466-MFW (jointly administered) (the "**Bankruptcy Case**"), (ii) that certain adversary complaint (Adv. No. 21-50993-MFW) filed by the Senior Lender and certain of its subsidiaries on or about June 29, 2021 against Harrison Street Real Estate, LLC, and certain other entities, in the United States Bankruptcy Court for the District of Delaware, case no. 19-11466-MFW (jointly administered) or (iii) the matter pending as *Broad Street Healthcare Properties LLC v. Center City Healthcare, LLC*, C.A. No. 21-1779-RGA in the United States District Court for the District of Delaware or (B) any objection, defense, right, remedy, claim or counterclaim with respect any claim held or asserted by Borrower and/or any of its affiliates in the Bankruptcy Case.  Nothing contained herein or in the Senior Debt Documents or in any instrument executed in connection with the Senior Note shall in any way affect the rights, claims and/or remedies of Senior Lender, Borrower, any other MBNF Parties, HSRE, Tenet Business Services Corporation, the Committee, or any of their respective affiliates asserted in the matter pending as *In re Center City Healthcare, LLC, et al.*, Case No. 19-11466 (MFW) (jointly administered) in the Bankruptcy Court or the matter pending as *Broad Street Healthcare Properties LLC v. Center City Healthcare, LLC*, C.A. No. 21-1779-RGA in the United States District Court for the District of Delaware.  All of the foregoing rights, claims and remedies are expressly preserved.  As used herein, the term "**MBNF Parties**" means collectively, Joel Freedman, Stella Freedman, Svetlana Attestatova, Kyle Schmidt, MBNF Investments, LLC, American Academic Health System, LLC, Philadelphia Academic Health Holdings, LLC, Front

Street Healthcare Properties, LLC, Front Street Healthcare Properties II, LLC, Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC, Philadelphia Academic Risk Retention Group, LLC, Paladin Healthcare Capital, LLC, Paladin Healthcare Management, LLC, and Globe Health Foundation, Inc.

22. <u>Consultation</u>.  Senior Lender shall consult with HSRE, Tenet Business Services Corporation and (so long as the Committee remains in effect and has not disbanded or otherwise been terminated), the Committee prior to exercising any option, providing any consent, transferring any claim or right, modify any material terms or providing any material approval hereunder; *provided*, *however*, that any failure by Senior Lender to comply with its obligations under this paragraph 22 shall not be used by Borrower or any party hereto as a defense, affirmative defense, claim, counterclaim or otherwise with respect to Senior Lender's claims, rights, remedies or actions hereunder.

*[signature pages follow]*

      **IN WITNESS WHEREOF,** the undersigned have executed this Agreement effective as of the date first above written.

**"Senior Lender"**

**PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC**

By: _____
Name:
Title:

**"Tranche II Agent"**

**PALADIN HEALTHCARE CAPITAL, LLC**

By: _____
Name:
Title:

**"Tranche III Agent"**
**PALADIN HEALTHCARE CAPITAL, LLC**

By: _____
Name:
Title:

**"Tranche IV Creditor"**
**FRONT STREET HEALTHCARE PROPERTIES, LLC**

By: _____
Name:
Title:

11

# CONSENT OF BORROWER TO
# SECOND AMENDED AND RESTATED LIEN SUBORDINATION AGREEMENT

Borrower hereby executes this consent to acknowledge its consent to the Second Amended and Restated Lien Subordination Agreement dated as of _____ ___, 2022 among **PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC,** a Delaware limited liability company, **PALADIN HEALTHCARE CAPITAL, LLC,** a Delaware limited liability company, as Tranche II Agent, **PALADIN HEALTHCARE CAPITAL, LLC,** a Delaware limited liability company, as Tranche III Agent, and **FRONT STREET HEALTHCARE PROPERTIES, LLC,** a Delaware limited liability company, as Tranche IV Creditor (the **"Agreement")** and agrees that it will not take any action in violation of the Agreement.

**"Borrower"**

**BROAD STREET HEALTHCARE
PROPERTIES, LLC**


By:_____
Name:
Title:


**BROAD STREET HEALTHCARE
PROPERTIES II, LLC**


By:_____
Name:
Title:


**BROAD STREET HEALTHCARE
PROPERTIES III, LLC**


By:_____
Name:
Title:

STATE OF _____        )
                              )    SS:
COUNTY OF _____         )

I, _____, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY, that _____, the _____ of PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC, a Delaware limited liability company, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument as such _____, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as his own free and voluntary act and as the free and voluntary act of said _____, for the uses and purposes therein set forth.

      GIVEN under my hand and Notarial Seal this \_\_\_\_ day of _____, 2022.

My Commission Expires:

_____        _____
                                                                 Notary Public

STATE OF _____ )
 ) SS:
COUNTY OF _____ )

I, _____, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY, that _____, the _____ of PALADIN HEALTHCARE CAPITAL, LLC, a Delaware limited liability company, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument as such _____, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as his own free and voluntary act and as the free and voluntary act of said _____, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this ____ day of _____, 2022.

My Commission Expires:

Notary Public

14

STATE OF _____  )
                         )    SS:
COUNTY OF _____    )

I, _____, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY, that _____, the _____ of FRONT STREET HEALTHCARE PROPERTIES, LLC, a Delaware limited liability company, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument as such _____, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as his own free and voluntary act and as the free and voluntary act of said _____, for the uses and purposes therein set forth.

     GIVEN under my hand and Notarial Seal this \_\_\_\_ day of _____, 2022.

My Commission Expires:

_____     _____
                                                                            Notary Public

39706390.12 03/31/2022

STATE OF _____    )
                                                                ) SS:
COUNTY OF _____                                    )

I, _____, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY, that _____, the _____ of BROAD STREET HEALTHCARE PROPERTIES, LLC, a Delaware limited liability company, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument as such _____, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as his own free and voluntary act and as the free and voluntary act of said _____, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this \_\_\_\_ day of _____, 2022.

My Commission Expires:

_____        _____
                                                                                    Notary Public

STATE OF _____      )
                         )    SS:
COUNTY OF _____        )

I, _____, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY, that _____, the _____ of BROAD STREET HEALTHCARE PROPERTIES II, LLC, a Delaware limited liability company, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument as such _____, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as his own free and voluntary act and as the free and voluntary act of said _____, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this ____ day of _____, 2022.

My Commission Expires:

_____        _____
                                        Notary Public

17

39706390.12 03/31/2022

STATE OF _____        )
                                )    SS:
COUNTY OF _____          )

I, _____, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY, that _____, the _____ of BROAD STREET HEALTHCARE PROPERTIES III, LLC, a Delaware limited liability company, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument as such _____, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as his own free and voluntary act and as the free and voluntary act of said _____, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this \_\_\_\_ day of _____, 2022.

My Commission Expires:

_____        _____
                                                Notary Public

## EXHIBIT A

## [LEGAL DESCRIPTIONS TO BE ADDED]

39706390.12 03/31/2022