# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) **Related to Docket Nos. 3712 and 3800** |

## ORDER SUSTAINING DEBTORS' OBJECTION TO CLAIMS PURPORTEDLY FILED ON BEHALF OF DECEDENT ROBERT JOHNSON

Upon consideration of the *Debtors' Objection to Claims Purportedly Filed on Behalf of Decedent Robert Johnson* (the "**Objection**"),[2] by which the Debtors request the entry of an order, pursuant to sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007, disallowing the Johnson Claims (as defined below) in their entirety; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of the Objection having been given under the circumstances; and upon the Wilen Declaration; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is sustained as set forth herein.

2. The following claims (together, the "**Johnson Claims**") are disallowed in their entirety:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

(a) Claim 482 against Debtor Center City Healthcare, LLC;

(b) Claim 92 against Debtor Philadelphia Academic Health System, LLC;

(c) Claim 4 against Debtor Philadelphia Academic Medical Association, LLC;

(d) Claim 14 against Debtor HPS of PA, LLC;

(e) Claim 51 against Debtor TPS II of PA, LLC;

(f) Claim 16 against TPS III of PA, LLC;

(g) Claim 28 against Debtor TPS IV of PA, LLC;

(h) Claim 12 against Debtor TPS of PA, LLC; and

(i) Claim 16 against Debtor TPS V of PA, LLC.

3. The Claims Agent is authorized and directed to modify the Claims Register for these Chapter 11 Cases in accordance with the terms of this Order.

4. This Order is without prejudice to the rights of the Debtors and any successor entities to: (a) object to the Johnson Claims on grounds other than as stated in the Objection if such claims are reconsidered; and (b) object, on any grounds permitted by law or equity, to any claim, whether filed or not, in these cases.

5. The rights of the Debtors and any successor entities to use any available defenses under section 502 of the Bankruptcy Code, including the assertion of a preference action to set off against or otherwise reduce all or part of any claim, are preserved.

6. The Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: March 31st, 2022  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

39481378.7