## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) **Objection Deadline: April 27, 2022 at 4:00 p.m.** |
| | ) **Hearing Date: Only if an objection is filed** |

**SUMMARY COVER SHEET TO THE THIRTY-SECOND MONTHLY FEE
APPLICATION OF SAUL EWING ARNSTEIN & LEHR LLP, COUNSEL TO
THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
FEBRUARY 1, 2022 THROUGH FEBRUARY 28, 2022**

| | |
|---|---|
| Name of Applicant: | Saul Ewing Arnstein & Lehr LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | *Nunc pro tunc* to June 30, 2019 |
| Period for which compensation and reimbursement is sought: | February 1, 2022 through February 28, 2022 |
| Amount of Compensation sought as actual, reasonable and necessary: | $532,004.40<br>(80% of which is $425,603.52) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $20,544.00 |

This is an: **X** monthly    ___ interim    ___ final application.

Saul Ewing Arnstein & Lehr LLP intends to seek compensation in connection with the preparation
of this Application at a later date.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number,
are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St.
Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA,
L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center,
L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics,
L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS
IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad
Street, 4th Floor, Philadelphia, Pennsylvania 19102.

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 09/20/2019 D.I. 752 | 06/30/2019 through 07/31/2019 | $649,127.65 | $9,401.98 | $649,127.65 | $9,401.98 | $0.00 | 10/14/2019 D.I. 850 |
| 10/18/2019 D.I. 880 | 08/01/2019 through 08/31/2019 | $629,870.40 | $39,528.38 | $629,870.40 | $39,528.38 | $0.00 | 11/08/2019 D.I. 973 |
| 11/08/2019 D.I. 974 | 09/01/2019 through 09/30/2019 | $515,905.90 | $24,370.50 | $515,905.90 | $24,370.50 | $0.00 | 12/03/2019 D.I. 1084 |
| 12/18/2019 D.I. 12093 | 10/01/2019 through 10/31/2019 | $390,494.40 | $13,183.61 | $390,494.40 | $13,183.61 | $0.00 | 01/08/2020 D.I. 1303 |
| 01/08/2020 D.I. 1300 | 11/01/2019 through 11/30/2019 | $335,436.85 | $2,998.24 | $335,436.85 | $2,998.24 | $0.00 | 01/30/2020 D.I. 1376 |
| 02/27/2020 D.I. 1433 | 12/01/2019 through 12/31/2019 | $506,526.70 | $3,453.00 | $506,526.70 | $3,453.00 | $0.00 | 04/02/2020 D.I. 1547 |
| 04/09/2020 D.I. 1568 | 01/01/2020 through 01/31/2020 | $403,578.50 | $7,193.29 | $403,578.50 | $7,193.29 | $0.00 | 05/01/2020 D.I. 1612 |
| 05/05/2020 D.I. 1613 | 02/01/2020 through 02/29/2020 | $264,023.70 | $2,537.47 | $264,023.70 | $2,537.47 | $0.00 | 05/27/2020 D.I. 1640 |
| 05/27/2020 D.I. 1638 | 03/01/2020 through 03/31/2020 | $247,941.45 | $8,430.64 | $247,941.45 | $8,430.64 | $0.00 | 06/17/2020 D.I. 1672 |
| 06/22/2020 D.I. 1677 | 04/01/2020 through 04/30/2020 | $181,351.35 | $5,855.15 | $181,351.35 | $5,855.15 | $0.00 | 07/21/2020 D.I. 1701 |
| 07/30/2020 D.I. 1716 | 05/01/2020 through 05/31/2020 | $206,838.00 | $3,468.25 | $206,838.00 | $3,468.25 | $0.00 | 08/20/2020 D.I. 1751 |
| 08/19/2020 D.I. 1748 | 06/01/2020 through 06/30/2020 | $215,678.25 | $4,772.59 | $215,678.25 | $4,772.59 | $0.00 | 09/09/2020 D.I. 1778 |
| 09/28/2020 D.I. 1795 | 07/01/2020 through 07/31/2020 | $223,273.80 | $15,773.96 | $223,273.80 | $15,773.96 | $0.00 | 10/20/2020 D.I. 1834 |

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 10/19/2020 D.I. 1824 | 08/01/2020 through 08/31/2020 | $278,028.00 | $5,435.78 | $278,028.00 | $5,435.78 | $0.00 | 11/11/2020 D.I. 1883 |
| 11/30/2020 D.I. 1937 | 09/01/2020 through 09/30/2020 | $401,875.85 | $6,288.48 | $401,875.85 | $6,288.48 | $0.00 | 12/22/2020 D.I. 1987 |
| 12/31/2020 D.I. 2003 | 10/01/2020 through 10/31/2020 | $476,292.15 | $24,949.36 | $476,292.15 | $24,949.36 | $0.00 | 01/22/2021 D.I. 2047 |
| 01/28/2021 D.I. 2063 | 11/01/2020 through 11/30/2020 | $398,053.80 | $14,655.86 | $398,053.80 | $14,655.86 | $0.00 | 02/18/2021 D.I. 2106 |
| 02/23/2021 D.I. 2116 | 12/01/2020 through 12/31/2020 | $401,964.30 | $10,936.05 | $401,964.30 | $10,936.05 | $0.00 | 03/16/2021 D.I. 2192 |
| 03/17/2021 D.I. 2195 | 01/01/2021 through 01/31/2021 | $359,975.25 | $8,414.26 | $287,980.20 | $8,414.26 | $71,995.05 | 04/07/2021 D.I. 2234 |
| 04/16/2021 D.I. 2270 | 02/01/2021 through 02/28/2021 | $463,918.05 | $16,614.03 | $371,134.44 | $16,614.03 | $92,783.61 | 05/07/2021 D.I. 2324 |
| 05/21/2021 D.I. 2345 | 03/01/2021 through 03/31/2021 | $569,084.85 | $15,139.38 | $455,267.88 | $15,139.38 | $113,816.97 | 06/11/2021 D.I. 2383 |
| 06/07/2021 D.I. 2364 | 04/01/2021 through 04/30/2021 | $545,422.95 | $14,771.99 | $436,338.36 | $14,771.99 | $109,084.59 | 06/29/2021 D.I. 2540 |
| 07/15/2021 D.I. 2591 | 05/01/2021 through 05/31/2021 | $542,715.75 | $18,672.88 | $434,172.60 | $18,672.88 | $108,543.15 | 08/05/2021 D.I. 2678 |
| 08/25/2021 D.I. 2741 | 06/01/2021 through 06/30/2021 | $714,698.75 | $28,831.50 | $571,759.00 | $28,831.50 | $142,939.75 | 09/15/2021 D.I. 2832 |
| 09/14/2021 D.I. 2822 | 07/01/2021 through 07/31/2021 | $448,503.30 | $56,657.92 | $358,802.64 | $56,657.92 | $89,700.66 | 10/05/2021 D.I. 2919 |
| 10/11/2021 D.I. 2933 | 08/01/2021 through 08/31/2021 | $486,773.90 | $21,649.79 | $389,419.12 | $21,649.79 | $97,354.78 | 11/02/2021 D.I. 3016 |

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 11/11/2021 D.I. 3076 | 09/01/2021 through 09/30/2021 | $432,390.00 | $16,900.41 | $345,912.00 | $16,900.41 | $86,478.00 | 12/02/2021 D.I. 3237 |
| 12/21/2021 D.I. 3344 | 10/01/2021 through 10/31/2021 | $545,138.10 | $22,334.67 | $436,110.48 | $22,334.67 | $109,027.62 | 01/11/2022 D.I. 3436 |
| 01/10/2022 D.I. 3430 | 11/01/2021 through 11/30/2021 | $598,425.75 | $23,793.72 | $478,740.60 | $23,793.72 | $119,685.15 | 02/01/2022 D.I. 3535 |
| 01/31/2022 D.I. 3525 | 12/01/2021 through 12/31/2021 | $383,173.20 | $20,089.37 | $306,538.56 | $20,089.37 | $76,634.64 | 02/23/2022 D.I. 3625 |
| 03/16/2022 D.I. 3720 | 01/01/2022 through 01/31/2022 | $597,988.35 | $16,069.23 | $478,390.68 | $16,069.23 | $119,597.67 | 04/06/2022 D.I. 3836. |
| | **TOTAL** | **$13,414,469.25** | **$483,171.74** | **$12,076,827.61** | **$483,171.74** | **$1,337,641.64** | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) **Objection Deadline: April 27, 2022 at 4:00 p.m.** |
| | ) **Hearing Date: Only if an objection is filed** |

**THIRTY-SECOND MONTHLY FEE APPLICATION OF SAUL EWING ARNSTEIN &
LEHR LLP, COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM FEBRUARY 1, 2022 THROUGH FEBRUARY 28, 2022**

Saul Ewing Arnstein & Lehr LLP ("**Saul Ewing**" or "**Applicant**"), counsel to the debtors

and debtors-in-possession (the "**Debtors**"), hereby applies to the Court for interim allowance of

compensation for the period February 1, 2022 through February 28, 2022 (the "**Application

Period**") with respect to its retention as counsel to the Debtors. In support of this Application,

Saul Ewing represents as follows:

**<u>Jurisdiction</u>**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330 and 331 of the

Bankruptcy Code.

---

The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number,
are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St.
Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA,
L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center,
L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics,
L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS
IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad
Street, 4th Floor, Philadelphia, Pennsylvania 19102.

## Background

3.      On June 30, 2019 and July 1, 2019 (together, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of an examiner has been made in these Chapter 11 Cases.

4.      On July 15, 2019, the Office of the United States Trustee (the "**UST**") appointed the Official Committee of Unsecured Creditors of Center City Healthcare d/b/a Hahnemann University Hospital, *et al*. (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code.

5.      On August 2, 2019, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 341] (the "**Interim Compensation Order**"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Cases.

## Retention of Saul Ewing

6.      On August 8, 2019, this Court entered the *Order Authorizing the Employment and Retention of Saul Ewing Arnstein & Lehr LLP as Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* [D.I. 404].

## Professional Services Rendered

7.      During the Application Period, Saul Ewing partners, associates and paraprofessionals rendered a total of 929.20 hours of professional services to the Debtors, for which Saul Ewing requests allowance of interim compensation in the amount of $532,004.40.  The blended hourly rate for the hours included in this Application is equal to $572.54 hour, calculated as to attorneys, paralegals and paraprofessionals.  At all times, work was assigned to the attorney,

paralegal or paraprofessional with the lowest billing rate possible commensurate with the skill, background, responsibility and expertise needed to do the work efficiently.

8.      Saul Ewing's hourly rates are set at a level designed to compensate Saul Ewing for the work of its attorneys, paralegals and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding hourly rates structure utilized by Saul Ewing in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Saul Ewing for other corporate restructuring and bankruptcy matters, as well as similar complex corporate, labor, real estate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Attached hereto as **Exhibit A** is a summary of the blended hourly rates for timekeepers who billed during the Application Period and Saul Ewing's firm-wide range of billing rates for its various positions.

9.      Saul Ewing maintains computerized records of all time expended for the professional services rendered in connection with these Chapter 11 Cases on behalf of the Debtors. Attached hereto as **Exhibit B** is a summary of fees incurred and hours expended during the Application Period along with a detailed, chronological itemization covering all the services performed by Applicant. This detailed itemization complies with Del. Bankr. L.R. 2016-2(d) in that (i) each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, (ii) all time is billed in increments of one-tenth of an hour, and (iii) time entries are presented chronologically by Applicant.

10.      Attached hereto as **Exhibit C** is a detailed itemization, by project category, of all services performed by Applicant with respect to these matters during the Application Period. Non-working travel time (to the extent applicable) is billed at 50% of normal rates.

11.     Attached hereto as **Exhibit D** is a description of the costs actually expended by the Applicant in the performance of services rendered as counsel to the Debtors during the Application Period.  These costs for which reimbursement is requested total $20,544.00.  The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, facsimile charges ($.25/page – outgoing transmission only), telephone charges, postage, messenger service, outside photocopying, teleconferencing and legal research.  By this Application, the Applicant does not seek expenses for incoming facsimile transmissions.

12.     Attached hereto as **Exhibit E** is a Declaration of Applicant with respect to the compensation requested.

<u>**Summary of Legal Services by Project Category**</u>

13.     The services rendered by Saul Ewing during the Application Period can be grouped in the categories set forth below.  The following chart is a summary of the fees and hours billed for each project category during the Application Period.

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Business Operations | 249.90 | $174,260.00 |
| Case Administration | 62.10 | $32,223.50 |
| Claims Analysis, Objections, Proofs of Claim and Bar Date | 231.20 | $139,288.00 |
| Committee Matters | 4.20 | $3,185.50 |
| Creditor Inquiries | 0.30 | $120.00 |
| Fee/Employment Applications (Saul Ewing) | 9.60 | $2,820.00 |
| Fee/Employment Applications (Other Professionals) | 4.30 | $2,408.50 |
| Litigation: Contested Matters and Adversary Proceedings | 352.50 | $227,691.50 |
| Plan and Disclosure Statement | 2.30 | $1,656.00 |
| Relief from Stay and Adequate Protection | 12.40 | $7,263.00 |
| UST Reports, Meetings and Issues | 0.40 | $200.00 |
| **TOTAL** | **929.20** | **$591,116.00** |
| **Minus Agreed Upon Discount** | | **($59,111.60)** |
| **GRAND TOTAL** | **929.20** | **$532,004.40** |

14.    These categories are generally described below, with a more detailed identification of the actual services provided set forth in **Exhibit C** attached hereto.

(a)    <u>Business Operations</u>.  This category includes all matters relating to the operation of the Debtors' businesses. Time in this category includes reviewing and analyzing City of Philadelphia assessment program materials, documents relating to insurance policies, a property liability report, UCC financing statements and loan documents for the Broad Street entities; communicating with the Debtors and non-debtor entities ("**MBNF**") regarding a loan to the Broad Street entities, bond issues, and tax and insurance issues; communicating with the Pennsylvania Department of Insurance regarding Medicare issues; conducting research concerning real estate transfer rules and drafting a memorandum regarding same; reviewing and revising a financing proposal, a loan term sheet, an updated estate waterfall and an alternative settlement step plan; drafting and revising a motion to approve financing to the Broad Street entities and related loan documents; communicating with the Commonwealth of Pennsylvania regarding a pacemaker license; and communicating with the Debtors regarding, *inter alia*, case strategy, a settlement structure alternative, substantive consolidation, tax and insurance issues.  Saul Ewing spent 249.90 hours of attorney time on the foregoing services.  Said services have a value of $174,260.00 (discounted to $156,834.00) for which Saul Ewing is seeking compensation.

| Business Operations | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| S. Kull | Partner | 0.30 | $264.00 |
| M. Minuti | Partner | 10.50 | $8,557.50 |
| M. Doyle | Partner | 21.10 | $15,297.50 |
| J. Hampton | Partner | 157.90 | $113,688.00 |
| A. Isenberg | Partner | 13.50 | $9,720.00 |
| D. Shapiro | Partner | 20.30 | $14,413.00 |
| J. Englert | Partner | 0.60 | $414.00 |
| W. Warren | Partner | 2.90 | $1,798.00 |
| C. Lee | Partner | 3.10 | $1,906.50 |
| M. Haar | Partner | 6.10 | $3,629.50 |
| M. DiSabatino | Partner | 1.50 | $750.00 |
| M. Milana | Associate | 4.50 | $1,575.00 |
| M. MacMinn | Associate | 1.80 | $594.00 |
| F. Poindexter | Associate | 5.80 | $1,653.00 |
| **Total** | | **249.90** | **$174,260.00** |
| **Minus Agreed Upon Discount** | | | **($17,426.00** |
| **Grand Total** | | **249.90** | **$156,834.00** |

(b)    <u>Case Administration</u>.  This category includes all matters related to work regarding the administration of the case.  Time in this category includes updating a case calendar; revising an open case list; drafting, revising and filing notices of agenda and amended agendas; communicating with Chambers regarding hearing issues; communicating with Omni Agent Solutions regarding service instructions for various documents and service issues; and communicating with the Debtors regarding open case issues. Saul Ewing spent 62.10 hours of attorney, paralegal and paraprofessional time on the foregoing services.  Said services have a value of $32,223.50 (discounted to $29,001.15) for which Saul Ewing is seeking compensation.

| Case Administration | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 3.60 | $2,934.00 |
| J. Hampton | Partner | 7.40 | $5,328.00 |
| A. Isenberg | Partner | 6.30 | $4,536.00 |
| C. Lee | Partner | 12.80 | $7,872.00 |
| M. DiSabatino | Partner | 2.30 | $1,150.00 |
| M. Martinez | Associate | 8.80 | $3,388.00 |
| A. Dennis | Associate | 16.80 | $5,880.00 |
| C. Carry | Paralegal | 1.00 | $345.00 |
| R. Warren | Paraprofessional | 3.10 | $790.50 |
| **Total** | | **62.10** | **$32,223.50** |
| **Minus Agreed Upon Discount** | | | **($3,222.35)** |
| **Grand Total** | | **62.10** | **$29,001.15** |

(c)    <u>Claims Analysis, Objections, Proofs of Claim and Bar Date</u>.  This category includes all time spent in connection with claim and bar date issues.  Time in this category includes negotiating resolutions of administrative claims and preference actions; drafting and revising settlement agreements, tolling agreements, judgment demand letters; preference mediation statements, objections to proofs of claim, preference discovery and responses to request for production; analyzing answers to complaints, preference defense analyses, proofs of claim and claims analyses; drafting memoranda regarding various proofs of claim; updating a global claims workbook and a preference tracking chart; drafting, revising and filing requests for default judgment, a second interim status report; initial disclosures, notices and stipulations of dismissal of preference matters, stipulations and orders resolving the administrative claims, 9019 motions, and certifications regarding the stipulations and 9019 motions; communicating with claimants regarding preference issues and tolling agreements; analyzing the status of pending preference matters; preparing and participating in preference

mediations; and communicating with the Debtors and Committee counsel regarding tolling agreements, preferences and claim issues.  Saul Ewing spent 231.20 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $139,288.00 (discounted to $125,359.20) for which Saul Ewing is seeking compensation.

| Claims Analysis, Objections, Proofs of Claim and Bar Date | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| M. Minuti | Partner | 18.90 | $15,403.50 |
| J. Demmy | Partner | 54.80 | $42,196.00 |
| J. Hampton | Partner | 5.60 | $4,032.00 |
| A. Isenberg | Partner | 22.90 | $16,488.00 |
| M. Novick | Partner | 34.00 | $21,760.00 |
| M. DiSabatino | Partner | 57.10 | $28,550.00 |
| M. Martinez | Associate | 2.00 | $770.00 |
| A. Kohn | Associate | 6.80 | $2,516.00 |
| M. Milana | Associate | 1.60 | $560.00 |
| R. Warren | Paraprofessional | 27.50 | $7,012.50 |
| **Total** | | **231.20** | **$139,288.00** |
| **Minus Agreed Upon Discount** | | | **($13,928.80)** |
| **Grand Total** | | **231.10** | **$125,359.20** |

(d)    <u>Committee Matters</u>. This category includes all time spent in connection with issues involving the Committee.   Time in this category includes communicating with the Committee regarding financing issues, an  estate waterfall analysis, mediation and other case issues.  Saul Ewing spent 4.20 hours of attorney time on the foregoing services.  Said services have a value of $3,185.50 (discounted to $2,866.95) for which Saul Ewing is seeking compensation.

| Committee Matters | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| M. Minuti | Partner | 1.70 | $1,385.50 |
| J. Hampton | Partner | 1.90 | $1,368.00 |
| A. Isenberg | Partner | 0.60 | $432.00 |
| **Total** | | **4.20** | **$3,185.50** |
| **Minus Agreed Upon Discount** | | | **($318.55)** |
| **Grand Total** | | **4.20** | **$2,866.95** |

(e) <u>Creditor Inquiries</u>.    This category includes all matters related to communicating with creditors regarding claim and case inquiries.  Saul Ewing spent 0.30 of an hour of attorney time on the foregoing services.  Said services have a value of $120.00 (discounted to $108.00) for which Saul Ewing is seeking compensation.

| Creditor Inquiries | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. DiSabatino | Partner | 0.10 | $50.00 |
| M. Milana | Associate | 0.20 | $70.00 |
| **Total** | | **0.30** | **$120.00** |
| **Minus Agreed Upon Discount** | | | **($12.00))** |
| **Grand Total** | | **0.30** | **$108.00** |

(f) <u>Fee/Employment Applications (Saul Ewing)</u>.  This category includes all matters related to the review and preparation of a retention application and fee applications for Saul Ewing.  Time in this category including drafting, revising and filing a certification of no objection for Saul Ewing's twenty-ninth monthly fee application; and drafting Saul Ewing's seventh interim fee application.  Saul Ewing spent 9.60 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $2,820.00 (discounted to $2,538.00) for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Saul Ewing) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| J. Hampton | Partner | 0.80 | $576.00 |
| R. Warren | Paraprofessional | 8.80 | $2,244.00 |
| **Total** | | **9.60** | **$2,820.00** |
| **Minus Agreed Upon Discount** | | | **($282.00)** |
| **Grand Total** | | **9.60** | **$2,538.00** |

(g) <u>Fee/Employment Applications (Other Professionals)</u>.  This category includes all matters related to the review and analysis and filing of retention and fee applications for other professionals in these Chapter 11 Cases.  Time in this category includes revising and filing EisnerAmper LLP's monthly staffing report; drafting and filing a certification of no objection for a monthly staffing report and an ordinary course professional quarterly report; communicating with Vermont and Utah counsel regarding retention issues; and communicating with the Debtor and the Committee professionals regarding fee issues.  Saul Ewing spent 4.30 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value

of $2,408.50 (discounted to $2,167.65) for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Other Professionals) | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| A. Isenberg | Partner | 2.40 | $1,728.00 |
| M. DiSabatino | Partner | 0.80 | $400.00 |
| R. Warren | Paraprofessional | 1.10 | $280.50 |
| **Total** | | **4.30** | **$2,408.50** |
| **Minus Agreed Upon Discount** | | | **($240.85)** |
| **Grand Total** | | **4.30** | **$2,167.65** |

(h)     <u>Litigation: Contested Matters and Adversary Proceedings</u>. This category includes all matters related to litigation. Time in this category includes reviewing documentation regarding estate causes of action, title searches, surveys and loan documents with the Broad Street entities; analyzing mediation issues; conducting research concerning substantive consolidation issues and drafting a memorandum regarding same; reviewing and revising a stipulation regarding the sealing of appeal documents, a tax step chart, a memorandum of understanding, a term sheet, tax slides and a financing motion; drafting and revising a response to a motion to dismiss an adversary complaint; preparing for and participating in mediation sessions with MBNF, Tenet and HSRE; communicating with the mediator regarding mediation and financing issues; communicating with the Debtors, the Committee, HSRE and MBNF regarding standstill, tax, settlement, financing and mediation issues; and communicating with the Debtors regarding mediation issues, financing issues, estate claims and pending litigation. Saul Ewing spent 352.50 hours of attorney time on the foregoing services. Said services have a value of $227,691.50 (discounted to $204,922.35) for which Saul Ewing is seeking compensation.

| Litigation: Contested Matters and Adversary Proceedings | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| M. Minuti | Partner | 112.40 | $91,606.00 |
| J. Demmy | Partner | 0.20 | $154.00 |
| M. Doyle | Partner | 14.20 | $10,295.00 |
| J. Hampton | Partner | 21.40 | $15,408.00 |
| A. Isenberg | Partner | 99.40 | $71,568.00 |
| A. Bilus | Partner | 0.30 | $169.50 |
| M. DiSabatino | Partner | 0.10 | $50.00 |
| C. Pellegrini | Partner | 2.80 | $1,372.00 |

| | | | |
|---|---|---|---|
| A. Kohn | Associate | 80.40 | $29,748.00 |
| M. Milana | Associate | 18.90 | $6,615.00 |
| A. Rudolph | Associate | 1.10 | $335.50 |
| F. Poindexter | Associate | 1.30 | $370.50 |
| **Total** | | **352.50** | **$227,691.50** |
| **Minus Agreed Upon Discount** | | | **($22,769.15)** |
| **Grand Total** | | **352.50** | **$204,922.35** |

(i)    Plan and Disclosure Statement.  This category includes time related to plan and disclosure issues.  Time in this category includes reviewing and analyzing a substantive consolidation analysis and decisions on third party plan releases; and communicating with the Debtors and the Saul Ewing team regarding substantive consolidation and plan release issues.  Saul Ewing spent 2.30 hours of attorney time on the foregoing services.  Said services have a value of $1,656.00 (discounted to $1,490.40) for which Saul Ewing is seeking compensation.

| Plan and Disclosure Statement | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| J. Hampton | Partner | 2.10 | $1,512.00 |
| A. Isenberg | Partner | 0.20 | $144.00 |
| **Total** | | **2.30** | **$1,656.00** |
| **Minus Agreed Upon Discount** | | | **($165.60)** |
| **Grand Total** | | **2.30** | **$1,490.40** |

(j)    Relief From Stay and Adequate Protection.  This category includes all matters relating to relief from the automatic stay.  Time in this category includes reviewing personal injury claims and negotiating a resolution of same; drafting and revising stipulations regarding personal injury claims and a response to a lift stay motion; conducting research concerning insurance policies and proceeds as property of the estate and drafting a memorandum regarding same; and communicating with the Debtors regarding personal injury claims. Saul Ewing spent 12.40 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $7,263.00 (discounted to $6,536.70) for which Saul Ewing is seeking compensation.

| Relief From Stay and Adequate Protection | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 5.70 | $4,645.50 |
| A. Isenberg | Partner | 0.10 | $72.00 |
| M. DiSabatino | Partner | 1.80 | $900.00 |
| M. Martinez | Associate | 0.10 | $38.50 |
| M. Milana | Associate | 4.30 | $1,505.00 |
| R. Warren | Paraprofessional | 0.40 | $102.00 |
| **Total** | | **12.40** | **$7,263.00** |
| **Minus Agreed Upon Discount** | | | **($726.30)** |
| **Grand Total** | | **12.40** | **$6,536.70** |

(k)     UST Reports, Meetings and Issues.  This category includes time related to the preparation of operating reports and other information required by the UST or the Court.  Time in this category includes reviewing and revising the monthly operating reports.  Saul Ewing spent 0.40 of an hour of attorney time on the foregoing services.  Said services have a value of $200.00 (discounted to $180.00) for which Saul Ewing is seeking compensation.

| UST Reports, Meetings and Issues | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. DiSabatino | Partner | 0.40 | $200.00 |
| **Total** | | **0.40** | **$200.00** |
| **Minus Agreed Upon Discount** | | | **($20.00)** |
| **Grand Total** | | **0.40** | **$180.00** |

(l)     Expenses.  **Exhibit D** lists expenses, such as copying costs at $.10¢ per page, postage, filing fees, transcripts, charges for telephonic Court appearances, charges for legal research and travel expenses.  Saul Ewing seeks $20,544.00 in expenses.

| EXPENSES | | |
|---|---|---|
| **Expense Category** | **Service Provider (if applicable)** | **Total Expenses** |
| Docket Retrieval / Case Monitoring | Pacer Service Center | $455.30 |
| E-discovery Processing /Usage | Saul Ewing Arnstein & Lehr LLP | $7,302.20 |
| Filing Fee | United States District Court (pro hac motions) | $50.00 |
| Legal Research | Westlaw; Lexis | $11,927.72 |
| Outside Reproduction | Reliable Copy Service – DE | $3.31 |
| Overnight Delivery | Federal Express | $225.47 |
| Parking | Parkway Corp Centre Square | $28.00 |
| Search Fees | ATA Corporate Services, LLC (name and UCC searches) | $552.00 |
| **Total** | | **$20,544.00** |

### Compensation Should Be Allowed

15.    The foregoing services in the total amount of $532,004.40 provided by Saul Ewing on behalf of the Debtors during the Application Period were reasonable, necessary and appropriate to the administration of the Chapter 11 Cases.

16.    The attorneys who worked on these cases during the Application Period have various levels and areas of expertise.  Accordingly, it was necessary for these attorneys to consult with each other on different aspects and issues relating to the Chapter 11 Cases.  The attorneys involved in this case and their areas of expertise is attached hereto as **Exhibit F**.

17.    Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11

U.S.C. § 330(a)(1).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award

of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extend, and the value of such services, taking into account all relevant factors, including
>
> (a)      the time spent on such services;
>
> (b)      the rates charged for such services;
>
> (c)      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e)      with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (f)      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

18.      The services performed by Saul Ewing during the Application Period for which

compensation is sought were necessary for, and beneficial to, the Debtors and the Debtors' estates.

Saul Ewing submits that the compensation sought is reasonable.

19.      Saul Ewing submits that the services provided to the Debtors by Saul Ewing during

these Chapter 11 Cases were necessary and appropriate given the complexity of these Chapter 11

Cases, the issues involved, the nature and extent of services provided, and the cost of comparable

services outside of bankruptcy, all of which are factors set forth in section 330 of the Bankruptcy

Code.  Accordingly, Saul Ewing respectfully submits that approval of the compensation sought for the Application Period is appropriate and should be approved.

20.    Saul Ewing has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with the such requirements.

## **Notice**

21.    Notice of this Application is being provided to the Notice Parties identified in the Interim Compensation Order and to all other parties who have requested notice pursuant to Bankruptcy Rule 2002.

22.    No prior request for the relief sought by this Application has been made to this or any other court.

WHEREFORE, Saul Ewing respectfully requests that the Court enter an Order (i) allowing, authorizing and directing payment of interim compensation in the amount of $532,004.40 (80% of which is $425,603.52) for legal services rendered on behalf of the Debtors during the Application Period, together with reimbursement of disbursements in the amount of $20,544.00; and, (ii) granting such other and further relief as the Court deems just and proper.

Dated: April 7, 2022

**SAUL EWING ARNSTEIN & LEHR LLP**

By:    */s/ Monique B. DiSabatino*
      Mark Minuti (DE Bar No. 2659)
      Monique B. DiSabatino (DE Bar No. 6027)
      1201 N. Market Street, Suite 2300
      P.O. Box 1266
      Wilmington, DE  19899
      Telephone: (302) 421-6800
      Fax: (302) 421-5873
      mark.minuti@saul.com
      monique.disabatino@saul.com

        -and-

      Jeffrey C. Hampton
      Adam H. Isenberg
      Centre Square West
      1500 Market Street, 38th Floor
      Philadelphia, PA 19102
      Telephone: (215) 972-7777
      Fax: (215) 972-7725
      jeffrey.hampton@saul.com
      adam.isenberg@saul.com

      *Counsel for Debtors and Debtors in Possession*