IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: <br><br> CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, et al.,[1] <br><br> Debtors | : Chapter 11 <br> : <br> : Case No. 19-11466 (MFW) <br> : <br> : Jointly Administered <br> : <br> : **Hearing Date: May 18, 2022 at 10:30 a.m. (EST)** <br> : **Objection Deadline: April 25, 2022 at 4:00 p.m. (EST)** |

## AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

1. On or about July 29, 2018, Robert Johnson ("Movant")[2] suffered a stroke while in the custody of the Philadelphia Department of Prisons and was taken to Hahnemann University Hospital. Over the next ten months, Movant was transferred between Hahnemann University Hospital and other facilities at various times for care and/or supervision. During his stay at Hahnemann University Hospital and the other facilities, Movant developed decubitus ulcers over his entire body, including but not limited to his head, his back, his buttocks, his scrotum, and his legs. The decubitus ulcers became infected. On or about June 19, 2019, Movant passed away as a result of the infected decubitus ulcers.

2. On or about March 11, 2019, Movant filed a Complaint bringing suit against Center City Healthcare d/b/a Hahnemann University Hospital, in connection with the aforementioned

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Movant's interests are now represented by the Estate of Robert Johnson Jr., Terrence Wells and La Tanya Wells, Executors, who were appointed Executors by the Philadelphia Register of Wills on February 3, 2022. See Letters

injuries in the Court of Common Pleas of Philadelphia County, No. 190301405 ("State Court Action"), which remains pending before the Philadelphia County Court of Common Pleas and is stayed as a result of this bankruptcy case.

3. On or about July 15, 2019, the above-named debtor filed a voluntary Petition under Chapter 11 of the Bankruptcy Code. Thereafter, Movant timely filed Proofs of Claim, namely Claims 4 (Debtor Philadelphia Academic Medical Association, LLC), 12 (Debtor TPS of PA , LLC), 14 (Debtor HPS of PA, LLC), 16 (TPS III of PA, LLC), 16( TPS V of PA, LLC) 28 (Debtor TPS IV of PA, LLC), 51 (Debtor TPS III of PA, LLC), 92 (Debtor Philadelphia Academic Health System, LLC) and 482 (Debtor Center City Healthcare, LLC).

4. By provision of 11 U.S.C. Section 362 all persons are enjoined and stayed from commencing or continuing any suit against the debtor.

5. On the aforesaid date, the debtor maintained an insurance policy, whereby the insured, Center City Healthcare d/b/a Hahnemann University Hospital, believed it was insured for claims of bodily injury occurring whereby said carrier agreed to pay all sums, in which the debtor should become liable to pay as damages imposed upon it by law for bodily injury.

6. Movant, believes and therefore avers that under said policy the insolvency or bankruptcy of the debtor-insured, or the insolvency of its estate shall not release the insurance company from the payment of damages for injuries sustained during the term of and within the coverage of said policy.

7. In the event a judgment against debtor is recovered by the Movant in the aforementioned claim, and such judgment remains unsatisfied at the expiration of the time stated in the Insurance Laws of the State of Delaware, Movant will commence an action against debtor's

---

Testamentary attached hereto as Exhibit "A" and incorporated herein by reference.

insurance company and the other named defendants.

8. Therefore, the prosecution of this claim will not reduce or jeopardize the assets of the debtor to the detriment of the creditors in bankruptcy.

9. In the event Movant is permitted to pursue the aforementioned claim he will not file a claim in this proceeding and/or proceed with the claims which have already been filed.

10. Modifying the Automatic Stay will place no undue burden upon the Debtor or the Bankruptcy Estate, but, if not modified, the Movant will suffer extreme prejudice in that he will be unable to pursue his meritorious claims in the State Court Action.

WHEREFORE, Movant prays that this Honorable Court grant the within Motion and enter the Proposed Order attached hereto as Exhibit "B" permitting the stay afforded by 11 U.S.C. Section 362 to be modified so as to permit them to proceed with their case against Center City Healthcare d/b/a Hahnemann University Hospital, through trial and judgment in an amount not in excess of insurance coverage, in addition to awarding such other and further relief as this Honorable Court deems appropriate and just under the circumstances.

Respectfully submitted,

VAN DER VEEN, HARTSHORN, AND LEVIN

By: /s/ Michael T. van der Veen
Michael T. van der Veen, Esq.

By: /s/ Daniel J. Devlin
Daniel J. Devlin, Esq.

1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529
E: ddevlin@mtvlaw.com
Attorneys for Movant

Dated: 4/11/22

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: <br><br> CENTER CITY HEALTHCARE, LLC d/b/a: <br> HAHNEMANN UNIVERSITY <br> HOSPITAL, et al.,[1] <br> Debtors | : Chapter 11 <br> : <br> : Case No. 19-11466 (MFW) <br> : <br> : Jointly Administered <br> : <br> : **Hearing Date: May 18, 2022 at 10:30 a.m. (EST)** <br> : **Objection Deadline: April 25, 2022 at 4:00 p.m. (EST)** |

## BRIEF IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY

### I.  FACTS

On or about July 29, 2018, Movant suffered a stroke while in the custody of the Philadelphia Department of Prisons and was taken to Hahnemann University Hospital. Over the next ten months, Movant was transferred between Hahnemann University Hospital and other facilities at various times for care and/or supervision. During his stay at Hahnemann University Hospital and the other facilities, Movant developed decubitus ulcers over his entire body, including but not limited to his head, his back, his buttocks, his scrotum, and his legs. The decubitus ulcers became infected.

On or about June 19, 2019, Movant passed away as a result of the infected decubitus ulcers. On or about March 11, 2019, Movant filed a Complaint bringing suit against Center City Healthcare d/b/a Hahnemann University Hospital, in connection with the aforementioned injuries in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

the Court of Common Pleas of Philadelphia County, No. 190301405 ("State Court Action"), which remains pending before the Philadelphia County Court of Common Pleas and is stayed as a result of this bankruptcy case.

On or about July 15, 2019, the above-named debtor filed a voluntary Petition under Chapter 11 of the Bankruptcy Code. Thereafter, Movant timely filed Proofs of Claim, namely Claims 4 (Debtor Philadelphia Academic Medical Association, LLC), 12 (Debtor TPS of PA , LLC), 14 (Debtor HPS of PA, LLC), 16 (TPS III of PA, LLC), 16( TPS V of PA, LLC) 28 (Debtor TPS IV of PA, LLC), 51 (Debtor TPS III of PA, LLC), 92 (Debtor Philadelphia Academic Health System, LLC) and 482 (Debtor Center City Healthcare, LLC).

The Bankruptcy Code provides for an automatic stay of all judicial proceedings against a debtor who has filed for bankruptcy protection. This stay is applicable to civil actions arising from personal injury. 11 U.S.C.A. § 362. However, the Code also provides for relief from this automatic stay if cause can be shown. 11 U.S.C.A. § 362(d).

**II.    ARGUMENT**

The Bankruptcy Code provides that the filing of a bankruptcy proceeding imposes an automatic stay of all judicial proceedings at the time of the bankruptcy filing. The automatic stay is "one of the fundamental debtor protections supplied by the Bankruptcy Code." In re Atlantic Med. Mgmt. Servs., Inc., 387 B.R. 654, 662 (Bankr. E.D. Pa. 2008) (citing University Medical Center v. Sullivan (In re University Medical Center), 973 F.2d 1065, 1074 (3d Cir. 1992)). See also In re Ellis, 339 B.R. 136, 140 n.7 (Bankr. E.D. Pa. 2006) (noting that the automatic stay gives the debtor "a breathing spell from his creditors by stopping all collection efforts, all harassment and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan or simply to be free of the financial pressures that drove him into

bankruptcy."). This stay applies to litigation arising out of personal injury claims. See, e.g., In re: A.H. Robbins Company, Inc., 828 F.2d 1023 (4th Cir. 1987).

The code also authorizes the Bankruptcy Court to grant relief from the automatic stay on the request of a party in interest, once cause has been shown. Whether to terminate or modify the bankruptcy stay under section 362(d) is within the discretion of the bankruptcy court and is a determination made by examining the totality of the circumstances. In re Milstein, 304 B.R. 208, 211 (Bankr. E.D. Pa. 2004) (citations omitted). Estimations of "cause" under section 362(d) involve an intentionally broad and flexible inquiry, which permits the Court, as a matter of equity, to respond to inherently fact-sensitive situations. See In re Texas State Optical, Inc., 188 B.R. 552 (Bkrtcy. E.D. Tex. 1995). When considering whether to grant such relief, the Bankruptcy Court must evaluate the purpose for the stay, the interest of the bankrupt estate, and the hardship that will be imposed upon the creditor if the relief is not granted. In re: Parkinson, 102 B.R. 141, (Bkrtcy. C.D. Ill. 1988).

In the present case, the real party in interest is the Movant, Robert Johnson, by and through the Estate of Robert Johnson, Jr. Absent a relief from the stay so that they may proceed with his action, Movant will be precluded from ever recovering any damages for Movant's injuries against the Defendant's insurance policy. This would be an unjustifiably cruel result.

This motion only seeks relief from the stay so that the Movant may recover against the Defendant's insurance policy. The policy was in full force and effect at the time of the incident. It was specifically purchased to insure against incidents such as the one the Movant suffered.

It has been held that where the debtor or bankrupt estate will suffer no great prejudice from the prosecution of a civil suit and the plaintiff will suffer a hardship by the maintenance of a stay, the motion for relief from a stay should be granted. In re: Bock Laundry Machine Company, 37

B.R. 564 (Bkrtcy. N.D. OH. 1984).

The debtor will suffer no hardship from the prosecution of this action, as Movant's prosecution of an action will not affect the assets Center City Healthcare d/b/a Hahnemann University Hospital.

Center City Healthcare d/b/a Hahnemann University Hospital's insurance company cannot use the proceeds of this policy to pay other creditors, and the insurance policy itself is not imperiled by this action. The debtor and bankruptcy estate will suffer no detrimental effects if this action is allowed to proceed.

For all of the aforementioned reasons, the Movant respectfully requests that this Honorable Court modify the automatic stay to permit them to proceed with their claims up to policy limits, since sufficient cause has been shown, and no hardship to either the debtor or to any other creditor will occur if the stay is modified.

Respectfully submitted,

VAN DER VEEN, HARTSHORN, AND LEVIN

By: /s/ Michael T. van der Veen
Michael T. van der Veen, Esq.

By: /s/ Daniel J. Devlin
Daniel J. Devlin, Esq.

1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529
E: ddevlin@mtvlaw.com
Attorneys for Movant

Dated: 4/11/22