IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a:<br>HAHNEMANN UNIVERSITY<br>HOSPITAL, et al.,[1]<br>                     Debtors | : Chapter 11<br>:<br>: Case No. 19-11466 (MFW)<br>:<br>: Jointly Administered<br>: Related to Docket No. 3808<br>:<br>: **Hearing Date: May 18, 2022 at 10:30 a.m. (EST)**<br>: **Objection Deadline: April 25, 2022 at 4:00 p.m. (EST)** |

## MOTION FOR RECONSIDERATION OF ORDER ENTERED ON MARCH 31, 2022 SUSTAINING DEBTORS' OBJECTIONS TO CLAIMS PURPORTEDLY FILED ON BEHALF OF DECEDENT ROBERT JOHNSON

1.      On or about July 29, 2018, Robert Johnson ("Movant")[2] suffered a stroke while in the custody of the Philadelphia Department of Prisons and was taken to Hahnemann University Hospital. Over the next ten months, Movant was transferred between Hahnemann University Hospital and other facilities at various times for care and/or supervision. During his stay at Hahnemann University Hospital and the other facilities, Movant developed decubitus ulcers over his entire body, including but not limited to his head, his back, his buttocks, his scrotum, and his legs. The decubitus ulcers became infected. On or about June 19, 2019, Movant passed away as a result of the infected decubitus ulcers.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Movant's interests are now represented by the Estate of Robert Johnson Jr., Terrence Wells and La Tanya Wells, Executors, who were appointed Executors by the Philadelphia Register of Wills on February 3, 2022.

2. On or about March 11, 2019, Movant filed a Complaint bringing suit against Center City Healthcare d/b/a Hahnemann University Hospital, in connection with the aforementioned injuries in the Court of Common Pleas of Philadelphia County, No. 190301405 ("State Court Action"), which remains pending before the Philadelphia County Court of Common Pleas and is stayed as a result of this bankruptcy case.

3. On or about July 15, 2019, the above-named debtor filed a voluntary Petition under Chapter 11 of the Bankruptcy Code. Thereafter, Movant timely filed Proofs of Claim, namely Claims 4 (Debtor Philadelphia Academic Medical Association, LLC), 12 (Debtor TPS of PA, LLC), 14 (Debtor HPS of PA, LLC), 16 (TPS III of PA, LLC), 16 (TPS V of PA, LLC) 28 (Debtor TPS IV of PA, LLC), 51 (Debtor TPS III of PA, LLC), 92 (Debtor Philadelphia Academic Health System, LLC) and 482 (Debtor Center City Healthcare, LLC).

4. By provision of 11 U.S.C. Section 362 all persons are enjoined and stayed from commencing or continuing any suit against the debtor.

5. On the aforesaid date, the debtor maintained an insurance policy, whereby the insured, Center City Healthcare d/b/a Hahnemann University Hospital, believed it was insured for claims of bodily injury occurring whereby said carrier agreed to pay all sums, in which the debtor should become liable to pay as damages imposed upon it by law for bodily injury.

6. Movant believes and therefore avers that under said policy the insolvency or bankruptcy of the debtor-insured, or the insolvency of its estate shall not release the insurance company from the payment of damages for injuries sustained during the term of and within the coverage of said policy.

7. As a result, on or about November 11, 2021, Movant filed a Motion for Relief from the Automatic Stay (Docket No. 3200), seeking relief from the automatic stay to proceed with the

State Court Action and recover to the extent of available insurance coverage, which remains pending before this Honorable Court.

8. Since Movant passed away, his next of kin with the assistance of counsel were working to open an estate with the Register of Wills of Philadelphia County, Pennsylvania. However, the Register of Wills' Office has been experiencing delays in scheduling probate appointments. As a result, Movant's next of kin were unable to obtain and appointment and open an estate for Movant until February 3, 2022.

9. On or about February 3, 2022, the Register of Wills issued Letters Testamentary appointing Terence Wells and La-Tanya Wells as Executors of the Estate of Robert Johnson. A true and correct copy thereof is attached hereto as Exhibit "A" and incorporated herein by reference.

10. On or about March 14, 2022, Debtor through its counsel filed Objections to Movant's claims. The basis of Debtors' objections was essentially that since Movant is deceased, and no executor or administrator had been appointed for Movant's estate, no party in interest with standing exists to pursue Movant's Claims or the State Court Action and thus the claims must be disallowed.

11. Following receipt thereof, Movant's counsel contacted Debtors' counsel to advise that an estate had been opened for Movant, but was unable to speak to Debtors' counsel at that time. Movant's Counsel did not anticipate at that time that Debtors' Counsel would proceed to have the Objections addressed prior to a hearing on the same.

12. After reaching out to Debtors' counsel, Counsel for Movant then received a Certification of No Objection (Docket No. 3800) filed on March 30, 2022, and an Order Sustaining Debtors' Objections to Movant's Claims (Docket No. 3808) filed on March 31, 2022, which disallowed Movant's Claims.

13. In light of the fact that only one day elapsed between the filing of the Certification of No Objection and the issuance of the Order Sustaining the Debtors' objection, Counsel for Movant was unable to contact Debtors' counsel to discuss this matter until after the Order was entered. Movant's Counsel subsequently spoke with Debtors' Counsel and provided a copy of the Letters Testamentary as well as a Suggestion of Death which was filed in the State Court Action. A true and correct copy of the Suggestion of Death is attached hereto as Exhibit "B" and incorporated herein by reference.

14. Movant respectfully requests that this Honorable Court reconsider the Order entered on March 31, 2022 which disallowed Movant's Claims in this matter pursuant to Bankruptcy Rules 3008, 9023 and/or 9024 and/or 11 U.S.C. §502(j).

15. Reconsideration of the aforesaid Order is warranted in this matter since an estate has been opened for Movant, and the Executors of Movant's Estate constitute real parties in interest as a matter of law which may pursue Movant's Claims and the underlying State Court Action. The Executors of Movant's Estate intend to pursue both matters to conclusion. Reconsideration is also warranted under Bankruptcy Rule 9024, which incorporates the reasons set forth in Fed. R.C.P. 60(b)(1)-(6), as applicable.

16. The within Motion has been promptly and timely filed without unreasonable delay. Movant is also filing contemporaneously herewith an Amended Motion for Relief from the Automatic Stay under Section 362 of the Bankruptcy Code.

17. No prejudice to the Debtor or other creditors would result from allowing Movant's Claims to proceed at this juncture.

18. Movant therefore requests that this Honorable Court grant Reconsideration of the aforesaid Order, vacate the same and allow Movant's Claims to proceed in this matter, for the

reasons set forth herein and such other and further reasons as may be provided by way of amendment and/or, supplement, in writing or at any hearing on the within Motion.

WHEREFORE, Movant prays that this Honorable Court grant the within Motion for Reconsideration, enter the Proposed Order attached hereto as Exhibit "C" and allow Movant's Claims to proceed in this action, in addition to awarding such other and further relief as this Honorable Court deems appropriate and just under the circumstances.

Respectfully submitted,

VAN DER VEEN, HARTSHORN, AND LEVIN

By: /s/ Michael T. van der Veen
Michael T. van der Veen, Esq.

By: /s/ Daniel J. Devlin
Daniel J. Devlin, Esq.

1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529
E: ddevlin@mtvlaw.com
Attorneys for Movant

Dated: 4/11/22