**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) Jointly Administered |
| Debtors. | ) **Related to Docket Nos. 3808, 3848 and 3849** |

**DEBTORS' OBJECTION TO (I) MOTION FOR RECONSIDERATION
OF ORDER ENTERED ON MARCH 31, 2022 SUSTAINING DEBTORS' OBJECTIONS
TO CLAIMS PURPORTEDLY FILED ON BEHALF OF DECEDENT ROBERT
JOHNSON, AND (II) AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY
UNDER SECTION 362 OF THE BANKRUPTCY CODE**

Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") submit this objection (the "**Objection**") to (i) the *Amended Motion for Relief from Automatic Stay under Section 362 of the Bankruptcy Code* [D.I. 3848] (the "**Amended Stay Relief Motion**"), and (ii) the *Motion for Reconsideration of Order Entered on March 31, 2022 Sustaining Debtors' Objections to Claims Purportedly Filed on Behalf of Decedent Robert Johnson* [D.I. 3849] (the "**Motion to Vacate**," and together with the Amended Stay Relief Motion, the "**Johnson Motions**"). In support of their Objection, the Debtors rely on the Declaration of Allen Wilen, a copy of which is attached hereto as **Exhibit A** (the "**Wilen Declaration**"), and respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

**PRELIMINARY STATEMENT**[2]

1. As a general matter, the Debtors are not opposed, *in certain circumstances*, to granting limited relief from the automatic stay to permit alleged personal injury claimants to proceed with their claims on the condition that any recoveries are limited to available insurance coverage, *if any*, and that any claims against the Debtors' estates are otherwise waived and/or disallowed. Indeed, the Debtors have entered into numerous such stipulations in these cases to date. *See* D.I. 755, 1712, 1713, 1759, 1771, 1798, 2130, 2254, 2551, 2877, 2992 and 3557.

2. Notwithstanding the foregoing, in instances where there are no valid claims against the Debtors' estates, limited stay relief is neither appropriate nor necessary. Such is the case for the Johnson Claims. The Debtors' objection to such claims was filed after nearly two and a half years of inaction on the part of Mr. Johnson's counsel to file a suggestion of death or establish an estate on Mr. Johnson's behalf and a repeated failure to respond to outreach efforts to discuss the status of the claims. There is no dispute that the Johnson Claims were filed at a time when no estate had been created, and there is no evidence that the claims were filed by a party with standing or authority to pursue the claims so as to suggest their validity.

3. Setting aside the issue of whether, now that an estate appears to have been created,[3] the Johnson Claims could validly be pursued at this juncture, the Debtors take issue with the implications in the Johnson Motions that the van der Veen Firm did not receive

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them elsewhere in this Objection.

[3] Under Pennsylvania law, if a plaintiff or petitioner in any action dies and a personal representative is not appointed within one year after a suggestion of such death is filed in the action or proceeding, any defendant or respondent may petition the court to abate the action. *See* 20 Pa. C. S. § 3375. As reflected in Exhibit B to the Motion to Vacate, even though Mr. Johnson died in June 2019, prior to the Petition Date, no suggestion of death was filed for Mr. Johnson in the State Court Action until *April 6, 2022*. The unreasonable nearly 3 year delay between the time of Mr. Johnson's death and the filing of the suggestion of death prejudices the Debtors' estates and arguably bars continued prosecution of the action. Thus, for this and other reasons, question exists as to whether the Johnson Estate can validly and/or successfully pursue the claims at this juncture, even if the Disallowance Order was vacated.

-2-

adequate notice or time to respond to the Claim Objection.  Any such suggestions are patently false and misleading.

4.  As explained below, the Claim Objection (as well as the subsequently-filed certificate of no objection and Disallowance Order) was served by *overnight mail* on the van der Veen Firm in order to provide conspicuous and prompt notice of the Claim Objection.  In addition, even before the Claim Objection was filed, Debtors' counsel attempted to reach Attorney van der Veen to confirm whether an estate for Mr. Johnson had been created and received no response.  *See* Wilen Declaration, ¶ 9.  Prior to this, the Debtors' state court counsel attempted, on multiple occasions, to confirm whether an estate was created on behalf of Mr. Johnson.  *Id*. at ¶ 7.  At no point in time was the courtesy of a response provided, and no explanation for this lack of communication or failure to timely respond to the Claim Objection is provided in the Johnson Motions.  If counsel was experiencing delays in formulating an estate over the nearly *three year period* since Mr. Johnson's death, it should have, and could have easily, provided an update to Debtors' counsel in this regard.  It never did so.[4]

5.  Ultimately, the question at present is whether grounds exist for the Court to vacate the Disallowance Order under Bankruptcy Rules 3008 and 9024 and whether grounds exist for limited relief from the automatic stay.  As a preliminary matter, *consideration of the Movant's request for limited stay relief is premature pending this Court's ruling on the Motion to Vacate*.  Indeed, to the extent this Court declines to vacate the Disallowance Order, there is no need for

---

[4] Prior to filing the Initial Stay Relief Motion (as defined below) in November 2019, counsel yet again failed to communicate with the Debtors regarding this matter when it failed to confer with the Debtors in advance of filing the motion, as required by Local Rule 4001-1(d).  Counsel could have easily avoided the present motion practice if it had conferred with Debtors' counsel when required to do so or otherwise responded to the Debtors' informal inquiries, at which points it could have informed the Debtors that efforts were underway to establish an estate for Mr. Johnson.

stay relief since there will be no valid claims for the Johnson Estate to pursue against the Debtors.

6. The Movant bears the burden of showing excusable neglect in these circumstances, and no such burden can be met in the present case. The Movant's basis for reconsideration of the Disallowance Order is that an estate has been created, that it seeks to pursue the State Court Action "to conclusion," and that it promptly filed the Johnson Motions after receiving the Disallowance Order. This is not excusable neglect. No detail or explanation is given as to why the Movant did not timely file a response to the Claim Objection or otherwise simply respond to the inquiries it received before the Claim Objection was filed. The Movant also claims, without an explanation as to how, that vacating the Disallowance Order will not prejudice the Debtors' estates and creditors. As explained below, such relief *would* be prejudicial to the Debtors and, for this reason and the others reasons set forth below, the Johnson Motions should be denied.

**RELEVANT FACTUAL BACKGROUND**

7. As noted in the Claim Objection (as defined below), prior to the Petition Date, on or about March 11, 2019, Robert Johnson ("**Mr. Johnson**") filed a complaint in the Philadelphia County Court of Common Pleas (the "**State Court**") alleging various causes of action against Debtor CCH[5] and others (the "**State Court Action**") relating to, *inter alia*, treatment that Mr. Johnson allegedly received on or about July 29, 2018 at Hahnemann University Hospital. Mr. Johnson's counsel in connection with the State Court Action was Michael T. van der Veen ("**Attorney van der Veen**") and/or colleagues at his law firm (together, with Attorney van der Veen, the "**van der Veen Firm**").

---

[5]  Mr. Johnson named "Hahnemann University Hospital" and not CCH in his complaint; however, "Hahnemann University Hospital" is CCH's d/b/a name.

8. Shortly following the commencement of the State Court Action, on or about June 19, 2019, the Debtors understand that Mr. Johnson passed away.

9. On July 15, 2020, August 3, 2020, and August 4, 2020, more than one year following Mr. Johnson's passing and prior to the creation of any estate, nine (9) proofs of claim[6] were filed by the van der Veen Firm – purportedly on behalf of Mr. Johnson – against certain Debtors, each of which asserted a $2,000,000.00 general unsecured claim for "personal injury or wrongful death" (together, the "**Johnson Claims**").

10. At the time of the filing of the Claim Objection, which, again, *was over 2.5 years after Mr. Johnson's death*, no suggestion of death was filed in the State Court Action, nor were the Debtors made aware of any executor, administrator, or personal representative appointed pursuant to Pennsylvania law to represent Mr. Johnson or his estate in connection his alleged claims.

11. As detailed in the Claim Objection, upon learning of Mr. Johnson's death, the Debtors' State Court counsel attempted to contact Attorney Van der Veen to confirm whether an estate was created and/or whether Attorney van der Veen was appointed either executor or administrator of Mr. Johnson's estate and/or counsel for such duly appointed executor or administrator. Attorney Van der Veen did not respond to such outreach.

12. On November 11, 2021, the *Motion for Relief from the Automatic Stay* [D.I. 3200] (the "**Initial Stay Relief Motion**") was filed with this Court, by which "Robert Johnson, by and

---

[6] The Johnson Claims are as follows:
- Claim 482 against Debtor Center City Healthcare, LLC;
- Claim 92 against Debtor Philadelphia Academic Health System, LLC;
- Claim 4 against Debtor Philadelphia Academic Medical Association, LLC;
- Claim 14 against Debtor HPS of PA, LLC;
- Claim 51 against Debtor TPS II of PA, LLC;
- Claim 16 against TPS III of PA, LLC;
- Claim 28 against Debtor TPS IV of PA, LLC;
- Claim 12 against Debtor TPS of PA, LLC; and
- Claim 16 against Debtor TPS V of PA, LLC.

through his attorney, Michael T. van der Veen" sought limited relief from the automatic stay to proceed with the State Court Action and recover to the extent of the Debtors' available insurance. The Initial Stay Relief Motion was filed by the van der Veen Firm but did not indicate whether an estate was created (or whether an estate was *in the process* of being created) for Mr. Johnson. The Initial Stay Relief Motion was never noticed or scheduled for a hearing and no response or objection deadline was included with the motion.

13.     On March 14, 2022, the Debtors filed an objection to the Johnson Claims [D.I. 3712] (the "**Claim Objection**") on grounds that, *inter alia*, no party in interest with standing was identified to pursue the claims, and, as such, neither this Court nor the State Court could exercise subject matter jurisdiction over the claims. As noted above, prior to filing the Claim Objection, counsel to the Debtors again attempted to confirm whether an estate had been created on behalf of Mr. Johnson. No response was received.

14.     The Debtors served the Claim Objection on the van der Veen Firm via *overnight mail* to ensure prompt delivery. *See* Affidavit of Service, at D.I. 3761. Because no objection was received prior to the objection deadline of March 28, 2022, in accordance with the Local Rules, the Debtors filed a certificate of no objection in connection with the Claim Objection on March 30, 2022 [D.I. 3800].[7] The Court entered an order sustaining the Claim Objection and disallowing the Johnson Claims on March 31, 2022 [D.I. 3808] (the "**Disallowance Order**"). Despite counsel's insinuations to the contrary, there is nothing unusual about the timing of the

---

[7] On the afternoon of the objection deadline, March 28, 2022, an attorney with the van der Veen Firm left a phone message for Debtors' counsel. There was no content to the message other than to return the call. Counsel to the Debtors promptly returned the call that same day and left a message for the relevant attorney. On March 30, 2022, having received no response from counsel, and in the absence of any response filed with the Court, the Debtors proceeded to file the certificate of no objection.

Disallowance Order following the filing of the certificate of no objection. Such timing and procedure is typical in this District and consistent with the Local Rules.

15. Both the certificate of no objection and the Disallowance Order were served on the van der Veen Firm at the same address and in the same manner (i.e. overnight mail) as the Claim Objection. *See* Affidavit of Service at D.I. 3818, 3822.

16. On April 6, 2022, counsel for the Estate of Robert Johnson (the "**Movant**" or the "**Johnson Estate**") – which, again, is the van der Veen Firm – contacted counsel to the Debtors to advise that an estate had been created for Mr. Johnson. Upon review of the Letters Testamentary, a copy of which is attached to the Motion to Vacate as Exhibit A, the estate appears to have been created on or about February 3, 2022.[8]

17. Seemingly prompted to action by the Disallowance Order, the van der Veen Firm also filed a suggestion of death for Mr. Johnson in the State Court Action on April 6, 2022, nearly 3 years after Mr. Johnson's passing.

**OBJECTION**

**A.    No Excusable Neglect Exists to Justify Reinstatement of the Johnson Claims**

18. As noted above, the Debtors believe that the Motion to Vacate is a preliminary matter that should be decided before the Movant's request for limited stay relief is considered. This is because, to the extent this Court declines to vacate the Disallowance Order, there would be no need for stay relief since there would be no valid claims for the Johnson Estate to pursue against the Debtors. For the reasons set forth below, the Motion to Vacate should be denied, thereby mooting the Amended Stay Relief Motion.

---

[8]    While the Letters Testamentary are dated February 3, 2022, it is not clear whether they were in fact recorded on that date. The Debtors reserve all rights as to whether an estate was validly established on behalf of Mr. Johnson and whether the van der Veen Firm has authority to act on behalf of any such estate.

19. Bankruptcy Rule 3008 provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate" and "[t]he court after a hearing on notice shall enter an appropriate order." Fed. R. Bankr. P. 3008. Courts look to Federal Rule of Civil Procedure 60(b), made applicable to these proceedings by Bankruptcy Rule 9024, for additional guidance for reconsideration. *In re Lomas Financial Corp.*, 212 B.R. 46, 52 (Bankr. D. Del. 1997); *see also Property Damage Claimants Identified on Exhibit "A" v. H.K. Porter Co., Inc. (In re H.K. Porter Co., Inc.)*, 156 B.R. 149, 150 (Bankr. W.D. Pa. 1993).

20. Under Bankruptcy Rule 9024, upon motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for, *inter alia*, excusable neglect. *See* Fed. R. Bankr. P. 9024, Fed. R. Civ. P. 60(b). Courts agree, however, that a motion for reconsideration under Federal Rule of Civil Procedure 60(b), made applicable by Bankruptcy Rule 9024, is an extraordinary remedy that upsets the finality of a decision and that therefore, such remedy should be granted only sparingly. *E.g.*, *In re Syntax-Brilliant Corp.*, 551 B.R. 156, 160 (Bankr. D. Del. 2016) (explaining that "[t]he framers of Rule 60(b) set a higher value on the social interest in the finality of litigation"); *In re Tribune Co.*, 464 B.R. 208, 213 (Bankr. D. Del. 2011). The Third Circuit has recognized that a movant "bears a heavy burden" in showing that relief is appropriate under Rule 60. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991).

21. To make a case for "excusable neglect," courts generally consider the four factors articulated by the United States Supreme Court in *Pioneer*: (i) "the danger of prejudice to the debtor," (ii) "the length of the delay and its potential impact on judicial proceedings," (iii) "the reason for the delay, including whether it was within the reasonable control of the movant," and

(iv) "whether the movant acted in good faith." *See Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).

22. In the present case, no excusable neglect has been established. The Motion to Vacate barely attempts to satisfy the *Pioneer* factors nor can the Movant do so. There is no dispute that the Claim Objection was promptly received by the van der Veen Firm – it was sent in the same manner and to the same address as the certificate of no objection and Disallowance Order, the receipt of which is acknowledged by counsel in the Motion to Vacate.

23. Affidavits or certificates of service establish a presumption that a claimant received notice of mailings in a case. *See, e.g., In re Great Atl. & Pac. Tea Co.*, 604 B.R. 650, 657-60 (Bankr. S.D.N.Y. 2019) ("Courts have routinely held that 'an affidavit of service is sufficient evidentiary material to raise the presumption [of receipt after proper mailing].'") (*quoting Surabian v. Picard (In re Bernard L Madoff Inv. Sec. LLC)*, No. 13-Civ-4332, 2014 WL 1302660, at *4 (S.D.N.Y. Mar. 31, 2014)). This is because "[w]here mail is properly addressed, stamped and deposited in the postal system, there arises a rebuttable presumption that the notice was received by the addressee." *Trump Taj Mahal Assocs. v. Alibraham (In re Trump Taj Mahal Assocs.)*, 156 B.R. 928, 938 (Bankr. D.N.J. 1993) (*quoting In re STN Enter., Inc.*, 94 B.R. 329, 334 (Bankr. D. Vt. 1988)). To rebut the presumption, "[e]vidence of an objective nature going beyond the claimant's statement of non-receipt is necessary." *In re Dana Corp.*, No. 06-10354, 2007 WL 1577763, at *4 (Bankr. S.D.N.Y. May 30, 2007).

24. In the present case, the Movant's counsel does not claim non-receipt or otherwise contend that it did not receive timely notice of the Claim Objection and an opportunity to respond. Thus, the presumption that the Movant received adequate notice of the Claim Objection has not been rebutted.

25. Furthermore, counsel's failure to timely and properly respond to the Claim Objection is part of a larger pattern of *repeated* failures to respond to Debtors' bankruptcy and State Court counsel's informal attempts to discuss the Johnson Claims prior to filing the Claim Objection. These failures to respond, combined with the inordinate delays in filing a suggestion of death in the State Court Action, make clear that no reasonable basis exists for the Movant's failure to timely respond to the Claim Objection.

26. In addition, contrary to the Movant's blanket contention to the contrary, the Debtors' estates *would* be prejudiced by the reinstatement of the Johnson Claims. As an initial matter, as detailed in the Claim Objection, because such claims were clearly filed prior to the creation of the Johnson Estate and were filed by attorneys not acting on behalf of an identifiable claimant, they are not valid claims against the Debtors' estates. *See In re Irby*, No. 14-50650, 2021 WL 2524938, at *1 (Bankr. E.D. Mich. Feb. 9, 2021) (finding that "the deceased Debtor's attorney does not have standing or authority to file a motion on behalf of a deceased debtor," and that "[o]nly a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a motion seeking relief on behalf of the deceased"); *In re Hamilton*, 274 B.R. 266, 267 (Bankr. W.D. Tex. 2001) ("[T]his court has already ruled in a published opinion that, when a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as official representative of the probate estate of the debtor.")

27. Moreover, even if the Johnson Claims somehow could be treated as valid claims of the Johnson Estate, the Johnson Motions ignore the fact that reinstatement of the claims would result in the reinstatement of $18 million in general unsecured claims against the Debtors' estates, in the aggregate. While the Debtors dispute the merits of these claims, any litigation of

such claims in State Court will require the Debtors to devote funds and resources to the matter that would otherwise be used for the benefit of the Debtors' estates and creditors.

28. The reinstatement of the Johnson Claims further imposes an unnecessary administrative burden on the Debtors. Indeed, to the extent the claims *are* reinstated, any subsequent grant of limited stay would be conditioned upon the disallowance of any claims against the Debtors' estates. The Movant acknowledges this, stating in the Amended Stay Relief Motion that "in the event Movant is permitted to pursue the aforementioned claim *he will not file a claim in this proceeding and/or proceed with the claims which have already been filed*." Amended Stay Relief Motion, at ¶ 9 (emphasis added).[9] Therefore, because the Johnson Claims would be disallowed even if the relief ultimately sought by the Movants – limited stay relief – is granted, the reinstatement of the claims is unnecessary.

**B.    No "Cause" Exists to Lift the Automatic Stay**

29. Next, even if the Court vacates the Disallowance Order, no "cause" exists to lift the automatic stay in these circumstances.

30. "[B]ecause § 362(d)(1) does not define 'cause,' bankruptcy courts have the discretion to consider what constitutes cause based on the totality of the circumstances." *8 E. Frederick Place, LLC v. Flintkote Co. (In re Flintkote Co.)*, 533 B.R. 887, 894 (D. Del. 2015) (*citing In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997)). In Delaware, bankruptcy courts typically determine whether "cause" exists based upon application of a three-pronged balancing test:

> (i) whether any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit;

---

[9]    This position is clearly at odds with the relief requested in the Motion to Vacate to reinstate and allow the Johnson Claims. In addition, insofar as the proposed order approving the Motion to Vacate provides for the *allowance* of the Johnson Claims, such relief is clearly inappropriate at this juncture and not consistent with the actual relief sought in the Motion to Vacate.

(ii) whether the hardship to the non-bankruptcy party by maintenance of the stay considerably outweighs the hardship to the debtor; and

(iii) the probability of the creditor prevailing on the merits.

See *In re Trib. Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (*citing Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992)). "Courts also place emphasis on whether lifting the automatic stay will impede the orderly administration of the debtor's estate." *In re DBSI, Inc.*, 407 B.R. 159, 167 (Bankr. D. Del. 2009) (*citing In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990)).

31. In the present case, these factors weigh in favor of denying the Amended Stay Relief Motion. First, for reasons similar to those set forth above, granting the Movant relief from the automatic stay to pursue the Johnson Claims will be prejudicial to the Debtors' estates. The Debtors are currently making steady progress in reconciling and resolving numerous claims and preference actions in these cases and are also engaged in intensive mediation with the MBNF Non-Debtor Parties[10] and HSREP VI Holding, LLC and its affiliates in an effort to resolve the largest and most complex competing claims in these Chapter 11 Cases. Such resolution would in turn benefit the Debtors and their creditors by, *inter alia*, permitting the Debtors to move forward with a consensual plan of liquidation. Forcing the Debtors to instead devote their limited time and resources to the litigation of the Johnson Claims in the State Court Action would burden the Debtors' professionals, disrupt the Debtors' efforts to administer these cases in an orderly fashion, distract the Debtors from critical case issues such as the mediation, and potentially impair the Debtors' ability to properly defend against the Johnson Claims.

---

[10] The "MBNF Non-Debtor Parties" include Joel Freedman, Stella Freedman, Svetlana Attestatova, Kyle Schmidt, MBNF Investments, LLC, American Academic Health System, LLC, Philadelphia Academic Health Holdings, LLC, Front Street Healthcare Properties, LLC, Front Street Healthcare Properties II, LLC, Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC, Philadelphia Academic Risk Retention Group, LLC, Paladin Healthcare Capital, LLC, Paladin Healthcare Management, LLC, Paladin Capital, and Globe Health Foundation, Inc.

32. In comparison, denying the Amended Stay Relief Motion will impose little prejudice, if any, upon the Movant. No rights of the Movant would be impacted if the Amended Stay Relief Motion was denied; rather, the State Court Action would remain stayed and all parties' rights would be reserved. Moreover, given the length of time that passed before Movant's counsel took any action in the State Court Action to file a suggestion of death or establish an estate, it is difficult for the Movant to argue that any delays posed by the bankruptcy cases are prejudicial.

33. Lastly, the third consideration in determining whether "cause" exists to lift the automatic stay is the likelihood of the creditor prevailing on the merits. While the Debtors recognize that the threshold is low for parties to establish a likelihood of success on the merits, the Movant makes no showing whatsoever in the Amended Stay Relief Motion that there is any such likelihood of success. In addition, based on their preliminary review, the Debtors believe there are strong grounds to dispute the Johnson Claims.

34. For these reasons, no "cause" exists to grant relief from the automatic stay in these circumstances, and the Debtors respectfully request that the Court deny the Amended Stay Relief Motion.[11]

[remainder of page left intentionally blank]

---

[11] In the unlikely event that the Court grants the Motion to Vacate or otherwise determines that stay relief is appropriate, the Debtors respectfully request that the Court provide the parties with time to discuss entry into a form of stay relief stipulation that is in keeping with the stipulations previously approved by the Court in these cases.

WHEREFORE, based on the foregoing, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, (i) denying the Johnson Motions in their entirety, and (ii) granting such other and further relief as is just and proper.

Dated: April 25, 2022

**SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
A. Mayer Kohn
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
mayer.kohn@saul.com

*Counsel for Debtors and Debtors in Possession*

-14-
39902725.3 04/25/2022