**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> In re: <br> CENTER CITY HEALTHCARE, LLC <br> d/b/a HAHNEMANN UNIVERSITY <br> HOSPITAL, *et al.*, [1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 19-11466 (MFW) <br> (Jointly Administered) <br><br> **Related to Docket Nos. 3808, 3848, 3849 and 3905** <br><br> **Hearing Date: May 18, 2022 at 10:30 a.m. (ET)** |

**REPLY TO DEBTORS' OBJECTION TO (I) MOTION FOR RECONSIDERATION OF ORDER ENTERED ON MARCH 31, 2022 SUSTAINING DEBTORS' OBJECTIONS TO CLAIMS PURPORTEDLY FILED ON BEHALF OF DECEDENT ROBERT JOHNSON, AND (II) AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER <u>SECTION 362 OF THE BANKRUPTCY CODE</u>**

As set forth in the Motion for Reconsideration, after receiving the Objections to Movant's Claims, Movant's counsel contacted Debtors' counsel to advise that an estate had been opened for Movant, but was unable to speak to Debtors' counsel at that time. Movant's counsel assumed that since an estate had in fact been opened prior to the Objection being filed, that the Objection was moot. Bankruptcy Rule 9006(b)(1) provides that "the court for cause shown may at any time in its discretion . . . on motion, made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R Bankr. P. 9006(b)(1); *Chemetron Corp. vs. Jones*, 72 F.3d 341, 349 (3d Cir. 1995) (citing *Pioneer Investment Servs. Co. v. Brunswick Assocs. LTD, P'ship*, 507 U.S. 380, 382 (1993)).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

1. As noted by the Supreme Court in *Pioneer*, "reading Rule 9006(b)(1) inflexibly to exclude every instance of an inadvertent or negligent omission would ignore the most natural meaning of the word 'neglect' and would be at odds with the accepted meaning of that word in analogous contexts." *Pioneer*, 507 U.S. at 394-95. Ultimately, a court's determination of whether excusable neglect exists "is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

2. The *Pioneer* Court identified four factors that a court should consider when reviewing a request by a party to enlarge time based on excusable neglect: "(1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re New Century TRS Holdings, Inc.*, 465 B.R. 38, 50-51 (Bankr. D. Del. 2012) (citing *Pioneer*, 507 U.S. at 395).

    A.    **<u>No Danger of Prejudice</u>**

3. Courts have held that prejudice "does not refer to an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on the facts in evidence. *New Century*, 465 B.R. at 51 (citing *Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envtl Energy, Inc.)*, 188 F.3d 116, 127 (3d Cir. 1999)). The relevant factors for analysis of prejudice under *O'Brien* include: whether the debtor was surprised or caught unaware by the assertion of a claim that it had not anticipated; whether the payment of the claim would force the return of amounts already paid out under the confirmed Plan or affect the distribution to creditors; whether payment of the claim would jeopardize the success of the debtor's reorganization; whether allowance of the claim would adversely impact the debt or actually or legally; and whether allowance of the claim would open the floodgates to other future claims. *Id.* at 126-28.

4.      In this case, there is no danger of prejudice to the Debtors or the Debtors' estate. Movant seeks only to liquidate the claim against the Debtors' insurance. Further, the claim had been anticipated by the Debtors, as it was in fact listed in Debtors' schedules. Through its Objection to Movant's claim, the Debtors used the technicality of Movant's counsel filing to preserve that claim when no decedent estate existed as its main basis to deny the claim, which is patently unfair to the ultimate claimant. The Movant's claims were timely filed, so there can be no argument that Movant's claim is a surprise to the Debtors. Allowing the claim would not open the floodgates to other future claims.

5.      As such, the first factor considering prejudice to the Debtors should weigh in favor of Claimant.

B.      **<u>Minimal Length of Delay</u>**

6.      With regard to length of delay, courts have noted that "the significance of a delay should not be considered in absolute terms, but will depend on the facts of the case." *O'Brien*, 188 F.3d at 130.  A delay in terms of an actual number of months will vary in its significance depending on the stage of the relevant case.  *New Century*, 465 B.R. at 52.

7.      Here, there was little to no delay with respect to Movant's Motion for Reconsideration. It was timely filed. As such, the second factor considering the length of delay weighs in favor of Claimant.

8.      With respect to the delay in opening an estate, Movant was an indigent and incarcerated individual. Counsel for Movant had trouble locating members of Movant's family to serve as representatives for Movant's estate. Further, opening estates in the Register of Wills office was subject to lengthy delays during the pandemic.

### C.     Reasonable Delay/Delay Beyond Movant's Reasonable Control

9. With regard to the third factor, Movant's delay is reasonable. As set forth above, after receiving the Objections to Movant's Claims, Movant's counsel contacted Debtors' counsel to advise that an estate had been opened for Movant, but was unable to speak to Debtors' counsel at that time. Movant's counsel assumed that since an estate had in fact been opened prior to the Objection being filed, that the Objection was moot. Further, in Debtors' Schedules, Movant's claim is scheduled under the Movant's name care of his state court counsel. Debtors' should not be permitted to object based on the fact that an estate had not been opened when their very form of notice was addressed to Movant care of counsel.

### D.     Movant's Good Faith

10. The Movant has acted in good faith by hiring counsel and filing this Motion.

11. As set forth in the Motion for Reconsideration, prior to the Petition Date, Movant developed decubitus ulcers over his entire body while under Debtors' care and died on June 19, 2019- just a few weeks prior to the Petition Date.

12. On March 11, 2019, Movant filed a timely Complaint bringing suit against Debtors, which remains pending before the Philadelphia County Court of Common Pleas.

13. As set forth above and with respect to the delay in opening an estate, Movant was an indigent and incarcerated individual. Counsel for Movant had trouble locating members of Movant's family to serve as representatives for Movant's estate.

14. Further, counsel for Movant reached out to Debtors' counsel once the estate was opened, which was prior to the Debtors' objection being filed.

15. Therefore, this final factor weighs in favor of Movant.

WHEREFORE, Movant respectfully requests that this Court enter an Order substantially in the form attached hereto, and granting such other and further relief as the Court may deem proper and just.

Dated: May 6, 2022　　　　　　　　　　**GELLERT SCALI BUSENKELL & BROWN, LLC**

　　　　　　　　　　　　　　　　　*/s/ Amy D. Brown*
　　　　　　　　　　　　　　　　　Ronald S. Gellert (DE 4259)
　　　　　　　　　　　　　　　　　Amy D. Brown (DE 4077)
　　　　　　　　　　　　　　　　　1201 N. Orange Street, Suite 300
　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　Telephone:  (302) 425-5800
　　　　　　　　　　　　　　　　　Facsimile:   (302) 425-5814
　　　　　　　　　　　　　　　　　rgellert@gsbblaw.com
　　　　　　　　　　　　　　　　　abrown@gsbblaw.com

　　　　　　　　　　　　　　　　　*Counsel to Movant*