# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 19-11466 (MFW)<br>)<br>) Jointly Administered<br>)<br>) **Related to Docket Nos. 3899 and \_\_\_\_** |

**ORDER APPROVING STIPULATION GRANTING LIMITED
RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO
PERSONAL INJURY CLAIM ASSERTED BY JONATHAN CARROLL**

Upon consideration of the *Stipulation Granting Limited Relief from the Automatic Stay with Respect to Personal Injury Claim Asserted by Jonathan Carroll* (the "Stipulation")[2] attached hereto as **Exhibit "1;"** and the Court having jurisdiction over the matters raised in the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Stipulation having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Stipulation is in the best interests of the Debtors, their estates, creditors and all parties-in-interest, and that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

2

1. The Stipulation is approved.

2. The Debtors and the claims agent are authorized to take any and all actions necessary to effectuate the Stipulation including, without limitation, amending the claims register in the chapter 11 cases to reflect the terms of the Stipulation.

3. Claim number 1257 against debtor Center City Healthcare LLC is hereby disallowed in its entirety.

4. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.

5. This Order is effective immediately upon entry.

39527967.4

# EXHIBIT 1

## Stipulation

39527967.4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |

### STIPULATION GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO PERSONAL INJURY CLAIM ASSERTED BY JONATHAN CARROLL

This *Stipulation Granting Limited Relief from the Automatic Stay with Respect to Personal Injury Claim Asserted by Jonathan Carroll* (the "Stipulation") is made and entered into as of the 21st day of April, 2022 between and among the above-referenced debtors and debtors-in-possession (collectively, the "Debtors") and Jonathan Carroll (the "Claimant," and together with the Debtors, the "Parties"), by and through their respective duly authorized undersigned counsel.

### INTRODUCTION

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, the Debtors' chapter 11 cases (the "Chapter 11 Cases") have been procedurally consolidated;

**WHEREAS**, on or about June 6, 2021, the Claimant commenced an action before the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 210503098, against certain non-Debtor defendants, alleging personal injuries related to treatment received at, among other places, Hahnemann University Hospital (the "Action");

**WHEREAS**, although none of the Debtors was named as a defendant in the Action, the Claimant has asserted that it maintains claims against Center City Healthcare LLC d/b/a Hahnemann University Hospital ("CCH") in connection with the Action related to treatment received at Hahnemann University Hospital prior to the Petition Date;

**WHEREAS**, on or about December 1, 2021, the Claimant filed a motion for authority to file a late proof of claim against CCH for amounts allegedly owed in connection with the Action [D.I. 3216], which motion was approved by the Court on December 20, 2021 [D.I. 3333];

**WHEREAS**, on or about January 11, 2022, the Claimant filed a proof of claim against CCH, asserting a general unsecured claim in the amount of $1,000,000, which is reflected on CCH's claims registry as claim no. 1257 ("Claim 1257");

**WHEREAS**, the Debtors deny any and all liability with respect to, and contest the merits of, the Action and Claim 1257;

**WHEREAS**, the Claimant wishes to pursue potential recovery for the Action from all available insurance coverage, if any (the "Insurance Policies"), subject to the limits and terms and conditions of such Insurance Policies; and

**WHEREAS**, the Claimant seeks, and the Debtors are willing to consent to, a limited modification of the automatic stay of section 362 of the Bankruptcy Code, subject solely to the terms and conditions set forth herein, to permit the Claimant to pursue the Action.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby contract, covenant and agree, subject to Bankruptcy Court approval as set forth herein, as follows:

### STIPULATION

1. Each of the Recitals set forth above is incorporated herein by reference.

2. This Stipulation is subject to and conditioned upon the entry of a Final Order of the Court approving this Stipulation (the "Stipulation Effective Date").  In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect.  In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante*.  As used herein, "Final Order" means an order of the Court, as entered on the docket in the Chapter 11 Cases, that has not been reversed, stayed, modified or amended and to which the time to appeal, petition for certiorari, or seek re-argument or rehearing has expired and to which no appeal, re-argument, petition for certiorari, or rehearing is pending or, if an appeal, re-argument, certiorari, or rehearing thereof has been sought, such order has been affirmed by the highest court to which the order was appealed or from which the re-argument or rehearing was sought, or certiorari has been denied, and the time to take any further appeal or to

seek certiorari or further re-argument or rehearing has expired, *provided, however*, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure or Rule 9024 of the Federal Rules of Bankruptcy Procedure may be filed with respect to such order, as long as such a motion actually has not been filed.

3. Upon the Stipulation Effective Date, the automatic stay shall be modified solely to permit the Claimant to pursue the Action and pursue coverage and a recovery under the Insurance Policies in connection with the Action; provided, however, that, with respect to any settlement with or judgment against the Debtors in connection with the Action, the Claimant shall be limited by, and shall look strictly and solely to, the proceeds of the Insurance Policies, if any. Neither the Claimant nor any of his agents, attorneys or representatives shall take any action or attempt to cause any action to be taken to collect all or any portion of any settlement or judgment obtained on account of or in connection with the Action from the Debtors and/or the properties and assets of any of the Debtors' estates.

4. The Claimant waives the right and ability to recover on any and all claims that he has or may have against the Debtors or their estates arising out of, related to, or in connection with, the Action, other than from the Insurance Policies.

5. Upon the Stipulation Effective Date, Claim 1257 shall be disallowed in its entirety. The Claimant further waives the ability to amend, file and/or seek recovery on Claim 1257 or any and all other claims that he may have against the Debtors and/or their estates.

6. Except to the extent expressly set forth in paragraph 3 herein, the automatic stay of section 362(a) of the Bankruptcy Code shall remain in full force and effect for all other purposes. Nothing herein shall constitute or operate as a waiver or modification of the automatic stay so as

to permit the prosecution against any of the Debtors of any claims by any person or entity other than the Claimant with respect to the Action, subject to the limitations set forth herein.

7.  The agreement by the Debtors to the modification of the automatic stay on the terms and conditions set forth herein shall not be deemed an agreement by the Debtors to provide assistance or to cooperate with the Claimant in any way in his efforts to pursue coverage and/or a recovery in connection with the Action or to secure coverage and/or payment from the Insurance Policies, if any, on any settlement or judgment arising from the Action.  The Claimant acknowledges that the Debtors, and their counsel, have not made any representations or warranties as to whether any of the Insurance Policies provide coverage or would otherwise provide payment related to the Action, and that any determination made by the Claimant as to the availability of coverage or payment from the Insurance Policies is made wholly on the basis of the Claimant's independent investigation.  Nothing in this Stipulation shall provide a basis for or constitute a determination as to the availability or applicability of coverage or payment by the Insurance Policies or the Claimant's rights or entitlement to the proceeds of such Insurance Policies, nor shall this Stipulation be construed to be binding on the Debtors' insurers regarding the Insurance Policies and/or the Action.

8.  Nothing contained herein shall be deemed an admission of liability on the part of the Debtors with respect to the Action.

9.  The Debtors and the claims agent are authorized to take any and all actions necessary to effectuate this Stipulation including, without limitation, amending the claims register in the Chapter 11 Cases to reflect the terms of this Stipulation.

10.  This Stipulation is the entire agreement between the Debtors and the Claimant with respect to the subject matter hereof.  This Stipulation supersedes any and all agreements, whether

written or oral, that may have previously existed between the Parties with respect to the matters set forth herein.  No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

11. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

12. Each of the Parties further acknowledges that it has been fully advised with respect to its rights and obligations under this Stipulation by counsel of its own choosing. Each of the Parties has consulted with counsel of its own choosing and has had adequate opportunity to make whatever investigation or inquiry it deems necessary or desirable with respect to the subject matter and terms of this Stipulation.

13. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

14. This Stipulation shall be binding and inure to the benefit of the Parties hereto, their successors and assigns, including without limitation, as to the Debtors, any chapter 7 or chapter 11 trustee, plan administrator or estate representative, and as to the Claimant, any executor, estate administrator or representative.

15. No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party unless such modification, amendment or waiver is in writing, has been approved by the Court, and has been executed by a duly authorized representative of the Party against whom such modification, amendment or waiver is sought to be enforced.  If any part of this Stipulation is held to be unenforceable by any court of competent jurisdiction, the

unenforceable provision shall be deemed amended to the least extent possible to render it enforceable and the remainder of this Stipulation shall remain in full force and effect.

16. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws principles thereof. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, agents, attorneys and representatives.

17. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

18. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

*[Remainder of the Page Left Intentionally Blank]*

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| | |
|---|---|
| **SAUL EWING ARNSTEIN & LEHR LLP** | **CONAWAY-LEGAL LLC** |
| */s/ Monique B. DiSabatino* | */s/ Bernard G. Conaway* |
| Mark Minuti (DE Bar No. 2659) | Bernard G. Conaway (DE Bar No. 2856) |
| Monique Bair DiSabatino (DE Bar No. 6027) | 1007 North Orange Street, Suite 400 |
| 1201 N. Market Street, Suite 2300 | Wilmington, DE 19801 |
| P.O. Box 1266 | Telephone: (302) 428-9350 |
| Wilmington, DE 19899-1266 | Fax: (844) 364-0137 |
| Telephone: (302) 421-6800 | bgc@conaway-legal.com |
| Fax: (302) 421-5873 | |
| mark.minuti@saul.com | *Counsel for Jonathan Carroll* |
| monique.disabatino@saul.com | |

     -and-

Jeffrey C. Hampton
Adam H. Isenberg
Melissa A. Martinez
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7700
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
melissa.martinez@saul.com

*Counsel for Debtors and Debtors in Possession*