IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered)<br>Re:  Docket Nos. 3916 and 3958 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL and PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>VEOLIA ENERGY PHILADELPHIA, INC. (N/K/A VICINITY ENERGY PHILADELPHIA, INC.),<br><br>    Defendant. | <br><br><br><br><br><br>Adv. Proc. No. 21-50957 (MFW)<br><br><br><br>Re:  Adv. Docket Nos. 25 and 26 |

**ORDER APPROVING SETTLEMENT OF PREFERENCE
CLAIMS AGAINST VEOLIA ENERGY PHILADELPHIA, INC.
(N/K/A VICINITY ENERGY PHILADELPHIA INC.) PURSUANT TO
<u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019</u>**

The Court having considered the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for approval of the settlement of certain proofs of claim of Vicinity (the "**Proofs of Claim**") and certain claims for avoidance and recovery of allegedly preferential

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

transfers (the "**Preference Claims**"), as set forth in the Settlement Agreement attached as **Exhibit 1** hereto; and the Court finding that the Settlement Agreement is fair and reasonable, and the Court having jurisdiction to consider the Motion and the relief requested therein; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, creditors and other parties in interest; and the Court having reviewed the Motion and considered the arguments made at the hearing, if any; and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**:

1. The Motion is Granted as set forth herein.

2. The Settlement Agreement attached hereto as **Exhibit 1** with respect to the Proof of Claim and the Preference Claims is hereby approved in full and final settlement of such claims.

3. Claim 881 shall be an allowed claim against CCH in the total amount of $961,352.83, the entirety of which shall be an allowed general unsecured claim.

4. Claim 881 shall be treated and paid in accordance with any chapter 11 plan or plans confirmed in these cases.

5. The Debtors and their claims agent are authorized to take any and all actions necessary to effectuate the Settlement Agreement.

6. The Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: May 13th, 2022  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

39947614.2 05/12/2022