# EXHIBIT 1

**(Settlement Agreement)**

39947614.2 05/12/2022

## SETTLEMENT AGREEMENT



This Settlement Agreement ("**Agreement**") is entered into as of this ~~31st~~ 20th day of ~~March~~ April, 2022, by and between Center City, Healthcare, LLC d/b/a Hahnemann University Hospital, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC d/b/a St. Christopher's Hospital for Children and certain of their affiliates (collectively, the "**Debtors**") and Vicinity Energy Philadelphia, Inc. f/k/a Veolia Energy Philadelphia, Inc. ("**Vicinity**" and together with the Debtors, collectively, the "**Parties**"), by and through their respective duly authorized undersigned counsel.

## RECITALS

WHEREAS, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") commencing bankruptcy cases captioned under lead case captioned *In re Center City Healthcare, LLC*, Case No. 19-11466 in the Bankruptcy Court (the "**Bankruptcy Case**"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b), and the cases were so consolidated under Case No. 19-11466;

WHEREAS, the Debtors and their estates maintain the right to prosecute and settle all estate claims and causes of action, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code;

WHEREAS, Vicinity timely filed Proof of Claim No. 881 on August 4, 2020 in the amount of $961,352.83 (the "**Vicinity Claim**") in the Bankruptcy Case, and the Parties having agreed to deem the Vicinity Claim an allowed claim against Debtor Center City Healthcare, LLC in the Bankruptcy Case as a material term of the within settlement;

WHEREAS, the Debtors, after review of their books and records, have asserted that Vicinity received transfers from the Debtors within the 90 days before the Petition Date in the total amount of $1,200,000 and have demanded the return of the transfers as alleged preferential transfers that are subject to avoidance and recovery pursuant to sections 547 and 550 of the Bankruptcy Code;

WHEREAS, on or about June 27, 2021, the Debtors filed a Complaint against Vicinity, which matter is proceeding under Adversary Proceeding No. 21-50957 (the "**Adversary Proceeding**");

WHEREAS, Vicinity has filed an Answer and Affirmative Defenses to the Complaint and therein disputes any liability in the Adversary Proceeding;

WHEREAS, the Parties have engaged in discussions and exchanged information and have submitted the matter to mediation before Leslie Berkoff, the court-appointed mediator for the

Adversary Proceeding; and as a result of those discussions and mediation, and to avoid further costs and the attendant risks of litigation, the Parties have agreed to resolve the Adversary Proceeding upon the terms and conditions set forth in this Agreement;

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Debtors and Vicinity agree to settle and resolve the Adversary Proceeding (this "**Settlement**") as follows:

## AGREEMENT

Settlement Terms. In settlement of the dispute between the Parties and in full and final satisfaction of the Debtors' claims in the Adversary Proceeding, Vicinity shall pay to the Debtors $500,000.00 (the "**Settlement Amount**") within fifteen (15) business days of the date the Court enters an order approving this Settlement.

Payment Terms. Payment of the Settlement Amount shall be made by wire or by check, at Vicinity's election. If payment is to be made by wire transfer it shall be made to "Philadelphia Academic Health System," pursuant to wire instructions that shall be provided to Vicinity upon its request. If payment is to be made by check such check shall be made payable to "Philadelphia Academic Health System," and sent to:

> Philadelphia Academic Health System
> c/o Eisner Amper LLP
> Attention: Allen Wilen
> One Logan Square
> 130 North 18th St., Suite 3000
> Philadelphia, PA 19103

Bankruptcy Court Approval and Dismissal of Adversary Proceeding. The Parties acknowledge that the Debtors' obligations under this Agreement are subject to Bankruptcy Court approval and Debtors shall not be bound by the terms of this Agreement unless and until an order has been entered by the Bankruptcy Court approving the terms of this Agreement. No later than ten (10) business days after the execution of this Agreement, the Debtors shall file a motion (the "**Settlement Motion**") with the Bankruptcy Court requesting entry of an Order approving the terms of this Agreement. In the event that Vicinity fails to tender the Settlement Payment as required by the terms of this Agreement, Debtors shall be entitled to file a motion with the Bankruptcy Court to seek to compel enforcement of Vicinity's obligation to make the Settlement Payment and Debtors also shall be entitled to seek to recover its reasonable attorney's fees and costs incurred in connection therewith. In the event that the Bankruptcy Court does not approve the Settlement Motion, this Agreement shall be null and void and of no force and effect against either of the Parties. Debtors shall dismiss the Adversary Proceeding within ten (10) business days of receipt of the Settlement Amount from Vicinity. *with prejudice* 

Allowance of Vicinity Claim. Upon (i) approval of the Settlement by Order of the Bankruptcy Court, and (ii) payment of the Settlement Amount in good funds,(i) the Vicinity Claim shall be fully and finally deemed an allowed general unsecured claim in the Bankruptcy Case in 

the amount of $961,352.83 pursuant to 11 U.S.C. § 502(a) by operation of the Order approving the Settlement.

Waiver of 502(h) Claim. Vicinity waives any claim that it otherwise would have by operation of 11 U.S.C. § 502(h) as a result of its payment of the Settlement Amount.

No Admission of Liability. This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any Party.

Choice of Law. This Agreement shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

Authority of Parties. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Agreement on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Agreement; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Agreement shall become effective upon the order approving this Agreement becoming a Final Order.

Merger. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement. This Agreement may only be modified by an instrument in writing executed by each of the Parties hereto.

Execution of Agreement. This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement. Facsimile, electronic mail and scanned signatures shall be deemed to have the full force and effect of ink signatures.

Enforcement of Agreement. In the event that legal action is instituted to enforce this Agreement, the prevailing party shall be entitled to recover from the other party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

Jurisdiction. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement. The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies arising from or related to this Agreement.

Construction. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement, as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

IN WITNESS WHEREOF, the Parties, by and through their duly authorized respective counsel, hereby execute this Stipulation as of the date first written above, intending to be legally bound.

**SAUL EWING ARNSTEIN & LEHR LLP**

/s/ John D. Demmy
Mark Minuti (DE Bar No. 2659)
John D. Demmy (DE Bar No. 2802)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
mark.minuti@saul.com
john.demmy@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for the Debtors and Debtors in Possession*

**GIBBONS**

/s/                                4/20/22
One Gateway Center
Newark, NJ 07102-5310
Telephone: (973) 596-4557
E-mail: DBarney@gibbonslaw.com

*Attorneys for Vicinity Energy Philadelphia, Inc. f/k/a Veolia Energy Philadelphia, Inc.*