**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------X
                                                          :
In re                                                     : Chapter 11
                                                          : Case No. 19-11466 (KG)
CENTER CITY HEALTHCARE, LLC d/b/a                         : Jointly Administered
HAHNEMANN UNIVERSITY HOSPITAL,                            :
*et al.*,[1]                                              : <u>Objection Deadline</u>: Jun 13, 2022 at 4:00 p.m. (ET)
                              Debtors                     :
----------------------------------------------------------X

**TENTH MONTHLY APPLICATION OF BERKELEY RESEARCH GROUP, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DURING THE PERIOD <u>FROM JULY 1, 2021 THROUGH DECEMBER 31, 2021</u>**

| | |
|---|---|
| Name of Applicant: | Berkeley Research Group LLC |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors ("the <u>Committee</u>") |
| Date of Retention: | September 4, 2019 *nunc pro tunc* to July 22, 2019 |
| Period for which Compensation and reimbursement is sought: | July 1, 2021 through December 31, 2021 |
| Amount of compensation sought as actual, reasonable, and necessary: | $45,817.20[2] (80% of $57,271.50) |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $0.00 |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Pursuant to *Application for Entry of an Order Authorizing the Retention and Employment of Berkeley Research Group, LLC, as Financial Advisor to the Official Committee of Unsecured Creditors nunc pro tunc to July 22, 2019,* for purposes of this engagement, in the event that BRG's total fees divided by actual hours charged (the "<u>Blended Hourly Rate</u>") exceeds $495 per hour, we will lower our fees by the amount the Blended Hourly rate exceeds $495 per hour multiplied by the actual hours charged. Accordingly, we have reduced our fees for the Fee Period by $26,646.00 as indicated on <u>Attachment A: Fees By Professional</u>.

This is an:   __X__ monthly    ___ interim    ___ final application

The total time expended for fee application preparation is approximately 18.0 hours and the corresponding compensation requested is approximately $2,838.00.

## Table A - Prior Monthly Applications Filed:

| Dt Filed Dkt No. | Period | Fees | Expenses | CNO/ Order | Paid Fees | Paid Expenses | Unpaid Balance |
|---|---|---|---|---|---|---|---|
| 10/29/2019 Dkt No. 915 | 7/22/2019 - 8/31/2019 | $ 182,902.50 | $ 2,411.76 | 11/20/2019 Dkt No. 1044 | $ 182,902.50 | $ 2,411.76 | $ - |
| 11/15/2019 Dkt No. 1014 | 9/1/2019 - 9/30/2019 | $ 101,277.00 | $ 1,334.17 | 12/6/2019 Dkt No. 1104 | $ 101,277.00 | $ 1,334.17 | $ - |
| *11/15/2019 Dkt No. 1018* | *First Interim 7/22/2019 - 9/30/2019* | *$ 284,179.50* | *$ 3,745.93* | *12/6/2019 Dkt No. 1108* | *$ 284,179.50* | *$ 3,745.93* | *$ -* |
| 1/8/2020 Dkt No. 1301 | 10/1/2019 - 11/30/2019 | $ 59,796.00 | $ 398.14 | 1/29/2019 Dkt No. 1373 | $ 59,796.00 | $ 398.14 | $ - |
| 2/10/2020 Dkt No. 1397 | 12/1/2019 - 12/31/2019 | $ 21,879.00 | $ - | 3/3/2020 Dkt No. 1444 | $ 21,879.00 | $ - | $ - |
| *3/26/2020 Dkt No. 1508* | *Second Interim 10/1/2019 - 12/31/2019* | *$ 81,675.00* | *$ 398.14* | *4/17/2020 Dkt No. 1587* | *$ 81,675.00* | *$ 398.14* | *$ -* |
| 4/1/2020 Dkt No. 1544 | 1/1/2020 - 2/29/2020 | $ 12,820.50 | $ - | 4/22/2020 Dkt No. 1600 | $ 12,820.50 | $ - | $ - |
| 5/22/2020 Dkt No. 1634 | 3/1/2020 - 3/31/2020 | $ 1,377.00 | $ - | 6/12/2020 Dkt No. 1667 | $ 1,377.00 | $ - | $ - |
| *11/17/2020 Dkt No. 1897* | *Third Interim 1/1/2020 - 3/31/2020* | *$ 14,197.50* | *$ -* | *12/11/2020 Dkt No. 1973* | *$ 14,197.50* | *$ -* | *$ -* |
| 12/8/2020 Dkt No. 1958 | 4/1/2020 - 9/30/2020 | $ 74,349.00 | $ - | 8/5/2021 Dkt No. 2681 | $ 74,349.00 | $ - | $ - |
| *8/18/2021 Dkt No.* | *Fourth Interim 4/1/2020 - 9/30/2020* | *$ 74,349.00* | *$ -* | *9/23/2021 Dkt No. 2868* | *$ 74,349.00* | *$ -* | *$ -* |
| *9/3/2021 Dkt No. 2777* | *Fifth Interim 10/1/2020 - 12/31/2020* | *$ 38,313.00* | *$ -* | *9/23/2021 Dkt No. 2868* | *$ 38,313.00* | *$ -* | *$ -* |
| *3/11/2022 Dkt No. 3705* | *Sixth Interim 1/1/2021 - 6/30/2021* | *$ 14,008.50* | *$ -* | *4/19/2022 Dkt No. 3881* | *$ -* | *$ -* | *$ 14,008.50* |
| **Total** | | **$ 506,722.50** | **$ 4,144.07** | | **$ 492,714.00** | **$ 4,144.07** | **$ 14,008.50** |

**CENTER CITY HEALTHCARE, LLC d/b/a**

**HAHNEMANN UNIVERSITY HOSPITAL et al**



**Berkeley Research Group, LLC**

**Attachment A: Fees By Professional**

For the Period 7/1/2021 through 12/31/2021

| Professional | Title | Billing Rate | Hours | Fees |
|---|---|---|---|---|
| A. Cowie | Director | $795.00 | 88.1 | $70,039.50 |
| C. Kearns | Managing Director | $1,150.00 | 9.6 | $11,040.00 |
| H. Henritzy | Case Assistant | $155.00 | 2.6 | $403.00 |
| M. Haverkamp | Case Manager | $275.00 | 0.4 | $110.00 |
| V. Triana | Case Assistant | $155.00 | 15.0 | $2,325.00 |
| **Total** | | | **115.7** | **$83,917.50** |
| **Agreed Upon Discount** | **$495** Maximum Blended Rate | | | **($26,646.00)** |
| **Total Requested Fees** | | | | **$57,271.50** |
| **Blended Rate** | | | | **$495.00** |

**CENTER CITY HEALTHCARE, LLC d/b/a**

**HAHNEMANN UNIVERSITY HOSPITAL et al**



**Berkeley Research Group, LLC**

**Attachment B: Fees By Task Code**

For the Period 7/1/2021 through 12/31/2021

| Task Code | Hours | Fees |
|---|---|---|
| 05. Professional Retention Fee Application Preparation | 18.0 | $2,838.00 |
| 08. Interaction/Meetings with Creditors | 1.1 | $874.50 |
| 10. Recovery/SubCon/Lien Analysis | 20.2 | $16,733.50 |
| 11. Claim Analysis/Accounting | 0.7 | $698.50 |
| 25. Litigation | 75.7 | $62,773.00 |
| **Total** | **115.7** | **$83,917.50** |
| Agreed Upon Discount  $495  Maximum Blended Rate | | ($26,646.00) |
| **Total Requested Fees** | | **$57,271.50** |
| **Blended Rate** | | **$495.00** |

Berkeley Research Group, LLC

Invoice for the 7/1/2021 - 12/31/2021 Period

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
                                          :
In re                                     : Chapter 11
                                          : Case No. 19-11466 (KG)
CENTER CITY HEALTHCARE, LLC d/b/a          : Jointly Administered
HAHNEMANN UNIVERSITY HOSPITAL,             :
*et al.*,[1]                                : **Objection Deadline**: Jun. 13, 2022 at 4:00 p.m. (ET)
                        Debtors            :
---------------------------------------------------------X

**TENTH MONTHLY APPLICATION OF BERKELEY RESEARCH GROUP, LLC FOR**
**COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS DURING THE PERIOD**
**FROM JULY 1, 2021 THROUGH DECEMBER 31, 2021**

Berkeley Research Group, LLC ("BRG") financial advisor to the Official Committee of

Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors"), hereby submits its tenth monthly fee application (the "Application")

for an order pursuant to sections 105(a), 330 and 331 chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for

the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the *Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses for*

*Professionals* (the "Interim Compensation Order"), [Dkt. No. 341] entered August 2, 2019, and

the United States Trustee's Guidelines for Reviewing Applications for Compensation and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

1

Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") seeking (a) the allowance of reasonable compensation for professional services rendered by BRG to the Committee during the period July 1, 2021 through December 31, 2021 (the "Fee Period") and (b) reimbursement of actual and necessary charges and disbursements incurred by BRG during the Fee Period in the rendition of required professional services on behalf of the Committee. In support of this Application, BRG represents as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court') has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2) (A) and the Committee confirms their consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules")

## BACKGROUND

3.      On June 30, 2019 and July 1, 2019 (together the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Cases") with the Court. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. A Patient Care Ombudsman was appointed by the U.S. Trustee on July 3, 2019. No trustee or examiner has been appointed in these Cases.

4.      The Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Court's Order Directing Joint Administration of the Debtors' Chapter 11 Cases (Dkt No. 70), entered on July 2, 2019.

5.      On July 15, 2019 (the "Formation Date"), the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed seven of the Debtors' unsecured creditors to serve as members of the Committee. The Committee is presently comprised of the following members: (i) Conifer Revenue Cycle Solutions, LLC, (ii) Medline Industries, Inc., (iii) Veolia Energy Philadelphia, Inc., (iv) Medtronic USA, Inc., (v) Crothall Healthcare, Inc., (vi) Global Neurosciences Institute, LLC, and (vii) Pennsylvania Association of Staff Nurses and Allied Professionals.

6.      On July 22, 2019, the Committee selected BRG to serve as its financial advisor. The Committee has also selected Sills Cummis & Gross P.C. ("Sills") and Fox Rothschild LLP ("Fox") to serve together as its counsel ("Counsel"). On September 4, 2019, the Court entered an order (Dkt No. 638) approving BRG's retention *nunc pro tunc* to July 22, 2019.

## FEE PROCEDURES ORDER

7.      On August 2, 2019, this Court signed the Interim Compensation Order. Pursuant to the Interim Compensation Order, no earlier than the fifteenth (15) day of each full calendar month

3

(the "<u>Fee Filing Period</u>") following the month for which compensation and reimbursement is sought (the "<u>Compensation Period</u>"), each Professional seeking interim compensation may file with the Court a monthly application (each a "<u>Monthly Fee Application</u>") pursuant to section 331 of the Bankruptcy Code for interim approval and allowance of compensation for services rendered and reimbursement of expenses during the Compensation Period. Each Notice Party shall have twenty (20) days after service of a Monthly Fee Application to review the Monthly Fee Application and object thereto (the "<u>Objection Deadline</u>"). Upon the expiration of the Objection Deadline: (i) if no objections have been filed, the Professional shall file a certificate of no objection and the Debtors shall then be authorized and directed to pay such Professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application (the "<u>Maximum Monthly Payment</u>") or (ii) if an objection to a Monthly Fee Application has been filed, the Professional shall be entitled to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses (the "<u>Actual Monthly Payment</u>") not subject to that objection.

## <u>SUMMARY OF SERVICES RENDERED</u>

8.    BRG is a global strategic advisory and expert consulting firm that provides independent expert testimony, litigation and regulatory support, authoritative studies, strategic advice, and document and data analytics to major law firms, Fortune 500 corporations, government agencies, and regulatory bodies around the world. BRG has a wealth of experience in providing financial consulting in distressed scenarios and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

9.    Since being retained by the Committee, BRG has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. BRG respectfully submits that the professional services

4

that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

10.      BRG submits that the interim fees applied for herein for professional services rendered in performing services for the Committee in this proceeding are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtors' capitalization structure and financial condition, the Debtors' financial accounting resources and the results obtained. BRG's fees typically are based on the actual hours charged at BRG's standard hourly rates, which are in effect when the services are rendered. As discussed and agreed to with the Committee, for purposes of this engagement, in the event that BRG's total fees divided by actual hours charged (the "Blended Hourly Rate") exceeds $495 per hour, we will lower our fees by the amount the Blended Hourly rate exceeds $495 per hour multiplied by the actual hours charged.

11.      BRG expended an aggregate of 115.7 hours, substantially all of which was expended by the professional staff of BRG. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task. A small staff was utilized to optimize efficiencies and avoid redundant efforts. The staff of the Debtors or their advisors has been utilized where practical and prudent.

12.      BRG believes that there has been no duplication of services between BRG and any other consultants or accountants to the bankruptcy estate.

13.      BRG's approach is to utilize senior, experienced personnel to create efficiencies in time spent reviewing and minimize total cost. In addition, BRG's per diem rates for professionals of comparable experience, before the Blended Hourly Rate discount BRG agreed to in this proceeding, are at or below those of firms we consider our competitors. We believe that the

compensation in this Application is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

14.    Because BRG's core staff consists of senior professionals who performed a vast amount of the work, time spent communicating internally and reviewing the work product of junior associates was kept to a minimum. Additionally, because of the experience of BRG's professionals, in many instances only three or fewer BRG representatives attended meetings, hearings, or conference calls or performed specific functions.

15.    No agreement or understanding exists between BRG and any other person for the sharing of compensation received or to be received for services rendered in connection with the chapter 11 cases, except for internal agreements among employees of BRG regarding the sharing of revenue or compensation. Neither BRG nor any of its employees has entered into an agreement or understanding to share compensation with any entity as described in Bankruptcy Rule 2016.

16.    BRG, in accordance with the Bankruptcy Rules and the Local Rules, will be charging travel time at 50% of the time incurred.

17.    BRG's time records for the Fee Period are attached hereto as **Exhibit A**. These records include daily time logs describing the time spent by each BRG professional and administrative-level person in these cases.

18.    BRG also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services. BRG incurred no actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee as summarized above, during the Fee Period.

19.    The general summary of the services rendered by BRG during the Fee Period based on tasks and number of hours, before the agreed upon discount, is set forth below.

**Professional Retention/Fee Application Preparation – Task Code 05**

20.     Time charged to this task code relates to the preparation and editing of BRG's fourth interim fee application and initial and amended Eighth Monthly and Fifth Interim Fee Application.

21.     BRG has expended 18.0 hours on this category for a fee of $2,838.00.

**Interaction/Meetings with Creditors/Creditors' Counsel– Task Code 08**

22.     Time charged to this task code relates to BRG's communications and meetings with the Committee and Counsel (Sills Cummis) to discuss various analyses as well as case updates, issues, and next steps.

23.     BRG has expended 1.1 hours on this category for a fee of $874.50.

**Recovery/ SubCon/ Lien Analysis – Task Code 10**

24.     Time charged to this task code relates primarily to analyzing the creditor recovery waterfall model as well as analyzing proposed MBNF financing and proposed settlement terms in regard to detrimental effect on potential unsecured claim recoveries.

25.     BRG has expended 20.2 hours on this category for a fee of $16,733.50.

**Claim Analysis/Accounting– Task Code 11**

26.     Time charged to this task code relates primarily to BRG's review of the updated claims summary and meeting with the Debtor's financial advisor regarding claims.

27.     BRG has expended 0.7 hours on this category for a fee of $698.50.

**Litigation – Task Code 25**

28.     This task code primarily relates to BRG's review of the Freedman claim, litigation proceedings, and mediation issues and meeting with Counsel and the Committee thereon. Significant time was also spent participating in multiple day long mediation sessions with Judge Cary, the Debtors and other stakeholders including their respective professionals.

29.     BRG has expended 75.7 hours on this category for a fee of $62,773.00.

## ACTUAL AND NECESSARY EXPENSES

30.     BRG incurred no actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee as summarized above, during the Fee Period.

31.     Disbursements and expenses are incurred in accordance with BRG's normal practice of charging clients for expenses clearly related to and required by particular matters. Such expenses are often incurred to enable BRG to devote time beyond normal office hours to matters, which imposed extraordinary time demands.  BRG endeavors to minimize these expenses to the fullest extent possible.

32.     BRG's billing rates do not include charges for photocopying, telephone and facsimile charges, computerized research, travel expenses, "working meals," secretarial overtime, postage, and certain other office services, because the needs of each client for such services differ. BRG believes that it is fairest to charge each client only for the services actually used in performing services for such client. BRG endeavors to minimize these expenses to the fullest extent possible.

33.     In providing a reimbursable service such as copying or telephone, BRG does not make a profit on that service. In charging for a particular service, BRG does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay. In seeking reimbursement for service which BRG justifiably purchased or contracted for from a third party, BRG requests reimbursement only for the amount billed to BRG by such third-party vendor and paid by BRG to that vendor.

## NOTICE AND NO PRIOR APPLICATION

34.     Notice of this Application has been given to (a) The Debtors; (b) counsel to the Debtors; (c) Counsel to the Committee; (d) The Office of the U.S. Trustee; and (e) Counsel for the

DIP Agent. In light of the nature of the relief requested herein, BRG submits that no further or other notice is required.

35.     With respect to these amounts, as of the date of the Application, BRG has received no payments, and no previous application for the relief sought herein has been made to this or any other Court.

*[Remainder of this page left intentionally blank]*

**WHEREFORE**, BRG respectfully requests: (a) that it be allowed on an interim basis (i) fees in the amount of $57,271.50 for reasonable, actual and necessary services rendered by it on behalf of the Committee during the Fee Period and (ii) reimbursement of $0.00 for reasonable, actual and necessary expenses incurred during the Fee Period; (b) that the Debtors be authorized and directed to immediately pay to BRG the amount of $45,817.20 which is equal to the sum of 80% of BRG's fees and 100% of BRG's expenses incurred during the Fee Period, and (c) and granting such other and further relief as the Court may deem just and proper.


Dated:  5/20/2022
      New York, NY               **BERKELEY RESEARCH GROUP, LLC**

                              /s/ Christopher J. Kearns
                           Christopher J. Kearns
                           Managing Director
                           810 7th Ave., 41st Floor
                           New York, NY 10019
                           (212) 782-1409

                           Financial Advisor to the Official Committee of
                           Unsecured Creditors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
                                     :

In re                           : Chapter 11

                                    : Case No. 19-11466 (KG)

CENTER CITY HEALTHCARE, LLC d/b/a    : Jointly Administered

HAHNEMANN UNIVERSITY HOSPITAL,    :

*et al.*,[1]                             : __Objection Deadline__: Apr. 14, 2022 at 4:00 p.m. (ET)

                   Debtors       :
---------------------------------------------------------X

## <u>VERIFICATION</u>

        Christopher J. Kearns, pursuant to 28 U.S.C. § 1746, declares as follows:

        a)      I am a Managing Director at the applicant firm, Berkeley Research Group,

LLC ("<u>BRG</u>"), and am authorized to submit this verification on behalf of BRG.

        b)      I have personally performed or supervised many of the professional

services rendered by BRG as financial advisor to the Official Committee of Unsecured Creditors

(the "<u>Committee</u>") and am familiar with the work performed on behalf of the Committee by the

professionals and other persons in the firm.

        c)      I have reviewed the foregoing Application and the facts set forth therein

are true and correct to the best of my knowledge, information, and belief.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St. Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

        d)       All services for which compensation is requested by BRG were professional services performed for and on behalf of the Committee and not on behalf of any other person.

        e)       I have reviewed the requirements of Local Rule 2016-2 and certify to the best of my information, knowledge, and belief that this Application complies with Local Rule 2016-2.

        f)       I certify under penalty of perjury that the foregoing is true and correct.

Executed on    5/20/2022          

                                  /s/ Christopher J. Kearns          
                                 Christopher J. Kearns

2

**CENTER CITY HEALTHCARE, LLC d/b/a**

**HAHNEMANN UNIVERSITY HOSPITAL et al**



**Berkeley Research Group, LLC**

**Exhibit A: Time Detail**

For the Period 7/1/2021 through 12/31/2021

| Date | Professional | Hours | Description |
|------|-------------|-------|-------------|
| **05. Professional Retention Fee Application Preparation** | | | |
| 8/6/2021 | V. Triana | 2.3 | Prepared October - December fee application. |
| 8/6/2021 | H. Henritzy | 1.3 | Prepared Fourth Interim Fee Application. |
| 8/6/2021 | V. Triana | 1.1 | Continued preparing October - December fee application. |
| 8/9/2021 | H. Henritzy | 1.3 | Prepared Fourth Interim Fee Application. |
| 8/9/2021 | V. Triana | 0.8 | Prepared Fifth Interim Fee Application. |
| 8/10/2021 | V. Triana | 1.6 | Prepared Fifth Interim Fee Application. |
| 8/11/2021 | V. Triana | 2.1 | Prepared Fifth Interim Fee Application. |
| 8/13/2021 | V. Triana | 1.3 | Prepared Fifth Interim Fee Application. |
| 8/16/2021 | V. Triana | 0.7 | Prepared Fifth Interim Fee Application. |
| 8/17/2021 | V. Triana | 2.0 | Prepared Fifth Interim Fee Application. |
| 8/18/2021 | V. Triana | 0.7 | Edited Fifth Interim Fee Application. |
| 9/2/2021 | V. Triana | 2.0 | Prepared Amended Eighth Monthly and Fifth Interim Fee Application. |
| 9/3/2021 | M. Haverkamp | 0.4 | Reviewed Amended Fifth Interim. |
| 9/3/2021 | V. Triana | 0.4 | Updated Amended Eighth Monthly and Fifth Interim Fee Application. |
| *Task Code Total Hours* | | *18.0* | |
| **08. Interaction/Meetings with Creditors** | | | |
| 7/1/2021 | A. Cowie | 0.2 | On 6/24/2021; Participated in discussion with B. Mankovetskiy (Sills Cummis) in regard to books and records. |
| 11/9/2021 | A. Cowie | 0.6 | Participated in call with A. Sherman (Sills Cummis) and D. Barney (Gibbons) in regard to case update. |

| Date | Professional | Hours | Description |
|------|-------------|-------|-------------|
| **08. Interaction/Meetings with Creditors** | | | |
| 11/9/2021 | A. Cowie | 0.3 | Participated in call with B. Mankovetskiy (Sills Cummis) in regard to MBNF proposed financing. |
| ***Task Code Total Hours*** | | ***1.1*** | |
| **10. Recovery/SubCon/Lien Analysis** | | | |
| 7/2/2021 | C. Kearns | 0.3 | Analyzed potential subcon issues impacting unsecured creditor recoveries. |
| 8/4/2021 | A. Cowie | 0.7 | Particpated in call with A. Wilen (Eisner Amper) in regard to waterfall. |
| 8/5/2021 | A. Cowie | 1.6 | Analyzed creditor recovery waterfall. |
| 8/6/2021 | A. Cowie | 1.9 | Analyzed creditor recovery waterfall. |
| 8/6/2021 | A. Cowie | 0.4 | Participated in call with A. Wilen (Eisner Amper) in regard to waterfall. |
| 8/11/2021 | A. Cowie | 0.7 | Analyzed creditor recovery waterfall. |
| 8/19/2021 | C. Kearns | 0.4 | Reviewed draft presentation re: waterfall update. |
| 9/9/2021 | C. Kearns | 0.2 | Reviewed draft waterfall for the Committee. |
| 9/9/2021 | A. Cowie | 0.2 | Reviewed recovery waterfall model ahead of UCC call. |
| 9/10/2021 | C. Kearns | 0.3 | Reviewed draft presentation for the Committee re: estimated waterfall. |
| 10/22/2021 | C. Kearns | 0.5 | Reviewed draft recovery waterfall analysis by Debtors' advisors. |
| 11/9/2021 | A. Cowie | 2.3 | Analyzed proposed MBNF financing in regard to detrimental effect on potential unsecured claim recoveries. |
| 11/15/2021 | A. Cowie | 2.9 | Analyzed proposed MBNF financing in regard to detrimental effect on potential unsecured claim recoveries. |
| 11/15/2021 | A. Cowie | 1.2 | Continued to analyzed proposed MBNF financing in regard to detrimental effect on potential unsecured claim recoveries. |
| 11/15/2021 | A. Cowie | 0.6 | Analyzed proposed MBNF financing in regard to detrimental effect on potential unsecured claim recoveries. |
| 11/16/2021 | A. Cowie | 2.9 | Analyzed proposed MBNF financing in regard to detrimental effect on potential unsecured claim recoveries. |
| 11/17/2021 | A. Cowie | 1.6 | Analyzed proposed MBNF financing in regard to detrimental effect on potential unsecured claim recoveries. |
| 12/14/2021 | A. Cowie | 1.3 | Analyzed proposed settlement terms and the effect on potential unsecured claim recoveries. |

| Date | Professional | Hours | Description |
|------|--------------|-------|-------------|
| **10. Recovery/SubCon/Lien Analysis** | | | |
| 12/20/2021 | C. Kearns | 0.2 | Reviewed status of waterfall and related issues. |
| *Task Code Total Hours* | | *20.2* | |
| **11. Claim Analysis/Accounting** | | | |
| 8/5/2021 | C. Kearns | 0.4 | Reviewed updated claims summary. |
| 10/26/2021 | A. Cowie | 0.3 | Participated in call with A. Wilen (EisnerAmper) in regard to claims. |
| *Task Code Total Hours* | | *0.7* | |
| **25. Litigation** | | | |
| 7/1/2021 | A. Cowie | 0.4 | On 6/28/2021; Participated in call with Sills Cummis (A. Sherman, B. Mankovetskiy) in regard to Freedman claim. |
| 7/1/2021 | A. Cowie | 0.4 | On 6/28/2021; Participated in UCC meeting with B. Mankovetskiy (Sills Cummis) in regard to Freedman claim. |
| 7/6/2021 | C. Kearns | 0.2 | Reviewed status of mediation. |
| 7/23/2021 | C. Kearns | 0.2 | Reviewed status of issues re: upcoming mediation. |
| 7/27/2021 | C. Kearns | 0.4 | Held call with the Committee re: mediation status. |
| 7/27/2021 | A. Cowie | 0.4 | Particpated in UCC meeting with A. Sherman (Sills Cummis) in regard to litigation proceedings. |
| 7/28/2021 | C. Kearns | 0.3 | Reviewed upcoming mediation issues. |
| 8/6/2021 | A. Cowie | 0.7 | Participated in call with A. Sherman (Sills Cummis) and D. Barney (Gibbons) in regard to upcoming mediation for estate claims settlement. |
| 8/9/2021 | A. Cowie | 2.9 | Continued to participate in multi-party mediation with Judge Cary. |
| 8/9/2021 | A. Cowie | 2.9 | Participated in multi-party mediation with Judge Cary. |
| 8/9/2021 | A. Cowie | 2.7 | Continued to participate in multi-party mediation with Judge Cary. |
| 8/9/2021 | C. Kearns | 0.8 | Participated in meeting with the Mediator. |
| 8/9/2021 | C. Kearns | 0.3 | Met with Debriefed with A. Sherman (Sills Cummis) to debrief at the end of the first day of mediation. |
| 8/10/2021 | A. Cowie | 2.9 | Continued to participate in multi-party mediation with Judge Cary. |
| 8/10/2021 | A. Cowie | 2.9 | Participated in multi-party mediation with Judge Cary. |
| 8/10/2021 | A. Cowie | 2.4 | Continued to participate in multi-party mediation with Judge Cary. |

| Date | Professional | Hours | Description |
|------|-------------|-------|-------------|
| **25. Litigation** | | | |
| 8/10/2021 | C. Kearns | 1.1 | Attended mediation for status updates and related follow-up. |
| 8/11/2021 | A. Cowie | 2.9 | Continued to participate in multi-party mediation with Judge Cary. |
| 8/11/2021 | A. Cowie | 2.9 | Participated in multi-party mediation with Judge Cary. |
| 8/11/2021 | A. Cowie | 0.8 | Continued to participate in multi-party mediation with Judge Cary. |
| 8/12/2021 | C. Kearns | 0.7 | Met with A. Sherman (Sills Cummis) to debrief after close of the first round of mediation. |
| 8/17/2021 | A. Cowie | 2.9 | Continued to participate in multi-party mediation with Judge Cary. |
| 8/17/2021 | A. Cowie | 2.9 | Participated in multi-party mediation with Judge Cary. |
| 8/17/2021 | A. Cowie | 2.7 | Continued to participate in multi-party mediation with Judge Cary. |
| 8/18/2021 | A. Cowie | 2.9 | Continued to participate in multi-party mediation with Judge Cary. |
| 8/18/2021 | A. Cowie | 2.9 | Participated in multi-party mediation with Judge Cary. |
| 8/18/2021 | A. Cowie | 2.7 | Continued to participate in multi-party mediation with Judge Cary. |
| 8/30/2021 | A. Cowie | 2.9 | Continued to participate in multi-party mediation with Judge Cary. |
| 8/30/2021 | A. Cowie | 2.9 | Participated in multi-party mediation with Judge Cary. |
| 8/30/2021 | A. Cowie | 2.2 | Continued to participate in multi-party mediation with Judge Cary. |
| 8/31/2021 | A. Cowie | 2.9 | Continued to participate in multi-party mediation with Judge Cary. |
| 8/31/2021 | A. Cowie | 2.9 | Participated in multi-party mediation with Judge Cary. |
| 8/31/2021 | A. Cowie | 2.2 | Continued to participate in multi-party mediation with Judge Cary. |
| 9/1/2021 | A. Cowie | 2.9 | Continued to participate in multi-party mediation with Judge Cary. |
| 9/1/2021 | A. Cowie | 2.9 | Participated in multi-party mediation with Judge Cary. |
| 9/1/2021 | A. Cowie | 2.2 | Continued to participate in multi-party mediation with Judge Cary. |
| 9/1/2021 | C. Kearns | 0.6 | Held call with Counsel and Committee liaison to discuss status of the overall mediation and potential next steps. |
| 9/1/2021 | C. Kearns | 0.1 | Reviewed email from Counsel to the Committee re: mediation process and status. |

| Date | Professional | Hours | Description |
|------|--------------|-------|-------------|
| **25. Litigation** | | | |
| 9/9/2021 | C. Kearns | 0.6 | Held status call with the Committee to debrief on the mediation and next steps. |
| 9/9/2021 | A. Cowie | 0.6 | Participated in UCC call with A. Sherman (Sills Cummis) in regard to mediation status. |
| 10/4/2021 | C. Kearns | 0.4 | Held call with Counsel (A. Sherman) re: status of the mediation and next steps. |
| 10/4/2021 | A. Cowie | 0.4 | Participated in UCC call with A. Sherman (Sills Cummis) in regard to mediation status. |
| 10/4/2021 | C. Kearns | 0.2 | Reviewed letter from the Debtors re: mediation status. |
| 10/5/2021 | C. Kearns | 0.5 | Held call with A. Sherman (Sills Cummis) and the Mediator re: next steps. |
| 10/5/2021 | A. Cowie | 0.5 | Participated in UCC call with A. Sherman (Sills Cummis) and the Mediator in regard to next steps. |
| 10/11/2021 | C. Kearns | 0.2 | Reviewed status of mediation. |
| 10/22/2021 | C. Kearns | 0.2 | Participated in portion of a mediation status call with Counsel. |
| 10/25/2021 | A. Cowie | 0.7 | Participated in UCC call with A. Sherman (Sills Cummis) in regard to mediation status. |
| 11/1/2021 | C. Kearns | 0.3 | Reviewed status of mediation per latest email from Counsel to the Committee. |
| 11/9/2021 | C. Kearns | 0.2 | Reviewed mediation status. |
| ***Task Code Total Hours*** | | ***75.7*** | |
| **Total Hours** | | **115.7** | |