## EXHIBIT 1

## (Settlement Agreement)

40000692.2 05/20/2022

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into as of the 5th day of April, 2022, by and between Center City Healthcare, LLC d/b/a Hahnemann University Hospital, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC d/b/a St. Christopher's Hospital for Children and certain of their affiliates (collectively, the "**Debtors**") and  Baxter Healthcare Corp. ("**Baxter**") (the Debtors and Baxter, together, the "**Parties**").

## RECITALS

WHEREAS, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b), and the cases were so consolidated under Case No. 19-11466;

WHEREAS, the Debtors and their estates maintain the right to prosecute and settle all estate claims and causes of action, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code;

WHEREAS, the Debtors, after review of their books and records, have asserted that Baxter received transfers (the "**Transfers**") from the Debtors of no less than $116,671.00 on or within the 90 days before the Petition Date and have demanded the return of the Transfers as alleged preferential transfers that are subject to avoidance and recovery pursuant to sections 547 and 550 of the Bankruptcy Code;

WHEREAS, the Debtors assert that there are unauthorized post-petition transfers received by Baxter from the Debtors in the amount of $98,799.00 (the "**Post-Petition Transfers**").  To date, the Debtors have not pursued the Post-Petition Transfers;

WHEREAS, on or about June 24, 2021, the Debtors filed a complaint against Baxter to avoid and recover the Transfers, which matter is proceeding under Case No. 21-50892 (the "**Adversary Proceeding**");

WHEREAS, on August 17, 2021, Baxter filed an answer denying the allegations in the Adversary Proceeding and disputing any liability for return of the Transfers;

WHEREAS, the Parties have engaged in discussions and exchanged information regarding the Transfers and, as a result of those discussions, and to avoid further costs and the attendant risks of litigation, have decided to resolve the dispute concerning the Transfers upon the terms and conditions set forth in this Agreement,

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Debtors and Baxter agree as follows:

1

**AGREEMENT**

Settlement. In settlement of the dispute between the Parties and in full and final satisfaction of the Debtors' claims with respect to the Transfers, Baxter shall pay to the Debtors the amount of $10,000.00 (the "**Settlement Amount**") within thirty (30) days of the date of this Agreement. Payment shall be made by wire or by check, payable to "Philadelphia Academic Health System," and sent to:

Philadelphia Academic Health System
c/o Eisner Advisory Group LLC
Attention: Allen Wilen
One Logan Square
130 North 18th St., Suite 3000
Philadelphia, PA 19103

Bankruptcy Court Approval. The Parties acknowledge that this Agreement is subject to Bankruptcy Court approval. No later than thirty (30) days after receipt of the Settlement Amount, the Debtors shall file a motion (the "**Motion**") with the Bankruptcy Court for entry of an Order approving the terms of this Agreement. In the event that the Bankruptcy Court does not approve the Motion by entry of a Final Order, this Agreement shall be null and void and of no force and effect against either of the Parties and any part of the Settlement Amount that has been paid shall be returned to Baxter, without interest, within five (5) business days of the entry of a Final Order denying the Motion. An order will be considered to be a "Final Order" if the order is not subject to any timely appeal or motion for reconsideration.

Dismissal of Adversary Proceeding. Within ten (10) business days following the entry of a Final Order approving this Agreement, the Debtors shall dismiss the Adversary Proceeding with prejudice.

Debtors Release. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, the Debtors and the Debtors' estates, release and discharge Baxter and its officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type, that the Debtors and the Debtors' estates have or may have against Baxter, including, but not limited to, any claims by the Debtors relating to the Transfers and the Post-Petition Transfers.

Baxter Release. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, Baxter releases and discharges the Debtors, the Debtors' estates, and their respective officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type that Baxter has or may have against the Debtors including, but not limited to, any right to a distribution in connection with any proof of claim filed by Baxter, any amount scheduled as due and owing to Baxter in the Debtors' Bankruptcy Schedules and Statement of Financial Affairs, and any claim arising by virtue of Baxter's payment of the Settlement Amount under Section 502(h) of the Bankruptcy Code.

2

No Admission of Liability. This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any Party.

Choice of Law. This Agreement shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

Authority of Parties. The Parties each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Agreement on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Agreement; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Agreement shall become effective upon the order approving this Agreement becoming a Final Order.

Advice of Counsel. The Parties affirm and represent to one another that: (i) they have each had the opportunity to seek the advice of counsel before entering into this Agreement; (ii) they have been given reasonable time to consider whether to execute this Agreement; and (iii) they have decided, with or without the advice of counsel, that they know and understand the contents of the Settlement Agreement and freely and voluntarily intend to be bound hereby.

Merger. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement. This Agreement may only be modified by an instrument in writing executed by each of the Parties hereto.

Execution of Agreement. This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement. Facsimile, electronic mail and scanned signatures shall be deemed to have the full force and effect of ink signatures.

Enforcement of Agreement. In the event that legal action is instituted to enforce this Agreement, the prevailing party shall be entitled to recover from the losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

Jurisdiction. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement.  The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies arising from or related to this Agreement.

Construction. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement, as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

04/05/2022
39841855.1

IN WITNESS WHEREOF, the Parties hereby execute this Stipulation as of the date first written above, intending to be legally bound.

**SAUL EWING ARNSTEIN & LEHR LLP**                **BAXTER HEALTHCARE CORP.**

*/s/ Monique B. DiSabatino*                          */s/ James Tobia*

Mark Minuti (DE Bar No. 2659)                     James Tobia (DE Bar No. 3798)
Monique B. DiSabatino (DE Bar No. 6027)           The Law Office of James Tobia, LLC
1201 N. Market Street, Suite 2300                 1716 Wawaset Street
P.O. Box 1266                                     Wilmington, DE 19806
Wilmington, DE  19899                             302-655-5303
Telephone: (302) 421-6800                         Fax : 302-656-8053
mark.minuti@saul.com                              Email: jtobia@tobialaw.com
monique.disabatino@saul.com

        -and-                                             -and-

Jeffrey C. Hampton                                Roland Gary Jones
Adam H. Isenberg                                  Jones & Associates
Centre Square West                                1325 Avenue of the Americas
1500 Market Street, 38th Floor                    28th Floor
Philadelphia, PA 19102                            New York, NY 10019
Telephone: (215) 972-7777                         (347) 862-9254
Fax: (215) 972-7725                               Fax : (212) 202-4416
jeffrey.hampton@saul.com                          Email: rgj@rolandjones.com
adam.isenberg@saul.com

*Counsel for the Debtors and Debtors in*          *Counsel for Baxter Healthcare Corp.*
*Possession*

4

04/05/2022
39841855.1