# Exhibit 1

**(Settlement Agreement)**

40087101.4 06/24/2022

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Settlement Agreement**") is entered into as of the 8th day of June, 2022 (the "**Effective Date**"), by and between the above captioned debtors (the "**Debtors**" or "**Estates**") and Crowell & Moring LLP ("**C&M**") (the Debtors and C&M, each a "**Party**" and together, the "**Parties**").

## RECITALS

WHEREAS, on June 30 or July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

WHEREAS, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b), and the cases were so consolidated under Case No. 19-11466 (collectively, the "**Bankruptcy Case**");

WHEREAS, the Debtors and their Estates maintain the right to prosecute and settle all estate claims and causes of action, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code;

WHEREAS, the Debtors, after review of their books and records, have asserted that C&M allegedly received transfers (the "**Transfers**") from the Debtors of not less than

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

$2,742,546.47 on or within two years before the Petition Date, as set forth and identified on the chart attached hereto as **Exhibit A** and incorporated by reference herein;

WHEREAS, the Debtors have demanded the return of the Transfers as alleged constructive fraudulent transfers that are subject to avoidance and recovery pursuant to sections 548 and 550 of the Bankruptcy Code, as well as a portion of the Transfers as alleged preferential transfers that are subject to avoidance and recover pursuant to sections 547 and 550 of the Bankruptcy Code;

WHEREAS, C&M has denied any liability with respect to the Transfers and has asserted various defenses to the Debtors' ability to avoid and recover the Transfers;

WHEREAS, the Parties have exchanged information and engaged in discussions regarding the Transfers and, as a result of those discussions and to avoid further costs and the attendant risks of litigation, have agreed to resolve any and all disputes between them under chapter 5 of the Bankruptcy Code or similar state statutes upon the terms and conditions set forth in this Settlement Agreement.

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Debtors and C&M agree, subject to approval of the Bankruptcy Court, as follows:

## AGREEMENT

1. <u>Settlement</u>.  In settlement of the disputes between the Parties regarding the Transfers and in full and final satisfaction of the Debtors' and Estates' claims with respect to the Transfers, C&M shall pay to the Debtors $1,000,000 (the "**Settlement Amount**") within thirty (30) calendar days after the date this Settlement Agreement is approved by the Bankruptcy Court by Final Order.  Payment shall be made to the Debtors by wire pursuant to the instructions to be provided to C&M by the Debtors.

2. <u>Bankruptcy Court Approval</u>.  The Parties acknowledge that this Settlement Agreement is subject to Bankruptcy Court approval.  No later than five (5) business days after full execution of this Settlement Agreement, the Debtors shall file a motion (the "**Motion**") with the Bankruptcy Court for entry of an Order approving the terms of this Settlement Agreement.  In the event that the Bankruptcy Court does not approve the Motion by entry of a Final Order, this Settlement Agreement shall be null and void and of no force and effect against either of the Parties.  An order will be considered to be a "Final Order" if the order is not subject to any timely appeal or motion for reconsideration.

3. <u>Debtors' and Estates' Release of C&M</u>.  Except for the obligations arising under this Settlement Agreement, and effective upon (i) Bankruptcy Court approval of this Settlement Agreement pursuant to a Final Order and (ii) receipt of the Settlement Amount in good funds, then (a) the Debtors on behalf of themselves and the Estates and their respective professionals, subsidiaries, affiliates, current and former officers and directors, agents, employees, representatives, attorneys, successors and assigns release and discharge C&M and its

Representatives[2] from any and all Debtors' and Estates' claims, liabilities, and causes of action, whether known or unknown, of any nature or type under chapter 5 of the Bankruptcy Code or similar state statues, and (b) any and all Debtors' and Estates' claims, liabilities and causes of action, whether known or unknown, of any nature or type under chapter 5 of the Bankruptcy Code or similar state statutes against C&M and its Representatives are completely satisfied and extinguished.

4. <u>C&M's Release of Debtors and Estates and Covenant Not to File Claims</u>. Except for the obligations arising under this Settlement Agreement, and effective upon Bankruptcy Court approval of this Settlement Agreement pursuant to a Final Order, C&M on behalf of itself and its professionals, subsidiaries, affiliates, current and former officers and directors, partners, agents, employees, representatives, attorneys, successors and assigns (the "**C&M Releasing Parties**") release and discharge the Debtors, the Estates and the Debtors' respective Representatives from (a) any claims scheduled for C&M in the Debtors' Bankruptcy Case; and (b) any and all claims, liabilities, and causes of action, whether known or unknown, of any nature or type relating to the Transfers, including, but not limited to, any claims arising under section 502(h) of the Bankruptcy Code as a result of this Settlement Agreement and payment of the Settlement Amount. Further, the C&M Releasing Parties covenant and agree not to file or pursue any further claims relating to the Debtors against the Debtors, the Estates or the Debtors' respective Representatives in the Debtors' Bankruptcy Case, or otherwise.

5. <u>C&M's Release of the MBNF Parties</u>.[3] Effective upon Bankruptcy Court approval of this Settlement Agreement pursuant to a Final Order, the C&M Releasing Parties release and discharge the MBNF Parties and the MBNF Parties' respective Representatives from any and all claims, liabilities, and causes of action, whether known or unknown, of any nature or type relating to the Transfers or payment of the Settlement Amount. The MBNF Parties and their respective Representatives are third-party beneficiaries of this section of the Settlement Agreement.

6. <u>Reservation of Defenses</u>. Notwithstanding the releases set forth in Sections 4 and 5 above, or anything to the contrary contained in this Settlement Agreement, each of the C&M Releasing Parties retains the right to assert any claims released in Sections 4 and 5 above solely as affirmative defenses, including setoff, against any person or entity that asserts claims against any of the C&M Releasing Parties arising from the same or related facts and circumstances as the claims released by the C&M Releasing Parties in Sections 4 and 5 of this Settlement Agreement.

---

[2] The term "**Representatives**" means a person's or an entities' current and former members, partners, principals, owners, parent companies, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, administrators, retained professionals, independent contractors, predecessors, insurers, successors and assigns.

[3] The "**MBNF Parties**" are Joel Freedman, Stella Freedman, Svetlana Attestatova, Kyle Schmidt, MBNF Investments, LLC, American Academic Health System, LLC, Philadelphia Academic Health Holdings, LLC, Front Street Healthcare Properties, LLC, Front Street Healthcare Properties II, LLC, Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC, Philadelphia Academic Risk Retention Group, LLC, Paladin Healthcare Capital, LLC, Paladin Healthcare Management, LLC, Paladin Capital and Globe Health Foundation, Inc.

7. <u>No Admission of Liability</u>. This Settlement Agreement is a compromise of disputed claims and shall not be construed as an admission of liability, fault, wrongdoing, or responsibility for any purpose by any Party. By entering into this Settlement Agreement, neither Party admits, and each Party expressly denies, any liability, fault, wrongdoing or responsibility on its part with respect to the matters being resolved herein.

8. <u>No Assignment or Abandonment of Claims</u>. Each of the Parties represents and warrants that, as of its execution of this Settlement Agreement, it has not assigned or otherwise transferred any of the claims addressed in, or to be released by, this Settlement Agreement and shall not assign or otherwise transfer to any person any such claim. Further, the Debtors and Estates covenant and agree they have not and will not, as part of the Bankruptcy Case, abandon any claims, liabilities, or causes of action, whether known or unknown, of any nature or type against C&M and its Representatives.

9. <u>Choice of Law</u>. This Settlement Agreement shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

10. <u>Authority of Parties</u>. The Parties each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Settlement Agreement on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Settlement Agreement; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval.

11. <u>Merger</u>. The Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement. This Settlement Agreement may only be modified by an instrument in writing executed by each of the Parties hereto.

12. <u>Validity</u>. If any provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, then said illegal, unenforceable, or invalid provision shall be deemed not to be a part of this Settlement Agreement and the legality, validity, and enforceability of the remaining provisions shall not be affected thereby, unless the provision(s) held illegal, unenforceable, or invalid will, if not enforced, substantially impair the benefits and fairness of the remaining Settlement Agreement provisions.

13. <u>Execution of Settlement Agreement</u>. This Settlement Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement. Facsimile, electronic mail and scanned signatures shall be deemed to have the full force and effect of ink signatures.

14. <u>Enforcement of Settlement Agreement</u>. In the event that legal action is instituted to enforce this Settlement Agreement, the prevailing party shall be entitled to recover from the

losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

15. <u>Jurisdiction</u>. Subject to the entry of a Final Order, the Bankruptcy Court shall have jurisdiction to resolve any disputes or controversies arising from or related to this Settlement Agreement and the Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies arising from or related to this Settlement Agreement.

16. <u>Construction</u>. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Settlement Agreement, as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Settlement Agreement and (b) that each party signing this Settlement Agreement is entering into this Settlement Agreement knowingly, voluntarily, and of its own free will.

IN WITNESS WHEREOF, the Parties have hereby executed this Settlement Agreement as of the date first written above, intending to be legally bound.

**CENTER CITY HEALTHCARE, LLC; PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC; ST. CHRISTOPHER'S HEALTHCARE, LLC; PHILADELPHIA ACADEMIC MEDICAL ASSOCIATES, LLC; HPS OF PA, L.L.C.; SCHC PEDIATRIC ASSOCIATES, L.L.C.; ST. CHRISTOPHER'S PEDIATRIC URGENT CARE CENTER, L.L.C.; SCHC PEDIATRIC ANESTHESIA ASSOCIATES, L.L.C.; STCHRIS CARE AT NORTHEAST PEDIATRICS, L.L.C.; TPS OF PA, L.L.C.; TPS II OF PA, L.L.C; TPS III OF PA, L.L.C.; TPS IV OF PA, L.L.C. AND TPS V OF PA, L.L.C.**

By: Allen Wilen
Its: Chief Restructuring Officer

**CROWELL & MORING LLP**

By: David M. Schnorrenberg
Its: General Counsel

## Exhibit A

**CROWELL & MORING**
**LIST OF TRANSFERS**

| Debtor | Type | Check/ Wire Number | Payment ($) | Clear Date | Invoice Number | Invoice Date | Invoice Amount ($) |
|---|---|---|---|---|---|---|---|
| Philadelphia Academic Health System, LLC | | (A) | $ 1,000,000 | 1/11/2018 | (A) | | $ 1,000,000 |
| Philadelphia Academic Health System, LLC | Wire | WT Seq190698 | 500,000 | 1/31/2018 | (B) | | 500,000 |
| Philadelphia Academic Health System, LLC | Wire | WT Seq136250 | 500,000 | 2/28/2018 | (B) | | 500,000 |
| Philadelphia Academic Health System, LLC | Wire | WT Seq170529 | 250,000 | 3/30/2018 | (B) | | 250,000 |
| Philadelphia Academic Health System, LLC | Wire | WT Seq114181 | 264,673 | 4/30/2018 | 1592991 | 2/16/2018 | 264,673 |
| Philadelphia Academic Health System, LLC | Check | 25874 | 100,000 | 10/31/2018 | 1598953 | 4/18/2018 | 35,527 |
| Philadelphia Academic Health System, LLC | Check | 25874 | | | 1602216 | 5/24/2018 | 64,473 (C) |
| Philadelphia Academic Health System, LLC | Check | 28897 | 100,000 | 1/7/2019 | 1604572 | 8/28/2018 | 288 |
| Philadelphia Academic Health System, LLC | Check | 28897 | | | 1604736 | 8/30/2018 | 4,679 (C) |
| Philadelphia Academic Health System, LLC | Check | 28897 | | | 1604955 | 6/28/2018 | 37,415 |
| Philadelphia Academic Health System, LLC | Check | 28897 | | | 1606974 | 7/16/2018 | 12,315 |
| Philadelphia Academic Health System, LLC | Check | 28897 | | | 1607083 | 7/16/2018 | 28,290 |
| Philadelphia Academic Health System, LLC | Check | 28897 | | | 1607096 | 7/16/2018 | 96 |
| Philadelphia Academic Health System, LLC | Check | 28897 | | | 1609974 | 8/15/2018 | 16,918 (C) |
| Philadelphia Academic Health System, LLC | Check | 30751 | 5,425 | 2/19/2019 | 1613656 | 11/18/2018 | 5,425 |
| Philadelphia Academic Health System, LLC | Check | 31381 | 3,561 | 3/1/2019 | 1614976 | 11/18/2018 | 3,561 |
| Philadelphia Academic Health System, LLC | Check | 32751 | 18,888 | 4/10/2019 | 1609975 | 8/15/2018 | 87 (C) |
| | | | | | 1609974 | 8/15/2018 | 18,801 |
| | | | $ 2,742,546 | | | | $ 2,742,546 |

Notes:
(A) This amount was disbursed by the escrow agent, pursuant to the Funds Flow Memorandum dated January 11, 2018
(B) Per Payment Plan between Crowell & Moring LLP and Paladin Healthcare Capital, LLC, dated January 10, 2018
(C) Partial payment on account of invoice.

39904159