# KURTZMAN | STEADY, LLC

2 Kings Highway West
Suite 102
Haddonfield, NJ 08033
Phone (856) 428-1060
Fax (609) 482-8011
steady@kurtzmsteady.com

MEMBERS OF THE NJ AND PA BAR
MEMBER OF NY BAR*

555 City Avenue
Suite 480
Bala Cynwyd, PA 19004
Phone (215) 839-1222
kurtzman@kurtzmansteady.com

Jeffrey Kurtzman, Esquire*
Maureen P. Steady, Esquire

June 27, 2022

<u>Via CM/ECF and Electronic Mail</u>

Hon. Mary F. Walrath,
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 North Market Street
5th Floor
Wilmington, DE 19801

    Re:    **Center City Healthcare, LLC d/b/a Hahnemann University Hospital, et al.**
           <u>**Case No. 19-11466 (MFW) (Chapter 11)**</u>
           **Center City Healthcare, LLC, et al. v. Keystone Quality Transport, Inc.**
           <u>**Adv. Pro. No. 21-50903 (MFW)**</u>

Dear Judge Walrath:

       This firm is co-counsel to Keystone Quality Transport, Inc. ("Keystone"), the defendant in the above-referenced adversary proceeding.

       We respectfully refer Your Honor to the Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Debtors Pursuant to Sections 502, 547, 548 and 550 of the Bankruptcy Code entered on September 21, 2021 in the above-referenced Chapter 11 cases [D.I. 2850] (the "Procedures Order").

       In particular, paragraph 18 of the Procedures Order sets forth a procedure by which a party may bring a discovery dispute to the Court's attention and to solicit the Court's assistance in resolving the dispute. Pursuant to Del. Bankr. L.R. 7026-1 c., and as reflected in the communications between the parties' respective counsel, we hereby certify that Keystone has engaged in reasonable efforts to resolve this matter prior to the submission of this letter.

       The relevant facts are as follows:

1. This is an action to avoid and recover a total of $70,954.97 under Chapter 5 of the Bankruptcy Code. Keystone has filed an answer reflecting its affirmative defenses to the plaintiff's claims.
2. On June 17, 2022, the plaintiff served three notices of deposition. Two of the deposition notices sought the testimony of Keystone's principal officers, Todd Strine and Justin Misner. The third deposition notice sought the testimony of Keystone's Rule 30(b)(6) designee.
3. In response, Keystone's undersigned counsel advised the plaintiff's counsel that one of the two principals would be designated as Keystone's Rule 30(b) witness and that the number of depositions would therefore be two, rather than three. Counsel also requested that both depositions be conducted on a single day at the Philadelphia location set forth in the deposition notices.
4. Keystone's request to consolidate both depositions on a single day was informed by its view that doing so would maximize efficiency and minimize costs.
5. For this reason, Keystone also requested that the depositions be conducted by Zoom or similar remote platform.
6. Keystone is a provider of ambulance services to patients and medical facilities throughout the Delaware Valley. As such, Keystone goes to extraordinary lengths to insulate, to the greatest possible extent, its employees from exposure to the COVID-19 virus in order to minimize the risks to healthcare patients and medical providers.
7. On June 26, 2022, the plaintiff's counsel responded to Keystone's request to consolidate the depositions on a single day, stating "… we cannot (nor will we) be forced by you to conduct the depositions of Todd Strine and Justin Misner on the same date. If that is an issue, then you will need to address that with the Bankruptcy Court."
8. Counsel has not responded to Keystone's request to conduct the respective depositions remotely.

Keystone wishes to conclude all remaining discovery expeditiously and cost-efficiently and regrets the need to take up the plaintiff's invitation to involve the Court. Keystone is amenable to the following two alternatives, subject to Your Honor's guidance:

A. Remote depositions on multiple days; or
B. In-person depositions on a single day at the location designated by the plaintiff's counsel.

Finally, since no material facts are in dispute in this adversary proceeding, Keystone believes that the plaintiff's inflexibility with respect to the depositions results from its desire to pressure Keystone into increasing its prior settlement offer, rather than engaging in meaningful fact discovery.

Thank you for your assistance.

Respectfully yours,

JEFFREY KURTZMAN

cc: Jeffrey Carbino, Esquire (via email)
Michelle Novick, Esquire (via email)
A. Mayer Kohn, Esquire (via email)
Keystone Quality Transport, Inc. (via email)