**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) | |
| *et al.,* | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Objection Deadline: July 13, 2022 at 4:00 p.m.** |
| | | **Hearing Date: July 20, 2022 at 11:30 a.m.** |

**MOTION OF LILIANA E. RIVERA AND JOHN THANH NGUYEN FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1)**

Liliana E. Rivera and John Thanh Nguyen (the "Plaintiffs") by and through their undersigned counsel, files this Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) ("Motion"), and in support thereof, respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (G)  and (O).

**FACTS**

2.      On June 30, 2019 of July 1, 2019 (the "Petition Date"), St. Christopher's Healthcare, LLC ("SCHC" or the "Debtor") and related entities filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

3.      On November 30, 2020, Plaintiffs commenced an action in the Court of Common Pleas, Philadelphia County, Pennsylvania, Case No. 201102331 (the "Negligence Action"). Plaintiffs allege that SCHC and several other treatment providers are liable to Plaintiffs for medical negligence and wrongful death stemming from the misdiagnosis and death of their infant child.

10031529 v1

4.      The Negligence Action has been deferred as to SCHC due to the commencement of its bankruptcy case and the application of the automatic stay.

5.      Based upon information and belief, SCHC and the other debtors are insured by various insurance policies issued by one or more insurance companies (the "Insurance Policies" and the "Insurer").  Plaintiffs believe that the Insurance Policies will cover any liability potentially attributable to SCHC in the Negligence Action.

6.      Further, upon information and belief, Plaintiffs assert that there are certain applicable medical professional liability policies of insurance, as well as statutory coverage from the Medical Care Availability and Reduction of Error Fund ("MCARE") created by Act 13 of 2002 (the "MCARE Act"), all of which would be specifically applicable to cover Plaintiffs' claims in the Negligence Action.

7.      At the time of the events giving rise to the Negligence Action, SCHC and the other debtors were licensed healthcare providers in Pennsylvania and were required to maintain these insurance policies and participate in the MCARE Fund.

8.      Plaintiffs further believe that the Insurer has a duty to defend SCHC, at its own cost, in the Negligence Action.

## RELIEF REQUESTED

9.      Plaintiffs seek relief from the automatic stay to the extent that insurance proceeds are available and to the extent that Insurer is obligated to defend SCHC in the Negligence Action. Plaintiffs wish to compel the inclusion of SCHS in the Negligence Action as a defendant solely for purposes to pursue the Insurer for applicable coverage for any loss resulting from the Negligence Action.

10031529 v1

## ARGUMENT

### "Cause" Exists to Grant the Movants Relief from the Automatic Stay.

10.     Bankruptcy Code § 362 (d)(1) provides that this Court shall grant relief from the automatic stay for "cause."  11 U.S.C. § 362.  The Bankruptcy Code does not define "cause." Courts determine whether "cause" exists to terminate or modify the automatic stay on a case-by-case basis after considering the totality of the circumstances.  Baldino v. Wilson (In re Wilson), 116 F.3d 87, 90 (3d Cir. 1997).  Bankruptcy courts have held that the stay should be lifted when the plaintiff is seeking relief to collect from the debtor's insurer.  Santa Fe Minerals, Inc. v. BEPCO, L.P. (In re 15375 Mem. Corp.), 382 B.R. 652, 689 (Bankr. D. Del. 2008); In re Honosky, 6 BR 667 (Bankr. S.D.W.Va. 1980); In re Holtkamp, 669 F.2d. 505, 508-9 (7th Cir. 1982).  In this case, the Debtor has the Insurance Policies with the Insurer, for the benefit of third parties such as Plaintiffs, which will pay any potential judgment against SCHC and not the bankruptcy estate.

11.     The automatic stay is not intended to be for the benefit of the sureties of the debtor. McCartney v. Integra National Bank North, 106 F.3d. 506, 509 (3rd Cir. 1997); United States v. Wright, 57 F.3d. 561, 562 (7th Cir. 1995); O'Malley Lumber Co. v. Lockard (In re Lockard), 884 F.2d. 1171-1176-9 (9th Cir. 1989) (creditor may sue nonbankrupt surety).  In this case only the surety, the Insurer, is benefiting from the automatic stay.

12.     The facts and circumstances of this case establish that "cause" exists to grant the relief from the automatic stay to compel SCHC's involvement in the Negligence Action, solely to enable the Plaintiffs to pursue the Insurers for coverage in this matter.

13.     By granting the relief sought in the Motion, this Court would simply be permitting Plaintiffs to proceed against SCHC in name only in the Negligence Action, a claim for which the Debtor has insurance through the Insurer.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order: (i) modifying the automatic stay so as to permit SCHC to be a defendant in the Negligence Action (ii) granting such other relief as is equitable.

**FLASTER/GREENBERG P.C.**

Dated:  July 6, 2022

/s/ William J. Burnett
William J. Burnett (DE No. 4078)
1201 North Orange Street, Suite 301
Wilmington, DE 19801
Telephone: 302-351-1910
Facsimile: 302-351-1919
*Counsel to Liliana E. Rivera and John Thanh Nguyen*