# **EXHIBIT 1**

**(Settlement Agreement)**

# SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into as of the 19th day of April, 2022, by and between Center City Healthcare, LLC d/b/a Hahnemann University Hospital, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC d/b/a St. Christopher's Hospital for Children and certain of their affiliates (collectively, the "**Debtors**") and Stryker Sales Corporation, n/k/a Stryker Sales, LLC, any entities doing business under the name Stryker Sales Corporation, including Stryker Craniomaxillofacial, Stryker Medical, Stryker Neurovascular and Stryker Instruments, Howmedica Osteonics Corp. and any entities doing business under the name Howmedica Osteonics Corp. including Stryker Spine and Stryker Orthopedics, and Sage Products, LLC a/k/a Stryker Sage (together, "**Stryker**") (the Debtors and Stryker, together, the "**Parties**").

# RECITALS

WHEREAS, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b), and the cases were so consolidated under Case No. 19-11466;

WHEREAS, on or about August 5, 2020, Stryker filed the following proofs of claim against the Debtors (together, the "**Proofs of Claim**");

(a) Proof of Claim No. 628 ("**Claim 628**") filed by Stryker Craniomaxillofacial against St. Christopher's Healthcare, LLC in the total amount of $32,312.96, of which $10,265.06 was asserted as a 503(b)(9) priority claim and $22,047.90 as a general unsecured claim;

(b) Proof of Claim No. 638 ("**Claim 638**") filed by Stryker Instruments against St. Christopher's Healthcare, LLC in the total amount of $30,283.69, of which $2,103.87 was asserted as a section 503(b)(9) priority claim and $28,179.82 was asserted as a general unsecured claim;

(c) Proof of Claim No. 638 ("**Claim 639**") filed by Stryker Orthopedics against St. Christopher's Healthcare, LLC in the total amount of $3,315.00, which was asserted as a general unsecured claim;

(d) Proof of Claim No. 649 ("**Claim 649**") filed by Stryker Spine against St. Christopher's Healthcare, LLC in the total amount of $110,031.66, of which $7,708.68 was asserted as a section 503(b)(9) priority claim and $102,322.98 was asserted as a general unsecured claim;

(e) Proof of Claim No. 654 ("**Claim 654**") filed by Stryker Medical against St. Christopher's Healthcare, LLC in the total amount of $8,339.81, which was asserted as a general

1

unsecured claim;

(f) Proof of Claim No. 1010 ("**Claim 1010**") filed by Stryker Craniomaxillofacial against Center City Healthcare, LLC in the total amount of $5,713.60, of which $1,219.45 was asserted as a section 503(b)(9) priority claim and $4,494.15 as a general unsecured claim;

(g) Proof of Claim No. 1019 ("**Claim 1019**") filed by Stryker Orthopedics against Center City Healthcare, LLC in the total amount of $194,286.83, of which $20,207.57 was asserted as a section 503(b)(9) priority claim and $174,079.26 as a general unsecured claim;

(h) Proof of Claim No. 1021 ("**Claim 1021**") filed by Sage Products n/k/a Stryker Sage against Center City Healthcare, LLC in the total amount of $1,260.00, which was asserted as a general unsecured claim;

(i) Proof of Claim No. 1022 ("**Claim 1022**") filed by Stryker Spine against Center City Healthcare, LLC in the total amount of $136,124.74, of which $36,455.00 was asserted as a section 503(b)(9) priority claim and $99,669.74 as a general unsecured claim; and

(j) Proof of Claim No. 1030 ("**Claim 1030**") filed by Stryker Medical against Center City Healthcare, LLC in the total amount of $2,281.91, of which $99.58 was asserted as a section 503(b)(9) priority claim and $2,281.91 as a general unsecured claim.

WHEREAS, the Debtors and their estates maintain the right to prosecute and settle all estate claims and causes of action, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code;

WHEREAS, the Debtors, after review of their books and records, have asserted that Stryker received transfers from the Debtors of no less than $749,446.00 on or within the 90 days before the Petition Date (collectively, the "**Transfers**") and have demanded the return of the Transfers as alleged preferential transfers that are subject to avoidance and recovery pursuant to sections 547 and 550 of the Bankruptcy Code;

WHEREAS, Stryker disputes any liability for return of the Transfers;

WHEREAS, the Parties have engaged in discussions and exchanged information regarding the Transfers and the Proofs of Claim, as a result of those discussions, and to avoid further costs and the attendant risks of litigation, have decided to resolve the dispute concerning the Transfers and the Proofs of Claim upon the terms and conditions set forth in this Agreement,

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Debtors and Stryker agree as follows:

## AGREEMENT

Settlement. In settlement of the dispute between the Parties and in full and final satisfaction of the Debtors' claim with respect to the Transfers, Stryker shall pay to the Debtors a lump sum payment of $290,000.00 (the "**Settlement Amount**") within forty-five (45) days following the

2

04/19/2022
39907523.1

execution of this Agreement.  Payment shall be made by wire or by check, payable to "Philadelphia Academic Health System," and sent to:

Philadelphia Academic Health System
c/o Eisner Amper LLP
Attention: Allen Wilen
One Logan Square
130 North 18th St., Suite 3000
Philadelphia, PA 19103

<u>Bankruptcy Court Approval</u>. The Parties acknowledge that this Agreement is subject to Bankruptcy Court approval.  No later than thirty (30) days after the execution of this Agreement and receipt of the Settlement Amount, the Debtors shall file a motion (the "**Motion**") with the Bankruptcy Court for entry of an Order approving the terms of this Agreement.  In the event that the Bankruptcy Court does not approve the Motion by entry of a Final Order, this Agreement shall be null and void and of no force and effect against either of the Parties.  An order will be considered to be a "Final Order" if the order is not subject to any timely appeal or motion for reconsideration.

<u>The Modified Claims</u>: Effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, the Proofs of Claim shall be modified, to the extent applicable, as follows (together, the **"Modified Claims"**):

(a)     Proof of Claim No. 628 ("**Claim 628**") filed by Stryker Craniomaxillofacial shall be modified as a general unsecured claim against St. Christopher's Healthcare, LLC in the total amount of $22,047.90;

(b)     Proof of Claim No. 638 ("**Claim 638**") filed by Stryker Instruments shall be modified as a general unsecured claim against St. Christopher's Healthcare, LLC in the total amount of $28,179.82;

(c)     Proof of Claim No. 639 ("**Claim 639**") filed by Stryker Orthopedics shall remain as a general unsecured claim against St. Christopher's Healthcare, LLC in the total amount of $3,315.00;

(d)     Proof of Claim No. 649 ("**Claim 649**") filed by Stryker Spine shall be modified as a general unsecured claim against St. Christopher's Healthcare, LLC in the total amount of $102,322.68;

(e)     Proof of Claim No. 654 ("**Claim 654**") filed by Stryker Medical shall remain as a general unsecured claim against St. Christopher's Healthcare, LLC in the total amount of $8,339.81;

(f)     Proof of Claim No. 1010 ("**Claim 1010**") filed by Stryker Craniomaxillofacial shall be modified as a general unsecured claim against Center City Healthcare, LLC in the total amount of $4,494.15;

(g)     Proof of Claim No. 1019 ("**Claim 1019**") filed by Stryker Orthopedics shall be modified as a general unsecured claim against Center City Healthcare, LLC in the total amount of

$174,079.26;

 (h) Proof of Claim No. 1021 ("**Claim 1021**") filed by Sage Products n/k/a Stryker Sage shall remain as a general unsecured claim against Center City Healthcare, LLC in the total amount of $1,260.00;

 (i) Proof of Claim No. 1022 ("**Claim 1022**") filed by Stryker Spine shall be modified as a general unsecured claim against Center City Healthcare, LLC in the total amount of $99,669.74; and

 (j) Proof of Claim No. 1030 ("**Claim 1030**") filed by Stryker Medical shall be modified as a general unsecured claim against Center City Healthcare, LLC in the total amount of $2,281.91.

 <u>Debtors Release</u>. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, the Debtors and the Debtors' estates, release and discharge Stryker and its officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type, that the Debtors and the Debtors' estates have or may have against Stryker including, but not limited to, any claims related to the Transfers.

 <u>Stryker Release</u>. Except for the Modified Claims and the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, Stryker releases and discharges the Debtors, the Debtors' estates, and their respective officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type that Stryker has or may have against the Debtors and the Debtors' estates except for the Modified Claims identified herein. For the sake of clarity, Stryker waives all claims except for the Modified Claims held against the Debtors, and the Debtors maintain all their rights to object to the Modified Claims.

 <u>No Admission of Liability</u>. This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any Party.

 <u>Choice of Law</u>. This Agreement shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

 <u>Authority of Parties</u>. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Agreement on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Agreement; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Agreement shall become effective upon the order approving this Agreement becoming a Final Order.

 <u>Merger</u>. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement. This Agreement may only be modified by an instrument in writing executed by each

of the Parties hereto.

Execution of Agreement. This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement. Facsimile, electronic mail and scanned signatures shall be deemed to have the full force and effect of ink signatures.

Enforcement of Agreement. In the event that legal action is instituted to enforce this Agreement, the prevailing party shall be entitled to recover from the losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

Jurisdiction. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement. The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies arising from or related to this Agreement.

Construction. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement, as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

IN WITNESS WHEREOF, the Parties, by and through their duly authorized respective counsel, hereby execute this Agreement as of the date first written above, intending to be legally bound.

| | |
|---|---|
| **SAUL EWING ARNSTEIN & LEHR LLP** | **PURKEY & ASSOCIATES, PLC** |
| | |
| */s/ Monique B. DiSabatino* | */s_Lori L. Purkey* |
| Mark Minuti (DE Bar No. 2659) | Lori L. Purkey, Esq. |
| Monique B. DiSabatino (DE Bar No. 6027) | 5955 West Main Street, Suite 5955 |
| 1201 N. Market Street, Suite 2300 | Kalamazoo, MI 490009 |
| P.O. Box 1266 | Telephone: (616) 940-0553 |
| Wilmington, DE 19899 | purkey@purkeyandassociates.com |
| Telephone: (302) 421-6800 | |
| mark.minuti@saul.com | *Counsel for Stryker* |
| monique.disabatino@saul.com | |

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for the Debtors and Debtors in Possession*