# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Related to Docket No. 4066** |

## DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY LILIANA E. RIVERA AND JOHN THANH NGUYEN

Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**"), St. Christopher's Healthcare, LLC ("**SCH**") and their affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") submit this objection (the "**Objection**") to the *Motion of Liliana E. Rivera and John Thanh Nguyen for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d)(1)* [D.I. 4066] (the "**Stay Relief Motion**"). In support of their Objection, the Debtors rely upon the *Declaration of Allen Wilen*, a copy of which is attached hereto as **Exhibit A** (the "**Wilen Declaration**"), and respectfully represent as follows:

## RELEVANT FACTUAL BACKGROUND

### A.    Case Background and Bar Date

1.    On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11**

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCH Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCH Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, Suite 400, Philadelphia, Pennsylvania 19102.

**Cases**").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

2.      On July 15, 2019, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors in these cases pursuant to section 1102 of the Bankruptcy Code [D.I. 182].

3.      A description of the Debtors' business and operations and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2].

4.      On June 11, 2020, the Court entered *the Order (I) Establishing Deadlines for Filing Proofs of Claim, Including Section 503(b)(9) Claims, and (II) Approving the Form and Manner of Notice Thereof* [D.I. 1666] pursuant to which the Court established, *inter alia*, the General Bar Date as August 5, 2020 at 5:00 p.m. (prevailing Eastern Time).

**B.      The Acquisition**

5.      As of the Petition Date, the Debtors' cases included, among other entities, two major hospitals in Philadelphia, Pennsylvania – Hahnemann University Hospital ("**Hahnemann**") and St. Christopher's Hospital for Children ("**St. Chris**," and together with Hahnemann, the "**Hospitals**").

6.      On January 11, 2018 (the "**Acquisition Date**"), Philadelphia Academic Health Holdings, LLC, the holding company of Debtor Philadelphia Academic Health System, LLC ("**PAHS**"), and certain of their affiliates, including PAHS, CCH and SCH, entered into and consummated the purchase of certain assets of Tenet Business Services Corporation and certain of

40260895.2 07/15/2022

its affiliates ("**Tenet**"), including the Hospitals.  Prior to the Acquisition Date, Tenet owned and operated the Hospitals since 1998, when it purchased them from Allegheny Health, Education, and Research Foundation (AHERF).

**C.     The Rivera/Nguyen Claim**

7.      Following the Petition Date, on or about November 30, 2020, Plaintiffs Liliana E. Rivera, individually and as representative of the estate of their minor child (referred to in the complaint as JN-1), and John Thanh Nguyen (collectively, the "**Plaintiffs**") initiated a civil action against Debtor SCH and several other non-debtor defendants by filing a writ of summons in the Philadelphia County Court of Common Pleas (the "**State Court**"), alleging various causes of action (the "**State Court Action**").  The State Court Action is captioned, *Nguyen et al. v. St. Christopher's Healthcare LLC*, Case No. 201102331 (Phila. Ct. Com. Pl. July 14, 2021).

8.      In the subsequently-filed complaint (as amended, the "**Complaint**"), a copy of which is attached hereto as **Exhibit B**, the Plaintiffs allege, *inter alia*, professional negligence against SCH stemming from its alleged treatment and/or evaluation of the Plaintiffs' minor child at St. Chris on or about *March and April 2017*, which was ten months prior to the Acquisition Date.  *See* Complaint, ¶ 7.

9.      On August 30, 2021, notwithstanding the fact that Debtor SCH was in bankruptcy, the Plaintiffs filed a praecipe to enter a judgment by default (the "**Praecipe for Default**") against SCH for failure to file an answer within the required time.  Although the Plaintiffs represent that they served Debtor SCH with a "ten-day notice" required by Pa. R. Civ. P. 237.1 before filing the Praecipe for Default, the Debtors dispute having ever received such notice.

10.     Following the filing of the Praecipe for Default, in Fall 2021, counsel to the Plaintiffs engaged in discussions with the Debtors' state court counsel, during which time Debtors'

-3-

counsel informed the Plaintiffs' counsel that (i) the Praecipe for Default was improper, violated the automatic stay and should be withdrawn, and (ii) that SCH was not the proper defendant in the State Court Action because it did not own or operate St. Chris at the time of the Plaintiffs' alleged interaction with the hospital.

11.     On February 1, 2022, SCH filed a suggestion of bankruptcy in the State Court Action to stay the case due to SCH's pending bankruptcy.  There has been no activity in the case since then.

12.     On July 6, 2022, the Plaintiffs filed the Stay Relief Motion, seeking relief from the automatic stay to pursue the State Court Action to the extent of Debtor SCH's applicable insurance coverage.  For the reasons that follow, the Stay Relief Motion should be denied.

## OBJECTION

### A.     The Plaintiffs Have Failed to Demonstrate "Cause" for Relief from Stay

13.     Section 362 of the Bankruptcy Code provides for relief from the automatic stay for "cause."  11 U.S.C. § 362(d)(1).  Although the Bankruptcy Code does not define the term "cause," bankruptcy courts in Delaware have generally considered three factors when determining whether cause exists to grant a personal injury claimant relief from the automatic stay to pursue litigation in a different venue: (1) whether "any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;" (2) whether "the hardship to the [non-debtor] by maintenance of the stay considerably outweighs the hardship of the debtor;" and (3) whether "the creditor has a probability of prevailing on the merits."  *Matter of Rexene Prod. Co*., 141 B.R. 574, 576 (Bankr. D. Del. 1992).

14.     In the present case, granting the Stay Relief Motion and allowing the Plaintiffs to pursue the State Court Action will prejudice the Debtors because it will require the Debtors to

-4-

devote time and resources to address an untimely claim for which there is clearly no basis for recovery against the Debtors. In addition, the fact that the requested stay relief is limited to proceeding against the Debtors to the extent of available insurance does not make the requested relief less prejudicial. On the contrary, to the extent the Debtors' insurers are compelled to defend against this meritless claim, this could impact the Debtors' insurance costs and would likely nevertheless require the Debtors' participation.

15.    Furthermore, the Plaintiffs have no probability of success on the merits against SCH. It is undisputed that the Plaintiffs' claims against SCH stem from conduct that purportedly occurred nearly ten months **before** Debtor SCH acquired St. Chris. Indeed, the Plaintiffs have not alleged any post-Acquisition Date interaction that could give rise to a claim against Debtor SCH or any other Debtor. Under these circumstances, the Plaintiffs' claims would be unlikely to survive a motion to dismiss/preliminary objections in the State Court Action for failure to state a claim for relief. *See Hamil v. Bashline*, 392 A.2d 1280, 1284 (Pa. 1978) (finding that "it is incumbent on a plaintiff" in a medical negligence case "to establish a causal connection between defendant's conduct and the plaintiff's injury"); *Burnside v. Abbott Lab'ys*, 505 A.2d 973, 979 (Pa. Super. 1985) ("Negligent conduct is not a ground for recovery unless it is a substantial factor in bringing about the plaintiff's injury."); *see also Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 274 (Pa. 2005) ("[T]he standard of review for preliminary objections in the nature of a demurrer is limited; the question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible."). As such, the Plaintiffs have no probability of success on the merits in the State Court Action with respect to the claims asserted against SCH and stay relief is unwarranted.

16.     Lastly, the hardship to the Debtors that will occur if the Stay Relief Motion is granted outweighs any hardship to the Plaintiffs.  SCH is one of several defendants in the State Court Action and, as such, the inability to pursue the State Court Action against SCH does not foreclose the Plaintiffs' ability to pursue a recovery on their claims against other, non-debtor parties.  Moreover, there is no basis for a claim against SCH and its inclusion in the Complaint was improper.  Because there is no likelihood of success on the merits of the claim against SCH for the reasons set forth above, there is no harm to the Plaintiffs to the extent they are unable to proceed in pursuing such claim.

**B.     Resolution of this Matter is Properly Before the Court**

17.     In an abundance of caution, the Debtors submit that this Court may properly exercise jurisdiction over this dispute, notwithstanding the fact that this Objection is premised, in part, on the fact that the Plaintiffs' claims are pre-acquisition claims.   Under 28 U.S.C. § 157(b)(2)(B), a proceeding is a "core proceeding" if it concerns the "allowance or disallowance of claims against the estate or exemptions from property of the estate . . . ***but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution*** in a case under title 11." 28 U.S.C. § 157(b)(2)(B) (emphasis added).

18.     Courts in the Third Circuit have explained that the "liquidation or estimation of contingent or unliquidated personal injury claims" is limited to the court's fixing of "the amount of an individual personal injury claim for purposes of determining the share of the bankruptcy estate that will be distributed, or paid, on that particular claim."  *In re Boy Scouts of Am. and Delaware BSA, LLC (Future Claimants' Representative et al. v. Boy Scouts of America and Delaware BSA, LLC)*, No. 20-10343-LSS, 2021 WL 4775964, at *3 (D. Del. Oct. 13, 2021); *see*

*also In re G-I Holdings, Inc.*, 295 B.R. 211, 218-220 & n.5 (D.N.J. 2003) (explaining that the "liquidation or estimation" exception to core proceedings does not apply to an estimation of a debtor's aggregate tort liability, but rather only to proceedings "to estimate the value of individual [personal injury] claims" in a manner that "results in an effective liquidation of those claims").

19.     As such, bankruptcy courts have "core jurisdiction" to conduct threshold inquiries on the limited issue of whether a personal injury claimant has an allowable claim as a matter of law, so long as the court stops short of liquidating that claim. *In re G-I Holdings, Inc*., 323 B.R. 583, 613 (Bankr. D.N.J. 2005); *see also In re C & G Excavating, Inc*., 217 B.R. 64, 64 n.1 (Bankr. E.D. Pa. 1998) ("While bankruptcy courts lack subject matter jurisdiction to liquidate or estimate contingent or unliquidated personal injury tort or wrongful death claims for purposes of distribution . . . several courts have determined, and we agree, that bankruptcy courts have jurisdiction to decide corollary issues involving the validity of a proof of claim for personal injuries or wrongful death, such as whether the statute of limitation on the underlying cause of action has expired.").

20.     Here, setting aside the fact that the Plaintiffs have not filed a formal proof of claim in these Chapter 11 Cases,[2] the Plaintiffs nevertheless seek to pursue claims against SCH, as reflected in the Stay Relief Motion and the Complaint.  As noted above, however, the Plaintiffs should not be permitted to continue to pursue these claims against SCH because they are clearly pre-acquisition claims for which the Debtors have no liability.  The resolution of this dispute does not contemplate or require the liquidation or estimation of the Plaintiffs' claims, but is effectively

---

[2]     All rights of the Debtors to object to the Plaintiffs' claims on the basis that such claims are untimely – whether asserted in a formal proof of claim or otherwise – are reserved.

focused on the allowance or disallowance thereof.  Accordingly, this matter is properly before the

Court as a "core proceeding," as outlined in 28 U.S.C. § 157(b)(2)(B).

WHEREFORE, based on the foregoing, the Debtors respectfully request that the Court

enter the order, substantially in the form attached hereto as **Exhibit C,** denying the Motion.[3]

Dated: July 15, 2022

**SAUL EWING ARNSTEIN & LEHR LLP**

By:     */s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
A. Mayer Kohn
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com
mayer.kohn@saul.com

*Counsel for Debtors and Debtors in Possession*

---

[3]     To the extent the Court determines that the Plaintiffs have demonstrated cause for relief from the automatic stay, any such relief should be conditioned upon the Plaintiffs (i) dismissing the Debtors from the State Court Action and (ii) withdrawing the Praecipe for Default.

40260895.2 07/15/2022