# EXHIBIT A

**(Declaration of Allen Wilen)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**DECLARATION OF ALLEN WILEN IN SUPPORT OF DEBTORS'
OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC
STAY FILED BY LILIANA E. RIVERA AND JOHN THANH NGUYEN**

I, Allen Wilen, hereby submit this declaration (the "**Declaration**") under penalty of perjury:

1. I am the chief restructuring officer ("**CRO**") of the debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I have served as CRO for the Debtors since April 8, 2019.

2. I am a Partner at Eisner Advisory Group LLP ("**Eisner**")[2] and serve as the national director of Eisner's financial advisory services group. I have more than twenty-five years of financial and accounting experience, as well as extensive experience advising insolvent and troubled companies, including several companies in the healthcare industry.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCH Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCH Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Effective July 30, 2021, EisnerAmper LLP entered into a transaction whereby EisnerAmper LLP and Eisner Advisory Group LLC is practicing in an alternative practice structure. All advisory services, including Eisner's engagement in the above-captioned case, will be performed by Eisner Advisory Group LLC.

3. In my capacity as CRO of the Debtors, I have been directly involved in the matters leading up to, and following, the filing of the Debtors' chapter 11 filings, and have become well-acquainted with the Debtors' capital structure, liquidity needs, and business operations. I have reviewed and am familiar with the contents of the *Debtors' Objection to the Motion of Liliana E. Rivera and John Thanh Nguyen for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d)(1)* (the "**Objection**").³ I submit this Declaration in support of the Objection.

4. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge of the matters set forth herein, my discussions with the Debtors' bankruptcy and/or state Court counsel, and my review of documents and information relating to the State Court Action.

5. I am over eighteen (18) years of age, and I am authorized to submit the Declaration on behalf of the Debtors. If called upon to testify, I could and would competently testify to the facts set forth herein from my own personal knowledge, except as otherwise stated.

A.   **The Acquisition**

6. As of the Petition Date, the Debtors' cases included, among other entities, two major hospitals in Philadelphia, Pennsylvania – Hahnemann University Hospital ("**Hahnemann**") and St. Christopher's Hospital for Children ("**St. Chris**," and together with Hahnemann, the "**Hospitals**").

7. On January 11, 2018 (the "**Acquisition Date**"), Philadelphia Academic Health Holdings, LLC, the holding company of Debtor Philadelphia Academic Health System, LLC ("**PAHS**"), and certain of their affiliates, including PAHS, CCH and SCH, entered into and

---

³ Capitalized terms used in this Declaration but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

-3-

consummated the purchase of certain assets of Tenet Business Services Corporation and certain of its affiliates ("**Tenet**"), including the Hospitals. Prior to the Acquisition Date, Tenet owned and operated the Hospitals since 1998, when it purchased them from Allegheny Health, Education, and Research Foundation (AHERF).

**B.     The Rivera/Nguyen Claim**

8.     Following the Petition Date, on or about November 30, 2020, Plaintiffs Liliana E. Rivera, individually and as representative of the estate of their minor child, and John Thanh Nguyen (collectively, the "**Plaintiffs**") initiated a civil action against Debtor SCH and several other non-debtor defendants by filing a writ of summons in the Philadelphia County Court of Common Pleas (the "**State Court**"), alleging various causes of action (the "**State Court Action**").

9.     In the subsequently-filed complaint (as amended, the "**Complaint**"), a copy of which is attached to the Objection, the Plaintiffs alleged professional negligence claims against SCH stemming from the alleged treatment and evaluation of the Plaintiffs' minor child at St. Chris *on or about March and April 2017*, which was ten months prior to the Acquisition Date. *See* Complaint, ¶ 7.

10.     On August 30, 2021, notwithstanding the fact that Debtor SCH was in bankruptcy, the Plaintiffs filed a praecipe to enter a judgment by default (the "**Praecipe for Default**") against SCH for failure to file an answer within the required time. Although the Plaintiffs represent that they served Debtor SCH with the "ten-day notice" required by Pa. R. Civ. P. 237.1, the Debtors dispute ever having received such notice.

11.     Following the filing of the Praecipe for Default, in Fall 2021, counsel to the Plaintiffs engaged in discussions with the Debtors' state court counsel, during which time Debtors' counsel informed the Plaintiffs' counsel that (i) the Praecipe for Default was improper, violated

the automatic stay and should be withdrawn, and (ii) that SCH was not the proper defendant in the State Court Action because it did not own or operate St. Chris at the time of the Plaintiffs' alleged interaction with the hospital.

12. Allowing the Plaintiffs to pursue the State Court Action against SCH would prejudice the Debtors because it will require the Debtors to devote time and resources to address an untimely claim for which there is clearly no basis for recovery against the Debtors. In addition, the fact that the requested stay relief is limited to proceeding against the Debtors to the extent of available insurance does not make the requested relief less prejudicial. On the contrary, to the extent the Debtors' insurers are compelled to defend against this meritless claim, this could impact the Debtors' insurance costs and would likely nevertheless require the Debtors' participation.

13. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct.

Executed on July 15, 2022.

By: /s/ Allen Wilen
Allen Wilen, Chief Restructuring Officer