**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, and ST. CHRISTOPHER'S HEALTHCARE, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>DIAGNOSTICA STAGO INC.,<br><br>    Defendant. | Adv. Proc. No. 21-50950 (MFW)<br><br>Hearing Date: August 23, 2022 at 10:30 (ET)<br>Objection Deadline: August 1, 2022 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS TO VACATE DEFAULT AND FOR APPROVAL OF SETTLEMENT OF PREFERENCE CLAIMS AGAINST DIAGNOSTICA STAGO INC.**

The debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel, hereby move the Court (the "**Motion**"), pursuant to Rule 7055, 9019 and 9024 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the entry of an order, a proposed form of which is attached hereto as **Exhibit A** (the "**Proposed Order**"), vacating the default judgment entered in this adversary proceeding and approving the settlement of certain claims for avoidance

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

and recovery of allegedly preferential transfers against Diagnostica Stago Inc. ("**DSI**," and together with the Debtors, the "**Parties**"). In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Rules 7055, 9019(a) and 9024, Rule 60(b) of the Federal Rule of Civil Procedure (the "**Federal Rules**") and section 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**").

## BACKGROUND

3. On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). No entity has requested the appointment of an examiner in these Chapter 11 Cases.

**A.    Claim 146**

4.    On or about August 12, 2019, DSI filed a proof of claim against Debtor Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**") in the amount of $61,433.62, which is identified in CCH's claims registry as claim number 146, and the entirety of which is asserted as a general unsecured claim ("**Claim 146**").

**B.    The Transfers**

5.    The Debtors and their professionals have reviewed the transfers made by the Debtors on or within the 90 days before the Petition Date (the "**Preference Period**") and have identified potential claims to avoid and recover the certain transfers pursuant to sections 547 and 550 of the Bankruptcy Code (the "**Preference Claims**").

6.    Beginning in May 2021, the Debtors issued a number of demand letters to alleged recipients of preferential transfers within the Preference Period. On or about June 27, 2021, the Debtors filed a complaint against DSI to avoid and recover the transfers totaling $51,792.00 (the "**Transfers**"), which matter is proceeding under Case No. 21-50950.

7.    On November 9, 2021, because no answer to the Complaint was filed, the Debtors filed a notice of default [Adv. D.I. 11] after which, on December 27, 2021, the Debtors filed a *Request for Entry of Default Judgment* against DSI [Adv. D.I. 12]. Default judgment was subsequently entered against DSI on January 3, 2022 [Adv. 19] (the "**Default Judgment**").

8.    On February 4, 2022, DSI filed *Diagnostica Stago, Inc.'s Motion to Reopen Adversary Proceeding* [Adv. D.I. 25] ("**Motion to Reopen**") and *Diagnostica Stago, Inc.'s Motion to Vacate Entry of Default Judgment* [Adv. D.I. 23] ("**Motion to Vacate**," and together with the Motion to Reopen, the "**Pending Motions**").

9. On February 17, 2022, the Court entered an *Order Approving Stipulation to Stay Briefing on Defendant's Motion to Vacate and Motion to Reopen* [Adv. D.I. 27] pursuant to which briefing on the Pending Motions was stayed until a date to be determined.

10. Following the filing of the Pending Motions, the Parties engaged in discussions and/or settlement communications concerning the Transfers. After good faith, arms-length negotiations, the Parties have agreed to settle the Debtors' Preference Claims against DSI and otherwise resolve the Pending Motions in accordance with the terms summarized below and more fully set forth in the settlement agreement attached to the Proposed Order as **Exhibit 1** (the "**Settlement Agreement**").

11. As reflected in the Settlement Agreement, the Debtors' demand against DSI in the amount of $51,792.00 was resolved for a settlement amount of $15,000.00. The Settlement Agreement also provides for (i) DSI's waiver of any and all claims, including Claim 146 and any claims arising under section 502(h) of the Bankruptcy Code, and (ii) general mutual releases.

## RELIEF REQUESTED

12. By this Motion, the Debtors seek the entry of an order, substantially in the form of the Proposed Order, (i) vacating the Default Judgment, (ii) approving the Settlement Agreement pursuant to Bankruptcy Rule 9019(a), and (iii) granting such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF

A. **Vacating the Default Judgment**

13. The Court should set aside and vacate the Default Judgment pursuant to Bankruptcy Rules 7055 and 9024. Bankruptcy Rule 7055 makes Federal Rule 55 applicable to the Adversary

Proceeding. Similarly, Bankruptcy Rule 9024 makes Federal Rule 60 applicable to the Adversary Proceeding.

14. Pursuant to Federal Rule 55(c), "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Pursuant to Federal Rule 60(b), on motion and upon terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order or proceeding.

15. The Third Circuit determined that three factors should be evaluated in considering a motion to open a judgment under Rule 60(b): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982)); *see also In re Antell*, 155 B.R. 921, 925 (Bankr. E.D. Pa. 1992).

16. A decision to vacate a judgment under Rule 60 is in the discretion of the Court and is based on "the desire of equity to do justice." *See Jefferson Bank v. Devault Mfg. Co. (In re Devault Mfg. Co.)*, 4 B.R. 382, 386 (Bankr. E.D. Pa. 1980).

17. In the present case, consistent with Federal Rule 60, there is a meritorious and sound reason to vacate the Default Judgment. Specifically, by vacating the entry of the Default Judgment, the Debtors can uphold the terms of the Settlement Agreement reached with the Defendant and thereby avoid the expense of collection proceedings.

**B.    Approval of the Settlement Agreement**

18. Bankruptcy Code section 105(a) provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

In turn, Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the Court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

19. The decision whether to accept or reject a compromise lies within the sound discretion of the Court. *In re Neshaminy Office Bldg. Assocs.,* 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts International, Inc.*, 145 B.R. 412, 451 (Bankr. D.N.J. 1990). Approval of a settlement is appropriate if it is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.,* 211 B.R. 798, 801 (D. Del. 1997).

20. When analyzing settlements, Courts in the Third Circuits generally consider:

- the probability of success in litigation;
- the likely difficulties in collection;
- the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
- the paramount interest of the creditors.

*See In re RFE Indus., Inc.*, 283 F.3d 159, 165 (3d Cir. 2002); *In re Martin,* 91 F.3d 389, 393 (3d Cir. 1996). Moreover, to approve a settlement under Bankruptcy Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness. *See In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010); *see also In re World Health Alt., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) ("[T]he court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.") (internal citations and quotation marks omitted).

21. As applied to the present case, the Debtors respectfully submit that the terms of the Settlement Agreement satisfy the criteria for approval set forth in Bankruptcy Rule 9019. First, the Parties negotiated the Settlement Agreement at arms-length. While the Debtors believe that

they stated meritorious claims against DSI, there is nevertheless attendant risk and cost associated with pursuing such claims and no assurance that the Court would find in favor of the Debtors for all or a significant portion of the amounts sought. In light of the foregoing, the Debtors believe the settlement represents a reasonable and fair resolution of the estates' Preference Claims against DSI.

22. The second *Martin* criterion - the likely difficulties in collection - also favors settlement. It is uncertain whether there would be difficulty in collecting any judgment entered against DSI; however, the settlement removes any uncertainty of collection since DSI has already furnished the consideration for settlement as a condition of the Settlement Agreement.

23. Next, the third and fourth *Martin* criterion also favors settlement. Settlement will certainly enable the Parties to save the time and expense associated with litigation of the Preference Claims. In addition, the creditors of the Debtors' estates will receive meaningful benefits from the settlement as a result of the settlement payment by DSI of $15,000.00 and the waiver of claims detailed in the Settlement Agreement.

**NOTICE**

24. Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Committee; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) counsel to DSI; and (xiii) any party that has requested notice pursuant to Bankruptcy Rule

2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, for all the foregoing reasons, the Debtors respectfully request that the Court enter an Order, substantially in the form of the Proposed Order, approving the Settlement Agreement and granting such other relief as the Court deems just and proper.

Dated: July 18, 2022

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6800
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*