**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 19-11466 (MFW)<br><br>(Jointly Administered)<br><br>**Objections Due: August 11, 2022 at 4:00 p.m. ET** |

**THIRTY FOURTH MONTHLY FEE APPLICATION OF**
**FOX ROTHSCHILD LLP FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS FOR THE PERIOD JUNE 1, 2022 THROUGH JUNE 30, 2022**

| | |
|---|---|
| Name of Applicant | Fox Rothschild LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | *Nunc Pro Tunc* to July 17, 2019[2] |
| Period for which Compensation and Reimbursement is Sought for the Thirty Fourth Monthly Period: | June 1, 2022 through June 30, 2022 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Thirty Fourth Monthly Period: | $5,345.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Thirty Fourth Monthly Period: | $21.32 |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] See Order Granting Application of the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. Section 1103(a) and Bankruptcy Rule 2014(a) for Authority to Employ and Retain Fox Rothschild LLP as Counsel Effective as of July 17, 2019, entered on September 4, 2019 [D.I. 637].

1

135781324.1

This is a(n): __X__ Monthly _____ Interim _____ Final Fee Application

This is Fox Rothschild's Thirty Fourth monthly fee application. The total time expended in connection with the preparation of this fee application is not included herein as such time was expended after the Compensation Period.

**PREVIOUS FEE APPLICATIONS**

| Application | Dated Filed | Fees Sought | Expenses Sought | CNO Filed | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| First Monthly [D.I. 1015] | 11/15/19 | $65,854.00 | $3,951.34 | 12/06/19 [D.I. 1105] | $65,854.00 | $3,951.34 |
| Second Monthly [D.I. 1016] | 11/15/19 | $22,899.00 | $1,243.14 | 12/06/19 [D.I. 1106] | $22,899.00 | $1,243.14 |
| Third Monthly [D.I. 1019] | 11/15/19 | $15,471.00 | $204.00 | 12/06/19 [D.I. 1109] | $15,471.00 | $204.00 |
| Fourth Monthly [D.I. 1170] | 12/16/19 | $14,909.50 | $1,064.35 | 1/07/2020 [D.I. 1298] | $14,909.50 | $1,064.35 |
| Fifth Monthly [D.I. 1362] | 1/27/2020 | $18,267.50 | $85.64 | 2/19/2020 [D.I. 1417] | $18,267.50 | $85.64 |
| Sixth Monthly [D.I. 1434] | 2/27/2020 | $10,693.00 | $464.35 | 3/19/2020 [D.I. 1489] | 10,693.00 | $464.35 |
| Seventh Monthly [D.I. 1504] | 3/25/2020 | $7,058.40 | $113.75 | 4/17/2020 [D.I. 1585] | $7,058.40 | $113.75 |
| Eighth Monthly [D.I. 1589] | 4/17/2020 | $9,047.50 | $314.35 | 5/14/2020 [D.I. 1623] | $9,047.50 | $314.35 |
| Ninth Monthly [D.I. 1627] | 5/15/2020 | $2,969.00 | $565.85 | 6/5/2020 [D.I. 1661] | $2,969.00 | $565.85 |
| Tenth Monthly [D.I. 1670] | 6/16/2020 | $5,398.50 | $40.80 | 7/7/2020 [D.I. 1687] | $5,398.50 | $40.80 |
| Eleventh Monthly [D.I. | 7/22/2020 | $1,648.00 | $111.60 | 8/12/2020 [D.I. | $1,648.00 | $111.60 |

135781324.1

| | | | | | | |
|---|---|---|---|---|---|---|
| 1705] | | | | 1737] | | |
| Twelfth Monthly [D.I. 1746] | 8/18/2020 | $1,315.50 | $13.80 | 9/10/2020 [D.I. 1784] | $1,315.50 | $13.80 |
| Thirteenth Monthly [D.I. 1805] | 9/30/2020 | $5,071.00 | $8.45 | 10/26/20 [D.I. 1859] | $5,071.00 | $8.45 |
| Fourteenth Monthly [D.I. 1832] | 10/20/2020 | $6,285.00 | $8.40 | 1/25/20 [D.I. 2048] | $6,285.00 | $8.40 |
| Fifteenth Monthly [D.I. 2049] | 1/26/21 | $8,633.00 | $66.03 | 2/17/21 [D.I. 2104] | $8,633.00 | $66.03 |
| Sixteenth Monthly [D.I. 2050] | 1/26/21 | $10,215.00 | $112.80 | 2/17/21 [D.I. 2105] | $10,215.00 | $112.80 |
| Seventeenth Monthly ][D.I. 2143] | 3/4/21 | $10,764.50 | $10.80 | 4/20/21 [D.I. 2276] | $10,764.00 | $10.80 |
| Eighteenth Monthly [D.I. 2144] | 3/4/21 | $6,272.50 | $33.60 | 4/20/21 [D.I. 2277] | $6,272.50 | $33.60 |
| Nineteenth Monthly [D.I. 2145] | 3/4/21 | $3,996.00 | $66.03 | 4/20/21 [D.I. 2278] | $3,996.00 | $66.03 |
| Twentieth Monthly [D.I. 2284] | 4/21/21 | $6,723.50 | $51.30 | 5/17/21 [D.I. 2339] | $6,723.50 | $51.30 |
| Twenty-First Monthly [D.I. 3222] | 12/1/21 | $4,457.00 | $68.74 | 12/28/21 [D.I. 3364] | $4,457.00 | $68.74 |
| Twenty-Second Monthly [D.I. 3223] | 12/1/21 | $8,118.50 | $8.40 | 12/28/21 [D.I. 3365] | $8,118.50 | $8.40 |
| Twenty-Third Monthly [D.I. 3224] | 12/1/21 | $6,319.50 | $0.00 | 12/28/21 [D.I. 3366] | $6,319.50 | $0.00 |
| Twenty-Fourth Monthly [D.I. 3225] | 12/1/21 | $6,280.50 | $8.40 | 12/28/21 [D.I. 3367] | $5,024.40 | $8.40 |
| Twenty Fifth Monthly [D.I. 3226] | 12/1/21 | $19,061.50 | $321.20 | 12/28/21 [D.I. 3368] | $15,249.20 | $321.20 |
| Twenty-Sixth | 12/1/21 | $10,940.50 | $0.00 | 12/28 | $8,754.00 | $0.00 |

3

135781324.1

| Monthly [D.I. 3227] | | | | [D.I. 3369] | | |
|---|---|---|---|---|---|---|
| Twenty-Seventh Monthly [D.I. 3407] | 1/5/22 | $19,666.00 | $78.08 | 2/7/22 [D.I. 3554] | $15,732.80 | $78.08 |
| Twenty-Eighth Monthly [D.I. 3458] | 1/13/22 | $8,940.50 | $9.36 | 2/3/22 [D.I. 3540] | $7,152.40 | $9.36 |
| Twenty-Ninth Monthly [D.I. 3590] | 2/15/22 | $12,676.50 | $23.46 | 3/9/22 [D.I. 3679] | $10,141.20 | $23.46 |
| Thirtieth Monthly [D.I. 3754] | 3/21/2022 | $5,603.00 | $86.76 | 4/12/22 [D.I. 3851] | $4,482.40 | $86.76 |
| Thirty First Monthly [D.I. 3967] | 5/16/2022 | $9,496.50 | $132.84 | 6/7/22 [D.I. 4015] | $7,597.20 | $132.84 |
| Thirty Second Monthly [D.I. 3968] | 5/16/2022 | $6,499.50 | $0.00 | 6/7/22 [D.I. 4016] | $5,199.60 | $0.00 |
| Thirty Third Monthly [D.I. 4060] | | $5,047.50 | $12.96 | 7/21/22 [D.I. 4105] | $4,038.00 | $12.96 |
| | **TOTAL:** | **$356,598.40** | **$9,280.58** | | **$335,757.10** | **$9,280.58** |

135781324.1

**CUMULATIVE SUMMARY OF PROFESSIONAL SERVICES RENDERED BY FOX ROTHSCHILD LLP ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD JUNE 1, 2022 THROUGH JUNE 30, 2022**

| NAME OF PROFESSIONAL | POSITION/DATE ADMITTED TO BAR | HOURLY BILLING RATE* | TOTAL HOURS BILLED | TOTAL COMPENSATION SOUGHT |
|---|---|---|---|---|
| Martha B. Chovanes | Partner – Admitted to PA Bar in 1988; Joined Fox Rothschild in 1988 | $820 | 1.0 | $820.00 |
| Seth A. Niederman | Partner – Admitted to DE Bar in 2004; Joined Fox Rothschild in 2004 | $625 | 4.6 | $2,875.00 |
| Kathleen A. Senese | Paralegal since 1992; Joined Fox Rothschild in 2014 | $330 | 5.0 | $1,650.00 |
| **TOTALS** | | | **10.6** | **$5,345.00** |
| **Total Blended Rate** | | $504.25 | | |

**CUMULATIVE SUMMARY OF EXPENSES INCURRED BY FOX ROTHSCHILD LLP ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JUNE 1, 2021 THROUGH JUNE 30, 2021**

**COSTS ADVANCED AND EXPENSES INCURRED:**

| Description | Amount |
|---|---|
| Postage Charges | 21.32 |

*This rate is Fox Rothschild LLP's regular hourly rate for legal services. All hourly rates are adjusted by Fox Rothschild LLP on a periodic basis (the last such adjustments, relevant to this Application, occurred on June 1, 2022).

135781324.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 19-11466 (MFW)<br><br>(Jointly Administered)<br><br>**Objections Due: August 11, 2022 at 4:00 p.m. ET** |

**THIRTY FOURTH MONTHLY FEE APPLICATION OF FOX ROTHSCHILD LLP
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
<u>FOR THE PERIOD JUNE 1, 2022 THROUGH JUNE 30, 2022</u>**

Fox Rothschild LLP ("<u>Fox Rothschild</u>"), as counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>"), submits its Thirty Fourth Monthly Fee Application (the "<u>Application</u>"), pursuant to sections 330(a), and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), and this Court's Order Establishing Procedures for Compensation and Reimbursement of Expenses of Professionals, entered August 2, 2019 (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

135781324.1

"Interim Compensation Order")[2] [D.I. 341], for (i) the allowance of interim compensation for professional services performed by Fox Rothschild for the Thirty Third monthly application period from June 1, 2022 through June 30, 2022 (the "Compensation Period") in the amount of $5,345.00 (the "Monthly Compensation Amount") and reimbursement of actual and necessary expenses in the amount of $21.32. In support of this Application, Fox Rothschild respectfully represents:

## I. Jurisdiction

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 157(b)(2).

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background

3. On July 31, 2019 (the "Petition Date"), the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned, jointly administered cases. Under Bankruptcy Code sections 1107 and 1108, the Debtors are operating their business and managing their properties as debtors-in-possession. No trustee or examiner has been appointed in these cases.

4. On July 15, 2019, the United States Trustee for the District of Delaware (the "U.S. Trustee"), pursuant to Bankruptcy Code section 1102(a)(1), appointed seven members to the Committee. The members of the Committee are (i) Conifer Revenue Cycle Solutions, LLC (ii) Medline Industries, Inc.; (iii) Veolia Energy Philadelphia, Inc.; (iv) Medtronic USA, Inc.; (v) Crothall Healthcare, Inc.; (vi) Global Neurosciences Institute, LLC; and (vii) Pennsylvania Association of Staff Nurses and Allied Professionals. The Committee selected Sills Cummis & Gross P.C. and Fox Rothschild as its counsel.

5. By this Court's Order Granting Application of the Official Committee of Unsecured

---

[2] Capitalized terms used herein but not capitalized shall have the meaning(s) ascribed to them in the Interim Compensation Order.

135781324.1

Creditors Pursuant to 11 U.S.C. Section 1103(a) and Bankruptcy Rule 2014(a) for Authority to Employ and Retain Fox Rothschild LLP as Counsel Effective as of July 17, 2019, entered on September 4, 2019, the Committee was authorized to retain Fox Rothschild as their attorneys effective nunc pro tunc to July 17, 2019 (the "Retention Order") [D.I. 637]. The Retention Order authorizes the Debtors to compensate Fox Rothschild in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as were to be fixed by order of the Court. The Interim Compensation Order established such procedures.

### III. Summary of Application for the Compensation Period

6. By this Application, and in accordance with the Interim Compensation Order, Fox Rothschild requests approval of the Monthly Compensation Amount and the Monthly Expense Amount for the Compensation Period.

7. During the Compensation Period, Fox Rothschild performed the services for which it is seeking compensation from the Debtors and their estates. Fox Rothschild received no payment and no promises of payment from any other source for services rendered, or to be rendered, in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Fox Rothschild and any other person, other than members of the firm, for the sharing of compensation received for services rendered in these cases.

8. Fox Rothschild maintains computerized records of the time spent by all Fox Rothschild attorneys and paraprofessionals in connection with its representation of the Committee. Fox Rothschild's invoice for the Compensation Period is attached hereto as Exhibit A.

9. Fox Rothschild seeks monthly allowance and payment, pursuant to Bankruptcy Code sections 330 and 331, of all fees and expenses incurred during the Compensation Period. The

135781324.1

firm's total fees sought for the Compensation Period are $5,345.00.

10. Pursuant to the Interim Compensation Order, absent an objection to the Application, 80% of the firm's fees, or $4,276.00, is payable to Fox Rothschild upon the filing of a certification of no objection.

### A. Summary of Services Rendered by Fox Rothschild During the Compensation Period

11. This Application is the Thirty Fourth monthly fee application for Interim Compensation that Fox Rothschild has filed in these cases. During the Application Period, Fox Rothschild provided the professional services that are described in this Application and set forth in the attached time records.

12. Attached as Exhibit A are Fox Rothschild's itemized time records for professionals and paraprofessionals performing services for the Committee during the Compensation Period.

13. During the Compensation Period, Fox Rothschild billed the Committee for time expended by attorneys and paraprofessionals based on hourly rates ranging from $415 to $800 per hour. The professional services performed by Fox Rothschild on behalf of the Committee during the Compensation Period required an aggregate expenditure of 9.8 recorded hours by Fox Rothschild's partners, associates, and paraprofessionals. Fox Rothschild's blended hourly rate for services provided during the Compensation Period is $504.25.

14. The fees charged by Fox Rothschild as set forth in Exhibit A are billed in accordance with Fox Rothschild's existing billing rates and procedures in effect during the Compensation Period.

15. All entries itemized in Fox Rothschild's time records comply with the requirements set forth in Local Rule 2016-2, including, without limitation, (i) the utilization of project categories, (ii) a description of each activity or service that each individual performed, and (iii) the

135781324.1

number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. Each project category in Exhibit A is organized in accordance with Fox Rothschild's internal system of project category or work codes (each a "Task Code"). If a Task Code does not appear, then Fox Rothschild did not bill time or expenses for that Task Code during the Compensation Period but may bill time for that Task Code in the future. In accordance with Local Rule 2016-2(d)(x), all activity descriptions in Exhibit A are presented chronologically within each Task Code category.

16. The professional services performed by Fox Rothschild were necessary and appropriate to the administration of these cases. The professional services performed by Fox Rothschild were in the best interests of the Committee and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, or tasks involved. The professional services were performed expeditiously and efficiently.

17. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Fox Rothschild's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

B. **Actual and Necessary Expenses of Fox Rothschild**

18. Pursuant to Local Rule 2016-2(e), attached as Exhibit A are Fox Rothschild's itemized records detailing expenses incurred on behalf of the Committee during the Compensation Period.

19. Fox Rothschild incurred $21.32 in expenses during the Compensation Period.

135781324.1

These charges are generally intended to cover Fox Rothschild's direct costs incurred in representing the Committee, which costs are not incorporated in any respect into Fox Rothschild's hourly billing rates. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services. Only clients who actually use services of the types set forth in Exhibit A are separately charged for such services. Fox Rothschild has made every effort to minimize its expenses in these cases. The actual expenses incurred in providing professional services were necessary, reasonable, and tailored to serve the needs of the Committee.

        **C.**        **The Requested Compensation Should be Allowed**

20. The professional time expended by the firm, the value of said time in fees, and the value of the actual expenses incurred by the firm were actual, reasonable, and necessary. In all respects, the firm's fees and expenses meet the standards for allowance under Bankruptcy Code section 330, as well as the standards that govern the review and allowance of bankruptcy professionals' fees. See, e.g., In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833 (3d Cir. 1994).

21. Bankruptcy Code section 331 provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. See 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)(B). Bankruptcy Code section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

>> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

22. Whenever possible, Fox Rothschild sought to minimize the costs of its services to the Committee by assigning tasks as appropriate to junior attorneys and paraprofessionals whose rates are lower. Fox Rothschild's delegation as such has resulted in a desirable blended rate for its timekeepers.

23. Moreover, professionals in the firm's commercial bankruptcy and restructuring practice area rendered all of the services performed by Fox Rothschild. In so doing, Fox Rothschild brought to bear the utmost in relevant experience for the Committee and the Debtors' estates.

24. In sum, the services rendered by Fox Rothschild were necessary and beneficial to the Committee and the Debtors' estates and were performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

**D.     Reservation**

25.     To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Fox Rothschild has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Fox Rothschild reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

**IV.     Notice**

26.     Notice of this Application will be served upon: (a) the Debtors, Center City Healthcare, LLC, 216 North Broad Street, 4th Floor, Philadelphia, PA 19102; (b) Counsel to the Debtors, Saul Ewing Arnstein & Lehr LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801 (Attn: Mark Minuti, Esq. [mark.minuti@saul.com] and Monique B. DiSabatino, Esq. [Monique.disabatino@saul.com]) and 1500 Market Street, 38th Floor, Philadelphia, PA 19102 (Attn: Jeffrey Hampton, Esq. [jeffery.hampton@saul.com] and Adam H. Isenberg, Esq. [adam.isenberg@saul.com]); (c) the Office of the United States Trustee, District of Delaware, 844 N. King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin A. Hackman, Esq. [benjamin.a.hackman@usdoj.gov]); and (d) Counsel to the DIP Agent, Stradley, Ronon, Stevens, & Young, LLP, 2005 Market Street, Suite 2600, Philadelphia, PA 19103 (Attn: Gretchen M. Santamour, Esq. [gsantamour@stradley.com]) and 1000 N. West Street, Suite 1279, Wilmington, DE 19801 (Attn: Joelle E. Polesky, Esq. [jpolesky@stradley.com]).

## V. Conclusion

WHEREFORE, Fox Rothschild respectfully requests that the Court enter an order: (i) allowing interim compensation for professional services rendered during the Compensation Period in the amount of $5,345.00 and reimbursement of actual and necessary expenses incurred during the Compensation Period in the amount of $21.32; (ii) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Fox Rothschild's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of this Application; (iii) payment for services rendered during the Fee Period in the amount of $4,276.00 (80% of $5,345.00 (fees), plus 100% of $21.32 (expenses)) upon the filing of a certification of no objection; and (iv) granting Fox Rothschild such other and further relief as is just and proper.

Dated: July 21, 2022

**FOX ROTHSCHILD LLP**

*/s/ Seth A. Niederman*
Seth A. Niederman (DE No. 4588)
919 North Market Street, Suite 300
Wilmington, DE  19899-2323
Telephone:  (302) 654-7444
Facsimile:  (302) 656-8920
E-mail: sniederman@foxrothschild.com

*Counsel to the Official Committee of Unsecured Creditors*

135781324.1