# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>   Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered)<br>**Related to Docket Nos. 4098 and ___** |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, and ST. CHRISTOPHER'S HEALTHCARE, LLC,<br><br>   Plaintiffs,<br><br>v.<br><br>DIAGNOSTICA STAGO INC.,<br><br>   Defendant. | Adv. Proc. No. 21-50950 (MFW)<br><br>**Related to Adv. Pro. Nos. 19, 23, 24, 25, 30 and ____** |

## ORDER VACATING DEFAULT JUDGMENT AND APPROVING SETTLEMENT OF PREFERENCE CLAIMS AGAINST DIAGNOSTICA STAGO INC. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

The Court having considered the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to Rules 7055, 9019 and 9024 of the Federal Rules of Bankruptcy Procedure to vacate the default judgment entered in this adversary proceeding and for approval of the settlement of certain claims for avoidance and recovery of allegedly preferential transfers (the "**Preference Claims**"), as set forth in the Settlement

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

40282137.2 08/02/2022

Agreement attached as **Exhibit 1** hereto; and the Court finding that the Settlement Agreement is fair and reasonable, and the Court having jurisdiction to consider the Motion and the relief requested therein; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, creditors and other parties in interest; and the Court having reviewed the Motion and considered the arguments made at the hearing, if any; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is Granted as set forth herein.

2. The Default Judgment entered in this adversary proceeding on January 3, 2022 [D.I. No. 19] is hereby vacated.

3. The Settlement Agreement attached hereto as **Exhibit 1** with respect to the Debtors' Preference Claims against DSI is hereby approved in full and final settlement of such claims.

4. Claim 146 against CCH is hereby disallowed in its entirety.

5. The Debtors and their claims agent are authorized to take any and all actions necessary to effectuate the terms of the Settlement Agreement and/or this Order.

6. The Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

# **EXHIBIT 1**

**(Settlement Agreement)**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into as of the 1st day of June, 2022, by and between Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**"), Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC d/b/a St. Christopher's Hospital for Children and certain of their affiliates (collectively, the "**Debtors**") and Diagnostica Stago Inc. ("**DSI**," and together with the Debtors, the "**Parties**").

## RECITALS

WHEREAS, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b), and the cases were so consolidated under Case No. 19-11466;

WHEREAS, on or about August 12, 2019, DSI filed a proof of claim against Debtor CCH in the amount of $61,433.62, which is identified in CCH's claims registry as claim number 146 and the entirety of which is asserted as a general unsecured claim ("**Claim 146**");

WHEREAS, the Debtors and their estates maintain the right to prosecute and settle all estate claims and causes of action, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code;

WHEREAS, the Debtors, after review of their books and records, have asserted that DSI received transfers (the "**Transfers**") from the Debtors of no less than $51,792.00 on or within the 90 days before the Petition Date and have demanded the return of the Transfers as alleged preferential transfers that are subject to avoidance and recovery pursuant to sections 547 and 550 of the Bankruptcy Code;

WHEREAS, on or about June 27, 2021, the Debtors filed a complaint against DSI to avoid and recover the Transfers, which matter is proceeding under Case No. 21-50950 (the "**Adversary Proceeding**");

WHEREAS, on January 3, 2022, a default judgment was entered against DSI [Adv. D.I. 19] (the "**Default Judgment**");

WHEREAS, on February 4, 2022, DSI filed *Diagnostica Stago, Inc.'s Motion to Reopen Adversary Proceeding* [Adv. D.I. 25] ("**Motion to Reopen**") and *Diagnostica Stago, Inc.'s Motion to Vacate Entry of Default Judgment* [Adv. D.I. 23] ("**Motion to Vacate**," and together with the Motion to Reopen, the "**Pending Motions**");

WHEREAS, on February 17, 2022, the Court entered an *Order Approving Stipulation to Stay Briefing on Defendant's Motion to Vacate and Motion to Reopen* [Adv. D.I. 27] pursuant to which briefing on the Pending Motions was stayed until a date to be determined;

1

WHEREAS, the Parties have engaged in discussions and exchanged information regarding the Transfers and, as a result of those discussions, and to avoid further costs and the attendant risks of litigation, have decided to resolve the dispute concerning the Transfers and the Pending Motions upon the terms and conditions set forth in this Agreement,

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Debtors and DSI agree as follows:

## AGREEMENT

Settlement. In settlement of the disputes between the Parties, in resolution of the Pending Motions, and in full and final satisfaction of the Debtors' claims with respect to the Transfers, DSI shall pay to the Debtors the amount of $11,000.00 (the "**Settlement Amount**") within fifteen (15) days of the date of this Agreement. Payment shall be made by wire or by check, payable to "Philadelphia Academic Health System," and sent to:

>Philadelphia Academic Health System
>c/o Eisner Advisory Group LLC
>Attention: Allen Wilen
>One Logan Square
>130 North 18th St., Suite 3000
>Philadelphia, PA 19103

In the event the Settlement Payment is not delivered to the Debtors within fifteen (15) days of the date of this Agreement, the Debtors shall provide DSI (through its counsel) with written notice of breach. The Debtors will also provide DSI with a seven (7) day period from the date of notice to cure the breach. Notices of the breach shall be provided by electronic mail to the undersigned counsel:

**THE LAW OFFICE OF JAMES TOBIA, LLC**
James Tobia (#3798)
1716 Wawaset Street
Wilmington, DE 19806
Tel. (302) 655-5303
Fax (302) 656-8053
Email: jtobia@tobialaw.com

and

**JONES & ASSOCIATES**
Roland Gary Jones, Esq.
New York Bar No. RGJ-6902
1325 Avenue of the Americas
28th Floor
New York, NY 10019
Tel: (347) 862-9254

Fax: (212) 202-4416
Email: rgj@rolandjones.com

Bankruptcy Court Approval. The Parties acknowledge that this Agreement is subject to Bankruptcy Court approval. No later than fifteen (15) days after receipt of the Settlement Amount, the Debtors shall file a motion (the "**Motion**") with the Bankruptcy Court for entry of an Order approving the terms of this Agreement and vacating the Default Judgment. In the event that the Bankruptcy Court does not approve the Motion by entry of a Final Order, this Agreement shall be null and void and of no force and effect against either of the Parties and any part of the Settlement Amount that has been paid shall be returned to DSI, without interest, within five (5) business days of the entry of a Final Order denying the Motion. An order will be considered to be a "Final Order" if the order is not subject to any timely appeal or motion for reconsideration.

Dismissal of Adversary Proceeding. Within ten (10) business days following the entry of a Final Order granting the Motion, the Debtors shall dismiss the Adversary Proceeding with prejudice.

Debtors Release. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, the Debtors and the Debtors' estates, release and discharge DSI and its officers, directors, professionals, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type, that the Debtors and the Debtors' estates have or may have against DSI, including, but not limited to, any claims by the Debtors relating to the Transfers.

DSI Release. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, DSI releases and discharges the Debtors, the Debtors' estates, and their respective officers, directors, professionals, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type that DSI has or may have against the Debtors and the Debtors' estates, including Claim 146, any scheduled claims and any claim arising by virtue of DSI's payment of the Settlement Amount under section 502(h) of the Bankruptcy Code.

For the avoidance of doubt, effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, Claim 146 shall be deemed to be disallowed. DSI shall not amend any previously filed claims and shall not assert any additional claims against any of the Debtors on account of pre-petition or post-petition periods.

No Admission of Liability. This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any Party.

Choice of Law. This Agreement shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

Authority of Parties. The Parties each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Agreement on behalf of, and to bind, each

3

Party, as applicable, to the terms and conditions of this Agreement; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Agreement shall become effective upon the order approving this Agreement becoming a Final Order.

Advice of Counsel. The Parties affirm and represent to one another that: (i) they have each had the opportunity to seek the advice of counsel before entering into this Agreement; (ii) they have been given reasonable time to consider whether to execute this Agreement; and (iii) they have decided, with or without the advice of counsel, that they know and understand the contents of the Settlement Agreement and freely and voluntarily intend to be bound hereby.

Merger. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement. This Agreement may only be modified by an instrument in writing executed by each of the Parties hereto.

Attorney Fees. Each Party shall bear its own attorneys' fees and costs relating to this Agreement and the Adversary Proceeding.

Execution of Agreement. This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement. Facsimile, electronic mail and scanned signatures shall be deemed to have the full force and effect of ink signatures.

Enforcement of Agreement. In the event that legal action is instituted to enforce this Agreement, the prevailing party shall be entitled to recover from the losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

Jurisdiction. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement. The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies arising from or related to this Agreement.

Construction. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement, as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

IN WITNESS WHEREOF, the Parties hereby execute this Stipulation as of the date first written above, intending to be legally bound.

40115403.3

| | |
|---|---|
| **CENTER CITY HEALTHCARE, LLC D/B/A HAHNEMANN UNIVERSITY HOSPITAL** | **DIAGNOSTICA STAGO INC.** |
| _____ <br> Allen Wilen, Chief Restructuring Officer <br> c/o EisnerAmper LLP <br> 111 Wood Avenue South <br> Telephone: (732) 243-7386 <br> Allen.Wilen@eisneramper.com | /s/ _____ <br> Marc Bouchacourt <br> Chief Legal Counsel, Stago North America <br> 5 Century Drive <br> Parsippany, NJ 07054, <br> Telephone: (973) 631.1200 ext. 4207 <br> marc.bouchacourt@stago.com |

5

40115403.3