**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>Jointly Administered<br><br>**Objection Deadline: August 22, 2022 at 4:00 p.m. (EST)**<br>**Hearing Date: August 29, 2022 at 10:30 a.m. (EST)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO FILE CERTAIN PORTIONS OF THE MEMORANDUM OF
UNDERSTANDING RE GLOBAL SETTLEMENT AMONG, *INTER ALIA*,
DEBTORS, DEBTORS' SUBSIDIARIES, COMMITTEE, TENET, CONIFER,
MBNF PARTIES, HSRE ENTITIES AND CONA PARTIES UNDER SEAL**

The above-referenced debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through their undersigned attorneys, hereby file this motion (the "**Motion to Seal**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 9018-1(d) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Debtors to file under seal certain portions of the *Memorandum of Understanding Re Global Settlement Among, Inter Alia, Debtors, Debtors' Subsidiaries, Committee, Tenet, Conifer, MBNF Parties, HSRE Entities and CONA Parties* (the "**MOU**"), which is attached as Exhibit 1 to the proposed order approving the contemporaneously-filed *Debtors' Motion for Orders: (I) Approving Memorandum of Understanding Re Global*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

*Settlement Among, Inter Alia, Debtors, Debtors' Subsidiaries, Committee, Tenet, Conifer, MBNF Parties, HSRE Entities and CONA Parties, which Provides for, Inter Alia, Resolution of Adversary Proceedings, Withdrawal of Claims, Allocation and Distribution of Assets from RRG and Consensual Substantive Consolidation of Certain Assets, Contracts and Liabilities of the Non-Debtor Broad Street Propcos with Debtor Center City Healthcare, LLC, and Granting Related Relief; and (II) Approving Related Settlement Agreement and Release with Travelers Casualty and Surety Company of America* (the "**9019 Motion**").  In support of this Motion to Seal, the Debtors state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(d).

## BACKGROUND[2]

6. On June 30, 2019 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors

---

[2] Capitalized terms not otherwise defined in this Motion to Seal shall have the same meaning as set forth in the MOU.

continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On or about August 2, 2022, following a year-long mediation process before the Honorable Kevin J. Carey (ret.), the Debtors, the Committee, the MBNF Parties, Tenet, Conifer, the HSRE Entities and the CONA Parties, (collectively, the "**Mediation Parties**") and certain other parties entered into the MOU to settle various disputes.

8. Contemporaneously with the filing of this Motion to Seal, the Debtors have filed the 9019 Motion by which the Debtors seek Court approval of the MOU. As noted above, the MOU is attached to the proposed form of order approving the 9019 Motion (the "**Proposed 9019 Order**") as Exhibit 1 (and the Proposed 9019 Order is in turn attached to the 9019 Motion as Exhibit A).

9. By this Motion to Seal, the Debtors seek the entry of the Proposed Order, authorizing them to file under seal the following limited information in the MOU to prevent the disclosure of information that the Debtors and certain of the Mediation Parties believe is confidential and/or commercially sensitive information (together, the "**Confidential Information**"):

    a) The references to the dollar amount in Section 17 of the MOU at which Tenet will share in the proceeds received from the HPP Notes; and

    b) The entirety of Sections 26 and 27 of the MOU, which address certain claims of the Debtors' estates against third-parties and potential claims of third-parties against certain of the Mediation Parties.

## LEGAL AUTHORITY AND ARGUMENT

10. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the

disclosure of certain confidential information. Specifically, section 107(b) provides in part that:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

11.	In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

12.	Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Local Rule 9018-1(d) additionally provides, in relevant part, that "[a]ny entity seeking to file a document . . . under seal must file a motion requesting such relief . . . ." Del. Bankr. L.R. 9018-1(d).

13.	Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27.

14.	Here, sufficient cause exists for the Court to grant the relief sought by this Motion to Seal. Indeed, granting the Motion to Seal will preclude public disclosure of the

4

Confidential Information and protect the Debtors and certain of the other Mediation Parties from prejudice. If certain of the Confidential Information is not sealed, for example, potential bidders for the Real Estate, which is the subject of the MOU, may have an unfair advantage in bidding upon or negotiating for the potential purchase of the Real Estate. Moreover, certain other Confidential Information in the MOU relates to third-party claims asserted against certain of the Mediation Parties and/or certain Debtors' estate claims, which, if not sealed, could prejudice the Debtors and other of the Mediation Parties in the pursuit or defense of such claims.

15. No party will be prejudiced by permitting the Debtors to file the limited Confidential Information under seal since disclosure of the Confidential Information is not necessary for any party-in-interest to understand, support or oppose the comprehensive settlement embodied in the MOU.

16. In light of the foregoing, the Debtors respectfully request that the Court authorize the Debtors to (i) file the Confidential Information contained in the MOU and Schedule 3(b) thereto under seal, (ii) file a redacted versions of the MOU and Schedule 3(b) on the docket in these chapter 11 cases, and (iii) provide unredacted versions of the MOU to: (a) the U.S. Trustee; (b) counsel for the Mediation Parties; and (c) any other party, at the sole discretion of the Debtors.

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9018-1(d)(iv)**

17. Pursuant to Delaware Bankruptcy Local Rule 9018-1(d)(iv), the undersigned counsel hereby certifies that the Debtors conferred in good faith with the other Mediation Parties, and the other Mediation Parties are in agreement with the provisions of the MOU and Schedule 3(b) sought to be sealed by this Motion to Seal.

## NOTICE

18. Notice of this Motion to Seal will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Official Committee of Unsecured Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) the Pennsylvania Department of Health; (xi) the City of Philadelphia; (xii) counsel to the Mediation Parties; (xiii) counsel to Travelers; and (xiv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR MOTION

19. The Debtors have not made any prior motion for the relief sought in this Motion to Seal to this Court or any other court.

[remainder of page left intentionally blank]

40140966.4 08/08/2022

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to file the Confidential Information under seal; and (b) granting such other and further relief as the Court deems necessary and appropriate.

Dated: August 8, 2022  **SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Mark Minuti*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Fax: (302) 421-6813
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*