**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered)<br>**Related to Docket Nos. 4109 and 4163** |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL,<br><br>      Plaintiff,<br><br>v.<br><br>KEYSTONE QUALITY TRANSPORT INC.,<br><br>      Defendant. | Adv. Proc. No. 21-50903 (MFW)<br><br>**Related to Adv. Docket Nos. 29 and 30** |

**ORDER APPROVING SETTLEMENT OF PREFERENCE CLAIMS AGAINST KEYSTONE QUALITY TRANSPORT INC. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

      The Court having considered the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for approval of the settlement of certain claims for avoidance and recovery of allegedly preferential transfers (the "**Preference Claims**"), as set forth in the Settlement Agreement attached as **Exhibit 1** hereto; and the Court finding that the Settlement

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

40321817.2 08/11/2022

Agreement is fair and reasonable, and the Court having jurisdiction to consider the Motion and the relief requested therein; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, creditors and other parties in interest; and the Court having reviewed the Motion and considered the arguments made at the hearing, if any; and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**:

1. The Motion is Granted as set forth herein.

2. The Settlement Agreement attached hereto as **Exhibit 1** with respect to the Debtors' Preference Claims against Keystone is hereby approved in full and final settlement of such claims.

3. The Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: August 12th, 2022  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

40321817.2 08/11/2022


# EXHIBIT 1

**(Settlement Agreement)**

40321817.2 08/11/2022

# SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into as of the 29th day of June, 2022, by and between Center City Healthcare, LLC d/b/a Hahnemann University Hospital (the "**Debtor**") and Keystone Quality Transport Inc. ("**Keystone**") (the Debtor and Keystone, together, the "**Parties**").

## RECITALS

WHEREAS, on June 30, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtor is operating its businesses and managing its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtor moved for joint administration and procedural consolidation of the chapter 11 cases with other related debtors pursuant to Bankruptcy Rule 1015(b), and the cases were so consolidated under Case No. 19-11466;

WHEREAS, the Debtor and its estate maintain the right to prosecute and settle all estate claims and causes of action, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code;

WHEREAS, the Debtor, after review of its books and records, have asserted that Keystone received transfers (the "**Transfers**") from the Debtor of no less than $70,995.00 on or within the 90 days before the Petition Date and have demanded the return of the Transfers as alleged preferential transfers that are subject to avoidance and recovery pursuant to 11 U.S.C. §§ 547, 548 and 550, and disallowance of claims pursuant to 11 U.S.C. S 502(d);

WHEREAS, on or about June 24, 2021, the Debtor filed a complaint against Keystone to avoid and recover the Transfers, which matter is proceeding under Case No. 21-50903 (the "**Adversary Proceeding**");

WHEREAS, Keystone disputes any liability for return of the Transfers;

WHEREAS, the Parties have engaged in discussions and exchanged information regarding the Transfers and, as a result of those discussions, and to avoid further costs and the attendant risks of litigation, have decided to resolve the dispute concerning the Transfers upon the terms and conditions set forth in this Agreement;

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Debtor and Keystone agree as follows:

## AGREEMENT

Settlement. In settlement of the dispute between the Parties and in full and final satisfaction of all of the Debtor's claims with respect to the Transfers, Keystone shall pay to the Debtor a lump sum payment of Fifteen Thousand Dollars ($15,000.00) (the "**Settlement Amount**") within fifteen

1

(15) days of the date of this Agreement.  Payment shall be made by wire or by check, payable to "Philadelphia Academic Health System," and sent to:

> Philadelphia Academic Health System
> c/o Eisner Advisory Group LLC
> Attention: Allen Wilen
> One Logan Square
> 130 North 18th St., Suite 3000
> Philadelphia, PA 19103

The Settlement Amount will be held in escrow pending approval of the Bankruptcy Court, and may not be used or transferred by the Debtor until such approval is final.

Bankruptcy Court Approval. The Parties acknowledge that this Agreement is subject to Bankruptcy Court approval.  No later than thirty (30) days after receipt of the Settlement Amount, the Debtor shall file a motion (the "**Motion**") with the Bankruptcy Court for entry of an Order approving the terms of this Agreement.  In the event that the Bankruptcy Court does not approve the Motion by entry of a Final Order, this Agreement shall be null and void and of no force and effect against either of the Parties and any part of the Settlement Amount that has been paid shall be returned to Keystone without interest. An order will be considered to be a "Final Order" if the order is not subject to any timely appeal or motion for reconsideration.

Dismissal of Adversary Proceeding. Within ten (10) business days following the entry of a Final Order approving this Agreement, the Debtor shall dismiss the Adversary Proceeding with prejudice.

Debtor Release. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, the Debtor and the Debtor's estates, release and discharge Keystone and its officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type, that the Debtor and the Debtor's estates have or may have against Keystone, including, but not limited to, any claims related to the Transfers.  For the avoidance of doubt, the Parties hereby acknowledge that the purpose of this Agreement is to bring complete peace between them and to resolve and settle any and all disputes and claims that existed or could have existed as of the date set forth above related in any way to the Adversary Proceeding and/or Transfers.

Keystone Release. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, Keystone and its officers, directors, agents, employees, representatives and attorneys release and discharge the Debtor, the Debtor's estates, and its respective officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type that Keystone has or may have against the Debtor and the Debtor's estates including, but not limited to, the following: (i) any proof of claim filed by Keystone; (i) any scheduled claim of Keystone filed by the Debtor; (iii) any and all administrative claims asserted, filed or adjudicated by Keystone against the Debtor and its estate, and any claim arising by virtue of Keystone's payment of the Settlement Amount under Section 502(h) of the Bankruptcy Code.

For the avoidance of doubt, the Parties hereby acknowledge that the purpose of this Agreement is to bring complete peace between them and to resolve and settle any and all disputes and claims that existed or could have existed as of the date set forth above related in any way to the Adversary Proceeding and/or Transfers.

<u>No Admission of Liability</u>. This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any Party.

<u>Choice of Law</u>. This Agreement shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

<u>Authority of Parties</u>. The Parties each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Agreement on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Agreement; provided, however, that the Debtor's authorization is subject to Bankruptcy Court approval and this Agreement shall become effective upon the order approving this Agreement becoming a Final Order.

<u>Advice of Counsel</u>. The Parties affirm and represent to one another that: (i) they have each had the opportunity to seek the advice of counsel before entering into this Agreement; (ii) they have been given reasonable time to consider whether to execute this Agreement; and (iii) they have decided, with or without the advice of counsel, that they know and understand the contents of the Settlement Agreement and freely and voluntarily intend to be bound hereby.

<u>Merger</u>. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement. This Agreement may only be modified by an instrument in writing executed by each of the Parties hereto.

<u>Execution of Agreement</u>. This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement. Facsimile, electronic mail and scanned signatures shall be deemed to have the full force and effect of ink signatures.

<u>Enforcement of Agreement</u>. In the event that legal action is instituted to enforce this Agreement, the prevailing party shall be entitled to recover from the losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

<u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement. The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies arising from or related to this Agreement.

<u>Construction</u>. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement, as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting

party shall not be employed in the interpretation of this Agreement and (b) that each party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

      IN WITNESS WHEREOF, the Parties hereby execute this Settlement Agreement as of the date first written above, intending to be legally bound.

| | |
|---|---|
| **SAUL EWING ARNSTEIN & LEHR LLP** | **KEYSTONE QUALITY TRANSPORT INC.** |
| */s/ Monique DiSabatino* | */s/ Jeffrey M. Carbino* |
| Mark Minuti (DE Bar No. 2659) | Jeffrey M. Carbino (DE Bar No. 4062) |
| Monique B. DiSabatino (DE Bar No. 6027) | 222 Delaware Avenue, Suite 1105 |
| 1201 N. Market Street, Suite 2300 | Wilmington, DE 19801 |
| P.O. Box 1266 | Telephone: (302) 351-0912 |
| Wilmington, DE 19899 | jeff.carbino@offitkurman.com |
| Telephone: (302) 421-6800 | |
| mark.minuti@saul.com | -and- |
| monique.disabatino@saul.com | |
| | Jeffrey Kurtzman, Esquire |
| -and- | **KURTZMAN STEADY, LLC** |
| | 555 City Avenue, Suite 480 |
| Jeffrey C. Hampton | Bala Cynwyd, PA 19004 |
| Adam H. Isenberg | Telephone: (215) 839-1222 |
| Centre Square West | kurtzman@kurtzmansteady.com |
| 1500 Market Street, 38th Floor | |
| Philadelphia, PA 19102 | *Counsel for Defendant Keystone Quality Transport, Inc.* |
| Telephone: (215) 972-7777 | |
| Fax: (215) 972-7725 | |
| jeffrey.hampton@saul.com | |
| adam.isenberg@saul.com | |
| *Counsel for the Debtor and Debtor in Possession* | |

4

06/29/2022
40213034.1