# EXHIBIT A

# Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Related to Docket No. 4112** |
| | ) |

ORDER APPROVING SETTLEMENT OF PREFERENCE
CLAIMS AGAINST SANOFI PASTEUR INC. PURSUANT
TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

The Court having considered the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for approval of the settlement of certain claims for avoidance and recovery of allegedly preferential transfers (the "**Preference Claims**"), as set forth in the Settlement Agreement attached as **Exhibit 1** hereto; and the Court finding that the Settlement Agreement is fair and reasonable, and the Court having jurisdiction to consider the Motion and the relief requested therein; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, creditors and other parties in interest; and the Court having reviewed the Motion and considered

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

10140478.v1

the arguments made at the hearing, if any; and after due deliberation and sufficient cause appearing therefor

        **IT IS HEREBY ORDERED THAT:**:

        1.      The Motion is Granted as set forth herein.

        2.      The Settlement Agreement attached hereto as **Exhibit 1** with respect to the Debtors' Preference Claims against Sanofi Pasteur Inc. is hereby approved in full and final settlement of such claims.

        3.      The Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

10140478.v1

# **EXHIBIT 1**

**(Settlement Agreement)**

10140478.v1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into as of the 14th day of July, 2022, by and between (i) Center City Healthcare, LLC, (ii) Philadelphia Academic Health System, LLC, (iii) St. Christopher's Healthcare, LLC, (iv) Philadelphia Academic Medical Associates, LLC, (v) HPS of PA, L.L.C., (vi) SCHC Pediatric Associates, L.L.C., (vii) St. Christopher's Pediatric Urgent Care Center, L.L.C., (viii) SCHC Pediatric Anesthesia Associates, L.L.C., (ix) St Chris Care at Northeast Pediatrics, L.L.C., (x) TPS of PA, L.L.C., (xi) TPS II of PA, L.L.C., (xii) TPS III of PA, L.L.C., (xiii) TPS IV of PA, L.L.C. and (xiv) TPS V of PA, L.L.C. (collectively, the "**Debtors**") and Sanofi Pasteur Inc. ("**Sanofi Pasteur**"), (the Debtors and Sanofi Pasteur, together, the "**Parties**") by and through their respective duly authorized undersigned counsel.

## RECITALS

WHEREAS, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b), and the cases were so consolidated under Case No. 19-11466;

WHEREAS, the Debtors and their estates maintain the right to prosecute and settle all estate claims and causes of action, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code;

WHEREAS, the Debtors, after review of their books and records, have asserted that Sanofi Pasteur received transfers (the "**Transfers**") from the Debtors of no less than $116,071.55 on or within the 90 days before the Petition Date and have demanded the return of the Transfers as alleged preferential transfers that are subject to avoidance and recovery pursuant to sections 547 and 550 of the Bankruptcy Code;

WHEREAS, on or about June 28, 2021, the Debtors filed a complaint against Sanofi Pasteur to avoid and recover the Transfers, which matter is proceeding under Case No. 21-50985 (MFW) (the "**Adversary Proceeding**");

WHEREAS, Sanofi Pasteur disputes any liability for return of the Transfers;

WHEREAS, the Parties have engaged in discussions and exchanged information regarding the Transfers and, as a result of those discussions, and to avoid further costs and the attendant risks of litigation, have decided to resolve the dispute concerning the Transfers upon the terms and conditions set forth in this Agreement,

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Debtors and Sanofi Pasteur agree as follows:

## AGREEMENT

1. **Settlement Amount**. Sanofi Pasteur shall pay to the Debtors $3,500.00 (the "**Settlement Amount**") within fifteen (15) days of the Parties executing this Agreement. Payment of shall be made by wire or by check, payable to "Philadelphia Academic Health System," and sent to:

> Philadelphia Academic Health System
> c/o Eisner Amper LLP
> Attention: Allen Wilen
> One Logan Square
> 130 North 18th St., Suite 3000
> Philadelphia, PA 19103

2. **W-9 Form.** No later than three (3) days after execution of this Settlement Agreement by the Parties, the Plaintiff shall provide a W-9 form to Sanofi Pasteur.

3. **Bankruptcy Court Approval**. The Parties acknowledge that this Agreement is subject to Bankruptcy Court approval. No later than thirty (30) days after receipt of the Settlement Amount, the Debtors shall file a motion (the "**Motion**") with the Bankruptcy Court for entry of an Order approving the terms of this Agreement (the "**Approval Order**").

4. **Effective Date**. This Agreement shall become effective on the first date on which the Approval Order is a Final Order. For the purposes of this agreement, the term "**Final Order**" shall mean an order of the Bankruptcy Court which is not subject to any stay of its effectiveness and: (i) as to which the time to appeal or petition for certiorari has expired and as to which no timely appeal, or petition for certiorari shall then be pending; or (ii) if a timely appeal or writ of certiorari thereof has been sought, the order shall have been affirmed by the highest court to which such order was appealed, or certiorari shall have been denied or re-argument or rehearing on remand shall have been denied or resulted in no modification of such order, and the time to take any further appeal or petition for certiorari shall have expired.

5. **Preservation of Claims and Defenses**. If the Effective Date does not occur, and/or this Agreement is not duly executed by the Parties then:

   a. The Agreement shall be deemed null and void;

   b. The Parties shall not be deemed to have waived any right or to have settled any controversy between the Debtors and Sanofi Pasteur that existed before the execution of the Agreement;

   c. The Parties shall be restored to their respective positions immediately before the execution of the Agreement;

   d. Neither this Agreement nor any exhibit, document, or instrument delivered hereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Agreement, shall be (i) with prejudice to any person or Party hereto, (ii) deemed to be or construed as an admission by any Party of any act,

#127789508 v3

matter, proposition, or merit or lack of merit of any claim or defense, or (iii) referred to or used in any manner or for any purpose in any subsequent proceeding in this action, or in any other action in any court or in any other proceeding; and

        e.      All negotiations, proceedings, and statements made in connection with the negotiation of this Agreement (i) shall be without prejudice to any person or party herein, (ii) shall not be deemed as or construed to be an admission by any party herein of any act, matter, proposition, or merit or lack of merit of any claim or defense, and (iii) shall not be offered in evidence in this or any other action or proceeding, except in connection with this Agreement or the enforcement thereof.

        6.      <u>Dismissal of Adversary Proceeding</u>.  Within ten (10) business days following the entry of a Final Order approving this Agreement, the Debtors shall file a stipulation dismissing the Adversary Proceeding with prejudice; <u>provided</u>, <u>however</u>, if the Bankruptcy Court automatically closes the Adversary Proceeding prior to the Parties filing the same, the Adversary Proceeding shall be deemed to have been dismissed with prejudice.

        7.      <u>Debtors Release</u>. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, the Debtors, the Debtors' estates and their successors and assigns, forever waive, release and discharge Sanofi Pasteur and its officers, directors, agents, employees, representatives and attorneys (the "**Sanofi Pasteur Released Parties**"), from any and all manner of action and actions, cause and causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever in law or in equity, now known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that the Debtors, their estates and their successors, assigns, now have, had or may have had against the Sanofi Pasteur Released Parties from the beginning of time through the date of this Agreement, including, but not limited to, any claims related to the Transfers.

        8.      <u>Sanofi Pasteur Release</u>. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, Sanofi Pasteur releases and discharges the Debtors, the Debtors' estates, and their respective officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type that Sanofi Pasteur has or may have against the Debtors and the Debtors' estates, including any claims arising under section 502(h) of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that Sanofi Pasteur does not waive any rights with respect to any timely filed proofs of claim and/or scheduled claims held against the Debtors, and the Debtors maintain all rights to object thereto.

        9.      <u>No Admission of Liability</u>. This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any Party.

        10.      <u>Choice of Law</u>. This Agreement shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding

its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

11. **Authority of Parties**. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Agreement on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Agreement; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Agreement shall become effective upon the order approving this Agreement becoming a Final Order.

12. **Merger**. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement. This Agreement may only be modified by an instrument in writing executed by each of the Parties hereto.

13. **Execution of Agreement**. This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement. Facsimile, electronic mail and scanned signatures shall be deemed to have the full force and effect of ink signatures.

14. **Enforcement of Agreement**. In the event that legal action is instituted to enforce this Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees, costs, all necessary disbursements and out-of-pocket expenses, whether statutorily approved or non-approved costs, in connection with said enforcement action.

15. **Jurisdiction**. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement. The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies arising from or related to this Agreement.

16. **Construction**. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement, as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

[remainder of page left intentionally blank]

IN WITNESS WHEREOF, the Parties, by and through their duly authorized respective counsel, hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| | |
|---|---|
| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **TROUTMAN PEPPER HAMILTON SANDERS LLP** |
| /s/ Sally E. Veghte | /s/ Evelyn J. Meltzer |
| Domenic E. Pacitti (DE Bar No. 3989) | Evelyn J. Meltzer (DE No. 4581) |
| Michael W. Yurkewicz (DE Bar No. 4165) | Hercules Plaza, Suite 5100 |
| Sally E. Veghte (DE Bar No. 4762) | 1313 N. Market Street |
| 919 North Market Street, Suite 1000 | P.O. Box 1709 |
| Wilmington, Delaware 19801 | Wilmington, Delaware 19899-1709 |
| Telephone: (302) 426-1189 | Telephone: (302) 777-6500 |
| Email: dpacitti@klehr.com | Facsimile: (302) 421-8390 |
| myurkewicz@klehr.com | Email: evelyn.meltzer@troutman.com |
| sveghte@klehr.com | |
| *Counsel for the Debtors* | *Counsel to Defendant Sanofi Pasteur Inc.* |

#127789508 v3