**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a ) | Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* ) | |
| *al*.,[1] ) | Jointly Administered |
| ) | |
| Debtors. ) | Related to Docket Nos. 4066, 4093 and ____ |

**ORDER APPROVING STIPULATION GRANTING LIMITED
RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO
PERSONAL INJURY CLAIMS ASSERTED BY LILIANA E. RIVERA,
INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF
JEZABELLE NGUYEN, AND JOHN THANH NGUYEN**

Upon consideration of the *Stipulation Granting Limited Relief from the Automatic Stay with Respect to Personal Injury Claims Asserted by Liliana E. Rivera, individually and as representative of the estate of Jezabelle Nguyen, and John Thanh Nguyen* (the "Stipulation")[2] attached hereto as **Exhibit "1;"** and the Court having jurisdiction over the matters raised in the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Stipulation having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Stipulation is in the best interests of the Debtors, their estates, creditors and all parties-in-interest,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

and that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. Within five (business) days following the Stipulation Effective Date, the Plaintiffs shall: (i) withdraw the Praecipe for Default; and (ii) dismiss, with prejudice, SCH from the Action.

3. The Debtors are authorized to take any and all actions necessary to effectuate the Stipulation.

4. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.

5. This Order is effective immediately upon entry.

# EXHIBIT 1

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a ) | Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* ) | |
| *al.*,[1] ) | Jointly Administered |
| ) | |
| Debtors. ) | |

**STIPULATION GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO PERSONAL INJURY CLAIM ASSERTED BY LILIANA E. RIVERA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JEZABELLE NGUYEN, AND JOHN THANH NGUYEN**

This *Stipulation Granting Limited Relief from the Automatic Stay with Respect to Personal Injury Claims Asserted by Liliana E. Rivera, Individually and as Representative of the Estate of Jezabelle Nguyen, and John Thanh Nguyen* (the "**Stipulation**") is made and entered into as of the 19th day of August, 2022 between and among the above-referenced debtors and debtors-in-possession (collectively, the "**Debtors**") and Liliana E. Rivera, individually and as representative of the estate of Jezabelle Nguyen, and John Thanh Nguyen ("**Plaintiffs**," and together with the Debtors, the "**Parties**"), by and through their respective duly authorized undersigned counsel.

## INTRODUCTION

**WHEREAS**, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

(the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

WHEREAS, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, the Debtors' chapter 11 cases (the "**Chapter 11 Cases**") have been procedurally consolidated;

WHEREAS, following the Petition Date, on or about November 30, 2020, Plaintiffs initiated a civil action against Debtor St. Christopher's Healthcare, LLC ("**SCH**") and several other non-debtor defendants by filing a writ of summons in the Philadelphia County Court of Common Pleas (the "**State Court**"), alleging various causes of action (the "**Action**");

WHEREAS, the Action is captioned as *Nguyen et al. v. St. Christopher's Healthcare LLC*, Case No. 201102331 (Phila. Ct. Com. Pl. July 14, 2021);

WHEREAS, the Debtors deny any and all liability with respect to, and contest the merits of, the Action;

WHEREAS, on August 30, 2021, the Plaintiffs filed a praecipe to enter a judgment by default (the "**Praecipe for Default**") against SCH for failure to file an answer within the required time;

WHEREAS, the Debtors assert that the Praecipe for Default is improper and was filed in violation of the automatic stay;

WHEREAS, on July 6, 2022, Plaintiffs filed the *Motion of Liliana E. Rivera and John Thanh Nguyen for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d)(1)* [D.I. 4066] (the "**Stay Relief Motion**"), seeking relief from the automatic stay to pursue the State Court Action to the extent of SCH's applicable insurance coverage;

40265722.3 08/19/2022

WHEREAS, the Plaintiffs seek, and the Debtors are willing to consent to, a limited modification of the automatic stay of section 362 of the Bankruptcy Code, subject solely to the terms and conditions set forth herein, to allow the continued pursuit of the Action.

NOW, THEREFORE, in consideration of the mutual promises and agreements contained herein and in resolution of the Stay Relief Motion, the Parties hereby contract, covenant and agree, subject to Bankruptcy Court approval as set forth herein, as follows:

## STIPULATION

1. Each of the Recitals set forth above is incorporated herein by reference.

2. This Stipulation is subject to and conditioned upon the entry of a Final Order of the Court approving this Stipulation (the "**Stipulation Effective Date**").  In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect.  In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante*.  As used herein, "**Final Order**" means an order of the Court, as entered on the docket in the Chapter 11 Cases, that has not been reversed, stayed, modified or amended and to which the time to appeal, petition for certiorari, or seek re-argument or rehearing has expired and to which no appeal, re-argument, petition for certiorari, or rehearing is pending or, if an appeal, re-argument, certiorari, or rehearing thereof has been sought, such order has been affirmed by the highest court to which the order was appealed or from which the re-argument or rehearing was sought, or certiorari has been denied, and the time to take any

further appeal or to seek certiorari or further re-argument or rehearing has expired, *provided, however*, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure or Rule 9024 of the Federal Rules of Bankruptcy Procedure may be filed with respect to such order, as long as such a motion actually has not been filed.

3. Within five business days after the Stipulation Effective Date, the Plaintiffs shall withdraw the Praecipe for Default. Promptly upon the withdrawal of the Praecipe for Default, (a) the automatic stay shall be modified solely to permit the Plaintiffs to dismiss, with prejudice, SCH from the Action; and (b) the Plaintiffs shall dismiss, with prejudice, SCH from the Action. Neither the Plaintiffs nor any of their agents, attorneys or representatives shall take any action or attempt to cause any action to be taken to collect all or any portion of any settlement or judgment obtained on account of, or in connection with, the Action from the Debtors and/or the properties and assets (including insurance and insurance proceeds) of any of the Debtors' estates.

4. The Plaintiffs waive the right and ability to recover on any and all claims that they have or may have against the Debtors or their estates arising out of, related to, or in connection with, the Action. Upon the Stipulation Effective Date, the Plaintiffs shall be deemed to have waived the ability to file a proof of claim in the Chapter 11 Cases and/or seek recovery on account of any and all other claims that they may have against the Debtors and/or their estates.

5. Except to the extent expressly set forth in paragraph 3 herein, the automatic stay of section 362(a) of the Bankruptcy Code shall remain in full force and effect for all other purposes. Nothing herein shall constitute or operate as a waiver or modification of the automatic stay so as to permit the prosecution against any of the Debtors of any claims by any person or

entity other than the Plaintiffs with respect to the Action, subject to the limitations set forth herein.

6. The agreement by the Debtors to the modification of the automatic stay on the terms and conditions set forth herein shall not be deemed an agreement by the Debtors to provide assistance or to cooperate with the Plaintiffs in any way in their efforts to pursue a recovery in connection with the Action.

7. Nothing contained herein shall be deemed an admission of liability on the part of the Debtors with respect to the Action.

8. The Debtors and the claims agent are authorized to take any and all actions necessary to effectuate this Stipulation including, without limitation, amending the claims register in the Chapter 11 Cases to reflect the terms of this Stipulation.

9. This Stipulation is the entire agreement between the Debtors and the Plaintiffs with respect to the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

10. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

11. Each of the Parties further acknowledges that it has been fully advised with respect to its rights and obligations under this Stipulation by counsel of its own choosing. Each of the Parties has consulted with counsel of its own choosing and has had adequate opportunity

to make whatever investigation or inquiry it deems necessary or desirable with respect to the subject matter and terms of this Stipulation.

12.　In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

13.　This Stipulation shall be binding and inure to the benefit of the Parties hereto, their successors and assigns, including without limitation, as to the Debtors, any chapter 7 or chapter 11 trustee, plan administrator or estate representative, and as to the Plaintiffs, any executors, estate administrators or representatives.

14.　No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party unless such modification, amendment or waiver is in writing, has been approved by the Court, and has been executed by a duly authorized representative of the Party against whom such modification, amendment or waiver is sought to be enforced.  If any part of this Stipulation is held to be unenforceable by any court of competent jurisdiction, the unenforceable provision shall be deemed amended to the least extent possible to render it enforceable and the remainder of this Stipulation shall remain in full force and effect.

15.　This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws principles thereof.  This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, agents, attorneys and representatives.

16.　This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

7

17. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| | |
|---|---|
| **SAUL EWING ARNSTEIN & LEHR LLP** | **FLASTER/GREENBERG P.C.** |
| */s/ Monique B. DiSabatino* <br> Mark Minuti (DE Bar No. 2659) <br> Monique Bair DiSabatino (DE Bar No. 6027) <br> 1201 N. Market Street, Suite 2300 <br> P.O. Box 1266 <br> Wilmington, DE 19899-1266 <br> Telephone: (302) 421-6800 <br> mark.minuti@saul.com <br> monique.disabatino@saul.com <br><br> -and- <br><br> Jeffrey C. Hampton <br> Adam H. Isenberg <br> Centre Square West <br> 1500 Market Street, 38th Floor <br> Philadelphia, PA 19102 <br> Telephone: (215) 972-7777 <br> jeffrey.hampton@saul.com <br> adam.isenberg@saul.com <br><br> *Counsel for Debtors and Debtors in Possession* | */s/ William J. Burnett* <br> William J. Burnett (DE Bar No. 4078) <br> 1201 North Orange Street, Suite 301 <br> Wilmington, DE 19801 <br> Telephone: (302) 351-1910 <br> William.burnett@flastergreenberg.com <br><br> -and- <br><br> Samantha J. Fitzpatrick <br> 1717 Arch St., Suite 3300 <br> Philadelphia, PA 19103 <br> Telephone: (215) 587-5616 <br> Samantha.fitzpatrick@flastergreenberg.com <br><br> *Counsel for Liliana E. Rivera, individually and as representative of the estate of Jezabelle Nguyen, and John Thanh Nguyen* |