**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | : | Chapter 11 |
| In re: | : | |
| | : | Case No. 19-11466 (MFW) |
| CENTER CITY HEALTHCARE, LLC | : | |
| d/b/a HAHNEMANN UNIVERSITY | : | (Jointly Administered) |
| HOSPITAL, et al., | : | |
| | : | Related to Docket Nos. 4128, 4129 and 4130 |
| Debtors. | : | |
| | : | Hearing Date: August 29, 2022 at 10:30 a.m. |
| | : | Objection Deadline: August 22, 2022 |

**OBJECTION OF IS BBFB LLC AND IS 245 NORTH 15TH LLC TO DEBTORS'
MOTION FOR ORDERS APPROVING MEMORANDUM OF UNDERSTANDING
RE GLOBAL SETTLEMENT AMONG, *INTER ALIA*, DEBTORS, DEBTORS'
SUBSIDIARIES, COMMITTEE, TENET, CONIFER MBNF PARTIES, HSRE
ENTITIES AND CONA PARTIES AND FOR RELATED RELIEF**

IS BBFB LLC and IS 245 North 15th LLC (collectively, the "IS Owners"), by and through

their undersigned attorneys, hereby object to the motion (the "Motion") of the above-captioned

debtors and debtors-in-possession (the "Debtors") for an order approving memorandum of

understanding (the "MOU") regarding a global settlement and for related relief [D.I. 4130], and

respectfully represent as follows:

**PRELIMINARY STATEMENT**

1.      The IS Owners are the respective owners of real property and improvements located

at 216-220 N. Broad Street, Philadelphia, Pennsylvania (the "Feinstein/Bobst Lot") and 245 N.

15th Street, Philadelphia, Pennsylvania (the "New College Lot" and, collectively with the

Feinstein/Bobst Lot, the "IS Properties").

2.       Prior to the acquisition by the IS Owners of the IS Properties, the IS Properties, together with contiguous parcels owned by Broad Street Heathcare Properties, LLC and Broad Street Properties III, LLC (collectively, "Broad Street PropCo"), were operated as a unified parcel for the benefit of Hahnemann University Hospital, which operated medical and parking facilities thereon.

3.       The parcels owned by Broad Street PropCo comprise "Real Estate", as defined in the MOU, which will be substantively consolidated with the assets of Center City Healthcare, LLC ("CCH"), one of the Debtors, if the MOU is approved.

4.       In recognition of the fact that all of the affected parcels were operated as a fully integrated medical facility, including shared utility and other services, on December 30, 2017, the predecessor owners of the IS Properties and Broad Street PropCo entered into a Reciprocal Easement and Operating Agreement (the "Easement Agreement").  A copy of the Easement Agreement is annexed hereto and made a part hereof as Exhibit "A".

5.       The Easement Agreement resulted from the fact that each parcel in the assemblage was functionally dependent on the others.  Specifically, all parcels are served by a common utility plant and interconnected utilities infrastructure, which are defined in the Easement Agreement as "Shared Utilities Facilities".

6.       In this regard, the Easement Agreement set forth the rights and obligations of the respective owners of the affected parcels and established a framework for utility cost allocation among the owners, including Broad Street PropCo., based on the actual usage incurred by each owner.  _See_, Easement Agreement, §4(d).

7.       Energy services benefitting all of the parcels are provided by Vicinity Energy Philadelphia, Inc. ("Vicinity").  On August 9, 2022, Vicinity issued its most recent invoice to the

IS Entities reflecting an aggregate balance due in the amount of $829,422.77.  A copy of the Vicinity invoice is annexed hereto and made a part hereof as Exhibit "B".

8.      Based on the attributes of the IS Properties, including the relative energy usage attributable to each parcel, the IS Entities have concluded that at least $550,000.00 of the Vicinity billing amount is allocable to the parcels owned by Broad Street PropCo.

9.      On August 12, 2022, counsel for the IS Entities issued a letter to Broad Street PropCo setting forth the IS Entities' calculation of the relative obligations of each party to the Easement Agreement with respect to the Vicinity billing and demanding access to the parcels controlled by Broad Street PropCo for the purpose of determining the actual energy consumption. A copy of the letter is annexed hereto and made a part hereof as Exhibit "C".

10.      As of the date hereof, Broad Street PropCo has not responded substantively to the IS Entities' demand.

11.      Absent the pending Motion, the IS Entities would exercise their rights and remedies against Broad Street PropCo under the Easement Agreement, which include a fast-track arbitration protocol or injunctive relief.

## RELIEF REQUESTED

A. The Relevant Portions of the MOU.

12.      On or about August 8, 2022, the Debtors filed a redacted version of the MOU [D.I. 4130-1].

13.      As it relates to this objection, the MOU provides that the proposed global settlement will be implemented by means of the substantive consolidation of the assets of Broad Street

PropCo, including the Real Estate (as defined in the MOU) and certain personal property, with the assets of CCH[1].  *See*, MOU, section 3.a. (v).

14.     CCH will acquire those assets "subject to all liens…, agreements/encumbrances running with the land (including, for the avoidance of doubt, the REAs and Unity of Use Agreements)" and those liabilities specifically set forth on Schedule 3.a(vii) of the MOU.  *See*, MOU, section 3.a.(vi) and Schedule 3.a.(vii).

15.     In connection with the settlement, Broad Street PropCo will obtain broad releases. *See*, MOU §14.c.

16.     As it relates to the IS Entities and their claim against Broad Street PropCo, the MOU appears to provide that, while CCH will assume certain liabilities of Broad Street PropCo, upon the consummation of the settlement, the assumed liabilities are expressly limited to those listed on Schedule 3.a.(vii).

17.     Because the Easement Agreement is omitted from Schedule 3.a.(vii), the IS Entities are forced to conclude that the approval of the settlement will eviscerate their rights under the Easement Agreement, including for contribution or reimbursement with respect to the outstanding shared utility obligations, since CCH is acquiring the Real Estate subject only to the obligations specified in the Schedule.  Stated otherwise, the assets of Broad Street PropCo will be "substantively consolidated" out of existence while, at the same time, CCH and the Debtors will avoid liability where the operative instrument is not an expressly assumed liability under the terms of the MOU.

---

[1] The MOU is unclear how assets, as distinguished from entities, are being "substantively consolidated". This provision appears to be an effort by the parties to avoid the state and local transfer taxes which would normally result from a conveyance of the applicable properties to CCH.

18.     Such an outcome would severely prejudice the IS Entities by leaving them without a remedy and effectively nullifying their rights under the Easement Agreement.  Similarly, to the extent that the IS Entities assert an administrative priority claim against the Debtors in these proceedings, the Debtors will likely object to such claim on the basis that the substantive consolidation of the Real Estate was not specifically subject to the Easement Agreement.

19.     Accordingly, this Court should not approve the MOU absent the provision of adequate protection of the IS Entities' interests under the Easement Agreement.

B. The Right to Adequate Protection.

20.     At the core of the MOU is a disposition to CCH of the property presently owned by Broad Street PropCo and a mechanism by which CCH will subsequently sell such property for the benefit of its creditors.  *See*, MOU, §3.b.  As such, the IS Entities submit that it is appropriate for the Court to apply §§363(e) and 361 of the Bankruptcy Code in analyzing the rights of parties affected by the proposed transactions.

21.     In this regard, §361(3) provides for a flexible approach designed to afford a party entitled to adequate protection with the indubitable equivalent of such party's property interest.

22.     Section 363(e) establishes a more specific framework and provides in relevant part as follows:

> (e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold or leased, or proposed to be used, sold or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. §363(e).  See also, United States v. Whiting Pools, Inc., 462 U.S. 198, 103 S.Ct. 2309 (1983).

23.     Here, the IS Entities have a material and direct interest in the Real Estate by operation of the Easement Agreement and would suffer substantial harm where either Broad Street PropCo fails to meet its obligations with respect to shared utilities obligations or CCH is permitted to acquire the Real Estate free of those obligations simply because the Easement Agreement is not listed in Schedule 3.a.(vii).

24.     The simplest solution to this problem involves conditioning approval of the MOU on two outcomes, which are (a) Broad Street PropCo's prompt satisfaction of its contribution obligations to the IS Entities and (b) requiring CCH affirmatively to treat the Easement Agreement as an assumed liability.  The IS Entities respectfully submit that this result would constitute adequate protection under the circumstances presented here and address the IS Entities' concerns.

25.     The IS Entities fully appreciate the complexity of the transactions described in the MOU and the significant benefit to the Debtors and their estates which would result from its approval and implementation.  However, those benefits should not be realized at the expense of the IS Entities, whose rights and interests under the Easement Agreement would effectively be demolished absent adequate protection of the kind described herein.

## CONCLUSION

26.     For the foregoing reasons, the IS Entities respectfully request that this Court condition approval of the MOU on the adequate protection of their interests under the Easement Agreement and fully preserve their rights to recover the obligations of Broad Street PropCo thereunder.

Dated:  August 22, 2022                    **CARBINO LAW**


By:  ___/s/ *Jeffrey M. Carbino*___
    Jeffrey M. Carbino, Esquire
    (DE No. 4062)
    3712 Highland Avenue
    Drexel Hill, PA 19026
    Telephone: (610) 639-3695
    Email: jeffreycarbino@gmail.com


-    and  -


**KURTZMAN | STEADY, LLC**
    Jeffrey Kurtzman, Esquire
    555 City Avenue, Suite 480
    Bala Cynwyd, PA 19004
    Telephone: (215) 839-1222
    Email:  kurtzman@kurtzmansteady.com

Attorneys for IS BBFB LLC and IS 245 North 15th LLC