# EXHIBIT "C"



**ECKERT**
S E A M A N S
ATTORNEYS AT LAW

Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102

TEL: 215 851 8400
FAX: 215 851 8383

Daniel N. Reisman
215.851/8478
dreisman@eckertseamans.com

August 12, 2022

**Via Email (jfreedman@pldn.com and sattestatova@pldn.com) and Federal Express**

Broad Street Healthcare Properties, LLC
Broad Street Healthcare Properties III, LLC
222 N. Sepulveda Blvd., Suite 900
El Segundo, CA 90245
Attention: Joel Freedman and Svetlana Attestatova :

RE:   Reciprocal Easement and Operating Agreement (Hahnemann Block) dated December 30, 2017 (the "Easement") --Notice Regarding Steam Usage and Right of Access

Dear Mr. Freedman and Ms. Attestatova:

I write regarding the above-referenced Easement and, specifically, the steam charges that my client has been incurring in connection with certain utilities made available under the Easement, and your refusal to provide my client with access to those utilities. Any terms not defined herein shall have the meaning set forth in the Easement.

As you know, various affiliated entities of my client, including IS BBFB and IS 245 North 15th LLC, purchased from your various affiliated entities certain properties that were the site of the former Hahnemann hospital. Those properties include 216-220 N. Broad Street (the "Feinstein/Bobst Lot"), which was purchased by IS BBFB LLC ("Feinstein/Bobst Lot Owner") from PHAA Feinstein MOB LLC; and 245 N. 15th Street (the "New College Lot"), which was purchased by IS 245 North 15th Street LLC ("New College Lot Owner") from PAHH New College MOB LLC. In addition, your affiliated entities, Broad Street Healthcare Properties, LLC ("North/South Tower Lot Owner") and Broad Street Health Care Properties III LLC, own the properties located at 222-48 N. Broad Street ("North/South Tower Lot"), and 200-14 N. Broad Street, 201-19 N. 15th Street, and 221-23 N. 15th Street, respectively.

The Easement sets forth the Owners' various rights and obligations arising out of the fact, because the Properties were formerly operated as an integrated hospital/medical complex, they are in certain respects physically and functionally dependent on one other. The Common Utility Plant that is located on the New College Lot, for example, services the Utility Facilities on the various Properties, including the shared steam piping that connects to the North/South Tower Lot. Because the Common Plant and interconnected Utility Facilities are Shared Utilities Facilities, each Benefitted Owner, including the North/South Tower Lot Owner, is required to pay for its share of its usage through those facilities that are attributable to its respective Lot. Further, each Owner is responsible for maintaining their Shared Utilities in accordance with the Operating Standard, i.e. in accordance with "standards of operations, cleanliness, security, appearance, repair and Maintenance generally

Joel Freedman and Svetlana Attestatova
August 12, 2022
Page 2

applicable to similarly situated" facilities/uses in Philadelphia, and "in good working order and condition." Accordingly, the North/South Tower Lot Owner is required to maintain its Property in accordance with the Operating Standard, notwithstanding that the Property, as we understand it, is vacant. Lastly, as the definition of "Maintenance" under the Easement makes clear, New College Lot Owner has the "right of access" to the Utility Facilities on the North/South Tower Lot to, among other things, inspect those Facilities.

My client has received invoices from Vicinity, the local steam company, with exceedingly high charges for steam usage. Since December 2021 alone, those bills have totaled approximately $800,000. The usage billed by Vicinity to my client exceeds any reasonable expectation attributable to my client's buildings, especially considering the fact that 97% of the Feinstein/Bobst Lot is unoccupied. Specifically, we estimate that usage for Feinstein/Bobst should equal about $2/sf, which should have resulted in total billing since December 2021 of approximately $250,000, i.e. $550,000 less than the actual billing. Because these buildings were originally on one steam service, the steam and condensate systems are interconnected. We believe that a portion of the South Tower is being fed steam from Bobst/Feinstein PRV station, thus bypassing the North/South Towers Vicinity Meter. We also suspect that there is a cross connection on the condensate return line between the North/South Tower Lot and Bobst/Feinstein Lot. Due to this connection, the steam may be back-feeding into the North/South Tower Lot. In short, my client believes that these factors may be the cause of the substantial overcharges for the Feinstein/Bobst Lot. Further, as set forth above, the North/South Tower Lot Owner, as a Benefitted Owner, is responsible for any such steam usage attributable to the North/South Tower Lot.

In order to further its investigation, my client requires access to the North/South Tower Lot. In fact, as you are aware, it has requested access to the North/South Tower Lot on numerous occasions. Notwithstanding those requests, and the rights of access provided for under the Easement, you have rejected those requests. Those denials violate the terms of the Easement, and have resulted in my client continuing to incur steam costs that we believe are largely attributable to the North/South Tower Lot, without any reimbursement from that Owner to my client as required under the Easement.

Based on the above, my client hereby renews its demand for immediate access to the North/South Tower Lot so that it can definitively determine the source of the high steam usage. Please provide

Joel Freedman and Svetlana Attestatova
August 12, 2022
Page 3

me with three available dates and times on which such access can be provided, so that we can advise you as to which of those dates my client will select to access that Lot. In the meantime, please be advised that my client continues to reserve all rights under the Easement.

Sincerely yours,

*Daniel N. Reisman*

Daniel N. Reisman

cc: <u>By Email</u>

    Andrew Eisenstein (eisenstein@iron-stone.com)
    Matthew S. Canno (matt@iron-stone.com)
    Jason Friedland (jason@iron-stone.com)