## **EXHIBIT A**

*Proposed Order Approving Settlement Agreement and Release Among the Debtors, the Committee, the MBNF Non-Debtors and Travelers*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Related to Docket Nos. 4128, 4129 and 4130** |

## ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE AMONG THE DEBTORS, THE COMMITTEE, THE MBNF NON-DEBTORS AND TRAVELERS

Upon consideration of the *Debtors' Motion For Orders: (I) Approving Memorandum of Understanding Re Global Settlement Among, Inter Alia, Debtors, Debtors' Subsidiaries, Committee, Tenet, Conifer, MBNF Parties, HSRE Entities and CONA Parties, Which Provides For, Inter Alia, Resolution of Adversary Proceedings, Withdrawal Of Claims, Allocation and Distribution of Assets From RRG and Consensual Substantive Consolidation of Certain Assets, Contracts and Liabilities of the Non-Debtor Broad Street PropCos With Debtor Center City Healthcare, LLC, and Granting Related Relief; and (II) Approving Related Settlement Agreement and Release With Travelers Casualty and Surety Company of America* (the "**Motion**"),[2]  by which the Debtors request, among other things,[3] the entry of an order, pursuant to sections 105(a) and

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

[2]   Unless the context indicates otherwise, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[3]   The Debtors' request for approval of the MOU will be addressed in a separate order of the Court.

363 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rule 9019, (a) approving the Settlement Agreement And Release among the Debtors, the Committee, the MBNF Non-Debtors and Travelers attached hereto as **Exhibit 1** (the "**Travelers Settlement**") and (b) granting such other and further relief as the Court deems just and proper; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2019; and due and adequate notice of the Motion having been given under the circumstances and it appearing that no other or further notice of the Motion is required; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed and considered the Motion, any responses thereto; and the Court having held a hearing on the Motion on August 29, 2022 at 10:30 a.m. ET (the "**Hearing**"); and the Court having considered the evidence and arguments of counsel presented at the Hearing and the *Declaration of Allen Wilen in Support of Debtors' Motion for Approval of (I) Memorandum of Understanding Re Global Settlement Among, Inter Alia, Debtors, Debtors' Subsidiaries, Committee, Tenet, Conifer, MBNF Parties, HSRE Entities and CONA Parties, Which Provides For, Inter Alia, Resolution of Adversary Proceedings, Withdrawal of Claims, Allocation and Distribution of Assets From RRG and the Substantive Consolidation of Certain Assets, Contracts and Liabilities of Non-Debtor Broad Street PropCos with Debtor Center City Healthcare, LLC; and (II) Related Settlement Agreement and Release with Travelers Casualty and Surety Company of America* [Docket No. 4200]; and upon this Court finding that the decision to enter into the Travelers Settlement is within the sound business judgment of the Debtors, and that approval of the Travelers Settlement is in the best interest of the Debtors' estates; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED.

2.      The Travelers Settlement is hereby APPROVED in all respects.

3.      The Parties to the Travelers Settlement are authorized to take all appropriate steps required to effectuate the terms of the Travelers Settlement.

4.      Within thirty (30) calendar days of (i) the provision of ACH instructions from Debtors to Travelers, (ii) Debtors' provision of all requested W-9s to Travelers, (iii) this Order becoming a Final Order, and (iv) the filing of the MOU Release Notice, whichever comes last, Travelers shall pay the settlement amount of Two Million Nine Hundred Fifty Thousand Dollars and 00/100 cents ($2,950,000) by ACH to Debtor PAHS.

5.      Subsection (3) of Section 5 of the Travelers Settlement is hereby replaced in its entirety, as follows" "(3) the MOU Release Notice is not filed as contemplated under Section 52 of the MOU."

6.      The terms and provisions of this Order and the Travelers Settlement shall be binding upon any chapter 7 or chapter 11 trustees, successor and/or assignee of the Debtors and the respective successors and assigns of the Parties to the Travelers Settlement.

7.      Notwithstanding the applicability of any Bankruptcy Rule to the contrary, this Order shall be effective immediately upon entry.

8.      The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and enforcement of this Order and/or the Travelers Settlement.

40339728.4 08/29/2022

**Exhibit 1**

**Travelers Settlement Agreement**

40339728.4 08/29/2022

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between:

1)      Travelers Casualty and Surety Company of America ("Travelers"); and

2)      Center City Healthcare, LLC; Philadelphia Academic Health System, LLC; St. Christopher's Healthcare, LLC; Philadelphia Academic Medical Associates, LLC; HPS of PA, L.L.C.; SCHC Pediatric Associates, L.L.C.; St. Christopher's Pediatric Urgent Care Center, L.L.C.; SCHC Pediatric Anesthesia Associates, L.L.C.; StChris Care at Northeast Pediatrics, L.L.C.; TPS of PA, L.L.C.; TPS II of PA, L.L.C.; TPS III of PA, L.L.C.; TPS IV of PA, L.L.C.; and TPS V of PA, L.L.C. (collectively, "Debtors");

3)      the Official Committee of Unsecured Creditors in the Bankruptcy Case, as hereinafter defined (the "Committee"); and

4)      Joel Freedman; Stella Freedman; Svetlana Attestatova; Kyle Schmidt; MBNF Investments, LLC; American Academic Health System, LLC; Philadelphia Academic Health Holdings, LLC; Front Street Healthcare Properties, LLC; Front Street Healthcare Properties II, LLC; Broad Street Healthcare Properties, LLC; Broad Street Healthcare Properties II, LLC; Broad Street Healthcare Properties III, LLC; Philadelphia Academic Risk Retention Group, LLC; Paladin Healthcare Capital, LLC; Paladin Healthcare Management, LLC, and Globe Health Foundation, Inc. (collectively, the "MBNF Non-Debtors").

Travelers, the Debtors, the Committee and the MBNF Non-Debtors are referred to collectively herein as the "Parties," and each is a "Party."

WHEREAS, Travelers issued Wrap+ Policy No. 106855631 (the "Policy") to Philadelphia Academic Health Holdings, LLC as the Named Insured[1] for the claims-made Policy Period from

---

[1] Capitalized terms are defined terms in the Policy.

January 11, 2019 to January 11, 2020, with an Extended Reporting Period from January 11, 2020 to January 11, 2021;

WHEREAS, on June 30 or July 1, 2019, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), with their bankruptcy cases jointly administered at Case No. 19-11466 (MFW) (collectively, the "Bankruptcy Case");

WHEREAS, on December 14, 2020, Travelers received a notice advising that the Committee has stated that it was investigating potential claims against the MBNF Non-Debtors (the "December 2020 Notice");

WHEREAS, on January 4, 2021, counsel for Debtors sent a letter to counsel for the MBNF Non-Debtors discussing claims of the Debtors against the MBNF Non-Debtors (the "January 2021 Letter");

WHEREAS, on January 8, 2021, Travelers received a notice advising that the Debtors filed the Chapter 11 Plan of Liquidation and Disclosure Statement referring to certain potential claims against the MBNF Non-Debtors (the "January 2021 Notice" and collectively with the December 2020 Notice, the "Notice");

WHEREAS, on June 29, 2021, the Debtors filed under seal an adversary complaint (the "Complaint"), Adv. Pro. No. 21-50991 (MFW), against certain MBNF Non-Debtors, which was served on certain of the MBNF Non-Debtors on September 8, 2021 and for which others of the MBNF Non-Debtors waived service;

WHEREAS, Travelers disputed coverage for part or all of the allegations in the Complaint and reserved all of its rights, including rights for potential recoupment and potential subrogation;

WHEREAS, the Debtors and the MBNF Non-Debtors reserved their rights to oppose Travelers' disputes regarding coverage and its purported reservation of rights;

WHEREAS, as set forth below, the Parties wish to compromise, settle, and resolve any disputes, fees, costs, claims, actions, suits, demands, causes of action, damages, debts, liabilities, contracts or promises made between or among them with respect to the Policy and/or the Policy's operation in response to the Bankruptcy Case, the Notice, the January 2021 Letter, and the Complaint except for those matters specifically identified below as not subject to this Agreement's release;

NOW, THEREFORE, for and in consideration of the foregoing and of the mutual promises, covenants, releases, and agreements set forth herein, the adequacy of which consideration is hereby acknowledged, and subject to the Bankruptcy Court approval, the Parties agree as follows:

## 1.   Travelers' Settlement Payment to Debtors

Within thirty (30) calendar days of (i) complete execution of this Agreement, (ii) the provision of ACH instructions from Debtors, (iii) Debtors' provision of all requested W-9s, (iv) approval of this Agreement by the Bankruptcy Court by Final Order, and (v) the filing of the MOU Release Notice, as such term is defined in the Memorandum of Understanding among, *inter alia*, the Debtors, Committee and MBNF Non-Debtors (the "**MOU**"), whichever comes last, Travelers shall pay the settlement amount of Two Million Nine Hundred Fifty Thousand Dollars and 00/100 cents ($2,950,000) (the "Settlement Amount") by ACH to Philadelphia Academic Health System, LLC, pursuant to instructions to be provided by Debtors.  This payment is the total and final amount due in settlement of the claims released herein.  The payment is not subject to any deductibles, self-insured retentions, premium charges, or any other charges, set-offs, or reductions of any kind or recoupment from any source.  For purposes of this Agreement, a "Final Order" means an order of the Bankruptcy Court, as entered on the docket in the Bankruptcy Case, that has

not been reversed, stayed, modified or amended and as to which the time to appeal, petition for certiorari, or seek reconsideration, re-argument or rehearing has expired and as to which no appeal, re-argument, petition for certiorari, reconsideration or rehearing is pending or, if an appeal, re-argument, certiorari, reconsideration or rehearing thereof has been sought, such order has been affirmed by the highest court to which the order was appealed or from which the reconsideration, re-argument or rehearing was sought, or certiorari has been denied, and the time to take any further appeal or to seek certiorari or further reconsideration, re-argument or rehearing has expired; provided, however, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure or Rule 9024 of the Federal Rules of Bankruptcy Procedure may be filed with respect to such order, as long as such a motion actually has not been filed.

## 2. Debtors', Committee's and MBNF Non-Debtors' Release of Travelers

Effective upon complete execution of this Agreement, approval of this Agreement by the Bankruptcy Court by Final Order and the Debtors' receipt of the Settlement Amount in good and available funds, each of the Debtors (on behalf of themselves and their respective estates), Committee and the MBNF Non-Debtors, on behalf of themselves and their respective parents, affiliates, subsidiaries, successors, predecessors, assigns, heirs, estates, directors, officers, employees, attorneys, insurers, servants, agents, representatives, trustees, liquidators, creditors, and any other person or entity acting on their behalf (collectively, "Related Persons and Entities"), does hereby release, remise, acquit, and forever discharge Travelers and its Related Persons and Entities from any and all loss, claims, duties, debts, benefits, fees, costs, causes of action (including without limitation any claims sounding in contract or tort, fraud, misrepresentation, violation of statute or regulation, and breach of duty of good faith), demands, payments, obligations, liabilities, rights, judgments, awards, interest, damages (including but not limited to punitive, multiple,

- 4 -

exemplary, or extra-contractual damages), expenses, attorneys' fees, or other relief of any kind or character, whether known or unknown, asserted or unasserted, whether at law, in equity, or contractual, which they now have or ever had against Travelers or its Related Persons and Entities arising out of or related to the Policy, the Bankruptcy Case, or the events or transactions described in any of the Notice, the January 2021 Letter, and/or the Complaint, including, but not limited to, Travelers claim system nos. T2019713 (Center City Healthcare, LLC), X2100658 (Creditors Who Filed Claims in Bankruptcy), T2100659 (MBNF Non-Debtor Entities), T2109538 (Center City Healthcare, LLC), X2100902 (Center City Healthcare, LLC), T1909938 (Drexel University), T1918319 (Medline Industries Holdings, L.P.), T2002361 (Atlantic Specialty Insurance Company), T2002689 (Tenet Business Services Corporation), T2003875 (HSRE-PAHH I, LLC), X2100661 (Mid-Cap Financial), and X2100662 (CapitalOne).

The only exceptions to the foregoing release are the following:

a.      Claims for Travelers' breach of this Agreement; and

b.      Travelers claim system nos. X2100660 (Employees and Individual Third Party Claimants), T2003963 (Patel, Jeeni), T1904553 (Combs, Candese), T1906699 (Bell, Scherise), T1907798 (Saechow, Pamela), T1912749 (Thomas, Elizabeth), T1916315 (Beckal, Michelle), T1916957 (Broomer, Crystal), T2001147 (Richards, Suzanne), and T1812767 (Leone, Joelle) (collectively, the "Open EPL Matters"). The fact that the Open EPL Matters are not included in this Agreement's release shall not be deemed an admission of coverage by Travelers for any of the Open EPL Matters. Rather, the Parties reserve all of their rights under the Policy and applicable law regarding each of the Open EPL Matters.

### 3.      Travelers' Release of Debtors, Committee and the MBNF Non-Debtors

Effective upon complete execution of this Agreement, and approval of this Agreement by the Bankruptcy Court by Final Order, Travelers, on behalf of itself and its Related Persons and

Entities, hereby releases, remises, acquits, and forever discharges Debtors, the Debtors' estates, the Committee, the MBNF Non-Debtors, and their respective Related Persons and Entities from any and all loss, claims, duties, debts, benefits, fees, costs, causes of action (including without limitation any claims sounding in contract or tort, fraud, misrepresentation, violation of statute or regulation, breach of duty of good faith and based on contractual or equitable subrogation, any alleged conflict of interest or an ethical violation), demands, payments, obligations, liabilities, rights, judgments, awards, interest, damages (including but not limited to punitive, multiple, exemplary, or extra-contractual damages), expenses, attorneys' fees, or other relief of any kind or character, whether known or unknown, asserted or unasserted, whether at law, in equity, or contractual, which it now has or ever had against Debtors, the Debtors' estates, Committee, the MBNF Non-Debtors, or their respective Related Persons and Entities arising out of or related to the Policy, the Bankruptcy Case, or the events or transactions described in any of the Notice, the January 2021 Letter, and/or the Complaint, including, but not limited to, Travelers claim system nos. T2019713 (Center City Healthcare, LLC), X2100658 (Creditors Who Filed Claims in Bankruptcy), T2100659 (MBNF Non-Debtor Entities), T2109538 (Center City Healthcare, LLC), X2100902 (Center City Healthcare, LLC), T1909938 (Drexel University), T1918319 (Medline Industries Holdings, L.P.), T2002361 (Atlantic Specialty Insurance Company), T2002689 (Tenet Business Services Corporation), T2003875 (HSRE-PAHH I, LLC), X2100661 (Mid-Cap Financial), and X2100662 (CapitalOne). As part of this release, Travelers covenants not to assert any released claims against unnamed third parties, defined to be parties other than any insured under the Policy, any of the Debtors or the Debtors' estates, any MBNF Non-Debtors and any of their respective Related Persons and Entities, in any of their respective capacities, based on contractual or equitable rights of subrogation. Notwithstanding the foregoing, Travelers retains the right to assert contractual or equitably subrogated claims as affirmative defenses including

setoff against such unnamed third parties who assert claims against Travelers arising from the same facts and circumstances as the claims released by Debtors, the Committee, and/or the MBNF Non-Debtors in this Agreement.

The only exceptions to the foregoing release are the following:

a.      Claims for Debtors', Committee's or the MBNF Non-Debtors' breach of this Agreement; and

b.      The Open EPL Matters.  The fact that the Open EPL Matters are not included in this Agreement's release shall not be deemed an admission of a lack of coverage by Debtors, Committee or the MBNF Non-Debtors for any of the Open EPL Matters.  Rather, the Parties reserve all of their rights under the Policy and applicable law regarding each of the Open EPL Matters.

**4.      <u>Knowing and Voluntary Waiver Of Unknown Claims</u>**

Notwithstanding any statute or provision of the common law that provides that a release does not extend to claims that a releasor does not know or suspect to exist at the time of executing the release, the releases in this Agreement shall be deemed to constitute full releases in accordance with their terms.  The Parties shall be deemed knowingly and voluntarily to have waived, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law, the law of any state or territory, the law of any foreign jurisdiction, or common law that would in any way limit the application of the releases to known or suspected claims.  Each Party hereby acknowledges that it has been informed by its respective attorneys of, and that it is familiar with, the provisions of California Civil Code § 1542, and each  Party expressly waives any and all rights and benefits conferred upon it by the provisions of California Civil Code § 1542, which provides in pertinent part:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
THAT THE CREDITOR OR RELEASING PARTY DOES NOT
KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
THE TIME OF EXECUTING THE RELEASE AND THAT, IF
KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
OR RELEASED PARTY.

Each Party also expressly waives any and all provisions, rights, and benefits conferred by any state or territory in the United States of America, or any other nation, or by the Restatements of the Law or by any principle of common law that is similar, comparable, or equivalent to California Civil Code § 1542. Although the Parties may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of this Agreement, the Parties have fully, finally, and forever settled and released any and all claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, that now exist or heretofore have existed upon any theory of law or equity relating to this Agreement, including, but not limited to, with respect to conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge that the inclusion of such "Unknown Claims" in this Agreement was separately bargained for and was a key element of this Agreement.

## 5. **Termination**

This Agreement shall automatically terminate, without notice, if for any reason (1) this Agreement is not approved by the Bankruptcy Court by Final Order, (2) the MOU Implementation Date, as defined in the MOU, does not occur within the timeframe set forth in Section 23 of the MOU, as such timeframe may be extended pursuant to the MOU, or (3) the MOU Release Notice is not filed. In the event of termination, this Agreement, including, but not limited to, the releases

- 8 -

set forth in Paragraphs 2 and 3, shall be null and void, and the Parties shall return to their respective positions *status quo ante* as if this Agreement never existed.

6.      **Choice of Law and Venue**

This Agreement and all questions relating to its validity, interpretation, performance, and enforcement shall be governed, construed, and interpreted in accordance with the laws of the State of Delaware, notwithstanding any conflicts-of-laws doctrines to the contrary.   All judicial proceedings arising out of or relating to this Agreement shall be brought in any state or federal court of competent jurisdiction in the State of Delaware, and each Party waives any defense of *forum non conveniens* and irrevocably agrees to be bound by any judgment rendered by such court.

7.      **Agreement Not to be Construed as an Admission**

This Agreement is entered into by the Parties solely for the purpose of compromising and settling the matters in dispute.   It does not constitute, nor shall it be construed to constitute, an admission by any of the Parties of the truth or validity of any claims between or among them or of any matters relating to the Policy, the Bankruptcy Case, or the events or transactions described in any of the Notice, the January 2021 Letter, or the Complaint, and each Party expressly denies and disputes any such truth or validity.   Neither the negotiation nor existence of this Agreement, nor any of the provisions contained in this Agreement, shall be deemed a presumption, concession, or admission by Travelers or any Travelers' Related Persons and Entities of any coverage under the Policy, and it shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used in any other action or proceeding, whether civil, criminal, or administrative, or for any purpose other than executing and enforcing the terms of this Agreement.

8.      **Authority**

The Parties represent that they have the authority to enter into this Agreement, provided however, that the Debtors' authorization is subject to the Bankruptcy Court approval.  Each Party

- 9 -

represents and warrants to the other Party that the signatories to the Agreement are competent and have been duly authorized to execute the Agreement on behalf of the entities and persons identified below.

**9.      No Assignment**

The Parties warrant and represent that they have not assigned, or in any way conveyed, transferred, or encumbered, all or any portion of the claims or rights covered by this Agreement.

**10.      Non-Prejudice and Construction of Agreement**

This Agreement is intended to be, and is, a commercial accommodation among the Parties and shall not be construed as an admission of coverage under the Policy or an admission of the truth or validity of any claims asserted in the Notice, the January 2021 Letter, the Complaint or the Bankruptcy Case.  This Agreement is not intended to reflect in any way the Parties' views as to their rights and obligations with respect to matters or persons outside the scope of this Agreement (other than the Parties' Related Persons and Entities).

**11.      Integration**

This Agreement constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior discussions, agreements, and understandings, whether written or oral, between or among the Parties with respect thereto.

**12.      Binding Effect**

This Agreement and the terms, covenants, conditions, provisions, obligations, undertakings, rights, and benefits hereof shall be binding upon, and shall inure to the benefit of, the Parties and their respective successors and assigns.

**13.      No Modification**

No change or modification of this Agreement shall be valid unless it is in written form and signed by all of the Parties and, to the extent required, approved by the Bankruptcy Court.

14.    **Interpretation**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not for or against any party. No Party shall be deemed the drafter of this Agreement. The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between and among them. The Parties cooperated in the drafting and preparation of the Agreement. Any ambiguity or uncertainty existing herein shall not be interpreted against any Party. The Agreement shall not be construed against Travelers because it is an insurance company or issuer of the Policy.

15.    **Severability**

In the event that any provision of this Agreement shall be held to be void, voidable, or unenforceable, the remaining provisions hereof shall remain in full force and effect if the Parties so agree in writing and, to the extent required, approved by the Bankruptcy Court.

16.    **Advice of Counsel**

This Agreement is made and executed by each of the Parties with the advice of counsel, and no Party has been coerced or induced to execute this Agreement by any improper action of any other Party or by counsel for any Party.

17.    **Headings and Captions**

The headings and captions used in this Agreement are for convenience only, are not a part of this Agreement, and shall not alter or affect the interpretation of this Agreement.

18.    **Execution and Counterparts**

This Agreement may be executed in hard copy or by facsimile or electronically in one or more counterparts, each of which shall be deemed an original and when taken together with the other signed counterparts, shall constitute one agreement. This Agreement shall be fully executed on the date the last Party signs the Agreement.

IN WITNESS WHEREOF, this Agreement has been duly executed, and is effective as of the date the last signature is affixed.

**Travelers Casualty and Surety Company of America**

By: _[signature]_

Title: Assistant Vice President

Date: 7/29/2022

**Center City Healthcare, LLC**

By: _____

Title: _____

Date: _____

**Philadelphia Academic Health System, LLC**

By: _____

Title: _____

Date: _____

**St. Christopher's Healthcare, LLC**

By: _____

Title: _____

Date: _____

**Philadelphia Academic Medical Associates, LLC**

By: _____

Title: _____

Date: _____

IN WITNESS WHEREOF, this Agreement has been duly executed, and is effective as of the date the last signature is affixed.

**Travelers Casualty and Surety Company of America**

By: _____

Title: _____

Date: _____

**Center City Healthcare, LLC**

By: _____

Title: _____ CRO _____

Date: _____ 8/1/22 _____

**Philadelphia Academic Health System, LLC**

By: _____

Title: _____ CRO _____

Date: _____ 8/7/22 _____

**St. Christopher's Healthcare, LLC**

By: _____

Title: _____ CCO _____

Date: _____ 8/7/22 _____

**Philadelphia Academic Medical Associates, LLC**

By: _____

Title: _____ CRO _____

Date: _____ 8/7/22 _____

- 12 -

**HPS of PA, L.L.C.**

By: _____

Title: _____CRO_____

Date: _____8/1/22_____

**SCHC Pediatric Associates, L.L.C.**

By: _____

Title: _____CRO_____

Date: _____8/7/22_____

**St. Christopher's Pediatric Urgent Care Center, L.L.C.**

By: _____

Title: _____CRO_____

Date: _____8/7/22_____

**SCHC Pediatric Anesthesia Associates, L.L.C.**

By: _____

Title: _____CRO_____

Date: _____8/7/22_____

**StChris Care at Northeast Pediatrics, L.L.C.**

By: _____

Title: _____CRO_____

Date: _____8/7/22_____

**TPS of PA, L.L.C.**

By: _____

Title: _____CRO_____

Date: _____8/7/22_____

**TPS II of PA, L.L.C.**

By: _____

Title: _____CRO_____

Date: _____8/7/2____

**TPS III of PA, L.L.C.**

By: _____

Title: _____CRO_____

Date: _____8/7/22____

**TPS IV of PA, L.L.C.**

By: _____

Title: _____CRO_____

Date: _____8/7/2____

**TPS V of PA, L.L.C.**

By: _____

Title: _____CRO_____

Date: _____8/7/2____

**The Official Committee of Unsecured Creditors**

By: _____

Title: _____

Date: _____

**Joel Freedman**

_____

Date: _____

**TPS II of PA, L.L.C.**

By: _____

Title: _____

Date: _____

**TPS III of PA, L.L.C.**

By: _____

Title: _____

Date: _____

**TPS IV of PA, L.L.C.**

By: _____

Title: _____

Date: _____

**TPS V of PA, L.L.C.**

By: _____

Title: _____

Date: _____

**The Official Committee of Unsecured Creditors**

By: _____

Title: ___Sills Cummis___

Date: ___8/6/2022___

**Joel Freedman**

_____

Date: _____

**TPS II of PA, L.L.C.**

By: _____

Title: _____

Date: _____

**TPS III of PA, L.L.C.**

By: _____

Title: _____

Date: _____

**TPS IV of PA, L.L.C.**

By: _____

Title: _____

Date: _____

**TPS V of PA, L.L.C.**

By: _____

Title: _____

Date: _____

**The Official Committee of Unsecured Creditors**

By: _____

Title: _____

Date: _____

**Joel Freedman**

_____

Date: _____ August 7, 2022 _____

- 14 -

**Stella Freedman**

_____

Date: __August 7, 2022_____

**Svetlana Attestatova**

_____

Date: _____

**Kyle Schmidt**

_____

Date: _____

**MBNF Investments, LLC**

By: _____

Title: _____

Date: _____

**American Academic Health System, LLC**

By: _____

Title: _____

Date: _____

**Philadelphia Academic Health Holdings, LLC**

By: _____

Title: _____

Date: _____

**Stella Freedman**

_____

Date: _____

**Svetlana Attestatova**

_____

Date:  August 7, 2022

**Kyle Schmidt**

_____

Date: _____

**MBNF Investments, LLC**

By: _____

Title: _____

Date: _____

**American Academic Health System, LLC**

By: _____

Title: _____

Date: _____

**Philadelphia Academic Health Holdings, LLC**

By: _____

Title: _____

Date: _____

**Stella Freedman**

_____

Date: _____

**Svetlana Attestatova**

_____

Date: _____

**Kyle Schmidt**

_Kyle Schmidt_

Date: August 7, 2022 _____

**MBNF Investments, LLC**

By: _____

Title: _____

Date: _____

**American Academic Health System, LLC**

By: _____

Title: _____

Date: _____

**Philadelphia Academic Health Holdings, LLC**

By: _____

Title: _____

Date: _____

**Stella Freedman**

_____

Date: _____

**Svetlana Attestatova**

_____

Date: _____

**Kyle Schmidt**

_____

Date: _____

**MBNF Investments, LLC**

By: _____

Title: _Joel Freedman, President_____

Date: ___August 7, 2022_____

**American Academic Health System, LLC**

By: _____

Title: _Joel Freedman, Chief Executive Officer_

Date: ___August 7, 2022_____

**Philadelphia Academic Health Holdings, LLC**

By: _____

Title: _Joel Freedman, CEO & President___

Date: ___August 7, 2022_____

**Front Street Healthcare Properties, LLC**

By: _____

Title: Joel Freedman, CEO & President

Date: August 7, 2022

**Front Street Healthcare Properties II, LLC**

By: _____

Title: Joel Freedman, CEO & President

Date: August 7, 2022

**Broad Street Healthcare Properties, LLC**

By: _____

Title: Joel Freedman, CEO & President

Date: August 7, 2022

**Broad Street Healthcare Properties II, LLC**

By: _____

Title: Joel Freedman, CEO & President

Date: August 7, 2022

**Broad Street Healthcare Properties III, LLC**

By: _____

Title: Joel Freedman, CEO & President

Date: August 7, 2022

**Philadelphia Academic Risk Retention Group, LLC**

By: _____

Title: Joel Freedman, CEO & President

Date: August 7, 2022

**Paladin Healthcare Capital, LLC**

By: _____

Title:    Joel Freedman, Chief Executive Officer

Date:    August 7, 2022

**Paladin Healthcare Management, LLC**

By: _____

Title:    Joel Freedman, Manager

Date:    August 7, 2022

**Globe Health Foundation, Inc.**

By: _____

Title:    Joel Freedman, Chairman & Treasurer

Date:    August 7, 2022