## EXHIBIT B

*Redline of Proposed Revised Order Approving Memorandum of Understanding*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) ) Chapter 11 ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) Case No. 19-11466 (MFW) ) ) |
| Debtors. | ) Jointly Administered ) ) **Related to Docket ~~No~~Nos**. ~~——~~**4128, 4129 and 4130** |

**ORDER APPROVING MEMORANDUM OF UNDERSTANDING RE GLOBAL SETTLEMENT AMONG, *INTER ALIA*, DEBTORS, DEBTORS' SUBSIDIARIES, COMMITTEE, TENET, CONIFER, MBNF PARTIES, HSRE ENTITIES AND CONA PARTIES, WHICH PROVIDES FOR, *INTER ALIA*, RESOLUTION OF ADVERSARY PROCEEDINGS, WITHDRAWAL OF CLAIMS, ALLOCATION AND DISTRIBUTION OF ASSETS FROM RRG AND CONSENSUAL SUBSTANTIVE CONSOLIDATION OF CERTAIN ASSETS, CONTRACTS AND LIABILITIES OF NON-DEBTOR BROAD STREET PROPCOS WITH DEBTOR CENTER CITY HEALTHCARE, LLC, AND GRANTING RELATED RELIEF**

Upon consideration of the *Debtors' Motion For Orders: (I) Approving Memorandum of Understanding Re Global Settlement Among, Inter Alia, Debtors, Debtors' Subsidiaries, Committee, Tenet, Conifer, MBNF Parties, HSRE Entities and CONA Parties, Which Provides For, Inter Alia, Resolution of Adversary Proceedings, Withdrawal Of Claims, Allocation and Distribution of Assets From RRG and Consensual Substantive Consolidation of Certain Assets, Contracts and Liabilities of Non-Debtor Broad Street PropCos With Debtor Center City Healthcare, LLC, and Granting Related Relief; and (II) Approving Related Settlement Agreement*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

*and Release With Travelers Casualty and Surety Company of America* (the "**Motion**")[2] by which the Debtors request, among other things[3], the entry of an order, pursuant to sections 105(a) and 363 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rule 9019, (a) approving the Memorandum of Understanding Re Global Settlement Among, *Inter Alia*, Debtors, Debtors' Subsidiaries, Committee, Tenet, Conifer, MBNF Parties, HSRE Entities and CONA Parties attached hereto as **Exhibit 1** (collectively with the schedules and exhibits attached thereto, the "**MOU**"), including (i) resolving certain adversary proceedings and certain other contested matters, (ii) withdrawing certain claims and allowing certain other unsecured claims, (iii) approving the allocation and distribution of assets from Philadelphia Academic Risk Retention Group, LLC, and (iv) approving the substantive consolidation of the Broad Street PropCos' Assets and certain liabilities with Debtor Center City Healthcare, LLC and (b) granting such other and further relief as the Court deems just and proper, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2019; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed and considered the Motion, any responses thereto; and the Court having held a hearing on the Motion on August 29, 2022 at 10:30

---

[2] Unless the context indicates otherwise, capitalized terms used but not defined herein shall have the meanings ascribed to them in the MOU.

[3] The Debtors' request for approval of the Travelers Settlement will be addressed in separate order of the Court.

a.m. ET (the "**Hearing**"); and the Court having considered the evidence and arguments of counsel presented at the Hearing *and the Declaration of Allen Wilen in Support of Debtors' Motion for Approval of (I) Memorandum of Understanding Re Global Settlement Among, Inter Alia, Debtors, Debtors' Subsidiaries, Committee, Tenet, Conifer, MBNF Parties, HSRE Entities and CONA Parties, Which Provides For, Inter Alia, Resolution of Adversary Proceedings, Withdrawal of Claims, Allocation and Distribution of Assets From RRG and the Substantive Consolidation of Certain Assets, Contracts and Liabilities of Non-Debtor Broad Street PropCos with Debtor Center City Healthcare, LLC; and (II) Related Settlement Agreement and Release with Travelers Casualty and Surety Company of America* [Docket No. 4200]; and this Court finding that the decision to enter into the MOU is within the sound business judgment of the Debtors and that approval of the MOU is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to Bankruptcy Rule 9019, the MOU is hereby APPROVED in all respects.

3.      The Parties to the MOU are authorized to take all appropriate actions required to effectuate the terms of the MOU and perform their respective obligations thereunder.

4.      The actions necessary for the RRG Dissolution and the distribution of RRG Proceeds provided for in **Section 2** of the MOU are authorized and approved, and no further authorization or approval from the Court is required therefor, including pursuant to the *Order (I)*

*Authorizing Debtors to Enter into Assignment, Assumption and Novation Agreement Pursuant to 11 U.S.C. § 363 and (II) Granting Related Relief* [Docket No. 3710].

5. On and after the MOU Implementation Date, the applicable Parties to the MOU shall implement, and fully comply with, the transactions, actions, and steps set forth in **Sections 3(a)(i) – 3(a)(xx)** of the MOU in the sequence set forth therein; provided, that, if any step is delayed in implementation or effect but has occurred, it shall nevertheless be deemed to have occurred in the indicated sequence.

6. On the MOU Implementation Date, the Assets of Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC and Broad Street Healthcare Properties III, LLC (collectively, the "**Broad Street PropCos**") set forth on **Schedule 3(a)(vi)** to the MOU, including, without limitation, the Real Estate (as defined below and in the MOU), shall be substantively consolidated with the assets of Debtor CCH, subject to all liens (other than the liens to be satisfied and/or released pursuant to the MOU), agreements/encumbrances running with the land (including, for the avoidance of doubt, the REAs and Unity of Use Agreements). For the avoidance of doubt, (a) the Assets to be substantively consolidated with CCH shall not include, and shall not be deemed to include: (i) any claim held by any of the Broad Street PropCos against any of the other MBNF Parties, the MBNF Affiliates, any of their respective Representatives, or any of the Broad Street Lenders, or (ii) with respect to any professional or advisor of any of the Broad Street PropCos, including those listed in item 36(a) of **Schedule 3(a)(vii)** to the MOU, any engagement or services agreement, deliverable or rights thereunder, including any retainer or privileged communication, in which any Broad Street PropCo may have any interest, rights or entitlement, and (b) no power, right or privilege granted by any Broad Street PropCo to CCH

pursuant to any Power of Attorney shall be exercised by CCH in a manner inconsistent with the MOU.

7. Pursuant to **Section 3(a)(vi)** of the MOU, CCH shall have the sole and exclusive authority to use, possess, lease, encumber, sell, transfer, assign, convey, or otherwise dispose of the Real Estate and/or such other Assets, and to execute any and all necessary and/or desirable bills of sale, deeds and other documents and agreements effectuating any such use, possession, lease, encumbrance, sale, transfer, assignment, conveyance and/or other disposition, in the name, and on behalf, of the Broad Street PropCos and/or CCH, subject to the terms of the MOU and further order of the Bankruptcy Court or the Plan, as applicable. Further, as set forth in **Schedule 3(b)** of the MOU, the Real Estate shall be managed, marketed and sold by CCH, together with the Committee, Tenet and the HSRE Entities (with CONA having observation rights). Any Financial Liability resulting from CCH's exercise of its powers, rights, and/or privileges in respect of the Assets shall be the Financial Liability solely of CCH, and no Financial Liability shall be incurred by any Broad Street PropCo to any third party or otherwise as a result of CCH's exercise of such powers, rights, and/or privileges. For the avoidance of doubt, CCH shall not (i) be liable for any obligation of any of the Broad Street PropCos to any of the other MBNF Parties or to any of their Representatives and (ii) acquire any claim held by any of the Broad Street PropCos against any of the other MBNF Parties, the MBNF Affiliates, any of their respective Representatives, or any of the Broad Street Lenders.

8. As set forth in the MOU, the term "**Real Estate**" means the following properties, as more particularly described by the legal descriptions attached to the MOU as **Schedule D**, together with all of right, title and interest in and to all improvements and fixtures located thereon, and all rights, privileges and recorded easements appurtenant to any of the foregoing:

| Property Name | Philadelphia, PA Address | OPA |
|---|---|---|
| North Tower, South Tower | 222-248 N. Broad Street | 772025002 |
| (Land next to SHSH Building) | 221-223 N. 15th Street | 772028498 |
| Stiles Alumni Hall Underground | 325 N. 15th Street | 881038202 |
| Martinelli Park | 300-304 N. Broad Street | 885620242 |
| (redevelopment land/surface parking) (city block) | 200-214 N. Broad Street | 885467862 |
| SHSH Building (city block) | 201-219 N. 15th Street | 772028496 |

9. On the MOU Implementation Date, the liabilities relating to the preservation and maintenance of the Real Estate and such other liabilities, solely as described on Schedule 3(a)(vii) to the MOU shall be substantively consolidated with the postpetition liabilities of CCH such that the liabilities set forth on **Schedule 3(a)(vii)** to the MOU shall become payable by CCH if past due, due or otherwise payable as incurred in the ordinary course.

10. Notwithstanding the implementation of the step described in **Section 3(a)(xiv)** of the MOU, the HSRE Entities, on account of the HSRE-PAHH Note, shall have recourse only to the HSRE Entities' share of the proceeds of a Sale of the Real Estate as set forth on **Schedule 3(b)** of the MOU, without regard to which of the Debtors become obligated (on a non-recourse basis except to the Real Estate and the proceeds of a Sale thereof) under the HSRE-PAHH Note.

11. For the avoidance of doubt, as a result of entering into the MOU, none of the Broad Street PropCos nor the RRG shall be: (a) considered debtors or debtors in possession in the Chapter 11 Cases or any other case; (b) deemed to have filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code; or (c) responsible for any reporting obligations under the Bankruptcy Code, including, without limitation, schedules of assets and liabilities, schedules of current income

and expenditures, schedules of executory contracts and unexpired leases, statement of financial affairs, and monthly operating reports.

13. The Debtors are authorized to incur all obligations and make all payments pursuant to the MOU on and after the MOU Implementation Date without further order of the Court.

13. Upon the MOU Implementation Date, but subject to the completion of the actions set forth in **Sections 3(a)(i) through 3(a)(vi)** of the MOU, Tenet shall have a single allowed general unsecured non-priority claim against the Debtors in the amount of $30,000,000.

14. Upon the filing of the MOU Release Notice, but subject to the Debtors' receipt of the payment set forth in **Sections 4(d) and 4(e)** of the MOU, the HSRE Entities shall have a single allowed general unsecured non-priority claim against the Debtors in the amount of $30,000,000 subject to Capital One, N.A.'s first-priority security interest in the HSRE Claims.

15. On the MOU Implementation Date, but prior to the implementation step set forth in Section 3(a)(xiii) of the MOU, the Third Party Escrow Agent shall release to Land Services USA, Inc. the signed joint authorization of PAHH and HSRE JV, consented to by Capital One, N.A., attached to the MOU as Exhibit 9, directing the release of the Escrowed Funds to an account at Capital One, N.A., in its capacity as administrative agent, on behalf of HSRE JV, designated by Capital One, N.A. and the HSRE Entities.

16. The Debtors are hereby authorized to engage Omni Agent Solutions to serve as Third Party Escrow Agent to perform the services set forth in the MOU and to pay the Third Party Escrow Agent all reasonable fees and costs necessary to effectuate the terms and conditions of the MOU, without further application to or order of the Court. The Debtors are also hereby authorized, without further application to or order of the Court (i) to engage and compensate (subject to reimbursement from the proceeds of the Sale as set forth in the MOU)

Albert A. Mezzaroba as "sale process manager" to perform the services set forth in **Schedule 3(b)** to the MOU, (ii) to employ and compensate NKF to manage the Real Estate in accordance with the MOU, and (iii) capitalize PAHS Equity Buyer in such amount as may be agreed by the Debtors and the Committee. The engagement of a broker to market the Real Estate, and such broker's compensation, shall require separate application to, and order of, the Court. For the avoidance of doubt, and notwithstanding paragraph 30 of the MOU, this Order shall also be deemed to approve the agreement among the members of the Oversight Committee with respect to sections 1(b)(iv) and 7 of Schedule 3(b) of the MOU as was agreed by the members of the Oversight Committee by emails among counsel on August 7, 2022.

17.  For the avoidance of doubt, the *Order Denying the Motion of the Broad Street Entities and PAHH for Entry of an Order (I) Determining That the Automatic Stay Does Not Apply to Their Assets or (II) in the Alternative, Granting Limited Relief from the Automatic Stay for Them to Sell, Transfer, or Otherwise Encumber Such Assets* [Docket No. 3261] (the "**Stay Order**"), to the extent applicable, shall not prevent the implementation, effectuation, or the consummation of the terms of the MOU. To the extent of any conflicts between this Order and the Stay Order, this Order shall control.

18.  In fulfilling its obligations in connection with the MOU, the Third Party Escrow Agent may, without liability to any Party, rely upon: (i) the filing of the MOU Implementation Date Certification; (ii) the MBNF Direction Letter delivered to the Third Party Escrow Agent in accordance with **Section 51** of the MOU; and (iii) the filing of the MOU Release Notice. Any liability of the Third Party Escrow Agent to any of the Parties to the MOU shall be limited to the total amount paid for the Third Party Escrow Agent's escrow agent services, except to the extent such liability arises from the Third Party Escrow Agent's gross negligence or willful misconduct.

39919253.18 08/07/2022
39919253.20 08/27/2022

19. Promptly after the filing of the MOU Release Notice, the official claims registers in the Debtors' Chapter 11 Cases shall be deemed updated and modified consistent with the terms of the MOU. Omni Agent Solutions, the Debtors' claims and noticing agent, shall adjust the official claims register to withdraw or modify any filed or scheduled claims consistent with the MOU and **Schedule 46** attached thereto.

20. The terms and provisions of this Order and the MOU shall be binding upon any chapter 7 or chapter 11 trustees, successor and/or assignee of the Debtors and the respective successors and assigns of the Parties.

21. For purposes of clarity, nothing in the MOU, and nothing in this Order, shall (a) have the effect of approving or confirming any aspect of a chapter 11 plan in the Chapter 11 Cases; or (b) prejudice the Office of the United States Trustee's right to object to confirmation of a chapter 11 plan in the Chapter 11 Cases on any and all grounds, with all such plan objections being fully preserved.

22. For further purposes of clarity, the MOU does not include releases (a) from the Debtors in favor of (i) the Debtors' professionals and the Debtors' Representatives or (ii) the Committee and its professionals and Representatives; nor (b) from the Committee in favor of (i) the Committees' professionals and its Representatives or (ii) the Debtors and their professionals and the Debtors' Representatives.

23. The rights and interests, if any, of IS BBFB LLC and IS 245 North 15th LLC in the Real Estate shall not be impaired by any prior order of the Court, this Order, the MOU or the substantive consolidation of the Real Estate with CCH, provided, however, that any such rights or interests are subject to all claims, defenses, affirmative defenses, counterclaims, rights, setoffs and recoupments, all of which shall be substantively consolidated with, and may be asserted by, CCH.

39919253.18 08/07/2022
39919253.20 08/27/2022

24.     The allocation among the Debtors' estates of the Debtors' portion of the Net Sale Proceeds of the Sale of the Real Estate shall be subject to further order of the Court after notice and a hearing.

25.     Notwithstanding anything to the contrary contained in the MOU, (a) Section 47 of the MOU does not apply to any written notices, written correspondence and electronically transcribed voicemail messages that are (i) subject to attorney-client privilege, and/or attorney work product protection of any MBNF Party associated with such information; or (ii) internal communications (i.e. generated solely among any of the MBNF Parties, Sonsara Management Services, LLC, Jigsaw Advisors, LLC, MBNF Equity Buyer LLC, MBNF Liquidator LLC, MBNF Parent 1 Corporation and/or MBNF Parent 2 Corporation); (b) all obligations under Section 47 of the MOU shall cease and terminate, without any further action by any Party, upon the closing of the Sale or other disposition of all of the Real Estate by the Debtors; and (c) Schedule 3(a)(vii) to the MOU shall be deemed to include the Broad Street PropCos REAs and the Broad Street PropCos Unity of Use Agreements.

26. Not~~with~~standing anything to the contrary contained in the MOU, Section 39 of the MOU ("Mutual Non-Disparagement") shall have no force or effect from and after five (5) years from the entry ~~of~~ an order closing of the last of the Chapter 11 Cases.

27.     ~~21.~~ Notwithstanding the applicability of any Bankruptcy Rule to the contrary, this Order shall be effective immediately upon entry.

28.     ~~22.~~ The automatic stay under section 362(a) of the Bankruptcy Code is lifted to the extent necessary to implement the MOU, including as may be applicable to the filing of any dismissals or withdrawals as provided in Section 15 of the MOU.

29.     ~~23.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

30. ~~24.~~ The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Order and/or the MOU.

~~39919253.18 08/07/2022~~
39919253.20 08/27/2022

Document comparison by Workshare Compare on Saturday, August 27, 2022 3:58:06 PM

| Input: | |
|---|---|
| Document 1 ID | iManage://62790-DMS.IMANAGE.WORK/FirmDMS/39919253/18 |
| Description | #39919253v18<FirmDMS> - PAHS - order approving MOU |
| Document 2 ID | iManage://62790-DMS.IMANAGE.WORK/FirmDMS/39919253/20 |
| Description | #39919253v20<FirmDMS> - PAHS - order approving MOU |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 22 |
| Deletions | 10 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |

| Total changes | 32 |
|---|---|