**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a<br>HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 19-11466 (MFW)<br>)<br>) Jointly Administered<br>)<br>) Related to Docket Nos. 4128, 4129, 4130 and 4213 |

## ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE AMONG THE DEBTORS, THE COMMITTEE, THE MBNF NON-DEBTORS AND TRAVELERS

Upon consideration of the *Debtors' Motion For Orders: (I) Approving Memorandum of Understanding Re Global Settlement Among, Inter Alia, Debtors, Debtors' Subsidiaries, Committee, Tenet, Conifer, MBNF Parties, HSRE Entities and CONA Parties, Which Provides For, Inter Alia, Resolution of Adversary Proceedings, Withdrawal Of Claims, Allocation and Distribution of Assets From RRG and Consensual Substantive Consolidation of Certain Assets, Contracts and Liabilities of the Non-Debtor Broad Street PropCos With Debtor Center City Healthcare, LLC, and Granting Related Relief; and (II) Approving Related Settlement Agreement and Release With Travelers Casualty and Surety Company of America* (the "**Motion**"),[2] by which the Debtors request, among other things,[3] the entry of an order, pursuant to sections 105(a) and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

[2] Unless the context indicates otherwise, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[3] The Debtors' request for approval of the MOU will be addressed in a separate order of the Court.

1

363 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rule 9019, (a) approving the Settlement Agreement And Release among the Debtors, the Committee, the MBNF Non-Debtors and Travelers attached hereto as **Exhibit 1** (the "**Travelers Settlement**") and (b) granting such other and further relief as the Court deems just and proper; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2019; and due and adequate notice of the Motion having been given under the circumstances and it appearing that no other or further notice of the Motion is required; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed and considered the Motion, any responses thereto; and the Court having held a hearing on the Motion on August 29, 2022 at 10:30 a.m. ET (the "**Hearing**"); and the Court having considered the evidence and arguments of counsel presented at the Hearing and the *Declaration of Allen Wilen in Support of Debtors' Motion for Approval of (I) Memorandum of Understanding Re Global Settlement Among, Inter Alia, Debtors, Debtors' Subsidiaries, Committee, Tenet, Conifer, MBNF Parties, HSRE Entities and CONA Parties, Which Provides For, Inter Alia, Resolution of Adversary Proceedings, Withdrawal of Claims, Allocation and Distribution of Assets From RRG and the Substantive Consolidation of Certain Assets, Contracts and Liabilities of Non-Debtor Broad Street PropCos with Debtor Center City Healthcare, LLC; and (II) Related Settlement Agreement and Release with Travelers Casualty and Surety Company of America* [Docket No. 4200]; and upon this Court finding that the decision to enter into the Travelers Settlement is within the sound business judgment of the Debtors, and that approval of the Travelers Settlement is in the best interest of the Debtors' estates; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Travelers Settlement is hereby APPROVED in all respects.

3. The Parties to the Travelers Settlement are authorized to take all appropriate steps required to effectuate the terms of the Travelers Settlement.

4. Within thirty (30) calendar days of (i) the provision of ACH instructions from Debtors to Travelers, (ii) Debtors' provision of all requested W-9s to Travelers, (iii) this Order becoming a Final Order, and (iv) the filing of the MOU Release Notice, whichever comes last, Travelers shall pay the settlement amount of Two Million Nine Hundred Fifty Thousand Dollars and 00/100 cents ($2,950,000) by ACH to Debtor PAHS.

5. Subsection (3) of Section 5 of the Travelers Settlement is hereby replaced in its entirety, as follows" "(3) the MOU Release Notice is not filed as contemplated under Section 52 of the MOU."

6. The terms and provisions of this Order and the Travelers Settlement shall be binding upon any chapter 7 or chapter 11 trustees, successor and/or assignee of the Debtors and the respective successors and assigns of the Parties to the Travelers Settlement.

7. Notwithstanding the applicability of any Bankruptcy Rule to the contrary, this Order shall be effective immediately upon entry.

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and enforcement of this Order and/or the Travelers Settlement.

Dated: August 29th, 2022  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

40339728.4 08/29/2022