# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE (DELAWARE)

| | : | |
|---|---|---|
| IN RE: | : | Nos.   19-11466-MFW |
|    CENTER CITY HEALTHCARE, LLC | : | |
| | : | Chapter 11 |
| | : | |

## ORDER

      Upon reading the motion of Crystal Broomer, filed on August 30, 2022 for the modification of the automatic stay created pursuant to the filing of the petition for bankruptcy on June 30, 2019, upon the ground that the stay does not provide adequate protection for petitioner's property interest in that the value of her claim has yet to be determined or secured, now, pursuant to 11 U.S.C.A. § 362(e), it is ordered that said motion is GRANTED.

      The automatic stay is so modified to permit Crystal Broomer to pursue her employment discrimination claim against Debtor, Center City Healthcare, LLC.

Dated: _____                       _____
                                                                      Mary F. Walrath, J.
                                                                      Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE (DELAWARE)**

| | | |
|---|---|---|
| IN RE: | : | Nos.   19-11466-MFW |
|    CENTER CITY HEALTHCARE, LLC | : | |
| | : | Chapter 11 |

## MOTION REQUESTING RELIEF FROM AUTOMATIC STAY

Comes now, Crystal Broomer ("Claimant"), by and through the undersigned attorney, and respectfully represents:

1. On or about June 30, 2019, Center City Healthcare, LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. Claimant is a Plaintiff with an employment discrimination action under the Philadelphia Fair Criminal Records Screening Standards Ordinance, Philadelphia Code, § 9-3500, *et seq.* pending against Debtor as a result of Debtor's wrongful termination of Plaintiff's employment on May 20, 2019. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

3. As a result of the wrongful termination, Claimant sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages, loss of work, loss of opportunity, and a permanent diminution of earning power and capacity.

4. The notice of the stay prohibited, among other things, further proceedings in the aforesaid action.

5. Claimant is entitled to relief from the operation of such stay because Claimant's interest in obtaining judgment will not be adequately protected if the stay is allowed to remain in

full force and effect, in that the value of said claim has not been determined nor secured. A true and correct copy of the Proof of Claim, filed February 24, 2020 with this Honorable Court, is attached hereto as Exhibit "B."

      6.      Section 362(d) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, a court shall grant relief from the stay provided under section (a) of this section, such as terminating, annulling, modifying, or conditioning such stay –
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d).

      7.      If Claimant's employment discrimination suit against Debtor is not resolved in the very near future, Claimant will suffer irreparable harm as a result.

**WHEREFORE,** Claimant moves this Honorable Court to modify the automatic stay imposed by 11 U.S.C.A. § 362(a) be modified so as to permit Claimant to proceed with the aforementioned employment discrimination suit.

      **LAW OFFICES OF ERIC A. SHORE, P.C.**

      BY: _/s/ Paul Carrion_
      **PAUL CARRION, ESQUIRE**
      Two Penn Center
      1500 JFK Boulevard, Suite 1240
      Philadelphia, PA 19102
      Attorney for Plaintiff, Crystal Broomer

Date: August 30, 2022