# EXHIBIT 1

**(Settlement Agreement)**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into as of the 8th day of July, 2022, by and between Center City, Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**"), Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC d/b/a St. Christopher's Hospital for Children ("**SCH**") and their Debtor affiliates[1] (collectively with CCH and SCH, the "**Debtors**") and Wayne Moving & Storage of New Jersey, Inc., Wayne Moving & Storage Company of New Jersey, Inc., Wayne One, Inc., Wayne Moving & Storage Company, Inc., Wayne Moving & Storage Company of Baltimore Inc., Wayne Moving & Storage Company of North Carolina, Inc., Wayne Moving and Storage of New York, Inc. (collectively "**Wayne Moving and Storage**," and together with the Debtors, the "**Parties**").

## RECITALS

WHEREAS, on June 30 or July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b), and the cases were so consolidated under Case No. 19-11466;

WHEREAS, the Debtors and their estates maintain the right to prosecute and settle all estate claims and causes of action;

WHEREAS, the Debtors have asserted that Wayne Moving and Storage unlawfully disposed of certain property of the Debtors (the "**Property**");

WHEREAS, Wayne Moving and Storage disputes any liability concerning the Property;

WHEREAS, the Debtors scheduled claims for Wayne Moving and Storage in the following cases and in the following amounts: (i) a $11,884.50 general unsecured claim against SCH, and (ii) a $1,221.00 general unsecured claim against CCH (together, the "**Scheduled Claims**");

WHEREAS, Wayne Moving and Storage represents that it has not transferred any of the Scheduled Claims to any other person;

WHEREAS, the Parties have engaged in discussions and exchanged information regarding the Property and, as a result of those discussions, and to avoid further costs and the attendant risks

---

[1] The Debtors and their affiliates in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

1

of litigation, have decided to resolve the dispute concerning the Property upon the terms and conditions set forth in this Agreement,

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, but subject to Bankruptcy Court approval by Final Order, as defined and set forth below, the Debtors and Wayne Moving and Storage agree as follows:

## AGREEMENT

1. <u>Recitals</u>. Each of the recitals set forth above is hereby incorporated herein by reference as if fully set forth.

2. <u>Settlement</u>. In full and complete settlement of the Debtors' claims with respect to the Property, Wayne Moving and Storage shall pay to the Debtors $75,000.00 (the "**Settlement Amount**") within ten (10) calendar days of the date on which the Bankruptcy Court enters an order approving the settlement that has become a Final Order (as defined below). Payment shall be made by wire or by check, payable to "Philadelphia Academic Health System, LLC" and (if sent by check) mailed to:

> Philadelphia Academic Health System, LLC
> c/o Eisner Advisory Group LLC
> Attention: Allen Wilen
> One Logan Square
> 130 North 18th St., Suite 3000
> Philadelphia, PA 19103

If Wayne Moving and Storage seeks to pay the Settlement Amount by wire, it shall request wire instructions from the Debtors' counsel.

3. <u>Bankruptcy Court Approval</u>. The Parties acknowledge that this Agreement is subject to Bankruptcy Court approval. No later than thirty (30) days following execution of this Agreement, the Debtors shall file a motion with the Bankruptcy Court for entry of an Order approving the terms of this Agreement (the "**Settlement Motion**"). In the event that the Bankruptcy Court does not approve the Settlement Motion by entry of an order that becomes a Final Order, this Agreement shall be null and void and of no force and effect against either of the Parties. As used herein, "**Final Order**" means an order of the Bankruptcy Court, as entered on the docket in the Debtors' chapter 11 cases, that has not been reversed, stayed, modified or amended and to which the time to appeal, petition for certiorari, or seek re-argument or rehearing has expired and to which no appeal, re-argument, petition for certiorari, or rehearing is pending or, if an appeal, re-argument, certiorari, or rehearing thereof has been sought, such order has been affirmed by the highest court to which the order was appealed or from which the re-argument or rehearing was sought, or certiorari has been denied, and the time to take any further appeal or to seek certiorari or further re-argument or rehearing has expired, provided, however, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure or Rule 9024 of the Federal Rules of Bankruptcy Procedure may be filed with respect to such order, as long as such a motion actually has not been filed.

2

40130582.1 07/08/2022
40130582.6

4.    <u>Debtors Release</u>.  Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of the Settlement Motion pursuant to a Final Order and the Debtors' receipt of the Settlement Amount, the Debtors and the Debtors' estates, release and discharge Wayne Moving and Storage and its officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type, that the Debtors and the Debtors' estates have or may have against Wayne Moving and Storage.

5.    <u>Wayne Moving and Storage Release</u>.  Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of the Settlement Motion pursuant to a Final Order, Wayne Moving and Storage releases and discharges the Debtors, the Debtors' estates, and their respective officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type that Wayne Moving and Storage has or may have against the Debtors and the Debtors' estates, including any claims arising under 11 U.S.C. § 502(h), the Scheduled Claims and any filed proofs of claim.

6.    <u>Claims Agent</u>.  Upon their receipt of the Settlement Amount, the Debtors may, at their option (i) instruct Omni Agent Solutions (the "**Claims Agent**") to mark each of the Scheduled Claims as disallowed; and/or (ii) file, as "attorney in fact," proof of claims on behalf of Wayne Moving and Storage in the amount of $0.00 in the cases of CCH and SCH.

7.    <u>No Admission of Liability</u>.  This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any Party.

8.    <u>Choice of Law</u>.  This Agreement shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

9.    <u>Authority of Parties</u>.  The Parties each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Agreement on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Agreement; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Agreement shall become effective upon the order approving this Agreement becoming a Final Order.

10.    <u>Merger</u>.  The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement.  This Agreement may only be modified by an instrument in writing executed by each of the Parties hereto.

11.    <u>Execution of Agreement</u>.  This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement.  Facsimile, electronic mail and scanned signatures shall be deemed to have the full force and effect of ink signatures.

12.    <u>Enforcement of Agreement</u>.  In the event that legal action is instituted to enforce

this Agreement, the prevailing party shall be entitled to recover from the losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

13. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement. The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies arising from or related to this Agreement.

14. <u>Construction</u>. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement, as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

IN WITNESS WHEREOF, the Parties hereby execute this Stipulation as of the date first written above, intending to be legally bound.

**DEBTORS CENTER CITY HEALTHCARE, LLC D/B/A HAHNEMANN UNIVERSITY HOSPITAL, *ET AL*.**

_____
Allen Wilen, Chief Restructuring Officer
c/o EisnerAmper LLP
One Logan Square
130 North 18th St., Suite 3000
Philadelphia, PA 19103
Allen.Wilen@americanacademic.com

**WAYNE MOVING AND STORAGE**

_____
Daniel McGarity, Jr.
President

4