IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (MFW) |
| Debtors. | Jointly Administered |
| | Hearing Date: October 25, 2022 at 11:30 a.m. (EST)<br>Objection Deadline: October 5, 2022 at 4:00 p.m. (EST) |

**DEBTORS' ELEVENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE) PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1**

**(No Liability Claims)**

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on Exhibit A to the Proposed Order attached to this Objection to learn the grounds for the objection pertaining to their claim(s) and the relief being sought by the Debtors.**
>
> **The relief sought herein is without prejudice to the Debtors' right to pursue further non-substantive objections against the claims listed on Exhibit A to the Proposed Order attached to this Objection.**

By this eleventh omnibus objection (the "**Objection**"), the debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), seek the entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

Rules"), substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"), disallowing certain claims identified on **Exhibit A** attached to the Proposed Order for which the Debtors' books and records reflect no liability (the "**No Liability Claims**" or the "**Disputed Claims**"). In support of this Objection, the Debtors rely on the declaration of Allen Wilen (the "**Wilen Declaration**"), attached hereto as **Exhibit 2**. In further support of this Objection, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Objection if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1.

## BACKGROUND

5. On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for

joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No entity has requested the appointment of an examiner in these chapter 11 cases.

6. On July 15, 2019, the United States Trustee for the District of Delaware ("**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors ("**Committee**") in these cases pursuant to section 1102 of the Bankruptcy Code [D.I. 182]. Thereafter, on February 20, 2020, the U.S. Trustee amended its Notice of Appointment of the Committee [D.I. 1421].

7. A description of the Debtors' business and operations and the events leading to the commencement of the chapter 11 cases is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2].

## THE DEBTORS' CLAIMS PROCESS

8. On August 14, 2019, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I. 445-479] (as amended, supplemented, or otherwise modified, the "**Schedules**").

9. On June 11, 2020, the Court entered the *Order (I) Establishing Deadlines for Filing Proofs of Claim, Including Section 503(b)(9) Claims, and (II) Approving the Form and Manner of Notice Thereof* [Docket. No. 1666] (the "**Bar Date Order**") pursuant to which the Court established, *inter alia*: (a) the General Bar Date (as defined in the Bar Date Order) as August 5, 2020 at 5:00 p.m. (prevailing Eastern Time). Written notice of the Bar Date Order (the "**Bar Date Notice**") was mailed to, among others, all known creditors listed on the Schedules, and the Bar Date Notice was served on all parties who had filed requests for notice under Bankruptcy Rule 2002 as of the date of the Bar Date Order.

10. Over 2,600 proofs of claim (the "**Proofs of Claim**") have been filed in these Chapter 11 Cases. The Proofs of Claim are recorded on the official claims register (the "**Claims**

Register") maintained by Omni Agent Solutions, the agent retained by the Debtors to assist with claims processing in these Chapter 11 Cases (the "**Claims Agent**").

11.  In the ordinary course of business, the Debtors maintain records (the "**Books and Records**") that reflect, among other things, certain of the Debtors' liabilities and the amounts owed to their creditors.

## RELIEF REQUESTED

12.  By this Objection, the Debtors seek the entry of the Proposed Order:

   a.  disallowing in full all No Liability Claims identified on **Exhibit A** to the Proposed Order on the basis that each asserts a claim for which the Debtors are not liable with respect to basis or amount; and

   b.  authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the Proposed Order.

## BASIS FOR OBJECTION

13.  Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that— (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). The burden of proof for determining the validity of claims rests on different parties at different stages of the objection process. As explained by the Third Circuit:

> The burden of proof for claims brought in bankruptcy court under 11 U.S.C. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the

4

> filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.,* 954 F.2d 167, 173-74 (3d. Cir. 1992) (citations omitted). Once the *prima facie* validity of a claim is rebutted, "[i]t is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn,* 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

14. Upon reviewing the Proofs of Claim filed against the Debtors in these Chapter 11 Cases, supporting documentation attached thereto, and their own Books and Records, the Debtors have identified certain Proofs of Claim that can be characterized as No Liability Claims—*i.e.*, claims that lack any basis, have been waived or released pursuant to Court-approved settlement stipulations and/or that erroneously assert a liability not reflected in the Books and Records.

15. The Debtors therefore respectfully request that the No Liability Claims, as set forth in **Exhibit A** to the Proposed Order, be disallowed and expunged in full.

## SEPARATE CONTESTED MATTERS

16. To the extent that a response is filed regarding any Disputed Claim listed in the Objection and the Debtors are unable to resolve the response, each such claim, and the Objection by the Debtors to each such claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding the Objections shall be deemed a separate order with respect to each claim.

**RESERVATION OF RIGHTS**

17. The Debtors expressly reserve their rights to amend, modify or supplement this Objection, and to file additional objections to any claims (filed or not) in these cases. Moreover, should one or more of the bases for objection stated in this Objection be overruled, or otherwise not sustained, the Debtors reserve the right to object to the Claims on any other grounds that law or equity permit. Nothing contained herein shall be deemed to be or construed as a waiver of the Debtors' right to object to such claims.

18. Notwithstanding anything contained in this Objection or in the exhibit attached to the Proposed Order, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of claims subject to this Objection.

**ADJOURNMENT OF HEARING**

19. The Debtors reserve the right to adjourn the hearing on any Claim subject to this Objection. In the event that the Debtors so adjourn the hearing, the adjournment will be reflected on the agenda for the hearing on this Objection.

**COMPLIANCE WITH LOCAL RULE 3007-1**

20. To the best of the Debtors' knowledge and belief, this Objection and the related exhibits annexed to the Proposed Order comply with Local Rule 3007-1. To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Proposed Order, pursuant to sections 502(b) and 503 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1: (a) disallowing the No Liability Claims set forth on **Exhibit A** to the Proposed Order; (b) authorizing the Claims Agent to amend the Claims Register to comport with entry of the Proposed Order; and (c) granting such other and further relief as the Court deems just and proper.

Dated: September 21, 2022
Wilmington, Delaware

**SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Monique B. DiSabatino*
    Mark Minuti (DE Bar No. 2659)
    Monique B. DiSabatino (DE Bar No. 6027)
    1201 N. Market Street, Suite 2300
    P.O. Box 1266
    Wilmington, DE 19899
    Telephone: (302) 421-6800
    mark.minuti@saul.com
    monique.disabatino@saul.com

    -and-

    Jeffrey C. Hampton
    Adam H. Isenberg
    Centre Square West
    1500 Market Street, 38th Floor
    Philadelphia, PA 19102
    Telephone: (215) 972-7777
    jeffrey.hampton@saul.com
    adam.isenberg@saul.com

    *Counsel to the Debtors and Debtors in Possession*