**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a ) HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1] ) ) | Case No. 19-11466 (MFW) |
| ) | Jointly Administered |
| ) | |
| Debtors. ) ) | **Related to Docket Nos. 4298 and 4323** |

**ORDER AUTHORIZING THE DEBTORS TO FILE UNDER
SEAL THE UNREDACTED VERSIONS OF (A) THE DEBTORS'
TENTH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)
PURSUANT TO SECTIONS 502(b) AND 503 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1, AND
(B) THE DEBTORS' ELEVENTH OMNIBUS OBJECTION TO CLAIMS
(SUBSTANTIVE) PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1**

Upon the motion ("**Motion to Seal**")[2] of the above-captioned Debtors for entry of an order ("**Order**") authorizing the Debtors to file under seal the unredacted versions of (a) the *Debtors' Tenth Omnibus Objection to Claims (Non-Substantive) Pursuant to Sections 502(b) and 503 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1*, and (b) the *Debtors' Eleventh Omnibus Objection to Claims (Substantive) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1* (together, the "**Claim Objections**"); and this Court having jurisdiction over this matter pursuant

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Seal.

to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion to Seal in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion to Seal is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion to Seal and opportunity for hearing on the Motion to Seal were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1. The Motion to Seal is granted as set forth in this Order.

2. Pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(d), the Debtors are authorized to file the unredacted Claim Objections under seal.

3. The Claim Objections shall remain under seal and shall not be made available to anyone, except that unredacted copies shall be provided to: (a) the Court, (b) the U.S. Trustee, (c) counsel to the Committee, and (d) in a limited manner described in the Motion to Seal, the relevant patients whose claims are included in the Claim Objections.

4. Each of the parties in the preceding paragraphs receiving an unsealed copy of the Claim Objections shall keep such information confidential.

5. To the extent any party files any responsive pleadings to the Claim Objections, such party shall redact any and all confidential information from its pleadings.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion to Seal. The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: October 11th, 2022**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**