# EXHIBIT A

## Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
|  | ) Jointly Administered |
| Debtors. | ) Re: Docket No. ____ |

### ORDER GRANTING APPLICATION OF DEBTORS FOR ORDER AUTHORIZING (I) RETENTION AND EMPLOYMENT BY CENTER CITY HEALTHCARE, LLC, OF SSG ADVISORS, LLC AND NEWMARK SOUTH REGION LLC AS BROKERS, AND (II) A WAIVER OF COMPLIANCE WITH CERTAIN REQUIREMENTS OF LOCAL RULE 2016-2

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") (i) authorizing Center City Healthcare, LLC to employ and retain SSG Advisors, LLC ("**SSG**") and Newmark South Region LLC d/b/a Newmark Real Estate ("**Newmark**") as joint brokers and (ii) waiving compliance with certain requirements of Local Rule 2016-2; and upon consideration of the Declarations of J. Scott Victor and David Dolan and the First Day Declaration; and it appearing that this Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 57 and 1334; and it appearing that venue of the Chapter 11 Cases and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Application.

-2-

28 U.S.C. § 157(b); and this Court being satisfied based on the representations made in the Application and in the Declarations that the terms and conditions of the Advisors' employment as set forth in the Engagement Letter and summarized in the Application are reasonable as required by section 328(a) of the Bankruptcy Code; and neither of the Advisors holding or representing interests adverse to the Debtors' estates; and it appearing that each of the Advisors is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and upon the record of the hearing, if any, and all of the proceedings had before the Court; and upon finding that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED to the extent provided herein.

2. CCH is authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, to employ and retain SSG and Newmark, on a joint basis, as its brokers for the sale of the Real Estate in accordance with the terms and conditions set forth in the Application and in the Engagement Letter.

3. The Fee and Expense Structure as set forth in the Engagement Letter is approved pursuant to section 328(a) of the Bankruptcy Code, and the Advisors shall be compensated and reimbursed for their fees and expenses in the Chapter 11 Cases pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures

set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Guidelines and any applicable orders of this Court.

4. The Advisors' compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code; *provided*, *however*, that the U.S. Trustee shall have the right to object to the Advisors' requests for compensation and expense reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, and not section 328(a) of the Bankruptcy Code.

5. The Advisors shall comply with all requirements of Bankruptcy Rule 2016(a) and Local Rule 2016-2, except that they are hereby granted a limited waiver of the information-keeping requirements of Local Rule 2016-2 so as to permit the Advisors to keep professional time records in half-hour increments, and the Advisors shall not be required to conform to any schedule of hourly rates for their professionals.

6. The Indemnification Provisions set forth in the Engagement Letter are approved, subject during the pendency of the Debtors' Chapter 11 Cases to the following:

> a. Notwithstanding any provisions of the Engagement Letter to the contrary, CCH shall have no obligation to indemnify either of the Advisors or provide contribution or reimbursement to either of the Advisors (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from any Advisor's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which CCH alleges the breach of the Advisors' contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (b), infra, to be a claim or expense for which the Advisors should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

    b. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, either Advisor believes that it is entitled to the payment of any amounts by CCH on account of CCH's indemnification obligations under the Application, including, without limitation, the advancement of defense costs, such Advisor must file an application in this Court, and CCH may not pay any such amounts to such Advisor before the entry of an order by this Court approving the payment. This subparagraph (b) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by any Adviser for indemnification, and not as a provision limiting the duration of CCH's obligation to the Advisors. All parties-in-interest shall retain the right to object to any demand by any Advisors for indemnification, contribution or reimbursement.

7. To the extent the Application or Engagement Letter is inconsistent with the terms of this Order, the terms of this Order shall govern.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court retains jurisdiction to hear and to determine all matters arising from or related to the implementation of this Order.