# EXHIBIT B

**(Declaration of Allen Wilen)**

40400539.1 01/09/2023

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |

**DECLARATION OF ALLEN WILEN IN SUPPORT OF
MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
APPROVING SETTLEMENT AGREEMENT BETWEEN THE
DEBTORS AND HURON CONSULTING SERVICES, LLP
AND HURON CONSULTING GROUP, INC.**

I, Allen Wilen, hereby declare the following, under the penalty of perjury:

1. I am the Chief Restructuring Officer ("**CRO**") of Center City Healthcare, LLC and certain of its subsidiaries and affiliates, each a debtor and debtor-in-possession (each, individually, a "**Debtor**" and, collectively, the "**Debtors**") in the above-captioned chapter 11 cases.

2. I have served as CRO for the Debtors since April 8, 2019. In such capacity, I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records. I am above 18 years of age, and I am competent to testify.

3. I am duly authorized to make and submit this declaration on behalf of the Debtors in support of the *Motion of the Debtors for Entry of an Order Approving Settlement Agreement*

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

*Between the Debtors and Huron Consulting Services, LLP and Huron Consulting Group, Inc.* (the "**Motion**"),[2] filed contemporaneously herewith.

4. I read and authorized the filing of the Motion. The facts set forth in the Motion are true and correct to the best of my knowledge, information and belief.

5. Prior to the Petition Date, HCS and Paladin entered into Original Engagement Letter for HCS to provide certain consulting services related to the ASA Transaction, pursuant to which (i) the Debtors would eventually acquire, *inter alia*, their hospital businesses and (ii) certain entities controlled by Philadelphia Academic Health Holdings, LLC, and certain entities controlled by affiliates of Harrison Street Real Estate Capital LLC, would acquire certain real estate from Tenet Business Services Corporation and certain of its affiliates. The Closing occurred on January 11, 2018.

6. Following the Closing, HCS and the principals of Paladin and the Debtors engaged in discussions and negotiations concerning Huron's fees and expenses and eventually entered into the Amended Engagement Letter, under which the parties agreed that the total professional fees and expenses owed to Huron for the ASA Transaction would be reduced to $620,458.79.

7. On April 9, 2018, HCS issued Invoice #1111712 to Paladin for the amount of the Reduced Huron Project Liberty Fees.

8. While the Amended Engagement Letter required the Reduced Huron Project Liberty Fees to be paid within thirty (30) days following the effective date of the Amended Engagement Letter, the parties later agreed that such amount would be paid in installments.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

9. The Debtors eventually paid HCS all Reduced Huron Project Liberty Fees (the "**Transfers**"), as follows:

| Wire Number | Transfer | Clear Date | Invoice Number | Invoice Date |
|---|---|---|---|---|
| WT Fed#02911 | $155,115 | 07/30/2018 | 1111712 | 04/09/2018 |
| WT Fed#07489 | $155,115 | 08/29/2018 | | |
| WT Fed#07611 | $155,113 | 09/28/2018 | | |
| WT Fed#06649 | $155,116 | 10/24/2018 | | |

10. On April 14, 2022, the Debtors filed a complaint against HCS instituting the Adversary Proceeding, which was later amended on June 15, 2022, seeking the avoidance and recovery the Transfers as alleged constructive fraudulent transfers pursuant to sections 548 and 550 of the Bankruptcy Code.

11. On June 29, 2022, HCS filed its answer to the Amended Complaint, denied any liability with respect to the Transfers and asserting various defenses to the Alleged Claims.

12. On July 1, 2022, HCS filed the Third-Party Complaint against Paladin Healthcare Capital, LLC.

13. The Debtors and Huron have exchanged information and engaged in good faith, arms-length negotiations in an attempt to resolve the Alleged Claims included in the Adversary Proceeding.

14. Subject to Court approval, the Debtors and Huron have agreed to resolve the Alleged Claims in the Adversary Proceeding without the time, expense and uncertainty attendant with litigation over such issues on the terms set forth in the Settlement Agreement.

15. The Settlement Agreement attached as Exhibit 1 to the Proposed Order approving the Motion is a true and correct copy of the Settlement Agreement signed by the Parties.

16. While I believe the Debtors have a high probability of recovering on the Alleged Claims if the Debtors pursued the Adversary Proceeding, the outcome of litigation is never

certain and the compromise set forth in the Settlement Agreement is an appropriate resolution of the Alleged Claims, taking into account the defenses asserted by Huron, including Huron's assertions (which are disputed by the Debtors) that: (a) the Debtors were not insolvent or inadequately capitalized at the time of the Transfers; and (b) the Debtors received reasonably equivalent value in exchange for the Transfers.

17. The Alleged Claims implicate issues of insolvency, inadequate capitalization and reasonably equivalent value, all of which are factually and legally complex. The complexity of these issues is reflected in the Settlement Agreement. Further, the costs and delay associated with litigation are appropriately accounted for in the compromise of the Alleged Claims.

18. Here, the paramount interest of creditors is served by the Settlement Agreement, as the Debtors' creditors will benefit from the prompt payment of the Settlement Payment without further costs and delay.

19. The Settlement Agreement is the result of good faith, arm's length negotiations between the Debtors and Huron and, in my view, constitutes a reasonable exercise of the Debtors' business judgment.

20. For all of the foregoing reasons, I would respectfully encourage the Court to approve the Settlement Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: January 6, 2023

/s/ *[signature]*
Allen Wilen
Chief Restructuring Officer

-4-