# Exhibit D

**December 9, 2022 Debtors' Demand to Ironstone**



Mark Minuti
Phone: (302) 421-6840
Fax: (302) 421-6813
Mark.Minuti@saul.com
www.saul.com

December 9, 2022

**BY EMAIL (kurtzman@kurtzmanstead.com)**
Jeffrey Kurtzman, Esq.
Kurtzman / Steady, LLC
555 City Avenue, Suite 480
Bala Cynwyd, PA 19004

RE: Iron Stone Activities on CCH Properties at 201-19 N. 15th Street (referred to as "Proposed Parcel E" on the currently effective recorded subdivision plan) ("Lot E") and 200-14 N. Broad Street (referred to as "Proposed Parcel D") (collectively, the "CCH Lots") [1]

Dear Jeff:

This letter is a follow-up to the various communications between Iron Stone and Center City Healthcare, LLC ("CCH"), including the parties' November 29th meeting at the site (the "Site Meeting"), concerning Iron Stone's current project at the Bobst Building, and Iron Stone's stated intention to construct improvements on and to Lot E (the "Lot E Work").[2]

Despite one or more requests by CCH, CCH has not been provided with detailed (or, in fact, any) written plans and/or specifications for the Lot E Work. Nonetheless, CCH generally understands that the Lot E Work is intended to include, among other things, the following: (i) removal and replacement of the existing sidewalk on the ramp from Race Street to the ground floor level door to the Bobst Building (as opposed to the ramp leading to the loading dock area) on Lot E (the "CCH Parking Lot Ramp"), (ii) repaving of the CCH Parking Lot Ramp, (iii) removal of portions of the exterior of the concrete walls on both sides of the CCH parking Lot Ramp, and

---

[1] The CCH Lots, together with certain other real estate and other assets, were substantively consolidated with the bankruptcy estate of CCH pursuant to order of the United States Bankruptcy Court for the District of Delaware in the jointly administered cases pending as *In re Center City Healthcare, LLC, d/b/a Hahnemann University Hospital, et al.*, (case no. 19-11466(MFW)).

[2] Unless the context indicated otherwise, capitalized terms used herein but not defined shall have the meanings set forth in that certain Reciprocal Easement and Operating Agreement (Hahnemann Block) dated December 30, 2017 and effective January 11, 2018 originally between PAHH New College MOB, LLC, PAHH Feinstein MOB, LLC, Broad Street Healthcare Properties, LLC and Broad Street Healthcare Properties III, LLC (the "REA").

P.O. Box 1266 ♦ Wilmington, DE 19899-1266 ♦ Phone: (302) 421-6800 ♦ Fax: (302) 421-6813
Courier Address: 1201 North Market Street, Suite 2300 Wilmington, DE 19801

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP
40856189.6

December 9, 2022
Page 2

installation of exterior metal cladding on the same, (iv) installation of replacement and new lighting on the CCH Parking Lot Ramp, (v) repaving all the other surface areas of Lot E, including differentiation of "pedestrian" and "vehicle" surfaces, (vi) removal and replacement of the drain located at the top of the CCH Parking Lot Ramp (the "CCH Parking Lot Drain"), and (vi) installation of one or more planters and other hardscaping. There may be additional work of which CCH is not aware.

Iron Stone asserted verbally (and for the first time) at the Site Meeting that some of its Lot E Work is intended to redress leaks seeping into the area below the CCH Parking Lot Drain. Iron Stone also asserted that the balance of its Lot E Work is intended to improve (at the sole determination of Iron Stone) the appearance of Lot E in order to enhance the marketability of the Iron Stone lab space.

Iron Stone has acknowledged to CCH, and does not dispute, that it does not own any portion of Lot E.

As has been previously communicated on multiple occasions, Iron Stone has no right, under the REA or otherwise, to perform any of the Lot E Work. To the extent that Lot E Work is intended to remedy alleged leaks from the CCH Parking Lot Drain, Iron Stone may so notify CCH as required by, and follow the procedures required set forth in, Section 11(b) of the REA. Iron Stone has not done so, and therefore has no claim against CCH, nor any "right to cure". CCH of course retains all rights with respect to any such notice, should it be issued.

To the extent that Lot E Work is intended to enhance aesthetics in furtherance of the Race Street Labs project, Iron Stone has no right whatsoever to perform this work and to do so will constitute a clear trespass. Put simply, there is no general right to unilaterally "beautify each other's property."

Iron Stone has indicated to CCH that it has unilaterally decided to configure the area in Lot E surrounding the Bobst Building adjacent to the New College Building so that it may serve as the main entrance to the Bobst Building. Iron Stone did not approach CCH in advance to discuss such plans or how they may impact Lot E; nor, for that matter, has Iron Stone inquired about CCH's possible plans for Lot E. To be clear, Iron Stone has no right under the REA or otherwise to utilize Lot E for purposes of serving as the main access point for pedestrian and vehicular access to the Bobst Building, nor does Iron Stone have any right to park vehicles on any portion of Lot E. CCH has not agreed to grant Iron Stone any such rights, nor to permit CCH's potential use of Lot E to be circumscribed by any improvements or plans of Iron Stone.

In light of the foregoing, the purpose of this letter is to clearly reiterate that Iron Stone has not been granted the right to perform the Lot E Work and has no such right, nor should Iron Stone presume that it has any right to utilize Lot E as its principal access point or for parking, or for any

40856189.6

December 9, 2022
Page 3

other purpose, now or at any time in the future.[3] CCH does not consent and opposes such work and plans. Iron Stone is hereby directed to cease construction of the Lot E Work, other than repairs of any demolition that it has already performed as needed to prevent further damage to Lot E or to render Lot E safe and in compliance with applicable law, subject however, to prior written approval by CCH of the specific remediation Iron Stone proposes.

      As CCH has indicated, CCH is prepared to discuss issues relating to the operation of the Entire Project, and this may include agreements relating to Lot E. However, any such approach must be on terms and conditions acceptable to both parties. Absent any such agreement, Iron Stone is directed to respect and abide by CCH's rights as owner of Lot E, and to cease any current activities impacting Lot E performed without CCH's prior written consent.

      Without limitation, CCH reserves all rights and remedies it has at law or in equity in the event that Iron Stone fails to comply with the demands set forth in this letter.

Sincerely,

Mark Minuti

cc: Allen Wilen, CRO
    John DiNome, Esq.
    Jeffrey C. Hampton, Esq.

---

[3] Except for limited purposes pursuant to the Letter dated November 11, 2022 respecting temporary use of space for refuse storage, as the same may be extended.

40856189.6