# **Exhibit A**

**(Proposed Order)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered)<br>**Re: Docket Nos. 4452 and \_\_\_\_\_** |
| Center City Healthcare, LLC d/b/a Hahnemann University Hospital, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC, Philadelphia Academic Medical Associates, LLC, HPS of Pa, L.L.C., SCHC Pediatric Associates, L.L.C., St. Christopher's Pediatric Urgent Care Center, L.L.C., SCHC Pediatric Anesthesia Associates, L.L.C., StChris Care at Northeast Pediatrics, L.L.C., TPS of PA, L.L.C., TPS II of PA, L.L.C., TPS III of PA, L.L.C., TPA IV of PA L.L.C. and TPS V of PA, L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>Huron Consulting Services LLC,<br><br>Defendant.<br><br>Huron Consulting Services LLC,<br><br>Third Party Plaintiff,<br><br>v.<br><br>Paladin Healthcare Capital, LLC,<br><br>Third-Party Defendant. | Adv. Proc. No. 22-50263 (MFW)<br><br><br><br><br><br>**Re: Adv. Docket Nos. 43 and \_\_\_\_\_** |

**ORDER GRANTING MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND HURON CONSULTING SERVICES, LLP AND HURON CONSULTING GROUP, INC.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

-2-

Upon the motion (the "**Motion**")[2] of the Debtors seeking entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 approving the Settlement Agreement attached hereto as **Exhibit 1**; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2019; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed and considered the Motion and the Settlement Agreement, and any responses thereto; and upon the Wilen Declaration; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Settlement Agreement is approved in all respects.

3. The parties to the Settlement Agreement are authorized to take all appropriate steps required to effectuate the terms of the Settlement Agreement.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and enforcement of this Order and the Settlement Agreement.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

# Exhibit 1

**(Settlement Agreement)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, et al.,[1] | Case No. 19-11466 (MFW) |
| Debtors. | (Jointly Administered) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, et al., Plaintiffs, v. HURON CONSULTING SERVICES LLC, Defendant. | |
| HURON CONSULTING SERVICES LLC, Third Party Plaintiff, v. PALADIN HEALTHCARE CAPITAL, LLC, Third-Party Defendant. | Adv. Proc. No. 22-50263 (MFW) |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Settlement Agreement**") is entered into as of the __ day of January, 2023 (the "**Effective Date**"), by and between the above captioned debtors (the "**Debtors**" or "**Estates**"), Huron Consulting Services LLC, and Huron Consulting Group Inc. (collectively, "**Huron**") (the Debtors and Huron, each a "**Party**" and together, the "**Parties**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

40392913.11

## RECITALS

WHEREAS, on June 30 or July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

WHEREAS, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b), and the cases were so consolidated under Case No. 19-11466 (collectively, the "**Bankruptcy Case**");

WHEREAS, the Debtors and their Estates maintain the right to prosecute and settle all estate claims and causes of action, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code;

WHEREAS, the Debtors, after review of their books and records, allege that Huron received transfers (the "**Transfers**") from the Debtors of not less than $620,458.79 on or within two years before the Petition Date, as set forth and identified on the chart attached to the Amended Complaint (as defined below) as **Exhibit A** and incorporated by reference herein;

WHEREAS, on April 14, 2022, the Debtors filed a complaint instituting the above-captioned adversary proceeding (the "**Adversary Proceeding**"), which was later amended on June 15, 2022 (the "**Amended Complaint**"), seeking the avoidance and recovery of the Transfers as alleged constructive fraudulent transfers pursuant to sections 548 and 550 of the Bankruptcy Code;

WHEREAS, on June 29, 2022, Huron filed its answer to the Amended Complaint, denied any liability with respect to the Transfers and asserting various defenses to the Debtors' ability to avoid and recover the Transfers;

WHEREAS, on July 1, 2022, Huron filed an Amended Third-Party Complaint (the "**Third-Party Complaint**") in the Adversary Proceeding against Paladin Healthcare Capital, LLC ("**Paladin**");

WHEREAS, the Parties have exchanged information and engaged in discussions regarding the Transfers and, as a result of those discussions and to avoid further costs and the attendant risks of litigation, have agreed to resolve the Adversary Proceeding and any and all disputes between them under chapter 5 of the Bankruptcy Code or similar state statutes upon the terms and conditions set forth in this Settlement Agreement.

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Debtors and Huron agree, subject to approval of the Bankruptcy Court, as follows:

40392913.11

# AGREEMENT

1.     Settlement. In settlement of the disputes between the Parties regarding the Transfers and in full and final satisfaction of the Debtors' and Estates' claims with respect to the Transfers, Huron shall pay to the Debtors $135,000.00 (the "**Settlement Amount**") within fourteen (14) business days after the date this Settlement Agreement is approved by the Bankruptcy Court by Final Order. Payment shall be made to the Debtors by wire pursuant to the instructions to be provided to Huron by the Debtors.

2.     Bankruptcy Court Approval. The Parties acknowledge that this Settlement Agreement is subject to Bankruptcy Court approval. No later than five (5) business days after full execution of this Settlement Agreement, the Debtors shall file a motion (the "**Motion**") with the Bankruptcy Court for entry of an Order approving the terms of this Settlement Agreement. In the event that the Bankruptcy Court does not approve the Motion by entry of an order that becomes a Final Order, this Settlement Agreement shall be null and void and of no force and effect against either of the Parties. An order will be considered to be a "Final Order" if the order is not subject to any timely appeal or motion for reconsideration.

3.     Debtors' and Estates' Release of Huron. Except for the obligations arising under this Settlement Agreement, and effective upon (i) Bankruptcy Court approval of this Settlement Agreement pursuant to a Final Order and (ii) the Debtors receipt of the Settlement Amount in good funds, (a) the Debtors on behalf of themselves and their Estates and their respective professionals, subsidiaries, affiliates, current and former officers and directors, agents, employees, representatives, attorneys, successors and assigns (the "**Debtor Releasing Parties**") (a) release and discharge Huron from any and all claims, liabilities, and causes of action, whether known or unknown, and (b) release and discharge Huron's Representatives[2] from any and all claims, liabilities, and causes of action, whether known or unknown, of any nature or type relating to the Transfers, the services provided by Huron related to the Transfers and the payment of the Settlement Amount. Further, the Debtor Releasing Parties covenant and agree not to file or pursue any of the foregoing released claims relating to Huron or Huron's respective Representatives.

4.     Huron's Release of Debtors and Estates and Covenant Not to File Claims. Except for the obligations arising under this Settlement Agreement, and effective upon Bankruptcy Court approval of this Settlement Agreement pursuant to a Final Order, Huron on behalf of itself and its professionals, subsidiaries, affiliates, current and former officers and directors, partners, agents, employees, representatives, attorneys, successors and assigns (the "**Huron Releasing Parties**") (a) release and discharge the Debtors and the Estates from any and all claims, liabilities, and causes of action, whether known or unknown, and (b) release and discharge the Debtors' Representatives from any and all claims, liabilities, and causes of action, whether known or unknown, of any nature or type relating to the Transfers, the services provided by Huron related to the Transfers and the payment of the Settlement Amount. Further, the Huron Releasing Parties covenant and agree not

---

[2]     The term "**Representatives**" means a person's or an entities' current and former members, partners, principals, owners, parent companies, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, administrators, retained professionals, independent contractors, predecessors, insurers, successors and assigns.

40392913.11

to file or pursue any claims relating to the Debtors against the Debtors, the Estates or the Debtors' respective Representatives in the Debtors' Bankruptcy Case, or otherwise.

5. <u>Huron's Release of the MBNF Parties</u>.[3] Effective upon Bankruptcy Court approval of this Settlement Agreement pursuant to a Final Order, the Huron Releasing Parties release and discharge each of the MBNF Parties and each of the MBNF Parties' respective Representatives from any and all claims, the payment of the Settlement Amount, or assertable claims arising from the Amended Complaint or the Debtors' pursuit of any other claims or assertable claims against the Huron Releasing Parties under Chapter 5 of the Bankruptcy Code or similar state statutes. Further, the Huron Releasing Parties covenant and agree not to file or pursue any of the foregoing released claims against any of the MBNF Parties or their respective Representatives. The MBNF Parties and their respective Representatives are intended and express third-party beneficiaries of this section of the Settlement Agreement with full rights to enforce the provisions of this Section 5 against any of the Huron Releasing Parties.

6. <u>Dismissal of Adversary Proceeding</u>. Within five (5) calendar days of (i) Bankruptcy Court approval of this Settlement Agreement pursuant to a Final Order and (ii) receipt of the Settlement Amount by the Debtors in good funds, the Debtors and Huron will execute and file a stipulation to dismiss the Adversary Proceeding, including the Third-Party Complaint, with prejudice and without costs. The Debtors shall prepare the foregoing stipulation.

7. <u>Reservation of Defenses</u>. Notwithstanding the releases set forth in Sections 4 and 5 above, or anything to the contrary contained in this Settlement Agreement, solely to the extent any person or entity asserts claims against any of the Huron Releasing Parties arising from the same or related facts and circumstances as the claims released by the Huron Releasing Parties in Sections 4 and 5 above of this Settlement Agreement, each of the Huron Releasing Parties retains the right to assert any claims released in Sections 4 and 5 above as defenses, including setoff and dismissal, against such person or entity.

8. <u>No Admission of Liability</u>. This Settlement Agreement is a compromise of disputed claims and shall not be construed as an admission of liability, fault, wrongdoing, or responsibility for any purpose by any Party. By entering into this Settlement Agreement, neither Party admits, and each Party expressly denies, any liability, fault, wrongdoing or responsibility on its part with respect to the matters being resolved herein.

9. <u>No Assignment or Abandonment of Claims</u>. Each of the Parties represents and warrants that, as of its execution of this Settlement Agreement, it has not assigned or otherwise transferred any of the claims addressed in, or to be released by, this Settlement Agreement and shall not assign or otherwise transfer to any person any such claim. Further, the Debtors and the Estates covenant and agree they have not and will not, as part of the Bankruptcy Case, abandon any claims, liabilities, or causes of action, whether known or unknown, of any nature or type

---

[3] The "**MBNF Parties**" are Joel Freedman, Stella Freedman, Svetlana Attestatova, Kyle Schmidt, MBNF Investments, LLC, American Academic Health System, LLC, Philadelphia Academic Health Holdings, LLC, Front Street Healthcare Properties, LLC, Front Street Healthcare Properties II, LLC, Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC, Philadelphia Academic Risk Retention Group, LLC, Paladin Healthcare Capital, LLC, Paladin Healthcare Management, LLC, and Globe Health Foundation, Inc.

40392913.11

against Huron and its Representatives.

10. <u>Choice of Law</u>. This Settlement Agreement shall be governed by the laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

11. <u>Authority of Parties</u>. The Parties each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Settlement Agreement on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Settlement Agreement; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval.

12. <u>Merger</u>. The Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement. This Settlement Agreement may only be modified by an instrument in writing executed by each of the Parties hereto; provided that Section 5 may not be modified without the prior written consent of each of the MBNF Parties.

13. <u>Validity</u>. If any provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, then said illegal, unenforceable, or invalid provision shall be deemed not to be a part of this Settlement Agreement and the legality, validity, and enforceability of the remaining provisions shall not be affected thereby.

14. <u>Execution of Settlement Agreement</u>. This Settlement Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement. Facsimile, electronic mail and scanned signatures shall be deemed to have the full force and effect of ink signatures.

15. <u>Enforcement of Settlement Agreement</u>. In the event that legal action is instituted to enforce this Settlement Agreement, the prevailing party shall be entitled to recover from the losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

16. <u>Jurisdiction</u>. The Bankruptcy Court shall have jurisdiction to resolve any disputes or controversies arising from or related to this Settlement Agreement and the Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies arising from or related to this Settlement Agreement.

17. <u>Construction</u>. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Settlement Agreement, as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Settlement Agreement

and (b) that each party signing this Settlement Agreement is entering into this Settlement Agreement knowingly, voluntarily, and of its own free will.

IN WITNESS WHEREOF, the Parties have hereby executed this Settlement Agreement as of the date first written above, intending to be legally bound.

**CENTER CITY HEALTHCARE, LLC; PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC; ST. CHRISTOPHER'S HEALTHCARE, LLC; PHILADELPHIA ACADEMIC MEDICAL ASSOCIATES, LLC; HPS OF PA, L.L.C.; SCHC PEDIATRIC ASSOCIATES, L.L.C.; ST. CHRISTOPHER'S PEDIATRIC URGENT CARE CENTER, L.L.C.; SCHC PEDIATRIC ANESTHESIA ASSOCIATES, L.L.C.; STCHRIS CARE AT NORTHEAST PEDIATRICS, L.L.C.; TPS OF PA, L.L.C.; TPS II OF PA, L.L.C; TPS III OF PA, L.L.C.; TPS IV OF PA, L.L.C. AND TPS V OF PA, L.L.C.**

By: Allen Wilen
Its: Chief Restructuring Officer

**HURON CONSULTING SERVICES LLC**

By: Ernie Torain
Its: Executive Vice President, General Counsel Corporate Secretary

**HURON CONSULTING GROUP INC.**

By:
Its:

40392913.11