# Exhibit 10

November 18, 2022, emails

**From:** Matt Canno
**Sent:** Friday, November 18, 2022 6:36 PM
**To:** John Dinome <John.Dinome@americanacademic.com>
**Cc:** Jeffrey Kurtzman <kurtzman@kurtzmansteady.com>; Derek E. Jokelson <dej@Jokelson.com>; Griffin Keebler <gkeebler@harrisonst.com>
**Subject:** RE: Ironstone/CCH

John – Please quote me accurately. When did I use the word "crisis" that you put in quotes? I never said this is a crisis. I said that the condition is a breach of the REA and that there are certain remedies available for breach.

In all honestly, I am just so completely shocked that we are having this argument. I am PAVING an area that needs to be paved AND agreeing that, in doing so, no rights of either party will be expanded or contracted. I just honestly don't understand why there is any objection to this. This does nothing to hurt you. It improves the look and safety of the area and I am fully paying for the cost. I honestly have no understanding of why you would have an objection to this.

Matthew Canno, Esquire
Partner
Iron Stone Real Estate Partners
2929 Walnut Street, Suite 1540
Philadelphia, PA 19104
Office: (215) 508-2210
Cell: (215) 439-8980
www.iron-stone.com

**From:** John Dinome <John.Dinome@americanacademic.com>
**Sent:** Friday, November 18, 2022 6:30 PM
**To:** Matt Canno <matt@iron-stone.com>
**Cc:** Jeffrey Kurtzman <kurtzman@kurtzmansteady.com>; Derek E. Jokelson <dej@Jokelson.com>; Griffin Keebler <gkeebler@harrisonst.com>
**Subject:** RE: Ironstone/CCH

Matt, we will need a meeting to discuss your project. Your view of this relationship, rights of the parties and obligations of the parties seems a bit lopsided and we will need to sort it out.
You never mentioned a problem with the driveway that made it somehow unusable. Your email about the project was a long list of items to be accomplished and it included paving. Normally paving comes at the end of a project and I had it on the radar to be discussed along with the rest of the project---and you never objected and said the paving was a priority and could not wait until December 2nd.
You are now re-characterizing the paving as an REA/operation standard issue and as a "crisis" that needs to be immediately addressed. That is pure nonsense.   And how much of whatever damage you claim has been done to the driveway/parking area is the result of the dumpsters, the trucks and maintenance vehicles going in and out over the past months?

1

Please do not lecture me on how I am characterizing our e-mails or conversations.
You are changing reasons as we go along and expect us to just rollover.
The debtors have been reasonable at all points----steam inspection, dumpster placement, and commitment to meet to discuss access, parking and your project. The debtors will continue to be reasonable and will always have the interests of creditors in mind as we make all decisions.
What we won't do is be bullied about our property.
John DiNome

---

**From:** Matt Canno <matt@iron-stone.com>
**Sent:** Friday, November 18, 2022 6:10 PM
**To:** John Dinome <John.Dinome@americanacademic.com>
**Cc:** Jeffrey Kurtzman <kurtzman@kurtzmansteady.com>; Derek E. Jokelson <dej@Jokelson.com>; Griffin Keebler <gkeebler@harrisonst.com>
**Subject:** RE: Ironstone/CCH

This was my exact quote, with the emphasis on yellow added: "I have taken HSRE off of ==this== email chain but am attaching all other interested parties."

Matthew Canno, Esquire
Partner
Iron Stone Real Estate Partners
2929 Walnut Street, Suite 1540
Philadelphia, PA 19104
Office: (215) 508-2210
Cell: (215) 439-8980
www.iron-stone.com

---

**From:** John Dinome <John.Dinome@americanacademic.com>
**Sent:** Friday, November 18, 2022 6:07 PM
**To:** Matt Canno <matt@iron-stone.com>
**Cc:** Jeffrey Kurtzman <kurtzman@kurtzmansteady.com>; Derek E. Jokelson <dej@Jokelson.com>; Griffin Keebler <gkeebler@harrisonst.com>
**Subject:** RE: Ironstone/CCH

You said you would take HSRE off our e-mail chains. You did not use the word "agree".
John

---

**From:** Matt Canno <matt@iron-stone.com>
**Sent:** Friday, November 18, 2022 6:00 PM
**To:** John Dinome <John.Dinome@americanacademic.com>
**Cc:** Jeffrey Kurtzman <kurtzman@kurtzmansteady.com>; Derek E. Jokelson <dej@Jokelson.com>; Griffin Keebler <gkeebler@harrisonst.com>
**Subject:** RE: Ironstone/CCH

John – I do not believe that your email below honestly reflects our emails or conversations.

The simple issue is that we are paying for something that is your obligation under the REA. As described below, this fire lane and driveway are not being maintained in accordance with the REA. Your failure to maintain this to the Operating Standard is a breach. We have several remedies available to us when you breach the agreement, including Self Help. To the extent that we spend money to maintain parcels that you control pursuant to the self help remedy, the cost shall be borne by you.

You can review your emails. I surely never "agreed" to take Griffin off of emails. Please look at your emails and correct me if I am wrong. I assume that the decisions that you make will significantly impact HSRE and the other creditors. To the extent that you are doing to willfully violate the REA and cost the creditors significant amounts of money, he should be aware of it.

Sincerely,

Matthew Canno, Esquire
Partner
Iron Stone Real Estate Partners
2929 Walnut Street, Suite 1540
Philadelphia, PA 19104
Office: (215) 508-2210
Cell: (215) 439-8980
www.iron-stone.com

**From:** John Dinome <John.Dinome@americanacademic.com>
**Sent:** Friday, November 18, 2022 5:09 PM
**To:** Matt Canno <matt@iron-stone.com>
**Cc:** Jeffrey Kurtzman <kurtzman@kurtzmansteady.com>; Derek E. Jokelson <dej@Jokelson.com>; Griffin Keebler <gkeebler@harrisonst.com>
**Subject:** RE: Ironstone/CCH

Matt, when I first received your e-mail regarding the Ironstone project, I told you that we needed to discuss the project and the impact on our property. I also told you that we would only agree to the dumpsters time being on the parking lot for a limited time period and we have since executed 2 letters agreements regarding their placement. So please do not tell me that we were silent—we were the opposite of silent. I told you we would need a meeting and if we were in agreement, we would reduce that to a letter agreement or a license regarding the project---all aspects, to include the paving. That does not mean consent, implied consent or any other type consent. It means meeting, perhaps an agreement and then a written document. Thus far, we have had no meeting, no agreement and no written document regarding your project, to include the paving.  And if you already had our consent, why did you have Peter Wieck ask Anthony Perno yesterday if we had any objection to paving?

Second, I asked you several weeks ago to not include HSRE on our e-mails and you agreed to that. You copied HSRE on this email and I am now requesting you explain why HSRE and Griffin Keebler need to be copied on communication regarding issues between Ironstone and CCH. Griffin,  feel free to also explain why you need to be copied.

3

You can feel free to call our positions "unfounded and nonsensical" but that does not change our position---we do not consent and we object to you engaging in construction and paving on our property.

John DiNome

---

**From:** Matt Canno <matt@iron-stone.com>
**Sent:** Friday, November 18, 2022 4:47 PM
**To:** John Dinome <John.Dinome@americanacademic.com>
**Cc:** Jeffrey Kurtzman <kurtzman@kurtzmansteady.com>; Derek E. Jokelson <dej@Jokelson.com>; Griffin Keebler <gkeebler@harrisonst.com>
**Subject:** RE: Ironstone/CCH

John – I am in receipt of your below email which follows our conversation yesterday in which, for the first time, you objected to the paving that I informed you about at least 17 days ago and for which you know I have signed a construction contract to effectuate. Your silence for at least 17 days constitutes consent. At no point, until yesterday, did you bring up any objection.

I am trying to better understand your position. I believe that you are stating that you will either obstruct or refuse to cooperate with our paving of a drive/walk aisle and fire lane that is currently littered with pot holes. Please confirm if this is your position.

As a reminder, I am planning to pay for this 100% of this paving, which will make the area safer and presentable. I have also offered to confirm, in writing, that the paving will neither enhance or restrict any rights that either of party has under the REA or any other document. As you have repeatedly said, this area is on your parcel and it is your obligation to maintain the safety of these areas and to adhere to the Operating Standard as set forth in the REA. Any reasonable mind would agree that this pot-hole littered are is not in compliance with the Operating Standard. To the extent that you refuse to allow this initiated work to continue, then we will have no choice but to enforce your obligation to pave this area at your cost.

I am attaching Griffin to this email so that HSRE is fully in the loop of the aggressive and unreasonable positions that you have decided to pursue. We were hoping for an amicable relationship with you. But at every turn, you choose to pick nonsensical arguments and take unreasonable and unfounded positions.

Sincerely,

Matthew Canno, Esquire
Partner
Iron Stone Real Estate Partners
2929 Walnut Street, Suite 1540
Philadelphia, PA 19104
Office: (215) 508-2210
Cell: (215) 439-8980
www.iron-stone.com

4

**From:** John Dinome <John.Dinome@americanacademic.com>
**Sent:** Friday, November 18, 2022 4:26 PM
**To:** Matt Canno <matt@iron-stone.com>
**Subject:** RE: Ironstone/CCH

Matt, I spoke with my counsel a few minutes ago. He spoke with Jeff Kurtzmann regarding this matter.  To be clear----when I said we do not consent to the paving that also means that we object. John

**From:** John Dinome
**Sent:** Friday, November 18, 2022 12:05 PM
**To:** Matt Canno <matt@iron-stone.com>
**Subject:** RE: Ironstone/CCH

Please see below. Thank you

**From:** John Dinome
**Sent:** Friday, November 18, 2022 11:45 AM
**To:** Matt Canno <matt@iron-stone.com>
**Subject:** Ironstone/CCH

Matt, based upon our e-mails of the last 24 hours, it appears you may have some misapprehensions about our position, so I want to be crystal clear.

The property lines of our respective fee parcels are what they are and there is no "joint ownership" of any land. There is the REA, which is limited in scope and does not provide IronStone any parking or related rights on our parcels.

More specifically, Ironstone has no rights to the "SHSH lot" and certainly no right to repave any portion of that lot or any other Center City Healthcare("CCH") property. We have not granted Ironstone permission to do any work in or on our property. To the extent that you choose to repave any land not owned by Ironstone, you do so at your own peril and your sole cost and expense, and any such work shall not serve to modify the rights of the parties or to impose any obligations whatsoever on CCH including any obligation to permit Ironstone to park on the CCH lots in the future.

As evidenced by the "dumpster letter" we recently signed, we are willing to continue to work cooperatively with Ironstone to facilitate the parties' plans on appropriate terms. We expect that the agenda at our planned December meeting will include a discussion of Ironstone's parking and access requests  and we remain willing to discuss the question  of whether we may be able to accommodate those requests going forward, subject to appropriate terms and conditions.

To be clear, we do not consent to the repaving of the lot. Moreover, we will consider the pursuit of appropriate remedies in the bankruptcy court or elsewhere should Ironstone take such unilateral action knowing that we do not consent.
Nothing in this e-mail is intended to modify our rights or obligations under existing agreements or law.

5

John DiNome