# EXHIBIT 1

**(Settlement Agreement)**

41068963.2 02/13/2023

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into as of this **23rd** day of January, 2023, by and between Center City, Healthcare, LLC d/b/a Hahnemann University Hospital, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare, LLC d/b/a St. Christopher's Hospital for Children and certain of their affiliates (collectively, the "**Debtors**") and De Lage Landen Financial Services, Inc. ("**DLL**," and together with the Debtors, collectively, the "**Parties**"), by and through their respective duly authorized undersigned counsel.

## RECITALS

WHEREAS, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b), and the cases were so consolidated under Case No. 19-11466;

WHEREAS, the Debtors and their estates maintain the right to prosecute and settle all estate claims and causes of action, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code;

WHEREAS, the Debtors, after review of their books and records, have asserted that DLL received transfers (the "**Transfers**") from the Debtors of not less than $323,531 on or within the 90 days before the Petition Date and have demanded the return of the Transfers as alleged preferential transfers that are subject to avoidance and recovery pursuant to sections 547 and 550 of the Bankruptcy Code;

WHEREAS, on or about June 24, 2021, the Debtors filed a Complaint against DLL to avoid and recover the Transfers, which matter is proceeding under Adversary Proceeding No. 21-50896 (the "**Adversary Proceeding**");

WHEREAS, DLL has filed an Answer and Affirmative defenses to the Complaint and therein disputes any liability for return of the Transfers;

WHEREAS, the Parties have engaged in discussions and exchanged information regarding the Transfers; and as a result of those, and to avoid further costs and the attendant risks of litigation, the Parties have agreed to resolve all disputes concerning the Transfers upon the terms and conditions set forth in this Agreement,

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Debtors and DLL agree as follows:

41045725.1

## AGREEMENT

Settlement Terms. In settlement of the dispute between the Parties and in full and final satisfaction of the Debtors' claims with respect to the Transfers, DLL shall pay to the Debtors $65,000.00 (the "**Settlement Amount**") within twenty (20) days of the date of this Agreement; and (ii) DLL, as set forth in more detail below, shall waive all claims that it has or may have against the Debtors in the Chapter 11 Cases including, without limitation, any claims under 11 U.S.C. 502(h).

Payment Terms. Payment of the Settlement Amount shall be made by wire or by check, at DLL's election. If payment is to be made by wire transfer it shall be made to "Philadelphia Academic Health System," pursuant to wire instructions that shall be provided to DLL upon its request. If payment is to be made by check such check shall be made payable to "Philadelphia Academic Health System," and sent to:

> Philadelphia Academic Health System
> c/o Eisner Amper LLP
> Attention: Allen Wilen
> One Logan Square
> 130 North 18th St., Suite 3000
> Philadelphia, PA 19103

Bankruptcy Court Approval. The Parties acknowledge that the Debtors' obligations under this Agreement are subject to Bankruptcy Court approval and Debtors shall not be bound by the terms of this Agreement unless and until an order has been entered by the Bankruptcy Court approving the terms of this Settlement Agreement that has become a Final Order (as defined below). Notwithstanding the foregoing, (i) in the event that DLL fails to tender the Settlement Payment as required by the terms of this Agreement, Debtors shall be entitled to file a motion with the Bankruptcy Court to seek to compel enforcement of DLL's obligation to make the Settlement Payment and Debtors also shall be entitled to seek to recover its reasonable attorney's fees and costs incurred in connection therewith, and (ii) Debtors shall return the Settlement Payment, without interest, in the event the Bankruptcy Court does not enter an order approving this Agreement. Reasonably promptly but in no event later than ten (10) days after the execution of this Agreement, the Debtors shall file a motion (the "**Settlement Motion**") with the Bankruptcy Court for entry of an Order approving the terms of this Agreement. In the event that the Bankruptcy Court does not approve the Settlement Motion by entry of a Final Order, this Agreement shall be null and void and of no force and effect against either of the Parties. An order will be considered to be a "Final Order" if the order is not subject to any timely appeal or motion for reconsideration.

Debtors Release. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, the Debtors and the Debtors' estates release and discharge DLL and its officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type, that the Debtors and the Debtors' estates have or may have against DLL, including, without limitation, any claims in the Adversary Proceeding or otherwise relating to the Transfers.

41045725.1

DLL Release. Except for the obligations arising under this Agreement, DLL releases and discharges the Debtors, the Debtors' estates, and their respective officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type that DLL has or may have against the Debtors and the Debtors' estates.  Without limitation of the foregoing and for illustrative purposes, the release of claims provided by DLL hereunder includes, without limitation, all proofs of claims filed by DLL in the Chapter 11 Cases, any claims scheduled for DLL in the Chapter 11 Cases, any administrative claims that DLL has or may have whether or not heretofore asserted by DLL in the Chapter 11 Cases, and any claims arising under section 502(h) of the Bankruptcy Code as a result of the settlement set forth in this Agreement.

No Admission of Liability. This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any Party.

Choice of Law. This Agreement shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

Authority of Parties. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Agreement on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Agreement; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Agreement shall become effective upon the order approving this Agreement becoming a Final Order.

Merger. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement.  This Agreement may only be modified by an instrument in writing executed by each of the Parties hereto.

Execution of Agreement. This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement.  Facsimile, electronic mail and scanned signatures shall be deemed to have the full force and effect of ink signatures.

Enforcement of Agreement. In the event that legal action is instituted to enforce this Agreement, the prevailing party shall be entitled to recover from the losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

Jurisdiction. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement.  The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies arising from or related to this Agreement.

Construction. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement, as a result of which the Parties hereto acknowledge and

agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

    IN WITNESS WHEREOF, the Parties, by and through their duly authorized respective counsel, hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| **SAUL EWING LLP** | **OFFIT KURMAN, P.C.** |
|---|---|
| /s/ Monique B. DiSabatino<br>Mark Minuti (DE Bar No. 2659)<br>Monique B. DiSabatino (DE Bar No. 6027)<br>1201 N. Market Street, Suite 2300<br>P.O. Box 1266<br>Wilmington, DE 19899<br>Telephone: (302) 421-6800<br>mark.minuti@saul.com<br>monique.disabatino@saul.com<br><br>-and-<br><br>Jeffrey C. Hampton<br>Adam H. Isenberg<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>Telephone: (215) 972-7777<br>Fax: (215) 972-7725<br>jeffrey.hampton@saul.com<br>adam.isenberg@saul.com<br><br>*Counsel for the Debtors and Debtors in Possession* | Paul J. Winterhalter<br>(Admitted Pro Hac Vice)<br>401 Plymouth Road<br>Suite 100<br>Plymouth Meeting, PA 19462<br>Telephone: (267) 338-1370<br>pwinterhalter@offitkurman.com<br><br>*Attorneys for De Lage Landen Financial Services, Inc.* |

41045725.1