**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a ) | |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* ) | Case No. 19-11466 (MFW) |
| *al.*,[1] ) | |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | **Objection Deadline: March 15, 2023 at 4:00 p.m. (ET)** |
| ) | **Hearing Date: March 22, 2023 at 10:30 a.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF ORDER (I) AUTHORIZING PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC TO MAKE SUPPLEMENTAL SECURED LOAN TO SUPPORT BROAD STREET REAL ESTATE PURSUANT TO MEMORANDUM OF UNDERSTANDING AND 11 U.S.C. §§ 363, 364 AND 105(A) AND (II) GRANTING RELATED RELIEF**

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel, file this motion (the "**Motion**") for the entry of an order pursuant to the MOU (as defined below), sections 363, 364 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 4001 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing debtor Philadelphia Academic Health System, LLC ("**PAHS**") to make a supplemental secured loan (the "**Supplemental Loan**")[2], on a non-recourse basis, to provide funding for the operating and maintenance costs of the Broad Street Real Estate (as defined below) in order to preserve the value of such real estate, which has been substantively consolidated with the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

[2] The key terms of the proposed Supplemental Loan are summarized below.

41071805.5

bankruptcy estate of Center City Healthcare, LLC ("**CCH**") pursuant to the MOU. In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 363 and 105(a) of the Bankruptcy Code and Bankruptcy Rule 6004.

## General Background

3. On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 15, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al.* [D.I. 182] (the "**Committee**").

4. A description of the Debtors' businesses as of the Petition Date is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2].

**Specific Background**

**The Debtors' Litigation and the Mediation**

5. On June 29, 2021, following an investigation conducted jointly by the Debtors and the Committee, the Debtors filed a complaint against, among other defendants, Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC and Broad Street Healthcare Properties III, LLC (collectively, the "**Broad Street Entities**") (the "**Broad Street Adversary Proceeding**"). The Debtors also filed a complaint against, among other parties, Harrison Street Real Estate, LLC and certain related entities (collectively, "**HSRE**") (the "**HSRE Adversary Proceeding**" and, together with the Broad Street Adversary Proceeding, the "**Adversary Proceedings**").

6. After the Adversary Proceedings were commenced, the Debtors, the Committee, the Broad Street Entities, HSRE, the other defendants in the Adversary Proceedings, and certain other parties engaged in mediation (the "**Mediation**"), with The Honorable Kevin J. Carey (ret.) serving as mediator. *See Order Appointing Mediator in Connection with Claims By and Between the Debtors' Estates and the MBNF Non-Debtor Entities*, entered February 23, 2021 [D.I. 2119] and *Order on Motion of HSEP VI Holding, LLC and Its Affiliates to Intervene/Participate in Mediation*, entered July 28, 2021 [D.I. 2648].

7. During the course of the Mediation, it became clear that preservation of the value of the Broad Street Real Estate was in the best interests of the Debtors and all other parties in the Mediation.

41071805.5

8. The Broad Street Real Estate is as follows:

| Property | Owner | Address | OPA |
|---|---|---|---|
| North Tower, South Tower | Broad Street Healthcare Properties, LLC | 222-248 N. Broad Street | 772025002 |
| (Land next to SHSH Building) | Broad Street Healthcare Properties, LLC | 221-223 N. 15th Street | 772028498 |
| Stiles Alumni Hall Underground | Broad Street Healthcare Properties, LLC | 325 N. 15th Street | 881038202 |
| Martinelli Park | Broad Street Healthcare Properties II, LLC | 300-304 N. Broad Street | 885620242 |
| (redevelopment land/ surface parking) (city block) | Broad Street Healthcare Properties III, LLC | 200-214 N. Broad Street | 885467862 |
| SHSH Building (city block) | Broad Street Healthcare Properties III, LLC | 201-219 N. 15th Street | 772028496 |

9. Pursuant to the Motion to Authorize Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Philadelphia Academic Health System, LLC to Make Secured Term Loan to Broad Street Entities Pursuant to 11 U.S.C. § 363 and 105(a) and (II) Granting Related Relief [Docket No. 3657], PAHS agreed to provide a non-recourse loan to the Broad Street Entities, secured by mortgages on the Broad Street Real Estate, in the amount of up to $5.6 million (the "**Initial Loan**"). The Initial Loan provided funding for the budgeted, documented direct operating and maintenance costs of the Broad Street Real Estate and certain other costs of the Borrowers pursuant to certain terms and conditions. The Initial Loan was approved by interim and final Orders entered March 31, 2022 [D.I. 3811] and April 21, 2022 [D.I. 3896].

**The MOU**

10. After approval of the Initial Loan, the Debtors and the other parties to the Mediation resolved their disputes pursuant to a Memorandum of Understanding (the "**MOU**"), which was approved by the Court on August 29, 2022. *See Order (I) Approving Memorandum of Understanding Re Global Settlement Among, Inter Alia, Debtors, Debtors' Subsidiaries, Committee, Tenet, Conifer, MBNF Parties, HSRE Entities and CONA Parties, Which Provides For, Inter Alia, Resolution of Adversary Proceedings, Withdrawal Of Claims, Allocation and*

*Distribution of Assets From RRG and Consensual Substantive Consolidation of Certain Assets, Contracts and Liabilities of Non-Debtor Broad Street PropCos With Debtor Center City Healthcare, LLC, and Granting Related Relief; and (II) Approving Related Settlement Agreement and Release With Travelers Casualty and Surety Company of America* [D.I. 4216] (the "**MOU Order**").

11. Pursuant to the MOU and the MOU Order, and among other things, the Broad Street Real Estate was substantively consolidated with the estate of CCH, which became obligated with respect to the Initial Loan on a non-recourse basis.

12. The MOU contemplates the management, marketing and sale of the Broad Street Real Estate and the sharing of its net sale proceeds among the Debtors and certain other parties to the MOU. The MOU also contemplates, in its Schedule 3(b), that additional loans might be needed from PAHS to preserve and maintain the Broad Street Real Estate pending sale, and that such additional loans would be repaid from the sale proceeds of the Broad Street Real Estate prior to the distribution of the net sale proceeds of the Broad Street Real Estate to the Debtors, HSRE and Tenet in the allocated amounts set forth on Schedule 3(b)[3].

13. Given the passage of time given the Initial Loan was approved, it will shortly be exhausted. As a result, additional funding is needed to maintain and preserve the Broad Street Real Estate pending sale. Accordingly, by the within Motion, the Debtors seek authority for PAHS to provide the Supplemental Loan contemplated by the MOU. Like the Initial Loan, the Supplemental Loan will be secured by mortgages on the Broad Street Real Estate, associated fixtures and certain personal property, but otherwise will be non-recourse. In accordance with the

---

[3] The MOU provides that the "Settlement Balancing Payment" (as defined in the MOU) also is secured by PAHS' mortgages on the Broad Street Real Estate, and also is to be repaid prior to the distribution of the net sale proceeds of the Broad Street Real Estate to the Debtors, HSRE and Tenet in the amounts allocated in the MOU.

41071805.5

terms of the MOU, all liabilities, obligations and responsibilities with respect to the Supplemental Loan will be the liabilities, obligations and responsibilities of CCH.[4]

14. The proposed loan documents with respect to the Supplemental Loan will be filed with the Court prior to the hearing on this Motion.

## Relief Requested

15. By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing PAHS, as lender, to make the Supplemental Loan, and granting related relief as is necessary and required. As noted above, the proposed Supplemental Loan will be non-recourse, except to the Broad Street Real Estate, associated fixtures and the personal property on which PAHS already holds a lien pursuant to the Initial Loan and the MOU.

## Basis for Relief Requested

16. The Supplemental Loan contemplates a loan from PAHS, one of the Debtors herein, that will be secured by assets that have been substantively consolidated with the bankruptcy estate of CCH, another of the Debtors herein. As a result, the relief sought herein implicates both section 363 and 364 of the Bankruptcy Code.

17. ***Section 363(b)(1)***. Section 363(b)(1) of the Bankruptcy Code provides: "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "Section 363 permits the trustee, after notice and a hearing, to use, sell, or lease property of the estate outside of the ordinary course of

---

[4] See MOU, at Schedule 3(a)(vii), at ¶ 36(b) ("all liabilities, indebtedness, obligations and responsibilities arising out of or relating to any act, omission, event or occurrence connected with the use, management, ownership or operation by CCH of the [Broad Street] Real Estate or any other Assets incurred or arising on or after the MOU Implementation Date, including without limitation all indebtedness and all liabilities, obligations and responsibilities created or arising from CCH's exercise of any powers, rights or privileges granted pursuant to any Power of Attorney (other than the liabilities, obligations and responsibilities limited solely to performance by any Broad Street [Entity] that does not involve or cause such Broad Street [Entity's] expenditure of any funds), shall be, and shall be deemed to be, the liabilities, indebtedness, obligations and responsibilities of CCH in all respects").

41071805.5

business." *In re Rickel Home Ctrs.*, 209 F.3d 291, 297 (3d Cir. 2000). "Property of the estate" includes, *inter alia*, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

18. In determining whether to authorize the use, sale or lease of property of the estate under section 363 of the Bankruptcy Code, courts require the debtor to show that a sound business purpose justifies such actions. *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (*citing In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991)). Specifically, to approve a transaction, courts should consider: (a) whether a sound business justification exists for the transaction, (b) whether accurate and reasonable notice of the transaction was given to interested parties, (c) whether the transaction will produce a fair and reasonable price for the property, and (d) whether the parties have acted in good faith. *Del. & Hudson Ry*. 124 at 176; *In re Titusville Country Club*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991).

19. By this Motion, PAHS seeks authority to make the Supplemental Loan, which as noted above will secured by amended mortgages on the Broad Street Real Estate, associated fixtures and the personal property on which PAHS already holds a lien in connection with the Initial Loan and the MOU, and will be non-recourse to CCH, in order to provide for the operating and maintenance costs of the Broad Street Real Estate pending sale.

20. As noted above, the MOU provided for the substantive consolidation of the Broad Street Real Estate with the CCH bankruptcy estate, and for the sale of such real estate, subject to further order of the Court. Clearly, it is in the best interests of the Debtors and all other parties that the Broad Street Real Estate be properly maintained and preserved pending sale.

21. The proposed Supplemental Loan allows for the preservation of the value of the Broad Street Real Estate for all parties and also protects the Debtors' estates, in that the

Supplemental Loan will be secured by amended mortgages on the Broad Street Real Estate (subject only to existing liens of the City of Philadelphia Water Revenue Bureau and certain other permitted liens and encumbrances), fixtures and certain personal property, which the Debtors and all parties reasonably believe are worth significantly more than the amount of the proposed financing. The proposed Supplemental Loan also will bear interest.

22. For the foregoing reasons, the Debtors believe that the proposed Supplemental Loan is within the Debtors' business judgment and is in the best interests of their estates.

23. **Section 364(c)(3)**. As noted above, because the Supplemental Loan contemplates a loan from PAHS that will be secured by assets that have been substantively consolidated with the CCH bankruptcy estate, the relief sought herein implicates section 364 of the Bankruptcy Code.

24. Substantially all of the terms of the proposed Supplemental Loan have been previously approved by the Court, either through the Court's initial and final Orders approving the Initial Loan [Docket Nos. 3811 and 3896] or through the MOU and the MOU Order (which provided for certain revisions to the Initial Loan due to the substantive consolidation of the Broad Street Real Estate with the bankruptcy estate of CCH). These terms and conditions include the following:

> i. The loan proceeds will be used to fund the budgeted documented direct operating/maintenance costs of the Broad Street Real Estate (the "**Operating Costs**"), in such amounts, at such times and through such procedures as may be mutually agreed;
>
> ii. PAHS will disburse the loan proceeds monthly to Newmark Knight Frank or such other third party property manager reasonably acceptable to PAHS (the "**Property Manager**"), which Property Manager will use the loan proceeds solely to pay budgeted and documented Operating Costs, and the Property Manager will provide to PAHS reasonably detailed documentation supporting the Operating Costs;
>
> iii. The Supplemental Loan will be secured by first priority liens, pursuant to amended mortgages, subject only to existing liens of the City of

Philadelphia Water Revenue Bureau and other permitted liens and encumbrances, on the Broad Street Real Estates, related fixtures and certain personal property[5] as well as an amended and restated promissory note;

  iv.    The Supplemental Loan will be non-recourse, except to the Broad Street Real Estate, associated fixtures and the same personal property that secured the Initial Loan; and

  v.    The Supplemental Loan, like the Initial Loan, will be subject to payment-in-kind interest at 5% per annum, compounding monthly, with repayment (including all accrued interest) in connection with any sale of the Broad Street Real Estate.

25.    The most significant revisions contemplated by the proposed Supplemental Loan, compared to the Initial Loan (as amended by the MOU) are as follows:

(a)    *Loan Amount*:  The amount of the Initial Loan was $5,600,000.  If approved by the Court, the proposed Supplemental Loan would increase this amount by $3,540,000, which the Debtors believe is a sufficient amount to operate and maintain the Broad Street Real Estate through at least October 1, 2023.[6]

(b)    *Loan Term*.  The proposed Supplemental Loan would mature on October 1, 2023, and the term of the Initial Loan would be similarly extended.

26.    The proposed Supplemental Loan may include certain terms that require disclosure  pursuant to Local Rule 4001-2(a)(i),[7] as follows:

a.    **Local Rule 4001-2(a)(i)(A) – Cross Collateralization/New Credit.** The proposed Supplemental Loan does not provide for cross collateralization.

---

[5]    The Amended Loan will be secured by, among other things, the same personal property that currently secures the Initial Loan.  *See* MOU, at Exhibit 9(e) (containing form of financing statement amendment filed in connection with the MOU).

[6]    As previously noted, in addition to these amounts, the Broad Street Real Estate also secures the Settlement Balancing Payment, which was made by PAHS pursuant to the MOU.

[7]    While the Debtors have attempted to highlight the provisions required by the Bankruptcy Rules and Local Rules, as well as certain other material provisions, the Debtors reserve the right to supplement this list at the hearing to consider this Motion.

41071805.5

        The amount of new credit contemplated by the proposed Supplemental Loan is $3.54 million.

b. **Local Rule 4001-2(a)(i)(B) – Pricing and Economic Terms.** The proposed Supplemental Loan bears interest at the non-default rate of 5.0% per annum, plus an additional 3% per annum in the event of default.

c. **Local Rule 4001-2(a)(i)(C) – Provisions Limiting Court's Power or Discretion.** The proposed Supplemental Loan does not contain any provisions that limit the Court's power or discretion.

d. **Local Rule 4001-2(a)(i)(D) – Funding of Non-Debtor Affiliates**. Although the proceeds of the proposed Supplemental Loan are to be used for the maintenance of the Broad Street Real Estate, such real estate has been substantively consolidated with the CCH bankruptcy estate. As a result, the proposed Supplemental Loan does not provide for the funding of non-debtor affiliates.

e. **Local Rule 4001-2(a)(i)(E) – Material Conditions to Closing.** The proposed Supplemental Loan does not contain any material conditions to closing other than (i) entry of an order of the Court approving the proposed Supplemental Loan and (ii) execution of documentation (i.e., mortgage amendments and an amended and restated promissory note).

f. **Local Rule 4001-2(a)(i)(F) – Carve-Outs from Liens or Claims**. The proposed Supplemental Loan does not contain any carveouts from liens or super-priority claims.

g. **Local Rule 4001-2(a)(i)(G) – Post-Petition Liens on Unencumbered Assets.** The proposed Supplemental Loan provides for the increase of the amount of debt secured by the Broad Street Real Estate.

h. **Local Rule 4001-2(a)(i)(H) – Provisions Establishing Sale Milestones.** The proposed Supplemental Loan does not contain any sale milestones.

i. **Local Rule 4001-2(a)(i)(I) – Pre-Payment Penalty.** The proposed Supplemental Loan does not provide for any pre-payment penalty.

j. **Local Rule 4001-2(a)(i)(J) – Provisions Regarding Joint Liability.** The proposed Supplemental Loan does not provide for any joint liability.

k. **Local Rule 4001-2(a)(i)(K) – Provisions Regarding Lender's Expenses and Attorney's Fees.** The proposed Supplemental Loan does not provide for CCH to pay the expenses of attorneys' fees of lender PAHS without any notice or review by the United States Trustee, the Committee or, upon objection, the Court.

l. **Local Rule 4001-2(a)(i)(L) – Provisions Prohibiting Use of Estate Funds.** The proposed Supplemental Loan does not limit the use of estate funds to investigate the liens and claims of any pre-petition lender.

m. **Local Rule 4001-2(a)(i)(M) – Termination or Default Provisions.** The proposed Supplemental Loan does not contain provisions concerning the termination of the use of cash collateral and contains only standard provisions regarding the termination of the availability of credit (e.g., upon conversion of the CCH bankruptcy case to chapter 7).

n. **Local Rule 4001-2(a)(i)(N) – Provisions Granting Cross-Collateralization or Elevating Pre-Petition Debt to Post-Petition Status.** The proposed Supplemental Loan does not contain provisions granting cross-collateralization or elevating pre-petition debt to post-petition status.

o. **Local Rule 4001-2(a)(i)(O) – Provisions "Rolling Up" pre-petition debt to post-petition debt.** The proposed Supplemental Loan does not contain any provisions "rolling up" pre-petition debt to post-petition debt.

p. **Local Rule 4001-2(a)(i)(P) – Provisions Priming Valid, Perfected and Non-Avoidable Liens.** The proposed Supplemental Loan does not provide for the priming of any valid, perfected and non-avoidable liens or encumbrances.

q. **Local Rule 4001-2(a)(i)(Q) – Provisions or Findings of Fact that (i) Bind the Estate or Other Parties re Validity, Perfection or Amount of Secured Creditor's Pre-Petition Lien or Waiver of Claims Against the Secured Creditor Without 75 Day Investigatory Period or (ii) Limit Court's Ability to Grand Relief in Event of a Successful Challenge.** The proposed Supplemental Loan has no such provisions.

r. **Local Rule 4001-2(a)(i)(R) – Provisions That Immediately Approve all Terms and Conditions of the Underlying Loan Agreement.** The proposed Supplemental Loan has no such provisions.

s. **Local Rule 4001-2(a)(i)(S) – Provisions That Modify or Terminate the Automatic Stay or Permit Lender to Enforce Remedies Without at Least Five (5) Days' Notice (the "Remedies Notice Period").** The proposed Supplemental Loan has no such provisions.

t. **Local Rule 4001-2(a)(i)(T) – Provisions Limiting What Parties-in-Interest May Raise at Hearing During Remedies Notice Period.** The proposed Supplemental Loan has no such provisions.

  u. **Local Rule 4001-2(a)(i)(U) – Provisions Granting to Pre-Petition Secured Creditor Liens on Debtor's Claims and Causes of Action**. The proposed Supplemental Loan has no such provisions.

  v. **Local Rule 4001-2(a)(i)(V) – Provisions Immediately Waiving Debtor's 506(c) Rights**. The proposed Supplemental Loan has no such provisions.

  w. **Local Rule 4001-2(a)(i)(W) – Provisions Immediately Affecting Court's Power to Consider Equity of Case Doctrine Under Section 552(b)(1)**. The proposed Supplemental Loan has no such provisions.

  x. **Local Rule 4001-2(a)(i)(X) – Provisions Shielding the Lender from Marshalling**. The proposed Supplemental Loan has no such provisions.

27. Given the terms of the MOU, which as noted above contemplates PAHS' provision of additional funding to support the operation and maintenance of the Broad Street Real Estate pending sale and the repayment of such additional funding from the sale of the Broad Street Real Estate, alternative financing was both impracticable and inconsistent with the MOU. Moreover, the securing of the Supplemental Loan with amended mortgages on the Broad Street Real Estate, and with liens on associated fixtures and designated personal property, is entirely consistent with (and was contemplated by) the MOU.

28. The Debtors believe that adequate and reasonable notice of the proposed transaction has been provided to all necessary parties.

29. Based on the foregoing, the Debtors respectfully submit that PAHS should be authorized to make the Supplemental Loan, secured by amended mortgages on the Broad Street Real Estate, associated fixtures and the personal property described above, all of which has been substantively consolidated with the CCH bankruptcy estate.

## Request for Waiver of Stay

30. The Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). A waiver of the stay imposed by Bankruptcy Rule 6004(h) is appropriate due to the need of the

Debtors to consummate the transactions described herein as promptly as possible, and due to the anticipated need for additional funding in order to maintain and preserve the Broad Street Real Estate pending sale.

**Notice**

31. Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (i) the Office of the United States Trustee; (ii) the Official Committee of Unsecured Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service; (vii) the United States Attorney for the District of Delaware; (viii) the United States Department of Justice; (ix) the Pennsylvania Attorney General's Office; (x) counsel to DOH; (xi) the City of Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**No Previous Request**

32. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[remainder of page left intentionally blank]*

WHEREFORE, the Debtors respectfully request entry of the Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 1, 2023                                            **SAUL EWING LLP**

By: */s/ Mark Minuti*
    Mark Minuti (DE Bar No. 2659)
    Monique B. DiSabatino (DE Bar No. 6027)
    1201 N. Market Street, Suite 2300
    P.O. Box 1266
    Wilmington, DE 19899
    Telephone: (302) 421-6840
    Fax: (302) 421-6813
    mark.minuti@saul.com
    monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*