# EXHIBIT B

## Form of Second Mortgage Modification Agreement

After recording, please return to:

Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Attention: Martin J. Doyle, Esq.

Mortgaged Property Addresses:

222-248 N. Broad Street
221-223 N. 15th Street
325 N. 15th Street
Philadelphia, PA

Tax Parcel Nos.:

772025002
772028498
881038202

**SECOND MORTGAGE MODIFICATION AGREEMENT**

This Mortgage Modification Agreement (this "Modification") is made as of the ___ day of ______________, 2023, and effective as of the ___ day of ______________, 2023 (the "Effective Date"), by and between **BROAD STREET HEALTHCARE PROPERTIES, LLC**, a Delaware limited liability company ("Broad" or "Mortgagor") and **PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC**, a Delaware limited liability company ("Mortgagee").

WHEREAS, Mortgagor previously granted to Mortgagee a Mortgage dated as of March 30, 2022, effective as of March 31, 2022, and recorded April 7, 2022 as Document ID # 54019494, (the "Original Mortgage"), which granted a lien on the property located at 222-248 N. Broad Street, 221-223 N. 15th Street, and 325 N. 15th Street in the City and County of Philadelphia, Commonwealth of Pennsylvania, as more particularly described in Exhibit A attached hereto and made a part hereof (the "Mortgaged Property"); and

WHEREAS, the Original Mortgage was granted as security for Mortgagor's obligations pursuant to that certain Note (the "Original Note") and such other Loan Documents (as defined in the Mortgage) and each reflecting a loan amount of Five Million Six Hundred Thousand and No/100 Dollars ($5,600,000.00) (the "Original Loan"); and

WHEREAS, Mortgagor, Mortgagee and other parties thereafter entered into that certain Memorandum of Understanding Re: Global Settlement Among, Inter Alia, Debtors, Debtors' Subsidiaries, Committee, Tenet, Conifer, MBNF Parties, HSRE Entities, and CONA Parties (the "MOU"); and

WHEREAS, in accordance with the terms of the MOU, Mortgagor amended the Original Mortgage by that certain Mortgage Modification Agreement dated as of September 8, 2022, effective as of September 13, 2022, and recorded September 19, 2022 as Document ID # 54099180 (the Original Mortgage, as so modified, the "Mortgage") to extend the lien of the Original Mortgage on the Mortgaged Property to also secure the Settlement Balancing Payment Reimbursement Obligation (as defined in the Mortgage) of Four Million Four Hundred Fifty Thousand and No/100 Dollars ($4,450,000.00); and

WHEREAS, also in accordance with the terms of the MOU, the Original Note and all obligations of Mortgagor thereunder were assigned to and assumed by Center City Healthcare, LLC ("CCH") pursuant to an Assignment, Assumption and Novation Agreement, dated as of the MOU Implementation Date (as defined in the MOU), under which all of Mortgagor's rights, duties, obligations, responsibilities and liabilities under the Original Note were transferred and assigned to and assumed by CCH, and CCH further agreed to be responsible for the performance by Mortgagor of its obligations under the Mortgage; and

WHEREAS, the Mortgage remains in effect and continues to secure the Original Note and the Settlement Balancing Payment Reimbursement Obligation; and

WHEREAS, the Mortgagee has agreed to advance an additional sum of Three Million Five Hundred Forty Thousand and No/100 Dollars ($3,540,000.00) to CCH pursuant to an Amended and Restated Secured Promissory Note dated as of the Effective Date on the terms and conditions set forth in the Original Note, as amended and restated (the "Amended and Restated Note"), including that all such sums advanced thereunder shall be secured by the Mortgage, as provided herein; and

WHEREAS, Mortgagor and Mortgagee have further agreed to amend certain provisions of the Mortgage as set forth herein; and

WHEREAS, the foregoing recitals are hereby incorporated in this Modification.

NOW THEREFORE, for good and valuable consideration, Mortgagor and Mortgagee agree to amend the Mortgage, effective as of the Effective Date:

1. The Mortgage is hereby modified so that all references therein to the maximum principal amount of the Mortgage of Ten Million Fifty Thousand and No/100 Dollars ($10,050,000.00) are replaced with the sum of Thirteen Million Five Hundred Ninety Thousand and No/100 Dollars ($13,590,000.00) plus accrued and unpaid interest and all other costs and indebtedness described in 42 Pa. C.S. §8143 and C.S. §8144.

2. The Mortgage is hereby modified so that all references to the "Note" or "Novated Note" shall refer to the Amended and Restated Note, as may be further amended, supplemented, or otherwise modified from time to time.

3. The defined term "Permitted Encumbrances" is hereby amended so that Schedule B shall mean the matters set forth on Exhibit B attached hereto and made a part hereof.

4. Section 1.01(b) of the Mortgage is hereby deleted in its entirety.

5. The first sentence of Section 1.25 of the Mortgage is hereby modified so that the phrase "Except as set forth in Section 14(p) of the Note," is deleted.

6. Section 1.26 of the Mortgage is hereby replaced with the following:

SECTION 1.26 Mortgagor covenants and agrees that, so long as the Mortgage is in effect, it will:

(a) not incur any liabilities other than consistent with ordinary course liabilities for an entity that is being wound up and liquidated;

(b) maintain its corporate existence in good standing until closing of the Sale (as such term is defined in the MOU);

(c) not create, incur, assume or suffer to exist, directly or indirectly, any Lien (as defined in the Amended and Restated Note) on or with respect to any of the Mortgaged Property, except for the Liens listed in Exhibit "B" to the Amended and Restated Note.

7. Section 1.27 of the Mortgage is hereby replaced with the following:

SECTION 1.27 Mortgagor hereby represents and warrants to Mortgagee that:

(a) it is a duly organized and validly existing limited liability company in good standing under the laws of the jurisdiction of its organization and has the power and authority under its limited liability company agreement to own and operate its properties, to transact the business in which it is now engaged and to execute and deliver this Mortgage;

(b) this Mortgage constitutes the duly authorized, legally valid and binding obligation of Mortgagor, enforceable against Mortgagor in accordance with its respective terms, subject to applicable bankruptcy, insolvency and similar laws affecting rights of creditors generally, and general principles of equity;

(c) all consents and grants of approval required to have been granted by any Person in connection with the execution, delivery and performance of this Mortgage have been granted;

(d) the execution, delivery and performance by Mortgagor of this Mortgage do not and will not (i) violate any law, governmental rule or regulation, court order or agreement to which it is subject or by which its properties are bound or the organizational documents of Mortgagor or (ii) contravene, result in a breach of, or violate any indenture,

mortgage, deed of trust, lease, agreement or other instrument to which Mortgagor is a party or by which Mortgagor or any of its property or assets is bound;

(e) no Lien exists on any property or asset of Mortgagor as of the date hereof and the execution, delivery, and performance by Mortgagor of and under this Mortgage do not and will not result in or require the creation or imposition of any Lien of any nature whatsoever upon any of its property or assets except (i) in favor of Mortgagee pursuant to this Mortgage and (ii) such other liens and encumbrances as are listed on Exhibit "B" to the Amended and Restated Note.

8. Section 2.01(a) of the Mortgage is hereby modified so that the following shall be added:

> (iv) (i) a court having jurisdiction in the premises shall enter a decree or order converting the pending chapter 11 case of CCH to a case under chapter 7 of Title 11 of the United States Code (as now and hereinafter in effect, or any successor thereto, the "Bankruptcy Code"); or (ii) a decree or order of a court having jurisdiction in the premises for the appointment of a receiver, liquidator, sequestrator, trustee, custodian or other officer having similar powers over CCH, or over all or a substantial part of its property shall have been entered; or the involuntary appointment of an interim receiver, trustee or other custodian of CCH for all or a substantial part of its property shall have occurred; or a warrant of attachment, execution or similar process shall have been issued against any substantial part of the property of CCH; or
>
> (v) Mortgagor shall commence a voluntary case under the Bankruptcy Code or any applicable bankruptcy, insolvency or other similar law now or hereafter in effect, or shall be the subject of a petition for relief in an involuntary case, or shall seek the conversion of an involuntary case against it to a voluntary case, under any such law, or shall consent to the appointment of or taking possession by a receiver, trustee or other custodian for all or a substantial part of its property; or Mortgagor shall make an assignment for the benefit of creditors; or Mortgagor shall be unable or fail, or shall admit in writing its inability, to pay its debts as such debts become due; or the governing body or equity-holders of Mortgagor shall adopt any resolution or otherwise authorize action to approve any of the foregoing.

9. The third sentence of Section 4.02 of the Mortgage, commencing with the phrase "Notwithstanding anything herein to the contrary…", is hereby replaced in its entirety with the following:

Notwithstanding anything herein to the contrary, it is agreed that the maximum principal amount of the Secured Obligations, including all advances, at any one time shall not exceed the face amount of the Amended and Restated Note plus accrued interest, plus the Settlement Balancing Payment Reimbursement Obligation; provided that in no event shall the Mortgagee be obligated to advance to or for the benefit of the Borrower in excess of the stated principal amount of the Amended and Restated Note.

10. Except as modified hereby, all other provisions of the Mortgage remain in full force and effect.

11. This Modification Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed to be an original and all such counterparts shall together constitute but one and the same instrument.

12. CCH acknowledges and agrees that, pursuant to the provisions of Section 3(a)(vi)(b) of the MOU, any actions required of Mortgagor under the Mortgage, as amended hereby or as the same may be amended in the future with the consent of or by act of CCH pursuant to any Power of Attorney or, with respect to the Assets (as defined in the MOU), the Approval Order, are deemed to be CCH's sole Financial Liability (as defined in the MOU) and without the incurrence of any Financial Liability by Mortgagor to any third party or otherwise; provided however, that Mortgagor shall fulfill all liabilities, obligations and responsibilities limited solely to performance by Mortgagor that does not involve or cause any Mortgagor to incur any Financial Liability

[END OF TEXT; SIGNATURE PAGES FOLLOW]

**IN WITNESS WHEREOF**, this Modification is duly executed as of the day and year first above written.

**MORTGAGOR:**

**BROAD STREET HEALTHCARE PROPERTIES, LLC,**
a Delaware limited liability company

By: **CENTER CITY HEALTHCARE, LLC,**
a Delaware limited liability company,
Attorney-In Fact

By: ________________________________
Name:
Title:

STATE OF ____________________ )
) SS:
COUNTY OF __________________ )

On this ______ day of ___________________, 2023, before me a Notary Public in and for the Commonwealth of Pennsylvania, the undersigned officer, personally appeared _________________________, the ________________ of Center City Healthcare, LLC, attorney in fact for Broad Street Healthcare Properties, LLC under Power of Attorney dated September 13, 2022, recorded in the Office of the Recorder of Deeds in and for Philadelphia County, Pennsylvania, in Document No. 54102680, known to be (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he/she executed the same as such officer of the company, as the free and voluntary act of said principal by signing on behalf of the principal as his/her attorney in fact, for the purposes therein contained.

GIVEN under my hand and Notarial Seal this _____ day of ____________, 2023.

My Commission Expires:

________________________________ ________________________________
Notary Public

**MORTGAGEE:**

**PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC,**
a Delaware limited liability company

By: ______________________________
Name:
Title:

STATE OF ___________________ )
) SS:
COUNTY OF _________________ )

I, ______________________________________ , a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY, that ___________________, the ___________________ of Philadelphia Academic Healthcare System, LLC, a Delaware limited liability company, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument as such ______________________________________, appeared before me this day in person and acknowledged that he/she signed and delivered the said instrument as his/her own free and voluntary act and as the free and voluntary act of said ___________________, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this _____ day of ____________, 2023.

My Commission Expires:

________________________________ ________________________________
Notary Public

The undersigned hereby joins in this Modification to evidence its approval of and consent to the provisions set forth therein, and agrees to be bound by the provisions of Section 12.

**CENTER CITY HEALTHCARE, LLC,**
a Delaware limited liability company

By: ____________________________
Name: _________________________
Title: __________________________

STATE OF ___________________ )
) SS:
COUNTY OF _________________ )

I, ________________________________________ , a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY, that ___________________, the ___________________ of Center City Healthcare, LLC, a Delaware limited liability company, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument as such ______________________________________, appeared before me this day in person and acknowledged that he/she signed and delivered the said instrument as his/her own free and voluntary act and as the free and voluntary act of said ___________________, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this _____ day of ____________, 2023.

My Commission Expires:

________________________________ ________________________________
Notary Public

**EXHIBIT A**

LEGAL DESCRIPTION OF THE MORTGAGED PROPERTY

**Parcel A:**

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND SITUATE, LYING AND BEGINNING IN THE CITY AND COUNTY OF PHILADELPHIA, COMMONWEALTH OF PENNSYLVANIA, AS SHOWN ON A PLAN BY PENNONI ASSOCIATES ENTITLED "HAHNEMANN UNIVERSITY HOSPITAL — PROPOSED SUBDIVISION PLAN" BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF VINE STREET (ON CITY PLAN, LEGALLY OPEN, VARIABLE WIDTH) WHERE IT INTERSECTS WITH THE WESTERLY SIDE OF BROAD STREET (ON CITY PLAN, LEGALLY OPEN, 113' WIDE) AND RUNNING:

1) THENCE: ALONG SAID WESTERLY SIDE OF BROAD STREET, S11°21'00"W, A DISTANCE OF 257.406' TO A POINT COMMON TO PARCEL C;

2) THENCE: ALONG PARCEL C, N78°59'00"W, A DISTANCE OF 121.833' TO A POINT;

3) THENCE: CONTINUING ALONG SAME, N11°21'00"E, A DISTANCE OF 94.348' TO A POINT;

4) THENCE: CONTINUING ALONG SAME, N78°39'00"W, A DISTANCE OF 32.915' TO A POINT;

5) THENCE: CONTINUING ALONG SAME, N11°21'00"E, A DISTANCE OF 42.110' TO A POINT;

6) THENCE: CONTINUING ALONG SAME, N78°39'00"W, A DISTANCE OF 46.670' TO A POINT;

7) THENCE: CONTINUING ALONG SAME, S11°21'00"W, A DISTANCE OF 1.740' TO A POINT COMMON TO THE EASTERLY LINE OF PARCEL B;

8) THENCE: ALONG THE NORTHERLY LINE OF PARCEL B, N78°39'00"W, A DISTANCE OF 20.198' TO A POINT;

9) THENCE: CONTINUING ALONG SAME, N11°21'00"E, A DISTANCE OF 122.199' TO A POINT ON THE SOUTHERLY SIDE OF VINE STREET;

10) THENCE: ALONG THE SOUTHERLY SIDE OF VINE STREET, S78°59'00"E, A DISTANCE OF 27.619' TO A POINT;

11) THENCE: CONTINUING ALONG SAME, S11°21'00"W, A DISTANCE OF 0.094' TO A POINT;

12) THENCE: CONTINUING ALONG THE SOUTHERLY SIDE OF VINE STREET, S78°59'00"E, A DISTANCE OF 194.00' TO THE POINT AND PLACE OF BEGINNING.

PARCEL A BEING known and assessed as 222-48 North Broad Street

BEING OPA Parcel No. 77-2-0250-02

**Parcel A Easement Parcel:**

TOGETHER WITH the reciprocal easements set forth in Reciprocal Easement and Operating Agreement made by and between Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties III, LLC, PAHH Feinstein MOB, LLC and PAHH New College MOB, LLC dated 12/30/2017 and recorded 1/18/2018 in the Office of the Recorder of Deeds for the County of Philadelphia as Document No. 53316755.

AND

**Parcel F:**

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND SITUATE, LYING AND BEGINNING IN THE CITY AND COUNTY OF PHILADELPHIA, COMMONWEALTH OF PENNSYLVANIA, AS SHOWN ON A PLAN BY PENNONI ASSOCIATES ENTITLED "HAHNEMANN UNIVERSITY HOSPITAL — PROPOSED SUBDIVISION PLAN" BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE EASTERLY SIDE OF NORTH 15TH STREET, (ON CITY PLAN, LEGALLY OPEN, 70' WIDE), SAID POINT BEING LOCATED N 11°21'00" E, A DISTANCE OF 167.831' FROM THE INTERSECTION OF SAID EASTERLY SIDE OF NORTH 15TH STREET AND THE NORTHERLY SIDE OF RACE STREET, (ON CITY PLAN, LEGALLY OPEN, 50' WIDE) AND RUNNING;

1) THENCE ALONG SAID EASTERLY SIDE OF NORTH 15TH STREET, LOCATED N 11°21'00" E, A DISTANCE OF 32.841' TO A POINT;

2) THENCE: LEAVING SAID EASTERLY SIDE OF 15th STREET AND ALONG THE SOUTHERLY LINE OF PARCEL B, S78°59'00"E, A DISTANCE OF 65.000' TO A POINT COMMON CORNER TO PARCEL E;

3) THENCE: ALONG THE PARCEL E, S11°21'00"W, A DISTANCE OF 14.659' TO A POINT;

4) THENCE: CONTINUING ALONG SAME, N78°59'00"W, A DISTANCE OF 25.578' TO A POINT;

5) THENCE: CONTINUING ALONG SAME, S11°21'00"W, A DISTANCE OF 13.296' TO A POINT;

6) THENCE: CONTINUING ALONG SAME, N78°59'00"W, A DISTANCE OF 8.528' TO A POINT;

7) THENCE: CONTINUING ALONG SAME, S11°21'00"W, A DISTANCE OF 4.886' TO A POINT;

8) THENCE: CONTINUING ALONG SAME, N78°59'00"W, A DISTANCE OF 30.894' TO THE POINT AND PLACE OF BEGINNING.

PARCEL F BEING known and assessed as 221-23 N. 15th Street.

BEING OPA Parcel No. 77-2-0284-98.

**Parcel F Easement Parcel:**

TOGETHER WITH the reciprocal easements set forth in Reciprocal Easement and Operating Agreement made by and between Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties III, LLC, PAHH Feinstein MOB, LLC and PAHH New College MOB, LLC dated 12/30/2017 and recorded 1/18/2018 in the Office of the Recorder of Deeds for the County of Philadelphia as Document No. 53316755.

**AND**

**Lot 3 —HUH North:**

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND SITUATE, LYING AND BEGINNING IN THE CITY AND COUNTY OF PHILADELPHIA, COMMONWEALTH OF PENNSYLVANIA, AS SHOWN ON A PLAN BY PENNONI ASSOCIATES ENTITLED "HAHNEMANN UNIVERSITY HOSPITAL — EXISTING CONDITIONS/ PROPOSED SUBDIVISION PLAN" BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF WOOD STREET (40' WIDE) WHERE IT INTERSECTS WITH THE EASTERLY SIDE OF 15th STREET (72' WIDE) AND RUNNING:

1) THENCE: ALONG SAID SOUTHERLY SIDE OF WOOD STREET, S78°59'00"E, A DISTANCE OF 197.920' TO A POINT COMMON TO LOT 2;

2) THENCE: ALONG THE WESTERLY LINE OF LOT 2, S11°21'00"W, A DISTANCE OF 54.327' TO A POINT;

3) THENCE: CONTINUING ALONG SAME, N78°59'00"W, A DISTANCE OF 33.740' TO A POINT;

4) THENCE: CONTINUING ALONG SAME, S11°21'00"W, A DISTANCE OF 29.468' TO A POINT;

5) THENCE: CONTINUING ALONG SAME, N78°59'00"W, A DISTANCE OF 6.460' TO A POINT;

6) THENCE: CONTINUING ALONG SAME, S11°21'00"W, A DISTANCE OF 22.779' TO A POINT COMMON TO THE NORTHERLY LINE OF LOT 1;

7) THENCE: ALONG THE NORTHERLY LINE OF LOT 1, N78°59'00"W, A DISTANCE OF 31.720' TO A POINT;

8) THENCE: N11°21'00"E, A DISTANCE OF 20.325' TO A POINT ON THE NORTHERLY SIDE OF PEARL STREET (18' WIDE);

9) THENCE: ALONG THE SAID NORTHERLY SIDE OF PEARL STREET, N78°59'00"W, A DISTANCE OF 126.000' TO A POINT ON THE SAID EASTERLY SIDE OF 15th STREET;

10) THENCE: ALONG THE SAID EASTERLY SIDE OF 15th STREET, N11°21'00"E, A DISTANCE OF 86.250' TO THE FIRST MENTIONED POINT OF BEGINNING.

EXCEPTING THEREOUT AND THEREFROM:

ALL THAT CERTAIN lot or piece of ground lying above a horizontal plane 36.50 feet above Philadelphia City Datum, said elevation being the top of the structural floor slab at the first floor level.

BEGINNING at the point of intersection of the Southerly side of Wood Street (40 feet wide) with the Easterly side of 15th Street (72 feet wide); thence from said point of beginning extending the following four courses and distances:

Along the said side of Wood Street South 78 degrees 59 minutes 00 seconds East 197 feet, 9 inches to a point;

South 11 degrees 21 minutes 00 seconds West 54 feet, 3-1/2 inches to a point;

North 78 degrees 59 minutes 00 seconds West approximately along the Southerly face of a 16 story building 197 feet, 9 inches to a point on the Easterly side of 15th Street;

Along the said side of 15th Street North 11 degrees 21 minutes 00 seconds East 54 feet, 3-1/2 inches to the first mentioned point and place of beginning.

AND limited to all vertical area within the confines of the above horizontal boundaries up to an elevation of 205 feet above Philadelphia City Datum.

LOT 3 — HUH NORTH BEING known and assessed as 325 N. 15th St.

BEING OPA Parcel No. 88-1-0382-02.

**Lot 3 —HUH North Easement Parcel:**

TOGETHER WITH the reciprocal easements set forth in Parking, Access And Utilities Easement Agreement made by and between PAHH Wood Street Garage, LLC, Broad Street Healthcare Properties, LLC and Broad Street Healthcare Properties II, LLC dated 12/30/2017 and recorded 1/18/2018 in the Office of the Recorder of Deeds for the County of Philadelphia as Document No. 53316753.

**EXHIBIT B**

**SCHEDULE B**
**Permitted Encumbrances**

1. Taxes for the year 2023, and subsequent years, not yet due and payable.

2. Right of First Refusal between Philadelphia Charitable Holdings Corporation and Tenet HealthSystem Hahnemann, L.L.C. and Drexel University, dated 10/7/2003 and recorded 10/16/2003 as Document No. 50782334. (Affects TRACT I, Lot 3- HUH North)

3. Declaration of Easement between Hahnemann University and the Pennsylvania Higher Educational Facilities Authority recorded 10/4/1988 in Deed Book FHS 1189 page 70, as affected by Amendment to Easement by Tenet HealthSystem Hahnemann, L.L.C. dated 10/6/2010 and recorded 10/8/2010 as Document No. 52268742. (Affects TRACT I, Lot 3- HUH North)

4. Declaration of Air Space Parcel, Easements, Covenants and Restrictions by Philadelphia Charitable Holdings Corporation and Tenet HealthSystem Hahnemann, L.L.C., dated 10/7/2003 and recorded 10/16/2003 as Document No. 50782331 and as approximately shown on that certain ALTA/NSPS Land Title Survey of Hahnemann University Hospital made by Pennoni Associates, Inc., dated January 3, 2018, last revised September 19, 2018, and designated Project No. PALHC17001 (the "Survey"). (Affects TRACT I, Lot 3- HUH North)

5. Agreement by and between Hahnemann Medical College and Hospital of Philadelphia and The City of Philadelphia dated 3/20/1979 and recorded 4/5/1979 in Deed Book DCC 1918 page 420. (Affects TRACT I, Parcel A)

6. The following conditions set forth on the Survey:

    a. Party walls shared with premises adjoining on the West and South (Affects TRACT I, Parcel A), and
    b. Handicap ramp encroaches into the bed of Wood Street, a public right of way (Affects TRACT I, Lot 3- HUH North)

7. Parking, Access And Utilities Easement Agreement made by and between PAHH Wood Street Garage, LLC, Broad Street Healthcare Properties, LLC and Broad Street Healthcare Properties II, LLC dated 12/30/2017 and recorded 1/18/2018 in the Office of the Recorder of Deeds for the County of Philadelphia as Document No. 53316753 and as approximately shown on the Survey. (Affects TRACT I, Lot 3- HUH North)

8. Easement & Unity of Use Statement made by and between PAHH Wood Street Garage, LLC, Broad Street Healthcare Properties, LLC and Broad Street Healthcare Properties II, LLC dated 12/30/2017 and recorded 1/18/2018 in the Office of the Recorder of Deeds for the County of Philadelphia as Document No. 53316750. (Affects TRACT I, Lot 3- HUH North)

9. Reciprocal Easement and Operating Agreement made by and between Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties Ill, LLC, PAHH Feinstein MOB, LLC and PAHH New College MOB, LLC dated 12/30/2017 and recorded 1/18/2018 in the Office of the Recorder of Deeds for the County of Philadelphia as Document No. 53316755. (Affects TRACT I, Parcels A and F)

10. Easement & Unity of Use Statement made by and between Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties III, LLC, PAHH Feinstein MOB, LLC and PAHH New College MOB, LLC dated 12/30/2017 and recorded 1/18/2018 in the Office of the Recorder of Deeds for the County of Philadelphia as Document No. 53316752. (Affects TRACT I, Parcels A and F)

11. Purchase option set forth in Section 25(q) of that certain unrecorded Lease dated November 10, 1998, as restated April 25, 2002, between Tenet HealthSystem Hahnemann, LLC and Philadelphia Health & Education Corporation, as the same has been and may be amended from time to time, as affected by that certain waiver of right of first refusal as set forth in letter dated January 11, 2018, from Drexel University, as successor by merger to Philadelphia Health & Education Corporation and by that certain Amended and Restated Lease dated January 11, 2018, by and between Broad Street Healthcare Properties, LLC and Drexel University, as successor by merger to Philadelphia Health & Education Corporation. (Affects TRACT I, Parcels A and F)

12. Recognition Agreement made by and among Center City Healthcare, LLC, a Delaware limited liability company, ("Sublandlord"), Drexel University, a Pennsylvania non-profit corporation, ("Subtenant") and Broad Street Healthcare Properties, LLC, a Delaware limited liability company, ("Master Landlord") dated 12/30/2017, recorded 1/18/2018 in the Office of the Recorder of Deeds for the County of Philadelphia as Document No. 53316784. (Affects TRACT I, South Tower)

13. Recognition Agreement made by and among Center City Healthcare, LLC, a Delaware limited liability company, ("Sublandlord"), Drexel University, a Pennsylvania non-profit corporation, ("Subtenant") and Broad Street Healthcare Properties, LLC, a Delaware limited liability company, ("Master Landlord") dated 12/30/2017, recorded 1/18/2018 in the Office of the Recorder of Deeds for the County of Philadelphia as Document No. 53316785. (Affects TRACT I, North & South Tower)

14. $5,600,000.00 (Open-End Mortgage and Security Agreement) - Broad Street Healthcare Properties, LLC, a Delaware limited liability company to Philadelphia Academic Health System, LLC, dated 3/30/2022, effective 3/31/2022 and recorded 4/7/2022 in Document No. 54019494. Modification recorded 9/19/2022 in Document No. 54099180.

15. Limited Power of Attorney given by Broad Street Healthcare Properties, LLC, a Delaware limited liability company to Center City Healthcare, LLC, dated 9/8/2022, effective 9/13/2022, and recorded 9/28/2022 in Document No. 54102680.

16. Center City District vs Broad Street Healthcare; Assessment Lien entered in the amount of $16,064.73, filed 7/19/2019, in Case ID #190702440.

17. Center City District vs Broad Street Healthcare P; Assessment Lien entered in the amount of $571.71, filed 2/26/2021, in Case ID #210202625.

18. Otis Elevator Company vs Broad Street Healthcare Properties, LLC and Tenet Healthsystem Hahnemann LLC; Mechanics Lien, filed 9/20/2019, in Case ID #1909M0021.

19. City of Philadelphia vs Broad Street Healthcare Properties LLC; Real Estate Tax Lien for $139,069.88, filed 2/13/2022, in Case ID #2202R21561110.

20. City of Philadelphia vs Broad Street Healthcare Properties LLC; Real Estate Tax Lien for $5,791.72, filed 2/15/2020, in Case ID #2002R19478793.

21. City of Philadelphia vs Broad Street Healthcare Properties LLC; Real Estate Tax Lien for $40,152.87, filed 2/13/2022, in Case ID #2202R21562930.

22. Any other lien or encumbrance arising from or relating to the nonpayment of the items set forth in any Budget and that have not been advanced by Mortgagee if required under the Amended and Restated Note.

In each instance, to the extent valid, enforceable, and not avoidable.