**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (MFW) |
|  | Jointly Administered |
| Debtors. | **Objection Deadline: April 3, 2023 at 4:00 p.m. (ET)** |
|  | **Hearing Date: April 25, 2023 at 11:30 a.m. (ET)** |

**COVER SHEET TO THE TWELFTH INTERIM FEE APPLICATION OF
SAUL EWING LLP, COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM APRIL 1, 2022 THROUGH JUNE 30, 2022**

| Name of Applicant: | Saul Ewing LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Period for which compensation and reimbursement is sought | *Start:* April 1, 2022<br>*End:* June 30, 2022 |
| Total compensation sought this period | $1,436,076.30 |
| Total expenses sought this period | $58,527.69 |
| Petition dates | June 30, 2019 and July 1, 2019 |
| Date of retention | June 30, 2019 |
| Date of order approving employment | August 8, 2019 |
| Total compensation approved by interim order to date | $12,816,480.90 |
| Total expenses approved by interim order to date | $467,102.51 |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

| | |
|---|---|
| Total allowed compensation paid to date | $16,652,085.66 |
| Total allowed expenses paid to date | $641,948.31 |
| Blended rate in this application for all attorneys | $571.09 |
| Blended rate in this application for all timekeepers | $554.36 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $1,148,861.04 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $58,527.69 |
| Number of professionals included in this application | 33 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | 6 |
| If applicable, difference between fees budgeted and compensation sought for this period | Under Budget: $166,341.95 |
| Number of professionals billing fewer than 15 hours to the case during this period | 17 |
| Are rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | No |

This is an: ___ monthly     **X** interim     ___ final application.

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 09/20/2019 D.I. 752 | 06/30/2019 through 07/31/2019 | $649,127.65 | $9,401.98 | $649,127.65 | $9,401.98 | $0.00 | 10/14/2019 D.I. 850 |
| 10/18/2019 D.I. 880 | 08/01/2019 through 08/31/2019 | $629,870.40 | $39,528.38 | $629,870.40 | $39,528.38 | $0.00 | 11/08/2019 D.I. 973 |
| 11/08/2019 D.I. 974 | 09/01/2019 through 09/30/2019 | $515,905.90 | $24,370.50 | $515,905.90 | $24,370.50 | $0.00 | 12/03/2019 D.I. 1084 |
| 12/18/2019 D.I. 12093 | 10/01/2019 through 10/31/2019 | $390,494.40 | $13,183.61 | $390,494.40 | $13,183.61 | $0.00 | 01/08/2020 D.I. 1303 |
| 01/08/2020 D.I. 1300 | 11/01/2019 through 11/30/2019 | $335,436.85 | $2,998.24 | $335,436.85 | $2,998.24 | $0.00 | 01/30/2020 D.I. 1376 |
| 02/27/2020 D.I. 1433 | 12/01/2019 through 12/31/2019 | $506,526.70 | $3,453.00 | $506,526.70 | $3,453.00 | $0.00 | 04/02/2020 D.I. 1547 |
| 04/09/2020 D.I. 1568 | 01/01/2020 through 01/31/2020 | $403,578.50 | $7,193.29 | $403,578.50 | $7,193.29 | $0.00 | 05/01/2020 D.I. 1612 |
| 05/05/2020 D.I. 1613 | 02/01/2020 through 02/29/2020 | $264,023.70 | $2,537.47 | $264,023.70 | $2,537.47 | $0.00 | 05/27/2020 D.I. 1640 |
| 05/27/2020 D.I. 1638 | 03/01/2020 through 03/31/2020 | $247,941.45 | $8,430.64 | $247,941.45 | $8,430.64 | $0.00 | 06/17/2020 D.I. 1672 |
| 06/22/2020 D.I. 1677 | 04/01/2020 through 04/30/2020 | $181,351.35 | $5,855.15 | $181,351.35 | $5,855.15 | $0.00 | 07/21/2020 D.I. 1701 |
| 07/30/2020 D.I. 1716 | 05/01/2020 through 05/31/2020 | $206,838.00 | $3,468.25 | $206,838.00 | $3,468.25 | $0.00 | 08/20/2020 D.I. 1751 |
| 08/19/2020 D.I. 1748 | 06/01/2020 through 06/30/2020 | $215,678.25 | $4,772.59 | $215,678.25 | $4,772.59 | $0.00 | 09/09/2020 D.I. 1778 |
| 09/28/2020 D.I. 1795 | 07/01/2020 through 07/31/2020 | $223,273.80 | $15,773.96 | $223,273.80 | $15,773.96 | $0.00 | 10/20/2020 D.I. 1834 |

41230569.1 03/14/2023

3

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 10/19/2020 D.I. 1824 | 08/01/2020 through 08/31/2020 | $278,028.00 | $5,435.78 | $278,028.00 | $5,435.78 | $0.00 | 11/11/2020 D.I. 1883 |
| 11/30/2020 D.I. 1937 | 09/01/2020 through 09/30/2020 | $401,875.85 | $6,288.48 | $401,875.85 | $6,288.48 | $0.00 | 12/22/2020 D.I. 1987 |
| 12/31/2020 D.I. 2003 | 10/01/2020 through 10/31/2020 | $476,292.15 | $24,949.36 | $476,292.15 | $24,949.36 | $0.00 | 01/22/2020 D.I. 2047 |
| 01/28/2021 D.I. 2063 | 11/01/2020 through 11/30/2020 | $398,053.80 | $14,655.86 | $398,053.80 | $14,655.86 | $0.00 | 02/18/2021 D.I. 2106 |
| 02/23/2021 D.I. 2116 | 12/01/2020 through 12/31/2020 | $401,964.30 | $10,936.05 | $401,964.30 | $10,936.05 | $0.00 | 03/16/2021 D.I. 2192 |
| 03/17/2021 D.I. 2195 | 01/01/2021 through 01/31/2021 | $359,975.25 | $8,414.26 | $359,975.25 | $8,414.26 | $0.00 | 04/07/2021 D.I. 2234 |
| 04/16/2021 D.I. 2270 | 02/01/2021 through 02/28/2021 | $463,918.05 | $16,614.03 | $463,918.05 | $16,614.03 | $0.00 | 05/07/2021 D.I. 2324 |
| 05/21/2021 D.I. 2345 | 03/01/2021 through 03/31/2021 | $569,084.85 | $15,139.38 | $569,084.85 | $15,139.38 | $0.00 | 06/11/2021 D.I. 2383 |
| 06/07/2021 D.I. 2364 | 04/01/2021 through 04/30/2021 | $545,422.95 | $14,771.99 | $545,422.95 | $14,771.99 | $0.00 | 06/29/2021 D.I. 2540 |
| 07/15/2021 D.I. 2591 | 05/01/2021 through 05/31/2021 | $542,715.75 | $18,672.88 | $542,715.75 | $18,672.88 | $0.00 | 08/05/2021 D.I. 2678 |
| 08/25/2021 D.I. 2741 | 06/01/2021 through 06/30/2021 | $714,698.75 | $28,831.50 | $714,698.75 | $28,831.50 | $0.00 | 09/15/2021 D.I. 2832 |
| 09/14/2021 D.I. 2822 | 07/01/2021 through 07/31/2021 | $448,503.30 | $56,657.92 | $448,503.30 | $56,657.92 | $0.00 | 10/05/2021 D.I. 2919 |
| 10/11/2021 D.I. 2933 | 08/01/2021 through 08/31/2021 | $486,773.90 | $21,649.79 | $486,773.90 | $21,649.79 | $0.00 | 11/02/2021 D.I. 3016 |

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 11/11/2021 D.I. 3076 | 09/01/2021 through 09/30/2021 | $432,390.00 | $16,900.41 | $432,390.00 | $16,900.41 | $0.00 | 12/02/2021 D.I. 3237 |
| 12/21/2021 D.I. 3344 | 10/01/2021 through 10/31/2021 | $545,138.10 | $22,334.67 | $545,138.10 | $22,334.67 | $0.00 | 01/11/2022 D.I. 3436 |
| 01/10/2022 D.I. 3430 | 11/01/2021 through 11/30/2021 | $598,425.75 | $23,793.72 | $598,425.75 | $23,793.72 | $0.00 | 02/01/2022 D.I. 3535 |
| 01/31/2022 D.I. 3525 | 12/01/2021 through 12/31/2021 | $383,173.20 | $20,089.37 | $383,173.20 | $20,089.37 | $0.00 | 02/23/2022 D.I. 3625 |
| 03/16/2022 D.I. 3720 | 01/01/2022 through 01/31/2022 | $597,988.35 | $16,069.23 | $478,390.68 | $16,069.23 | $119,597.67 | 04/06/2022 D.I. 3836. |
| 04/07/2022 D.I. 3840 | 02/01/2022 through 02/28/2022 | $532,004.40 | $20,544.00 | $425,603.52 | $20,544.00 | $106,400.88 | 04/28/2022 D.I. 3924 |
| 05/12/2022 D.I. 3957 | 03/01/2022 Through 03/31/2022 | $676,427.95 | $17,439.57 | $541,142.36 | $17,439.57 | $135,285.59 | 06/02/2022 D.I. 4007 |
| 06/06/2022 D.I. 4010 | 04/01/2022 through 04/30/2022 | $548,718.95 | $27,726.85 | $438,975.16 | $27,726.85 | $109,743.79 | 06/28/2022 D.I. 4058 |
| 07/14/2022 D.I. 4092 | 05/01/2022 through 05/31/2022 | $480,203.10 | $18,489.26 | $384,162.48 | $18,489.26 | $96,040.62 | 08/04/2022 D.I. 4120 |
| 08/09/2022 D.I. 4150 | 06/01/2022 through 06/30/2022 | $407,154.25 | $12,311.58 | $325,723.40 | $12,311.58 | $81,430.85 | 08/30/2022 D.I. 4218 |
| | **TOTAL** | **$16,058,977.90** | **$579,683.00** | **$15,410,478.50** | **$579,683.00** | **$648,499.40** | |

**SUMMARY OF BILLING BY TIMEKEEPER**
**FOR TWELFTH INTERIM FEE APPLICATION**

**For the Period March 1, 2022 through June 30, 2022**

| Name of Professional Person | Year of Bar Admission | Position with the applicant and number of years in that position | Practice Group | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Mark Minuti | 1988 | Partner (1997) | Bankruptcy | $815 | 438.10 | $357,051.50 |
| John D. Demmy | 1986 | Partner (2018) | Bankruptcy | $770 | 51.00 | $39,270.00 |
| Martin J. Doyle | 1991 | Partner (2000) | Real Estate | $725 | 42.70 | $30,957.50 |
| Frederick D. Strober | 1981 | Partner (1988) | Real Estate | $720 | 0.90 | $648.00 |
| Jeffrey C. Hampton | 1990 | Partner (1999) | Bankruptcy | $720 | 629.20 | $453,024.00 |
| Adam H. Isenberg | 1990 | Partner (1999) | Bankruptcy | $720 | 420.00 | $302,400.00 |
| David G. Shapiro | 1998 | Partner (2014) | Business / Finance | $710 | 34.90 | $24,779.00 |
| Dasha G. Brockmeyer | 2008 | Partner (2021) | Tax/Employee Benefits | $690 | 2.00 | $1,380.00 |
| Dennis J. Brennan | 1998 | Partner (2009) | Business / Finance | $690 | 5.10 | $3,519.00 |
| Michelle G. Novick | 1991 | Partner (2008) | Bankruptcy | $640 | 69.90 | $44,736.00 |
| M. Paige Berry | 1990 | Partner (2008) | Transaction | $640 | 4.90 | $3,062.50 |
| Clarence Y. Lee | 2004 | Partner (2017) | Litigation | $615 | 4.40 | $2,706.00 |
| Candice L. Kline | 2008 | Partner (2020) | Bankruptcy | $575 | 1.90 | $1,092.50 |
| Monique B. DiSabatino | 2009 | Partner (2019) | Bankruptcy | $500 | 183.10 | $91,550.00 |
| Carolyn A. Pellegrini | 2009 | Partner (2020) | Litigation | $490 | 16.20 | $7,938.00 |
| Richard D. Leigh | 2002 | Counsel (2014) | Corporate | $525 | 0.20 | $105.00 |
| Brenda Abrams | 1985 | Counsel (2022) | Corporate | $475 | 10.40 | $4,940.00 |
| Melissa A. Martinez | 2016 | Associate (2016) | Bankruptcy | $385 | 36.50 | $14,052.50 |
| Daniel P. Rowley | 2016 | Associate (2021) | Bankruptcy | $385 | 1.10 | $423.50 |
| A. Mayer Kohn | 2017 | Associate (2020) | Bankruptcy | $370 | 232.00 | $85,840.00 |
| Jorge Garcia | 2017 | Associate (2020) | Bankruptcy | $370 | 152.30 | $56,351.00 |
| Matthew P. Milana | 2019 | Associate (2021) | Bankruptcy | $350 | 80.50 | $28,175.00 |
| Marielle C. MacMinn | 2019 | Associate (2021) | Business / Finance | $330 | 2.50 | $825.00 |
| Andrew Rudolph | 2020 | Associate (2020) | Bankruptcy | $305 | 3.70 | $1,128.50 |
| Frederick Poindexter | 2021 | Associate (2021) | Real Estate | $285 | 19.90 | $5,671.50 |

| Name of Professional Person | Year of Bar Admission | Position with the applicant and number of years in that position | Practice Group | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Christina M. Carry | N/A | Paralegal | Real Estate | $345 | 9.10 | $3,139.50 |
| Patricia A. Desmond | N/A | Paralegal | Real Estate | $325 | 4.80 | $1,560.00 |
| Jennifer R. Fitzgerald | N/A | Paralegal | Real Estate | $295 | 0.50 | $147.50 |
| Amy L. Payne | N/A | Paralegal | Real Estate | $275 | 0.20 | $55.00 |
| Adam Rosenthal | N/A | Litigation Support | Litigation | $340 | 17.70 | $6,018.00 |
| Corey A. Mears | N/A | Litigation Support | Litigation | $325 | 6.90 | $2,242.50 |
| Mark Beauge | N/A | Litigation Support | Litigation | $250 | 0.80 | $200.00 |
| Robyn E. Warren | N/A | Paraprofessional | Bankruptcy | $255 | 107.10 | $27,310.50 |
| **TOTAL** | | | | | **2590.50** | **$1,602,299.00** |
| **Minus Agreed Upon Discount** | | | | | | **($158,731.70)** |
| **Minus 50% for Non-Working Travel** | | | | | | **($7,491.00)** |
| **GRAND TOTAL** | | | | | **2590.50** | **$1,436,076.30** |

Attorney Compensation: $1,395,403.30

Total Attorney Hours: 2,443.40

Blended Hourly Rate for Attorneys: $571.09

Blended Hourly Rate for All Professionals: $554.36

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a<br>HAHNEMANN UNIVERSITY HOSPITAL,<br>*et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>Jointly Administered<br><br>**Objection Deadline: April 3, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: April 25, 2023 at 11:30 a.m. (ET)** |

**TWELFTH INTERIM FEE APPLICATION OF SAUL EWING LLP, COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 1, 2022 THROUGH JUNE 30, 2022**

Saul Ewing LLP ("**Saul Ewing**" or "**Applicant**"), counsel to the debtors and debtors-in-possession (the "**Debtors**"), hereby submits its twelfth interim fee application (the "**Twelfth Interim Fee Application**") for allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred for the period April 1, 2022 through June 30, 2022 (the "**Application Period**").

## INTRODUCTION

1.　　On June 30, 2019 and July 1, 2019 (together, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are operating their businesses and managing their properties

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of an examiner has been made in these Chapter 11 Cases.

2.      On July 15, 2019, the Office of the United States Trustee (the "**UST**") appointed the Official Committee of Unsecured Creditors of Center City Healthcare d/b/a Hahnemann University Hospital, *et al*. pursuant to section 1102 of the Bankruptcy Code.

3.      On August 2, 2019, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 341] (the "**Interim Compensation Order**"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Cases. Pursuant to the Interim Compensation Order, the Court established a procedure for interim compensation and reimbursement of disbursements for professionals appointed in this case. In particular, the Court authorized the filing and service to certain notice parties of monthly interim fee applications by professionals appointed in this case and payment by the Debtors of 80% of fees and 100% of expenses, in the absence of an objection made within twenty (20) days of service of the pertinent application.

## RETENTION OF SAUL EWING

4.      On August 8, 2019, this Court entered the *Order Authorizing the Employment and Retention of Saul Ewing Arnstein & Lehr LLP as Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* [D.I. 404].

## PROFESSIONAL SERVICES RENDERED

5.      Pursuant to the Interim Compensation Order, Saul Ewing submits this Twelfth Interim Fee Application, seeking interim approval and allowance of compensation in the amount

of $1,436,076.30, and actual and necessary expenses in the amount of $58,527.69 incurred during the interim period from April 1, 2022 through June 30, 2022.

## ADDITIONAL DISCLOSURES AND REPRESENTATIONS

6. Saul Ewing's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Saul Ewing's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Saul Ewing's blended hourly rates for attorneys and paraprofessionals for all sections of the firm, excluding the Bankruptcy and Restructuring section, for the prior calendar year were as set forth on the attached **Exhibit A**.

7. Saul Ewing's summary of compensation requested by project category for the Application Period is set forth on the attached **Exhibit B**.

8. Saul Ewing's summary of expense reimbursement requested by category for the Application Period is set forth on the attached **Exhibit C**.

9. Saul Ewing's budgets and staffing plans for the Application Period are set forth on the attached **Exhibit D**.

10. To the best of Saul Ewing's knowledge, this Twelfth Interim Fee Application complies with sections 330 and 331 of the Bankruptcy Code, Del. Bankr. L.R. 2016-2, the Interim Compensation Order, and the UST's *Guidelines for Reviewing Applications for Compensation. and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST Guidelines**").

11. During the Application Period, Saul Ewing did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement.

12. None of the professionals included in this Twelfth Interim Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.

13. This Twelfth Interim Fee Application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices.

14. This Twelfth Interim Fee Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

15. In accordance with Section 504 of the Bankruptcy Code and Fed. R. Bankr. P. 2016(a), no agreement or understanding exists between Saul Ewing and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case.

16. No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Saul Ewing.

17. Notice of this Twelfth Interim Fee Application has been provided in accordance with the Interim Compensation Order. Saul Ewing submits that no other or further notice need be provided.

18. Saul Ewing reserves all rights and claims. Without limiting the generality of the foregoing, Saul Ewing reserves its right to submit future monthly fee applications, interim fee applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein and in respect of any amounts held back pursuant to the Interim Compensation Order or otherwise.

**WHEREFORE**, Saul Ewing respectfully requests that the Court enter an Order (i) granting the Twelfth Interim Fee Application and authorizing interim allowance of compensation in the amount of $1,436,076.30 for professional services rendered on behalf of the Debtors and reimbursement for actual and necessary expenses in the amount of $58,527.69 (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: March 14, 2023          **SAUL EWING LLP**

By:     */s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: <br><br> CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 19-11466 (MFW) <br><br> Jointly Administered |

### CERTIFICATION OF MONIQUE B. DISABATINO

I, Monique B. DiSabatino, declare under the penalties of perjury that:

1. I am a Partner in the firm of Saul Ewing LLP ("**Saul Ewing**"), which serves as counsel to the debtors and debtors-in-possession (the "**Debtors**").

2. I am familiar with the work performed by Saul Ewing on behalf of the Debtors.

3. I have read the foregoing Twelfth Interim Fee Application of Saul Ewing and the facts set forth therein are true and correct, to the best of my knowledge, information and belief.

4. I hereby certify that the Application complies with the Interim Compensation Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and Del. Bankr. L.R. 2016-2. I hereby certify that, in accordance with the Interim Compensation Order and in connection with the Application, Saul Ewing made a reasonable effort to comply with the Revised UST Guidelines.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

41230569.1 03/14/2023

5. Pursuant to the Appendix B in the Revised UST Guidelines, Saul Ewing responds to the following questions regarding the Application:

| Question | Response | Explanation |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | No | |
| If the fees sought in this fee application as compared to the fees budgeted for this time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | N/A | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | No | |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | No | |
| If the fee application includes any rate increases since retention: i. Did your client review and approve those rate increases in advance? ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA formal Ethics Opinion 11-458? | i. Yes<br><br>ii. Yes | |

/s/ Monique B. DiSabatino
MONIQUE B. DISABATINO

Dated: March 14, 2023