IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) Case No. 19-11466 (MFW) ) ) |
| Debtors. | ) Jointly Administered |
| | ) **Related to Docket Nos. 4539 and 4546** |

## DECLARATION OF ALLEN WILEN IN SUPPORT OF MOTION OF DEBTORS FOR ENTRY OF ORDER (I) AUTHORIZING PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC TO MAKE SUPPLEMENTAL SECURED LOAN TO SUPPORT BROAD STREET REAL ESTATE PURSUANT TO MEMORANDUM OF UNDERSTANDING AND 11 U.S.C. §§ 363, 364 AND 105(A) AND (II) GRANTING RELATED RELIEF

I, Allen Wilen, hereby declare the following, under the penalty of perjury:

1.  I am the Chief Restructuring Officer ("**CRO**") of the above captioned debtors (the "**Debtors**") in these chapter 11 cases.

2.  I am a Partner at EisnerAmper and serve as the national director of EisnerAmper's financial advisory services group. I have more than twenty-seven years of financial and accounting experience, as well as extensive experience advising insolvent and troubled companies, including companies in the healthcare industry, in turnaround and crisis situations and navigating such companies through turnaround, sale and liquidation processes. I have frequently been involved in complex matters requiring expertise in forensic accounting and operational analysis and have been

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

qualified as an expert in numerous state and federal courts throughout the United States, including the district of Delaware.

3. I began serving as the CRO of the Debtors on April 8, 2019. In such capacity, I am familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records. I am above 18 years of age, and I am competent to testify.

4. I am familiar with the *Motion of Debtors for Entry of Order (I) Authorizing Philadelphia Academic Health System, LLC to Make Supplemental Secured Loan to Support Broad Street Real Estate Pursuant to Memorandum of Understanding and 11 U.S.C. §§ 363, 364 and 105(a) and (II) Granting Related Relief* [D. I. 4539] (the "**Motion**").[2] Along with Mr. John DiNome, who is serving as the Debtors' Independent Manager, I authorized the filing of the Motion.

5. The forms of the Amended and Restated Secured Promissory Note and the Second Mortgage Modification Agreement (collectively, the "**Loan Documents**") filed with the Court on March 3, 2023 [D. I. 4546] are true and correct copies of the forms of Loan Documents to be signed by PAHS and CCH.

6. On June 29, 2021, following an investigation conducted jointly by the Debtors and the Committee, the Debtors filed the Broad Street Adversary Proceeding and the HSRE Adversary Proceeding.

7. After the Adversary Proceedings were commenced, the Debtors, the Committee, the Broad Street Entities, HSRE, the other defendants in the Adversary Proceedings, and certain other parties engaged in Mediation.

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Motion.

8. During the course of the Mediation, it became clear that preservation of the value of the Broad Street Real Estate was in the best interests of the Debtors and all other parties in the Mediation.

9. Pursuant to the *Motion to Authorize Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Philadelphia Academic Health System, LLC to Make Secured Term Loan to Broad Street Entities Pursuant to 11 U.S.C. § 363 and 105(a) and (II) Granting Related Relief* [D. I. 3657], PAHS agreed to provide the Initial Loan to the Broad Street Entities.

10. The Initial Loan provided funding for the budgeted, documented direct operating and maintenance costs of the Broad Street Real Estate and certain other costs of the Borrowers pursuant to certain terms and conditions.

11. The Initial Loan was approved by interim and final orders entered March 31, 2022 [D.I. 3811] and April 21, 2022 [D.I. 3896].

12. After approval of the Initial Loan, the Debtors and the other parties to the Mediation resolved their disputes pursuant to the MOU, which was approved by the Court on August 29, 2022 pursuant to the MOU Order.

13. Pursuant to the MOU and the MOU Order, and among other things, the Broad Street Real Estate was substantively consolidated with the estate of CCH, which became obligated with respect to the Initial Loan on a non-recourse basis.

14. The MOU contemplates the management, marketing and sale of the Broad Street Real Estate and the sharing of its net sale proceeds among the Debtors and certain other parties to the MOU. The MOU also contemplates, in its Schedule 3(b), that additional loans might be needed from PAHS to preserve and maintain the Broad Street Real Estate pending sale, and that such additional loans would be repaid from the sale proceeds of the Broad Street Real Estate prior to

the distribution of the net sale proceeds of the Broad Street Real Estate to the Debtors, HSRE and Tenet in the allocated amounts set forth on Schedule 3(b).

15. Given the passage of time since the Initial Loan was approved, it will shortly be exhausted. As a result, additional funding is needed to maintain and preserve the Broad Street Real Estate pending sale.

16. By the Motion, PAHS seeks authority to make the Supplemental Loan, which will be secured by amended mortgages on the Broad Street Real Estate, associated fixtures and the personal property on which PAHS already holds a lien in connection with the Initial Loan and the MOU, and will be non-recourse to CCH, in order to provide for the operating and maintenance costs of the Broad Street Real Estate pending sale.

17. It is in the best interests of the Debtors and all other parties that the Broad Street Real Estate be properly maintained and preserved pending sale.

18. The proposed Supplemental Loan allows for the preservation of the value of the Broad Street Real Estate for all parties and also protects the Debtors' estates, in that the Supplemental Loan will be secured by amended mortgages on the Broad Street Real Estate (subject only to existing liens of the City of Philadelphia Water Revenue Bureau and certain other permitted liens and encumbrances), fixtures and certain personal property, which I believe is worth significantly more than the amount of the proposed financing. The proposed Supplemental Loan also will bear interest.

19. For the foregoing reasons, the proposed Supplemental Loan is within the Debtors' business judgment and is in the best interests of their estates.

20. Substantially all of the terms of the proposed Supplemental Loan have been previously approved by the Court, either through the Court's initial and final Orders approving the

Initial Loan [D. I. 3811 and 3896] or through the MOU and the MOU Order (which provided for certain revisions to the Initial Loan due to the substantive consolidation of the Broad Street Real Estate with the bankruptcy estate of CCH).

21. The amount of the Initial Loan was $5,600,000. If approved by the Court, the proposed Supplemental Loan would increase this amount by $3,540,000, which I believe is a sufficient amount to operate and maintain the Broad Street Real Estate through at least October 1, 2023.

22. The proposed Supplemental Loan will mature on October 1, 2023, and the term of the Initial Loan would be similarly extended.

23. Given the terms of the MOU, which as noted above contemplates PAHS' provision of additional funding to support the operation and maintenance of the Broad Street Real Estate pending sale and the repayment of such additional funding from the sale of the Broad Street Real Estate, alternative financing was both impracticable and inconsistent with the MOU.

24. Moreover, the securing of the Supplemental Loan with amended mortgages on the Broad Street Real Estate, and with liens on associated fixtures and designated personal property, is entirely consistent with (and was contemplated by) the MOU.

25. For the foregoing reasons, PAHS should be authorized to make the Supplemental Loan, secured by amended mortgages on the Broad Street Real Estate, associated fixtures and the personal property described above, all of which has been substantively consolidated with the CCH bankruptcy estate.

26. Finally, a waiver of the stay imposed by Bankruptcy Rule 6004(h) is appropriate in these cases due to the need of the Debtors to consummate the transactions described in the Motion

as promptly as possible, and due to the anticipated need for additional funding in order to maintain and preserve the Broad Street Real Estate pending sale.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct.

Executed on March 15, 2023

*/s/ Allen Wilen*
Allen Wilen, Chief Restructuring Officer
