IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) **Re: Docket Nos. 4539, 4546, 4552 and 4559** |

### ORDER (I) AUTHORIZING PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC TO MAKE SUPPLEMENTAL SECURED LOAN TO SUPPORT BROAD STREET REAL ESTATE PURSUANT TO MEMORANDUM OF UNDERSTANDING AND 11 U.S.C. §§ 363, 364 AND 105(A) AND (II) GRANTING RELATED RELIEF

Upon the motion, (the "**Motion**")[2], of the above-referenced debtors (the "**Debtors**"), for the entry of an order pursuant to the MOU, sections 363, 364 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 4001 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing debtor Philadelphia Academic Health System, LLC ("**PAHS**") to make a Supplemental Loan, on a non-recourse basis, to provide funding for the operating and maintenance costs of the Broad Street Real Estate in order to preserve the value of such real estate, which has been substantively consolidated with the bankruptcy estate of Center City Healthcare, LLC ("**CCH**") pursuant to the MOU, and for related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein; and due and sufficient notice of the Motion having been given; and upon

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

consideration of the *Declaration of Allen Wilen in Support of Motion of Debtors for Entry of Order (I) Authorizing Philadelphia Academic Health System, LLC to Make Supplemental Secured Loan to Support Broad Street Real Estate Pursuant to Memorandum of Understanding and 11 U.S.C. §§ 363, 364 and 105(a) and (II) Granting Related Relief* [D.I. 4552]; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, creditors and other parties in interest; and the Court having reviewed the Motion and considered the arguments made at the hearing, if any; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. PAHS and CCH are authorized, pursuant to sections 363 and 364 of the Bankruptcy Code, as applicable, to make the Supplemental Loan and to secure the Supplemental Loan with amended mortgages on the Broad Street Real Estate, as well as liens on associated fixtures and the personal property that currently secures the Initial Loan. The Supplemental Loan shall not exceed $3.54 million.

3. For the avoidance of doubt, all liabilities, obligations and responsibilities with respect to the Supplemental Loan – whether arising under the mortgage amendments or amended and restated note executed in connection with the Supplemental Loan, or otherwise – shall be the liabilities, obligations and responsibilities of CCH.

4. Notwithstanding anything to the contrary contained in the Motion, the liens granted to PAHS in the Broad Street Real Estate in connection with the financing approved by this Order shall not prime the statutory liens, if any, of the City of Philadelphia, the School District of Philadelphia or the City of Philadelphia Water Revenue Bureau (collectively, the "**City**") to the extent that any such statutory liens are first priority liens pursuant to Pennsylvania's Municipal

Claims and Tax Liens Act, 53 P. S. § 7101, *et. seq.* All parties' rights to challenge the claims of the City or any liens in favor of the City are fully preserved.

5. The Debtors are authorized to take all steps necessary, desirable or appropriate to carry out the relief granted in the Term Sheet and this Order.

6. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement f this Order.

Dated: March 20th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

41071805.7