# EXHIBIT 1

**(Settlement Agreement)**

# SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into as of the 17th day of February 2023, by and between Center City Healthcare, LLC d/b/a Hahnemann University Hospital, Philadelphia Academic Health System, LLC and St. Christopher's Healthcare, LLC d/b/a St. Christopher's Hospital for Children and certain of its affiliates (collectively, the "**Debtors**"), Medtronic USA, Inc. and Medtronic Xomed, Inc. (collectively, "**Medtronic**") (the Debtors and Medtronic, together, are the "**Parties**"), by and through their respective duly authorized undersigned counsel.

# RECITALS

WHEREAS, on June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors moved for joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b), and the cases were so consolidated under Case No. 19-11466;

WHEREAS, the Debtors and their estates maintain the right to prosecute and settle all estate claims and causes of action, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code;

WHEREAS, the Debtors, after review of their books and records, have asserted that Medtronic received transfers from the Debtors of no less than $1,375,231.00 on or within the 90 days before the Petition Date (the "**Transfers**") and have demanded the return of the Transfers as alleged preferential transfers that are subject to avoidance and recovery pursuant to sections 547, 548 and 550 of the Bankruptcy Code;

WHEREAS, on April 13, 2022, the Debtors filed a complaint against Medtronic to avoid and recover the Transfers (the "**Complaint**"), which matter is proceeding under Case No. 22-50262 (the "**Adversary Proceeding**");

WHEREAS, on June 20, 2022, Medtronic filed an answer to the Complaint, denying certain allegations of the Complaint, disputing any liability for return of the Transfers, and asserting affirmative defenses;

WHEREAS, on July 7, 2022, the Debtors filed an amended complaint against Medtronic asserting certain additional facts (the "**Amended Complaint**"); however the amount of the Transfers set forth in the Amended Complaint remained the same;

WHEREAS, on July 21, 2021, Medtronic filed an answer denying certain allegations in the Amended Complaint, disputing any liability for return of the Transfers, and asserting affirmative defenses;

1

WHEREAS, the Parties have engaged in discussions, as well as multiple mediation sessions over the course of several weeks, and exchanged information regarding the Transfers and, as a result of those discussions, and to avoid further costs and the attendant risks of litigation, have decided to resolve the dispute concerning the Transfers upon the terms and conditions set forth in this Agreement,

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Debtors and Medtronic agree as follows:

## AGREEMENT

Settlement. In settlement of the dispute between the Parties and in full and final satisfaction of the Debtors' claims with respect to the Transfers, Medtronic shall: (i) have the Allowed Claims (as defined below); and (ii) pay to the Debtors $525,000.00 (the "**Settlement Amount**") within thirty (30) days of the date the Parties have both executed this Agreement.  Payment shall be made by wire or by check, payable to "Philadelphia Academic Health System," and sent to:

> Philadelphia Academic Health System
> c/o Eisner Advisory Group LLC
> Attention: Allen Wilen
> One Logan Square
> 130 North 18th St., Suite 3000
> Philadelphia, PA 19103

Bankruptcy Court Approval. The Parties acknowledge that this Agreement is subject to Bankruptcy Court approval.  No later than thirty (30) days after receipt of the Settlement Amount, the Debtors shall file a motion (the "**Motion**") with the Bankruptcy Court for entry of an Order approving the terms of this Agreement.  In the event that the Bankruptcy Court does not approve the Motion by entry of a Final Order, this Agreement shall be null and void and of no force and effect against either of the Parties and all of the Settlement Amount that has been paid shall be returned to Medtronic, without interest. An order will be considered to be a "Final Order" if the order is not subject to any timely appeal.

Dismissal of Adversary Proceeding. Within ten (10) business days following the entry of a Final Order approving this Agreement, the Debtors, or Parties, as appropriate, shall dismiss the Adversary Proceeding with prejudice.

Debtors Release. Except for the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, the Debtors and the Debtors' estates, release and discharge Medtronic and its officers, directors, agents, employees, representatives and attorneys, from any and all claims and causes of action, whether known or unknown, of any nature or type, that the Debtors and the Debtors' estates have or may have against Medtronic, including, but not limited to, any claims related to the Transfers.

Medtronic Release. Except for the Allowed Claims (as defined below) and the obligations arising under this Agreement, and effective upon Bankruptcy Court approval of this Agreement

pursuant to a Final Order, Medtronic releases and discharges the Debtors, the Debtors' estates, and their respective officers, directors, agents, employees, representatives and attorneys, from any claims and causes of action ,whether known or unknown, of any nature or type that Medtronic has or may have against the Debtors and the Debtors' estates, including any claims arising under section 502(h) of the Bankruptcy Code by virtue of Medtronic's payment of the Settlement Amount.

Allowed Claims. Effective upon Bankruptcy Court approval of this Agreement pursuant to a Final Order, Medtronic shall receive allowed general unsecured claims (together, the "**Allowed Claims**"), as follows:

(i) Medtronic USA, Inc. shall have an allowed general unsecured claim against Debtor Center City Healthcare, LLC in the amount of $870,293.69;

(ii) Medtronic XOMED, Inc. shall have an allowed general unsecured claim against Debtor St. Christopher's Healthcare, LLC in the amount of $75,402.56.

(collectively, the "**Allowed Claims**").

The Allowed Claims shall be paid in accordance with the terms of any confirmed chapter 11 plan or plans in the chapter 11 cases or otherwise in accordance with any applicable order(s) of the Bankruptcy Court.

No Admission of Liability. This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any Party.

Choice of Law. This Agreement shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

Authority of Parties. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Agreement on behalf of, and bind, each Party, as applicable, to the terms and conditions of this Agreement; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Agreement shall become effective upon the order approving this Agreement becoming a Final Order.

Merger. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement. This Agreement may only be modified by an instrument in writing executed by each of the Parties hereto, or by order of the Bankruptcy Court.

Execution of Agreement. This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement. Facsimile, electronic mail and scanned

signatures shall be deemed to have the full force and effect of ink signatures.

Enforcement of Agreement. Each party shall bear its own attorney's fees and costs relating to the Adversary Proceeding, settlement negotiations, and the negotiation and execution of this Agreement. In the event that legal action is instituted to enforce this Agreement, the prevailing party shall be entitled to recover from the losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

Jurisdiction. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement.  The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies arising from or related to this Agreement.

Construction. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement, as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

[remainder of page left intentionally blank]

IN WITNESS WHEREOF, the Parties hereby execute this Agreement as of the date first written above, intending to be legally bound.

| **SAUL EWING LLP** | **GREENBERG TRAURIG, LLP** |
|---|---|
| */s/ Monique B. DiSabatino*_____ | _/s/_ *Dennis Meloro*_____ |
| Mark Minuti (DE Bar No. 2659) | Dennis Meloro  (DE Bar No. 4435) |
| Monique B. DiSabatino (DE Bar No. 6027) | Greenberg Traurig, LLP |
| 1201 N. Market Street, Suite 2300 | 222 Delaware Avenue |
| P.O. Box 1266 | Suite 1600 |
| Wilmington, DE  19899 | Wilmington, DE 19801 |
| Telephone: (302) 421-6800 | Telephone: (302) 661-7395 |
| mark.minuti@saul.com | Email: dennis.meloro@gtlaw.com |
| monique.disabatino@saul.com | |
| | *Counsel for Medtronic USA, Inc. and Medtronic XOMED, Inc.* |
| -and- | |
| Jeffrey C. Hampton | |
| Adam H. Isenberg | |
| Centre Square West | |
| 1500 Market Street, 38th Floor | |
| Philadelphia, PA 19102 | |
| Telephone: (215) 972-7777 | |
| Fax: (215) 972-7725 | |
| jeffrey.hampton@saul.com | |
| adam.isenberg@saul.com | |
| | |
| *Counsel for the Debtors and Debtors in Possession* | |

5