# EXHIBIT A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) **Related to Docket Nos. 4633 and ____** |
| | ) |

### ORDER APPROVING STIPULATION BETWEEN DEBTORS AND
### THE CHUBB COMPANIES REGARDING RESOLUTION OF THE CLAIMS OF THE
### CHUBB COMPANIES AND TREATMENT OF THE CHUBB INSURANCE PROGRAM

Upon consideration of the *Stipulation between Debtors and the Chubb Companies Regarding Resolution of the Claims of the Chubb Companies and Treatment of the Chubb Insurance Program* (the "**Stipulation**")[2] attached hereto as **Exhibit "1"**; and the Court having jurisdiction over the matters raised in the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Stipulation having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Stipulation is in the best interests of the Debtors, their estates, creditors and all

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2]     Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

parties-in-interest, and that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Stipulation is approved in all respects.

2.      On account of, and in full satisfaction of the ACE Asserted Claim, Claim 797 shall be an allowed claim against the Debtors in the total amount of $1,337,843.26, of which $228,696.42 shall be an allowed administrative expense claim (the "**Allowed Administrative Claim**"), and the remainder of which, in the amount of $1,109,146.84, shall be an allowed general unsecured claim (the "**Allowed Unsecured Claim**," and together with the Allowed Administrative Claim, the "**Allowed Claim**").

3.      The Allowed Administrative Claim shall be paid within ten (10) business days of the Stipulation Effective Date notwithstanding any Conversion (as defined herein).

4.      The Allowed General Unsecured Claim shall be paid in accordance with the terms of any Plan or any chapter 7 distribution.

5.      Subject to the occurrence of the Stipulation Effective Date, the Federal Claim (Claim No. 799) shall be deemed withdrawn as of the date that any Plan becomes effective in accordance with the terms thereof, and at such time, the Court and the Debtors' claims agent are authorized to reflect such withdrawal on the docket and claims register for the Debtors' bankruptcy cases.

6.      The Debtors shall include the Chubb Plan Language in the Plan; provided, however, that such language shall be subject to modification upon agreement by the Debtors and Chubb or upon further Court order.

7.      The releases set forth in the Stipulation are hereby approved.

40487775.8

8.      The Debtors and their claims agent are authorized to take any and all actions necessary to effectuate the Stipulation.

9.      The Stipulation shall be binding upon the Parties and each of their respective successors (including, but not limited to, any chapter 7 trustee), assignees, designees, agents, attorneys and representatives.  For the avoidance of doubt, in the event of a Conversion, the Stipulation shall be binding in all respects on any chapter 7 trustee except that (i) any chapter 7 trustee shall not be bound by paragraph 11 of the Stipulation, and (ii) the Federal Claim shall only be deemed withdrawn upon the payment of a final distribution (if any) to the Chubb Companies on account of the general unsecured portion of the Allowed Claim.

10.     This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.

11.     This Order is effective immediately upon entry.

40487775.8

**EXHIBIT 1**

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |
| *al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |

### STIPULATION BETWEEN DEBTORS AND
### THE CHUBB COMPANIES REGARDING RESOLUTION OF THE CLAIMS OF THE
### <u>CHUBB COMPANIES AND TREATMENT OF THE CHUBB INSURANCE PROGRAM</u>

This *Stipulation between Debtors and the Chubb Companies Regarding Resolution of the Claims of the Chubb Companies and Treatment of the Chubb Insurance Program* (the "**Stipulation**")  is entered into as of the 27th day of April, 2023, by and between Center City, Healthcare, LLC d/b/a Hahnemann University Hospital ("**CCH**") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**"), on the one hand, and, on the other hand, ACE American Insurance Company ("**ACE**"), on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "**ACE Companies**") and Federal Insurance Company ("**Federal**"), on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "**Federal Companies**" and together with the ACE Companies, the "**Chubb Companies,**" and together with the Debtors, the "**Parties**").

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

## INTRODUCTION

**WHEREAS**, on June 30 or July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

**WHEREAS**, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, prior to the Petition Date, the Chubb Companies issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, collectively, the "**Policies**") to one or more of the Debtors as named insureds;

**WHEREAS**, the Chubb Companies and the Debtors and/or their affiliates also entered into certain written agreements in connection with the Policies (as renewed, amended, modified, endorsed or supplemented from time to time, and including any exhibit or addenda thereto, collectively, the "**Insurance Agreements**");

**WHEREAS**, pursuant to certain Policies and Insurance Agreements (collectively, the "**ACE Insurance Program**"), the ACE Companies provide, *inter alia*, workers' compensation, automobile liability, medical professional liability, environmental, general aviation, and certain other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein, and the insureds, including one or more of the Debtors, are required to pay to the Chubb Companies certain amounts including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the ACE Insurance Program (the "**ACE Program Obligations**");

40487775.8

**WHEREAS**, pursuant to certain other Policies and any agreements related thereto (collectively, the "**Federal Insurance Program,**" and together with the ACE Insurance Program, the "**Chubb Insurance Program**"),[1] the Federal Companies provide, *inter alia*, directors' and officers', employed lawyers, and other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein, and the insureds, including one or more of the Debtors, are required to pay to the Chubb Companies certain amounts including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the Federal Insurance Program (the "**Federal Program Obligations**" and together with the ACE Program Obligations, the "**Obligations**");[2]

**WHEREAS**, prior to the Petition Date, certain of the Obligations were secured by a certain loss reimbursement fund and certain other amounts, all of which have now been exhausted through the payment of claims against the Debtors under the Chubb Insurance Program;

**WHEREAS**, on or about July 31, 2020, the ACE Companies timely filed proof of claim number 797 against each of the Debtors[3] (the "**ACE Asserted Claim**" or "**Claim 797**") in the total amount of $3,592,498.00, which ACE Asserted Claim is comprised of the following components: (i) a general unsecured claim in the estimated amount of $2,720,123.00, (ii) a secured claim in the amount of $872,375.00; and (iii) additional contingent and unliquidated amounts;

---

[1]     The description of the Chubb Insurance Program set forth herein is not intended to, and shall not be deemed to, amend, modify or waive any of the terms or conditions of the Chubb Insurance Program. Reference is made to the Chubb Insurance Program for a complete description of its terms and conditions.

[2]     The Obligations include both monetary and non-monetary obligations that the insureds, including one or more of the Debtors, may have.

[3]     The ACE Asserted Claim was filed against debtor CCH. Per the bar date order entered on June 11, 2020 [D.I. 1666] (the "**Bar Date Order**"), ACE was permitted to file a single proof of claim in the bankruptcy case of CCH but such claim was to be deemed to have been filed in the chapter 11 cases of each of the Debtors. See Bar Date Order at ¶ 16.

40487775.8

**WHEREAS**, on or about July 31, 2020, the Federal Companies timely filed proof of claim number 799 against each of the Debtors[4] (the "**Federal Claim**" or "**Claim 799**") in a contingent and unliquidated amount;

**WHEREAS**, the Debtors and their estates maintain the right to prosecute and settle all estate claims and causes of action;

**WHEREAS**, the Parties have engaged in discussions to resolve the ACE Asserted Claim and the Federal Claim and, as a result of those discussions, and to avoid further costs and the attendant risks of litigation, have agreed to (i) resolve the ACE Asserted Claim and the Federal Claim, and (ii) determine the treatment of the Chubb Insurance Program in the Plan, upon the terms and conditions set forth in this Stipulation,

**NOW THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby agree, subject to Bankruptcy Court approval as set forth herein, as follows:

## STIPULATION

1.      Each of the Recitals set forth above is incorporated herein by reference.

2.      Within ten (10) business days of the Parties' signing this Stipulation, the Debtors or their successor(s) shall cause to be filed a *Notice of Stipulation between Debtors and the Chubb Companies Regarding Resolution of the Claims of the Chubb Companies and Treatment of Chubb Insurance Program* seeking Court approval of this Stipulation in a form acceptable to the Chubb Companies.

---

[4]      The Federal Claim was filed against debtor CCH. Per the Bar Date Order, Federal was permitted to file a single proof of claim in the bankruptcy case of CCH but such claim was to be deemed to have been filed in the chapter 11 cases of each of the Debtors. See Bar Date Order at ¶ 16.

4

3.      This Stipulation shall be effective as of the date that the order of the Court approving this Stipulation becomes final and non-appealable and is not subject to an appeal (the "**Stipulation Effective Date**").  In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect.  In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante*.

4.      On account of, and in full satisfaction of the ACE Asserted Claim, Claim 797 shall be an allowed claim against the Debtors in the total amount of $1,337,843.26, of which $228,696.42 shall be an allowed administrative expense claim (the "**Allowed Administrative Claim**"), and the remainder of which, in the amount of $1,109,146.84, shall be an allowed general unsecured claim (the "**Allowed General Unsecured Claim**," and together with the Allowed Administrative Claim, the "**Allowed Claim**").  In the absence of the substantive consolidation of the Debtors pursuant to a plan or otherwise, the Allowed Claim shall be treated for purposes of allowance and distribution under the plan as if the Debtors were substantively consolidated such that the Chubb Companies shall receive an aggregate distribution from all of the Debtors in an amount equal to the amount they would have received if the Debtors' estates were substantively consolidated.

5.      The Allowed Administrative Claim shall be paid within ten (10) business days of the Stipulation Effective Date (the "**Payment Date**"), and the Allowed General Unsecured Claim shall be paid in accordance with the terms of any confirmed chapter 11 plan or plans in these cases

40487775.8

(any such confirmed chapter 11 plan or plans in these cases, the "**Plan**"), and there shall be no restrictions on how the Chubb Companies use or apply any payments or distributions that they receive on account of the Allowed Claim.

6.      Subject to the occurrence of the Stipulation Effective Date, the Federal Claim shall be deemed withdrawn as of the date that any Plan becomes effective in accordance with the terms thereof, with no other or further action required by any of the Parties or the Court.

7.      In the event that the Debtors' chapter 11 cases are converted to a case under chapter 7 of the Bankruptcy Code (and such action, a "**Conversion**"), this Stipulation shall be binding on any chapter 7 trustee except that (i) any chapter 7 trustee shall not be bound by paragraph 11 of this Stipulation, and (ii) the Federal Claim shall only be deemed withdrawn upon the payment of a final distribution (if any) to the Chubb Companies on account of the general unsecured portion of the Allowed Claim.

8.      Upon and following the Stipulation Effective Date, and subject to the Reservation of Rights (as defined herein), (i) the Chubb Companies shall have the right to select defense counsel and to handle, administer, adjust, settle and/or pay any claim covered under the Chubb Insurance Program (each, an "**Insured Claim**") and the defense costs and other costs associated with the administration and handling of any such Insured Claim in the Chubb Companies' sole discretion (collectively, "**Claim Administration**"), (ii) the automatic stay imposed by Section 362(a) of the Bankruptcy Code and any injunction or release provision in the Plan, any order confirming a Plan, or any other document (collectively, the "**Stays**"), to the extent applicable, shall be deemed lifted without further order of this Court to permit the Chubb Companies to conduct Claims Administration, and (iii) the Debtors, on behalf of themselves and their successor(s), waive any right to conduct Claims Administration, to participate therein, except to the extent required by

6

law, or to challenge any actions of the Chubb Companies related to Claims Administration.  For the avoidance of doubt, nothing in this Stipulation grants, or should be deemed to grant, any claimant relief from the Stays, if applicable, to proceed with their claims without first seeking and receiving relief from the Stays from the Court, to the extent applicable.

9.      Nothing in this Stipulation (i) expands, contracts or otherwise alters the coverage provided by the Chubb Insurance Program or the rights and obligations of the Chubb Companies thereunder, including, but not limited to, any provisions in the Chubb Insurance Program stating that the Chubb Companies shall not have any duty to defend or pay allocated loss adjustment expenses; (ii) permits the holder of an Insured Claim to recover the same amounts from the Chubb Companies and again from any other person or entity, including the Debtors, (iii) creates or permits a direct right of action by any holder of an Insured Claim against the Chubb Companies; (iv) precludes or limits, in any way, the rights of the Chubb Companies to contest and/or litigate with any holder of an Insured Claim the existence, primacy and/or scope of available coverage under any alleged applicable policy; (v) is a determination as to coverage under the Chubb Insurance Program; (vi) relieves any holder of an Insured Claim from any obligation to file a proof of claim; or (vii) relieves any party of its duty, if any, to cooperate with the Chubb Companies with respect to any Insured Claim.  This paragraph shall be referred to as the "**Reservation of Rights**."

10.     Within five (5) business days after the Stipulation Effective Date, the Chubb Companies and/or their affiliates, including ESIS, shall provide the Debtors with a loss run of known claims asserted under the Chubb Insurance Program (the "**Chubb Claim List**").  Within ten (10) business days following receipt of the Chubb Claim List, the Debtors or their successor(s) shall provide the Chubb Companies with a list of any additional formal and informal claims, if

40487775.8

any, that are known to the Debtors or are reflected in their records, including, but not limited to, claims currently treated as "record only" or 'administration only' (the "**Supplemental Claims List**," and together with the Chubb Claim List, the "**Claim Lists**").  To the extent not already in the possession of the Chubb Companies and upon request of the Chubb Companies, to the extent available and accessible to the Debtors, the Debtors shall provide to the Chubb Companies files or other documentation concerning a particular claim on the Claim Lists.  For the avoidance of doubt, the failure of the Chubb Companies and/or the Debtors to identify a claim that should be included on the Claim Lists following reasonable inquiry shall not, by itself, be grounds for denial of coverage with respect to such claim.

11.     The Plan shall include the following language addressing the treatment of the Chubb Insurance Program (the "**Chubb Plan Language**"); provided, however, that such language may be modified upon agreement of the Parties or upon further Court order:[5]

> Notwithstanding anything to the contrary contained in the Disclosure Statement, the Plan, the Plan Supplement, the Confirmation Order, any bar date notice or claim objection, any other document related to any of the foregoing or any other order of the Bankruptcy Court (including, without limitation, any other provision that purports to be preemptory or supervening, grants an injunction, discharge or release, or confers Bankruptcy Court jurisdiction): (a) nothing alters, amends or otherwise modifies the terms and conditions of the *Stipulation between Debtors and the Chubb Companies Regarding Resolution of the Claims of the Chubb Companies and Treatment of the Chubb Insurance Program* (the "**Chubb Stipulation**") or the *Order Approving Stipulation between Debtors and the Chubb Companies Regarding Resolution of the Claims of the Chubb Companies and Treatment of the Chubb Insurance Program* [Doc. No. __], or of the Chubb Insurance Program; (b) the automatic stay of Bankruptcy Code section 362(a) and the injunction set forth in Article [__] of the Plan, if and to the extent applicable, shall be deemed lifted without further order of the Bankruptcy Court, solely to permit:  (i) claimants with valid workers' compensation claims or direct action claims against the Chubb Companies under applicable non-bankruptcy law to proceed with their claims; and (ii) the Chubb Companies to take any actions relating to the Chubb Insurance

---

[5]     The Debtors understand that certain of the terms provided in this paragraph may need to be revised, subject to the written approval of the Chubb Companies, to account for the terms in the Plan.

40487775.8

Program (including setoff), to the extent permissible under applicable non-bankruptcy law in accordance with the terms of the Chubb Insurance Program.

Terms used in this paragraph but not defined in the Plan shall have the meaning attributed to them in the Chubb Stipulation.

12.    Neither the Plan nor any order confirming the Plan shall be inconsistent with any of the terms and conditions of this Stipulation, which shall not be altered, amended, modified or prejudiced by the Plan, any order confirming the Plan, or any documents related thereto.

13.    Except for the obligations arising under this Stipulation, in consideration of the promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, upon the Payment Date, the Debtors and the Debtors' estates, on behalf of themselves and all of their respective successors and all parties claiming by, through, or under any of the foregoing, including, for the avoidance of doubt, any chapter 7 trustee appointed in the event of a Conversion, and the agents, employees, representatives, officers, members, attorneys, experts, shareholders, directors, parents, subsidiaries, affiliates, successors, assigns, trustees and predecessors in interest of each of the foregoing (collectively, the "**Debtor Entities**") hereby fully, finally, and completely waive, remise, release, acquit, and forever and discharge the Chubb Companies and each and all of their respective officers, directors, agents, employees, representatives, attorneys, parents, subsidiary corporations, affiliates, successors, assigns, trustees and predecessors in interest (collectively, the "**Chubb Entities**"), from any and all claims, counterclaims, rights, demands, obligations, causes of action, demands for turnover, costs, damages, losses, liabilities, penalties, fees, expenses, and attorneys' fees, arising under any statute, federal, state or local regulation, ordinance, or common law, whether known or unknown, fixed or contingent, direct or indirect, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, which exist or may exist, of any nature or type,

9

from the beginning of time through and including the Payment Date, that the Debtor Entities have or may have against the Chubb Entities, including, without limitation, any and all of such (i) related to the Chubb Entities' Claim Administration; (ii) related to the Chubb Companies' use of any collateral or security provided to secure the Debtors' obligations under the Chubb Insurance Program; (iii) related to the Allowed Claim; and (iv) pursuant to 11 U.S.C. §§ 362, 363, 364, 365, 542, 544, 547, 548, 549, and 550.

14.     Except for the obligations arising under this Stipulation and any non-monetary obligations of the Debtors under the Chubb Insurance Program, in consideration of the promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, effective upon the Payment Date, the Chubb Entities hereby fully, finally, and completely waive, remise, release, acquit, and forever and discharge the Debtor Entities from any and all claims, counterclaims, rights, demands, obligations,  causes of action, costs, damages, losses, liabilities, penalties, fees, expenses, and attorneys' fees, arising under any statute, federal, state or local regulation, ordinance, or common law, whether known or unknown, fixed or contingent, direct or indirect, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, which exist or may exist, of any nature or type, from the beginning of time through the Payment Date that the Chubb Entities have or may have against the Debtor Entities under the Chubb Insurance Program.  For the avoidance of doubt, other than the Allowed Claim, the Chubb Companies shall have no other allowed claims against any of the Debtors, whether filed or scheduled under the Chubb Insurance Program.  The Chubb Companies shall not be entitled to any distributions from any of the Debtors, their estates or any of the Debtors' successors, other than on account of the Allowed Claim.  The Chubb Companies shall not amend any previously filed

claims and shall not assert any additional claims against any of the Debtors on account of pre-petition or post-petition Obligations.

15.    The Debtor Entities, on behalf of themselves and all parties claiming by, through or under them, jointly and severally covenant and agree not to commence or prosecute any action, arbitration or proceeding against any of the Chubb Entities arising out of or relating to the claims released hereby. The Chubb Entities, on behalf of themselves and all parties claiming by through or under them, jointly and severally covenant and agree not to commence or prosecute any action or proceeding against the Debtor Entities arising out of or relating to the claims released hereby.

16.    With respect to the matters released herein, the Chubb Entities and the Debtor Entities expressly waive any and all rights under § 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

17.    The Parties are authorized to take any and all actions necessary to effectuate this Stipulation.

18.    To the extent there is any inconsistency between the terms and conditions of this Stipulation and any order of the Court approving it on the one hand, and the terms and conditions of the Plan and any order confirming the Plan, and/or, in the event of a Conversion, any distribution schedule, on the other hand, the terms and conditions of this Stipulation and any order of the Court approving it shall control.

19.    This Stipulation is the entire agreement between the Debtors and the Chubb Companies with respect to the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with

40487775.8

respect to the matters set forth herein.  No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

20.     The Parties each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation; provided, however, that the Debtors' authorization is subject to Bankruptcy Court approval and this Stipulation shall become effective upon the Stipulation Effective Date.

21.     In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

22.     This Stipulation may be modified, amended, or supplemented by the Parties, in writing, and without further order of the Court, provided that any such modification, amendment, or supplement either is (a) not material or (b) not less favorable to the Debtors than the existing applicable provisions.

23.     This Stipulation is a fully integrated agreement with each provision being fully integrated and dependent on each other provision and no provision of this Stipulation may be held to be unenforceable without this entire Stipulation being held to be unenforceable and no provision may be "blue penciled" to render such provision enforceable.

24.     This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws' principles thereof, *provided*, *however*, that any disputes or issues arising under the Chubb Insurance Program shall be subject to the terms and conditions of the Chubb Insurance Program in all respects.

40487775.8

25.    This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors (including, but not limited to, any chapter 7 trustee), assignees, designees, agents, attorneys and representatives.

26.    This Stipulation may be executed in one or more counterparts, including by facsimile and/or PDF signatures and digital signatures using digital signature software that electronically captures, or otherwise allows a signatory to adopt, an identifying mark as such person's signature (*e.g.*, Docusign®), each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

27.    The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to this Stipulation.

40487775.8

**IN WITNESS WHEREOF**, the Parties, by and through their duly authorized respective counsel, hereby execute this Stipulation as of the date first written above, intending to be legally bound.

**SAUL EWING LLP**

*/s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899-1266
Telephone: (302) 421-6800
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*

**DUANE MORRIS LLP**

*/s/ Drew S. McGehrin*
Drew S. McGehrin (DE Bar No. 6508)
1201 N. Market Street, Suite 501
Wilmington, DE 19801
Telephone: (302) 657-4900
DSMcGehrin@duanemorris.com

-and-

Wendy M. Simkulak
Catherine B. Heitzenrater
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-7342
Wmsimkulak@duanemorris.com
CHeitzenrater@duanemorris.com

*Counsel for the Chubb Companies*

40487775.8