# Exhibit A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) ) ) ) | Case No. 19-11466 (MWF) Jointly Administered |
| Debtors. | ) ) ) | **Re: Docket No. \_\_\_\_** |

**ORDER GRANTING MOTION OF THE DEBTORS FOR
ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO
ENTER INTO PREMIUM FINANCING AGREEMENT WITH BANK
DIRECT CAPITAL FINANCE WITH RESPECT TO PROPERTY
INSURANCE AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] for entry of a order (this "**Order**") granting Debtors (i) authorizing the Debtors to enter into Premium Financing Agreement, including incurring secured debt thereunder, and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the Declaration of Allen Wilen in support of the Motion filed on May 15, 2023 (the "**Wilen Declaration**"); and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Wilen Declaration and the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and the Wilen Declaration establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. CCH is authorized to enter into the Premium Financing Agreement with Bank Direct Capital Finance (the "**Lender**").

3. Pursuant to 11 U.S.C. § 364(c)(2), the loan which is approved is a secured loan and the Lender shall have a first and only lien against all of the unearned and returned premiums which may be due upon cancellation of any of the policies listed in the Premium Financing Agreement.

4. In the event of any default in repayment of the loan, the Lender may undertake a cancellation of the financed insurance pursuant to the requirements of controlling state law, including without limitation requirements regarding notice, without further order of this Court.

5. Upon cancellation of the financed insurance, the Lender may retain the unearned and/or return premiums received up to the amount due to it. Any funds in excess shall be paid to CCH. Any deficiency between the amount due and the amount received shall be an administrative expense of the estate.

6. Except to the extent expressly set forth herein, the automatic stay of section 362(a) of the Bankruptcy Code shall remain in full force and effect for all other purposes.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(c)(1)(C) and 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rules 4001(a)(3) and 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors and Lender are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. Notwithstanding anything to the contrary contained in the Premium Financing Agreement, (i) no party shall be deemed to have made any representation to the Lender regarding whether CCH is solvent and/or is the subject of any proceeding in bankruptcy, receivership or insolvency; and (ii) CCH's pending bankruptcy proceeding shall not be an event of default under the Premium Financing Agreement.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.