**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1] | ) ) Case No. 19-11466 (MFW) ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**DECLARATION OF ALLEN WILEN IN SUPPORT OF MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO PREMIUM FINANCING AGREEMENT WITH BANK DIRECT CAPITAL FINANCE WITH RESPECT TO PROPERTY INSURANCE AND (II) GRANTING RELATED RELIEF**

I, Allen Wilen, hereby declare the following, under the penalty of perjury:

1.  I am the Chief Restructuring Officer ("**CRO**") of the above captioned debtors (the "**Debtors**") in these chapter 11 cases.

2.  I am a Partner at EisnerAmper and serve as the national director of EisnerAmper's financial advisory services group. I have more than twenty-six years of financial and accounting experience, as well as extensive experience advising insolvent and troubled companies, including companies in the healthcare industry, in turnaround and crisis situations and navigating such companies through turnaround, sale and liquidation processes. I have frequently been involved in complex matters requiring expertise in forensic accounting and operational analysis and have been

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

qualified as an expert in numerous state and federal courts throughout the United States, including the district of Delaware.

3.  I began serving as the CRO of the Debtors on April 8, 2019.  In such capacity, I am familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records.  I am above 18 years of age, and I am competent to testify.

4.  I am familiar with the *Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to Enter into Premium Financing Agreement with Bank Direct Capital Finance with Respect to Property Insurance and (II) Granting Related Relief* [Docket No. 2916] (the "**Motion**") and the Premium Finance Agreement, as defined below and in the Motion (the "**Premium Finance Agreement**").  Along with Mr. John DiNome, who is serving in the capacity of the Debtors' Independent Manager, I authorized the filing of the Motion.

5.  This Declaration is submitted in support of the relief sought in the Motion.

6.  On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 15, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al.* [D.I. 182] (the "**Committee**").

7.  A description of the Debtors' businesses as of the Petition Date is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2].

8.  On July 26, 2019, the Court entered a *Final Order Authorizing the Debtors to (I) Continue Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto; (II) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies;*

*(III) Honor the Terms of Premium Financing Agreement and Pay Premiums Thereunder; and (IV) Enter into New Premium Financing Agreements in the Ordinary Course of Business* [D.I. 290] (the "**Prior Insurance Order**").

9. Pursuant to the Prior Insurance Order, the Debtors were authorized to "purchase insurance policies, and to enter into premium financing agreements as necessary, to the extent that the Debtors determined, in their sole discretion, that such action was in the best interest of their estates", including entering into premium financing agreements secured by unearned premiums and insurance policy proceeds pursuant to Section 364(c). *See* Prior Insurance Order, at ¶¶ 4, 6.

10. Subsequent to the entry of the Prior Insurance Order, the Debtors, the Committee, Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Street Healthcare Properties III, LLC, Harrison Street Real Estate, LLC and certain related entities, together with certain other parties, engaged in mediation, with the Honorable Kevin J. Carey (ret.) serving as mediator. *See Order Appointing Mediator in Connection with Claims By and Between the Debtors' Estates and the MBNF Non-Debtor Entities*, entered February 23, 2021 [D.I. 2119] and *Order on Motion of HSEP VI Holding, LLC and Its Affiliates to Intervene/Participate in Mediation*, entered July 28, 2021 [D.I. 2648].

11. As a result of the foregoing mediation, the parties entered into a Memorandum of Understanding ("**MOU**"), which was approved by the Court on August 29, 2022. *See Order (I) Approving Memorandum of Understanding Re Global Settlement Among, Inter Alia, Debtors, Debtors' Subsidiaries, Committee, Tenet, Conifer, MBNF Parties, HSRE Entities and CONA Parties, which Provides for, Inter Alia, Resolution of Adversary Proceedings, Withdrawal of Claims, Allocation and Distribution of Assets from RRG and Consensual Substantive Consolidation of Certain Assets, Contracts and Liabilities of Non-Debtor Broad Street PropCos*

with Debtor Center City Healthcare, LLC, and Granting Related Relief; and (II) Approving Related Settlement Agreement and Release with Travelers Casualty and Surety Company of America* [D.I. 4216] (the "**MOU Order**").

12. Pursuant to the MOU and the MOU Order, the following real estate (the "**Broad Street Real Estate**") was substantively consolidated with the estate of Debtor CCH:

| Property | Owner | Address | OPA |
|---|---|---|---|
| North Tower, South Tower | Broad Street Healthcare Properties, LLC | 222-248 N. Broad Street | 772025002 |
| (Land next to SHSH Building) | Broad Street Healthcare Properties, LLC | 221-223 N. 15th Street | 772028498 |
| Stiles Alumni Hall Underground | Broad Street Healthcare Properties, LLC | 325 N. 15th Street | 881038202 |
| Martinelli Park | Broad Street Healthcare Properties II, LLC | 300-304 N. Broad Street | 885620242 |
| (redevelopment land/ surface parking) (city block) | Broad Street Healthcare Properties III, LLC | 200-214 N. Broad Street | 885467862 |
| SHSH Building (city block) | Broad Street Healthcare Properties III, LLC | 201-219 N. 15th Street | 772028496 |

13. The MOU contemplates, among other things, the management, marketing and sale of the Broad Street Real Estate and the sharing of its net sale proceeds among the Debtors and certain other parties to the MOU.

14. In anticipation of the expiration of the current property insurance for the Broad Street Real Estate, CCH has arranged for the renewal of the existing property insurance pursuant to multiple policies (collectively, the "**Property Insurance Policy**") with a group of insurers (collectively, the "**Insurers**").

15. Pursuant to the terms of the Property Insurance Policy, CCH is required to pay the annual premium for the policy, in the amount of approximately $852,515.00, within thirty days of binding coverage.

16. Although CCH has adequate funds to pay the entire premium for the Property Insurance Policy,[2] by the Motion it seeks Court approval to finance the premium for the Property Insurance Policy in order to manage available funds, in accordance with the budget provided in connection with the recent additional secured funding for the Broad Street Real Estate provided by Philadelphia Academic Health System, LLC, while the sale process for the Broad Street Real Estate proceeds.

17. Prior to the filing of the Motion, CCH obtained several proposals for the financing of the premium for the Property Insurance Policy and determined that the proposal submitted by Bank Direct Capital Finance (the "**Lender**") is most favorable due to, among other things, its payment period and interest rate. Attached to the Motion as <u>Exhibit B</u> is a copy of the Premium Finance Agreement Promissory Note (the "**Premium Financing Agreement**") proposed by the Lender. As set forth in greater detail therein, key terms of the Premium Finance Agreement include the following[3]:

- The down payment due under the Premium Finance Agreement is $372,285.02;

- The amount financed will be $487,890.03;

- The amount financed will bear interest at 8.33% *per annum* and will be payable in 7 monthly installments of $71,647.26 each, starting on June 8, 2023;

- CCH's obligations under the Premium Financing Agreement will be secured by a first priority lien on and security interest in all unearned

---

[2] CCH is funding the operating costs of the Broad Street Properties from a supplemental secured loan from Debtor Philadelphia Academic Health System, LLC. See *Order (I) Authorizing Philadelphia Academic Health System, LLC to Make Supplemental Secured Loan to Support Broad Street Real Estate Pursuant to Memorandum of Understanding and 11 U.S.C. §§ 363, 369 and 105(a) and (II) Granting Related Relief* entered March 20, 2023. [Docket No. 4566]

[3] The Court and all parties-in-interest are respectfully referred to the Premium Financing Agreement for the full terms of the parties' agreement. In the event of any discrepancy between the description of the Premium Finance Agreement, as contained herein or in the Motion, and the actual terms of the agreement, the Premium Finance Agreement shall control.

41582996.4 05/15/2023

   premiums that may become payable for any reason under the Property Insurance Policy, and loss payments that reduce the unearned premiums, subject to any mortgagee or loss payee interests, and any interest in any state guarantee fund related to the Property Insurance Policy.

- The Lender also has required, as a condition to its entry into the Premium Financing Agreement, that the Court enter an order, substantially in the form of the Proposed Order, granting among other things the Lender prospective relief from the automatic stay so that it can exercise various remedies, including terminating the Property Insurance Policy and applying unearned premiums to amounts due under the Premium Financing Agreement, if CCH defaults on its obligations under the Premium Financing Agreement.

18. Although substantially all of the foregoing relief is, in my view, already contained in the Prior Insurance Order, the Debtors nevertheless have filed the Motion due to the Lender's requirement for a specific form of order granting it the relief at issue.

19. Entering into the Premium Financing Agreement is in the best interests of the Debtors' estates. The Lender – and every other potential lender from whom CCH received a proposal – is unwilling to provide insurance premium financing to CCH on either an unsecured basis, or without a prospective grant of relief from the automatic stay and the other protections contained in the Proposed Order.

20. In addition, the immediate effectiveness of the Proposed Order, without any stay of such order pursuant to Federal Rules of Bankruptcy Procedure 4001(a)(3) or 6004(h), or otherwise, is necessary so that CCH can timely make the first payments due on the Premium Financing Agreement.

21. For all of these reasons, I would encourage the Court to approve the Motion and authorize the Debtors to enter into the Premium Finance Agreement pursuant to the Proposed Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct.

Executed on May 15, 2023.

By: <u>*/s/ Allen Wilen*</u><br>
Allen Wilen, Chief Restructuring Officer