# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (MFW) |
| | ) Jointly Administered |
| Debtors. | ) **Related to Docket Nos. 4633 and 4676** |

## ORDER APPROVING STIPULATION BETWEEN DEBTORS AND THE CHUBB COMPANIES REGARDING RESOLUTION OF THE CLAIMS OF THE CHUBB COMPANIES AND TREATMENT OF THE CHUBB INSURANCE PROGRAM

Upon consideration of the *Stipulation between Debtors and the Chubb Companies Regarding Resolution of the Claims of the Chubb Companies and Treatment of the Chubb Insurance Program* (the "**Stipulation**")[2] attached hereto as **Exhibit "1"**; and the Court having jurisdiction over the matters raised in the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Stipulation having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Stipulation is in the best interests of the Debtors, their estates, creditors and all

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

2

parties-in-interest, and that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Stipulation is approved in all respects.

2. On account of, and in full satisfaction of the ACE Asserted Claim, Claim 797 shall be an allowed claim against the Debtors in the total amount of $1,337,843.26, of which $228,696.42 shall be an allowed administrative expense claim (the "**Allowed Administrative Claim**"), and the remainder of which, in the amount of $1,109,146.84, shall be an allowed general unsecured claim (the "**Allowed Unsecured Claim**," and together with the Allowed Administrative Claim, the "**Allowed Claim**").

3. The Allowed Administrative Claim shall be paid within ten (10) business days of the Stipulation Effective Date notwithstanding any Conversion (as defined herein).

4. The Allowed General Unsecured Claim shall be paid in accordance with the terms of any Plan or any chapter 7 distribution.

5. Subject to the occurrence of the Stipulation Effective Date, the Federal Claim (Claim No. 799) shall be deemed withdrawn as of the date that any Plan becomes effective in accordance with the terms thereof, and at such time, the Court and the Debtors' claims agent are authorized to reflect such withdrawal on the docket and claims register for the Debtors' bankruptcy cases.

6. The Debtors shall include the Chubb Plan Language in the Plan; provided, however, that such language shall be subject to modification upon agreement by the Debtors and Chubb or upon further Court order.

7. The releases set forth in the Stipulation are hereby approved.

8. The Debtors and their claims agent are authorized to take any and all actions necessary to effectuate the Stipulation.

9. The Stipulation shall be binding upon the Parties and each of their respective successors (including, but not limited to, any chapter 7 trustee), assignees, designees, agents, attorneys and representatives. For the avoidance of doubt, in the event of a Conversion, the Stipulation shall be binding in all respects on any chapter 7 trustee except that (i) any chapter 7 trustee shall not be bound by paragraph 11 of the Stipulation, and (ii) the Federal Claim shall only be deemed withdrawn upon the payment of a final distribution (if any) to the Chubb Companies on account of the general unsecured portion of the Allowed Claim.

10. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.

11. This Order is effective immediately upon entry.

Dated: May 23rd, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

40487775.8