# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466-MFN<br><br>Re: D.I. 4564 |

## ORDER GRANTING MOTION BY LINDA RAMSEY, ESQUIRE FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT PAYMENT AND/OR ADVANCEMENT OF DEFENSE COSTS UNDER AN EMPLOYED LAWYERS LIABILITY POLICY PROVIDING INSURANCE COVERAGE FOR LEGAL MALPRACTICE CLAIMS ASSERTED BY THE DEBTORS

Upon consideration of the motion (the "Motion") of Linda Ramsey, Esquire (the "Insured"), a former Assistant General Counsel and Vice President of Insurance Portfolio for Philadelphia Academic Holdings, L.L.C. ("Debtor"), for an order authorizing Federal Insurance Company to advance Defense Costs under the Employed Lawyers Liability Policy No. 8255-7330 (the "Policy"), and it appearing that due and sufficient notice of the Motion' having been given; and it appearing that no other further notice need be provided; and it appearing that the relief requested by this Motion is in the best interests of the Debtors' estate, its creditors, and other parties in interest; and it appearing that the Court has jurisdiction to consider this

Motion and the relief requested therein; and after due deliberation and sufficient cause appearing therefore; it is hereby ORDERED THAT:

1. The Insured is an Insured Individual under the Policy;

2. The Policy proceeds are not part of the bankruptcy estate, and the automatic stay provided for under 11 U.S.C. § 362 of the Bankruptcy Code does not preclude Federal Insurance Company from advancing and/or reimbursing Defense Costs under and in accordance with the terms of the Policy, to or for the benefit of the Insured and all individuals who properly tender a defense under the Policy, for the reimbursement and payment of their defense, settlement, and other costs and fees incurred in connection with the claims.

3. The entry of this Order shall not modify or otherwise alter the parties' rights and obligations provided under the terms and conditions of the Policy, and all such rights, claims, and defenses thereunder are expressly preserved.

4. This Order shall have immediate effect and shall not be subject to the stay set forth in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

5. The Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: June 20th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

1229149/77978555v.1