**EXHIBIT B**

**(Declaration of Allen Wilen)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, et al.,[1]<br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, et al.,<br>Plaintiffs,<br>v.<br>HRE CAPITAL, LLC f/k/a HEALTHCARE REAL ESTATE CAPITAL, LLC,<br>Defendant. | Adv. Proc. No. 21-50912 (MFW) |

**DECLARATION OF ALLEN WILEN IN SUPPORT OF MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND HRE CAPITAL, LLC F/K/A HEALTHCARE REAL ESTATE CAPITAL, LLC**

I, Allen Wilen, hereby declare the following, under the penalty of perjury:

1. I am the Chief Restructuring Officer ("**CRO**") of Center City Healthcare, LLC and certain of its subsidiaries and affiliates, each a debtor and debtor-in-possession (each, individually, a "**Debtor**" and, collectively, the "**Debtors**") in the above-captioned chapter 11 cases.

2. I have served as CRO for the Debtors since April 8, 2019. In such capacity, I am

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

-2-

generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records. I am above 18 years of age, and I am competent to testify.

3. I am duly authorized to make and submit this declaration on behalf of the Debtors in support of the *Motion of the Debtors for Entry of an Order Approving Settlement Agreement Between the Debtors and HRE Capital, LLC f/k/a Healthcare Real Estate Capital, LLC* (the "**Motion**"),[2] filed contemporaneously herewith.

4. I read and authorized the filing of the Motion. The facts set forth in the Motion are true and correct to the best of my knowledge, information and belief.

5. Prior to the Petition Date, HRE entered into the Engagement Letter with Paladin to provide certain real estate advisory services related to the ASA Transaction pursuant to which (i) the Debtors would eventually acquire, *inter alia*, their hospital businesses and (ii) certain entities controlled by Philadelphia Academic Health Holdings, LLC, and certain entities controlled by affiliates of Harrison Street Real Estate Capital LLC, would acquire certain real estate from Tenet Business Services Corporation and certain of its affiliates.

5. The Closing of the ASA Transaction occurred on January 11, 2018.

6. The purchase price for the ASA Transaction was funded from several sources, including the Debtors and certain non-debtors. The funds to close the ASA Transaction were sent to an Escrow Agent, deposited in the same escrow account, and then disbursed by the Escrow Agent to various recipients consistent with the instructions provided to the Escrow Agent.

7. At the Closing, the Escrow Agent distributed the Transfer to HRE for the services it provided under the Engagement Letter.

---

[2]   Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

-3-

8. On June 24, 2021, the Debtors filed its Complaint instituting the Adversary Proceeding seeking the avoidance and recovery of the Transfer as an alleged constructive fraudulent transfer pursuant to sections 548 and 550 of the Bankruptcy Code;

9. On November 1, 2021, HRE filed its answer to the Complaint, denied any liability with respect to the Transfer and asserting various defenses to the Debtors' ability to avoid and recover the Transfer.

10. The Debtors and HRE engaged in mediation, engaged in formal and informal discovery and engaged in good faith, arms-length negotiations in an attempt to resolve the claims asserted in the Adversary Proceeding.

11. Subject to Court approval, the Debtors and HRE now desire to resolve the claims set forth in the Adversary Proceeding without the time, expense and uncertainty attendant with litigation over such issues on the terms set forth in the Settlement Agreement.

12. The Settlement Agreement attached as Exhibit 1 to the Proposed Order approving the Motion is a true and correct copy of the Settlement Agreement signed by the Parties.

13. While I believe the Debtors have a high probability of recovering on the claims asserted in the Adversary Proceeding, the outcome of litigation is never certain and the compromise set forth in the Settlement Agreement is an appropriate resolution of the claims asserted in the Adversary Proceeding, taking into account the defenses asserted by HRE, including HRE's assertions (which are disputed by the Debtors) that: (a) the Debtor had no interest in the funds transferred to HRE; (b) the Debtors were not insolvent or inadequately capitalized at the time of the Transfer; and (c) the Debtors received reasonably equivalent value in exchange for the Transfer.

-4-

14. Further, the claims asserted in the Adversary Proceeding implicate issues of insolvency, inadequate capitalization and reasonably equivalent value, all of which are factually and legally complex. The complexity of these issues is reflected in the Settlement Agreement. Further, the costs and delay associated with litigation are appropriately accounted for in the compromise of the claims asserted in the Adversary Proceeding.

15. Here, the paramount interest of creditors is served by the Settlement Agreement, as the Debtors' creditors will benefit from the prompt payment of the Settlement Payment without further costs and delay.

16. The Settlement Agreement is the result of good faith, arm's length negotiations between the Debtors and HRE and, in my view, constitutes a reasonable exercise of the Debtors' business judgment.

17. For all of the foregoing reasons, I would respectfully encourage the Court to approve the Settlement Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: July 18, 2023

_____
Allen Wilen
Chief Restructuring Officer