## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) Case No. 19-11466 (MFW) |
| *al.*,[1] | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) **Hearing Date: November 26, 2024 at 10:30 a.m. (ET)** |
| | ) **Objection Deadline: November 19, 2024 at 4:00 p.m. (ET)** |

### MOTION OF DEBTORS FOR ENTRY OF ORDER (I) AUTHORIZING PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC TO MAKE SUPPLEMENTAL SECURED LOAN TO SUPPORT BROAD STREET REAL ESTATE PURSUANT TO MEMORANDUM OF UNDERSTANDING AND 11 U.S.C. §§ 363, 364 AND 105(A) AND (II) GRANTING RELATED RELIEF

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel, file this motion (the "**Motion**") for the entry of an order pursuant to the MOU (as defined below), sections 363, 364 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 4001 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing debtor Philadelphia Academic Health System, LLC ("**PAHS**") to make a supplemental secured loan (the "**Supplemental Loan**")[2], on a non-recourse basis, to provide funding for the operating and maintenance costs of the Broad Street Real Estate (as defined below) in order to preserve the value of such real estate, which has been substantively consolidated with the

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

[2]   The key terms of the proposed Supplemental Loan are summarized below.

53204637.2

bankruptcy estate of Center City Healthcare, LLC ("**CCH**") pursuant to the MOU.  In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1.       The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory bases for the relief requested herein are sections 363, 364 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 4001 and 6004.

**General Background**

3.       On June 30 and July 1, 2019 (collectively, the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 15, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al.* [D.I. 182] (the "**Committee**").

4.       A description of the Debtors' businesses as of the Petition Date is set forth in the *Declaration of Allen Wilen in Support of First Day Relief* [D.I. 2].

2

53204637.2

## Specific Background

**The Debtors' Litigation and the Mediation**

5.      On June 29, 2021, following an investigation conducted jointly by the Debtors and the Committee, the Debtors filed a complaint against, among other defendants, Broad Street Healthcare Properties, LLC, Broad Street Healthcare Properties II, LLC and Broad Street Healthcare Properties III, LLC (collectively, the "**Broad Street Entities**") (the "**Broad Street Adversary Proceeding**").   The Debtors also filed a complaint against, among other parties, Harrison Street Real Estate, LLC and certain related entities (collectively, "**HSRE**") (the "**HSRE Adversary Proceeding**" and, together with the Broad Street Adversary Proceeding, the "**Adversary Proceedings**").

6.      After the Adversary Proceedings were commenced, the Debtors, the Committee, the Broad Street Entities, HSRE, the other defendants in the Adversary Proceedings, and certain other parties engaged in mediation (the "**Mediation**"), with The Honorable Kevin J. Carey (ret.) serving as mediator.  *See Order Appointing Mediator in Connection with Claims By and Between the Debtors' Estates and the MBNF Non-Debtor Entities*, entered February 23, 2021 [D.I. 2119] and *Order on Motion of HSEP VI Holding, LLC and Its Affiliates to Intervene/Participate in Mediation*, entered July 28, 2021 [D.I. 2648].

7.      During the course of the Mediation, it became clear that preservation of the value of the Broad Street Real Estate was in the best interests of the Debtors and all other parties in the Mediation.

8.      The Broad Street Real Estate is as follows:

| Property | Owner | Address | OPA |
|---|---|---|---|
| North Tower, South Tower | Broad Street Healthcare Properties, LLC | 222-248 N. Broad Street | 772025002 |
| (Land next to SHSH Building) | Broad Street Healthcare Properties, LLC | 221-223 N. 15th Street | 772028498 |
| Stiles Alumni Hall Underground | Broad Street Healthcare Properties, LLC | 325 N. 15th Street | 881038202 |
| Martinelli Park | Broad Street Healthcare Properties II, LLC | 300-304 N. Broad Street | 885620242 |
| (redevelopment land/ surface parking) (city block) | Broad Street Healthcare Properties III, LLC | 200-214 N. Broad Street | 885467862 |
| SHSH Building (city block) | Broad Street Healthcare Properties III, LLC | 201-219 N. 15th Street | 772028496 |

9.      Pursuant to the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Philadelphia Academic Health System, LLC to Make Secured Term Loan to Broad Street Entities Pursuant to 11 U.S.C. § 363 and 105(a) and (II) Granting Related Relief* [Docket No. 3657], PAHS agreed to provide a non-recourse loan to the Broad Street Entities, secured by mortgages on the Broad Street Real Estate, in the amount of up to $5.6 million (the "**Initial Loan**"). The Initial Loan provided funding for the budgeted, documented direct operating and maintenance costs of the Broad Street Real Estate and certain other costs of the Borrowers pursuant to certain terms and conditions. The Initial Loan was approved by interim and final Orders entered March 31, 2022 [D.I. 3811] and April 21, 2022 [D.I. 3896].

**The MOU**

10.      After approval of the Initial Loan, the Debtors and the other parties to the Mediation resolved their disputes pursuant to a Memorandum of Understanding (the "**MOU**"), which was approved by the Court on August 29, 2022. *See Order Approving Memorandum of Understanding Re Global Settlement Among, Inter Alia, Debtors, Debtors' Subsidiaries, Committee, Tenet, Conifer, MBNF Parties, HSRE Entities and CONA Parties, Which Provides For, Inter Alia, Resolution of Adversary Proceedings, Withdrawal Of Claims, Allocation and Distribution of*

*Assets From RRG and Consensual Substantive Consolidation of Certain Assets, Contracts and*

*Liabilities of Non-Debtor Broad Street PropCos With Debtor Center City Healthcare, LLC, and*

*Granting Related Relief* [D.I. 4216] (the "**MOU Order**").

11.    Pursuant to the MOU and the MOU Order, and among other things, the Broad Street

Real Estate was substantively consolidated with the estate of CCH, which became obligated with

respect to the Initial Loan on a non-recourse basis.

12.    The MOU contemplates the management, marketing and sale of the Broad Street

Real Estate and the sharing of its net sale proceeds among the Debtors and certain other parties to

the MOU.  The MOU also contemplates, in its Schedule 3(b), that additional loans might be needed

from PAHS to preserve and maintain the Broad Street Real Estate pending sale, and that such

additional loans would be repaid from the sale proceeds of the Broad Street Real Estate prior to

the distribution of the net sale proceeds of the Broad Street Real Estate to the Debtors, HSRE and

Tenet in the allocated amounts set forth on Schedule 3(b).[3]

13.    By Orders entered March 20, 2023 [Docket No. 4566] and April 10, 2024 [Docket

No. 5204], the Court approved supplemental loans from PAHS to CCH in the principal amounts

of $3,540,000 and $2,800,000, respectively (collectively, the "**Prior Loans**").  Given the passage

of time since the Prior Loans were approved, additional funding is now required to maintain and

preserve the Broad Street Real Estate pending sale.

14.    Accordingly, by the within Motion, the Debtors seek authority for PAHS to provide

the Supplemental Loan contemplated by the MOU.  Like the Initial Loan and the Prior Loans, the

Supplemental Loan will be secured by mortgages on the Broad Street Real Estate, associated

---

[3]    The MOU provides that the "Settlement Balancing Payment" (as defined in the MOU) also is secured by
PAHS' mortgages on the Broad Street Real Estate, and also is to be repaid prior to the distribution of the net
sale proceeds of the Broad Street Real Estate to the Debtors, HSRE and Tenet in the amounts allocated in the
MOU.

fixtures and certain personal property, but otherwise will be non-recourse.  In accordance with the terms of the MOU, all liabilities, obligations and responsibilities with respect to the Supplemental Loan will be the liabilities, obligations and responsibilities of CCH.[4]

15.    Proposed loan documents for the Supplemental Loan are attached hereto as **Exhibit A**, in both clean and blacklined formats.[5]

## Relief Requested

16.    By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit B**, authorizing PAHS, as lender, to make the Supplemental Loan, and granting related relief as is necessary and required.  As noted above, the proposed Supplemental Loan will be non-recourse, except to the Broad Street Real Estate, associated fixtures and the personal property on which PAHS already holds a lien pursuant to the Initial Loan, the MOU and the Prior Loans.

## Basis for Relief Requested

17.    The Supplemental Loan contemplates a loan from PAHS, one of the Debtors herein, that will be secured by assets that have been substantively consolidated with the bankruptcy estate of CCH, another of the Debtors herein.  As a result, the relief sought herein implicates both section 363 and 364 of the Bankruptcy Code.

---

[4]    See MOU, at Schedule 3(a)(vii), at ⁋ 36(b) ("all liabilities, indebtedness, obligations and responsibilities arising out of or relating to any act, omission, event or occurrence connected with the use, management, ownership or operation by CCH of the [Broad Street] Real Estate or any other Assets incurred or arising on or after the MOU Implementation Date, including without limitation all indebtedness and all liabilities, obligations and responsibilities created or arising from CCH's exercise of any powers, rights or privileges granted pursuant to any Power of Attorney (other than the liabilities, obligations and responsibilities limited solely to performance by any Broad Street [Entity] that does not involve or cause such Broad Street [Entity's] expenditure of any funds), shall be, and shall be deemed to be, the liabilities, indebtedness, obligations and responsibilities of CCH in all respects").

[5]    The attached blacklined documents show revisions made to documents used for the most recent Prior Loan. Only one form of the proposed mortgage modification agreement is attached.  Companion forms of this mortgage modification agreement will be used for the other parcels of the Broad Street Real Estate, subject to being conformed for the applicable property descriptions and the like.

53204637.2

18.     ***Section 363(b)(1)***.   Section 363(b)(1) of the Bankruptcy Code provides: "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  "Section 363 permits the trustee, after notice and a hearing, to use, sell, or lease property of the estate outside of the ordinary course of business."  *In re Rickel Home Ctrs.*, 209 F.3d 291, 297 (3d Cir. 2000).  "Property of the estate" includes, *inter alia*, "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).

19.     In determining whether to authorize the use, sale or lease of property of the estate under section 363 of the Bankruptcy Code, courts require the debtor to show that a sound business purpose justifies such actions.  *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (*citing In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991)).  Specifically, to approve a transaction, courts should consider: (a) whether a sound business justification exists for the transaction, (b) whether accurate and reasonable notice of the transaction was given to interested parties, (c) whether the transaction will produce a fair and reasonable price for the property, and (d) whether the parties have acted in good faith.  *Del. & Hudson Ry*. 124 at 176; *In re Titusville Country Club*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991).

20.     By this Motion, PAHS seeks authority to make the Supplemental Loan, which as noted above will secured by amended mortgages on the Broad Street Real Estate, associated fixtures and the personal property on which PAHS already holds a lien in connection with the Initial Loan, the MOU and the Prior Loans, and will be non-recourse to CCH, in order to provide for the operating and maintenance costs of the Broad Street Real Estate pending sale.

21.     As noted above, the MOU provided for the substantive consolidation of the Broad Street Real Estate with the CCH bankruptcy estate, and for the sale of such real estate, subject to

53204637.2

further order of the Court.  Clearly, it is in the best interests of the Debtors and all other parties that the Broad Street Real Estate be properly maintained and preserved pending sale.

22.     The proposed Supplemental Loan allows for the preservation of the value of the Broad Street Real Estate for all parties and also protects the Debtors' estates, in that the Supplemental Loan will be secured by amended mortgages on the Broad Street Real Estate (subject only to existing liens of the City of Philadelphia Water Revenue Bureau and certain other permitted liens and encumbrances), fixtures and certain personal property, which the Debtors and all parties reasonably believe are worth significantly more than the amount of the proposed financing.  The proposed Supplemental Loan also will bear interest.

23.     For the foregoing reasons, the Debtors believe that the proposed Supplemental Loan is within the Debtors' business judgment and is in the best interests of their estates.

24.     ***Section 364(c)(3)***.  As noted above, because the Supplemental Loan contemplates a loan from PAHS that will be secured by assets that have been substantively consolidated with the CCH bankruptcy estate, the relief sought herein implicates section 364 of the Bankruptcy Code.

25.     Substantially all of the terms of the proposed Supplemental Loan have been previously approved by the Court, either through the Court's initial and final Orders approving the Initial Loan [Docket Nos. 3811 and 3896], through the MOU and the MOU Order (which provided for certain revisions to the Initial Loan due to the substantive consolidation of the Broad Street Real Estate with the bankruptcy estate of CCH) or through Court's Order approving the Prior Loans.  These terms and conditions include the following:

> i.     The loan proceeds will be used to fund the budgeted documented direct operating/maintenance costs of the Broad Street Real Estate (the "**Operating Costs**"), in such amounts, at such times and through such procedures as may be mutually agreed;

53204637.2

  ii. PAHS will disburse the loan proceeds monthly to Newmark Knight Frank or such other third party property manager reasonably acceptable to PAHS (the "**Property Manager**"), which Property Manager will use the loan proceeds solely to pay budgeted and documented Operating Costs, and the Property Manager will provide to PAHS reasonably detailed documentation supporting the Operating Costs;

  iii. The Supplemental Loan will be secured by first priority liens, pursuant to amended mortgages, subject only to existing liens of the City of Philadelphia Water Revenue Bureau and other permitted liens and encumbrances, on the Broad Street Real Estates, related fixtures and certain personal property[6] as well as an amended and restated promissory note;

  iv. The Supplemental Loan will be non-recourse, except to the Broad Street Real Estate, associated fixtures and the same personal property that secured the Initial Loan; and

  v. The Supplemental Loan, like the Prior Loans, will be subject to payment-in-kind interest at 7.5% per annum, compounding monthly, with repayment (including all accrued interest) in connection with any sale of the Broad Street Real Estate.

 26. The most significant revisions contemplated by the proposed Supplemental Loan, compared to the Initial Loan (as amended by the MOU) and the Prior Loans are as follows:

  (a) *Loan Amount*: The principal amount of the Initial Loan was $5,600,000 and the principal amount of the Prior Loans were $3,540,000 and $2,800,000. If approved by the Court, the proposed Supplemental Loan would increase these amounts by the principal amount of $1,730,000, which the Debtors believe is a sufficient amount to maintain the Broad Street Real Estate through at least February 2025.[7]

---

[6] The proposed Supplement Loan will be secured by, among other things, the same personal property that currently secures the Initial Loan and the Supplemental Loan. *See* MOU, at Exhibit 9(e) (containing form of financing statement amendment filed in connection with the MOU).

[7] As previously noted, in addition to these amounts, the Broad Street Real Estate also secures the Settlement Balancing Payment, which was made by PAHS pursuant to the MOU.

53204637.2

        (b)    *Loan Term.*  The proposed Supplemental Loan will mature on February 28, 2025, and the terms of the Initial Loan and the Prior Loans will be similarly extended.

27.    The proposed Supplemental Loan does not include terms that require disclosure pursuant to Local Rule 4001-2(a)(i),[8] except as follows:

      a.    **Local Rule 4001-2(a)(i)(B) – Pricing and Economic Terms.** The proposed Supplemental Loan bears interest at the non-default rate of 7.5% per annum, plus an additional 3% per annum in the event of default.

28.    Given the terms of the MOU, which as noted above contemplates PAHS' provision of additional funding to support the operation and maintenance of the Broad Street Real Estate pending sale and the repayment of such additional funding from the sale of the Broad Street Real Estate, alternative financing was both impracticable and inconsistent with the MOU. Moreover, the securing of the Supplemental Loan with amended mortgages on the Broad Street Real Estate, and with liens on associated fixtures and designated personal property, is entirely consistent with (and was contemplated by) the MOU.

29.    The Debtors believe that adequate and reasonable notice of the proposed transaction has been provided to all necessary parties.

30.    Based on the foregoing, the Debtors respectfully submit that PAHS should be authorized to make the Supplemental Loan, secured by amended mortgages on the Broad Street Real Estate, associated fixtures and the personal property described above, all of which has been substantively consolidated with the CCH bankruptcy estate.

---

[8]    While the Debtors have attempted to highlight the provisions required by the Bankruptcy Rules and Local Rules, as well as certain other material provisions, the Debtors reserve the right to supplement this list at the hearing to consider this Motion.

53204637.2

## **Request for Waiver of Stay**

31.      The Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

A waiver of the stay imposed by Bankruptcy Rule 6004(h) is appropriate due to the need of the

Debtors to consummate the transactions described herein as promptly as possible, and due to the

anticipated need for additional funding in order to maintain and preserve the Broad Street Real

Estate pending sale.

## **Notice**

32.      Notice of this Motion will be given to the following parties, or in lieu thereof, to

their counsel: (i) the Office of the United States Trustee; (ii) the Official Committee of Unsecured

Creditors; (iii) counsel to MidCap Funding IV Trust; (iv) Drexel University d/b/a Drexel

University College of Medicine; (v) the Debtors' unions; (vi) the Internal Revenue Service;

(vii) the United States Attorney for the District of Delaware; (viii) the United States Department

of Justice; (ix) the Pennsylvania Attorney General's Office; (x) counsel to DOH; (xi) the City of

Philadelphia; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In

light of the nature of the relief requested herein, the Debtors submit that no other or further notice

is necessary.

## **No Previous Request**

33.      No previous request for the relief sought herein has been made by the Debtors to

this or any other court.

53204637.2

WHEREFORE, the Debtors respectfully request entry of the Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: November 5, 2024

**SAUL EWING LLP**

By: */s/ Mark Minuti*

Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Fax: (302) 421-6813
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Jeffrey C. Hampton
Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Fax: (215) 972-7725
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*

53204637.2