**Exhibit 1**

**Proposed Sale Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et* | ) |  |
| *al.*,[1] | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) | **Re:  Docket Nos. 5765, 5892, 5898, 5900 and ____** |
|  | ) |  |

**ORDER (A) APPROVING THE SALE OF CERTAIN REAL
ESTATE, FREE AND CLEAR OF CERTAIN LIENS, CLAIMS AND
ENCUMBRANCES, AND (B) GRANTING RELATED RELIEF**
[North and South Towers and Race Street Assemblage]

Upon the motion [D.I. 5765] (the "**Sale Motion**")[2] of the above-referenced debtors and

debtors in possession (the "**Debtors**") for entry of an order (this "**Sale Order**"), (i) authorizing

and approving the Debtors' entry into a Transaction Agreement with a Successful Bidder,

(ii) authorizing and approving the Sale of the Real Estate,[3] free and clear of all Encumbrances,

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

[2]    Capitalized terms used but not defined herein shall have the meanings provided in the Sale Motion or the Transaction Agreements, as applicable.

[3]    The Real Estate, as defined in the Sale Motion, consists of the following:

| Property | Address | OPA |
|---|---|---|
| North Tower, South Tower | 222-248 N. Broad Street | 772025002 |
| Land next to SHSH Building | 221-223 N. 15th Street | 772028498 |
| Redevelopment land/ surface parking (city block) | 200-214 N. Broad Street | 885467862 |
| SHSH Building (city block) | 201-219 N. 15th Street | 772028496 |

1

other than those permitted by the applicable Transaction Agreement; and (iii) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Sale Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Sale Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Sale Motion and opportunity for hearing on the Sale Motion were appropriate under the circumstances and no other notice need be provided; and the Debtors having identified [222 North Broad LLC, 200 North Broad LLC and 201 North 15th LLC] (together, the "**Buyers**") as the Successful Bidders (as defined in the Bidding Procedures Order) for the Real Estate; and the Debtors having filed a copy of the Stalking Horse Agreements, as amended [D.I. 5892] (together, the "**Stalking Horse Agreements**" or the "**Transaction Agreements**") stating the terms of the Successful Bids; and this Court having reviewed the Sale Motion and the evidence in support thereof, and having heard the statements in support of the relief requested in the Sale Motion at a hearing before this Court, if any; and upon the Wilen Declaration and the Victor Declaration; and this Court having determined that the legal and factual bases set forth in the Sale Motion and at the hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

      **THE COURT HEREBY FINDS AND DETERMINES** as follows:

      A.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute

conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      By order dated July 30, 2025 [Docket No. 5898] (the "**Bid Procedures Order**"), the Court, among other things, approved (i) the Bid Procedures, and (ii) the procedures for notice of the proposed sale of the Real Estate free and clear of all claims and encumbrances (other than Permitted Exceptions[4]), all as more particularly set forth in the Bid Procedures Order.

C.      Proper, timely, adequate, and sufficient notice of the Sale Motion, the Buyers, the Transaction Agreements, the Transactions, and of the terms of this Sale Order has been provided in accordance with sections 102(1) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 6006, Local Rules 4002-1 and 6004-1, and other applicable law.  As reflected at Docket Nos. 5780 and 5958, the Debtors have provided sufficient and appropriate notice under the circumstances, and no other or further notice of the Sale Motion, the Transaction Agreements, the Sale Hearing, or the related deadlines is required.

D.      The Debtors also caused the Sale Notice, modified in a manner appropriate for publication, to be published in The *Philadelphia Inquirer* and *The Wall Street Journal* on or before the deadline stated in the Bid Procedures Order [D.I. 5924, 5925], which notice by publication is

---

[4]     For the avoidance of doubt, "Permitted Exceptions," as defined in the Transaction Agreements, means (a) any and all declarations, restrictions, covenants, conditions, encumbrances, unity of use agreements, reciprocal easement agreements, easements of public and private roads and easements, privileges and rights necessary for utility companies, whether of record, or which may be either visible upon the ground; (b) any matters of survey affecting title that would show on an accurate survey of the Property, (c) any and all laws, ordinances, rules and regulations of any governmental or quasi-governmental body having jurisdiction over the Property, and (d) any claims thereunder disclosed by Seller to Buyer. For the avoidance of doubt, Permitted Exceptions include that certain Easement & Unity of Use Statement between and among Broad Street Healthcare Properties, LLC, PAHH New College MOB, LLC, PAHH Feinstein MOB, LLC and Broad Street Healthcare Properties III, LLC recorded on or about January 18, 2018 and that certain Reciprocal Easement and Operating Agreement between and among Broad Street Healthcare Properties, LLC, PAHH New College MOB, LLC, PAHH Feinstein MOB, LLC and Broad Street Healthcare Properties III, LLC dated as of December 30, 2017 and effective as of the 11th day of January 2018 which has been recorded.

reasonable and sufficient to bind holders of claims against the Debtors whose identity was not known to the Debtors as of the day before the entry of the Bid Procedures Order.

E.      A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities.

F.      The Debtors solicited offers and noticed the Auction in accordance with the provisions of the Bid Procedures Order.  The Auction was duly noticed and the Debtors afforded a full, fair and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Real Estate.

G.      The Debtors have demonstrated both (i) good, sufficient, and sound business purposes and justification, and (ii) compelling circumstances for the sale of the Real Estate to the Buyer pursuant to section 363 of the Bankruptcy Code. Such justification and compelling circumstances include, but are not limited to, the fact that (x) the Buyers' offers under the Transaction Documents constitute the highest and best offer available for the Real Estate; (y) [there were no other Qualified Bids received by the Bid Deadline]; and (z) consummation of the sale transactions with the Buyers presents the best opportunity to realize the highest value for the Real Estate, avoids potential decline and devaluation thereof and relieves the Debtors' bankruptcy estates of significant costs and liabilities associated with such Real Estate.

H.      The consideration to be paid at Closing by the Buyers is fair and reasonable, represents the highest and/or best offers for the Real Estate, and is in the best interests of the Debtors, their creditors and their estates.

I.      The purchase terms, including the Purchase Prices, as set forth in this Sale Order and the Transaction Documents, are fair and reasonable and constitute reasonably equivalent value

and full, adequate, and fair consideration for the Real Estate under the Bankruptcy Code, or any other applicable laws of the United States, any state, territory, or possession.

J.    The Buyers are purchasers in "good faith," as that term is used in section 363(m) of the Bankruptcy Code, with respect to the Real Estate and the Transactions. The Transaction Documents were negotiated, proposed, and entered into by the Debtors and the Buyers in good faith, from arm's-length bargaining positions, and without collusion. The Buyers are not connected to or related to the Debtors or those in control of the Debtors in any manner that could reasonably affect the marketing, bidding, negotiating, or ultimate sale of the Real Estate on the terms set forth herein. The sale process conducted was non-collusive, fair, and reasonable, and it was conducted openly and in good faith.  The Buyers are entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the Real Estate and the Transactions.

K.    The sale of the Real Estate to the Buyers is a sale in good faith within the meaning of Bankruptcy Code section 363(m).  The Buyers, the Debtors, and their respective representatives and affiliates, have not engaged in any conduct that would cause or permit the sale of the Real Estate, the Transactions, or this Sale Order to be avoided. The Buyers are not "insiders" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.

L.    The Sales must be completed as soon as practicable in order to preserve the value of the Real Estate and as a result, good and sufficient business justification exists for the Sales as soon as practicable.

M.    In the absence of a stay pending appeal, the Buyers will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the Transactions at any time after the entry of this Sale Order, provided that the Buyers shall not be obligated to close until

any applicable conditions to closing under the applicable Transaction Agreements have been satisfied or waived as provided in such Agreements.

N.      The Debtors may transfer the Real Estate free and clear of all Encumbrances (other than Permitted Exceptions) because, one or more of the standards set forth in Bankruptcy Code sections 363(f)(1)–(5) have been satisfied.  Each creditor or other person or entity asserting an Encumbrance in the Real Estate (i) has, subject to the terms and conditions of this Sale Order, consented to the Sales or is deemed to have consented to the Sales, (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Encumbrance, or (iii) otherwise falls within the provisions of Bankruptcy Code section 363(f).  Those holders of Encumbrances who did not object (or who ultimately withdrew their objections, if any) to the Sale Motion are deemed to have consented to the Sale Motion and the Sales contemplated herein pursuant to section 363(f)(2).

O.      The Buyers would not have entered into the Transaction Agreements and will not consummate the Transactions, thus adversely affecting the Debtors' estates, if the transfer of the Real Estate is not free and clear of all Encumbrances (other than Permitted Exceptions) or if the Buyers were or could be liable for any Encumbrances against the Debtors or the Real Estate (other than Permitted Exceptions).

P.      The Debtors have full power and authority to sell and deliver the Real Estate and execute and, perform under, the Transaction Agreements and any other documents necessary or appropriate to consummate the Sales, as approved herein.  All actions contemplated by the Transaction Agreements have been duly and validly authorized by all necessary action of the Debtors.  No further consents or approvals are required for the Debtors to consummate the Sale transactions, except as otherwise provided in the Transaction Agreements.

Q.     The sale of the Real Estate to the Buyers under the Transaction Agreements will be a valid, legal, and effective transfer of the Real Estate and will vest the respective Buyers with all right, title, and interests of the Debtors in and to the same, free and clear of all Encumbrances (other than Permitted Exceptions).

R.     The Transaction Agreements and the Transactions contemplated by such agreements and this Sale Order do not constitute a sub rosa chapter 11 plan.  The Transaction Agreements neither impermissibly restructure the rights of the Debtors' creditors nor impermissibly dictate a chapter 11 plan for the Debtors.

**NOW THEREFORE, IT IS HEREBY ORDERED** as follows:

1.     The Sale Motion, and the relief sought therein (including approval of the Sales of the Real Estate to the Buyers) is GRANTED, in all respects as set forth herein.

2.     Any objections to the Sale Motion that have not been withdrawn, waived, or resolved, and all reservations of rights included in such objections, are hereby **OVERRULED** on the merits.  Any objections to the entry of this Sale Order or to the relief granted herein that were not timely filed are hereby forever barred.

3.     The Transaction Agreements, each document, instrument, and agreement contemplated thereby, and all of the terms and conditions thereof, are hereby approved.  Failure specifically to include any particular provision of a Transaction Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the transfer of the Real Estate and all other Transactions set forth in the Transaction Agreements be authorized and approved in their entirety. In the event of any inconsistency between the terms of any prior pleading related to the Sale Motion, the Transaction Agreements, and this Sale Order, the terms of this Sale Order shall control.

4.      Pursuant to sections 105(a), 363(b) and 365 of the Bankruptcy Code, the Debtors are authorized and directed to take all actions necessary to consummate the Transactions pursuant to and in accordance with the terms and conditions of the Transaction Agreements.

5.      Upon the Closing of each Sale contemplated by the Transaction Agreements (together, the "**Closing**"), the transfer of the Real Estate pursuant to this Sale Order and the Transaction Agreements: (i) shall be a legal, valid, and effective transfer of the relevant Real Estate from the Debtors to the relevant Buyers; (ii) shall vest in the respective Buyers all rights, titles, and interests of the Debtors to the Real Estate and good and marketable title thereto; (iii) shall constitute a transfer for reasonably equivalent value and full, adequate, and fair consideration under the Bankruptcy Code and all other law applicable to such transfer; and (iv) shall be on an "as is, where is" basis without any representations or warranties, except as provided in the Transaction Agreements.

6.      Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the Closing, the sale and transfer of the Real Estate to the Buyers shall be free and clear of, but not limited to, the following, other than Permitted Exceptions (all of the foregoing collectively referred to as "**Encumbrances**"): (i) any mortgage, lien (as such term is defined in 11 U.S.C. § 101(37), including any mechanic's, materialman's, statutory, and any other consensual or non-consensual lien), security interest, charge, hypothecation, deed of trust, pledge, right of use, first offer or refusal, easement, servitude, restrictive covenant, lease, sublease, covenant, right of way, option, restriction (including, without limitation, any restriction on transfer or on the use, voting, receipt of income or other rights or exercise of any attributes of ownership), conditional sale or other title retention agreements, interest (including as that term is used in Bankruptcy Code section 363(f)), encroachment or other encumbrance of any kind arising from or related in any way to the Debtors

8

or the Purchased Assets, and (ii) any claim, debt, liability, interest, or obligation arising from or related in any way to the Debtors or the Real Estate.  Without limitation, the sale of the Real Estate to the Buyers shall be free and clear of all Encumbrances (other than Permitted Exceptions) regardless of whether any such Encumbrance is in law or in equity, known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, direct or indirect, and whether arising by agreement, understanding, law, equity or otherwise, and whether occurring or arising before, on or after the filing of the Debtors' bankruptcy petitions, or occurring or arising prior to the Closing.

7.      Without limiting the foregoing, upon the Closing, the Buyers shall not be deemed to: (i) be the successors of the Debtors or their respective predecessors or affiliates, (ii) have, de facto, or otherwise, consolidated or merged with or into the Debtors or their respective predecessors or affiliates, (iii) be mere continuations or substantial continuations of the Debtors or their respective predecessors or affiliates, (iv) be mere continuations or substantial continuations of the identity, business, enterprises, or operations, of the Debtors or their respective predecessors or affiliates, or (v) be liable for any acts or omissions of the Debtors or their respective predecessors or affiliates, relating to or arising from the conduct of their business or arising under or related to the Real Estate (other than Permitted Exceptions).

8.      As of the Closing, all persons and entities holding Encumbrances (other than Permitted Exceptions) and their respective successors and assigns, are hereby forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Encumbrances of any kind and nature against the Buyers, the Real Estate, or any other assets or

properties of the Buyers, or commencing or continuing any action that does not comply or is inconsistent with this Sale Order.  As of the Closing, the Court hereby reserves jurisdiction over this Sale Order and the injunctions provided herein, including, without limitation, in this paragraph.

9.    Upon the Closing, all Encumbrances, other than Permitted Exceptions, shall attach to the proceeds of the applicable Sale (the "**Proceeds**") with the same validity, enforceability, priority, force and effect that they have as against the applicable Real Estate as of the Closing.

10.    If any person or entity that has filed financing statements, mortgages, deeds of trust, mechanic's liens, *lis pendens*, or other documents or agreements evidencing interests with respect to the Debtors and/or the Real Estate shall not have delivered to the Debtors or Buyers prior to the applicable Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of Encumbrances which the person or entity has with respect to the Debtors, the Real Estate, or otherwise (except Permitted Exceptions) then (i) the Buyers and/or the Debtors are hereby authorized and directed to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Real Estate and (ii) the Buyers and/or the Debtors are hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of (but not a necessary condition to) the release of all such Encumbrances in, against, or with respect to the Debtors and/or the Real Estate.  This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, and local governmental agency, department, or office. Notwithstanding the foregoing, the provisions of this Sale Order and the transfer of the Real Estate

to the Buyers free and clear of all Encumbrances (other than Permitted Exceptions) shall be and are self-executing without the necessity of any recording or filing of any document.

11.     The Title Company may rely on this Sale Order as confirmation from this Court that the Debtors have all right, title, and authority and approval to transfer legal title to the Buyers, free and clear of all Encumbrances (other than Permitted Exceptions).

12.     No person or entity shall take or cause to be taken any action that would interfere with the Transactions contemplated herein, including without limitation the transfer of the Real Estate to the Buyers, in accordance with the terms of this Sale Order and the Transaction Agreements.

13.     Any persons or entities that are presently, or as of the Closing may be, in possession of any portion of the Real Estate to be transferred pursuant to this Sale Order are hereby directed to surrender possession of such Real Estate to the Buyers on the date of the Closing.

14.     The Sale Transaction contemplated by this Sale Order and the Transaction Agreements have been bargained for and undertaken by the Debtors and Buyers at arm's length, without collusion, and in good faith within the meaning of section 363(m) of the Bankruptcy Code. The Debtors and the Buyers have not engaged in any conduct that would cause or permit this Sale Order or the Transactions to be avoided.

15.     Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Sale Order are hereafter reversed, modified, or vacated by a subsequent order of this Court or any other court, such reversal, modification, or *vacatur* shall not affect the validity and enforceability of any obligation or right granted pursuant to the terms of this Sale Order. Notwithstanding any reversal, modification, or *vacatur* of this Sale Order, any actions taken by the Buyers or the Debtors pursuant to the terms of this Sale Order prior to the effective date of any

11

such reversal, modification, or *vacatur* shall be governed in all respects by the original provisions of this Sale Order and the Transaction Agreements, as the case may be.

16.     None of the Debtors, the Buyers, any designees of the Buyers, or their respective representatives and affiliates have engaged in any conduct that would cause or permit the Sale Transaction and/or the Transaction Agreements to be avoided or costs and damages to be imposed against the Buyers, their affiliates, their representatives, or designees of the Buyers pursuant to section 363(n) of the Bankruptcy Code.

17.     No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Transaction Agreements, the transfer of the Real Estate pursuant thereto, or this Sale Order.

18.     The Debtors shall be and are hereby authorized, empowered, and directed to take such actions, including the execution and delivery of any and all instruments and documents, as may be required to effectuate the terms of the Transaction Agreements and this Sale Order.  The Transaction Agreements and any agreements, documents, or other instruments related to this Sale Order or the transactions contemplated herein may be modified, amended, or supplemented by the parties thereto, in a writing signed by all parties, and in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates.

19.     Each and every federal, state, and governmental agency or department, and any other person or entity, is hereby authorized to accept any and all documents and instruments in connection with or necessary to consummate the Sale transactions contemplated herein.  No governmental unit may revoke or suspend any lawful right, permit, or other permission relating to the Sale Transaction or use of the Real Estate sold, transferred, or conveyed to the Buyers on

account of the filing or pendency of these chapter 11 cases or the consummation of the Sale transactions. For the avoidance of doubt, the Sales authorized herein shall be of full force and effect, regardless of whether the Debtors lack good standing in any jurisdiction in which such entity is formed or is authorized to transact business.

20.     The provisions of this Sale Order and any actions taken pursuant hereto shall survive any conversion or dismissal of these chapter 11 cases and the entry of any other order which may be entered in these chapter 11 cases, including any order: (i) confirming any plan of reorganization or liquidation; (ii) converting any of these cases from chapter 11 to chapter 7; (iii) appointing a trustee or examiner; or (iv) dismissing any of these chapter 11 cases or any successor cases. The terms and provisions of this Sale Order, as well as the rights granted under the Transaction Agreements, shall continue in full force and effect and shall be binding upon the Debtors and their successors, assigns, any reorganized debtors, trustees, plan trustees, plan administrators (or similar representative), or chapter 7 trustees applicable to the Debtors and their estates, or any person acting on behalf of the Debtors, notwithstanding any such conversion, dismissal, or entry of any order.

21.     The Court shall retain jurisdiction to enforce the provisions of this Sale Order and to resolve any issues or disputes concerning this Sale Order, the Transaction Agreements and/or the rights and duties of the parties hereunder or thereunder, including, but not limited to, interpretation of the terms, conditions, and provisions hereof.

[remainder of page left intentionally blank]

22.     Notwithstanding any provision of the Bankruptcy Code or Bankruptcy Rules to the contrary, this Sale Order shall be effective and enforceable immediately upon entry, and any stays thereof, including without limitation pursuant to Bankruptcy Rule 6004(h), are hereby abrogated.