IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a<br>HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>Jointly Administered<br>**Related to Docket Nos. 5765, 5892, 5898 and 5986** |

**DECLARATION OF J. SCOTT VICTOR IN
SUPPORT OF DEBTORS' SALE MOTION**
[North/South Towers and Race Street Assemblage]

I, J. Scott Victor, hereby declare the following, under the penalty of perjury:

1.  I am a founding partner and managing member of SSG Capital Advisors, LLC ("SSG") and have 42 years of experience in restructuring.

2.  SSG is a nationally recognized special situations investment banking firm focused on middle market companies and has closed over 450 transactions since 2001.

3.  Since 2000, I have personally served as an investment banker in over 300 transactions, resulting in sale proceeds ranging from under $10 million to over $200 million, including numerous real estate transactions.

4.  I have read, and am familiar with the *Debtors' Motion for Entry of (I) an Order (A) Scheduling a Hearing to Consider Approval of the Sale of Certain Real Estate, (B) Approving Bidding Procedures and the Form and Manner of Notice Thereof, (C) Approving Bid Protections,*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

and (D) Granting Related Relief; and (II) an Order (A) Approving the Sale of Certain Real Estate, Free and Clear of Certain Liens, Claims and Encumbrances, and (B) Granting Related Relief [Docket No. 5765] (the "**Sale Motion**" or the "**Motion**"), and submit this Declaration in support of the Motion.[2]

5. On January 1, 2023, the Debtors filed the *Application of Debtors for Order Authorizing (1) Retention and Employment by Center City Healthcare, LLC of SSG Advisors, LLC and Newmark South Region LLC as Joint Brokers, and (II) a Waiver of Compliance with Certain Requirements of Local Rule 2016-2* [Docket No. 4448], pursuant to which the Debtors sought to hire SSG and Newmark to serve as co-brokers to market and sell the Real Estate formerly associated with the operations of Hahnemann University Hospital. The Court approved the Application by order dated February 10, 2023 [Docket No. 4517]. Subsequently, the engagement of the Brokers was revised such that SSG became the sole Broker with respect to the Real Estate in March of 2024. [Docket No. 5205].

6. Since January of 2023, I and other members of SSG have been working to market and sell the Debtors' Real Estate, which, as defined in the Motion, consists of the following parcels:

| **Property Name** | **Philadelphia, PA Address** | OPA |
|---|---|---|
| North Tower, South Tower | 222-248 N. Broad Street | 772025002 |
| Land next to SHSH Building | 221-223 N. 15th Street | 772028498 |
| Redevelopment land/surface parking (city block) | 200-214 N. Broad Street | 885467862 |
| SHSH Building (city block) | 201-219 N. 15th Street | 772028496 |

---

[2] Capitalized terms not otherwise defined in this Declaration shall have the meaning set forth in the Motion.

56290932.3 09/17/2025

7. The SSG team, working at the time with Newmark, developed marketing materials for the Real Estate, including a "Teaser," followed by a confidential information memorandum (collectively, the "**Acquisition Materials**").

8. Beginning in Q1, 2023, SSG and Newmark sent the Teaser to over 2,500 potential local, national, and international buyers, both strategic and financial, and across a range of industries.

9. Working with the Debtors' management, SSG and Newmark populated a virtual data room ("**VDR**") for the purposes of providing potential bidders with an opportunity to undertake due diligence on the Real Estate.

10. In Spring 2024 and again in December 2024, SSG updated the Teaser and circulated it to the original parties contacted as well as certain additional parties, both foreign and domestic.

11. To date, SSG and/or Newmark, contacted over 2,500 prospective acquirers, of which approximately 70 executed non-disclosure agreements to access the VDR and review the Acquisition Materials. Certain prospective purchases also conducted site visits.

12. On or about March 9, 2025, the Debtors received offers from 222 North Broad LLC, 200 North Broad LLC and 201 North 15th LLC (together, the "**Stalking Horse Purchasers**") to purchase the Real Estate. Following extensive arms' length and good faith negotiations, the Debtors entered into the Stalking Horse Agreements, copies of which were attached to the Sale Motion at <u>Exhibits B</u> and <u>C</u>. The Stalking Horse Agreements were subsequently amended to reflect an additional closing condition, extensions of the Due Diligence Period and certain adjustments to the Purchase Price (both as defined therein).

13. Following entry of the Bid Procedures Order, SSG relaunched the marketing process to ensure broad and competitive participation, contacting new and previously engaged

prospective bidders. It is my understanding that formal notice of the sale was distributed by the Debtors' claims and noticing agent to all parties that had previously executed a non-disclosure agreement or otherwise expressed interest in the Real Estate. The notice outlined the details for submitting qualified overbids to the approved Stalking Horse Bids, as well as the Bid Deadline of September 12, 2025. Recipients were provided with the Bidding Procedures Order, bid submission requirements, and an executive summary of key terms of the Stalking Horse Agreements. Interested parties were further invited to access the VDR and arrange site tours, subject to execution of an NDA.

14. Notwithstanding these continued marketing efforts, no additional bids for the Real Estate were received by the Bid Deadline. Thus, the Stalking Horse Purchasers were declared the Successful Bidders for the Real Estate.

15. Based on my professional experience and expertise, I believe the sale process was effective in testing the market value of the Real Estate, the time period for marketing Real Estate was adequate, and that the outcome from the sale process yielded the highest and best value for the Real Estate. To my knowledge, the sale process was conducted in a non-collusive, arms-length, fair, impartial and good-faith manner during all stages of the sale process, and a reasonable opportunity was provided to bidders to submit Qualified Bids and to make higher or otherwise better offers for the Real Estate.

16. Given the extensive marketing process, I do not believe that further marketing of the Real Estate will lead to additional offers or higher and better offers. Rather, I believe further marketing would only serve to increase the carrying costs and other expenses incurred by the Debtors' estates while depressing value further and/or risking the loss of the sale altogether, to the detriment of the Debtors' estates and creditors. Accordingly, I believe it was a reasonable and a

sound exercise of the Debtors' business judgment to declare the Stalking Horse Purchasers the Successful Bidders for the Real Estate.

17.     For the foregoing reasons, I believe the relief requested in the Sale Motion, and, more particularly, the sale of the Real Estate to the Stalking Horse Purchasers, is in the best interests of the Debtors' estates, reflects a sound exercise of the Debtors' business judgment, and should be approved.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 16, 2025

*/s/ J. Scott Victor*
J. SCOTT VICTOR