## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | Case No. 19-11466 (MFW) |
| | Jointly Administered |
| Debtors. | **Related to Docket Nos. 6194, 6203 and 6204** |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT AS
CONTAINING ADEQUATE INFORMATION FOR SOLICITATION PURPOSES,
(II) DEADLINE FOR CASTING VOTES TO ACCEPT OR REJECT THE PLAN, AND
(III) HEARING TO CONSIDER CONFIRMATION OF PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. ***Approval of the Disclosure Statement***. On January 8, 2026, the United States Bankruptcy Court for the District of Delaware (the "**Court**"), having jurisdiction over the above-captioned chapter 11 cases of Center City Healthcare, LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), entered an order [Docket No. 6194] (the "**Disclosure Statement Order**") approving the *Second Amended Disclosure Statement Related to Debtors' and Official Committee of Unsecured Creditors' Joint Second Amended Chapter 11 Plan of Liquidation* dated as of January 7, 2026 and attached as Exhibit 1 to the Disclosure Statement Order (as amended, modified or supplemented from time to time, the "**Disclosure Statement**") as containing "adequate information" within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), and authorized the Debtors to solicit votes to accept or reject the *Debtors' and Official Committee of Unsecured Creditors' Joint Second Amended Chapter 11 Plan of Liquidation* dated as of January 7, 2026 (as amended, modified or supplemented from time to time, the "**Plan**"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

2.      ***Deadline for Voting on the Plan***. The Court has established __**February 12, 2026 at 5:00 p.m.**__ (ET) (the "**Voting Deadline**") as the deadline by which Ballots accepting or rejecting the Plan must be received. Only holders of Claims in Class 2 (General Unsecured Claims) under the Plan are entitled to vote on the Plan and will receive Ballots to cast such votes. To be counted, Ballots must be properly executed, completed, and delivered to the Voting Agent at the address provided for herein, or submitted via the E-Balloting Portal (as defined below), so as to be received by the Voting Agent no later than the Voting Deadline, unless extended by the Debtors. Ballots will be accepted in paper form by delivering the Ballot by first-class mail postage prepaid, personal delivery or overnight courier to the Voting Agent at:

Center City Healthcare Ballot Processing
c/o Omni Agent Solutions, Inc.
5955 DeSoto Ave., Suite 100
Woodland Hills, CA 91367

Ballots may, alternatively, be submitted via an electronic Ballot through the Voting Agent's on-line electronic Ballot submission portal (the "**E-Balloting Portal**") pursuant to the instructions attached to the Ballot by no later than the Voting Deadline. The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote. Ballots cast by facsimile, e-mail or other electronic transmission, except through the E-Balloting Portal, will not be counted.

3.      Holders of Unclassified Claims (i.e. Administrative Claims, Professional Fee Claims and Priority Tax Claims), Unimpaired Claims under the Plan (i.e., Classes 1A (Priority Non-Tax Claims) and 1B (Secured Claims)) and Classes that are deemed to reject the Plan (i.e., Classes 3 (Insider Claims) and 4 (Interests)) are not entitled to vote on the Plan.

4.      ***Confirmation Hearing***. A hearing to consider the confirmation of the Plan and for such other and further relief as may be just or proper (the "**Confirmation Hearing**") will be held on __**February 25, 2026 at 10:30 a.m. (ET)**__ before the Honorable Mary F. Walrath, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom #4, Wilmington, DE 19801 (which hearing may be held remotely). The Confirmation Hearing may be continued by the Debtors from time to time without further notice to holders of Claims or Interests or other parties in interest other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or on the applicable hearing agenda or a notice filed with the Bankruptcy Court. The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing. If the Bankruptcy Court enters an order confirming the Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

5.      ***Deadline for Objections to Confirmation of the Plan***. Objections, if any, to confirmation of the Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following

57027919.2

parties so as to be actually received **before 4:00 p.m. (ET) on February 12, 2026**: (a) counsel to the Debtors, Saul Ewing LLP, 1735 Market Street, Suite 3400, Philadelphia, PA 19103 (Attn: Jeffrey C. Hampton (jeffrey.hampton@saul.com) and Adam H. Isenberg (adam.isenberg@saul.com)), and 1201 North Market Street, Suite 2300, P.O. Box 1266, Wilmington, Delaware 19899, (Attn: Mark Minuti (Mark.Minuti@saul.com), and Monique B. DiSabatino. (Monique.DiSabatino@saul.com)); (ii) co-counsel to the Committee, (a) Sills Cummis & Gross, P.C., One Riverfront Plaza, Newark, NJ 07102 (Attn: Andrew H. Sherman (asherman@sillscummis.com) and Boris I. Mankovetskiy (bmankovetskiy@sillscummis.com)), and (b) Fox Rothschild LLP, 1201 North Market Street, Suite 1200, Wilmington, DE 19899 (Attn: Seth A. Niederman (sniederman@foxrothschild.com); and (iii) Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, (Attn: Benjamin A. Hackman; (Benjamin.a.hackman@usdoj.gov). Objections not timely filed and served in the manner set forth in the Disclosure Statement Order shall not be considered and shall be deemed overruled.

6.     *Certain Voting Issues*. Any party that wishes to challenge the allowance of its Claim for voting purposes shall serve on counsel to the Plan Proponents and file with the Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan **on or before 4:00 p.m. (ET) on January 29, 2026**.

7.     **RELEASE, INJUNCTION AND EXCULPATION PROVISIONS IN THE PLAN**. Article X of the Plan contains certain release, injunction, and exculpation provisions. You are encouraged to carefully review the Plan, including these provisions, since your rights may be affected, regardless of whether you are Unimpaired or Impaired under the Plan. These release, injunction and exculpation provisions are as follows:

**CONSENSUAL THIRD PARTY PLAN RELEASES. ON THE EFFECTIVE DATE, (I) EACH IMPAIRED CREDITOR WHO VOTES TO ACCEPT THE PLAN, UNLESS AND TO THE EXTENT IT TIMELY EXERCISES THE OPT-OUT ELECTION AND (II) EACH HOLDER OF A CLAIM IN THE NON-VOTING CLASSES TO THE EXTENT IT TIMELY EXERCISES THE OPT-IN ELECTION, SHALL BE DEEMED TO FOREVER RELEASE UNCONDITIONALLY PALADIN, EACH OF THE MBNF INDIVIDUALS, TENET, CONIFER AND THE HSRE ENTITIES OF AND FROM ANY AND ALL CLAIMS, LIABILITIES, ACTIONS, CAUSES OF ACTION, SUITS, DEMANDS, COSTS, EXPENSES, LOSSES, CROSS-CLAIMS, COUNTERCLAIMS, CONTROVERSIES, DAMAGES, RIGHTS OF ACTION, RIGHTS TO LEGAL REMEDIES, RIGHTS TO EQUITABLE REMEDIES, RIGHTS TO PAYMENT UNDER ANY APPLICABLE LAW, WHETHER AT LAW OR EQUITY, WHETHER BASED ON CONTRACT (INCLUDING, WITHOUT LIMITATION, QUASI-CONTRACT OR ESTOPPEL), STATUTE, REGULATION, TORT (INCLUDING, WITHOUT LIMITATION, INTENTIONAL TORTS, FRAUD, RECKLESSNESS, GROSS NEGLIGENCE AND WILLFUL MISCONDUCT) OR OTHERWISE, KNOWN, UNKNOWN, REDUCED TO JUDGMENT, NOT REDUCED TO JUDGMENT, LIQUIDATED, UNLIQUIDATED, FIXED, CONTINGENT, MATURED, UNMATURED, DISPUTED, UNDISPUTED, SUSPECTED, UNSUSPECTED, SECURED OR UNSECURED, AND WHETHER ASSERTED OR**

**ASSERTABLE DIRECTLY OR DERIVATIVELY, IN LAW, EQUITY OR OTHERWISE, THAT SUCH CREDITOR MAY HOLD RELATING TO OR CONCERNING THE DEBTORS, THE JANUARY 2018 TRANSACTIONS, THE CHAPTER 11 CASES, THE MOU AND THE PLAN.**

Plan Definitions Relevant to Consensual Third Party Plan Release:

- "Opt-Out Election" means the election, on its Ballot, of any creditor that votes to accept the Plan to opt out of the Consensual Third Party Plan Releases, in whole or in part.

- "Opt-In Election" means the election of any holder of a Claim in the Non-Voting Classes, on its Opt-In Election Form, to opt in to the Consensual Third Party Plan Releases, in whole or in part.

- "Conifer" means collectively, Conifer Health Solutions LLC and Conifer Revenue Cycle Solutions, LLC and each of their respective Affiliates.

- "HSRE Entities" means, collectively, Harrison Street Real Estate, LLC, HSREP VI Holding, LLC, HSRE JV and HSRE-PAHH IA, LLC and their respective Affiliates, including, without limitation, PAHH New College MOB, LLC, PAHH Bellet MOB, LLC, PAHH Broad Street MOB, LLC, PAHH Feinstein MOB, LLC, PAHH Wood Street Garage, LLC, and PAHH Erie Street Garage, LLC.

- "MBNF Individuals" means, collectively, Joel Freedman, Stella Freedman, Svetlana Attestatova, and Kyle Schmidt.

- "Paladin" means Paladin Healthcare Capital, LLC.

- Tenet" means, collectively, Tenet Healthcare Corporation, Tenet Business Services Corporation, Tenet Healthsystem Hahnemann, L.L.C., Tenet Healthsystem St. Christopher's Hospital For Children, L.L.C., and each other "Seller" as that term is defined in the ASA and each of their respective Affiliates.

"Affiliates" means, with respect to a subject Person, (a) any direct and indirect subsidiaries of such subject Person, (b) any direct and indirect parent entities of such subject Person, and (c) any Person that directly, or indirectly through one or more intermediaries, controls or is controlled by or is under common control with such subject Person. As used in this definition, the term "control" of a Person means the possession, directly or indirectly, of the power to vote ten percent (10%) or more of any class of voting securities of such Person or to direct or cause the direction of the management or policies of a Person, whether through the ownership of voting securities, by contract or otherwise; **provided, that** (i) none of the Debtors or the Debtors' Subsidiaries is or shall be deemed to be an Affiliate of any of the MBNF Parties, the MBNF Affiliates, the Broad Street Lenders, the HSRE Entities, the CONA Parties, Tenet, Conifer or the Committee; (ii) none of the MBNF Parties is or shall be deemed to be an Affiliate of any of the Debtors, the Debtors' Subsidiaries, the HSRE Entities, the CONA Parties, Tenet, Conifer or the Committee; (iii) none of the Broad Street Lenders is or shall be deemed to be an Affiliate of any of the Debtors, the Debtors' Subsidiaries, the HSRE Entities, the CONA Parties, Tenet, Conifer or the Committee;

57027919.2

(iv) none of the HSRE Entities is or shall be deemed to be an Affiliate of any of the Debtors, the Debtors' Subsidiaries, the MBNF Parties, the MBNF Affiliates, the Broad Street Lenders, the CONA Parties, Tenet, Conifer or the Committee; (v) none of the CONA Parties is or shall be deemed to be an Affiliate of any of the Debtors, the Debtors' Subsidiaries, the MBNF Parties, the MBNF Affiliates, the Broad Street Lenders, the HSRE Entities, Tenet, Conifer or the Committee; (vi) Tenet is not and shall not be deemed to be an Affiliate of any of the Debtors, the Debtors' Subsidiaries, the MBNF Parties, the MBNF Affiliates, the Broad Street Lenders, the HSRE Entities, the CONA Parties, or the Committee; (vii) Conifer is not and shall not be deemed to be an Affiliate of any of the Debtors, the Debtors' Subsidiaries, the MBNF Parties, the MBNF Affiliates, the Broad Street Lenders, the HSRE Entities, the CONA Parties, or the Committee; and (viii) the Committee is not and shall not be deemed to be an Affiliate of any of the Debtors, the Debtors' Subsidiaries, the MBNF Parties, the MBNF Affiliates, the Broad Street Lenders, the HSRE Entities, the CONA Parties, Tenet or Conifer.

**RELEASES BY THE DEBTORS: ON THE EFFECTIVE DATE, THE DEBTORS, ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE ESTATES, SHALL RELEASE UNCONDITIONALLY, AND HEREBY ARE DEEMED TO FOREVER RELEASE UNCONDITIONALLY THE COMMITTEE, THE MEMBERS OF THE COMMITTEE (BUT SOLELY IN THEIR CAPACITY AS SUCH), THE INDEPENDENT MANAGERS AND THE COMMITTEE'S AND THE DEBTORS' RESPECTIVE AGENTS, ADVISORS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, ATTORNEYS AND OTHER REPRESENTATIVES (INCLUDING WITHOUT LIMITATION THE DEBTORS' CHIEF RESTRUCTURING OFFICER AND EISNERAMPER), SOLELY IN THEIR RESPECTIVE CAPACITIES AS SUCH, FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, RIGHTS, CAUSES OF ACTION AND LIABILITIES WHATSOEVER (OTHER THAN THE RIGHT TO ENFORCE THE PERFORMANCE OF THEIR RESPECTIVE OBLIGATIONS, IF ANY, TO THE DEBTORS UNDER THE PLAN, AND THE CONTRACTS, INSTRUMENTS, RELEASES AND OTHER AGREEMENTS DELIVERED UNDER THE PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, DIRECTLY OR DERIVATIVELY, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE PLAN OR THE DISCLOSURE STATEMENT; PROVIDED, HOWEVER, THAT NOTWITHSTANDING THE FOREGOING, NOTHING CONTAINED HEREIN IS INTENDED TO OR SHALL OPERATE AS A RELEASE OF ANY CLAIMS FOR WILLFUL MISCONDUCT, FRAUD OR GROSS NEGLIGENCE, AS DETERMINED BY A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION.**

**INJUNCTION. EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, FROM AND AFTER THE EFFECTIVE DATE ALL PERSONS WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS AGAINST OR INTERESTS IN ANY OF THE DEBTORS ARE PERMANENTLY ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST ANY PROPERTY OF A DEBTOR OR ITS ESTATE, OR THE DEBTORS'**

REPRESENTATIVE OR EISNERAMPER ON ACCOUNT OF ANY SUCH CLAIMS OR INTERESTS: (A) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION OR OTHER PROCEEDING; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE OR ORDER; (C) CREATING, PERFECTING OR ENFORCING ANY LIEN OR ENCUMBRANCE; (D) ASSERTING A SETOFF (TO THE EXTENT NOT ASSERTED PRE-CONFIRMATION) OR RIGHT OF SUBROGATION OF ANY KIND AGAINST ANY DEBT, LIABILITY OR OBLIGATION DUE TO ANY OF THE DEBTORS; (E) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION THAT DOES NOT COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THE PLAN; AND (F) TAKING ANY ACTIONS WHICH INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN; PROVIDED, HOWEVER, THAT NOTHING CONTAINED IN THE PLAN SHALL PRECLUDE SUCH PERSONS FROM EXERCISING AND/OR ENFORCING THEIR RIGHTS PURSUANT TO AND CONSISTENT WITH THE TERMS OF THE PLAN, THE CONFIRMATION ORDER, A REAL ESTATE SALE ORDER, OR A SALE ORDER.

**Exculpation and Limitation of Liability.** Except as otherwise specifically provided in the Plan, each of the Debtors, the Debtors' Chief Restructuring Officer, EisnerAmper, the Independent Managers and the Debtors' Professionals, employees, advisors, attorneys, representatives, financial advisors, investment bankers, or agents, and any of such parties' successors and assigns, but in all instances excluding the MOU Exculpated Parties, the Committee, the members of the Committee (but solely in their capacity as such) and the Professionals of the Committee, shall not be liable for any claim, action, proceeding, Cause of Action, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, right to payment or Claim (as defined in section 101(5) of the Bankruptcy Code), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly or derivatively, in law, equity or otherwise to one another or to any Holder of a Claim or Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or any of their successors or assigns, for any act or omission originating or occurring on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of (i) the Chapter 11 Cases, in whole or in part, including the planning, commencement, and administration thereof; (ii) the Debtors; (iii) the formulation, preparation, dissemination, negotiation, and filing of (A) the Disclosure Statement, (B) the Plan, (C) the Plan Supplement, (D) the MOU, including any schedules and exhibits attached thereto, (E) any Real Estate Sale Order or Sale Order, (F) the Approval Order, or (G) any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the filing of the Chapter 11 Cases, the MOU, any Sale Order, or the Approval Order; (iv) solicitation of votes on the Plan; (v) the pursuit of consummation of the Plan; or (vi) the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, **except for** claims or causes of action related to or arising from any act or omission that is judicially determined in a final order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.  Notwithstanding any other provision of section X(G) of the Plan to the contrary,

nothing in such section shall release, discharge, or enjoin the assertion of any claims originating or occurring on or after the Petition Date through and including the Effective Date: (i) against former medical staff or physicians for medical malpractice or medical negligence, and (ii) by the Debtors' former patients against their non-debtor healthcare providers or their insurers.

**MOU Exculpated Parties**: Joel Freedman and his advisors, attorneys, accountants, consultants, financial advisors, investment bankers, agents, and other representatives, including Kyle Schmidt and Svetlana Attestatova, and any of such parties' successors and assigns (collectively, the "**MOU Exculpated Parties**"), but only to the extent such persons served as a fiduciary to any of the Debtors' estates, shall not be liable for any cause of action for any claim related to any act or omission, from the Chapter 11 Cases' petition date to the effective date of the Plan, in connection with, relating to, or arising out of: (i) the Chapter 11 Cases, in whole or in part, including the planning, commencement, and administration thereof; (ii) the Debtors; (iii) the formulation, preparation, dissemination, negotiation, and filing of (A) the Disclosure Statement, (B) the Plan, (C) the Plan Supplement, (D) the MOU, including any schedules and exhibits attached thereto, (E) any Real Estate Sale Order or Sale Order, (F) the Approval Order, or (G) any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the filing of the Chapter 11 Cases, the MOU, any Real Estate Sale Order or Sale Order, or the Approval Order; (iv) solicitation of votes on the Plan; (v) the prepetition negotiation and settlement of claims; (vi) the pursuit of consummation of the Plan; or (vii) the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, except for claims or causes of action related to or arising from any act or omission that is judicially determined in a final order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.

The MOU Exculpated Parties shall, upon the Effective Date, be deemed to have participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes on, and distribution of consideration pursuant to, the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above shall not release or exculpate any claim relating to any post-effective date obligations of any Person created by the MOU, the Plan, or any document, instrument, or agreement executed to implement the Plan.

**MOU Releases of Debtor Released Claims**. Subject to Sections 14(j), 14(l), 14(m), 14(n) and the affirmative defenses set forth in Section 14(c) of the MOU, all of which are incorporated herein as if fully set forth:

Each Debtor Releasing Party and each Committee Releasing Party releases, remises, acquits, and forever discharges each MBNF Released Party, each Tenet Released Party, each Conifer Released Party, each CONA Released Party, and each HSRE

Released Party from any and all claims (including, without limitation, all claims that may be brought derivatively in any Debtor's capacity as a creditor of any of the MBNF Parties, or otherwise), actions, demands, payments, proceedings, causes of action (including, without limitation, estate causes of action, any claims sounding in contract or tort, fraud, misrepresentation, violation of statute or regulation, and breach of duty of good faith and/or based on contractual or equitable subrogation, any alleged conflict of interest or an ethical violation), obligations, loss, duties, benefits, fees, costs, accounts, rights, suits, controversies, awards, judgments, agreements, promises, damages (including, but not limited to, punitive, multiple, exemplary, or extra-contractual damages), offsets, remedies, penalties, debts, liabilities, interest, expenses, attorneys' fees, or other relief of any kind or character, or rights to any of the foregoing, whether under the Bankruptcy Code or under State or other applicable law, whether known or unknown, contingent or not contingent, suspected or unsuspected, asserted or unasserted, unforeseen, unanticipated or latent, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, matured, unmatured, disputed, undisputed, secured or unsecured, and whether asserted or assertible directly or derivatively, at law, in equity, contractual  or otherwise, that such Debtor Releasing Party or such Committee Releasing Party ever had, now has, may ever have, or may ever claim to have, against any such released party, arising from, relating to, or in any way connected with, any event, transaction, action or omission that occurred or failed to occur prior to the filing of the MOU Release Notice, including, without limitation, based on or relating to, or in any manner arising from, in whole or in part, the ASA, the MSA, the TSA, the HSRE Documents, the CONA Documents, the MidCap Documents, the Leases, the Debtors' in- or out-of-court restructuring efforts, any of the Debtors' businesses and operations, any of the MBNF Parties' businesses and operations, the RRG Membership Interests, the Debtors' Chapter 11 Cases, the Real Estate, the January 2018 Transactions, the Ancillary Documents, the HSRE Complaint, the MBNF Complaint, any alleged conflict of interest, disclosure of confidential information in contravention of any applicable agreement or order, or ethical violation, any false, misleading, inflammatory, defamatory, libelous, slanderous and/or disparaging statements, publications and/or writings made, allowed to be made, or alleged to have been made or allowed to have been made, by, or attributable to any MBNF Released Party, Tenet Released Party, Conifer Released Party, CONA Released Party or HSRE Released Party, prior to the filing of the MOU Release Notice, any derivative claims asserted or assertible on behalf of any of the Debtors or other Person, that the Debtors or the Committee would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any claim against, or interest in, any of the Debtors or other Person, or any related agreement with respect to the foregoing, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place prior to the filing of the MOU Release Notice, including any claims related to any act or omission that may have constituted actual fraud, willful misconduct or gross negligence (collectively, the "**Debtor Released Claims**").

**Without limitation of the foregoing, no Debtor Releasing Party or Committee Releasing Party shall assert, instigate, assist, or encourage any other Person to investigate or to assert, any action, any action in its capacity as a creditor, or any derivative action on behalf of any Person(s) in their capacity as a creditor or otherwise, against any MBNF Released Party (or challenge any liens or claims of any MBNF Released Party), Tenet Released Party, Conifer Released Party, CONA Released Party or HSRE Released Party, or derive any benefit therefrom, directly or indirectly on account of any Debtor Released Claims.  In the event that any Debtor Releasing Party or any Committee Releasing Party pursues any Debtor Released Claims against any MBNF Released Party, Tenet Released Party, Conifer Released Party, CONA Released Party or HSRE Released Party at any time subsequent to the filing of the MOU Release Notice,  the party pursuing such Debtor Released Claims shall fully indemnify, protect, and hold such MBNF Released Party, Tenet Released Party, Conifer Released Party, CONA Released Party or HSRE Released Party, as applicable, harmless from and against any and all rights, claims, debts, losses, demands, acts, contracts, agreements, liabilities, obligations, damages, penalties, costs, fees (including, without limitation, all attorney, consultant and expert fees and costs), expenses, duties, breaches, actions, lawsuits, allegations, causes of action and/or suits of every nature, character and description, whether known or unknown, suspected or unsuspected, disclosed or undisclosed, legal or equitable, allegedly or actually arising from, related to or incurred in connection with, directly or indirectly, the assertion of any and all such Debtor Released Claims, regardless of whether a judicial proceeding of any type or nature has been commenced.**

***Copies of Documents***. The Disclosure Statement and Plan are on file with the Clerk of the Bankruptcy Court and may be examined by any interested party at the Clerk's office at any time during regular business hours or by accessing the Voting Agent by (a) visiting the Debtors' case website  (https://omniagentsolutions.com/CenterCityHealthcare);  (b) telephoning  the  Voting Agent at (866) 662-2281 (Toll-Free) or (818) 666-3628 (International); or (c) sending a written request to the Voting Agent via e-mail to pahsinquiries@omniagnt.com. In addition, copies of the Disclosure Statement and the Plan may be obtained at or viewed on the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

[remainder of page left intentionally blank]

57027919.2

Dated: January 9, 2026

**SAUL EWING LLP**

By: */s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
mark.minuti@saul.com
monique.disabatino@saul.com

   -and-

Jeffrey C. Hampton
Adam H. Isenberg
1735 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 972-7777
jeffrey.hampton@saul.com
adam.isenberg@saul.com

*Counsel for Debtors and Debtors in Possession*

**FOX ROTHSCHILD LLP**

By: */s/ Seth A. Niederman*
Seth A. Niederman (DE Bar No. 4588)
1201 N. Market Street, Suite 1200
Wilmington, DE 19899
Telephone: (302) 654-7444
sniederman@foxrothschild.com

   -and-

**SILLS CUMMIS & GROSS P.C.**
Andrew H. Sherman
Boris I. Mankovetskiy
S. Jason Teele
Michael Savetsky
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-7000
asherman@sillscummis.com
bmankovetskiy@sillscummis.com
steele@sillscummis.com
msavetsky@sillscummis.com

*Counsel for Official Committee of Unsecured Creditors*

57027919.2